# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: D.I. 11428, ____** |

**ORDER (A) APPROVING THE EFH DISCLOSURE STATEMENT,**
**(B) ESTABLISHING THE VOTING RECORD DATE, VOTING DEADLINE,**
**AND OTHER DATES, (C) APPROVING PROCEDURES FOR SOLICITING,**
**RECEIVING, AND TABULATING VOTES ON THE PLAN, AND (D) APPROVING**
**THE MANNER AND FORMS OF NOTICE AND OTHER RELATED DOCUMENTS**

Upon the motion (the "Motion")[2] of the EFH/EFIH Debtors for entry of an order (this "Order"): (a) approving the *Disclosure Statement for the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended or supplemented from time to time, the "EFH Disclosure Statement"); (b) establishing the voting record date, voting deadline, and other related dates for the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended or supplemented from time to time, the "Plan"); (c) approving procedures for soliciting, receiving, and tabulating votes on the Plan; and

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

(d) approving the manner and forms of notice and other related documents, all as more fully described in the Motion; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that notice of the Motion was adequate and appropriate under the particular circumstances; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon consideration of the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief have been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED**:

1.      The Motion is granted to the extent provided herein.

**I.      Approval of the EFH Disclosure Statement.**

2.      The EFH Disclosure Statement is hereby approved pursuant to section 1125 of the Bankruptcy Code as providing Holders of Claims and Interests entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

3.      The EFH Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims, Holders of Interests, and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

## II.    Approval of the EFH Disclosure Statement Hearing Notice.

4.    The (a) EFH Disclosure Statement Hearing Notice, attached hereto as **Exhibit 1**

and incorporated by reference herein, filed by the Debtors and served upon all known creditors

of the EFH/EFIH Debtors in these chapter 11 cases in the manner described in the Motion, in the

*Affidavit of Service* [D.I. 11570], and on the record at the Hearing, (b) *Notice Regarding Certain*

*Rescheduled Dates Related to the New E-Side Disclosure Statement* [D.I. 11652], filed by the

Debtors and served upon the parties and in the manner described in the *Affidavit of Service* [D.I.

11663], and (c) notice of further revised dates related to the EFH Disclosure Statement, filed by

the Debtors on August 24, 2017 [D.I. 11814] and served upon the parties and in the manner

described in the *Affidavit of Service* [D.I. 11844], collectively constitute adequate and sufficient

notice of the hearing to consider approval of the EFH Disclosure Statement, the manner in which

a copy of the EFH Disclosure Statement (and exhibits thereto, including the Plan) could be

obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of

the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local

Bankruptcy Rules.

## III.    Approval of Key Dates and Deadlines with Respect to the Plan as to the EFH/EFIH Debtors and the EFH Disclosure Statement.

5.    The following dates are hereby established (subject to modification as necessary)

with respect to the solicitation of votes to accept, and voting on, the Plan:

  a.    **September 6, 2017**, as the date for determining:  (i) the Holders of Claims
        and Interests against the EFH/EFIH Debtors entitled to receive Solicitation
        Packages; (ii) the Holders of Claims and Interests against the EFH/EFIH
        Debtors entitled to vote to accept or reject the Plan; and (iii) whether
        Claims have been properly transferred to an assignee pursuant to
        Bankruptcy Rule 3001(e) such that the assignee can vote as the holder of
        such Claim (the "Voting Record Date");

  b.    the Debtors shall distribute Solicitation Packages to Holders of Claims and
        Interests against the EFH/EFIH Debtors entitled to vote on the Plan within

3

ten (10) business days after the Debtors file the final version of the EFH Disclosure Statement with the Court (or as soon as reasonably practicable thereafter) following entry of this Order (the "<u>Solicitation Deadline</u>"); and

c.    **October 30, 2017**, at **4:00 p.m.** (prevailing Eastern Time) as the deadline by which all Holders of Claims and Interests against the EFH/EFIH Debtors entitled to vote on the Plan must complete, execute, and return their Ballots so that they are actually received by the Solicitation Agent on or before such date and time, as applicable, pursuant to the Solicitation Procedures (the "<u>Voting Deadline</u>").

**IV.    Approval of the Form of, and Distribution of, Solicitation Packages to Parties Entitled to Vote on the Plan as to the EFH/EFIH Debtors.**

6.    In addition to the EFH Disclosure Statement and exhibits thereto, including the Plan and this Order, the Solicitation Packages to be transmitted on or before the Solicitation Deadline to those Holders of Claims and Interests against the EFH/EFIH Debtors in the Voting Classes entitled to vote on the Plan as of the Voting Record Date shall include the following, the form of each of which is hereby approved:

a.    the applicable Ballot and Master Ballot, substantially in the forms attached hereto as **Exhibit 2-A - 2-F**;

b.    the Cover Letter attached hereto as **Exhibit 3**;

c.    the Confirmation Hearing Notice attached hereto as **Exhibit 4**;

d.    the EFH Disclosure Statement (and exhibits thereto, including the Plan);

e.    the cover letter from the EFH/EFIH Committee attached hereto as **Exhibit 9** (the "<u>EFH/EFIH Committee Letter</u>"); and

f.    this Order (without exhibits, except for the Solicitation Procedures, attached hereto as **Exhibit 6**).

7.    The Solicitation Packages provide the Holders of Claims and Interests against the EFH/EFIH Debtors entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Bankruptcy Rules.

4

8.      The EFH/EFIH Debtors shall distribute Solicitation Packages to all Holders of Claims and Interests against the EFH/EFIH Debtors entitled to vote on the Plan on or before the Solicitation Deadline.  Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

9.      The EFH/EFIH Debtors are authorized, but not directed or required, to distribute the Plan, the EFH Disclosure Statement, and this Order to Holders of Claims and Interests against the EFH/EFIH Debtors entitled to vote on the Plan in CD-ROM format.  The Ballots, the Cover Letter, the EFH/EFIH Committee Letter, and the Confirmation Hearing Notice will *only* be provided in paper form.  On or before the Solicitation Deadline, the EFH/EFIH Debtors shall provide (a) complete Solicitation Packages to the U.S. Trustee and counsel to the applicable agents for the EFH/EFIH Debtors' lenders and (b) the Order (in CD-ROM format) and the Confirmation Hearing Notice to all parties on the 2002 List as of the Voting Record Date.

10.     Any party who receives a CD-ROM, but who would prefer to receive materials in paper format, may contact the Solicitation Agent and request paper copies of the corresponding materials previously received in CD-ROM format (provided at the EFH/EFIH Debtors' expense).

11.     The Solicitation Agent is authorized to assist the EFH/EFIH Debtors in (a) distributing the Solicitation Package; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims and Interests against the EFH/EFIH Debtors; (c) responding to inquiries from Holders of Claims and Interests against the EFH/EFIH Debtors and other parties in interest relating to the EFH Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan as to the EFH/EFIH Debtors; (d) soliciting votes on the Plan as to the EFH/EFIH Debtors; and

(e) if necessary, contacting Holders of Claims and Interests against the EFH/EFIH Debtors regarding the Plan.

12.    Each Nominee through which one or more Beneficial Holder(s) holds securities as of the Voting Record Date is hereby ordered to distribute the Solicitation Package to the Beneficial Holders for which they hold the securities within five (5) business days after receipt of such Solicitation Package from the Solicitation Agent and obtain the vote of such Beneficial Holders consistent with customary practices for obtaining the votes of securities held in "street name," in one of the following two ways:

a.    <u>Master Ballots:</u>  A Nominee may obtain the votes of Beneficial Holders by forwarding to the Beneficial Holders the applicable unsigned Beneficial Holder Ballot, together with the Solicitation Package, a return envelope provided by, and addressed to, the Nominee, and other materials requested to be forwarded.  Each such Beneficial Holder may then indicate his/her or its vote on the Beneficial Holder Ballot, complete the information requested in the Beneficial Holder Ballot, review the certifications contained in the Beneficial Holder Ballot, execute the Beneficial Holder Ballot, and return the Beneficial Holder Ballot to the Nominee.  After collecting the Ballots, the Nominee shall, in turn, complete the applicable Master Ballot provided to such Nominee by the Solicitation Agent, and compile the votes and other information from the Beneficial Holder Ballot, execute the Master Ballot, and deliver the Master Ballot to the Solicitation Agent so that it is received by the Solicitation Agent before the Voting Deadline.  All Beneficial Holder Ballots returned by Beneficial Holders must be retained by Nominees for inspection for at least one year from the Voting Deadline.

b.    <u>Pre-Validated Ballots:</u>  A Nominee may pre-validate a Beneficial Holder Ballot, by: (i) signing the applicable Beneficial Holder Ballot indicating the name of the Nominee and the DTC participation number; (ii) indicating on the Beneficial Holder Ballot the account number of the Beneficial Holder, and amount of the securities held by the Nominee for such Beneficial Holder; and (iii) forwarding such Beneficial Holder Ballot together with the Solicitation Package and other materials requested to be forwarded to the Beneficial Holder for voting.  The Beneficial Holder may then complete the information requested in the Ballot, review the certifications contained in the Ballot, and return the Ballot directly to the Solicitation Agent in the pre-addressed, postage paid envelope included with the Solicitation Package so that it is received by the Solicitation Agent before the Voting Deadline.  A list of the Beneficial Holders to

whom "pre-validated" Ballots were delivered should be maintained by the Nominee for inspection for at least one year from the Voting Deadline.

## V.    Approval of the Confirmation Hearing Notice.

13.    The Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 4**, constitutes adequate and sufficient notice of the hearing to consider approval of the Plan, the manner in which a copy of the Plan could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.  Upon the filing of a supplement to the Scheduling Order[3] establishing dates for certain Confirmation proceeding deadlines, including the Confirmation Hearing (the "Scheduling Order Supplement"), the Debtors shall revise and re-serve the Confirmation Hearing Notice.  The EFH/EFIH Debtors shall publish the Confirmation Hearing Notice (in a format for publication) in: (a) *The Wall Street Journal, USA Today, The Dallas Morning News, Houston Chronicle, Corpus Christi Caller Times, Fort Worth Star-Telegram, and Waco Tribune-Herald* and (b) on the restructuring website established by Epiq, available at http://www.efhcaseinfo.com, in each case no later than seven (7) days after the Solicitation Deadline and seven (7) days after entry of the Scheduling Order Supplement (the "Publication Notice").

## VI.    Approval of Notice of Filing of the Plan Supplement.

14.    The EFH/EFIH Debtors are authorized to send notice of the filing of the Plan Supplement, which will be filed and served no later than six (6) business days prior to the Voting

---

[3]    The "Scheduling Order" is the *Amended and Superseding Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with Confirmation of the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 11835], entered on August 29, 2017.

Deadline or such later date as may be approved by this Court, substantially in the form attached

hereto as **Exhibit 7**, on the date the Plan Supplement is filed pursuant to the terms of the Plan.

**VII.    Approval of the Form of Notices to Non-Voting Classes.**

15.    Except to the extent the EFH/EFIH Debtors determine otherwise, the EFH/EFIH

Debtors are not required to provide Solicitation Packages to Holders of Claims or Interests

against the EFH/EFIH Debtors in Non-Voting Classes, as such holders are not entitled to vote on

the Plan.  Instead, on or before the Solicitation Deadline, the Solicitation Agent shall mail (first-

class postage prepaid) a Non-Voting Status Notice in lieu of Solicitation Packages, the form of

each of which is hereby approved, to those parties who are not entitled to vote on the Plan.

Holders of Unimpaired Claims that are deemed to accept the Plan in Classes A1, A2, A3, B1,

B2, B3, B4, and B9 will receive notice, substantially in the form attached hereto as **Exhibit 5-A**,

in lieu of a Solicitation Package.[4]  Holders of Impaired Claims against the EFH/EFIH Debtors

that are deemed to reject the Plan in Classes A13, A15, B8, and B10 will receive notice,

substantially in the form attached hereto as **Exhibit 5-B**, in lieu of a Solicitation Package.

16.    The EFH/EFIH Debtors will not provide the Holders of Intercompany Claims and

Interests in Classes A12, A14, and B7 with a Solicitation Package or any other type of notice in

connection with solicitation.

17.    The EFH/EFIH Debtors are not required to mail Solicitation Packages or other

solicitation materials to:  (a) Holders of Claims and Interests against the EFH/EFIH Debtors that

---

[4]    Solely with respect to the Non-Voting Status Notice sent to Holders of Class B4 Claims - EFIH Second Lien Note Claims, the Non-Voting Status Notice shall include the following language:  "The Debtors will file procedures and forms with respect to the Rollover Trust Investment Election concurrently with the Scheduling Order Supplement (as defined below) and, prior to such filing (which shall be no later than November 21, 2017), the Debtors and the Plan Sponsor shall consult in good faith with the EFIH Second Lien Notes Trustee regarding the Rollover Trust Investment Election procedures and forms."

have already been paid in full during these Chapter 11 Cases or (b) any party to whom the EFH Disclosure Statement Hearing Notice was sent but was subsequently returned as undeliverable.

## VIII.    Approval of the Solicitation Procedures.

18.    The EFH/EFIH Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Solicitation Procedures attached hereto as **Exhibit 6**, which are hereby approved in their entirety; *provided*, *however*, that the EFH/EFIH Debtors reserve the right to amend or supplement the Solicitation Procedures where, in the EFH/EFIH Debtors' best judgment, doing so would help facilitate the solicitation process.

## IX.    Approval of Notices to Contract and Lease Counterparties.

19.    The EFH/EFIH Debtors are authorized to mail a notice of assumption or rejection of any Executory Contracts or Unexpired Leases (and any corresponding Cure Claims), substantially in the forms attached hereto as **Exhibit 8-A** and **Exhibit 8-B**, to the applicable counterparties to Executory Contracts and Unexpired Leases that will be assumed or rejected pursuant to the Plan (as the case may be), within the time periods specified in the Plan.

## X.    Miscellaneous.

20.    Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

21.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

22.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

23.    The Debtors are authorized to take all actions necessary to effectuate the relief.

24.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware

Date: _____, 2017

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

**Disclosure Statement Hearing Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## NOTICE OF EFH DISCLOSURE STATEMENT HEARING

**PLEASE TAKE NOTICE THAT** on July 7, 2017, Energy Future Holdings Corp. ("EFH Corp."), certain of its direct and indirect subsidiaries (together with EFH Corp., the "EFH Debtors"),[2] Energy Future Intermediate Holding Company LLC ("EFIH"), and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors," and together with the EFH Debtors, the "EFH/EFIH Debtors") filed the (i) *Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* (as may be modified, amended, or supplemented from time to time, the "Plan"); (ii) the *Disclosure Statement for the Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code*, including all exhibits and schedules thereto (as may be modified, amended or supplemented from time to time, the "EFH Disclosure Statement");[3] and (iii) the *Motion of the EFH/EFIH Debtors for Entry of an Order (A) Approving the EFH Disclosure Statement, (B) Establishing the Voting Record Date, Voting Deadline, and Other Dates, (C) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan, and (D) Approving the Manner and Forms of Notice and Other Related Documents*.

**PLEASE TAKE FURTHER NOTICE THAT** a hearing (the "EFH Disclosure Statement Hearing") will commence before the Honorable Christopher S. Sontchi, United States Bankruptcy Judge, on **August 11, 2017**, at **10:00 a.m., prevailing Eastern Time**, in the United States

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] The other EFH Debtors are Ebasco Services of Canada Limited, EEC Holdings, Inc., EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Finance (No. 2) Holdings Company, EFH FS Holdings Company, EFH Renewables Company LLC, Generation Development Company LLC, LSGT Gas Company LLC, LSGT SACROC, Inc., NCA Development Company LLC, and TXU Receivables Company.

[3] Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan or EFH Disclosure Statement.

Bankruptcy Court for the District of Delaware, 824 North Market Street, Fifth Floor, Courtroom 6, Wilmington, Delaware 19801, (the "Court"), to consider the entry of an order (a) approving the EFH Disclosure Statement; (b) approving solicitation packages and procedures for the distribution thereof; (c) approving the forms of ballots and manner of notice; (d) approving the voting record date, solicitation deadline and voting deadline; (e) establishing notice and objection procedures for confirmation of the Plan; and (f) granting other related relief.  Please be advised that the EFH Disclosure Statement Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Court and served on the list of parties entitled to notice.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the EFH Disclosure Statement, the Plan, or related documents, you should contact Epiq Bankruptcy Solutions, LLC, the voting and claims agent retained by the Debtors in these Chapter 11 Cases, by:  (a) **calling the Debtors' restructuring hotline at (877) 276-7311**; (b) **visiting the Debtors' restructuring website at: http://www.efhcaseinfo.com**; and/or (c) **emailing efhvote@epiqsystems.com** and referencing "EFH/EFIH" in the subject line.  You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the EFH/EFIH Disclosure Statement is **August 4, 2017**, at **4:00 p.m., prevailing Eastern Time**.  Any objections to the relief sought at the EFH Disclosure Statement Hearing **must**:  (a) be made in writing; (b) conform to the Bankruptcy Rules, the Local Rules and any orders of the Court; (c) state with particularity the legal and factual basis for the objection and if practicable, a proposed modification to the EFH Disclosure Statement (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually** **received** on or before **August 4, 2017**, at **4:00 p.m., prevailing Eastern Time:**

| | |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>Attn: Edward O. Sassower, P.C.<br>Attn: Stephen E. Hessler, P.C.<br>Attn: Brian E. Schartz, Esq.<br>Attn: Aparna Yenamandra, Esq.<br>601 Lexington Avenue<br>New York, New York 10022<br><br>Attn: James H.M. Sprayregen, P.C.<br>Attn: Marc Kieselstein, P.C.<br>Attn: Chad J. Husnick, P.C.<br>Attn: Steven N. Serajeddini, Esq.<br>300 North LaSalle<br>Chicago, Illinois 60654 | **RICHARDS, LAYTON & FINGER, P.A.**<br>Attn: Mark D. Collins, Esq.<br>Attn: Daniel J. DeFranceschi, Esq.<br>Attn: Jason M. Madron, Esq.<br>920 North King Street<br>Wilmington, Delaware 19801 |

*Co-Counsel to the Debtors*

| | |
|---|---|
| **PROSKAUER ROSE LLP.**<br>Attn: Jeff J. Marwil, Esq.<br>Attn: Mark K Thomas, Esq.<br>Attn: Peter J. Young, Esq.<br>Three First National Plaza<br>70 W. Madison ST STE 3800<br>Chicago, Illinois 60602 | **BIELLI & KLAUDER, LLC**<br>Attn: David M. Klauder, Esq.<br>1204 North King Street<br>Wilmington, Delaware 19801 |

*Co-Counsel to Energy Future Holdings Corp.*

| | |
|---|---|
| **CRAVATH, SWAIN, & MOORE LLP**<br>Attn: Michael A Paskin, Esq.<br>Worldwide Plaza<br>825 Eighth Ave<br>New York, New York 10019-7475<br><br>**JENNER & BLOCK LLP**<br>Attn: Richard Levin, Esq.<br>919 Third Avenue<br>New York, New York 10022 | **STEVENS & LEE PC**<br>Attn: Joseph H. Hutson Jr, Esq.<br>1105 N. Market St STE 700<br>Wilmington, Delaware 19801 |

*Co-Counsel to Energy Future Intermediate Holding Company LLC*

**THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**
Attn: Richard L. Schepacarter, Esq.
Attn: Andrea B. Schwartz, Esq.
844 King Street, Suite 2207
Wilmington, Delaware 19801

| | |
|---|---|
| **SULLIVAN & CROMWELL LLP**<br>Attn: Andrew G. Dietderich, Esq.<br>Attn: Brian D. Glueckstein, Esq.<br>Attn: Michael H. Torkin, Esq.<br>125 Broad St.<br>New York, New York 10004 | **MONTGOMERY, MCCRACKEN, WALKER, &**<br>**RHOADS LLP**<br>Attn: Natalie D. Ramsey, Esq.<br>Attn: Davis Lee Wright, Esq.<br>Attn: Mark A. Fink, Esq.<br>1105 N. Market St 15th FL<br>Wilmington, Delaware 19801 |

*Co-Counsel to the EFH Creditors' Committee*

3

Wilmington, Delaware
Dated:   July 7, 2017

_/s/ Jason M. Madron_

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:       (302) 651-7700
Facsimile:       (302) 651-7701
Email:           collins@rlf.com
                 defranceschi@rlf.com
                 madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted _pro hac vice_)
Stephen E. Hessler, P.C. (admitted _pro hac vice_)
Brian E. Schartz (admitted _pro hac vice_)
Aparna Yenamandra (admitted _pro hac vice_)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:       (212) 446-4800
Facsimile:       (212) 446-4900
Email:           edward.sassower@kirkland.com
                 stephen.hessler@kirkland.com
                 brian.schartz@kirkland.com
                 aparna.yenamandra@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted _pro hac vice_)
Marc Kieselstein, P.C. (admitted _pro hac vice_)
Chad J. Husnick, P.C. (admitted _pro hac vice_)
Steven N. Serajeddini (admitted _pro hac vice_)
300 North LaSalle
Chicago, Illinois 60654
Telephone:       (312) 862-2000
Facsimile:       (312) 862-2200
Email:           james.sprayregen@kirkland.com
                 marc.kieselstein@kirkland.com
                 chad.husnick@kirkland.com
                 steven.serajeddini@kirkland.com

_Co-Counsel to the Debtors and Debtors in Possession_

## Exhibit 2-A

**Form Master Ballot For Classes A4, A5, A9, B6**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## MASTER BALLOT FOR ACCEPTING
## OR REJECTING THE FIRST AMENDED JOINT PLAN OF REORGANIZATION OF
## ENERGY FUTURE HOLDINGS CORP., ENERGY FUTURE INTERMEDIATE HOLDING COMPANY
## LLC, AND THE EFH/EFIH DEBTORS PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

## CLASS [CLASS NUMBER AND DESCRIPTION]

- IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE DEBTORS' SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "SOLICITATION AGENT") AT (646) 282-2500 OR EMAIL EFHVOTE@EPIQSYSTEMS.COM AND REFERENCE "EFH/EFIH" IN THE SUBJECT LINE.

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS MASTER BALLOT.

- THIS MASTER BALLOT MUST BE **ACTUALLY RECEIVED** BY **4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 30, 2017** (THE "VOTING DEADLINE").

- IF THE COURT CONFIRMS THE PLAN, IT WILL BIND HOLDERS OF CLAIMS AND INTERESTS REGARDLESS OF WHETHER THEY HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS MASTER BALLOT.

Energy Future Holdings Corp. ("EFH Corp."), certain of its direct and indirect subsidiaries (together with EFH Corp., the "EFH Debtors"),[2] Energy Future Intermediate Holding Company LLC ("EFIH"), and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors," and together with the EFH Debtors, the "EFH/EFIH Debtors") are

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    The other EFH Debtors are Ebasco Services of Canada Limited, EEC Holdings, Inc., EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Finance (No. 2) Holdings Company, EFH FS Holdings Company, EFH Renewables Company LLC, Generation Development Company LLC, LSGT Gas Company LLC, LSGT SACROC, Inc., NCA Development Company LLC, and TXU Receivables Company.

soliciting votes with respect to the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* (as may be modified, amended, or supplemented from time to time, the "Plan").[3]

This master ballot (the "Master Ballot") is to be used by you because records indicate that you are the Nominee (as defined below) of Class [Class Number and Description] as of **SEPTEMBER 6, 2017** (the "Voting Record Date").

**This Master Ballot is to be used by you as a broker, bank, or other nominee; or as the agent of a broker, bank, or other nominee (each of the foregoing, a "Nominee"); or as the proxy holder of a Nominee or beneficial owner for the Class [Class Number and Description] to transmit to the Solicitation Agent the votes of such beneficial holders in respect of their Class [Class Number] Claims to accept or reject the Plan. CUSIPS for the Class [Class Number] Claims entitled to vote are identified on Exhibit A attached hereto.** This Ballot may not be used for any purpose other than for submitting votes with respect to the Plan.

The *Disclosure Statement for the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* and all exhibits related thereto (as may be modified, amended, or supplemented from time to time, the "EFH Disclosure Statement") describe the rights and treatment for each Class. The EFH Disclosure Statement, the Plan, and certain other materials contained in the Solicitation Package are included in the packet you are receiving with this Master Ballot. This Master Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect thereto. **If you believe that you have received this Master Ballot in error, please contact the Debtors' Solicitation Agent by telephone at (646) 282-2500 or via email at efhvote@epiqsystems.com and reference "EFH/EFIH" in the subject line.**

**THE VOTES ON THIS BALLOT FOR [CLASS DESCRIPTION] CLAIMS SHALL BE APPLIED TO EACH DEBTOR WITH CLASS [CLASS NUMBER] CLAIMS.**

The Court may confirm the Plan and thereby bind all Beneficial Holders of Claims and Interests. To have the votes of your Beneficial Holders count as either an acceptance or rejection of the Plan, you must complete and return this Master Ballot so that the Solicitation Agent **actually receives** it on or before the Voting Deadline.

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 30, 2017.**

**Item 1. Certification of Authority to Vote.**

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

☐ Is a broker, bank, or other nominee for the beneficial owners of the aggregate principal amount of the Class [Class Number] Claims listed in Item 2 below, and is the record holder of such bonds, or

☐ Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered holder of the aggregate principal amount of Class [Class Number] Claims listed in Item 2 below, or

☐ Has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a beneficial owner, that is the registered holder of the aggregate principal amount of Class [Class Number] Claims listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Plan, on behalf of the beneficial owners of the Class [Class Number] Claims described in Item 2.

---

[3]    Capitalized terms, used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

**Item 2.  Class [Class Number] Claims Vote on Plan and Item 3.  Releases**

The undersigned transmits the following votes and releases of Beneficial Holders of Class [Class Number and Description] Claims against the Debtors and certifies that the following Beneficial Holders of Class [Class Number and Description] Claims, as identified by their respective customer account numbers set forth below, are Beneficial Holders of such securities as of the Voting Record Date, and have delivered to the undersigned, as Nominee, ballots ("Ballots") casting such votes.

Indicate in the appropriate column below the aggregate principal amount voted for each account or attach such information to this Master Ballot in the form of the following table.  Please note that each Beneficial Holder must vote all such of their Class [Class Number and Description] Claims to accept or reject the Plan and may not split such vote.  Any Ballot executed by the Beneficial Holder that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.  If the Beneficial Holder has checked the box on Item 3 of the Beneficial Holder Ballot pertaining to the releases by Holders of Claims and Interests, as detailed in Article VIII.D of the Plan, please place an X in the Item 3 column below.  The full text of Article VIII.D is duplicated in the Master Ballot Instructions.

## A SEPARATE MASTER BALLOT MUST BE USED FOR EACH CUSIP.

| **Your Customer Account Number for Each Beneficial Owner Who Voted in this Plan Class** | **Principal Amount Held as of the Voting Record Date** | **Item 2**<br>**Indicate the vote cast on the Beneficial Holder Ballot by placing an "X" in the appropriate column below.** | | | | **Item 3**<br>**If the box in Item 3 of the Beneficial Holder Ballot was completed, place an "X" in the column below** |
|---|---|---|---|---|---|---|
| **CUSIP VOTED ON THIS MASTER BALLOT** _____ **(CUSIP NO.)** | | | | | | |
| | | **Accept the Plan** | **or** | **Reject the Plan** | **or** | |
| 1 | $ | | | | | |
| 2 | $ | | | | | |
| 3 | $ | | | | | |
| 4 | $ | | | | | |
| 5 | $ | | | | | |
| 6 | $ | | | | | |
| **TOTALS** | $ | | | | | |

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

**Item 4.  Certification as to Transcription of Information from Item 4 of the Ballots as to Class [Class Number] Claims Voted Through Other Ballots.**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 4 of each Ballot received from a Beneficial Holder.  Please use additional sheets of paper if necessary.

| Your Customer Account Number for Each Beneficial Holder Who Completed Item 4 of the Ballots | TRANSCRIBE FROM ITEM 4 OF THE BENEFICIAL HOLDER BALLOTS: | | | |
|---|---|---|---|---|
| | Account Number of Other Class [Class Number] Claims Voted | Name of Owner | Principal Amount of Other Class [Class Number] Claims Voted | CUSIP of Other Class [Class Number] Claims Voted |
| 1. | | | $ | |
| 2. | | | $ | |
| 3. | | | $ | |
| 4. | | | $ | |
| 5. | | | $ | |
| 6. | | | $ | |
| 7. | | | $ | |
| 8. | | | $ | |
| 9. | | | $ | |
| 10. | | | $ | |

**Item 5.  Certifications.**

Upon execution of this Master Ballot, the undersigned certifies that:

1.      it has received a copy of the EFH Disclosure Statement, the Plan, the Ballots, and the remainder of the Solicitation Package and has delivered the same to the Beneficial Holders of the Class [Class Number] Claims listed in Item 2 above;

2.      it has received appropriate voting instructions from each Beneficial Holder listed in Item 2 of this Master Ballot; or

3.      it is the registered Beneficial Holder of the securities being voted, or

4.      it has been authorized by each such Beneficial Holder to vote on the Plan;

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

5.    it has properly disclosed:  (a) the number of Beneficial Holders who completed Ballots; (b) the respective amounts of the Class [Class Number] Claims, as the case may be, by each Beneficial Holder who completed a Ballot; (c) each such Beneficial Holder's respective vote concerning the Plan; (d) each such Beneficial Holder's certification as to other Class [Class Number] voted; and (e) the customer account or other identification number for each such Beneficial Holder; and

6.    it will maintain Ballots and evidence of separate transactions returned by Beneficial Holders (whether properly completed or defective) for at least one year after the EFH Effective Date and disclose all such information to the Bankruptcy Court or the Debtors, as the case may be, if so ordered.

Name of Nominee:            _____
                                                    (Print or Type)

Participant Number:

                                        _____

Name of Proxy Holder or Agent for Nominee (if applicable):

                                        _____
                                                    (Print or Type)

                                        _____

Signature:                        _____

Name of Signatory:           _____

Title:                               _____

Address:                          _____

                                        _____

                                        _____

Date Completed:              _____

Email Address:                 _____

**THIS MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON OCTOBER 30, 2017.**

**BALLOTS RECEIVED VIA EMAIL OR FACSIMILE WILL NOT BE COUNTED**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS, PLEASE CALL THE DEBTOR'S SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC AT (646) 282-2500 OR EMAIL EFHVOTE@EPIQSYSTEMS.COM AND REFERENCE "EFH/EFIH" IN THE SUBJECT LINE.**

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

**PLEASE COMPLETE, SIGN AND, DATE THE MASTER BALLOT AND RETURN IT WITH AN ORIGINAL SIGNATURE PROMPTLY TO:**

| **Via First Class Mail, Overnight Courier or Hand Delivery:** |
|---|
| EFH/EFIH Ballot Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>777 Third Avenue, 12th Floor<br>New York, NY 10017 |

**YOUR MASTER BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING DEADLINE, WHICH IS <u>4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 30, 2017</u>**

IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE INSTRUCTIONS, PLEASE CALL THE DEBTORS' SOLICITATION AGENT,
EPIQ BANKRUPTCY SOLUTIONS, LLC, AT (646) 282-2500 OR EMAIL EFHVOTE@EPIQSYSTEMS.COM AND REFERENCE "EFH/EFIH" IN THE SUBJECT LINE.

## <u>VOTING INSTRUCTIONS</u>

1.    As described in the EFH Disclosure Statement, the Debtors are soliciting the votes of Beneficial Holders of Class [Class Number] with respect to the Plan referred to in the EFH Disclosure Statement.  The Plan and EFH Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan.

2.    The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Beneficial Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code.

3.    You should immediately distribute the Ballots and the Solicitation Package to all Beneficial Holders of Class [Class Number] Claims and take any action required to enable each such Beneficial Holder to vote timely the Claims that it holds.  Any Ballot returned to you by a Beneficial Holder of a Claim shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver, to the Solicitation Agent, a Master Ballot that reflects the vote of such Beneficial Holders by 4:00 p.m. (prevailing Eastern Time) on October 30, 2017, or otherwise validate the Ballot in a manner acceptable to the Solicitation Agent.

If you are transmitting the votes of any beneficial owners of Class [Class Number] Claims other than yourself, you may <u>either</u>:

(a)    "Pre-validate" the individual Beneficial Holder Ballot contained in the Solicitation Package and then forward the Solicitation Package to the Beneficial Holder of the Class [Class Number] Claim for voting within five (5) Business Days after the receipt by such Nominee of the Solicitation Package, with the Beneficial Holder then returning the individual Beneficial Holder Ballot directly to the Solicitation Agent in the return envelope to be provided in the Solicitation Package.  A Nominee "pre-validates" a Beneficial Holder Ballot by signing the Ballot and including their DTC participant number; indicating the account number of the Beneficial Holder and the principal amount of Class [Class Number] Claim held by the Nominee for such Beneficial Holder, and then forwarding the Ballot together with the Solicitation Package to the Beneficial Holder. The Beneficial Holder then completes the information requested on the Ballot and returns the Ballot directly to the Solicitation Agent.  A list of the Beneficial Holders to whom

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

"pre-validated" Ballots were delivered should be maintained by nominees for inspection for at least one year from the EFH Effective Date; OR

(b)     Within five (5) Business Days after receipt by such Nominee of the Solicitation Package, forward the Solicitation Package to the Beneficial Holder of the Class [Class Number] Claim for voting along with a return envelope provided by and addressed to the Nominee, with the beneficial owner then returning the individual Beneficial Holder Ballot to the Nominee. In such case, the Nominee will tabulate the votes of its respective Beneficial Owners on a Master Ballot that will be provided to the Nominee separately by the Solicitation Agent, in accordance with any instructions set forth in the instructions to the Master Ballot, and then return the Master Ballot to the Solicitation Agent. The Nominee should advise the Beneficial Holders to return their individual Beneficial Holder Ballots to the Nominee by a date calculated by the Nominee to allow it to prepare and return the Master Ballot to the Solicitation Agent so that the Master Ballot is <u>actually</u> <u>received</u> by the Solicitation Agent on or before the Voting Deadline.

4.     With regard to any Ballots returned to you by a Beneficial Holder, you must: (a) compile and validate the votes and other relevant information of each such Beneficial Holder on the Master Ballot using the customer name or account number assigned by you to each such Beneficial Holder; (b) execute the Master Ballot; (c) transmit such Master Ballot to the Solicitation Agent by the Voting Deadline; and (d) retain such Ballots from Beneficial Holders, whether in hard copy or by electronic direction, in your files for a period of one year after the EFH Effective Date. You may be ordered to produce the Ballots to the Debtors or the Bankruptcy Court.

5.     The time by which a Ballot is **<u>actually received</u>** by the Solicitation Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline. **<u>The Voting Deadline is October 30, 2017, at 4:00 p.m., prevailing Eastern Time</u>**.

6.     If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by applicable law or court order. In all cases, Beneficial Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors. A Ballot will not be counted unless received by the Solicitation Agent.

7.     If multiple Master Ballots are received from the same Nominee with respect to the same Ballot belonging to a Beneficial Holder of a Claim prior to the Voting Deadline, the vote on the last properly completed Master Ballot timely received will supersede and revoke the vote of such Beneficial Holder on any earlier received Master Ballot.

8.     If a Holder holds a Claim or Interest, as applicable, in a Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such Holder or Nominee has a Claim or Interest, as applicable, in that Voting Class.

9.     If a voter simultaneously casts inconsistent duplicate Ballots, with respect to the same Claim, such Ballots shall not be counted.

10.    The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto. Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

11.    The Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim or Interest; or (b) an assertion or admission with respect to any Claim or Interest.

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

12.     Please be sure to sign and date your Master Ballot.  You should indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity and, if required or requested by the Solicitation Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Beneficial Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

13.     If you are both the Nominee and the Beneficial Holder of any of the Class [Class Number] Claims and you wish to vote such Class [Class Number] Claims, you may return a Ballot or Master Ballot for such Class [Class Number] Claims and you must vote your entire Class [Class Number] Claims to either to accept or reject the Plan and may not split your vote.  Accordingly, a Ballot, other than a Master Ballot with the votes of multiple holders, that partially rejects and partially accepts the Plan will not be counted.

14.     The following Ballots and Master Ballots shall not be counted in determining the acceptance or rejection of the Plan:  (a) any Ballot or Master Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Holder of the Claim; (b) any Ballot or Master Ballot cast by a Party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot or Master Ballot; (d) any Ballot or Master Ballot that does not contain an original signature; (e) any Ballot or Master Ballot not marked to accept or reject the Plan; and (f) any Ballot or Master Ballot submitted by any party not entitled to cast a vote with respect to the Plan.

15.     For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor in a particular Class will be aggregated and treated as if such Creditor held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided*, *however*, that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such Creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

        <u>The following additional rules shall apply to Master Ballots:</u>

16.     Votes cast by Beneficial Holders through a Nominee will be applied against the positions held by such entities in the Class [Class Number] Claims as of the Record Date, as evidenced by the record and depository listings;

17.     Votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Holder Ballots, will not be counted in excess of the record amount of the Class [Class Number] Claims held by such Nominee;

18.     To the extent that conflicting votes or "overvotes" are submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Holder Ballots, the Solicitation Agent will attempt to reconcile discrepancies with the Nominee;

19.     To the extent that overvotes on a Master Ballot or pre-validated Beneficial Holder Ballots are not reconcilable prior to the preparation of the vote certification, the Solicitation Agent will apply the votes to accept and reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or pre-validated Beneficial Holder Ballots that contained the overvote, but only to the extent of the Nominee's position in Class [Class Number] Claims; and

20.     For purposes of tabulating votes, each Beneficial Holder holding through a particular account will be deemed to have voted the principal amount relating its holding in that particular account, although the Solicitation Agent may be asked to adjust such principal amount to reflect the claim amount.

                                [CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

**ARTICLE VIII.D OF THE PLAN PROVIDES FOR THE FOLLOWING RELEASES BY HOLDERS OF CLAIMS AND INTERESTS (THE "RELEASES"):**

EXCEPT AS OTHERWISE PROVIDED IN THE PLAN, AS OF THE EFH EFFECTIVE DATE, EACH RELEASING PARTY IS DEEMED TO HAVE RELEASED AND DISCHARGED EACH DEBTOR, REORGANIZED EFH/EFIH DEBTOR, AND RELEASED PARTY FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, INCLUDING CLAIMS AND CAUSES OF ACTION IDENTIFIED, CLAIMED, OR RELEASED IN THE STANDING MOTIONS, THE LITIGATION LETTERS, OR THE DISINTERESTED DIRECTORS SETTLEMENT, AS WELL AS ALL OTHER CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED ON BEHALF OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS (INCLUDING DIVIDENDS PAID), TRANSACTIONS PURSUANT AND/OR RELATED TO THE MASTER SEPARATION AGREEMENT DATED DECEMBER 12, 2001, THE TCEH CREDIT AGREEMENT, THE TCEH FIRST LIEN NOTES, THE CASH COLLATERAL ORDER (AND ANY PAYMENTS OR TRANSFERS IN CONNECTION THEREWITH), THE TCEH FIRST LIEN INTERCREDITOR AGREEMENT, THE LIABILITY MANAGEMENT PROGRAM, THE TAX SHARING AGREEMENTS, THE 2007 ACQUISITION, THE MANAGEMENT AGREEMENT, THE 2009 AMENDMENT TO THE TCEH CREDIT AGREEMENT, THE 2011 AMEND AND EXTEND TRANSACTIONS, THE 2005 ONCOR TRANSFER, THE 2013 REVOLVER EXTENSION, THE LUMINANT MAKEWHOLE SETTLEMENT, THE TAX AND INTEREST MAKEWHOLE AGREEMENTS, THE TCEH INTERCOMPANY NOTES, THE SHARED SERVICES, ANY PREFERENCE OR AVOIDANCE CLAIM PURSUANT TO SECTIONS 544, 547, 548, AND 549 OF THE BANKRUPTCY CODE, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE NEE PLAN SUPPORT AGREEMENT, THE EFIH UNSECURED CREDITOR PLAN SUPPORT AGREEMENT, THE SEMPRA PLAN SUPPORT AGREEMENT, THE EFH/EFIH COMMITTEE SETTLEMENT, THE EFIH SETTLEMENT AGREEMENT, THE EFIH FIRST LIEN PRINCIPAL SETTLEMENT, THE ORIGINAL CONFIRMED PLAN, THE NEXTERA PLAN, OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING PROVIDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE EFH CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN SUPPORT AGREEMENT, THE NEE PLAN SUPPORT AGREEMENT, THE EFIH UNSECURED CREDITOR PLAN SUPPORT AGREEMENT, THE SEMPRA PLAN SUPPORT AGREEMENT, THE EFIH SETTLEMENT AGREEMENT, THE EFH/EFIH COMMITTEE SETTLEMENT, THE PIK SETTLEMENT (WHETHER TERMINATED PURSUANT TO ITS TERMS OR OTHERWISE) AND ANY DIRECTION TAKEN BY THE EFIH UNSECURED NOTES TRUSTEE IN CONNECTION THEREWITH (PRIOR TO TERMINATION), THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE EFH DISCLOSURE STATEMENT, THE TCEH DISCLOSURE STATEMENT, THE PLAN, THE TRANSACTION AGREEMENTS, THE DIP

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

FACILITIES, THE CHAPTER 11 CASES, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, THE TRANSACTION AGREEMENTS, OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFH EFFECTIVE DATE RELATED OR RELATING TO THE FOREGOING. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE (I) ANY POST-EFH EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, (II) ANY RESTRUCTURING TRANSACTION, (III) ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, AND (IV) THE CLAIMS AND CAUSES OF ACTION SET FORTH IN SECTION 6.12 OF THE PARENT DISCLOSURE LETTER DELIVERED IN CONNECTION WITH THE NEE MERGER AGREEMENT; *PROVIDED, HOWEVER*, THAT SUCH CLAIMS AND CAUSES OF ACTION SET FORTH IN SECTION 6.12 OF SUCH PARENT DISCLOSURE LETTER DELIVERED IN CONNECTION WITH THE NEE MERGER AGREEMENT SHALL BE SUBJECT TO TREATMENT PURSUANT TO THE PLAN AND SHALL BE DISCHARGED AS SET FORTH IN ARTICLE VIII.A OF THE PLAN. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY CLAIMS OR CAUSES OF ACTION AGAINST ONE OR MORE OF NEXTERA AND ITS CURRENT AND FORMER SUBSIDIARIES (THE "<u>NEE RELEASED PARTIES</u>") RELATING TO THE PURSUIT OF APPROVAL OF THE TRANSACTIONS CONTEMPLATED IN THE ORIGINAL CONFIRMED PLAN (INCLUDING, FOR THE AVOIDANCE OF DOUBT, CLAIMS OR CAUSES OF ACTION REGARDING THE EFFECT OF THE FILING OF DOCKET NO. 7028 ON APPROVAL OF THE TRANSACTIONS CONTEMPLATED IN THE ORIGINAL CONFIRMED PLAN) OR CLAIMS OR CAUSES OF ACTION THAT MAY BE BROUGHT BY ONE OR MORE OF THE NEE RELEASED PARTIES AGAINST ANY PARTY WHO BRINGS A CLAIM OR CAUSE OF ACTION AGAINST THE NEE RELEASED PARTIES RELATING TO THE PURSUIT OF APPROVAL OF THE TRANSACTIONS CONTEMPLATED IN THE ORIGINAL CONFIRMED PLAN; *PROVIDED, HOWEVER,* FOR THE AVOIDANCE OF DOUBT, THAT ANY RELEASES SET FORTH ABOVE SOLELY TO THE EXTENT APPLICABLE PURSUANT TO THE TERMS SET FORTH ABOVE, SHALL APPLY TO THE NEE RELEASED PARTIES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, INDIVIDUAL EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, AND FOR THE AVOIDANCE OF DOUBT, THE TCEH SETTLEMENT CLAIM SHALL BE TREATED, RELEASED, AND DISCHARGED ON THE EFH EFFECTIVE DATE. FOR THE AVOIDANCE OF DOUBT, (I) THE RELEASING PARTIES PROVIDED THE RELEASE SET FORTH IN ARTICLE VIII.D OF THE PLAN FOR ALL CLAIMS AND CAUSES OF ACTION THAT RELATE TO THE TCEH DEBTORS, REORGANIZED TCEH DEBTORS, EFH SHARED SERVICES DEBTORS, REORGANIZED EFH SHARED SERVICES DEBTORS, OR ANY NON-DEBTOR AFFILIATE TO BE TRANSFERRED TO THE REORGANIZED TCEH DEBTORS, INCLUDING EFH PROPERTIES COMPANY, AS OF THE TCEH EFFECTIVE DATE; AND (II) THE RELEASING PARTIES SHALL PROVIDE THE RELEASE SET FORTH

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

**IN ARTICLE VIII.D OF THE PLAN FOR ALL CLAIMS AND CAUSES OF ACTION THAT RELATE TO THE EFH DEBTORS, REORGANIZED EFH DEBTORS, EFIH DEBTORS, OR REORGANIZED EFIH DEBTORS AS OF THE EFH EFFECTIVE DATE; *PROVIDED* THAT ANY AND ALL INTERCOMPANY CLAIMS (OTHER THAN THE TCEH SETTLEMENT CLAIM) HELD BY OR HELD AGAINST THE TCEH DEBTORS, REORGANIZED TCEH DEBTORS, EFH SHARED SERVICES DEBTORS, REORGANIZED EFH SHARED SERVICES DEBTORS, OR ANY NON-DEBTOR AFFILIATE TO BE TRANSFERRED TO THE REORGANIZED TCEH DEBTORS, INCLUDING EFH PROPERTIES COMPANY, WERE RELEASED AS OF THE TCEH EFFECTIVE DATE.**

## IMPORTANT INFORMATION REGARDING THE RELEASES:

UNDER THE PLAN, "*RELEASING PARTIES*" MEANS, COLLECTIVELY, AND IN EACH CASE ONLY IN ITS CAPACITY AS SUCH:  (A) THE EFH/EFIH PLAN SUPPORTERS; (B) EFH MERGER SUB; (C) INTERMEDIARY HOLDCO; (D) PARENT; (E) THE PLAN SPONSOR; (F) THE BACKSTOP PARTIES; (G) HOLDERS OF TCEH FIRST LIEN CLAIMS; (H) HOLDERS OF TCEH SECOND LIEN CLAIMS; (I) HOLDERS OF TCEH UNSECURED NOTE CLAIMS; (J) HOLDERS OF EFH LEGACY NOTE CLAIMS; (K) HOLDERS OF EFH UNEXCHANGED NOTE CLAIMS; (L) HOLDERS OF EFH LBO NOTE PRIMARY CLAIMS; (M) HOLDERS OF EFH UNSECURED NOTE CLAIMS; (N) HOLDERS OF EFH LBO NOTE GUARANTY CLAIMS; (O) THE DIP LENDERS; (P) THE TCEH FIRST LIEN AGENT; (Q) THE INDENTURE TRUSTEES; (R) THE DEALER MANAGERS; (S) TEF; (T) TEXAS HOLDINGS; (U) ONCOR; (V) FUNDS AND ACCOUNTS MANAGED OR ADVISED BY KOHLBERG KRAVIS ROBERTS & CO., L.P., TPG CAPITAL, L.P. OR GOLDMAN, SACHS & CO. THAT HOLD DIRECT OR INDIRECT INTERESTS IN TEXAS HOLDINGS, TEF, OR EFH CORP.; (W) THE COMMITTEES AND EACH OF THEIR RESPECTIVE MEMBERS; (X) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE TCEH DEBTORS OTHER THAN EFCH; (Y) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFCH; (Z) HOLDERS OF EFIH FIRST LIEN NOTE CLAIMS; (AA) HOLDERS OF EFIH SECOND LIEN NOTE CLAIMS; (BB) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFIH DEBTORS; (CC) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFH CORP.; (DD) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFH DEBTORS OTHER THAN EFH CORP.; (EE) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFH SHARED SERVICES DEBTORS; (FF) ALL HOLDERS OF CLAIMS AND INTERESTS THAT ARE DEEMED TO ACCEPT THE PLAN; (GG) ALL HOLDERS OF CLAIMS AND INTERESTS WHO VOTE TO ACCEPT THE PLAN; (HH) ALL HOLDERS IN VOTING CLASSES WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (II) THE ORIGINAL PLAN SPONSORS; (JJ) OV2; (KK) ANY AGENT UNDER THE EXIT FACILITIES; (LL) THE ROLLOVER TRUST TRUSTEE; (MM) THE NON-ROLLOVER TRUST TRUSTEE; (NN) WITH RESPECT TO EACH OF THE DEBTORS (AND, PRIOR TO THE TCEH EFFECTIVE DATE, THE TCEH DEBTORS AND THE EFH SHARED SERVICES DEBTORS), THE REORGANIZED TCEH DEBTORS, THE REORGANIZED EFH SHARED SERVICES DEBTORS, AND THE REORGANIZED EFH/EFIH DEBTORS, AND EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (MM), SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND EACH OF THEIR RESPECTIVE CURRENT AND FORMER EQUITY HOLDERS, OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH; AND (OO) ALL HOLDERS OF CLAIMS AND INTERESTS, SOLELY WITH RESPECT TO RELEASES OF ALL HOLDERS OF INTERESTS IN EFH CORP. AND THEIR CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR AFFILIATES' CURRENT AND FORMER EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY),

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND THEIR CURRENT AND FORMER OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH.

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH ABOVE.  YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN ONLY IF THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT-OUT OF THE RELEASES AND <u>ONLY IF</u> YOU (A) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN OR (B) VOTE TO REJECT THE PLAN.   IN THE CASE OF SUCH A DETERMINATION BY THE COURT, IF YOU VOTE TO REJECT THE PLAN, YOU WILL AUTOMATICALLY BE CONSIDERED TO HAVE OPTED OUT OF THE RELEASES, REGARDLESS OF WHETHER YOU CHECK THE BOX BELOW.  IF YOU SATISFY THE ABOVE REQUIREMENTS AND CHECK THE BOX BELOW (OR VOTE TO REJECT THE PLAN), YOUR OPT-OUT WILL ONLY BE EFFECTIVE IF SO ORDERED BY THE COURT.  REGARDLESS OF WHETHER THE COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT-OUT OF THE RELEASES, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, OR (C) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN WITHOUT CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN.

## PLEASE SUBMIT YOUR MASTER BALLOT PROMPTLY!

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT AT (646) 282-2500 OR EFHVOTE@EPIQSYSTEMS.COM AND REFERENCE "EFH/EFIH" IN THE SUBJECT LINE.**

*[Remainder of page intentionally left blank.]*

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

**Exhibit A**

***Please check a box below to indicate the [Class Description] to which this Master Ballot pertains and add the CUSIP No. to Item 2 on page 4.***

**CLASS [CLASS NUMBER AND DESCRIPTION]**

|  | **BOND DESCRIPTION** | **CUSIP** |
|---|---|---|
| ☐ |  |  |
| ☐ |  |  |
| ☐ |  |  |
| ☐ |  |  |
| ☐ |  |  |

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

## **Exhibit 2-B**

**Form Beneficial Holder Ballot For Classes A4, A5, A9, B6**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**BENEFICIAL HOLDER BALLOT FOR ACCEPTING
OR REJECTING THE FIRST AMENDED JOINT PLAN OF REORGANIZATION OF
ENERGY FUTURE HOLDINGS CORP., ENERGY FUTURE INTERMEDIATE HOLDING COMPANY
LLC, AND THE EFH/EFIH DEBTORS PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS [CLASS NUMBER AND DESCRIPTION]**

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE DEBTORS' SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "SOLICITATION AGENT") AT (877) 276-7311 OR VIA EMAIL TO EFHVOTE@EPIQSYSTEMS.COM AND REFERENCE "EFH/EFIH" IN THE SUBJECT LINE.

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT. THIS BALLOT IS BEING SUBMITTED TO YOU TO SOLICIT YOUR VOTE TO THE DEBTORS' PLAN (INCLUDING THE RELEASES CONTAINED IN ARTICLE VIII OF THE PLAN).

- THIS BALLOT (OR THE MASTER BALLOT REFLECTING THE VOTE CAST ON THIS BALLOT) MUST BE **ACTUALLY RECEIVED** BY THE SOLICITATION AGENT BEFORE **4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 30, 2017** (THE "VOTING DEADLINE").

- IF A BENEFICIAL HOLDER HOLDS CLASS [CLASS NUMBER] CLAIMS IN ITS OWN NAME AND/OR THROUGH ONE OR MORE NOMINEES,[2] SUCH BENEFICIAL HOLDER MUST IDENTIFY ALL CLASS [CLASS NUMBER] CLAIMS HELD IN ACCORDANCE WITH ITEM 4 OF THIS BALLOT, AND MUST INDICATE THE SAME VOTE TO ACCEPT OR REJECT THE PLAN ON ALL BALLOTS SUBMITTED.

- IF THE COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] "Nominee" means a broker, dealer, commercial bank, trust company or other agent nominee who holds Class 4 Claims for the benefit of certain Beneficial Holders.

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

Energy Future Holdings Corp. ("EFH Corp."), certain of its direct and indirect subsidiaries (together with EFH Corp., the "EFH Debtors"),[3] Energy Future Intermediate Holding Company LLC ("EFIH"), and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors," and together with the EFH Debtors, the "EFH/EFIH Debtors") are soliciting votes with respect to the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* (as may be modified, amended, or supplemented from time to time, the "Plan").[4]

This ballot (the "Ballot") is being sent to you because records indicate that you are the Beneficial Holder of a Class [Class Number] Claim as of **SEPTEMBER 6, 2017** (the "Voting Record Date"), and, accordingly, you may have a right to vote to accept or reject the Plan. This Ballot may not be used for any purpose other than for submitting votes with respect to the Plan. CUSIPS for Class [Class Number] entitled to vote are identified on **Exhibit A** attached hereto.

The *Disclosure Statement for the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* and all exhibits related thereto (as may be modified, amended, or supplemented from time to time, the "EFH Disclosure Statement") describe the rights and treatment for each Class. The Plan and EFH Disclosure Statement are included in the packet you are receiving with this Ballot (collectively, the "Solicitation Package").

**YOUR VOTE ON THIS BALLOT FOR CLASS [CLASS NUMBER] CLAIMS SHALL BE APPLIED TO EACH DEBTOR AGAINST WHOM YOU HAVE A CLASS [CLASS NUMBER] CLAIM.**

*You should carefully and thoroughly review the EFH Disclosure Statement and Plan before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan. Your Claim has been placed in Class [Class Number] under the Plan. Attached to the EFH Disclosure Statement is the EFH Disclosure Statement Order which contains the Solicitation Procedures which govern the solicitation and tabulation of votes to accept or reject the Plan.*

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 30, 2017.**

**Item 1. Amount of Class [Class Number and Class Description] Claims.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory for a Beneficial Holder), of a Class [Class Number] Claim in the following amount (*insert amount in box below*). If your Claim is held by a Nominee on your behalf and you do not know the amount of the Class [Class Number] Claims held, please contact your Nominee immediately:

$\qquad$ $_____$

---

[3]    The other EFH Debtors are Ebasco Services of Canada Limited, EEC Holdings, Inc., EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Finance (No. 2) Holdings Company, EFH FS Holdings Company, EFH Renewables Company LLC, Generation Development Company LLC, LSGT Gas Company LLC, LSGT SACROC, Inc., NCA Development Company LLC, and TXU Receivables Company.

[4]    Capitalized terms, used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

**Item 2.  Vote of Class [Class Number and Description].**

The Beneficial Holder of the Class [Class Number] Claims set forth in Item 1 votes to (*please check one*):

Check one box:        ❐        **Accept** the Plan

                      ❐        **Reject** the Plan

**ITEM 3.  ARTICLE VIII.D OF THE PLAN PROVIDES FOR THE FOLLOWING RELEASES BY HOLDERS OF CLAIMS AND INTERESTS (THE "RELEASES"):**

**EXCEPT AS OTHERWISE PROVIDED IN THE PLAN, AS OF THE EFH EFFECTIVE DATE, EACH RELEASING PARTY IS DEEMED TO HAVE RELEASED AND DISCHARGED EACH DEBTOR, REORGANIZED EFH/EFIH DEBTOR, AND RELEASED PARTY FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, INCLUDING CLAIMS AND CAUSES OF ACTION IDENTIFIED, CLAIMED, OR RELEASED IN THE STANDING MOTIONS, THE LITIGATION LETTERS, OR THE DISINTERESTED DIRECTORS SETTLEMENT, AS WELL AS ALL OTHER CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED ON BEHALF OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS (INCLUDING DIVIDENDS PAID), TRANSACTIONS PURSUANT AND/OR RELATED TO THE MASTER SEPARATION AGREEMENT DATED DECEMBER 12, 2001, THE TCEH CREDIT AGREEMENT, THE TCEH FIRST LIEN NOTES, THE CASH COLLATERAL ORDER (AND ANY PAYMENTS OR TRANSFERS IN CONNECTION THEREWITH), THE TCEH FIRST LIEN INTERCREDITOR AGREEMENT, THE LIABILITY MANAGEMENT PROGRAM, THE TAX SHARING AGREEMENTS, THE 2007 ACQUISITION, THE MANAGEMENT AGREEMENT, THE 2009 AMENDMENT TO THE TCEH CREDIT AGREEMENT, THE 2011 AMEND AND EXTEND TRANSACTIONS, THE 2005 ONCOR TRANSFER, THE 2013 REVOLVER EXTENSION, THE LUMINANT MAKEWHOLE SETTLEMENT, THE TAX AND INTEREST MAKEWHOLE AGREEMENTS, THE TCEH INTERCOMPANY NOTES, THE SHARED SERVICES, ANY PREFERENCE OR AVOIDANCE CLAIM PURSUANT TO SECTIONS 544, 547, 548, AND 549 OF THE BANKRUPTCY CODE, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE NEE PLAN SUPPORT AGREEMENT, THE EFIH UNSECURED CREDITOR PLAN SUPPORT AGREEMENT, THE SEMPRA PLAN SUPPORT AGREEMENT, THE EFH/EFIH COMMITTEE SETTLEMENT, THE EFIH SETTLEMENT AGREEMENT, THE EFIH FIRST LIEN PRINCIPAL SETTLEMENT, THE ORIGINAL CONFIRMED PLAN, THE NEXTERA PLAN, OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING PROVIDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE EFH CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN SUPPORT AGREEMENT, THE**

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

NEE PLAN SUPPORT AGREEMENT, THE EFIH UNSECURED CREDITOR PLAN SUPPORT AGREEMENT, THE SEMPRA PLAN SUPPORT AGREEMENT, THE EFIH SETTLEMENT AGREEMENT, THE EFH/EFIH COMMITTEE SETTLEMENT, THE PIK SETTLEMENT (WHETHER TERMINATED PURSUANT TO ITS TERMS OR OTHERWISE) AND ANY DIRECTION TAKEN BY THE EFIH UNSECURED NOTES TRUSTEE IN CONNECTION THEREWITH (PRIOR TO TERMINATION), THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE EFH DISCLOSURE STATEMENT, THE TCEH DISCLOSURE STATEMENT, THE PLAN, THE TRANSACTION AGREEMENTS, THE DIP FACILITIES, THE CHAPTER 11 CASES, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, THE TRANSACTION AGREEMENTS, OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFH EFFECTIVE DATE RELATED OR RELATING TO THE FOREGOING.  NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE (I) ANY POST-EFH EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, (II) ANY RESTRUCTURING TRANSACTION, (III) ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, AND (IV) THE CLAIMS AND CAUSES OF ACTION SET FORTH IN SECTION 6.12 OF THE PARENT DISCLOSURE LETTER DELIVERED IN CONNECTION WITH THE NEE MERGER AGREEMENT; *PROVIDED, HOWEVER*, THAT SUCH CLAIMS AND CAUSES OF ACTION SET FORTH IN SECTION 6.12 OF SUCH PARENT DISCLOSURE LETTER DELIVERED IN CONNECTION WITH THE NEE MERGER AGREEMENT SHALL BE SUBJECT TO TREATMENT PURSUANT TO THE PLAN AND SHALL BE DISCHARGED AS SET FORTH IN ARTICLE VIII.A OF THE PLAN. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY CLAIMS OR CAUSES OF ACTION AGAINST ONE OR MORE OF NEXTERA AND ITS CURRENT AND FORMER SUBSIDIARIES (THE "NEE RELEASED PARTIES") RELATING TO THE PURSUIT OF APPROVAL OF THE TRANSACTIONS CONTEMPLATED IN THE ORIGINAL CONFIRMED PLAN (INCLUDING, FOR THE AVOIDANCE OF DOUBT, CLAIMS OR CAUSES OF ACTION REGARDING THE EFFECT OF THE FILING OF DOCKET NO. 7028 ON APPROVAL OF THE TRANSACTIONS CONTEMPLATED IN THE ORIGINAL CONFIRMED PLAN) OR CLAIMS OR CAUSES OF ACTION THAT MAY BE BROUGHT BY ONE OR MORE OF THE NEE RELEASED PARTIES AGAINST ANY PARTY WHO BRINGS A CLAIM OR CAUSE OF ACTION AGAINST THE NEE RELEASED PARTIES RELATING TO THE PURSUIT OF APPROVAL OF THE TRANSACTIONS CONTEMPLATED IN THE ORIGINAL CONFIRMED PLAN; *PROVIDED, HOWEVER,* FOR THE AVOIDANCE OF DOUBT, THAT ANY RELEASES SET FORTH ABOVE SOLELY TO THE EXTENT APPLICABLE PURSUANT TO THE TERMS SET FORTH ABOVE, SHALL APPLY TO THE NEE RELEASED PARTIES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, INDIVIDUAL EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH.  NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, AND FOR THE AVOIDANCE OF DOUBT, THE TCEH SETTLEMENT CLAIM SHALL BE TREATED, RELEASED, AND DISCHARGED ON THE EFH EFFECTIVE DATE.  FOR THE AVOIDANCE OF DOUBT, (I) THE RELEASING PARTIES PROVIDED THE RELEASE SET FORTH IN ARTICLE VIII.D OF THE PLAN FOR ALL CLAIMS AND CAUSES OF ACTION THAT RELATE TO THE TCEH DEBTORS, REORGANIZED TCEH DEBTORS, EFH SHARED SERVICES DEBTORS, REORGANIZED

[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]

**EFH SHARED SERVICES DEBTORS, OR ANY NON-DEBTOR AFFILIATE TO BE TRANSFERRED TO THE REORGANIZED TCEH DEBTORS, INCLUDING EFH PROPERTIES COMPANY, AS OF THE TCEH EFFECTIVE DATE; AND (II) THE RELEASING PARTIES SHALL PROVIDE THE RELEASE SET FORTH IN ARTICLE VIII.D OF THE PLAN FOR ALL CLAIMS AND CAUSES OF ACTION THAT RELATE TO THE EFH DEBTORS, REORGANIZED EFH DEBTORS, EFIH DEBTORS, OR REORGANIZED EFIH DEBTORS AS OF THE EFH EFFECTIVE DATE; *PROVIDED* THAT ANY AND ALL INTERCOMPANY CLAIMS (OTHER THAN THE TCEH SETTLEMENT CLAIM) HELD BY OR HELD AGAINST THE TCEH DEBTORS, REORGANIZED TCEH DEBTORS, EFH SHARED SERVICES DEBTORS, REORGANIZED EFH SHARED SERVICES DEBTORS, OR ANY NON-DEBTOR AFFILIATE TO BE TRANSFERRED TO THE REORGANIZED TCEH DEBTORS, INCLUDING EFH PROPERTIES COMPANY, WERE RELEASED AS OF THE TCEH EFFECTIVE DATE.**

## IMPORTANT INFORMATION REGARDING THE RELEASES:

UNDER THE PLAN, "*RELEASING PARTIES*" MEANS, COLLECTIVELY, AND IN EACH CASE ONLY IN ITS CAPACITY AS SUCH:    (A) THE EFH/EFIH PLAN SUPPORTERS; (B) EFH MERGER SUB; (C) INTERMEDIARY HOLDCO; (D) PARENT; (E) THE PLAN SPONSOR; (F) THE BACKSTOP PARTIES; (G) HOLDERS OF TCEH FIRST LIEN CLAIMS; (H) HOLDERS OF TCEH SECOND LIEN NOTE CLAIMS; (I) HOLDERS OF TCEH UNSECURED NOTE CLAIMS; (J) HOLDERS OF EFH LEGACY NOTE CLAIMS; (K) HOLDERS OF EFH UNEXCHANGED NOTE CLAIMS; (L) HOLDERS OF EFH LBO NOTE PRIMARY CLAIMS; (M) HOLDERS OF EFH UNSECURED NOTE CLAIMS; (N) HOLDERS OF EFH LBO NOTE GUARANTY CLAIMS; (O) THE DIP LENDERS; (P) THE TCEH FIRST LIEN AGENT; (Q) THE INDENTURE TRUSTEES; (R) THE DEALER MANAGERS; (S) TEF; (T) TEXAS HOLDINGS; (U) ONCOR; (V) FUNDS AND ACCOUNTS MANAGED OR ADVISED BY KOHLBERG KRAVIS ROBERTS & CO., L.P., TPG CAPITAL, L.P. OR GOLDMAN, SACHS & CO. THAT HOLD DIRECT OR INDIRECT INTERESTS IN TEXAS HOLDINGS, TEF, OR EFH CORP.; (W) THE COMMITTEES AND EACH OF THEIR RESPECTIVE MEMBERS; (X) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE TCEH DEBTORS OTHER THAN EFCH; (Y) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFCH; (Z) HOLDERS OF EFIH FIRST LIEN NOTE CLAIMS; (AA) HOLDERS OF EFIH SECOND LIEN NOTE CLAIMS; (BB) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFIH DEBTORS; (CC) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFH CORP.; (DD) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFH DEBTORS OTHER THAN EFH CORP.; (EE) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFH SHARED SERVICES DEBTORS; (FF) ALL HOLDERS OF CLAIMS AND INTERESTS THAT ARE DEEMED TO ACCEPT THE PLAN; (GG) ALL HOLDERS OF CLAIMS AND INTERESTS WHO VOTE TO ACCEPT THE PLAN; (HH) ALL HOLDERS IN VOTING CLASSES WHO ABSTAIN FROM VOTING ON THE PLAN <u>AND</u> WHO DO NOT OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (II) THE ORIGINAL PLAN SPONSORS; (JJ) OV2; (KK) ANY AGENT UNDER THE EXIT FACILITIES; (LL) THE ROLLOVER TRUST TRUSTEE; (MM) THE NON-ROLLOVER TRUST TRUSTEE; (NN) WITH RESPECT TO EACH OF THE DEBTORS (AND, PRIOR TO THE TCEH EFFECTIVE DATE, THE TCEH DEBTORS AND THE EFH SHARED SERVICES DEBTORS), THE REORGANIZED TCEH DEBTORS, THE REORGANIZED EFH SHARED SERVICES DEBTORS, AND THE REORGANIZED EFH/EFIH DEBTORS, AND EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (MM), SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND EACH OF THEIR RESPECTIVE CURRENT AND FORMER EQUITY HOLDERS, OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH; AND (OO) ALL HOLDERS OF CLAIMS AND INTERESTS, SOLELY WITH RESPECT TO RELEASES OF ALL HOLDERS OF INTERESTS IN EFH CORP. AND THEIR CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR AFFILIATES' CURRENT AND FORMER EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND THEIR CURRENT AND FORMER OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS,

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH.

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH ABOVE.  YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN ONLY IF THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT-OUT OF THE RELEASES AND <u>ONLY IF</u> YOU (A) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN OR (B) VOTE TO REJECT THE PLAN.  IN THE CASE OF SUCH A DETERMINATION BY THE COURT, IF YOU VOTE TO REJECT THE PLAN, YOU WILL AUTOMATICALLY BE CONSIDERED TO HAVE OPTED OUT OF THE RELEASES, REGARDLESS OF WHETHER YOU CHECK THE BOX BELOW.  IF YOU SATISFY THE ABOVE REQUIREMENTS AND CHECK THE BOX BELOW (OR VOTE TO REJECT THE PLAN), YOUR OPT-OUT WILL ONLY BE EFFECTIVE IF SO ORDERED BY THE COURT.  REGARDLESS OF WHETHER THE COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT-OUT OF THE RELEASES, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, OR (C) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN WITHOUT CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN.

The Holder of the Class [Class Number] Claim set forth in Item 1 elects to:

☐     Opt Out of the Releases.

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

**Item 4.  Certification of Class [Class Number and Description] Claims Held in Additional Accounts.**

By completing and returning this Ballot, the Beneficial Holder of the Claim identified in Item 1 certifies that (a) this Ballot is the only Ballot submitted for the Class [Class Number] Claims owned by such Beneficial Holder as indicated in Item 1, except for the Claims identified in the following table, and (b) <u>all</u> Ballots for Class [Class Number] Claims submitted by the Beneficial Holder indicate the same vote to accept or reject the Plan that the Beneficial Holder has indicated in Item 2 of this Ballot (please use additional sheets of paper if necessary).  **To be clear, if any Beneficial Holder holds Class [Class Number] Claims through one or more Nominees, such Beneficial Holder must identify all Class [Class Number] Claims held through its own name and/or each Nominee in the following table, and must indicate the same vote to accept or reject the Plan on all Ballots submitted.**

ONLY COMPLETE ITEM 4 IF YOU HAVE SUBMITTED OTHER BALLOTS ON ACCOUNT OF CLASS [CLASS NUMBER AND DESCRIPTION] CLAIMS

| Account Number of Other Class [Class Number] Claims Voted | Name of Owner[5] | Principal Amount of Other Class [Class Number] Claims Voted | CUSIP of Other Class [Class Number] Claims Voted |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

---

[5]   **Insert your name if the Class [Class Number] Claims are held by you in your own name or, if held in street name through a Nominee, insert the name of your broker or bank.**

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

**Item 5.  Certifications.**

Upon execution of this Ballot, the undersigned certifies that:

a.    as of the Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory for a Beneficial Holder) of Claims arising from the Class [Class Number] in the amount set forth in Item 1,

b.    the Beneficial Holder has received a copy of the EFH Disclosure Statement, the Plan, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c.    the Beneficial Holder has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

d.    the Beneficial Holder has cast the same vote with respect to all of the Beneficial Holder's Class [Class Number] Claims;

e.    the Beneficial Holder understands and acknowledges that if multiple Ballots are submitted voting the claim set forth in Item 1, only the last properly completed Ballot or Master Ballot voting the claim and received by the Solicitation Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent;

f.    the Beneficial Holder understands and acknowledges that the Solicitation Agent may verify the amount of Class [Class Number] Claims held by the Beneficial Holder as of the Voting Record Date set forth in Item 1 with any Nominee through which the Beneficial Holder holds its Class [Class Number] Claims and by returning an executed Ballot the Beneficial Holder directs any such Nominee to provide any information or comply with any actions requested by the Solicitation Agent to verify the amount set forth in Item 1 hereof.  In the event of a discrepancy regarding such amount that cannot be timely reconciled without undue effort on the part of the Solicitation Agent, the amount shown on the records of the Nominee, if applicable, or the Debtors' records shall control; and

g.    the Beneficial Holder understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Beneficial Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Beneficial Holder and shall not be affected by, and shall survive, the death or incapacity of the Beneficial Holder.

*[Remainder of page intentionally left blank.]*

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

**Item 6.  Beneficial Holder Information and Signature.**

Name of Beneficial Holder:_____
(*print or type*)

Signature:_____

Name of Signatory:_____
(*if other than Beneficial Holder*)

Title: _____

Address:_____

_____

_____

Date Completed:_____

**THE VOTING DEADLINE IS 4:00 P.M. (PREVAILING EASTERN TIME) ON OCTOBER 30, 2017.**

*IF YOU RECEIVED A RETURN BALLOT ADDRESSED TO THE SOLICITATION AGENT (EPIQ BANKRUPTCY SOLUTIONS, LLC)*, **PLEASE COMPLETE, AND DATE THE BALLOT AND RETURN IT PROMPTLY WITH AN ORIGINAL SIGNED COPY IN THE ENVELOPE PROVIDED SO THAT IT IS ACTUALLY RECEIVED BY THE SOLICITATION AGENT BY THE VOTING DEADLINE.**

*IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE*, **PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE.  PLEASE ALLOW SUFFICIENT TIME FOR YOUR BALLOT TO BE INCLUDED ON A MASTER BALLOT COMPLETED BY YOUR NOMINEE.  THE MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE THE VOTING DEADLINE.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS, PLEASE CONTACT THE SOLICITATION AGENT AT (877) 276-7311 OR EMAIL EFHVOTE@EPIQSYSTEMS.COM AND REFERENCE "EFH/EFIH" IN THE SUBJECT LINE**.

*[Remainder of page intentionally left blank.]*

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

## VOTING INSTRUCTIONS

1. As described in the EFH Disclosure Statement, the Debtors are soliciting the votes of Beneficial Holders of Class [Class Number] Claims with respect to the Plan referred to in the EFH Disclosure Statement. The Plan and EFH Disclosure Statement are included in the Solicitation Package you received with the Ballot. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan. All capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan. **PLEASE READ THE PLAN AND THE EFH DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BENEFICIAL HOLDER BALLOT.** You may wish to seek legal advice concerning the Plan and the treatment of your claim or claims under the Plan.

2. The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Beneficial Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code.

3. To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) **sign and return the Ballot in accordance with the instructions received and in the envelope provided, so that this Ballot or the master ballot cast on your behalf) is actually received by the Solicitation Agent by the Voting Deadline**. If you are returning your Ballot to the Nominee that provided you with this Ballot, your completed Ballot must be sent to your Nominee, allowing sufficient time for your Nominee to receive your Ballot, complete a master ballot ("Master Ballot"), and transmit the Master Ballot to the Solicitation Agent so that it is actually received by the Voting Deadline.

   **The Solicitation Agent will not accept any ballots by email, facsimile or other electronic means.** If you are directed by your Nominee to submit the Beneficial Holder Ballot to the Nominee via electronic means, such instructions to your Nominee shall have the same effect as if you had completed and returned a physical Beneficial Holder Ballot, including all certifications.

4. The time by which a Ballot is **actually received** by the Solicitation Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline. **The Voting Deadline is October 30, 2017, at 4:00 p.m., prevailing Eastern Time**.

5. If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by applicable law or court order. In all cases, Beneficial Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors. A Ballot will not be counted unless received by the Solicitation Agent.

6. The Beneficial Holder understands and acknowledges that if multiple Ballots are submitted voting the claim set forth in Item 1, only the last properly completed Ballot or Master Ballot voting the claim and received by the Solicitation Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent.

7. If a Holder holds a Claim or Interest, as applicable, in a Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such Holder or Nominee has a Claim or Interest, as applicable, in that Voting Class.

8. If a Beneficial Holder simultaneously casts inconsistent duplicate Ballots, with respect to the same Claim, such Ballots will not be counted.

9. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto. Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

10.     The Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim or Interest; or (b) an assertion or admission with respect to any Claim or Interest.

11.     Please be sure to sign and date your Ballot.  If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

12.     You must vote your entire Class [Class Number] Claims either to accept or reject the Plan and may not split your vote.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted as a vote to accept or reject the Plan.

13.     Any Ballot that is properly completed, executed and timely returned to the Debtors that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

14.     The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and/or (e) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

15.     If you hold Claims or Interests in more than one Class under the Plan or for different Claims within a Class you may receive more than one Ballot.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you receive.

16.     For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor in a particular Class will be aggregated and treated as if such Creditor held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided*, *however*, that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such Creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

_____

        This Beneficial Holder Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certifications with respect to the Beneficial Holder Ballot.  Accordingly, at this time, holders of Bonds should not surrender certificates or instruments evidencing their bonds, and neither the Debtor nor the Solicitation Agent will accept delivery of any such certificates or instruments surrendered with a Beneficial Holder Ballot.

**If you have any questions regarding this Ballot, or if you did not receive a copy of the EFH Disclosure Statement or Plan, or if you need additional copies of the enclosed materials, please contact the Solicitation Agent by phone at (877) 276-7311 or via email to efhvote@epiqsystems.com and reference "EFH/EFIH" in the subject line.**

## **PLEASE SUBMIT YOUR BALLOT PROMPTLY!**

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

## EXHIBIT A

*Your Nominee may have checked a box below to indicate the Note to which this Ballot pertains, or otherwise provided that information to you on a label or schedule attached to the Ballot.*

### CLASS [CLASS NUMBER AND DESCRIPTION] CLAIMS

|  | BOND DESCRIPTION | CUSIP |
|---|---|---|
| ☐ |  |  |
| ☐ |  |  |
| ☐ |  |  |
| ☐ |  |  |
| ☐ |  |  |

**<u>Exhibit 2-C</u>**

**Form General Purpose Ballot For Classes A7, A8, A9, A10, B6**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**BALLOT FOR ACCEPTING OR REJECTING THE**
**FIRST AMENDED JOINT PLAN OF REORGANIZATION OF ENERGY FUTURE**
**HOLDINGS CORP., ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC,**
**AND THE EFH/EFIH DEBTORS PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS [CLASS NUMBER AND DESCRIPTION]**

---

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE DEBTORS' SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "SOLICITATION AGENT") AT (877) 276-7311 OR E-MAIL EFHVOTE@EPIQSYSTEMS.COM AND REFERENCE "EFH/EFIH" IN THE SUBJECT LINE.

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.  THIS BALLOT IS BEING SUBMITTED TO YOU TO SOLICIT YOUR VOTE TO THE DEBTORS' PLAN (INCLUDING THE RELEASES CONTAINED IN ARTICLE VIII OF THE PLAN).

- THIS BALLOT MUST BE **ACTUALLY RECEIVED** BY THE SOLICITATION AGENT BEFORE **4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 30, 2017** (THE "VOTING DEADLINE").

- IF THE COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

---

Energy Future Holdings Corp. ("EFH Corp."), certain of its direct and indirect subsidiaries (together with EFH Corp., the "EFH Debtors"),[2] Energy Future Intermediate Holding Company LLC ("EFIH"), and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors," and together with the EFH Debtors, the "EFH/EFIH Debtors") are

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]   The other EFH Debtors are Ebasco Services of Canada Limited, EEC Holdings, Inc., EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Finance (No. 2) Holdings Company, EFH FS Holdings Company, EFH Renewables Company LLC, Generation Development Company LLC, LSGT Gas Company LLC, LSGT SACROC, Inc., NCA Development Company LLC, and TXU Receivables Company.

soliciting votes with respect to the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* (as may be modified, amended, or supplemented from time to time, the "Plan").

This ballot (the "Ballot") is being sent to you because records indicate that you are the Holder of a Class [Class Number] Claim as of **SEPTEMBER 6, 2017** (the "Voting Record Date"), and, accordingly, you may have a right to vote to accept or reject the Plan as it applies to the EFH/EFIH Debtors. This Ballot may not be used for any purpose other than for submitting votes with respect to the Plan.

The *Disclosure Statement for the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* and all exhibits related thereto (as may be modified, amended, or supplemented from time to time, the "EFH Disclosure Statement") describe the rights and treatment for each Class. The Plan and EFH Disclosure Statement are included in the packet you are receiving with this Ballot (collectively, the "Solicitation Package").

*You should carefully and thoroughly review the EFH Disclosure Statement and Plan before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan. Your Claim has been placed in Class [Class Number] under the Plan. Attached as an exhibit to the EFH Disclosure Statement is the EFH Disclosure Statement Order which contains the Solicitation Procedures which govern the solicitation and tabulation of votes to accept or reject the Plan.*

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 30, 2017.**

**Item 1.  Amount of Class [Class Number and Description].**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of Class [Class Number] Claim(s) in the following aggregate amount.

Claim Amount for Voting:[3]  $_____

**Item 2.  Vote of [Class Number and Description].**

The Holder of the Claim set forth in Item 1 votes to:

Check one box:  ❑  Accept the Plan

❑  Reject the Plan

**ITEM 3.  ARTICLE VIII.D OF THE PLAN PROVIDES FOR THE FOLLOWING RELEASES BY HOLDERS OF CLAIMS AND INTERESTS:**

**EXCEPT AS OTHERWISE PROVIDED IN THE PLAN, AS OF THE EFH EFFECTIVE DATE, EACH RELEASING PARTY IS DEEMED TO HAVE RELEASED AND DISCHARGED EACH DEBTOR, REORGANIZED EFH/EFIH DEBTOR, AND**

---

[3]    For voting purposes only; subject to tabulation rules.

RELEASED PARTY FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, INCLUDING CLAIMS AND CAUSES OF ACTION IDENTIFIED, CLAIMED, OR RELEASED IN THE STANDING MOTIONS, THE LITIGATION LETTERS, OR THE DISINTERESTED DIRECTORS SETTLEMENT, AS WELL AS ALL OTHER CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED ON BEHALF OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS (INCLUDING DIVIDENDS PAID), TRANSACTIONS PURSUANT AND/OR RELATED TO THE MASTER SEPARATION AGREEMENT DATED DECEMBER 12, 2001, THE TCEH CREDIT AGREEMENT, THE TCEH FIRST LIEN NOTES, THE CASH COLLATERAL ORDER (AND ANY PAYMENTS OR TRANSFERS IN CONNECTION THEREWITH), THE TCEH FIRST LIEN INTERCREDITOR AGREEMENT, THE LIABILITY MANAGEMENT PROGRAM, THE TAX SHARING AGREEMENTS, THE 2007 ACQUISITION, THE MANAGEMENT AGREEMENT, THE 2009 AMENDMENT TO THE TCEH CREDIT AGREEMENT, THE 2011 AMEND AND EXTEND TRANSACTIONS, THE 2005 ONCOR TRANSFER, THE 2013 REVOLVER EXTENSION, THE LUMINANT MAKEWHOLE SETTLEMENT, THE TAX AND INTEREST MAKEWHOLE AGREEMENTS, THE TCEH INTERCOMPANY NOTES, THE SHARED SERVICES, ANY PREFERENCE OR AVOIDANCE CLAIM PURSUANT TO SECTIONS 544, 547, 548, AND 549 OF THE BANKRUPTCY CODE, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE NEE PLAN SUPPORT AGREEMENT, THE EFIH UNSECURED CREDITOR PLAN SUPPORT AGREEMENT, THE SEMPRA PLAN SUPPORT AGREEMENT, THE EFH/EFIH COMMITTEE SETTLEMENT, THE EFIH SETTLEMENT AGREEMENT, THE EFIH FIRST LIEN PRINCIPAL SETTLEMENT, THE ORIGINAL CONFIRMED PLAN, THE NEXTERA PLAN, OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING PROVIDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE EFH CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN SUPPORT AGREEMENT, THE NEE PLAN SUPPORT AGREEMENT, THE EFIH UNSECURED CREDITOR PLAN SUPPORT AGREEMENT, THE SEMPRA PLAN SUPPORT AGREEMENT, THE EFIH SETTLEMENT AGREEMENT, THE EFH/EFIH COMMITTEE SETTLEMENT, THE PIK SETTLEMENT (WHETHER TERMINATED PURSUANT TO ITS TERMS OR OTHERWISE) AND ANY DIRECTION TAKEN BY THE EFIH UNSECURED NOTES TRUSTEE IN CONNECTION THEREWITH (PRIOR TO TERMINATION), THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE EFH DISCLOSURE STATEMENT, THE TCEH DISCLOSURE STATEMENT, THE PLAN, THE TRANSACTION AGREEMENTS, THE DIP FACILITIES, THE CHAPTER 11 CASES, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, THE TRANSACTION AGREEMENTS, OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFH EFFECTIVE DATE RELATED OR RELATING TO THE FOREGOING. NOTWITHSTANDING ANYTHING

TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE (I) ANY POST-EFH EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, (II) ANY RESTRUCTURING TRANSACTION, (III) ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, AND (IV) THE CLAIMS AND CAUSES OF ACTION SET FORTH IN SECTION 6.12 OF THE PARENT DISCLOSURE LETTER DELIVERED IN CONNECTION WITH THE NEE MERGER AGREEMENT; *PROVIDED, HOWEVER*, THAT SUCH CLAIMS AND CAUSES OF ACTION SET FORTH IN SECTION 6.12 OF SUCH PARENT DISCLOSURE LETTER DELIVERED IN CONNECTION WITH THE NEE MERGER AGREEMENT SHALL BE SUBJECT TO TREATMENT PURSUANT TO THE PLAN AND SHALL BE DISCHARGED AS SET FORTH IN ARTICLE VIII.A OF THE PLAN. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY CLAIMS OR CAUSES OF ACTION AGAINST ONE OR MORE OF NEXTERA AND ITS CURRENT AND FORMER SUBSIDIARIES (THE "<u>NEE RELEASED PARTIES</u>") RELATING TO THE PURSUIT OF APPROVAL OF THE TRANSACTIONS CONTEMPLATED IN THE ORIGINAL CONFIRMED PLAN (INCLUDING, FOR THE AVOIDANCE OF DOUBT, CLAIMS OR CAUSES OF ACTION REGARDING THE EFFECT OF THE FILING OF DOCKET NO. 7028 ON APPROVAL OF THE TRANSACTIONS CONTEMPLATED IN THE ORIGINAL CONFIRMED PLAN) OR CLAIMS OR CAUSES OF ACTION THAT MAY BE BROUGHT BY ONE OR MORE OF THE NEE RELEASED PARTIES AGAINST ANY PARTY WHO BRINGS A CLAIM OR CAUSE OF ACTION AGAINST THE NEE RELEASED PARTIES RELATING TO THE PURSUIT OF APPROVAL OF THE TRANSACTIONS CONTEMPLATED IN THE ORIGINAL CONFIRMED PLAN; *PROVIDED, HOWEVER,* FOR THE AVOIDANCE OF DOUBT, THAT ANY RELEASES SET FORTH ABOVE SOLELY TO THE EXTENT APPLICABLE PURSUANT TO THE TERMS SET FORTH ABOVE, SHALL APPLY TO THE NEE RELEASED PARTIES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, INDIVIDUAL EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, AND FOR THE AVOIDANCE OF DOUBT, THE TCEH SETTLEMENT CLAIM SHALL BE TREATED, RELEASED, AND DISCHARGED ON THE EFH EFFECTIVE DATE. FOR THE AVOIDANCE OF DOUBT, (I) THE RELEASING PARTIES PROVIDED THE RELEASE SET FORTH IN ARTICLE VIII.D OF THE PLAN FOR ALL CLAIMS AND CAUSES OF ACTION THAT RELATE TO THE TCEH DEBTORS, REORGANIZED TCEH DEBTORS, EFH SHARED SERVICES DEBTORS, REORGANIZED EFH SHARED SERVICES DEBTORS, OR ANY NON-DEBTOR AFFILIATE TO BE TRANSFERRED TO THE REORGANIZED TCEH DEBTORS, INCLUDING EFH PROPERTIES COMPANY, AS OF THE TCEH EFFECTIVE DATE; AND (II) THE RELEASING PARTIES SHALL PROVIDE THE RELEASE SET FORTH IN ARTICLE VIII.D OF THE PLAN FOR ALL CLAIMS AND CAUSES OF ACTION THAT RELATE TO THE EFH DEBTORS, REORGANIZED EFH DEBTORS, EFIH DEBTORS, OR REORGANIZED EFIH DEBTORS AS OF THE EFH EFFECTIVE DATE; *PROVIDED* THAT ANY AND ALL INTERCOMPANY CLAIMS (OTHER THAN THE TCEH SETTLEMENT CLAIM) HELD BY OR HELD AGAINST THE TCEH DEBTORS, REORGANIZED TCEH DEBTORS, EFH SHARED SERVICES DEBTORS, REORGANIZED EFH SHARED SERVICES DEBTORS, OR ANY NON-DEBTOR AFFILIATE TO BE TRANSFERRED TO THE REORGANIZED TCEH DEBTORS, INCLUDING EFH PROPERTIES COMPANY, WERE RELEASED AS OF THE TCEH EFFECTIVE DATE.

**IMPORTANT INFORMATION REGARDING THE RELEASES**:

UNDER THE PLAN, "*RELEASING PARTIES*" MEANS, COLLECTIVELY, AND IN EACH CASE ONLY IN ITS CAPACITY AS SUCH:  (A) THE EFH/EFIH PLAN SUPPORTERS; (B) EFH MERGER SUB; (C) INTERMEDIARY HOLDCO; (D) PARENT; (E) THE PLAN SPONSOR; (F) THE BACKSTOP PARTIES; (G) HOLDERS OF TCEH FIRST LIEN CLAIMS; (H) HOLDERS OF TCEH SECOND LIEN NOTE CLAIMS; (I) HOLDERS OF TCEH UNSECURED NOTE CLAIMS; (J) HOLDERS OF EFH LEGACY NOTE CLAIMS; (K) HOLDERS OF EFH UNEXCHANGED NOTE CLAIMS; (L) HOLDERS OF EFH LBO NOTE PRIMARY CLAIMS; (M) HOLDERS OF EFIH UNSECURED NOTE CLAIMS; (N) HOLDERS OF EFH LBO NOTE GUARANTY CLAIMS; (O) THE DIP LENDERS; (P) THE TCEH FIRST LIEN AGENT; (Q) THE INDENTURE TRUSTEES; (R) THE DEALER MANAGERS; (S) TEF; (T) TEXAS HOLDINGS; (U) ONCOR; (V) FUNDS AND ACCOUNTS MANAGED OR ADVISED BY KOHLBERG KRAVIS ROBERTS & CO., L.P., TPG CAPITAL, L.P. OR GOLDMAN, SACHS & CO. THAT HOLD DIRECT OR INDIRECT INTERESTS IN TEXAS HOLDINGS, TEF, OR EFH CORP.; (W) THE COMMITTEES AND EACH OF THEIR RESPECTIVE MEMBERS; (X) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE TCEH DEBTORS OTHER THAN EFCH; (Y) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFCH; (Z) HOLDERS OF EFIH FIRST LIEN NOTE CLAIMS; (AA) HOLDERS OF EFIH SECOND LIEN NOTE CLAIMS; (BB) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFIH DEBTORS; (CC) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFH CORP.; (DD) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFH DEBTORS OTHER THAN EFH CORP.; (EE) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFH SHARED SERVICES DEBTORS; (FF) ALL HOLDERS OF CLAIMS AND INTERESTS THAT ARE DEEMED TO ACCEPT THE PLAN; (GG) ALL HOLDERS OF CLAIMS AND INTERESTS WHO VOTE TO ACCEPT THE PLAN; (HH) ALL HOLDERS IN VOTING CLASSES WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (II) THE ORIGINAL PLAN SPONSORS; (JJ) OV2; (KK) ANY AGENT UNDER THE EXIT FACILITIES; (LL) THE ROLLOVER TRUST TRUSTEE; (MM) THE NON-ROLLOVER TRUST TRUSTEE; (NN) WITH RESPECT TO EACH OF THE DEBTORS (AND, PRIOR TO THE TCEH EFFECTIVE DATE, THE TCEH DEBTORS AND THE EFH SHARED SERVICES DEBTORS), THE REORGANIZED TCEH DEBTORS, THE REORGANIZED EFH SHARED SERVICES DEBTORS, AND THE REORGANIZED EFH/EFIH DEBTORS, AND EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (MM), SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND EACH OF THEIR RESPECTIVE CURRENT AND FORMER EQUITY HOLDERS, OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH; AND (OO) ALL HOLDERS OF CLAIMS AND INTERESTS, SOLELY WITH RESPECT TO RELEASES OF ALL HOLDERS OF INTERESTS IN EFH CORP. AND THEIR CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR AFFILIATES' CURRENT AND FORMER EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND THEIR CURRENT AND FORMER OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH.

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH ABOVE.  YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN ONLY IF THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT-OUT OF THE RELEASES AND ONLY IF YOU (A) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN OR (B) VOTE TO REJECT THE PLAN.  IN THE CASE OF SUCH A DETERMINATION BY THE COURT, IF YOU VOTE TO REJECT THE PLAN, YOU WILL AUTOMATICALLY BE CONSIDERED TO HAVE OPTED OUT OF THE RELEASES, REGARDLESS OF

WHETHER YOU CHECK THE BOX BELOW.  IF YOU SATISFY THE ABOVE REQUIREMENTS AND CHECK THE BOX BELOW (OR VOTE TO REJECT THE PLAN), YOUR OPT-OUT WILL ONLY BE EFFECTIVE IF SO ORDERED BY THE COURT.  REGARDLESS OF WHETHER THE COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT-OUT OF THE RELEASES, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, OR (C) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN WITHOUT CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN.

The Holder of the Class [Class Number] Claim set forth in Item 1 elects to:

☐     Opt Out of the Releases.

**Item 4.  Certifications.**

Upon execution of this Ballot, the undersigned certifies that:

a.      as of the Voting Record Date, the undersigned was the Holder of Claims set forth in Item 1 above and/or (ii) it has full power and authority to vote to accept or reject the Plan; and

b.      the Holder has received a copy of the EFH Disclosure Statement, the Plan, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c.      the Holder has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

d.      the Holder has cast the same vote with respect to all of the Holder's claims in this Class;

e.      the Holder understands and acknowledges that if multiple Ballots are submitted voting the same claim, only the last properly completed Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent;

f.      the Holder understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Holder and shall not be affected by, and shall survive, the death or incapacity of the Holder.

*[Remainder of page intentionally left blank.]*

**Item 5. Claim Holder Information and Signature.**

Name of Claim Holder:_____
                                                        (*print or type*)

Signature:_____

Name of Signatory:_____
                                          (*if other than Claim Holder*)

If by Authorized Agent, Title of Agent: _____

Address:_____

          _____

          _____

Date Completed:_____


**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT PROMPTLY
IN THE RETURN ENVELOPE PROVIDED OR AS FOLLOWS:**

| If by First Class Mail to: | If by Overnight Courier or Personal Delivery: |
|---|---|
| EFH/EFIH Ballot Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>P.O. Box 4422<br>Beaverton, OR 97076-4422 | EFH/EFIH Ballot Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>10300 SW Allen Boulevard<br>Beaverton, OR 97005 |


**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING DEADLINE, WHICH IS
4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 30, 2017.**

**BALLOTS RECEIVED VIA EMAIL OR FACSIMILE WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS,
PLEASE CALL THE DEBTORS' SOLICITATION AGENT,
EPIQ BANKRUPTCY SOLUTIONS, LLC, AT (877) 276-7311 OR EMAIL
EFHVOTE@EPIQSYSTEMS.COM AND REFERENCE "EFH/EFIH" IN THE SUBJECT LINE.**

*[Remainder of page intentionally left blank.]*

## VOTING INSTRUCTIONS FOR CLASS [CLASS NUMBER AND DESCRIPTION]

1.   As described in the EFH Disclosure Statement, the Debtors are soliciting the votes of Holders of Claims in Voting Classes with respect to the Plan referred to in the EFH Disclosure Statement.  The Plan and EFH Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan. **PLEASE READ THE PLAN AND THE EFH DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**  You may wish to seek legal advice concerning the Plan and the treatment of your claim or claims under the Plan.

2.   The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.

3.   To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) sign and return the Ballot so that it is actually received by the Voting Deadline.  **Ballots will not be accepted by email, facsimile or other electronic means.**

4.   The time by which a Ballot is **actually received** by the Solicitation Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline.  **The Voting Deadline October 30, 2017, at 4:00 p.m., prevailing Eastern Time**.

5.   If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by applicable law or court order.  In all cases, Holders should allow sufficient time to assure timely delivery.  No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors.  A Ballot will not be counted unless received by the Solicitation Agent.

6.   The Holder understands and acknowledges that if multiple Ballots are submitted voting the same claim, only the last properly completed Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent.

7.   If a Holder holds a Claim or Interest, as applicable, in a Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such Holder or Nominee has a Claim or Interest, as applicable, in that Voting Class.

8.   If voter simultaneously casts inconsistent duplicate Ballots, with respect to the same Claim, such Ballots shall not be counted.

9.   The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto.  Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

10.  The Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim or Interest; or (b) an assertion or admission with respect to any Claim or Interest.

11.  Please be sure to sign and date your Ballot.  If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

12.  You must vote your entire Claim in a Class to either to accept or reject the Plan and may not split your vote.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

13.     Any Ballot that is properly completed, executed and timely returned to the Debtors that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

14.     The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Claim Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and/or (e) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

15.     If you hold Claims or Interests in more than one Class under the Plan or for different Claims within a Class you may receive more than one Ballot.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you receive.

16.     If a Claim for which a Proof of Claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated, or contingent or disputed (as determined (i) on the face of your Claim, (ii) pursuant to the Plan, or (iii) after a reasonable review of the supporting documentation by the Debtors or the Solicitation Agent) and such Claim has not been allowed, your Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00; provided, that with respect to (iii), any such determinations will be documented in the Voting Report.

17.     For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor in a particular Class will be aggregated and treated as if such Creditor held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided*, *however*, that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such Creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

## **PLEASE SUBMIT YOUR BALLOT PROMPTLY!**

**If you have any questions regarding this Ballot, or if you did not receive a copy of the EFH Disclosure Statement or Plan, or if you need additional copies of the enclosed materials, please contact the Solicitation Agent by phone at (877) 276-7311 or via email to efhvote@epiqsystems.com and reference "EFH/EFIH" in the subject line.**

## **Exhibit 2-D**

**Form Master Ballot For Classes A6 and B5**

Case 14-10979-CSS    Doc 11863-1    Filed 09/05/17    Page 55 of 147

Energy Future Holdings Corp., *et al.*
Master Ballot for
Class A6 EFH LBO Note Primary Claims and
Class B5 EFH LBO Note Guaranty Claims

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**MASTER BALLOT FOR ACCEPTING
OR REJECTING THE FIRST AMENDED JOINT PLAN OF REORGANIZATION OF
ENERGY FUTURE HOLDINGS CORP., ENERGY FUTURE INTERMEDIATE HOLDING COMPANY
LLC, AND THE EFH/EFIH DEBTORS PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS A6 — EFH LBO NOTE PRIMARY CLAIMS
CLASS B5 — EFH LBO NOTE GUARANTY CLAIMS**

- IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE DEBTORS' SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "SOLICITATION AGENT") AT (646) 282-2500 OR EMAIL EFHVOTE@EPIQSYSTEMS.COM AND REFERENCE "EFH/EFIH" IN THE SUBJECT LINE.

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS MASTER BALLOT.

- THIS MASTER BALLOT MUST BE **ACTUALLY RECEIVED** BY **4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 30, 2017** (THE "VOTING DEADLINE").

- IF THE COURT CONFIRMS THE PLAN, IT WILL BIND HOLDERS OF CLAIMS AND INTERESTS REGARDLESS OF WHETHER THEY HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS MASTER BALLOT.

Energy Future Holdings Corp. ("EFH Corp."), certain of its direct and indirect subsidiaries (together with EFH Corp., the "EFH Debtors"),[2] Energy Future Intermediate Holding Company LLC ("EFIH"), and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors," and together with the EFH Debtors, the "EFH/EFIH Debtors") are soliciting votes with respect to the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp.,*

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]   The other EFH Debtors are Ebasco Services of Canada Limited, EEC Holdings, Inc., EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Finance (No. 2) Holdings Company, EFH FS Holdings Company, EFH Renewables Company LLC, Generation Development Company LLC, LSGT Gas Company LLC, LSGT SACROC, Inc., NCA Development Company LLC, and TXU Receivables Company.

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

Case 14-10979-CSS    Doc 11863-1    Filed 09/05/17    Page 56 of 147

Energy Future Holdings Corp., *et al.*
Master Ballot for
Class A6 EFH LBO Note Primary Claims and
Class B5 EFH LBO Note Guaranty Claims

*Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* (as may be modified, amended, or supplemented from time to time, the "Plan").[3]

This master ballot (the "Master Ballot") is to be used by you because records indicate that you are the Nominee (as defined below) of a Class A6 EFH LBO Note Primary Claim and a Class B5 EFH LBO Note Guaranty Claim as of **SEPTEMBER 6, 2017** (the "Voting Record Date").  Class A6 EFH LBO Note Primary Claims and Class B5 EFH LBO Note Guaranty Claims include any Claim derived from or based upon EFH LBO Notes.

**This Master Ballot is to be used by you as a broker, bank, or other nominee; or as the agent of a broker, bank, or other nominee (each of the foregoing, a "Nominee"); or as the proxy holder of a Nominee or beneficial owner for the Class A6 EFH LBO Note Primary Claims and Class B5 EFH LBO Note Guaranty Claims (the "Class A6 and B5 Claims"), to transmit to the Solicitation Agent the votes of such beneficial holders in respect of their Class A6 and B5 Claims to accept or reject the Plan.  CUSIPS for the Class A6 and B5 Claims entitled to vote are identified on Exhibit A attached hereto.**  This Ballot may not be used for any purpose other than for submitting votes with respect to the Plan.

The *Disclosure Statement for the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* and all exhibits related thereto (as may be modified, amended, or supplemented from time to time, the "EFH Disclosure Statement") describe the rights and treatment for each Class.  The Plan and EFH Disclosure Statement are included in the packet you are receiving with this Master Ballot (collectively, the "Solicitation Package").  This Master Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect thereto.  **If you believe that you have received this Master Ballot in error, please contact the Debtors' Solicitation Agent by telephone at (646) 282-2500 or via email at efhvote@epiqsystems.com and reference "EFH/EFIH" in the subject line.**

**YOUR VOTE ON THIS BALLOT FOR CLASS A6 EFH LBO NOTE PRIMARY CLAIMS AND CLASS B5 EFH LBO NOTE GUARANTY CLAIMS SHALL BE APPLIED TO EACH DEBTOR AGAINST WHOM YOU HAVE A CLASS A6 EFH LBO NOTE PRIMARY CLAIM AND CLASS B5 EFH LBO NOTE GUARANTY CLAIM.**

The Court may confirm the Plan and thereby bind all Beneficial Holders of Claims and Interests.  To have the votes of your Beneficial Holders count as either an acceptance or rejection of the Plan, you must complete and return this Master Ballot so that the Solicitation Agent **actually receives** it on or before the Voting Deadline.

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 30, 2017.**

**Item 1.  Certification of Authority to Vote.**

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

☐   Is a broker, bank, or other nominee for the beneficial owners of the aggregate principal amount of the Class A6 and B5 Claims listed in Item 2 below, and is the record holder of such bonds, or

☐   Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered holder of the aggregate principal amount of Class A6 and B5 Claims listed in Item 2 below, or

---

[3]   Capitalized terms, used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

☐    Has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a beneficial owner, that is the registered holder of the aggregate principal amount of Class A6 and B5 Claims listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Plan, on behalf of the beneficial owners of the Class A6 and B5 Claims described in Item 2.

**Item 2.  Class A6 and B5 Claims Vote on Plan and Item 3. Releases**

The undersigned transmits the following votes and releases of Beneficial Holders of Class A6 EFH LBO Note Primary Claims and Class B5 EFH LBO Note Guaranty Claims against the Debtors and certifies that the following Beneficial Holders of Class A6 EFH LBO Note Primary Claims and Class B5 EFH LBO Note Guaranty Claims, as identified by their respective customer account numbers set forth below, are Beneficial Holders of such securities as of the Voting Record Date, and have delivered to the undersigned, as Nominee, ballots ("Ballots") casting such votes.

Indicate in the appropriate column below the aggregate principal amount voted for each account or attach such information to this Master Ballot in the form of the following table.  Please note that each Beneficial Holder must vote all such of their Class A6 EFH LBO Note Primary Claims and Class B5 EFH LBO Note Guaranty Claims to accept or reject the Plan and may not split such vote.  Any Ballot executed by the Beneficial Holder that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.  If the Beneficial Holder has checked the box on Item 3 of the Beneficial Holder Ballot pertaining to the releases by Holders of Claims and Interests, as detailed in Article VIII.D of the Plan, please place an X in the Item 3. column below. The full text of Article VIII.D is duplicated in the Master Ballot Instructions.

## A SEPARATE MASTER BALLOT MUST BE USED FOR EACH CUSIP.

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

| Your Customer Account Number for Each Beneficial Owner of Voting Classes A6 and B5 | Principal Amount Held as of Voting Record Date | Item 2<br><br>Indicate the vote cast on the Beneficial Holder Ballot by placing an "X" in the appropriate column below. | | | | Item 3<br><br>If the box in Item 3 of the Beneficial Holder Ballot was completed, place an "X" in the column below |
|---|---|---|---|---|---|---|
| | | **Accept the Plan** | **or** | **Reject the Plan** | **or** | |
| 1 | $ | | | | | |
| 2 | $ | | | | | |
| 3 | $ | | | | | |
| 4 | $ | | | | | |
| 5 | $ | | | | | |
| 6 | $ | | | | | |
| **TOTALS** | $ | | | | | |

**CUSIP VOTED ON THIS MASTER BALLOT** _____
(CUSIP NO.)

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

5

**Item 4.  Certification as to Transcription of Information from Item 4 of the Ballots as to Class A6 EFH LBO Note Primary Claims and Class B5 EFH LBO Note Guaranty Claims Voted Through Other Ballots.**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 4 of each Beneficial Ballot received from a Beneficial Owner. Please use additional sheets of paper if necessary.

| Your Customer Account Number for Each Beneficial Holder Who Completed Item 4 of the Ballots | TRANSCRIBE FROM ITEM 4 OF THE BENEFICIAL HOLDER BALLOTS: | | | |
|---|---|---|---|---|
| | Account Number of Other Class A6 and B5 Claims Voted | Name of Owner | Principal Amount of Other Class A6 and B5 Claims Voted | CUSIP of Other Class A6 and B5 Claims Voted |
| 1. | | | $ | |
| 2. | | | $ | |
| 3. | | | $ | |
| 4. | | | $ | |
| 5. | | | $ | |
| 6. | | | $ | |
| 7. | | | $ | |
| 8. | | | $ | |
| 9. | | | $ | |
| 10. | | | $ | |

**Item 5.  Certifications.**

Upon execution of this Master Ballot, the undersigned certifies that:

1.      it has received a copy of the EFH Disclosure Statement, the Plan, the Ballots and the remainder of the Solicitation Package and has delivered the same to the Beneficial Holders of the Class A6 and B5 Claims listed in Item 2 above;

2.      it has received appropriate voting instructions from each Beneficial Holder listed in Item 2 of this Master Ballot; or

3.      it is the registered Beneficial Holder of the securities being voted, or

4.      it has been authorized by each such Beneficial Holder to vote on the Plan;

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

Energy Future Holdings Corp., *et al.*
Master Ballot for
Class A6 EFH LBO Note Primary Claims and
Class B5 EFH LBO Note Guaranty Claims

5.  it has properly disclosed:  (a) the number of Beneficial Holders who completed Ballots; (b) the respective amounts of the Class A6 EFH LBO Note Primary Claims and Class B5 EFH LBO Note Guaranty Claims owned, as the case may be, by each Beneficial Holder who completed a Ballot; (c) each such Beneficial Holder's respective vote concerning the Plan; (e) each such Beneficial Holder's certification as to other Class A6 EFH LBO Note Primary Claims and Class B5 EFH LBO Note Guaranty Claims voted; and (f) the customer account or other identification number for each such Beneficial Holder; and

6.  it will maintain Ballots and evidence of separate transactions returned by Beneficial Holders (whether properly completed or defective) for at least one year after the EFH Effective Date and disclose all such information to the Bankruptcy Court or the Debtors, as the case may be, if so ordered.

Name of Nominee:    _____
                                        (Print or Type)

Participant Number:

_____

Name of Proxy Holder or Agent for Nominee (if applicable):

_____
                                        (Print or Type)

_____

Signature:    _____

Name of Signatory:    _____

Title:    _____

Address:    _____

_____

_____

Date Completed:    _____

Email Address:    _____

**THIS MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON OCTOBER 30, 2017.**

**BALLOTS RECEIVED VIA EMAIL OR FACSIMILE WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS, PLEASE CALL THE DEBTORS' SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AT (646) 282-2500 OR EMAIL EFHVOTE@EPIQSYSTEMS.COM AND REFERENCE "EFH/EFIH" IN THE SUBJECT LINE.**

.

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

**PLEASE COMPLETE, SIGN AND, DATE THE MASTER BALLOT AND RETURN IT WITH AN ORIGINAL SIGNATURE PROMPTLY TO:**

| |
|---|
| **Via First Class Mail, Overnight Courier or Hand Delivery:** |
| EFH/EFIH Ballot Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>777 Third Avenue, 12th Floor<br>New York, NY 10017 |

**YOUR MASTER BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING DEADLINE, WHICH IS <u>4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 30, 2017</u>**

IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE INSTRUCTIONS, PLEASE CALL THE DEBTORS' SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AT (646) 282-2500 OR EMAIL EFHVOTE@EPIQSYSTEMS.COM AND REFERENCE "EFH/EFIH" IN THE SUBJECT LINE.

<u>**VOTING INSTRUCTIONS**</u>

1.  As described in the EFH Disclosure Statement, the Debtors are soliciting the votes of Beneficial Holders of Class A6 EFH LBO Note Primary Claims and Class B5 EFH LBO Note Guaranty Claims with respect to the Plan referred to in the EFH Disclosure Statement. The Plan and EFH Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan.

2.  The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Beneficial Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code.

3.  You should immediately distribute the Ballots and the Solicitation Package to all Beneficial Holders of Class A6 and B5 Claims and take any action required to enable each such Beneficial Holder to timely vote the Claims that it holds. Any Ballot returned to you by a Beneficial Holder of a Claim shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver, to the Solicitation Agent, a Master Ballot that reflects the vote of such Beneficial Holders by 4:00 p.m. (prevailing Eastern Time) on October 30, 2017, or otherwise validate the Ballot in a manner acceptable to the Solicitation Agent.

   If you are transmitting the votes of any beneficial owners of Class A6 and B5 Claims other than yourself, you may <u>either</u>:

   (a)  "Pre-validate" the individual Beneficial Holder Ballot contained in the Solicitation Package and then forward the Solicitation Package to the Beneficial Holder of the Class A6 and B5 Claim for voting within five (5) Business Days after the receipt by such Nominee of the Solicitation Package, with the Beneficial Holder then returning the individual Beneficial Holder Ballot directly to the Solicitation Agent in the return envelope provided in the Solicitation Package. A Nominee "pre-validates" a Beneficial Holder Ballot by signing the Ballot and including their DTC participant number; indicating the account number of the Beneficial Holder and the principal amount of Class A6 EFH LBO Note Primary Claims and Class B5 EFH LBO Note Guaranty Claims held by the Nominee for such Beneficial Holder, and then forwarding the Ballot together with

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

8

the Solicitation Package to the Beneficial Holder. The Beneficial Holder then completes the information requested on the Ballot and returns the Ballot directly to the Solicitation Agent. A list of the Beneficial Holders to whom "pre-validated" Ballots were delivered should be maintained by nominees for inspection for at least one year from the EFH Effective Date; OR

(b)     Within five (5) Business Days after receipt by such Nominee of the Solicitation Package, forward the Solicitation Package to the Beneficial Holder of the Class A6 and B5 Claim for voting along with a return envelope provided by and addressed to the Nominee, with the beneficial owner then returning the individual Beneficial Holder Ballot to the Nominee. In such case, the Nominee will tabulate the votes of its respective Beneficial Owners on a Master Ballot that will be provided to the Nominee separately by the Solicitation Agent, in accordance with any instructions set forth in the instructions to the Master Ballot, and then return the Master Ballot to the Solicitation Agent. The Nominee should advise the Beneficial Holders to return their individual Beneficial Holder Ballots to the Nominee by a date calculated by the Nominee to allow it to prepare and return the Master Ballot to the Solicitation Agent so that the Master Ballot is <u>actually received</u> by the Solicitation Agent on or before the Voting Deadline.

4.     With regard to any Ballots returned to you by a Beneficial Holder, you must: (a) compile and validate the votes and other relevant information of each such Beneficial Holder on the Master Ballot using the customer name or account number assigned by you to each such Beneficial Holder; (b) execute the Master Ballot; (c) transmit such Master Ballot to the Solicitation Agent by the Voting Deadline; and (d) retain such Ballots from Beneficial Holders, whether in hard copy or by electronic direction, in your files for a period of one year after the EFH Effective Date. You may be ordered to produce the Ballots to the Debtors or the Bankruptcy Court.

5.     The time by which a Ballot is **actually received** by the Solicitation Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline. **The Voting Deadline is October 30, 2017, at 4:00 p.m., prevailing Eastern Time**.

6.     If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by applicable law or court order. In all cases, Beneficial Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors. A Ballot will not be counted unless received by the Solicitation Agent.

7.     If multiple Master Ballots are received from the same Nominee with respect to the same Ballot belonging to a Beneficial Holder of a Claim prior to the Voting Deadline, the vote on the last properly completed Master Ballot timely received will supersede and revoke the vote of such Beneficial Holder on any earlier received Master Ballot.

8.     If a Holder holds a Claim or Interest, as applicable, in a Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such Holder or Nominee has a Claim or Interest, as applicable, in that Voting Class.

9.     If a voter simultaneously casts inconsistent duplicate Ballots, with respect to the same Claim, such Ballots shall not be counted.

10.     The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto. Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

11.     The Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim or Interest; or (b) an assertion or admission with respect to any Claim or Interest.

12.     Please be sure to sign and date your Master Ballot. You should indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity and, if required or requested by the Solicitation Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Beneficial Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

13.     If you are both the Nominee and the Beneficial Holder of any of the Class A6 and B5 Claims and you wish to vote such Class A6 and B5 Claims, you may return a Ballot or Master Ballot for such Class A6 and B5 Claims and you must vote your entire Class A6 and B5 Claims to either to accept or reject the Plan and may not split your vote.  Accordingly, a Ballot, other than a Master Ballot with the votes of multiple holders, that partially rejects and partially accepts the Plan will not be counted.

14.     The following Ballots and Master Ballots shall not be counted in determining the acceptance or rejection of the Plan:  (a) any Ballot or Master Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Holder of the Claim; (b) any Ballot or Master Ballot cast by a Party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot or Master Ballot; (d) any Ballot or Master Ballot that does not contain an original signature; (e) any Ballot or Master Ballot not marked to accept or reject the Plan; and (f) any Ballot or Master Ballot submitted by any party not entitled to cast a vote with respect to the Plan.

15.     For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor in a particular Class will be aggregated and treated as if such Creditor held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided*, *however*, that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such Creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

The following additional rules shall apply to Master Ballots:

16.     Votes cast by Beneficial Holders through a Nominee will be applied against the positions held by such entities in the Class A6 and B5 Claims as of the Record Date, as evidenced by the record and depository listings;

17.     Votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Holder Ballots, will not be counted in excess of the record amount of the Class A6 and B5 Claims held by such Nominee;

18.     To the extent that conflicting votes or "overvotes" are submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Holder Ballots, the Solicitation Agent will attempt to reconcile discrepancies with the Nominee;

19.     To the extent that overvotes on a Master Ballot or pre-validated Beneficial Holder Ballots are not reconcilable prior to the preparation of the vote certification, the Solicitation Agent will apply the votes to accept and reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or pre-validated Beneficial Holder Ballots that contained the overvote, but only to the extent of the Nominee's position in Class A6 and B5 Claims; and

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

20.    For purposes of tabulating votes, each Beneficial Holder holding through a particular account will be deemed to have voted the principal amount relating its holding in that particular account, although the Solicitation Agent may be asked to adjust such principal amount to reflect the claim amount.

**ARTICLE VIII.D OF THE PLAN PROVIDES FOR THE FOLLOWING RELEASES BY HOLDERS OF CLAIMS AND INTERESTS (THE "RELEASES"):**

**EXCEPT AS OTHERWISE PROVIDED IN THE PLAN, AS OF THE EFH EFFECTIVE DATE, EACH RELEASING PARTY IS DEEMED TO HAVE RELEASED AND DISCHARGED EACH DEBTOR, REORGANIZED EFH/EFIH DEBTOR, AND RELEASED PARTY FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, INCLUDING CLAIMS AND CAUSES OF ACTION IDENTIFIED, CLAIMED, OR RELEASED IN THE STANDING MOTIONS, THE LITIGATION LETTERS, OR THE DISINTERESTED DIRECTORS SETTLEMENT, AS WELL AS ALL OTHER CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED ON BEHALF OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS (INCLUDING DIVIDENDS PAID), TRANSACTIONS PURSUANT AND/OR RELATED TO THE MASTER SEPARATION AGREEMENT DATED DECEMBER 12, 2001, THE TCEH CREDIT AGREEMENT, THE TCEH FIRST LIEN NOTES, THE CASH COLLATERAL ORDER (AND ANY PAYMENTS OR TRANSFERS IN CONNECTION THEREWITH), THE TCEH FIRST LIEN INTERCREDITOR AGREEMENT, THE LIABILITY MANAGEMENT PROGRAM, THE TAX SHARING AGREEMENTS, THE 2007 ACQUISITION, THE MANAGEMENT AGREEMENT, THE 2009 AMENDMENT TO THE TCEH CREDIT AGREEMENT, THE 2011 AMEND AND EXTEND TRANSACTIONS, THE 2005 ONCOR TRANSFER, THE 2013 REVOLVER EXTENSION, THE LUMINANT MAKEWHOLE SETTLEMENT, THE TAX AND INTEREST MAKEWHOLE AGREEMENTS, THE TCEH INTERCOMPANY NOTES, THE SHARED SERVICES, ANY PREFERENCE OR AVOIDANCE CLAIM PURSUANT TO SECTIONS 544, 547, 548, AND 549 OF THE BANKRUPTCY CODE, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE NEE PLAN SUPPORT AGREEMENT, THE EFIH UNSECURED CREDITOR PLAN SUPPORT AGREEMENT, THE SEMPRA PLAN SUPPORT AGREEMENT, THE EFH/EFIH COMMITTEE SETTLEMENT, THE EFIH SETTLEMENT AGREEMENT, THE EFIH FIRST LIEN PRINCIPAL SETTLEMENT, THE ORIGINAL CONFIRMED PLAN, THE NEXTERA PLAN, OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING PROVIDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE EFH CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN SUPPORT AGREEMENT, THE NEE PLAN SUPPORT AGREEMENT, THE EFIH UNSECURED CREDITOR PLAN SUPPORT AGREEMENT, THE SEMPRA PLAN SUPPORT AGREEMENT, THE EFIH SETTLEMENT AGREEMENT, THE EFH/EFIH COMMITTEE SETTLEMENT, THE PIK SETTLEMENT (WHETHER TERMINATED PURSUANT TO ITS TERMS OR OTHERWISE) AND ANY DIRECTION TAKEN BY**

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

Case 14-10979-CSS    Doc 11863-1    Filed 09/05/17    Page 65 of 147

Energy Future Holdings Corp., *et al.*
Master Ballot for
Class A6 EFH LBO Note Primary Claims and
Class B5 EFH LBO Note Guaranty Claims

THE EFIH UNSECURED NOTES TRUSTEE IN CONNECTION THEREWITH (PRIOR TO TERMINATION), THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE EFH DISCLOSURE STATEMENT, THE TCEH DISCLOSURE STATEMENT, THE PLAN, THE TRANSACTION AGREEMENTS, THE DIP FACILITIES, THE CHAPTER 11 CASES, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, THE TRANSACTION AGREEMENTS, OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFH EFFECTIVE DATE RELATED OR RELATING TO THE FOREGOING.  NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE (I) ANY POST-EFH EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, (II) ANY RESTRUCTURING TRANSACTION, (III) ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, AND (IV) THE CLAIMS AND CAUSES OF ACTION SET FORTH IN SECTION 6.12 OF THE PARENT DISCLOSURE LETTER DELIVERED IN CONNECTION WITH THE NEE MERGER AGREEMENT; *PROVIDED, HOWEVER,* THAT SUCH CLAIMS AND CAUSES OF ACTION SET FORTH IN SECTION 6.12 OF SUCH PARENT DISCLOSURE LETTER DELIVERED IN CONNECTION WITH THE NEE MERGER AGREEMENT SHALL BE SUBJECT TO TREATMENT PURSUANT TO THE PLAN AND SHALL BE DISCHARGED AS SET FORTH IN ARTICLE VIII.A OF THE PLAN.  NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY CLAIMS OR CAUSES OF ACTION AGAINST ONE OR MORE OF NEXTERA AND ITS CURRENT AND FORMER SUBSIDIARIES (THE "<u>NEE RELEASED PARTIES</u>") RELATING TO THE PURSUIT OF APPROVAL OF THE TRANSACTIONS CONTEMPLATED IN THE ORIGINAL CONFIRMED PLAN (INCLUDING, FOR THE AVOIDANCE OF DOUBT, CLAIMS OR CAUSES OF ACTION REGARDING THE EFFECT OF THE FILING OF DOCKET NO. 7028 ON APPROVAL OF THE TRANSACTIONS CONTEMPLATED IN THE ORIGINAL CONFIRMED PLAN) OR CLAIMS OR CAUSES OF ACTION THAT MAY BE BROUGHT BY ONE OR MORE OF THE NEE RELEASED PARTIES AGAINST ANY PARTY WHO BRINGS A CLAIM OR CAUSE OF ACTION AGAINST THE NEE RELEASED PARTIES RELATING TO THE PURSUIT OF APPROVAL OF THE TRANSACTIONS CONTEMPLATED IN THE ORIGINAL CONFIRMED PLAN; *PROVIDED, HOWEVER,* FOR THE AVOIDANCE OF DOUBT, THAT ANY RELEASES SET FORTH ABOVE SOLELY TO THE EXTENT APPLICABLE PURSUANT TO THE TERMS SET FORTH ABOVE, SHALL APPLY TO THE NEE RELEASED PARTIES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, INDIVIDUAL EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH.  NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, AND FOR THE AVOIDANCE OF DOUBT, THE TCEH SETTLEMENT CLAIM SHALL BE TREATED, RELEASED, AND DISCHARGED ON THE EFH EFFECTIVE DATE.  FOR THE AVOIDANCE OF DOUBT, (I) THE RELEASING PARTIES PROVIDED THE RELEASE SET FORTH IN ARTICLE VIII.D OF THE PLAN FOR ALL CLAIMS AND CAUSES OF ACTION THAT RELATE TO THE TCEH DEBTORS, REORGANIZED TCEH DEBTORS, EFH SHARED SERVICES DEBTORS,

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

Case 14-10979-CSS    Doc 11863-1    Filed 09/05/17    Page 66 of 147

Energy Future Holdings Corp., *et al.*
Master Ballot for
Class A6 EFH LBO Note Primary Claims and
Class B5 EFH LBO Note Guaranty Claims

**REORGANIZED EFH SHARED SERVICES DEBTORS, OR ANY NON-DEBTOR AFFILIATE TO BE TRANSFERRED TO THE REORGANIZED TCEH DEBTORS, INCLUDING EFH PROPERTIES COMPANY, AS OF THE TCEH EFFECTIVE DATE; AND (II) THE RELEASING PARTIES SHALL PROVIDE THE RELEASE SET FORTH IN ARTICLE VIII.D OF THE PLAN FOR ALL CLAIMS AND CAUSES OF ACTION THAT RELATE TO THE EFH DEBTORS, REORGANIZED EFH DEBTORS, EFIH DEBTORS, OR REORGANIZED EFIH DEBTORS AS OF THE EFH EFFECTIVE DATE; *PROVIDED* THAT ANY AND ALL INTERCOMPANY CLAIMS (OTHER THAN THE TCEH SETTLEMENT CLAIM) HELD BY OR HELD AGAINST THE TCEH DEBTORS, REORGANIZED TCEH DEBTORS, EFH SHARED SERVICES DEBTORS, REORGANIZED EFH SHARED SERVICES DEBTORS, OR ANY NON-DEBTOR AFFILIATE TO BE TRANSFERRED TO THE REORGANIZED TCEH DEBTORS, INCLUDING EFH PROPERTIES COMPANY, WERE RELEASED AS OF THE TCEH EFFECTIVE DATE.**

**IMPORTANT INFORMATION REGARDING THE RELEASES:**

UNDER THE PLAN, "*RELEASING PARTIES*" MEANS, COLLECTIVELY, AND IN EACH CASE ONLY IN ITS CAPACITY AS SUCH:  (A) THE EFH/EFIH PLAN SUPPORTERS; (B) EFH MERGER SUB; (C) INTERMEDIARY HOLDCO; (D) PARENT; (E) THE PLAN SPONSOR; (F) THE BACKSTOP PARTIES; (G) HOLDERS OF TCEH FIRST LIEN CLAIMS; (H) HOLDERS OF TCEH SECOND LIEN NOTE CLAIMS; (I) HOLDERS OF TCEH UNSECURED NOTE CLAIMS; (J) HOLDERS OF EFH LEGACY NOTE CLAIMS; (K) HOLDERS OF EFH UNEXCHANGED NOTE CLAIMS; (L) HOLDERS OF EFH LBO NOTE PRIMARY CLAIMS; (M) HOLDERS OF EFH LBO NOTE GUARANTY CLAIMS; (N) HOLDERS OF EFH LBO NOTE GUARANTY CLAIMS; (O) THE DIP LENDERS; (P) THE TCEH FIRST LIEN AGENT; (Q) THE INDENTURE TRUSTEES; (R) THE DEALER MANAGERS; (S) TEF; (T) TEXAS HOLDINGS; (U) ONCOR; (V) FUNDS AND ACCOUNTS MANAGED OR ADVISED BY KOHLBERG KRAVIS ROBERTS & CO., L.P., TPG CAPITAL, L.P. OR GOLDMAN, SACHS & CO. THAT HOLD DIRECT OR INDIRECT INTERESTS IN TEXAS HOLDINGS, TEF, OR EFH CORP.; (W) THE COMMITTEES AND EACH OF THEIR RESPECTIVE MEMBERS; (X) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE TCEH DEBTORS OTHER THAN EFCH; (Y) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFCH; (Z) HOLDERS OF EFIH FIRST LIEN CLAIMS; (AA) HOLDERS OF EFIH SECOND LIEN NOTE CLAIMS; (BB) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFIH DEBTORS; (CC) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFH CORP.; (DD) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFH DEBTORS OTHER THAN EFH CORP.; (EE) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFH SHARED SERVICES DEBTORS; (FF) ALL HOLDERS OF CLAIMS AND INTERESTS THAT ARE DEEMED TO ACCEPT THE PLAN; (GG) ALL HOLDERS OF CLAIMS AND INTERESTS WHO VOTE TO ACCEPT THE PLAN; (HH) ALL HOLDERS IN VOTING CLASSES WHO ABSTAIN FROM VOTING ON THE PLAN <u>AND</u> WHO DO NOT OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (II) THE ORIGINAL PLAN SPONSORS; (JJ) OV2; (KK) ANY AGENT UNDER THE EXIT FACILITIES; (LL) THE ROLLOVER TRUST TRUSTEE; (MM) THE NON-ROLLOVER TRUST TRUSTEE; (NN) WITH RESPECT TO EACH OF THE DEBTORS (AND, PRIOR TO THE TCEH EFFECTIVE DATE, THE TCEH DEBTORS AND THE EFH SHARED SERVICES DEBTORS), THE REORGANIZED TCEH DEBTORS, THE REORGANIZED EFH SHARED SERVICES DEBTORS, AND THE REORGANIZED EFH/EFIH DEBTORS, AND EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (MM), SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND EACH OF THEIR RESPECTIVE CURRENT AND FORMER EQUITY HOLDERS, OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

CAPACITY AS SUCH; AND (OO) ALL HOLDERS OF CLAIMS AND INTERESTS, SOLELY WITH RESPECT TO RELEASES OF ALL HOLDERS OF INTERESTS IN EFH CORP. AND THEIR CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR AFFILIATES' CURRENT AND FORMER EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND THEIR CURRENT AND FORMER OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH.

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH ABOVE. YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN ONLY IF THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT-OUT OF THE RELEASES AND <u>ONLY IF</u> YOU (A) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN OR (B) VOTE TO REJECT THE PLAN. IN THE CASE OF SUCH A DETERMINATION BY THE COURT, IF YOU VOTE TO REJECT THE PLAN, YOU WILL AUTOMATICALLY BE CONSIDERED TO HAVE OPTED OUT OF THE RELEASES, REGARDLESS OF WHETHER YOU CHECK THE BOX BELOW. IF YOU SATISFY THE ABOVE REQUIREMENTS AND CHECK THE BOX BELOW (OR VOTE TO REJECT THE PLAN), YOUR OPT-OUT WILL ONLY BE EFFECTIVE IF SO ORDERED BY THE COURT. REGARDLESS OF WHETHER THE COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT-OUT OF THE RELEASES, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, OR (C) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN WITHOUT CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN.

## <u>PLEASE SUBMIT YOUR MASTER BALLOT PROMPTLY!</u>

**If you have any questions regarding this Ballot, or if you did not receive a copy of the EFH Disclosure Statement or Plan, or if you need additional copies of the enclosed materials, please contact the Solicitation Agent by phone at (646) 282-2500 or via email to <u>efhvote@epiqsystems.com</u> and reference "EFH/EFIH" in the subject line.**

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

**Exhibit A**

***Please check a box below to indicate the Class A6 EFH LBO Note Primary Claim and Class B5 EFH LBO Note Guaranty Claim to which this Master Ballot pertains and add the CUSIP No. to Item 2 on page 4.***

**CLASS A6 — EFH LBO NOTE PRIMARY CLAIMS**
**CLASS B5 — EFH LBO NOTE GUARANTY CLAIMS**

| | BOND DESCRIPTION | CUSIP |
|---|---|---|
| ☐ | | |
| ☐ | | |
| ☐ | | |
| ☐ | | |
| ☐ | | |

[CUSIP AS INDICATED ON ATTACHED EXHIBIT A]

## **Exhibit 2-E**

**Form Beneficial Holder Ballot For Classes A6 and B5**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**BENEFICIAL HOLDER BALLOT FOR ACCEPTING
OR REJECTING THE FIRST AMENDED JOINT PLAN OF REORGANIZATION OF
ENERGY FUTURE HOLDINGS CORP., ENERGY FUTURE INTERMEDIATE HOLDING COMPANY
LLC, AND THE EFH/EFIH DEBTORS PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS A6 — EFH LBO NOTE PRIMARY CLAIMS
CLASS B5 — EFH LBO NOTE GUARANTY CLAIMS**

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "SOLICITATION AGENT") AT (877) 276-7311 OR E-MAIL EFHVOTE@EPIQSYSTEMS.COM AND REFERENCE "EFH/EFIH" IN THE SUBJECT LINE.

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT. THIS BALLOT IS BEING SUBMITTED TO YOU TO SOLICIT YOUR VOTE TO THE DEBTORS' PLAN (INCLUDING THE RELEASES CONTAINED IN ARTICLE VIII OF THE PLAN).

- THIS BALLOT (OR THE MASTER BALLOT REFLECTING THE VOTE CAST ON THIS BALLOT) MUST BE **ACTUALLY RECEIVED** BY THE SOLICITATION AGENT BEFORE **4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 30, 2017** (THE "VOTING DEADLINE").

- IF A BENEFICIAL HOLDER HOLDS CLASS A6 AND CLASS B5 CLAIMS IN ITS OWN NAME AND/OR THROUGH ONE OR MORE NOMINEES,[2] SUCH BENEFICIAL HOLDER MUST IDENTIFY ALL CLASS A6 AND CLASS B5 CLAIMS HELD IN ACCORDANCE WITH ITEM 4 OF THIS BALLOT, AND MUST INDICATE THE SAME VOTE TO ACCEPT OR REJECT THE PLAN ON ALL BALLOTS SUBMITTED.

- IF THE COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]   "Nominee" means a broker, dealer, commercial bank, trust company or other agent nominee who holds Class A6 EFH LBO Note Primary Claims and Class B5 EFH LBO Note Guaranty Claims for the benefit of certain Beneficial Holders.

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

Energy Future Holdings Corp. ("<u>EFH Corp.</u>"), certain of its direct and indirect subsidiaries (together with EFH Corp., the "<u>EFH Debtors</u>"),[3] Energy Future Intermediate Holding Company LLC ("<u>EFIH</u>"), and EFIH Finance, Inc. (together with EFIH, the "<u>EFIH Debtors</u>," and together with the EFH Debtors, the "<u>EFH/EFIH Debtors</u>") are soliciting votes with respect to the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* (as may be modified, amended, or supplemented from time to time, the "<u>Plan</u>").[4]

The Class A6 EFH LBO Note Primary Claims and Class B5 EFH LBO Note Guaranty Claims include any Claim derived from or based upon any EFH LBO Note Claims. This Beneficial Holder Ballot (the "<u>Ballot</u>") is being sent to you because records indicate that you are the Beneficial Holder of a Class A6 EFH LBO Note Primary Claim and a Class B5 EFH LBO Note Guaranty Claim as of **SEPTEMBER 6, 2017** (the "<u>Voting Record Date</u>"), and, accordingly, you may have a right to vote to accept or reject the Plan. This Ballot may not be used for any purpose other than for submitting votes with respect to the Plan. CUSIPS for Class Class A6 EFH LBO Note Primary Claims and Class B5 EFH LBO Note Guaranty Claims entitled to vote are identified on **Exhibit A** attached hereto.

The *Disclosure Statement for the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* and all exhibits related thereto (as may be modified, amended, or supplemented from time to time, the "<u>EFH Disclosure Statement</u>") describe the rights and treatment for each Class. The Plan and EFH Disclosure Statement are included in the packet you are receiving with this Beneficial Holder Ballot (collectively, the "<u>Solicitation Package</u>").

**YOUR VOTE ON THIS BALLOT FOR CLASS A6 EFH LBO NOTE PRIMARY CLAIMS AND CLASS B5 EFH LBO NOTE GUARANTY CLAIMS SHALL BE APPLIED TO EACH DEBTOR AGAINST WHOM YOU HAVE A CLASS A6 AND CLASS B5 CLAIM.**

*You should carefully and thoroughly review the EFH Disclosure Statement and Plan before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan. Your Claim has been placed in Class A6 and Class B5 under the Plan. Attached as an exhibit to the EFH Disclosure Statement is the EFH Disclosure Statement Order which contains the Solicitation Procedures which govern the solicitation and tabulation of votes to accept or reject the Plan.*

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 30, 2017.**

**Item 1. Amount of Class A6 and Class B5 EFH LBO Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory for a Beneficial Holder), of a Class A6 EFH LBO Note Primary Claim and Class B5 EFH LBO Note Guaranty Claim in the following amount (*insert amount in box below*). If your Class A6 EFH LBO Note Primary Claim and Class B5 EFH LBO Note Guaranty Claim is held by a Nominee on your behalf and you do not know the amount of the EFH LBO Note Claim held, please contact your Nominee immediately.

$\$_____$

---

[3]    The other EFH Debtors are Ebasco Services of Canada Limited, EEC Holdings, Inc., EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Finance (No. 2) Holdings Company, EFH FS Holdings Company, EFH Renewables Company LLC, Generation Development Company LLC, LSGT Gas Company LLC, LSGT SACROC, Inc., NCA Development Company LLC, and TXU Receivables Company.

[4]    Capitalized terms, used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

**Item 2.  Vote of Class A6 and Class B5 EFH LBO Claim.**

The Beneficial Holder of the Class A6 EFH LBO Note Primary Claim and Class B5 EFH LBO Note Guaranty Claim set forth in Item 1 votes to (*please check one*):

<u>Check one box:</u>            ❐     **Accept** the Plan


                              ❐     **Reject** the Plan


**<u>ITEM 3.  ARTICLE VIII.D OF THE PLAN PROVIDES FOR THE FOLLOWING RELEASES BY HOLDERS OF CLAIMS AND INTERESTS (THE "RELEASES"):</u>**

**EXCEPT AS OTHERWISE PROVIDED IN THE PLAN, AS OF THE EFH EFFECTIVE DATE, EACH RELEASING PARTY IS DEEMED TO HAVE RELEASED AND DISCHARGED EACH DEBTOR, REORGANIZED EFH/EFIH DEBTOR, AND RELEASED PARTY FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, INCLUDING CLAIMS AND CAUSES OF ACTION IDENTIFIED, CLAIMED, OR RELEASED IN THE STANDING MOTIONS, THE LITIGATION LETTERS, OR THE DISINTERESTED DIRECTORS SETTLEMENT, AS WELL AS ALL OTHER CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED ON BEHALF OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS (INCLUDING DIVIDENDS PAID), TRANSACTIONS PURSUANT AND/OR RELATED TO THE MASTER SEPARATION AGREEMENT DATED DECEMBER 12, 2001, THE TCEH CREDIT AGREEMENT, THE TCEH FIRST LIEN NOTES, THE CASH COLLATERAL ORDER (AND ANY PAYMENTS OR TRANSFERS IN CONNECTION THEREWITH), THE TCEH FIRST LIEN INTERCREDITOR AGREEMENT, THE LIABILITY MANAGEMENT PROGRAM, THE TAX SHARING AGREEMENTS, THE 2007 ACQUISITION, THE MANAGEMENT AGREEMENT, THE 2009 AMENDMENT TO THE TCEH CREDIT AGREEMENT, THE 2011 AMEND AND EXTEND TRANSACTIONS, THE 2005 ONCOR TRANSFER, THE 2013 REVOLVER EXTENSION, THE LUMINANT MAKEWHOLE SETTLEMENT, THE TAX AND INTEREST MAKEWHOLE AGREEMENTS, THE TCEH INTERCOMPANY NOTES, THE SHARED SERVICES, ANY PREFERENCE OR AVOIDANCE CLAIM PURSUANT TO SECTIONS 544, 547, 548, AND 549 OF THE BANKRUPTCY CODE, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE NEE PLAN SUPPORT AGREEMENT, THE EFIH UNSECURED CREDITOR PLAN SUPPORT AGREEMENT, THE SEMPRA PLAN SUPPORT AGREEMENT, THE EFH/EFIH COMMITTEE SETTLEMENT, THE EFIH SETTLEMENT AGREEMENT, THE EFIH FIRST LIEN PRINCIPAL SETTLEMENT, THE ORIGINAL CONFIRMED PLAN, THE NEXTERA PLAN, OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING PROVIDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE**

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

**EFH CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN SUPPORT AGREEMENT, THE NEE PLAN SUPPORT AGREEMENT, THE EFIH UNSECURED CREDITOR PLAN SUPPORT AGREEMENT, THE SEMPRA PLAN SUPPORT AGREEMENT, THE EFIH SETTLEMENT AGREEMENT, THE EFH/EFIH COMMITTEE SETTLEMENT, THE PIK SETTLEMENT (WHETHER TERMINATED PURSUANT TO ITS TERMS OR OTHERWISE) AND ANY DIRECTION TAKEN BY THE EFIH UNSECURED NOTES TRUSTEE IN CONNECTION THEREWITH (PRIOR TO TERMINATION), THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE EFH DISCLOSURE STATEMENT, THE TCEH DISCLOSURE STATEMENT, THE PLAN, THE TRANSACTION AGREEMENTS, THE DIP FACILITIES, THE CHAPTER 11 CASES, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, THE TRANSACTION AGREEMENTS, OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFH EFFECTIVE DATE RELATED OR RELATING TO THE FOREGOING. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE (I) ANY POST-EFH EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, (II) ANY RESTRUCTURING TRANSACTION, (III) ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, AND (IV) THE CLAIMS AND CAUSES OF ACTION SET FORTH IN SECTION 6.12 OF THE PARENT DISCLOSURE LETTER DELIVERED IN CONNECTION WITH THE NEE MERGER AGREEMENT; *PROVIDED, HOWEVER,* THAT SUCH CLAIMS AND CAUSES OF ACTION SET FORTH IN SECTION 6.12 OF SUCH PARENT DISCLOSURE LETTER DELIVERED IN CONNECTION WITH THE NEE MERGER AGREEMENT SHALL BE SUBJECT TO TREATMENT PURSUANT TO THE PLAN AND SHALL BE DISCHARGED AS SET FORTH IN ARTICLE VIII.A OF THE PLAN. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY CLAIMS OR CAUSES OF ACTION AGAINST ONE OR MORE OF NEXTERA AND ITS CURRENT AND FORMER SUBSIDIARIES (THE "<u>NEE RELEASED PARTIES</u>") RELATING TO THE PURSUIT OF APPROVAL OF THE TRANSACTIONS CONTEMPLATED IN THE ORIGINAL CONFIRMED PLAN (INCLUDING, FOR THE AVOIDANCE OF DOUBT, CLAIMS OR CAUSES OF ACTION REGARDING THE EFFECT OF THE FILING OF DOCKET NO. 7028 ON APPROVAL OF THE TRANSACTIONS CONTEMPLATED IN THE ORIGINAL CONFIRMED PLAN) OR CLAIMS OR CAUSES OF ACTION THAT MAY BE BROUGHT BY ONE OR MORE OF THE NEE RELEASED PARTIES AGAINST ANY PARTY WHO BRINGS A CLAIM OR CAUSE OF ACTION AGAINST THE NEE RELEASED PARTIES RELATING TO THE PURSUIT OF APPROVAL OF THE TRANSACTIONS CONTEMPLATED IN THE ORIGINAL CONFIRMED PLAN; *PROVIDED, HOWEVER,* FOR THE AVOIDANCE OF DOUBT, THAT ANY RELEASES SET FORTH ABOVE SOLELY TO THE EXTENT APPLICABLE PURSUANT TO THE TERMS SET FORTH ABOVE, SHALL APPLY TO THE NEE RELEASED PARTIES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, INDIVIDUAL EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, AND FOR THE AVOIDANCE OF DOUBT, THE TCEH SETTLEMENT CLAIM SHALL BE TREATED, RELEASED, AND DISCHARGED ON THE EFH EFFECTIVE DATE. FOR THE AVOIDANCE OF DOUBT, (I) THE RELEASING**

[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]

**PARTIES PROVIDED THE RELEASE SET FORTH IN ARTICLE VIII.D OF THE PLAN FOR ALL CLAIMS AND CAUSES OF ACTION THAT RELATE TO THE TCEH DEBTORS, REORGANIZED TCEH DEBTORS, EFH SHARED SERVICES DEBTORS, REORGANIZED EFH SHARED SERVICES DEBTORS, OR ANY NON-DEBTOR AFFILIATE TO BE TRANSFERRED TO THE REORGANIZED TCEH DEBTORS, INCLUDING EFH PROPERTIES COMPANY, AS OF THE TCEH EFFECTIVE DATE; AND (II) THE RELEASING PARTIES SHALL PROVIDE THE RELEASE SET FORTH IN ARTICLE VIII.D OF THE PLAN FOR ALL CLAIMS AND CAUSES OF ACTION THAT RELATE TO THE EFH DEBTORS, REORGANIZED EFH DEBTORS, EFIH DEBTORS, OR REORGANIZED EFIH DEBTORS AS OF THE EFH EFFECTIVE DATE; *PROVIDED* THAT ANY AND ALL INTERCOMPANY CLAIMS (OTHER THAN THE TCEH SETTLEMENT CLAIM) HELD BY OR HELD AGAINST THE TCEH DEBTORS, REORGANIZED TCEH DEBTORS, EFH SHARED SERVICES DEBTORS, REORGANIZED EFH SHARED SERVICES DEBTORS, OR ANY NON-DEBTOR AFFILIATE TO BE TRANSFERRED TO THE REORGANIZED TCEH DEBTORS, INCLUDING EFH PROPERTIES COMPANY, WERE RELEASED AS OF THE TCEH EFFECTIVE DATE.**

**IMPORTANT INFORMATION REGARDING THE RELEASES:**

UNDER THE PLAN, "*RELEASING PARTIES*" MEANS, COLLECTIVELY, AND IN EACH CASE ONLY IN ITS CAPACITY AS SUCH:  (A) THE EFH/EFIH PLAN SUPPORTERS; (B) EFH MERGER SUB; (C) INTERMEDIARY HOLDCO; (D) PARENT; (E) THE PLAN SPONSOR; (F) THE BACKSTOP PARTIES; (G) HOLDERS OF TCEH FIRST LIEN CLAIMS; (H) HOLDERS OF TCEH SECOND LIEN NOTE CLAIMS; (I) HOLDERS OF TCEH UNSECURED NOTE CLAIMS; (J) HOLDERS OF EFH LEGACY NOTE CLAIMS; (K) HOLDERS OF EFH UNEXCHANGED NOTE CLAIMS; (L) HOLDERS OF EFH LBO NOTE PRIMARY CLAIMS; (M) HOLDERS OF EFIH UNSECURED NOTE CLAIMS; (N) HOLDERS OF EFH LBO NOTE GUARANTY CLAIMS; (O) THE DIP LENDERS; (P) THE TCEH FIRST LIEN AGENT; (Q) THE INDENTURE TRUSTEES; (R) THE DEALER MANAGERS; (S) TEF; (T) TEXAS HOLDINGS; (U) ONCOR; (V) FUNDS AND ACCOUNTS MANAGED OR ADVISED BY KOHLBERG KRAVIS ROBERTS & CO., L.P., TPG CAPITAL, L.P. OR GOLDMAN, SACHS & CO. THAT HOLD DIRECT OR INDIRECT INTERESTS IN TEXAS HOLDINGS, TEF, OR EFH CORP.; (W) THE COMMITTEES AND EACH OF THEIR RESPECTIVE MEMBERS; (X) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE TCEH DEBTORS OTHER THAN EFCH; (Y) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFCH; (Z) HOLDERS OF EFIH FIRST LIEN NOTE CLAIMS; (AA) HOLDERS OF EFIH SECOND LIEN NOTE CLAIMS; (BB) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFIH DEBTORS; (CC) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFH CORP.; (DD) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFH DEBTORS OTHER THAN EFH CORP.; (EE) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFH SHARED SERVICES DEBTORS; (FF) ALL HOLDERS OF CLAIMS AND INTERESTS THAT ARE DEEMED TO ACCEPT THE PLAN; (GG) ALL HOLDERS OF CLAIMS AND INTERESTS WHO VOTE TO ACCEPT THE PLAN; (HH) ALL HOLDERS IN VOTING CLASSES WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (II) THE ORIGINAL PLAN SPONSORS; (JJ) OV2; (KK) ANY AGENT UNDER THE EXIT FACILITIES; (LL) THE ROLLOVER TRUST TRUSTEE; (MM) THE NON-ROLLOVER TRUST TRUSTEE; (NN) WITH RESPECT TO EACH OF THE DEBTORS (AND, PRIOR TO THE TCEH EFFECTIVE DATE, THE TCEH DEBTORS AND THE EFH SHARED SERVICES DEBTORS), THE REORGANIZED TCEH DEBTORS, THE REORGANIZED EFH SHARED SERVICES DEBTORS, AND THE REORGANIZED EFH/EFIH DEBTORS, AND EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (MM), SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND EACH OF THEIR RESPECTIVE CURRENT AND FORMER EQUITY HOLDERS, OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH; AND (OO) ALL HOLDERS OF CLAIMS AND INTERESTS, SOLELY WITH RESPECT TO RELEASES OF ALL HOLDERS OF

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

INTERESTS IN EFH CORP. AND THEIR CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR AFFILIATES' CURRENT AND FORMER EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND THEIR CURRENT AND FORMER OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH.

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH ABOVE. YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN ONLY IF THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT-OUT OF THE RELEASES AND ONLY IF YOU (A) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN OR (B) VOTE TO REJECT THE PLAN. IN THE CASE OF SUCH A DETERMINATION BY THE COURT, IF YOU VOTE TO REJECT THE PLAN, YOU WILL AUTOMATICALLY BE CONSIDERED TO HAVE OPTED OUT OF THE RELEASES, REGARDLESS OF WHETHER YOU CHECK THE BOX BELOW. IF YOU SATISFY THE ABOVE REQUIREMENTS AND CHECK THE BOX BELOW (OR VOTE TO REJECT THE PLAN), YOUR OPT-OUT WILL ONLY BE EFFECTIVE IF SO ORDERED BY THE COURT. REGARDLESS OF WHETHER THE COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT-OUT OF THE RELEASES, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, OR (C) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN WITHOUT CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN.

The Holder of the Class A6 and Class B5 EFH LBO Claim set forth in Item 1 elects to:

☐      Opt Out of the Releases.

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

**Item 4.  Certification of Class A6 and Class B5 EFH LBO Claim Held in Additional Accounts.**

By completing and returning this Ballot, the Beneficial Holder of the Class A6 EFH LBO Note Primary Claim and Class B5 EFH LBO Note Guaranty Claim identified in Item 1 certifies that (a) this Ballot is the only Ballot submitted for the Class A6 EFH LBO Note Primary Claim and Class B5 EFH LBO Note Guaranty Claim owned by such Beneficial Holder as indicated in Item 1, except for the Class A6 EFH LBO Note Primary Claim and Class B5 EFH LBO Note Guaranty Claim identified in the following table, and (b) all Ballots for Class A6 EFH LBO Note Primary Claims and Class B5 EFH LBO Note Guaranty Claims submitted by the Beneficial Holder indicate the same vote to accept or reject the Plan that the Beneficial Holder has indicated in Item 2 of this Ballot (please use additional sheets of paper if necessary).  **To be clear, if any Beneficial Holder holds a Class A6 EFH LBO Note Primary Claim and Class B5 EFH LBO Note Guaranty Claim through one or more Nominees, such Beneficial Holder must identify all Class A6 EFH LBO Note Primary Claim and Class B5 EFH LBO Note Guaranty Claims held through its own name and/or each Nominee in the following table, and must indicate the same vote to accept or reject the Plan on all Ballots submitted.**

ONLY COMPLETE ITEM 4 IF YOU HAVE SUBMITTED OTHER BALLOTS ON ACCOUNT OF A CLASS A6 EFH LBO NOTE PRIMARY CLAIM AND A CLASS B5 EFH LBO NOTE GUARANTY CLAIM

| Account Number of Other Class A6 and Class B5 Claims Voted | Name of Owner[5] | Principal Amount of Other Class A6 and Class B5 Claims Voted | CUSIP of Other Class A6 and Class B5 Claims Voted |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

*[Remainder of page intentionally left blank.]*

---

[5]    **Insert your name if the Class A6 EFH LBO Note Primary Claims or Class B5 EFH LBO Note Guaranty Claims are held by you in your own name or, if held in street name through a Nominee, insert the name of your broker or bank.**

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

7

**Item 5.  Certifications.**

Upon execution of this Ballot, the undersigned certifies that:

a.      as of the Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory for a Beneficial Holder) of Claims arising from the Class A6 EFH LBO Note Primary Claim and Class B5 EFH LBO Note Guaranty Claim in the amount set forth in Item 1;

b.      the Beneficial Holder has received a copy of the EFH Disclosure Statement, the Plan, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c.      the Beneficial Holder has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

d.      the Beneficial Holder has cast the same vote with respect to all of the Beneficial Holder's Class A6 EFH LBO Note Primary Claims and Class B5 EFH LBO Note Guaranty Claims;

e.      the Beneficial Holder understands and acknowledges that if multiple Ballots are submitted voting the claim set forth in Item 1, only the last properly completed Ballot or Master Ballot voting the claim and received by the Solicitation Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent;

f.      the Beneficial Holder understands and acknowledges that the Solicitation Agent may verify the amount of Class A6 EFH LBO Note Primary Claims and Class B5 EFH LBO Note Guaranty Claims held by the Beneficial Holder as of the Voting Record Date set forth in Item 1 with any Nominee through which the Beneficial Holder holds its Class A6 EFH LBO Note Primary Claims and Class B5 EFH LBO Note Guaranty Claims and by returning an executed Ballot the Beneficial Holder directs any such Nominee to provide any information or comply with any actions requested by the Solicitation Agent to verify the amount set forth in Item 1 hereof.  In the event of a discrepancy regarding such amount that cannot be timely reconciled without undue effort on the part of the Solicitation Agent, the amount shown on the records of the Nominee, if applicable, or the Debtors' records shall control; and

g.      the Beneficial Holder understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Beneficial Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Beneficial Holder and shall not be affected by, and shall survive, the death or incapacity of the Beneficial Holder.

*[Remainder of page intentionally left blank.]*

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

**Item 6.  Beneficial Holder Information and Signature.**

Name of Beneficial Holder: _____

<div align="center">(<em>print or type</em>)</div>

Signature: _____

Name of Signatory: _____

<div align="center">(<em>if other than Beneficial Holder</em>)</div>

Title: _____

Address: _____

_____

_____

Date Completed: _____

<div align="center">

**THE VOTING DEADLINE IS 4:00 P.M. (PREVAILING EASTERN TIME) ON OCTOBER 30, 2017.**

</div>

***IF YOU RECEIVED A RETURN BALLOT ADDRESSED TO THE SOLICITATION AGENT (EPIQ BANKRUPTCY SOLUTIONS, LLC),* PLEASE COMPLETE, AND DATE THE BALLOT AND RETURN IT PROMPTLY WITH AN ORIGINAL SIGNED COPY IN THE ENVELOPE PROVIDED SO THAT IT IS ACTUALLY RECEIVED BY THE SOLICITATION AGENT BY THE VOTING DEADLINE.**

***IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE,* PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE.  PLEASE ALLOW SUFFICIENT TIME FOR YOUR BALLOT TO BE INCLUDED ON A MASTER BALLOT COMPLETED BY YOUR NOMINEE.  THE MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE THE VOTING DEADLINE.**

<div align="center">

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS, PLEASE CONTACT THE SOLICITATION AGENT AT (877) 276-7311 OR E-MAIL EFHVOTE@EPIQSYSTEMS.COM AND REFERENCE "EFH/EFIH" IN THE SUBJECT LINE.**

*[Remainder of page intentionally left blank.]*

</div>

<div align="center">

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

</div>

## VOTING INSTRUCTIONS

1. As described in the EFH Disclosure Statement, the Debtors are soliciting the votes of Beneficial Holders of Class A6 EFH LBO Note Primary Claims and Class B5 EFH LBO Note Guaranty Claims with respect to the Plan referred to in the EFH Disclosure Statement. The Plan and EFH Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan. **PLEASE READ THE PLAN AND THE EFH DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BENEFICIAL HOLDER BALLOT.** You may wish to seek legal advice concerning the Plan and the treatment of your claim or claims under the Plan.

2. The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Beneficial Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code.

3. To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) **sign and return the Ballot** in accordance with the **instructions received and in the envelope provided, so that this Ballot (or the master ballot cast on your behalf) is actually received by the Solicitation Agent by the Voting Deadline**. If you are returning your Ballot to the Nominee that provided you with this Ballot, your completed Ballot must be sent to your Nominee, allowing sufficient time for your Nominee to receive your Ballot, complete a master ballot ("Master Ballot"), and transmit the Master Ballot to the Solicitation Agent so that it is actually received by the Voting Deadline.

   **The Solicitation Agent will not accept any ballots by email, facsimile or other electronic means.** If you are directed by your Nominee to submit the Beneficial Holder Ballot to the Nominee via electronic means, such instructions to your Nominee shall have the same effect as if you had completed and returned a physical Beneficial Holder Ballot, including all certifications.

4. The time by which a Ballot is **actually received** by the Solicitation Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline. **The Voting Deadline is October 30, 2017, at 4:00 p.m., prevailing Eastern Time**.

5. If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by applicable law or court order. In all cases, Beneficial Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors. A Ballot will not be counted unless received by the Solicitation Agent.

6. The Beneficial Holder understands and acknowledges that if multiple Ballots are submitted voting the claim set forth in Item 1, only the last properly completed Ballot or Master Ballot voting the claim and received by the Solicitation Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent.

7. If a Holder holds a Claim or Interest, as applicable, in a Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such Holder or Nominee has a Claim or Interest, as applicable, in that Voting Class.

8. If a Beneficial Holder simultaneously casts inconsistent duplicate Ballots, with respect to the same Claim, such Ballots will not be counted.

9. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto. Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

10.  The Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim or Interest; or (b) an assertion or admission with respect to any Claim or Interest.

11.  Please be sure to sign and date your Ballot.  If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

12.  You must vote your entire EFH LBO Note Claims either to accept or reject the Plan and may not split your vote.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted as a vote to accept or reject the Plan.

13.  Any Ballot that is properly completed, executed and timely returned to the Debtors that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

14.  The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and/or (e) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

15.  If you hold Claims or Interests in more than one Class under the Plan or for different Claims within a Class you may receive more than one Ballot.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you receive.

16.  For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor in a particular Class will be aggregated and treated as if such Creditor held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided*, *however*, that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such Creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

---

This Beneficial Holder Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certifications with respect to the Beneficial Holder Ballot.  Accordingly, at this time, holders of Bonds should not surrender certificates or instruments evidencing their bonds, and neither the Debtor nor the Solicitation Agent will accept delivery of any such certificates or instruments surrendered with a Beneficial Holder Ballot.

**If you have any questions regarding this Ballot, or if you did not receive a copy of the Disclosure Statement or Plan, or if you need additional copies of the enclosed materials, please contact the Solicitation Agent by phone at (877) 276-7311 or via email to <u>efhvote@epiqsystems.com</u>.**

## <u>PLEASE SUBMIT YOUR BALLOT PROMPTLY!</u>

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

## EXHIBIT A

*Your Nominee may have checked a box below to indicate the EFH LBO Note to which this Ballot pertains, or otherwise provided that information to you on a label or schedule attached to the Ballot.*

**CLASS A6 — EFH LBO NOTE PRIMARY CLAIMS**
**CLASS B5 — EFH LBO NOTE GUARANTY CLAIMS**

| | BOND DESCRIPTION | CUSIP |
|---|---|---|
| ☐ | | |
| ☐ | | |
| ☐ | | |
| ☐ | | |
| ☐ | | |

**<u>Exhibit 2-F</u>**

**Form Ballot for Class A11**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**BALLOT FOR ACCEPTING OR REJECTING THE
FIRST AMENDED JOINT PLAN OF REORGANIZATION OF ENERGY FUTURE
HOLDINGS CORP., ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC,
AND THE EFH/EFIH DEBTORS PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS A11 - TCEH SETTLEMENT CLAIM**

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE DEBTORS' SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "SOLICITATION AGENT") AT (877) 276-7311 OR E-MAIL EFHVOTE@EPIQSYSTEMS.COM AND REFERENCE "EFH/EFIH" IN THE SUBJECT LINE.

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT. THIS BALLOT IS BEING SUBMITTED TO YOU TO SOLICIT YOUR VOTE TO THE DEBTORS' PLAN (INCLUDING THE RELEASES CONTAINED IN ARTICLE VIII OF THE PLAN).

- THIS BALLOT MUST BE **ACTUALLY RECEIVED** BY THE SOLICITATION AGENT BEFORE **4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 30, 2017** (THE "VOTING DEADLINE").

- IF THE COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

Energy Future Holdings Corp. ("EFH Corp."), certain of its direct and indirect subsidiaries (together with EFH Corp., the "EFH Debtors"),[2] Energy Future Intermediate Holding Company LLC ("EFIH"), and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors," and together with the EFH Debtors, the "EFH/EFIH Debtors") are

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] The other EFH Debtors are Ebasco Services of Canada Limited, EEC Holdings, Inc., EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Finance (No. 2) Holdings Company, EFH FS Holdings Company, EFH Renewables Company LLC, Generation Development Company LLC, LSGT Gas Company LLC, LSGT SACROC, Inc., NCA Development Company LLC, and TXU Receivables Company.

soliciting votes with respect to the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* (as may be modified, amended, or supplemented from time to time, the "<u>Plan</u>").

This ballot (the "<u>Ballot</u>") is being sent to you because records indicate that you are a TCEH Supporting First Lien Creditor as of **SEPTEMBER 6, 2017** (the "<u>Voting Record Date</u>"), and, accordingly, you may have a right to vote to accept or reject the Plan.  This Ballot may not be used for any purpose other than for submitting votes with respect to the Plan.

The *Disclosure Statement for the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* and all exhibits related thereto (as may be modified, amended, or supplemented from time to time, the "<u>EFH Disclosure Statement</u>") describe the rights and treatment for each Class.  The Plan and EFH Disclosure Statement are included in the packet you are receiving with this Ballot (collectively, the "<u>Solicitation Package</u>").

*You should carefully and thoroughly review the EFH Disclosure Statement and Plan before you vote to accept or reject the Plan.  You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.  Your Claim has been placed in Class A11 under the Plan.  Attached as an exhibit to the EFH Disclosure Statement is the EFH Disclosure Statement Order which contains the Solicitation Procedures which govern the solicitation and tabulation of votes to accept or reject the Plan.*

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 30, 2017.**

**Item 1.  Amount of Class A11 - TCEH Settlement Claim.**

For purposes of voting such Class A11 Claims, the undersigned hereby certifies that as of the **TCEH Effective Date** (as defined in the Plan), the undersigned was (i) a member of the TCEH First Lien Ad Hoc Committee and party to the Plan Support Agreement and (ii) the Holder of Class C3 - TCEH First Lien Secured Claim(s) in the following aggregate principal amount:

Claim Amount for Voting:[3]  $_____

**Item 2.  Vote of Class A11 - TCEH Settlement Claim.**

The Holder of the Claim set forth in Item 1 votes to:

<u>Check one box</u>:        ❑        Accept the Plan

                          ❑        Reject the Plan

---

[3]        For voting purposes only; subject to tabulation rules.

**ARTICLE VIII.D OF THE PLAN PROVIDES FOR THE FOLLOWING RELEASES BY HOLDERS OF CLAIMS AND INTERESTS (THE "<u>RELEASES</u>"):**

EXCEPT AS OTHERWISE PROVIDED IN THE PLAN, AS OF THE EFH EFFECTIVE DATE, EACH RELEASING PARTY IS DEEMED TO HAVE RELEASED AND DISCHARGED EACH DEBTOR, REORGANIZED EFH/EFIH DEBTOR, AND RELEASED PARTY FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, INCLUDING CLAIMS AND CAUSES OF ACTION IDENTIFIED, CLAIMED, OR RELEASED IN THE STANDING MOTIONS, THE LITIGATION LETTERS, OR THE DISINTERESTED DIRECTORS SETTLEMENT, AS WELL AS ALL OTHER CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED ON BEHALF OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS (INCLUDING DIVIDENDS PAID), TRANSACTIONS PURSUANT AND/OR RELATED TO THE MASTER SEPARATION AGREEMENT DATED DECEMBER 12, 2001, THE TCEH CREDIT AGREEMENT, THE TCEH FIRST LIEN NOTES, THE CASH COLLATERAL ORDER (AND ANY PAYMENTS OR TRANSFERS IN CONNECTION THEREWITH), THE TCEH FIRST LIEN INTERCREDITOR AGREEMENT, THE LIABILITY MANAGEMENT PROGRAM, THE TAX SHARING AGREEMENTS, THE 2007 ACQUISITION, THE MANAGEMENT AGREEMENT, THE 2009 AMENDMENT TO THE TCEH CREDIT AGREEMENT, THE 2011 AMEND AND EXTEND TRANSACTIONS, THE 2005 ONCOR TRANSFER, THE 2013 REVOLVER EXTENSION, THE LUMINANT MAKEWHOLE SETTLEMENT, THE TAX AND INTEREST MAKEWHOLE AGREEMENTS, THE TCEH INTERCOMPANY NOTES, THE SHARED SERVICES, ANY PREFERENCE OR AVOIDANCE CLAIM PURSUANT TO SECTIONS 544, 547, 548, AND 549 OF THE BANKRUPTCY CODE, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE NEE PLAN SUPPORT AGREEMENT, THE EFIH UNSECURED CREDITOR PLAN SUPPORT AGREEMENT, THE SEMPRA PLAN SUPPORT AGREEMENT, THE EFH/EFIH COMMITTEE SETTLEMENT, THE EFIH SETTLEMENT AGREEMENT, THE EFIH FIRST LIEN PRINCIPAL SETTLEMENT, THE ORIGINAL CONFIRMED PLAN, THE NEXTERA PLAN, OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING PROVIDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE EFH CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN SUPPORT AGREEMENT, THE NEE PLAN SUPPORT AGREEMENT, THE EFIH UNSECURED CREDITOR PLAN SUPPORT AGREEMENT, THE SEMPRA PLAN SUPPORT AGREEMENT, THE EFIH SETTLEMENT AGREEMENT, THE EFH/EFIH COMMITTEE SETTLEMENT, THE PIK SETTLEMENT (WHETHER TERMINATED PURSUANT TO ITS TERMS OR OTHERWISE) AND ANY DIRECTION TAKEN BY THE EFIH UNSECURED NOTES TRUSTEE IN CONNECTION THEREWITH (PRIOR TO TERMINATION), THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE EFH DISCLOSURE STATEMENT, THE TCEH DISCLOSURE STATEMENT, THE PLAN, THE TRANSACTION AGREEMENTS, THE DIP FACILITIES, THE CHAPTER 11 CASES, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE

4

ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, THE TRANSACTION AGREEMENTS, OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFH EFFECTIVE DATE RELATED OR RELATING TO THE FOREGOING.  NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE (I) ANY POST-EFH EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, (II) ANY RESTRUCTURING TRANSACTION, (III) ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, AND (IV) THE CLAIMS AND CAUSES OF ACTION SET FORTH IN SECTION 6.12 OF THE PARENT DISCLOSURE LETTER DELIVERED IN CONNECTION WITH THE NEE MERGER AGREEMENT; *PROVIDED, HOWEVER*, THAT SUCH CLAIMS AND CAUSES OF ACTION SET FORTH IN SECTION 6.12 OF SUCH PARENT DISCLOSURE LETTER DELIVERED IN CONNECTION WITH THE NEE MERGER AGREEMENT SHALL BE SUBJECT TO TREATMENT PURSUANT TO THE PLAN AND SHALL BE DISCHARGED AS SET FORTH IN ARTICLE VIII.A OF THE PLAN.  NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY CLAIMS OR CAUSES OF ACTION AGAINST ONE OR MORE OF NEXTERA AND ITS CURRENT AND FORMER SUBSIDIARIES (THE "NEE RELEASED PARTIES") RELATING TO THE PURSUIT OF APPROVAL OF THE TRANSACTIONS CONTEMPLATED IN THE ORIGINAL CONFIRMED PLAN (INCLUDING, FOR THE AVOIDANCE OF DOUBT, CLAIMS OR CAUSES OF ACTION REGARDING THE EFFECT OF THE FILING OF DOCKET NO. 7028 ON APPROVAL OF THE TRANSACTIONS CONTEMPLATED IN THE ORIGINAL CONFIRMED PLAN) OR CLAIMS OR CAUSES OF ACTION THAT MAY BE BROUGHT BY ONE OR MORE OF THE NEE RELEASED PARTIES AGAINST ANY PARTY WHO BRINGS A CLAIM OR CAUSE OF ACTION AGAINST THE NEE RELEASED PARTIES RELATING TO THE PURSUIT OF APPROVAL OF THE TRANSACTIONS CONTEMPLATED IN THE ORIGINAL CONFIRMED PLAN; *PROVIDED, HOWEVER,* FOR THE AVOIDANCE OF DOUBT, THAT ANY RELEASES SET FORTH ABOVE SOLELY TO THE EXTENT APPLICABLE PURSUANT TO THE TERMS SET FORTH ABOVE, SHALL APPLY TO THE NEE RELEASED PARTIES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, INDIVIDUAL EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH.  NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, AND FOR THE AVOIDANCE OF DOUBT, THE TCEH SETTLEMENT CLAIM SHALL BE TREATED, RELEASED, AND DISCHARGED ON THE EFH EFFECTIVE DATE.  FOR THE AVOIDANCE OF DOUBT, (I) THE RELEASING PARTIES PROVIDED THE RELEASE SET FORTH IN ARTICLE VIII.D OF THE PLAN FOR ALL CLAIMS AND CAUSES OF ACTION THAT RELATE TO THE TCEH DEBTORS, REORGANIZED TCEH DEBTORS, EFH SHARED SERVICES DEBTORS, REORGANIZED EFH SHARED SERVICES DEBTORS, OR ANY NON-DEBTOR AFFILIATE TO BE TRANSFERRED TO THE REORGANIZED TCEH DEBTORS, INCLUDING EFH PROPERTIES COMPANY, AS OF THE TCEH EFFECTIVE DATE; AND (II) THE RELEASING PARTIES SHALL PROVIDE THE RELEASE SET FORTH IN ARTICLE VIII.D OF THE PLAN FOR ALL CLAIMS AND CAUSES OF ACTION THAT RELATE TO THE EFH DEBTORS, REORGANIZED EFH DEBTORS, EFIH DEBTORS, OR REORGANIZED EFIH DEBTORS AS OF THE EFH EFFECTIVE DATE; *PROVIDED* THAT ANY AND ALL INTERCOMPANY CLAIMS (OTHER THAN THE TCEH SETTLEMENT CLAIM) HELD BY OR HELD AGAINST THE TCEH DEBTORS, REORGANIZED TCEH DEBTORS, EFH SHARED SERVICES DEBTORS,

**REORGANIZED EFH SHARED SERVICES DEBTORS, OR ANY NON-DEBTOR AFFILIATE TO BE TRANSFERRED TO THE REORGANIZED TCEH DEBTORS, INCLUDING EFH PROPERTIES COMPANY, WERE RELEASED AS OF THE TCEH EFFECTIVE DATE.**

**IMPORTANT INFORMATION REGARDING THE RELEASES:**

UNDER THE PLAN, "*RELEASING PARTIES*" MEANS, COLLECTIVELY, AND IN EACH CASE ONLY IN ITS CAPACITY AS SUCH:  (A) THE EFH/EFIH PLAN SUPPORTERS; (B) EFH MERGER SUB; (C) INTERMEDIARY HOLDCO; (D) PARENT; (E) THE PLAN SPONSOR; (F) THE BACKSTOP PARTIES; (G) HOLDERS OF TCEH FIRST LIEN CLAIMS; (H) HOLDERS OF TCEH SECOND LIEN NOTE CLAIMS; (I) HOLDERS OF TCEH UNSECURED NOTE CLAIMS; (J) HOLDERS OF EFH LEGACY NOTE CLAIMS; (K) HOLDERS OF EFH UNEXCHANGED NOTE CLAIMS; (L) HOLDERS OF EFH LBO NOTE PRIMARY CLAIMS; (M) HOLDERS OF EFIH UNSECURED NOTE CLAIMS; (N) HOLDERS OF EFH LBO NOTE GUARANTY CLAIMS; (O) THE DIP LENDERS; (P) THE TCEH FIRST LIEN AGENT; (Q) THE INDENTURE TRUSTEES; (R) THE DEALER MANAGERS; (S) TEF; (T) TEXAS HOLDINGS; (U) ONCOR; (V) FUNDS AND ACCOUNTS MANAGED OR ADVISED BY KOHLBERG KRAVIS ROBERTS & CO., L.P., TPG CAPITAL, L.P. OR GOLDMAN, SACHS & CO. THAT HOLD DIRECT OR INDIRECT INTERESTS IN TEXAS HOLDINGS, TEF, OR EFH CORP.; (W) THE COMMITTEES AND EACH OF THEIR RESPECTIVE MEMBERS; (X) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE TCEH DEBTORS OTHER THAN EFCH; (Y) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFCH; (Z) HOLDERS OF EFIH FIRST LIEN NOTE CLAIMS; (AA) HOLDERS OF EFIH SECOND LIEN NOTE CLAIMS; (BB) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFIH DEBTORS; (CC) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFH CORP.; (DD) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFH DEBTORS OTHER THAN EFH CORP.; (EE) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFH SHARED SERVICES DEBTORS; (FF) ALL HOLDERS OF CLAIMS AND INTERESTS THAT ARE DEEMED TO ACCEPT THE PLAN; (GG) ALL HOLDERS OF CLAIMS AND INTERESTS WHO VOTE TO ACCEPT THE PLAN; (HH) ALL HOLDERS IN VOTING CLASSES WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (II) THE ORIGINAL PLAN SPONSORS; (JJ) OV2; (KK) ANY AGENT UNDER THE EXIT FACILITIES; (LL) THE ROLLOVER TRUST TRUSTEE; (MM) THE NON-ROLLOVER TRUST TRUSTEE; (NN) WITH RESPECT TO EACH OF THE DEBTORS (AND, PRIOR TO THE TCEH EFFECTIVE DATE, THE TCEH DEBTORS AND THE EFH SHARED SERVICES DEBTORS), THE REORGANIZED TCEH DEBTORS, THE REORGANIZED EFH SHARED SERVICES DEBTORS, AND THE REORGANIZED EFH/EFIH DEBTORS, AND EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (MM), SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND EACH OF THEIR RESPECTIVE CURRENT AND FORMER EQUITY HOLDERS, OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH; AND (OO) ALL HOLDERS OF CLAIMS AND INTERESTS, SOLELY WITH RESPECT TO RELEASES OF ALL HOLDERS OF INTERESTS IN EFH CORP. AND THEIR CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR AFFILIATES' CURRENT AND FORMER EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND THEIR CURRENT AND FORMER OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH.

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH ABOVE.

**Item 4.  Certifications.**

Upon execution of this Ballot, the undersigned certifies that:

a.      as of the TCEH Effective Date, the undersigned was the Holder of Claims set forth in Item 1 above and/or it has full power and authority to vote to accept or reject the Plan;

b.      the Holder has received a copy of the EFH Disclosure Statement, the Plan, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c.      the Holder has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

d.      the Holder has cast the same vote with respect to all of the Holder's claims in this Class;

e.      the Holder understands and acknowledges that if multiple Ballots are submitted voting the same claim, only the last properly completed Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent; and

f.      the Holder understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Holder and shall not be affected by, and shall survive, the death or incapacity of the Holder.

*[Remainder of page intentionally left blank.]*

**Item 5. Claim Holder Information and Signature.**

Name of Claim Holder:_____
<div align="center">(*print or type*)</div>

Signature:_____

Name of Signatory:_____
<div align="center">(*if other than Claim Holder*)</div>

If by Authorized Agent, Title of Agent: _____

Address:_____

_____

_____

Date Completed:_____

<div align="center">

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT PROMPTLY
IN THE RETURN ENVELOPE PROVIDED OR AS FOLLOWS:**

</div>

| If by First Class Mail to: | If by Overnight Courier or Personal Delivery: |
|---|---|
| EFH/EFIH Ballot Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>P.O. Box 4422<br>Beaverton, OR 97076-4422 | EFH/EFIH Ballot Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>10300 SW Allen Boulevard<br>Beaverton, OR 97005 |

<div align="center">

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING DEADLINE, WHICH IS
4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 30, 2017.**

**BALLOTS RECEIVED VIA EMAIL OR FACSIMILE WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS,
PLEASE CALL THE DEBTORS' SOLICITATION AGENT,
EPIQ BANKRUPTCY SOLUTIONS, LLC, AT (877) 276-7311 OR EMAIL
EFHVOTE@EPIQSYSTEMS.COM AND REFERENCE "EFH/EFIH" IN THE SUBJECT LINE.**

*[Remainder of page intentionally left blank.]*

</div>

## VOTING INSTRUCTIONS FOR CLASS A11 - TCEH SETTLEMENT CLAIM

1.  As described in the Disclosure Statement, the Debtors are soliciting the votes of Holders of Claims in Voting Classes with respect to the Plan referred to in the EFH Disclosure Statement. The Plan and EFH Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan. **PLEASE READ THE PLAN AND THE EFH DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.** You may wish to seek legal advice concerning the Plan and the treatment of your claim or claims under the Plan.

2.  The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.

3.  To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) sign and return the Ballot so that it is actually received by the Voting Deadline. **Ballots will not be accepted by email, facsimile or other electronic means.**

4.  The time by which a Ballot is **actually received** by the Solicitation Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline. **The Voting Deadline is October 30, 2017, at 4:00 p.m., prevailing Eastern Time**.

5.  If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by applicable law or court order. In all cases, Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors. A Ballot will not be counted unless received by the Solicitation Agent.

6.  The Holder understands and acknowledges that if multiple Ballots are submitted voting the same claim, only the last properly completed Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent.

7.  If a Holder holds a Claim or Interest, as applicable, in a Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such Holder or Nominee has a Claim or Interest, as applicable, in that Voting Class.

8.  If a voter simultaneously casts inconsistent duplicate Ballots, with respect to the same Claim, such Ballots shall not be counted.

9.  The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto. Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

10. The Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim or Interest; or (b) an assertion or admission with respect to any Claim or Interest.

11. Please be sure to sign and date your Ballot. If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

12. You must vote your entire Claim in a Class to either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

13.     Any Ballot that is properly completed, executed and timely returned to the Debtors that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

14.     The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Claim Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and/or (e) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

15.     If you hold Claims or Interests in more than one Class under the Plan or for different Claims within a Class you may receive more than one Ballot.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you receive.

16.     If a Claim for which a Proof of Claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated, or contingent or disputed (as determined (i) on the face of your Claim, (ii) pursuant to the Plan, or (iii) after a reasonable review of the supporting documentation by the Debtors or the Solicitation Agent) and such Claim has not been allowed, your Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00; *provided*, that with respect to (iii), any such determinations will be documented in the Voting Report.

17.     For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor in a particular Class will be aggregated and treated as if such Creditor held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided*, *however*, that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such Creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

## **PLEASE SUBMIT YOUR BALLOT PROMPTLY!**

**If you have any questions regarding this Ballot, or if you did not receive a copy of the EFH Disclosure Statement or Plan, or if you need additional copies of the enclosed materials, please contact the Solicitation Agent by phone at (877) 276-7311 or via email to efhvote@epiqsystems.com and reference "EFH/EFIH" in the subject line.**

## **EXHIBIT 3**

**Cover Letter to Holders of Claims and Interests**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) |
|  | )  Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | )  Case No. 14-10979 (CSS) |
|  | ) |
| Debtors. | )  Jointly Administered |
|  | ) |
|  | ) |

**TO:    ALL HOLDERS OF CLAIMS AND INTERESTS AGAINST THE EFH/EFIH DEBTORS ENTITLED TO VOTE ON THE PLAN:**

Energy Future Holdings Corp. and its affiliated debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court") on April 29, 2014.

You have received this letter and the enclosed materials because you are entitled to vote on the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. _____] (as may be modified, amended, or supplemented from time to time, the "Plan").[2]

Energy Future Holdings Corp. ("EFH Corp."), certain of its direct and indirect subsidiaries (together with EFH Corp., the "EFH Debtors"),[3] Energy Future Intermediate Holding Company LLC ("EFIH"), and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors," and the EFH Debtors together with the EFIH Debtors, the "EFH/EFIH Debtors") have approved the filing of the Plan and the solicitation of votes to accept the Plan.  The EFH/EFIH Debtors believe that the acceptance of the Plan is in the best interests of their estates, holders of Claims and Interests against the EFH/EFIH Debtors, and all other parties in interest.  Moreover, the EFH/EFIH Debtors believe that any alternative other than Confirmation of the Plan could result in extensive delays and increased administrative expenses, which, in turn, would likely result in smaller distributions (or

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan.

[3]    The other EFH Debtors are Ebasco Services of Canada Limited, EEC Holdings, Inc., EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Finance (No. 2) Holdings Company, EFH FS Holdings Company, EFH Renewables Company LLC, Generation Development Company LLC, LSGT Gas Company LLC, LSGT SACROC, Inc., NCA Development Company LLC, and TXU Receivables Company.

no distributions) on account of Claims and Interests against the EFH/EFIH Debtors asserted in these Chapter 11 Cases.

> **THE EFH/EFIH DEBTORS STRONGLY URGE YOU TO
> PROPERLY AND TIMELY CAST YOUR BALLOT TO ACCEPT THE PLAN.**

Previously, you may have been entitled to vote, and you may have voted, in connection with the Debtors' *Fourth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et. al., Pursuant to Chapter 11 of the Bankruptcy Code*, as it applied to the EFH Debtors and the EFIH Debtors or, with respect to Holders of claims in Class B3, Class B4, and Class B6, the Debtors' *Eighth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et. al., Pursuant to Chapter 11 of the Bankruptcy Code*, as it applied to the EFH Debtors and the EFIH Debtors (each, the "NextEra Plan").  **ANY VOTE YOU MADE IN CONNECTION WITH THE NEXTERA PLAN OR ANY PLAN IN THESE CHAPTER 11 CASES WILL NOT COUNT AS TO THE PLAN. YOU MUST SEPARATELY VOTE FOR OR AGAINST THE PLAN.**

On [_____], 2017, the Court entered an order [D.I. _____] (the "EFH Disclosure Statement Order"):  (a) authorizing the EFH/EFIH Debtors to solicit acceptances to the Plan; (b) approving the *Disclosure Statement for the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code*, including all exhibits and schedules thereto [D.I. _____] (as may be modified, amended, or supplemented from time to time, the "EFH Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan; and (e) establishing notice and objection procedures for confirmation of the Plan.

In addition to this cover letter, the enclosed materials comprise your Solicitation Package, and were approved by the Court for distribution to Holders of Claims and Interests against the EFH/EFIH Debtors.  The Solicitation Package consists of the following:

a.      this Cover Letter explaining the solicitation process and urging Holders of Claims and Interests against the EFH/EFIH Debtors in the Voting Classes to accept the Plan;

b.      the cover letter from the EFH/EFIH Committee;

c.      the EFH Disclosure Statement, as approved by the Court (with all exhibits, including the Plan);

d.      the EFH Disclosure Statement Order (without exhibits included except for the Solicitation Procedures approved by the Court, attached thereto as Exhibit 6);

e.      the notice of the hearing to consider confirmation of the Plan; and

       f.      a Ballot (together with detailed voting instructions and a postage prepaid return envelope).

The materials in the Solicitation Package are intended to be self-explanatory.  If you should have any questions or if you would like to obtain additional solicitation materials (or paper copies of solicitation materials if you received a CD-ROM), please feel free to contact the Debtors' Solicitation Agent, by:  (a) calling the Debtors' restructuring hotline at (877) 276-7311; (b) visiting the Debtors' restructuring website at: http://www.efhcaseinfo.com; and/or (c) email to efhvote@epiqsystems.com and reference "EFH/EFIH" in the subject line.  You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.    Please be advised that the Solicitation Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may **not** advise you as to whether you should vote to accept or reject the Plan.

<u>**Exhibit 4**</u>

**EFH Confirmation Hearing Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**NOTICE OF HEARING TO CONSIDER
CONFIRMATION OF THE CHAPTER 11 PLAN
AND RELATED VOTING AND OBJECTION DEADLINES**

**PLEASE TAKE NOTICE THAT**, on [_____], 2017, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [D.I. _____] (the "EFH Disclosure Statement Order"):  (a) authorizing Energy Future Holdings Corp. ("EFH Corp."), certain of its direct and indirect subsidiaries (together with EFH Corp., the "EFH Debtors"),[2] Energy Future Intermediate Holding Company LLC ("EFIH"), and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors," and together with the EFH Debtors, the "EFH/EFIH Debtors") to solicit acceptances to the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. ____] (as may be modified, amended, or supplemented from time to time, the "Plan");[3] (b) approving the *Disclosure Statement for the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code*, including all exhibits and schedules thereto [D.I. ___] (as may be modified, amended, or supplemented from time to time, the "EFH Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving and tabulating votes on the Plan; and (e) establishing notice and objection procedures for confirmation of the Plan.

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    The other EFH Debtors are Ebasco Services of Canada Limited, EEC Holdings, Inc., EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Finance (No. 2) Holdings Company, EFH FS Holdings Company, EFH Renewables Company LLC, Generation Development Company LLC, LSGT Gas Company LLC, LSGT SACROC, Inc., NCA Development Company LLC, and TXU Receivables Company.

[3]    Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "<u>EFH Confirmation Hearing</u>") will commence at **a time and date to be determined**, before The Honorable Christopher S. Sontchi, in the United States Bankruptcy Court for the District of Delaware, located at 824 North Market Street, Fifth Floor, Courtroom 6, Wilmington, Delaware 19801.  Upon such time that the EFH Confirmation Hearing is scheduled, a supplemental notice of hearing shall be provided, in accordance with the EFH Disclosure Statement Order.

<div style="border:1px solid">

**PLEASE BE ADVISED**:  THE EFH CONFIRMATION HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE COURT OR THE EFH/EFIH DEBTORS *WITHOUT FURTHER NOTICE* OTHER THAN BY SUCH ADJOURNMENT BEING ANNOUNCED IN OPEN COURT OR BY A NOTICE OF ADJOURNMENT FILED WITH THE COURT AND SERVED ON ALL PARTIES ENTITLED TO NOTICE.

</div>

## CRITICAL INFORMATION REGARDING VOTING ON THE PLAN

**Voting Record Date**.  The voting record date is **September 6, 2017 (**the "<u>Voting Record Date</u>"), which was the date for determining which holders of Claims or Interests, as applicable, against the EFH/EFIH Debtors in Classes A4, A5, A6, A7, A8, A9, A10, A11, B5, and B6 are entitled to vote on the Plan.

**Voting Deadline**.  The deadline for voting on the Plan is **4:00 p.m. (prevailing Eastern Time) on October 30, 2017** (the "<u>Voting Deadline</u>").  If you received a Solicitation Package, including a Ballot and intend to vote on the Plan you **must**:  (a) follow the instructions carefully; (b) complete *all* of the required information on the ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is **actually received** by the EFH/EFIH Debtors' solicitation agent, Epiq Bankruptcy Solutions, LLC (the "<u>Solicitation Agent</u>") on or before the Voting Deadline.  **Failing to follow such instructions may disqualify your vote**.

## CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN

<div style="border:1px solid">

<u>ARTICLE VIII</u> OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.D. CONTAINS A THIRD-PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

</div>

**Plan Objection Deadline**.  The deadline for filing preliminary objections to the Plan is **October 30, 2017** (the "<u>Preliminary Plan Objection Deadline</u>"); the deadline to file final objections to the Plan will be determined at a later date, but in no event shall such objection deadline occur later than **December 19, 2017** (the "<u>Final Plan Objection Deadline</u>").  Only those parties who file an objection to the Plan on or before the Preliminary Plan Objection Deadline shall be permitted to file a final objection to the Plan, unless otherwise ordered by the Bankruptcy Court. All objections to the relief sought at the EFH Confirmation Hearing must:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed

modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before the Preliminary Plan Objection Deadline and the Final Plan Objection Deadline, as applicable:

| | |
|---|---|
| **KIRKLAND & ELLIS LLP** <br> Attn: Edward O. Sassower, P.C. <br> Attn: Stephen E. Hessler, P.C. <br> Attn: Brian E. Schartz, Esq. <br> Attn:  Aparna Yenamandra, Esq. <br> 601 Lexington Avenue <br> New York, NY 10022 <br><br> Attn: James H.M. Sprayregen, P.C. <br> Attn: Marc Kieselstein, P.C. <br> Attn: Chad J. Husnick, P.C. <br> Attn: Steven N. Serajeddini, Esq. <br> 300 North LaSalle <br> Chicago, IL 60654 | **RICHARDS, LAYTON & FINGER, P.A.** <br> Attn: Mark D. Collins, Esq. <br> Attn: Daniel J. DeFranceschi, Esq. <br> Attn: Jason M. Madron, Esq. <br> 920 North King Street <br> Wilmington, DE 19801 |
| *Co-Counsel to the Debtors* | |
| **PROSKAUER ROSE LLP.** <br> Attn: Mark K Thomas, Esq. <br> Attn: Peter J. Young, Esq. <br> Three First National Plaza <br> 70 W. Madison Street, Suite 3800 <br> Chicago, IL 60602 | **BIELLI & KLAUDER, LLP** <br> Attn: David M. Klauder, Esq. <br> 1204 N. King Street <br> Wilmington, DE 19801 |
| *Co-Counsel to Energy Future Holdings Corp.* | |
| **CRAVATH, SWAIN, & MOORE LLP** <br> Attn: Michael A Paskin, Esq. <br> Worldwide Plaza <br> 825 Eighth Ave <br> New York, NY 10019-7475 <br><br> **JENNER & BLOCK LLP** <br> Attn: Richard Levin, Esq. <br> 919 Third Ave <br> New York, NY 10022-3908 | **STEVENS & LEE, P.C.** <br> Attn: Joseph H. Huston, Jr. <br> 919 Market Street, Suite 1300 <br> Wilmington, DE 19801 |
| *Co-Counsel to Energy Future Intermediate Holding Company LLC* | |
| **THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE** <br> Attn: Richard L. Schepacarter, Esq. <br> Attn: Andrea B. Schwartz, Esq. <br> 844 King Street, Suite 2207 <br> Wilmington, DE 19801 | |
| **SULLIVAN & CROMWELL LLP** <br> Attn: Andrew G. Dieterich, Esq. <br> Attn: Brian D. Glueckstein, Esq. <br> Attn: Michael H. Torkin, Esq. <br> 125 Broad Street <br> New York, NY 10004 | **MONTGOMERY, MCCRACKEN, WALKER, & RHOADS LLP** <br> Attn: Natalie D. Ramsey, Esq. <br> Attn: Davis Lee Wright, Esq. <br> Attn: Mark A. Fink, Esq. <br> 1105 N. Market Street, 15th Floor <br> Wilmington, DE 19801 |
| *Co-Counsel to the EFH Creditors' Committee* | |

## ADDITIONAL INFORMATION

**Obtaining Solicitation Materials**. The materials in the Solicitation Package are intended to be self-explanatory. If you should have any questions or if you would like to obtain additional solicitation materials (or paper copies of solicitation materials if you received a CD-ROM), please feel free to contact the Debtors' Solicitation Agent, by: (a) calling the Debtors' restructuring hotline at (877) 276-7311; (b) visiting the Debtors' restructuring website at: http://www.efhcaseinfo.com; and/or (c) email to efhvote@epiqsystems.com and reference "EFH/EFIH" in the subject line. You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov. Please be advised that the Solicitation Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may **not** advise you as to whether you should vote to accept or reject the Plan.

**Filing the Plan Supplement**. The Debtors will file the Plan Supplement (as defined in the Plan) no later than **October 20, 2017**, or such later date as may be approved by the Bankruptcy Court and will serve notice on all holders of Claims and Interests entitled to vote on the Plan, which will: (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement.

---

**BINDING NATURE OF THE PLAN**:
**IF CONFIRMED, THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS AND INTERESTS AGAINST THE EFH/EFIH DEBTORS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM IN THE CHAPTER 11 CASES OR FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR VOTED TO REJECT THE PLAN.**

---

Dated: [_____], 2017
       Wilmington, Delaware

*/s/ DRAFT*_____

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Email:        collins@rlf.com
              defranceschi@rlf.com
              madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Email:        edward.sassower@kirkland.com
              stephen.hessler@kirkland.com
              brian.schartz@kirkland.com
              aparna.yenamandra@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Email:        james.sprayregen@kirkland.com
              marc.kieselstein@kirkland.com
              chad.husnick@kirkland.com
              steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

## **EXHIBIT 5-A**

**Notice of Non-Voting Status (Unimpaired)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) |

## NOTICE OF NON-VOTING STATUS TO HOLDERS
## OF UNIMPAIRED CLAIMS AND EQUITY INTERESTS AGAINST
## THE EFH/EFIH DEBTORS CONCLUSIVELY PRESUMED TO ACCEPT THE PLAN

**PLEASE TAKE NOTICE THAT** on [_____], 2017, the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") entered an order [D.I. ___] (the "<u>EFH Disclosure Statement Order</u>"): (a) authorizing Energy Future Holdings Corp. ("<u>EFH Corp.</u>"), certain of its direct and indirect subsidiaries (together with EFH Corp., the "<u>EFH Debtors</u>"),[2] Energy Future Intermediate Holding Company LLC ("<u>EFIH</u>"), and EFIH Finance, Inc. (together with EFIH, the "<u>EFIH Debtors</u>," and together with the EFH Debtors, the "<u>EFH/EFIH Debtors</u>") to solicit acceptances to the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. ___] (as may be modified, amended, or supplemented from time to time, the "<u>Plan</u>");[3] (b) approving the *Disclosure Statement for the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code*, including all exhibits and schedules thereto [D.I. ___] (as may be modified, amended, or supplemented from time to time, the "<u>EFH Disclosure Statement</u>") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]   The other EFH Debtors are Ebasco Services of Canada Limited, EEC Holdings, Inc., EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Finance (No. 2) Holdings Company, EFH FS Holdings Company, EFH Renewables Company LLC, Generation Development Company LLC, LSGT Gas Company LLC, LSGT SACROC, Inc., NCA Development Company LLC, and TXU Receivables Company.

[3]   Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan.

solicitation materials and documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving and tabulating votes on the Plan; and (e) establishing notice and objection procedures for confirmation of the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim or Interest under the Plan, ***you are not entitled to vote on the Plan***.  Specifically, under the terms of the Plan, as a holder of a Claim or Interest (as currently asserted against the EFH Debtors or EFIH Debtors) that is not Impaired and conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, you are **not** entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "EFH Confirmation Hearing") will commence at **a time and date to be determined**, before the Honorable Christopher S. Sontchi, in the United States Bankruptcy Court for the District of Delaware, located at 824 North Market Street, Fifth Floor, Courtroom 6, Wilmington, Delaware 19801.

**Plan Objection Deadline**.  The deadline for filing preliminary objections to the Plan is **October 30, 2017** (the "Preliminary Plan Objection Deadline"); the deadline to file final objections to the Plan will be determined but in no event later than **December 19, 2017** (the "Final Plan Objection Deadline").  Only those parties who file an objection to the Plan on or before the Preliminary Plan Objection Deadline shall be permitted to file a final objection to the Plan, unless otherwise ordered by the Bankruptcy Court.  All objections to the relief sought at the EFH Confirmation Hearing must:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually** **received** on or before the Preliminary Plan Objection Deadline and the Final Plan Objection Deadline, as applicable:

| | |
|---|---|
| **KIRKLAND & ELLIS LLP** | **RICHARDS, LAYTON & FINGER, P.A.** |
| Attn: Edward O. Sassower, P.C. | Attn: Mark D. Collins, Esq. |
| Attn: Stephen E. Hessler, P.C. | Attn: Daniel J. DeFranceschi, Esq. |
| Attn: Brian E. Schartz, Esq. | Attn: Jason M. Madron, Esq. |
| Attn: Aparna Yenamandra, Esq. | 920 North King Street |
| 601 Lexington Avenue | Wilmington, Delaware 19801 |
| New York, New York 10022 | |
| | |
| Attn: James H.M. Sprayregen, P.C. | |
| Attn: Marc Kieselstein, P.C. | |
| Attn: Chad J. Husnick, P.C. | |
| Attn: Steven N. Serajeddini, Esq. | |
| 300 North LaSalle | |
| Chicago, Illinois 60654 | |
| | |
| *Co-Counsel to the Debtors* | |

| | |
|---|---|
| **PROSKAUER ROSE LLP.**<br>Attn: Mark K Thomas, Esq.<br>Attn: Peter J. Young, Esq.<br>Three First National Plaza<br>70 W. Madison ST STE 3800<br>Chicago, IL 60602 | **BIELLI & KLAUDER, LLP**<br>Attn: David M. Klauder, Esq.<br>1204 N. King Street<br>Wilmington, DE 19801 |

*Co-Counsel to Energy Future Holdings Corp.*

| | |
|---|---|
| **CRAVATH, SWAIN, & MOORE LLP**<br>Attn: Michael A Paskin, Esq.<br>Worldwide Plaza<br>825 Eighth Ave<br>New York, NY 10019-7475<br><br>**JENNER & BLOCK LLP**<br>Attn: Richard Levin, Esq.<br>919 Third Ave<br>New York, NY 10022-3908 | **STEVENS & LEE, P.C.**<br>Attn: Joseph H. Huston, Jr.<br>919 Market Street, Suite 1300<br>Wilmington, DE 19801 |

*Co-Counsel to Energy Future Intermediate Holding Company LLC*

**THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**
Attn: Richard L. Schepacarter, Esq.
Attn: Andrea B. Schwartz, Esq.
844 King Street, Suite 2207
Wilmington, Delaware  19801

| | |
|---|---|
| **SULLIVAN & CROMWELL LLP**<br>Attn: Andrew G. Dietderich, Esq.<br>Attn: Brian D. Glueckstein, Esq.<br>Attn: Michael H. Torkin, Esq.<br>125 Broad St.<br>New York, NY 10004 | **MONTGOMERY, MCCRACKEN, WALKER, &<br>RHOADS LLP**<br>Attn: Natalie D. Ramsey, Esq.<br>Attn: Davis Lee Wright, Esq.<br>Attn: Mark A. Fink, Esq.<br>1105 N. Market St 15th FL<br>Wilmington, DE 19801 |

*Co-Counsel to the EFH Creditors' Committee*

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the EFH Disclosure Statement, the Plan, the Plan Supplement or related documents, you should contact Epiq Bankruptcy Solutions, LLC, the Solicitation Agent retained by the Debtors in these Chapter 11 Cases, by:   (a) calling the Debtors' restructuring hotline at (877) 276-7311; (b) visiting the Debtors' restructuring website at: http://www.efhcaseinfo.com; and/or (c) email to efhvote@epiqsystems.com and reference "EFH/EFIH" in the subject line.   You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

<u>ARTICLE VIII</u> OF THE PLAN CONTAINS RELEASE, EXCULPATION
AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.D. CONTAINS A THIRD-
PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE
PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.
IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN
OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN
ADDITIONAL INFORMATION, CONTACT EPIQ BANKRUPTCY SOLUTIONS, LLC.**

[*Remainder of page intentionally left blank.*]

Wilmington, Delaware
Dated: [_____], 2017

*DRAFT*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:      (302) 651-7700
Facsimile:      (302) 651-7701
Email:          collins@rlf.com
                defranceschi@rlf.com
                madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          edward.sassower@kirkland.com
                stephen.hessler@kirkland.com
                brian.schartz@kirkland.com
                aparna.yenamandra@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          james.sprayregen@kirkland.com
                marc.kieselstein@kirkland.com
                chad.husnick@kirkland.com
                steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

**EXHIBIT 5-B**

**Notice of Non-Voting Status (Impaired)**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |

## NOTICE OF NON-VOTING STATUS TO HOLDERS OF IMPAIRED CLAIMS AND EQUITY INTERESTS AGAINST THE EFH/EFIH DEBTORS DEEMED TO REJECT THE PLAN

**PLEASE TAKE NOTICE THAT** on [____], 2017, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [D.I. ____] (the "EFH Disclosure Statement Order"):  (a) authorizing Energy Future Holdings Corp. ("EFH Corp."), certain of its direct and indirect subsidiaries (together with EFH Corp., the "EFH Debtors"),[2] Energy Future Intermediate Holding Company LLC ("EFIH"), and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors," and together with the EFH Debtors, the "EFH/EFIH Debtors") to solicit acceptances to the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. ____] (as may be modified, amended, or supplemented from time to time, the "Plan");[3] (b) approving the *Disclosure Statement for the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code*, including all exhibits and schedules thereto [D.I. ____] (as may be modified, amended, or supplemented from time to time, the "EFH Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; (d) approving

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]   The other EFH Debtors are Ebasco Services of Canada Limited, EEC Holdings, Inc., EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Finance (No. 2) Holdings Company, EFH FS Holdings Company, EFH Renewables Company LLC, Generation Development Company LLC, LSGT Gas Company LLC, LSGT SACROC, Inc., NCA Development Company LLC, and TXU Receivables Company.

[3]   Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan.

procedures for soliciting, receiving and tabulating votes on the Plan; and (e) establishing notice and objection procedures for confirmation of the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim or Interest under the Plan, ***you are not entitled to vote on the Plan***. Specifically, under the terms of the Plan, as a holder of a Claim or Interest (as currently asserted against the EFH Debtors or EFIH Debtors) that is Impaired and deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code, you are **not** entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "EFH Confirmation Hearing") will commence at **a time and date to be determined**, before the Honorable Christopher S. Sontchi, in the United States Bankruptcy Court for the District of Delaware, located at 824 North Market Street, Fifth Floor, Wilmington, Delaware 19801.

**Plan Objection Deadline**. The deadline for filing preliminary objections to the Plan is **October 30, 2017** (the "Preliminary Plan Objection Deadline"); the deadline to file final objections to the Plan will be determined but in no event later than **December 19, 2017** (the "Final Plan Objection Deadline"). Only those parties who file an objection to the Plan on or before the Preliminary Plan Objection Deadline shall be permitted to file a final objection to the Plan, unless otherwise ordered by the Bankruptcy Court. All objections to the relief sought at the EFH Confirmation Hearing must: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before the Preliminary Plan Objection Deadline and the Final Plan Objection Deadline, as applicable:

| | |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>Attn: Edward O. Sassower, P.C.<br>Attn: Stephen E. Hessler, P.C.<br>Attn: Brian E. Schartz, Esq.<br>Attn: Aparna Yenamandra, Esq.<br>601 Lexington Avenue<br>New York, New York 10022<br><br>Attn: James H.M. Sprayregen, P.C.<br>Attn: Marc Kieselstein, P.C.<br>Attn: Chad J. Husnick, P.C.<br>Attn: Steven N. Serajeddini, Esq.<br>300 North LaSalle<br>Chicago, Illinois 60654 | **RICHARDS, LAYTON & FINGER, P.A.**<br>Attn: Mark D. Collins, Esq.<br>Attn: Daniel J. DeFranceschi, Esq.<br>Attn: Jason M. Madron, Esq.<br>920 North King Street<br>Wilmington, Delaware 19801 |
| *Co-Counsel to the Debtors* | |
| **PROSKAUER ROSE LLP.**<br>Attn: Mark K Thomas, Esq.<br>Attn: Peter J. Young, Esq.<br>Three First National Plaza<br>70 W. Madison ST STE 3800<br>Chicago, IL 60602 | **BIELLI & KLAUDER, LLP**<br>Attn: David M. Klauder, Esq.<br>1204 N. King Street<br>Wilmington, DE 19801 |
| *Co-Counsel to Energy Future Holdings Corp.* | |

| | |
|---|---|
| **CRAVATH, SWAIN, & MOORE LLP**<br>Attn: Michael A Paskin, Esq.<br>Worldwide Plaza<br>825 Eighth Ave<br>New York, NY 10019-7475 | **STEVENS & LEE, P.C.**<br>Attn: Joseph H. Huston, Jr.<br>919 Market Street, Suite 1300<br>Wilmington, DE 19801 |
| **JENNER & BLOCK LLP**<br>Attn: Richard Levin, Esq.<br>919 Third Ave<br>New York, NY 10022-3908 | |

*Co-Counsel to Energy Future Intermediate Holding Company LLC*

**THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**
Attn: Richard L. Schepacarter, Esq.
Attn: Andrea B. Schwartz, Esq.
844 King Street, Suite 2207
Wilmington, Delaware  19801

| | |
|---|---|
| **SULLIVAN & CROMWELL LLP**<br>Attn: Andrew G. Dietderich, Esq.<br>Attn: Brian D. Glueckstein, Esq.<br>Attn: Michael H. Torkin, Esq.<br>125 Broad St.<br>New York, NY 10004 | **MONTGOMERY, MCCRACKEN, WALKER, & RHOADS LLP**<br>Attn: Natalie D. Ramsey, Esq.<br>Attn: Davis Lee Wright, Esq.<br>Attn: Mark A. Fink, Esq.<br>1105 N. Market St 15th FL<br>Wilmington, DE 19801 |

*Co-Counsel to the EFH Creditors' Committee*

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the EFH Disclosure Statement, the Plan, the Plan Supplement or related documents, you should contact Epiq Bankruptcy Solutions, LLC, the Solicitation Agent retained by the Debtors in these Chapter 11 Cases, by:  (a) calling the Debtors' restructuring hotline at (877) 276-7311; (b) visiting the Debtors' restructuring website at: http://www.efhcaseinfo.com; and/or (c) email to efhvote@epiqsystems.com and reference "EFH/EFIH" in the subject line.  You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.D. CONTAINS A THIRD-PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT EPIQ BANKRUPTCY SOLUTIONS, LLC.**

Wilmington, Delaware
Dated: [_____], 2017

*DRAFT*

**RICHARDS, LAYTON & FINGER, P.A.**

Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:        (302) 651-7700
Facsimile:        (302) 651-7701
Email:            collins@rlf.com
                  defranceschi@rlf.com
                  madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**

Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900
Email:            edward.sassower@kirkland.com
                  stephen.hessler@kirkland.com
                  brian.schartz@kirkland.com
                  aparna.yenamandra@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:        (312) 862-2000
Facsimile:        (312) 862-2200
Email:            james.sprayregen@kirkland.com
                  marc.kieselstein@kirkland.com
                  chad.husnick@kirkland.com
                  steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

**Exhibit 6**

**Solicitation Procedures**

## SOLICITATION PROCEDURES

The following procedures (the "Solicitation Procedures") will govern the solicitation and tabulation of votes to accept or reject the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. ____] (as may be modified, amended, or supplemented from time to time, the "Plan"), which applies to Energy Future Holdings Corp. ("EFH Corp."), certain of its direct and indirect subsidiaries (together with EFH Corp., the "EFH Debtors"),[1] Energy Future Intermediate Holding Company LLC ("EFIH"), and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors" and the EFIH Debtors, together with the EFH Debtors, collectively, the "EFH/EFIH Debtors").

These Solicitation Procedures comprise a material part of the *Disclosure Statement for the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code*, dated [____], 2017 (as may be modified, amended or supplemented from time to time, the "EFH Disclosure Statement") to which these procedures are attached as Exhibit G and incorporated by reference.

## A.    Defined Terms.

Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.  Other capitalized terms have the following meaning as used in these Solicitation Procedures:

1.    "Ballot" means the form or forms distributed to Holders of Claims and Interests against the EFH/EFIH Debtors in the Voting Classes or their Nominees by which such parties may indicate acceptance or rejection of the Plan.

2.    "Beneficial Holder" means a person or entity that holds the benefits of ownership of a publicly traded security even though title may be in another's name.

3.    "Claim" means any claim, as defined in section 101(5) of the Bankruptcy Code, against the EFH/EFIH Debtors.

4.    "Claims Bar Date" means any such date established by the Bankruptcy Court by which Proofs of Claim must be filed with respect to any such Claims, as may be ordered by the Bankruptcy Court.

5.    "Confirmation" means the entry of the Confirmation Order on the docket of the Chapter 11 Cases, subject to all conditions specified in Article IX.A of the Plan having been (a) satisfied or (b) waived pursuant to Article IX.C of the Plan.

6.    "Confirmation Hearing" means the hearing held by the Bankruptcy Court on Confirmation of the Plan as to the EFH/EFIH Debtors pursuant to section 1129 of the Bankruptcy Code.

7.    "Solicitation Date" means ten business days after the EFH/EFIH Debtors file the final version of the EFH Disclosure Statement with the Court, or as soon as reasonably practicable thereafter, on which date the EFH/EFIH Debtors shall commence the distribution of Solicitation Packages to Holders of Claims and Interests against the EFH/EFIH Debtors in the Voting Classes.

---

[1]    The other EFH Debtors are Ebasco Services of Canada Limited, EEC Holdings, Inc., EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Finance (No. 2) Holdings Company, EFH FS Holdings Company, EFH Renewables Company LLC, Generation Development Company LLC, LSGT Gas Company LLC, LSGT SACROC, Inc., NCA Development Company LLC, and TXU Receivables Company.

8.    "Solicitation Package" means the solicitation materials and documents to be sent to Holders of Claims and Interests against the EFH/EFIH Debtors in the Voting Classes as discussed in the EFH Disclosure Statement, which materials will provide such Holders with the information needed to vote on the Plan.

9.    "Voting Deadline" means October 30, 2017, at 4:00 p.m. (prevailing Eastern Time) by which time Ballots and Master Ballots must be actually received by the Solicitation Agent.

10.    "Voting Record Date" means September 6, 2017, the date for purposes of (i) determining those Holders of Claims and Interests against the EFH/EFIH Debtors in the Voting Classes that are entitled to vote to accept or reject the Plan and (ii) calculating the principal amount of the TCEH First Lien Claims held by the TCEH Supporting First Lien Creditors for purposes of voting on account of the TCEH Settlement Claim.

11.    "EFH Non-Voting Classes" means the following Classes of Claims and Interest against the EFH Debtors not entitled to vote under the Plan:

| Class | Claims and Interests | Voting Rights |
|---|---|---|
| A1 | Other Secured Claims Against the EFH Debtors | Not Entitled to Vote (Deemed to Accept) |
| A2 | Other Priority Claims Against the EFH Debtors | Not Entitled to Vote (Deemed to Accept) |
| A3 | Legacy General Unsecured Claims Against the EFH Debtors | Not Entitled to Vote (Deemed to Accept) |
| A12 | EFH Debtor Intercompany Claims | Not Entitled to Vote (Deemed to Accept or Reject) |
| A13 | Non-EFH Debtor Intercompany Claims | Not Entitled to Vote (Deemed to Reject) |
| A14 | Interests in EFH Debtors Other Than EFH Corp. | Not Entitled to Vote (Deemed to Accept or Reject) |
| A15 | Interests in EFH Corp. | Not Entitled to Vote (Deemed to Reject) |

12.    "EFH Voting Classes" means the following Classes of Claims and Interest against the EFH Debtors entitled to vote under the Plan:

| Class | Claims and Interests | Voting Rights |
|---|---|---|
| A4 | EFH Legacy Note Claims | Entitled to Vote |
| A5 | EFH Unexchanged Note Claims | Entitled to Vote |
| A6 | EFH LBO Note Primary Claims | Entitled to Vote |
| A7 | EFH Swap Claims | Entitled to Vote |
| A8 | EFH Non-Qualified Benefit Claims | Entitled to Vote |
| A9 | General Unsecured Claims Against EFH Corp. | Entitled to Vote |
| A10 | General Unsecured Claims Against the EFH Debtors Other Than EFH Corp. | Entitled to Vote |

| Class | Claims and Interests | Voting Rights |
|-------|----------------------|---------------|
| A11 | TCEH Settlement Claim | Entitled to Vote |

13. "<u>EFIH Non-Voting Classes</u>" means the following impaired classes of Claims and Interests not entitled to vote under the Plan (and together with the EFH Non-Voting Classes, the "<u>Non-Voting Classes</u>"):

| Class | Claims and Interests | Voting Rights |
|-------|----------------------|---------------|
| B1 | Other Secured Claims Against the EFIH Debtors | Not Entitled to Vote (Deemed to Accept) |
| B2 | Other Priority Claims Against the EFIH Debtors | Not Entitled to Vote (Deemed to Accept) |
| B3 | EFIH First Lien Note Claims | Not Entitled to Vote (Deemed to Accept) |
| B4 | EFIH Second Lien Note Claims | Not Entitled to Vote (Deemed to Accept) |
| B7 | EFIH Debtor Intercompany Claims | Not Entitled to Vote (Deemed to Accept or Reject) |
| B8 | Non-EFIH Debtor Intercompany Claims | Not Entitled to Vote (Deemed to Reject) |
| B9 | Interests in EFIH | Not Entitled to Vote (Deemed to Accept) |
| B10 | Interests in EFIH Finance | Not Entitled to Vote (Deemed to Reject) |

14. "<u>EFIH Voting Classes</u>" means the following impaired classes of Claims and Interests entitled to vote under the Plan (and together with the EFH Voting Classes, the "<u>Voting Classes</u>"):

| Class | Claims and Interests | Voting Rights |
|-------|----------------------|---------------|
| B5 | EFH LBO Note Guaranty Claims | Entitled to Vote |
| B6 | General Unsecured Claims Against the EFIH Debtors | Entitled to Vote |

15. "<u>Holder</u>" means an Entity holding a Claim or an Interest, as applicable, against the EFH/EFIH Debtors.

16. "<u>Impaired</u>" means, with respect to a Class of Claims or Interests, a Class of Claims or Interests that is impaired within the meaning of section 1124 of the Bankruptcy Code.

17. "<u>Interest</u>" means any equity security (as defined in section 101(16) of the Bankruptcy Code).

18. "<u>Master Ballot</u>" means a Ballot submitted by a Nominee on behalf of one or more Beneficial Holders.

19. "<u>Nominee</u>" means a record holder of securities for the benefit of one or more Beneficial Holders, including, without limitation, representatives such as brokers, banks, commercial banks, transfer agents, trust companies, dealers, other agents or nominees, or their mailing agents.

20. "<u>Notes Claims</u>" means, collectively, the (a) EFIH First Lien Note Claims, (b) EFIH Second Lien Note Claims, (c) EFIH Unsecured Note Claims, (d) EFH Legacy Note Claims, (e) EFH

3

Unexchanged Note Claims, (f) EFH LBO Note Primary Claims, or (g) EFH LBO Note Guaranty Claims.

21.    "<u>Petition Date</u>" means April 29, 2014, the date on which the Debtors commenced the Chapter 11 Cases.

22.    "<u>Proofs of Claim</u>" means a proof of Claim filed against any of the Debtors in the Chapter 11 Cases.

23.    "<u>Schedules</u>" means the schedules of assets and liabilities, schedules of Executory Contracts or Unexpired Leases, and statement of financial affairs filed by the Debtors pursuant to section 521 of the Bankruptcy Code, the official bankruptcy forms, and the Bankruptcy Rules, as they may be amended, modified, or supplemented from time to time.

24.    "<u>Solicitation Agent</u>" means Epiq Bankruptcy Solutions, LLC.

25.    "<u>Unimpaired</u>" means, with respect to a Class of Claims or Interests, a Class of Claims or Interests that is unimpaired within the meaning of section 1124 of the Bankruptcy Code.

26.    "<u>Voting Report</u>" means the report submitted by the Solicitation Agent detailing the results of the plan solicitation process.

**B.    Holders of Claims and Interests Against the EFH/EFIH Debtors Entitled to Vote to Accept or Reject the Plan.**

Only the Holders of Claims and Interests in the Voting Classes as of the Voting Record Date shall be entitled to vote to accept or reject the Plan with regard to such Claims and Interests.

**C.    Holders of Claims and Interests Against the EFH/EFIH Debtors Not Entitled to Vote to Accept or Reject the Plan.**

Holders of Claims and Interests in the Non-Voting Classes are not entitled to vote to accept or reject the Plan with regard to such Claims and Interests. Holders of Claims or Interests in these Non-Voting Classes are either Unimpaired and deemed to accept the Plan or Impaired and deemed to reject the Plan. The Holders of Claims and Interests in the Non-Voting Classes will receive an applicable notice of non-voting status.

**D.    Temporary Allowance of Claims for Tabulation Purposes.**

Solely for purposes of voting to accept or reject the Plan, and not for the purpose of making distributions on account of any Claim or Interest, and without prejudice to the rights of the Debtors or any other party in interest in any other context, each Claim or Interest within a Voting Class shall be temporarily allowed as set forth in Section E of these Solicitation Procedures.

If any creditor seeks to challenge the allowance of its Claim for voting purposes in accordance with the above procedures, the EFH/EFIH Debtors request the Court direct such claimant to serve on counsel for the EFH/EFIH Debtors and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim in a different amount for purposes of voting to accept or reject the Plan. In accordance with Bankruptcy Rule 3018, any Ballot submitted by any claimant filing such a motion will not be counted unless temporarily allowed by an order issued by the Court prior to the Voting Deadline.

**E.    Establishing Claim and Interest Amounts for Voting Purposes.**

The Claim or Interest amounts temporarily allowed pursuant to and set forth in these Solicitation Procedures shall control solely for voting purposes, and shall not constitute the Allowed amount of any Claim or

Interest for distribution purposes under the Plan.  In tabulating votes, the below directions shall be used to determine the amount of the Claim and Interest associated with each Holder's vote:

1.    with respect to the following Note Claims, Claim Amounts will be calculated based on the principal amounts outstanding under the respective operative indenture as of the Voting Record Date:

    a)    EFH Legacy Note Claims, included in Class A4 - EFH Legacy Note Claims;

    b)    EFH Unexchanged Note Claims, included in Class A5 - EFH Unexchanged Note Claims;

    c)    EFH LBO Note Primary Claims, included in Class A6 - EFH LBO Note Primary Claims;

    d)    EFH Series N Note Claims, included in Class A9 - General Unsecured Claims Against EFH Corp.;

    e)    EFH LBO Note Guaranty Claims, included in Class B5 - EFH LBO Note Guaranty Claims; and

    f)    EFIH Unsecured Note Claims, included in Class B6 - General Unsecured Claims Against the EFIH Debtors.

2.    with respect to non-Note Claims included within Classes A7, A8, A9, A10, A11, and B6, the Claim amounts will be calculated as follows:

(a)    each non-Note Claim entitled to vote to accept or reject the Plan shall be allowed in an amount equal to the amount determined by the amount of such Claim as set forth in a timely filed proof of Claim or, if no proof of Claim was filed, the liquidated, non-contingent, undisputed amount of such Claim as set forth in the Schedules; *provided, however*, that a party whose Claim has been indefeasibly paid, in full or in part, shall only be permitted to vote the unpaid amount of such Claim, if any, to accept or reject the Plan;

(b)    the Claim amount settled and/or agreed upon by the Debtors and the Holder of such non-Note Claim (whether temporarily or otherwise) as reflected in a document filed with the Court, in an order of the Court, or in a document executed by the EFH/EFIH Debtors pursuant to authority granted by the Court but for voting purposes only, and not for purposes of allowance or distribution;

(c)    a Claim that is listed in the Schedules as contingent, unliquidated, or disputed and for which a Proof of Claim was not (i) filed by the applicable Claims Bar Date for the filing of Proofs of Claim established by the Court; or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline is not entitled to vote;

(d)    if a Claim is listed on a timely filed Proof of Claim as contingent, unliquidated, or disputed in part, such Claim is temporarily allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only, and not for purposes of allowance or distribution;

(e)    if a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(f)      notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one Solicitation Package and one ballot for voting a single Claim in such Class, regardless of whether the EFH/EFIH Debtors have objected to such duplicate Claims;

(g)      claims filed for $0.00 are not entitled to vote; and

(h)      if a Proof of Claim has been amended by a later, timely filed proof of claim, only the later-filed amending Claim will be entitled to vote, regardless of whether the EFH/EFIH Debtors have objected to such earlier filed Claim.

3.      with respect to the EFH Interests, included in Class A15, Interest amounts will be calculated based on the number of shares of common stock in EFH Corp. held as of the EFH/ EFIH Voting Record Date;

4.      with respect to all Claims, if a Claim for which a Proof of Claim has been timely filed for unknown or undetermined amounts or is wholly unliquidated, contingent, or disputed (as determined (i) on the face of the Claim, (ii) pursuant to the Plan, or (iii) after a reasonable review of the supporting documentation by the EFH/EFIH Debtors or the Solicitation Agent) and such Claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00; *provided*, that with respect to clause (iii) of this paragraph, any such determinations will be documented in the Voting Report; and

5.      with respect to Class A11, which consists of the TCEH Settlement Claim, the time immediately prior to the TCEH Effective Date shall be the date for calculating the principal amount of TCEH First Lien Claims held by the TCEH Supporting First Lien Creditors for purposes of voting on account of the TCEH Settlement Claim.

If a Holder of a Claim or Interest against the EFH/EFIH Debtors identifies a Claim or Interest amount on its Ballot that is different from the amount otherwise calculated in accordance with these Solicitation Procedures, such Claim or Interest will be allowed temporarily for voting purposes in the amount calculated in accordance with these Solicitation Procedures. Moreover, any amounts filled in on Ballots or Master Ballots by the EFH/EFIH Debtors through the Solicitation Agent are not binding for any purpose, including allowance and distribution.

If, by seven days before the Voting Deadline, the EFH/EFIH Debtors have filed (i) an objection to disallow or modify (including, but not limited to, modifications to the EFH/EFIH Debtor, amount, priority, or classification asserted) a Claim or Interest or (ii) a motion to allow or estimate a Claim or Interest in an amount different from the amount asserted in such Claim or Interest, such Claim or Interest will be temporarily allowed for voting purposes in the lesser amount and classification requested by such objection or motion, subject to the right of the Holder to file a motion objecting to such amounts (as described in Section D of these Solicitation Procedures).

The EFH/EFIH Debtors are authorized to enter into stipulations with the Holder of any Claim or Interest against the EFH/EFIH Debtors, in each case agreeing to the amount of the Claim or Interest for voting purposes without further Court order.

**F.      General Ballot Tabulation.**

Subject to Section I of these Solicitation Procedures, the following voting procedures and standard assumptions shall be used in tabulating Ballots:

1.      except as otherwise provided in these Solicitation Procedures, unless a Ballot is actually received on or before the Voting Deadline, the Debtors shall reject such Ballot as invalid and decline to count it in connection with Confirmation;

2.      the Solicitation Agent will date all Ballots when received and will retain the original Ballots and an electronic copy of the same for a period of one year after the Effective Date, unless otherwise ordered by the Bankruptcy Court;

3.      the EFH/EFIH Debtors will file the Voting Report with the Bankruptcy Court before the Confirmation Hearing.  The Voting Report shall, among other things, delineate every irregular Ballot, including those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or lacking necessary information, received via facsimile or electronic mail, or damaged.  The Voting Report shall indicate the EFH/EFIH Debtors' intentions with regard to such irregular Ballots;

4.      the method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each Holder, and except as otherwise provided, a Ballot will be deemed delivered only when the Solicitation Agent actually receives the appropriately, originally executed Ballot;

5.      Holders of Claims and Interests in a Voting Class may only submit an original executed Ballot.  Delivery of a Ballot to the Solicitation Agent by facsimile, email, or any other electronic means will not be valid;

6.      no Ballot should be sent to any of the EFH/EFIH Debtors, the EFH/EFIH Debtors' agents (other than the Solicitation Agent), any administrative agent or indenture trustee (unless specifically instructed to do so), or the EFH/EFIH Debtors' financial or legal advisors, and, unless received by the Solicitation Agent, if so sent will not be counted;

7.      if a Holder or Nominee submits multiple Ballots with respect to the same Claim or Interest before the Voting Deadline, the latest properly completed Ballot timely received will be deemed to reflect that Holder's or Beneficial Holder's intent and will supersede and revoke any prior received Ballot;

8.      if a Holder holds a Claim or Interest, as applicable, in a Voting Class against multiple Debtors, a vote on its Ballot will apply to all Debtors against whom such Holder or Nominee has a Claim or Interest, as applicable, in that Voting Class;

9.      for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

10.     if a voter simultaneously casts inconsistent Ballots, such Ballots will not be counted;

11.     Holders must vote all of their Claims or Interests within a Voting Class either to accept or reject the Plan and may not split any votes.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.  Further, to the extent a Holder holds multiple Claims within a Voting Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within the Voting Class for the purpose of counting votes;

12.     a person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity should indicate such capacity when signing and, if required or requested by the applicable Nominee or its agent, the Solicitation Agent, the EFH/EFIH Debtors, or the Bankruptcy Court must submit proper evidence to so act on behalf of such Holder or Beneficial Holder;

13.     neither the EFH/EFIH Debtors, nor any other entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification, although

the Solicitation Agent may, in its discretion, contact voting parties to cure any such defects or irregularities;

14.     any defects or irregularities in connection with deliveries of Ballots must be cured before the Voting Deadline or such Ballots will not be counted, unless waived or as ordered by the Bankruptcy Court;

15.     notwithstanding any other conditions included herein, the EFH/EFIH Debtors may waive any defects or irregularities as to any particular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report;

16.     if a party-in-interest requests a designation to vote on the Plan under section 1126(e) of the Bankruptcy Code, the Bankruptcy Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim or Interest will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

17.     the EFH/EFIH Debtors reserve the right to reject any Ballot or Master Ballot not in proper form, the acceptance of which, in the opinion of the EFH/EFIH Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; *provided*, that any such rejections will be documented in the Voting Report;

18.     any Holder entitled to vote that has delivered a Ballot may withdraw such Ballot solely in accordance with Bankruptcy Rule 3018(a);

19.     the following Ballots will not be counted in determining the acceptance or rejection of the Plan:

   (a)     any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim or Interest;

   (b)     any Ballot cast by or on behalf of an entity that does not hold a Claim or Interest in a Voting Class;

   (c)     any Ballot that does not contain an original signature;

   (d)     any Ballot that is signed but does not otherwise comply with the requirement set forth in Section F.12., above;

   (e)     any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and

   (f)     any Ballot submitted by or on behalf of any entity not entitled to vote pursuant to the Plan, these Solicitation Procedures, or any order of the Bankruptcy Court; and

20.     any Class that contains Claims or Interests entitled to vote but no votes are returned for such Class shall be deemed to have accepted the Plan.

**G.**     **Voting Procedures Applicable to Beneficial Holders of Notes Claims.**

The following additional procedures will apply to the voting of Claims held by Beneficial Holders:

1.     on the Solicitation Date, the Solicitation Agent shall distribute or cause to be distributed a Solicitation Package to each registered Holder of a Notes Claim as of the Voting Record Date, and distribute the appropriate number of Solicitation Packages[2] to the Nominees identified by the Solicitation Agent;

2.     each Nominee through which one or more Beneficial Holders holds a Notes Claim as of the Voting Record Date must distribute an Solicitation Package to each Beneficial Holder for which it holds the Notes Claim within five business days of receipt of such materials from the EFH/EFIH Debtors in one of the following two ways (as selected by the Nominee):

(a)     obtain the votes of Beneficial Holders of such Notes Claims by (i) immediately distributing the Solicitation Package, including Ballots, it receives from the Solicitation Agent to all such Beneficial Holders, (ii) promptly collecting Ballots from such Beneficial Holders that cast votes on the Plan, (iii) compiling and validating the votes and other relevant information of all such Beneficial Holders on the Master Ballot, and (iv) transmitting the Master Ballot to the Solicitation Agent by the Voting Deadline; or

(b)     distribute pre-validated Ballots pursuant to the following procedures:

(i)     the Nominee shall forward to each Beneficial Holder as of the Voting Record Date the Solicitation Package, an individual Ballot that has been pre-validated, postage prepaid return envelope as indicated in paragraph (ii) below;

(ii)     to pre-validate a Ballot, the Nominee should complete the first item and execute the Ballot and indicate on the Ballot the name of the Nominee and DTC participant number, the amount of securities held by the Nominee for the Beneficial Holder, and the account number for the account in which such securities are held by the Nominee; and

(iii)     the Beneficial Holder shall complete and return the pre-validated Ballot to the Solicitation Agent by the Voting Deadline.

3.     any Nominee of Notes Claims holding such securities both as record holder and Beneficial Holder in its own name may vote on the Plan by completing a Ballot or a Master Ballot and returning it directly to the Solicitation Agent on or before the Voting Deadline;

4.     any indenture trustee (unless otherwise empowered to do so under the respective indenture) will not be entitled to vote on behalf of the Beneficial Holder; rather, each Beneficial Holder must vote his or her own Claim(s);

5.     any Ballot returned to a Nominee by a Beneficial Holder of a Notes Claim will not be counted for purposes of accepting or rejecting the Plan until such Nominee properly completes and delivers to the Solicitation Agent by the Voting Deadline a Master Ballot that reflects the vote of such Beneficial Holder, or otherwise validates the Ballot in a manner acceptable to the Solicitation Agent.  Nominees shall retain all Ballots returned by Beneficial Holders for a period of one year after the effective date of the Plan, or, in the case of pre-validated Ballots, a list of Beneficial

---

[2]     The Solicitation Packages shall contain Ballots for voting by the Beneficial Holders.  In accordance with its customary practice, the Solicitation Agent shall distribute copies of Master Ballots to any relevant Nominees after the Solicitation Packages have been forwarded to the Beneficial Holders.

Holders to whom pre-validated Ballots were sent for a period of at least one year after the Voting Deadline;

6.      if a Beneficial Holder of a Notes Claim holds securities through more than one Nominee or through multiple accounts, such Beneficial Holder may receive more than one Ballot, and each such Beneficial Holder should execute a separate Ballot for each block of securities that it holds through any Nominee and must return each such Ballot to the appropriate Nominee; and

7.      if a Beneficial Holder of a Notes Claim holds a portion of its securities through a Nominee or Nominees and another portion in its own name as the record Beneficial Holder, such Beneficial Holder should follow the procedures herein to vote the portion held in its own name and to vote the portion held by the Nominee(s).

**H.      Tabulation of Master Ballots.**

These rules will apply with respect to the tabulation of Master Ballots:

1.      votes cast by Beneficial Holders through Nominees will be applied to the positions held by such Nominees as of the Voting Record Date, as evidenced by the record and depository listings. Votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Ballot, will not be counted in excess of the principal amount held by such Nominee as of the Voting Record Date; *provided*, *however*, that the Solicitation Agent may adjust such principal amount to reflect the portion of the relevant Notes Claim actually voted; *provided further*, that any such adjustment will be documented in the Voting Report;

2.      if conflicting votes or "over-votes" are submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Ballot, the EFH/EFIH Debtors will attempt to reconcile discrepancies with the Nominee;

3.      if over-votes on a Master Ballot or pre-validated Ballot are not reconciled before the preparation of the Voting Report, the EFH/EFIH Debtors will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or pre-validated Ballot that contained the over-vote, but only to the extent of the Nominee's position in the Class; and

4.      a single Nominee may complete and deliver to the Solicitation Agent multiple Master Ballots. Votes reflected on multiple Master Ballots will be counted, except to the extent they are duplicative of other Master Ballots. If a Nominee submits multiple Master Ballots with respect to the same Claim or Interest before the Voting Deadline, the latest properly completed Master Ballot timely received will be deemed to reflect that Nominee's intent and will supersede and revoke any prior received Master Ballot

**I.      EFH/EFIH Debtors' Reservation of Rights Regarding Modification to the Plan.**

The EFH/EFIH Debtors expressly reserve the right to modify the Plan from time to time in accordance with the terms thereof (subject to compliance with the requirements of section 1127 of the Bankruptcy Code and the applicable terms of the Plan regarding modification).

## **Exhibit 7**

**Plan Supplement Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF FILING OF PLAN SUPPLEMENT FOR THE FIRST AMENDED JOINT PLAN OF REORGANIZATION OF ENERGY FUTURE HOLDINGS CORP., ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC, AND THE EFH/EFIH DEBTORS PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE THAT** on [_____], 2017, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [D.I. _____] (the "EFH Disclosure Statement Order"): (a) authorizing Energy Future Holdings Corp. ("EFH Corp."), certain of its direct and indirect subsidiaries (together with EFH Corp., the "EFH Debtors"),[2] Energy Future Intermediate Holding Company LLC ("EFIH"), and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors," and together with the EFH Debtors, the "EFH/EFIH Debtors") to solicit acceptances to the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. _____] (as may be modified, amended, or supplemented from time to time, the "Plan");[3] (b) approving the *Disclosure Statement for the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code*, including all exhibits and schedules thereto [D.I. ___] (as may be modified, amended, or supplemented from time to time, the "EFH Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan; and (e) establishing notice and objection procedures for confirmation of the Plan.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] The other EFH Debtors are Ebasco Services of Canada Limited, EEC Holdings, Inc., EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Finance (No. 2) Holdings Company, EFH FS Holdings Company, EFH Renewables Company LLC, Generation Development Company LLC, LSGT Gas Company LLC, LSGT SACROC, Inc., NCA Development Company LLC, and TXU Receivables Company.

[3] Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** as contemplated in the Plan, the EFH/EFIH Debtors filed the Plan Supplement with the Bankruptcy Court on [_____], 2017 [D.I. ___] (the "<u>Plan Supplement</u>"). The Plan Supplement contains the following documents (each as defined in the Plan): (a) New Organizational Documents, including the Rollover Trust Agreement and the Non-Rollover Trust Agreement; (b) the Assumed Executory Contract and Unexpired Lease List; (c) the Rejected Executory Contract and Unexpired Lease List; (d) a list of retained Causes of Action; (e) the identity of the members of the New Boards, the boards of the Rollover Trust and the Non-Rollover Trust, the Rollover Trust Trustee, the Non-Rollover Trust Trustee, the management for the Reorganized EFH/EFIH Debtors, and the member(s) and compensation of the EFH Plan Administrator Board; (f) the Merger Agreement; (g) the Tax Matters Agreement; (h) the Oncor Letter Agreement; (i) the Separation Agreement; (j) the Amended and Restated Split Participant Agreement; (k) the Transition Services Agreement; (l) the Tax Contingency Disclosure, if applicable; (m) the EFH/EFIH Cash Distribution Account Disclosure; (n) the Cash Projections; (o) New Holdco LLC Agreement; and (p) the Exit Facility Agreement.

**PLEASE TAKE FURTHER NOTICE THAT** these documents remain subject to further negotiations among the EFH/EFIH Debtors and interested parties with respect thereto. The EFH/EFIH Debtors reserve all rights to modify, amend, or supplement the Plan Supplement and any of the documents contained therein in accordance with the terms of the Plan. To the extent material amendments or modifications are made to any of these documents before the Confirmation Hearing, the EFH/EFIH Debtors will file a blackline version with the Bankruptcy Court prior to the Confirmation Hearing marked to reflect such amendments or modifications.

**PLEASE TAKE FURTHER NOTICE THAT** the documents contained in the Plan Supplement are integral to, part of, and incorporated by reference into the Plan. These documents have not yet been approved by the Bankruptcy Court. If the Plan is approved, the documents contained in the Plan Supplement will be approved by the Bankruptcy Court pursuant to the Confirmation Order.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Bankruptcy Court will consider Confirmation of the Plan (the "EFH <u>Confirmation Hearing</u>") will commence at **<u>a time and date to be determined</u>**, before the Honorable Christopher S. Sontchi, in the United States Bankruptcy Court for the District of Delaware, located at 824 North Market Street, Fifth Floor, Courtroom 6, Wilmington, Delaware 19801. The Confirmation Hearing may be continued. Upon such time that the EFH Confirmation Hearing is scheduled, a notice of hearing shall be provided, in accordance with the EFH Disclosure Statement Order.

**Plan Objection Deadline**. The deadline for filing preliminary objections to the Plan is **October 30, 2017** (the "<u>Preliminary Plan Objection Deadline</u>"); the deadline to file final objections to the Plan will be determined at a later date, but in no event shall such objection deadline occur later than **December 19, 2017** (the "<u>Final Plan Objection Deadline</u>"). Only those parties who file an objection to the Plan on or before the Preliminary Plan Objection Deadline shall be permitted to file a final objection to the Plan, unless otherwise ordered by the Bankruptcy Court. All objections to the relief sought at the EFH Confirmation Hearing must: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the

Bankruptcy Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Bankruptcy Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually** **received** on or before the Preliminary Plan Objection Deadline and the Final Plan Objection Deadline, as applicable:

---

**KIRKLAND & ELLIS LLP**
Attn: Edward O. Sassower, P.C.
Attn: Stephen E. Hessler, P.C.
Attn: Brian E. Schartz, Esq.
Attn: Aparna Yenamandra, Esq.
601 Lexington Avenue
New York, New York 10022

Attn: James H.M. Sprayregen, P.C.
Attn: Marc Kieselstein, P.C.
Attn: Chad J. Husnick, P.C.
Attn: Steven N. Serajeddini, Esq.
300 North LaSalle
Chicago, Illinois 60654

**RICHARDS, LAYTON & FINGER, P.A.**
Attn: Mark D. Collins, Esq.
Attn: Daniel J. DeFranceschi, Esq.
Attn: Jason M. Madron, Esq.
920 North King Street
Wilmington, Delaware 19801

*Co-Counsel to the Debtors*

---

**PROSKAUER ROSE LLP.**
Attn: Mark K Thomas, Esq.
Attn: Peter J. Young, Esq.
Three First National Plaza
70 W. Madison ST STE 3800
Chicago, IL 60602

**BIELLI & KLAUDER, LLP**
Attn: David M. Klauder, Esq.
1204 N. King Street
Wilmington, DE 19801

*Co-Counsel to Energy Future Holdings Corp.*

---

**CRAVATH, SWAIN, & MOORE LLP**
Attn: Michael A Paskin, Esq.
Worldwide Plaza
825 Eighth Ave
New York, NY 10019-7475

**JENNER & BLOCK LLP**
Attn: Richard Levin, Esq.
919 Third Ave
New York, NY 10022-3908

**STEVENS & LEE, P.C.**
Attn: Joseph H. Huston, Jr.
919 Market Street, Suite 1300
Wilmington, DE 19801

*Co-Counsel to Energy Future Intermediate Holding Company LLC*

---

**THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**
Attn: Richard L. Schepacarter, Esq.
Attn: Andrea B. Schwartz, Esq.
844 King Street, Suite 2207
Wilmington, Delaware  19801

---

**SULLIVAN & CROMWELL LLP**
Attn: Andrew G. Dietderich, Esq.
Attn: Brian D. Glueckstein, Esq.
Attn: Michael H. Torkin, Esq.
125 Broad St.
New York, NY 10004

**MONTGOMERY, MCCRACKEN, WALKER, & RHOADS LLP**
Attn: Natalie D. Ramsey, Esq.
Attn: Davis Lee Wright, Esq.
Attn: Mark A. Fink, Esq.
1105 N. Market St 15th FL
Wilmington, DE 19801

*Co-Counsel to the EFH Creditors' Committee*

---

3

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the EFH Disclosure Statement, the Plan, the Plan Supplement or related documents, you should contact Epiq Bankruptcy Solutions, LLC, the voting and claims agent retained by the Debtors in these Chapter 11 Cases, by:  (a) calling the Debtors' restructuring hotline at (877) 276-7311; (b) visiting the Debtors' restructuring website at: http://www.efhcaseinfo.com; and/or (c) email to efhvote@epiqsystems.com and reference "EFH/EFIH" in the subject line.  You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

[*Remainder of page intentionally left blank.*]

Wilmington, Delaware
Dated: [_____], 2017

<u>*DRAFT*</u>

**RICHARDS, LAYTON & FINGER, P.A.**

Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:       (302) 651-7700
Facsimile:       (302) 651-7701
Email:            collins@rlf.com
                  defranceschi@rlf.com
                  madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**

Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:       (212) 446-4800
Facsimile:       (212) 446-4900
Email:            edward.sassower@kirkland.com
                  stephen.hessler@kirkland.com
                  brian.schartz@kirkland.com
                  aparna.yenamandra@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:       (312) 862-2000
Facsimile:       (312) 862-2200
Email:            james.sprayregen@kirkland.com
                  marc.kieselstein@kirkland.com
                  chad.husnick@kirkland.com
                  steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

## EXHIBIT 8-A

**Notice of Assumption**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

## NOTICE REGARDING EXECUTORY CONTRACTS AND
## UNEXPIRED LEASES TO BE ASSUMED PURSUANT TO THE PLAN

**PLEASE TAKE NOTICE THAT** on [_____], 2017, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [D.I. \_\_\_\_\_] (the "EFH Disclosure Statement Order"):  (a) authorizing Energy Future Holdings Corp. ("EFH Corp."), certain of its direct and indirect subsidiaries (together with EFH Corp., the "EFH Debtors"),[2] Energy Future Intermediate Holding Company LLC ("EFIH"), and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors," and together with the EFH Debtors, the "EFH/EFIH Debtors") to solicit acceptances to the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. \_\_\_\_\_] (as may be modified, amended, or supplemented from time to time, the "Plan");[3] (b) approving the *Disclosure Statement for the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code*, including all exhibits and schedules thereto [D.I. \_\_\_\_\_] (as may be modified, amended, or supplemented from time to time, the "EFH Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan; and (e) establishing certain protocols in connection with those proceedings.

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    The other EFH Debtors are Ebasco Services of Canada Limited, EEC Holdings, Inc., EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Finance (No. 2) Holdings Company, EFH FS Holdings Company, EFH Renewables Company LLC, Generation Development Company LLC, LSGT Gas Company LLC, LSGT SACROC, Inc., NCA Development Company LLC, and TXU Receivables Company.

[3]    Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan.

PLEASE TAKE FURTHER NOTICE THAT on [_____], 2017, the EFH/EFIH Debtors filed the *Plan Supplement for the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. ___] (the "Plan Supplement").

PLEASE TAKE FURTHER NOTICE THAT the EFH/EFIH Debtors filed the *List of Executory Contracts and Unexpired Leases to be Assumed by Reorganized EFH/EFIH Debtors on the EFH Effective Date* (the "Assumption Schedule") with the Court as part of the Plan Supplement. The determination to assume the agreements identified on the Assumption Schedule is subject to revision.

PLEASE TAKE FURTHER NOTICE THAT the hearing at which the Court will consider Confirmation of the Plan (the "EFH Confirmation Hearing") will commence at **a time and date to be determined**, before the Honorable Christopher S. Sontchi, in the United States Bankruptcy Court for the District of Delaware, located at 824 North Market Street, Fifth Floor, Courtroom 6, Wilmington, Delaware 19801. Upon such time that the EFH Confirmation Hearing is scheduled, a supplemental notice of hearing shall be provided, in accordance with the EFH Disclosure Statement Order. The EFH Confirmation Hearing may be continued.

PLEASE TAKE FURTHER NOTICE THAT you are receiving this notice because the EFH/EFIH Debtors' records reflect that you are a party to a contract that is listed on the Assumption Schedule. Therefore, you are advised to review carefully the information contained in this notice and the related provisions of the Plan, including the Assumption Schedule.

PLEASE TAKE FURTHER NOTICE that the EFH/EFIH Debtors are proposing to assume the Executory Contract(s) and Unexpired Lease(s) to which you are a party, as listed on **Exhibit A** attached hereto.[4] Pursuant to the Plan, the Plan Sponsor, Reorganized EFH, and Reorganized EFIH, as applicable, reserve the right to alter, amend, modify, or supplement the EFH/EFIH Assumed Executory Contract and Unexpired Lease List and the schedules of Executory Contracts and Unexpired Leases with respect to EFH, Reorganized EFH, EFIH, and Reorganized EFIH at any time through and including 45 days after the EFH Effective Date, without incurrence of any penalty or changing the priority or security of any Claim as a result of such treatment change.

---

[4]    Neither the exclusion nor inclusion of any Executory Contract or Unexpired Lease on the Assumption Schedule, nor anything contained in the Plan or each EFH/EFIH Debtor's schedule of assets and liabilities, shall constitute an admission by the EFH/EFIH Debtors that any such contract or lease is in fact an Executory Contract or Unexpired Lease capable of assumption, that any Reorganized EFH/EFIH Debtor(s) has any liability thereunder or that such Executory Contract or Unexpired Lease is necessarily a binding and enforceable agreement. Further, the EFH/EFIH Debtors expressly reserve the right to (a) remove any Executory Contract or Unexpired Lease from the Assumption Schedule and reject such Executory Contract or Unexpired Lease pursuant to the terms of the Plan and (b) contest any Claim (or cure amount) asserted in connection with assumption of any Executory Contract or Unexpired Lease.

PLEASE TAKE FURTHER NOTICE THAT section 365(b)(1) of the Bankruptcy Code requires a chapter 11 debtor to cure, or provide adequate assurance that it will promptly cure, any defaults under executory contracts and unexpired leases at the time of assumption. Accordingly, the EFH/EFIH Debtors have conducted a thorough review of their books and records and have determined the amounts required to cure defaults, if any, under the Executory Contract(s) and Unexpired Lease(s), which amounts are listed on **Exhibit A**.  Please note that if no amount is stated for a particular Executory Contract or Unexpired Lease, the EFH/EFIH Debtors believe that there is no cure amount outstanding for such contract or lease.

PLEASE TAKE FURTHER NOTICE THAT absent any pending dispute, the monetary amounts required to cure any existing defaults arising under the Executory Contract(s) and Unexpired Lease(s) identified in **Exhibit A** will be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by the EFH/EFIH Debtors in Cash on the EFH Effective Date or as soon as reasonably practicable thereafter.  In the event of a dispute, however, payment of the cure amount would be made following the entry of a final order(s) resolving the dispute and approving the assumption.  If an objection to the proposed assumption or related cure amount is sustained by the Court, however, the EFH/EFIH Debtors, in their sole option, may elect to reject such Executory Contract or Unexpired Lease in lieu of assuming it.

PLEASE TAKE FURTHER NOTICE THAT each Executory Contract and Unexpired Lease reflected on the Assumption Schedule and assumed pursuant to the Plan or by any order of the Bankruptcy Court, which has not been assigned to a third party before the EFH/EFIH Confirmation Date, shall revest in and be fully enforceable by the Reorganized EFH/EFIH Debtors in accordance with its terms, except as such terms are modified by the Plan or any order of the Bankruptcy Court authorizing and providing for its assumption under applicable federal law.

**Objection Deadline**.  The deadline for filing preliminary objections to the Plan and objections to a proposed assumption or related cure amount is **October 30, 2017** (the "Preliminary Plan Objection Deadline"); the deadline to file final objections to the Plan will be determined at a later date, but in no event shall such objection deadline occur later than **December 19, 2017** (the "Final Plan Objection Deadline").  Only those parties who file an objection to the Plan on or before the Preliminary Plan Objection Deadline shall be permitted to file a final objection to the Plan, unless otherwise ordered by the Bankruptcy Court.  All objections to the relief sought at the EFH Confirmation Hearing must:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before the Preliminary Plan Objection Deadline and the Final Plan Objection Deadline, as applicable:

| | |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>Attn: Edward O. Sassower, P.C.<br>Attn: Stephen E. Hessler, P.C.<br>Attn: Brian E. Schartz, Esq.<br>Attn: Aparna Yenamandra, Esq.<br>601 Lexington Avenue<br>New York, New York 10022<br><br>Attn: James H.M. Sprayregen, P.C.<br>Attn: Marc Kieselstein, P.C.<br>Attn: Chad J. Husnick, P.C.<br>Attn: Steven N. Serajeddini, Esq.<br>300 North LaSalle<br>Chicago, Illinois 60654 | **RICHARDS, LAYTON & FINGER, P.A.**<br>Attn: Mark D. Collins, Esq.<br>Attn: Daniel J. DeFranceschi, Esq.<br>Attn: Jason M. Madron, Esq.<br>920 North King Street<br>Wilmington, Delaware 19801 |

*Co-Counsel to the Debtors*

| | |
|---|---|
| **PROSKAUER ROSE LLP.**<br>Attn: Mark K Thomas, Esq.<br>Attn: Peter J. Young, Esq.<br>Three First National Plaza<br>70 W. Madison ST STE 3800<br>Chicago, IL 60602 | **BIELLI & KLAUDER, LLP**<br>Attn: David M. Klauder, Esq.<br>1204 N. King Street<br>Wilmington, DE 19801 |

*Co-Counsel to Energy Future Holdings Corp.*

| | |
|---|---|
| **CRAVATH, SWAIN, & MOORE LLP**<br>Attn: Michael A Paskin, Esq.<br>Worldwide Plaza<br>825 Eighth Ave<br>New York, NY 10019-7475<br><br>**JENNER & BLOCK LLP**<br>Attn: Richard Levin, Esq.<br>919 Third Ave<br>New York, NY 10022-3908 | **STEVENS & LEE, P.C.**<br>Attn: Joseph H. Huston, Jr.<br>919 Market Street, Suite 1300<br>Wilmington, DE 19801 |

*Co-Counsel to Energy Future Intermediate Holding Company LLC*

| |
|---|
| **THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**<br>Attn: Richard L. Schepacarter, Esq.<br>Attn: Andrea B. Schwartz, Esq.<br>844 King Street, Suite 2207<br>Wilmington, Delaware  19801 |

| | |
|---|---|
| **SULLIVAN & CROMWELL LLP**<br>Attn: Andrew G. Dietderich, Esq.<br>Attn: Brian D. Glueckstein, Esq.<br>Attn: Michael H. Torkin, Esq.<br>125 Broad St.<br>New York, NY 10004 | **MONTGOMERY, MCCRACKEN, WALKER, & RHOADS LLP**<br>Attn: Natalie D. Ramsey, Esq.<br>Attn: Davis Lee Wright, Esq.<br>Attn: Mark A. Fink, Esq.<br>1105 N. Market St 15th FL<br>Wilmington, DE 19801 |

*Co-Counsel to the EFH Creditors' Committee*

   **PLEASE TAKE FURTHER NOTICE THAT** any objections to Plan in connection with the assumption of the Executory Contract(s) and Unexpired Lease(s) identified above and/or related cure or adequate assurances proposed in connection with the Plan that remain unresolved as of the EFH Confirmation Hearing will be scheduled to be heard by the Bankruptcy Court at the EFH/EFIH Debtors' or Reorganized EFH/EFIH Debtors', as applicable, first scheduled omnibus hearing after which such objection is timely filed.  In the event of a dispute

regarding (1) the amount of any payments to cure such a default, (2) the ability of the Reorganized EFH/EFIH Debtors or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the Executory Contract or Unexpired Lease to be assumed by the EFH/EFIH Debtors, or (3) any other matter pertaining to assumption, the cure payments required by section 365(b)(1) of the Bankruptcy Code shall be made following the entry of a Final Order resolving the dispute and approving the assumption. (or such other date as fixed by the Court).

---

**PLEASE TAKE FURTHER NOTICE THAT any counterparty to an Executory Contract that fails to object timely to the proposed assumption or cure amount will be deemed to have assented to such assumption and cure amount.**

---

**PLEASE TAKE FURTHER NOTICE THAT ASSUMPTION OF ANY EXECUTORY CONTRACT OR UNEXPIRED LEASE PURSUANT TO THE PLAN OR OTHERWISE SHALL RESULT IN THE FULL RELEASE AND SATISFACTION OF ANY CLAIMS OR DEFAULTS, WHETHER MONETARY OR NONMONETARY, INCLUDING DEFAULTS OF PROVISIONS RESTRICTING THE CHANGE IN CONTROL OR OWNERSHIP INTEREST COMPOSITION OR OTHER BANKRUPTCY-RELATED DEFAULTS, ARISING UNDER ANY ASSUMED EXECUTORY CONTRACT OR UNEXPIRED LEASE AT ANY TIME BEFORE THE DATE OF THE EFH/EFIH DEBTORS OR REORGANIZED EFH/EFIH DEBTORS ASSUME SUCH EXECUTORY CONTRACT OR UNEXPIRED LEASE. ANY PROOFS OF CLAIM FILED WITH RESPECT TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT HAS BEEN ASSUMED SHALL BE DEEMED DISALLOWED AND EXPUNGED, WITHOUT FURTHER NOTICE TO OR ACTION, ORDER OR APPROVAL OF THE BANKRUPTCY COURT.**

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the EFH Disclosure Statement, the Plan, the Plan Supplement or related documents, you should contact Epiq Bankruptcy Solutions, LLC, the Solicitation Agent retained by the Debtors in these Chapter 11 Cases, by: (a) calling the Debtors' restructuring hotline at (877) 276-7311; (b) visiting the Debtors' restructuring website at: http://www.efhcaseinfo.com; and/or (c) email to efhvote@epiqsystems.com and reference "EFH/EFIH" in the subject line. You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

---

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.D. CONTAINS A THIRD-PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT EPIQ BANKRUPTCY SOLUTIONS, LLC.**

---

Wilmington, Delaware
Dated: [_____], 2017

*DRAFT*
_____

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:      (302) 651-7700
Facsimile:      (302) 651-7701
Email:            collins@rlf.com
                     defranceschi@rlf.com
                     madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:            edward.sassower@kirkland.com
                     stephen.hessler@kirkland.com
                     brian.schartz@kirkland.com
                     aparna.yenamandra@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:            james.sprayregen@kirkland.com
                     marc.kieselstein@kirkland.com
                     chad.husnick@kirkland.com
                     steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

**Exhibit A**

| Ref. # | Debtor(s) | Description of Contract or Lease | Counterparty | Counterparty Address | Amount Required to Cure Default Thereunder, if any | Details of Material Amendments | Assumption Date |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

## **EXHIBIT 8-B**

**Notice of Rejection**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | Jointly Administered |

## NOTICE REGARDING EXECUTORY CONTRACTS AND
## UNEXPIRED LEASES TO BE REJECTED PURSUANT TO THE PLAN

**PLEASE TAKE NOTICE THAT** on [_____], 2017, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [D.I. _____] (the "EFH Disclosure Statement Order"): (a) authorizing Energy Future Holdings Corp. ("EFH Corp."), certain of its direct and indirect subsidiaries (together with EFH Corp., the "EFH Debtors"),[2] Energy Future Intermediate Holding Company LLC ("EFIH"), and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors," and together with the EFH Debtors, the "EFH/EFIH Debtors") to solicit acceptances to the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. _____] (as may be modified, amended, or supplemented from time to time, the "Plan");[3] (b) approving the *Disclosure Statement for the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code*, including all exhibits and schedules thereto [D.I. _____] (as may be modified, amended, or supplemented from time to time, the "EFH Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan; and (e) establishing certain protocols in connection with those proceedings.

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    The other EFH Debtors are Ebasco Services of Canada Limited, EEC Holdings, Inc., EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Finance (No. 2) Holdings Company, EFH FS Holdings Company, EFH Renewables Company LLC, Generation Development Company LLC, LSGT Gas Company LLC, LSGT SACROC, Inc., NCA Development Company LLC, and TXU Receivables Company.

[3]    Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan.

PLEASE TAKE FURTHER NOTICE THAT on [_____], 2017 the EFH/EFIH Debtors filed the *Plan Supplement for the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. ___] (the "Plan Supplement").

PLEASE TAKE FURTHER NOTICE THAT the EFH/EFIH Debtors filed the *List of Executory Contracts and Unexpired Leases to be Rejected by Reorganized EFH/EFIH Debtors on the EFH/EFIH Effective Date* (the "Rejection Schedule") with the Court as part of the Plan Supplement. The determination to reject the agreements identified on the Rejection Schedule is subject to revision.

PLEASE TAKE FURTHER NOTICE THAT the hearing at which the Court will consider Confirmation of the Plan (the "EFH Confirmation Hearing") will commence at **a time and date to be determined**, before the Honorable Christopher S. Sontchi, in the United States Bankruptcy Court for the District of Delaware, located at 824 North Market Street, Fifth Floor, Courtroom 6, Wilmington, Delaware 19801. Upon such time that the EFH Confirmation Hearing is scheduled, a supplemental notice of hearing shall be provided, in accordance with the EFH Disclosure Statement Order. The EFH Confirmation Hearing may be continued.

---

**PLEASE TAKE FURTHER NOTICE THAT YOU ARE RECEIVING THIS NOTICE BECAUSE THE EFH/EFIH DEBTORS' RECORDS REFLECT THAT YOU ARE A PARTY TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT WILL BE REJECTED PURSUANT TO THE PLAN. THEREFORE, YOU ARE ADVISED TO REVIEW CAREFULLY THE INFORMATION CONTAINED IN THIS NOTICE AND THE RELATED PROVISIONS OF THE PLAN.[4]**

**PLEASE TAKE FURTHER NOTICE THAT THE EFH/EFIH DEBTORS ARE PROPOSING TO REJECT THE EXECUTORY CONTRACT(S) AND/OR UNEXPIRED LEASE(S) TO WHICH YOU ARE A PARTY, AS LISTED ON EXHIBIT A.**

---

PLEASE TAKE FURTHER NOTICE THAT the deadline for filing all Proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases by the EFH/EFIH Debtors, pursuant to the Plan or the EFH Confirmation Order, if any, amount is [_____], **2017, at 4:00 p.m. prevailing Eastern Time**. Proofs of Claim may estimate such Claims, if any, based upon an anticipated effective date of rejection of December 31, 2017. Any Claims arising from the rejection of an Executory Contract or Unexpired Lease not filed by [_____], **2017, at 4:00 p.m. prevailing Eastern Time** will be automatically

---

[4]    Neither the exclusion nor inclusion of any Executory Contract or Unexpired Lease on the Rejected Executory Contract and Unexpired Lease List, nor anything contained in the Plan or each EFH/EFIH Debtor's schedule of assets and liabilities, shall constitute an admission by the EFH/EFIH Debtors that any such contract or lease is in fact an Executory Contract or Unexpired Lease or that any Reorganized EFH/EFIH Debtor has any liability thereunder or that such Executory Contract or Unexpired Lease is necessarily a binding and enforceable agreement. Further, the EFH/EFIH Debtors expressly reserve the right to (a) remove any Executory Contract or Unexpired Lease from the Rejection Schedule and assume such Executory Contract or Unexpired Lease pursuant to the terms of the Plan and (b) contest any Claim asserted in connection with rejection of any Executory Contract or Unexpired Lease.

disallowed, forever barred from assertion and shall not be enforceable against the EFH/EFIH Debtors or the Reorganized EFH/EFIH Debtors, the Estates, or their property without the need for any objection by the Reorganized EFH/EFIH Debtors or further notice to, or action, order or approval of the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE THAT all Claims arising from the rejection by any EFH/EFIH Debtor of any Executory Contract or Unexpired Lease pursuant to section 365 of the Bankruptcy Code shall be treated as General Unsecured Claims and may be objected to in accordance with Plan and the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

PLEASE TAKE FURTHER NOTICE THAT rejection of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise shall not constitute a termination of preexisting obligations owed by the Executory Contract or Unexpired Lease counterparty or counterparties to the EFH/EFIH Debtors or the Reorganized EFH/EFIH Debtors, as applicable, under such Executory Contracts or Unexpired Leases.

Plan Objection Deadline. The deadline for filing preliminary objections to the Plan is **October 30, 2017** (the "Preliminary Plan Objection Deadline"); the deadline to file final objections to the Plan will be determined at a later date but in no event shall such objection deadline occur later than **December 19, 2017** (the "Final Plan Objection Deadline"). Only those parties who file an objection to the Plan on or before the Preliminary Plan Objection Deadline shall be permitted to file a final objection to the Plan, unless otherwise ordered by the Bankruptcy Court. All objections to the relief sought at the EFH Confirmation Hearing must: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before the Preliminary Plan Objection Deadline and the Final Plan Objection Deadline, as applicable:

| KIRKLAND & ELLIS LLP | RICHARDS, LAYTON & FINGER, P.A. |
|---|---|
| Attn: Edward O. Sassower, P.C.<br>Attn: Stephen E. Hessler, P.C.<br>Attn: Brian E. Schartz, Esq.<br>Attn: Aparna Yenamandra, Esq.<br>601 Lexington Avenue<br>New York, New York 10022<br><br>Attn: James H.M. Sprayregen, P.C.<br>Attn: Marc Kieselstein, P.C.<br>Attn: Chad J. Husnick, P.C.<br>Attn: Steven N. Serajeddini, Esq.<br>300 North LaSalle<br>Chicago, Illinois 60654 | Attn: Mark D. Collins, Esq.<br>Attn: Daniel J. DeFranceschi, Esq.<br>Attn: Jason M. Madron, Esq.<br>920 North King Street<br>Wilmington, Delaware 19801 |

*Co-Counsel to the Debtors*

| | |
|---|---|
| **PROSKAUER ROSE LLP.**<br>Attn: Mark K Thomas, Esq.<br>Attn: Peter J. Young, Esq.<br>Three First National Plaza<br>70 W. Madison ST STE 3800<br>Chicago, IL 60602 | **BIELLI & KLAUDER, LLP**<br>Attn: David M. Klauder, Esq.<br>1204 N. King Street<br>Wilmington, DE 19801 |
| *Co-Counsel to Energy Future Holdings Corp.* | |
| **CRAVATH, SWAIN, & MOORE LLP**<br>Attn: Michael A Paskin, Esq.<br>Worldwide Plaza<br>825 Eighth Ave<br>New York, NY 10019-7475<br><br>**JENNER & BLOCK LLP**<br>Attn: Richard Levin, Esq.<br>919 Third Ave<br>New York, NY 10022-3908 | **STEVENS & LEE, P.C.**<br>Attn: Joseph H. Huston, Jr.<br>919 Market Street, Suite 1300<br>Wilmington, DE 19801 |
| *Co-Counsel to Energy Future Intermediate Holding Company LLC* | |
| **THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**<br>Attn: Richard L. Schepacarter, Esq.<br>Attn: Andrea B. Schwartz, Esq.<br>844 King Street, Suite 2207<br>Wilmington, Delaware  19801 | |
| **SULLIVAN & CROMWELL LLP**<br>Attn: Andrew G. Dietderich, Esq.<br>Attn: Brian D. Glueckstein, Esq.<br>Attn: Michael H. Torkin, Esq.<br>125 Broad St.<br>New York, NY 10004 | **MONTGOMERY, MCCRACKEN, WALKER, &<br>RHOADS LLP**<br>Attn: Natalie D. Ramsey, Esq.<br>Attn: Davis Lee Wright, Esq.<br>Attn: Mark A. Fink, Esq.<br>1105 N. Market St 15th FL<br>Wilmington, DE 19801 |
| *Co-Counsel to the EFH Creditors' Committee* | |

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the EFH Disclosure Statement, the Plan, the Plan Supplement or related documents, you should contact Epiq Bankruptcy Solutions, LLC, the Solicitation Agent retained by the Debtors in these Chapter 11 Cases, by:    (a) calling the Debtors' restructuring hotline at (877) 276-7311; (b) visiting the Debtors' restructuring website at: http://www.efhcaseinfo.com; and/or (c) email to efhvote@epiqsystems.com and reference "EFH/EFIH" in the subject line.   You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION
AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.D. CONTAINS A THIRD-
PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE
PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.
IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN
OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN
ADDITIONAL INFORMATION, CONTACT EPIQ BANKRUPTCY SOLUTIONS, LLC.**

[*Remainder of page intentionally left blank.*]

Wilmington, Delaware
Dated: [_____], 2017

*DRAFT*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:        (302) 651-7700
Facsimile:        (302) 651-7701
Email:        1irklan@rlf.com
        defranceschi@rlf.com
        madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900
Email:        edward.sassower@kirkland.com
        stephen.hessler@kirkland.com
        brian.schartz@kirkland.com
        aparna.yenamandra@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:        (312) 862-2000
Facsimile:        (312) 862-2200
Email:        james.sprayregen@kirkland.com
        marc.kieselstein@kirkland.com
        chad.husnick@kirkland.com
        steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

**Exhibit A**

| Ref. # | Debtor(s) | Description of Contract or Lease | Counterparty | Counterparty Address | Description of Property to be Abandoned, if any | Rejection Date |
|--------|-----------|----------------------------------|--------------|----------------------|-------------------------------------------------|----------------|
|        |           |                                  |              |                      |                                                 |                |

**<u>Exhibit 9</u>**

**EFH/EFIH Committee Letter**

## STATEMENT OF THE EFH/EFIH OFFICIAL COMMITTEE

TO ALL HOLDERS OF CLAIMS IN CLASSES A5, A8 AND A9:

We, the members of the official committee (the "EFH/EFIH Committee") representing unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, EFIH Finance Inc. and EECI, Inc., recommend that all Holders of Claims in Classes A5 (EFH Unexchanged Note Claims), A8 (EFH Non-Qualified Benefit Claims) and A9 (General Unsecured Claims Against EFH Corp.) **VOTE TO ACCEPT THE PLAN**.[1]

On November 25, 2015, the Bankruptcy Court entered an order approving a comprehensive and durable settlement among the EFH Committee, the Debtors, and certain of the TCEH First Lien Creditors. This settlement, among other things, provides that the Class A5 EFH Unexchanged Note Claims, Class A8 EFH Non-Qualified Benefit Claims and Class A9 General Unsecured Claims Against EFH Corp. (collectively, the "Beneficiary Claims") will receive the benefit of the Contractual Subordination agreed to between TCEH and the EFH/EFIH Committee for the benefit of the holders of these Beneficiary Claims.

The Plan incorporates these terms of the EFH/EFIH Committee Settlement. The Debtors' estimated recovery for the Beneficiary Claims under the Plan is 100%, while the Debtors' estimated recovery for other unsecured claims against EFH is 17% or less.[2]

In order to receive the benefit of this Contractual Subordination, the terms of the EFH/EFIH Committee Settlement provide that the Holders of the Beneficiary Claims must vote on the Plan in a manner consistent with the direction of the Required TCEH First Lien Creditors. The Required TCEH First Lien Creditors have sent a direction letter to the EFH/EFIH Committee that permits the Holders of Claims in Classes A5, A8 and A9 the choice of whether to vote to accept or reject the Plan. It is important, however, that Holders of Claims in Classes A5, A8 and A9 vote on the Plan to ensure receipt of the increased recovery from the Contractual Subordination, and the EFH/EFIH Committee urges all Holders of Claims in Classes A5, A8 and A9 to **VOTE TO ACCEPT THE PLAN.**

If you have questions regarding voting, you may visit the EFH/EFIH Committee's website at www.kccllc.net/TCEHEFHCommittees or call 1-888-249-2716.

Respectfully submitted,

The EFH/EFIH Official Committee

---

[1] The "Plan" is defined as the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. _____], as it may be further amended. All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan or the EFH/EFIH Committee Settlement, as applicable.

[2] As discussed in section I.G. of the *Disclosure Statement for the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. _____], these estimated recoveries could be reduced based on the resolution of the NEE Termination Fee dispute.