**Exhibit 2-B**

**Form Beneficial Holder Ballot For Classes A4, A5, A9, B6**

Energy Future Holdings Corp., *et al.*  
Beneficial Holder Ballot for  
Class [Class Number and Description]

IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) Jointly Administered |

**BENEFICIAL HOLDER BALLOT FOR ACCEPTING  
OR REJECTING THE FIRST AMENDED JOINT PLAN OF REORGANIZATION OF  
ENERGY FUTURE HOLDINGS CORP., ENERGY FUTURE INTERMEDIATE HOLDING COMPANY  
LLC, AND THE EFH/EFIH DEBTORS PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS [CLASS NUMBER AND DESCRIPTION]**

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE DEBTORS' SOLICITATION AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "SOLICITATION AGENT") AT (877) 276-7311 OR VIA EMAIL TO EFHVOTE@EPIQSYSTEMS.COM AND REFERENCE "EFH/EFIH" IN THE SUBJECT LINE.

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.  THIS BALLOT IS BEING SUBMITTED TO YOU TO SOLICIT YOUR VOTE TO THE DEBTORS' PLAN (INCLUDING THE RELEASES CONTAINED IN ARTICLE VIII OF THE PLAN).

- THIS BALLOT (OR THE MASTER BALLOT REFLECTING THE VOTE CAST ON THIS BALLOT) MUST BE **ACTUALLY RECEIVED** BY THE SOLICITATION AGENT BEFORE **4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 30, 2017** (THE "VOTING DEADLINE").

- IF A BENEFICIAL HOLDER HOLDS CLASS [CLASS NUMBER] CLAIMS IN ITS OWN NAME AND/OR THROUGH ONE OR MORE NOMINEES,[2] SUCH BENEFICIAL HOLDER MUST IDENTIFY ALL CLASS [CLASS NUMBER] CLAIMS HELD IN ACCORDANCE WITH ITEM 4 OF THIS BALLOT, AND MUST INDICATE THE SAME VOTE TO ACCEPT OR REJECT THE PLAN ON ALL BALLOTS SUBMITTED.

- IF THE COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] "Nominee" means a broker, dealer, commercial bank, trust company or other agent nominee who holds Class 4 Claims for the benefit of certain Beneficial Holders.

[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]

Energy Future Holdings Corp., *et al.*
Beneficial Holder Ballot for
Class [Class Number and Description]

Energy Future Holdings Corp. ("EFH Corp."), certain of its direct and indirect subsidiaries (together with EFH Corp., the "EFH Debtors"),[3] Energy Future Intermediate Holding Company LLC ("EFIH"), and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors," and together with the EFH Debtors, the "EFH/EFIH Debtors") are soliciting votes with respect to the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* (as may be modified, amended, or supplemented from time to time, the "Plan").[4]

This ballot (the "Ballot") is being sent to you because records indicate that you are the Beneficial Holder of a Class [Class Number] Claim as of **SEPTEMBER 6, 2017** (the "Voting Record Date"), and, accordingly, you may have a right to vote to accept or reject the Plan. This Ballot may not be used for any purpose other than for submitting votes with respect to the Plan. CUSIPS for Class [Class Number] entitled to vote are identified on **Exhibit A** attached hereto.

The *Disclosure Statement for the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* and all exhibits related thereto (as may be modified, amended, or supplemented from time to time, the "EFH Disclosure Statement") describe the rights and treatment for each Class. The Plan and EFH Disclosure Statement are included in the packet you are receiving with this Ballot (collectively, the "Solicitation Package").

**YOUR VOTE ON THIS BALLOT FOR CLASS [CLASS NUMBER] CLAIMS SHALL BE APPLIED TO EACH DEBTOR AGAINST WHOM YOU HAVE A CLASS [CLASS NUMBER] CLAIM.**

*You should carefully and thoroughly review the EFH Disclosure Statement and Plan before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan. Your Claim has been placed in Class [Class Number] under the Plan. Attached to the EFH Disclosure Statement is the EFH Disclosure Statement Order which contains the Solicitation Procedures which govern the solicitation and tabulation of votes to accept or reject the Plan.*

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 30, 2017.**

**Item 1. Amount of Class [Class Number and Class Description] Claims.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory for a Beneficial Holder), of a Class [Class Number] Claim in the following amount (*insert amount in box below*). If your Claim is held by a Nominee on your behalf and you do not know the amount of the Class [Class Number] Claims held, please contact your Nominee immediately:



$ _____

---

[3]   The other EFH Debtors are Ebasco Services of Canada Limited, EEC Holdings, Inc., EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Finance (No. 2) Holdings Company, EFH FS Holdings Company, EFH Renewables Company LLC, Generation Development Company LLC, LSGT Gas Company LLC, LSGT SACROC, Inc., NCA Development Company LLC, and TXU Receivables Company.

[4]   Capitalized terms, used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]

**Item 2. Vote of Class [Class Number and Description].**

The Beneficial Holder of the Class [Class Number] Claims set forth in Item 1 votes to (*please check one*):

<u>Check one box:</u>   ☐   **Accept** the Plan

☐   **Reject** the Plan

<u>**ITEM 3. ARTICLE VIII.D OF THE PLAN PROVIDES FOR THE FOLLOWING RELEASES BY HOLDERS OF CLAIMS AND INTERESTS (THE "RELEASES"):**</u>

EXCEPT AS OTHERWISE PROVIDED IN THE PLAN, AS OF THE EFH EFFECTIVE DATE, EACH RELEASING PARTY IS DEEMED TO HAVE RELEASED AND DISCHARGED EACH DEBTOR, REORGANIZED EFH/EFIH DEBTOR, AND RELEASED PARTY FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, INCLUDING CLAIMS AND CAUSES OF ACTION IDENTIFIED, CLAIMED, OR RELEASED IN THE STANDING MOTIONS, THE LITIGATION LETTERS, OR THE DISINTERESTED DIRECTORS SETTLEMENT, AS WELL AS ALL OTHER CLAIMS AND CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED ON BEHALF OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP OR OPERATION THEREOF), THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS (INCLUDING DIVIDENDS PAID), TRANSACTIONS PURSUANT AND/OR RELATED TO THE MASTER SEPARATION AGREEMENT DATED DECEMBER 12, 2001, THE TCEH CREDIT AGREEMENT, THE TCEH FIRST LIEN NOTES, THE CASH COLLATERAL ORDER (AND ANY PAYMENTS OR TRANSFERS IN CONNECTION THEREWITH), THE TCEH FIRST LIEN INTERCREDITOR AGREEMENT, THE LIABILITY MANAGEMENT PROGRAM, THE TAX SHARING AGREEMENTS, THE 2007 ACQUISITION, THE MANAGEMENT AGREEMENT, THE 2009 AMENDMENT TO THE TCEH CREDIT AGREEMENT, THE 2011 AMEND AND EXTEND TRANSACTIONS, THE 2005 ONCOR TRANSFER, THE 2013 REVOLVER EXTENSION, THE LUMINANT MAKEWHOLE SETTLEMENT, THE TAX AND INTEREST MAKEWHOLE AGREEMENTS, THE TCEH INTERCOMPANY NOTES, THE SHARED SERVICES, ANY PREFERENCE OR AVOIDANCE CLAIM PURSUANT TO SECTIONS 544, 547, 548, AND 549 OF THE BANKRUPTCY CODE, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE NEE PLAN SUPPORT AGREEMENT, THE EFIH UNSECURED CREDITOR PLAN SUPPORT AGREEMENT, THE SEMPRA PLAN SUPPORT AGREEMENT, THE EFH/EFIH COMMITTEE SETTLEMENT, THE EFIH SETTLEMENT AGREEMENT, THE EFIH FIRST LIEN PRINCIPAL SETTLEMENT, THE ORIGINAL CONFIRMED PLAN, THE NEXTERA PLAN, OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING PROVIDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR THE EFH CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN SUPPORT AGREEMENT, THE

[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]

NEE PLAN SUPPORT AGREEMENT, THE EFIH UNSECURED CREDITOR PLAN SUPPORT AGREEMENT, THE SEMPRA PLAN SUPPORT AGREEMENT, THE EFIH SETTLEMENT AGREEMENT, THE EFH/EFIH COMMITTEE SETTLEMENT, THE PIK SETTLEMENT (WHETHER TERMINATED PURSUANT TO ITS TERMS OR OTHERWISE) AND ANY DIRECTION TAKEN BY THE EFIH UNSECURED NOTES TRUSTEE IN CONNECTION THEREWITH (PRIOR TO TERMINATION), THE TERMINATED RESTRUCTURING SUPPORT AGREEMENT, THE EFH DISCLOSURE STATEMENT, THE TCEH DISCLOSURE STATEMENT, THE PLAN, THE TRANSACTION AGREEMENTS, THE DIP FACILITIES, THE CHAPTER 11 CASES, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, THE TRANSACTION AGREEMENTS, OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFH EFFECTIVE DATE RELATED OR RELATING TO THE FOREGOING. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE (I) ANY POST-EFH EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, (II) ANY RESTRUCTURING TRANSACTION, (III) ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, AND (IV) THE CLAIMS AND CAUSES OF ACTION SET FORTH IN SECTION 6.12 OF THE PARENT DISCLOSURE LETTER DELIVERED IN CONNECTION WITH THE NEE MERGER AGREEMENT; *PROVIDED, HOWEVER*, THAT SUCH CLAIMS AND CAUSES OF ACTION SET FORTH IN SECTION 6.12 OF SUCH PARENT DISCLOSURE LETTER DELIVERED IN CONNECTION WITH THE NEE MERGER AGREEMENT SHALL BE SUBJECT TO TREATMENT PURSUANT TO THE PLAN AND SHALL BE DISCHARGED AS SET FORTH IN ARTICLE VIII.A OF THE PLAN. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY CLAIMS OR CAUSES OF ACTION AGAINST ONE OR MORE OF NEXTERA AND ITS CURRENT AND FORMER SUBSIDIARIES (THE "<u>NEE RELEASED PARTIES</u>") RELATING TO THE PURSUIT OF APPROVAL OF THE TRANSACTIONS CONTEMPLATED IN THE ORIGINAL CONFIRMED PLAN (INCLUDING, FOR THE AVOIDANCE OF DOUBT, CLAIMS OR CAUSES OF ACTION REGARDING THE EFFECT OF THE FILING OF DOCKET NO. 7028 ON APPROVAL OF THE TRANSACTIONS CONTEMPLATED IN THE ORIGINAL CONFIRMED PLAN) OR CLAIMS OR CAUSES OF ACTION THAT MAY BE BROUGHT BY ONE OR MORE OF THE NEE RELEASED PARTIES AGAINST ANY PARTY WHO BRINGS A CLAIM OR CAUSE OF ACTION AGAINST THE NEE RELEASED PARTIES RELATING TO THE PURSUIT OF APPROVAL OF THE TRANSACTIONS CONTEMPLATED IN THE ORIGINAL CONFIRMED PLAN; *PROVIDED, HOWEVER*, FOR THE AVOIDANCE OF DOUBT, THAT ANY RELEASES SET FORTH ABOVE SOLELY TO THE EXTENT APPLICABLE PURSUANT TO THE TERMS SET FORTH ABOVE, SHALL APPLY TO THE NEE RELEASED PARTIES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, INDIVIDUAL EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, AND FOR THE AVOIDANCE OF DOUBT, THE TCEH SETTLEMENT CLAIM SHALL BE TREATED, RELEASED, AND DISCHARGED ON THE EFH EFFECTIVE DATE. FOR THE AVOIDANCE OF DOUBT, (I) THE RELEASING PARTIES PROVIDED THE RELEASE SET FORTH IN ARTICLE VIII.D OF THE PLAN FOR ALL CLAIMS AND CAUSES OF ACTION THAT RELATE TO THE TCEH DEBTORS, REORGANIZED TCEH DEBTORS, EFH SHARED SERVICES DEBTORS, REORGANIZED

[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]

EFH SHARED SERVICES DEBTORS, OR ANY NON-DEBTOR AFFILIATE TO BE TRANSFERRED TO THE REORGANIZED TCEH DEBTORS, INCLUDING EFH PROPERTIES COMPANY, AS OF THE TCEH EFFECTIVE DATE; AND (II) THE RELEASING PARTIES SHALL PROVIDE THE RELEASE SET FORTH IN ARTICLE VIII.D OF THE PLAN FOR ALL CLAIMS AND CAUSES OF ACTION THAT RELATE TO THE EFH DEBTORS, REORGANIZED EFH DEBTORS, EFIH DEBTORS, OR REORGANIZED EFIH DEBTORS AS OF THE EFH EFFECTIVE DATE; *PROVIDED* THAT ANY AND ALL INTERCOMPANY CLAIMS (OTHER THAN THE TCEH SETTLEMENT CLAIM) HELD BY OR HELD AGAINST THE TCEH DEBTORS, REORGANIZED TCEH DEBTORS, EFH SHARED SERVICES DEBTORS, REORGANIZED EFH SHARED SERVICES DEBTORS, OR ANY NON-DEBTOR AFFILIATE TO BE TRANSFERRED TO THE REORGANIZED TCEH DEBTORS, INCLUDING EFH PROPERTIES COMPANY, WERE RELEASED AS OF THE TCEH EFFECTIVE DATE.

**IMPORTANT INFORMATION REGARDING THE RELEASES:**

UNDER THE PLAN, "*RELEASING PARTIES*" MEANS, COLLECTIVELY, AND IN EACH CASE ONLY IN ITS CAPACITY AS SUCH: (A) THE EFH/EFIH PLAN SUPPORTERS; (B) EFH MERGER SUB; (C) INTERMEDIARY HOLDCO; (D) PARENT; (E) THE PLAN SPONSOR; (F) THE BACKSTOP PARTIES; (G) HOLDERS OF TCEH FIRST LIEN CLAIMS; (H) HOLDERS OF TCEH SECOND LIEN NOTE CLAIMS; (I) HOLDERS OF TCEH UNSECURED NOTE CLAIMS; (J) HOLDERS OF EFH LEGACY NOTE CLAIMS; (K) HOLDERS OF EFH UNEXCHANGED NOTE CLAIMS; (L) HOLDERS OF EFH LBO NOTE PRIMARY CLAIMS; (M) HOLDERS OF EFIH UNSECURED NOTE CLAIMS; (N) HOLDERS OF EFH LBO NOTE GUARANTY CLAIMS; (O) THE DIP LENDERS; (P) THE TCEH FIRST LIEN AGENT; (Q) THE INDENTURE TRUSTEES; (R) THE DEALER MANAGERS; (S) TEF; (T) TEXAS HOLDINGS; (U) ONCOR; (V) FUNDS AND ACCOUNTS MANAGED OR ADVISED BY KOHLBERG KRAVIS ROBERTS & CO., L.P., TPG CAPITAL, L.P. OR GOLDMAN, SACHS & CO. THAT HOLD DIRECT OR INDIRECT INTERESTS IN TEXAS HOLDINGS, TEF, OR EFH CORP.; (W) THE COMMITTEES AND EACH OF THEIR RESPECTIVE MEMBERS; (X) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE TCEH DEBTORS OTHER THAN EFCH; (Y) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFCH; (Z) HOLDERS OF EFIH FIRST LIEN NOTE CLAIMS; (AA) HOLDERS OF EFIH SECOND LIEN NOTE CLAIMS; (BB) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFIH DEBTORS; (CC) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST EFH CORP.; (DD) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFH DEBTORS OTHER THAN EFH CORP.; (EE) HOLDERS OF GENERAL UNSECURED CLAIMS AGAINST THE EFH SHARED SERVICES DEBTORS; (FF) ALL HOLDERS OF CLAIMS AND INTERESTS THAT ARE DEEMED TO ACCEPT THE PLAN; (GG) ALL HOLDERS OF CLAIMS AND INTERESTS WHO VOTE TO ACCEPT THE PLAN; (HH) ALL HOLDERS IN VOTING CLASSES WHO ABSTAIN FROM VOTING ON THE PLAN <u>AND</u> WHO DO NOT OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (II) THE ORIGINAL PLAN SPONSORS; (JJ) OV2; (KK) ANY AGENT UNDER THE EXIT FACILITIES; (LL) THE ROLLOVER TRUST TRUSTEE; (MM) THE NON-ROLLOVER TRUST TRUSTEE; (NN) WITH RESPECT TO EACH OF THE DEBTORS (AND, PRIOR TO THE TCEH EFFECTIVE DATE, THE TCEH DEBTORS AND THE EFH SHARED SERVICES DEBTORS), THE REORGANIZED TCEH DEBTORS, THE REORGANIZED EFH SHARED SERVICES DEBTORS, AND THE REORGANIZED EFH/EFIH DEBTORS, AND EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (MM), SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND EACH OF THEIR RESPECTIVE CURRENT AND FORMER EQUITY HOLDERS, OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH; AND (OO) ALL HOLDERS OF CLAIMS AND INTERESTS, SOLELY WITH RESPECT TO RELEASES OF ALL HOLDERS OF INTERESTS IN EFH CORP. AND THEIR CURRENT AND FORMER AFFILIATES, AND SUCH ENTITIES' AND THEIR AFFILIATES' CURRENT AND FORMER EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND THEIR CURRENT AND FORMER OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS,

[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]

MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH.

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH ABOVE. YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN ONLY IF THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT-OUT OF THE RELEASES AND <u>ONLY IF</u> YOU (A) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN OR (B) VOTE TO REJECT THE PLAN. IN THE CASE OF SUCH A DETERMINATION BY THE COURT, IF YOU VOTE TO REJECT THE PLAN, YOU WILL AUTOMATICALLY BE CONSIDERED TO HAVE OPTED OUT OF THE RELEASES, REGARDLESS OF WHETHER YOU CHECK THE BOX BELOW. IF YOU SATISFY THE ABOVE REQUIREMENTS AND CHECK THE BOX BELOW (OR VOTE TO REJECT THE PLAN), YOUR OPT-OUT WILL ONLY BE EFFECTIVE IF SO ORDERED BY THE COURT. REGARDLESS OF WHETHER THE COURT DETERMINES THAT YOU HAVE A RIGHT TO OPT-OUT OF THE RELEASES, IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) FAIL TO SUBMIT A BALLOT BY THE VOTING DEADLINE, OR (C) SUBMIT THE BALLOT BUT ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN WITHOUT CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN.

The Holder of the Class [Class Number] Claim set forth in Item 1 elects to:

☐     Opt Out of the Releases.

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

Energy Future Holdings Corp., *et al.*
Beneficial Holder Ballot for
Class [Class Number and Description]

**Item 4. Certification of Class [Class Number and Description] Claims Held in Additional Accounts.**

By completing and returning this Ballot, the Beneficial Holder of the Claim identified in Item 1 certifies that (a) this Ballot is the only Ballot submitted for the Class [Class Number] Claims owned by such Beneficial Holder as indicated in Item 1, except for the Claims identified in the following table, and (b) all Ballots for Class [Class Number] Claims submitted by the Beneficial Holder indicate the same vote to accept or reject the Plan that the Beneficial Holder has indicated in Item 2 of this Ballot (please use additional sheets of paper if necessary). **To be clear, if any Beneficial Holder holds Class [Class Number] Claims through one or more Nominees, such Beneficial Holder must identify all Class [Class Number] Claims held through its own name and/or each Nominee in the following table, and must indicate the same vote to accept or reject the Plan on all Ballots submitted.**

ONLY COMPLETE ITEM 4 IF YOU HAVE SUBMITTED OTHER BALLOTS ON ACCOUNT OF CLASS [CLASS NUMBER AND DESCRIPTION] CLAIMS

| Account Number of Other Class [Class Number] Claims Voted | Name of Owner[5] | Principal Amount of Other Class [Class Number] Claims Voted | CUSIP of Other Class [Class Number] Claims Voted |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

---

[5] Insert your name if the Class [Class Number] Claims are held by you in your own name or, if held in street name through a Nominee, insert the name of your broker or bank.

[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]

8

**Item 5. Certifications.**

Upon execution of this Ballot, the undersigned certifies that:

a. as of the Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory for a Beneficial Holder) of Claims arising from the Class [Class Number] in the amount set forth in Item 1,

b. the Beneficial Holder has received a copy of the EFH Disclosure Statement, the Plan, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c. the Beneficial Holder has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

d. the Beneficial Holder has cast the same vote with respect to all of the Beneficial Holder's Class [Class Number] Claims;

e. the Beneficial Holder understands and acknowledges that if multiple Ballots are submitted voting the claim set forth in Item 1, only the last properly completed Ballot or Master Ballot voting the claim and received by the Solicitation Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent;

f. the Beneficial Holder understands and acknowledges that the Solicitation Agent may verify the amount of Class [Class Number] Claims held by the Beneficial Holder as of the Voting Record Date set forth in Item 1 with any Nominee through which the Beneficial Holder holds its Class [Class Number] Claims and by returning an executed Ballot the Beneficial Holder directs any such Nominee to provide any information or comply with any actions requested by the Solicitation Agent to verify the amount set forth in Item 1 hereof. In the event of a discrepancy regarding such amount that cannot be timely reconciled without undue effort on the part of the Solicitation Agent, the amount shown on the records of the Nominee, if applicable, or the Debtors' records shall control; and

g. the Beneficial Holder understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Beneficial Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Beneficial Holder and shall not be affected by, and shall survive, the death or incapacity of the Beneficial Holder.

*[Remainder of page intentionally left blank.]*

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

**Item 6. Beneficial Holder Information and Signature.**

Name of Beneficial Holder:_____
(*print or type*)

Signature:_____

Name of Signatory:_____
(*if other than Beneficial Holder*)

Title: _____

Address:_____

_____

_____

Date Completed:_____

**THE VOTING DEADLINE IS 4:00 P.M. (PREVAILING EASTERN TIME) ON OCTOBER 30, 2017.**

*IF YOU RECEIVED A RETURN BALLOT ADDRESSED TO THE SOLICITATION AGENT (EPIQ BANKRUPTCY SOLUTIONS, LLC)*, PLEASE COMPLETE, AND DATE THE BALLOT AND RETURN IT PROMPTLY WITH AN ORIGINAL SIGNED COPY IN THE ENVELOPE PROVIDED SO THAT IT IS ACTUALLY RECEIVED BY THE SOLICITATION AGENT BY THE VOTING DEADLINE.

*IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE*, PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE. PLEASE ALLOW SUFFICIENT TIME FOR YOUR BALLOT TO BE INCLUDED ON A MASTER BALLOT COMPLETED BY YOUR NOMINEE. THE MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE THE VOTING DEADLINE.

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS, PLEASE CONTACT THE SOLICITATION AGENT AT (877) 276-7311 OR EMAIL EFHVOTE@EPIQSYSTEMS.COM AND REFERENCE "EFH/EFIH" IN THE SUBJECT LINE.

*[Remainder of page intentionally left blank.]*

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

## VOTING INSTRUCTIONS

1. As described in the EFH Disclosure Statement, the Debtors are soliciting the votes of Beneficial Holders of Class [Class Number] Claims with respect to the Plan referred to in the EFH Disclosure Statement. The Plan and EFH Disclosure Statement are included in the Solicitation Package you received with the Ballot. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan. All capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan. **PLEASE READ THE PLAN AND THE EFH DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BENEFICIAL HOLDER BALLOT.** You may wish to seek legal advice concerning the Plan and the treatment of your claim or claims under the Plan.

2. The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Beneficial Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code.

3. To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) **sign and return the Ballot in accordance with the instructions received and in the envelope provided, so that this Ballot or the master ballot cast on your behalf) is actually received by the Solicitation Agent by the Voting Deadline**. If you are returning your Ballot to the Nominee that provided you with this Ballot, your completed Ballot must be sent to your Nominee, allowing sufficient time for your Nominee to receive your Ballot, complete a master ballot ("Master Ballot"), and transmit the Master Ballot to the Solicitation Agent so that it is actually received by the Voting Deadline.

    **The Solicitation Agent will not accept any ballots by email, facsimile or other electronic means.** If you are directed by your Nominee to submit the Beneficial Holder Ballot to the Nominee via electronic means, such instructions to your Nominee shall have the same effect as if you had completed and returned a physical Beneficial Holder Ballot, including all certifications.

4. The time by which a Ballot is **actually received** by the Solicitation Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline. **The Voting Deadline is October 30, 2017, at 4:00 p.m., prevailing Eastern Time**.

5. If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by applicable law or court order. In all cases, Beneficial Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors. A Ballot will not be counted unless received by the Solicitation Agent.

6. The Beneficial Holder understands and acknowledges that if multiple Ballots are submitted voting the claim set forth in Item 1, only the last properly completed Ballot or Master Ballot voting the claim and received by the Solicitation Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent.

7. If a Holder holds a Claim or Interest, as applicable, in a Voting Class against multiple Debtors, a vote on their Ballot will apply to all Debtors against whom such Holder or Nominee has a Claim or Interest, as applicable, in that Voting Class.

8. If a Beneficial Holder simultaneously casts inconsistent duplicate Ballots, with respect to the same Claim, such Ballots will not be counted.

9. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto. Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

10. The Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim or Interest; or (b) an assertion or admission with respect to any Claim or Interest.

11. Please be sure to sign and date your Ballot. If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

12. You must vote your entire Class [Class Number] Claims either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted as a vote to accept or reject the Plan.

13. Any Ballot that is properly completed, executed and timely returned to the Debtors that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

14. The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and/or (e) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

15. If you hold Claims or Interests in more than one Class under the Plan or for different Claims within a Class you may receive more than one Ballot. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

16. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor in a particular Class will be aggregated and treated as if such Creditor held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided, however*, that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such Creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

---

This Beneficial Holder Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and to make certifications with respect to the Beneficial Holder Ballot. Accordingly, at this time, holders of Bonds should not surrender certificates or instruments evidencing their bonds, and neither the Debtor nor the Solicitation Agent will accept delivery of any such certificates or instruments surrendered with a Beneficial Holder Ballot.

**If you have any questions regarding this Ballot, or if you did not receive a copy of the EFH Disclosure Statement or Plan, or if you need additional copies of the enclosed materials, please contact the Solicitation Agent by phone at (877) 276-7311 or via email to <u>efhvote@epiqsystems.com</u> and reference "EFH/EFIH" in the subject line.**

## **PLEASE SUBMIT YOUR BALLOT PROMPTLY!**

**[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]**

Energy Future Holdings Corp., *et al.*<br>
Beneficial Holder Ballot for<br>
Class [Class Number and Description]

## EXHIBIT A

*Your Nominee may have checked a box below to indicate the Note to which this Ballot pertains, or otherwise provided that information to you on a label or schedule attached to the Ballot.*

### CLASS [CLASS NUMBER AND DESCRIPTION] CLAIMS

|  | BOND DESCRIPTION | CUSIP |
|---|---|---|
| ☐ |  |  |
| ☐ |  |  |
| ☐ |  |  |
| ☐ |  |  |
| ☐ |  |  |

[CUSIP AS INDICATED ON THE ATTACHED EXHIBIT A]