# Exhibit J



## Control Number: 46238



## Item Number: 555

## Addendum StartPage: 0

PUC DOCKET NO. 46238

| | | |
|---|---|---|
| JOINT REPORT AND APPLICATION OF ONCOR ELECTRIC DELIVERY COMPANY LLC AND NEXTERA ENERGY, INC. FOR REGULATORY APPROVALS PURSUANT TO PURA §§14.101, 39.262, AND 39.915 | § § § § § § § | PUBLIC UTILITY COMMISSION OF TEXAS |

RECEIVED
2017 JUN 27 PM 2: 55
PUBLIC UTILITY COMMISSION
FILING CLERK

*AMICUS CURIAE* BRIEF OF
ENERGY FUTURE HOLDINGS CORP. AND ENERGY FUTURE INTERMEDIATE
HOLDINGS COMPANY LLC IN SUPPORT OF SECOND MOTION FOR REHEARING

KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS
  INTERNATIONAL LLP
James H.M. Sprayregen, P.C.
Marc Kieselstein, P.C.
Chad J. Husnick, P.C.
300 North LaSalle
Chicago, Illinois 60654

Edward O. Sassower, P.C.
601 Lexington Avenue
New York, New York 10022-4611

Mark McKane, P.C.
555 California Street
San Francisco, California 94104

KIRKLAND & ELLIS LLP
Paul D. Clement
Erin E. Murphy
Galen B. Bascom
655 Fifteenth Street, NW
Washington, DC 2005
Telephone:  (202) 879-5000
Facsimile:  (202) 879-5200
Email:  paul.clement@kirkland.com
        erin.murphy@kirkland.com
        galen.bascom@kirkland.com

ENERGY FUTURE HOLDINGS CORP.
Andrew M. Wright
EVP, General Counsel and Secretary
Texas Bar #00797702
1601 Bryan, 41st Floor
Dallas, Texas 75201

COUNSEL FOR *AMICUS CURIAE*

June 27, 2017

555

1

PUC DOCKET NO. 46238

| | |
|---|---|
| JOINT REPORT AND APPLICATION OF ONCOR ELECTRIC DELIVERY COMPANY LLC AND NEXTERA ENERGY, INC. FOR REGULATORY APPROVALS PURSUANT TO PURA §§14.101, 39.262 AND 39.915 § § § § § § § § | PUBLIC UTILITY COMMISSION OF TEXAS |

**AMICUS CURIAE BRIEF OF**
**ENERGY FUTURE HOLDINGS CORP. AND ENERGY FUTURE INTERMEDIATE**
**HOLDINGS COMPANY LLC IN SUPPORT OF SECOND MOTION FOR REHEARING**

Energy Future Holdings Corp. ("EFH") and Energy Future Intermediate Holdings Company LLC ("EFIH," and collectively with EFH, the "Debtors") respectfully file this *Amicus* Brief in Support of the Second Motion for Rehearing filed by NextEra Energy, Inc. ("NextEra"), seeking reconsideration of the Commission's June 7, 2017 Order on Rehearing regarding the proposed transaction between Oncor Electric Delivery Company LLC ("Oncor") and NextEra.

Although the Debtors are not parties to this proceeding, its outcome is of the utmost importance to them, as ensuring the best outcome for Oncor will also ensure the best outcome for the Debtors' creditors. The Debtors previously submitted an *amicus* brief in support of NextEra's first Motion for Rehearing, explaining that the Commission's initial Order denying approval of the proposed transaction undervalued the extent of the significant benefits that the transaction would generate, overestimated the extent of the potential risks associated with the transaction, and did not fully account for the reality that a better alternative is unlikely to materialize. Unfortunately, the Order on Rehearing likewise fails to adequately and accurately assess the potential benefits and risks of the proposed transaction. The Debtors therefore once again join NextEra in respectfully urging the Commission to reconsider and approve the transaction.

1

First, the Order on Rehearing continues to undervalue many of the significant benefits that the proposed transaction would bring Oncor. Oncor would benefit by having a strong and stable parent company, as well as from resolving the debt overhanging Oncor. Oncor has approximately $11 billion in legacy EFH/EFIH debt above it that is supported solely by Oncor and its cash flows. Under the proposed transaction, all $11 billion of that debt would be extinguished, and EFH's bankruptcy proceeding would quickly end. NextEra's commitment to extinguish the current debt and consolidate the substantially reduced new debt is a significant benefit because the transaction would make Oncor financially stronger—indeed, Oncor's credit rating increased as soon as the proposed transaction was announced, and the expert credit agencies have indicated that it could increase as many as three notches if the transaction is consummated.[1] Oncor would also receive several other benefits from the transaction, including the elimination of exposure to legacy federal tax and asbestos liabilities; the elimination of the need for Oncor's management to focus on its parent holding company's bankruptcy; NextEra's commitment to preserve Oncor's existing management and fully fund Oncor's five-year capital expenditures plan; the synergies of having a traditional and experienced utility holding company as a parent; and the many efforts NextEra made to address concerns about debt issuance, capital structure, and bankruptcy exposure in its 73 regulatory commitments. Rather than meaningfully account for those benefits, the Order on Rehearing continues to mistakenly dismiss them as not unique to this particular transaction.

Second, the Order on Rehearing continues to overstate the potential risks of the transaction. Once again, the Commission classifies as a *risk* the benefit that Oncor would receive from the extinguishment of the Debtors' debt.[2] In fact, Oncor would be in a far better position as but one

---

[1] NextEra Ex. 4 (Reed Direct) at 29:13-17.

[2] Order on Rehearing 4.

2

3

of many stable sources supporting NextEra's consolidated debt than as the sole source supporting the Debtors' $11 billion debt (or as the sole source supporting a portion of that debt if equitization results). The Order on Rehearing also expresses concern about the elimination of "(1) restrictions on NextEra Energy's ability to appoint, remove, and replace members of the Oncor and Oncor Holdings boards of directors, with the exception of three disinterested directors on the Oncor board of directors, and (2) the ability of the Texas Transmission Investment shareholders to veto dividends declared by the Oncor board of directors and, in certain circumstances, capital and operating budgets."[3] But the Order fails to adequately account for the reality that those restrictions were crafted for a completely different transaction that was extraordinarily leveraged and produced a nearly unprecedented disparity in credit rating between parent (EFH) and subsidiary (Oncor) following the transaction. At the time, those protections were the only way to ensure that Oncor could preserve its investment grade credit rating. The proposed transaction is not nearly as leveraged, and NextEra does not present anywhere near the same bankruptcy risk as the Debtors did in 2007, which explains why three separate credit rating agencies having concluded that having NextEra as its parent would *improve* Oncor's credit rating, financial stability, and cost of capital. As the conclusions of those expert agencies reflect, the onerous restrictions crafted specifically for the 2007 transaction are no longer necessary to preserve the credit rating or stability of Oncor; instead, those restrictions have become a counterproductive obstacle to bringing Oncor the full benefits of association with a stronger and more stable parent.

Finally, the Debtors again respectfully urge the Commission to consider the reality today that the proposed transaction is the best option for Oncor. There were and are today no better offers for the purchase of reorganized EFH/EFIH. A stand-alone equitization (the only other option

---

[3] Order on Rehearing 7.

3

4

currently available to EFH/EFIH) will be a risky and uncertain undertaking for Oncor. If the Order on Rehearing stands, it may dissuade other prospective purchasers from pursuing a transaction at a price higher than the price implied in an equitization. Oncor is majority-owned by the Debtors, who have declared bankruptcy and have $11 billion in unresolved debt, and whose boards of directors have a fiduciary duty to find some way to monetize the valuable asset that Oncor represents for their creditors. Perpetual bankruptcy is not an option,[4] and an equitization of Oncor would be an inferior outcome with its own inherent risks and uncertainties. Fundamentally, the NextEra transaction is the best outcome that has become available for Oncor and its ratepayers.

For all these reasons, the Debtors respectfully ask the Commission to grant NextEra's Second Motion for Rehearing and reconsider the petition of Oncor and NextEra in this matter.

---

[4] *See* NextEra Ex. 6 (Reed Rebuttal), at 19:3-15.

Respectfully submitted,

_____
Paul D. Clement

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS**
  **INTERNATIONAL LLP**
James H.M. Sprayregen, P.C.
Marc Kieselstein, P.C.
Chad J. Husnick, P.C.
300 North LaSalle
Chicago, Illinois 60654

Edward O. Sassower, P.C.
601 Lexington Avenue
New York, New York 10022-4611

Mark McKane, P.C.
555 California Street
San Francisco, California 94104

**KIRKLAND & ELLIS LLP**
Paul D. Clement
Erin E. Murphy
Galen B. Bascom
655 Fifteenth Street, NW
Washington, DC 2005
Telephone:   (202) 879-5000
Facsimile:   (202) 879-5200
Email:       paul.clement@kirkland.com
             erin.murphy@kirkland.com
             galen.bascom@kirkland.com

-and-

**ENERGY FUTURE HOLDINGS CORP.**
Andrew M. Wright
EVP, General Counsel and Secretary
Texas Bar #00797702
1601 Bryan, 41st Floor
Dallas, Texas  75201

*Counsel for Amicus Curiae*

June 27, 2017

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was served on all parties of record in this proceeding via electronic mail and this document was filed with the Commission on this 27th day of June, 2017.

_____
Paul D. Clement

5

6