**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>                           Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered) |
| ENERGY FUTURE HOLDINGS CORP. and<br>ENERGY FUTURE INTERMEDIATE HOLDING COMPANY, LLC<br><br>                           Plaintiffs,<br><br>                           -v-<br><br>NEXTERA ENERGY, INC.<br><br>                           Defendant. | Adv. Pro. No. 17-50942 (CSS) |

**JOINDER AND STATEMENT OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF ENERGY FUTURE HOLDINGS CORP.,
ENERGY FUTURE INTERMEDIATE HOLDING COMPANY, LLC,
EFIH FINANCE, INC., AND EECI, INC. IN SUPPORT OF ELLIOTT'S
<u>MOTION TO INTERVENE AND FOR DERIVATIVE STANDING</u>**

       The official committee of unsecured creditors (the "**EFH/EFIH Committee**") of Energy Future Holdings Corp. ("**EFH**"), Energy Future Intermediate Holding Company, LLC ("**EFIH**"), EFIH Finance, Inc., and EECI, Inc., through its undersigned counsel, hereby submits this joinder and statement in support of *Elliott's Motion to Intervene and for Derivative Standing*

---

[1]   The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[Adv. Pro. D.I. 28] (the "**Motion to Intervene**")² filed by Elliott Associates, L.P., Elliott International, L.P., and the Liverpool Limited Partnerships (collectively, "**Elliott**"), and respectfully states as follows:

### Background

1. On October 27, 2014, the United States Trustee for the District of Delaware appointed the EFH/EFIH Committee to represent the collective interests of unsecured creditors of EFH, EFIH, EFIH Finance, Inc., and EECI, Inc. [D.I. 2570].³

2. On September 5, 2017, the Court entered the *Stipulation and Order Granting the EFH/EFIH Committee's Intervention in the Adversary Proceeding* [Adv. Pro. D.I. 36] in the above-captioned adversary proceeding ("**Adversary Proceeding**"), permitting the EFH/EFIH Committee to intervene in the Adversary Proceeding pursuant to section 1109 of the Bankruptcy Code and Bankruptcy Rule 7024.

3. On August 25, 2017, Elliott filed the Motion to Intervene and *Memorandum of Law in Support of Elliott's Motion to Intervene and for Derivative Standing* [Adv. Pro. D.I. 29].

### Joinder and Statement

4. The EFH/EFIH Committee joins and supports Elliott's Motion to Intervene. There is no dispute at this point that Elliott, as one of the largest unsecured creditors of EFH and the largest unsecured creditor of EFIH, should intervene in the Adversary Proceeding. The Debtors and NextEra Energy, Inc. ("**NextEra**") have nonetheless opposed

---

² Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion to Intervene.

³ Citations to "D.I." refer to the main bankruptcy docket, Case No. 14-10979.

Elliott's request for derivative standing to assert certain Additional Claims on behalf of the Debtors' estates.  (*See* Adv. Pro. D.I. 44, 46.)

5. Irrespective of the Debtors having amended their complaint to add Elliott's Additional Claims (Adv. Pro. D.I. 41), the underpinning of Elliott's Motion to Intervene is who is the appropriate party or parties empowered to potentially settle the Adversary Proceeding at some point in the future.  The EFH/EFIH Committee shares Elliott's concerns that the Debtors, and not the parties who have the economic interest in the outcome of the Adversary Proceeding, are leading the prosecution and, more importantly, are also authorized to unilaterally settle the litigation.

6. The Debtors and their advisors negotiated and drafted the NextEra Merger Agreement, and will likely be fact witnesses who will be deposed and testify at trial.  In light of this intimate connection to the facts and circumstances giving rise to the litigation, the Debtors may not be positioned to advance certain claims or arguments.  More fundamentally, it is the unsecured creditors of EFIH and/or EFH (subject to allocation of any Termination Fee determined to be payable), who have the entire economic interest in the outcome of the Adversary Proceeding.  As a result, it is critical that a representative of unsecured creditors has a binding consent right to the settlement of the Termination Fee dispute with NextEra.

7. Elliott has the largest economic stake, but all other unsecured creditors share in the risk.  The EFH/EFIH Committee, as a fiduciary for all unsecured creditors of EFH and EFIH, is therefore best positioned to prosecute and, if appropriate, settle the Adversary Proceeding.  As a practical matter, the EFH/EFIH Committee has already intervened in the Adversary Proceeding and will work alongside the Debtors, Elliott and the other intervenors to prosecute the litigation, with or without formal standing.  But it is critical, for the reasons set

forth by Elliott in the Motion to Intervene, and also because resolution of the Adversary Proceeding is not a condition to the Plan and otherwise does not interfere with the Debtors' sale of EFIH's indirect interest in Oncor, that the creditors with the economic interest in the litigation control its resolution. The Debtors should not be able to exclusively settle the Adversary Proceeding and circumvent the parties with the economic stake. *See*, *e.g.*, *In re Exide Techs.*, 303 B.R. 48 (Bankr. D. Del 2003) (rejecting the debtors' proposed settlement in a plan of an adversary proceeding brought by a creditors' committee where "the proposed settlement was not the result of arms-length bargaining with the unsecured creditors, who are the plaintiffs in the action and are directly affected by it.")

8.      While the EFH/EFIH Committee expects the Debtors to exercise their fiduciary duties in connection with the Adversary Proceeding, providing the EFH/EFIH Committee a formal consent right to settlement is critical to protecting the interests of all unsecured creditors. In opposing Elliott's request for standing and settlement authority, the Debtors focus on their role as statutory fiduciaries, but the EFH/EFIH Committee is the statutorily-appointed estate fiduciary to represent the interests of all EFH and EFIH unsecured creditors.

9.      Given the magnitude of the Termination Fee asserted by NextEra and the potential impact of the allowance of any Termination Fee on the recoveries to EFH and EFIH unsecured creditors, it is important that unsecured creditors are afforded the opportunity to fully prosecute such claims and ensure they are not prematurely or inadequately settled. Accordingly, the most reasonable path forward is for the EFH/EFIH Committee to be granted consent rights with respect to any settlement in the Adversary Proceeding. The EFH/EFIH Committee therefore submits this is an appropriate resolution of the pending standing dispute.

-4-

10. Finally, involving Elliott and providing a consent right for the EFH/EFIH Committee is likely to lessen the chance and costs of future litigation if the Debtors unilaterally proceed with a settlement in a process they control.  At this point in a long case, stakeholder involvement is important for consensus and to avoid further expenditure on unnecessary litigation.

11. For the foregoing reasons, the EFH/EFIH Committee respectfully requests that the Court grant the EFH/EFIH Committee standing to the extent necessary to be provided a consent right with respect to any settlement in the Adversary Proceeding.

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| Dated: Wilmington, Delaware<br>September 14, 2017 | **MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP**<br><br> */s/ Mark A. Fink*<br>Natalie D. Ramsey (DE Bar No. 5378)<br>Davis Lee Wright (DE Bar No. 4324)<br>Mark A. Fink (DE Bar No. 3946)<br>1105 North Market Street, 15th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 504-7800<br>Facsimile: (302) 504-7820<br>E-mail:     nramsey@mmwr.com<br>              dwright@mmwr.com<br>              mfink@mmwr.com<br><br>– and –<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich<br>Brian D. Glueckstein<br>John L. Hardiman<br>Alexa J. Kranzley<br>125 Broad Street<br>New York, New York 10004<br>Telephone:   (212) 558-4000<br>Facsimile:    (212) 558-3588<br>E-mail:        dietdericha@sullcrom.com<br>                  gluecksteinb@sullcrom.com<br>                  hardimanj@sullcrom.com<br>                  kranzleya@sullcrom.com<br><br>*Counsel for The Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, EFIH Finance Inc., and EECI, Inc.* |