IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re )<br>ENERGY FUTURE HOLDINGS )<br>CORP., *et al.*,[1] )<br>   )<br>   *Debtors.*   )<br>   ) | Chapter 11<br>Case No. 14-10979 (CSS)<br>(Jointly Administered) |
| )<br>ENERGY FUTURE HOLDINGS )<br>CORP. )<br>   - and -   )<br>ENERGY FUTURE INTERMEDIATE )<br>HOLDING COMPANY LLC<br>   )<br>   *Plaintiffs.*   )<br>   )<br>v.   )<br>   )<br>NextEra ENERGY, INC.,   )<br>   )<br>   *Defendant.*   )<br>   ) | Adversary Proceeding<br>No. 17-50942 (CSS)<br><br><br><br><br><br><br><br><br>Related to Case No. 17-50942 D.I. 28, 29, 44, 46,<br>63, and Case No. 14-10979 D.I. 11902 |

## ORDER GRANTING IN PART AND DENYING IN PART ELLIOTT'S MOTION TO INTERVENE AND FOR DERIVATIVE STANDING [DKT. NO. 28]

Upon *Elliott's Motion to Intervene and for Derivative Standing* (the "Motion")[2]

[D.I. 28]; and it appearing that this Court has jurisdiction over this matter pursuant to 28

U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States

District Court for the District of Delaware*, dated February 19, 2012; and it appearing

that this is a core proceeding under 28 U.S.C. § 157(b); and it appearing that venue of this

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not defined herein shall have the meaning set forth in the Motion.

{12270-001 ORD A0485254.DOCX}

1

proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been provided; and the Court having reviewed and considered (i) the Motion; (ii) the *Memorandum of Law in Support of Elliott's Motion to Intervene and for Derivative Standing*, dated August 25, 2017 [D.I. 29]; (iii) the Debtors' *Memorandum of Law in Opposition to Elliott's Motion for Derivative Standing*, dated September 8, 2017 [D.I. 44]; (iv) the *Limited Objection of NextEra Energy, Inc. to Elliott's Motion to Intervene and for Derivative Standing*, dated September 8, 2017 [D.I. 46]; (v) the *Joinder and Statement of the Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, EFIH Finance, Inc., and EECI, Inc., In Support of Elliott's Motion to Intervene and for Derivative Standing*, dated September 14, 2017 [Case No. 14-10979, D.I. 11902]; and (vi) Elliott's *Reply in Support of Elliott's Motion to Intervene and for Derivative Standing*, dated September 14, 2017 [D.I. 63], and the Court having held a hearing to consider the Motion and all of the documents filed in connection therewith on September 19, 2017 starting at 10:00 a.m. (Eastern Daylight Time) (the "September 19 Hearing"); and the Court having heard and considered the evidence and arguments of counsel presented to it during the September 19 Hearing; and upon the record of the September 19 Hearing; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED in part and DENIED in part, as stated herein.

2. Elliott's request to intervene in the Adversary Proceeding pursuant to Rule 24 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7024 of the Federal Rules of Bankruptcy Procedure, is GRANTED.

3. Elliott's request for derivative standing as to the Additional Claims contained in the Proposed Complaint is DENIED, with prejudice.

4. The request of both (a) Elliott and (b) the Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, EFIH Finance, Inc., and EECI, Inc. (the "<u>EFH/EFIH Committee</u>"), for an order granting a settlement consent right to the EFH/EFIH Committee or, in the alternative, to Elliott, in each case in connection with the Adversary Proceeding, is DENIED, with prejudice; *provided, however*, that nothing in this Order shall preclude Elliott or the EFH/EFIH Committee to object to any settlement on any grounds that applicable law permits or to seek standing in the future.

5. Notwithstanding the possible applicability of rules 6004(h), 7062, 9014 or otherwise of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. The Court retains exclusive jurisdiction with respect to all matters arising from or related to implementation of this Order.

Wilmington, Delaware
Dated: 9/20 , 2017

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE