# EXHIBIT 1

# KIRKLAND & ELLIS LLP
### AND AFFILIATED PARTNERSHIPS

601 Lexington Avenue
New York, NY 10022

McClain Thompson
To Call Writer Directly:
(212) 909-3279
mcclain.thompson@kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900

June 26, 2017

**By E-Mail and First-Class Mail**

Brian L. Ponder
Brian Ponder LLP
200 Park Ave., Ste. 1700
New York, NY 10166
brian@brianponder.com

> Re:   In re Energy Future Holdings Corp., *et al.*, Case No. 14-10979 (CSS); Vance
> Dotson v. Energy Future Holdings Corp., *et al.*, Case No. CIV-17-575-D

Counsel:

We write regarding the above-referenced matters, our letters dated June 19 and June 23, and our telephone conference on June 23 regarding the same. In an effort to conclude this process without incurring additional expense, we wanted to share some pre-petition correspondence between Mr. Dotson and our client.

Attached as **Exhibit A** is a letter our client sent Mr. Dotson on January 23, 2013. The letter confirmed that Mr. Dotson owed $107.85. It also notified Mr. Dotson that if he failed to make payment arrangements within 10 days, our client could "report [his] account to one or more credit bureaus to make it part of [his] credit record where it may impact [his] ability to obtain credit." Please note that the letter references account number <sup>REDACTED</sup>573928.

Attached as **Exhibit B** is a letter Mr. Dotson faxed to our client on February 5, 2014— nearly three months before the Petition Date.[1] In the letter, Mr. Dotson states: (1) "[Y]our firm has violated the law (including but not limited to) . . . the Fair Credit Reporting Act," and (2) "You have communicated and are continuing to communicate incorrect and defamatory information to third parties, including, but not limited to, Equifax, Experian, and TransUnion." Please note that Mr. Dotson's letter references account number <sup>REDACTED</sup>573928. Also, upon information and belief and a preliminary review of the Debtors' books and records, Mr. Dotson filed a direct dispute with the credit bureaus on or about April 21, 2014—again, before the Petition Date.

---

[1]   Capitalized terms used but not defined herein shall have the meanings ascribed in our June 19 letter.

## KIRKLAND & ELLIS LLP

Brian L. Ponder
June 26, 2017
Page 2

The attached correspondence definitively establishes that Mr. Dotson could have brought his Fair Credit Reporting Act claims before the Petition Date.  It also raises serious questions about the inquiry into the evidentiary support for the factual allegations made in the complaint. *See* Complaint ¶¶ 8-9 ("On or about May 5, 2016, Mr. Dotson . . . *obtained* a copy of his Experian consumer report . . . and *discovered* inaccurate and false information contained therein. In his Experian credit report, Mr. Dotson *observed* a trade line from TXU ENERGY in the amount of *$107* for a debt allegedly owed by Mr. Dotson to TXU ENERGY.") (emphases added).  The matching references to a $107 charge in the complaint and our client's January 23, 2013 letter—and the matching account numbers in that letter and Mr. Dotson's February 5, 2014 letter—clearly demonstrate that Mr. Dotson's post-petition allegations are premised on a pre-petition event.

By no later than 12:00 p.m. ET on Friday, June 30, 2017, please (1) confirm you have dismissed with prejudice the Lawsuit against the Reorganized TCEH Debtors and provide a file-stamped copy of the same, and (2) acknowledge in writing the existence of the automatic stay as to EFH.  Your failure to do so will leave the Debtors with no choice but to pursue remedies in the Bankruptcy Court for violations of the Bankruptcy Code, the Confirmation Order, and the Plan, and to seek recovery of the increasing costs regarding the same.

If you have any questions regarding this matter, I remain available at the number above.

Sincerely,

*/s/ McClain Thompson*

McClain Thompson

**EXHIBIT A**

**Letter to Vance Dotson, Dated January 23, 2013**



ATERSO01
PO Box 1022
Wixom MI  48393-1022
CHANGE SERVICE REQUESTED



R-68167890-R291        963429556

Vance Dotson
# REDACTED

Date:  01/23/2013

RE: Electric Service Acct. #:  <sup>REDACTED</sup> 573928
Electric Service Furnished At:
# REDACTED

Balance Due:  $107.85

Dear Vance Dotson:

According to our records we have mailed you a final bill for the amount shown above.

If payment arrangements are not made or the balance is not paid within 10 days of the date of this letter, your account is subject to referral to a collection agency or an attorney for collection. TXU Energy may also report your account to one or more credit bureaus to make it part of your credit record where it may impact your ability to obtain credit.

If you have already mailed your payment, we thank you for your payment and please disregard this notice.  If you have any questions, please call toll free at **1-855-871-1089**.

Sincerely,

TXU Energy Retail Company LLC
REP Certificate No. 10004

Please return this portion with your payment in the enclosed envelope.  Make checks payable to TXU Energy.  Do not include correspondence with your payment.

379ATERSO01R291

---

**Account Number:**
REDACTED **573928**

| Total Amount Due | Due Date |
|:---:|:---:|
| **$107.85** | **February 02, 2013** |

TXU Energy
PO Box 660900
Dallas TX 75266-0900

Vance Dotson
# REDACTED

21100025573928000000107850000010785 9

## EXHIBIT B

**Letter from Vance Dotson, Faxed on February 5, 2014**

TXU

Po Box 650764

Dallas TX 75262

Account Number: <sup>REDACTED</sup>573928

Your firm has failed to send the legally required validation of this debt. You have been notified that your actions are detrimental to me and that your firm has violated the law (including but not limited to) the Consumer Credit Protection Act, the Fair Credit Reporting Act.

Your firm knew or should have known that the actions taken against me and the information collected about me was inappropriate and damaging to me.

You have failed to use reasonable care in the course of business and failed to use even minimal procedures to ensure that I was not harmed.

You have communicated and are continuing to communicate incorrect and defamatory information to third parties, including, but not limited to, Equifax, Experian, and TransUnion.

As a result of these blatantly reckless, wanton, and intentional acts, I have suffered and continue to suffer general and specific damages. I am also very upset at your firm's intentional infliction of emotional distress and at the other diminishments of the quality of my life.

I am now demanding the immediate and complete removal of this tradeline from my credit reports (Equifax, Experian, and TransUnion).

Your firm has failed to complete any of my disputes from past to present.

Vance Dotson

REDACTED