# EXHIBIT 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VANCE DOTSON,<br><br>                              Plaintiff,<br><br>                v.<br><br>1) ENERGY FUTURE HOLDINGS CORP. d/b/a TXU ENERGY;<br>2) TXU ENERGY GAS ASSET MANAGEMENT COMPANY d/b/a TXU ENERGY;<br>3) TXU ENERGY HOLDINGS COMPANY d/b/a TXU ENERGY;<br>4) TXU ENERGY INDUSTRIES COMPANY d/b/a TXU ENERGY;<br>5) TXU ENERGY RETAIL COMPANY LLC d/b/a TXU ENERGY;<br>6) TXU ENERGY RETAIL COMPANY LP d/b/a TXU ENERGY;<br>7) TXU ENERGY RETAIL MANAGEMENT COMPANY LLC d/b/a TXU ENERGY;<br>8) TXU ENERGY SERVICES COMPANY d/b/a TXU ENERGY;<br>9) TXU ENERGY SERVICES COMPANY LLC d/b/a TXU ENERGY;<br>10)     TXU ENERGY SOLUTIONS COMPANY LLC d/b/a TXU ENERGY; | CIVIL ACTION<br><br>CASE NO. CIV-17-575-D<br><br>**COMPLAINT AND JURY DEMAND** |

1

|  |  |
|---|---|
| 11) TXU ENERGY SOLUTIONS MANAGEMENT COMPANY LLC d/b/a TXU ENERGY; <br> 12) TXU ENERGY TRADING (CANADA) COMPANY d/b/a TXU ENERGY; <br> 13) TXU ENERGY SOLUTIONS COMPANY LP d/b/a TXU ENERGY; <br> 14) TXU PORTFOLIO MANAGEMENT COMPANY LP d/b/a TXU ENERGY; <br> 15) TXU PORTFOLIO OPTIMIZATION COMPANY L.L.C. d/b/a TXU ENERGY; and <br> 16) EXPERIAN INFORMATION SOLUTIONS, INC.; <br><br>                       Defendants. |  |

## I.   INTRODUCTION

1.   This is a civil action for actual, statutory and punitive damages brought by Plaintiff VANCE DOTSON (hereinafter "Mr. Dotson"), an individual consumer, against Defendants ENERGY FUTURE HOLDINGS CORP. d/b/a TXU ENERGY; TXU ENERGY GAS ASSET MANAGEMENT COMPANY d/b/a TXU ENERGY; TXU ENERGY HOLDINGS COMPANY d/b/a TXU ENERGY; TXU ENERGY INDUSTRIES COMPANY d/b/a TXU ENERGY; TXU ENERGY RETAIL COMPANY LLC d/b/a TXU ENERGY; TXU ENERGY RETAIL COMPANY LP

2

d/b/a TXU ENERGY; TXU ENERGY RETAIL MANAGEMENT COMPANY LLC d/b/a TXU ENERGY; TXU ENERGY SERVICES COMPANY d/b/a TXU ENERGY; TXU ENERGY SERVICES COMPANY LLC d/b/a TXU ENERGY; TXU ENERGY SOLUTIONS COMPANY LLC d/b/a TXU ENERGY; TXU ENERGY SOLUTIONS MANAGEMENT COMPANY LLC d/b/a TXU ENERGY; TXU ENERGY TRADING (CANADA) COMPANY d/b/a TXU ENERGY; TXU ENERGY SOLUTIONS COMPANY LP d/b/a TXU ENERGY; TXU PORTFOLIO MANAGEMENT COMPANY LP d/b/a TXU ENERGY; TXU PORTFOLIO OPTIMIZATION COMPANY L.L.C. d/b/a TXU ENERGY (collectively "TXU ENERGY Defendants") and EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN") (collectively referred to hereinafter as "Defendants") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x.

## II.  JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1681(p) and 28 U.S.C § 1331. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because the events or omission giving rise to Plaintiff's claim occurred in this judicial district.

## III.  PARTIES

3.  Plaintiff VANCE DOTSON is an individual and a "consumer" as defined by 15 U.S.C. §1681a(c).

3

4.  Defendants are individuals, partnerships, corporations, cooperatives, associations, or other entities and "person[s]" as defined by 15 U.S.C. §1681a(b).

4.  TXU ENERGY Defendants are "furnishers of information" within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2, *et seq.*

6.  EXPERIAN for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumer for the purpose of furnishing consumer reports to third parties, and that uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports and is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

7.  EXPERIAN is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p) because it is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

   a. Public record information;

   b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

4

## IV. FACTS

8. On or about May 5, 2016, Mr. Dotson applied for and was denied a mortgage loan and obtained a copy of his Experian consumer report, also known as credit report, and discovered inaccurate and false information contained therein.

9. In his Experian credit report, Mr. Dotson observed a trade line from TXU ENERGY in the amount of $107 for a debt allegedly owed by Mr. Dotson to TXU ENERGY.

10. The information furnished by TXU ENERGY Defendants to EXPERIAN on Mr. Dotson's credit report is inaccurate and false information that is likely the result of identity theft because Mr. Dotson has never done business with TXU ENERGY Defendants.

11. Mr. Dotson sent a letter to TXU ENERGY Defendants disputing the information on or about May 5, 2016.

12. On the same date that Mr. Dotson sent a dispute letter to TXU ENERGY Defendants, he also sent a letter to EXPERIAN, disputing the accuracy of the information contained in the credit report prepared and maintained by EXPERIAN and distributed by EXPERIAN to third parties under Mr. Dotson's name, specifically with regard to the trade line by TXU ENERGY Defendants.

13. Mr. Dotson received insufficient information regarding the dispute from TXU ENERGY Defendants with respect to his dispute of its reported trade line.

14. Upon information and belief, EXPERIAN sent a dispute notification communicating to TXU ENERGY Defendants, providing all relevant information of Mr. Dotson's dispute of the TXU ENERGY Defendants' trade line item on his Experian consumer report.

15. Upon information and belief, TXU ENERGY Defendants verified to EXPERIAN that Mr. Dotson was personally liable for the disputed debt and that the amount is still due and owing, and verified the TXU ENERGY Defendants' trade line(s) that were on Mr. Dotson's Experian consumer report(s).

16. EXPERIAN failed to have a procedure in place to assure maximum possible accuracy and upon Mr. Dotson's request for verification and deletion, and in accordance with its standard procedures, EXPERIAN and TXU ENERGY Defendants did not evaluate or consider any of Mr. Dotson's information, claims, or evidence, and did not make any attempt to substantially or reasonably verify the TXU ENERGY Defendants' trade line items or their representations.

17. As a result of the actions and inactions of Defendants, Mr. Dotson suffered, and continues to suffer, damages, including, but not limited to, mental and

emotional distress, being denied credit, and being granted credit with a much higher interest rate, which causes him to have to pay more for any credit extended to him.

### X. COUNT ONE – VIOLATION OF 15 U.S.C. § 1681e(b)
### (Against EXPERIAN)

48. Mr. Dotson re-alleges, and incorporates by reference, paragraphs one through 47 above.

49. EXPERIAN has violated 15 U.S.C. § 1681e(b) because it failed to maintain a procedure designed to assure maximum possible accuracy of the information concerning Mr. Dotson in consumer reports prepared under Mr. Dotson's name.

50. EXPERIAN caused injury in fact to Mr. Dotson, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Mr. Dotson.

51. EXPERIAN aforementioned conduct was negligent.

52. Mr. Dotson is entitled to actual damages, costs, and attorney's fees pursuant to 15 U.S.C. §1681(o).

53. Alternatively, Mr. Dotson is entitled to actual damages, punitive damages, costs, and attorney's fees if EXPERIAN's violations were willful, pursuant to 15 U.S.C. § 1681n.

### XI. COUNT TWO – VIOLATION OF 15 U.S.C. §1681i(a)(2
### (Against EXPERIAN)

7

54. Mr. Dotson re-alleges, and incorporates by reference, paragraphs one through 53 above.

55. EXPERIAN violated 15 U.S.C. § 1681i(a)(2) because it failed to consider and forward all relevant information to the furnisher of information concerning Mr. Dotson's dispute of the TXU ENERGY Defendants' trade line item.

56. EXPERIAN caused injury in fact to Mr. Dotson, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Mr. Dotson.

57. EXPERIAN has done so negligently.

58. Mr. Dotson is entitled to actual damages, costs, and attorney's fees, pursuant 15 U.S.C. § 1681o.

59. Alternatively, Mr. Dotson is entitled to actual damages, punitive damages, costs, and attorney's fees if EXPERIAN's violations were willful, pursuant to 15 U.S.C. §1681n.

### XII. COUNT THREE - 15 U.S.C. §1681i(a)(4)
### (Against EXPERIAN)

60. Mr. Dotson re-alleges, and incorporates by reference, paragraphs one through 59 above.

61. EXPERIAN violated 15 U.S.C. §1681i(a)(4) because it failed to review, consider and delete information that was inaccurate or could not be verified

8

concerning Mr. Dotson's dispute of the TXU ENERGY Defendants' trade line items.

62. EXPERIAN caused injury in fact to Mr. Dotson, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damage to Mr. Dotson.

63. EXPERIAN's aforementioned conduct was negligent.

64. Mr. Dotson is entitled to actual damages, costs, and attorney's fees pursuant to 15 U.S.C. § 1681o.

65. Alternatively, Mr. Dotson is entitled to actual damages, punitive damages, costs, and attorney's fees if EXPERIAN's violations were negligent, pursuant to 15 U.S.C. §1681n.

### XIII.  COUNT FOUR – VIOLATION OF 15 U.S.C. §1681i(a)(5)
### (Against EXPERIAN)

66. Mr. Dotson re-alleges, and incorporates by reference, paragraphs one through 65 above.

67. EXPERIAN violated 15 U.S.C. § 1681i(a)(5) because it failed to have a procedure to prevent the reoccurrence of inaccurate or unverifiable information and failed to delete information found to be inaccurate or incomplete concerning Mr. Dotson's disputes of the TXU ENERGY Defendants' trade line item.

68. EXPERIAN caused injury in fact to Mr. Dotson, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Mr. Dotson.

69. EXPERIAN's aforementioned conduct was negligent.

70. Mr. Dotson is entitled to actual damages, costs, and attorney's fees, pursuant 15 U.S.C. § 1681o.

71. Alternatively, Mr. Dotson is entitled to actual damages, punitive damages, costs, and attorney's fees if EXPERIAN's violation were willful, pursuant to 15 U.S.C. §1681n.

### XIV. COUNT FIVE – VIOLATION OF 15 U.S.C. § 1681(a)(7)
### (Against EXPERIAN)

72. Mr. Dotson re-alleges, and incorporates by reference, paragraphs one through 71 above.

73. EXPERIAN violated 15 U.S.C. §1681i(a)(7) because it failed to provide Mr. Dotson with a description of the procedures it used to reinvestigate Mr. Dotson's dispute of the TXU ENERGY Defendants' trade line item, as requested by Mr. Dotson.

74. EXPERIAN caused injury in fact to Mr. Dotson, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damage to Mr. Dotson.

75. EXPERIAN's aforementioned conduct was negligent.

10

76. Mr. Dotson is entitled to actual damages, costs, and attorney's fees pursuant to 15 U.S.C. § 1681o.

77. Alternatively, Mr. Dotson is entitled to actual damages, punitive damages, costs, and attorney's fees if EXPERIAN's violations were willful, pursuant to 15 U.S.C. §1681n.

### XX. COUNT SIX – VIOLATION OF 15 U.S.C. § 1681s-2(b)(1)(A)
### (Against TXU ENERGY Defendants)

108. Mr. Dotson re-alleges, and incorporates by reference, paragraphs one through 107 above.

109. TXU ENERGY Defendants violated 15 U.S.C. § 1681S-2(b)(1)(A) because they failed to conduct a reasonable reinvestigation of information forwarded to them by EXPERIAN with respect to the TXU ENERGY Defendants' disputed information.

110. TXU ENERGY Defendants caused injury in fact to Mr. Dotson, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Mr. Dotson.

111. TXU ENERGY Defendants' aforementioned conduct was negligent.

112. Mr. Dotson is entitled to actual damages, costs, and attorney's fees pursuant 15 U.S.C. § 1681o.

11

113. Alternatively, Mr. Dotson is entitled to actual damages, punitive damages, costs, and attorney's fees if TXU ENERGY Defendants' violations were willful, pursuant to 15 U.S.C. §1681n.

### XXI.  COUNT SEVEN – VIOLATION OF 15 U.S.C. §1681s-2(b)(1)(B)
### (Against TXU ENERGY Defendants)

114. Mr. Dotson re-alleges, and incorporates by reference, paragraphs one through 113 above.

115. TXU ENERGY Defendants violated 15 U.S.C. § 1681S-2(b)(1)(B) because they failed to consider all relevant information forwarded to them by the consumer reporting agencies.

116. TXU ENERGY Defendants have caused injury in fact to Mr. Dotson, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Mr. Dotson.

117. TXU ENERGY Defendants have done so either negligently or willfully.

118. Mr. Dotson is entitled to actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681o.

119. Alternatively, Mr. Dotson is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

### XXII.     COUNT EIGHT – VIOLATION OF 15 U.S.C. §1681s-2(b)(1)(C)
### (Against TXU ENERGY Defendants)

12

120. Mr. Dotson re-alleges, and incorporates by reference, paragraphs one through 119 above.

121. TXU ENERGY Defendants violated 15 U.S.C. § 1681S-2(b)(1)(C) in that they failed to report the results of their investigation to the consumer reporting agencies.

122. TXU ENERGY Defendants has caused injury in fact to Mr. Dotson, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Mr. Dotson.

123. TXU ENERGY Defendants' aforementioned conduct was negligent.

124. Mr. Dotson is entitled to actual damages, costs, and attorney's fees pursuant 15 U.S.C. § 1681o.

125. Alternatively, Mr. Dotson is entitled to actual damages, punitive damages, costs, and attorney's fees if Defendants TXU ENERGY's conduct was willful, pursuant to 15 U.S.C. §1681n.

**XXIII.    COUNT NINE – VIOLATION OF 15 U.S.C. §1681s-2(b)(1)(D)
             (Against TXU ENERGY Defendants)**

126. Mr. Dotson re-alleges, and incorporates by reference, paragraphs one through 125 above.

127. TXU ENERGY Defendants violated 15 U.S.C. § 1681S-2(b)(1)(D) because they failed to report to all national consumer reporting agencies that the information was inaccurate or unverifiable with respect to Mr. Dotson's dispute of

13

the TXU ENERGY Defendants' trade line item contained in EXPERIAN consumer reports under his name.

128. TXU ENERGY Defendants caused injury in fact to Mr. Dotson, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Mr. Dotson.

129. TXU ENERGY Defendants' aforementioned conduct was negligent.

130. Mr. Dotson is entitled to actual damages, costs, and attorney's fees pursuant 15 U.S.C. § 1681o.

131. Alternatively, Mr. Dotson is entitled to actual damages, punitive damages, costs, and attorney's fees if Defendants TXU ENERGY'S violations were willful, pursuant to 15 U.S.C. §1681n.

**XXIV.     COUNT TEN – VIOLATION OF 15 U.S.C. §1681s-2(b)(1)(E)
            (Against TXU ENERGY Defendants)**

132. Mr. Dotson re-alleges, and incorporates by reference, paragraphs one through 131 above.

133. TXU ENERGY Defendants violated 15 U.S.C. § 1681s-2(b)(1)(D) because they failed to have a procedure to (i) modify the information in their system, (ii) delete the inaccurate or unverifiable information, or (iii) block the re-reporting of inaccurate or unverifiable information.

134. TXU ENERGY Defendants' aforementioned conduct was negligent.

14

135. Mr. Dotson is entitled to actual damages, costs, and attorney's fees pursuant 15 U.S.C. § 1681o.

136. Alternatively, Mr. Dotson is entitled to actual damages, punitive damages, costs, and attorney's fees if TXU ENERGY Defendants' conduct was willful, pursuant to 15 U.S.C. §1681n.

### XXV. JURY DEMAND AND REQUEST FOR RELIEF

WHEREFORE, Plaintiff VANCE DOTSON demands a trial by jury and requests that this Court enter judgment in his favor and against Defendants, to wit:

a. $1,000 statutory damages against Defendants, each of them, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Actual damages in an amount according to proof at trial against Defendants, each of them, pursuant to 15 U.S.C. § 1681n(a)(1)(A) and 15 U.S.C. § 1681o(a)(1);

c. Punitive damages in an amount according to proof at trial against Defendants, each of them, pursuant to 15 U.S.C. § 1681n(a)(2);

d. Costs of this action together with reasonable attorney's fees as determined by the court pursuant to 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2); and

e. For such other and further relief as the Court may deem just and proper.

                                                                Respectfully submitted,

Dated:     May 19, 2017        s/ Brian L. Ponder
                                                  Brian L. Ponder, Esq. (NY: 5102751)
                                                  BRIAN PONDER LLP
                                                  200 Park Ave., Ste. 1700
                                                  New York, NY 10166
                                                  Telephone: (646) 450-9461
                                                  Facsimile: (646) 607-9238
                                                  Email: brian@brianponder.com
                                                  ATTORNEY FOR PLAINTIFF