# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| Vance Dotson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| v. ) | |
| ) | Case No. CIV-17-575-D |
| Energy Future Holdings Corp., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**NOTICE OF (I) SUGGESTION OF PENDENCY OF BANKRUPTCY FOR ENERGY FUTURE HOLDINGS CORP., *ET AL.* AND AUTOMATIC STAY OF THESE PROCEEDINGS, (II) CONFIRMATION ORDER AND INJUNCTION, AND (III) EXCLUSIVE JURISDICTION OF BANKRUPTCY COURT TO INTERPRET AND ENFORCE THE CONFIRMATION ORDER**

**PLEASE TAKE NOTICE** that, on April 29, 2014, Energy Future Holdings Corp. and certain of its subsidiaries and affiliates (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors' chapter 11 cases are pending before the Honorable Christopher S. Sontchi, United States Bankruptcy Judge, and are being jointly administered under *In re Energy Future Holdings Corp.*, Case No. 14-10979. A copy of the voluntary petition of the lead Debtor, Energy Future Holdings Corp., is attached hereto as **Exhibit A**.[1]

**PLEASE TAKE FURTHER NOTICE** that pursuant to section 362(a) of the Bankruptcy Code, the Debtors' filing of their respective voluntary petitions operates as a stay, applicable to all entities, of, among other things: (a) the commencement or continuation of a judicial, administrative, or other action or proceeding against the Debtors (i) that was or could

---

[1] A complete list of the Debtors is provided in Schedule 1 of the chapter 11 petition attached hereto as **Exhibit A**.

7

have been commenced before the commencement of the Debtors' cases, or (ii) to recover a claim against the Debtors that arose before the commencement of the Debtors' cases; (b) the enforcement, against the Debtors or against any property of the Debtors' bankruptcy estates, of a judgment obtained before the commencement of the Debtors' cases; or (c) any act to obtain possession of property of or from the Debtors' bankruptcy estates, or to exercise control over property of the Debtors' bankruptcy estates.[2] No order has been entered in the bankruptcy case granting relief from the automatic stay with respect to the above-captioned lawsuit.

**PLEASE TAKE FURTHER NOTICE** that on August 29, 2016, the Bankruptcy Court entered an order (the "Confirmation Order") confirming the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan"), copies of which are attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that on October 3, 2016, the Plan went effective as to Texas Competitive Electric Holdings Company LLC and its subsidiaries (together, the "TCEH Debtors"), and they became the Reorganized TCEH Debtors (the "Effective Date").

**PLEASE TAKE FURTHER NOTICE** that paragraph 97 of the Confirmation Order provides that "[a]ll injunctions or stays contained in the Plan as it relates to the TCEH Debtors . . . or the [] Confirmation Order shall remain in full force and effect in accordance with their terms."

**PLEASE TAKE FURTHER NOTICE** that Article VIII.F ("Injunction") of the Plan states:

> [A]ll Entities that have held, hold, or may hold Claims or Interests that have been released pursuant to . . . Article VIII.D of the Plan, .

---

[2] Nothing herein shall constitute a waiver of the right to assert any claims, counterclaims, defenses, rights of setoff or recoupment, or any other claims of the Debtors against any party to the above-captioned case. The Debtors expressly reserve the right to contest any claims which may be asserted against the Debtors.

2

> . . . are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, or the Released Parties: (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests . . . .

**PLEASE TAKE FURTHER NOTICE** that Article VIII.D ("Releases by Holders of Claims and Interests") of the Plan provides:

> As of the Effective Date, each Releasing Party is deemed to have released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all . . . Claims and Causes of Action, whether known or unknown, . . . based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership or operation thereof), . . . or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing.

**PLEASE TAKE FURTHER NOTICE** that Article I.333 of the Plan defines "Released Parties" to include "with respect to each of the Debtors, the Reorganized Debtors. . . such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such."  Based on a review of their books and records, the Debtors believe that named Defendants TXU Energy Gas Asset Management Company, TXU Energy Holdings Company, TXU Energy Industries Company, TXU Energy Retail Company LLC, TXU Energy Retail Company LP, TXU Energy Retail Management Company LLC, TXU Energy Services Company, TXU Energy Services Company LLC,  TXU Energy Solutions Company

3

LLC, TXU Energy Solutions Management Company LLC, TXU Energy Trading (Canada) Company, TXU Energy Solutions Company LP, TXU Portfolio Management Company LP, and TXU Portfolio Optimization Company L.L.C. are all "Released Parties" as defined by the Plan. At this time, Energy Future Holdings Corp. is not a "Released Party" as defined in the Plan but will become so at the conclusion of ongoing proceedings in the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that Article I.334 of the Plan defines "Releasing Parties" to include all holders of a "claim"—as defined by section 101(5) of the Bankruptcy Code—against the Debtors.

**PLEASE TAKE FURTHER NOTICE** that paragraph 89 of the Confirmation Order and Article XI of the Plan grant the Bankruptcy Court the exclusive jurisdiction to interpret and enforce the Confirmation Order and Plan. The Debtors respectfully assert that any issues regarding the effect and extent of the Confirmation Order or the Plan, including the effect upon any claim of Plaintiff against the Debtors and/or the Defendants and their current and former affiliates, predecessors, successors, assigns, and subsidiaries, is solely within the jurisdiction of the Bankruptcy Court and reserve all rights to seek appropriate relief from the Bankruptcy Court should further action be taken in this matter.

**PLEASE TAKE FURTHER NOTICE** that the Plaintiff should immediately withdraw the complaint against the Reorganized TCEH Debtors and, as to Energy Future Holdings Corp., acknowledge the automatic stay in writing to the counsel referenced below.

**PLEASE TAKE FURTHER NOTICE** that additional information regarding the status of the Debtors' chapter 11 cases may be obtained by (i) reviewing the docket of the Debtors' chapter 11 cases at http://www.deb.uscourts.gov/ (PACER login and password required) or at the

website of the Debtors' claims and noticing agent at http://www.efhcaseinfo.com, or (ii) contacting either of the following co-counsel for the Debtors:

| | |
|---|---|
| Bryan Stephany | McClain Thompson |
| Kirkland & Ellis LLP | Kirkland & Ellis LLP |
| 655 Fifteenth Street, N.W. | 601 Lexington Avenue |
| Washington, D.C. 20005 | New York, New York 10022 |
| (202) 879-5998 | (212) 909-3279 |
| bryan.stephany@kirkland.com | mcclain.thompson@kirkland.com |

5

                    Respectfully submitted,

Dated: June 21, 2017                /s/ LYLE R. NELSON

                    Lyle R. Nelson, OBA No.10914
                    Elisabeth D. Brown, OBA No. 30503
                    L. Vance Brown, OBA No. 10743
                    ELIAS, BOOKS, BROWN & NELSON, P.C.
                    Two Leadership Square, St. 1300
                    211 N. Robinson
                    Oklahoma City, OK 73102
                    (405) 232-3722 Phone
                    (405) 232-3746 Facsimile
                    Lyle@lylenelsonlaw.com
                    ebrown@eliasbooks.com
                    vbrown@eliasbooks.com
                    ATTORNEYS FOR ENERGY FUTURE HOLDINGS CORP.

## **CERTIFICATE OF SERVICE**

     I, Lyle R. Nelson, certify that on the 21st day of June, 2017, I caused a true and correct copy of the foregoing *Notice of Suggestion on Pendency of Bankruptcy for Energy Future Holdings Corp., et al. and Automatic Stay of Proceedings*, to be served by electronic filing to the parties of record via the Court's CM/ECF system.
Attorney Brian L. Ponder
Attorney Tiffany Hill
Attorney Jimmy K. Goodman

     I, Lyle R. Nelson, certify that on the 21st day of June, 2017, I caused to be served, via overnight mail a true and correct copy of the foregoing *Notice of Suggestion on Pendency of Bankruptcy for Energy Future Holdings Corp., et al. and Automatic Stay of Proceedings*, on the parties listed below.

**Parties receiving service:**
Brian L. Ponder
Brian Ponder LLP
200 Park Ave., Ste. 1700
New York, N.Y. 10166

                    /s/Lyle R. Nelson
                     Lyle R. Nelson

# **EXHIBIT A**

**Voluntary Petition of Energy Future Holdings Corp.
Under Chapter 11 of the Bankruptcy Code**

# EXHIBIT B

## Confirmation Order and Plan of Reorganization