# EXHIBIT 8

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| Vance Dotson, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )  Case No. CIV-17-575-D |
| Energy Future Holdings Corp., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## AMENDED MOTION FOR LEAVE TO FILE OBJECTION TO ENTRY OF DEFAULT
## AND BRIEF IN SUPPORT

Defendants TXU Energy Solutions Management Company, LLC, TXU Energy Industries Company, and TXU Energy Services Company, LLC (collectively the "Defendants") object to the entry of default judgment against them as requested in the Motion for Default Judgment filed by Plaintiff June 30, 2017 [Dkt. 15] and the proposed Clerk's Entry of Default submitted by Plaintiff to the Court on September 20, 2017. The Defendants request leave of Court to file an Objection to Plaintiff's request. The Defendants further request 21 days from the entry of an Order granting such relief to prepare and file their Objection. Consistent with the requirements of LCvR7.1, a proposed Order is being submitted to the court and as required by LCvR5.5 is being served by email upon counsel of record. In support of the Motion, the Defendants respectfully state as follows.

## FACTUAL BACKGROUND

1.      Plaintiff filed this action on May 19, 2017 against 16 defendants, including Energy Future Holdings Corp. ("EFH Corp.") and 14 other "TXU Energy Defendants." [Dkt. 1.]

2.      On June 21, 2017, the TXU Energy Defendants filed a notice of suggestion of bankruptcy (the "Notice").  [Dkt. 11.]  In the Notice, the Defendants stated that the injunction in the Plan and the discharge in the Confirmation Order (both as defined in the Notice) barred Plaintiff's action.  The Defendants also noted that section 362(a) of the Bankruptcy Code operated as a stay against Plaintiff's action, as it applied to EFH Corp.

3.      On June 22, 2017, Plaintiff filed a Response to the Notice, arguing that "assuming *arguendo* that there is an automatic stay effective with respect to EFH, it is not applicable to Dotson's instant action." [Dkt. 12.]

4.      On June 27, 2017, Plaintiff filed a Notice of Voluntary Dismissal, dismissing EFH Corp., TXU Energy Retail Company, LLC, and TXU Energy Solutions Company. [Dkt. 14.]  There are now 13 TXU Energy Defendants remaining in this case, none of whom are subject to the automatic stay, and all of whom Defendants believe are subject to the discharge and injunction provisions summarized in the Notice.

5.      On June 30, 2017, Plaintiff filed a motion with the court clerk to enter a default against TXU Energy Solutions Management Company LLC, TXU Energy Industries Company, and TXU Energy Services Company LLC.

6.      In light of the Notice and Plaintiff's voluntary dismissal, the TXU Energy Defendants made a good-faith determination to refrain from filing any responsive pleading for reasons including, but not limited to, concerns regarding potential confusion about the court of proper jurisdiction over certain matters.

7.      On the afternoon of September 19, 2017, the Court entered an Order (the "Order") ruling that the claims asserted by Plaintiff arose post-petition were not subject to the automatic stay and declined to apply the stay to this case.  [Dkt. 22.]  On the morning of September 20, 2017, Plaintiff submitted his Clerk's Entry of Default to the Court.

8.      In light of the Order, and because the TXU Energy Defendants have made a good-faith determination not to file any responsive papers to Plaintiff's complaint, the TXU Energy Defendants are also preparing a separate Motion for Leave to Answer or Otherwise Respond to Plaintiff's Complaint Out of Time.  The TXU Energy Defendants anticipate filing that Motion within the next week.

9.      Counsel for Defendants consulted with counsel for Plaintiff regarding the relief requested in this Motion, and counsel for Plaintiff indicated he opposed the relief sought.

10.     Consistent with LCvR 7.1(k), a proposed Order is being submitted to the court and as required by LCvR5.5 is being served by email upon counsel of record.

## ARGUMENT AND AUTHORITY

Default judgments are a harsh sanction.  *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir. 1987).  Strong policies favor resolution of disputes on their

merits: default judgments must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (citation omitted).

The Defendants have not been unresponsive named parties. They have filed papers with this Court that (a) identify procedural hurdles to Plaintiff's allegations and (b) reflect their intent to dispute Plaintiff's allegations. Counsel to Defendants have also communicated at least six times with counsel to Plaintiff regarding this matter. In short, the TXU Energy Defendants' made a good-faith determination to refrain from filing any responsive pleading for reasons including, but not limited to, concerns regarding potential confusion about the court of proper jurisdiction over certain matters. However, in light of the Order, Defendants are working expeditiously to ensure their procedural and substantive rights are protected.

In light of that history and the complex procedural issues that animate this matter, Defendants respectfully submit there is good cause for the Court to (a) grant them leave to file an Objection to the Plaintiff's Motion for Default and (b) direct the clerk to not grant the request of Plaintiff to enter a default against Defendants until the Defendants have had the opportunity to fully respond to Plaintiff's Motion for Default.

The TXU Energy Defendants also anticipate filing a Motion for Leave to Answer or Otherwise Respond to Plaintiff's Complaint Out of Time in the near term. Defendants respectfully suggest that should the Court grant that Motion, then Plaintiff's Motion for Default [Dkt. 15] and any objection thereto would be moot. However, if the Court

decides a response to Plaintiff's Motion for Default is necessary, then Defendants request

21 days from the Court's Order granting such relief to respond and object to same.

### RELIEF REQUESTED

Defendants request an Order of this Court granting them leave to file an Objection

to the request of Plaintiff for entry of a default [Dkt. 15]. The Defendants further request

21 days from the date of an Order granting such relief to file that Objection. *See* LCvR

7.1.

Dated this 21 day of September, 2017.

/s/ LYLE R. NELSON
Lyle R. Nelson, OBA No.10914
Elisabeth D. Brown, OBA No. 30503
L. Vance Brown, OBA No. 10743
ELIAS, BOOKS, BROWN & NELSON, P.C.
Two Leadership Square, St. 1300
211 N. Robinson
Oklahoma City, OK 73102
(405) 232-3722 Phone
(405) 232-3746 Facsimile
lyle@lylenelsonlaw.com
ebrown@eliasbooks.com
vbrown@eliasbooks.com
**ATTORNEYS FOR DEFENDANTS TXU
ENERGY SOLUTIONS MANAGEMENT
COMPANY, LLC, TXU ENERGY
INDUSTRIES COMPANY, AND TXU ENERGY
SERVICES COMPANY, LLC**

## CERTIFICATE OF SERVICE

I, Lyle R. Nelson, certify that on the 21 day of September, 2017, I caused a true and correct copy of the foregoing *Motion for Leave*, to be served by electronic filing to the parties of record via the Court's CM/ECF system.

Attorney Brian L. Ponder
Attorney Tiffany Hill
Attorney Jimmy K. Goodman

/s/Lyle R. Nelson
Lyle R. Nelson