# EXHIBIT 10

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

601 Lexington Avenue
New York, NY 10022

McClain Thompson
To Call Writer Directly:            (212) 446-4800                    Facsimile:
(212) 909-3279                                                        (212) 446-4900
mcclain.thompson@kirkland.com         www.kirkland.com

June 23, 2017

**By E-Mail and First-Class Mail**

Brian L. Ponder
Brian Ponder LLP
200 Park Ave., Ste. 1700
New York, NY 10166
brian@brianponder.com

Re:    In re Energy Future Holdings Corp., *et al.*, Case No. 14-10979 (CSS); Vance Dotson v. Energy Future Holdings Corp., *et al.*, Case No. CIV-17-575-D

Dear Brian:

We write regarding the above-referenced matters and *Plaintiff's Response to Notice [11] Filed by Defendant Energy Future Holdings Corp.* (W.D. Okla. Case No. CIV-17-575-D, D.I. 12) (the "Response").

We also write pursuant to the Debtors' letter, dated June 19, 2017 (the "Letter");[1] our telephone conference on June 19 about the Letter; and the Debtors' *Notice of (I) Suggestion of Pendency of Bankruptcy for Energy Future Holdings Corp., et al. and Automatic Stay of These Proceedings, (II) Confirmation Order and Injunction, and (III) Exclusive Jurisdiction of Bankruptcy Court to Interpret and Enforce the Confirmation Order*, dated June 21, 2017 (W.D. Okla. Case No. CIV-17-575-D, D.I. 11) (the "Notice").

For the reasons set forth in the Letter, our telephone conference, and the Notice, the Lawsuit violates federal law and a federal court order. *See* 11 U.S.C. §§ 362(a), 524(a)(2), and 1141(d)(1)(A); paragraphs 89 and 97 of the Confirmation Order; and Articles VIII.D and VIII.F of the Plan. The Response demonstrates a complete disregard by you and your client of the Bankruptcy Code and the Confirmation Order—despite our good-faith effort to notify you of the same before taking protective action.

Consistent with the Letter, our telephone conference, and the Notice, the Debtors reserve all rights to initiate proceedings against you and your client to: (1) enforce the injunction and the

---

[1]    Capitalized terms not defined but used herein shall have the meanings ascribed in the Letter.

# KIRKLAND & ELLIS LLP

Brian L. Ponder
June 23, 2017
Page 2

automatic stay, as applicable, (2) hold you and your client in contempt of court, and (3) require you and your client to reimburse the Debtors for costs and attorneys' fees regarding the Lawsuit. *See, e.g.*, *In re Ritchey*, 512 B.R. 847, 859 (Bankr. S.D. Tex. 2014) (awarding monetary sanctions despite attorney's assertions that "he is not a bankruptcy attorney and was unaware of the effect of the discharge"); *In re Cont'l Airlines, Inc.*, 236 B.R. 318, 330 (Bankr. D. Del. 1999) ("Bankruptcy courts have frequently sanctioned creditors for willfully violating the discharge injunction.").

By no later than 12:00 p.m. ET on Friday, June 30, 2017, please (1) confirm you have dismissed with prejudice the Lawsuit against the Reorganized TCEH Debtors and provide a file-stamped copy of the same, and (2) acknowledge in writing the existence of the automatic stay as to EFH.  Your failure to do so will leave the Debtors with no choice but to pursue remedies in the Bankruptcy Court for violations of the Bankruptcy Code, the Confirmation Order, and the Plan, and to seek recovery of the costs regarding the same.

If you have any questions regarding this matter, I remain available at the number above.

Sincerely,

*/s/ McClain Thompson*

McClain Thompson