## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## MOTION FOR ORDER SHORTENING NOTICE AND SETTING RESPONSE DEADLINE FOR THE REORGANIZED TCEH DEBTORS' MOTION FOR ENTRY OF AN ORDER ENFORCING THE TCEH CONFIRMATION ORDER AND IMPOSING COSTS AND FEES FOR THE WILLFUL DISREGARD OF THE SAME

The reorganized debtors formerly known as the TCEH Debtors (collectively, the "Reorganized TCEH Debtors")[2] file this motion to shorten (the "Motion to Shorten"), pursuant to section 102(1) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), requesting an order, substantially in the form attached as **Exhibit A**, shortening the time for notice in connection with the *Motion of the Reorganized TCEH Debtors for Entry of an Order Enforcing the TCEH Confirmation Order and Imposing Costs and Fees for the Willful Disregard of the Same* (the "Motion to Enforce"),

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the Debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not defined here shall have the meanings ascribed in the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code,* dated August 29, 2016 [D.I. 9421-1] (the "TCEH Plan"), the *Order Confirming the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors and EFH Shared Services Debtors*, dated August 29, 2016 [D.I. 9241] (the "TCEH Confirmation Order"), or the Motion to Enforce, as applicable.

setting the Motion to Enforce for hearing at the Court's earliest practical convenience **(other than on October 11, 2017 through and including October 13, 2017)**[3], and setting deadlines to respond and reply consistent with the hearing date.

## JURISDICTION

1.　　The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

2.　　This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

3.　　Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.　　The statutory bases for the relief requested herein are section 105 of title 11 of the Bankruptcy Code, rule 9006 of the Bankruptcy Rules, and rule 9006-1 of the Local Rules.

## BACKGROUND

5.　　Further background information is set forth in the Motion to Enforce, filed contemporaneously herewith, and incorporated herein by reference.

6.　　On April 29, 2014, each of the above-captioned debtors and debtors in possession (the "Debtors") filed a voluntary petition with the Court under the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[3] As set forth in the Motion to Enforce, the Reorganized TCEH Debtors intend to submit the declaration of a company representative in support of the Motion to Enforce as soon as practicable in the coming days. At the same time, however, both of the potential declarants are unavailable on October 11, 2017 through and including October 13, 2017 owing to prior business-related commitments.

2

7.       On August 29, 2016, the Bankruptcy Court entered the TCEH Confirmation Order confirming the TCEH Plan.  On October 3, 2016, the TCEH Plan went effective as to certain of the Debtors, who became the Reorganized TCEH Debtors (the "Effective Date").

8.       Paragraph 97 of the TCEH Confirmation Order provides that "[a]ll injunctions or stays contained in the Plan as it relates to the TCEH Debtors . . . or the TCEH Confirmation Order shall remain in full force and effect in accordance with their terms."

9.       Article VIII.A ("Discharge of Claims and Termination of Interests") of the TCEH Plan states:

> Pursuant to section 1141 (d) of the Bankruptcy Code. . .  the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims . . . and Causes of Action of any nature whatsoever . . . regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date . . . , in each case whether or not: (1) a Proof of Claim based upon such debt or right is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code; (2) a Claim or Interest based upon such debt, right, or Interest is Allowed pursuant to section 502 of the Bankruptcy Code; or (3) the Holder of such a Claim or Interest has accepted the Plan. . . . The Confirmation Order shall be a judicial determination of the discharge of all Claims and Interests subject to the Effective Date occurring.

10.      Article VIII.F ("Injunction") of the TCEH Plan states:

> [A]ll Entities that have held, hold, or may hold Claims or Interests that have been released pursuant to . . . Article VIII.D of the Plan, . . . are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, or the Released Parties:  (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests . . . .

11.    Paragraph 89 of the TCEH Confirmation Order and Article XI of the TCEH Plan grant the Bankruptcy Court the exclusive jurisdiction to interpret and enforce the TCEH Confirmation Order and the TCEH Plan.

12.    On May 19, 2017, plaintiff Vance Dotson ("Plaintiff") commenced litigation under the caption *Vance Dotson v. Energy Future Holdings Corp. d/b/a TXU Energy, et al.*, Case No. CIV-17-575-D (the "Action") in the United States District Court for the Western District of Oklahoma (the "District Court") against sixteen defendants:  Experian, Energy Future Holdings Corp., and fifteen entities that were TCEH Debtors or predecessors and affiliates of TCEH Debtors.

13.    Based on the Debtors' books and records, Plaintiff was a prepetition customer of the Debtors; communicated with the Debtors prepetition about the claim that is the subject of the of the Action; received actual notice of the Customer Bar Date; and did not file a proof of claim in these chapter 11 cases.

14.    The Reorganized TCEH Debtors worked in good-faith to inform Plaintiff's counsel of the procedural roadblocks to the Action and to avoid burdening the Court with this issue.  The Reorganized TCEH Debtors' counsel communicated with Plaintiff's counsel on multiple occasions before filing a notice.

15.    On June 21, 2017, the Reorganized TCEH Debtors filed a notice of suggestion of bankruptcy in the District Court.  The notice identified the TCEH Plan and TCEH Confirmation Order and this Court's exclusive jurisdiction to interpret and enforce the same.

16.    On June 27, 2017, Plaintiff voluntarily dismissed three defendants, including Energy Future Holdings Corp.

RLF1 18171748v.1

17.     On June 30, 2017, Plaintiff filed a motion with the Clerk of the District Court for entry of default against TXU Energy Solutions Management Company LLC, TXU Energy Industries Company, and TXU Energy Services Company LLC.

18.     On September 19, 2017, the District Court entered an order concluding that the automatic stay did not apply to the Action (but making no evidentiary findings in connection therewith) (the "Automatic Stay Order").  The District Court did not address the discharge and injunction provisions in the TCEH Plan and TCEH Confirmation Order.

19.     On September 20, 2017, Plaintiff renewed his motion with the Clerk of the District Court for entry of a default by e-mailing a proposed order to the District Court directly.

## BASIS FOR RELIEF REQUESTED

20.     Under section 102(1) of the Bankruptcy Code, the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing that is appropriate under the circumstances. 11 U.S.C. § 102(1).

21.     Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

22.     Local Rule 9006-1 requires "all motion papers [to] be filed and served . . . at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i).  The notice period may be shortened, however, "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

RLF1 18171748v.1

23.     Similarly, Bankruptcy Rule 9006(c) provides that "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, a court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Phila. Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting frequency of such motions "[g]iven the accelerated time frame of bankruptcy proceedings"); *see also Hester v. NCNB Tex. Nat'l Bank (In re Hester)*, 899 F.2d 361, 364 n.3 (5th Cir. 1990) ("[M]otions for material reductions in the notice period are routinely granted by bankruptcy courts.").

24.     Cause exists to shorten notice on the Motion to Enforce. First and foremost, Plaintiff has already taken steps in the process to obtain a default judgment against certain of the Reorganized TCEH Debtors in the District Court in contravention of the TCEH Plan and this Court's TCEH Confirmation Order. In that regard, Plaintiff renewed its Motion for Entry of Default by e-mailing a proposed order to the District Court directly just this week, on September 20, 2017. Consequently, the Reorganized TCEH Debtors need the Motion to Enforce considered by this Court as soon as practicable to avoid any further prejudicial activity being taken against them in the Action. The Motion to Shorten is also necessary given the risk, even if remote, that Plaintiff asks the District Court to take action that is inconsistent with this Court's exclusive jurisdiction to interpret and enforce the TCEH Confirmation Order and TCEH Plan.

25.     Other than a status conference scheduled to take place in Adv. Pro. No. 17-50942 (CSS) on September 27, 2017 at 11:00 a.m. (Eastern Daylight Time), the next hearing scheduled to take place in the Debtors' chapter 11 cases is not until November 8, 2017—more than *six weeks* from this filing. The Reorganized TCEH Debtors respectfully submit that having to wait

until November 8, 2017, to have the Motion to Enforce considered by the Court could put them in a position of undue prejudice with respect to Plaintiff's actions in the District Court.

26.     Additionally, shortened notice will not unduly prejudice any other party in interest.  Counsel to the Reorganized TCEH Debtors has communicated with Plaintiff's counsel multiple times, and the parties' fundamental positions have remained unchanged since the inception of the Action.  The issues are crystallized, and both parties are familiar with the key documents.  Moreover, the Reorganized TCEH Debtors will serve Plaintiff and counsel for Plaintiff overnight, with additional e-mail service to counsel for Plaintiff.

27.     For the foregoing reasons, the Reorganized TCEH Debtors respectfully submit that shortening notice of the Motion to Enforce is appropriate under the circumstances.

## NOTICE

28.  The Reorganized TCEH Debtors shall provide notice of this Motion on the date hereof via overnight delivery to:  (a) the U.S. Trustee; (b) Plaintiff (and counsel to Plaintiff); and (c) those parties that have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b).  The Reorganized TCEH Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

29.     Pursuant to Local Rule 9006-1(e), the Court may rule on this Motion to Shorten without need for a hearing, and the Reorganized Debtors request that the Motion to Shorten be granted accordingly.

## NO PRIOR REQUEST

30.     No previous request for the relief sought in the Motion to Shorten has been made to this Court or any other court.

WHEREFORE, the Reorganized TCEH Debtors respectfully request entry of an order

RLF1 18171748v.1

(i) scheduling a hearing to consider the Motion to Enforce at the Court's earliest practical convenience **(other than on October 11, 2017 through and including October 13, 2017)**, (ii) setting deadlines to respond and reply to the Motion to Enforce in the proposed form of order attached hereto as **Exhibit A** consistent with the hearing date, and (iii) granting the Reorganized TCEH Debtors such other and further relief as may be just and proper.

*[Remainder of page intentionally left blank.]*

Dated: September 22, 2017
Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:    collins@rlf.com
            defranceschi@rlf.com
            madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    edward.sassower@kirkland.com
            stephen.hessler@kirkland.com
            brian.schartz@kirkland.com
            aparna.yenamandra@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    james.sprayregen@kirkland.com
            marc.kieselstein@kirkland.com
            chad.husnick@kirkland.com
            steven.serajeddini@kirkland.com

Co-Counsel to the Reorganized TCEH Debtors