**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re ) <br> ) <br> ENERGY FUTURE HOLDINGS ) <br> CORP., *et al.*,[1] ) <br> ) <br>           *Debtors*. ) <br> ) <br> ) <br> ) | Chapter 11 <br> Bankruptcy Case No. 14-10979 (CSS) <br> (Jointly Administered) <br><br> **Related to D.I. 9584, 11636, 11649, 11666, 11668, 11669, 11708, 11712, 11716, 11879, 11905, 11998 and Adv. Dkt. Nos. 1, 2, 11, 12, 21, 41, 50, 79** |

## CERTIFICATION OF COUNSEL

I, Matthew B. McGuire, hereby certify the following facts to the best of my knowledge, information and belief.

1. I am counsel to NextEra Energy, Inc. ("NextEra") in the above captioned cases.

2. On September 19, 2016, the Court entered its *Order (A) Authorizing Entry into Merger Agreement, (B) Approving Termination Fee, and (C) Authorizing Entry into and Performance Under Plan Support Agreement* [D.I. 9584] (the "Termination Fee Approval Order"), approving the Termination Fee of the NextEra merger as an allowable administrative expense.[2]

3. The merger was ultimately unsuccessful due to regulatory disapproval and Debtors pivoted to an alternative transaction, terminating the NextEra Merger Agreement[3] days before signing the alternative deal.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] On July 29, 2016, Energy Future Holdings Corp. ("EFH"), Energy Future Intermediate Holding Company LLC ("EFIH"), NextEra, and a merger sub entered an Agreement and Plan of Merger (the "Merger Agreement"). Included in the Merger Agreement was a "Termination Fee" in the amount of $275 million payable to NextEra under certain conditions if the proposed transaction could not be consummated (the "Termination Fee").

[3] *See Notice of Filing of Letters Terminating (A) the NEE Plan Support Agreement and (B) the NEE Merger Agreement*, at Exh. B [D.I. 11424].

4. On July 29, 2017, Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, "Elliott") filed The Elliott Funds' *Motion to Reconsider in Part the September 19, 2016 Order [D.I. 9584] Approving the NextEra Termination Fee* (the "Motion to Reconsider").[4]

5. On July 31, 2017, NextEra filed its *Application of NextEra Energy, Inc. for Payment of Administrative Claim* [D.I. 11649], seeking payment of the Termination Fee upon the consummation of the Berkshire transaction or any other alternative transaction (the "Application").

6. On August 2, 2017, Debtors commenced an adversary proceeding against NextEra (the "Adversary Proceeding"), seeking a declaration that the Termination Fee, although an allowable administrative expense, would not become due and payable because of alleged breaches by NextEra of its contractual obligations under the Merger Agreement.

7. On August 18, 2017, the Court consolidated proceedings on the Application and the Adversary Proceeding (the "Consolidated Proceedings") and set a schedule for the first stages of the Consolidated Proceedings.

8. On September 19, 2017, the Court held a hearing on the Motion to Reconsider (the "Reconsideration Hearing") on a stipulated record. At the conclusion of the hearing, the Court provided a tentative ruling granting the Motion to Reconsider subject to issuance of a formal opinion and entry of an order.

9. On October 3, 2017, the Court issued its opinion in support of the oral ruling, [D.I. 11998] (the "Reconsideration Opinion"), and directed the parties to submit proposed forms of order under certification of counsel.

---

[4] D.I. 11636.

10. A form of order (the "Reconsideration Order") that is consistent with the Reconsideration Opinion is attached hereto as Exhibit A.

11. Counsel to NextEra, Debtors and Elliott have exchanged proposed forms of the Reconsideration Order since the Reconsideration Hearing. The Debtors and Elliot have not consented to the attached form of Reconsideration Order and, upon information and belief, intend to submit competing orders.

12. However, NextEra has engaged in discussions with Debtors in an attempt to narrow the issues in dispute, and upon information and belief, NextEra's proposed Reconsideration Order only differs from Debtors' in one critical way: NextEra proposes to stay the Consolidated Proceedings instead of dismissing the Application and staying the Adversary Proceeding. *See* Exhibit B (redline comparison of Debtor's draft shared with NextEra on October 9, 2017 with the NextEra's Reconsideration Order).

13. Staying the Consolidated Proceedings pending appeal of the Reconsideration Order is preferable to dismissing NextEra's Application. Dismissal of the Application could severely prejudice NextEra because the deadlines imposed in the Chapter 11 cases could expire before NextEra is able to refile the Application or seek similar relief. Further, all parties agreed to the consolidation of the Application and Adversary Proceeding because they both addressed the same dispute with legal and factual overlap. It makes no sense to now dismiss one while staying the other. They should continue to be treated the same. Staying the Consolidated Proceedings would preserve the status quo while NextEra exercises its right to an appeal and would not prejudice any party. *See Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir. 1983) (explaining that the "[t]he power to stay proceedings is incidental to the power inherent in every court to schedule disposition of the cases on its docket so as to promote fair and

efficient adjudication."); *DZ Bank AG Deutsche Zentral-Genossenschaftsbank v. Meyer Irrevocable Tr.*, No. C14-1133JLR, 2015 WL 3645155, at *4 (W.D. Wash. June 9, 2015) (staying Chapter 11 adversary proceeding pending resolution of appeal in related adversary proceeding).

14. In addition to the stay issue mentioned above, NextEra's Reconsideration Order also significantly differs from Elliott's proposed order because Elliott inappropriately recasts findings of fact and conclusions of law found in the Reconsideration Opinion. The Reconsideration Opinion speaks for itself and the order need only reference the Reconsideration Opinion.

15. Accordingly, NextEra respectfully requests that the Court enter the Reconsideration Order at its earliest convenience.

Dated: October 10, 2017
     Wilmington, Delaware

October 10, 2017
LANDIS RATH & COBB LLP

   */s/ Matthew B. McGuire*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Joseph D. Wright (No. 5669)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email:  landis@lrclaw.com
         mcguire@lrclaw.com
         wright@lrclaw.com

– and –

WINSTON & STRAWN LLP
Dan K. Webb (admitted *pro hac vice*)
35 W. Wacker Drive
Chicago, Illinois 60601-9703
Telephone:  (312) 558-5600
Facsimile:  (312) 294-5700
Email:    dwebb@winston.com

Thomas M. Buchanan (admitted *pro hac vice*)
1700 K Street, NW
Washington, D.C. 20006
Telephone: (312) 282-5000
Facsimile: (202) 282-5100
Email:    tbuchana@winston.com

– and –

NORTON ROSE FULBRIGHT US LLP
Howard Seife (admitted *pro hac vice*)
1301 Avenue of the Americas
New York, New York 10019-6022
Telephone:  (212) 408-5100
Facsimile:  (212) 541-5369
Email:    howard.seife@nortonrosefulbright.com

Robin Ball (admitted *pro hac vice*)
555 South Flower Street, 41st Floor
Los Angeles, California 90071
Telephone:  (213) 892-9200
Facsimile:  (213) 892-9494
Email:    robin.ball@nortonrosefulbright.com

*Counsel to NextEra Energy, Inc.*