# **EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re )<br>)<br>ENERGY FUTURE HOLDINGS )<br>CORP., *et al.*,[1] )<br>)<br>   *Debtors*. )<br>)<br>) | Chapter 11<br>Bankruptcy Case No. 14-10979 (CSS)<br>(Jointly Administered)<br><br>**Related to D.I. 9584, 11636, 11649, 11666, 11668, 11669, 11708, 11712, 11716, 11879, 11905, 11998 and Adv. Dkt. Nos. 1, 2, 11, 12, 21, 41, 50, 79** |

**ORDER GRANTING THE ELLIOTT FUNDS' MOTION TO RECONSIDER**
**THE TERMINATION FEE APPROVAL ORDER [D.I. 9584]**

Upon the motion (the "Motion") of the Elliott Funds[2] to reconsider in part the *Order (A) Authorizing Entry Into Merger Agreement, (B) Approving Termination Fee, and (C) Authorizing Entry Into and Performance Under Plan Support Agreement* [D.I. 9584] (the "Termination Fee Approval Order"); and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§157 and 1334; and the Court having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409; and the Court having found that the due and proper notice of the Motion was provided and that such notice was adequate and appropriate under the particular circumstances; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon consideration of the record of the Hearing and all proceedings had before the Court; and the Court having found that the relief

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] All capitalized terms used but not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

1

requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined, for the reasons set forth in the Opinion, dated October 3, 2017 [D.I. 11998] (the "Opinion"), that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED**:

1. The Motion is **GRANTED** for the reasons stated and for the reasons set forth in the Opinion.

2. All objections to the Motion that have not been withdrawn, waived, settled or specifically addressed in the Opinion or this Order, and all reservations of rights included in such objections, are specifically overruled in all respects on the merits.

3. For the reasons stated in the Opinion, the Termination Fee Approval Order is amended to delete paragraph 4 in its entirety and replace it with the following:

> The Termination Fee, upon the terms and conditions of the Merger Agreement, is approved solely to the extent the Termination Fee satisfies the standard set forth in *In re O'Brien Envtl. Energy, Inc.,* 181 F.3d 527 (3d Cir. 1999), and solely to the extent the Termination Fee is approved pursuant to the foregoing, the EFH/EFIH Debtors are authorized and directed to pay the Termination Fee as an allowed administrative expense to the extent it becomes due and payable pursuant to the terms and conditions of the Merger Agreement, at the time and in the manner provided for therein, without any further proceedings before, or order of, the Court; *provided, however,* that in the event that the Termination Fee becomes payable in accordance with section 8.5(b) of the Merger Agreement, the EFH Debtors, on the one hand, and the EFIH Debtors, on the other hand, either will agree on the allocation of the Termination Fee between their respective estates (and seek Bankruptcy Court approval of such allocation) or each estate reserves the right to request that the Bankruptcy Court determine the appropriate allocation of the Termination Fee between the EFH Debtors and the EFIH Debtors; *provided, further, however* that the Termination Fee shall be payable as provided in the Merger Agreement and both the EFH Debtors and the EFIH Debtors agree that any such payment of the Termination Fee, by either or both estates, shall be without prejudice to the rights of each estate to seek a subsequent Bankruptcy Court ruling regarding the appropriate allocation of the paid Termination Fee between the EFH Debtors and the EFIH Debtors.

4. For the reasons stated in the Opinion, the Termination Fee does not meet the standard set forth in *In re O'Brien Envtl. Energy, Inc.,* 181 F.3d 527 (3d Cir. 1999), and the Debtors are not authorized to pay the Termination Fee as a qualified administrative expense under 11 U.S.C. § 503(b).

5. All further discovery, briefing, proceedings, and other actions regarding the Consolidated Proceedings as defined in the *Order Consolidating Certain Termination Fee Proceedings And Setting A Rule 7016 Scheduling Conference* [Adv. D.I. 21] will remain stayed pending resolution of the appeal of this Order or such time as all appeals of this Order have been exhausted, or the time to file such appeals has expired. This Order shall be cross-docketed in Adv. Pro. No. 17-50942.

6. NextEra reserves its rights to assert any claim or cause of action for payment or reimbursement of any costs incurred by NextEra, including, without limitation, any fees or expenses, related to the Merger Agreement or transactions contemplated thereunder, that may exist in law or equity (other than any claim under the Merger Agreement for payment of the Termination Fee), or the right of any party in interest to challenge or object to any such claim or cause of action.

7. Notwithstanding the possible applicability of Bankruptcy Rules 6004(a), 6004(h), 7062, 9014, or otherwise, the terms and condition of this Order shall be effective and enforceable immediately upon entry.

8. The Court shall retain jurisdiction over any matter or disputes arising from or relating to the interpretation, implementation or enforcement of this Order.

Date: _____, 2017
Wilmington, Delaware

                                            The Honorable Christopher S. Sontchi
                                            United States Bankruptcy Judge