IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|   |   |   |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) | (Jointly Administered) |
|   | ) ) ) ) ) ) | **Re: D.I.**  9584, 11636, 11649, 11666, 11668, 11669, 11708, 11712, 11716, 11879, 11905, 11998; and |
|   | ) ) | **Adv. D.I.**  1, 2, 11, 12, 21, 41, 50, 79 |

*CONTESTED* **CERTIFICATION OF COUNSEL CONCERNING "ORDER GRANTING THE ELLIOTT FUNDS' MOTION TO RECONSIDER THE TERMINATION FEE APPROVAL ORDER [D.I. 9584]"**

On July 29, 2017, Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, the "Elliott Funds") filed *The Elliott Funds' Motion to Reconsider in Part the September 19, 2016 Order [Dkt. No. 9584] Approving the NextEra Termination Fee* [D.I. 11636] (the "Motion to Reconsider") with the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801 (the "Court"). Pursuant to the Motion to Reconsider, the Elliott Funds are seeking the entry of an order approving this Court's reconsideration, in part, of the *Order Authorizing Entry Into Merger Agreement, Approving Termination Fee, and Entry Into and Performance Under Plan Support Agreement*, dated September 19, 2016 [D.I. 9584] (the "Termination Fee Approval Order") to clarify that Energy Future Holdings Corp. ("EFH") and Energy Future Intermediate

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Holding Company LLC, ("EFIH," and together with EFH, the "E-Side Debtors") are not obligated to pay NextEra Energy, Inc. ("NextEra") a termination fee in the amount of $275 million (the "Termination Fee") pursuant to that certain merger agreement (the "Merger Agreement") among NextEra and the E-Side Debtors.

Pursuant to the *Stipulation and Order Regarding Elliott's Motion to Reconsider*, entered August 10, 2017 [D.I. 11716] (the "Scheduling Order"), (i) objections to the Motion to Reconsider were due to be filed no later than September 7, 2017 (the "Objection Deadline"); (ii) replies in support of the Motion to Reconsider were to be filed with the Court no later than September 14, 2017 at 4:00 p.m. (Eastern Daylight Time); and (iii) a hearing to consider the Motion to Reconsider took place before the Court on a fixed record (as set forth in greater detail in the Scheduling Order) on September 19, 2017 starting at 10:00 a.m. (Eastern Daylight Time) (the "September 19th Hearing").

Prior to the Objection Deadline, (i) NextEra filed the *Objection of NextEra Energy, Inc. to the Elliott Funds' Motion to Reconsider in Part the September 19, 2016 Order [Dkt. No. 9584] Approving the NextEra Termination Fee* [D.I. 11876] (the "NextEra Objection"), and (ii) the E-Side Debtors filed *The Debtors' Objection to the Elliott Funds' Motion to Reconsider in Part the September 19, 2016 Order [Docket No. 9584] Approving the NextEra Termination Fee* [D.I. 11879] (the "E-Side Debtors' Objection" and together with the NextEra Objection, the "Objections"), both in response and opposition to the relief requested in the Motion to Reconsider. On September 14, 2017, the Elliott Funds filed *The Elliott Funds' Reply Supporting Their Motion to Reconsider in Part the September 19, 2016 Order [Dkt. No. 9584] Approving the NextEra Termination Fee* [D.I. 11905] (the "Reply") in reply to the Objections and in further support of the relief requested in the Motion to Reconsider.

2

RLF1 18255714v.1

At the September 19th Hearing, the Court held a hearing to consider the Motion to Reconsider, the Objections, the Reply, and the evidence provided for in the fixed record delineated in the Scheduling Order. Following argument on the Motion to Reconsider, on the record of the September 19th Hearing, this Court issued a preliminary bench ruling providing that the Court was inclined to grant the Motion to Reconsider. Consistent with the record of the September 19th Hearing, on October 3, 2017, this Court entered its *Opinion* [D.I. 11998] (the "Opinion") granting the Motion to Reconsider subject to the terms of the Opinion. The Opinion further directed the parties "… to submit [competing] proposed forms of order under certification of counsel by no later than October 10, 2017." *See* Opinion at pp. 34. Consequently, consistent with the Opinion, the E-Side Debtors are submitting their proposed form of order, in the form attached hereto as **Exhibit 1**.

### ARGUMENT IN SUPPORT OF THE ENTRY OF THE E-SIDE DEBTORS' PROPOSED ORDER

The E-Side Debtors' proposed order, attached as **Exhibit 1**, has four key features. ***First***, it amends the Termination Fee Approval Order as narrowly as possible so as to be consistent with the Court's Opinion. *See* Ex. 1, ¶¶ 3, 4. ***Second***, it provides that the *Application of NextEra Energy, Inc. for Payment of Administrative Claim*, filed July 31, 2017 [D.I. 11649] (the "Application") is denied for the reasons stated in the Court's Opinion. *See* Ex. 1, ¶ 5. ***Third***, it provides that all discovery, briefing, proceedings, and other actions regarding the E-Side Debtors' *First Amended Adversary Complaint* [Adv. No. 17-50942, D.I. 41] will remain stayed. *See* Ex. 1, ¶ 6. ***Fourth***, it preserves NextEra's rights to assert claims for payment or reimbursement of fees and expenses in connection with the Merger Agreement (other than for any claim for payment of the Termination Fee) and preserves the rights of all other parties with respect to such assertions. *See* Ex. 1, ¶ 7.

The E-Side Debtors' proposed order is generally consistent with the relief sought in the Elliott Funds' proposed order. The Elliott Funds' proposed order, however, includes findings of fact and conclusions of law that are unnecessary given the comprehensive nature of the Court's Opinion and creates a potential risk of misstating or mischaracterizing portions of that Opinion. For that reason, the E-Side Debtors do not support entry of the Elliott Funds' proposed order and instead believe the E-Side Debtors' more streamlined approach is a more accurate reflection of the Court's Opinion.

The E-Side Debtors have a fundamental disagreement with NextEra's proposed order. NextEra seeks to stay the Consolidated Proceedings (as such term is defined in D.I. 11774), which include the Application. In light of the Court's conclusion that the Termination Fee does not, in these circumstances, satisfy the standards set forth *In re O'Brien Envtl. Energy, Inc.,* 181 F.3d 527 (3d Cir. 1999), NextEra no longer has any basis on which to seek payment of an administrative claim. Accordingly, the pending Application should be denied, not stayed. In addition, while an earlier version of NextEra's proposed order raised the issue of whether a reserve is necessary in the E-Side Debtors' plan of reorganization, the E-Side Debtors understand NextEra has removed that language. The E-Side Debtors further understand that NextEra agrees that the issue of a reserve in this order is not appropriate. The E-Side Debtors' proposed order does not impact NextEra's ability to raise the reserve issue at an appropriate time.

In sum, the E-Side Debtors respectfully submit that the E-Side Debtors' proposed order best effectuates the findings and conclusions in the Court's Opinion, and the E-Side Debtors request that the Court enter the E-Side Debtors' proposed order in the form attached hereto as **Exhibit 1** at its earliest convenience.

Dated: October 10, 2017
     Wilmington, Delaware           */s/ Jason M. Madron*
                                               **RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700
Facsimile:   (302) 651-7701
Email:   collins@rlf.com
           defranceschi@rlf.com
           madron@rlf.com

*Co-Counsel to the Debtors and Debtors in Possession*

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:   edward.sassower@kirkland.com
           stephen.hessler@kirkland.com
           brian.schartz@kirkland.com
           aparna.yenamandra@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:   james.sprayregen@kirkland.com
           marc.kieselstein@kirkland.com
           chad.husnick@kirkland.com
           steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

-and-

        */s/ Thomas M. Horan*
**SHAW FISHMAN GLANTZ & TOWBIN LLC**
Thomas M. Horan (No. 4641)
300 Delaware Ave., Suite 1370
Wilmington, Delaware 19801
Telephone:     (302) 480-9412
Email:            thoran@shawfishman.com

*Special Conflicts Counsel to the Debtors and Debtors in Possession With Respect to Adv. Proc. No. 17-50942 (CSS)*

6