# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>ENERGY FUTURE<br>HOLDINGS CORP., *et al.*,[1]<br><br>    *Debtors.* | ) Chapter 11<br>)<br>) Case No. 14-10979 (CSS)<br>)<br>) (Jointly Administered)<br>)<br>) **Re: D.I. 9584, 11636, 11666, 11716, 11876,**<br>) **11879, 11905, 11998** |

### CERTIFICATION OF COUNSEL REGARDING ORDER GRANTING THE ELLIOTT FUNDS' MOTION TO RECONSIDER THE TERMINATION FEE ORDER AND MODIFYING THE TERMINATION FEE ORDER

I, Erin R. Fay, co-counsel for Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, the "Elliott Funds") hereby certify and state as follows regarding the attached *Order Granting the Elliott Funds' Motion to Reconsider the Termination Fee Order and Modifying the Termination Fee Order* (the "Elliott Proposed Order"):[2]

1.   On July 29, 2017, the Elliott Funds filed a motion (the "Motion to Reconsider") [D.I. 11636] to reconsider in part the *Order Authorizing Entry Into Merger Agreement, Approving Termination Fee, and Entry Into and Performance Under Plan Support Agreement* [D.I. 9584, entered 9/19/16] (the "Termination Fee Order").

2.   On September 7, 2017, the Debtors and NextEra each filed an objection to the Motion to Reconsider [D.I. 11879, 11876] and on September 14, 2017, the Elliott Funds filed a reply [D.I. 11905] in support of the Motion to Reconsider.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Undefined capitalized terms used herein shall have the meanings set forth in the Elliott Proposed Order.

{BAY:03124488v3}

3. On September 19, 2017 (the "Hearing"), the Court held and concluded a hearing on the Motion to Reconsider.  In advance of such Hearing, the parties agreed in a Court-ordered Stipulation [D.I. 11716] as to what items would be included in the record at the Hearing. At the Hearing, the Court preliminarily indicated that it would grant the Motion to Reconsider.

4. On September 27, 2017, the Court held a status conference regarding the Adversary Proceeding.  At such conference, the Court requested that the parties submit proposed forms of order within five business days after the Court issued its opinion relating to the Motion to Reconsider.

5. On October 3, 2017, the Court issued its Opinion [D.I. 11998] setting forth the reasons for its determination to grant the Motion to Reconsider.

6. On October 8, 2017, counsel to the Elliott Funds provided counsel to the Debtors and NextEra with the Elliott Proposed Order.  Also on October 8, 2017, counsel to NextEra provided counsel to the Debtors and the Elliott Funds with NextEra's proposed form of order (the "NEE Proposed Order").  On October 9, 2017, counsel to the Debtors provided counsel to the Elliott Funds and NextEra with the Debtors' proposed form of order (the "Debtor Proposed Order").

7. The NEE Proposed Order and the Debtor Proposed Order should not be entered for three fundamental reasons.  First, paragraph 3 of the NEE Proposed Order and the Debtor Proposed Order, which provides replacement language for paragraph 4 of the Termination Fee Order, is imprecise and likely will prove problematic upon appellate review. The language provides that "[t]he Termination Fee, upon the terms and conditions of the Merger Agreement, is approved solely to the extent that the Termination Fee satisfies the standard set forth in *In re O'Brien Envtl. Energy, Inc.,* 181 F.3d 527 (3d

Cir. 1999), and solely to the extent the Termination Fee is approved pursuant to the foregoing, the EFH/EFIH Debtors are authorized and directed to pay the Termination Fee . . .". This language is too narrow and makes little sense in the context of the Opinion where the Court found that it would not have approved the Termination Fee had it been fully apprised of certain facts and circumstances. Thus, while the next paragraph of the NEE Proposed Order and Debtor Proposed Order states that the Termination Fee does not meet the *O'Brien* standard, the two sentences taken together leave considerable room for confusion and should not be included in the Court's order granting the Motion to Reconsider. Elliott believes that its proposed language for replacement of paragraph 4 of the Termination Fee Order accurately reflects the Opinion and should be approved.

8. Second, the NEE Proposed Order and Debtor Proposed Order are deficient in that they do not contain or incorporate applicable factual findings that the Court should make in the order. While the Opinion is clear, certain express factual findings and conclusions of law will be important to appellate courts on the applicable standard to be applied in their review of Your Honor's ruling.

9. Third, the reservation of rights paragraph of NEE Proposed Order and Debtor Proposed Order is overly broad and should not be approved.[3] Any such provision should only reserve NextEra's right to request an administrative expense claim on grounds other than the grounds on which the Termination Fee was denied in the Opinion and the order this Court enters with respect to the Motion to Reconsider.

10. Additionally, the NEE Proposed Order should not be entered because it provides for a stay, rather than a denial of the NextEra Application. Although the NEE Proposed Order provides that the Debtors may not pay the Termination Fee as an

---

[3] Found at paragraph 7 of the NEE Proposed Order and paragraph 6 of the Debtor Proposed Order.

administrative expense, the NEE Proposed Order provides that the Consolidated Proceedings – including the NextEra Application, seeking approval of an administrative claim for the Termination Fee – are stayed. The order should address and deny the NextEra Application consistent with the Opinion.

WHEREFORE, the Elliott Funds respectfully request that the Court enter the Elliott Proposed Order.

Dated: October 10, 2017
Wilmington, Delaware

BAYARD, P.A.

*/s/ Erin R. Fay*
Scott D. Cousins (No. 3079)
Erin R. Fay (No. 5268)
600 N. King Street, Suite 400
Wilmington, DE 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
scousins@bayardlaw.com
efay@bayardlaw.com

- and -

ROPES & GRAY LLP
Keith H. Wofford
Gregg M. Galardi
D. Ross Martin
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: 212-596-9000
Facsimile:  212-596-9090
Keith.Wofford@ropesgray.com
Gregg.Galardi@ropesgray.com
Ross.Martin@ropesgray.com

*Counsel to the Elliott Funds*