# EXHIBIT A

**Elliott Proposed Order**

{BAY:03124488v3}

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>ENERGY FUTURE<br>HOLDINGS CORP., *et al.*,[1]<br><br>    *Debtors.* | ) Chapter 11<br>)<br>) Case No. 14-10979 (CSS)<br>)<br>) (Jointly Administered)<br>)<br>) **Re: D.I. 9584, 11636, 11666, 11716, 11876,**<br>) **11879, 11905, 11998** |

**ORDER GRANTING THE ELLIOTT FUNDS' MOTION
TO RECONSIDER THE TERMINATION FEE ORDER
AND MODIFYING THE TERMINATION FEE ORDER**

WHEREAS, on July 29, 2017, Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, the "Elliott Funds") filed a motion (the "Motion to Reconsider") [D.I. 11636] to reconsider in part the *Order Authorizing Entry Into Merger Agreement, Approving Termination Fee, and Entry Into and Performance Under Plan Support Agreement* [D.I. 9584] (the "Termination Fee Order") entered in the above-captioned chapter 11 cases on September 19, 2016; and

WHEREAS, on July 31, 2017, NextEra Energy, Inc. ("NextEra") filed the *Application of NextEra Energy, Inc. for Payment of Administrative Claim* [D.I. 11649] (the "NextEra Application"); and

WHEREAS, on August 2, 2017, the Elliott Funds filed *The Elliott Funds' Preliminary Objection to the Application of NextEra Energy, Inc. for Payment of Administrative Claim* [D.I. 11666] to the NextEra Application based, in part, on the Motion to Reconsider and requesting that the NextEra Application be denied; and

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

{BAY:03124749v2}

WHEREAS, on August 2, 2017, certain of the above-captioned debtors (all above-captioned debtors, the "Debtors") filed a Complaint [D.I. 11668] against NextEra initiating Adversary Proceeding No. 17-50942 (CSS) (the "Adversary Proceeding"); and

WHEREAS, on August 10, 2017, the Court entered the *Stipulation and Order Regarding Elliott's Motion to Reconside*r (the "Stipulated Order") [D.I. 11716], which Stipulated Order, among other things, provided that the Motion to Reconsider would not be consolidated with, and should be heard before, the NextEra Application or the Adversary Proceeding and set forth the items included in the record for purposes of the Motion to Reconsider hearing; and

WHEREAS, on September 7, 2017, the Debtors and NextEra each filed an objection to the Motion to Reconsider [D.I. 11879, 11876]; and

WHEREAS, on September 14, 2017, the Elliott Funds filed a reply [D.I. 11905] in support of their Motion to Reconsider and in response to the Debtors' and NextEra's objections; and

WHEREAS, on September 19, 2017 (the "Hearing"), the Court held and concluded a hearing on the Motion to Reconsider; and

WHEREAS, upon the evidence submitted or adduced and the arguments of counsel made at the Hearing and in the pleadings, the Court determined to grant the Motion to Reconsider, as stated on the record at the Hearing and as further set forth in the Court's Opinion, dated October 3, 2017 [D.I. 11998] (the "Opinion")[2] and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

A. **Findings of Fact and Conclusions of Law.** The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy

---

[2] All capitalized terms used but not otherwise defined in this Order shall have the meanings ascribed to them in the Opinion.

Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such. All of the factual findings and conclusions set forth in the Opinion are incorporated herein.

B. **Jurisdiction and Venue.** This Court has jurisdiction to consider the Motion to Reconsider and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. This Court has inherent authority to review and reconsider its own orders. *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009 ("[T]he Bankruptcy Court plainly [has] jurisdiction to interpret and enforce its own prior orders."). Consideration of the Motion to Reconsider is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C. **Notice was Sufficient.** Proper, timely, adequate, and sufficient notice, including notice of the Motion to Reconsider and the relief requested therein, has been provided in accordance with the Bankruptcy Rules, the Local Rules of this Court, and/or by order of the Court and no other or further notice of the Motion to Reconsider is or shall be required.

D. **Stipulation of the Parties.** The Debtors, NextEra and the Elliott Funds all stipulated that the Motion to Reconsider presented a threshold issue with respect to the Adversary Proceeding, the NextEra Application, and the Preliminary Objection filed thereto and that the Court's determination with respect to the Motion to Reconsider could render further proceedings on the Adversary Proceeding and NextEra Application moot. That was the basis on which the parties entered into the Stipulated Order.

E.      **Objections are Overruled.**  All parties have had a full and fair opportunity to litigate all issues raised, or which might have been raised, and all objections have been fully and fairly litigated.  All objections, statements, informal objections, and reservations of rights, if any, related to the Motion to Reconsider are overruled on the merits.

F.      **The Record for Reconsideration.**  The Court finds that the record with respect to the proper determination as to the appropriateness of the Termination Fee is the record as of September 19, 2016, the date that the Termination Fee Order was entered. The Court further finds that even if the record included the submissions of the Debtors and NextEra to the Court subsequent to the September 19, 2016 hearing and addressed at the September 26, 2016 hearing, the matters presented by the Debtors and NextEra to the Court and discussed on the record of that hearing did not address the erroneous facts and the incorrect application of law on which the Court approved the Termination Fee that are the basis for granting the relief herein.

G.      **The Termination Fee Order is an Interlocutory Order.**  The Court finds that the Termination Fee Order is an interlocutory order because it did not resolve all issues relating to the payment of the Termination Fee.

H.      **Manifest Injustice Warrants Revising Final Order**.  The Court finds that even if the Termination Fee Order were a final order, the Termination Fee Order must be corrected and modified as set forth herein to avoid manifest injustice to the Debtors, their estates and creditors and to correct clear errors of law and fact resulting from an incomplete, confusing and inaccurate record and the Court's misapprehension of the facts and circumstances regarding certain terms under which the Termination Fee would be paid to NextEra. The Court further finds that (i) NextEra is not prejudiced by the Court's reconsideration of the Termination Fee Order because any reliance on the Termination Fee Order was not justified under the circumstances, and (ii) to the extent NextEra suffered any legally cognizable prejudice, such

prejudice was greatly outweighed by the harm to the Debtors' estates from the imposition of the Termination Fee in circumstances where the Debtors' estates received no actual benefit.

    I.  **Timeliness of Elliott's Motion Reconsider.** The Court finds that, regardless of whether the Termination Fee Order was an interlocutory or a final order, the Motion to Reconsider was timely filed because, among other things, (i) the Motion to Reconsider was not ripe for adjudication prior to the Debtors' termination of the NextEra Merger Agreement, (ii) Elliott did not unreasonably delay in filing the Motion to Reconsider, and (iii) the Motion to Reconsider was brought within any applicable statutory or equitable limitations period.

    J.  **No Actual Benefit.** The Court finds that the Termination Fee provisions of the Merger Agreement provided for the payment of the Termination Fee in certain circumstances in which the Debtors' estates would receive no actual benefit and thus could not have been approved as a matter of law. In the circumstance of denial of the NextEra application by the PUCT, there was no actual benefit to the estates from the Termination Fee, whether viewed as of the date of the Termination Fee Order or as of the date of termination of the Merger Agreement.

    K.  **Not A Necessary Expense.** The Court finds that the Termination Fee provisions of the NextEra merger agreement provided for the payment of the Termination Fee in certain circumstances in which the Termination Fee was not a necessary expense of the Debtors' estates.

**IT IS HEREBY ORDERED, ADJUDGED, DECREED AND DETERMINED THAT:**

  1.  The Motion to Reconsider is GRANTED as set forth herein.

  2.  All unresolved objections, statements, and reservations of rights, if any, to the Motion to Reconsider are hereby overruled on the merits.

  3.  The Termination Fee Order shall be modified to correct clear errors of law and fact and to prevent manifest injustice which would have resulted from the Court's misapprehension of facts and erroneous application of law set forth in *In re O'Brien*

*Environmental Energy, Inc.,* 181 F.3d 527 (3d Cir. 1999) and section 503(b) of the Bankruptcy Code.

4. The Termination Fee Order must be modified because it approved a provision in the Merger Agreement that authorized the Debtors to pay NextEra the Termination Fee in circumstances in which the payment was not a necessary expense and the Debtors' estates would not receive an actual benefit, which is a manifest error of law.

5. The Termination Fee Order is hereby amended to delete in its entirety the language at paragraph 4 of such order and to replace it with the following:

> The Termination Fee, upon the terms and conditions of the Merger Agreement, is approved in part and disallowed in part. The Termination Fee is disallowed in the event that the PUCT declines to approve the transaction contemplated in the Merger Agreement and, as a result, the Merger Agreement is terminated, regardless of whether the Debtors or NextEra subsequently terminates the Merger Agreement. In those circumstances, the EFH/EFIH Debtors are not authorized to pay the Termination Fee as a qualified administrative expense or otherwise. The Termination Fee is otherwise approved. Subject to the forgoing ruling, the EFH/EFIH Debtors are authorized and directed to pay the Termination Fee as an allowed administrative expense to the extent it becomes due and payable pursuant to those terms and conditions of the Merger Agreement that are approved in this Order, at the time and in the manner provided for in the Merger Agreement and this Order, without any further proceedings before, or order of, the Court; provided, however, that in the event that the Termination Fee becomes payable in accordance with section 8.5(b) of the Merger Agreement and with this Order, the EFH Debtors, on the one hand, and the EFIH Debtors, on the other hand, either will agree on the allocation of the Termination Fee between their respective estates (and seek Bankruptcy Court approval of such allocation) or each estate reserves the right to request that the Bankruptcy Court determine the appropriate allocation of the Termination Fee between the EFH Debtors and the EFIH Debtors; provided, further, however that the Termination Fee shall be payable as provided in the Merger Agreement and this Order and that both the EFH Debtors and the EFIH Debtors agree that any such payment of the Termination Fee, by either or both estates, shall be without prejudice to the rights of each estate to seek a subsequent Bankruptcy Court ruling regarding the appropriate allocation of the paid Termination Fee between the EFH Debtors and the EFIH Debtors.

6. NextEra has no allowed administrative expense claim with respect to the Termination Fee pursuant to the terms of the Termination Fee Order as revised by paragraph 5 above. NextEra also does not have any allowed administrative expense under *In re O'Brien,* 181

F.3d 527, 11 U.S.C. § 503(b) or otherwise. Accordingly, the NextEra Application is denied with prejudice based on this Order, the Stipulated Order, and the Preliminary Objection.

7. Nothing in this Order shall preclude NextEra from filing a request for allowance of an administrative claim (on a ground other than the grounds on which the Termination Fee was denied in the Opinion and this Order) and any parties' right to object to any such request.

8. All further discovery, briefing, proceedings, and other actions in the Adversary Proceeding are stayed pending any appeal of this Order. This Order shall be cross-docketed in such Adversary Proceeding.

9. The Court shall retain jurisdiction to interpret and enforce this Order.

Dated: October __, 2017
       Wilmington, Delaware

                                              THE HONORABLE CHRISTOPHER S. SONTCHI
                                              UNITED STATES BANKRUPTCY JUDGE