IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ENERGY FUTURE HOLDINGS CORP., | : | Case No.: 14-10979 (CSS) |
| *et al.*, | : | Jointly Administered |
| | : | |
| Debtors. | : | |
| _____ | : | |
| ENERGY FUTURE HOLDINGS CORP., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adversary No.: 17-51785 (CSS) |
| | : | |
| VISTRA ENERGY CORP., | : | Adv. Docket No.: 10 |
| | : | |
| Defendant. | : | |

### EX PARTE TEMPORARY RESTRAINING ORDER

Upon consideration of the Complaint [Adv. D.I. 1] filed on October 10, 2017 (the "Complaint"), the accompanying Motion for a Temporary Restraining Order and Preliminary Injunction [Adv. D.I. 10] (the "Motion" seeking a "Temporary Restraining Order"); the memorandum of law in support thereof [Adv. D.I. 11] and the Declaration of Michael A. Firestein in support of the Motion [Adv. D.I. 12]; as well as the Joinder and Statement of Elliot Funds in support of the Motion [Adv. D.I. 14]; and the accompanying memorandum of law in support thereof [Adv. D.I. 16]; and the Court having reviewed the Motion; and the Court having scheduled a status conference on **October 12, 2017 at 3:00 p.m.**; and the Court concerned that Vistra Energy Corp. ("Vistra") could take actions at issue in the Motion in advance of the Court ruling on the Motion; and to preserve the *status quo* until the Court rules on the Motion; and the Court finding that (1) the Court

has jurisdiction over these matters, pursuant to 28 U.S.C. § 1334; (2) this is a core proceeding, pursuant to 28 U.S.C. § 157(b); (3) this Court has the judicial power to enter a final order; and (4) notice of the Motion was adequate under the circumstances;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Pending a hearing and determination of Plaintiff's request for a Temporary Restraining Order, Vistra and its officers, agents, servants, employees, attorneys, and other representatives are enjoined, until the <u>earlier of</u> entry of another Order <u>or</u> **October 13, 2017 at 5:00 p.m.** Eastern Time, from

   (i) unilaterally communicating with the IRS to promote an Earnings and Profit ("E&P") allocation methodology arising out of the spin-off of Vistra from EFH that is inconsistent with the parties Tax Matters Agreement (the "TMA"),

   (ii) filing a tax return (including a Form 5452) that applies any E&P allocation methodology that is inconsistent with the parties' TMA, or

   (iii) otherwise violating section 2.04(e) of the TMA.

3. The Court will conduct a hearing in connection with Plaintiffs' request for a Temporary Restraining Order on **October 13, 2017 at 11:00 a.m. Eastern Time**.

4. This Temporary Restraining Order shall be immediately effective and enforceable upon its entry.

5. Pursuant to Bankruptcy Rule 7065, Plaintiff is not required to post any bond or other security as a condition of the injunctive relief provided and sought.

6. The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this temporary restraining order.

                                                                                      _____
                                                                                      Christopher S. Sontchi
                                                                                      United States Bankruptcy Judge

Date:  October 12, 2017
       at  12:55 p.m.
       Wilmington, Delaware