## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., | ) | Case No. 14-10979 (CSS) |
| *et al.*,[1] | ) | (Jointly Administered) |
| | ) | |
| *Debtors.* | ) | |
| | ) | |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., | ) | |
| | ) | |
| *Plaintiff.* | ) | Adversary Proceeding |
| | ) | |
| v. | ) | No. 17-51785 (CSS) |
| | ) | |
| VISTRA ENERGY CORP., | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

### STIPULATION AND SCHEDULING ORDER

This matter came on for hearing in connection with the above-captioned Adversary

Complaint (the "Complaint")[2] filed by plaintiff Energy Future Holdings Corp. ("EFH") against

defendant Vistra Energy Corp. ("Vistra") and the Motion for a Temporary Restraining Order and

Preliminary Injunction (and all related pleadings) filed by EFH (collectively, the "TRO

Motion"); the parties having had a telephonic status conference with the Court on October 12,

2017; a hearing on the TRO Motion commenced on October 13, 2017; EFH and Vistra having

reported to the Court that they have stipulated and agreed to this Scheduling Order; the Court

having reviewed the Complaint, the TRO Motion and the Scheduling Order; the Court having

---

[1]     The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]     Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Complaint.

93823070v1

conducted a hearing and heard argument from parties in interest on the Scheduling Order; the Court having considered the record, having found and determined that the relief requested in the Scheduling Order is in the best interests of the Debtors and their estates; and the Court otherwise being fully advised in the premises, the Court **DOES HEREBY FIND AND ORDER AS FOLLOWS**:

A.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334, the Amended Standing of Reference from the United States District Court of Delaware dated as of February 29, 2012, and the TCEH Plan and TCEH Confirmation Order.  This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).  Venue is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

B.      Notice of the hearing on the TRO Motion was sufficient under the circumstances.

C.      EFH and Vistra are parties to a Tax Matters Agreement dated October 3, 2016 (the "TMA").  The TMA provides, at sections 2.04(e) and 9.02, that certain disputes are to be submitted to an Accounting Firm for "final and conclusive and binding" decision.  The TMA also provides, in section 2.02(c), that any disputes with respect to the tax returns of Reorganized TCEH described therein that the parties are unable to resolve are to be resolved by the Accounting Firm.

D.      Section 9.02 of the TMA provides that the Accounting Firm shall be appointed by the parties to the dispute "to resolve such dispute" and that the Accounting Firm shall "resolve all disputes no later than thirty (30) days after submission of such disputes to the Accounting Firm."

E.      EFH and Vistra have certain disputes under the TMA.  One such dispute is whether the TMA mandates a specific methodology for allocating earnings and profits ("E&P") among and between EFH and Vistra.  EFH contends that the TMA requires that E&P be allocated pursuant to the Separate Approach methodology.   Vistra contends that the TMA requires that E&P be allocated pursuant to the Aggregate Approach.

F.      E&P is a defined "Tax Attribute" under the TMA.  Section 2.04(e) of the TMA provides that Tax Attributes are to be allocated between EFH and Vistra "in accordance with the Code and Treasury Regulations, including Treasury Regulations Section 1 1502-76 . . . and, with respect to earnings and profits, as initially requested in the IRS Submissions."  Section 2.02(c) of the TMA provides that disputes regarding Reorganized TCEH tax returns described therein "that the Parties are unable to resolve shall be resolved by the Accounting Firm pursuant to Section 9.02."  Vistra has proposed to file its U.S. federal income tax return for 2016 in a manner consistent with the Aggregate Approach for determining the amount of E&P that Vistra is allocated with respect to the Distribution.  EFH has objected and believes that the Separate Approach is the method to be used for allocating E&P with respect to the Distribution.

G.      EFH and Vistra have agreed that this Adversary Proceeding shall be stayed for 90 days, while the parties proceed to have the Accounting Firm determine whether the Separate Approach or the Aggregate Approach is the method to allocate E&P.

**THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE, AND IT IS HEREBY ORDERED, THAT:**

1.      The disputes to be submitted to the Accounting Firm pursuant to sections 2.04(e) and 9.02 of the TMA are as follows:

> EFH and Vistra have a dispute under TMA sections 2.02(c) and 2.04(e) regarding the method to allocate earnings and profits between

3

themselves. EFH contends that (i) the method to allocate earnings and profits under the Code and Treasury Regulations is the Separate Approach and (ii) the Separate Approach is the E&P allocation method that was initially requested in the IRS Submissions. Vistra contends that (i) the method to allocate earnings and profits under the Code and Treasury Regulations is the Aggregate Approach and (ii) the rulings with respect to earnings and profits that were initially requested in the IRS Submissions do not require the adoption of either the Separate Approach or the Aggregate Approach under TMA section 2.04(e) as applied to the earnings and profits that are allocable with respect to the Distribution. In accordance with TMA section 9.02, the Accounting Firm shall function as an expert, and not as an arbitrator, and shall make a determination in favor of either EFH or Vistra regarding which of their respective preferred E&P allocation approach (i.e., the Separate Approach for EFH and the Aggregate Approach for Vistra) is the method to allocate E&P. The Accounting Firm shall be required to choose either the Separate Approach or the Aggregate Approach.

2.      EFH (with Elliott's consent) and Vistra will exchange acceptable Accounting Firms/individuals by 5:00 p.m. EDT, Tuesday, October 17, 2017, and will agree on a selection by 5:00 p.m. EDT, Thursday, October 19, 2017. The Accounting Firm shall be a "nationally recognized independent public accounting firm," and the parties shall work in good faith with each other and with potential Accounting Firms to assist such potential Accounting Firms in determining the existence of conflicts and in setting up internal walls (if necessary for the engagement). The Accounting Firm shall represent to the parties as a condition of its engagement that it is capable of rendering a final decision by December 8, 2017.

3.      EFH and Vistra will agree to provide detailed mutually agreeable directions to the Accounting Firm not later than Friday, October 20, 2017.

4.      EFH and Vistra will provide written submissions to the Accounting Firm no later than 5:00 p.m. EDT, Friday, October 27, 2017. Each party may provide written replies within 5 business days of initial submissions. Initial submissions shall be no longer than 25 double-spaced pages, and replies shall be no longer than 15 double-spaced pages, all exclusive of

exhibits. Service of all papers provided for herein will be by email and FedEx. The Accounting

Firm shall have discretion to ask for additional submissions and information and hold whatever

proceedings that it requires.

5.    All parties reserve the right to seek expedited relief from the Bankruptcy

Court in the event they are unable to agree on a matter after following the procedures set forth

herein or if they seek to enforce the terms, conditions and provisions of this Order.

6.    If and to the extent the Accounting Firm does not resolve the disputes by

5:00 p.m. EST, Friday, December 8, 2017, or is unwilling/unable to resolve an issue, any party is

free to seek expedited resolution of such issue or dispute by the Bankruptcy Court.

7.    Proskauer shall prepare and file submissions on behalf of EFH, affording

Elliott and the Committee the opportunity to review and comment upon the submissions.

8.    Vistra may file its federal tax return on October 16, 2017 in any fashion it

desires with respect to the determination of the amount of its E&P; *provided however,* that if

Vistra determines its E&P under any method other than the Separate Approach, and if the

Accounting Firm rules that the Separate Approach is the method to be used to allocate E&P,

then: (a) Vistra must file an amended return that adopts the Separate Approach forthwith, and (b)

Vistra shall cooperate with EFH in any IRS proceeding on the issue, including signing a closing

agreement on the E&P treatment if necessary.

9.    EFH may file its federal tax return on October 16, 2017 in any fashion it

desires with respect to the determination of the amount of its E&P; *provided however*, that if

EFH determines its E&P under any method other than the Aggregate Approach, and if the

Accounting Firm rules that the Aggregate Approach is the method to be used to allocate E&P,

then: (a) EFH must file an amended return that adopts the Aggregate Approach forthwith, and (b)

EFH shall cooperate with Vistra in any IRS proceeding on the issue, including signing a closing agreement on the E&P treatment if necessary.

10.    Vistra shall put the IRS audit team on notice in writing regarding the dispute described in this Stipulation as soon as the IRS opens its review of the Vistra return, which is expected to occur promptly under Section 505 of the Bankruptcy Code, and Vistra shall allow EFH to review and approve any disclosures to the IRS.

11.    EFH shall put the IRS audit team on notice in writing regarding the dispute described in this Stipulation as soon as the IRS opens its review of the EFH return, which is expected to occur promptly under Section 505 of the Bankruptcy Code, and EFH shall allow Vistra to review and approve any disclosures to the IRS.

12.    Other than the disputes noted in paragraph 1 above, legal issues and disputes regarding the TMA will be reserved for Bankruptcy Court decision, if necessary, including issues relating to whether the TMA has been breached by a party; *provided, however,* that the parties hereto reserve the right to assert that other disputes or issues under the TMA, if any, are subject to TMA section 9.02.

13.    Notwithstanding the possible application of Bankruptcy Rules 6004(b), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14.    The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby modified to the extent necessary to effectuate the provisions of this Order, including with respect to the filing of Vistra's federal tax return pursuant to paragraph 8 of this Order.

15.    The Bankruptcy Court reserves jurisdiction over the parties to resolve any and all disputes that may arise under this Order and all matters arising from or related to the

implementation of this Order. Subject to foregoing, this adversary proceeding shall be stayed until a status hearing is held by the Court, which status hearing shall be held on January _8_ , 2018 at _10_ : _00_ _a_ .m. (ET).

## STIPULATED AND AGREED:

VISTRA ENERGY CORP

By: _____
      One of its Attorneys

**PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP**

Alan W. Kornberg
Andrew J. Ehrlich
George W. Kroup
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  212-373-3000
Facsimile:  212-757-3900
Email:  akornberg@paulweiss.com
       aehrlich@paulweiss.com
       gkroup@paulweiss.com

ENERGY FUTURE HOLDINGS CORP.

By: _____
      One of its Attorneys

**PROSKAUER ROSE LLP**

Michael A. Firestein (admitted pro hac vice)
2049 Century Park East, 32nd Floor
Los Angeles, CA 90067-3206
Telephone:  310-284-5661
Facsimile:   310-557-2196
Email:    mfirestein@proskauer.com

-and-

Mark K. Thomas (admitted pro hac vice)
Peter J. Young (admitted pro hac vice)
Three First National Plaza
70 W. Madison Street, Suite 3800
Chicago, IL 60602
Telephone:  312-962-3550
Facsimile:   312-962-3551
Email:    mthomas@proskauer.com
       pyoung@proskauer.com

**SO ORDERED:**

Dated:  October _13_ , 2017
Wilmington, Delaware

_____
HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE