Vance Dotson
1415 NW 43rd St.
Oklahoma City, OK 73118

2017 OCT 12 PM 4:18

October 12, 2017

Clerk of Court
United States Bankruptcy Court
District of Delaware
824 Market St. N.
3rd Floor
Wilmington, DE 19801

VIA COURIER OR OVERNIGHT DELIVERY

Re:  *Energy Future Holdings Corp., et al.*, Case No. 14-10979 (CSS)

To the Clerk of Court:

Please file my enclosed motion for rehearing. If possible, email me notifications.

Thank you.

Sincerely,

*Vance Dotson*
Vance Dotson
*Pro se*
vancedotson@yahoo.com

cc:   Debtors' attorneys of record (via mail, email, and fax)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) | Case No. 14-10979 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: D.I. 12000 |

## VANCE DOTSON'S MOTION FOR REHEARING OF ORDER ENTERED ON OCTOBER 3, 2017

COMES NOW, Vance Dotson pursuant to Federal Rule of Bankruptcy Procedure 8022 and files this timely motion for rehearing of the Order entered by this Court on October 3, 2017, showing the facts and controlling precedent which this Court overlooked or ignored as follows:

### Ground I

**This Court improperly considered the Affidavit of Sidney Garabato, including its exhibits, and the Declaration of Tim Hartley, including its exhibits, as evidence because the affidavit, declaration, and exhibits there constitute inadmissible hearsay.**

First, the Affidavit of Sidney Garabato [11934] on that basis that Mr. Garabato's statements are demonstrably not based on his personal knowledge or authenticated evidence. Thus, Mr. Garabato's affidavit should be given no probative value by the Court. Fed. R. Evid. 901.

Second, the Declaration of Tim Hartley [11965] on the grounds that (1) the statements included are demonstrably not based on Mr. Hartley's personal knowledge, (2) the purported statements of Mr. Hartley included appear to be based on inadmissible hearsay, (3) the exhibits included are not authenticated evidence and, thus, are inadmissible hearsay, and (4) the purported declaration of Tim Hartley is not signed by Tim Hartley. *See, generally*, [11965]. In Paragraph 3 of his declaration, Mr. Hartley states that he is "generally familiar with TXU's Energy's businesses

and day-to-day operations" without stating how, from whom and under what circumstances he became personally aware of the information pertaining to Vance Dotson [11965] at 2. Mr. Hartley's purported declaration is infirm because it does not contain his signature. Unsworn declarations under penalty of perjury require a declarant's signature. 28 U.S.C. § 1746. Per bankruptcy procedural rules, "[a]n unsigned paper shall be stricken[.]" Fed. R. Bankr. P. 9011. Hartley is not a registered CM/ECF user; his actual signature is required. Local Rule 9011-4(b). Therefore, Mr. Hartley's purported declaration should be given no probative value by the Court.

### Ground II

**This Court ignored the facts and controlling precedent by failing to enter an order denying the Debtors' motion to enforce based on issues of a claim against select Debtors that was adjudicated as a post-petition claim by the U.S.D.C. for the Western District of Oklahoma.**

Vance Dotson is an individual consumer who resides in Oklahoma City, Oklahoma. Vance Dotson is Plaintiff in the following action in the United States District Court for the Western District of Oklahoma: *Dotson v. Energy Future Holdings Corp. d/b/a TXU Energy, et al.*, Case No. 5:17-cv-00575-D (the "Action"). Debtors by their motion to enforce sought "to enjoin Plaintiff from prosecuting the Action, which arises from prepetition claims that were discharged in the TCEH Debtors' chapter 11 cases." [11932] at ¶5. This central issue of whether Vance Dotson's claim in the Action was prepetition or postpetition was *res judicata*. Specifically, on September 19, 2017, the Hon. Timothy D. DeGiusti entered an Order holding that "TXU Energy Defendants' conduct giving rise to Plaintiff's claim occurred post-petition." Therefore, as ordered by the district court, Mr. Dotson's postpetition litigation against select Debtors was based on a postpetition claim. A copy of the above-referenced district court's Order is attached and incorporated as **Exhibit A**.

The district court's Order found, in part, as follows:

> Based on the foregoing chronology of events, as alleged by Plaintiff, the Court finds that TXU Energy Defendants' conduct giving rise to Plaintiff's claim

> occurred post-petition. Plaintiff's claim did not arise until sometime after May 5, 2016, and the bankruptcy petition was filed two years before. As such, Plaintiff's claim is not subject to the automatic stay. "[B]ankruptcy was intended to protect the debtor from the continuing costs of pre-bankruptcy acts but not to insulate the debtor from the costs of post-bankruptcy cts." In re Grynberg v. Danzig Claimants, 143 B.R. 574, 576 (D. Colo. 1990), citing Matter of Hadden, 57 B.R. 187, 190 (Bankr. W.D. Wis. 1986).
>
> Section 362(a)(1) does not operate to stay Plaintiff's claims against TXU Energy Defendants. Accordingly, the Court declines to stay the present action.

Ex. A, pp. 4-5.

This Court improperly failed to consider or ignored facts and findings on the central issue. Namely, this Court ignored the fact that a competent court ruled on the issue of Dotson's claim. Specifically, Mr. Dotson's claim in his Action was adjudicated as a postpetition claim. *See* Ex. A. Therefore, this Court should vacate its Order [D.I. 12000] on October 3, 2017, and enter an order denying Debtor's motion to enforce or, alternatively, order a rehearing on this matter accordingly. Dotson does not consent to the entry of final orders or judgments by the Court if it is determined that the Court cannot enter final orders or judgment consistent with Art. III of the U.S. Constitution.

Respectfully submitted,

Dated: October 12, 2017

*(signature)*
Vance Dotson
1415 NW 43rd St.
Oklahoma City, Oklahoma 73118
Telephone: (405) 213-1888
Email: vancedotson@yahoo.com
*Pro se*