**NORTON ROSE FULBRIGHT**

October 13, 2017

**VIA ECF AND ELECTRONIC MAIL**

Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, NY 10019-6022
United States

The Honorable Christopher S. Sontchi
United States Bankruptcy Court
for the District of Delaware
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

Direct line +1 212 408 5361
howard.seife@nortonrosefulbright.com

Tel +1 212 408 5100
Fax +1 212 541 5369
nortonrosefulbright.com

Re: *Energy Future Holdings Corp., et al.*, Case No. 14-10979:
Proposed Order re: Elliott's Motion for Reconsideration (the "Reconsideration Motion")

Dear Judge Sontchi:

We write on behalf of NextEra Energy, Inc. ("NextEra") in response to the questions posed by the Court in an email from Your Honor's law clerk dated October 11, 2017, regarding whether the *Order (A) Authorizing Entry into Merger Agreement, (B) Approving Termination Fee, and (C) Authorizing Entry into and Performance Under Plan Support Agreement* [D.I. 9584] (the "Termination Fee Order") and the order to be entered by the Court granting the Reconsideration Motion (the "Reconsideration Order") are final or interlocutory orders. Each of the Court's questions is addressed in turn.

1. Does the Court's Opinion and order granting the motion for reconsideration render the Termination Fee Order a final order?

As a threshold matter, for the reasons set forth in NextEra's objection to the Reconsideration Motion [D.I. 11876], NextEra continues to be of the view that the Termination Fee Order is a final order with respect to that portion of the order that approved the allowance of the Termination Fee. The Termination Fee Order expressly approved allowance and payment of the Termination Fee "without any further proceedings before, or order of, the Court" and resolved the central issue raised by Elliott in its Reconsideration Motion—*i.e.*, whether allowance of the Termination Fee satisfied the standard set out by the Court of Appeals for the Third Circuit in *Calpine Corp. v. O'Brien Envtl. Energy, Inc. (In re O'Brien Envtl. Energy, Inc.)*, 181 F.3d 527, 536 (3d Cir. 1999) ("*O'Brien*").

Nevertheless, the Court's ruling to the contrary that the Termination Fee Order is interlocutory should not be affected by entry of the Reconsideration Order. Although the forms of proposed Reconsideration Order submitted by the Debtors and NextEra include an amendment to the Termination Fee Order, neither the amendment nor any other provision of the Termination Fee Order results in disallowance of the Termination Fee. Rather, it is the Reconsideration

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

VIA ECF AND ELECTRONIC MAIL
The Honorable Christopher S. Sontchi
October 13, 2017
Page 2

**NORTON ROSE FULBRIGHT**

Order itself, and, in particular, the Court's ruling that the Termination Fee does not meet the standard set forth in *O'Brien* that will result in disallowance of the Termination Fee. Accordingly, entry of the Reconsideration Order would not seem to affect this Court's determination (with which we respectfully disagree) that the Termination Fee Order is interlocutory.

2. Is the Court's Opinion granting the Reconsideration Motion a final order?

The Reconsideration Order will unequivocally be a final order because it will result in disallowance of the Termination Fee. The Reconsideration Order will finally dispose of the issue and there will be "nothing further for the bankruptcy court to do." *In re West Elecs., Inc.*, 852 F.2d 79, 82 (3d Cir. 1988). It is well settled that orders disallowing claims in bankruptcy are final orders. *See Stewart v. Energy Future Holdings (In re Energy Future Holdings)*, No. BR 14-1 0979(CCS), 2016 WL 4925052, at *2 (D. Del. Sept. 14, 2016) ("District courts have mandatory jurisdiction to hear appeals 'from final judgments, orders, and decrees' and discretionary jurisdiction over appeals 'from other interlocutory orders and decrees.' Disallowance of a proof of claim is a final order, since it resolves the dispute between the claimant and the debtor.") (internal citations omitted) (citing *In re Allegheny Intern., Inc.*, 954 F.2d 167, 172 (3d Cir. 1992)); *In re Prosser*, 388 F. App'x 101, 102 n.1 (3d Cir. 2010) (quoting *Orsini Santos v. Mender*, 349 B.R. 762, 768 (1st Cir. BAP 2006) ("An order allowing or disallowing a claim is a final, appealable order.")). Moreover, issuing a stay in the Consolidated Proceedings (as proposed in NextEra's form of Reconsideration Order) should have no impact on the finality of the Reconsideration Order. Again, the Reconsideration Order results in disallowance of the Termination Fee and the Consolidated Proceedings can only be resumed if NextEra is successful in appealing the Reconsideration Order.

3. Should the Court's order granting the motion for reconsideration state that the Termination Fee Order and/or the order granting the motion for reconsideration is an interlocutory or final order and, if so, what language should be included in the order?

Although not binding on the appellate court, to avoid any doubt as to the Court's position on finality, NextEra believes that the Reconsideration Order should contain an express statement clarifying that it is a final order that is subject to immediate appeal as a matter of right: "This Order is a final order subject to immediate appeal as a matter of right under the applicable rules of bankruptcy and appellate procedure."

In addition, to address the possibility that an appellate court may determine that the Reconsideration Order is interlocutory notwithstanding this Court's finding that the order is final (or in the event this Court itself determines the order is interlocutory), the Reconsideration Order should contain the following statement: "[In the event that an appellate court determines that the

VIA ECF AND ELECTRONIC MAIL
The Honorable Christopher S. Sontchi
October 13, 2017
Page 3

NORTON ROSE FULBRIGHT

Reconsideration Order is interlocutory,][1] NextEra is hereby granted leave to appeal this order pursuant to Federal Rule of Bankruptcy Procedure 8004." Immediate appeal would ensure that the Termination Fee issue is resolved as quickly as possible and does not cloud confirmation and/or the effectiveness of any plan of reorganization filed by the Debtors.

Very truly yours,


*/s/ Howard Seife*
Howard Seife


cc: Winston & Strawn LLP (attn.: Dan K. Webb, Thomas J. Buchanan)

---

[1] The bracketed portion of the sentence should be included if the Court finds the Reconsideration Order to be a final order, and the bracketed language deleted if the Court finds the Reconsideration Order to be an interlocutory order.