# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  |  |  |
|---|---|---|
| Mark McKane, P.C.<br>To Call Writer Directly:<br>(415) 439-1473<br>mark.mckane@kirkland.com | 555 California Street<br>San Francisco, CA 94104<br><br>(415) 439-1400<br><br>www.kirkland.com | Facsimile:<br>(415) 439-1500 |

October 13, 2017

**By eFiling and Hand Delivery**

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge
United States Bankruptcy Court
  for the District of Delaware
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

      Re:    *In re Energy Future Holdings Corp.*, Case No. 14-10979 (CSS)

Dear Judge Sontchi:

    I write on behalf of the Debtors in response to the Court's questions and request for letter briefs regarding the finality of the *Order Authorizing Entry Into Merger Agreement, Approving Termination Fee, and Entry Into and Performance Under Plan Support Agreement*, dated September 19, 2016 [D.I. 9584] ("Termination Fee Order") and forthcoming order ("Reconsideration Order")[1] granting *The Elliott Funds' Motion to Reconsider in Part the September 19, 2016 Order [Dkt. No. 9584] Approving the NextEra Termination Fee* [D.I. 11636] ("Motion to Reconsider").

    In short, the Reconsideration Order and the Termination Fee Order, as amended, will be final orders because they will conclusively resolve the only open issue between the parties—whether *In re O'Brien Envtl. Energy, Inc.*, 181 F.3d 527 (3d Cir. 1999) allows payment of a $275 million termination fee (the "Termination Fee") to NextEra Energy, Inc. ("NextEra") under the present circumstances. To assist the parties on appeal, it would be helpful for the Court to state its conclusions regarding finality in the Reconsideration Order.

                    \*      \*      \*      \*      \*

---

[1] *See NextEra Certification of Counsel re Order Granting the Elliott Funds' Motion to Reconsider the Termination Fee Approval Order* [D.I. 12016]; *Debtors' Contested Certification of Counsel re Order Granting the Elliott Funds' Motion to Reconsider the Termination Fee Approval Order* [D.I. 12017]; *Elliott Certification of Counsel re Order Granting the Elliott Funds' Motion to Reconsider the Termination Fee Approval Order* [D.I. 12019].

Beijing   Boston   Chicago   Hong Kong   Houston   London   Los Angeles   Munich   New York   Palo Alto   Shanghai   Washington, D.C.

RLF1 18282283v.1

## KIRKLAND & ELLIS LLP

The Honorable Christopher S. Sontchi
October 13, 2017
Page 2

**I.      Question No. 1. Does the Court's opinion and Reconsideration Order granting the Motion to Reconsider render the Termination Fee Order a final order?**

**Question No. 2.  Is the Reconsideration Order granting the Motion to Reconsider a final order?**

Both the amended Termination Fee Order and Reconsideration Order will be final orders. "Generally, a final order is one which finally resolves a discrete set of issues, leaving no related issues for later determination." *In re Delaware & Hudson Ry. Co.*, 129 B.R. 388, 393 (D. Del. 1991) (citing *In re Taylor*, 913 F.2d 102, 104 (3d Cir. 1990)).  In contrast, as the Court noted in its *Opinion* [D.I. 11998] on the Motion to Reconsider ("Opinion"), "an order remains interlocutory where '[t]he parties' rights and obligations remain unsettled' . . . ."[2]

Regardless of whether the Termination Fee Order was a final order when it was entered on September 19, 2016, upon entry of the Reconsideration Order, the amended Termination Fee Order will resolve the only open issue between the parties—whether the Debtors may pay NextEra a Termination Fee in the event that the Public Utility Commission of Texas (the "PUCT") does not approve the NextEra transaction and NextEra does not terminate the Merger Agreement (as such term is defined in the Opinion).  As the Court stated in its Opinion, "[h]ad the Court understood there was a scenario in which NextEra would receive the Termination Fee even if the PUCT declined to approve the NextEra Transaction, it would not have approved the payment of the Termination Fee in those circumstances.  Indeed, it could not have done so under the Third Circuit's ruling in *O'Brien*."[3]  Since these are the very circumstances that have come to pass, no other questions remain with respect to the parties' rights and obligations regarding the Termination Fee.  For example, in its Opinion, the Court found that the Termination Fee Order was not final because it left open issues relating to allocation of the Termination Fee and the question of when and whether the Termination Fee would become payable under the Merger Agreement.[4]  Neither of these two issues will remain open upon entry of the Reconsideration Order.  The amended Termination Fee Order will preclude payment of a Termination Fee under the circumstances, and no other potential triggers of the Termination Fee are possible.  In turn, there will be nothing to allocate.  Therefore, as to the Termination Fee, the amended Termination Fee Order will "end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment." *Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 269 (3d Cir. 2013) (quoting *Harris v. Kellogg Brown & Root Servs., Inc.*, 618 F.3d 398, 400 (3d Cir. 2010)).

---

[2] Opinion at 25 (quoting *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1693 (2015)).

[3] *Id*. at 32.

[4] *Id.* at 23-24.

**KIRKLAND & ELLIS LLP**

The Honorable Christopher S. Sontchi
October 13, 2017
Page 3

Likewise, the Reconsideration Order itself will be a final order. The same reasoning that applies to the amended Termination Fee Order also applies to the Reconsideration Order: the order will "finally resolve[] a discrete set of issues, leaving no related issues for later determination." *In re Delaware & Hudson Ry. Co.*, 129 B.R. at 393. In addition, in light of the Court's conclusion that the Termination Fee does not satisfy *O'Brien* under the present circumstances, NextEra's application for payment of the Termination Fee as an administrative claim [D.I. 11649] (the "Application") also must be denied. In accordance with the Court's Opinion, the Reconsideration Order should deny the Application. Because an order disallowing a bankruptcy claim is final, this is a second reason that the Reconsideration Order will be a final order. *See, e.g.*, *In re W.R. Grace & Co.*, 316 F. App'x 134, 136 (3d Cir. 2009).

**II.    Question No. 3. Should the Court's Reconsideration Order granting the Motion to Reconsider state that the Termination Fee Order and/or the Reconsideration Order is an interlocutory or final order and, if so, what language should be included in the Reconsideration Order?**

Because different provisions govern an appellate court's jurisdiction over appeals from final orders and appeals from interlocutory orders, and given NextEra's stated interest in pursuing an appeal, it would be helpful for the Court to state its conclusions regarding finality in the Reconsideration Order. *See* 28 U.S.C. § 158. Nevertheless, an appellate court will not be bound by the Court's determination regarding finality and will decide de novo whether an order is final or interlocutory. *See In re Delaware & Hudson Ry. Co.*, 129 B.R. at 393 ("Despite the bankruptcy court's characterization of its order as a final order, this Court must make its own assessment of the nature of the order to determine whether or not appellate jurisdiction exists." (citing *Matter of W. Elecs. Inc.*, 852 F.2d 79, 81 (3d Cir. 1988))).

\*    \*    \*    \*    \*

The Debtors remain available should the Court have any additional questions.

Sincerely,

*/s/ Mark McKane, P.C.*

Mark McKane, P.C.