

ROPES & GRAY LLP
PRUDENTIAL TOWER
800 BOYLSTON STREET
BOSTON, MA 02199-3600
WWW.ROPESGRAY.COM

October 13, 2017

**VIA ECF AND HAND DELIVERY**

The Honorable Christopher S. Sontchi
United States Bankruptcy Court for the District of Delaware
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

  Re: *In re Energy Future Holdings Corp.*, Case No. 14-10979 (CSS) (Bankr. D. Del.) –
    Letter Brief in Connection with Proposed Order Granting Elliott's Motion for
    Reconsideration

Dear Judge Sontchi:

  At Your Honor's request, we respectfully submit this letter brief on behalf of Elliott Associates, L.P., Elliott International, L.P. and The Liverpool Limited Partnership (collectively, "Elliott") in connection with this Court's Opinion, dated October 3, 2017 (the "Reconsideration Opinion"), in which the Court concluded that it will grant Elliott's *Motion to Reconsider in Part the September 19, 2016 Order [Dkt. No. 9584] Approving the NextEra Termination Fee* (the "Reconsideration Motion").  Capitalized terms used but not defined herein shall have the meanings set forth in the Reconsideration Opinion.

  Specifically, at the Court's request, this letter brief addresses the following issues: (i) whether the Reconsideration Opinion and any order entered in connection therewith (the "Reconsideration Order") renders the September 19, 2016 order approving the Termination Fee (the "Termination Fee Order") a final order; (ii) whether the Reconsideration Order is a final order; and (iii) whether the Reconsideration Order should state that it and/or the Termination Fee Order (as the same may be amended by the Reconsideration Order) are interlocutory or final orders and, if so, what language should be included in the order(s).

**I. Whether the Termination Fee Order is Now a Final Order**

  In the Reconsideration Opinion, this Court set forth the standard for determining whether a particular order is interlocutory or final.  "[F]or a bankruptcy court order to be final within the meaning of § 158(d), the order need not resolve all of the issues raised by the bankruptcy; but it must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief."  *In re Lehman Bros. Holdings Inc.*, 566 B.R. 353, 359 (S.D.N.Y. 2017) (citing *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 3

ROPES & GRAY LLP

- 2 -

F.3d 49, 53 (2d Cir. 1993)). Although no specific combination of factors is dispositive on the question of finality, courts may consider, among other things, (i) whether the order leaves additional work to be done by the bankruptcy court, (ii) whether the order implicates purely legal issues, (iii) the impact of the bankruptcy court's order upon the assets of the debtor's estate, (iv) the necessity for further fact-finding, (v) the preclusive effect of the decision on the merits of subsequent litigation, and (vi) the furtherance of judicial economy. *See U.S. v. Pelullo*, 178 F.3d 196, 200–01 (3d Cir. 1999); *In re Reliant Energy Channelview, LP*, 397 B.R. 697, 699 (D. Del. 2008).

In the Reconsideration Opinion, relying most heavily on the first factor, this Court correctly found that the Termination Fee Order was interlocutory because "[t]he parties' rights and obligations remain[ed] unsettled" and it left "additional work to be done" by the Court. *See Bullard v. Blue Hills Bank*, 135 S.Ct. 1686 (2015); *Reliant Energy*, 397 B.R. at 699–700. Namely, the Termination Fee Order, as it read at the time, still required the Court to (i) approve an agreed upon allocation of the Termination Fee as between the estates, (ii) determine how the Termination Fee will be allocated, (iii) rule on the appropriate allocation of the Termination Fee should the parties request it, and/or (iv) determine whether the Termination Fee became due and payable pursuant to the terms of the NextEra Merger Agreement. The open "unsettled" issues were premised upon there being conditions subsequent under which the Termination Fee could be payable as an actual and necessary cost and expense of preserving the estates and, thus, an administrative expense under *In re O'Brien Envtl. Energy, Inc.*, 181 F.3d 527 (3d Cir. 1999) and/or section 503(b) of the Bankruptcy Code.

Because the order was interlocutory, the Court found that the applicable legal standard is Rule 59 of the Federal Rules of Civil Procedure ("FRCP"), which governs motions to amend orders and judgments. Under FRCP 59, a court may amend a judgment to prevent manifest injustice or to correct a clear error of fact or law, and any appeal period would then run from the date of entry of the order altering or amending the judgment. *See* Fed. R. Bankr. P. 8002(b). As set forth in the Reconsideration Opinion, the Court found that there was a clear error of fact and law and the Termination Fee Order must be amended to correct such error and to prevent manifest injustice. This Court ruled that the Termination Fee should not have been approved and could not be payable as an administrative expense under *O'Brien* where, as here, the PUCT did not approve the merger transaction and the Debtors (as opposed to NextEra) subsequently terminated the Merger Agreement effective July 7, 2017. Consistent with this Court's ruling, on October 10, 2017, Elliott submitted a proposed Reconsideration Order under certification of counsel providing that the Termination Fee Order should be amended, in accordance with Federal Rule 59, to provide, in part, that:

> "The Termination Fee is disallowed in the event that the PUCT declines to approve the transaction contemplated in the Merger Agreement and, as a result, the Merger Agreement is terminated, regardless of whether the Debtors or NextEra subsequently terminates the Merger Agreement."

ROPES & GRAY LLP

- 3 -

Therefore, the issue is whether as of the date the Court amends and/or modifies the Termination Fee Order pursuant to the Reconsideration Opinion (the "Amended Termination Fee Order"), there is still "additional work to be done" or further proceedings to occur. We submit that there are not. Indeed, the parties agreed to proceed on the basis that the Reconsideration Motion raised a threshold issue, as if Elliott had moved for summary judgment on the *Application of NextEra Energy, Inc. for Payment of Administrative Claim* [ECF No. 11649] (the "NextEra Application") or in the related adversary proceeding, EFH Corp. v. NextEra Energy, Inc. (Adv. Proc. No. 17-50942 (CSS)) (the "Adversary Proceeding"). Thus, although the Termination Fee Order was interlocutory at the time the Reconsideration Motion was filed, given the proposed terms of the Amended Termination Fee Order and the events that have taken place, the Amended Termination Fee Order will be a final order on the date entered for the purposes of an appeal.[1]

*Reliant Energy* is instructive in this regard. In *Reliant Energy*, the bankruptcy court concluded that a bidding procedures order ruling on a break-up fee was interlocutory because additional work needed to be done. The bankruptcy court still needed to determine whether, among other things, there was a higher and better bid and whether such bid would be approved under a sale order. As the facts unfolded in *Reliant Energy*, there was in fact a higher and better bid for the debtors' assets and such bid was approved by the court pursuant to a sale order. Accordingly, the court concluded that "the Bidding Procedures Order was not a final appealable Order ***until the Sale Order was entered***." 397 B.R. at 700 (emphasis added).

Here, if the Court enters the Amended Termination Fee Order and denies the NextEra Application, the Amended Termination Fee Order will be final because, as of the date of entry of the Amended Termination Fee Order, there is no longer any "additional work to be done" by the Court. The Court no longer needs to determine or approve any allocation, make any further determinations as to whether the Termination Fee is payable under the terms of the Merger Agreement, or conduct proceedings on the NextEra Application.[2] Rather, the Court has found that the Termination Fee is not payable under the facts as they transpired since entry of the Termination Fee Order on September 19, 2016. Consequently, in those circumstances, the Amended Termination Fee Order will be a final order as of the date it is entered for purposes of an appeal.

---

[1] In that regard, Elliott and the Debtors agree that the NextEra Application must be dismissed. Indeed, absent denying the NextEra Application, the Amended Termination Fee Order might remain interlocutory because there is still arguably more for the Court to do—adjudicate the NextEra Application and deny NextEra's request for the Termination Fee.

[2] Similarly, the adjudication of the issues raised in the Adversary Proceeding, in which the Debtors are seeking declaratory relief that the Termination Fee is not payable to NextEra under the Merger Agreement, will not be necessary at this time if the Court enters the Amended Termination Fee Order and denies the NextEra Application.

ROPES & GRAY LLP

- 4 -

**II.      Whether the Reconsideration Order is a Final Order**

For the same reason, the Reconsideration Order will be a final appealable order. There is no separate standard for determining whether an order under FRCP 59 or FRCP 60(b) is final or interlocutory. Rather, regardless of whether reconsideration was granted under FRCP 59 or FRCP 60(b), the relevant inquiry is whether the Reconsideration Order itself required or contemplated "additional work to be done" by the Court or resolved all of the issues related to the matter. *Reliant Energy*, 397 B.R. at 699–700. The Reconsideration Order does not contemplate any additional work to be done by the Court, unless the Reconsideration Order does not dismiss the NextEra Application. As long as the Reconsideration Order denies the NextEra Application, the Reconsideration Order will resolve all issues relating to the terms under which the Termination Fee would be paid, and direct that it cannot be paid as an administrative expense given the terms of the Amended Termination Fee Order and the uncontested facts. *See In re Prosser*, No. 08-3894, 388 F. App'x 101, 102 n.1 (3d Cir. 2010) ("An order allowing or disallowing a claim is a final, appealable order.") (citing *Orsini Santos v. Mender*, 349 B.R. 762, 768 (1st Cir. BAP 2006)); *see also In re Abel*, 200 B.R. 816, 818 (E.D. Pa. 1996) (orders allowing or disallowing claims in bankruptcy are final) (citing *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 172 (3d Cir. 1992) and *In re Hunt's Pier Associates*, 162 B.R. 442, 444 (E.D. Pa. 1993), *aff'd* 31 F.3d 1171 (3d Cir. 1994)); *In re 114 Tenth Ave. Assoc., Inc.*, 441 B.R. 416, 424 (S.D.N.Y. 2010) ("An order allowing or disallowing a claim is a final, appealable order.") (citations and internal quotations omitted).

**III.     Proposed Language for the Reconsideration Order**

While this Court may make an express statement in either the Amended Termination Fee Order or the Reconsideration Order regarding their respective finality, the issue of whether an order is final or interlocutory would still be subject to review and consideration by an appellate court. As set forth above, if those Orders make clear that the NextEra Application is denied, they should be final orders as of the date of their entry. Therefore, Elliott would have no objection that the following be included in the Amended Termination Fee Order and the Reconsideration Order:

> "The Court further finds that no further proceedings with respect to the Termination Fee are contemplated or required by this Order and such Order is a final order, effective as of the date hereof, for purposes of 28 U.S.C. § 158."

ROPES & GRAY LLP

- 5 -

Again, however, this assumes that both the Amended Termination Fee Order and the Reconsideration Order deny the NextEra Application with prejudice.

Respectfully submitted,

*/s/* Gregg M. Galardi, Esq.
Gregg M. Galardi, Esq.
Ropes & Gray LLP

cc (via ECF and email):

LANDIS RATH & COBB LLP
Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Joseph D. Wright, Esq.
919 Market Street, Suite 1800
Wilmington, DE 19801

WINSTON & STRAWN LLP
Dan K. Webb, Esq.
35 W. Wacker Drive
Chicago, IL 60601-9701

-and-

Thomas M. Buchanan, Esq.
1700 K Street, NW
Washington, DC 20006

RICHARDS, LAYTON & FINGER P.A.
Mark D. Collins, Esq.
Daniel J. DeFranceschi, Esq.
Jason M. Madron, Esq.
920 North King Street
Wilmington, DE 19801

ROPES & GRAY LLP

- 6 -

NORTON ROSE FULBRIGHT US LLP
Howard Seife, Esq.
1301 Avenue of the Americas
New York, NY 10019-6022

KIRKLAND & ELLIS LLP
Edward O. Sassower, Esq.
Stephen E. Hessler, Esq.
Brian E Schartz, Esq.
Aparna Yenamandra, Esq.
601 Lexington Avenue
New York, NY 10022-4611

-and-

James H.M. Sprayregen, Esq.
Marc Kieselstein, Esq.
Chad J. Husnick, Esq.
Steven N. Serajeddini, Esq.
300 North LaSalle
Chicago, IL 60654

BAYARD, P.A.
Scott D. Cousins, Esq.
Erin R. Fay, Esq.
Evan T. Miller, Esq.
600 N. King Street, Suite 400
Wilmington, Delaware  19801