1    UNITED STATES BANKRUPTCY COURT

2    DISTRICT OF DELAWARE

3

4    In re:                          :

5                                     :    Chapter 11

6    ENERGY FUTURE HOLDINGS CORP., :   Case No. 14-10979 (CSS)

7    et al.,                          :

8             Debtors.               :    (Jointly Administered)

9    _____:

10   ENERGY FUTURE HOLDINGS CORP., :

11            Plaintiff,             :

12      v.                           :    Adv. Proc. No.

13   VISTRA ENERGY CORP.,            :    17-51785 (CSS)

14            Defendants.            :

15   _____:

16                                  United States Bankruptcy Court

17                                  824 North Market Street

18                                  Wilmington, Delaware

19                                  October 12, 2017

20                                  3:08 p.m. - 3:20 p.m.

21   B E F O R E :

22   HON CHRISTOPHER S. SONTCHI

23   U.S. BANKRUPTCY JUDGE

24

25   ECRO OPERATOR:   UNKNOWN

1    HEARING re Status Conference

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Sonya Ledanski Hyde

1    A P P E A R A N C E S :

2

3    PROSKAUER ROSE LLP

4        Attorneys for the Debtor

5

6    BY:  MARK K. THOMAS (TELEPHONICALLY)

7

8    ROPES & GRAY LLP

9        Attorneys for Creditor, Elliott Funds L.P., et al.

10

11    BY:  GREGG GALARDI (TELEPHONICALLY)

12

13    SULLIVAN & CROMWELL LLP

14        Attorneys for the Official Committee of Unsecured

15        Creditors

16

17    BY:  BRIAN GLUCKSTEIN (TELEPHONICALLY)

18

19    ALSO PRESENT TELEPHONICALLY:

20

21    ARLENE R. ALVES

22    PEG A. BRICKLEY

23    MATTHEW C. BROWN

24    ALLISTER CHAN

25    DANIEL DEFRANCESCHI

```
 1   MARK A. FINK
 2   MICHAEL FIRESTEIN
 3   SIMON E. FRASER
 4   TAYLOR B. HARRISON
 5   MARC KIESELSTEIN
 6   DAVID M. KLAUDER
 7   MICHAEL LEE
 8   RAYMOND LEMISCH
 9   JASON M. MADRON
10   MARK E. MCKANE
11   R. STEPHEN MCNEILL
12   CARL NEFF
13   JOANNA S. NEWDECK
14   RICHARD PEDONE
15   MEREDITH PFISTER
16   RICHARD SCHEPACARTER
17   JEFFREY M. SCHLERF
18   NED S. SCHODEK
19   NOAH M. SCHOTTENSTEIN
20   NACIF TAOUSSE
21   ANDREW M. THAU
22   MARK K. THOMAS
23   SARA TIRSCHWELL
24   AMER TIWANA
25   APARNA YENAMANDRA
```

1   PETER YOUNG

2   JOSEPH A. FLORCZAK

3   DAVID M. FOURRIER

4   JACOB A. ADLERSTEIN

5   SAM N. ASHURAEY

6   CHRISTOPHER L. CARTER

7   MARK A. CODY

8   LAURA DAVIS JONES

9   JAMIE L. EDMONSON

10  ANDREW EHRLICH

11  ERIN FAY

12  DANIEL K. HOGAN

13  GEORGE W. KROUP

14  JEFFREY S. SABIN

15  ANGELO THALASSINOS

16  MICHAEL TURKEL

17  KEITH WOFFORD

18

19

20

21

22

23

24

25

1                  P R O C E E D I N G S

2           THE COURT:  Good afternoon, everyone.  This is

3   Judge Sontchi and this is the status in the adversary

4   proceeding commenced by EFH against Vistra, 17-51785.  I

5   understand we have quite a large number of people on the

6   phone.  I'd just like to remind everyone to identify

7   themselves.  Please identify yourself every time you speak.

8           I'd just like to remind the numerous people on the

9   phone that this is an adversary proceeding.  As far as that

10  concerns, it actually only involves EFH as Plaintiff, Vistra

11  as Defendant, and Elliott as a potential intervener, so it's

12  not open season to comment on what's going on in this

13  matter.

14          The other thing I would remind everyone is this is

15  a public hearing.  Press is present both in court and on the

16  phone.  I just note that because a number of documents have

17  been filed under seal.  And as a result, I would caution in

18  making any comments to be mindful of the fact that this is a

19  public hearing.

20          So having said all that, I'll turn it over to

21  Plaintiff's counsel.  Basically, we have a -- as you know,

22  we have a hearing set for tomorrow at 11:00 a.m.,

23  tentatively set for tomorrow at 11:00 a.m. on the TRO

24  application.  And I just wanted to have this status

25  conference because it was a bit of a long lag between when

1    we got knowledge of this yesterday and when we're actually

2    going to have the TRO hearing.  So I want to touch base with

3    the parties at this time to get the status to see what was

4    anticipated for the TRO hearing, et cetera.  So that's where

5    we are and I'll stop talking and turn it over to debtors.

6            MR. THOMAS:  Thank you, Your Honor.  Mark Thomas,

7    Proskauer Rose, counsel to Energy Future Holdings Corp.,

8    Debtor-in-Possession and Plaintiff in Adversary Proceeding

9    51785.

10            Your Honor, when you set this status conference,

11   the debtor had filed an Adversary Complaint, but had not yet

12   filed its motion for temporary restraining order and

13   preliminary injunction.  And we thank you for the time

14   you've granted us, and we note that Your Honor has entered a

15   temporary restraining order to preserve the status quo

16   through tomorrow and that we have a hearing tomorrow set on

17   the temporary restraining order.

18            Based on that, I do not intend to argue or really

19   get into the substance or merits of the TRO, but just to

20   give you an overview of why we're here and what got us here

21   and what we're going to try to accomplish tomorrow.

22            Your Honor, as you know, tax issues and attributes

23   have been major issues in this case since its filing and tax

24   attributes are property of the estate.  And on October 3,

25   2015, the reorganized TCEH emerged from Chapter 11 pursuant

1   to its confirmed plan, and that entity is now known as

2   Vistra Energy, the Defendant in this adversary proceeding.

3   As part of the emergence, the Court approved a plan

4   supplement, which included a tax matters agreement.  The tax

5   matters agreement dealt with the allocation of tax

6   attributes between EFH and Vistra.

7           And in essence, we have a dispute with Vistra

8   regarding how certain tax attributes are to be allocated.

9   I'm not going to get into the details of those attributes,

10  other than to say they're property of the estate.  And EFH

11  contends that there is a methodology called a separate

12  approach, that it's the proper approach to allocate the

13  earnings and profits.  Vistra contends otherwise.

14          Your Honor, this issue began percolating about 30

15  days ago.  And EFH and Vistra have had numerous discussions,

16  as well as discussions with the official creditors committee

17  and Elliott, trying to come up with a consensual process for

18  resolving the allocation disputes arising under the TMA.

19  And those allocations do, because Your Honor realizes, are

20  heightened by the fact that the tax returns of the entities

21  have to be filed on Monday, October 16th.  And positions

22  taken on those tax returns may very well impair the parties'

23  positions with respect to the TMA and property of the

24  estate.

25          We have a hearing set for tomorrow.  There is a

1    resolution procedure set forth in the TMA at Section 9.02.

2    And as noted in our Complaint, we have attempted to reach

3    consensual agreement on the process to resolve these

4    dispute, since prior and subsequent the filing of the

5    Complaint two days ago.  We've had discussions with Vistra,

6    we've had discussions with the principal of EFH

7    stakeholders, and we intend to continue those discussions up

8    through the hearing commencing tomorrow.

9            Your Honor, if we're not successful in agreeing on

10   a consensual path to resolve these disputes, we will be

11   prepared to proceed and put on a case for a temporary

12   restraining order.  Since I am ever the optimist, even in

13   this case, I'm hopeful that the parties, now that we're in

14   Court and we have the benefit of judicial oversight over a

15   potential dispute resolution mechanism set forth in the TMA,

16   I'm hopeful that we will be able to get consensus to the

17   appropriate path and process to resolve the issues.

18           THE COURT:  Thank you, Mr. Thomas.  Since Elliott

19   has sought to intervene in support of the Plaintiff, at this

20   point if Elliott wants to say anything, I'll turn it over to

21   them.

22           MR. THOMAS:  Your Honor, I'm sorry, this is Mark

23   Thomas again on behalf of the EFH.  I meant to add one

24   thing.

25           THE COURT:  Yes, please.

1          MR. THOMAS:  For the record, we are working with

2     Vistra on getting together a redacted Complaint, and we are

3     hoping that we'll be able to file a redacted Complaint in

4     very short order.

5          THE COURT:  Okay.  I appreciate that very much.

6     It's certainly, the parties should protect confidential

7     business information.  But it is a requirement that redacted

8     documents be filed setting forth, at least as best as

9     possible, everything that's not confidential so that the

10    interests of the public in knowing what's going on by being

11    able to read the docket are preserved.  So I would very much

12    appreciate that.  Thank you.

13         MR. GALARDI:  Your Honor, for the record, Greg

14    Galardi on behalf of Elliott.  Your Honor, I don't need to

15    add to what Mr. Thomas has said, other than to say there is

16    also a contractual issue with respect to the TMA and the

17    interpretation of that.

18         And as is worked out with Vistra and EFH, Elliott

19    had filed a joinder in a Complaint under seal.  And I think

20    once EFH and Vistra are able to resolve their redactions, we

21    too will timely file just a redacted Complaint.  And we

22    thank the U.S. Trustee, who had given us sort of a deadline

23    of 14 days and we hope to do it sooner than that.

24         THE COURT:  Thank you, Mr. Galardi.  Would anyone

25    like to be heard on behalf of Vistra.  I see the Paul Weiss

1    firm is listed here as counsel, but I don't know who's

2    actually lead or going to speak, so I'll turn it over to

3    Vistra.

4              MR. EHRLICH:  Good afternoon, Your Honor.  It's

5    Andrew Ehrlich from Paul Weiss on behalf of Vistra.  Thank

6    you for having us on the phone this afternoon.  We

7    appreciate the opportunity to have a conference.

8              We, as Mr. Thomas said, are continuing in

9    discussions with the relevant stakeholders, and we will

10   continue those discussions through to tomorrow morning.

11   And, you know, of course, we'll always endeavor to resolve

12   the issues if they are resolvable.  We obviously have a

13   different view of the facts than those set out in the

14   papers, the voluminous papers that Your Honor has received.

15   To date, we are, at the same time that we are speaking with

16   the other stakeholders, putting together papers, which we

17   will get in this evening so that Your Honor, if it's

18   agreeable to the Court, will have them by first thing

19   tomorrow morning.

20             THE COURT:  Yes, sooner rather than later, but

21   that would be fine.

22             MR. EHRLICH:  Okay.  Thank you, Your Honor.

23             THE COURT:  Okay.  Anything else by anybody?

24   Otherwise, we'll be ready to go at 11:00 tomorrow.

25             MR. GLUECKSTEIN:  Your Honor, if I may just

1    briefly.  This is Brian Glueckstein, Sullivan & Cromwell, on

2    behalf of the official committee.

3            THE COURT:  Yes.

4            MR. GLUECKSTEIN:  Your Honor, I just want to, for

5    completeness of the record as Mr. Thomas alluded to, the

6    committee has been working with EFH and the other

7    stakeholders on this issue, intends to move promptly to

8    intervene in the action as well for the Court's

9    consideration and is hopeful to participate in the expedited

10   proceedings.

11           THE COURT:  Thank you, Mr. Glueckstein.  Well, I

12   might as well open it up at this point.  Is there anyone

13   else on the phone at least that would like to indicate

14   whether they intend to intervene or seek to intervene.  Mr.

15   Hogan?  No, okay.  All right, thank you very much.  Anything

16   further before we sign off?  Okay, I hear none.  Thank you

17   for making yourself available, and please remain in

18   communications with chambers.

19           Mr. Thomas, if there's a resolution obviously that

20   doesn't require the hearing, the sooner we know, the better.

21   But if it's one minute before the hearing because that's

22   when the resolution is reached, that's fine too because I'm

23   all about resolution.

24           Otherwise, we'll be ready, willing, and able to go

25   tomorrow at 11:00 a.m.  Thank you very much.

1          MR. THOMAS:   Thank you, Your Honor.

2

3                              *   *   *   *   *

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    C E R T I F I C A T I O N

2

3        I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5    Sonya

6    Ledanski Hyde

7

Digitally signed by Sonya Ledanski
Hyde
DN: cn=Sonya Ledanski Hyde, o, ou,
email=digital@veritext.com, c=US
Date: 2017.10.16 10:23:31 -04'00'

8    Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  October 13, 2017