IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Energy Future Holdings Corp., et al. | : | Case No.: 14-10979 (CSS) |
| | : | Jointly Administered |
| | : | |
| Debtors. | : | Docket Nos.: 12048 |
| | : | |

## **ORDER**

Upon consideration of the *Vance Dotson's Motion for Rehearing of Order Entered October 3, 2017* [D.I. 12048] filed on October 12, 2017 (the "Motion for Reconsideration"); the Court having reviewed the Motion, as well as the related *Motion of the Reorganized TCEH Debtors for Entry of an Order Enforcing the TCEH Confirmation Order and Imposing Costs and Fees for the Willful Disregard of the Same* [D.I. 11932] (the "Motion to Enforce"), as well as Mr. Dotson's response thereto [D.I. 11997] (the "Response"); and the Court having held an evidentiary hearing on the Motion to Enforce on October 3, 2017 (the "Hearing"), and Mr. Dotson having not appeared at the Hearing; and at that Hearing, the Court having overruled the Response and Mr. Dotson's objections to the declarations filed by the above-captioned debtors; and the Court having entered its *Order Enforcing the TCEH Confirmation Order and Imposing Costs and Fees for the Willful Disregard of the Same* [D.I. 12000]; the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (iii) notice of the Motion for Reconsideration were sufficient notice under the circumstances; and (iv) the Court has judicial power to enter a final order.

IT IS HEREBY ORDERED that:

1. The Motion for Reconsideration is DENIED for failure to establish a *prima facie* case for reconsideration. The Motion for Reconsideration restates Mr. Dotson's position set forth in his Response, which was overruled at the Hearing based on the evidence and arguments presented at the Hearing (for which Mr. Dotson had notice but failed to appear). Mr. Dotson has presented no evidence nor argument in his Motion for Reconsideration that would meet the legal standard for a rehearing[1] or for reconsideration.[2] Furthermore, Mr. Dotson has not met his "heavy burden" in showing relief is appropriate under Rule 60.[3]

---

[1] Federal Rule of Bankruptcy Procedure, Rule 9023 incorporating Federal Rule Civil Procedure Rule 59(b) provides that a motion for a new trial shall be filed no later than 14 days after entry of judgment. Fed. R. Bankr. P. 9023. "Motions to vacate orders, motions for rehearings or for new trials, and like motions are addressed to the discretion of the trial court and are intended to call its attention to errors allegedly committed by it and to afford an opportunity for their correction." *In re Everett*, 29 B.R. 597, 602 (Bankr. E.D. Ark. 1983) (citations omitted). "Newly discovered evidence must be evidence in existence of which a party was excusably ignorant, discovered after trial. In addition facts implying reasonable diligence must be provided by the movant. The evidence must be material, and not cumulative or impeaching, and it must be such as to require a different result." *United States v. 41 Cases, More or Less*, 420 F.2d 1126, 1132 (5th Cir. 1970) (citation omitted"). In his Motion for Reconsideration, Mr. Dotson did not provide any evidence, did not allege any new evidence, and did not provide any new theories in support of his position. Thus, Mr. Dotson did not meet his burden for rehearing.

[2] *In re Energy Future Holdings Corp.*, No. 11636, 2017 WL 4404238, at *9 (Bankr. D. Del. Oct. 3, 2017) (". . . Fed.R.Civ.P. 60(b), incorporated by Fed. R. Bankr. P. 9024, allows a party to seek relief from a judgment, order, or proceeding for the following reasons: '(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.'" (citations omitted)). In his Motion for Reconsideration, Mr. Dotson only re-alleges his previous arguments and thus, Mr. Dotson does not meet his burden for reconsideration of the Court's order.

[3] *Id.* ("The framers of Rule 60(b) set a higher value on the social interest in the finality of litigation. A movant 'bears a heavy burden' in showing that relief is appropriate under Rule 60." (internal quotation mark and citations omitted)). Mr. Dotson has not provided any new information to disturb the finality of this Court's prior order.

2.  The Court retains jurisdiction over all matters arising from or related to this Order.

                                                                                         Christopher S. Sontchi
                                                                                         United States Bankruptcy Judge

Date: October 17, 2017