IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ENERGY FUTURE HOLDINGS CORP., | : | Case No.: 14-10979 (CSS) |
| *et al.*, | : | Jointly Administered |
| | : | |
| Debtors. | : | **Re: D.I. 9584, 11636, 11649, 11666, 11668,** |
| | : | **11669, 11708, 11712, 11716, 11879, 11905,** |
| | : | **11998** |
| _____ | : | |
| ENERGY FUTURE HOLDINGS CORP., | : | |
| *et al.*, | : | |
| | : | |
| Plaintiffs and Intervenors, | : | Adv. Pro. No. 17-50942 (CSS) |
| | : | |
| v. | : | **Re: Adv. Pro. D.I. 1, 2, 11, 12, 21, 41, 50, 79** |
| | : | |
| NEXTERA ENERGY, INC., | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**ORDER**

Upon the motion (the "Motion to Reconsider") of the Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership to reconsider, in part, the *Order (A) Authorizing Entry Into Merger Agreement, (B) Approving Termination Fee, and (C) Authorizing Entry Into and Performance Under Plan Support Agreement* [D.I. 9584] (the "Termination Fee Order"); and the Court having found that it has jurisdiction to consider the Motion to Reconsider and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that consideration of the Motion to Reconsider and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and the Court having found that the due and proper notice of the Motion to Reconsider was provided and that such notice was adequate and appropriate under the particular circumstances; and the Court having found that it has the judicial power to enter a final order; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon consideration of the stipulated record[1] and all proceedings had before the Court at the Hearing; and the Court having found that the relief requested in the Motion to Reconsider is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined, for the reasons set forth in the Opinion, dated October 3, 2017 [D.I. 11998] (the "Opinion"), that the legal and factual bases set forth in the Motion to Reconsider establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion to Reconsider is **GRANTED** for the reasons set forth in the Opinion.

2. All objections to the Motion to Reconsider that have not been withdrawn, waived, settled or specifically addressed in the Opinion or this Order, and all reservations of rights included in such objections, are specifically overruled in all respects on the merits.

---

[1] Pursuant to the Stipulation and Order Regarding Elliott's Motion to Reconsider, the parties have stipulated to the record with regard to the Motion to Reconsider. [D.I. 11716, ¶7(a)-(z)].

3.      The Termination Fee Order shall be modified to correct clear errors of law and fact and to prevent manifest injustice, which would have resulted from the Court's misapprehension of facts and erroneous application of law set forth in *In re O'Brien Environmental Energy, Inc.*, 181 F.3d 527 (3d Cir. 1999) and section 503(b) of the Bankruptcy Code.

4.      The Termination Fee Order must be modified because it approved a provision in the Merger Agreement[2] that authorized the Debtors to pay NextEra the Termination Fee in circumstances in which the payment was not a necessary expense and the Debtors' estates would not receive an actual benefit, which is a manifest error of law.

5.      The Termination Fee Order is hereby amended to delete in its entirety the language at paragraph 4 of such order and to replace it with the following:

> The Termination Fee, upon the terms and conditions of the Merger Agreement, is approved in part and disallowed in part. The Termination Fee is disallowed in the event that the PUCT declines to approve the transaction contemplated in the Merger Agreement and, as a result, the Merger Agreement is terminated, regardless of whether the Debtors or NextEra subsequently terminates the Merger Agreement. In those circumstances, the EFH/EFIH Debtors are not authorized to pay the Termination Fee as a qualified administrative expense or otherwise. The Termination Fee is otherwise approved. Subject to the forgoing ruling, the EFH/EFIH Debtors are authorized and directed to pay the Termination Fee as an allowed administrative expense to the extent it becomes due and payable pursuant to those terms and conditions of the Merger Agreement that are approved in this Order, at the time and in the manner provided for in the Merger Agreement and this Order, without any further proceedings before, or order of, the Court; provided, however, that in the event that the Termination Fee becomes payable in accordance with section 8.5(b) of the Merger Agreement and with this Order, the EFH Debtors, on the one hand, and the EFIH Debtors, on the other hand, either will agree on the allocation of the Termination Fee between their respective estates (and seek Bankruptcy Court approval of such allocation) or each estate reserves the right to request that the Bankruptcy Court determine the appropriate allocation of the Termination Fee between the EFH Debtors and the EFIH Debtors; provided, further, however that the Termination Fee shall be payable as provided in the Merger Agreement and this Order and that both the EFH Debtors and the EFIH Debtors agree that any such payment of the Termination Fee, by either or both estates, shall be without prejudice to the rights of each estate to seek a subsequent Bankruptcy Court ruling regarding the appropriate allocation of the paid Termination Fee between the EFH Debtors and the EFIH Debtors.

---

[2] Undefined terms used herein have the meaning set forth in the Opinion.

6. The *Application of NextEra Energy, Inc. for Payment of Administrative Claim* [D.I. 11649] is **DENIED**.

7. All further discovery, briefing, proceedings, and other actions regarding the Debtors' *First Amended Adversary Complaint* [Adv. No. 17-50942, D.I. 41] are stayed pending further order of the Court.

8. Nothing in this Order shall preclude NextEra from filing a request for allowance of an administrative claim (on a ground other than the grounds on which the Termination Fee was denied in the Opinion and this Order) and any person's right to object to any such request.

9. No further proceedings with respect to the Termination Fee are contemplated or required and the Termination Fee Order and this Order are final orders, effective as of the date hereof, for purposes of 28 U.S.C. § 158. In the event that an appellate court determines that the Termination Fee Order and/or this Order are interlocutory, NextEra is hereby granted leave to appeal the Termination Fee Order and/or this Order pursuant to Federal Rule of Bankruptcy Procedure 8004.

10. Notwithstanding the possible applicability of Bankruptcy Rules 6004(a), 6004(h), 7062, 9014, or otherwise, the terms and condition of this Order shall be effective and enforceable immediately upon entry.

11. The Court shall retain jurisdiction over any matter or disputes arising from or relating to the interpretation, implementation or enforcement of this Order.

                                                              Christopher S. Sontchi
                                                              United States Bankruptcy Judge

Date: October 18, 2017