<u>**EXHIBIT A**</u>

**New Organizational Documents for Certain Reorganized EFH Debtor Subsidiaries and Reorganized EFIH**

This <u>Exhibit A</u> includes the following organizational documents:

- Restated Certificate of Formation of Sempra Texas Holdings Corp.

- Amended and Restated Bylaws of Sempra Texas Holdings Corp.

- Third Amended and Restated Limited Liability Company Operating Agreement of Sempra Texas Intermediate Holding Company, LLC

- Certificate of Formation of Power Play BidCo LLC

- Limited Liability Company Agreement of Power Play BidCo LLC

- Certificate of Formation of Power Play HoldCo LLC

- Limited Liability Company Agreement of Power Play HoldCo LLC

- Certificate of Incorporation of Power Play Merger Sub I, Inc.

- Bylaws of Power Play Merger Sub I, Inc.

**RESTATED CERTIFICATE OF FORMATION**

**OF**

**SEMPRA TEXAS HOLDINGS CORP.**

**ARTICLE I**

The name of the corporation (the "Corporation") is [Sempra Texas] Holdings Corp. The Corporation is a for-profit corporation.

**ARTICLE II**

The registered agent is an organization by the name of CT Corporation System. The business address of the registered office of the Corporation is 350 North St. Paul Street, Suite 2900, Dallas, Texas  75201-4232.

**ARTICLE III**

The number of directors currently constituting the board of directors is one (1), and the name and address of the person who currently serves as director are as follows:

| Name | Address |
|------|---------|
| Angelica Espinosa | 1601 Bryan St., Dallas, Texas 75201-3411 |

**ARTICLE IV**

The Corporation is authorized to issue one class of stock to be designated as "Common Stock," without par value. The total number of shares which the Corporation is authorized to issue is 2,000,000,000.

**ARTICLE V**

The purpose for which the Corporation is formed is for the transaction of any and all lawful business for which a for-profit corporation may be organized under the Texas Business Organizations Code (the "TBOC").

## ARTICLE VI

Any action required by the TBOC to be taken at any annual or special meeting of shareholders, or any action which may be taken at any annual or special meeting of shareholders, may be taken without a meeting, without prior notice, and without a vote, if a consent or consents in writing, setting forth the action so taken, shall be signed by the holders of shares having not less than the minimum number of votes that would be necessary to take such action at a meeting at which the holders of all shares entitled to vote on the action were present and voted. Prompt notice of the taken of any action by shareholders without a meeting by less than unanimous written consent shall be given to those shareholders who did not consent in writing to the taking of such action.

## ARTICLE VII

No shareholder shall have any preemptive right to acquire any proportional amounts of the Corporation's unissued or treasury shares on the decision of the board of directors to issue such shares.

## ARTICLE VIII

1.     Right to Indemnification.  Subject to the limitations and conditions as provided in this Article VIII, each person who was or is made a party or is threatened to be made a party to or is involved in any threatened, pending or completed action or other proceeding, whether civil, criminal, administrative, arbitrative or investigative, or any appeal in such a proceeding or any inquiry or investigation that could lead to such a proceeding (hereinafter a "proceeding"), by reason of the fact that he or she, or a person of whom he or she is the legal representative, is or was a director or officer of the Corporation or while a director or officer of the Corporation is or was serving at the request of the Corporation as a director, officer, partner, venturer, proprietor, trustee, employee, agent, or similar functionary of another

foreign or domestic corporation, limited liability company, partnership, joint venture, sole proprietorship, trust, employee benefit plan or other enterprise shall be indemnified by the Corporation to the fullest extent permitted by the TBOC, as the same exists or may hereafter be amended against judgments, penalties (including excise and similar taxes and punitive damages), fines, settlements and reasonable expenses (including, without limitation, attorneys' fees) actually incurred by such person in connection with such proceeding, and indemnification under this Article VIII shall continue as to a person who has ceased to serve in the capacity which initially entitled such person to indemnity hereunder.  The rights granted pursuant to this Article VIII shall be deemed contract rights, and no amendment, modification or repeal of this Article VIII shall have the effect of limiting or denying any such rights with respect to actions taken or proceedings arising prior to any such amendment, modification or repeal.  It is expressly acknowledged that the indemnification provided in this Article VIII could involve indemnification for negligence or under theories of strict liability.

2.     Advancement of Expenses.  The right to indemnification conferred in this Article VIII shall include the right to be paid or reimbursed by the Corporation the reasonable expenses incurred by a person of the type entitled to be indemnified above who was, is or is threatened to be made a named defendant or respondent in a proceeding in advance of the final disposition of the proceeding and without any determination as to the person's ultimate entitlement to indemnification; provided, however, that the payment of such expenses incurred by any such person in advance of the final disposition of a proceeding shall be made only upon delivery to the Corporation of a written affirmation by such indemnified person of his or her good faith belief that he or she has met the standard of conduct necessary for indemnification under this Article VIII and a written undertaking, by or on behalf of such person, to repay all amounts so advanced if it shall ultimately be determined that such indemnified person is not entitled to be indemnified under this Article VIII or if such indemnification is prohibited by applicable law.

3.     Indemnification of Employees and Agents.  The Corporation, by adoption of a resolution by the board of directors or a duly appointed committee of the board of directors, may indemnify and advance expenses to an employee or agent of the Corporation to the same extent and subject to the same conditions under which it may indemnify and advance expenses to directors and officers under this Article VIII; and the Corporation, by adoption of a resolution by

the board of directors or a duly appointed committee of the board of directors, may indemnify and advance expenses to persons who are not or were not directors, officers, employees or agents of the Corporation but who are or were serving at the request of the Corporation as a director, officer, manager, member, partner, venturer, proprietor, trustee, employee, agent or similar functionary of another foreign or domestic corporation, limited liability company, partnership, joint venture, sole proprietorship, trust, employee benefit plan or other enterprise against any liability asserted against him or her and incurred by him or her in such a capacity or arising out of his or her status as such a person to the same extent that it may indemnify and advance expenses to directors and officers under this Article VIII.

4.      Appearance as a Witness.  Notwithstanding any other provision of this Article VIII, the Corporation may pay or reimburse expenses incurred by a director, officer, employee, agent or other person in connection with his or her appearance as a witness or other participation in a proceeding at a time when he or she is not a named defendant or respondent in the proceeding.

5.      Nonexclusivity of Rights.  The right to indemnification and the advancement and payment of expenses conferred in this Article VIII shall not be exclusive of any other right which a director or officer or other person indemnified pursuant to this Article VIII may have or hereafter acquire under any law (common or statutory), provision of this certificate of formation or the bylaws of the Corporation, agreement, vote of shareholders or disinterested directors or otherwise.

6.      Insurance.  The Corporation may purchase, procure, establish and maintain, at its expense, insurance or another arrangement to indemnify or hold harmless, to protect itself and any person who is or was serving as a director, officer, employee or agent of the Corporation or is or was serving at the request of the Corporation as a director, officer, manager, member, partner, venturer, proprietor, trustee, employee, agent or similar functionary of another foreign or domestic corporation, limited liability company, partnership, joint venture, proprietorship, employee benefit plan, trust or other enterprise against any expense, liability or loss, whether or not the Corporation would have the power to indemnify such person against such expense, liability or loss under this Article VIII.

7.      Savings Clause.  If this Article VIII or any portion hereof shall be invalidated on any ground by any court of competent jurisdiction, then the Corporation shall nevertheless indemnify and hold harmless each director, officer or any other person indemnified pursuant to this Article VIII as to costs, charges and expenses (including attorneys' fees), judgments, fines and amounts paid in settlement with respect to any action, suit or proceeding, whether civil, criminal, administrative or investigative to the full extent permitted by any applicable portion of this Article VIII that shall not have been invalidated and to the fullest extent permitted by applicable law.

For purposes of this Article VIII, the term "Corporation" shall include any predecessor of the Corporation and any constituent corporation (including any constituent of a constituent) absorbed by the Corporation in a consolidation or merger; the term "other enterprise" shall include any corporation, limited liability company, partnership, joint venture, trust or employee benefit plan; service "at the request of the Corporation" shall include service as a director, officer, manager, member or employee of the Corporation which imposes duties on, or involves services by, such director, officer, manager, member or employee with respect to an employee benefit plan, its participants or beneficiaries; any excise taxes assessed on a person with respect to an employee benefit plan shall be deemed to be indemnifiable expenses; and action by a person with respect to an employee benefit plan which such person reasonably believes to be in the interest of the participants and beneficiaries of such plan shall be deemed to be action not opposed to the best interests of the Corporation.

## ARTICLE IX

The bylaws of the Corporation may be altered, changed or amended as provided by statute, or at any meeting of the board of directors by affirmative vote of a majority of all of the directors.

## ARTICLE X

The Corporation reserves the right to amend, alter, change or repeal any provision contained in this Certificate of Incorporation in the manner now or hereafter prescribed by

statute, and all rights conferred herein upon the Corporation's stockholders, directors and officers are granted subject to this reservation.

## ARTICLE XI

A director of the Corporation shall not be liable to the Corporation or its shareholders for monetary damages for any act or omission in the director's capacity as a director, except that this provision does not eliminate or limit the liability of a director to the extent the director is found liable under applicable law for

(a)      a breach of the director's duty of loyalty to the Corporation or its shareholders;

(b)      an act or omission not in good faith that constitutes a breach of duty of the director to the Corporation or that involves intentional misconduct or a knowing violation of the law;

(c)      a transaction from which the director received an improper benefit, regardless of whether the benefit resulted from an action taken within the scope of the director's duties; or

(d)      an act or omission for which the liability of the director is expressly provided for by an applicable statute.

If the TBOC is amended to authorize action further eliminating or limiting the personal liability of directors, then the liability of a director of the Corporation shall be eliminated or limited to the fullest extent permitted by the TBOC as so amended.  Any repeal or modification of this Article IX shall not adversely affect any right of protection of a director of the Corporation existing at the time of such repeal or modification.

## ARTICLE XII

Notwithstanding anything herein to the contrary, the Corporation shall not issue any class of non-voting equity securities unless and solely to the extent permitted by Section 1123(a)(6) of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") as in

effect on the date of the filing of this Restated Certificate of Incorporation with the Secretary of State of the State of Texas, provided that the foregoing restriction (a) will have no further force and effect beyond that required under Section 1123 of the Bankruptcy Code, (b) will only have such force and effect for so long as Section 1123 of the Bankruptcy Code is in effect and applicable to the Corporation and (c) in all events may be amended or eliminated in accordance with applicable law as from time to time may be in effect.

*(Remainder of page intentionally left blank, signature page follows)*

IN WITNESS WHEREOF, this Restated Certificate of Incorporation has been executed by a duly authorized officer of this corporation on this _____ day of _____, 2017.

By: _____
    Name: [●]
    Title:  [●]

# AMENDED AND RESTATED

# BYLAWS

# OF

# SEMPRA TEXAS HOLDINGS CORP.

### (a Texas for-profit corporation)

## ARTICLE I

## STOCKHOLDERS

Section 1. <u>Annual Meeting</u>. The annual meeting of the stockholders of the Corporation (the "<u>Stockholders</u>") shall be held either within or without the State of Texas, at such place as the board of directors of the Corporation (the "<u>Board of Directors</u>") may designate in the call or in a waiver of notice thereof, at such date and time as shall be designated from time to time by the Board of Directors, for the purpose of electing directors and for the transaction of such other business as may properly be brought before the meeting. Participation of one or more Stockholders by conference telephone allowing all persons participating in the meeting to hear each other at the same time shall constitute presence at a meeting.

Section 2. <u>Special Meetings</u>. Special meetings of the Stockholders may be called by the Board of Directors or by the President, and shall be called by the President or by the Secretary upon the written request of the holders of record of at least fifty percent (50%) of the shares of stock of the Corporation, issued and outstanding and entitled to vote, at such times and at such place either within or without the State of Texas as may be stated in the call or in a waiver of notice thereof. Participation of one or more Stockholders by telephone conference allowing all persons participating in the meeting to hear each other at the same time shall constitute presence at a meeting.

Section 3. <u>Notice of Meetings</u>. Notice of the time, place and purpose of every meeting of Stockholders shall be delivered personally or mailed not less than ten (10) days nor more than sixty (60) days previous thereto to each Stockholder of record entitled to vote, at such Stockholder's post office address appearing upon the records of the Corporation or at such other address as shall be furnished in writing by him or her to the Corporation for such purpose. Such further notice shall be given as may be required by law or by these by-laws ("<u>By-Laws</u>"). Any meeting may be held without notice if all Stockholders entitled to vote are present in person or by proxy, or if notice is waived in writing, either before or after the meeting, by those not present.

Section 4.    <u>Quorum</u>.  The holders of record of at least a majority of the shares of the stock of the Corporation, issued and outstanding and entitled to vote, present in person or by proxy, shall, except as otherwise provided by law or by these By-Laws, constitute a quorum at all meetings of the Stockholders; if there be no such quorum, the holders of a majority of such shares so present or represented may adjourn the meeting from time to time until a quorum shall have been obtained.

Section 5.    <u>Organization of Meetings</u>.  Meetings of the Stockholders shall be presided over by the Chairman of the Board, if there be one, or if the Chairman of the Board is not present by the President, or if the President is not present, by a chairman to be chosen at the meeting.  The Secretary of the Corporation, or in the Secretary of the Corporation's absence, an Assistant Secretary, shall act as Secretary of the meeting, if present.

Section 6.    <u>Voting</u>.  At each meeting of Stockholders, except as otherwise provided by statute or the Restated Certificate of Formation of the Corporation (the "<u>Certificate of Formation</u>"), every holder of record of stock entitled to vote shall be entitled to one vote in person or by proxy for each share of such stock standing in his or her name on the records of the Corporation.  Elections of directors shall be determined by a plurality of the votes cast and, except as otherwise provided by statute, the Certificate of Formation, or these By-Laws, all other action shall be determined by a majority of the votes cast at such meeting.  Each proxy to vote shall be in writing and signed by the Stockholder or by such Stockholder's duly authorized attorney.

At all elections of directors, the voting shall be by ballot or in such other manner as may be determined by the Stockholders present in person or by proxy entitled to vote at such election.  With respect to any other matter presented to the Stockholders for their consideration at a meeting, any Stockholder entitled to vote may, on any question, demand a vote by ballot.

A complete list of the Stockholders entitled to vote at each such meeting, arranged in alphabetical order, with the address of each, and the number of shares registered in the name of each Stockholder, shall be prepared by the Secretary and shall be open to the examination of any Stockholder, for any purpose germane to the meeting, during ordinary business hours, for a period of at least ten (10) days prior to the meeting, either at a place within the city where the meeting is to be held, which place shall be specified in the notice of the meeting, or, if not so specified, at the place where the meeting is to be held.  The list shall also be produced and kept at the time and place of the meeting during the whole time thereof, and may be inspected by any Stockholder who is present.

Section 7.    <u>Inspectors of Election</u>.  The Board of Directors in advance of any meeting of Stockholders may appoint one or more inspectors of election ("<u>Inspectors of Election</u>") to act at the meeting or any adjournment thereof.  If Inspectors of Election are not so appointed, the chairman of the meeting may, and on the request of any Stockholder entitled to vote shall, appoint one or more Inspectors of Election.  Each Inspector of Election, before entering upon the discharge of his duties, shall take and sign an oath faithfully to execute the duties of an Inspector of Election at such meeting with strict impartiality and according to the best of his or her ability.  If appointed, Inspectors of Election shall take charge of the polls and,

when the vote is completed, shall make a certificate of the result of the vote taken and of such other facts as may be required by law.

Section 8.    Action by Consent.  Any action required or permitted to be taken at any meeting of Stockholders, including the annual meeting, may be taken without a meeting, without prior notice and without a vote, if, prior to such action, a written consent or consents thereto, setting forth such action, is signed by the holders of record of shares of the stock of the Corporation, issued and outstanding and entitled to vote thereon, having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted.

ARTICLE II

DIRECTORS

Section 1.    Number, Quorum, Term, Vote Required for Action, Vacancies, Removal.  The Board of Directors shall consist of no less than one (1) person.  The number of directors shall initially be one (1) and thereafter may be changed by a resolution passed by a majority of the whole Board of Directors or by a vote of the holders of record of at least a majority of the shares of stock of the Corporation, issued and outstanding and entitled to vote.

A majority of the members of the Board of Directors (or any committee thereof) (unless the number of directors then in office shall be one, in which case one director) shall constitute a quorum for the transaction of business provided, that if at any meeting of the Board of Directors there shall be less than a quorum present, a majority of those present may adjourn the meeting from time to time until a quorum shall have been obtained. Except as otherwise provided by the Certificate of Formation or by these By-Laws, the vote of a majority of the Directors present at a meeting at which a quorum is present shall constitute the act of the Board of Directors.

Directors shall hold office until the next annual election and until their successors shall have been elected and shall have qualified, unless sooner displaced.

Any director may resign at any time by giving written notice to the Board of Directors or to the Secretary.  Such resignation shall take effect at the time specified therein, and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

Whenever any vacancy shall have occurred in the Board of Directors, by reason of death, resignation, or otherwise, other than removal of a director with or without cause by a vote of the Stockholders, it shall be filled by a majority vote of the remaining directors, though less than a quorum (except as otherwise provided by applicable law), or by the Stockholders, and the person so chosen shall hold office until the next annual election and until a successor is duly elected and has qualified.

Any one or more of the directors of the Corporation may be removed either with or without cause at any time by a vote of the holders of record of at least a majority of the shares of stock of the Corporation, issued and outstanding and entitled to vote, and thereupon the term

of the director or directors who shall have been so removed shall forthwith terminate and there shall be a vacancy or vacancies in the Board of Directors, to be filled by a vote of the Stockholders as provided in these By-Laws.

Section 2.    <u>Meetings, Notice</u>.  Meetings of the Board of Directors shall be held at such place either within or without the State of Texas, as may from time to time be fixed by resolution of the Board of Directors, or as may be specified in the call or in a waiver of notice thereof.  Regular meetings of the Board of Directors shall be held at such times as may from time to time be fixed by resolution of the Board of Directors, and special meetings may be held at any time upon the call of one director, the Chairman of the Board, if one be elected, or the President, by oral, telegraphic or written notice, duly served on or sent or mailed to each director not less than two days before such meeting.  A meeting of the Board of Directors may be held without notice immediately after the annual meeting of Stockholders at the same place at which such meeting was held.  Notice need not be given of regular meetings of the Board of Directors.  Any meeting may be held without notice, if all directors are present, or if notice is waived in writing, either before or after the meeting, by those not present.  Attendance of a director at a meeting will constitute a waiver of notice of such meeting and waiver of any and all objections to the place of the meeting, the time of the meeting, and the manner in which it has been called or conveyed, except when a director states, at the beginning of the meeting, any objection to the transaction of business because the meeting is not lawfully called or convened.  Participation of one or more directors by conference telephone allowing all persons participating in the meeting to hear each other at the same time shall constitute presence at a meeting.

Section 3.    <u>Committees</u>. The Board of Directors may, in its discretion, by resolution passed by a majority of the whole Board of Directors, designate from among its members one or more committees which shall consist of one or more directors.  The Board of Directors may designate one or more directors as alternate members of any such committee, who may replace any absent or disqualified member at any meeting of the committee.  Such committees shall have and may exercise such powers as shall be conferred or authorized by the resolution appointing them.  A majority of any such committee may determine its action and fix the time and place of its meetings, unless the Board of Directors shall otherwise provide.  The Board of Directors shall have power at any time to change the membership of any such committee, to fill vacancies in it, or to dissolve it.

Section 4.    <u>Action by Consent</u>.  Any action required or permitted to be taken at any meeting of the Board of Directors, or of any committee thereof, may be taken without a meeting, if prior to such action a written consent or consents thereto is signed by all members of the Board of Directors, or of such committee as the case may be, and such written consent or consents is filed with the minutes of proceedings of the Board of Directors or committee, as applicable.

Section 5.    <u>Compensation</u>.  The Board of Directors may determine, from time to time, the amount of compensation which shall be paid to its members.  The Board of Directors shall also have power, in its discretion, to allow a fixed sum and expenses for attendance at each regular or special meeting of the Board of Directors, or of any committee of the Board of Directors.  In addition, the Board of Directors shall also have power, in its discretion, to provide for and pay to directors rendering services to the Corporation not ordinarily rendered by

4

directors, as such, special compensation appropriate to the value of such services, as determined by the Board of Directors from time to time.

ARTICLE III

OFFICERS

Section 1.    Titles and Election.  The officers of the Corporation, who shall be chosen by the Board of Directors at its first meeting after each annual meeting of Stockholders, shall be a President, a Treasurer and a Secretary.  The Board of Directors from time to time may elect a Chairman of the Board, one or more Vice Presidents, Assistant Secretaries, Assistant Treasurers and such other officers and agents as it shall deem necessary, and may define their powers and duties.  Any number of offices may be held by the same person.

Section 2.    Terms of Office.  Officers shall hold office until their successors are chosen and qualify.

Section 3.    Removal.  Any officer may be removed, either with or without cause, at any time, by the affirmative vote of a majority of the Board of Directors.

Section 4.    Resignations.  Any officer may resign at any time by giving written notice to the Board of Directors or to the Secretary.  Such resignation shall take effect at the time specified therein, and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

Section 5.    Vacancies.  If the office of any officer or agent becomes vacant by reason of death, resignation, retirement, disqualification, removal from office or otherwise, the Board of Directors may choose a successor, who shall hold office for the unexpired term in respect of which such vacancy occurred.

Section 6.    Chairman of the Board.  The Chairman of the Board of the Board of Directors (the "Chairman of the Board"), if one be elected, shall preside at all meetings of the Board of Directors and of the Stockholders, and the Chairman of the Board shall have and perform such other duties as from time to time may be assigned to the Chairman of the Board by the Board of Directors.

Section 7.    President.  The President of the Corporation (the "President") shall be the chief executive officer of the Corporation and, in the absence of the Chairman of the Board, shall preside at all meetings of the Board of Directors, and of the Stockholders.  The President shall exercise the powers and perform the duties usual to the chief executive officer and, subject to the control of the Board of Directors, shall have general management and control of the affairs and business of the Corporation; the President shall appoint and discharge employees and agents of the Corporation (other than officers elected by the Board of Directors) and fix their compensation; and the President shall see that all orders and resolutions of the Board of Directors are carried into effect.  The President shall have the power to execute bonds, mortgages and other contracts, agreements and instruments of the Corporation, and shall do and perform such other duties as from time to time may be assigned to the President by the Board of Directors.

Section 8.      Vice Presidents. If chosen, the Vice Presidents of the Corporation (the "Vice President"), in the order of their seniority, shall, in the absence or disability of the President, exercise all of the powers and duties of the President. The Vice Presidents shall have the power to execute bonds, notes, mortgages and other contracts, agreements and instruments of the Corporation, and shall do and perform such other duties incident to the office of Vice President and as the Board of Directors, or the President shall direct.

Section 9.      Secretary. The Secretary of the Corporation (the "Secretary") shall attend all sessions of the Board of Directors and all meetings of the Stockholders and record all votes and the minutes of proceedings in a book to be kept for that purpose. The Secretary shall give, or cause to be given, notice of all meetings of the Stockholders and of the Board of Directors, and shall perform such other duties as may be prescribed by the Board of Directors. The Secretary shall have custody of the stock records and all other books, records and papers of the Corporation (other than financial) and shall see that all books, reports, statements, certificates and other documents and records required by law are properly kept and filed.

Section 10.      Treasurer. The Treasurer of the Corporation (the "Treasurer") shall have the custody of the corporate funds and securities and shall keep full and accurate accounts of receipts and disbursements in books belonging to the Corporation and shall deposit all moneys, and other valuable effects in the name and to the credit of the Corporation, in such depositories as may be designated by the Board of Directors. The Treasurer shall disburse the funds of the Corporation as may be ordered by the Board of Directors, taking proper vouchers for such disbursements, and shall render to the directors whenever they may require it, an account of all his or her transactions as Treasurer and of the financial condition of the Corporation.

Section 11.      Duties of Officers may be Delegated. In case of the absence or disability of any officer of the Corporation, or for any other reason that the Board of Directors may deem sufficient, the Board of Directors may delegate, for the time being, the powers or duties, or any of them, of such officer to any other officer, or to any director.

ARTICLE IV

INDEMNIFICATION

Section 1.      Right to Indemnification for Directors and Officers. The Corporation shall indemnify and hold harmless, to the fullest extent permitted under applicable law (and the Corporation shall also advance expenses as incurred to the fullest extent permitted under applicable law; provided that, the person to whom expenses are advanced provides an undertaking to repay such advances if it is ultimately determined that such person is not entitled to indemnification), each present and former director and officer of the Corporation against any costs or expenses (including reasonable and necessary attorneys' fees and experts' fees), and sums which a director or officer of the Corporation becomes legally obligated to pay solely as a result of judgments, fines, losses, claims, damages, settlements or liabilities (collectively, "Costs") arising out of any claim, action, suit, proceeding or investigation, whether civil, criminal, administrative or investigative, arising out of or related to such directors' or officers' service as a director or officer of the Corporation or other services performed by such persons at

the request of the Corporation at or prior to the date hereof, whether asserted or claimed prior to, at or after the date hereof, including the transactions contemplated by this Agreement; provided, however, that the Corporation shall not indemnify any director or officer of the Corporation for any Costs brought about or contributed to in fact by fraudulent act by such director or officer; and provided, further, that the Corporation shall not be obligated to reimburse any director or officer of the Corporation for any Costs unless and until such director or officer has exhausted the limits of recovery from any other person obligated to indemnify and reimburse such director or officer (unless the Corporation has agreed otherwise in writing prior to the date hereof with any such other person, in which case this proviso shall be limited with respect to such other person to the extent of such agreement).

Section 2. <u>Indemnification of Employees and Agents of the Corporation</u>. The Corporation may, to the extent authorized from time to time by the Board of Directors, grant rights to indemnification and to the advancement of expenses to any employee or agent of the Corporation to the fullest extent of the provisions of this Article IV with respect to the indemnification and advancement of expenses of existing and former directors and officers of the Corporation.

Section 3. <u>Specific Authorization</u>. Any indemnification under Section 1 or Section 2 of this Article IV (unless ordered by a court) shall be made by the Corporation only as authorized in the specific case upon a determination that indemnification of the present or former director, officer, employee or agent is proper in the circumstances. Such determination shall be made with respect to a person who is a director or officer of the Corporation at the time of such determination, (1) by a majority vote of the directors who are not parties to such action, suit or proceeding, even though less than a quorum, or (2) by a committee of such directors designated by majority vote of such directors, even though less than a quorum, or (3) if there are no such directors, or if such directors so direct, by independent legal counsel in a written opinion, or (4) by the Stockholders.

Section 4. <u>Right of Indemnity not Exclusive</u>. The indemnification and advancement of expenses provided by, or granted pursuant to, this Article IV shall not be deemed exclusive of any other rights to which those seeking indemnification may be entitled under any by-law, agreement, vote of Stockholders or disinterested directors or otherwise, both as to action in his or her official capacity and as to action in another capacity while holding such office. A right to indemnification or to advancement of expenses arising under a provision of the Certificate of Formation or a bylaw shall not be eliminated or impaired by an amendment to such provision after the occurrence of the act or omission that is the subject of the civil, criminal, administrative or investigative action, suit or proceeding for which indemnification or advancement of expenses is sought, unless the provision in effect at the time of such act or omission explicitly authorizes such elimination or impairment after such action or omission has occurred. The indemnification and advancement of expenses provided by, or granted pursuant to, this Article IV shall, unless otherwise provided when authorized or ratified, continue as to a person who has ceased to be a director, officer, employee or agent and shall inure to the benefit of the heirs, executors and administrators of such a person.

Section 5. <u>Insurance</u>. The Corporation may purchase and maintain insurance on behalf of the Corporation to indemnify or hold harmless an existing or former director,

officer, employee or agent of the Corporation or who is or was serving at the request of the Corporation as a director, officer, employee or agent, or similar functionary of another corporation, employee benefit plan, other enterprise, or other entity, against any liability asserted against and incurred by such person in such a capacity or arising out of such person's status as such a person, whether or not the Corporation would have the power to indemnify such person against such liability under the Texas Business Organizations Code.

Section 6.    Invalidity of any Provisions of this Article. The invalidity or unenforceability of any provision of this Article IV shall not affect the validity or enforceability of the remaining provisions of this Article IV.

ARTICLE V

CAPITAL STOCK

Section 1.    No Certificates. The shares of the Corporation's stock shall be uncertificated, and shall be entered in the books of the Corporation and registered as they are issued.

Section 2.    Transfer. The shares of stock of the Corporation shall be transferred only upon the books of the Corporation by registered owners of uncertificated shares.

Section 3.    Record Dates. The Board of Directors may fix in advance a date, not less than ten (10) nor more than sixty (60) days preceding the date of any meeting of Stockholders, or the date for the payment of any dividend, or the date for the distribution or allotment of any rights, or the date when any change, conversion or exchange of capital stock shall go into effect, as a record date for the determination of the Stockholders entitled to notice of, and to vote at, any such meeting, or entitled to receive payment of any such dividend, or to receive any distribution or allotment of such rights, or to exercise the rights in respect of any such change, conversion or exchange of capital stock, and in such case only such Stockholders as shall be Stockholders of record on the date so fixed shall be entitled to such notice of, and to vote at, such meeting, or to receive payment of such dividend, or to receive such distribution or allotment or rights or to exercise such rights, as the case may be, notwithstanding any transfer of any stock on the books of the Corporation after any such record date fixed as aforesaid.

ARTICLE VI

CHECKS, NOTES, ETC.

Section 1.    Checks, Notes, Etc. All checks and drafts on the Corporation's bank accounts and all bills of exchange and promissory notes, and all acceptances, obligations and other instruments for the payment of money, may be signed by any director of the Corporation, the President, any Vice President or the Treasurer and may also be signed by such other officer or officers, agent or agents, as shall be thereunto authorized from time to time by the Board of Directors.

ARTICLE VII

MISCELLANEOUS PROVISIONS

Section 1.    Offices.  The registered agent is an organization by the name of CT Corporation System.  The business address of the registered office of the Corporation is 350 North St. Paul Street, Suite 2900, Dallas, Texas  75201-4232.  The Corporation may have other offices either within or without the State of Texas at such places as shall be determined from time to time by the Board of Directors or the business of the Corporation may require.

Section 2.    Fiscal Year. The fiscal year of the Corporation shall end on December 31st of each year.

Section 3.    Books.  There shall be kept at such office of the Corporation as the Board of Directors shall determine, within or without the State of Texas, correct books and records of account of all its business and transactions, minutes of the proceedings of its Stockholders, Board of Directors and committees, and the stock book, containing the names and addresses of the Stockholders, the number of shares held by them, respectively, and the dates when they respectively became the owners of record thereof, and in which the transfer of stock shall be registered, and such other books and records as the Board of Directors may from time to time determine.

Section 4.    Voting of Stock. Unless otherwise specifically authorized by the Board of Directors, all stock owned by the Corporation, other than stock of the Corporation, shall be voted, in person or by proxy, by the President or any Vice President of the Corporation on behalf of the Corporation.

ARTICLE VIII

AMENDMENTS

Section 1.    Amendments. These By-Laws may be altered, changed or amended as provided by statute, or at any meeting of the Board of Directors by affirmative vote of a majority of all of the directors.

**CERTIFICATE OF SECRETARY**

The undersigned, being the duly elected Secretary of [Sempra Texas] Holdings Corp., a Texas corporation (the "Corporation"), hereby certifies that the Bylaws to which this Certificate is attached were duly adopted by the Board of Directors of the Corporation on [●].

_____
Secretary

**THIRD AMENDED AND RESTATED**

**LIMITED LIABILITY COMPANY OPERATING AGREEMENT**

**OF**

**SEMPRA TEXAS INTERMEDIATE HOLDING COMPANY, LLC**
(formerly known as Energy Future Intermediate Holding Company LLC)

315079

**THIRD AMENDED AND RESTATED
LIMITED LIABILITY COMPANY OPERATING AGREEMENT
OF
[SEMPRA TEXAS] INTERMEDIATE HOLDING COMPANY, LLC**

### PREAMBLE

**THIS THIRD AMENDED AND RESTATED LIMITED LIABILITY COMPANY OPERATING AGREEMENT** (this "*Agreement*") is made and entered into and effective as of _____ __, 201__, by [Sempra Texas] Holdings Corp., a Texas corporation (the "*Member*").

### RECITALS

WHEREAS, the Member entered into the Company's Second Amended and Restated Limited Liability Company Operating Agreement on September 15, 2011 (the "*Prior LLC Agreement*"); and

WHEREAS, the Member desires to amend and restate in their entirety the terms of the Prior LLC Agreement to reflect the new name of the Company.

NOW, THEREFORE, in consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which hereby are acknowledged, the Member agrees that the Prior LLC Agreement, hereby is amended and restated to read in its entirety as follows:

### ARTICLE 1.
### ORGANIZATION

1.1     **Formation**.

The Member hereby enters into this Agreement for the operation and control of [SEMPRA TEXAS] INTERMEDIATE HOLDING COMPANY, LLC (the "*Company*") under the Delaware Limited Liability Company Act (the "*Act*") for the purposes and upon the terms and conditions hereinafter set forth.  The Member shall appoint and remove the Management Committee (the "*Management Committee*") of the Company (each member of such committee, a "*Manager*" and collectively, the "*Managers*").  All rights and liabilities of the Member, the Management Committee and the Managers of the Company shall be as provided in the Act, except as otherwise expressly provided herein or in the Certificate of Formation of the Company.

1.2     **Name**.

The name of the Company shall be "[SEMPRA TEXAS] INTERMEDIATE HOLDING COMPANY, LLC".  The Company may also do business at the same time under one or more fictitious names if the Member or the Management Committee determines that such is in the best interests of the Company.  The Member or the Management Committee may cause a change to

1

the name of the Company from time to time, and shall file or cause to be filed the appropriate certificate of amendment to the Certificate of Formation.

      1.3      **Principal Place of Business; Other Places of Business**.

The principal office of the Company in the State of Delaware shall be at such place as the Management Committee may from time to time designate by notice to the Member.  The Company may maintain offices at such other place or places within or outside the State of Delaware as the Management Committee deems advisable.

      1.4      **Business Purpose; Business of Member**.

The business purpose and character of the Company shall be as determined by the Member.  The Company shall have the power to do and perform all things determined by the Member or the Management Committee to be necessary for, incident to and connected with or arising out of such activities and shall take such actions determined by the Member or the Management Committee to be conducive to the accomplishment of such purposes.  The Member and its officers, directors, stockholders, partners, members, co-trustees, employees, agents and affiliates, and any other person acting with or through authorization of the Member, may engage or invest in, independently or with others, any business activity of any type or description, including, without limitation, those that might be the same as or similar to the Company's business and that might be in direct or indirect competition with the Company.  The Company shall have no right in or to such other ventures or activities or to the income or proceeds derived therefrom.  The Member shall not be obligated to present any investment opportunity or prospective economic advantage to the Company, even if the opportunity is of the character that, if presented to the Company, could be taken by the Company.  The Member shall have the right to hold any investment opportunity or prospective economic advantage for its own account or to recommend such opportunity to a person or persons other than the Company.  The Member acknowledges that its affiliates may, from time to time, own and/or manage other businesses, including businesses that compete with the Company and for such Member's time and other resources of the Member.

      1.5      **Title to Property**.

All real and tangible and intangible personal property of the Company shall be held in the name of the Company.

      1.6      **Certificate of Formation**.

The Company's Certificate of Formation was previously filed with the Delaware Secretary of State and all appropriate expenses and filing fees, as required by the Act, were paid in full.  The Member or the Management Committee may execute and file amendments to the Certificate of Formation from time to time in a form prescribed by the Act.

2

1.7     **Fictitious Business Name Statements**.

Following the execution of this Agreement, fictitious business name statements shall be filed and published when and if the Member or the Management Committee determines it necessary.  Any such statement shall be renewed as required by law.

1.8     **Term**.

The Company commenced on the date that the Certificate of Formation was filed, and shall continue until terminated pursuant to Article 4 hereof or otherwise under the Act.


## ARTICLE 2.
## CAPITAL, CAPITAL ACCOUNTS AND MEMBERS

2.1     **Initial Capital Contributions of Member**.

As of the date hereof, the "Membership Interests" of the Member in the Company are set forth on **<u>Exhibit A</u>** attached hereto.  Notwithstanding anything in this Agreement to the contrary, neither the Member nor any other person or persons shall be obligated to guarantee any Company borrowings.  Any amount paid by the Member (or any officers, directors, stockholders, partners, members, co-trustees, employees, agents and affiliates, and any other person acting with or through authorization of the Member) pursuant to a guarantee of Company debt or the debt of any project or entity in which the Company has an interest shall be accounted for as a permitted Member loan to the Company bearing interest at such rate determined by the Management Committee, but not to exceed the maximum permissible rate under applicable usury laws.

2.2     **Capital Accounts**.

A capital account shall be established and maintained for the Member in accordance with the terms established by the Management Committee and in accordance with the terms of the Internal Revenue Code of 1986, as amended (the ***"Code"***) and the regulations promulgated thereunder.

2.3     **Limitation of Liability**.

Except as otherwise expressly provided by the Act, the debts, obligations and liabilities of the Company, whether arising in contract, tort or otherwise, shall be the debts, obligations and liabilities solely of the Company; and no (i) Member or Affiliate of a Member or their respective members, officers, directors, employees; agents, stockholders or partners, (ii) Manager, officer, employee or agent of the Company (iii) person who serves on behalf of the Company as a partner, manager, member, officer, director, employee or agent of any other entity (collectively, with all such persons that are or have been, at any time from and after the date of formation of the Company, among the persons listed in subsections (i), (ii), or (iii) the ***"Covered Persons"***) shall be obligated personally for any such debt, contracts, or other obligation or liability of the

3

Company solely by reason of being a Covered Person, nor shall such Covered Persons be required to lend any funds to the Company.

(a)     The failure of the Company to observe any formalities or requirements relating to the exercise of its powers or management of the Company or its affairs under this Agreement or the Act shall not be grounds for imposing personal liability on any Covered Person for liabilities of the Company.··

(b)     Such protections from personal liability shall apply to the fullest extent permitted by applicable law, as the same exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Company to provide greater or broader indemnification rights than such law permitted the Company to provide prior to such amendment).

(c)     To the extent that, at law or in equity, a Covered Person or any other person has duties (including fiduciary duties) to the Company or to another Member or Manager or to another person that is a party or is otherwise bound by this Agreement. those duties are hereby eliminated to the fullest extent allowed under Delaware law and the Act, including §18-1101 of the Act.  All liabilities·for breach of contract and breach of duties (including·fiduciary duties) of a Covered Person or any other person to the Company or to another Member or Manager or any other person that is a party to· or is otherwise bound by this Agreement are hereby eliminated to the fullest extent allowed under Delaware law and the Act, including §18-1101 of the Act.  The elimination of duties and liabilities set forth in this Section 2.3(c) shall be deemed to apply from and after the formation of the Company.

## ARTICLE 3.
## OPERATIONS

3.1     **Management**.

The business and affairs of the Company shall be managed exclusively by the Management Committee.  The Management Committee shall have full and complete charge of all the affairs and business of the Company, in all respects and in all matters.  One-third of the authorized number of Managers (but not less than two Managers) shall be necessary to constitute a quorum for the transaction of business, and every act or decision of a majority of the Managers present at a meeting at which a quorum is present shall be valid as the act of the Management Committee, provided that a meeting at which a quorum is initially present may continue to transact business, notwithstanding the withdrawal of Managers, if any action taken is approved by at least a majority of the required quorum for such meeting.  A majority of Managers present at any meeting, whether or not a quorum is present, may adjourn to another time and place.

3.2     **Appointment and Removal of Managers**.

4

317602

==Angelica Espinosa==, _____, _____ have been appointed as the Managers of the Company and the Member approves each of them as a member of the Management Committee of the Company.  The Management Committee shall serve at the pleasure of the Member, and the Member may remove and/or replace any member of the Management Committee and/or limit the powers and authorities of the Management Committee at any time, with or without cause.

3.3 **Powers.**

The Management Committee shall be authorized to execute documents and enter into agreements on behalf of the Company and to otherwise bind the Company and shall be authorized to delegate such powers to others, including individual Managers and the officers of the Company.  In addition, the Management Committee shall be authorized to take such other and further actions as the Management Committee may deem to be necessary or advisable in order to carry out and perform the business of the Company.

# ARTICLE 4.
## DISSOLUTION, LIQUIDATION AND TERMINATION OF THE COMPANY

4.1 **Exclusive Causes**.

The Company shall be dissolved, liquidated and terminated upon the occurrence of any event specified in Section 18-801 of the Act.

4.2 **Notice of Dissolution**.

In the event that a dissolution event described in Section 4.1 hereof occurs, the Member or Management Committee shall, within thirty (30) days thereafter, provide written notice thereof to all parties with whom the Company regularly conducts business (as determined in the discretion of the Management Committee).

# ARTICLE 5.
## OFFICERS

5.1 **Appointment of Officers.**

The Management Committee may from time to time appoint officers of the Company, each of whom shall serve in such capacity until removed at the pleasure of the Management Committee.

5.2 **Powers.**

Each officer of the Company, to the extent such authority is granted by the Management Committee, shall be authorized to execute documents and enter into agreements on behalf of the Company and to otherwise bind the Company, and, in addition, to take such other and further

317602

actions (including opening and establishing bank accounts) as such officer may deem to be necessary or advisable in order to carry out and perform the business of the Company.

## ARTICLE 6.
## INDEMNIFICATION

### 6.1     Right to Indemnification.

Subject to the limitations and conditions as provided in this Article VI, each Covered Person who was or is made a party or is threatened to be made a party to or is involved in any threatened, pending or completed action or other proceeding, whether civil, criminal, administrative, arbitrative or investigative, or any appeal in such a proceeding or any inquiry or investigation that could lead to such a proceeding (hereafter a "***Proceeding***"), by reason of any actions or omissions or alleged acts or omissions of such Covered Person relating to the Company; shall be indemnified by the Company to the full extent permitted by applicable law, as the same exists or may hereafter be amended against judgments, penalties (including excise and similar taxes and punitive damages), fines. settlements and reasonable expenses (including, without limitation, attorneys' fees) (all collectively the "***Indemnification Amounts***") actually incurred by such Covered Person at the time any such Indemnification Amounts are incurred in connection with such Proceeding.  Indemnification under this Article 6 shall continue as to a Covered Person who has ceased to serve in the capacity which initially entitled such Covered Person to indemnity hereunder.  Without limiting the generality of the foregoing, it is expressly acknowledged that the indemnification provided in this Article 6 could involve indemnification for negligence or under theories of strict liability.

### 6.2     Limitation on Indemnification.

Subject to applicable law, notwithstanding any language in this Article 6 to the contrary, in no event shall any Person be entitled to indemnification pursuant to this Article 6 if it is established or admitted either (a) in a final judgment of a court of competent jurisdiction or (b) by such Person in any affidavit, sworn statement, plea arrangement, or other cooperation with any government or regulatory authority that the Person's acts or omissions that would otherwise be subject to indemnification under this Article 6 constituted fraud.

### 6.3     Advancement of Expenses.

The right to indemnification conferred in this Article 6 shall include the right to be paid or reimbursed by the Company the reasonable expenses incurred by a Covered Person of the type entitled to be indemnified above who was, is or is threatened to be made a named defendant or respondent in a Proceeding in advance of the final disposition of the Proceeding, without any determination as to such Covered Person's ultimate entitlement to indemnification hereunder, upon receipt of a written affirmation by such Covered Person of such Covered Person's good faith belief that such Covered Person has met the standard of conduct necessary for indemnification under applicable law and this Article 6 and a written undertaking by or on behalf of such Covered Person to repay all amounts so advanced if it shall ultimately be determined that

6

such Covered Person is not entitled to be indemnified by the Company under this Article 6 or if such indemnification is prohibited by applicable law.

6.4     **Appearance as a Witness.**

Notwithstanding any other provision of this Article 6, the Company may pay or reimburse expenses incurred by a Covered Person in connection with his or her appearance as a witness or other participation in a Proceeding at a time when such Covered Person is not a named defendant or respondent in the Proceeding.

6.5     **Nonexclusively of Rights.**

The indemnification and advancement and payment of expenses provided by this Article 6 shall not be deemed exclusive of any other rights to which a Covered Person indemnified pursuant to this Article 6 may have or hereafter acquire under any law (common or statutory), provision of this Agreement, any agreement, or otherwise.

6.6     **Contract Rights.**

The rights granted pursuant to this Article 6 shall be deemed to be contract rights, and no amendment, modification or repeal of this Article 6 shall have the effect of limiting or denying any such rights with respect to actions taken or Proceedings arising prior to any such amendment, modification, or repeal.

6.7     **Insurance.**

The Company may purchase and maintain insurance or another arrangement, at its expense, on behalf of itself, any Covered Person, any Manager, officer, employee or agent of the Company, or any Person who serves on behalf of the Company as a partner, manager, member, officer, director, employee or agent of any other entity against liability, expense, or loss, whether or not the Company would have the power to indemnify such Person against such liability, expense, or loss under the provisions of this Article 6.

6.8     **Savings Clause.**

If this Article 6 or any portion of this Agreement shall be invalidated on any ground by any court of competent jurisdiction, then the Company shall nevertheless indemnify and hold harmless each Covered Peon indemnified pursuant to this Article 6 as to costs, charges and expenses (including attorneys' fees), judgments, fines, and amounts paid in settlement with respect to any action, suit or proceeding, whether civil, criminal, administrative or investigative, to the fullest extent permitted by any applicable portion of this Article 6 that shall not have been invalidated and to the fullest extent permitted by applicable law.

6.9     **Consultation with Counsel**.

The right to indemnification conferred in this Article 6 on any Covered Person shall include the right to consult with legal counsel, financial advisors, and accountants selected by

7

317602

such Covered Person, and any act or omission suffered or taken by such Covered Person on behalf of the Company or in furtherance of the interests of the Company in good faith reliance upon and in accordance with the advice of such counsel, financial advisors, or accountants will be full justification for any such act or omission, and each such Covered Person will be fully protected in so acting or omitting to act; provided that such counsel, financial advisors, or accountants were selected with reasonable care.

6.10    **Other Indemnities.**

(a)    The Company acknowledges and agrees that the obligation of the Company under this Agreement to indemnify or advance expenses to any Covered Person for the matters covered thereby shall be the primary source of indemnification and advancement of such Covered Person in connection therewith and any obligation on the part of any Covered Person under any Other Indemnification Agreement to indemnify or advance expenses to such Covered Person shall be secondary to the Company's obligation and shall be reduced by any amount that the Covered Person may collect as indemnification or advancement from the Company.  If the Company fails to indemnify or advance expenses to a Covered Person as required or contemplated by this Agreement, and any Person makes any payment to such Covered Person in respect of indemnification or advancement of expenses under any Other Indemnification Agreement on account of such Unpaid Indemnity Amounts, such other Person shall be subrogated to the rights of such Covered Person under this Agreement in respect of such Unpaid Indemnity Amounts.

(b)    The Company, as an indemnifying party from time to time, agrees that, to the fullest extent permitted by applicable law, its obligation to indemnify Covered Persons under this Agreement shall include any·amounts expended by any other Person under any Other Indemnification Agreement in respect of indemnification or advancement of expenses to any Covered Person in connection with any Proceedings to the extent such amounts expended by such other Person are on account of any Unpaid Indemnity Amounts.

"***Other Indemnity Agreement***" means one or more certificate or articles of incorporation, by-laws, limited liability company operating agreement, limited partnership agreement, and any other organizational document and insurance policies maintained by any Member or Manager or Affiliate thereof providing for, among other things, indemnification of and advancement of expenses for any Covered Person for, among other things, the same matters that are subject to indemnification and advancement of expenses under this Agreement.

"***Unpaid Indemnity Amounts***"·means any amount that the Company fails to indemnify or advance to a Covered Person as required by Article 6 of this Agreement.

For purposes of this Article 6, the term "Company" shall include any predecessor of the Company and any constituent entity (including any constituent of a constituent) absorbed by the Company in a consolidation or merger; the term service "on behalf of the Company' shall include service as an officer, Manager, Member or employee of the Company which imposes duties on, or involves services by, such officer, Manager Member or employee with respect to an employee benefit plan, its participants or beneficiaries; any excise taxes assessed on a Person

8

317602

with respect to an employee benefit plan shall be deemed to be indemnifiable expenses; and action by a Person with respect to an employee benefit plan which such Person reasonably believes to be in the interest of the participants and beneficiaries of such plan shall be deemed to be action not opposed to the best interests of the Company.

## ARTICLE 7.
## OTHER PROVISIONS

7.1    **Accounting and Fiscal Year**.

Subject to Section 448 of the Code, the books of the Company shall be kept on such method of accounting for tax and financial reporting purposes as may be determined by the Management Committee.  Unless otherwise required by the Code, the fiscal year of the Company shall begin on January 1 of each year and end on December 31 of the same year.

7.2    **Entire Agreement; Binding Provisions; Separability**.

This Agreement constitutes the entire agreement pertaining to the subject matter hereof and fully supersedes any and all prior agreements or understandings pertaining to the subject matter hereof, including, but not limited to, the A&R LLC Agreement. The covenants and agreements contained in this Agreement shall be binding upon, and inure to the benefit of, the heirs, executors, administrators, personal representatives, successors and permitted assigns of the respective parties hereto.  Each provision of this Agreement shall be considered separable, and, if for any reason any provision or provisions hereof are determined to be invalid and contrary to any existing or future law, such invalidity shall not impair the operation or effect of those portions of this Agreement that are valid.

7.3    **Governing Law**.

This Agreement, including its existence, validity, construction and operating effect shall be governed by and construed in accordance with the laws of the State of Delaware (without regard to its principles of conflicts of law).

[Remainder of Page Intentionally Left Blank]

317602

**IN WITNESS WHEREOF**, the undersigned has duly executed this Agreement as of the day and year first written above.

                                            **[SEMPRA TEXAS] HOLDINGS CORP.**
                                            as sole Member

                                            _____

                                            [_____]
                                            [Title]

[Sempra Texas Intermediate Holding Company, LLC
Third Amended and Restated LLC Operating Agreement Signature Page]

**EXHIBIT A**

**MEMBERS**

| Member's Name | Membership Interest | Notes |
|---|---|---|
| [Sempra Texas] Holdings Corp. | 100% | |

A-1



# Delaware

Page 1

### The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF

DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT

COPY OF THE CERTIFICATE OF FORMATION OF "POWER PLAY BIDCO LLC",

FILED IN THIS OFFICE ON THE SEVENTEENTH DAY OF AUGUST, A.D.

2017, AT 4:11 O`CLOCK P.M.



Jeffrey W. Bullock, Secretary of State

6511187  8100

SR# 20175776064

Authentication: 203077709

Date: 08-17-17

You may verify this certificate online at corp.delaware.gov/authver.shtml

State of Delaware
Secretary of State
Division of Corporations
Delivered 04:11 PM 08/17/2017
FILED 04:11 PM 08/17/2017
SR 20175776064 - File Number 6511187

CERTIFICATE OF FORMATION

OF

POWER PLAY BIDCO LLC


This Certificate of Formation of POWER PLAY BIDCO LLC (the "Company"), dated as of the 17th day of August, 2017, has been duly executed and is being filed by authorized persons to form a limited liability company under the Delaware Limited Liability Company Act (6 Del. C. § 18-201, et seq.), as amended from time to time.

1.    Name.  The name of the limited liability company formed hereby is "POWER PLAY BIDCO LLC".

2.    Registered Office.  The address of the registered office of the Company is Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801.

3.    Registered Agent.  The name and address of the registered agent for service of process on the Company in the State of Delaware is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801.

*[Signature page follows]*

IN WITNESS WHEREOF, the undersigned has executed this Certificate of Formation of Power Play BidCo LLC this 17th day of August, 2017.

By:_____

Name: Dustin Bird

Title:  Authorized Person

# LIMITED LIABILITY COMPANY AGREEMENT

## OF

## POWER PLAY BIDCO LLC

This LIMITED LIABILITY COMPANY AGREEMENT (this "Agreement") of POWER PLAY BIDCO LLC, a limited liability company organized under the laws of the State of Delaware (the "Company"), dated as of the 17th day of August, 2017, is entered into by Sempra Energy, a California corporation (the "Sole Member").

W I T N E S S E T H :

WHEREAS, the Company was formed on August 17, 2017, pursuant to the Delaware Limited Liability Company Act (6 Del. C. § 18-101, et seq.), as amended from time to time (the "Act"), by filing with the Secretary of State of the State of Delaware the Certificate of Formation of the Company in the form attached hereto as Exhibit A; and

WHEREAS, the Sole Member desires to participate in such a limited liability company for the purpose of engaging in any act or activity for which limited liability companies may be organized under the law, in accordance with the terms and conditions hereinafter set forth.

NOW, THEREFORE, in consideration of the mutual covenants and agreements herein contained, the parties hereto do hereby mutually covenant and agree as follows:

1.    Name.  The name of the limited liability company is "Power Play BidCo LLC".  All business of the Company shall be conducted under such name.

2.    Purpose.  The Company is organized for the purpose of engaging in any act or activity for which limited liability companies may be organized under the Act, in accordance with this Agreement.

3.    Term.  The term of the Company shall be perpetual, unless the Company is dissolved in accordance with the provisions of this Agreement.

4.    Capital Contributions.  The capital contributions of the Sole Member shall be reflected on the books and records of the Company.  The Sole Member shall not be required to make any additional capital contribution to the Company without its consent.  The Sole Member may make additional capital contributions to the Company in its sole discretion.

5.    Management.  (a) The right and power to manage and control the business and affairs of the Company shall be vested exclusively in a board of managers (the "Board of Managers"), and the Board of Managers shall have the exclusive right and power, in the name of

the Company, to perform all acts and do all things which, in its sole discretion, it deems necessary or desirable to conduct the business of the Company.

(b)　　The Board of Managers shall consist of no less than one (1) person (each such person, a "<u>Manager</u>").  The following person hereby is appointed by the Sole Member to serve as the initial member of the Board of Managers until his successor shall have been duly elected or appointed:

Justin Bird

6.　　<u>Officers</u>.  (a) Subject to the direction of the Board of Managers, the day-to-day administration of the business of the Company shall be carried out by persons who may be designated as officers (each an "<u>Officer</u>") as and to the extent authorized by the Board of Managers.  The Officers of the Company shall have such titles and powers and perform such duties as shall be determined from time to time by the Board of Managers and otherwise as shall customarily pertain to such offices or be determined from time to time by the Board of Managers.  Any number of offices may be held by the same person.

(b) The following persons shall be, and each of them hereby is, (i) appointed to serve as all of the Officers of the Company, to hold the office set forth opposite their names until their successors shall have been duly elected or appointed and shall qualify, or as otherwise provided in this Agreement; and (ii) approved by the Board of Managers to act on behalf of the Company in accordance with <u>Section 6(a)</u>:

| Officer | Title |
|---|---|
| Dennis Arriola | President |
| Trevor Mihalik | Vice President |
| Justin Bird | Vice President, Secretary |
| Kate Collier | Vice President, Treasurer |
| Paul Yong | Vice President |

7.　　<u>Principal Place of Business; Registered Office and Agent</u>.  The Company may establish any place of business as the Board of Managers may from time to time deem advisable, which shall initially be c/o Sempra Energy 488 8th Avenue, San Diego, CA 92101.  The initial address of the registered office of the Company in the State of Delaware is The Corporation Trust Company, 1209 Orange Street, in the City of Wilmington, County of New Castle, Delaware 19801. Such registered office may be changed by the Sole Member.

8.　　<u>Dissolution</u>.  The Company shall dissolve, and its affairs shall be wound up upon the election by the Board of Managers so to dissolve, liquidate and terminate the Company.  Notwithstanding anything to the contrary contained herein, the bankruptcy, liquidation, dissolution or expulsion of the Sole Member, or the occurrence of any other event which terminates the continued membership of the Sole Member in the Company, shall not cause the dissolution of the Company.

9.    Fiscal Year.  The fiscal year of the Company shall be the calendar year, except for the short taxable years in the years of the Company's formation and termination and as otherwise required by the Internal Revenue Code of 1986 (26 U.S.C.A. § 1, et seq.), as amended from time to time.

10.    Distributions.  Distributions shall be made to the Sole Member at the times and in the aggregate amounts determined by the Board of Managers in its sole discretion.

11.    Filings. (a)    The Certificate of Formation was filed with the Secretary of State of the State of Delaware on August 17, 2017, by an "authorized person" within the meaning of the Act, and the Sole Member hereby ratifies, confirms and approves such filing as the act of the Sole Member.  The Sole Member shall use its commercially reasonable efforts to cause amendments to the Certificate of Formation to be executed and filed whenever required by the Act.

(b)    The Board of Managers shall use its commercially reasonable efforts to take such other actions as may be reasonably necessary to perfect and maintain the status of the Company as a limited liability company under the laws of the State of Delaware.

(c)    The Board of Managers shall cause the Company to be qualified, formed or registered under assumed or fictitious name statutes or similar laws in any jurisdiction in which the Company transacts business in which such qualification, formation or registration is required or desirable.  The Board of Managers shall cause the Company to execute, deliver and file any certificates (and any amendments and/or restatements thereof) necessary for the Company to qualify to do business in a jurisdiction in which the Company may wish to conduct business.

12.    Limitation on Liability of the Sole Member.  Neither the Sole Member nor any Manager shall be bound by, or be personally liable for, by reason of being a manager or member of the Company, a judgment, decree or order of a court or in any other manner, for the expenses, liabilities or obligations of the Company, and the liability of the Sole Member shall be limited solely to the amount of its capital contributions.

13.    Indemnification. (a)  Notwithstanding any other terms of this Agreement, whether express or implied, or any obligation or duty at law or in equity, neither the Sole Member nor any Manager, Officer or employee of the Company, and no shareholder, member, director, officer or employee of its affiliates (each, a "Covered Person") shall be liable to the Company for any act or omission (in relation to the Company or this Agreement, any related document or any transaction contemplated hereby or thereby) taken or omitted in good faith by a Covered Person and in the reasonable belief that such act or omission is in, or is not contrary to, the best interests of the Company and is within the scope of authority granted to such Covered Person by this Agreement, unless such act or omission resulted from fraud, bad faith or willful misconduct, gross negligence by the Covered Person.  Nothing herein shall constitute a waiver or limitation of any rights which the Company may have under applicable securities laws or of any rights under other laws which may not be waived.

(b)     To the fullest extent permitted by applicable law, the Company shall severally indemnify and hold harmless each Covered Person from and against any and all claims, liabilities, damages, losses, costs and expenses (including amounts paid in satisfaction of judgments, in compromises and settlements, as fines and penalties and legal or other costs and reasonable expenses of investigating or defending against any claim or alleged claim) of any nature whatsoever, known or unknown, liquidated or unliquidated, arising from any and all claims, demands, actions, suits or proceedings, civil, criminal, administrative or investigative, in which the Covered Person may be involved, or threatened to be involved, as a party or otherwise, by reason of its management of the affairs of the Company or which relates to or arises out of or in connection with the Company, its property, its business or affairs, including its status as a member therein.  A Covered Person shall not be entitled to indemnification under this Section 12 with respect to any claim, issue or matter in which such Covered Person has engaged in fraud, bad faith or willful misconduct, gross negligence, or a violation of applicable securities laws, except that nothing herein shall constitute a waiver or limitation of any rights which the Company may have under applicable securities laws or of rights under other laws which may not be waived.  The termination of any action, suit or proceeding by judgment, order, settlement or upon a plea of nolo contendere or its equivalent shall not of itself (except insofar as such judgment, order, settlement or plea shall itself specifically provide) create a presumption that the Covered Person acted in bad faith or in a manner constituting gross negligence or willful misconduct or materially breached this Agreement.  To the fullest extent permitted by applicable law, expenses (including legal fees) incurred by a Covered Person in defending any claim, demand, action, suit or proceeding may, with the approval of the Board of Managers, from time to time, be advanced by the Company prior to the final disposition of such claim, demand, action, suit or proceeding upon receipt by the Company of a written undertaking by or on behalf of the Covered Person to repay such amount if it shall be determined that the Covered Person is not entitled to be indemnified as authorized in this Section 12.

(c)     To the extent that, at law or in equity, a Covered Person has duties (including fiduciary duties) and liabilities relating thereto to the Company, such Covered Person acting under this Agreement shall not be liable to the Company for its good faith reliance on the provisions of this Agreement or the advice of accountants and counsel.  The provisions of this Agreement, to the extent that they expand or restrict the duties and liabilities of a Covered Person otherwise existing at law or in equity, are agreed by the Board of Managers to modify to that extent such other duties and liabilities of such Covered Person.

(d)     Except as otherwise provided by the Act, or otherwise agreed in writing, the debts, liabilities and obligations of the Company, whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of the Company, and no Covered Person shall be obligated personally for any such debt, liability or obligation of the Company solely by reason of being a Covered Person.

14.     U.S. Federal Income Tax Treatment.  The Sole Member expects to make an election to treat the Company as a corporation for U.S. federal (and, if applicable, state and local) income tax purposes, and, if such election is made, the Sole Member shall not take any position inconsistent with this characterization in any tax return or otherwise to the extent consistent with applicable Law.  If such election is made, the Company shall not take any inconsistent action or make any inconsistent election without the consent of the Sole Member.  If

no such election is made, the Company shall be treated as an entity disregarded as separate from its owner for U.S. federal income tax purposes.

15.     <u>Governing Law</u>.     This Agreement, including its existence, validity, construction and operating effect shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to principles of conflicts of law.   The Company is formed as a limited liability company under the laws of the State of Delaware pursuant to the Act, and the rights and liabilities of the Sole Member shall be as provided therein, except as herein otherwise expressly provided.

16.     <u>Amendments</u>. This Agreement may only be amended by a writing duly signed by the Company and the Sole Member.

17.     <u>Successors and Assigns</u>.   This Agreement and all of the provision hereto shall be binding upon and inure to the benefit of the parties hereto and their respective successors and permitted assigns.

*[Signature page follows]*

IN WITNESS WHEREOF, the undersigned have entered into this Agreement as of the day and year first above written.

SEMPRA ENERGY, as Sole Member

By: _____
    Name: Angelica Espinosa
    Title:  Corporate Secretary

<u>EXHIBIT A</u>

CERTIFICATE OF FORMATION

See Attached

State of Delaware
Secretary of State
Division of Corporations
Delivered  04:11 PM 08/17/2017
FILED  04:11 PM 08/17/2017
SR 20175776064 - File Number 6511187

CERTIFICATE OF FORMATION

OF

POWER PLAY BIDCO LLC

This Certificate of Formation of POWER PLAY BIDCO LLC (the "Company"), dated as of the 17th day of August, 2017, has been duly executed and is being filed by authorized persons to form a limited liability company under the Delaware Limited Liability Company Act (6 Del. C. § 18-201, et seq.), as amended from time to time.

1.    Name.  The name of the limited liability company formed hereby is "POWER PLAY BIDCO LLC".

2.    Registered Office.  The address of the registered office of the Company is Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801.

3.    Registered Agent.  The name and address of the registered agent for service of process on the Company in the State of Delaware is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801.

*[Signature page follows]*

IN WITNESS WHEREOF, the undersigned has executed this Certificate of Formation of Power Play BidCo LLC this 17th day of August, 2017.

By: _____
Name:  Dustin Binz
Title:  Authorized Person



# Delaware

The First State

Page 1

    *I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF FORMATION OF "POWER PLAY HOLDCO LLC", FILED IN THIS OFFICE ON THE SEVENTEENTH DAY OF AUGUST, A.D. 2017, AT 4:15 O`CLOCK P.M.*



Jeffrey W. Bullock, Secretary of State

6511188  8100
SR# 20175776065

Authentication: 203078066
Date: 08-17-17

You may verify this certificate online at corp.delaware.gov/authver.shtml

State of Delaware
Secretary of State
Division of Corporations
Delivered  04:15 PM 08/17/2017
FILED  04:15 PM 08/17/2017
SR  20175776065  - File Number  6511188

# CERTIFICATE OF FORMATION

## OF

## POWER PLAY HOLDCO LLC

This Certificate of Formation of POWER PLAY HOLDCO LLC (the "Company"), dated as of the 17th day of August, 2017, has been duly executed and is being filed by authorized persons to form a limited liability company under the Delaware Limited Liability Company Act (6 Del. C. § 18-201, et seq.), as amended from time to time.

1.    Name.  The name of the limited liability company formed hereby is "POWER PLAY HOLDCO LLC".

2.    Registered Office.  The address of the registered office of the Company is Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801.

3.    Registered Agent.  The name and address of the registered agent for service of process on the Company in the State of Delaware is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801.

*[Signature page follows]*

IN WITNESS WHEREOF, the undersigned has executed this Certificate of Formation of Power Play HoldCo LLC this 17th day of August, 2017.

By: _____

Name: Justin Bird
Title:  Authorized Person

## LIMITED LIABILITY COMPANY AGREEMENT

### OF

## POWER PLAY HOLDCO LLC

This LIMITED LIABILITY COMPANY AGREEMENT (this "Agreement") of POWER PLAY HOLDCO LLC, a limited liability company organized under the laws of the State of Delaware (the "Company"), dated as of the 17th day of August, 2017, is entered into by Power Play BidCo LLC, a Delaware limited liability company (the "Sole Member").

W I T N E S S E T H :

WHEREAS, the Company was formed on August 17, 2017, pursuant to the Delaware Limited Liability Company Act (6 Del. C. § 18-101, et seq.), as amended from time to time (the "Act"), by filing with the Secretary of State of the State of Delaware the Certificate of Formation of the Company in the form attached hereto as Exhibit A; and

WHEREAS, the Sole Member desires to participate in such a limited liability company for the purpose of engaging in any act or activity for which limited liability companies may be organized under the law, in accordance with the terms and conditions hereinafter set forth.

NOW, THEREFORE, in consideration of the mutual covenants and agreements herein contained, the parties hereto do hereby mutually covenant and agree as follows:

1.    Name.  The name of the limited liability company is "Power Play HoldCo LLC".  All business of the Company shall be conducted under such name.

2.    Purpose.  The Company is organized for the purpose of engaging in any act or activity for which limited liability companies may be organized under the Act, in accordance with this Agreement.

3.    Term.  The term of the Company shall be perpetual, unless the Company is dissolved in accordance with the provisions of this Agreement.

4.    Capital Contributions.  The capital contributions of the Sole Member shall be reflected on the books and records of the Company.  The Sole Member shall not be required to make any additional capital contribution to the Company without its consent.  The Sole Member may make additional capital contributions to the Company in its sole discretion.

5.    Management.  (a) The right and power to manage and control the business and affairs of the Company shall be vested exclusively in a board of managers (the "Board of Managers"), and the Board of Managers shall have the exclusive right and power, in the name of

the Company, to perform all acts and do all things which, in its sole discretion, it deems necessary or desirable to conduct the business of the Company.

(b)    The Board of Managers shall consist of no less than one (1) person (each such person, a "Manager").  The following person hereby is appointed by the Sole Member to serve as the initial member of the Board of Managers until his successor shall have been duly elected or appointed:

Justin Bird

6.    Officers.  (a) Subject to the direction of the Board of Managers, the day-to-day administration of the business of the Company shall be carried out by persons who may be designated as officers (each an "Officer") as and to the extent authorized by the Board of Managers.  The Officers of the Company shall have such titles and powers and perform such duties as shall be determined from time to time by the Board of Managers and otherwise as shall customarily pertain to such offices or be determined from time to time by the Board of Managers.  Any number of offices may be held by the same person.

(b) The following persons shall be, and each of them hereby is, (i) appointed to serve as all of the Officers of the Company, to hold the office set forth opposite their names until their successors shall have been duly elected or appointed and shall qualify, or as otherwise provided in this Agreement; and (ii) approved by the Board of Managers to act on behalf of the Company in accordance with Section 6(a):

| Officer | Title |
|---------|-------|
| Dennis Arriola | President |
| Trevor Mihalik | Vice President |
| Justin Bird | Vice President, Secretary |
| Kate Collier | Vice President, Treasurer |
| Paul Yong | Vice President |

7.    Principal Place of Business; Registered Office and Agent.  The Company may establish any place of business as the Board of Managers may from time to time deem advisable, which shall initially be c/o Sempra Energy 488 8th Avenue, San Diego, CA 92101.  The initial address of the registered office of the Company in the State of Delaware is The Corporation Trust Company, 1209 Orange Street, in the City of Wilmington, County of New Castle, Delaware 19801. Such registered office may be changed by the Sole Member.

8.    Dissolution.  The Company shall dissolve, and its affairs shall be wound up upon the election by the Board of Managers so to dissolve, liquidate and terminate the Company.  Notwithstanding anything to the contrary contained herein, the bankruptcy, liquidation, dissolution or expulsion of the Sole Member, or the occurrence of any other event which terminates the continued membership of the Sole Member in the Company, shall not cause the dissolution of the Company.

9.    Fiscal Year.  The fiscal year of the Company shall be the calendar year, except for the short taxable years in the years of the Company's formation and termination and as otherwise required by the Internal Revenue Code of 1986 (26 U.S.C.A. § 1, et seq.), as amended from time to time.

10.    Distributions.  Distributions shall be made to the Sole Member at the times and in the aggregate amounts determined by the Board of Managers in its sole discretion.

11.    Filings. (a)    The Certificate of Formation was filed with the Secretary of State of the State of Delaware on August 17, 2017, by an "authorized person" within the meaning of the Act, and the Sole Member hereby ratifies, confirms and approves such filing as the act of the Sole Member.  The Sole Member shall use its commercially reasonable efforts to cause amendments to the Certificate of Formation to be executed and filed whenever required by the Act.

(b)    The Board of Managers shall use its commercially reasonable efforts to take such other actions as may be reasonably necessary to perfect and maintain the status of the Company as a limited liability company under the laws of the State of Delaware.

(c)    The Board of Managers shall cause the Company to be qualified, formed or registered under assumed or fictitious name statutes or similar laws in any jurisdiction in which the Company transacts business in which such qualification, formation or registration is required or desirable.  The Board of Managers shall cause the Company to execute, deliver and file any certificates (and any amendments and/or restatements thereof) necessary for the Company to qualify to do business in a jurisdiction in which the Company may wish to conduct business.

12.    Limitation on Liability of the Sole Member.  Neither the Sole Member nor any Manager shall be bound by, or be personally liable for, by reason of being a manager or member of the Company, a judgment, decree or order of a court or in any other manner, for the expenses, liabilities or obligations of the Company, and the liability of the Sole Member shall be limited solely to the amount of its capital contributions.

13.    Indemnification.  (a)  Notwithstanding any other terms of this Agreement, whether express or implied, or any obligation or duty at law or in equity, neither the Sole Member nor any Manager, Officer or employee of the Company, and no shareholder, member, director, officer or employee of its affiliates (each, a "Covered Person") shall be liable to the Company for any act or omission (in relation to the Company or this Agreement, any related document or any transaction contemplated hereby or thereby) taken or omitted in good faith by a Covered Person and in the reasonable belief that such act or omission is in, or is not contrary to, the best interests of the Company and is within the scope of authority granted to such Covered Person by this Agreement, unless such act or omission resulted from fraud, bad faith or willful misconduct, gross negligence by the Covered Person.  Nothing herein shall constitute a waiver or limitation of any rights which the Company may have under applicable securities laws or of any rights under other laws which may not be waived.

(b)    To the fullest extent permitted by applicable law, the Company shall severally indemnify and hold harmless each Covered Person from and against any and all claims, liabilities, damages, losses, costs and expenses (including amounts paid in satisfaction of judgments, in compromises and settlements, as fines and penalties and legal or other costs and reasonable expenses of investigating or defending against any claim or alleged claim) of any nature whatsoever, known or unknown, liquidated or unliquidated, arising from any and all claims, demands, actions, suits or proceedings, civil, criminal, administrative or investigative, in which the Covered Person may be involved, or threatened to be involved, as a party or otherwise, by reason of its management of the affairs of the Company or which relates to or arises out of or in connection with the Company, its property, its business or affairs, including its status as a member therein.  A Covered Person shall not be entitled to indemnification under this Section 12 with respect to any claim, issue or matter in which such Covered Person has engaged in fraud, bad faith or willful misconduct, gross negligence, or a violation of applicable securities laws, except that nothing herein shall constitute a waiver or limitation of any rights which the Company may have under applicable securities laws or of rights under other laws which may not be waived.  The termination of any action, suit or proceeding by judgment, order, settlement or upon a plea of nolo contendere or its equivalent shall not of itself (except insofar as such judgment, order, settlement or plea shall itself specifically provide) create a presumption that the Covered Person acted in bad faith or in a manner constituting gross negligence or willful misconduct or materially breached this Agreement.  To the fullest extent permitted by applicable law, expenses (including legal fees) incurred by a Covered Person in defending any claim, demand, action, suit or proceeding may, with the approval of the Board of Managers, from time to time, be advanced by the Company prior to the final disposition of such claim, demand, action, suit or proceeding upon receipt by the Company of a written undertaking by or on behalf of the Covered Person to repay such amount if it shall be determined that the Covered Person is not entitled to be indemnified as authorized in this Section 12.

(c)    To the extent that, at law or in equity, a Covered Person has duties (including fiduciary duties) and liabilities relating thereto to the Company, such Covered Person acting under this Agreement shall not be liable to the Company for its good faith reliance on the provisions of this Agreement or the advice of accountants and counsel.  The provisions of this Agreement, to the extent that they expand or restrict the duties and liabilities of a Covered Person otherwise existing at law or in equity, are agreed by the Board of Managers to modify to that extent such other duties and liabilities of such Covered Person.

(d)    Except as otherwise provided by the Act, or otherwise agreed in writing, the debts, liabilities and obligations of the Company, whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of the Company, and no Covered Person shall be obligated personally for any such debt, liability or obligation of the Company solely by reason of being a Covered Person.

14.    U.S. Federal Income Tax Treatment.  The Sole Member intends that the Company be classified as an entity disregarded as separate from its owner for U.S. federal income tax purposes and for applicable state and local income tax purposes and the Board of Managers shall not take any actions or make any elections to treat the Company as a corporation for U.S. federal income tax purposes.

15.    <u>Governing Law</u>.    This Agreement, including its existence, validity, construction and operating effect shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to principles of conflicts of law.   The Company is formed as a limited liability company under the laws of the State of Delaware pursuant to the Act, and the rights and liabilities of the Sole Member shall be as provided therein, except as herein otherwise expressly provided.

16.    <u>Amendments</u>.  This Agreement may only be amended by a writing duly signed by the Company and the Sole Member.

17.    <u>Successors and Assigns</u>.  This Agreement and all of the provision hereto shall be binding upon and inure to the benefit of the parties hereto and their respective successors and permitted assigns.

*[Signature page follows]*

IN WITNESS WHEREOF, the undersigned have entered into this Agreement as of the day and year first above written.

POWER PLAY BIDCO LLC, as Sole Member

By: _____
    Name: Justin Bird
    Title:  Manager

EXHIBIT A

CERTIFICATE OF FORMATION

See Attached

CERTIFICATE OF FORMATION

OF

POWER PLAY HOLDCO LLC

State of Delaware
Secretary of State
Division of Corporations
Delivered  04:15 PM 08/17/2017
FILED  04:15 PM 08/17/2017
SR  20175776065  - File Number  6511188

This Certificate of Formation of POWER PLAY HOLDCO LLC (the "Company"), dated as of the 17th day of August, 2017, has been duly executed and is being filed by authorized persons to form a limited liability company under the Delaware Limited Liability Company Act (6 Del. C. § 18-201, et seq.), as amended from time to time.

1.    Name.  The name of the limited liability company formed hereby is "POWER PLAY HOLDCO LLC".

2.    Registered Office.  The address of the registered office of the Company is Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801.

3.    Registered Agent.  The name and address of the registered agent for service of process on the Company in the State of Delaware is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801.

*[Signature page follows]*

IN WITNESS WHEREOF, the undersigned has executed this Certificate of Formation of Power Play HoldCo LLC this 17th day of August, 2017.

By: _____
Name: Justin Bird
Title:  Authorized Person



# Delaware

Page 1

### The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF INCORPORATION OF "POWER PLAY MERGER SUB I, INC.", FILED IN THIS OFFICE ON THE SEVENTEENTH DAY OF AUGUST, A.D. 2017, AT 4:17 O`CLOCK P.M.

A FILED COPY OF THIS CERTIFICATE HAS BEEN FORWARDED TO THE NEW CASTLE COUNTY RECORDER OF DEEDS.



Jeffrey W. Bullock, Secretary of State

6511180  8100
SR# 20175776068

Authentication: 203077720
Date: 08-17-17

You may verify this certificate online at corp.delaware.gov/authver.shtml

State of Delaware
Secretary of State
Division of Corporations
Delivered 04:17 PM 08/17/2017
FILED 04:17 PM 08/17/2017
SR 20175776068 - File Number 6511180

# CERTIFICATE OF INCORPORATION

## OF

## POWER PLAY MERGER SUB I, INC.

———————————

I, THE UNDERSIGNED, in order to form a corporation for the purposes hereinafter stated, under and pursuant to the provisions of the General Corporation Law of the State of Delaware, as from time to time amended (the "DGCL"), do hereby certify as follows:

FIRST:  The name of the corporation (the "Corporation") is

Power Play Merger Sub I, Inc.

SECOND:  The registered office of the Corporation in the State of Delaware is located at Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801.  The name of the registered agent of the Corporation in the State of Delaware at such address is The Corporation Trust Company.

THIRD:  The purpose of the Corporation is to engage, directly or indirectly, in any lawful act or activity for which corporations may be organized under the DGCL.

FOURTH:  The total authorized capital stock of the Corporation shall be 1,000 shares of common stock, $0.01 par value per share.

FIFTH:  The name and mailing address of the incorporator is as follows:

| Name | Mailing Address |
| --- | --- |
| Justin Bird | Sempra Energy<br>488 8th Avenue<br>San Diego, CA 92101 |

SIXTH:  The business of the Corporation shall be managed under the direction of the Board of Directors of the Corporation (the "Board of Directors") except as otherwise provided by law.  The number of directors of the Corporation shall be fixed from time to time by,

or in the manner provided in, the By-Laws of the Corporation (the "By-Laws").  Election of directors need not be by written ballot unless the By-Laws shall so provide.

SEVENTH:  The Board of Directors may make, alter or repeal the By-Laws except as otherwise provided in the By-Laws adopted by the Corporation's stockholders.

EIGHTH:  The directors shall be protected from personal liability, through indemnification or otherwise, to the fullest extent permitted under the DGCL.

1.     A director shall under no circumstances have any personal liability to the Corporation or its stockholders for monetary damages for breach of fiduciary duty as a director except for those breaches and acts or omissions with respect to which the DGCL expressly provides that this provision shall not eliminate or limit such personal liability of directors. Neither the modification or repeal of this paragraph 1 of Article EIGHTH nor any amendment to the DGCL that does not have retroactive application shall limit the right of the directors hereunder to exculpation from personal liability for any act or omission occurring prior to such amendment, modification or repeal.

2.     The Corporation shall indemnify each director and officer of the Corporation to the fullest extent permitted by applicable law, except as may be otherwise provided in the By-Laws, and in furtherance hereof the Board of Directors is expressly authorized to amend the By-Laws from time to time to give full effect hereto, notwithstanding possible self-interest of the directors in the action being taken.  Neither the modification or repeal of this paragraph 2 of Article EIGHTH nor any amendment to the DGCL that does not have retroactive application shall limit the right of the directors and the officers to indemnification hereunder with respect to any act or omission occurring prior to such modification, amendment or repeal.

3.     Expenses incurred by any person who may have a right of indemnification under this Article EIGHTH in defending a civil, criminal, administrative or investigative action, suit or proceeding may be paid by the Corporation in advance of the final disposition of such action, suit or proceeding upon receipt of an undertaking by or on behalf of such person to repay

such amount if it shall ultimately be determined that such person is not entitled to be indemnified by the Corporation.

NINTH:  The Corporation reserves the right to amend, alter, change or repeal any provision contained in this Certificate of Incorporation in the manner now or hereafter prescribed by statute, and all rights conferred herein upon the Corporation's stockholders, directors and officers are granted subject to this reservation.

IN WITNESS WHEREOF, I have hereunto set my hand this __17th__ day of August, 2017.

By: _____
Name: JUSTIN BM)
Title: Sole Incorporator

**BY-LAWS**

**OF**

**POWER PLAY MERGER SUB I, INC.**
**(the "Corporation")**


ARTICLE I

STOCKHOLDERS

Section 1.     Annual Meeting.  The annual meeting of the stockholders of the Corporation (the "Stockholders") shall be held either within or without the State of Delaware, at such place as the board of directors of the Corporation (the "Board of Directors") may designate in the call or in a waiver of notice thereof, at such date and time as shall be designated from time to time by the Board of Directors, for the purpose of electing directors and for the transaction of such other business as may properly be brought before the meeting.  Participation of one or more Stockholders by conference telephone allowing all persons participating in the meeting to hear each other at the same time shall constitute presence at a meeting.

Section 2.     Special Meetings.  Special meetings of the Stockholders may be called by the Board of Directors or by the President, and shall be called by the President or by the Secretary upon the written request of the holders of record of at least fifty percent (50%) of the shares of stock of the Corporation, issued and outstanding and entitled to vote, at such times and at such place either within or without the State of Delaware as may be stated in the call or in a waiver of notice thereof.  Participation of one or more Stockholders by telephone conference allowing all persons participating in the meeting to hear each other at the same time shall constitute presence at a meeting.

Section 3.     Notice of Meetings.  Notice of the time, place and purpose of every meeting of Stockholders shall be delivered personally or mailed not less than ten (10) days nor more than sixty (60) days previous thereto to each Stockholder of record entitled to vote, at such Stockholder's post office address appearing upon the records of the Corporation or at such other address as shall be furnished in writing by him or her to the Corporation for such purpose.  Such further notice shall be given as may be required by law or by these by-laws ("By-Laws").  Any meeting may be held without notice if all Stockholders entitled to vote are present in person or by proxy, or if notice is waived in writing, either before or after the meeting, by those not present.

Section 4.    <u>Quorum</u>. The holders of record of at least a majority of the shares of the stock of the Corporation, issued and outstanding and entitled to vote, present in person or by proxy, shall, except as otherwise provided by law or by these By-Laws, constitute a quorum at all meetings of the Stockholders; if there be no such quorum, the holders of a majority of such shares so present or represented may adjourn the meeting from time to time until a quorum shall have been obtained.

Section 5.    <u>Organization of Meetings</u>. Meetings of the Stockholders shall be presided over by the Chairman of the Board, if there be one, or if the Chairman of the Board is not present by the President, or if the President is not present, by a chairman to be chosen at the meeting. The Secretary of the Corporation, or in the Secretary of the Corporation's absence, an Assistant Secretary, shall act as Secretary of the meeting, if present.

Section 6.    <u>Voting</u>. At each meeting of Stockholders, except as otherwise provided by statute or the Certificate of Incorporation of the Corporation (the "<u>Certificate of Incorporation</u>"), every holder of record of stock entitled to vote shall be entitled to one vote in person or by proxy for each share of such stock standing in his or her name on the records of the Corporation. Elections of directors shall be determined by a plurality of the votes cast and, except as otherwise provided by statute, the Certificate of Incorporation, or these By-Laws, all other action shall be determined by a majority of the votes cast at such meeting. Each proxy to vote shall be in writing and signed by the Stockholder or by such Stockholder's duly authorized attorney.

At all elections of directors, the voting shall be by ballot or in such other manner as may be determined by the Stockholders present in person or by proxy entitled to vote at such election. With respect to any other matter presented to the Stockholders for their consideration at a meeting, any Stockholder entitled to vote may, on any question, demand a vote by ballot.

A complete list of the Stockholders entitled to vote at each such meeting, arranged in alphabetical order, with the address of each, and the number of shares registered in the name of each Stockholder, shall be prepared by the Secretary and shall be open to the examination of any Stockholder, for any purpose germane to the meeting, during ordinary business hours, for a period of at least ten (10) days prior to the meeting, either at a place within the city where the meeting is to be held, which place shall be specified in the notice of the meeting, or, if not so specified, at the place where the meeting is to be held. The list shall also be produced and kept at the time and place of the meeting during the whole time thereof, and may be inspected by any Stockholder who is present.

Section 7.    <u>Inspectors of Election</u>. The Board of Directors in advance of any meeting of Stockholders may appoint one or more inspectors of election ("<u>Inspectors of Election</u>") to act at the meeting or any adjournment thereof. If Inspectors of Election are not so appointed, the chairman of the meeting may, and on the request of any Stockholder entitled to vote shall, appoint one or more Inspectors of Election. Each Inspector of Election, before entering upon the discharge of his duties, shall take and sign an oath faithfully to execute the duties of an Inspector of Election at such meeting with strict impartiality and according to the best of his or her ability. If appointed, Inspectors of Election shall take charge of the polls and,

when the vote is completed, shall make a certificate of the result of the vote taken and of such other facts as may be required by law.

Section 8.    Action by Consent.  Any action required or permitted to be taken at any meeting of Stockholders, including the annual meeting, may be taken without a meeting, without prior notice and without a vote, if, prior to such action, a written consent or consents thereto, setting forth such action, is signed by the holders of record of shares of the stock of the Corporation, issued and outstanding and entitled to vote thereon, having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted.

ARTICLE II

DIRECTORS

Section 1.    Number, Quorum, Term, Vote Required for Action, Vacancies, Removal.  The Board of Directors shall consist of no less than one (1) person.  The number of directors shall initially be one (1) and thereafter may be changed by a resolution passed by a majority of the whole Board of Directors or by a vote of the holders of record of at least a majority of the shares of stock of the Corporation, issued and outstanding and entitled to vote.

A majority of the members of the Board of Directors (or any committee thereof) (unless the number of directors then in office shall be one, in which case one director) shall constitute a quorum for the transaction of business provided, that if at any meeting of the Board of Directors there shall be less than a quorum present, a majority of those present may adjourn the meeting from time to time until a quorum shall have been obtained. Except as otherwise provided by the Certificate of Incorporation or by these By-Laws, the vote of a majority of the Directors present at a meeting at which a quorum is present shall constitute the act of the Board of Directors.

Directors shall hold office until the next annual election and until their successors shall have been elected and shall have qualified, unless sooner displaced.

Any director may resign at any time by giving written notice to the Board of Directors or to the Secretary.  Such resignation shall take effect at the time specified therein, and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

Whenever any vacancy shall have occurred in the Board of Directors, by reason of death, resignation, or otherwise, other than removal of a director with or without cause by a vote of the Stockholders, it shall be filled by a majority vote of the remaining directors, though less than a quorum (except as otherwise provided by applicable law), or by the Stockholders, and the person so chosen shall hold office until the next annual election and until a successor is duly elected and has qualified.

Any one or more of the directors of the Corporation may be removed either with or without cause at any time by a vote of the holders of record of at least a majority of the shares of stock of the Corporation, issued and outstanding and entitled to vote, and thereupon the term

of the director or directors who shall have been so removed shall forthwith terminate and there shall be a vacancy or vacancies in the Board of Directors, to be filled by a vote of the Stockholders as provided in these By-Laws.

Section 2.    <u>Meetings, Notice</u>.  Meetings of the Board of Directors shall be held at such place either within or without the State of Delaware, as may from time to time be fixed by resolution of the Board of Directors, or as may be specified in the call or in a waiver of notice thereof.  Regular meetings of the Board of Directors shall be held at such times as may from time to time be fixed by resolution of the Board of Directors, and special meetings may be held at any time upon the call of one director, the Chairman of the Board, if one be elected, or the President, by oral, telegraphic or written notice, duly served on or sent or mailed to each director not less than two days before such meeting.  A meeting of the Board of Directors may be held without notice immediately after the annual meeting of Stockholders at the same place at which such meeting was held.  Notice need not be given of regular meetings of the Board of Directors.  Any meeting may be held without notice, if all directors are present, or if notice is waived in writing, either before or after the meeting, by those not present.  Attendance of a director at a meeting will constitute a waiver of notice of such meeting and waiver of any and all objections to the place of the meeting, the time of the meeting, and the manner in which it has been called or conveyed, except when a director states, at the beginning of the meeting, any objection to the transaction of business because the meeting is not lawfully called or convened.  Participation of one or more directors by conference telephone allowing all persons participating in the meeting to hear each other at the same time shall constitute presence at a meeting.

Section 3.    <u>Committees</u>. The Board of Directors may, in its discretion, by resolution passed by a majority of the whole Board of Directors, designate from among its members one or more committees which shall consist of one or more directors.  The Board of Directors may designate one or more directors as alternate members of any such committee, who may replace any absent or disqualified member at any meeting of the committee.  Such committees shall have and may exercise such powers as shall be conferred or authorized by the resolution appointing them.  A majority of any such committee may determine its action and fix the time and place of its meetings, unless the Board of Directors shall otherwise provide.  The Board of Directors shall have power at any time to change the membership of any such committee, to fill vacancies in it, or to dissolve it.

Section 4.    <u>Action by Consent</u>.  Any action required or permitted to be taken at any meeting of the Board of Directors, or of any committee thereof, may be taken without a meeting, if prior to such action a written consent or consents thereto is signed by all members of the Board of Directors, or of such committee as the case may be, and such written consent or consents is filed with the minutes of proceedings of the Board of Directors or committee, as applicable.

Section 5.    <u>Compensation</u>.  The Board of Directors may determine, from time to time, the amount of compensation which shall be paid to its members.  The Board of Directors shall also have power, in its discretion, to allow a fixed sum and expenses for attendance at each regular or special meeting of the Board of Directors, or of any committee of the Board of Directors.  In addition, the Board of Directors shall also have power, in its discretion, to provide for and pay to directors rendering services to the Corporation not ordinarily rendered by

directors, as such, special compensation appropriate to the value of such services, as determined by the Board of Directors from time to time.

ARTICLE III

OFFICERS

Section 1.    Titles and Election.  The officers of the Corporation, who shall be chosen by the Board of Directors at its first meeting after each annual meeting of Stockholders, shall be a President, a Treasurer and a Secretary.  The Board of Directors from time to time may elect a Chairman of the Board, one or more Vice Presidents, Assistant Secretaries, Assistant Treasurers and such other officers and agents as it shall deem necessary, and may define their powers and duties.  Any number of offices may be held by the same person.

Section 2.    Terms of Office. Officers shall hold office until their successors are chosen and qualify.

Section 3.    Removal. Any officer may be removed, either with or without cause, at any time, by the affirmative vote of a majority of the Board of Directors.

Section 4.    Resignations. Any officer may resign at any time by giving written notice to the Board of Directors or to the Secretary.  Such resignation shall take effect at the time specified therein, and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

Section 5.    Vacancies.  If the office of any officer or agent becomes vacant by reason of death, resignation, retirement, disqualification, removal from office or otherwise, the Board of Directors may choose a successor, who shall hold office for the unexpired term in respect of which such vacancy occurred.

Section 6.    Chairman of the Board.  The Chairman of the Board of the Board of Directors (the "Chairman of the Board"), if one be elected, shall preside at all meetings of the Board of Directors and of the Stockholders, and the Chairman of the Board shall have and perform such other duties as from time to time may be assigned to the Chairman of the Board by the Board of Directors.

Section 7.    President.  The President of the Corporation (the "President") shall be the chief executive officer of the Corporation and, in the absence of the Chairman of the Board, shall preside at all meetings of the Board of Directors, and of the Stockholders.  The President shall exercise the powers and perform the duties usual to the chief executive officer and, subject to the control of the Board of Directors, shall have general management and control of the affairs and business of the Corporation; the President shall appoint and discharge employees and agents of the Corporation (other than officers elected by the Board of Directors) and fix their compensation; and the President shall see that all orders and resolutions of the Board of Directors are carried into effect.  The President shall have the power to execute bonds, mortgages and other contracts, agreements and instruments of the Corporation, and shall do and perform such other duties as from time to time may be assigned to the President by the Board of Directors.

Section 8.    <u>Vice Presidents</u>. If chosen, the Vice Presidents of the Corporation (the "<u>Vice President</u>"), in the order of their seniority, shall, in the absence or disability of the President, exercise all of the powers and duties of the President.  The Vice Presidents shall have the power to execute bonds, notes, mortgages and other contracts, agreements and instruments of the Corporation, and shall do and perform such other duties incident to the office of Vice President and as the Board of Directors, or the President shall direct.

Section 9.    <u>Secretary</u>.  The Secretary of the Corporation (the "<u>Secretary</u>") shall attend all sessions of the Board of Directors and all meetings of the Stockholders and record all votes and the minutes of proceedings in a book to be kept for that purpose.  The Secretary shall give, or cause to be given, notice of all meetings of the Stockholders and of the Board of Directors, and shall perform such other duties as may be prescribed by the Board of Directors.  The Secretary shall have custody of the stock records and all other books, records and papers of the Corporation (other than financial) and shall see that all books, reports, statements, certificates and other documents and records required by law are properly kept and filed.

Section 10.    <u>Treasurer</u>. The Treasurer of the Corporation (the "<u>Treasurer</u>") shall have the custody of the corporate funds and securities and shall keep full and accurate accounts of receipts and disbursements in books belonging to the Corporation and shall deposit all moneys, and other valuable effects in the name and to the credit of the Corporation, in such depositories as may be designated by the Board of Directors.  The Treasurer shall disburse the funds of the Corporation as may be ordered by the Board of Directors, taking proper vouchers for such disbursements, and shall render to the directors whenever they may require it, an account of all his or her transactions as Treasurer and of the financial condition of the Corporation.

Section 11.    <u>Duties of Officers may be Delegated</u>. In case of the absence or disability of any officer of the Corporation, or for any other reason that the Board of Directors may deem sufficient, the Board of Directors may delegate, for the time being, the powers or duties, or any of them, of such officer to any other officer, or to any director.

ARTICLE IV

<u>INDEMNIFICATION</u>

Section 1.    <u>Actions by Others</u>.  The Corporation, to the fullest extent permitted by applicable law as it currently exists or may hereafter be amended, (1) shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative (other than an action by or in the right of the Corporation) by reason of the fact that he or she is or was a director or an officer of the Corporation and (2) may indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative (other than an action by or in the right of the Corporation) by reason of the fact that he or she is or was an employee or agent of the Corporation, or is or was serving at the request of the Corporation as a director, officer, employee, agent of or participant in another corporation, partnership, joint venture, trust or other enterprise, against expenses (including attorneys' fees), judgments, fines and amounts

-6-

paid in settlement actually and reasonably incurred by such person in connection with such action, suit or proceeding if he or she acted in good faith and in a manner he or she reasonably believed to be in or not opposed to the best interests of the Corporation, and with respect to any criminal action or proceeding, had no reasonable cause to believe his or her conduct was unlawful.  The termination of any action, suit or proceeding by judgment, order, settlement, conviction, or upon a plea of nolo contendere or its equivalent, shall not, of itself, create a presumption that the person did not act in good faith and in a manner which such person reasonably believed to be in or not opposed to the best interests of the Corporation, and, with respect to any criminal action or proceeding, had reasonable cause to believe that his or her conduct was unlawful.

Section 2.    <u>Actions by or in the Right of the Corporation</u>.  The Corporation, to the fullest extent permitted by applicable law as it currently exists or may hereafter be amended, shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action or suit by or in the right of the Corporation to procure a judgment in its favor by reason of the fact that he or she is or was a director, officer, employee or agent of the Corporation, or is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise against expenses (including attorneys' fees) actually and reasonably incurred by such person in connection with the defense or settlement of such action or suit if he or she acted in good faith and in a manner he or she reasonably believed to be in or not opposed to the best interests of the Corporation and except that no indemnification shall be made in respect of any claim, issue or matter as to which such person shall have been adjudged to be liable to the Corporation unless and only to the extent that the Delaware Court of Chancery or the court in which such action or suit was brought shall determine upon application that, despite the adjudication of liability but in view of all the circumstances of the case, such person is fairly and reasonably entitled to indemnity for such expenses which the Delaware Court of Chancery or such other court shall deem proper.

Section 3.    <u>Successful Defense</u>.  To the extent that a person who is or was a director, officer, employee or agent of the Corporation has been successful on the merits or otherwise in defense of any action, suit or proceeding referred to in Section 1 or Section 2 of this Article IV, or in defense of any claim, issue or matter therein, such person shall be indemnified against expenses (including attorneys' fees) actually and reasonably incurred by him or her in connection therewith.

Section 4.    <u>Specific Authorization</u>.  Any indemnification under Section 1 or Section 2 of this Article IV (unless ordered by a court) shall be made by the Corporation only as authorized in the specific case upon a determination that indemnification of the present or former director, officer, employee or agent is proper in the circumstances because such person has met the applicable standard of conduct set forth in said Sections 1 and 2 of this Article IV.  Such determination shall be made with respect to a person who is a director or officer of the Corporation at the time of such determination, (1) by a majority vote of the directors who are not parties to such action, suit or proceeding, even though less than a quorum, or (2) by a committee of such directors designated by majority vote of such directors, even though less than a quorum, or (3) if there are no such directors, or if such directors so direct, by independent legal counsel in a written opinion, or (4) by the Stockholders.

Section 5.     Advance of Expenses. Expenses (including attorneys' fees) incurred by any person who may have a right of indemnification under this Article IV in defending any civil, criminal, administrative or investigative action, suit or proceeding may be paid by the Corporation in advance of the final disposition of such action, suit or proceeding upon receipt of an undertaking by or on behalf of such director, officer, employee or agent to repay such amount if it shall ultimately be determined that he or she is not entitled to be indemnified by the Corporation pursuant to this Article IV.  Such expenses (including attorneys' fees) incurred by former directors and officers or other employees and agents of the Corporation or by persons serving at the request of the Corporation as directors, officers, employees or agents of another corporation, partnership, joint venture, trust or other enterprise may be so paid upon such terms and conditions, if any, as the Corporation deems appropriate.

Section 6.     Right of Indemnity not Exclusive. The indemnification and advancement of expenses provided by, or granted pursuant to, this Article IV shall not be deemed exclusive of any other rights to which those seeking indemnification may be entitled under any by-law, agreement, vote of Stockholders or disinterested directors or otherwise, both as to action in his or her official capacity and as to action in another capacity while holding such office.  A right to indemnification or to advancement of expenses arising under a provision of the certificate of incorporation or a bylaw shall not be eliminated or impaired by an amendment to such provision after the occurrence of the act or omission that is the subject of the civil, criminal, administrative or investigative action, suit or proceeding for which indemnification or advancement of expenses is sought, unless the provision in effect at the time of such act or omission explicitly authorizes such elimination or impairment after such action or omission has occurred.  The indemnification and advancement of expenses provided by, or granted pursuant to, this Article IV shall, unless otherwise provided when authorized or ratified, continue as to a person who has ceased to be a director, officer, employee or agent and shall inure to the benefit of the heirs, executors and administrators of such a person.

Section 7.     Insurance. The Corporation may purchase and maintain insurance on behalf of any person who is or was a director, officer, employee or agent of the Corporation, or is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise against any liability asserted against him or her and incurred by him or her in any such capacity, or arising out of such person's status as such, whether or not the Corporation would have the power to indemnify him or her against such liability under the provisions of this Article IV, Section 145 of the General Corporation Law of the State of Delaware or otherwise.

Section 8.     Invalidity of any Provisions of this Article. The invalidity or unenforceability of any provision of this Article IV shall not affect the validity or enforceability of the remaining provisions of this Article IV.

ARTICLE V

CAPITAL STOCK

Section 1.     No Certificates. The interest of each Stockholder shall not be represented by certificates.

Section 2.    <u>Transfer</u>. The shares of stock of the Corporation shall be transferred only upon the books of the Corporation by the holder thereof in person or by his or her attorney.

Section 3.    <u>Record Dates</u>. The Board of Directors may fix in advance a date, not less than ten (10) nor more than sixty (60) days preceding the date of any meeting of Stockholders, or the date for the payment of any dividend, or the date for the distribution or allotment of any rights, or the date when any change, conversion or exchange of capital stock shall go into effect, as a record date for the determination of the Stockholders entitled to notice of, and to vote at, any such meeting, or entitled to receive payment of any such dividend, or to receive any distribution or allotment of such rights, or to exercise the rights in respect of any such change, conversion or exchange of capital stock, and in such case only such Stockholders as shall be Stockholders of record on the date so fixed shall be entitled to such notice of, and to vote at, such meeting, or to receive payment of such dividend, or to receive such distribution or allotment or rights or to exercise such rights, as the case may be, notwithstanding any transfer of any stock on the books of the Corporation after any such record date fixed as aforesaid.

ARTICLE VI

CHECKS, NOTES, ETC.

Section 1.    <u>Checks, Notes, Etc.</u> All checks and drafts on the Corporation's bank accounts and all bills of exchange and promissory notes, and all acceptances, obligations and other instruments for the payment of money, may be signed by any director of the Corporation, the President, any Vice President or the Treasurer and may also be signed by such other officer or officers, agent or agents, as shall be thereunto authorized from time to time by the Board of Directors.

ARTICLE VII

MISCELLANEOUS PROVISIONS

Section 1.    <u>Offices</u>. The registered office of the Corporation shall be located at Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801 and the Corporation Trust Company shall be the registered agent of this Corporation in charge thereof.  The Corporation may have other offices either within or without the State of Delaware at such places as shall be determined from time to time by the Board of Directors or the business of the Corporation may require.

Section 2.    <u>Fiscal Year</u>. The fiscal year of the Corporation shall end on December 31st of each year.

Section 3.    <u>Books</u>.  There shall be kept at such office of the Corporation as the Board of Directors shall determine, within or without the State of Delaware, correct books and records of account of all its business and transactions, minutes of the proceedings of its Stockholders, Board of Directors and committees, and the stock book, containing the names and addresses of the Stockholders, the number of shares held by them, respectively, and the dates when they respectively became the owners of record thereof, and in which the transfer of stock shall be registered, and such other books and records as the Board of Directors may from time to time determine.

Section 4.    <u>Voting of Stock</u>.  Unless otherwise specifically authorized by the Board of Directors, all stock owned by the Corporation, other than stock of the Corporation, shall be voted, in person or by proxy, by the President or any Vice President of the Corporation on behalf of the Corporation.

ARTICLE VIII

<u>AMENDMENTS</u>

Section 1.    <u>Amendments</u>.  The vote of the holders of at least a majority of the shares of stock of the Corporation, issued and outstanding and entitled to vote, shall be necessary at any meeting of Stockholders to amend or repeal these By-Laws or to adopt new by-laws. These By-Laws may also be amended or repealed, or new by-laws adopted, at any meeting of the Board of Directors by the vote of at least a majority of the entire Board of Directors; provided that any by-law adopted by the Board of Directors may be amended or repealed by the Stockholders in the manner set forth above.

Any proposal to amend or repeal these By-Laws or to adopt new by-laws shall be stated in the notice of the meeting of the Board of Directors or the Stockholders, or in the waiver of notice thereof, as the case may be, unless all of the directors or the holders of record of all of the shares of stock of the Corporation, issued and outstanding and entitled to vote, are present at such meeting.

*      *      *