## EXHIBIT E

## Disclosure of the "New Boards" [1]

Pursuant to Article IV.J of the Plan,[2] the Debtors hereby disclose the identification of the "New Boards."

### Manager of New Holdco:

New Holdco's sole manager is Angelica Espinoza.

### Manager of Intermediary Holdco:

Intermediary Holdco's sole manager is Angelica Espinoza.

### Officers of New HoldCo and Intermediary Holdco:

The initial officers of New HoldCo and Intermediary Holdco shall be:

| Officer Name | Title |
|---|---|
| Dennis Arriola | President |
| Trevor Mihalik | Vice President |
| Angelica Espinoza | Vice President, Secretary |
| Kate Collier | Vice President, Treasurer |
| Paul Yong | Vice President |

### Directors and Officers of Reorganized EFH and EFIH:

The initial sole member of the board of directors of Reorganized EFH and Reorganized EFIH shall be Angelica Espinoza.

The initial officers of Reorganized EFH and Reorganized EFIH shall be:

| Officer Name | Title |
|---|---|
| Dennis Arriola | President |
| Trevor Mihalik | Vice President |
| Angelica Espinoza | Vice President, Secretary |
| Kate Collier | Vice President, Treasurer |
| Paul Yong | Vice President |

---

[1] "New Boards" in the Plan is defined the "board of directors or managers of New HoldCo, Intermediary HoldCo, Reorganized EFH and Reorganized EFIH, as applicable, on and after the EFH Effective Date." Plan, Art. I.A.249. New HoldCo and Intermediary HoldCo mean Power Play Bidco LLC and Power Play Holdco LLC, respectively, each formed under the laws of the state of Delaware. EFH Merger Sub means Power Play Merger Sub I, Inc., incorporated under the laws of the state of Delaware.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [Dkt. No. 11887] (the "**Plan**") or the respective organizational document.

## The Rollover Trustee and the Non-Rollover Trustee

Article IV.J of the Plan contemplated the appointment of a Rollover Trustee and Non-Rollover Trustee on the EFH Effective Date, pursuant to and in accordance with the Rollover Trust Agreement and the Non-Rollover Trust Agreement, respectively.

As publicly disclosed on October 6, 2017,[3] and discussed in the *Disclosure Regarding All Cash Merger Consideration*, which is attached as Exhibit O to the Plan Supplement, to which this Exhibit E is attached, Sempra Energy expected that it would indirectly own approximately 60 percent of the membership interests of EFH, with the remaining 40 percent indirectly owned by either the Rollover Trust or the Non-Rollover Trust or a combination thereof, for the benefit of, respectively, (i) holders of Allowed Claims that participated in the Rollover Trust Investment Election or are required by the IRS to receive Rollover Trust Certificates in order for the IRS to issue the necessary Supplemental Rulings and (ii) third-parties who wished to participate in Sempra Energy's investment in EFH.

Because of Sempra Energy's updated ownership and financing plan in connection with its acquisition of EFH, Sempra Energy will not seek third party investors in EFH, and will not offer the Rollover Trust Investment Election to holders of Allowed EFIH Second Lien Note Claims. Accordingly, at this time, the Debtors do not contemplate the issuance of Rollover Trust Certificates, Non-Rollover Trust Certificates or entry into the Rollover Trust Agreement or the Non-Rollover Trust Agreement, except as disclosed in the Tax Contingency Disclosure attached as Exhibit M to the Plan Supplement, to which this Exhibit E is attached, abrogating the need at this time to appoint the Rollover Trustee or the Non-Rollover Trustee.

---

[3] Sempra Energy, Current Report (Form 8-K) (filed on Oct. 6, 2017).