# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | Jointly Administered |
| | Objection Deadline: Nov. 14, 2017 at 4:00 p.m. |

## TENTH INTERIM FEE APPLICATION FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES OF DELOITTE & TOUCHE LLP AS INDEPENDENT AUDITOR TO THE DEBTORS AND DEBTORS-IN-POSSESSION FOR THE PERIOD OF MAY 1, 2017 THROUGH AUGUST 31, 2017

| | |
|---|---|
| Name of Applicant: | Deloitte & Touche LLP |
| Authorized to Provide Professional Services as: | Independent Auditor |
| Date of Retention: | Effective *Nunc Pro Tunc* to April 29, 2014 by Order Entered October 29, 2014 |
| Period for which Compensation and Reimbursement is Sought: | May 1, 2017 through August 31, 2017[2] |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary | $ 41,142.50 |
| Total Amount of Fees and Expense Reimbursement Sought as Actual, Reasonable and Necessary (100%): | **$ 41,142.50** |

This is the Applicant's Tenth Interim Fee Application.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on a final basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Certain fees and expenses incurred during this period have not been included due to processing delays. Deloitte & Touche LLP intends to include these fees and expenses in a future interim fee application.

## PRIOR MONTHLY FEE STATEMENTS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Paid Fees | Paid Expenses |
|---|---|---|---|---|---|
| 12/19/14 | 4/29/2014 - 5/31/2014 | $ 319,177.75 | $ - | $ 319,177.75 | $ - |
| 12/19/14 | 6/1/2014 - 6/30/2014 | $ 393,154.75 | $ - | $ 393,154.75 | $ - |
| 12/19/14 | 7/1/2014 - 7/31/2014 | $ 818,719.50 | $ - | $ 818,719.50 | $ - |
| 12/19/14 | 8/1/2014 - 8/31/2014 | $ 541,447.50 | $ - | $ 541,447.50 | $ - |
| Fee Comm. Reduction Docket # 4774-1 | | $ (3,395.50) | | | |
| 02/12/15 | 9/1/2014 - 9/30/2014 | $ 556,858.50 | $ - | $ 556,858.50 | $ - |
| 02/12/15 | 10/1/2014 - 10/31/2014 | $ 815,868.00 | $ - | $ 815,868.00 | $ - |
| 02/12/15 | 11/1/2014 - 11/30/2014 | $ 580,259.00 | $ - | $ 580,259.00 | $ - |
| 02/13/15 | 12/1/2014 - 12/31/2014 | $ 555,556.50 | $ - | $ 555,556.50 | $ - |
| Fee Comm. Reduction Docket # 4774-1 | | $ (32,881.50) | | | |
| 06/15/15 | 1/1/2015 - 1/31/2015 | $ 1,054,669.00 | $ - | $ 1,054,669.00 | $ - |
| 06/24/15 | 2/1/2015 - 2/28/2015 | $ 1,376,001.00 | $ - | $ 1,376,001.00 | $ - |
| 07/06/15 | 3/1/2015 - 3/31/2015 | $ 1,451,762.00 | $ - | $ 1,451,762.00 | $ - |
| 07/06/15 | 4/1/2015 - 4/30/2015 | $ 460,311.00 | $ - | $ 460,311.00 | $ - |
| Fee Comm. Reduction Docket # 6548-1 | | $ (46,706.50) | | | |
| 07/17/15 | 5/1/2015 - 5/31/2015 | $ 316,630.25 | $ - | $ 316,630.25 | $ - |
| 07/17/15 | 6/1/2015 - 6/30/2015 | $ 338,418.50 | $ - | $ 338,418.50 | $ - |
| 07/17/15 | 7/1/2015 - 7/31/2015 | $ 744,332.75 | $ - | $ 744,332.75 | $ - |
| 07/17/15 | 8/1/2015 - 8/31/2015 | $ 790,496.00 | $ - | $ 790,496.00 | $ - |
| Fee Comm. Reduction Docket # 7883 | | $ (12,952.50) | | | |
| 01/28/16 | 9/1/2015 - 9/30/2015 | $ 682,435.00 | $ - | $ 682,435.00 | $ - |
| 03/25/16 | 10/1/2015 - 10/31/2015 | $ 1,161,801.75 | $ - | $ 1,161,801.75 | $ - |
| 03/25/16 | 11/1/2015 - 11/30/2015 | $ 867,390.00 | $ - | $ 867,390.00 | $ - |
| 03/25/16 | 12/1/2015 - 12/31/2015 | $ 662,807.50 | $ - | $ 662,807.50 | $ - |
| Fee Comm. Reduction Docket # 8824 | | $ (20,289.50) | | | |
| 07/13/16 | 1/1/2016 - 1/31/2016 | $ 1,381,563.00 | $ - | $ 1,381,563.00 | $ - |
| 07/13/16 | 2/1/2016 - 2/29/2016 | $ 1,809,075.50 | $ - | $ 1,809,075.50 | $ - |
| 07/13/16 | 3/1/2016 - 3/31/2016 | $ 600,229.50 | $ - | $ 600,229.50 | $ - |
| 07/26/16 | 4/1/2016 - 4/30/2016 | $ 477,612.50 | $ - | $ 477,612.50 | $ - |
| Fee Comm. Reduction Docket # 11071 | | $ (18,387.50) | | | |
| 09/21/16 | 5/1/2016 - 5/31/2016 | $ 579,997.50 | $ - | $ 579,997.50 | $ - |
| 09/21/16 | 6/1/2016 - 6/30/2016 | $ 583,140.00 | $ - | $ 583,140.00 | $ - |
| 10/05/16 | 7/1/2016 - 7/31/2016 | $ 591,540.00 | $ - | $ 591,540.00 | $ - |
| 10/12/16 | 8/1/2016 - 8/31/2016 | $ 875,337.25 | $ - | $ 875,337.25 | $ - |
| Fee Comm. Reduction Docket # 11071 | | $ (26,516.25) | | | |
| 12/22/16 | 9/1/2016 - 10/3/2016 | $ 752,977.00 | $ - | $ 752,977.00 | $ - |
| 02/27/17 | 10/4/2016 - 10/31/2016 | $ 317,925.50 | $ - | $ 317,925.50 | $ - |
| 02/27/17 | 11/1/2016 - 11/30/2016 | $ 117,932.00 | $ - | $ 117,932.00 | $ - |
| 02/27/17 | 12/1/2016 - 12/31/2016 | $ 39,673.00 | $ - | $ 39,673.00 | $ - |
| Fee Comm. Reduction Docket # 11437 | | $ (16,351.25) | | | |
| 03/02/17 | 1/1/2017 - 1/31/2017 | $ 93,225.50 | $ - | $ 74,580.40 | $ - |
| 05/25/17 | 2/1/2017 - 2/28/2017 | $ 59,291.50 | $ - | $ 47,433.20 | $ - |
| 06/09/17 | 3/1/2017 - 3/31/2017 | $ 217,996.00 | $ - | $ 174,396.80 | $ - |
| 06/13/17 | 4/1/2017 - 4/30/2017 | $ 34,470.50 | $ - | $ 27,576.40 | $ - |
| 07/12/17 | 5/1/2017 - 5/31/2017 | $ 10,533.00 | $ - | $ - | $ - |
| 07/31/17 | 6/1/2017 - 6/30/2017 | $ 5,098.00 | $ - | $ - | $ - |
| 10/13/17 | 7/1/2017 - 8/31/2017 | $ 25,511.50 | $ - | $ - | $ - |
| Voluntary Reduction for 2014 Audit | | | | $ (622,715.50) | |
| Voluntary Reduction for 2015 Audit | | | | $ (1,979,223.65) | |
| These voluntary reductions were described in the Sixth Interim Fee Application | | | | | |

**TOTAL**    $ **22,883,744.50**    $ -    $ **20,337,146.65**    $ -

## PRIOR INTERIM FEE APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Paid Fees | Paid Expenses |
|---|---|---|---|---|---|
| 11/26/14 | 4/29/2014 - 8/31/2014 | $ 2,072,499.50 | $ - | $ 2,072,499.50 | $ - |
| 02/13/15 | 9/1/2014 - 12/31/2014 | $ 2,508,542.00 | $ - | $ 2,508,542.00 | $ - |
| 07/20/15 | 1/1/2015 - 4/30/2015 | $ 4,342,743.00 | $ - | $ 4,342,743.00 | $ - |
| 11/18/15 | 5/1/2015 - 8/31/2015 | $ 2,189,877.50 | $ - | $ 2,189,877.50 | $ - |
| 03/28/16 | 9/1/2015 - 12/31/2015 | $ 3,374,434.25 | $ - | $ 3,374,434.25 | $ - |
| 08/08/16 | 1/1/2016 - 4/30/2016 | $ 4,268,480.50 | $ - | $ 1,666,541.35 * | $ - |
| 12/22/16 | 5/1/2016 - 8/31/2016 | $ 2,630,014.75 | $ - | $ 2,630,014.75 | $ - |
| 03/17/17 | 9/1/2016 - 12/31/2016 | $ 1,228,507.50 | $ - | $ 1,228,507.50 | $ - |
| 08/10/17 | 1/1/2017 - 4/30/2017 | $ 404,983.50 | $ - | $ 323,986.80 | $ - |
| *The lower amount paid reflects the voluntary reductions described in the Prior Monthly Fee Applications table above | | | | | |
| **TOTAL** | | $ 23,020,082.50 | $ - | $ 20,337,146.65 | $ - |

**CUMULATIVE TIME SUMMARY**
For the Period of May 1, 2017 through August 31, 2017

*Bankruptcy Related Research Consultation and Transaction*

| Professional | Level | Rate | Hours | Fees |
|---|---|---|---|---|
| Janiak, Stacy | Partner/Principal | $720.00 | 0.5 | $360.00 |
| Kilkenny, Tom | Partner/Principal | $720.00 | 6.0 | $4,320.00 |
| **Professional Subtotal:** | | | **6.5** | **$4,680.00** |

*Financial Statement Audit and Related Services*

| Professional | Level | Rate | Hours | Fees |
|---|---|---|---|---|
| Kilkenny, Tom | Partner/Principal | $365.00 | 21.8 | $7,957.00 |
| Parker, Matt | Partner/Principal | $365.00 | 5.4 | $1,971.00 |
| Bowers, Rachel | Senior Manager | $290.00 | 20.9 | $6,061.00 |
| Morehead, David | Manager | $265.00 | 4.2 | $1,113.00 |
| Ravindran, Sarradha | Manager | $265.00 | 3.0 | $795.00 |
| Babanova, Maria | Senior Consultant | $215.00 | 27.4 | $5,891.00 |
| Pansari, Anubhav | Senior Consultant | $215.00 | 4.0 | $860.00 |
| Persons, Hillary | Senior Consultant | $215.00 | 2.5 | $537.50 |
| Ansari, Kashang | Consultant | $175.00 | 8.0 | $1,400.00 |
| Benvenuti, Christina | Consultant | $175.00 | 4.9 | $857.50 |
| **Professional Subtotal:** | | | **102.1** | **$27,443.00** |

*Preparation of Fee Applications*

| Professional | Level | Rate | Hours | Fees |
|---|---|---|---|---|
| Kilkenny, Tom | Partner/Principal | $365.00 | 2.0 | $730.00 |
| Babanova, Maria | Manager | $265.00 | 3.3 | $874.50 |
| Murawski, Bryan | Manager | $265.00 | 3.0 | $795.00 |
| Babanova, Maria | Senior Consultant | $215.00 | 3.1 | $666.50 |
| Abrom, Carisa | Senior Project Controller | $215.00 | 8.4 | $1,806.00 |
| Gutierrez, Dalia | Project Controller | $175.00 | 23.7 | $4,147.50 |
| **Professional Subtotal:** | | | **43.5** | **$9,019.50** |

## CUMULATIVE FEES BY CATEGORY SUMMARY
For the Period of May 1, 2017 through August 31, 2017

| Categories | Hours | Fees |
|---|---:|---:|
| Bankruptcy Related Research Consultation and Transaction | 6.5 | $4,680.00 |
| Financial Statement Audit and Related Services | 102.1 | $27,443.00 |
| Preparation of Fee Applications | 43.5 | $9,019.50 |
| **Fees Category Subtotal :** | **152.1** | **$41,142.50** |

**Average Hourly Rate:**          $270.50

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | Jointly Administered |
| | Objection Deadline: Nov. 14, 2017 at 4:00 p.m. |

**TENTH INTERIM FEE APPLICATION FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES OF DELOITTE & TOUCHE LLP AS INDEPENDENT AUDITOR TO THE DEBTORS AND DEBTORS-IN-POSSESSION FOR THE PERIOD OF MAY 1, 2017 THROUGH AUGUST 31, 2017**

Deloitte & Touche LLP ("Deloitte & Touche" or "Applicant"), independent auditor to Energy Future Holdings Corp. and its debtor subsidiaries, as debtors and debtors in possession (collectively, the "Debtors") in these chapter 11 cases, hereby seeks allowance of compensation and reimbursement of expenses pursuant to sections 328, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-2 of the Local Bankruptcy Rules of Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), for the period commencing May 1, 2017 through and including August 31, 2017 (the "Application Period") [2]. In support of this Application (the "Application"), Deloitte & Touche respectfully represents as follows:

## **JURISDICTION**

1.  The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

1

**STATUTORY BASIS**

2.     The statutory predicates for the relief requested herein are: (i) sections 328, 330 and 331 of the Bankruptcy Code; (ii) Rule 2016 of the Bankruptcy Rules; (iii) Rule 2016-2 of the Local Bankruptcy Rules; and (iv) the Compensation Order (as defined below).

**BACKGROUND**

3.     On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.     The Debtor's cases are being jointly administered for procedural purposes pursuant to Bankruptcy Rule 1015 (b).

5.     On May 13, 2014, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors [Docket No. 420].

6.     On August 21, 2014, the Court signed the *Stipulation and Order Appointing a Fee Committee* [Docket No. 1896].

7.     On September 16, 2014 the Court signed the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Compensation Order") [Docket No. 2066].

**RETENTION OF DELOITTE & TOUCHE**

8.     On May 29, 2014, the Debtors filed the *Application of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the Debtors to Retain and Employ Deloitte & Touche LLP as Independent Auditor Effective Nunc Pro Tunc to the Petition Date* (the "Retention Application") [Docket No.656].

9.     On October 29, 2014, this Court approved the Retention Application and Deloitte & Touche's retention as independent auditor to the Debtors *nunc pro tunc* to the Petition Date [Docket No. 2617].

**RELIEF REQUESTED**

10.     By this Application, Deloitte & Touche seeks compensation of its reasonable and necessary fees incurred in the amount of $41,142.50. Deloitte & Touche has not requested reimbursement for expenses in this Application. However, Deloitte & Touche reserves the right to seek reimbursement of expenses incurred in subsequent application periods in future fee applications. Deloitte & Touche submits this Application in accordance with the Compensation Order. All services for which Deloitte & Touche requests compensation were performed for, or on behalf of, the Debtors.

**RETAINER**

11.     As of the Petition Date, Deloitte & Touche held a retainer balance from the Debtor in the amount of $178,000.00. Deloitte & Touche applied this retainer to billings for services rendered in January 2015.

**BASIS FOR RELIEF**

12.     This Application is the tenth interim fee application filed by Deloitte & Touche in these cases. In connection with the professional services rendered, by this Application, Deloitte & Touche seeks interim allowance of fees in the amount of $41,142.50 representing 100% of fees incurred during the Application Period.

13.     A detailed statement of hours spent rendering professional services to the Debtors, in support of Deloitte & Touche's request for compensation for fees incurred during the Application Period, is attached hereto as <u>Exhibit A</u>. <u>Exhibit A</u> (i) identifies the professionals and paraprofessionals that rendered services in each project category; (ii) describes each service such professional or paraprofessional performed; (iii) sets forth the number of hours in increments of one-tenth of an hour spent by each individual providing the services; and (iv) the hourly rate for services and individuals. As described in the Retention Application, hourly rates vary by level of personnel and by the nature of the services.

14.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (i) the complexity of these cases; (ii) the time expended; (iii) the nature and extent of the services rendered; (iv) the value of such services; and (v) the

costs of comparable services other than in a case under the Bankruptcy Code.

15.    Deloitte & Touche does not charge for photocopying, out-going facsimile transmissions, or long distance telephone calls or faxes. Deloitte & Touche customarily charges for conference call expenses.

**DESCRIPTION OF SERVICES RENDERED**

16.    Deloitte & Touche provides below an overview of the services it rendered as independent auditor to the Debtors during the Application Period. Detailed descriptions of these services, the amount of fees incurred, and the amount of hours spent providing services throughout the Application Period are also provided in the attached Exhibits.

17.    Deloitte & Touche performed services for the Debtors in the following areas throughout the Application Period:

- Applicant performed certain procedures in order to maintain an understanding of the Chapter 11 process and the Debtors' plans in order to evaluate the potential implications to the Debtors' presentation and disclosure within the financial statements. This included reading Chapter 11 rulings and related documents, inquiring of the Debtors' personnel regarding the bankruptcy pleadings, evaluating accounting and disclosure requirements relative to the Chapter 11 status, and inquiring of the Debtors' (and the Debtors' transition services providers) internal restructuring and accounting specialists concerning the Chapter 11 accounting framework and required disclosures.

- In connection with performing the annual audit, Applicant performed risk assessment procedures and planned the 2017 audit including establishing materiality. The Applicant also conducted certain limited procedures related to the interim financial statements and preparation of related communication to those charged with governance.

- Staff for the Applicant prepared its ninth interim fee application for the period from January 1, 2017 through April 30, 2017 (Docket #11718), thirty-fourth monthly fee statement for the period of February 1, 2017 through February 28, 2017 (Docket #11280), thirty-fifth monthly

fee statement for the period of March 1, 2017 through March 31, 2017 (Docket #11326), thirty-sixth monthly fee statement for the period of April 1, 2017 through April 30, 2017 (Docket #11344), thirty-seventh monthly fee statement for the period of May 1, 2017 through May 31, 2017 (Docket #11561), thirty-eighth monthly fee statement for the period of June 1, 2017 through June 30, 2017 (Docket #11645), and the thirty-ninth monthly fee statement for the period of July 1, 2017 through August 31, 2017 (Docket #12045).

## ALLOWANCE OF COMPENSATION

18.     Compensation Sought.  Because of the benefits realized by the Debtors, the nature of services provided, the amount of work done, the time consumed and the skill required, Deloitte & Touche respectfully requests that it be allowed, on an interim basis, compensation for the professional services rendered during the Application Period in the sum of $41,142.50.

19.     Reimbursement of Expenses.  Deloitte & Touche does not request reimbursement for any expenses in this Application.  Deloitte & Touche may include in future fee applications requests for reimbursement of expenses included during this Application Period and future application periods.

20.     No agreement or understanding exists between Deloitte & Touche and any other nonaffiliated or unrelated person or persons for the sharing of compensation received or to be received for professional services rendered in or in connection with these cases

## CERTIFICATE OF COMPLIANCE AND WAIVER

21.     Finally, the undersigned representative of Deloitte & Touche certifies that Deloitte & Touche has reviewed the requirements of Rule 2016-2 of the Local Bankruptcy Rules and that the Application substantially complies with that Local Bankruptcy Rule.  To the extent that the Application does not comply in all respects with the requirements of Local Bankruptcy Rule 2016-2 Deloitte & Touche believes that such deviations are not material and respectfully requests that any such requirement be waived.

WHEREFORE, Deloitte & Touche respectfully requests that the Court: (i) grant it allowance of compensation for professional services rendered to the Debtors during the Application Period in the amount of $41,142.50 which represents 100% of the total compensation for professional services rendered during the Application, and (ii) grant such other and further relief as is just and proper.

DATED:   October 23, 2017

                                                    Respectfully submitted,

                                                  DELOITTE & TOUCHE LLP
                                         By:  /s/ Thomas Kilkenny
                                                   Thomas Kilkenny - Partner
                                                   2200 Ross Avenue, Suite 1600
                                                   Dallas, Texas 75201
                                                   Telephone: (214) 812-7603

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,<br><br>                Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>Jointly Administered |

### DECLARATION OF THOMAS KILKENNY

STATE OF TEXAS:

COUNTY OF DALLAS:

Thomas Kilkenny deposes and says:

1. I am a Partner in the applicant firm, Deloitte & Touche LLP.

2. I have personally led, as the engagement partner, the professional services rendered Debtors by Deloitte & Touche LLP, as their independent auditor, and am familiar with all work performed on behalf of the Debtors by the employees and partners/principals of my firm.

3. I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information, and belief.

_____
Thomas Kilkenny

**SWORN TO AND SUBSCRIBED** before me this 23 day of October, 2017.

_____
Notary Public, State of Texas
My Commission Expires: 4-20-19



SUSAN MANESS
OFFICIAL NOTARY PUBLIC
COMMISSION EXPIRES
04-20-2019