**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| ENERGY FUTURE HOLDINGS CORP. *et al.,* | : | Case No. 14-10979 (CSS) |
| | : | |
| Debtors-in-Possession. | : | (Jointly Administered) |
| | : | |

**FEE COMMITTEE'S SUMMARY REPORT CONCERNING**
**UNCONTESTED FEE APPLICATIONS FOR**
**HEARING ON NOVEMBER 8, 2017 AT 10:00 A.M.**

TO:   THE HONORABLE CHRISTOPHER S. SONTCHI,
      UNITED STATES BANKRUPTCY JUDGE:

The Fee Committee appointed in the above-captioned chapter 11 cases (the "**Fee Committee**") respectfully submits this summary report (the "**Report**") concerning 17 interim fee applications (each an "**Application**" and, collectively, the "**Applications**") and requests that 16 of the Applications be approved on an uncontested basis at or before the omnibus hearing scheduled for November 8, 2017.[1]  The Report covers the Applications largely—but not exclusively—for the Ninth Interim Fee Period (January 1, 2017 through April 30, 2017).

Interim applications for work performed during the Tenth Interim Fee Period (May 1, 2017 through August 31, 2017) began to be filed on or around October 15, 2017, and the Fee Committee expects to report on uncontested fee applications from that time period at an omnibus hearing to be scheduled in February, 2018.

---

[1] As discussed below, the Fee Committee recommends that the Court defer ruling on one Application until the next interim compensation hearing.

# SUMMARY

Since the issuance of its last report, dated July 5, 2017, the Fee Committee has reviewed and expresses its recommendation for approval of Applications seeking interim compensation and expenses that aggregate $10,150,235.90 in fees and $593,113.47 in expense reimbursements through April, 2017.  No objections have been filed to the Applications.

To arrive at the recommendations in this Report, the Fee Committee, under the leadership of Chairman Richard Gitlin, has continued to meet on at least a monthly basis.  At these meetings, the Fee Committee again has engaged in extensive discussions of the Applications, authorized individual draft Letter Reports on most Applications, and discussed and evaluated the responses from the Retained Professionals to the Letter Reports.[2]

Consistent with the previous eight interim fee periods, the Retained Professionals have generally been responsive to the Fee Committee's requests for information and have been cooperative in discussing and resolving areas of concern.  The Fee Committee's review has continued to focus on compliance with the applicable requirements and guidelines established by the Bankruptcy Code, the Executive Office of the U.S. Trustee, and the Fee Committee.  The Fee Committee notes again that professionals generally have continued to achieve increasingly more consistent compliance with these guidelines during the Ninth Interim Fee Period, requiring fewer adjustments.

Nonetheless, the Fee Committee has identified and will continue to identify some areas of concern including, for certain professionals:  excessive numbers of attendees at hearings; time billed for invoicing activities and other administrative tasks that are properly part of a professional's overhead; and unreasonable amounts of time spent on retention and fee

---

[2] Capitalized terms not otherwise defined shall have the meanings ascribed in prior Fee Committee Reports.

application activities.  Other specific issues—such as a lack of sufficient detail in time records, block billing, timekeepers who appear to record time in half- or whole-hour increments (rather than the required tenth-hour increments), and travel expenses—also have been and will continue to be addressed by the Fee Committee.

The Fee Committee continues to calculate and monitor the cumulative impact of all rate increases, and it has specifically and repeatedly reserved its right to object to rate increases in connection with interim and final fee applications as the aggregate effect of rate increases continues to grow.  Until the proceedings have concluded, the Fee Committee probably will not be able to provide the Court with the complete analysis necessary to evaluate the reasonableness of any rate increases; however, it is clear that the impact of rate increases over the course of these cases has been significant.  The Fee Committee's Chair has continued meetings and discussions with Retained Professionals to discuss the rate increases, especially in light of the protracted nature of the proceedings, with the Debtors now estimating a March 30, 2018 Effective Date.

## SUMMARY OF FEES REQUESTED AND APPROVED

The total fees requested on an interim basis and approved or recommended for approval by the Fee Committee to date are set forth below:[3]

| Date(s) [Orders/Docket Nos.] | Fee Period (dates) | Number of Professional Applications | Fees Approved/ Recommended for Approval | Expenses Approved/ Recommended for Approval |
|---|---|---|---|---|
| 3148 December 29, 2014 | 1st Interim (April 29, 2014 – August 31, 2014) | 4 | $12,862,747.75 | $353,843.86 |
| 3365 January 26, 2015 | | 1 | $24,511,927.32 | $1,122,860.04 |

---

[3] A complete schedule of interim fee applications scheduled for hearing on November 8, 2017, along with the Fee Committee's recommended adjustments, is attached as **Exhibit A**.

| Date(s) [Orders/Docket Nos.] | Fee Period (dates) | Number of Professional Applications | Fees Approved/ Recommended for Approval | Expenses Approved/ Recommended for Approval |
|---|---|---|---|---|
| 3597 February 20, 2015 | | 5 | $16,517,565.76 | $820,543.45 |
| 4843 June 24, 2015 | 1st Interim (April 29, 2014 – August 31, 2014 | 6 | $7,660,577.80 | $197,488.77 |
| 7883 February 18, 2016 | | 1 | $1,092,339.62 | $166,506.74 |
| 4843 June 24, 2015 | 2nd Interim (September – December 2014) | 24 | $58,434,780.10 | $3,063,313.37 |
| 6667 October 26, 2015 | | 1 | $3,134,247.50 | $199,105.35 |
| 7883 February 18, 2016 | | 4 | $1,742,526.76 | $159,344.59 |
| 6667 October 26, 2015 | 3rd Interim (January – April 2015) | 26 | $82,983,949.42 | $4,591,670.45 |
| 7883 February 18, 2016 | | 4 | $4,938,192.06 | $268,426.89 |
| 7883 February 18, 2016 | 4th Interim (May – August 2015) | 26 | $69,933,788.71 | $2,882,804.71 |
| 8824 June 27, 2016 | | 4 | $3,035,668.80 | $236,148.39 |
| 8824 June 27, 2016 | 5th Interim (September – December 2015) | 27 | $52,023,808.54 | $2,451,890.66 |
| 9308 August 16, 2016 | | 4 | $12,418,749.19 | $893,301.63 |
| 9963 October 27, 2016 | | 1 | $342,482.74 | $1,280.87 |
| 9963 October 27, 2016 | 6th Interim (January – April 2016) | 26 | $23,892,006.42 | $1,110,129.24 |
| 11071 March 28, 2017 | | 3 | $5,019,942.25 | $37,375.28 |
| 10706 January 24, 2017 | E-Side 7th Interim (May – August 2015) | 1 | $15,732,906.30 | $530,438.85 |
| 11071 March 28, 2017 | | 16 | $17,781,487.37 | $674,440.02 |
| 11071 March 28, 2017 | T-Side 7th Interim (May 1 – October 3, 2016) | 10 | $9.290,931.97 | $218,769.96 |
| 11436 July 10, 2017 | 8th Interim (September – December 2016) | 13 | $13,683,841.32 | $372,762.95 |
| *Scheduled for hearing November 8, 2017* | 9th Interim (January-April 2017) | 16 | *$9,960,069.62 Pending* | *$564,255.49 Pending* |
| 7883 February 18, 2016 | Final Fee Applications | 1 | $300,000.00 | $0.00 |
| 11072 March 28, 2017 | | 10 | $110,680,468.38 | $2,404,213.64 |
| 11090 March 30, 2017 | | 1 | $15,246,311.03 | $574,716.35 |

4

**APPLICATIONS FOR INTERIM COMPENSATION**
**SCHEDULED FOR HEARING ON NOVEMBER 8, 2017**

The Applications scheduled to be heard on November 8, 2017—without objection—generally correspond to work performed during the Ninth Interim Fee Period (January 1, 2017-April 30, 2017).

**ISSUES IDENTIFIED**

In addition to the general issues noted in the summary above, the Fee Committee's focus during the Ninth Interim Fee Period largely has been on two issues.  First, two professionals addressed in this Report are being compensated on a flat fee basis, approved by the Court at the outset of the proceedings under 11 U.S.C. § 328(a).  Accordingly, the Fee Committee has always reviewed the applications and payments of flat fee professionals.  As one factor in that review, the Fee Committee has analyzed the services provided as if the time spent were billed on an hourly basis.  Some flat fee professionals continue to report notably high blended hourly rates.

The Fee Committee has discussed the issue with the flat fee professionals and, as those professionals are aware, it will continue to revisit the issue in connection with its review and reporting on final fee applications.  In light of the most recent case developments, most flat fee professionals have reached tentative agreements with the Fee Committee to reduce significantly—by at least $3 million in the aggregate—their monthly fees already incurred and, for several, to reduce their monthly flat fees prospectively.  All professionals have reserved their rights to revisit these tentative agreements should a significant change in circumstances occur.  For that reason, the Fee Committee will not quantify the agreed flat fee reductions until its reporting for the final fee period is complete.

## THE APPLICATIONS

Seventeen uncontested interim fee applications were scheduled to be heard by the Court

on November 8, 2017.[4]  The issues identified in each Application are summarized below.

### INTERIM FEE APPLICATION FOR WORK PERFORMED DURING THE SEVENTH INTERIM FEE PERIOD: MAY 1, 2016 THROUGH AUGUST 31, 2016

1.   *Seventh Interim Fee Application of Richards, Layton & Finger, P.A., Co-Attorneys for the Debtors and Debtors in Possession, for the Period From May 1, 2016 Through and Including August 31, 2016* [D.I. 11231].

On May 11, 2017, Richards Layton ("**RLF**") filed its Seventh Interim Fee Application

seeking $637,280.50 in fees and $64,669.99 in expense reimbursements.  In its Letter Report to

RLF, the Fee Committee identified minor issues of concern, including charges for multiple

attendees at hearings.  RLF subsequently provided supplemental information and agreed to

certain adjustments set forth on **Exhibit A**.  The Fee Committee recommends that the Court

approve this Application as adjusted.

2.   *Third Interim Fee Application of Greenberg Traurig, LLP, as Special Counsel for Certain Energy-Related Transactional Matters for the Debtors and Debtors in Possession, for the Period From May 1, 2016 Through and Including August 31, 2016* [D.I. 11355].

On June 15, 2017, Greenberg Traurig, LLP ("**Greenberg**") filed its Third Fee

Application seeking $169,319.50 in fees and $1,702.31 in expense reimbursements.  In its Letter

Report to Greenberg, the Fee Committee identified minor issues, including one billing error and

certain non-compensable billing activities.  Greenberg subsequently either provided adequate

explanation for these issues or agreed to certain adjustments set forth on **Exhibit A**.  The Fee

Committee recommends that the Court approve this Application as adjusted.

---

[4] This number includes the 16 Applications recommended for Court approval in this Report and one Application recommended for deferral until the next interim compensation hearing.

**INTERIM FEE APPLICATIONS FOR WORK PERFORMED DURING THE
EIGHTH INTERIM FEE PERIOD: SEPTEMBER 1, 2016 THROUGH DECEMBER 31, 2016**

3.      *Fourth Interim Fee Application of Greenberg Traurig, LLP, as Special
        Counsel for Certain Energy-Related Transactional Matters for the
        Debtors and Debtors in Possession, for the Period From September 1,
        2016 Through and Including December 31, 2016* [D.I. 11356].

On June 15, 2017, Greenberg also filed its Fourth Fee Application seeking $80,463.00 in

fees and no expense reimbursements.  In its Letter Report to Greenberg, the Fee Committee

identified no significant issues and requested no deductions.  The Fee Committee recommends

that the Court approve this Application as filed and outlined on **Exhibit A**.

4.      *Seventh Interim Application of Montgomery, McCracken, Walker &
        Rhoads, LLP as Delaware Bankruptcy Counsel and Conflicts Counsel to
        the EFH Official Committee for Compensation and Reimbursement of
        Expenses for the Period of September 1, 2016 Through December 31,
        2016* [D.I. 11179].

On April 20, 2017, Montgomery, McCracken, Walker & Rhoads, LLC ("**Montgomery**")

filed its Seventh Interim Fee Application seeking $131,056.50 in fees and $5,077.79 in expenses.

In its Letter Report to Montgomery, the Fee Committee identified several issues of concern,

including possible over-attendance at hearings, non-compensable travel expenses, and transitory

timekeepers.  Montgomery subsequently either provided adequate explanation for these issues or

agreed to certain adjustments set forth on **Exhibit A**.  The Fee Committee recommends that the

Court approve this Application as adjusted.

5.      *Eighth Interim Fee Application of Epiq Bankruptcy Solutions, LLC and
        Epiq eDiscovery Solutions for Allowance of an Administrative Claim for
        Compensation and Reimbursement of Expenses Incurred From
        September 1, 2016 Through December 31, 2016* [D.I. 11400].

On June 29, 2017, EPIQ Bankruptcy Solutions, LLC and EPIQ eDiscovery Solutions

("**Epiq**") filed their Eighth Interim Fee Application seeking $311,030.10 in fees and $261,128.64

in expense reimbursements.  In its Letter Report to Epiq, the Fee Committee recommended

deductions for non-compensable billing activities, staffing inefficiencies, billing errors and potentially duplicative billing.  Epiq subsequently either provided adequate explanation for these issues or agreed to certain adjustments, as outlined on **Exhibit A**.  The Fee Committee recommends that the Court approve this Application as adjusted.

### INTERIM FEE APPLICATIONS FOR WORK PERFORMED DURING THE NINTH INTERIM FEE PERIOD: JANUARY 1, 2017 THROUGH APRIL 30, 2017

6.      *Fifth Interim Fee Application of Bielli & Klauder, LLC, Co-Counsel for Debtor and Debtor in Possession Energy Future Holdings Corp., for the Period From January 1, 2017 Through and Including April 30, 2017* [D.I. 11353].

On June 15, 2017, Bielli & Klauder, LLC filed its Fifth Fee Application seeking $28,979.00 in fees and $84.10 in expense reimbursements.  The Fee Committee identified only *de minimis* expense adjustments and elected not to request any deductions.  The Fee Committee recommends Court approval of this application as filed and as outlined on **Exhibit A**.

7.      *Sixth Interim Fee Application of Jenner & Block LLP Independent Counsel for Energy Future Intermediate Holding Company LLC, for the Period January 1, 2017 Through April 30, 2017* [D.I. 11354].

On June 15, 2017, Jenner & Block LLP ("**Jenner**") filed its Sixth Fee Application seeking $55,877.50 in fees and $88.92 in expense reimbursements.  In its Letter Report to Jenner, the Fee Committee identified no significant issues.  The Fee Committee recommends that the Court approve this Application as filed and outlined on **Exhibit A**.

8.    *Seventh Interim Application of SOLIC Capital Advisors, LLC, Financial Advisor for Debtor Energy Future Holdings Corp., for Compensation for Services Rendered and Reimbursement of Expenses Incurred [From January 1, 2017 Through April 30, 2017]* [D.I. 11423].

On July 7, 2017, SOLIC Capital Advisors, LLC ("**SOLIC**") filed its Seventh Fee Application seeking $800,000.00 in flat fees and no expense reimbursements.[5]  In its Letter Report to SOLIC, the Fee Committee reserved the right to raise the issue of SOLIC's blended hourly rates but did not identify any other fee or expense issues.  The Fee Committee recommends that the Court approve this Application as filed and outlined on **Exhibit A**, subject to the Fee Committee's right to revisit the blended rate issue in connection with SOLIC's final fee application.

9.    *Eighth Interim Fee Application of AlixPartners, LLP Seeking Compensation for Services Rendered and Reimbursement of Expenses Incurred as Restructuring Advisor to the Official Committee of Unsecured Creditors of Energy Future Holdings Corporation, Energy Future Intermediate Holding Company, LLC, EFIH Finance Inc., and EECI, Inc. for the Period From January 1, 2017 Through April 30, 2017* [D.I. 11466].

On July 12, 2017, AlixPartners, LLP filed its Eighth Fee Application seeking $14,478.50 in fees and no expense reimbursements.  The Fee Examiner identified no issues and elected not to issue a Report.  The Fee Committee recommends that the Court approve this Application as filed and outlined on **Exhibit A**.

---

[5] "In light of the circumstances of EFH Corp.'s chapter 11 case and the desire to limit costs going forward, Donald L. Evans and Billie I. Williamson, EFH Corp.'s disinterested directors, on behalf of EFH Corp., and SOLIC have agreed to modify the[ir] Engagement Letter, effective June 1, 2017, to provide that, in lieu of the [m]onthly [f]ee, SOLIC will be compensated on an hourly basis, subject to the Court's approval…." *Supplemental Declaration of Neil F. Luria in Support of Debtor Energy Future Holding Corp.'s Application for Entry of an Order Authorizing the Retention and Employment of SOLIC Capital Advisors, LLC as Financial Advisor for Debtor and Debtor in Possession Energy Future Holdings Corp. Effective Nunc Pro Tunc to December 18, 2014* [D.I. 11282] at p. 2, ¶ 5.

9

10.     *Eighth Interim Fee Application of Cravath, Swaine & Moore LLP*
        *Independent Counsel for Energy Future Intermediate Holding Company*
        *LLC, for the Period January 1, 2017 Through April 30, 2017* [D.I. 11376].

On June 21, 2017, Cravath, Swaine & Moore LLP ("**Cravath**") filed its Eighth Fee

Application seeking $82,815.50 in fees and $288.52 in expense reimbursements.  In its Letter

Report to Cravath, the Fee Committee identified only *de minimis* issues and requested no

deductions.  The Fee Committee recommends that the Court approve this Application as filed

and outlined on **Exhibit A**.

11.     *Eighth Interim Application of Proskauer Rose LLP, Counsel for Debtor*
        *Energy Future Holdings Corp., for Compensation for Services Rendered*
        *and Reimbursement of Expenses Incurred From January 1, 2017 Through*
        *April 30, 2017* [D.I. 11352].

On June 15, 2017, Proskauer Rose LLP ("**Proskauer**") filed its Eighth Fee Application

seeking $1,049,585.50 in fees and $27,194.88 in expense reimbursements.  In its Letter Report to

Proskauer, the Fee Committee identified several issues of particular and continuing concern,

including notably high blended hourly rates and questionable staffing.  Proskauer subsequently

either provided adequate explanation for these issues or agreed to certain adjustments set forth on

**Exhibit A**.  The Fee Committee recommends that the Court approve this Application as adjusted.

12.     *Eighth Interim Fee Application of Stevens & Lee, P.C., Special Counsel*
        *for Energy Future Intermediate Holding Company LLC, for the Period of*
        *January 1, 2017 Through April 30, 2017* [D.I. 11498].

On July 18, 2017, Stevens & Lee, P.C. ("**Stevens & Lee**") filed its Eighth Fee

Application seeking $43,204.50 in fees and $269.45 in expense reimbursements.  In its Letter

Report to Stevens & Lee, the Fee Committee identified several non-compensable billing

activities.  Stevens & Lee subsequently agreed to certain adjustments set forth on **Exhibit A**.

The Fee Committee recommends that the Court approve this Application as adjusted.

13.      *Eighth Interim Application of Sullivan & Cromwell LLP as Counsel to the*
         *EFH Committee for Interim Approval and Allowance of Compensation for*
         *Services Rendered and Reimbursement of Expenses Incurred for the*
         *Period From January 1, 2017 Through and Including April 30, 2017*
         [D.I. 11409].

On July 5, 2017, Sullivan & Cromwell LLP ("**Sullivan**") filed its Eighth Fee Application

seeking $269,353.80 in fees and $7,638.07 in expense reimbursements.  In its Letter Report to

Sullivan, the Fee Committee identified several issues of continuing concern, including non-

compensable billing activities, transitory timekeepers, staffing issues, and vague task

descriptions.  Sullivan subsequently either provided adequate explanation or agreed to certain

adjustments set forth on **Exhibit A**.  The Fee Committee recommends that the Court approve this

Application as adjusted.

14.      *Ninth Interim Fee Application of Alvarez & Marsal North America, LLC,*
         *in Their Capacity as Restructuring Advisors for the Debtors and Debtors*
         *in Possession, for the Period From January 1, 2017 Through and*
         *Including April 30, 2017* [D.I. 11357].

On June 15, 2017, Alvarez & Marsal North America, LLC ("**Alvarez & Marsal**") filed

its Ninth Fee Application seeking $134,945.00 in fees and $2,185.77 in expense reimbursements.

The Fee Committee identified no issues of concern and elected not to issue a letter report.  The

Fee Committee recommends that the Court approve this Application as filed and outlined on

**Exhibit A**.

15.      *Ninth Interim Fee Application of Filsinger Energy Partners, Energy*
         *Consultants for the Debtors and Debtors in Possession, for the Period*
         *From January 1, 2017 Through and Including April 30, 2017*
         [D.I. 11359].

On June 15, 2017, Filsinger Energy Partners ("**Filsinger**") filed its Ninth Fee Application

seeking $32,734.50 in fees and $44.00 in expense reimbursements.  In its Letter Report to

Filsinger, the Fee Committee identified no issues of concern.  The Fee Committee recommends

that the Court approve this Application, as filed and as outlined on **Exhibit A**.

16.   *Ninth Interim Fee Application of Kirkland & Ellis LLP and Kirkland &*
      *Ellis International LLP, Attorneys for the Debtors and Debtors in*
      *Possession, for the Period From January 1, 2017 Through and Including*
      *April 30, 2017* [D.I. 11349].

On June 14, 2017, Kirkland & Ellis LLP ("**Kirkland**") filed its Ninth Fee Application

seeking $6,309,112.50 in fees and $222,741.03 in expense reimbursements.  The Fee Committee

Chair and counsel have continued their series of communications with Kirkland about rate

increases, with the Fee Committee again expressly reserving its right to raise the issue in

connection with Kirkland's final fee application.  In its Letter Report to Kirkland, the Fee

Committee also identified particular issues of concern, including time spent on routine billing

and invoicing activities, over-attendance at hearings and depositions, and certain expense

charges that are not compensable.  Kirkland subsequently either provided adequate explanation

for these issues or agreed to certain adjustments set forth on **Exhibit A**.  The Fee Committee

recommends that the Court approve this Application as adjusted.

### INTERIM FEE APPLICATIONS FOR WORK PERFORMED DURING THE NINTH INTERIM FEE PERIOD: JANUARY 1, 2017 THROUGH APRIL 30, 2017 RECOMMENDED FOR DEFERRAL TO THE NEXT INTERIM COMPENSATION HEARING

17.   *Eighth Interim Fee Application of Guggenheim Securities, LLC,*
      *Investment Banker to the Official Committee of Unsecured Creditors of*
      *Energy Future Holdings Corporation, Energy Future Intermediate*
      *Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. for*
      *Allowance of Compensation and Reimbursement of Expenses Incurred for*
      *the Period January 1, 2017 Through April 30, 2017* [D.I. 11345].

On June 14, 2017, Guggenheim Securities, LLC ("**Guggenheim**") filed its Eighth Fee

Application seeking $1 million in flat fees and $50,420.50 in expense reimbursements.

Preliminarily, the Fee Committee noted again that it closely monitors the blended hourly rate of

all flat fee professionals to help ensure the continued reasonableness of flat fee arrangements.

While Guggenheim continues to provide services for the "E-Side" Committee, the Fee

Committee has reached a tentative agreement with it to adjust its flat fee billing, both

retrospectively and prospectively, and it continues discussions with Guggenheim on a final resolution.

The Letter Report reserved the Fee Committee's rights on this issue, in light of the uncertainty surrounding recent regulatory developments in Texas, and the Fee Committee and Guggenheim are also discussing whether or not certain expenses are reimbursable pursuant to the Fee Committee's standards and guidelines.  Subject to the initial reservation of right on the flat fee issue, with Guggenheim's concurrence, the Fee Committee recommends that the Court defer this Application without prejudice to the next interim fee hearing.

## CONCLUSION

Based on all of the above, the Fee Committee respectfully requests that the Court enter the order attached as **Exhibit B**, approving on an interim basis the Applications outlined in this Report and on the attached **Exhibit A**, subject to the agreed reductions summarized in the exhibit and subject as well to further review and the final fee application process.

Dated:  October 30, 2017.

**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP**

*/s/ William M. Alleman, Jr.*
Jennifer R. Hoover, Esquire (5111)
William M. Alleman, Jr., Esquire (5449)
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
Telephone: 302-442-7010
Facsimile: 302-442-7012
E-mail: jhoover@beneschlaw.com
         walleman@beneschlaw.com

- and -


GODFREY & KAHN, S.C.


_/s/ Katherine Stadler_
Katherine Stadler, *Admitted Pro Hac Vice*

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701-2719
Telephone: 608-257-3911
Facsimile: 608-257-0609
E-mail: bwilliam@gklaw.com
          kstadler@gklaw.com

*Attorneys for the Fee Committee*

17952382.6