## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objection Deadline: December 6, 2017 at 4:00 p.m.** |

### DEBTORS' ELEVENTH NOTICE OF CLAIM SATISFIED IN FULL

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), file this notice (the "Notice"), pursuant to Del. Bankr. L.R. 3007-1(e)(iii)(J)(2), identifying a certain Claim (as defined below) filed in the above-captioned chapter 11 cases, which has been satisfied in full (the "Satisfied Claim"). The Satisfied Claim is listed in **Exhibit A** attached hereto, which is incorporated herein by reference and is also accessible at the following website maintained by Epiq Bankruptcy Solutions, LLC ("Epiq"), the Debtors' court-appointed claims agent: www.efhcaseinfo.com. In support of this Notice, the Debtors respectfully state as follows.

### Background

1.      On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered a final order for joint administration of these Chapter 11 cases [D.I. 849]. The Court has not appointed a trustee. The Office of the United

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A

States Trustee for the District of Delaware formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company. On May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98], the *Third Amended Disclosure Statement for the Second Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors and EFH Shared Services Debtors* [D.I. 8747], and the *Amended Disclosure Statement for the Seventh Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the EFH Debtors and EFIH Debtors* [D.I. 10564] (the "Disclosure Statement"). Additionally, on August 29, 2016, the Court entered the *Order Confirming the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors and EFH Shared Services Debtors,* confirming the plan of reorganization as to the TCEH Debtors[2] and EFH Shared Services Debtors, effective as of October 3, 2016 [D.I. 9421].

---

complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used, but not otherwise defined, herein shall be ascribed the same meanings given to them in the Disclosure Statement.

RLF1 18427399v.1

2.      On February 17, 2017, the Court entered an order confirming the *Eighth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 10853], as it applies to the EFH Debtors and EFIH Debtors (the "NextEra Plan").[3]   The NextEra Plan was rendered null and void on July 6, 2017.  *See Notice that the NextEra Plan and NextEra Confirmation Order Have Been Rendered Null and Void* [D.I. 11446].     The EFH Effective Date has not yet occurred.   On September 11, 2017, the Debtors filed the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 11887] (the "EFH/EFIH Plan").   The hearing to consider confirmation of the EFH/EFIH Plan hasn't yet been scheduled.

3.      On June 30, 2014, the Debtors filed their schedules of assets and liabilities (the "Schedules") and statements of financial affairs (the "Statements" and together, with the Schedules, the "Schedules and Statements") [D.I. 1237–1307, 1319–1329, 1331–1343, 1345]. On September 26, 2014, the Debtors filed their amended Schedules and Statements [D.I. 2146–2216], addressing certain discrete issues.  Additionally, in the ordinary course of business, the Debtors maintain books and records that reflect, among other things, the Debtors' aggregate liabilities and the specific amounts owed to each of their creditors.

4.      On May 2, 2014, the Court entered an order establishing October 27, 2014, at 5:00 p.m. (prevailing Eastern Time) (the "Customer Claims Bar Date") as the final date and time for certain customer claimants holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Customer Proofs of Claim") in these chapter

---

[3] *See Order Confirming the Eighth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as It Applies to the EFH Debtors and EFIH Debtors* [D.I. 10859].

RLF1 18427399v.1

11 cases and approving the form and manner of notice of the Customer Claims Bar Date [D.I. 307].

5.      On August 18, 2014, the Court entered an order (the "General Bar Date Order") establishing October 27, 2014, at 5:00 p.m. (prevailing Eastern Time) (the "General Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim in these chapter 11 cases (the "Non-Customer Proofs of Claim"), except for claims specifically exempt from complying with the General Bar Date as set forth in the General Bar Date Order, and approving the form and manner of notice of the General Bar Date [D.I. 1866].

6.      On July 30, 2015, the Court entered an order (the "Asbestos Bar Date Order") establishing December 14, 2015, at 5:00 p.m. (prevailing Eastern Time) (the "Asbestos Bar Date"), as the final date and time for all persons and entities holding or asserting a manifested or unmanifested asbestos claim against the Debtors arising on or before the Petition Date to file proofs of claim in these chapter 11 cases (the "Asbestos Proofs of Claim" and, together with the Customer Proofs of Claim and the Non-Customer Proofs of Claim, the "Proofs of Claim"), except for claims specifically exempt from complying with the Asbestos Bar Date as set forth in the Asbestos Bar Date Order, and approving the form and manner of notice of the Asbestos Bar Date [D.I. 5171].

7.      On November 3, 2017, the Court entered an order (the "Transfer and Closure Order") (a) closing the chapter 11 cases of Energy Future Competitive Holdings Company LLC ("EFCH") and the direct and indirect subsidiaries of TCEH (together with EFCH, collectively, the "Closing Cases") and (b) transferring claims against and interests in the Closing Cases to TCEH [D.I. 12172]. Other than TCEH (which remains an active case in these chapter 11 cases),

following entry of the Transfer and Closure Order, the chapter 11 cases of the TCEH Debtors were closed.

8.    As of the date hereof, the Debtors and Epiq have identified on the Debtors' register of claims (the "Claims Register"), which register is prepared, maintained, and provided by Epiq, approximately 40,000 Proofs of Claim (collectively, the "Claims") filed against the Debtors in these chapter 11 cases by persons purporting to be holders of Claims (the "Claimants").    The Debtors and their advisors are in the process of comprehensively reviewing and reconciling the Claims with the Debtors' books and records to determine the validity of the Claims.

### Claims Satisfied After the Petition Date

9.    In connection with their review of their books and records, the Debtors have identified a Claim, as set forth in **Exhibit A** hereto, *i.e.* the Satisfied Claim, which is on account of postpetition liabilities, which were satisfied in the ordinary course of business.

10.    Accordingly, the Debtors intend to designate on the Claims Register the Satisfied Claim listed on **Exhibit A** as having been previously satisfied in full.  Out of an abundance of caution, the Debtors will serve this Notice on all holders of the Satisfied Claim to provide them with an opportunity to interpose an objection, if any, to the Debtors' determination that such Claim has been fully satisfied.

### Responses to the Notice

11.    By this Notice, the Debtors request that if the holder of the Satisfied Claim disputes the Debtors' determination that the Claim has been satisfied or released, such holder shall file a written response (the "Response") with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware (the "Clerk"), 824 North Market Street, Wilmington, Delaware 19801.  In addition, such Claimant must serve its Response upon the

RLF1 18427399v.1

following entities, so that the Response is **received** no later than **December 6, 2017 at 4:00 p.m.**

**(Eastern Standard Time)** (the "Response Deadline"):  (a) Kirkland & Ellis LLP, 601 Lexington

Avenue, New York, NY, 10022, Attn: Brian Schartz; (b) Kirkland & Ellis LLP, 300 North

LaSalle, Chicago, IL 60654, Attn: Chad J. Husnick and Steven Serajeddini; and (c) Richards,

Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801,

Attn: Jason M. Madron.

      12.     Any Response must contain, at a minimum, the following information:

        a.     a caption setting forth the name of this Court, the name of the Debtors, the case number, and the title of this Notice;

        b.     the name of the Claimant, the number of his/her/its Satisfied Claim, and a description of the basis for the amount of the Satisfied Claim that the Claimant is contesting has not been satisfied;

        c.     the specific factual basis, supporting legal argument and any supporting documentation, to the extent such documentation was not included with the Satisfied Claim previously filed with the Clerk or Epiq, upon which the Claimant will rely in opposing this Notice and the Debtors' determinations set forth therein; and

        d.     the name, address, telephone number, electronic mail address, and fax number of the person(s) (which may be the Claimant or its legal representative) with whom counsel for the Debtors should communicate with respect to the Satisfied Claim or the Notice and who possesses authority to reconcile, settle, or otherwise resolve any issues relating to the Satisfied Claim on behalf of the Claimant.

      13.     Upon the Debtors' receipt of a Response, the Debtors will then make a good faith

effort to review the Satisfied Claim in light of such Response, to determine whether there is a

basis upon which to sustain the Claimant's assertion that its Claim in fact is not a Satisfied

Claim.  In the event the parties are unable to reach a resolution, the Debtors will schedule a

hearing on the Satisfied Claim.  The Debtors reserve the right to contest any new assertions of

liability against the Debtors made by the holders of the Satisfied Claim with respect to their

Claim.

14.    If a Claimant fails to file and serve a timely Response by the Response Deadline, (i) the Claimant is deemed to have consented to the Notice and the Debtors' determinations with respect to the Satisfied Claim, as set forth therein, and (ii) Epiq shall immediately, and without further notice to any party (including the Claimant), mark the Satisfied Claim as fully satisfied on the Claims Register.

### Reservation of Rights

15.    The Debtors expressly reserve the right to (a) amend, modify or supplement this Notice, and (b) file additional objections to any claims in these chapter 11 cases, including, without limitation, objections to the Satisfied Claim, or any other claims (filed or not) that have been or may be asserted against the Debtors' estates.

16.    Notwithstanding anything contained in this Notice or the attached exhibit, nothing herein shall be construed as a waiver of any rights that the Debtors may have:  (a) to bring avoidance actions under the applicable provisions of the Bankruptcy Code against the holder of any disputed claim, or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

*[Remainder of page left intentionally blank.]*

Dated: November 6, 2017
      Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:       collins@rlf.com
           defranceschi@rlf.com
           madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:       edward.sassower@kirkland.com
           stephen.hessler@kirkland.com
           brian.schartz@kirkland.com
           aparna.yenamandra@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:       james.sprayregen@kirkland.com
           marc.kieselstein@kirkland.com
           chad.husnick@kirkland.com
           steven.serajeddini@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

RLF1 18427399v.1