## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Energy Future Holdings Corp., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Objection Deadline:  11/29/2017 at 4:00 p.m. ET** |
|  | ) |  |
|  | ) | **Hearing Deadline: TBD** |

## SUMMARY OF NINTH INTERIM APPLICATION OF MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP AS DELAWARE BANKRUPTCY COUNSEL AND CONFLICTS COUNSEL TO THE EFH OFFICIAL COMMITTEE FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM MAY 1, 2017 THROUGH AUGUST 31, 2017

| Name of Applicant | Montgomery, McCracken, Walker & Rhoads, LLP |
|---|---|
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. |
| Date of Retention: | January 12, 2015 *nunc pro tunc* to November 5, 2014 |
| Period for which compensation and reimbursement is sought: | May 1, 2017 through August 31, 2017 |
| Amount of Compensation sought as actual, reasonable and necessary: | $203,011.00 |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $1,414.14 |

This is a ___ monthly __X__ interim ___ final application. No prior application was filed for this Compensation Period.[2]

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Notice of this Interim Fee Statement (as defined herein) shall be served in accordance with the Interim Compensation Order and Fee Committee Order (each defined herein), and objections to the relief requested in this Interim Fee Statement shall be addressed in accordance with the Interim Compensation Order and Fee Order.

## SUMMARY OF FEES AND EXPENSES REQUESTED DURING THIS INTERIM PERIOD

| Date and Docket No. | Compensation Period | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses | 20% Holdback |
|---|---|---|---|---|---|---|
| 08/09/2017 Docket No. 11706 Objection: 08/30/2017 | 05/01/17 – 05/31/17 | $17,340.00 | $290.70 | $13,872.00 | $290.70 | $3,468.00 |
| 08/09/2017 Docket No. 11707 Objection: 08/30/2017 | 06/01/17 – 06/30/17 | $24,583.00 | $244.80 | $19,666.40 | $244.80 | $4,916.60 |
| 08/12/2017 Docket No. 11793 Objection: 08/22/2017 | 07/01/17 – 07/31/17 | $78,267.00 | $274.30 | $62,613.60 | $274.30 | $15,653.40 |
| 09/25/2017 Docket No. 11943 Objection: 10/16/2017 | 08/01/17 – 08/31/17 | $82,821.00 | $604.34 | $66,256.80 | $604.34 | $16,564.20 |
| **TOTAL:** | | **$203,011.00** | **$1,414.14** | **$162,408.80** | **$1,414.14** | **$40,602.20** |

**SUMMARY OF PROFESSIONAL SERVICES RENDERED BY PROJECT CATEGORY**

| PROJECT CATEGORY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 001 | Asset Analysis | 0 | $0.00 |
| 002 | Asset Disposition | 31.40 | $19,782.00 |
| 003 | Assumption and Rejection of Leases and Contracts | 0 | $0.00 |
| 004 | Avoidance Action Analysis | 0 | $0.00 |
| 005 | Business Operations | 0 | $0.00 |
| 006 | Case Administration | 77.10 | $39,714.00 |
| 007 | Claims Administration and Objections | 18.00 | $11,340.00 |
| 008 | Corporate Governance and Board Matters | 0 | $0.00 |
| 009 | Employment Benefits and Pensions | 0 | $0.00 |
| 010 | Employment and Fee Applications (MMWR) | 26.90 | $8,019.00 |
| 011 | Employment and Fee Applications (Others) | 10.90 | $3,333.00 |
| 012 | Financing, Cash Collateral, Make Whole | 15.50 | $9,610.50 |
| 013 | Other Litigation | 11.90 | $7,519.50 |
| 014 | Meetings and Communications with Creditors | 9.60 | $6,048.00 |
| 015 | Non-Working Travel | 0 | $0.00 |
| 016 | Plan and Disclosure Statement | 128.80 | $80,401.50 |
| 017 | Relief from Stay and Adequate Protection | 0 | $0.00 |
| 018 | Tax | 0 | $0.00 |
| 019 | Valuation | 0 | $0.00 |
| 020 | Discovery | 0 | $0.00 |
| 021 | Hearings | 35.10 | $15,065.50 |
| 022 | First and Second Day Motions | 0 | $0.00 |
| 023 | Claims Investigation | 0 | $0.00 |
| 024 | Lien Investigation | 0 | $0.00 |
| 025 | Intercompany Claims | 0 | $0.00 |
| 026 | Other Motions/Applications | 0 | $0.00 |
| 027 | Schedules and Statements | 0 | $0.00 |
| 028 | Time Entry Review | 0 | $0.00 |
| 029 | Budgeting (Case) | 0 | $0.00 |
| 030 | Asbestos-Related Matters | 3.30 | $2,178.00 |
| 031 | Derivative Litigation Investigation | 0 | $0.00 |
| **Total** | | **368.50** | **$203,011.00** |

## SUMMARY OF PROFESSIONAL SERVICES

The MMWR attorneys and paralegals that rendered professional services in these cases during the Compensation Period are:

| Name of Professional Individual | Position of the Applicant and Year of Obtaining License to Practice | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| **PARTNERS AND OF COUNSEL** | | | | |
| Natalie D. Ramsey | Partner; Joined Firm in 1985; Member of DE Bar since 2009 | $675.00 | 56.00 | $37,800.00 |
| Mark A. Fink | Partner; Joined Firm in 2012; Member of DE Bar since 2000 | $630.00 | 243.40 | $153,342.00 |
| Davis L. Wright | Of Counsel; Joined Firm in 2011; Member of DE Bar since 2002 | $590.00 | 1.10 | $649.00 |
| **TOTAL PARTNERS AND OF COUNSEL** | | | **300.50** | **$191,791.00** |
| **PARALEGALS AND ADDITIONAL PROFESSIONALS** | | | | |
| Jason Smith | Paralegal | $165.00 | 68.00 | $11,220.00 |
| **TOTAL PARALEGALS AND ADDITIONAL PROFESSIONALS** | | | **68.00** | **$11,220.00** |
| **TOTAL ALL PROFESSIONALS** | | | **368.50** | **$203,011.00** |

**TOTAL PARTNERS, OF COUNSEL, ASSOCIATES AND PARAPROFESSIONALS**

| PROFESSIONALS | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Attorneys (without Paraprofessionals) | $637.90 | 226.70 | $144,613.00 |
| Attorneys and Paraprofessionals | $563.54 | 269.00 | $151,592.50 |

**CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES**

| | EFH | | FIRM | |
|---|---|---|---|---|
| | May 1, 2017 - August 31, 2017 | | May 1, 2017 - August 31, 2017 | |
| Category | Blended Hourly Rate | % of Total Rates | Blended Hourly Rate | % of Total Rates |
| Partner | 638.14 | 83.87% | 469.85 | 50.28% |
| Of Counsel and Associates | 590.00 | 0.41% | 345.61 | 37.98% |
| Paralegals | 165.00 | 15.72% | 170.08 | 10.58% |
| Non-Lawyer | 0.00 | 0.00% | 138.54 | 0.18% |
| Summer Associates | 0.00 | 0.00% | 191.65 | 0.98% |
| All Timekeepers Average | 563.54 | 100.00% | 387.63 | 100.00% |

## SUMMARY OF ACTUAL AND NECESSARY EXPENSES INCURRED

| Expense Category | Expense Amount |
|---|---|
| Miscellaneous Expense | $1,034.00 |
| Duplicating - Internal | $0.10 |
| Transcript-Deposition | $40.80 |
| Westlaw On-Line Legal Research | $35.64 |
| Pacer | $303.60 |
| **Total** | **$1,414.14** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Energy Future Holdings Corp., *et al.*,[3] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objection Deadline:  11/29/2017 at 4:00 p.m. ET** |
| | ) | |
| | ) | **Hearing Deadline: TBD** |

### NINTH INTERIM APPLICATION OF MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP AS DELAWARE BANKRUPTCY COUNSEL AND CONFLICTS COUNSEL TO THE EFH OFFICIAL COMMITTEE FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF  MAY 1, 2017 THROUGH AUGUST 31, 2017

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, entered on September 16, 2014 [D.I. 2066] (the "**Interim Compensation Order**"), and the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "**Fee Committee Order**"), Montgomery, McCracken, Walker & Rhoads, LLP ("**MMWR")** hereby submits this Ninth Interim Application (the "**Application**") as Delaware Counsel and Conflicts Counsel to the Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "**EFH Committee**") for allowance of compensation and reimbursement of expenses incurred for the period May 1, 2017 through August 31, 2017 (the "**Compensation Period**").  In support of the Application, MMWR respectfully represents as follows:

---

[3] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

## BACKGROUND

1.       On April 29, 2014 (the "**Petition Date**"), the Debtors commenced these

proceedings (the "**Cases**") by filing voluntary petitions for relief pursuant to the Bankruptcy

Code.  The factual background regarding the Debtors, including their business operations and the

events leading to the filing of these Cases, is set forth in detail in the Declaration of Paul

Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer

of Energy Future Holdings Corp, *et al*., In Support of First Day Motions [D.I. 98].

2.       On January 7, 2015, MMWR filed the *Application of the Official Committee of*

*Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding*

*Company, LLC, EFIH Finance, Inc., and EECI, Inc. for an Order Under Bankruptcy Code*

*Sections 328(a) And 1103(a) and Bankruptcy Rules 2014(a) and 2016(b) Approving the*

*Employment and Retention of Montgomery, McCracken, Walker & Rhoads, LLP nunc pro tunc*

*to November 5, 2014, as Delaware Bankruptcy Counsel and Conflicts Counsel to the Committee*

[D.I. 3184].  On January 12, 2015, the Court entered the *Order Authorizing the EFH Committee*

*to Retain and Employ Montgomery, McCracken, Walker & Rhoads, LLP Nunc Pro Tunc to*

*November 5, 2014* [D.I. 3241].

3.       Pursuant to the Interim Compensation Order, each professional may file on or

after the 21st day of each calendar month, a Monthly Fee Application (as defined in the Interim

Compensation Order) seeking interim approval and allowance of compensation for services

rendered and reimbursement of expenses incurred during the immediately preceding month.  If

no objections are raised prior to the expiration of the applicable Objection Deadline (as defined

in the Interim Compensation Order), the Debtors are authorized to pay each professional an

amount equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the

Monthly Fee Application; or (ii) 80% of the fees and 100% of the expenses not subject to an objection. In addition, the Interim Compensation Order provides that each professional may file with the Court an interim fee application for compensation and reimbursement of expenses at stated intervals, seeking payment of, among other things, the 20% holdback and expenses not previously paid.  See Interim Compensation Order at 2(g).

4.      The Bankruptcy Court ordered that the first interim compensation period covered the period from the Petition Date through and including August 31, 2014.  As the EFH Committee was not formed until October 27, 2014 [D.I. 2570] and MMWR was not retained until November 5, 2014, MMWR's first interim application covered the period through December 31, 2014.  This is MMWR's ninth interim application.

## SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

5.      This Application has been prepared in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Interim Compensation Order, the Fee Committee Order, Rule 2016-2 (c)-(g) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "**Local Rule**"), and the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases, effective June 11, 2013 (the "**UST Guidelines**" and, together with the Local Rule, the "**Guidelines**").  Pursuant to the Guidelines, a certification of Natalie D. Ramsey regarding compliance with the Local Rule is attached hereto as **Exhibit A**.

6.      By this Application, MMWR seeks allowance pursuant to the Interim Compensation Order with respect to the sum of $203,011.00, which is 100% of fees earned

during the Compensation Period; and $1,414.14 for reimbursement of actual and necessary expenses incurred during the Compensation Period.

7.      All services for which compensation is requested by MMWR in this Application were performed for or on behalf of the EFH Committee.  MMWR has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement of understanding between MMWR and any other person (other than the partners of MMWR) for the sharing of compensation to be received for services rendered in these cases.

8.      Pursuant to the Guidelines, annexed hereto as **Exhibit B** is a schedule setting forth all MMWR professionals and paraprofessionals who performed services in these Chapter 11 Cases during the Compensation Period, the capacities in which such individuals are employed by MMWR, the hourly billing rates charged by MMWR for services performed by such individuals, and the aggregate number of hours expended and fees billed.

9.      Annexed hereto as **Exhibit C** is a schedule specifying the categories of expenses for which MMWR is seeking reimbursement and the amount for each category.

10.      Annexed hereto as **Exhibit D** is a schedule of all of the expenses incurred during the Compensation Period.

11.      Annexed hereto as **Exhibit E** is a summary of MMWR's time billed during the Compensation Period, broken down by project categories, as hereinafter described.

12.      Annexed hereto as **Exhibit F** is MMWR's time detail for the Compensation Period.

13.     Annexed hereto as **Exhibit G** is MMWR's budget and staffing plan for the Compensation Period and a comparison of hours and fees budgeted for each matter category to which MMWR professionals and paraprofessionals billed time during the Compensation Period.

## MONTGOMERY, MCCRACKEN, WALKER & RHOADS FEE STATEMENTS

14.     MMWR maintains computerized records of time spent by all MMWR attorneys and paraprofessionals in connection with the representation of the EFH Committee.  MMWR submitted monthly fee statements to the Notice Parties (as that term is defined in the Interim Compensation Order) in the format specified by the Guidelines, and as requested by the Fee Committee, allowing each of the Notice Parties an opportunity to review and object to the Monthly Fee Statements.  During the Compensation Period, MMWR provided the Notice Parties with the following Monthly Fee Statements:[4]

- For May 1, 2017 through May 31, 2017 – fees of $13,872.00 (80% of $17,340.00) and expenses of $290.70 [D.I. 11706] (the "**May 2017 Statement**");

- For June 1, 2017 through June 30, 2017 – fees of $19,666.40 (80% of $24,583.00) and expenses of $244.80 [D.I. 11707] (the "**June 2017 Statement**");

- For July 1, 2017 through July 31, 2017 – fees of $62,613.60 (80% of $78,267.00) and expenses of $274.30 [D.I. 11793] (the "**July 2017 Statement**");

- For August 1, 2017 through August 30, 2017 – fees of $66,256.80 (80% of $82,821.00 and expenses of $604.34 [D.I. 11943] (the "**August 2017 Statement**") and, together with the May 2017, June 2017, and July 2017 Statements, the "**Monthly Fee Statements**").

---

[4] Although every effort has been made to include all fees and expenses incurred in the Compensation Period, some fees and expenses might not be included due to delays caused by accounting and processing during the Compensation Period.  MMWR reserves the right to make further application to this Court for allowance of such fees and expenses not included herein.

15.     In total, MMWR submitted Monthly Fee Statements during the Compensation Period seeking payment of fees of $162,408.80 (80% of the total fees incurred of $203,011.00) and expenses of $1,414.14 (100% of expenses).  Prior to submitting the Monthly Fee Statements, MMWR conducted an internal review of the fees and expenses incurred during each applicable period.

16.     Pursuant to this Application, MMWR respectfully requests that the Court enter an order awarding MMWR an aggregate amount of $204,425.14, which is 100% of $203,011.00 earned as fees during the Compensation Period, and $1,414.14 for reimbursement of actual and necessary expenses incurred during the Compensation Period.

## SUMMARY OF LEGAL SERVICES RENDERED

17.     MMWR has prepared and/or assisted in the preparation of various papers, including applications and orders, submitted to the Court for consideration, advised the EFH Committee of a regular basis with respect to numerous matters in connection with these Chapter 11 Cases, served as conflict's counsel for the EFH Committee, acted as counsel with respect to matters regarding asbestos, and performed all necessary professional services.

18.     To provide an orderly and meaningful summary of the services rendered by MMWR on behalf of the EFH Committee during the Compensation Period, MMWR has established separate task codes in connection with these Chapter 11 cases. The following is a summary of the most significant professional services rendered by MMWR during the Compensation Period, organized in accordance with MMWR's internal system of task codes.  A more detailed report of the actual services provided is set forth on the attached **Exhibit F**.

19.     The Summary is divided according to the thirty-one (31) project billing codes that MMWR created to best reflect the categories of tasks that it was required to perform in connection with these Chapter 11 Cases.

20.     Under the circumstances, and given the interconnectedness of the issues in these Chapter 11 Cases, certain of these categories may overlap with one another.  Further, time was not necessarily billed to each of the individual codes during this Compensation Period but may be billed to such categories in the future.  The professional services rendered by MMWR on behalf of the EFH Committee during the Compensation Period were reasonable, necessary and appropriate to the administration of the EFH Committee's role in the Chapter 11 Cases and related matters and in the best interests of the EFH Committee.  The compensation requested is commensurate with the complexity, importance and nature of the problems, issues and tasks involved.

21.     The vast majority of the services rendered by MMWR during the Ninth Interim period were in connection with the Debtors' process leading to confirmation of an E-Side plan following earlier confirmation of the separate T-Side Plan.  As of the filing of this Ninth Interim Application, the E-Side Plan has not gone effective.

A.     Case Administration – 006

        Fees: $39,714.00; Total Hours: 77.10

This category is used for administrative tasks related to the Debtors' cases.  Due to the size and complexity of these cases, time billed in this category includes coordinating with the other professionals retained by the EFH Committee to ensure that all matters to be addressed are done so efficiently and that all filings made to protect the interests of the EFH Committee are

timely filed and served.  Time billed to this also includes MMWR's participation in calls with the Committee and its professionals.

      B.    <u>Claims Administration and Objections – 007</u>

           Fees: $11,340.00; Total Hours: 18.00

During the Compensation Period, this category is used for the review of objections to claims filed with the Court.

      C.    <u>Employment and Fee Applications (MMWR) – 010</u>

           Fees:  $8,019.00; Total Hours: 26.90

During the Compensation Period, MMWR professionals prepared interim and monthly fee applications as well as all exhibits and addenda thereto in order to ensure compliance with the Guidelines and consistent with the Fee Committee's guidance.  Consistent with the Fee Committee guidelines, MMWR has not sought compensation for any time spent responding to the Fee Committee's requests during the Compensation Period.

      D.    <u>Employment and Fee Applications (Others) – 011</u>

           Fees: $3,333.00; Total Hours: 10.90

During the Compensation Period, MMWR professionals reviewed and revised as necessary the applications of the EFH Committee's professionals to ensure compliance with local practice and procedure.  MMWR also monitored the docket for objection deadlines, and prepared, filed, and coordinated service of certificates of no objection to various fee applications of the Committee's professionals.

E.    Financing and Cash Collateral – 012

Fees: $9,610.50; Total Hours: 15.50

During the Compensation Period, MMWR's professionals reviewed the DIP motion, underlying loan document and materials relating to the DIP motion.  MMWR and Committee Professionals also corresponded regarding the foregoing.

F.    Plan and Disclosure Statement – 016

Fees: $80,401.50; Total Hours: 128.80

A considerable portion of the time contributed to this matter was dedicated to the review of the NextEra plan, disclosure statement, liquidation analysis and related documents. Additionally, MMWR Professionals were involved in discovery related issues including, but not limited to, motion practice, discovery scheduling, preparation and correspondence regarding the foregoing.

G.    Hearings – 021

Fees: $15,065.50; Total Hours: 35.10

During the Compensation Period, MMWR's professionals prepared for and participated in the numerous hearings held before the Court.


H.    Asbestos-Related Materials – 030

Fees: $2,178.00; Total Hours: 3.30

During the Compensation Period, MMWR's professionals reviewed issues on appeal and record on appeal filed by asbestos creditors and the related documents.

## EXPENSES

22.     MMWR seeks reimbursement for $1,414.14 in expenses incurred in performing

its services during the Compensation Period.  These reimbursable expenses include, but are not

limited to:  postal and overnight courier charges, telephone calls to communicate with co-counsel

and members of the EFH Committee, external and internal duplicating charges, and the use of

on-line legal research tools.  All expenses reflected herein comply with the Guidelines.  MMWR

submits that the actual expenses incurred in providing professional services during the

Compensation Period were necessary, reasonable and justified under the circumstances to serve

the needs of the EFH Committee in these Chapter 11 Cases.

## STATEMENT OF MMWR

23.     Section 331 of the Bankruptcy Code provides for interim compensation of

professionals and incorporates the substantive standards of Section 330 of the Bankruptcy Code

to govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code

provides that a court may award a professional employed under Section 327 of the Bankruptcy

Code "reasonable compensation for actual, necessary services rendered . . . and . . .

reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1)(A) and (B).

24.     Section 330 of the Bankruptcy Code also sets forth the criteria for the award of

such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to . . . [a]
> professional person, the court shall consider the nature, the extent, and the value
> of such services, taking into account all relevant factors, including --
>
> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration of, or beneficial
> at the time at which the service was rendered toward the completion of, a
> case under this title;

-9-

    (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

    (E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

    (F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. *Id.* § 330(a)(3)(A)-(F).

25.    The foregoing professional services performed by MMWR were appropriate and necessary to the effective administration of these Chapter 11 Cases. The services were in the best interests of the EFH Committee. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, as well as issues or tasks involved. The professional services were performed in an appropriately expeditious and efficient manner. In addition, MMWR has made every effort to minimize its disbursements in these cases. The actual expenses incurred in providing professional services were absolutely necessary, reasonable, and justified under the circumstances to serve the needs of the EFH Committee.

## NO PRIOR REQUEST

26.    No prior application for the relief requested herein has been made to this or any other Court.

## CONCLUSION

In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by MMWR is fair and reasonable given (a) the complexity of these case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

-10-

WHEREFORE, MMWR respectfully requests that the Court enter an order (a) awarding MMWR the interim allowance of $204,425.14 comprised of:  (i) fees in Compensation Period in the amount of $203,011.00, and (ii) reimbursement for actual and necessary expenses in the Compensation Period in the amount of $1,414.14, (b) that such sums be paid to MMWR pursuant to the Interim Compensation Order, (c) and for such other and further relief as this Court may deem just and proper.

Dated: Wilmington, Delaware
      November 8, 2017

                                  **MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP**

                                  */s/ Natalie D. Ramsey*
                                  Natalie D. Ramsey (DE Bar No. 5378)
                                  Davis Lee Wright (DE Bar No. 4324)
                                  Mark A. Fink (DE Bar No. 3946)
                                  1105 North Market Street, 15th Floor
                                  Wilmington, DE 19801
                                  Telephone: (302) 504-7800
                                  Facsimile: (302) 504-7820
                                  E-mail:       nramsey@mmwr.com
                                                    dwright@mmwr.com
                                                    mfink@mmwr.com

                                  *Delaware Counsel and Conflicts Counsel to the Official Committee of Unsecured Creditors of Energy Future Holdings Corp.; Energy Future Intermediate Holding Company LLC; EFIH Finance, Inc.; and EECI, Inc.*