IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------ X
In re:                                                 :   Chapter 11
                                                       :
Energy Future Holdings Corp., et al.,¹                 :   Case No. 14-10979 (CSS)
                                                       :
                Debtors.                               :   (Jointly Administered)
                                                       : :
                                                       :   Re: D.I. 12075
------------------------------------------------------ X
```

**<u>JOINT SUPPLEMENTAL STATEMENT ON CERTIFICATION</u>**

NextEra Energy, Inc. ("<u>NextEra</u>" or "<u>Appellant</u>"), Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (together, "<u>Elliott</u>" or "<u>Appellees</u>"), and Energy Future Holdings Corp. and Energy Future Intermediate Holding Company, LLC (together, the "<u>Debtors</u>"), respectfully submit this supplemental statement in support of the certification (the "<u>Statement</u>") for direct appeal to the United States Court of Appeals for the Third Circuit (the "<u>Third Circuit</u>"), pursuant to 28 U.S.C. § 158(d)(2) and rule 8006(c) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), of this Court's *Order Granting the Motion To Reconsider of Elliott Associates, L.P. and Denying the Application of NextEra Energy Inc. for Payment of Administrative Claim* dated October 18, 2017 [D.I. 12075] (the "<u>Reconsideration Order</u>").

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

{932.002-W0049312.}

## PRELIMINARY STATEMENT[2]

Certification of a direct appeal of a bankruptcy court order to the Third Circuit is mandatory, where, as here, all parties to the appeal consent to the direct certification. *See* 28 U.S.C. § 158(d)(2)(B)(ii). Here, all parties to the appeal believe an immediate appeal from the Reconsideration Order will materially advance the progress of the Debtors' Chapter 11 cases by resolving the important issue of whether NextEra is entitled to an administrative expense claim on account of the Termination Fee. *See* 28 U.S.C. § 158(d)(2)(a)(iii). Resolution of this issue will have a material impact on distributions to unsecured creditors and will also affect other issues that could result in potentially costly and protracted litigation. A rapid resolution of this appeal will reduce or eliminate such litigation and appeals and allow the Debtors to focus on exiting from these bankruptcy cases.

Moreover, although not necessary for the Court to consider given the consensual basis for direct certification noted above, NextEra believes, and will assert before the Third Circuit, that the Reconsideration Order involves a matter of public importance, *see* 28 U.S.C. § 158(d)(2)(a)(i), because the "extraordinary step" taken by the Court in reconsidering an order it entered a year ago and upon which NextEra relied could undermine public confidence in the bankruptcy sales process and deter potential bidders from engaging in bankruptcy sale transactions in the Third Circuit.

## BACKGROUND

1.  In April 2016, the Debtors engaged in discussions with NextEra for the sale of the Debtors' indirect economic interest in Oncor Electric Delivery Company LLC ("Oncor").

---

[2] Capitalized terms used but not defined in the Statement of Issues presented on Appeal shall have the meanings ascribed to them in the Background.

2. On July 29, 2016, certain of the Debtors, NextEra, and EFH Merger Co., LLC ("Merger Sub")—a newly formed subsidiary of NextEra—executed an Agreement and Plan of Merger among Energy Future Holdings Corp. ("EFH"), Energy Future Intermediate Holding Company LLC ("EFIH"), NextEra, and Merger Sub, dated July 29, 2016 (the "Merger Agreement"). The Merger Agreement contemplated a merger of EFH with and into Merger Sub, whereby EFH would have become a wholly-owned subsidiary of NextEra with an implied Oncor total enterprise value of approximately $18.7 billion. The Merger Agreement included a termination fee in the amount of $275 million (the "Termination Fee") payable to NextEra under certain conditions if the proposed transaction could not be consummated.

3. By motion dated August 3, 2016 [D.I. 9190] (the "Approval Motion"), the Debtors sought approval of their entry into the Merger Agreement including the Termination Fee.[3]

4. On September 19, 2016, the Court issued an order[4] [D.I. 9584] (the "Termination Fee Approval Order") granting the Approval Motion and allowing as an administrative expense the $275 million Termination Fee.

5. On July 6, 2017, the Debtors terminated the Merger Agreement with NextEra based on NextEra's inability to obtain regulatory approval and alleged breach of the Merger Agreement.[5] Immediately thereafter, the Debtors pivoted to a fully signed transaction pursuant

---

[3] *See Motion Of The EFH/EFIH Debtors For Order (A) Authorizing Entry Into Merger Agreement, (B) Approving Termination Fee, And (C) Authorizing Entry Into And Performance Under Plan Support Agreement* [D.I. 9190].

[4] *See Order (A) Authorizing Entry into Merger Agreement, (B) Approving Termination Fee, and (C) Authorizing Entry into and Performance Under Plan Support Agreement* [D.I. 9584].

[5] *See Notice of Filing of Letters Terminating (A) the NEE Plan Support Agreement and (B) the NEE Merger Agreement*, at Exh. B [D.I. 11424].

to which Berkshire Hathaway Energy Company and related entities (collectively, "Berkshire") would acquire Oncor.

6. On July 29, 2017, Elliott filed *The Elliott Funds' Motion to Reconsider in Part the September 19, 2016 Order [D.I. 9584] Approving the NextEra Termination Fee* [D.I. 11636] (the "Reconsideration Motion") to reconsider the Termination Fee Approval Order and, in particular, the portion of the order that it contended incorrectly granted NextEra an allowed administrative expense claim on account of the Termination Fee. The Debtors and NextEra objected to the Reconsideration Motion.[6]

7. On July 31, 2017, NextEra filed its *Application of NextEra Energy, Inc. for Payment of Administrative Claim* [D.I. 11649], seeking payment of the Termination Fee as a qualified administrative expense under 11 U.S.C. § 503(b) upon the consummation of the Berkshire transaction or any other alternative transaction (the "Application").

8. On August 2, 2017, the Debtors commenced an adversary proceeding against NextEra (the "Adversary Proceeding"), seeking a declaration that the Termination Fee would not become due and payable because of NextEra's alleged breach of the Merger Agreement.

9. On August 23, 2017, the Debtors abandoned the proposed transaction with Berkshire and proposed the current plan the ("Sempra Plan"), in which Sempra Energy ("Sempra") would indirectly acquire Oncor.[7]

10. On September 19, 2017, the Court held a hearing on the Reconsideration Motion on a stipulated record and provided a tentative ruling granting the Reconsideration Motion subject to issuance of a formal opinion and entry of an order.

---

[6] D.I. 11879 and 11876, respectively.

[7] *See First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 11854].

11. On October 3, 2017, the Court issued a written opinion (the "Opinion"), finding that the Termination Fee Approval Order was an interlocutory order, that the Reconsideration Motion was timely filed, and that "manifest errors of fact and law require[d] the Court to take the extraordinary step of reconsidering its order entered on September 19, 2016, approving the Termination Fee."[8]

12. On October 18, 2017, the Court entered the Reconsideration Order granting the Reconsideration Motion, denying the Application, staying the Adversary Proceedings, and disallowing payment of the $275 million Termination Fee to NextEra.

13. On October 30, 2017, NextEra filed the *Notice of Appeal* [D.I. 12141] of the Reconsideration Order.

14. On November 10, 2017, Appellant filed *Appellant NextEra Energy, Inc's Statement of Issues and Designation of Record on Appeal from the October 18, 2017 Reconsideration Order* (the "Issues on Appeal") [D.I. 12213].

15. As per the Issues on Appeal, filed by Appellant, the questions the Appellants will present for certification are as follows:

   i. Under the Federal Rules of Civil and Bankruptcy Procedure, a motion for reconsideration of a final order must be brought within a "reasonable time" or, with respect to an interlocutory order, without inordinate delay. Elliott, despite having had full disclosure of the provisions of the Termination Fee before the Bankruptcy Court entered its Termination Fee Approval Order, waited ten months after entry of that order to make its motion for reconsideration, during which time NextEra expended enormous sums of money in reliance on that order. Did the Bankruptcy Court err in holding that the Reconsideration Motion was timely because the Termination Fee Approval Order only became "ripe" for reconsideration ten months after the order was entered and only after the Debtors triggered one of the conditions for payment of the fee?

---

[8] *See Opinion* [D.I. 11998].

{932.002-W0049312.}            - 5 -

ii. Did the Bankruptcy Court err in holding that there was a manifest error of fact justifying reconsideration of the Termination Fee Approval Order a full year after its entry, when it concluded that it had misunderstood the circumstances under which the Termination Fee would be payable, despite the fact that the definitive terms of the Termination Fee were fully disclosed, the contemporaneous evidentiary record was materially accurate, and the Bankruptcy Court at the hearing (i) read aloud the terms of the Termination Fee, (ii) closely questioned a witness on those terms, and (iii) obtained accurate testimony on the effect of those terms?

iii. Under *Calpine Corp. v. O'Brien Envtl. Energy, Inc. (In re O'Brien Envtl. Energy, Inc.)*, 181 F.3d 527, 536 (3d Cir. 1999), a termination fee may be allowed as an administrative expense as part of a sale transaction if it provides a benefit to the estate by inducing a bid that would otherwise not have been made. Did the Bankruptcy Court err in holding that there had been a manifest error of law justifying reconsideration of the Termination Fee Approval Order a year after its entry where the evidence is unequivocal that the Termination Fee was necessary to induce NextEra to enter into the $18.7 billion transaction that would provide approximately $9.8 billion in cash to the estate?

## RELIEF REQUESTED

16. The parties jointly request that the Court certify their appeal from the Reconsideration Order for a direct appeal to the Third Circuit.

## BASIS FOR RELIEF SOUGHT

17. Under the statutory direct appeal procedure, an appeal may proceed directly to the applicable court of appeals if "the bankruptcy court . . . or all the appellants and appellees (if any) acting jointly, certify that . . . an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken." 28 U.S.C. § 158(d)(2)(A). Here, certification by this Court is mandatory because the request for a direct appeal was jointly filed by both the appellant and the appellee to the Reconsideration Order, as well as the Debtors. *See Simon & Schuster, Inc. v. Advanced Mktg. Servs. Inc.*, 360 B.R. 429, 435 n. 9 (Bankr. D. Del. 2007).

18. All parties agree that an immediate appeal of the Reconsideration Order to the Third Circuit is warranted, pursuant to 28 U.S.C.§ 158(d)(2)(A)(iii), because it would materially

advance the progress of the EFH/EFIH bankruptcy cases. The Debtors have been in bankruptcy for over 3-1/2 years and creditors have been forced to wait patiently for distributions. The Debtors' current plan of reorganization (*i.e.*, the Sempra Plan), which will be scheduled for confirmation in the near future, requires, consistent with the terms of the Sempra Plan itself and applicable bankruptcy law, that all administrative expense claims must be paid in full as a condition for the Debtors to emerge from bankruptcy. *See* 11 U.S.C. §§ 503(b), 1129(a)(9)(A); *see also In re Hechinger Inv. Co. of Delaware*, 298 F.3d 219, 224 (3d Cir. 2002) ("[i]n a Chapter 11 case, a court cannot confirm a distribution plan unless the plan provides full cash payment of all § 503(b) administrative expense claims or the claim holder agrees to different treatment"). Subject to defenses regarding whether the conditions for payment of the claim have been satisfied, the current appeal will resolve the threshold issue of whether NextEra is entitled to an administrative expense claim on account of the Termination Fee in the amount of $275 million.

19.     Resolution of this issue will have a material impact on distributions to unsecured creditors and implicates numerous other issues impacting the Debtors' estates that could result in potentially protracted litigation, including, *inter alia*, ancillary disputes concerning the need for, and amount of, reserves to be established under the Sempra Plan and allocation of payment for the Termination Fee among the Debtors' estates. A rapid resolution of this appeal will reduce or eliminate such litigation and appeals and leave the Debtors free to focus all of their resources on confirming and implementing the plan.

20.     Under similar circumstances, bankruptcy and district courts in Delaware have certified direct appeals to the Third Circuit. For example, in *SemCrude, L.P.*, the United States Bankruptcy Court for the District of Delaware *sua sponte* certified an order for direct appeal to the Third Circuit regarding whether a security interest in an asset of a chapter 11 debtor was

subordinate to other security interests, because the debtors had recently filed a plan of reorganization and expressed an intention to seek plan confirmation and emerge from bankruptcy within a year from the date of the entry of the order. *See* 407 B.R. 82, 111 (Bankr. D. Del. 2009).

21. Similarly, in *In re Nortel Networks Inc.*, the United States District Court for the District of Delaware certified an immediate appeal to the Third Circuit relating to the allocation method to be used in connection with disbursement being held in escrow. *See* No. 15-624 (LPS), 2016 WL 2899225, at *9 (D. Del. May 17, 2016). The court found that direct appeal would materially advance progress of the chapter 11 cases because it was "essentially certain that one or more parties would be dissatisfied with whatever decision [the district court] would render and would, therefore, press a further appeal," and that "it would take [the district court] some significant additional time to make and articulate its decisions." *Id.* at *5. Importantly, the Court emphasized the potential impact of its decision on distributions of the estate:

> [I]f the Third Circuit were to affirm the allocation decision, it may become possible for interim distributions to be released from the escrow funds, materially advancing payment to pensioners, employees, trade creditors, and others who have waited so long without obtaining any recovery. . . [t]he decision of the Third Circuit will resolve the key dispute in these bankruptcy cases and . . . will remove the impediment to the release of the escrow funds that has plagued this case for far too long. . . . the parties . . . will benefit from learning this result as soon as possible, so they can resolve any remaining disputes in a timely fashion. All of this, again, may materially advance progress of these cases.

*Id.* at *6.

22. Further, in *Specialty Products Holding Corp.*, the United States District Court for the District of Delaware certified direct appeal to the Third Circuit of an order setting the methodology for asbestos settlement payments. No. BR 10-11780-PJW, 2014 WL 545780, at *2 (D. Del. Feb. 7, 2014). It explained that "the issue of how best to reach these settlement figures .

{932.002-W0049312.}                                - 8 -

. . will materially advance the progress of the litigation at bar" by providing "a final determination as to [the] value" of the asbestos claims. *Id.*

23.     Resolution of NextEra's appeal through direct certification would likewise benefit all parties, including creditors of the Debtors' estate, by hastening final resolution of a threshold issue that could delay distributions to creditors and by reducing or eliminating potentially protracted ancillary litigation.

24.     In addition, although not necessary for the Court to consider given the consensual basis for direct certification discussed above, NextEra, believes, and will assert before the Third Circuit, that under 28 U.S.C. § 158(d)(2)(A)(i), the Reconsideration Order and related Opinion involve a matter of a public importance. NextEra is of the view that the Court's retroactive disallowance of NextEra's Termination Fee one year after it was approved, and after NextEra had expended considerable money and effort in reliance on the Termination Fee Approval Order, could undermine public confidence in the bankruptcy sales process and deter potential bidders from engaging in bankruptcy sale transactions in the Third Circuit.

25.     Appellees note that they disagree with NextEra's characterization of the Reconsideration Order, its reliance on the Termination Fee Approval Order and of the issues that NextEra will present on appeal and further disagree that the appeal would satisfy the public importance prong for direct certification. Appellees reserve the right to so argue at the Third Circuit. However, because all parties agree that the appeal satisfies the material advancement prong for direct certification, and because that ground of agreement is sufficient for certification under 28 U.S.C.§ 158(d)(2)(A) and (B)(ii), Appellees believe that the Court need not address these additional points of disagreement in certifying the appeal.

## CONCLUSION

For the foregoing reasons, the parties respectfully request that the court certify the Reconsideration Order for a direct appeal to the Third Circuit pursuant to 28 U.S.C. § 158(d)(2)(A).

Dated: November 10, 2017  
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ *Matthew B. McGuire*  
Adam G. Landis (No. 3407)  
Matthew B. McGuire (No. 4366)  
Joseph D. Wright (No. 5669)  
919 Market Street, Suite 1800  
Wilmington, Delaware 19801  
Telephone: (302) 467-4400  
Facsimile: (302) 467-4450  
Email: landis@lrclaw.com  
       mcguire@lrclaw.com  
       wright@lrclaw.com

-and-

**NORTON ROSE FULBRIGHT US LLP**  
Howard Seife (admitted *pro hac vice*)  
Andrew Rosenblatt (admitted *pro hac vice*)  
Eric Daucher (admitted *pro hac vice*)  
1301 Avenue of the Americas  
New York, New York 10019  
Telephone: (212) 408-5100  
Facsimile: (212) 541-5369  
Email: howard.seife@nortonrosefulbright.com  
       andrew.rosenblatt@nortonrosefulbright.com  
       eric.daucher@nortonrosefulbright.com  
-and-

**WINSTON & STRAWN LLP**  
Dan K. Webb (admitted *pro hac vice*)  
35 W. Wacker Drive  
Chicago, Illinois 60601  
Telephone: (312) 558-5600  
Facsimile: (312) 558-5700  
Email: dwebb@winston.com

Thomas M. Buchanan (admitted *pro hac vice*)

1700 K Street, NW
Washington, D.C. 20006
Telephone: (202) 282-5000
Facsimile: (202) 282-5100
Email: tbuchana@winston.com

*Counsel to Appellant NextEra Energy, Inc.*

/s/   Scott D. Cousins
**BAYARD, P.A.**
Scott D. Cousins (No. 3079)
Erin R. Fay (No. 5268)
Evan T. Miller (No. 5364)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
Email: scousins@bayardlaw.com
          efay@bayardlaw.com
          emiller@bayardlaw.com
-and-

**ROPES & GRAY LLP**
Keith H. Wofford (admitted *pro hac vice*)
Gregg M. Galardi
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
Email: Keith.Wofford@ropesgray.com
          Gregg.Galardi@ropesgray.com
*Counsel to Appellees Elliott Associates, L.P., Elliott International, L.P., and the Liverpool Limited Partnership*


/s/   Jason M. Madron

**RICHARDS LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700

Facsimile: (302) 651-7701
Email: collins@rlf.com
       defranceschi@rlf.com
       madron@rlf.com

-and-

**KIRKLAND & ELLIS, LLP**
**KIRKLAND & ELLIS INTERNATIONAL, LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: edward.sassower@kirkland.com
       stephen.hessler@kirkland.com
       brian.schartz@kirkland.com
       aparna.yenamandra@kirkland.com
James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: james.sprayregen@kirkland.com
       chad.husnick@kirkland.com
       marc.kieselstein@kirkland.com
       steven.serajeddini@kirkland.com

*Counsel to Debtors and Debtors in Possession*