# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) Re: D.I. 8069, 8173 |

## ORDER SCHEDULING HEARING AND DEADLINES WITH RESPECT TO WILLIAM JEFFERY HERBERT'S PROOF OF CLAIM DESIGNATED AS CLAIM NO. 43664

This matter having come before the Court on a Certification of Counsel; and

WHEREAS, on April 29, 2014, each of the debtors in the above-captioned cases (the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware, and the Debtors' chapter 11 cases are being jointly administered pursuant to rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") and rule 1015 of the Federal Rules of Bankruptcy Procedure;

WHEREAS, on September 12, 2014, William Jeffery Herbert ("Herbert") filed Proof of Claim No. 43664, with supporting addendum attached thereto (the "Proof of Claim");

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

WHEREAS, on March 24, 2016, the Debtors filed the *Debtors' Thirty-Ninth Omnibus (Substantive) Objection to Substantive Duplicate and No Liability Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 8069] (the "Objection");

WHEREAS, on April 8, 2016, Herbert filed *William Jeffrey Herbert's Response to Debtors' Thirty-Ninth Omnibus (Substantive) Objection* [D.I. 8173] in connection with the Objection;

WHEREAS, on August 29, 2016, the Court entered the *Order Confirming the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors and EFH Shared Services Debtors* [D.I. 9421];

WHEREAS, EFH Corporate Services Company ("Corporate Services") and Herbert (together, the "Parties") have agreed to the schedule and protocols set forth below; and

WHEREAS, the Parties agree that the Proof of Claim is improperly asserted against Energy Future Holdings Corp., and that liability, if any, with respect to Herbert's Proof of Claim is held at Corporate Services; and

WHEREAS, the Parties further agree that upon entry of this Order, the Debtors are authorized to take any steps necessary to reflect on the official claims register that Herbert's claim underlying the Proof of Claim is asserted against Corporate Services;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The following schedule and protocols, which may be modified by agreement of the Parties submitted to the Court under a certification of counsel, or for good cause shown upon motion to the Court, shall govern this contested matter:

RLF1 18452357v.1

a. The Parties shall serve written discovery requests relating to the Proof of Claim and the Objection (the "Requests") by **Wednesday, November 22, 2017.**

b. The Parties shall respond to the Requests by **Friday, December 22, 2017.**

c. The Parties shall complete production of all documents in response to the Requests by **Friday, January 12, 2018**, provided that all parties will make commercially reasonable efforts to produce documents on a rolling basis in advance of the production deadline.

d. The Parties shall exchange preliminary witness lists by **Friday, January 19, 2018**. A Party's witness list shall identify all witnesses that the Party will call or may call at the hearing on the Objection (the "Hearing") and shall provide a brief summary of each witness's anticipated testimony.

e. The Parties shall serve deposition notices by **Monday, February 5, 2018**. Any objections to a deposition notice must be served no later than five days before the actual deposition date.

f. Any depositions of fact witnesses shall take place between **Monday, March 5, 2018** and **Friday, March 30, 2018**. The Parties agree to conduct depositions in Dallas, Texas, or such other location as shall be mutually agreed, and each Party agrees to make witnesses identified on its preliminary witness list reasonably available during the dates allotted for depositions.

g. **Friday, March 30, 2018**, shall be the close of fact discovery.

h. Corporate Services shall file its reply in support of the Objection by **Wednesday, April 11, 2018**.

i. The Parties shall exchange final witness and exhibits lists by **Monday, April 16, 2018**.

j. The Parties shall submit a proposed joint pretrial order per Local Bankruptcy Rule 7016-2(d) by **Monday, April 16, 2018**.

k. Depositions of any witness listed on a Party's final witness list who was not disclosed on that Party's preliminary witness list shall be completed by **Thursday, April 19, 2018**.

l. The final pretrial conference shall take place on **Monday, April 23, 2018 at 10:00 a.m. (Eastern Daylight Time)**, or such other date/time as may be ordered by the Court.

      m.      The Hearing shall commence on **Tuesday, April 24, 2018 at 10:00 a.m. (Eastern Daylight Time)**, or such other date/time as may be ordered by the Court. The parties expect the Hearing to take no more than three days.

2.      The Debtors are authorized to take any steps necessary to reflect on the official claims register that Herbert's claim underlying the Proof of Claim is asserted against Corporate Services. For the avoidance of doubt, the relief granted herein shall not constitute the Debtors' admission of liability with respect to the Proof of Claim, or otherwise impair the Debtors' rights to challenge the Proof of Claim.

3.      The Parties are authorized to take all actions necessary to effectuate the relief granted in this Order.

4.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED this 14th day of November, 2017

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE