## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date: December 11, 2017 at 10:00 a.m.** |
| | ) **Objection Deadline: November 30, 2017 at 4:00 p.m.** |
| | ) |

## MOTION OF THE REORGANIZED TCEH DEBTORS
## FOR ENTRY OF AN ORDER ENFORCING THE OCTOBER 3, 2017 ORDER

The reorganized debtors formerly known as the TCEH Debtors (the "Reorganized TCEH

Debtors")[2] file this motion ("Motion") for entry of an order, substantially in the form attached as

**Exhibit A** (the "Order") (a) finding plaintiff Vance Dotson ("Plaintiff") in civil contempt of this

Court's *Order Enforcing the TCEH Confirmation Order*, entered October 3, 2017 [D.I. 12000]

(the "Enforcement Order") and (b) directing Plaintiff to pay the Reorganized TCEH Debtors an

award for Plaintiff's civil contempt and/or for a portion of the Reorganized TCEH Debtors' costs

and attorneys' fees incurred in connection with this matter—both amounts to be determined by

the Court in its discretion and, if requested, after an *in camera* review of the relevant

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not defined here shall have the meanings ascribed in the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code*, dated August 29, 2016 [D.I. 9421-1] (the "TCEH Plan") or the *Order Confirming the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors and EFH Shared Services Debtors*, dated August 29, 2016 [D.I. 9241] (the "TCEH Confirmation Order"), as applicable.

professionals' invoices.  The Reorganized TCEH Debtors will donate any recovery to TXU Energy Aid, which helps approximately 20,000 low income and elderly customers each year with bill-payment assistance to keep their homes powered and safe.

Contemporaneously herewith, the Reorganized TCEH Debtors will file the *Declaration of Bryan M. Stephany in Support of the Motion of the Reorganized TCEH Debtors for Entry of an Order Enforcing the October 3, 2017 Order*.[3]

## Jurisdiction and Venue

1.    This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334, the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; Article XI of the TCEH Plan; paragraph 89 of the TCEH Confirmation Order; and *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) ("[T]he Bankruptcy Court plainly [has] jurisdiction to interpret and enforce its own prior orders.").[4]

2.    This is a core proceeding pursuant to, *inter alia*, 28 U.S.C. § 157(b).  Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief sought in this matter is 11 U.S.C. § 105.

## Background

3.    In the interest of efficiency, the Reorganized TCEH Debtors incorporate by reference additional background from the *Motion of the Reorganized TCEH Debtors for Entry of*

---

[3] Exhibits referenced herein are attached to the Stephany Declaration.

[4] The Reorganized TCEH Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

*an Order Enforcing the TCEH Confirmation Order and Imposing Costs and Fees for the Willful Disregard of the Same*, filed September 22, 2017 [D.I. 11932] (the "Motion to Enforce").

4.      On October 3, 2017, the Court held a hearing on the Motion to Enforce.  Although Plaintiff filed objections to the Motion to Enforce and had notice of the hearing, he failed to appear.   The Reorganized TCEH Debtors presented evidence and argument, and the Court overruled Plaintiff's objections, granted the Motion to Enforce, and entered the Enforcement Order.  *See* Oct. 3, 2017 Hr'g Tr. at 25:18-19, 31:21-32:1, 36:22-40:20.

5.      Among other things, the Enforcement Order required Plaintiff "to promptly dismiss with prejudice all [] claims and/or causes of action" against all defendants—except Experian Information Solutions, Inc. ("Experian")—in *Vance Dotson v. Energy Future Holdings Corp. d/b/a TXU Energy, et al.*, Case No. CIV-17-575-D pending in the United States District Court for the Western District of Oklahoma.

6.      On October 5, 2017, counsel to the Reorganized TCEH Debtors and Plaintiff's counsel of record in the Oklahoma action, Brian L. Ponder, discussed the Enforcement Order. The Reorganized TCEH Debtors indicated they were hopeful that Plaintiff would comply with the Enforcement Order without further involvement by this Court.

7.      On October 9, 2017, counsel to the Reorganized TCEH Debtors sent a letter to Mr. Ponder.  The letter stated that, if Plaintiff did not comply with the Enforcement Order, the Reorganized TCEH Debtors would have little choice but to seek appropriate relief from this Court.  *See* Ex. 1, M. Thompson Letter to B. Ponder (Oct. 9, 2017).

8.      On October 12, 2017, Plaintiff filed *Vance Dotson's Motion for Rehearing of Order Entered October 3, 2017* [D.I. 12048].  Plaintiff repeated arguments from his objections to

3

the Motion to Enforce and did not raise any new issues. On October 17, 2017, the Court *sua sponte* denied the motion for rehearing [D.I. 12072] (the "Reconsideration Order").

9.    The period to appeal the Reconsideration Order expired on November 1, 2017. *See* Fed. R. Bankr. P. 8002(a), (b). Plaintiff did not notice an appeal of the Enforcement Order or the Reconsideration Order.

10.    On November 3, 2017, counsel to the Reorganized TCEH Debtors sent a second letter to Mr. Ponder. *See* Ex. 2, M. Thompson Letter to B. Ponder (Nov. 3, 2017). To facilitate Plaintiff's compliance with the Enforcement Order, the Reorganized TCEH Debtors provided a Word version of a draft notice of dismissal with prejudice. Later that day, at Mr. Ponder's request, the parties had another call to discuss the matter, and the Reorganized TCEH Debtors again asked Plaintiff to comply with the Enforcement Order.

11.    The Reorganized TCEH Debtors waited four more days for Plaintiff to comply with the Enforcement Order. On November 7, 2017—in a final effort to resolve the matter consensually—counsel to the Reorganized TCEH Debtors sent a third letter to Mr. Ponder. On November 15, 2017, counsel provided a draft copy of this Motion to Mr. Ponder.

12.    In sum, after 44 days, Plaintiff has not complied with the Enforcement Order, leaving the Reorganized TCEH Debtors with no option but to bring this Motion in an effort to enforce that order and to stop Plaintiff from violating this Court's discharge injunction.

## Argument

### I.    This Court Should Find Plaintiff in Civil Contempt of the Enforcement Order.

13.    A bankruptcy court has authority to enforce its own orders. *Travelers Indem. Co.*, 557 U.S. at 151 ("[T]he Bankruptcy Court plainly [has] jurisdiction to interpret and enforce its own prior orders."); *see also In re Continental Airlines, Inc.*, 236 B.R. 318, 325 (Bankr. D. Del. 1999) ("It is axiomatic that a court possesses the inherent authority to enforce its own orders.").

4

14.    To that end, the Court may enforce compliance with prior orders. This includes the power to issue civil contempt orders. *See Fernos-Lopez v. United States District Court*, 599 F.2d 1087, 1090-91 (1st Cir.), *cert. denied*, 444 U.S. 931 (1979) ("It was early recognized that bankruptcy courts are vested with contempt power. . . . The [B]ankruptcy [C]ode and rules provide for punishment of contemptuous conduct which occurs in bankruptcy proceedings."); *In re Lands End Leasing, Inc.*, 220 B.R. 226, 233 (Bankr. D.N.J. 1998) ("[T]he [bankruptcy] court has authority to find defendants in contempt of court.") (citing 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 9020).

15.    To impose a civil contempt order, there must be a showing that (1) a valid order of the court exists, (2) the contemnors had knowledge of the order, and (3) the contemnors disobeyed the order. *Id.* at 233-34; *see also In re Keane*, 110 B.R. 477, 482-83 (S.D. Cal. 1990) (citing authorities). Significantly, no showing of willfulness is required to impose civil contempt sanctions. *In re Snider Farms, Inc.*, 125 B.R. 993, 997-98 (Bankr. N.D. Ind. 1991); *In re McLean Indus.*, 68 B.R. 690, 701 (Bankr. S.D.N.Y. 1986); *In re Crabtree*, 39 B.R. 702, 710 (Bankr. E.D. Tenn. 1984).

16.    *First*, there is no question that the Enforcement Order is a valid order of this Court, and the period to appeal has expired. *Second*, Plaintiff had knowledge of the Enforcement Order because he filed a motion for rehearing. His counsel, Mr. Ponder, had knowledge of the Enforcement Order because he received three letters about it and had multiple telephone conversations with counsel to the Reorganized TCEH Debtors. *Third*, Plaintiff has disobeyed the Enforcement Order. It required the prompt dismissal with prejudice of the non-Experian defendants in the Oklahoma action. Despite 44 days to do so, multiple attempts by the

5

Reorganized TCEH Debtors to resolve it consensually, and the expiration of the period to appeal it, Plaintiff has not complied with the Enforcement Order.

17.    The Court may award damages for civil contempt under section 105 of the Bankruptcy Code. *In re Swanson*, 207 B.R. 76, 79 (Bankr. D.N.J. 1997) (citing 11 U.S.C. § 105); *see also In re Lands End Leasing*, 220 B.R. at 234; *In re Baker*, 195 B.R. 309, 316 (Bankr. D.N.J. 1996) ("The bankruptcy court has the power to sanction parties for contempt.")

18.    Monetary sanctions are an appropriate tool to "enforce compliance with a court order and to compensate a party damaged by a violation of that order." *In re Swanson*, 207 B.R. at 79; *In re Prommis Holdings, LLC*, No. 13-10551 (Bankr. D. Del. Apr. 15, 2014) (BLS) [D.I. 903] (granting motion to enforce plan injunction and awarding attorneys' fees incurred in dismissing enjoined action and prosecuting enforcement motion); *In re Kennedy*, 80 B.R. 673 (Bankr. D. Del. 1987) (awarding attorneys' fees incurred in bringing motion for contempt); *In re Ritchey*, 512 B.R. 847, 859, 872 (Bankr. S.D. Tex. 2014) (awarding monetary sanctions despite attorney's assertions that "he is not a bankruptcy attorney and was unaware of the effect of the discharge" and awarding $13,431.69 "as a form of sanctions for Ductwork's violation of the Discharge Order."). *See also* Oct. 3, 2017 Hr'g Tr. at 40:14-16 (Sontchi, J.) ("So he's had two shots, and he doesn't get any more—any further violation [of] the injunction will result in the awarded fees.").

19.    Here, a monetary sanction is appropriate because Plaintiff's willful disregard of this Court's Enforcement Order has necessitated further litigation—at the expense of this Court and the Reorganized TCEH Debtors.  A monetary sanction will also serve as an important reminder and deterrent to those, like Plaintiff, who seek to flout this Court's orders.

6

20.    The Reorganized TCEH Debtors will donate any recovery to TXU Energy Aid, which helps approximately 20,000 low income and elderly customers each year with bill-payment assistance to keep their homes powered and safe.    The Energy Aid Program is the largest bill-payment assistance program among electricity providers in the nation.

## Notice

21.    The Reorganized TCEH Debtors shall provide notice of this Motion on the date hereof via overnight delivery to Plaintiff and counsel to Plaintiff in the Oklahoma action.    The Reorganized TCEH Debtors shall provide notice of this Motion on the date hereof via U.S. first-class mail to the (a) Office of the United States Trustee for the District of Delaware and (b) those parties that have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b).    The Reorganized TCEH Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## Conclusion

The Reorganized TCEH Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and such other and further relief as is appropriate under the circumstances.

*[Remainder of page intentionally left blank.]*

7

Dated: November 16, 2017
Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:        collins@rlf.com
              defranceschi@rlf.com
              madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        edward.sassower@kirkland.com
              stephen.hessler@kirkland.com
              brian.schartz@kirkland.com
              aparna.yenamandra@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.sprayregen@kirkland.com
              marc.kieselstein@kirkland.com
              chad.husnick@kirkland.com
              steven.serajeddini@kirkland.com

Co-Counsel to the Reorganized TCEH Debtors

8