# **EXHIBIT 2**

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

601 Lexington Avenue
New York, NY 10022

McClain Thompson
To Call Writer Directly:
(212) 909-3279
mcclain.thompson@kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900

November 3, 2017

**Via E-Mail**

Brian L. Ponder
Brian Ponder LLP
200 Park Ave., Ste. 1700
New York, NY 10166
brian@brianponder.com

Re: In re Energy Future Holdings Corp., *et al.*, Case No. 14-10979 (Bankr. D. Del.); Vance Dotson v. Energy Future Holdings Corp., *et al.*, Case No. CIV-17-575-D (W.D. Okla.)

Counsel:

We write regarding the Bankruptcy Court's Enforcement Order and *Order* denying *Vance Dotson's Motion for Rehearing of Order Entered October 3, 2017* (dated October 17, 2017, the "Reconsideration Order"). *See* **Exhibit A**, **Exhibit B**.[1]

As you know, the Enforcement Order requires you and your client "to promptly dismiss with prejudice all [] claims and/or causes of action" against the non-Experian defendants in the Action. *See* Enforcement Order at 2. As you also know, the Bankruptcy Court denied Mr. Dotson's motion to reconsider the Enforcement Order, and the deadline to notice an appeal of the Reconsideration Order has expired.

Despite the Enforcement Order—and the expiration of the period to appeal it—you and your client have not acted promptly in the Western District of Oklahoma. To facilitate compliance—and avoid further unnecessary expense—we have attached a draft notice of voluntary dismissal with prejudice. *See* **Exhibit C**.

If, by no later than Tuesday, November 7, 2017, you and your client have not complied with the Enforcement Order, you will give us no choice but to seek appropriate relief. *See In re Prommis Holdings, LLC*, No. 13-10551 (Bankr. D. Del. Apr. 15, 2014) (BLS) [Docket No. 903] (granting motion to enforce plan injunction and awarding attorneys' fees incurred in dismissing

---

[1] Capitalized terms used but not defined herein shall have the meanings from our October 9, 2017 letter.

# KIRKLAND & ELLIS LLP

Brian L. Ponder
November 3, 2017
Page 2

enjoined action and prosecuting enforcement motion); *see also* Oct. 3, 2017 Hr'g Tr. at 40:14-16 (Sontchi, J.) ("So he's had two shots, and he doesn't get any more—any further violation [of] the injunction will result in the awarded fees.").

    We remain hopeful that we need not take further action in the Bankruptcy Court.

    Please confirm you have provided this letter and its exhibits to your client.

                            Sincerely,

                            */s/ McClain Thompson*

                            McClain Thompson

cc:    Tiffany L. Hill, Bryan M. Stephany, Rob Nelson, Jason M. Madron

## EXHIBIT A

**Enforcement Order**

Case 14-10979-CSS    Doc 12241-2    Filed 11/16/17    Page 4 of 14

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
|  | ) Re: D.I. 11932, 11933, 11934, 11937, 11996, 11997 |

### ORDER ENFORCING THE TCEH CONFIRMATION ORDER AND IMPOSING COSTS AND FEES FOR THE WILLFUL DISREGARD OF THE SAME

Upon the motion (the "Motion")[2] of the Reorganized TCEH Debtors for entry of an order (this "Order") (a) enforcing the TCEH Plan injunction and the TCEH Confirmation Order discharge against Plaintiff in connection with the Action and (b) permitting the Reorganized TCEH Debtors to recover actual costs and fees from Plaintiff for his willful disregard of the same, all as more fully described in the Motion; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334, Article XI of the TCEH Plan; paragraph 89 of the TCEH Confirmation Order; and *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009); and the Court having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] All capitalized terms not defined herein shall have the same meaning as in the Motion.

RLF1 18221666v.1

Court having found that notice of the Motion was adequate and appropriate under the particular circumstances; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon consideration of the record of the Hearing and all proceedings had before the Court; and upon the Court's findings of fact made on the record at the Hearing; and upon all of the evidence admitted into the record at the Hearing; and the Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief have been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED**:

1. The Motion is GRANTED, to the extent set forth herein.

2. Plaintiff shall promptly dismiss with prejudice all of claims and/or causes of action in the Action against the Reorganized TCEH Debtors and the non-Experian defendants, including, for the avoidance of doubt, Energy Future Holdings Corp., TXU Energy Retail Company LLC, TXU Energy Solutions Company LLC, TXU Energy Industries Company, TXU Energy Services Company LLC, TXU Energy Solutions Management Company LLC, TXU Energy Trading (Canada) Company, TXU Portfolio Management Company LP, TXU Portfolio Optimization Company LLC, TXU Energy Gas Asset Management Company, TXU Energy Holdings Company, TXU Energy Retail Company LP, TXU Energy Retail Management Company LLC, TXU Energy Services Company, and TXU Energy Solutions Company LP.

3. Plaintiff is forever and permanently enjoined from commencing or continuing any action or otherwise acting to assert any of the claims and/or causes of action asserted or that could have been asserted against the Reorganized TCEH Debtors in the Action.

Case 14-10979-CSS   Doc 12200   Filed 10/03/17   Page 3 of 3

4. Plaintiff is forever and permanently enjoined from contesting or challenging the enforceability of this Order in any court other than this Court or by a timely and perfected appeal of this Order to a court of competent jurisdiction.

5. The Reorganized TCEH Debtors' request for the recovery of fees and costs in connection with the Motion and the Action is DENIED WITHOUT PREJUDICE to the rights of the Reorganized TCEH Debtors to renew such request for all fees and costs based upon any further violation by Plaintiff of any of the injunctions set forth in the TCEH Plan, TCEH Confirmation Order, and/or this Order.

6. The Reorganized TCEH Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation or enforcement of this Order.

Dated: October 3, 2017  
Wilmington, Delaware

The Honorable Christopher S. Sontchi  
United States Bankruptcy Judge

RLF1 18221666v.1

# EXHIBIT B

**Reconsideration Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Energy Future Holdings Corp., et al. | : | Case No.: 14-10979 (CSS) |
| | : | Jointly Administered |
| | : | |
| Debtors. | : | Docket Nos.: 12048 |
| | : | |

## ORDER

Upon consideration of the *Vance Dotson's Motion for Rehearing of Order Entered October 3, 2017* [D.I. 12048] filed on October 12, 2017 (the "Motion for Reconsideration"); the Court having reviewed the Motion, as well as the related *Motion of the Reorganized TCEH Debtors for Entry of an Order Enforcing the TCEH Confirmation Order and Imposing Costs and Fees for the Willful Disregard of the Same* [D.I. 11932] (the "Motion to Enforce"), as well as Mr. Dotson's response thereto [D.I. 11997] (the "Response"); and the Court having held an evidentiary hearing on the Motion to Enforce on October 3, 2017 (the "Hearing"), and Mr. Dotson having not appeared at the Hearing; and at that Hearing, the Court having overruled the Response and Mr. Dotson's objections to the declarations filed by the above-captioned debtors; and the Court having entered its *Order Enforcing the TCEH Confirmation Order and Imposing Costs and Fees for the Willful Disregard of the Same* [D.I. 12000]; the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (iii) notice of the Motion for Reconsideration were sufficient notice under the circumstances; and (iv) the Court has judicial power to enter a final order.

IT IS HEREBY ORDERED that:

1. The Motion for Reconsideration is DENIED for failure to establish a *prima facie* case for reconsideration. The Motion for Reconsideration restates Mr. Dotson's position set forth in his Response, which was overruled at the Hearing based on the evidence and arguments presented at the Hearing (for which Mr. Dotson had notice but failed to appear). Mr. Dotson has presented no evidence nor argument in his Motion for Reconsideration that would meet the legal standard for a rehearing[1] or for reconsideration.[2] Furthermore, Mr. Dotson has not met his "heavy burden" in showing relief is appropriate under Rule 60.[3]

---

[1] Federal Rule of Bankruptcy Procedure, Rule 9023 incorporating Federal Rule Civil Procedure Rule 59(b) provides that a motion for a new trial shall be filed no later than 14 days after entry of judgment. Fed. R. Bankr. P. 9023. "Motions to vacate orders, motions for rehearings or for new trials, and like motions are addressed to the discretion of the trial court and are intended to call its attention to errors allegedly committed by it and to afford an opportunity for their correction." *In re Everett*, 29 B.R. 597, 602 (Bankr. E.D. Ark. 1983) (citations omitted). "Newly discovered evidence must be evidence in existence of which a party was excusably ignorant, discovered after trial. In addition facts implying reasonable diligence must be provided by the movant. The evidence must be material, and not cumulative or impeaching, and it must be such as to require a different result." *United States v. 41 Cases, More or Less*, 420 F.2d 1126, 1132 (5th Cir. 1970) (citation omitted"). In his Motion for Reconsideration, Mr. Dotson did not provide any evidence, did not allege any new evidence, and did not provide any new theories in support of his position. Thus, Mr. Dotson did not meet his burden for rehearing.

[2] *In re Energy Future Holdings Corp.*, No. 11636, 2017 WL 4404238, at *9 (Bankr. D. Del. Oct. 3, 2017) (". . . Fed.R.Civ.P. 60(b), incorporated by Fed. R. Bankr. P. 9024, allows a party to seek relief from a judgment, order, or proceeding for the following reasons: '(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.'" (citations omitted)). In his Motion for Reconsideration, Mr. Dotson only re-alleges his previous arguments and thus, Mr. Dotson does not meet his burden for reconsideration of the Court's order.

[3] *Id.* ("The framers of Rule 60(b) set a higher value on the social interest in the finality of litigation. A movant 'bears a heavy burden' in showing that relief is appropriate under Rule 60." (internal quotation mark and citations omitted)). Mr. Dotson has not provided any new information to disturb the finality of this Court's prior order.

2

2. The Court retains jurisdiction over all matters arising from or related to this Order.

_____
Christopher S. Sontchi
United States Bankruptcy Judge

Date: October 17, 2017

# **EXHIBIT C**

**Draft Notice of Voluntary Dismissal**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| Vance Dotson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. CIV-17-575-D |
| Energy Future Holdings Corp., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**[DRAFT] DISMISSAL WITH PREJUDICE**

Pursuant to the October 3, 2017 Order of the United States Bankruptcy Court for the District of Delaware in Case No. 14-10979, styled *In re: Energy Future Holdings Corp., et al.*, Plaintiff Vance Dotson hereby dismisses the above-captioned case with prejudice as against the following entities: Energy Future Holdings Corp., TXU Energy Retail Company LLC, TXU Energy Solutions Company LLC, TXU Energy Industries Company, TXU Energy Services Company LLC, TXU Energy Solutions Management Company LLC, TXU Energy Trading (Canada) Company, TXU Portfolio Management Company LP, TXU Portfolio Optimization Company LLC, TXU Energy Gas Asset Management Company, TXU Energy Holdings Company, TXU Energy Retail Company LP, TXU Energy Retail Management Company LLC, TXU Energy Services Company, and TXU Energy Solutions Company LP.

Dated this ____ day of November 2017.

2

                        Brian L. Ponder, NY: 5102751
                        BRIAN PONDER LLP
                        200 Park Ave., Suite 1700
                        New York, NY 10166
                        Telephone:   (646) 450-9461
                        Facsimile:    (646) 607-9238
                        Email:        brian@brianponder.com
                        **ATTORNEY FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I certify that on November ____, 2017, I filed the foregoing document with the Clerk of Court. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF system.

                        Brian L. Ponder