## Exhibit A

## Madron Declaration

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**DECLARATION OF JASON M. MADRON IN SUPPORT**
**OF THE EIGHTH INTERIM FEE APPLICATION OF RICHARDS,**
**LAYTON & FINGER, P.A., CO-ATTORNEYS FOR THE DEBTORS**
**AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM**
**SEPTEMBER 1, 2016 THROUGH AND INCLUDING DECEMBER 31, 2016**

I, Jason M. Madron, being duly sworn, state the following under penalty of perjury:

1.    I am Counsel in the law firm of Richards, Layton & Finger, P.A., located at 920 North King Street, Wilmington, Delaware 19801 ("RL&F"). I am a member in good standing of the Bar of the State of Delaware, and I have been admitted to practice in the United States Bankruptcy Court for the District of Delaware. There are no disciplinary proceedings pending against me.

2.    I have read the foregoing eighth interim fee application of RL&F, co-attorneys for the Debtors, for the Fee Period (the "Fee Application"). To the best of my knowledge, information, and belief, the statements contained in the Fee Application are true and correct. In addition, I believe that the Fee Application complies with Local Bankruptcy Rules 2016-1 and 2016-2.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

3.    In connection therewith, I hereby certify that:

   a)    to the best of my knowledge, information, and belief, formed after reasonable inquiry, the fees and disbursements sought in the Fee Application are permissible under the relevant rules, court orders, and Bankruptcy Code provisions, except as specifically set forth herein;

   b)    except to the extent disclosed in the Fee Application, the fees and disbursements sought in the Fee Application are billed at rates customarily employed by RL&F and generally accepted by RL&F's clients. In addition, none of the professionals seeking compensation varied their hourly rate based on the geographic location of the Debtors' case;

   c)    the Debtors agreed to accept all reasonable future rate increases;

   d)    RL&F is seeking compensation with respect to the approximately 49.8 hours and approximately $21,808.50 in fees spent preparing its fee statements and applications, including, without limitation, reviewing and revising time records and preparing, reviewing, and revising billing memoranda. RL&F concurrently revised its billing memoranda for privileged and confidential information and accordingly did not spend any additional time reviewing time records to redact such privileged or confidential information;

   e)    except as otherwise disclosed in the Fee Application, in providing a reimbursable expense, RL&F does not make a profit on that expense, whether the service is performed by RL&F in-house or through a third party;

   f)    in accordance with rule 2016(a) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 504, no agreement or understanding exists between RL&F and any other person (other than the directors of RL&F) for the sharing of compensation to be received in connection with the above cases except as authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules; and

   g)    all services for which compensation is sought were professional services on behalf of the Debtors and not on behalf of any other person.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

Jason M. Madron (No. 4431)

RLF1 18104904v.1