IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re )<br>ENERGY FUTURE HOLDINGS CORP., )<br>et al.,[1] )<br>)<br>Debtors. )<br>) | Chapter 11<br>Case No. 14-10979 (CSS)<br>(Jointly Administered) |
| )<br>ENERGY FUTURE HOLDINGS CORP., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VISTRA ENERGY CORP., )<br>)<br>Defendant. )<br>) | Adversary Proceeding<br>No. 17-51785 (CSS) |

## STIPULATION AND MODIFIED SCHEDULING ORDER

This matter came on for hearing in connection with the above-captioned Adversary Complaint (the "Complaint")[2] filed by plaintiff Energy Future Holdings Corp. ("EFH") against defendant Vistra Energy Corp. ("Vistra") and the Motion for a Temporary Restraining Order and Preliminary Injunction (and all related pleadings) filed by EFH (collectively, the "TRO Motion"); the Court having approved the parties' Stipulation and Scheduling Order [Dkt. 26] (the "Order") on October 13, 2017; EFH and Vistra having reported to the Court that they have stipulated and agreed to this Stipulation and Modified Scheduling Order (the "Modified

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Complaint.

Scheduling Order"); the Court having reviewed the Complaint, the TRO Motion, the Order, and the Modified Scheduling Order; the Court having considered the record, having found and determined that the relief requested in the Modified Scheduling Order is in the best interests of the Debtors and their estates; and the Court otherwise being fully advised in the premises, the Court **DOES HEREBY FIND AND ORDER AS FOLLOWS**:

A. EFH and Vistra are parties to a Tax Matters Agreement dated October 3, 2016 (the "TMA"). The TMA provides, in sections 2.04(e) and 9.02, that certain disputes are to be submitted to an Accounting Firm for "final and conclusive and binding" decision. The TMA also provides, in section 2.02(c), that any disputes with respect to the tax returns of Reorganized TCEH that the parties are unable to resolve are to be resolved by the Accounting Firm. Finally, section 9.02 of the TMA provides that the fees and expenses of the Accounting Firm shall be borne equally by the Parties.

B. EFH and Vistra have certain disputes under the TMA. One such dispute is whether the TMA mandates a specific methodology for allocating earnings and profits ("E&P") among and between EFH and Vistra. EFH contends that the TMA requires that E&P be allocated pursuant to the Separate Approach methodology. Vistra contends that the TMA requires that E&P be allocated pursuant to the Aggregate Approach.

C. On October 13, 2017, the Court issued the Scheduling Order, which set forth certain dates by which EFH and Vistra were to select an Accounting Firm and were to provide materials to the Accounting Firm. EFH and Vistra since have notified the Court that they have mutually agreed (with the consent of Elliott Management) to retain Herbert N. Beller, a Senior Lecturer on the Northwestern Law Faculty and Of Counsel at Eversheds Sutherland (US) LLP, in lieu of an Accounting Firm. EFH and Vistra have stipulated to a modified schedule for

submitting materials to Mr. Beller. Hiring Mr. Beller pursuant to the terms of the Court approved TMA and the terms of the Order is an action in the ordinary course of business of EFH. Mr. Beller is not being retained by EFH in connection with the duties of EFH under Chapter 11, Title 11, United States Code.

**THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE, AND IT IS HEREBY ORDERED, THAT:**

1. The Order is modified as set forth below.

2. EFH (with the consent of Elliott Management) and Vistra have agreed to select Mr. Herbert N. Beller to act in lieu of the Accounting Firm to resolve the disputes between EFH and Vistra under the TMA. Mr. Beller shall act as the "Accounting Firm" as that term is used in the TMA and in the Order. Mr. Beller shall represent to the parties, as a condition of his engagement, that he is capable of rendering a final decision by Thursday, February 1, 2018.

3. EFH and Vistra will provide detailed mutually agreeable directions to Professor Beller not later than 5:00 p.m. EST on Monday, November 20, 2017.

4. EFH and Vistra will provide written submissions to Mr. Beller no later than 5:00 p.m. EST, on Monday, November 20, 2017, and each party may provide written reply submissions to Mr. Beller no later than 5:00 p.m. EST on Friday, December 1, 2017. All submissions shall be provided to Mr. Beller, and concurrently to the other Party, by electronic delivery. In addition, each Party shall provide hard copies to Mr. Beller and his colleague, Amish Shah at Eversheds Sutherland (US) LLP, by FedEx.

5. If and to the extent Mr. Beller does not resolve the disputes by 5:00 p.m. EST, Thursday, February 1, 2018, or is unwilling/unable to resolve an issue, any party is free to seek expedited resolution of such issue or dispute by the Bankruptcy Court.

6. The Order previously set a status hearing on January 8, 2018 at 10:00 a.m. (ET). In light of the foregoing, this adversary proceeding shall be stayed until a status hearing is held by the Court on February 15, 2018, at 10:00 a.m. (ET).

7. All other terms and conditions of the Scheduling Order remain in full force and effect.

8. EFH and Vistra each shall pay 50% of the total fees and expenses incurred by Mr. Beller. Mr. Beller does not need to be retained by EFH under Section 327 of the Bankruptcy Code; therefore, Mr. Beller does not need to file any applications for payment or reimbursement of his fees and expenses pursuant to the Bankruptcy Code, the Bankruptcy Rules, local rules of the Court or prior orders of the Court.

9. Notwithstanding the possible application of Bankruptcy Rules 6004(b), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. The Bankruptcy Court reserves jurisdiction over the parties to resolve any and all disputes that may arise under this Order and all matters arising from or related to the implementation of this Order.

**STIPULATED AND AGREED:**

| | |
|---|---|
| VISTRA ENERGY CORP | ENERGY FUTURE HOLDINGS CORP. |

By:   <u>/s/ Andrew J. Ehrlich</u>
      One of its Attorneys

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

Alan W. Kornberg (admitted pro hac vice)
Andrew J. Ehrlich (admitted pro hac vice)
George W. Kroup (admitted pro hac vice)
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: 212-373-3000
Facsimile: 212-757-3900
Email: akornberg@paulweiss.com
       aehrlich@paulweiss.com
       gkroup@paulweiss.com

By:   <u>/s/ Michael A. Firestein</u>
      One of its Attorneys

**PROSKAUER ROSE LLP**

Michael A. Firestein (admitted pro hac vice)
2049 Century Park East, 32nd Floor
Los Angeles, CA 90067-3206
Telephone: 310-284-5661
Facsimile: 310-557-2196
Email: mfirestein@proskauer.com

-and-

Mark K. Thomas (admitted pro hac vice)
Peter J. Young (admitted pro hac vice)
Three First National Plaza
70 W. Madison Street, Suite 3800
Chicago, IL 60602
Telephone: 312-962-3550
Facsimile: 312-962-3551
Email: mthomas@proskauer.com
       pyoung@proskauer.com

**SO ORDERED:**

Dated: November _17_, 2017
Wilmington, Delaware

_[signature]_

UNITED STATES BANKRUPTCY COURT