# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> ENERGY FUTURE HOLDINGS CORP., et al.,[1] <br><br> Debtors. | ) Chapter 11 <br> ) <br> ) Case No. 14-10979 (CSS) <br> ) Jointly Administered <br> ) <br> ) **Hearing Date: December 11, 2017 at 10:00 a.m.** <br> ) **Obj. Deadline: December 4, 2017 at 4:00 p m.** |

## EFH INDENTURE TRUSTEE'S MOTION FOR PAYMENT OF ALLOWED ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(b)(1)(A)

American Stock Transfer & Trust Company, LLC ("AST"), as successor trustee to The Bank of New York Mellon Trust Company, N.A. (in such capacity, the "EFH Indenture Trustee") for certain notes (the "EFH Notes" and the related indentures, the "EFH Notes Indentures"), files this motion (the "Motion") pursuant to section 503(b)(1)(A) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") requesting entry of an order requiring Energy Future Holdings Corp. ("EFH Corp.") to pay to the EFH Indenture Trustee the unpaid portion of its allowed administrative expense claim under sections 503(b)(3)(D), 503(b)(4) and 503(b)(5) of the Bankruptcy Code, as determined by the Court on the record at the February 17, 2017 hearing on the *Eighth Amended Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the EFH Debtors and EFIH Debtors* and at the December 3, 2015 hearing on the *Sixth Amended Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification Numbers is not provided herein.

1

*Bankruptcy Code* (together, the "Confirmation Hearings"). In support of this Motion, the EFH Indenture Trustee respectfully states as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012*. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The EFH Indenture Trustee consents to the entry of a final order by the Court in connection with this Motion in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. The statutory predicate for the relief requested is Bankruptcy Code section 503(b)(1)(A).

## RELEVANT BACKGROUND

**A.     Prior Allowance of EFH Indenture Trustee's Substantial Contribution Claim**

   (i)     **Sixth Plan**

5. On December 9, 2015, the Court entered an order [D.I. 7285] (the "Sixth Confirmation Order") confirming the *Sixth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 7235] (the "Sixth Plan"). Article IV.R of the Sixth Plan provided that, among other things, the Debtors

would pay on the Effective Date, up to $5.5 million of the reasonable and documented fees and expenses (including professional and other advisory fees and expenses) of the EFH Indenture Trustee.  In paragraph 118 of the Sixth Confirmation Order the Court found that the EFH Indenture Trustee made "in accordance with sections 503(b)(3)(D), 503(b)(4), and 503(b)(5) of the Bankruptcy Code, a substantial contribution in these cases as set forth in the Confirmation Ruling . . . ." Sixth Confirmation Order, at ¶ 118.

6. Subsequently, on December 16, 2015 the Court entered the *Order Approving Additional Relief In Connection with EFH Notes Trustee* [D.I. 7376] ("EFH Notes Charging Lien Order") which provided that:

> The EFH Debtors shall advance, within ten (10) calendar days of entry of this EFH Notes Charging Lien Order, to the EFH Notes Trustee funds in an amount sufficient to cover any charging lien obligations (irrespective of amounts payable by the Debtors on the Effective Date under Article IV.R of the Plan) of the Holders of the EFH Legacy Notes, the EFH LBO Notes, and the EFH Unexchanged Notes (each as defined in the EFH Settlement Agreement, and collectively, the "EFH Notes") under the EFH Legacy Note Indentures, EFH LBO Note Indenture, and the EFH Unexchanged Note Indentures (each as defined in the EFH Settlement Agreement), respectively, through and including the date of the entry of the order approving the EFH Settlement Agreement (the "EFH Charging Lien Advance").

EFH Notes Charging Lien Order, at ¶ 2.  Under that order, the EFH Debtors agreed that payments to be made to the EFH Indenture Trustee under the EFH Notes Charging Lien Order were to be treated as an advance against AST's charging lien in order to provide for immediate payment of AST's fees and expenses.  The Sixth Plan did not go effective.

(ii) **Eighth Plan**

7. On February 17, 2017, the Court entered an order [D.I. 10859] (the "Eighth Confirmation Order") confirming the *Eighth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 10853] (the

3

"Eighth Plan"). In connection with confirmation of the Eighth Plan, the Court determined that the EFH Indenture Trustee made a substantial contribution to these chapter 11 cases. At the hearing held on February 17, 2017, the Court stated:

> Like I found with the last plan that was confirmed in December of 2015, I believe that the indentured [*sic*] trustee for the EFH noteholders has provided a substantial contribution to the debtor's estate that would justify a payment of administrative expense claim for those fees and expenses.

Hr'g Tr. 20:13-18 (Feb. 17, 2017). Consistent with the Court's finding at the February 17, 2017 hearing, and in keeping with the expectation of a prompt closing in connection with the Eighth Plan, the Eighth Confirmation Order provided for the allowance of the EFH Indenture Trustee's substantial contribution claim:

> With respect to the payment of fees and expenses pursuant to Article IV.R. of the Plan asserted by the EFH Notes Trustee, the Court has found to have made, in accordance with sections 503(b)(3)(D), 503(b)(4), and 503(b)(5) of the Bankruptcy Code, a substantial contribution in these cases as set forth in the Confirmation Ruling, shall submit to the Debtors a short-form invoice setting forth such amounts and the period(s) during which such amounts were incurred. No later than the later of five business days after the Debtors' receipt of each such short-form invoice or the Effective Date, the Debtors shall pay to the applicable Requesting Party 80% of the requested fees and 100% of the requested expenses, which amounts shall be subject to disgorgement if and to the extent the Court determines that such requested fees and expenses are not reasonable

Eighth Confirmation Order, at ¶ 110. On July 6, 2017, EFH Corp. and EFIH delivered a notice terminating that certain merger agreement with NextEra Energy Inc., which caused the Eighth Plan to be null and void. *See Notice of Filing of Letters Terminating (A) the NEE Plan Support Agreement and (B) the NEE Merger Agreement* [D.I. 11424].

    (iii)    **Current Plan**

8.    On September 11, 2017, the Debtors filed the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 11887] (the "Sempra Plan"). Article IV.N of the Sempra Plan provides for payment of the EFH Indenture Trustee's substantial contribution claim as an administrative expense.

9.    On November 1, 2017, the Debtors reported that all voting classes voted to accept the Sempra Plan. *See Declaration of Jane Sullivan on Behalf of Epiq Bankruptcy Solutions, LLC, Regarding Voting and Tabulation of Ballots Cast on First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12164].

## RELIEF REQUESTED

10.    With this Motion, the EFH Indenture Trustee respectfully requests that the Court enter an order directing the payment of the unpaid portion of the EFH Indenture Trustee's allowed administrative expense claim against EFH Corp., pursuant to sections 503(b)(3)(D), 503(b)(4) and 503(b)(5) of the Bankruptcy Code, in favor of the EFH Indenture Trustee in the aggregate amount of up to $8.7 million in reasonable and documented fees and expenses incurred through February 17, 2017, including professional and other advisory fees and expenses (said unpaid portion, together with the amounts previously paid pursuant to the EFH Notes Charging Lien Order, the "Substantial Contribution Claim"), subject to a twenty percent (20%) holdback on fees pending review by the fee review committee appointed in these chapter 11 cases [D.I. 1891] (the "Fee Committee") on account of the EFH Indenture Trustee's documented

substantial contributions to these chapter 11 cases. In addition, as the attached Order provides, the EFH Indenture Trustee is requesting that the amounts previously paid under the EFH Notes Charging Lien Order be deemed an allowed administrative expense, subject only to Fee Committee review.

## BASIS FOR RELIEF REQUESTED

11.  "In general, courts have discretion to determine when an administrative expense claim will be paid. In determining the time of payment, courts consider prejudice to the debtor, hardship to the claimant, and potential detriment to other creditors." *In re NE OPCO, Inc.*, 501 B.R. 233, 259 (Bankr. D. Del. 2013) (citing *In re Garden Ridge Corp.*, 323 B.R. 136, 143 (Bankr. D. Del. 2005) (*citing HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002).

12.  At the Confirmation Hearings, the Court previously determined that the EFH Indenture Trustee has made a substantial contribution to these chapter 11 cases. However, at this juncture, it is unknown when the Sempra Plan will be confirmed and go effective and thus when the unpaid portion EFH Indenture Trustee's Substantial Contribution Claim will be paid. This uncertainty results in hardship to the EFH Indenture Trustee.

13.  Further, the EFH Indenture Trustee submits there is no prejudice to the Debtors or detriment to other creditors since the Court has already allowed the Substantial Contribution Claim. According to the most recently filed operating report, EFH Corp. is holding more than $355 million in cash and cash equivalents. *See Debtor-In-Possession Monthly Operating Report for Filing Period August 2017* [D.I. 12110]. In addition, under the Sempra Plan, the Debtors anticipate that there will be significant cash on hand at EFH Corp. to satisfy the allowed claim against EFH Corp. *See Disclosure Statement for the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding*

*Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 11889], at Art. V.A.2.  It should also be noted that all voting classes voted to accept the Sempra Plan.  *See Declaration of Jane Sullivan on Behalf of Epiq Bankruptcy Solutions, LLC, Regarding Voting and Tabulation of Ballots Cast on First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12164].  Article IV.N of the Sempra Plan provides for payment of the Substantial Contribution Claim as an administrative expense.

14.     Lastly, upon information and belief, it appears that EFH Corp. does not have any significant accrued but unpaid administrative expense claims that are not professional fee claims.  Indeed, the disclosure statement for the Sempra Plan does not reveal any significant unpaid administrative expense claims against EFH Corp.  *See Disclosure Statement for the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 11889].  Since EFH Corp. is not an operating company it is logical that EFH Corp. would not accrue significant administrative expenses.  Accordingly, the unpaid portion of the EFH Indenture Trustee's substantial contribution claim appears to be the only unpaid non-professional fee administrative expense in EFH Corp.'s chapter 11 case.  The EFH Indenture Trustee submits there is no prejudice to the Debtors or harm to other creditors if the unpaid portion of its Substantial Contribution Claim is paid in advance of the effective date of the current plan.

**CONCLUSION**

15.    For the foregoing reasons, the EFH Indenture Trustee requests that the Court enter an order approving the Motion and grant such other relief as is just and proper.

Dated: Wilmington, DE
November 20, 2017

**CROSS & SIMON, LLC**

By: */s/ Christopher P. Simon*
Christopher P. Simon (Del. Bar No. 3697)
1105 North Market Street, Suite 901
Wilmington, Delaware 19801
Telephone: (302) 777-4200
Facsimile: (302) 777-4224
csimon@crosslaw.com

- and –

NIXON PEABODY LLP
Amanda D. Darwin
Richard C. Pedone
George J. Skelly
100 Summer Street
Boston, Massachusetts 02110
Telephone: (617) 345-1000
Facsimile: (617) 345-1300
adarwin@nixonpeabody.com
rpedone@nixonpeabody.com
gskelly@nixonpeabody.com

-and-

Christopher J. Fong
55 West 46th Street
New York, NY 10036
Telephone: 212-940-3724
Facsimile: 855-900-8613
cfong@nixonpeabody.com

*Co- Counsel to American Stock Transfer & Trust Company, LLC, as Indenture Trustee*