**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> ENERGY FUTURE HOLDINGS CORP., et al.,[1] <br><br><br> Debtors. | ) Chapter 11 <br> ) <br> ) Case No. 14-10979 (CSS) <br> ) <br> ) Jointly Administered <br> ) <br> ) **Re: Docket No. \_\_\_\_** <br> ) |

**ORDER GRANTING EFH INDENTURE TRUSTEE'S MOTION FOR IMMEDIATE
PAYMENT OF ALLOWED ADMINISTRATIVE EXPENSE CLAIM PURSUANT
TO 11 U.S.C. § 503(b)(1)(A)**

Upon consideration of the *EFH Indenture Trustee's Motion For Immediate Payment Of Allowed Administrative Expense Claim Pursuant To 11 U.S.C. § 503(b)(1)(A)* (the "Motion");[2] and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the requested relief in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.   The Motion is GRANTED.

2.   The Court directs EFH Corp. to pay the EFH Indenture Trustee's Substantial Contribution Claim against EFH Corp., pursuant to sections 503(b)(3)(D), 503(b)(4) and

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification Numbers is not provided herein.

[2]   Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

1

503(b)(5) of the Bankruptcy Code, incurred by the EFH Indenture Trustee (the "EFH Indenture Trustee Fees and Expenses") in accordance with the procedures set forth in this Order.

3. After entry of this Order, with respect to the unpaid portion of the Substantial Contribution Claim in the aggregate amount of up to $8.7 million, the EFH Indenture Trustee and/or the applicable professional (a "Requesting Party") shall submit to the Debtors short-form invoices setting forth the recipients, amounts, and time periods of the unpaid Substantial Contribution Claim. No later than 10 business days after the Debtors' receipt of each such short-form invoice, the Debtors shall pay to the applicable Requesting Party 80% of the requested fees and 100% of the requested expenses, which amounts shall be subject to disgorgement if and to the extent the Court determines that such requested fees and expenses are not reasonable. Within 45 days of receipt of payment for the unpaid portion of the Substantial Contribution Claim, the applicable Requesting Party shall submit full invoices for all previously paid or incurred but unpaid EFH Indenture Trustee Fees and Expenses that are part of the Substantial Contribution Claim (a "Fee Request") to the Debtors, the U.S. Trustee, and the fee review committee appointed in these chapter 11 cases [D.I. 1891] (the "Fee Committee") in LEDES format (or, in the absence thereof, such other format as is mutually agreed among the Requesting Party, the Debtors, the U.S. Trustee, and the Fee Committee).

4. Following the Fee Committee's receipt of a Fee Request, within reasonable time periods, to be determined either by the Fee Committee and the relevant professionals or by the Court:

    (a) the Fee Committee shall send a confidential letter to the applicable Requesting Party regarding the Fee Committee's initial report and recommendation with respect to the applicable Fee Request;

    (b) the Fee Committee shall file with the Court a final report and recommendation ("Fee Committee Recommendation") with respect to such Fee Request and the U.S. Trustee shall file with the Court any

                objection or comments it may have with respect to such Fee Request ("U.S. Trustee Objection");

(c)      the applicable Requesting Party may file with the Court a response ("Fee Response") to such Fee Committee Recommendation or U.S. Trustee Objection; and

(d)      the Court shall consider each Fee Request at the next omnibus hearing or at a scheduled Fee Committee hearing on retained professional fee applications.

5.      No later than 10 days following the Court's ruling with respect to a Fee Request, EFH Corp. or any established EFH Plan Administrator Board shall pay any unpaid amounts with respect to such Fee Request as ordered by the Court (or if previously paid pursuant to that certain *Order Approving Additional Relief in Connection with Settlement with EFH Notes Trustee* [D.I. 7376], such paid amounts, to the extent determined to have been reasonable and documented, shall be deemed to have been paid as an allowed administrative expense pursuant to sections 503(b)(3)(D), 503(b)(4) and 503(b)(5) of the Bankruptcy Code), or the Requesting Party shall disgorge to the EFH Plan Administrator Board such amounts ordered by the Court, as applicable.

6.      For the avoidance of doubt, the Requesting Parties and the Fee Requests shall not be required to comply with (a) the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware or other orders in these chapter 11 cases with respect to fee applications, including the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896], or (b) Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases, 78 Fed. Reg. No. 116, page 36248 (June 17, 2013).

7.      This Order is without prejudice to the EFH Indenture Trustee's rights to seek payment of any additional asserted administrative expense claims or to exercise its charging lien

under the EFH Notes Indentures for fees and expenses provided for under the EFH Notes Indentures for any amounts due but not paid.

8. This Order is effective and enforceable immediately upon entry.

9. This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

Dated: ________________, 2017
Wilmington, DE

______________________________
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge