# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>ENERGY FUTURE<br>HOLDINGS CORP., *et al.*,<br><br>*Debtors.* | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>**Hearing Date: Dec. 11, 2017 at 10:00 a.m. (ET) (REQUESTED)**<br>**Objections Due: Dec. 6, 2017 at 4:00 p.m. (ET) (REQUESTED)**<br>**Re: Dkt. Nos. 12075 & 12213** |

### ELLIOTT FUNDS' MOTION FOR ENTRY OF AN ORDER STRIKING CERTAIN ITEMS FROM APPELLANT NEXTERA ENERGY, INC.'S STATEMENT OF ISSUES AND DESIGNATION OF RECORD ON APPEAL FROM THE OCTOBER 18, 2017 RECONSIDERATION ORDER

Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively "Elliott" or the "Elliott Funds"), by and through their undersigned counsel, respectfully submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), striking certain items contained in the *Statement of Issues and Designation of Record on Appeal from the October 18, 2017 Reconsideration Order* [Dkt. No. 12213] (the "Appellant's Designation") filed by NextEra Energy, Inc. ("NextEra" or "Appellant") in connection with NextEra's appeal from the *Order Granting the Motion To Reconsider of Elliott Associates, L.P. and Denying the Application of NextEra Energy Inc. for Payment of Administrative Claim* [Dkt. No. 12075] (the "Reconsideration Order"). In support of this Motion, Elliott respectfully represents as follows:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408

and 1409. This is a core proceeding under 28 U.S.C. § 157(b). Pursuant to Local Rule 9013-1(f), Elliott consents to entry of a final order with respect to this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. The statutory basis for the relief requested herein is Bankruptcy Rule 8009.

## BACKGROUND

**A.     The NextEra Merger Agreement**

2.      On July 29, 2016, Debtors Energy Future Holdings Corp. ("EFH") and Energy Future Intermediate Holding Company LLC ("EFIH" and, together with EFH and the remaining debtors and debtors in possession in these cases, the "E-Side Debtors") entered into an Agreement and Plan of Merger (the "Merger Agreement") with NextEra and thereafter sought its approval by the Court.

3.      The Merger Agreement contemplated NextEra's acquisition of the E-Side Debtors' ownership interest in Oncor Electric Delivery Company LLC ("Oncor"), and included a provision for a termination fee of $275 million (the "Termination Fee") payable to NextEra under certain circumstances.

4.      On September 19, 2016, this Court entered an order authorizing the E-Side Debtors' entry into the Merger Agreement and approving the Termination Fee (the "Termination Fee Order"). Dkt. No. 9584.

5.      On October 31, 2016, Oncor and NextEra submitted a joint application to the Public Utilities Commission of Texas (the "PUCT"). On April 13, 2017, the PUCT denied the parties' joint application citing, among other things, an impasse between the PUCT and NextEra over certain critical "deal-killer" terms, as well as a number of other fundamental defects in the joint application.

6. On July 6, 2017, after it became clear that the deal was dead, the E-Side Debtors terminated the Merger Agreement. *See* Dkt. No. 11424.

**B. The Reconsideration Order**

7. On July 29, 2017, Elliott filed a *Motion to Reconsider in Part the September 19, 2016 Order [Dkt. No. 9584] Approving the NextEra Termination Fee* (the "Reconsideration Motion") seeking entry of an order, among other things, reconsidering the Termination Fee Order to the limited extent that it authorized the E-Side Debtors to pay the Termination Fee when no PUCT approval was obtained for the proposed NextEra merger transaction. Dkt. No. 11636.

8. On July 31, 2017, NextEra filed an application seeking allowance and payment of the Termination Fee as an administrative expense (the "NextEra Application"). Dkt. No. 11649.

9. On August 3, 2017, the E-Side Debtors initiated an adversary proceeding (the "Adversary Proceeding") against NextEra by filing a complaint seeking, among other things, a declaratory judgment that NextEra breached the Merger Agreement and that the Termination Fee is not payable to NextEra. Dkt. No. 11668.

10. Following a meet-and-confer and related negotiations, Elliott, the E-Side Debtors, and NextEra entered into a stipulation approved by the Court (the "Reconsideration Stipulation") [Dkt. No. 11716] setting forth, among other things, scheduling, discovery, and the specific documents that would constitute the record for purposes of the Reconsideration Motion (the "Reconsideration Record"). *See* Reconsideration Stipulation at ¶¶ 7–10.

11. The Reconsideration Stipulation further provides that (a) "[n]o Party may argue an alleged fact not contained in the Reconsideration Record," and (b) "the Court should strike references to alleged facts not appearing in the Reconsideration Record." Reconsideration Stipulation, ¶¶ 9–10.

12. On September 7, 2017, NextEra and the E-Side Debtors filed their respective objections to the Reconsideration Motion [Dkt. Nos. 11876 and 11636], and on September 14, 2017, Elliott filed its reply in support of the Reconsideration Motion [Dkt. No. 11905].

13. On September 19, 2017, at the conclusion of a hearing on the Reconsideration Motion, the Court issued a bench ruling granting the Reconsideration Motion, and on October 3, 2017, the Court issued its opinion on the Reconsideration Motion. Dkt. No. 11998.

14. On October 18, 2017, the Court entered the Reconsideration Order, among other things, granting the Reconsideration Motion. As set forth in more detail in the Reconsideration Order, the Court, among other things, (a) granted the Reconsideration Motion, (b) denied the NextEra Application, and (c) stayed all further actions and proceedings in the Adversary Proceeding.

C.  **The Appeal and Appellant's Designation**

15. On October 30, 2017, NextEra filed a notice of appeal of the Reconsideration Order. Dkt. No. 12141. Thereafter, on November 10, 2017, NextEra filed the Appellant's Designation. Dkt. No. 12213.

16. Item numbers 41 through 87 listed in the Appellant's Designation (collectively, the "<u>Improper Designation Items</u>") consist of items that were filed or entered on the docket in the Adversary Proceeding. Except as set forth below, the Improper Designation Items were not included as part of the Reconsideration Record as expressly set forth in the Reconsideration Stipulation, and were not considered by the Court in reaching its decision on the Reconsideration Motion and in entering the Reconsideration Order.

**RELIEF REQUESTED**

17. By this Motion, Elliott seeks entry of an order, pursuant to Bankruptcy Rule 8009, striking the Improper Designation Items from the Appellant's Designation and the record on

appeal. As discussed below (and except as noted below), the Improper Designation Items were not considered by the Court in ruling on the Reconsideration Motion and entering the Reconsideration Order. Therefore, they are not properly items to be included in the record on appeal.

## BASIS FOR RELIEF

18. Bankruptcy Rule 8009(e)(1) provides that "[i]f an item has been improperly designated as part of the record on appeal, a party may move to strike that item." Although NextEra has appealed the Reconsideration Order and the parties have agreed to jointly certify the appeal to the Third Circuit Court of Appeals, this Court retains jurisdiction to hear this Motion and this is the proper forum in which to determine the contents of the record on appeal. *See Fryer v. Enter. Bank*, 2006 WL 3052165, at *5 (W.D. Pa. Oct. 23, 2006) ("The Bankruptcy Court resolves disputes over the proper contents of the appellate record in the first instance.") (quoting *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 802 (E.D. Pa. 1986)); *see also NWL Holdings, Inc. v. Eden Ctr. (In re Ames Dep't Stores, Inc.)*, 320 B.R. 518, 521 (Bankr. S.D.N.Y. 2005) ("[T]he bankruptcy court knows best what was before it and what it considered in making its ruling."). As such, this Court may appropriately oversee a party's designation of the record and strike irrelevant or inappropriate items where necessary.

19. It is well-settled that the record on appeal from a bankruptcy court "is limited to review of the evidence before the Bankruptcy Court and which was made a part of the record at the time the . . . decision was rendered." *Halvajian v. Bank of New York (In re Halvajian*, 216 B.R. 502, 509 (D.N.J. 1998); *see also Glob. Outreach, LLC v. YA Glob. Investments, L.P.*, 2013 WL 1339173, at *3 (D.N.J. Mar. 28, 2013) (quoting *Halvajian*); *In re Chateaugay Corp.*, 64 B.R. 990, 995 (S.D.N.Y. 1986) (the record on appeal should include only the "documents and

evidence bearing on the proceedings below and considered by the bankruptcy judge in reaching his decision." (internal citations omitted).

20. Any item not considered by the Bankruptcy Court in making its decision should not be included in the record on appeal and should be stricken if improperly designated by a party. *See Neshaminy*, 62 B.R. at 802 ("Items not before the Bankruptcy Court and not considered by it in rendering its decision may not be included in the record.") (internal citations and quotations omitted); *Ames Dep't Stores*, 320 B.R. at 521 ("The record on appeal should contain all items considered by the bankruptcy court in reaching a decision. . . . Conversely, if an item was not considered by the court, it should be stricken from the record on appeal.").

21. NextEra's inclusion of the Improper Designation Items in Appellant's Designation violates Bankruptcy Rule 8009 and is contrary to applicable law. Except as set forth below, the Improper Designation Items consist solely of items filed in the Adversary Proceeding. Yet, no Adversary Proceeding filings were part of the agreed-upon Reconsideration Record established by the Reconsideration Stipulation, and they were not considered by the Court in ruling on the Reconsideration Motion. The Court stayed the Adversary Proceeding, but otherwise made no reference to any documents filed in the Adversary Proceeding and did not issue any substantive ruling on the merits of the Adversary Proceeding, and NextEra has not filed a notice of appeal in the Adversary Proceeding.

22. In addition, the parties expressly agreed, and this Court so-ordered, that (a) "[n]o Party may argue an alleged fact not contained in the Reconsideration Record," and (b) "the Court should strike references to alleged facts not appearing in the Reconsideration Record." Reconsideration Stipulation, ¶¶ 9–10. Accordingly, the Improper Designation Items may not be included in the record on appeal and should be stricken from the Appellant's Designation.

23.     Notwithstanding the foregoing, contemporaneously herewith, Elliott is filing a designation of additional items to be included in the record on appeal from the Reconsideration Order (the "Elliott Counter-Designation") pursuant to Bankruptcy Rule 8009(a)(2). In the Elliott Counter-Designation, Elliott lists the following documents, among others, to be included in the record on NextEra's appeal from the Reconsideration Order:

   a) Adversary Complaint – Energy Future Holdings Corp. and Energy Future Intermediate Holding Company, LLC against NextEra Energy, Inc. [Dkt. No. 11668];

   b) Plaintiff Energy Future Holdings Corp. and Energy Future Intermediate Holding Company LLC's Motion to Consolidate and Set a Rule 7016 Scheduling Conference [Dkt. No. 11669];

   c) Stipulation and Order Regarding Elliott's Motion To Reconsider [Dkt. No. 11716]; and

   d) Order Consolidating Certain Termination Fee Proceedings and Setting a Rule 7016 Scheduling Conference [Dkt. No. 11774] (collectively, the "Additional Items").

24.     Each of these documents was filed or entered, as applicable, in the main bankruptcy case (Case No. 14-10979 (CSS)) and the Adversary Proceeding. Elliott is including the Additional Items in the Elliott Counter-Designation because they were specifically referenced in the Reconsideration Stipulation and is doing so solely as filings in the main bankruptcy case and not as filings in the Adversary Proceeding.

## NOTICE

25.     Elliott has served notice of this Motion on (a) counsel to the E-Side Debtors, (b) counsel to NextEra, (c) the official committee of unsecured creditors, (d) the Office of the United States Trustee for the District of Delaware, and (e) all parties requesting notice in these cases. Elliott submits that, in light of the nature of the relief requested, no other or further notice is necessary or required.

## NO PRIOR REQUEST

26. No prior request for the relief sought herein has been made by Elliott to this or any other court.

## CONCLUSION

WHEREFORE, Elliott respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) striking the Improper Designation Items from the Appellant's Designation and the record on appeal, and (ii) granting such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Wilmington, Delaware<br>Date: November 27, 2017 | BAYARD, P.A.<br><br>*/s/ Erin R. Fay*<br>Scott D. Cousins (No. 3079)<br>Erin R. Fay (No. 5268)<br>Evan T. Miller (No. 5364)<br>600 N. King Street, Suite 400<br>Wilmington, Delaware 19801<br>Phone: (302) 655-5000<br>Facsimile: (302) 658-6395<br>Email: scousins@bayardlaw.com<br>      efay@bayardlaw.com<br>      emiller@bayardlaw.com<br><br>-and-<br><br>ROPES & GRAY LLP<br>Keith H. Wofford<br>Gregg M. Galardi<br>1211 Avenue of the Americas<br>New York, NY 10036-8704<br>Telephone: (212) 596-9000<br>Facsimile: (212) 596-9090<br>Email: Keith.Wofford@ropesgray.com<br>      Gregg.Galardi@ropesgray.com<br><br>*Counsel to the Elliott Funds* |