# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>ENERGY FUTURE<br>HOLDINGS CORP., *et al.*,<br><br>*Debtors.* | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 12275** |

**MOTION OF THE ELLIOTT FUNDS
FOR ENTRY OF AN ORDER SHORTENING
NOTICE WITH RESPECT TO THE ELLIOTT FUNDS'
MOTION FOR ENTRY OF AN ORDER STRIKING CERTAIN
ITEMS FROM APPELLANT NEXTERA ENERGY, INC.'S STATEMENT OF
ISSUES AND DESIGNATION OF RECORD ON APPEAL FROM THE
<u>OCTOBER 18, 2017 RECONSIDERATION ORDER</u>**

Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, "<u>Elliott</u>" or the "<u>Elliott Funds</u>") respectfully move for entry of an order pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), substantially in the form of the proposed order attached hereto, shortening notice with respect to the *Motion of The Elliott Funds for Entry of An Order Striking Certain Items from Appellant NextEra Energy, Inc.'s Statement of Issues and Designation of Record on Appeal from the October 18, 2017 Reconsideration Order* (the "<u>Motion to Strike</u>")[1] filed contemporaneously herewith. In support of this motion to shorten, Elliott respectfully states as follows:

---
[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Motion to Strike.

## JURISDICTION

1. The Court has jurisdiction over this motion to shorten pursuant to 28 U.S.C. § 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and may be determined by this Court. Pursuant to Local Rule 9013-1(f), Elliott consents to entry of a final order with respect to the motion to shorten to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. The bases for the relief requested herein are Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(e).

## BACKGROUND

3. The relevant factual and procedural background is set forth in the Motion to Strike, which is incorporated herein by reference. In summary, the Motion to Strike seeks an order striking certain items from the *Statement of Issues and Designation of Record on Appeal from the October 18, 2017 Reconsideration Order* [Dkt. No. 12213] (the "Appellant's Designation") filed by NextEra Energy, Inc. ("NextEra" or "Appellant"). The Appellant's Designation contains several items improperly designated by Appellant for the record on appeal (collectively, the "Improper Designation Items").

4. The Improper Designation Items were filed or entered on the docket as part of an adversary proceeding initiated by Energy Future Holdings Corp. and Energy Future Intermediate Holding Company, LLC (the "E-Side Debtors") against NextEra. The Court did not consider the Improper Designation Items in issuing the order from

which NextEra now appeals. Furthermore, as part of a stipulation entered into between Elliott, the E-Side Debtors, and NextEra, which was so-ordered by the Court on August 10, 2017 [Dkt. No. 11716] (the "So-Ordered Stipulation"), the parties agreed on the specific documents that would constitute the record for purposes of the Reconsideration Motion (the "Reconsideration Record"). Except as set forth in the Motion to Strike, the Improper Designation Items were not included in the So-Ordered Stipulation as being part of the Reconsideration Record.

5. The parties are currently seeking an expedited appeal process in connection with the Reconsideration Order. On November 10, 2017, NextEra, Elliott, and the E-Side Debtors submitted a joint certification to this Court seeking direct appeal to the Third Circuit Court of Appeals on the ground that an immediate appeal may materially advance the progress of these bankruptcy cases. Dkt. No. 12222. On November 22, 2017, NextEra filed with the Third Circuit Court of Appeals a petition seeking direct appeal from the Reconsideration Order and an expedited briefing schedule in connection with the appeal (the "Petition for Direct Appeal").

**RELIEF REQUESTED**

6. Elliott seeks entry of an order (a) shortening notice of the hearing on the Motion to Strike so that the Court may consider the Motion to Strike at the omnibus hearing scheduled for December 11, 2017 at 10:00 a.m. (ET) (the "Hearing"), and (b) setting a deadline of December 6, 2017 at 4:00 p.m. (ET) for parties in interest to respond or object to the relief requested in the Motion to Strike.

**BASIS FOR RELIEF REQUESTED**

7. Local Rule 9006-1(c) provides that unless the Bankruptcy Rules or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance

with Local Rule 2002-1(b) at least at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i). Local Rule 9006-1(e) provides in pertinent part that "[n]o motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

8.  Bankruptcy Rule 9006 provides that the Court may, for cause shown, reduce the period of time within which an act is required or allowed to be done. Fed. R. Bankr. P. 9006(c)(1).

9.  Cause exists justifying shortened notice with respect to the hearing on the Motion to Strike and related objection period. As noted above, the parties are seeking a direct appeal to the Third Circuit and an expedited briefing schedule in connection with the appeal. The parties submit that a direct, expedited appeal will materially advance these cases by, among other things, reducing or eliminating the possibility of protracted litigation regarding the NextEra Termination Fee and allowing the Debtors to focus on the plan confirmation process.

10. An important gatekeeping step in the appeal process is the fixing of the record on appeal. Accordingly, a prompt resolution of the Motion to Strike and a determination by this Court as to the proper scope of the record on appeal will facilitate an expedited appeal process and allow the parties to promptly move forward with briefing.

11. Moreover, no party will be prejudiced by the relief requested herein. The Motion to Strike affects only parties to the appeal and will not impact any other creditors or parties in interest. Further, the issues raised in the Motion to Strike are narrow and

relate solely to a record that has already been agreed upon by the parties as set forth in the So-Ordered Stipulation.

12. Furthermore, this motion does not seek to substantially shorten the notice period for the hearing. While the normal eighteen (18) day notice period would lead to a hearing on December 15, 2017, Elliott is proposing a hearing on the omnibus hearing date currently scheduled for December 11, 2017. Therefore, NextEra and the E-Side Debtors will have received the Motion to Strike a full fourteen (14) days prior to the date of the proposed hearing. The proposed schedule gives parties ample time to prepare for a hearing on the Motion to Strike and file any related objections. Also, NextEra has separately filed a motion seeking a stay pending appeal that is scheduled to be heard at the December 11, 2017 omnibus hearing. Accordingly, the parties are already scheduled to be in Court on that date, and scheduling the Motion to Strike to also be heard at the December 11, 2017 omnibus hearing will help conserve the parties' and the Court's time and resources.

13. Based on the foregoing, Elliott submits that good cause exists to shorten the notice period for a hearing on the Motion to Strike and the related objection period.

## **NOTICE**

14. Elliott has served notice of this Motion on (a) counsel to the E-Side Debtors, (b) counsel to NextEra, (c) the official committee of unsecured creditors, (d) the Office of the United States Trustee for the District of Delaware, and (e) all parties requesting notice in these cases. Elliott submits that, in light of the nature of the relief requested, no other or further notice is necessary or required.

**CONCLUSION**

WHEREFORE, Elliott respectfully requests that the Court (a) enter an order substantially in the form annexed hereto granting the relief sought herein, and (b) grant such other and further relief as the Court may deem proper.

Wilmington, Delaware
Date: November 27, 2017

BAYARD, P.A.

*/s/ Erin R. Fay*
Scott D. Cousins (No. 3079)
Erin R. Fay (No. 5268)
Evan T. Miller (No. 5364)
600 N. King Street, Suite 400
Wilmington, Delaware  19801
Phone: (302) 655-5000
Facsimile: (302) 658-6395
Email: scousins@bayardlaw.com
       efay@bayardlaw.com
       emiller@bayardlaw.com

-and-

ROPES & GRAY LLP
Keith H. Wofford
Gregg M. Galardi
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
Email: Keith.Wofford@ropesgray.com
       Gregg.Galardi@ropesgray.com

*Counsel to the Elliott Funds*