# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: D.I. 11425, 11628, 11830, 11835** |
| | ) |

## SUPPLEMENT TO AMENDED AND SUPERSEDING ORDER SCHEDULING CERTAIN HEARING DATES AND DEADLINES AND ESTABLISHING CERTAIN PROTOCOLS IN CONNECTION WITH CONFIRMATION OF THE FIRST AMENDED JOINT PLAN OF REORGANIZATION OF ENERGY FUTURE HOLDINGS CORP., ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC, AND THE EFH/EFIH DEBTORS PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

Upon the motion (the "Motion")[2] of Energy Future Holdings Corp. ("EFH Corp."), certain of its direct and indirect subsidiaries (together with EFH Corp., the "EFH Debtors"), Energy Future Intermediate Holding Company LLC ("EFIH"), and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors," and together with the EFH Debtors, the "Debtors") for entry of an order scheduling certain hearing dates and deadlines and establishing certain protocols in connection with the confirmation of the Plan and approval of the Disclosure Statement; and upon

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the same meanings ascribed to them in the *Motion of the EFH/EFIH Debtors for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with Confirmation of the Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code*, filed July 7, 2017 [D.I. 11425] (the "Motion") or the Amended and Superseding Scheduling Order (as such term is defined herein), as applicable.

the filing of the *Certification of Counsel Concerning "Amended and Superseding Orders Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with Confirmation of the Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code"*, filed August 28, 2017 [D.I. 11830] (the "Certification of Counsel") proposing a revised scheduling order in connection with the Motion to adjust various dates and deadlines in connection with the Plan confirmation process given the announcements made by counsel to the Debtors on the record of the hearing held before the Court on August 21, 2017; and the Court having entered the order attached to the Certification of Counsel on August 29, 2017 [D.I. 11835] (the "Amended and Superseding Scheduling Order"); and, pursuant to paragraph 12 of the Amended and Superseding Scheduling Order, the Debtors having thereafter filed the *Certification of Counsel Concerning "Supplement to Amended and Superseding Orders Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with Confirmation of the Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code"*, filed November 21, 2017 [D.I. 12265] proposing modifications to the Amended and Superseding Scheduling Order to supplement the confirmation hearing schedule; and the Debtors having discussed the requested modifications with each of the various parties affected by such requested modifications; and such parties having agreed to not object to entry of this supplement to the Amended and Superseding Scheduling Order; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for

the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor; it is HEREBY ORDERED THAT:

1. Section II, subparagraphs 13(a) through 13(h) of the Amended and Superseding Scheduling Order are replaced in its entirety with the following dates and deadlines; <u>provided</u>, that if the timing of satisfaction of conditions to the Effective Date of the Plan and the closing with respect to the Sempra Merger Agreement permits an expedited confirmation schedule or requires an extension of the dates set forth herein, as applicable, the Participating Parties shall, unless otherwise ordered by the Court, file a new supplement to the Amended and Superseding Scheduling Order with revised dates and deadlines. As set forth in the Amended and Superseding Scheduling Order, with respect to the final pre-trial conference and the start of the confirmation hearing, as contemplated in 13(i) and 13(j) below, the Participating Parties will seek to file a supplement no later than five (5) business days after receiving Public Utility Commission of Texas (the "<u>PUCT</u>") approval of the requisite change-in-control application. The supplement will provide appropriate dates to ensure that the Plan confirmation will be completed within thirty (30) days of receiving any such PUCT approval, as required under the terms of the relevant merger agreement.

    a. **Tuesday, December 19, 2017**, shall be the deadline by which parties must file Final Plan Objections.

    b. **Friday, March 9, 2018**, shall be the deadline by which Participating Parties must file motions in limine.

    c. **Monday, March 12, 2018**, shall be the deadline by which Participating Parties must serve a preliminary list of witnesses and exhibits they intend to offer at the Confirmation Hearing. Witness lists shall identify all witnesses that each party will call or may call at each phase of the Confirmation Hearing and shall provide a brief summary of each witness's anticipated testimony.

d. **Wednesday, March 14, 2018**, shall be the date and time on which the Participating Parties must meet and confer regarding the joint pretrial order.

e. **Thursday, March 22, 2018**, shall be the deadline by which Participating Parties must submit a proposed joint pretrial order per Local Bankruptcy Rule 7016-2(d).

f. **Friday, March 23, 2018**, shall be the deadline by which the Debtors must file their reply to all timely objections to the Plan.

g. **Tuesday, March 27, 2018**, shall be the deadline by which Participating Parties must serve a final list of witnesses and exhibits they intend to offer at the Confirmation Hearing. Witness lists shall identify all witnesses that each Participating Party will call or may call at the Confirmation Hearing and shall provide a brief summary of each witness's anticipated testimony.

h. **Wednesday, March 28, 2018**, shall be the deadline by which Participating Parties must file oppositions to motions in limine.

i. [___], shall be the date and time of the final pretrial conference.

j. [___], shall be the date of the start of the Confirmation Hearing. The Confirmation Hearing will continue, as necessary, from day to day on [___] except as otherwise set by the Court and as may be extended by the Court as the Court's schedule permits; *provided, however*, the Confirmation Hearing may be continued from time to time by the Court or for good cause shown.

Trial time will be divided equally between Plan supporters and Plan objectors, to be monitored by a chess clock. The Court will consider the submission of written directs upon request by the parties, which submissions shall not count against the submitting party's available trial time.

2. Except as expressly modified by the terms hereof, all of the terms and conditions of the Amended and Superseding Scheduling Order are hereby reaffirmed and shall continue in full force and effect as therein written.

Dated: November 28, 2017
Wilmington, Delaware

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

4

RLF1 18511172v.1