## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 12243** |
| | **Hearing Date: December 11, 2017 at 10:00 a.m. (Eastern Standard Time)** |

## OBJECTION OF THE EFH/EFIH DEBTORS TO NEXTERA'S MOTION TO STAY THE RECONSIDERATION ORDER PENDING APPEAL

Energy Future Holdings Corp. ("EFH") and Energy Future Intermediate Holding Company, LLC ("EFIH" and collectively with EFH, the "Debtors") hereby object to *NextEra's Motion to Stay the Reconsideration Order Pending Appeal*, filed November 16, 2017 [D.I. 12243] (the "Motion to Stay"), by which NextEra Energy, Inc. ("NextEra") seeks a stay pending appeal of the *Order Granting the Motion to Reconsider of Elliott Associates, L.P., and Denying the Application of NextEra Energy Inc. for Payment of Administrative Claim*, entered October 18, 2017 [D.I. 12075] (the "Reconsideration Order"). In support of this Objection, the Debtors respectfully state as follows:

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the Debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of Debtors in these chapter 11 cases, which are being jointly administered, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.efhcaseinfo.com.

# PRELIMINARY STATEMENT[2]

1.      NextEra has not come close to satisfying the heavy burden necessary to justify what courts aptly call the "extraordinary remedy" of a stay.  The Motion to Stay fails to meet any of the requirements for such relief and should be denied.

2.      ***First***, NextEra fails at the threshold because it cannot demonstrate that it will suffer irreparable harm absent a stay.  In its Motion to Stay, NextEra tellingly devotes twenty-seven pages to its argument on the likelihood of success on appeal; only two paragraphs address the other prerequisite factor, their alleged irreparable harm.  The reason for this is clear:  NextEra cannot demonstrate any irreparable harm absent a stay because there is none.  A long road lies between today and any potential distribution of $275 million of funds to creditors, including PUCT approval and a plan confirmation hearing.  No one can credibly claim that the feared $275 million potential disbursement is "actual" or "imminent."  Moreover, subject to discussion with the parties to the Plan Support Agreement entered into on August 21, 2017 (the "PSA Parties"), nothing forecloses the Debtors from considering a Plan amendment to include a mechanism that would allow NextEra to recover any portion of the $275 million that becomes allowed by a final, nonappealable order from creditor distributions.  NextEra may address the adequacy of this mechanism (if the Plan is so amended) or raise any other confirmation argument regarding the potential $275 million disbursement to creditors at a confirmation hearing.  Accordingly, NextEra cannot demonstrate irreparable harm absent a stay pending appeal, and the Court should deny the Motion to Stay on this basis alone.

3.      ***Second***, NextEra has not shown a likelihood of success on the merits.  As the Court is well aware, the Debtors opposed *The Elliott Funds' Motion to Reconsider in Part the*

---

[2]    Capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed to them in this Court's *Opinion*, dated October 3, 2017 [D.I. 11998] (the "Reconsideration Opinion").

*September 19, 2016 Order [Dkt. No. 9584] Approving the NextEra Termination Fee* [D.I. 11636] (the "Motion to Reconsider"), filed on July 29, 2017.  Notwithstanding this opposition, the Debtors believe that the Court's findings as to its own state of mind make success on appeal unlikely.  In attempting to satisfy this element, the Motion to Stay largely rehashes the arguments set forth in the *Objection of NextEra Energy, Inc. to the Elliott Funds' Motion to Reconsider in Part the September 19, 2016 Order [Dkt. No. 9584] Approving the NextEra Termination Fee* [D.I. 11876] (the "NextEra Objection").  Those same arguments were squarely addressed in the Court's robust Reconsideration Order, following full briefing and a substantive hearing. NextEra's focus on the completeness of the evidentiary record is likewise misguided when the Reconsideration Order itself identifies the Court's misapprehension of the facts as the critical issue.  Because NextEra fails to demonstrate a reasonable probability of success on the merits, the Court may also deny the Motion to Stay on this basis.

4.      *Third*, even if the Court were to find that NextEra satisfied both threshold factors, the Motion to Stay should still be denied because a balancing of the harms and the public interest weighs against a stay pending appeal.  NextEra has demonstrated no actual and immediate irreparable harm absent a stay, while the Debtors and their stakeholders will suffer because a stay pending appeal will create considerable uncertainty regarding the state of the Termination Fee funds, potentially delaying the confirmation proceedings and resulting in more EFIH Second Lien interest burn.

5.      Finally, if the Court concludes it must grant a stay pending appeal, the Court should require that NextEra post a material bond no less than $275 million to protect the Debtors and their estates.  If necessary, the amount of such a bond should be determined only after all stakeholders have had an opportunity to fully brief the issue and have a hearing.  Creditor

recoveries should not be impaired or reduced because NextEra is appealing the denial of its administrative claim.

## OBJECTION

### I. NEXTERA HAS FAILED TO PROVE ANY OF THE REQUIREMENTS FOR A STAY PENDING APPEAL.

6.     NextEra cannot satisfy any of the requirements of Federal Rule of Bankruptcy Procedure 8007 and is therefore not entitled to the "extraordinary remedy" of a stay pending appeal.  *In re W.R. Grace & Co.*, 475 B.R. 34, 205 (D. Del. 2012) (quoting *United States v. Cianfrani*, 573 F.2d 835, 846 (3d Cir. 1978)), *aff'd sub nom. In re WR Grace & Co.*, 729 F.3d 332 (3d Cir. 2013).

7.     Courts assess four factors when evaluating whether a party has met the heavy burden of showing that the circumstances justify the imposition of a stay pending a resolution on appeal: (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.  *In re Revel AC, Inc.*, 802 F.3d 558, 565 (3d Cir. 2015) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see also Haskell v. Goldman, Sachs & Co. (In re Genesis Health Ventures, Inc.)*, 367 B.R. 516, 519 (Bankr. D. Del. 2007).  The moving party bears the burden of showing that the circumstances justify the imposition of a stay.  *Id.* (citing *Nken v. Holder*, 556 U.S. 418, 433–34 (2009)); *see also In re Adelphia Commc'ns Corp.*, 333 B.R. 649, 659 (S.D.N.Y. 2005) ("A party seeking a stay pending appeal carries a heavy burden").

8.     The most critical factors are the first two, likelihood of success on the merits and irreparable injury, both of which must be met in order to grant a stay.  *Revel AC, Inc.*, 802 F.3d at

571.  If either of these factors is not met, the Court need not assess the remaining factors.  *Id.* ("[I]f the movant does not make the requisite showings on either of these [first] two factors, the inquiry into the balance of harms [and the public interest] is unnecessary, and the stay should be denied without further analysis.") (internal citation omitted); s*ee also In re Thors*, Case No. 15-17602(JNP), 2017 WL 3314235, at *3 (Bankr. D.N.J. June 5, 2017) ("Because the Court determines that the Debtor did not make the requisite showing on at least one of the first two factors (the Debtor cannot show a likelihood of success, or irreparable harm), the Court need not consider the remaining factors.")).  If an applicant is able to satisfy the first two factors, the court must then assess the balance of the harms and where the public interest lies.  *Id.* at 569.

9.      Here, the Court should deny the Motion to Stay because NextEra has failed to make the requisite threshold showing of irreparable harm or a likelihood of success.  Moreover, the balance of all four factors weighs against a stay pending appeal.

### A.      NextEra Fails to Demonstrate Irreparable Harm Absent a Stay.

10.     NextEra must demonstrate that irreparable injury is likely, not merely possible. *Revel AC, Inc*., 802 F.3d at 569.  The Third Circuit standard for "likely" is whether the injury is "more apt to occur than not."  *Id.* at 569.  The injury must be "neither remote nor speculative, but actual and imminent."  *In re Tribune Co*., 477 B.R. 465, 476 (Bankr. D. Del. 2012); *see also Invista N. Am. S.À.R.L. v. M & G USA Corp*, No. CIV.A. 11-1007-SLR, 2013 WL 1614971, at *3 (D. Del. Apr. 5, 2013) (denying motion to stay pending appeal where irreparable harm was not imminent because the asserted harm could be mitigated to a significant degree).  A purely economic injury, compensable in money, cannot satisfy the irreparable injury requirement. *Minard Run Oil Co. v. U.S. Forest Serv.*, 670 F.3d 236, 255 (3d Cir. 2011).  Here, NextEra fails to demonstrate any irreparable harm is likely or imminent absent a stay.

11.     *First*, NextEra fails to show that absent a stay it is likely to be irreparably harmed by a distribution of $275 million to creditors.  The Motion to Stay baldly states that "[a]bsent a stay, Debtors will likely refuse to maintain a reserve for payment of the $275 million Termination Fee."  Motion to Stay at ¶ 97.  Instead, the Debtors "will likely seek to distribute those funds to creditors upon the Effective Date, which may occur before NextEra's appeal . . . is decided."  *Id*.  But the Debtors have yet to request a date certain for a confirmation hearing, let alone establish an Effective Date after which creditor distributions would begin.  And any potential distribution of funds is a purely economic harm that does not satisfy the irreparable injury requirement.

12.     *Second*, subject to discussion with the PSA Parties, the Debtors are open to amending the Plan to create a mechanism to allow NextEra to recover any portion of the $275 million that becomes allowed by a final, nonappealable order from creditor distributions. This approach could obviate any alleged need for a reserve, remedy NextEra's concerns regarding the shift of the burden of collection to NextEra and the need to disgorge funds from unsecured creditors even if the speculative creditor distributions come to pass before the appeal has been resolved.  Motion to Stay at ¶ 97 ("Allowing the funds to be distributed to unsecured creditors would impermissibly shift the burden of collection to NextEra, which would be forced to pursue creditors or the Reorganized Debtors for payment of the Termination Fee.").

13.     *Third*, NextEra can address any argument regarding a yet-to-be-scheduled distribution to creditors at a yet-to-be-scheduled confirmation hearing or thereafter.  Rather than seeking the extraordinary remedy of a stay pending appeal, NextEra should raise their concerns regarding the burden of collection at confirmation, if at all.  Because NextEra will have a future

opportunity to be heard by this Court on this very issue before any creditor distributions, NextEra cannot demonstrate that it will suffer any harm absent a stay

14.     **Fourth**, any argument that NextEra will suffer irreparable harm if the Debtors distributed the disputed $275 million to their creditors is pure conjecture.   NextEra has performed no analysis on the recoverability of any distribution.   Instead they rely on the conclusory statement that after any distribution NextEra would be "forced to pursue creditors or the Reorganized Debtors in order to recover the funds."   Motion to Stay at ¶ 97.   This statement on its face does not demonstrate irreparable harm.   NextEra's basis for its alleged harm is entirely speculative.

### B.     NextEra Has Not Shown a Likelihood of Success on the Merits.

15.     NextEra also fails to satisfy the second threshold factor, a "strong showing" of the likelihood of success on the merits.   *Revel AC Inc.*, 802 F.3d at 568.   To satisfy this element, NextEra must demonstrate that there is a reasonable probability of prevailing on the merits on appeal.   *Id.*   It is insufficient to simply rehash arguments previously considered and rejected by the Court.   *W.R. Grace*, 475 B.R. at 206 (denying stay pending appeal where appellant "rehashes the allegations it previously argued at length").   While the Debtors initially opposed the Motion to Reconsider, the Court's finding as to its own state of mind makes an appeal unlikely to succeed.

16.     Ignoring the guidance from the *W.R. Grace* decision, NextEra attempts to satisfy this prong by restating the arguments set forth in the NextEra Objection—arguments that were already considered by this Court.   NextEra fails to show a reasonable probability that the Court erred in any of its key findings: that the Termination Fee Approval Order is interlocutory; that Elliott's Motion for Reconsideration was timely; and that the Termination Fee cannot satisfy the *O'Brien* standard.   The Court issued a robust Reconsideration Order after full briefing and a

substantive hearing, and the Opinion was based on a diligent review of a fully developed and stipulated record. Based on the arguments in its Motion, NextEra has not made the required "strong showing" that NextEra is likely to succeed on the merits of their appeal of these issues.

17. NextEra's focus on the record evidence is likewise misplaced. Motion to Stay at ¶ 71 ("As to Court's 'confusion' . . . the record evidence . . .was broadly consistent."). The "critical issue is whether the Court misapprehended the facts, not whether the record may have been complete." Reconsideration Opinion at 27. The Motion to Stay fails to adequately address that "[*a*]*t the time of the approval* of the termination fee . . . [the Court did not] understand that the termination fee would be payable under the present circumstances." 9/19/17 Hr'g Tr. at 48:10-14 (emphasis added). The Court was clear that it "would not have approved the termination fee" if it understood that it would be due if the PUCT blocked the transaction. *Id*. at 48:14-19. In an attempt to rebut this critical issue, NextEra appears to argue that the Court is confused about its own confusion. Motion to Stay at ¶ 75 ("[T]he Court's stated confusion . . . is irrelevant in light of the Court's [other] mistaken conclusion[.]"). The weakness of such an argument is self-evident.

### C. Even if the Court Finds NextEra Has Satisfied the First Two Factors, a Balancing of All the Factors Weighs Against a Stay Pending Appeal.

18. Even if the Court were to find that NextEra has demonstrated irreparable injury absent a stay and a strong showing of a likelihood of success on the merits, the Motion to Stay should still be denied because a balancing of all the factors weighs against a stay pending appeal. Once a movant satisfies the first two factors, the Court must weigh the likely harm to the movant absent a stay against the likely irreparable harm to the stay opponents if the stay is granted, while taking into account where the public interest lies. *Revel AC, Inc.*, 802 F.3d at 569. The Third

Circuit employs a "sliding-scale" approach, where the necessary degree of possibility of success will vary according to the court's assessment of the other stay factors. *Id.*

**1.     The Balance of Harms Weighs Against Imposition of a Stay.**

19.     Here, as discussed above, NextEra will suffer no actual and immediate irreparable harm absent a stay because the Debtors are willing to amend the Plan to include a mechanism to facilitate NextEra's recovery, which NextEra may challenge at confirmation.

20.     But to the extent the Court finds that NextEra will suffer actual and immediate irreparable harm, the balance of harms still weighs against a stay pending appeal. NextEra states that it is "working to minimize any potential burden by seeking to ensure that the dispute is resolved as quickly as possible." Motion to Stay at ¶ 98. But NextEra has no control over how long it may take the Third Circuit to ultimately render a decision. A stay pending an indefinite appellate process will create more uncertainty regarding the state of the Termination Fee funds, potentially delaying the confirmation proceedings and resulting in more EFIH Second Lien interest burn. Staying the Reconsideration Order has the potential to create much more than a "small inconvenience" to both the Debtors and their stakeholders. *Id.* at ¶ 98.

**2.     Denial of the Motion to Stay is in the Public Interest.**

21.     NextEra also fails to show that the issuance of a stay will serve the public interest. NextEra will have the full opportunity to protect itself by objection to the Plan at a confirmation hearing. The Debtors' stakeholders will also clearly be harmed by a stay pending appeal. Staying the Reconsideration Order runs counter to the public interest in the expedition and finality of bankruptcy proceedings. *See In re Metiom, Inc.*, 318 B.R. 263, 272 (S.D.N.Y. 2004) ("This Court finds that the public interest in the expeditious administration of bankruptcy cases as well as in the preservation of the bankrupt's assets for purposes of paying creditors rather than

9

litigation of claims lacking a substantial possibility of success, outweighs the public interest in resolving the issues presented here on appeal.").

## II.    IF THE COURT ORDERS A STAY, THE COURT SHOULD REQUIRE A SUBSTANTIAL BOND TO PROTECT THE DEBTORS AND THEIR ESTATES.

22.    Even if the Court were to conclude that NextEra has carried its heavy burden of proving entitlement to the extraordinary remedy of a stay pending appeal, which it has not, it is imperative that the Court condition any stay upon the posting of a bond in an amount sufficient to protect the Debtors, their creditors, and other stakeholders against the potential harm they may suffer as a result of or during the stay.  *See In re Tribune Co.*, 477 B.R. 465 (Bankr. D. Del. 2012) (granting a stay pending appeal, conditioned upon the posting of a supersedeas bond in the amount of $1.5 billion); *In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 350-51, 368 (Bankr. S.D.N.Y. 2007) (requiring appellants to "post a substantial bond that is commensurate with the threatened loss to the non-moving parties" and that protects the prevailing parties "against any loss that might be sustained as a result of an ineffectual appeal").  If the Court does conclude that a stay is appropriate, the precise amount of the bond necessary to protect the Debtors, their creditors, and other stakeholders should be determined only after the issue has been fully briefed and all stakeholders have had a full opportunity to be heard.

23.    NextEra has the burden of proving that the Court should deviate from "the ordinary full security requirement" so that a bond in the full amount of the potential harm is not required.  *See W.R. Grace*, 475 B.R. at 209; *see also Adelphia*, 361 B.R. at 351 (party seeking a stay without a bond has the burden of providing specific reasons why a stay should be granted without a bond in the full amount of the judgment).   NextEra cannot satisfy this standard with their empty, conclusory assertion that "there is no risk that the reserve . . . will result in a diminution of the Debtors' estate."  Motion to Stay at ¶ 101.  As discussed *supra*, the Debtors

and their creditors will suffer from the imposition of a stay, and there is no basis to deviate from the ordinary requirement that a bond in the full amount of the potential harm be required.  For every month that the Debtors remain in bankruptcy, creditor recovery is reduced through the EFIH Second Lien interest burn.  Given the significant risk and impact of any indefinite stay pending appeal, as a condition to granting any stay the Court should direct NextEra to post a bond in an amount no less than $275 million.

## **CONCLUSION**

24.    For the foregoing reasons, the Debtors respectfully request that this Court enter an order (i) denying the Motion to Stay; (ii) solely in the event that the Court grants the motion to Stay, conditioning any stay upon the requirement that NextEra first post a substantial appeal bond in an amount sufficient to protect the Debtors, their creditors, and other stakeholders; and (iii) providing for such further relief as is just and proper.

*[Remainder of page intentionally left blank]*

Dated: November 30, 2017
Wilmington, Delaware

*/s/ Jason M. Madron*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:      (302) 651-7700
Facsimile:       (302) 651-7701
Email:            collins@rlf.com
                       defranceschi@rlf.com
                       madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:      (212) 446-4800
Facsimile:       (212) 446-4900
Email:            edward.sassower@kirkland.com
                       stephen.hessler@kirkland.com
                       brian.schartz@kirkland.com
                       aparna.yenamandra@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:       (312) 862-2200
Email:            james.sprayregen@kirkland.com
                       marc.kieselstein@kirkland.com
                       chad.husnick@kirkland.com
                       steven.serajeddini@kirkland.com

Co-Counsel to the Debtors and Debtors in Possession