UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>Re: Docket No. 12243 |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF ENERGY FUTURE HOLDINGS CORPORATION,
ENERGY FUTURE INTERMEDIATE HOLDING COMPANY, LLC,
EFIH FINANCE, INC., AND EECI, INC. TO NEXTERA'S MOTION TO
<u>STAY THE RECONSIDERATION ORDER PENDING APPEAL</u>**

The official committee of unsecured creditors (the "**EFH/EFIH Committee**") of Energy Future Holdings Corporation ("**EFH**"), Energy Future Intermediate Holding Company, LLC ("**EFIH**"), EFIH Finance, Inc., and EECI, Inc., through its undersigned counsel, hereby submits this objection in response to *NextEra's Motion to Stay the Reconsideration Order Pending Appeal* [D.I. 12243] (the "**Motion**"),[2] and respectfully states as follows:

<u>**Background**</u>

1.      On October 27, 2014, the United States Trustee for the District of Delaware appointed the EFH/EFIH Committee to represent the collective interests of unsecured creditors of EFH, EFIH, EFIH Finance, Inc., and EECI, Inc. [D.I. 2570].

2.      On October 18, 2017, the Court issued the *Order Granting the Motion To*

---

[1] The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

*Reconsider of Elliott Associates, L.P. and Denying the Application of NextEra Energy Inc. for Payment of Administrative Claim* [D.I. 12075] (the "**Reconsideration Order**").

3. On October 30, 2017, NextEra Energy, Inc. ("**NextEra**") filed a *Notice of Appeal* from the Reconsideration Order [D.I. 12141].

4. On November 16, 2017, NextEra filed the Motion to stay the Reconsideration Order pending final resolution of NextEra's appeal.

## Objection

5. There is no basis for granting a stay of the Reconsideration Order. As discussed in detail in the objections to the Motion filed by the Debtors and Elliott Associates, L.P., Elliott International, L.P. and the Liverpool Limited Partnership, NextEra's appeal is likely to fail and, in fact, NextEra has failed to satisfy any of the four factors that courts have long-considered in evaluating a request for a stay pending appeal. *See*, *e.g.*, *Republic of Phil.* v. *Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3rd Cir. 1991) (identifying the four traditional stay factors).

6. The EFH/EFIH Committee files this objection to separately address the third factor: the substantial harm to other parties with an interest in the litigation. A stay pending appeal of the Court's Reconsideration Order would substantially harm the Debtors' unsecured creditors.

7. In its Motion, NextEra attempts to summarily dismiss the notion of harm to creditors from a stay being imposed. (Mot. at ¶ 98.) However, in determining whether to grant a stay pending appeal, the Court must "balance" and "consider the relative strength" of each of the four factors. *In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015) (quoting *Brady* v. *Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011) (internal quotation marks omitted)). Under Third Circuit precedent, "all four stay factors are interconnected," and a movant must

make a significantly strong case on the merits in order to overcome the balance of harms weighing against a stay. *In re Revel*, 802 F.3d at 571; *cf. In re Turner*, 207 B.R. 373, 375 (B.A.P. 2d Cir. 1997), as amended (Mar. 4, 1997) (holding that "failure to satisfy one prong of this standard for granting a stay will doom the motion").

8. The Debtors' unsecured creditors are the parties-in-interest directly harmed by the imposition of a stay pending appeal of the Reconsideration Order. NextEra acknowledges that it is seeking the stay "so that the sale of any of Debtors' assets includes a provision temporarily setting aside the disputed funds"—i.e. the purpose of the stay is to force the establishment of a $275 million reserve. Yet NextEra goes on to conclude that "any harm to other interested parties will be temporary and minor." (Mot. at ¶ 98.) NextEra is wrong. Imposition of a stay would result in at least three substantial harms to unsecured creditors.

9. *First*, the imposition of a reserve in of itself will cause significant harm to the Debtors' unsecured creditors. By the targeted effective date for the Debtors' current plan of reorganization, creditors will have waited four years for these cases to be concluded and to receive distributions on their claims. This includes numerous individual and smaller creditors who have already suffered due to the years-long delay to receive amounts owed to them. All unsecured creditors would suffer the opportunity cost of having distributions further delayed. *See In re Chemtura Corp.*, 2010 WL 4638898, at *8 (Bankr. S.D.N.Y. Nov. 8, 2010) (listing the "opportunity cost of being delayed their distributions" among the injuries a stay would cause to non-moving parties). The record before the Court presents no basis to prevent immediate distribution of a substantial portion of unsecured creditor recoveries while NextEra pursues a meritless appeal of the Reconsideration Order.

10.     *Second*, the imposition of a stay and any reserve would further delay the resolution of these cases and cause the Debtors to incur additional professional fees.  The Debtors' unsecured creditors continue to bear the ongoing administrative costs of these chapter 11 cases with monthly case burn.  In addition, establishing a reserve may require otherwise unnecessary litigation regarding allocation of the reserve as between the EFH and EFIH estates.  This potentially costly and time-consuming litigation between the estates and their creditors will further erode the value of the Debtors' estates and decrease recoveries for creditors.  *See In re Adelphia Communications Corp.*, 361 B.R. 337, 353-54 (Bankr. S.D.N.Y. 2007) (citing increased professional costs among potential harms to non-moving parties as a result of a stay).

11.     *Finally*, by seeking a stay for the stated purpose of forcing the establishment of a reserve, NextEra is attempting to circumvent the plan process, which is the appropriate mechanism for determining whether a reserve is appropriate with respect to the now disallowed Termination Fee.  NextEra has already filed a preliminary limited objection [D.I. 11854] arguing that plan confirmation should be conditioned on the establishment of a reserve to satisfy any eventual allowance of the Termination Fee as a General Administrative Claim.  The plan confirmation process is the appropriate time and place to litigate the merits of whether a reserve is necessary and, if so, the appropriate amount of such reserve.  To be clear, the EFH/EFIH Committee maintains that no reserve is appropriate under the circumstances.  NextEra should not be permitted to create any perceived advantage in that forthcoming dispute under the guise of a stay pending appeal.

**Conclusion**

12.     The EFH/EFIH Committee respectfully requests that this Court deny the Motion and grant such other and further relief as this Court deems appropriate.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>November 30, 2017 | **MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP**<br><br> /s/ Mark A. Fink<br>Natalie D. Ramsey (DE Bar No. 5378)<br>Davis Lee Wright (DE Bar No. 4324)<br>Mark A. Fink (DE Bar No. 3946)<br>1105 North Market Street, 15th Floor<br>Wilmington, DE  19801<br>Telephone: (302) 504-7800<br>Facsimile: (302) 504 -7820<br>E-mail:      nramsey@mmwr.com<br>                  dwright@mmwr.com<br>                  mfink@mmwr.com<br><br>– and –<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich<br>Brian D. Glueckstein<br>John L. Hardiman<br>Alexa J. Kranzley<br>125 Broad Street<br>New York, New York  10004<br>Telephone:    (212) 558-4000<br>Facsimile:     (212) 558-3588<br>E-mail:         dietdericha@sullcrom.com<br>                     gluecksteinb@sullcrom.com<br>                     hardimanj@sullcrom.com<br>                     kranzleya@sullcrom.com<br><br>*Counsel for The Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, EFIH Finance Inc., and EECI, Inc.* |