**Exhibit A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) | Case No. 14-10979 (CSS) |
| *Debtors*. | ) | (Jointly Administered) |
|  | ) |  |

## STIPULATION AND PROPOSED ORDER

**NOW COMES** the undersigned counsel to the debtors and debtors-in-possession (the "Debtors") and Shirley Fenicle, individually and as successor-in-interest to the Estate of George Fenicle, David William Fahy, John H. Jones, David Heinzmann, Harold Bissell, Kurt Carlson, Robert Albini, individually and as successor-in-interest to the Estate of Gino Albini, and Denis Bergschneider (collectively, the "Asbestos Objectors" and together with the Debtors, the "Parties") for purposes of the proceedings regarding confirmation of the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code*, dated September 11, 2017 [D.I. 11887] (as may be further amended or modified, the "Plan"), including any post-trial briefing or appeals therefrom (the "Confirmation Proceedings"); and the Parties having stipulated to the terms set out below, and entry by the United States Bankruptcy Court for the District of Delaware (the "Court") of the following:[1]

**WHEREAS**, on October 21, 2016, in connection with prior confirmation proceedings, the Debtors served the *Forecast of the Cost of Resolving All Asbestos-Related Bodily Injury Claims Against Energy Future Holdings Corp. (E-Side)* (the "Ankura Report") of Thomas E. Vasquez, Ph.D.;

**WHEREAS**, on November 8, 2016, certain of the Asbestos Objectors filed the *Motion of Shirley Fenicle, David William Fahy, John H. Jones, and David Heinzmann to Dismiss Chapter 11 Petitions of Asbestos Debtors EECI, Inc., EEC Holding, Inc., LSGT Sacroc, Inc., and LSGT Gas Co. LLC Pursuant to 11 US.C. § 1112(b)* [D.I. 10074] (the "Motion to Dismiss");

**WHEREAS**, on December 5, 2016, the Court held an evidentiary hearing on the Motion to Dismiss;

**WHEREAS**, on December 19, 2016, the Court issued an Opinion and Order denying the Motion to Dismiss [D.I. 10414, 10415];

---

[1] Capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed to them in the *Amended and Superseding Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with Confirmation of the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code*, entered August 29, 2017 [D.I 11835, as amended by D.I. 12279 on November 28, 2017] (the "Scheduling Order").

**WHEREAS**, on January 2, 2017, certain of the Asbestos Objectors noticed an appeal of the order denying the Motion to Dismiss [D.I. 10511];

**WHEREAS**, in connection with the February 2017 confirmation proceeding for the *Eighth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 10853] (the "February 2017 Confirmation Proceeding"), the Debtors and certain of the Asbestos Objectors (a) agreed to designate portions of the record from the hearing on the Motion to Dismiss and (b) stipulated to the use of the Ankura Report;

**WHEREAS**, on July 25, 2017, the United States District Court for the District of Delaware entered an order dismissing the appeal of the order denying the Motion to Dismiss [D. Del. Civil Action No. 17-cv-229, D.I. 28];

**WHEREAS**, on November 14, 2017, the Debtors provided notice of their intent to rely on the Ankura Report in connection with the Confirmation Proceedings, in accordance with paragraph 11(b) of the Scheduling Order;

**WHEREAS**, the Debtors seek to use the Ankura Report and the opinions expressed therein in support of their affirmative case under section 1129 of the Bankruptcy Code but do not intend to seek a finding concerning the allowed amount of any particular asbestos claim (or asbestos claims in the aggregate) that would be binding on any party in any subsequent proceeding;

**WHEREAS**, the Parties seek to avoid (a) repetitive fact testimony and (b) unnecessary motions practice related to the purpose and scope of the expert opinions expressed in the Ankura Report; and

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel, subject to approval of the Court, that:

1. The Asbestos Objectors will not file a motion *in limine* concerning the Ankura Report and/or the opinions expressed therein, and the Parties agree that such opinions shall be admissible at the Confirmation Proceedings for purposes of the Debtors' affirmative case under section 1129 of the Bankruptcy Code. Subject to Court approval, the Parties further agree that Dr. Vasquez is not required to appear or testify during the Confirmation Proceedings.

2. The Confirmation Order shall provide that any determination by the Court in the Confirmation Proceedings with respect to the forecasted value of asbestos-related claims asserted against the Debtors will not be determinative of, or serve as a cap or floor on, the amounts actually due on any such claim(s), and will not otherwise be binding on the Parties or any of the Reorganized EFH Debtors (as defined in the Plan) in connection with resolution of any asbestos claim(s) asserted against the Debtors or any of the Reorganized EFH Debtors or in any proceeding to estimate the Debtors' aggregate asbestos liability under section 502(c) of the Bankruptcy Code.

3. The Debtors, the Reorganized EFH Debtors, and the Asbestos Objectors reserve all rights to use or object to the use of the Ankura Report and/or the opinions expressed therein, in the event that the Ankura Report is used in the future for any purpose other than the Confirmation Proceedings.

4. The Parties agree to work together in good faith to reach agreement to include portions of the records from the Motion to Dismiss proceeding and the February 2017 Confirmation Proceeding in the evidentiary record of the Confirmation Proceedings.

*[Remainder of page intentionally left blank.]*

Dated:  December 1, 2017

 */s/ Daniel K. Hogan*
Daniel K. Hogan (DE Bar # 2814)
HOGAN ♦ MCDANIEL
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: (302) 656-7540
Facsimile: (302) 656-7599
dkhogan@dkhogan.com

*Counsel to the Asbestos Objectors*

Dated: December 1, 2017

 /s/ Jason M. Madron
RICHARDS, LAYTON & FINGER, P.A.
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700

-and-

KIRKLAND & ELLIS LLP
Edward O. Sassower, P.C.
Stephen E. Hessler
Brian E. Schartz
Aparna Yenamandra
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800

-and-

James H.M. Sprayregen, P.C.
Marc Kieselstein, P.C.
Chad J. Husnick
Steven N. Serajeddini
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000

*Counsel to the Debtors and Debtors in Possession*

        SO ORDERED this ____ day of _____, 2017

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE