**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>　　　　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 12358** |

**STATEMENT AND RESPONSE OF THE EFH/EFIH OFFICIAL**
**COMMITTEE TO MOTION TO APPOINT A REPRESENTATIVE OF**
**THE MAJORITY CREDITORS TO THE FEE COMMITTEE**

The official committee of unsecured creditors (the "**EFH/EFIH Committee**") of Energy Future Holdings Corp. ("**EFH**"), Energy Future Intermediate Holding Company LLC ("**EFIH**"), EFIH Finance Inc., and EECI, Inc. hereby submits this statement and response to the *Motion to Appoint a Representative of the Majority Creditors to the Fee Committee* [D.I. 12358] (the "**Motion**")[2] and states as follows:

**Background**

1.　　On May 13, 2014, the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the committee (the "**TCEH Committee**") of unsecured creditors of Energy Future Competitive Holdings Company LLC, Texas Competitive Electric Holdings Company LLC and EFH Corporate Services Company (collectively, the "**TCEH Debtors**") [D.I. 420].

---

[1]　The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]　Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

SC1:4561056.3

2.  On August 21, 2014, the Court entered the *Stipulation and Order Appointing a Fee Committee* (the "**Fee Committee Order**") [D.I. 1896]. The Fee Committee Order provided for, among other things, the creation of a four-person committee (the "**Fee Committee**") to review and report to the Court as appropriate on monthly fee statements and interim and final fee applications filed by professionals, with one committee member to be "appointed by and representative of the [TCEH] Committee." (Fee Committee Order, ¶ A.2). Following the entry of the Fee Committee Order, the TCEH Committee appointed Peter Kravitz to the Fee Committee as its representative.

3.  On October 27, 2014, the U.S. Trustee appointed the EFH/EFIH Committee to represent the collective interests of unsecured creditors of EFH, EFIH, EFIH Finance, Inc., and EECI, Inc. [D.I. 2570]. The EFH/EFIH Committee has never appointed its own representative to the Fee Committee.

4.  On December 23, 2014, the Court entered the *Stipulation and Agreed Order Regarding Discovery Procedures in Connection with Legacy Discovery and Other Administrative Matters* (the "**Legacy Discovery Order**") [D.I. 3618]. The Legacy Discovery Order provided, in part, that "[a]ll rights, powers, and reservations granted to the TCEH Committee in all orders to date by this Court in these chapter 11 cases shall be granted, *mutatis mutandis*, to the [EFH/EFIH] Committee." The Legacy Discovery Order further specified 16 orders to which this grant of rights, powers and reservations applied, but was not limited only to those orders. The Legacy Discovery Order does not specifically mention the Fee Committee Order.

5.  On December 8, 2017, Elliott Associates, L.P., Elliott International, L.P. and The Liverpool Limited Partnership (collectively, "**Elliott**") and Paloma Partners

Management Company and Sunrise Partners Limited Partnership (collectively, "**Paloma**" and, together with Elliott, the "**Majority Creditors**") filed the *Majority Creditors' Notice of Accepting Appointment of Representative to the EFH Fee Committee* (the "**Creditors' Notice**") [D.I. 12323]. The Creditors' Notice purported to appoint Kim A. Berger as the Majority Creditor's representative to the Fee Committee, on the basis that the EFH/EFIH Committee "had notified the [Fee] Committee of its decision to resign and designate its seat in favor of a representative appointed by the Majority Creditors." (Elliott Committee Notice, p. 2).

6. On December 17, 2017, the Majority Creditors withdrew the Creditors' Notice (the "**Withdrawal Notice**") [D.I. 12357] and filed the Motion, the *Declaration of J. Noah Hagey in Support of Motion to Appoint Majority Creditors' Representative to the Fee Committee* (the "**Hagey Declaration**") [D.I. 12359] and the *Declaration of Jeff Rosenbaum in Support of Motion to Appoint Majority Creditors' Representative to the Fee Committee* [D.I. 12360].

**Statement and Response**

7. The EFH/EFIH Committee has no concerns with the work done over the course of these cases by the Fee Committee. The Fee Committee and its members, including Mr. Kravitz, have, to the EFH/EFIH Committee's knowledge, appropriately discharged their duties as an independent body reporting to this Court at regular intervals.

8. Elliott approached the EFH/EFIH Committee in November 2017 with respect to the request it made to the Fee Committee to be appointed as a member of that committee. Counsel to the EFH/EFIH Committee has since had numerous discussions with representatives of Elliott and their counsel regarding Elliott's concerns regarding the composition and work of the Fee Committee.

9. Ultimately, the EFH/EFIH Committee was sympathetic to the concerns

raised by Elliott with the lack of a representative on the Fee Committee who was appointed by the EFH/EFIH Committee or another unsecured creditor representative of EFH or EFIH. This is more relevant now that the TCEH Debtors have emerged from bankruptcy and the final fee applications of the TCEH estate professionals have been approved and paid on a final basis.[3] As a result, the EFH/EFIH Committee agrees with Elliott that it is unsecured creditors of EFH and EFIH whose recoveries are impacted by, and benefit from, the work of the Fee Committee. Having a representative of the remaining unsecured creditors in these cases serve on the Fee Committee is consistent with the spirit of the Fee Committee Order—entered at a time when the TCEH Committee was the only official committee of unsecured creditors appointed in these chapter 11 cases.

10. Ultimately, the EFH/EFIH Committee deliberated and determined to support Elliott's request to join the Fee Committee as a replacement for the current creditor representative, Mr. Kravitz, who was appointed by the TCEH Committee. On December 4, 2017, counsel to the EFH/EFIH Committee communicated the EFH/EFIH Committee's position to the Fee Committee, and conveyed the same message to Elliott. (*See* Exhibit 2 to the Hagey Declaration.)

11. However, that is as far as the EFH/EFIH Committee's support went, and the EFH/EFIH Committee is compelled to correct the record as to subsequent events and certain material misstatements as to its position. *First*, the EFH/EFIH Committee expected its support for Elliott's request to be given significant consideration by the Fee Committee, but always

---

[3] See *Notice of Entry of TCEH Confirmation Order and Occurrence of TCEH Effective Date* [D.I. 9742]; *Omnibus Order Awarding Final Request for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses* [D.I. 11072] (including the fee applications of counsel and financial advisors to the TCEH Debtors and the TCEH Committee).

expected that following collaborative discussion, the Fee Committee and/or this Court would ultimately make the decision as to whether to seat Elliott on the Fee Committee or not.

13. *Second*, the EFH/EFIH Committee had no advance knowledge of the filing of the Creditors' Notice, and disagrees with the characterization therein that the EFH/EFIH Committee purported to take any type of action pursuant to the Fee Committee Order or to "designate its seat"—in fact it is unclear whether the EFH/EFIH Committee could take such action.[4]  Unfortunately, despite numerous conversations with Elliott's counsel, the Withdrawal Notice and Motion continue to incorrectly represent that the EFH/EFIH Committee purported to make a designation under the Fee Committee Order.  (*See*, *e.g.*, Motion, ¶ 36 ("the [EFH/EFIH Committee] confirmed its intent to have its current representative on the Fee Committee, Peter Kravitz, resign and to designate its seat.").)  The Motion and subsequent discussions have also made EFH/EFIH Committee increasingly concerned about how the Majority Creditors view the role of the Fee Committee and the scope of the Fee Committee's mandate.

13. Recently, the EFH/EFIH Committee has discussed with Elliott's representatives a potential compromise of having someone unaffiliated with the Majority Creditors appointed as the new replacement creditor representative chosen jointly by the EFH/EFIH Committee and the Majority Creditors.  The EFH/EFIH Committee supports such a compromise.

---

[4]  The EFH/EFIH Committee reserves all rights under the Legacy Discovery Order, but has never asserted the ability to appoint its own representative to the Fee Committee pursuant to paragraph A.7 of the Fee Committee Order.

SC1:4561056.3

14. In any event, the EFH/EFIH Committee continues to support the relief requested in the Motion, but conditioned on: (i) the express understanding that the current mandate and parameters of the Fee Committee and its members reporting to the Court and not individual constituents, remain in effect and are not expanded; and (ii) this Court's approval of the qualifications of the individual to be appointed, after disclosure of any compensation such individual is to receive or have received and any representation of or connection to creditors that such individual may have. For the avoidance of doubt, no representative should be appointed to the Fee Committee who is, or ever has been, the beneficiary of any contingency fee arrangement related in whole or in part to the reduction in fees in these cases.

Dated: Wilmington, Delaware
January 3, 2018

**MONTGOMERY McCRACKEN WALKER & RHOADS, LLP**

 */s/ Mark A. Fink*
Natalie D. Ramsey (DE Bar No. 5378)
Davis Lee Wright (DE Bar No. 4324)
Mark A. Fink (DE Bar No. 3946)
1105 North Market Street, 15th Floor
Wilmington, DE 19801
Telephone: (302) 504-7800
Facsimile: (302) 504 -7820
E-mail: nramsey@mmwr.com
dwright@mmwr.com
mfink@mmwr.com

– and –

SC1:4561056.3

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich
Brian D. Glueckstein
John Hardiman
Alexa J. Kranzley
125 Broad Street
New York, New York 10004
Telephone:    (212) 558-4000
Facsimile:    (212) 558-3588
E-mail:    dietdericha@sullcrom.com
   gluecksteinb@sullcrom.com
   hardimanj@sullcrom.com
   kranzleya@sullcrom.com

*Counsel for The Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, EFIH Finance Inc., and EECI, Inc.*

SC1:4561056.3