# Exhibit

# 4

**Amy Brown**

| | |
|---|---|
| **From:** | Noah Hagey |
| **Sent:** | Tuesday, December 26, 2017 9:49 PM |
| **To:** | Stadler, Katherine |
| **Cc:** | McKane, Mark; Thompson, McClain; jgorris@friedlandergorris.com; Amy Brown; Stephany, Bryan M.; Yenamandra, Aparna; *madron@rlf.com; Sowa, Justin; Williamson, Brady |
| **Subject:** | Re: Meet and confer call re. Fee Commitee Motion - RE: In re Energy Future Holdings Corp. (No. 14-10979) (Bankr. D. Del.) |

Katie,

No need to throw stones.  We want this to be constructive.  If you have a different position to articulate than what I recorded below, it would be helpful to understand it.  And perhaps even talk about it in event we could address your client's issue, whatever it may be.

Lying in wait just to file a heap of paper with the court is a terrible way to work through this process -- and something I'd love to figure out how to change.  Our offer to confer remains.

Noah

J. Noah Hagey
BraunHagey & Borden LLP
hagey@braunhagey.com
Office (415) 599-0211
Cell (510) 332-7823

On Dec 26, 2017, at 3:38 PM, Stadler, Katherine <KStadler@gklaw.com> wrote:

> Mr. Hagey,
>
> You have mischaracterized my statements on today's call. The Fee Committee's position on the issues raised in your motion, to the extent it is appropriate for the Fee Committee to take a position, will be outlined in our responsive filing.
>
> On Dec 26, 2017, at 5:51 PM, Noah Hagey <hagey@braunhagey.com> wrote:
>
>> Mark et al –
>>
>> Thanks for everyone joining today's boxing day call.
>>
>> Hope to confirm shortly the proposed mutual stand-down on discovery, subject to the majority creditors' review of opposition papers, if any.  (We agreed any discovery re-engagement would be mutual.)  Will be back to you shortly on this.
>>
>> We also agreed the parties would seek to present the motion and opposition argument "on the papers" without need for direct examination or cross.  We discussed mutually reaching out to the Court following receipt of debtors' filing on Jan 3.  If folks are expected to testify and be crossed, we'll want to know that ahead of time, on both sides.

\*\*\*

A few other notes to address a few lingering questions.  Feel free to editorialize as you see fit.

We again requested that K&E briefly memorialize in writing its proffered objection to the motion.  Mark declined to do so, citing holiday issues and timing.  We hope you reconsider.  Researching, drafting, and filing "opposition" papers in lieu of meeting and conferring is a poor use of estate resources.  We remain open and willing to discuss debtors' inchoate concerns, as well as any suggested proposals your clients may have.  The majority creditors remain willing to engage with debtors and their counsel to resolve any issues ahead of Jan 3 or the hearing on Jan 8.

Re. counsel for Fee Committee, we understand from Katie Stadler that her firm will be interposing some kind of "response" to the Motion, identifying "inaccuracies".  Katie declined to say what those inaccuracies might be, just that the majority creditors would have to wait until January 3 to find out.  As with our attempts to meet and confer with debtors, we hope the Fee Committee's counsel reconsiders its position.  It's not a good use of estate resources to spend time drafting responses without even seeking to address concerns ahead of time.  Please ensure the Fee Committee hears our concern about the refusal to meet and confer with the majority creditors in advance of submitting filings with the court.

We also asked Katie whether Fee Committee counsel had any understanding as to who the nominal UCC representative, Mr. Kravitz, reports to.  She indicated "the creditors" and the "creditors committee."  When pressed, she would not state whether that meant the E-Side UCC or some other entity.  She confirmed there was an agreement (not memorialized in writing) that Mr. Kravitz would continue to serve on the committee in favor of the E-Side UCC.  She acknowledged that the T-Side UCC is defunct.  She declined to articulate whether Committee counsel, at this point in time, has a view as to the E-Side UCC's ability to designate a new representative, whether in favor of the majority creditors, or otherwise.

Mark indicated that we should reach out to the UST's counsel, Mr. Shepacarter, who was described as having a role to play at the upcoming motion hearing.  The majority creditors are interested to understand the UST's position.

\*\*\*

That's it for now.

Mark or Katie, feel free to call me if you have any follow up questions or want to discuss the above.  510-332-7823.

Noah

J. Noah Hagey
Managing Partner
BRAUNHAGEY & BORDEN LLP
Direct:  (415) 599-0211

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges. If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system. Thank you.

---

**From:** McKane, Mark [mailto:mmckane@kirkland.com]
**Sent:** Tuesday, December 26, 2017 7:40 AM
**To:** Noah Hagey
**Cc:** Thompson, McClain; jgorris@friedlandergorris.com; Amy Brown; Stephany, Bryan M.; Yenamandra, Aparna; *madron@rlf.com; Sowa, Justin; Kim Berger; Bwilliam@gklaw.com; kstadler@gklaw.com
**Subject:** Re: In re Energy Future Holdings Corp. (No. 14-10979) (Bankr. D. Del.)

Noah — No worries here. I believe Brady and Katie are up to speed on the issues regarding both discovery and the handling of the hearing.

Mark


On Dec 26, 2017, at 9:24 AM, Noah Hagey <hagey@braunhagey.com> wrote:

> Thanks Mark, confirmed.
>
> Also just noted that your group email from yesterday omitted our more recent correspondence, i.e., following last week's call. It is interlineated below so that Brady is up to speed on the majority creditors' position and open questions we hope to answer today. (As a holiday gesture, we even included your generous response to my listing of follow up items.)
>
> To that end, a related issue concerns holding dates for our depositions of Mr. Keglevic and Mr. Gitlin on Jan 4. That is without prejudice to, waiver of, our view regarding debtors' adversarial discovery process generally, which we again believe is without good cause.
>
> Talk to everyone at 3pm ET.
>
> Noah
>
> J. Noah Hagey
> Managing Partner
> B R A U N H A G E Y & B O R D E N LLP
> Direct: (415) 599-0211

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges. If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system. Thank you.

---

**From:** McKane, Mark [mailto:mmckane@kirkland.com]
**Sent:** Tuesday, December 26, 2017 7:02 AM
**To:** Noah Hagey
**Cc:** Thompson, McClain; jgorris@friedlandergorris.com; Amy Brown; Stephany, Bryan M.; Yenamandra, Aparna; *madron@rlf.com; Sowa,

Justin; Kim Berger; Bwilliam@gklaw.com
**Subject:** Re: In re Energy Future Holdings Corp. (No. 14-10979) (Bankr. D. Del.)

Noah — I've confirmed that 3 pm ET will work and I have included Brady Williamson to the invite given the Fee Review Committee's participation at the hearing and the pending discovery requests to Richard Gitlin.

Thanks,
Mark

On Dec 25, 2017, at 8:39 PM, Noah Hagey <hagey@braunhagey.com> wrote:

> Hi Mark.  Does 3pm ET work for your group?
>
> J. Noah Hagey
> BraunHagey & Borden LLP
> hagey@braunhagey.com
> Office (415) 599-0211
> Cell (510) 332-7823
>
> On Dec 25, 2017, at 3:44 PM, McKane, Mark <mmckane@kirkland.com> wrote:
>
>> Noah — Would 4 pm NY / 11 am Hawaii or later work for a call tomorrow?
>>
>> Mark
>>
>> **From:** McKane, Mark [mailto:mmckane@kirkland.com]
>> **Sent:** Friday, December 22, 2017 11:01 AM
>> **To:** Noah Hagey
>> **Cc:** Thompson, McClain; jgorris@friedlandergorris.com; Amy Brown; Stephany, Bryan M.; Yenamandra, Aparna; *madron@rlf.com; Sowa, Justin; Kim Berger; Thompson, McClain
>> **Subject:** RE: In re Energy Future Holdings Corp. (No. 14-10979) (Bankr. D. Del.)
>>
>> Noah -- The Debtors do not agree with your inaccurate and incomplete attempt to memorialization the call and the issues going forward.  We'll amend and supplement the issues but your attempt to summarize that hour-plus discussion and the added commentary are not constructive or productive.

Mark

**From:** Noah Hagey
**Sent:** Friday, December 22, 2017 10:42 AM
**To:** 'McKane, Mark'
**Cc:** Thompson, McClain; jgorris@friedlandergorris.com; Amy Brown; Stephany, Bryan M.; Yenamandra, Aparna; *madron@rlf.com; Sowa, Justin; Kim Berger
**Subject:** RE: In re Energy Future Holdings Corp. (No. 14-10979) (Bankr. D. Del.)

Mark,

Thanks for the call.

A quick memorialization of issues for follow-up on Sunday or Tuesday.  Let us know when and which you prefer.

1. We requested that debtors summarize in writing the supposed grounds of their intended objection.  On the call you referenced *potential* concerns about how the Majority Creditors might negatively affect Committee process and "what our objective is".  You also stated that debtors have questions about the role of the Committee itself, i.e., in your words whether that role should be "to reduce fees as much as possible" or merely "to give guidance to the Court" on the reasonableness of fee applications.  It would seem obvious that the role includes both of those things and that our clients are mutually interested in success on each.  Either way, most of the discovery K&E served does not appear directed to those specific items.  We accordingly again request that you file a notice of preliminary objection

to formalize debtors' position (as opposed to something K&E itself might be interested in).

2.  Can you confirm which debtors' representative stands behind the opposition you articulated on our call?  Our clients are quizzical that any of the debtor representatives would objection to the active involvement of the estate's majority creditors in the review of advisor applications.  As noted in our email below, your client appeared to have no knowledge of K&E's potential opposition to the motion from last Friday.

3.  The majority creditors have previously offered to have a non-attorney representative on the committee and, indeed, are willing to appoint a third party representative, such as a typical trustee or fee committee person to serve.  (Kim Berger would, of course, be a good choice given her government and industry background in reviewing financial issues.)  Please advise whether this would addresses debtors' alleged concern.

4.  Regarding the timing and content of disclosures, let us know whether debtors still seek the broad categories outlined in your requests, or some other process, understanding that it will need to be a mutual exchange.  Likewise, if your client intends to stand on its demand to depose the majority creditors (which we believe is a waste of estate resources), our clients will require the same courtesy of debtor's representative.

5.  Finally, we discussed the January 8 hearing format.  Our suggestion is that the parties jointly approach Judge Sontchi

on the issue, either separate or in combination with any discovery dispute.  We noted that should the motion evolve into a contested evidentiary hearing, we will require Mr. Keglevic or Mr. Horton to be prepared to testify regarding your clients' objection(s).

Finally, lest it not be said strongly enough, our clients were taken off guard by the manner and timing of debtors' response to the motion.  The same goes for the belated explanation of objections stated on our call.  All of the supposed issues flagged could have been addressed productively over a month ago.  Presumably you have copies of the outreach to your firm seeking to engage, which went unanswered.  Just as our requests for basic information from the Committee itself went unanswered.  We remain open to engaging constructively now to address those issues now, if that is your clients' sincere interest.

Best,

Noah

J. Noah Hagey
Managing Partner
B R A U N H A G E Y & B O R D E N LLP
Direct:  (415) 599-0211

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges.  If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system.  Thank you.

**From:** McKane, Mark [mailto:mmckane@kirkland.com]
**Sent:** Thursday, December 21, 2017 8:03 PM
**To:** Noah Hagey
**Cc:** Thompson, McClain; jgorris@friedlandergorris.com; Amy

Brown; Stephany, Bryan M.;
Yenamandra, Aparna;
*madron@rlf.com; Sowa, Justin; Kim
Berger
**Subject:** Re: In re Energy Future
Holdings Corp. (No. 14-10979) (Bankr.
D. Del.)

Don't see why you are trying to impose
gating items to a discovery meet-and-
confer conference or why there is any
confusion here unless it is feigned.

The Debtors clearly approved the
discovery before we served it, opposed
your improper attempt to shorten the
period to file an objection, and as of
now are planning to file an objection.

Talk to you tomorrow.

Mark

On Dec 21, 2017, at 7:42 PM, Noah
Hagey <hagey@braunhagey.com>
wrote:

Sure Mark.

Are you able to confirm or clarify
debtors' position on the first gating item
outlined below?  Presumably your clients
have a position on the motion; if not,
we can likely dispense with wasting
folks time on a discovery call.

Noah

---

**From:** McKane, Mark
[mmckane@kirkland.com]
**Sent:** Thursday, December 21, 2017
6:25 PM
**To:** Noah Hagey
**Cc:** Thompson, McClain;
jgorris@friedlandergorris.com; Amy
Brown; Stephany, Bryan M.;
Yenamandra, Aparna;
*madron@rlf.com; Sowa, Justin; Kim
Berger
**Subject:** Re: In re Energy Future
Holdings Corp. (No. 14-10979) (Bankr.
D. Del.)

Noah — I look forward to speaking with
you tomorrow morning regarding the

motion, pending discovery, as well as
these issues raised in this email.

Mark

Mark McKane, P.C.
------------------------------------------------------
--
KIRKLAND & ELLIS LLP
555 California Street, San Francisco, CA
94104
T +1 415 439 1473  M +1 415 309 4217
------------------------------------------------------
--
mark.mckane@kirkland.com

On Dec 21, 2017, at 11:57 AM, Noah
Hagey <hagey@braunhagey.com>
wrote:

> McClain et al,
>
> As noted below, we are
> still reviewing debtors'
> numerous discovery
> requests with our
> clients.  It probably is
> worth flagging up front
> that the volume and
> tenor of debtors'
> discovery triggered
> something of an ironic
> surprise on our
> end.  The whole point
> of adding our clients to
> the fee committee
> was/is to reduce estate
> burn, not increase it
> through a contested
> motion.  I mention this
> in the context of your
> discovery because
> debtors have known
> about the requested
> appointment for about
> five weeks.  During that
> period your clients
> made no inquiries to
> the majority creditors,
> much less the
> voluminous ones posed
> in the many requests

we received for the first
time on Monday.

As for meeting and
conferring, we are
happy to do so, but
require some additional
information to help
understand debtors'
position.

First, it is not clear
whether debtors are
intending to object to
the requested relief,
i.e., and whether this is
a contested matter
under 9014.  When we
received Bryan's email
on Friday suggesting
that debtors "do not
anticipate agreeing" to
the requested
appointment, he
avoided saying that
debtors were actively
objecting.  In fact, when
that was communicated
to us, it appears that
your client's
representative on the
fee committee had not
even been made aware
of (much less involved
in) such position.  Nor
has the fee committee
articulated its position
on the matter either.

Accordingly, before we
spend dwindling estate
resources on massive
discovery, please advise
whether debtors are
intending to object to
the application and, if
so, on what
grounds.  We note your
clients have not filed
any preliminary
objection and also did
not move the court for

good cause to take expedited discovery.  We are not going to stand on technical ceremony (and assume similar courtesy will be extended in return), but our clients deserve to understand the grounds for debtors' anticipated objection so as to evaluate the reasonableness of their extraordinarily broad demands.

Second, on the question of evidentiary discovery generally, our clients had not anticipated it would be necessary for this motion.  The equities associated with Elliott's and Paloma's appointment is fairly straight forward and your clients have had a long time to consider the issue.  That said, if debtors really intend to object, our clients have no objection to providing targeted information – provided the exchange is mutual and the requests are reasonably narrowed to issues directly related to the fee committee motion itself.   On that score, as a reservation of rights, we will be serving limited document requests to debtors and the fee committee this afternoon.  The return dates will mirror those provided in debtors' notices.

Third, we will need to confer around whether mutual depositions are reasonable or warranted under the circumstances.  As it stands, the dates unilaterally set by debtors are not doable on my clients' schedules, both of whom are traveling.  We are amenable to discussing other options.

Assuming we receive debtors' position around items one and two above, tomorrow's call should go forward.  Note we are still reviewing many of your specific requests so will not be in a position to go through them in detail on our call, but can do so on a general level.

Best,

Noah

J. Noah Hagey
Managing Partner
B R A U N **HAGEY** & B O R D E N  L L P
Direct:  (415) 599-0211

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges.  If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from

your email system.  Thank you.

---

**From:** Thompson, McClain [mailto:mcclain.thompson@kirkland.com]
**Sent:** Thursday, December 21, 2017 9:41 AM
**To:** Noah Hagey; jgorris@friedlandergorris.com; Amy Brown
**Cc:** McKane, Mark; Stephany, Bryan M.; Yenamandra, Aparna; *madron@rlf.com; Sowa, Justin
**Subject:** RE: In re Energy Future Holdings Corp. (No. 14-10979) (Bankr. D. Del.)

Noah - 1 p.m. ET works.  I'll send a dial-in.  Thank you.

McClain Thompson

---

KIRKLAND & ELLIS LLP
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3279  **M** +1 917 545 6401
**F** +1 212 446 4900

---

mcclain.thompson@kirkland.com

---

**From:** Noah Hagey [mailto:hagey@braunhagey.com]
**Sent:** Thursday, December 21, 2017 1:08 PM
**To:** Thompson, McClain <mcclain.thompson@kirkland.com>; jgorris@friedlandergorris.com; Amy Brown <brown@braunhagey.com>
**Cc:** McKane, Mark <mmckane@kirkland.com>; Stephany, Bryan

M. <bstephany@kirkland.com>; Yenamandra, Aparna <aparna.yenamandra@kirkland.com>; *madron@rlf.com <madron@rlf.com>; Sowa, Justin <justin.sowa@kirkland.com>

**Subject:** RE: In re Energy Future Holdings Corp. (No. 14-10979) (Bankr. D. Del.)

Thanks McClain,

We are still circling up with our clients on a few items but hope to be back to you shortly.  For scheduling a call, I am traveling today, but could be available with Jeff Gorris tomorrow anytime between 1-3pm ET.  Let us know if that works on your schedule(s).

Noah

J. Noah Hagey
Managing Partner
B R A U N H A G E Y & B O R D E N  LLP
Direct:  (415) 599-0211

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges.  If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from

your email system.  Thank you.

---

**From:** Thompson, McClain [mailto:mcclain.thompson@kirkland.com]
**Sent:** Thursday, December 21, 2017 8:04 AM
**To:** Noah Hagey; jgorris@friedlandergorris.com; Amy Brown
**Cc:** McKane, Mark; Stephany, Bryan M.; Yenamandra, Aparna; *madron@rlf.com; Sowa, Justin
**Subject:** RE: In re Energy Future Holdings Corp. (No. 14-10979) (Bankr. D. Del.)

Noah –

Please advise of your availability today for a meet-and-confer.  Thank you.

**McClain Thompson**

---

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3279  **M** +1 917 545 6401
**F** +1 212 446 4900

---

mcclain.thompson@kirkland.com

---

**From:** Thompson, McClain
**Sent:** Wednesday, December 20, 2017 10:54 AM
**To:** 'Noah Hagey' <hagey@braunhagey.com>; jgorris@friedlandergorris.com; Amy Brown <brown@braunhagey.com>
**Cc:** McKane, Mark

<MMcKane@kirkland.com>; Stephany, Bryan M. <bstephany@kirkland.com>; Yenamandra, Aparna <aparna.yenamandra@kirkland.com>; *madron@rlf.com <madron@rlf.com>; Sowa, Justin <justin.sowa@kirkland.com>

**Subject:** RE: In re Energy Future Holdings Corp. (No. 14-10979) (Bankr. D. Del.)

Noah -

We're happy to discuss the following points this afternoon.  Does 1:30 p.m. ET work?

Documents:  Please confirm that you anticipate producing documents from Sunrise, Elliott, and BraunHagey by December 28.

Witnesses:  Please confirm that Mr. Silvetz and Mr. Rosenbaum will be available on January 3.

We look forward to speaking.

**McClain Thompson**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3279  **M** +1 917 545 6401
**F** +1 212 446 4900

mcclain.thompson@kirkland.com

**From:** Noah Hagey [mailto:hagey@braunhagey.com]
**Sent:** Wednesday, December 20, 2017 11:25 AM
**To:** Thompson, McClain <mcclain.thompson@kirkland.com>
**Cc:** *madron@rlf.com <madron@rlf.com>; scousins@bayardlaw.com; *efay@bayardlaw.com <efay@bayardlaw.com>; *emiller@bayardlaw.com <emiller@bayardlaw.com>; *andrew.devore@ropesgray.com <andrew.devore@ropesgray.com>; *Matthew.McGinnis@ropesgray.com <Matthew.McGinnis@ropesgray.com>; *Peter.Welsh@ropesgray.com <Peter.Welsh@ropesgray.com>; *keith.wofford@ropesgray.com <keith.wofford@ropesgray.com>; *Gregg.Galardi@ropesgray.com <Gregg.Galardi@ropesgray.com>; jgorris@friedlandergorris.com; Amy Brown <brown@braunhagey.com>; mbusenkell@gsbblaw.com; abbey.walsh@freshfields.com; *scott.talmadge@freshfields.com <scott.talmadge@fresh

fields.com>; McKane,
Mark
<mmckane@kirkland.c
om>; Husnick, Chad J.
<chusnick@kirkland.co
m>; Kieselstein, Marc
<mkieselstein@kirkland
.com>; Yenamandra,
Aparna
<aparna.yenamandra@
kirkland.com>;
Stephany, Bryan M.
<bstephany@kirkland.c
om>;
*defranceschi@RLF.co
m
<defranceschi@RLF.co
m>

**Subject:** Re: In re
Energy Future Holdings
Corp. (No. 14-10979)
(Bankr. D. Del.)

Hi McClain,

Together with Jeff
Gorrris, we
representing the
Majority Creditors in
this matter. Please
direct further
communications.

J. Noah Hagey
BraunHagey & Borden
LLP
hagey@braunhagey.co
m
Office (415) 599-0211
Cell (510) 332-7823

On Dec 20, 2017, at
4:01 AM, Thompson,
McClain
<mcclain.thompson@ki
rkland.com> wrote:

All -

Followi
ng up
from

yesterday, does 1:30 p.m. ET work for a representative from Elliott, Sunrise, and/or BraunHagey? We have additional availability in the afternoon.  Thank you.

**McClain Thompson**

──────────

──────────

──────────

──────────

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3279  **M** +1 917 545 6401
**F** +1 212 446 4900

──────────

──────────

──────────

mcclain.thompson

@kirkland
.com

**From:**
Thomps
on,
McClai
n
**Sent:**
Tuesda
y,
Decem
ber 19,
2017
2:48
PM
**To:**
'Madro
n, Jason
M.'
<Madro
n@RLF.
com>;
scousin
s@baya
rdlaw.c
om;
*efay@
bayardl
aw.com
<efay@
bayardl
aw.com
>;
*emille
r@baya
rdlaw.c
om
<emille
r@baya
rdlaw.c
om>;
*andre
w.devo
re@rop
esgray.
com
<andre
w.devo
re@rop
esgray.
com>;
*Matth

ew.Mc
Ginnis
@ropes
gray.co
m
<Matth
ew.Mc
Ginnis
@ropes
gray.co
m>;
*Peter.
Welsh
@ropes
gray.co
m
<Peter.
Welsh
@ropes
gray.co
m>;
*keith.
wofford
@ropes
gray.co
m
<keith.
wofford
@ropes
gray.co
m>;
*Gregg.
Galardi
@ropes
gray.co
m
<Gregg.
Galardi
@ropes
gray.co
m>;
jgorris
@friedl
anderg
orris.co
m;
hagey
@brau
nhagey.
com;
brown
@brau

nhagey.com;
mbusenkell@gsbblaw.com;
abbey.walsh@freshfields.com;
*scott.talmadge@freshfields.com <scott.talmadge@freshfields.com>
**Cc:** McKane, Mark <MMcKane@kirkland.com>; Husnick, Chad J. <CHusnick@kirkland.com>; Kieselstein, Marc <mkieselstein@kirkland.com>; Yenamandra, Aparna <aparna.yenamandra@kirkland.com>;

Stephany, Bryan M. <bstephany@kirkland.com>; *defranceschi@RLF.com <defranceschi@RLF.com>

**Subject**: RE: In re Energy Future Holdings Corp. (No. 14-10979) (Bankr. D. Del.)

Counsel -

In light of the upcoming holidays and the need to complete discovery before the January 8 hearing, we would like to

schedule an initial meet-and-confer tomorrow.  We can be available at 1:30 p.m. ET or later.  Please let us know if 1:30 p.m. ET works for a representative of Sunrise, Elliott, and BraunHagey.  We are also happy to discuss the requests with each party separately.

Thank you.

**McClain Thompson**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3279  **M** +1 917 545 6401
**F** +1 212 446 4900

mcclain.thompson@kirkland.com

---

**From:** Madron, Jason M. [mailto:Madron@RLF.com]
**Sent:** Monday, December 18, 2017 12:50 PM
**To:** Thompson, McClain <mcclain.thompson@kirkland.com>; scousins@bayardlaw.c

om;
*efay@
bayardl
aw.com
<efay@
bayardl
aw.com
>;
*emille
r@baya
rdlaw.c
om
<emille
r@baya
rdlaw.c
om>;
*andre
w.devo
re@rop
esgray.
com
<andre
w.devo
re@rop
esgray.
com>;
*Matth
ew.Mc
Ginnis
@ropes
gray.co
m
<Matth
ew.Mc
Ginnis
@ropes
gray.co
m>;
*Peter.
Welsh
@ropes
gray.co
m
<Peter.
Welsh
@ropes
gray.co
m>;
*keith.
wofford
@ropes
gray.co

m
<keith.
wofford
@ropes
gray.co
m>;
*Gregg.
Galardi
@ropes
gray.co
m
<Gregg.
Galardi
@ropes
gray.co
m>;
jgorris
@friedl
anderg
orris.co
m;
hagey
@brau
nhagey.
com;
brown
@brau
nhagey.
com;
mbusen
kell@gs
bblaw.c
om;
abbey.
walsh@
freshfie
lds.com
;
*scott.t
almadg
e@fres
hfields.
com
<scott.t
almadg
e@fres
hfields.
com>
**Cc:**
McKan
e, Mark
<mmck

[ane@kirkland.com](mailto:ane@kirkland.com)>; Husnick, Chad J. <[chusnick@kirkland.com](mailto:chusnick@kirkland.com)>; Kieselstein, Marc <[mkieselstein@kirkland.com](mailto:mkieselstein@kirkland.com)>; Yenamandra, Aparna <[aparna.yenamandra@kirkland.com](mailto:aparna.yenamandra@kirkland.com)>; Stephany, Bryan M. <[bstephany@kirkland.com](mailto:bstephany@kirkland.com)>; [*defranceschi@RLF.com](mailto:*defranceschi@RLF.com) <[defranceschi@RLF.com](mailto:defranceschi@RLF.com)>

**Subject**: RE: In re Energy Future Holdings Corp. (No. 14-

10979) (Bankr. D. Del.)

Dear Counsel,

Further to McClain's note, please find the two deposition notices issued today in connection with the *Motion to Appoint a Representative of the Majority Creditors to the Fee Committee* and related declarations, dated December 17, 2017 [D.I. 12358-60].

29

Best Regards,
Jason

Jason M. Madron, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
302.651.7595 (Direct Dial)
302.498.7595 (Direct Fax)
E-mail: madron@rlf.com

---

The information contained in this electronic communicati

on is intended only for the use of the individual or entity named above and may be privileged and/or confidential. If the reader of this message is not the intended recipient, you are hereby notified that any unauthorized dissemination, distribution or copying of this communication is strictly prohibited by law. If you have received this

comm unicati on in error, please immed iately notify us by return e-mail or teleph one (302- 651- 7700) and destro y the origina l messa ge. Thank you.

---

**From:** Thomps on, McClain [mailto: mcclain .thomps on@kirk land.co m] **Sent:** Monday , Decemb er 18, 2017 12:38 PM **To:** scousin s@baya rdlaw.c om; *efay@ bayardl aw.com ; *emiller @bayar

dlaw.com;
*andrew.devore@ropesgray.com;
*Matthew.McGinnis@ropesgray.com;
*Peter.Welsh@ropesgray.com;
*keith.wofford@ropesgray.com;
*Gregg.Galardi@ropesgray.com;
jgorris@friedlandergorris.com;
hagey@braunhagey.com;
brown@braunhagey.com;
mbusenkell@gsbblaw.com;
abbey.walsh@freshfields.com;
*scott.talmadge@freshfields.com

**Cc:**
Madron, Jason M.; McKane, Mark;

Husnick, Chad J.; Kieselstein, Marc; Yenamandra, Aparna; Stephany, Bryan M.; DeFranceschi, Daniel J.

**Subject:** In re Energy Future Holdings Corp. (No. 14-10979) (Bankr. D. Del.)

Counsel -

In connection with the *Motion to Appoint a Representative of the Majority Creditors to the Fee Committee* and related declarations, dated

December 17, 2017 [D.I. 12358-60], please see the attached discovery requests.

Jason Madron (cc'd here) will follow-up with deposition notices.

**McClain Thompson**

––––––––––
––––––––––
––––––––––
––––––––––
––––––––––

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3279  **M** +1 917 545 6401
**F** +1 212 446 4900

––––––––––
––––––––––
––––––––––
––––––––––
––––––––––

mcclain.t

[hompson @kirkland .com](mailto:hompson@kirkland.com)

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to [postmaster@kirkland.com](mailto:postmaster@kirkland.com), and destroy this communication

and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and

destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please

notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

This email has been scanned for email related threats and delivered safely by Mimecast. For more information please visit http://www.mimecast.com

**Amy Brown**

| | |
|---|---|
| **From:** | Stadler, Katherine <KStadler@gklaw.com> |
| **Sent:** | Tuesday, December 26, 2017 8:39 PM |
| **To:** | Noah Hagey |
| **Cc:** | McKane, Mark; Thompson, McClain; jgorris@friedlandergorris.com; Amy Brown; Stephany, Bryan M.; Yenamandra, Aparna; *madron@rlf.com; Sowa, Justin; Williamson, Brady |
| **Subject:** | Re: Meet and confer call re. Fee Commitee Motion - RE: In re Energy Future Holdings Corp. (No. 14-10979) (Bankr. D. Del.) |

Mr. Hagey,

You have mischaracterized my statements on today's call. The Fee Committee's position on the issues raised in your motion, to the extent it is appropriate for the Fee Committee to take a position, will be outlined in our responsive filing.

On Dec 26, 2017, at 5:51 PM, Noah Hagey <hagey@braunhagey.com> wrote:

> Mark et al –
>
> Thanks for everyone joining today's boxing day call.
>
> Hope to confirm shortly the proposed mutual stand-down on discovery, subject to the majority creditors' review of opposition papers, if any.  (We agreed any discovery re-engagement would be mutual.)  Will be back to you shortly on this.
>
> We also agreed the parties would seek to present the motion and opposition argument "on the papers" without need for direct examination or cross.  We discussed mutually reaching out to the Court following receipt of debtors' filing on Jan 3.  If folks are expected to testify and be crossed, we'll want to know that ahead of time, on both sides.
>
> ***
>
> A few other notes to address a few lingering questions.  Feel free to editorialize as you see fit.
>
> We again requested that K&E briefly memorialize in writing its proffered objection to the motion.  Mark declined to do so, citing holiday issues and timing.  We hope you reconsider.  Researching, drafting, and filing "opposition" papers in lieu of meeting and conferring is a poor use of estate resources.  We remain open and willing to discuss debtors' inchoate concerns, as well as any suggested proposals your clients may have.  The majority creditors remain willing to engage with debtors and their counsel to resolve any issues ahead of Jan 3 or the hearing on Jan 8.
>
> Re. counsel for Fee Committee, we understand from Katie Stadler that her firm will be interposing some kind of "response" to the Motion, identifying "inaccuracies".  Katie declined to say what those inaccuracies might be, just that the majority creditors would have to wait until January 3 to find out.  As with our attempts to meet and confer with debtors, we hope the Fee Committee's counsel reconsiders its position.  It's not a good use of estate resources to spend time drafting responses without even seeking to address concerns ahead of time.  Please ensure the Fee Committee hears our concern about the refusal to meet and confer with the majority creditors in advance of submitting filings with the court.

We also asked Katie whether Fee Committee counsel had any understanding as to who the nominal UCC representative, Mr. Kravitz, reports to. She indicated "the creditors" and the "creditors committee." When pressed, she would not state whether that meant the E-Side UCC or some other entity. She confirmed there was an agreement (not memorialized in writing) that Mr. Kravitz would continue to serve on the committee in favor of the E-Side UCC. She acknowledged that the T-Side UCC is defunct. She declined to articulate whether Committee counsel, at this point in time, has a view as to the E-Side UCC's ability to designate a new representative, whether in favor of the majority creditors, or otherwise.

Mark indicated that we should reach out to the UST's counsel, Mr. Shepacarter, who was described as having a role to play at the upcoming motion hearing. The majority creditors are interested to understand the UST's position.

***

That's it for now.

Mark or Katie, feel free to call me if you have any follow up questions or want to discuss the above. 510-332-7823.

Noah

J. Noah Hagey
Managing Partner
B R A U N H A G E Y & B O R D E N LLP
Direct: (415) 599-0211

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges. If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system. Thank you.

**From:** McKane, Mark [mailto:mmckane@kirkland.com]
**Sent:** Tuesday, December 26, 2017 7:40 AM
**To:** Noah Hagey
**Cc:** Thompson, McClain; jgorris@friedlandergorris.com; Amy Brown; Stephany, Bryan M.; Yenamandra, Aparna; *madron@rlf.com; Sowa, Justin; Kim Berger; Bwilliam@gklaw.com; kstadler@gklaw.com
**Subject:** Re: In re Energy Future Holdings Corp. (No. 14-10979) (Bankr. D. Del.)

Noah — No worries here. I believe Brady and Katie are up to speed on the issues regarding both discovery and the handling of the hearing.

Mark

On Dec 26, 2017, at 9:24 AM, Noah Hagey <hagey@braunhagey.com> wrote:

Thanks Mark, confirmed.

Also just noted that your group email from yesterday omitted our more recent correspondence, i.e., following last week's call. It is interlineated below so that Brady is up to speed on the majority creditors' position and open questions we hope to answer today. (As a holiday gesture, we even included your generous response to my listing of follow up items.)

To that end, a related issue concerns holding dates for our depositions of Mr. Keglevic and Mr. Gitlin on Jan 4.  That is without prejudice to, waiver of, our view regarding debtors' adversarial discovery process generally, which we again believe is without good cause.

Talk to everyone at 3pm ET.

Noah

J. Noah Hagey
Managing Partner
B R A U N H A G E Y & B O R D E N LLP
Direct:  (415) 599-0211

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges.  If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system.  Thank you.

---

**From:** McKane, Mark [mailto:mmckane@kirkland.com]
**Sent:** Tuesday, December 26, 2017 7:02 AM
**To:** Noah Hagey
**Cc:** Thompson, McClain; jgorris@friedlandergorris.com; Amy Brown; Stephany, Bryan M.; Yenamandra, Aparna; *madron@rlf.com; Sowa, Justin; Kim Berger; Bwilliam@gklaw.com
**Subject:** Re: In re Energy Future Holdings Corp. (No. 14-10979) (Bankr. D. Del.)

Noah — I've confirmed that 3 pm ET will work and I have included Brady Williamson to the invite given the Fee Review Committee's participation at the hearing and the pending discovery requests to Richard Gitlin.

Thanks,
Mark


On Dec 25, 2017, at 8:39 PM, Noah Hagey <hagey@braunhagey.com> wrote:

> Hi Mark.  Does 3pm ET work for your group?
>
> J. Noah Hagey
> BraunHagey & Borden LLP
> hagey@braunhagey.com
> Office (415) 599-0211
> Cell (510) 332-7823
>
> On Dec 25, 2017, at 3:44 PM, McKane, Mark <mmckane@kirkland.com> wrote:
>
>> Noah — Would 4 pm NY / 11 am Hawaii or later work for a call tomorrow?
>>
>> Mark

3

**From:** McKane, Mark [mailto:mmckane@kirkland.com]
**Sent:** Friday, December 22, 2017 11:01 AM
**To:** Noah Hagey
**Cc:** Thompson, McClain; jgorris@friedlandergorris.com;
Amy Brown; Stephany, Bryan M.; Yenamandra, Aparna;
*madron@rlf.com; Sowa, Justin; Kim Berger;
Thompson, McClain
**Subject:** RE: In re Energy Future Holdings Corp. (No.
14-10979) (Bankr. D. Del.)

Noah -- The Debtors do not agree with your inaccurate
and incomplete attempt to memorialization the call and
the issues going forward.  We'll amend and supplement
the issues but your attempt to summarize that hour-
plus discussion and the added commentary are not
constructive or productive.

Mark

**From:** Noah Hagey
**Sent:** Friday, December 22, 2017 10:42 AM
**To:** 'McKane, Mark'
**Cc:** Thompson, McClain; jgorris@friedlandergorris.com;
Amy Brown; Stephany, Bryan M.; Yenamandra, Aparna;
*madron@rlf.com; Sowa, Justin; Kim Berger
**Subject:** RE: In re Energy Future Holdings Corp. (No.
14-10979) (Bankr. D. Del.)

Mark,

Thanks for the call.

A quick memorialization of issues for follow-up on
Sunday or Tuesday.  Let us know when and which you
prefer.

1. We requested that debtors summarize in
   writing the supposed grounds of their intended
   objection.  On the call you referenced *potential*
   concerns about how the Majority Creditors
   might negatively affect Committee process and
   "what our objective is".  You also stated that
   debtors have questions about the role of the
   Committee itself, i.e., in your words whether
   that role should be "to reduce fees as much as
   possible" or merely "to give guidance to the
   Court" on the reasonableness of fee
   applications.  It would seem obvious that the
   role includes both of those things and that our
   clients are mutually interested in success on
   each.  Either way, most of the discovery K&E
   served does not appear directed to those
   specific items.  We accordingly again request
   that you file a notice of preliminary objection to

formalize debtors' position (as opposed to something K&E itself might be interested in).

2. Can you confirm which debtors' representative stands behind the opposition you articulated on our call? Our clients are quizzical that any of the debtor representatives would objection to the active involvement of the estate's majority creditors in the review of advisor applications. As noted in our email below, your client appeared to have no knowledge of K&E's potential opposition to the motion from last Friday.

3. The majority creditors have previously offered to have a non-attorney representative on the committee and, indeed, are willing to appoint a third party representative, such as a typical trustee or fee committee person to serve. (Kim Berger would, of course, be a good choice given her government and industry background in reviewing financial issues.) Please advise whether this would addresses debtors' alleged concern.

4. Regarding the timing and content of disclosures, let us know whether debtors still seek the broad categories outlined in your requests, or some other process, understanding that it will need to be a mutual exchange. Likewise, if your client intends to stand on its demand to depose the majority creditors (which we believe is a waste of estate resources), our clients will require the same courtesy of debtor's representative.

5. Finally, we discussed the January 8 hearing format. Our suggestion is that the parties jointly approach Judge Sontchi on the issue, either separate or in combination with any discovery dispute. We noted that should the motion evolve into a contested evidentiary hearing, we will require Mr. Keglevic or Mr. Horton to be prepared to testify regarding your clients' objection(s).

Finally, lest it not be said strongly enough, our clients were taken off guard by the manner and timing of debtors' response to the motion. The same goes for the belated explanation of objections stated on our call. All of the supposed issues flagged could have been addressed productively over a month ago. Presumably you have copies of the outreach to your firm seeking to engage, which went unanswered. Just as our requests for basic information from the Committee itself went unanswered. We remain open to engaging

constructively now to address those issues now, if that is your clients' sincere interest.

Best,

Noah

J. Noah Hagey
Managing Partner
B R A U N **H A G E Y** & B O R D E N ᴸᴸᴾ
Direct:  (415) 599-0211

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges.  If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system.  Thank you.

**From:** McKane, Mark [mailto:mmckane@kirkland.com]
**Sent:** Thursday, December 21, 2017 8:03 PM
**To:** Noah Hagey
**Cc:** Thompson, McClain; jgorris@friedlandergorris.com; Amy Brown; Stephany, Bryan M.; Yenamandra, Aparna; *madron@rlf.com; Sowa, Justin; Kim Berger
**Subject:** Re: In re Energy Future Holdings Corp. (No. 14-10979) (Bankr. D. Del.)

Don't see why you are trying to impose gating items to a discovery meet-and-confer  conference or why there is any confusion here unless it is feigned.

The Debtors clearly approved the discovery before we served it, opposed your improper attempt to shorten the period to file an objection, and as of now are planning to file an objection.

Talk to you tomorrow.

Mark

On Dec 21, 2017, at 7:42 PM, Noah Hagey <hagey@braunhagey.com> wrote:

Sure Mark.

Are you able to confirm or clarify debtors' position on the first gating item outlined below?  Presumably your clients have a position on the motion; if not, we can likely dispense with wasting folks time on a discovery call.

Noah

**From:** McKane, Mark [mmckane@kirkland.com]
**Sent:** Thursday, December 21, 2017 6:25 PM
**To:** Noah Hagey
**Cc:** Thompson, McClain; jgorris@friedlandergorris.com;
Amy Brown; Stephany, Bryan M.; Yenamandra, Aparna;
*madron@rlf.com; Sowa, Justin; Kim Berger
**Subject:** Re: In re Energy Future Holdings Corp. (No.
14-10979) (Bankr. D. Del.)

Noah — I look forward to speaking with you tomorrow
morning regarding the motion, pending discovery, as
well as these issues raised in this email.

Mark

Mark McKane, P.C.
--------------------------------------------------------
KIRKLAND & ELLIS LLP
555 California Street, San Francisco, CA 94104
T +1 415 439 1473  M +1 415 309 4217
--------------------------------------------------------
mark.mckane@kirkland.com

On Dec 21, 2017, at 11:57 AM, Noah Hagey
<hagey@braunhagey.com> wrote:

> McClain et al,
>
> As noted below, we are still reviewing
> debtors' numerous discovery requests
> with our clients.  It probably is worth
> flagging up front that the volume and
> tenor of debtors' discovery triggered
> something of an ironic surprise on our
> end.  The whole point of adding our
> clients to the fee committee was/is to
> reduce estate burn, not increase it
> through a contested motion.  I mention
> this in the context of your discovery
> because debtors have known about the
> requested appointment for about five
> weeks.  During that period your clients
> made no inquiries to the majority
> creditors, much less the voluminous
> ones posed in the many requests we
> received for the first time on Monday.
>
> As for meeting and conferring, we are
> happy to do so, but require some
> additional information to help
> understand debtors' position.

First, it is not clear whether debtors are intending to object to the requested relief, i.e., and whether this is a contested matter under 9014.  When we received Bryan's email on Friday suggesting that debtors "do not anticipate agreeing" to the requested appointment, he avoided saying that debtors were actively objecting.  In fact, when that was communicated to us, it appears that your client's representative on the fee committee had not even been made aware of (much less involved in) such position.  Nor has the fee committee articulated its position on the matter either.

Accordingly, before we spend dwindling estate resources on massive discovery, please advise whether debtors are intending to object to the application and, if so, on what grounds.  We note your clients have not filed any preliminary objection and also did not move the court for good cause to take expedited discovery.  We are not going to stand on technical ceremony (and assume similar courtesy will be extended in return), but our clients deserve to understand the grounds for debtors' anticipated objection so as to evaluate the reasonableness of their extraordinarily broad demands.

Second, on the question of evidentiary discovery generally, our clients had not anticipated it would be necessary for this motion.  The equities associated with Elliott's and Paloma's appointment is fairly straight forward and your clients have had a long time to consider the issue.  That said, if debtors really intend to object, our clients have no objection to providing targeted information – provided the exchange is mutual and the requests are reasonably narrowed to issues directly related to the fee committee motion itself.  On that score, as a reservation of rights, we will be serving limited document requests to debtors and the fee

committee this afternoon.  The return
dates will mirror those provided in
debtors' notices.

Third, we will need to confer around
whether mutual depositions are
reasonable or warranted under the
circumstances.  As it stands, the dates
unilaterally set by debtors are not
doable on my clients' schedules, both of
whom are traveling.  We are amenable
to discussing other options.

Assuming we receive debtors' position
around items one and two above,
tomorrow's call should go
forward.  Note we are still reviewing
many of your specific requests so will
not be in a position to go through them
in detail on our call, but can do so on a
general level.

Best,

Noah

J. Noah Hagey
Managing Partner
B R A U N H A G E Y & B O R D E N  LLP
Direct:  (415) 599-0211

This message is intended only for the
confidential use of the intended recipient(s) and
may contain protected information that is
subject to attorney-client, work product, joint
defense and/or other legal privileges.  If you are
not the intended recipient, please contact me
immediately at the phone number listed above
and permanently delete the original message
and any copies thereof from your email
system.  Thank you.

**From:** Thompson, McClain
[mailto:mcclain.thompson@kirkland.com
]
**Sent:** Thursday, December 21, 2017
9:41 AM
**To:** Noah Hagey;
jgorris@friedlandergorris.com; Amy
Brown
**Cc:** McKane, Mark; Stephany, Bryan M.;
Yenamandra, Aparna;
*madron@rlf.com; Sowa, Justin
**Subject:** RE: In re Energy Future

Holdings Corp. (No. 14-10979) (Bankr. D. Del.)

Noah - 1 p.m. ET works.  I'll send a dial-in.  Thank you.

**McClain Thompson**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3279  **M** +1 917 545 6401
**F** +1 212 446 4900

mcclain.thompson@kirkland.com

**From:** Noah Hagey
[mailto:hagey@braunhagey.com]
**Sent:** Thursday, December 21, 2017
1:08 PM
**To:** Thompson, McClain
<mcclain.thompson@kirkland.com>;
jgorris@friedlandergorris.com; Amy
Brown <brown@braunhagey.com>
**Cc:** McKane, Mark
<mmckane@kirkland.com>; Stephany,
Bryan M. <bstephany@kirkland.com>;
Yenamandra, Aparna
<aparna.yenamandra@kirkland.com>;
*madron@rlf.com <madron@rlf.com>;
Sowa, Justin
<justin.sowa@kirkland.com>
**Subject:** RE: In re Energy Future
Holdings Corp. (No. 14-10979) (Bankr.
D. Del.)

Thanks McClain,

We are still circling up with our clients
on a few items but hope to be back to
you shortly.  For scheduling a call, I am
traveling today, but could be available
with Jeff Gorris tomorrow anytime
between 1-3pm ET.  Let us know if that
works on your schedule(s).

Noah

J. Noah Hagey
Managing Partner

B R A U N **H A G E Y** & B O R D E N  L L P
Direct:  (415) 599-0211

This message is intended only for the
confidential use of the intended recipient(s) and
may contain protected information that is

10

subject to attorney-client, work product, joint defense and/or other legal privileges. If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system. Thank you.

---

**From:** Thompson, McClain
[mailto:mcclain.thompson@kirkland.com]
**Sent:** Thursday, December 21, 2017 8:04 AM
**To:** Noah Hagey;
jgorris@friedlandergorris.com; Amy Brown
**Cc:** McKane, Mark; Stephany, Bryan M.; Yenamandra, Aparna;
*madron@rlf.com; Sowa, Justin
**Subject:** RE: In re Energy Future Holdings Corp. (No. 14-10979) (Bankr. D. Del.)

Noah -

Please advise of your availability today for a meet-and-confer. Thank you.

**McClain Thompson**

---

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3279  **M** +1 917 545 6401
**F** +1 212 446 4900

---

mcclain.thompson@kirkland.com

---

**From:** Thompson, McClain
**Sent:** Wednesday, December 20, 2017 10:54 AM
**To:** 'Noah Hagey'
<hagey@braunhagey.com>;
jgorris@friedlandergorris.com; Amy Brown <brown@braunhagey.com>
**Cc:** McKane, Mark
<MMcKane@kirkland.com>; Stephany, Bryan M. <bstephany@kirkland.com>;
Yenamandra, Aparna
<aparna.yenamandra@kirkland.com>;
*madron@rlf.com <madron@rlf.com>;
Sowa, Justin
<justin.sowa@kirkland.com>
**Subject:** RE: In re Energy Future Holdings Corp. (No. 14-10979) (Bankr. D. Del.)

Noah -

We're happy to discuss the following points this afternoon.  Does 1:30 p.m. ET work?

Documents:  Please confirm that you anticipate producing documents from Sunrise, Elliott, and BraunHagey by December 28.

Witnesses:  Please confirm that Mr. Silvetz and Mr. Rosenbaum will be available on January 3.

We look forward to speaking.

**McClain Thompson**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3293   **M** +1 917 545 6401
**F** +1 212 446 4900

mcclain.thompson@kirkland.com

**From:** Noah Hagey
[mailto:hagey@braunhagey.com]
**Sent:** Wednesday, December 20, 2017
11:25 AM
**To:** Thompson, McClain
<mcclain.thompson@kirkland.com>
**Cc:** *madron@rlf.com
<madron@rlf.com>;
scousins@bayardlaw.com;
*efay@bayardlaw.com
<efay@bayardlaw.com>;
*emiller@bayardlaw.com
<emiller@bayardlaw.com>;
*andrew.devore@ropesgray.com
<andrew.devore@ropesgray.com>;
*Matthew.McGinnis@ropesgray.com
<Matthew.McGinnis@ropesgray.com>;
*Peter.Welsh@ropesgray.com
<Peter.Welsh@ropesgray.com>;
*keith.wofford@ropesgray.com
<keith.wofford@ropesgray.com>;
*Gregg.Galardi@ropesgray.com
<Gregg.Galardi@ropesgray.com>;
jgorris@friedlandergorris.com; Amy
Brown <brown@braunhagey.com>;
mbusenkell@gsbblaw.com;
abbey.walsh@freshfields.com;
*scott.talmadge@freshfields.com

<<scott.talmadge@freshfields.com>>;
McKane, Mark
<<mmckane@kirkland.com>>; Husnick,
Chad J. <<chusnick@kirkland.com>>;
Kieselstein, Marc
<<mkieselstein@kirkland.com>>;
Yenamandra, Aparna
<<aparna.yenamandra@kirkland.com>>;
Stephany, Bryan M.
<<bstephany@kirkland.com>>;
*defranceschi@RLF.com
<<defranceschi@RLF.com>>
**Subject:** Re: In re Energy Future
Holdings Corp. (No. 14-10979) (Bankr.
D. Del.)

Hi McClain,

Together with Jeff Gorrris, we
representing the Majority Creditors in
this matter. Please direct further
communications.

J. Noah Hagey
BraunHagey & Borden LLP
hagey@braunhagey.com
Office (415) 599-0211
Cell (510) 332-7823

On Dec 20, 2017, at 4:01 AM,
Thompson, McClain
<<mcclain.thompson@kirkland.com>>
wrote:

> All -
>
> Following up from
> yesterday, does 1:30
> p.m. ET work for a
> representative from
> Elliott, Sunrise, and/or
> BraunHagey?  We have
> additional availability in
> the afternoon.  Thank
> you.
>
> **McClain Thompson**
> ————————————————
>
> ————————
> **KIRKLAND & ELLIS LLP**
> 601 Lexington Avenue, New
> York, NY 10022
> **T** +1 212 909 3279  **M** +1 917
> 545 6401
> **F** +1 212 446 4900

[mcclain.thompson@kirkland.com](mailto:mcclain.thompson@kirkland.com)

**From:** Thompson, McClain
**Sent:** Tuesday, December 19, 2017 2:48 PM
**To:** 'Madron, Jason M.' <[Madron@RLF.com](mailto:Madron@RLF.com)>; [scousins@bayardlaw.com](mailto:scousins@bayardlaw.com);
*[efay@bayardlaw.com](mailto:efay@bayardlaw.com) <[efay@bayardlaw.com](mailto:efay@bayardlaw.com)>;
*[emiller@bayardlaw.com](mailto:emiller@bayardlaw.com) <[emiller@bayardlaw.com](mailto:emiller@bayardlaw.com)>;
*[andrew.devore@ropesgray.com](mailto:andrew.devore@ropesgray.com) <[andrew.devore@ropesgray.com](mailto:andrew.devore@ropesgray.com)>;
*[Matthew.McGinnis@ropesgray.com](mailto:Matthew.McGinnis@ropesgray.com) <[Matthew.McGinnis@ropesgray.com](mailto:Matthew.McGinnis@ropesgray.com)>;
*[Peter.Welsh@ropesgray.com](mailto:Peter.Welsh@ropesgray.com) <[Peter.Welsh@ropesgray.com](mailto:Peter.Welsh@ropesgray.com)>;
*[keith.wofford@ropesgray.com](mailto:keith.wofford@ropesgray.com) <[keith.wofford@ropesgray.com](mailto:keith.wofford@ropesgray.com)>;
*[Gregg.Galardi@ropesgray.com](mailto:Gregg.Galardi@ropesgray.com) <[Gregg.Galardi@ropesgray.com](mailto:Gregg.Galardi@ropesgray.com)>;
[jgorris@friedlandergorris.com](mailto:jgorris@friedlandergorris.com);
[hagey@braunhagey.com](mailto:hagey@braunhagey.com);
[brown@braunhagey.com](mailto:brown@braunhagey.com);
[mbusenkell@gsbblaw.com](mailto:mbusenkell@gsbblaw.com);
[abbey.walsh@freshfields.com](mailto:abbey.walsh@freshfields.com);
*[scott.talmadge@freshfields.com](mailto:scott.talmadge@freshfields.com)

<scott.talmadge@fresh
fields.com>
**Cc:** McKane, Mark
<MMcKane@kirkland.c
om>; Husnick, Chad J.
<CHusnick@kirkland.co
m>; Kieselstein, Marc
<mkieselstein@kirkland
.com>; Yenamandra,
Aparna
<aparna.yenamandra@
kirkland.com>;
Stephany, Bryan M.
<bstephany@kirkland.c
om>;
*defranceschi@RLF.co
m
<defranceschi@RLF.co
m>
**Subject:** RE: In re
Energy Future Holdings
Corp. (No. 14-10979)
(Bankr. D. Del.)

Counsel -

In light of the upcoming
holidays and the need
to complete discovery
before the January 8
hearing, we would like
to schedule an initial
meet-and-confer
tomorrow.  We can be
available at 1:30 p.m.
ET or later.  Please let
us know if 1:30 p.m. ET
works for a
representative of
Sunrise, Elliott, and
BraunHagey.  We are
also happy to discuss
the requests with each
party separately.

Thank you.

**McClain Thompson**

---

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New
York, NY 10022
**T** +1 212 909 3279  **M** +1 917

545 6401
**F** +1 212 446 4900

mcclain.thompson@kirkland.com

**From:** Madron, Jason M.
[mailto:Madron@RLF.com]
**Sent:** Monday, December 18, 2017 12:50 PM
**To:** Thompson, McClain <mcclain.thompson@kirkland.com>; scousins@bayardlaw.com; *efay@bayardlaw.com <efay@bayardlaw.com>; *emiller@bayardlaw.com <emiller@bayardlaw.com>; *andrew.devore@ropesgray.com <andrew.devore@ropesgray.com>; *Matthew.McGinnis@ropesgray.com <Matthew.McGinnis@ropesgray.com>; *Peter.Welsh@ropesgray.com <Peter.Welsh@ropesgray.com>; *keith.wofford@ropesgray.com <keith.wofford@ropesgray.com>; *Gregg.Galardi@ropesgray.com <Gregg.Galardi@ropesgray.com>; jgorris@friedlandergorris.com; hagey@braunhagey.com; brown@braunhagey.com; mbusenkell@gsbblaw.c

om;
abbey.walsh@freshfiel
ds.com;
*scott.talmadge@fresh
fields.com
<scott.talmadge@fresh
fields.com>
**Cc:** McKane, Mark
<mmckane@kirkland.c
om>; Husnick, Chad J.
<chusnick@kirkland.co
m>; Kieselstein, Marc
<mkieselstein@kirkland
.com>; Yenamandra,
Aparna
<aparna.yenamandra@
kirkland.com>;
Stephany, Bryan M.
<bstephany@kirkland.c
om>;
*defranceschi@RLF.co
m
<defranceschi@RLF.co
m>
**Subject:** RE: In re
Energy Future Holdings
Corp. (No. 14-10979)
(Bankr. D. Del.)

Dear Counsel,

Further to McClain's
note, please find the
two deposition notices
issued today in
connection with the
*Motion to Appoint a
Representative of the
Majority Creditors to
the Fee Committee*
and related
declarations, dated
December 17, 2017
[D.I. 12358-60].

Best Regards,
Jason

Jason M. Madron,
Esq.
Richards, Layton &
Finger, P.A.

17

One Rodney Square,
P.O. Box 551
Wilmington, DE
19899
302.651.7595 (Direct
Dial)
302.498.7595 (Direct
Fax)
E-mail:
madron@rlf.com

---

The information
contained in this
electronic
communication is
intended only for the
use of the individual
or entity named
above and may be
privileged and/or
confidential. If the
reader of this
message is not the
intended recipient,
you are hereby
notified that any
unauthorized
dissemination,
distribution or
copying of this
communication is
strictly prohibited by
law. If you have
received this
communication in
error, please
immediately notify
us by return e-mail
or telephone (302-
651-7700) and
destroy the original
message. Thank you.

---

**From:** Thompson,
McClain
[mailto:mcclain.thomps
on@kirkland.com]
**Sent:** Monday,
December 18, 2017
12:38 PM
**To:**
scousins@bayardlaw.co
m;

*efay@bayardlaw.com;
*emiller@bayardlaw.com;
*andrew.devore@ropesgray.com;
*Matthew.McGinnis@ropesgray.com;
*Peter.Welsh@ropesgray.com;
*keith.wofford@ropesgray.com;
*Gregg.Galardi@ropesgray.com;
jgorris@friedlandergorris.com;
hagey@braunhagey.com;
brown@braunhagey.com;
mbusenkell@gsbblaw.com;
abbey.walsh@freshfields.com;
*scott.talmadge@freshfields.com
**Cc:** Madron, Jason M.; McKane, Mark; Husnick, Chad J.; Kieselstein, Marc; Yenamandra, Aparna; Stephany, Bryan M.; DeFranceschi, Daniel J.
**Subject:** In re Energy Future Holdings Corp. (No. 14-10979) (Bankr. D. Del.)

Counsel -

In connection with the *Motion to Appoint a Representative of the Majority Creditors to the Fee Committee* and related declarations, dated December 17, 2017 [D.I. 12358-60], please see the attached discovery requests.

Jason Madron (cc'd here) will follow-up with deposition notices.

**McClain Thompson**

---

---

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New
York, NY 10022
**T** +1 212 909 3279  **M** +1 917
545 6401
**F** +1 212 446 4900

---

mcclain.thompson@kirkland.com

The information contained in
this communication is
confidential, may be attorney-
client privileged, may
constitute inside information,
and is intended only for the
use of the addressee. It is the
property of Kirkland & Ellis
LLP or Kirkland & Ellis
International LLP.
Unauthorized use, disclosure
or copying of this
communication or any part
thereof is strictly prohibited
and may be unlawful. If you
have received this
communication in error,
please notify us immediately
by return email or by email to
postmaster@kirkland.com,
and destroy this
communication and all copies
thereof, including all
attachments.

The information contained in
this communication is
confidential, may be attorney-
client privileged, may
constitute inside information,
and is intended only for the
use of the addressee. It is the
property of Kirkland & Ellis
LLP or Kirkland & Ellis
International LLP.
Unauthorized use, disclosure
or copying of this
communication or any part
thereof is strictly prohibited
and may be unlawful. If you
have received this
communication in error,
please notify us immediately
by return email or by email to
postmaster@kirkland.com,
and destroy this
communication and all copies
thereof, including all
attachments.

The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only
for the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis
International LLP. Unauthorized use, disclosure or

copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com

**Amy Brown**

**From:**      Noah Hagey
**Sent:**      Tuesday, December 26, 2017 6:52 PM
**To:**        McKane, Mark; Thompson, McClain; jgorris@friedlandergorris.com; Amy Brown; Stephany, Bryan M.; Yenamandra, Aparna; *madron@rlf.com; Sowa, Justin; Bwilliam@gklaw.com; kstadler@gklaw.com
**Subject:**   Meet and confer call re. Fee Commitee Motion - RE: In re Energy Future Holdings Corp. (No. 14-10979) (Bankr. D. Del.)


Mark et al –

Thanks for everyone joining today's boxing day call.

Hope to confirm shortly the proposed mutual stand-down on discovery, subject to the majority creditors' review of opposition papers, if any.  (We agreed any discovery re-engagement would be mutual.)  Will be back to you shortly on this.

We also agreed the parties would seek to present the motion and opposition argument "on the papers" without need for direct examination or cross.  We discussed mutually reaching out to the Court following receipt of debtors' filing on Jan 3.  If folks are expected to testify and be crossed, we'll want to know that ahead of time, on both sides.

***

A few other notes to address a few lingering questions.  Feel free to editorialize as you see fit.

We again requested that K&E briefly memorialize in writing its proffered objection to the motion.  Mark declined to do so, citing holiday issues and timing.  We hope you reconsider.  Researching, drafting, and filing "opposition" papers in lieu of meeting and conferring is a poor use of estate resources.  We remain open and willing to discuss debtors' inchoate concerns, as well as any suggested proposals your clients may have.  The majority creditors remain willing to engage with debtors and their counsel to resolve any issues ahead of Jan 3 or the hearing on Jan 8.

Re. counsel for Fee Committee, we understand from Katie Stadler that her firm will be interposing some kind of "response" to the Motion, identifying "inaccuracies".  Katie declined to say what those inaccuracies might be, just that the majority creditors would have to wait until January 3 to find out.  As with our attempts to meet and confer with debtors, we hope the Fee Committee's counsel reconsiders its position.  It's not a good use of estate resources to spend time drafting responses without even seeking to address concerns ahead of time.  Please ensure the Fee Committee hears our concern about the refusal to meet and confer with the majority creditors in advance of submitting filings with the court.

We also asked Katie whether Fee Committee counsel had any understanding as to who the nominal UCC representative, Mr. Kravitz, reports to.  She indicated "the creditors" and the "creditors committee."  When pressed, she would not state whether that meant the E-Side UCC or some other entity.  She confirmed there was an agreement (not memorialized in writing) that Mr. Kravitz would continue to serve on the committee in favor of the E-Side UCC.  She acknowledged that the T-Side UCC is defunct.  She declined to articulate whether Committee counsel, at this point in time, has a view as to the E-Side UCC's ability to designate a new representative, whether in favor of the majority creditors, or otherwise.

Mark indicated that we should reach out to the UST's counsel, Mr. Shepacarter, who was described as having a role to play at the upcoming motion hearing.  The majority creditors are interested to understand the UST's position.

***

That's it for now.

Mark or Katie, feel free to call me if you have any follow up questions or want to discuss the above.  510-332-7823.

Noah

J. Noah Hagey
Managing Partner
B R A U N **H A G E Y** & B O R D E N LLP
Direct:  (415) 599-0211

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges.  If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system.  Thank you.

**From:** McKane, Mark [mailto:mmckane@kirkland.com]
**Sent:** Tuesday, December 26, 2017 7:40 AM
**To:** Noah Hagey
**Cc:** Thompson, McClain; jgorris@friedlandergorris.com; Amy Brown; Stephany, Bryan M.; Yenamandra, Aparna; *madron@rlf.com; Sowa, Justin; Kim Berger; Bwilliam@gklaw.com; kstadler@gklaw.com
**Subject:** Re: In re Energy Future Holdings Corp. (No. 14-10979) (Bankr. D. Del.)

Noah — No worries here.   I believe Brady and Katie are up to speed on the issues regarding both discovery and the handling of the hearing.

Mark


On Dec 26, 2017, at 9:24 AM, Noah Hagey <hagey@braunhagey.com> wrote:

Thanks Mark, confirmed.

Also just noted that your group email from yesterday omitted our more recent correspondence, i.e., following last week's call.  It is interlineated below so that Brady is up to speed on the majority creditors' position and open questions we hope to answer today.  (As a holiday gesture, we even included your generous response to my listing of follow up items.)

To that end, a related issue concerns holding dates for our depositions of Mr. Keglevic and Mr. Gitlin on Jan 4.  That is without prejudice to, waiver of, our view regarding debtors' adversarial discovery process generally, which we again believe is without good cause.

Talk to everyone at 3pm ET.

Noah

J. Noah Hagey
Managing Partner
B R A U N **H A G E Y** & B O R D E N LLP
Direct:  (415) 599-0211

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges.  If you are not the intended recipient,

please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system.  Thank you.

---

**From:** McKane, Mark [mailto:mmckane@kirkland.com]
**Sent:** Tuesday, December 26, 2017 7:02 AM
**To:** Noah Hagey
**Cc:** Thompson, McClain; jgorris@friedlandergorris.com; Amy Brown; Stephany, Bryan M.; Yenamandra, Aparna; *madron@rlf.com; Sowa, Justin; Kim Berger; Bwilliam@gklaw.com
**Subject:** Re: In re Energy Future Holdings Corp. (No. 14-10979) (Bankr. D. Del.)

Noah — I've confirmed that 3 pm ET will work and I have included Brady Williamson to the invite given the Fee Review Committee's participation at the hearing and the pending discovery requests to Richard Gitlin.

Thanks,
Mark


On Dec 25, 2017, at 8:39 PM, Noah Hagey <hagey@braunhagey.com> wrote:

> Hi Mark.  Does 3pm ET work for your group?
>
> J. Noah Hagey
> BraunHagey & Borden LLP
> hagey@braunhagey.com
> Office (415) 599-0211
> Cell (510) 332-7823
>
> On Dec 25, 2017, at 3:44 PM, McKane, Mark <mmckane@kirkland.com> wrote:
>
>> Noah — Would 4 pm NY / 11 am Hawaii or later work for a call tomorrow?
>>
>> Mark
>>
>> **From:** McKane, Mark [mailto:mmckane@kirkland.com]
>> **Sent:** Friday, December 22, 2017 11:01 AM
>> **To:** Noah Hagey
>> **Cc:** Thompson, McClain; jgorris@friedlandergorris.com; Amy Brown; Stephany, Bryan M.; Yenamandra, Aparna; *madron@rlf.com; Sowa, Justin; Kim Berger; Thompson, McClain
>> **Subject:** RE: In re Energy Future Holdings Corp. (No. 14-10979) (Bankr. D. Del.)
>>
>> Noah -- The Debtors do not agree with your inaccurate and incomplete attempt to memorialization the call and the issues going forward.  We'll amend and supplement the issues but your attempt to summarize that hour-plus discussion and the added commentary are not constructive or productive.
>>
>> Mark
>>
>> **From:** Noah Hagey
>> **Sent:** Friday, December 22, 2017 10:42 AM

**To:** 'McKane, Mark'
**Cc:** Thompson, McClain; jgorris@friedlandergorris.com; Amy Brown; Stephany, Bryan M.; Yenamandra, Aparna; *madron@rlf.com; Sowa, Justin; Kim Berger
**Subject:** RE: In re Energy Future Holdings Corp. (No. 14-10979) (Bankr. D. Del.)

Mark,

Thanks for the call.

A quick memorialization of issues for follow-up on Sunday or Tuesday.  Let us know when and which you prefer.

1.  We requested that debtors summarize in writing the supposed grounds of their intended objection.  On the call you referenced *potential* concerns about how the Majority Creditors might negatively affect Committee process and "what our objective is".  You also stated that debtors have questions about the role of the Committee itself, i.e., in your words whether that role should be "to reduce fees as much as possible" or merely "to give guidance to the Court" on the reasonableness of fee applications.  It would seem obvious that the role includes both of those things and that our clients are mutually interested in success on each.  Either way, most of the discovery K&E served does not appear directed to those specific items.  We accordingly again request that you file a notice of preliminary objection to formalize debtors' position (as opposed to something K&E itself might be interested in).

2.  Can you confirm which debtors' representative stands behind the opposition you articulated on our call?  Our clients are quizzical that any of the debtor representatives would objection to the active involvement of the estate's majority creditors in the review of advisor applications.  As noted in our email below, your client appeared to have no knowledge of K&E's potential opposition to the motion from last Friday.

3.  The majority creditors have previously offered to have a non-attorney representative on the committee and, indeed, are willing to appoint a third party representative, such as a typical trustee or fee committee person to serve.  (Kim Berger would, of course, be a good choice given her government and industry background in reviewing financial issues.)  Please advise whether this would addresses debtors' alleged concern.

4.  Regarding the timing and content of disclosures, let us know whether debtors still seek the broad categories outlined in your requests, or some other process, understanding that it will need to be a mutual exchange.  Likewise, if your client intends to stand on its demand to depose the majority creditors (which we believe is a waste of estate resources), our clients will require the same courtesy of debtor's representative.

5.  Finally, we discussed the January 8 hearing format.  Our suggestion is that the parties jointly approach Judge Sontchi on the issue, either separate or in combination with any discovery

4

dispute.  We noted that should the motion evolve into a contested evidentiary hearing, we will require Mr. Keglevic or Mr. Horton to be prepared to testify regarding your clients' objection(s).

Finally, lest it not be said strongly enough, our clients were taken off guard by the manner and timing of debtors' response to the motion.  The same goes for the belated explanation of objections stated on our call.  All of the supposed issues flagged could have been addressed productively over a month ago.  Presumably you have copies of the outreach to your firm seeking to engage, which went unanswered.  Just as our requests for basic information from the Committee itself went unanswered.  We remain open to engaging constructively now to address those issues now, if that is your clients' sincere interest.

Best,

Noah

J. Noah Hagey
Managing Partner
B R A U N H A G E Y & B O R D E N  LLP
Direct:  (415) 599-0211

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges.  If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system.  Thank you.

**From:** McKane, Mark [mailto:mmckane@kirkland.com]
**Sent:** Thursday, December 21, 2017 8:03 PM
**To:** Noah Hagey
**Cc:** Thompson, McClain; jgorris@friedlandergorris.com; Amy Brown; Stephany, Bryan M.; Yenamandra, Aparna; *madron@rlf.com; Sowa, Justin; Kim Berger
**Subject:** Re: In re Energy Future Holdings Corp. (No. 14-10979) (Bankr. D. Del.)

Don't see why you are trying to impose gating items to a discovery meet-and-confer  conference or why there is any confusion here unless it is feigned.

The Debtors clearly approved the discovery before we served it, opposed your improper attempt to shorten the period to file an objection, and as of now are planning to file an objection.

Talk to you tomorrow.

Mark

On Dec 21, 2017, at 7:42 PM, Noah Hagey <hagey@braunhagey.com> wrote:

Sure Mark.

Are you able to confirm or clarify debtors' position on the first gating item outlined below?  Presumably your clients have a position on the motion; if not, we can likely dispense with wasting folks time on a discovery call.

Noah

---

**From:** McKane, Mark [mmckane@kirkland.com]
**Sent:** Thursday, December 21, 2017 6:25 PM
**To:** Noah Hagey
**Cc:** Thompson, McClain; jgorris@friedlandergorris.com; Amy Brown; Stephany, Bryan M.; Yenamandra, Aparna; *madron@rlf.com; Sowa, Justin; Kim Berger
**Subject:** Re: In re Energy Future Holdings Corp. (No. 14-10979) (Bankr. D. Del.)

Noah — I look forward to speaking with you tomorrow morning regarding the motion, pending discovery, as well as these issues raised in this email.

Mark

Mark McKane, P.C.
--------------------------------------------------------
KIRKLAND & ELLIS LLP
555 California Street, San Francisco, CA 94104
T +1 415 439 1473  M +1 415 309 4217
--------------------------------------------------------
mark.mckane@kirkland.com

On Dec 21, 2017, at 11:57 AM, Noah Hagey <hagey@braunhagey.com> wrote:

> McClain et al,
>
> As noted below, we are still reviewing debtors' numerous discovery requests with our clients.  It probably is worth flagging up front that the volume and tenor of debtors' discovery triggered something of an ironic surprise on our end.  The whole point of adding our clients to the fee committee was/is to reduce estate burn, not increase it through a contested motion.  I mention this in the context of your discovery because debtors have known about the requested appointment for about five weeks.  During that period your clients made no inquiries to the majority creditors, much less the voluminous ones posed in the many requests we received for the first time on Monday.

As for meeting and conferring, we are happy to do so, but require some additional information to help understand debtors' position.

First, it is not clear whether debtors are intending to object to the requested relief, i.e., and whether this is a contested matter under 9014.  When we received Bryan's email on Friday suggesting that debtors "do not anticipate agreeing" to the requested appointment, he avoided saying that debtors were actively objecting.  In fact, when that was communicated to us, it appears that your client's representative on the fee committee had not even been made aware of (much less involved in) such position.  Nor has the fee committee articulated its position on the matter either.

Accordingly, before we spend dwindling estate resources on massive discovery, please advise whether debtors are intending to object to the application and, if so, on what grounds.  We note your clients have not filed any preliminary objection and also did not move the court for good cause to take expedited discovery.  We are not going to stand on technical ceremony (and assume similar courtesy will be extended in return), but our clients deserve to understand the grounds for debtors' anticipated objection so as to evaluate the reasonableness of their extraordinarily broad demands.

Second, on the question of evidentiary discovery generally, our clients had not anticipated it would be necessary for this motion.  The equities associated with Elliott's and Paloma's appointment is fairly straight forward and your clients have had a long time to consider the issue.  That said, if debtors really intend to object, our clients have no objection to providing targeted information – provided the exchange is mutual and the requests are reasonably narrowed to issues directly related to the fee committee motion itself.   On that score, as a reservation of rights, we will be serving limited document requests to debtors and the fee committee this afternoon.  The return dates will mirror those provided in debtors' notices.

Third, we will need to confer around whether mutual depositions are reasonable or warranted under the circumstances.  As it stands, the dates unilaterally set by debtors are not doable on my clients' schedules, both of whom are traveling.  We are amenable to discussing other options.

Assuming we receive debtors' position around items one and two above, tomorrow's call should go forward.  Note we are still reviewing many of your specific requests so will not be in a position to go through them in detail on our call, but can do so on a general level.

Best,

Noah

J. Noah Hagey
Managing Partner
B R A U N **H A G E Y** & B O R D E N  LLP
Direct:  (415) 599-0211

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges.  If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system.  Thank you.

---

**From:** Thompson, McClain [mailto:mcclain.thompson@kirkland.com]
**Sent:** Thursday, December 21, 2017 9:41 AM
**To:** Noah Hagey; jgorris@friedlandergorris.com; Amy Brown
**Cc:** McKane, Mark; Stephany, Bryan M.; Yenamandra, Aparna; *madron@rlf.com; Sowa, Justin
**Subject:** RE: In re Energy Future Holdings Corp. (No. 14-10979) (Bankr. D. Del.)

Noah - 1 p.m. ET works.  I'll send a dial-in.  Thank you.

**McClain Thompson**

---

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3279  **M** +1 917 545 6401
**F** +1 212 446 4900

---

mcclain.thompson@kirkland.com

---

**From:** Noah Hagey [mailto:hagey@braunhagey.com]
**Sent:** Thursday, December 21, 2017 1:08 PM
**To:** Thompson, McClain <mcclain.thompson@kirkland.com>;
jgorris@friedlandergorris.com; Amy Brown <brown@braunhagey.com>
**Cc:** McKane, Mark <mmckane@kirkland.com>;
Stephany, Bryan M. <bstephany@kirkland.com>;
Yenamandra, Aparna <aparna.yenamandra@kirkland.com>;
*madron@rlf.com <madron@rlf.com>; Sowa, Justin

<justin.sowa@kirkland.com>
**Subject:** RE: In re Energy Future Holdings Corp. (No. 14-10979) (Bankr. D. Del.)

Thanks McClain,

We are still circling up with our clients on a few items but hope to be back to you shortly.  For scheduling a call, I am traveling today, but could be available with Jeff Gorris tomorrow anytime between 1-3pm ET.  Let us know if that works on your schedule(s).

Noah

J. Noah Hagey
Managing Partner
B R A U N H A G E Y & B O R D E N  L L P
Direct:  (415) 599-0211

This message is intended only for the confidential use of the intended recipient(s) and may contain protected information that is subject to attorney-client, work product, joint defense and/or other legal privileges.  If you are not the intended recipient, please contact me immediately at the phone number listed above and permanently delete the original message and any copies thereof from your email system.  Thank you.

---

**From:** Thompson, McClain [mailto:mcclain.thompson@kirkland.com]
**Sent:** Thursday, December 21, 2017 8:04 AM
**To:** Noah Hagey; jgorris@friedlandergorris.com; Amy Brown
**Cc:** McKane, Mark; Stephany, Bryan M.; Yenamandra, Aparna; *madron@rlf.com; Sowa, Justin
**Subject:** RE: In re Energy Future Holdings Corp. (No. 14-10979) (Bankr. D. Del.)

Noah -

Please advise of your availability today for a meet-and-confer.  Thank you.

**McClain Thompson**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3279  **M** +1 917 545 6401
**F** +1 212 446 4900

mcclain.thompson@kirkland.com

---

**From:** Thompson, McClain
**Sent:** Wednesday, December 20, 2017 10:54 AM
**To:** 'Noah Hagey' <hagey@braunhagey.com>; jgorris@friedlandergorris.com; Amy Brown <brown@braunhagey.com>

**Cc:** McKane, Mark <MMcKane@kirkland.com>;
Stephany, Bryan M. <bstephany@kirkland.com>;
Yenamandra, Aparna
<aparna.yenamandra@kirkland.com>;
*madron@rlf.com <madron@rlf.com>; Sowa, Justin
<justin.sowa@kirkland.com>
**Subject:** RE: In re Energy Future Holdings Corp. (No. 14-10979) (Bankr. D. Del.)

Noah -

We're happy to discuss the following points this afternoon.  Does 1:30 p.m. ET work?

Documents:  Please confirm that you anticipate producing documents from Sunrise, Elliott, and BraunHagey by December 28.

Witnesses:  Please confirm that Mr. Silvetz and Mr. Rosenbaum will be available on January 3.

We look forward to speaking.

**McClain Thompson**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3279  **M** +1 917 545 6401
**F** +1 212 446 4900

mcclain.thompson@kirkland.com

**From:** Noah Hagey [mailto:hagey@braunhagey.com]
**Sent:** Wednesday, December 20, 2017 11:25 AM
**To:** Thompson, McClain
<mcclain.thompson@kirkland.com>
**Cc:** *madron@rlf.com <madron@rlf.com>;
scousins@bayardlaw.com; *efay@bayardlaw.com
<efay@bayardlaw.com>; *emiller@bayardlaw.com
<emiller@bayardlaw.com>;
*andrew.devore@ropesgray.com
<andrew.devore@ropesgray.com>;
*Matthew.McGinnis@ropesgray.com
<Matthew.McGinnis@ropesgray.com>;
*Peter.Welsh@ropesgray.com
<Peter.Welsh@ropesgray.com>;
*keith.wofford@ropesgray.com
<keith.wofford@ropesgray.com>;
*Gregg.Galardi@ropesgray.com
<Gregg.Galardi@ropesgray.com>;
jgorris@friedlandergorris.com; Amy Brown
<brown@braunhagey.com>;
mbusenkell@gsbblaw.com;
abbey.walsh@freshfields.com;

[*scott.talmadge@freshfields.com](*scott.talmadge@freshfields.com)
[scott.talmadge@freshfields.com](scott.talmadge@freshfields.com)>; McKane, Mark
<[mmckane@kirkland.com](mmckane@kirkland.com)>; Husnick, Chad J.
<[chusnick@kirkland.com](chusnick@kirkland.com)>; Kieselstein, Marc
<[mkieselstein@kirkland.com](mkieselstein@kirkland.com)>; Yenamandra, Aparna
<[aparna.yenamandra@kirkland.com](aparna.yenamandra@kirkland.com)>; Stephany, Bryan
M. <[bstephany@kirkland.com](bstephany@kirkland.com)>;
[*defranceschi@RLF.com](*defranceschi@RLF.com) <[defranceschi@RLF.com](defranceschi@RLF.com)>
**Subject:** Re: In re Energy Future Holdings Corp. (No. 14-
10979) (Bankr. D. Del.)

Hi McClain,

Together with Jeff Gorrris, we representing the Majority
Creditors in this matter. Please direct further
communications.

J. Noah Hagey
BraunHagey & Borden LLP
[hagey@braunhagey.com](hagey@braunhagey.com)
Office (415) 599-0211
Cell (510) 332-7823

On Dec 20, 2017, at 4:01 AM, Thompson, McClain
<[mcclain.thompson@kirkland.com](mcclain.thompson@kirkland.com)> wrote:

> All -
>
> Following up from yesterday, does 1:30
> p.m. ET work for a representative from
> Elliott, Sunrise, and/or
> BraunHagey?  We have additional
> availability in the afternoon.  Thank
> you.
>
> **McClain Thompson**
> ———————————————————————
> **KIRKLAND & ELLIS LLP**
> 601 Lexington Avenue, New York, NY 10022
> **T** +1 212 909 3279  **M** +1 917 545 6401
> **F** +1 212 446 4900
> ———————————————————————
> [mcclain.thompson@kirkland.com](mcclain.thompson@kirkland.com)
>
> **From:** Thompson, McClain
> **Sent:** Tuesday, December 19, 2017 2:48
> PM
> **To:** 'Madron, Jason M.'
> <[Madron@RLF.com](Madron@RLF.com)>;
> [scousins@bayardlaw.com](scousins@bayardlaw.com);
> *[efay@bayardlaw.com](efay@bayardlaw.com)
> <[efay@bayardlaw.com](efay@bayardlaw.com)>;
> *[emiller@bayardlaw.com](emiller@bayardlaw.com)
> <[emiller@bayardlaw.com](emiller@bayardlaw.com)>;

*andrew.devore@ropesgray.com
<andrew.devore@ropesgray.com>;
*Matthew.McGinnis@ropesgray.com
<Matthew.McGinnis@ropesgray.com>;
*Peter.Welsh@ropesgray.com
<Peter.Welsh@ropesgray.com>;
*keith.wofford@ropesgray.com
<keith.wofford@ropesgray.com>;
*Gregg.Galardi@ropesgray.com
<Gregg.Galardi@ropesgray.com>;
jgorris@friedlandergorris.com;
hagey@braunhagey.com;
brown@braunhagey.com;
mbusenkell@gsbblaw.com;
abbey.walsh@freshfields.com;
*scott.talmadge@freshfields.com
<scott.talmadge@freshfields.com>
**Cc:** McKane, Mark
<MMcKane@kirkland.com>; Husnick,
Chad J. <CHusnick@kirkland.com>;
Kieselstein, Marc
<mkieselstein@kirkland.com>;
Yenamandra, Aparna
<aparna.yenamandra@kirkland.com>;
Stephany, Bryan M.
<bstephany@kirkland.com>;
*defranceschi@RLF.com
<defranceschi@RLF.com>
**Subject:** RE: In re Energy Future
Holdings Corp. (No. 14-10979) (Bankr.
D. Del.)

Counsel -

In light of the upcoming holidays and
the need to complete discovery before
the January 8 hearing, we would like to
schedule an initial meet-and-confer
tomorrow.  We can be available at 1:30
p.m. ET or later.  Please let us know if
1:30 p.m. ET works for a representative
of Sunrise, Elliott, and BraunHagey.  We
are also happy to discuss the requests
with each party separately.

Thank you.

**McClain Thompson**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3279  **M** +1 917 545 6401
**F** +1 212 446 4900

[mcclain.thompson@kirkland.com](mailto:mcclain.thompson@kirkland.com)

**From:** Madron, Jason M.
[[mailto:Madron@RLF.com](mailto:Madron@RLF.com)]
**Sent:** Monday, December 18, 2017
12:50 PM
**To:** Thompson, McClain
<[mcclain.thompson@kirkland.com](mailto:mcclain.thompson@kirkland.com)>;
[scousins@bayardlaw.com](mailto:scousins@bayardlaw.com);
[*efay@bayardlaw.com](mailto:*efay@bayardlaw.com)
<[efay@bayardlaw.com](mailto:efay@bayardlaw.com)>;
[*emiller@bayardlaw.com](mailto:*emiller@bayardlaw.com)
<[emiller@bayardlaw.com](mailto:emiller@bayardlaw.com)>;
[*andrew.devore@ropesgray.com](mailto:*andrew.devore@ropesgray.com)
<[andrew.devore@ropesgray.com](mailto:andrew.devore@ropesgray.com)>;
[*Matthew.McGinnis@ropesgray.com](mailto:*Matthew.McGinnis@ropesgray.com)
<[Matthew.McGinnis@ropesgray.com](mailto:Matthew.McGinnis@ropesgray.com)>;
[*Peter.Welsh@ropesgray.com](mailto:*Peter.Welsh@ropesgray.com)
<[Peter.Welsh@ropesgray.com](mailto:Peter.Welsh@ropesgray.com)>;
[*keith.wofford@ropesgray.com](mailto:*keith.wofford@ropesgray.com)
<[keith.wofford@ropesgray.com](mailto:keith.wofford@ropesgray.com)>;
[*Gregg.Galardi@ropesgray.com](mailto:*Gregg.Galardi@ropesgray.com)
<[Gregg.Galardi@ropesgray.com](mailto:Gregg.Galardi@ropesgray.com)>;
[jgorris@friedlandergorris.com](mailto:jgorris@friedlandergorris.com);
[hagey@braunhagey.com](mailto:hagey@braunhagey.com);
[brown@braunhagey.com](mailto:brown@braunhagey.com);
[mbusenkell@gsbblaw.com](mailto:mbusenkell@gsbblaw.com);
[abbey.walsh@freshfields.com](mailto:abbey.walsh@freshfields.com);
[*scott.talmadge@freshfields.com](mailto:*scott.talmadge@freshfields.com)
<[scott.talmadge@freshfields.com](mailto:scott.talmadge@freshfields.com)>
**Cc:** McKane, Mark
<[mmckane@kirkland.com](mailto:mmckane@kirkland.com)>; Husnick,
Chad J. <[chusnick@kirkland.com](mailto:chusnick@kirkland.com)>;
Kieselstein, Marc
<[mkieselstein@kirkland.com](mailto:mkieselstein@kirkland.com)>;
Yenamandra, Aparna
<[aparna.yenamandra@kirkland.com](mailto:aparna.yenamandra@kirkland.com)>;
Stephany, Bryan M.
<[bstephany@kirkland.com](mailto:bstephany@kirkland.com)>;
[*defranceschi@RLF.com](mailto:*defranceschi@RLF.com)
<[defranceschi@RLF.com](mailto:defranceschi@RLF.com)>
**Subject:** RE: In re Energy Future
Holdings Corp. (No. 14-10979) (Bankr.
D. Del.)

Dear Counsel,

Further to McClain's note, please
find the two deposition notices
issued today in connection with the
*Motion to Appoint a Representative*

13

*of the Majority Creditors to the Fee
Committee* and related declarations,
dated December 17, 2017 [D.I.
12358-60].

Best Regards,
Jason

Jason M. Madron, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
302.651.7595 (Direct Dial)
302.498.7595 (Direct Fax)
E-mail: madron@rlf.com

---

The information contained in this
electronic communication is
intended only for the use of the
individual or entity named above
and may be privileged and/or
confidential. If the reader of this
message is not the intended
recipient, you are hereby notified
that any unauthorized
dissemination, distribution or
copying of this communication is
strictly prohibited by law. If you
have received this communication
in error, please immediately notify
us by return e-mail or telephone
(302-651-7700) and destroy the
original message. Thank you.

---

**From:** Thompson, McClain
[mailto:mcclain.thompson@kirkland.com
]
**Sent:** Monday, December 18, 2017
12:38 PM
**To:** scousins@bayardlaw.com;
*efay@bayardlaw.com;
*emiller@bayardlaw.com;
*andrew.devore@ropesgray.com;
*Matthew.McGinnis@ropesgray.com;
*Peter.Welsh@ropesgray.com;
*keith.wofford@ropesgray.com;
*Gregg.Galardi@ropesgray.com;
jgorris@friedlandergorris.com;
hagey@braunhagey.com;
brown@braunhagey.com;
mbusenkell@gsbblaw.com;
abbey.walsh@freshfields.com;

*scott.talmadge@freshfields.com
**Cc:** Madron, Jason M.; McKane, Mark;
Husnick, Chad J.; Kieselstein, Marc;
Yenamandra, Aparna; Stephany, Bryan
M.; DeFranceschi, Daniel J.
**Subject:** In re Energy Future Holdings
Corp. (No. 14-10979) (Bankr. D. Del.)

Counsel -

In connection with the *Motion to
Appoint a Representative of the
Majority Creditors to the Fee Committee*
and related declarations, dated
December 17, 2017 [D.I. 12358-60],
please see the attached discovery
requests.

Jason Madron (cc'd here) will follow-up
with deposition notices.

**McClain Thompson**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3279  **M** +1 917 545 6401
**F** +1 212 446 4900

mcclain.thompson@kirkland.com

The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only
for the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis
International LLP. Unauthorized use, disclosure or
copying of this communication or any part thereof
is strictly prohibited and may be unlawful. If you
have received this communication in error, please
notify us immediately by return email or by email
to postmaster@kirkland.com, and destroy this
communication and all copies thereof, including all
attachments.

The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only
for the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis
International LLP. Unauthorized use, disclosure or
copying of this communication or any part thereof
is strictly prohibited and may be unlawful. If you
have received this communication in error, please
notify us immediately by return email or by email
to postmaster@kirkland.com, and destroy this
communication and all copies thereof, including all
attachments.

The information contained in this communication is confidential, may
be attorney-client privileged, may constitute inside information, and is
intended only for the use of the addressee. It is the property of Kirkland
& Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use,

disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

# EXHIBIT 5



Home    Our Firm    Our Services    Our Results    Contact Us   



# Peter Kravitz

## Principal & General Counsel



### EDUCATIONAL BACKGROUND AND BAR ADMISSIONS

J.D., Rutgers University Law School, 1995 (Editorial Board of Rutgers Law Journal)♂B.A., Lehigh University, 1992♂Directors' Consortium Graduate Fall 2013 (jointly offering by Chicago Booth School of Business, Stanford Graduate School of Business, Rock Center for Corporate Governance and the Tuck School of Business at Dartmouth)♂Bar Admissions: CA and USDC for Central District of California, 1995

### COMPLEX CIVIL LITIGATION AND BUSINESS COUNSELING BACKGROUND

American Lawyer Top 100 law firm partner; Martindale-Hubbell Peer Review of AV (Preeminent, 5.0 out of 5.0); selected as 2013 and 2014 Southern California Super Lawyer for Bankruptcy, Litigation and Trusts.

### BUSINESS AFFAIRS

Served as Executive VP of Business Affairs to the largest privately held RV dealership group ($475+ million in annual revenues). Mr. Kravitz undertook a prominent role within the industry by reshaping manufacturer-dealer agreements and manufacturer indemnification obligations, forcing repurchases of entire aging inventories, ensuring financial compliance practices and managing the industry-wide restructuring crash by Chairing numerous official unsecured creditors' committees.

### RESTRUCTURING SERVICES

The focus of Mr. Kravitz' national practice is now dedicated to serving as a

Chief Restructuring Officer; advisor to and member of bankruptcy oversight and creditor committees; Chapter 11/ Liquidating Trustee/Plan Administrator; Disbursing Agent; and member of Boards of Directors where his legal and business backgrounds are well-served.

Additionally, as President of a winding-down insurance company, Mr. Kravitz has personally managed the resolution of billions of dollars of personal injury, workers compensation and environmental claims returning over $20+ million in previously unaccounted for returns to the related bankruptcy estate and its beneficiaries.

The focus of Mr. Kravitz' national practice is now dedicated to serving as a Chief Restructuring Officer; advisor to and  member of bankruptcy oversight and creditor committees; Chapter 11/ Liquidating Trustee/Plan Administrator; Disbursing Agent; and member of Boards of Directors where his legal and business backgrounds are well-served.

Additionally, as President of a winding-down insurance company, Mr. Kravitz has personally managed the resolution of billions of dollars of personal injury, workers compensation and environmental claims returning over $20+ million in previously unaccounted for returns to the related bankruptcy estate and its beneficiaries.

BACK

Copyright © 2018 Province, Inc.   |   702-685-5555   |   info@provincefirm.com