**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date:  February 15, 2018 at 10:00 a.m.** |
| | ) | **Objection Deadline:  January 30, 2018 at 4:00 p.m.** |

**MOTION OF ENERGY FUTURE HOLDINGS**
**CORP., *ET AL.*, FOR ENTRY OF AN ORDER FURTHER ENLARGING**
**THE PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE CERTAIN ACTIONS**

The above-captioned debtors, debtors in possession, and reorganized debtors (collectively, the "Debtors") file this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), further enlarging the period within which the Debtors may remove:  (a) Prepetition Actions (as defined herein) by 180 days through and including July 16, 2018 (the "Removal Date"); or (b) Postpetition Actions (as defined herein) to the later of (i) the Removal Date and (ii) the time periods set forth in Bankruptcy Rule 9027(a)(3), in each case, without prejudice to the Debtors' right to seek further extensions.  In further support of this Motion, the Debtors respectfully state as follows.

**Jurisdiction and Venue**

1.    The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested in this Motion are section 1452 of title 28 of the United States Code (the "Judicial Code"), rules 9006 and 9027 of the Bankruptcy Rules, and Local Bankruptcy Rule 9006-2.

## Relief Requested

4.      By this Motion, the Debtors request entry of the Order further enlarging the period within which the Debtors may remove:  (a) Prepetition Actions (as defined herein) by 180 days through and including July 16, 2018; or (b) Postpetition Actions (as defined herein) to the later of (i) the Removal Date and (ii) the time periods set forth in Bankruptcy Rule 9027(a)(3), in each case, without prejudice to the Debtors' right to seek further extensions.

## Background

5.      On April 29, 2014, each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has entered a final order for joint administration of these chapter 11 cases

[D.I. 849]. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420], and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC ("EFIH"), EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

6.       The Debtors are currently involved in civil actions filed before the Petition Date in various forums across the United States (the "Prepetition Actions"). Moreover, additional civil actions have been and may continue to be commenced against certain of the Debtors during the pendency of these chapter 11 cases (collectively, the "Postpetition Actions" and, together with the Prepetition Actions, the "Actions"). Pursuant to an order entered by this Court on July 16, 2014, the period within which the Debtors may file notices to remove the Actions was extended to January 26, 2015.[2] Pursuant to an order entered by this Court on January 9, 2015, the period within which the Debtors may file notices to remove the Actions was further extended to July 27, 2015.[3] Pursuant to an order entered by this Court on July 7, 2015, the period within which the Debtors may file notices to remove the Actions was further extended to January 23,

---

[2]       *See Order Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 1590].

[3]       *See Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 3215].

2016.[4]  Pursuant to an order entered by this Court on December 2, 2015, the period within which the Debtors may file notices to remove the Actions was further extended to July 21, 2016.[5] Pursuant to an order entered by this Court on June 22, 2016, the period within which the Debtors may file notices to remove the Actions was further extended to January 17, 2017.[6]  Pursuant to an order entered by this Court on January 9, 2017, the period within which the Debtors may file notices to remove the Actions was further extended to July 17, 2017.[7]  Pursuant to an order entered by this Court on July 7, 2017 (the "Seventh Removal Order"), the period within which the Debtors may file notices to remove the Actions was further extended and is now scheduled to expire on January 16, 2018.[8]

7.    ***EFH/EFIH Debtors.*** Following entry of the Seventh Removal Order, Energy Future Holdings Corp. ("EFH Corp."), certain of its direct and indirect subsidiaries (together with EFH Corp., the "EFH Debtors"),[9] EFIH, and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors," and together with the EFH Debtors, the "EFH/EFIH Debtors") continued to evaluate all transactions in an effort to maximize value to the EFH/EFIH Debtors' stakeholders

---

[4]    *See Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 4932].

[5]    *See Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 7203].

[6]    *See Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 8795].

[7]    *See Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 10613].

[8]    *See Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 11421].

[9]    The other EFH Debtors are Ebasco Services of Canada Limited, EEC Holdings, Inc., EECI, Inc., EFH Australia (No. 2) Holdings Company, EFH Finance (No. 2) Holdings Company, EFH FS Holdings Company, EFH Renewables Company LLC, Generation Development Company LLC, LSGT Gas Company LLC, LSGT SACROC, Inc., NCA Development Company LLC, and TXU Receivables Company.

and facilitate a consensual Public Utility Commission of Texas ("PUCT") approval process.  On July 7, 2017—the date the Seventh Removal Order was entered—the EFH/EFIH debtors filed a merger agreement, plan of reorganization, scheduling order and disclosure statement that contemplated a merger with Berkshire Hathaway Energy Company ("BHE," and such merger agreement, the "BHE Merger Agreement") which contemplated a $9 billion purchase price.  The Court was scheduled to consider approval of the BHE Merger Agreement in late August 2017.

8.      In mid-August 2017, the EFH/EFIH Debtors received an alternative transaction proposal from Sempra Energy ("Sempra") that largely preserved the structure of the BHE transaction, but which contemplated a purchase price of $9.3 billion.    Substantially contemporaneously therewith, Elliott Associates, L.P., Elliott International, L.P. and the Liverpool Limited Partnership (collectively, "Elliott") indicated that it had purchased a large position in certain EFH unsecured notes as well as increased its EFIH unsecured note holdings.  As a result, the EFH/EFIH Debtors rededicated their efforts to developing consensus with Elliott (who indicated that it did not support the BHE transaction).

9.      Following several days of discussions and negotiations, Sempra increased its purchase price and improved certain other terms.    Additionally, the EFH/EFIH Debtors (a) obtained a commitment from Elliott to support and not object to a Sempra-led transaction and (b) obtained agreement with Elliott and Sempra that the EFH/EFIH Debtors would not pursue confirmation of a plan of reorganization reflecting the Sempra transaction until the PUCT entered an order approving such contemplated transaction.  On August 21, 2017, EFH and EFIH terminated the BHE Merger Agreement and entered into a merger agreement with Sempra (as amended from time to time, the "Sempra Merger Agreement") and a plan support agreement

with Sempra and Elliott (the "Plan Support Agreement")[10].   On September 7, 2017, the Court approved entry into the Sempra Merger Agreement and the Plan Support Agreement (the "Sempra Merger Agreement and PSA Order").[11]

10.     The occurrence of the EFH Effective Date (as defined in the Plan) is subject to a number of conditions precedent, including obtaining approval from the PUCT.  On October 4, 2017, Sempra and Oncor jointly filed a change of control application with the PUCT.  For the past several months, the parties and their advisors have been engaged in communications with key intervenors.   In early January, Sempra, Oncor, and several key intervenors, including the PUCT Staff, the Office of Public Utility Counsel, the Steering Committee of Cities Served by Oncor, the Texas Industrial Energy Consumers, the Texas Energy Association for Marketers, and the Alliance for Retail Markets executed a stipulation, reflecting agreement on the terms of the proposed change of control application.  This is a significant development. A hearing to decide the merits of the change of control application is scheduled to commence on February 21, 2018. In the event that the PUCT approves the change of control application, the Debtors will move expeditiously to confirm the Plan and emerge from these chapter 11 cases.

11.     ***TCEH and EFH Shared Services Debtors.*** On August 29, 2016, the Court entered an order confirming the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* as it applies to the TCEH

---

[10]     *See Amended and Superseding Motion of the E-Side Debtors for an Order (A) Authorizing Entry Into the Merger Agreement and Approving the Termination Fee and (B) Authorizing Entry Into and Performance Under the Plan Support Agreement* [D.I. 11801].

[11]     *See Corrected Order (A) Authorizing Entry Into Merger Agreement and Approving Termination Fee, and (B) Authorizing Entry Into and Performance Under Plan Support Agreement* [D.I. 11873].

and EFH Shared Services Debtors (the "<u>TCEH Confirmation Order</u>").[12]  The TCEH Debtors and

EFH Shared Services Debtors emerged from chapter 11 on October 3, 2016, and are no longer

debtors in possession.[13]  On November 3, 2017 the Court entered an order closing the chapter 11

cases of EFCH as well as the direct and indirect subsidiaries of TCEH (but leaving open the

chapter 11 case of TCEH itself).[14]

12.     Meanwhile, the Debtors and their advisors continue to analyze the Actions to

determine whether to seek to remove any to this Court.  Absent the relief requested in this

Motion, the Debtors could be forced to make premature decisions that could ultimately prove

detrimental to their estates.

## <u>Basis for Relief</u>

13.     Section 1452 of the Judicial Code and Bankruptcy Rule 9027 govern the removal

of pending civil actions related to chapter 11 cases.  Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action
> other than a proceeding before the United States Tax Court or a
> civil action by a governmental unit to enforce such governmental
> unit's police or regulatory power, to the district court for the
> district where such civil action is pending, if such district court has
> jurisdiction of such claim or cause of action under section 1334 of
> this title.

28 U.S.C. § 1452(a).

---

[12]     *See Order Confirming the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors and EFH Shared Services Debtors* [D.I. 9421].

[13]     *See Notice of Entry of TCEH Confirmation Order and Occurrence of TCEH Effective Date* [D.I. 9742].

[14]     *See Final Decree (A) Closing Certain of the Chapter 11 Cases, (B) Transferring Claims Against and Interests Asserted in the TCEH Debtors to the Lead Case, and (C) Granting Related Relief* [D.I. 12172].

14. Bankruptcy Rule 9027 sets forth the time periods for filing notices to remove claims or causes of action.  Specifically, Bankruptcy Rule 9027(a)(2) provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

15. With respect to postpetition actions, Bankruptcy Rule 9027(a)(3) provides:

> If a claim or cause of action is asserted in another court after the commencement of a case under the [Bankruptcy] Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

16. Bankruptcy Rule 9006 permits the Court to extend the period to remove actions provided by Bankruptcy Rule 9027.  Specifically, Bankruptcy Rule 9006(b)(1) provides, in pertinent part:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1).

17.    It is well-settled that the Court may extend the period within which the Debtors may file notices to remove the Actions.  *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (stating the bankruptcy court's power to grant extension of removal period pursuant to Bankruptcy Rule 9006(b) is "clear"), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134-35 (1995); *Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D. W. Va. 2000) (stating that "Rule 9006 provides authority to enlarge the thirty-day time period for removing actions arising under the Bankruptcy Code"); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (stating "it appears that the Supreme Court intended to give bankruptcy judges the powers to enlarge the filing period of [Rule] 9027(a)(3) beyond the thirty day period, pursuant to [Rule] 9006(b)(1)"); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (stating "[a]n expansion of time to" file removal notices "is authorized under the [Bankruptcy] Rules").

18.    Recently, courts within this district have authorized reorganized debtors to extend removal deadlines.  *See, e.g.*, *In re Verso Corp.,* No. 16-10163 (KG) (Bankr. D. Del. Dec. 6, 2016) [D.I. 1536] (extending deadline by which reorganized debtors may remove civil actions); *In re Revstone Indus.,* et al., No. 12-13262 (BLS) (Bankr. D. Del. Jan. 19, 2016) [D.I. 2369, 2447] (authorizing two post- emergence removal extensions); *In re Altegrity Inc.,* No. 15-10226 (LLS) (Bankr. D. Del. Jan. 6, 2016) [D.I. 976, 1082] (same).

19.    The Debtors' decision whether to seek removal of any particular Action depends on a number of factors, including:  (a) the importance of the Action to the expeditious resolution of these chapter 11 cases; (b) the time required to complete the Action in its current venue; (c) the presence of federal subject matter jurisdiction in the proceeding that may allow for one or more aspects thereof to be heard by a federal court; (d) the relationship between the Action and

matters to be considered in connection with the Plan, the claims allowance process, and the assumption or rejection of executory contracts and unexpired leases; and (e) the progress made to date in the Action.  To make the appropriate determination, the Debtors must analyze each Action in light of such factors.

20.     Pursuant to the Seventh Removal Order, the period within which the Debtors may file notices to remove the Actions is currently scheduled to expire on January 16, 2018.  Since the entry of the Seventh Removal Order, the Debtors have diligently continued efforts to achieve a value maximizing plan of reorganization.  As for the TCEH Debtors and EFH Shared Services Debtors, the Court entered the TCEH Confirmation Order on August 29, 2016, and the TCEH Debtors and EFH Shared Services Debtors emerged from chapter 11 on October 3, 2016.  The EFH/EFIH Debtors have been especially active and remain focused on consummating a value-maximizing—and PUCT-approved—conclusion to their cases.

21.     The Debtors believe the extension requested in this Motion will provide the Debtors with the necessary opportunity to make fully informed decisions concerning the removal of the Actions and will ensure that the Debtors' rights provided by section 1452 of the Judicial Code can be exercised in an appropriate manner.  Further, the rights of parties to the Actions will not be unduly prejudiced by the Debtors' request for an extension.  Because section 362(a) of the Bankruptcy Code automatically stays actions against the Debtors, most of the Actions will not proceed in their respective courts during these chapter 11 cases even absent the relief requested in this Motion.  Moreover, if the Debtors ultimately seek to remove Actions pursuant to Bankruptcy Rule 9027, parties to the removed Actions will retain their rights to have such Actions remanded pursuant to section 1452(b) of the Judicial Code.  Accordingly, the Debtors submit that cause exists to extend the Removal Period as requested in this Motion.

22.     Courts in this jurisdiction have approved relief similar to that requested herein.

*See, e.g.*, *In re FBI Wind Down, Inc.*, No. 13-12329 (Bankr. D. Del. Aug. 19, 2014) (granting

further 120-day extension, including for postpetition actions, without prejudice to debtors' ability

to seek additional extensions); *In re TPOP, LLC*, No. 13-11831 (Bankr. D. Del. July 29, 2014)

(granting further 180-day extension, including for postpetition actions, without prejudice to

debtors' ability to seek additional extensions); *In re ZCO Liquidating Corp.*, No. 13-13126

(Bankr. D. Del. July 17, 2014) (granting further 120-day extension without prejudice to debtors'

ability to seek additional extensions); *In re LMI Legacy Holdings Inc.*, No. 13-12098 (Bankr. D.

Del. Apr. 1, 2014) (same); *In re AgFeed USA LLC*, No. 13-11761 (Bankr. D. Del. Feb. 12, 2014)

(granting further 90-day extension, including for postpetition actions, without prejudice to

debtors' ability to seek additional extensions); *In re Longview Power, LLC*, No. 13-12211

(Bankr. D. Del. Dec. 16, 2013) (granting 120-day extension without prejudice to debtors' ability

to seek additional extensions); *In re Prommis Holdings, LLC*, No. 13-10551 (Bankr. D. Del.

Oct. 11, 2013) (same); *In re School Specialty, Inc.*, No. 13-10125 (Bankr. D. Del. May 16, 2013)

(granting 120-day extension, including for postpetition actions, without prejudice to debtors'

ability to seek additional extensions); *In re Amicus Wind Down Corp.*, No. 11-13167 (Bankr. D.

Del. May 15, 2012) (granting 180-day extension, including for postpetition actions, without

prejudice to debtors' ability to seek additional extensions).[15]

## Notice

23.     The Debtors shall provide notice of this Motion on the date hereof via first class

mail to:  (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the

EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent

---

[15] Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion.
Copies of these orders are available upon request of the Debtors' counsel.

under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under:  (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under:  (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under:  (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under:  (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under:  (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under:   (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the

agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; and (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **Prior Request**

24.     This Motion seeks a limited extension to the relief granted in the Seventh Removal Order.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

*[Remainder of page intentionally left blank.]*

13

Dated:  January 16, 2018
        Wilmington, Delaware

                      */s/ Joseph C. Barsalona II*
                      **RICHARDS, LAYTON & FINGER, P.A.**
                      Mark D. Collins (No. 2981)
                      Daniel J. DeFranceschi (No. 2732)
                      Jason M. Madron (No. 4431)
                      Joseph C. Barsalona II (No. 6102)
                      920 North King Street
                      Wilmington, Delaware 19801
                      Telephone:      (302) 651-7700
                      Facsimile:      (302) 651-7701
                      Email:           collins@rlf.com
                                       defranceschi@rlf.com
                                         madron@rlf.com
                                         barsalona@rlf.com
                      -and-

                      **KIRKLAND & ELLIS LLP**
                      **KIRKLAND & ELLIS INTERNATIONAL LLP**
                      Edward O. Sassower, P.C. (admitted *pro hac vice*)
                      Stephen E. Hessler, P.C. (admitted *pro hac vice*)
                      Brian E. Schartz (admitted *pro hac vice*)
                      Aparna Yenamandra (admitted *pro hac vice*)
                      601 Lexington Avenue
                      New York, New York 10022-4611
                      Telephone:      (212) 446-4800
                      Facsimile:      (212) 446-4900
                      Email:           edward.sassower@kirkland.com
                                         stephen.hessler@kirkland.com
                                        brian.schartz@kirkland.com
                                        aparna.yenamandra@kirkland.com
                      -and-

                      James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
                      Marc Kieselstein, P.C. (admitted *pro hac vice*)
                      Chad J. Husnick, P.C. (admitted *pro hac vice*)
                      Steven N. Serajeddini (admitted *pro hac vice*)
                      300 North LaSalle
                      Chicago, Illinois 60654
                      Telephone:      (312) 862-2000
                      Facsimile:      (312) 862-2200
                      Email:           james.sprayregen@kirkland.com
                                         marc.kieselstein@kirkland.com
                                        chad.husnick@kirkland.com
                                        steven.serajeddini@kirkland.com

                      *Co-Counsel to the Debtors and Debtors in Possession*

14