# EXHIBIT 3

CONFIDENTIAL

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

JOHN H. JONES AND ALICE JONES,  )
                                )
              Plaintiffs,        )
                                )
vs.                             )        Case No. 16-L-283
                                )
JOHN CRANE, INC., et al.,       )
                                )
              Defendants.        )

## CERTIFICATE OF SERVICE

I hereby certify that Plaintiff's Answers to Interrogatories were provided to all attorneys of record via MyDocFileServe this _5th_ day of **April, 2016.**

GORI, JULIAN & ASSOCIATES P.C.

By _____
Sara M. Salger, # 06296640
Randy L. Gori, # 06257394
Attorney for Plaintiff
156 N. Main St.
Edwardsville, IL 62025
Telephone (618)-659-9833
Facsimile (618)-659-9834

Case No. 16-L-283
Page 1 of 1

CONFIDENTIAL

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

JOHN H. JONES AND ALICE JONES,      )
                                    )
                Plaintiffs,         )
                                    )
vs.                                 )      Case No. 16-L-283
                                    )
JOHN CRANE, INC., et al.,           )
                                    )
                Defendants.         )

## PLAINTIFF'S ANSWERS AND OBJECTIONS
## TO DEFENDANTS' STANDARD ASBESTOS INTERROGATORIES

COMES NOW Plaintiff, **John H. Jones,** by and through his attorneys and submits the

following Answers and Objections to Defendants' Standard Asbestos Interrogatories under oath

pursuant to Rule 213 of the Illinois Rules of Civil Procedure:

1.   Please state your (decedent's):
     (a)   Full name;
     (b)   Any other name under which you (decedent) has been known;
     (c)   Social Security number;
     (d)   Date and location of birth;
     (e)   Date and location of death;
     (f)   Gender;
     (g)   Health Insurance Claim Number (HICN);
     (h)   Whether you (decedent) enrolled, or expect to be enrolled with the next
           thirty (30) months, in the Medicare program; and
     (i)   Your (decedent's) highest level of education.

**ANSWER:**   **(a)   John H. Jones;**
              **(b)   N/A;**
              **(c)   ▮▮▮▮▮;**
              **(d)   ▮▮▮▮▮, Drew, MS;**
              **(e)   N/A;**
              **(f)   Male;**
              **(g)   N/A;**
              **(h)   Plaintiff is not enrolled; and**

1 | P a g e

CONFIDENTIAL

(i)    **Couple years of college.**

2.    List all addresses, including city and state, where you (decedent) have resided during your (decedent's) lifetime.

**ANSWER:    Plaintiff currently resides at:** ███████████████████
███. **His prior addresses are as follows:**



**No other Information is recalled at this time; investigation continues.**

3.    If you (decedent) have ever been married:
    (a)    State the full name and last known address of each spouse;
    (b)    The date and place of each marriage;
    (c)    The date each marriage was terminated;
    (d)    How each marriage was terminated; and
    (e)    If you are currently married, please state your spouse's date of birth, spouse's current employer(s) and the amount of spouse's wages or salaries.

**ANSWER:    (a)    Alice Jones,** ████████████████████████
          **(b)    1952, Washington;**
          **(c)    N/A;**
          **(d)    N/A; and**
          **(e)    DOB:** ████████.

4.    If you (decedent) have ever been convicted of or pleaded guilty to a felony, then state the crime, the date of conviction, the court entering the judgment, and the sentence imposed.

**ANSWER:    Plaintiff objects to this interrogatory as it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.**

5.    Have you (decedent) ever been rejected for or served in the armed forces or performed services for any branch of any government agency?  If so:

    (a)    If rejected, why, and if served in, identify the service branch or governmental agency served;

CONFIDENTIAL

(b)   The date(s) of which you (decedent) began and ended your (decedent's) service;

(c)   The locations and inclusive dates for assignment to each location where you (decedent) served;

(d)   The reason for each discharge;

(e)   Describe all of your (decedent's) job duties while serving;

(f)   If you (decedent) served aboard a ship, the name and number of each ship on which you (decedent) served;

(g)   Whether you received any injury or suffered any illness while in the military service and identify all military hospitals in which you were (decedent was) a patient, if any; and

(h)   Whether plaintiff is (decedent was) claiming any disability for any injury, illness, physical or mental condition arising out of the military service and if so state the details, including date of claim, number or other identifying characteristic of claim, disability asserted, nature of claim disability rating and compensation received; and

(i)   Military serial number.

**ANSWER:**

(a)   **US Army;**

(b)   **1947-1949;**

(c)   **Fort Jackson, South Carolina;**
      **Germany;**

(d)   **Plaintiff was honorably discharged – enlistment term expired;**

(e)   **Radio Maintenance Man;**

(f)   **No;**

(g)   **Investigation continues;**

(h)   **Investigation continues; and**

(i)   **14268028.**


(a)   **US Air Force;**

(b)   **1950-1954;**

(c)   **Blaine Air Force Base, Blaine, WA;**
      **Scott Air Force Base, Belleville, IL;**
      **Geiger Field, Spokane, WA;**

(d)   **Plaintiff was honorably discharged – enlistment term expired;**

(e)   **Radio Maintenance Man;**

(f)   **No;**

(g)   **Investigation continues;**

(h)   **Investigation continues; and**

(i)   **14268028.**


**For further information, see military records available via the authorizations executed by Plaintiff.**

3 | P a g e

CONFIDENTIAL

6.    Are you or your attorneys aware of any statements made by any of the other parties to this litigation or by other persons, signed or unsigned, oral, written or court reported, who claim to have knowledge of the subject matter of this litigation?  If so, then for each such statement state:

(a)    The name and address of the person making the statement;
(b)    The name and address of the person to whom the statement was given;
(c)    The names and addresses of all persons who witnessed the giving of the statement;
(d)    Whether a copy or transcription of the statement exists; and
(e)    The name and address of all persons who possess a copy of transcription.

**ANSWER:    Plaintiff objects to this Interrogatory on the grounds that it is overly broad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects on the grounds that the information requested invades the attorney/client privilege and the work product doctrine. Subject to and without waiving said objections, Plaintiff states: He is not aware of any such statements.**

7.    Please identify each person who allegedly possesses knowledge of relevant facts concerning your (decedent's) alleged exposure to asbestos-containing products, or other materials manufactured, distributed, sold or present at defendant's premises, sold by one or more of the defendants, or who was interviewed by or on behalf of you, your attorneys, or agents, and for each such person, please state:

(a)    The name and address of each such person;
(b)    A description of his/her knowledge;
(c)    How he/she acquired such knowledge;
(d)    A description of the products to which you were (decedent was) exposed; and
(e)    His/her relationship (e.g. supervisor, friend, co-worker, family member) to you (decedent).

**ANSWER:    Plaintiff objects to this interrogatory as it invades the attorney/client and work product privileges, is overly broad, vague, and unduly burdensome.  Plaintiff further objects that this interrogatory may call for the disclosure of attorney work product and attorney-client privileged documents and information.  Subject to and without waiving said objections, Plaintiff states: See medical records and other documents in production and available via the authorizations executed by Plaintiff.  Plaintiff further answers that he will identify in his Fact Witness List relevant witnesses when that list is due pursuant to the Standing Order.  Plaintiff also reserves the right to supplement said Fact Witness List as new witnesses are identified, as well as the right to supplement this interrogatory response.**

CONFIDENTIAL

8.    If you have retained or employed an expert witness who may be expected to render an opinion at trial, then as to each expert state:

    (a)    His name, address, telephone number and employer or other business affiliation;

    (b)    The subject matter on which the expert is expected to testify;

    (c)    His conclusions and opinions;

    (d)    The basis for each conclusion or opinion;

    (e)    His qualifications;

    (f)    Whether the expert has prepared any written reports, communications, correspondence, or documents of any kind, and a description of each such document;

    (g)    The date each said expert was retained;

    (h)    Whether said expert has been retained by you or your attorneys on prior occasions; and

    (i)    A description of each such instance in which the expert was previously retained, including each lawsuit name and number, where the suit was filed, and the subject matter of the expert's opinion.

**ANSWER:    Plaintiff will answer in accordance with the Standing Order.**

9.    Has any such expert, or anyone at said expert's direction, prepared any field report, field notes, handwritten notes, memorandum, correspondence, records of telephone conversations, diagrams, drawings, blueprints, photographs, statements or any other written, printed, electronically or photographically recorded materials in preparing, investigating, researching, evaluating, or forming any opinions on the issues involved in the case?  If so, please identify each document and/or provide a copy of same.

**ANSWER:    Plaintiff will answer in accordance with the Standing Order.**

10.    State the name, address, date of birth and family relationship of each of your next of kin and identify in the same fashion any family member who claims to be dependent upon you for support, in whole or in part.

**ANSWER:    -Alice Jones, DOB:** ███████████████████
████, **Spouse (Dependent upon Plaintiff);**

    **-Debra Sue Stamate, DOB:** ████████████████
████, **Daughter;**

    **-Jeff Alan Jones, DOB:** ████████████████████ **Son;**

CONFIDENTIAL

Julie Faye Massingale, DOB: ███████, Daughter; and

-John Charles Jones, DOB: ███████, Son.

11.     With respect to all of your present and past employment, please state for each employer:

(a)     The employer's name, the employer's address, and the starting and ending date;

(b)     Identify each location, job site, or facility at which you worked including:
   a.  The address by city and state;
   b.  Your employer at each facility or location;
   c.  The inclusive dates of work for each facility or location;

(c)     State your occupation, titles, and duties for each employer identified above, specifying all pertinent dates and reason for leaving said employer;

(d)     State whether you contend you were exposed to asbestos-containing products or materials including but not limited to equipment or other machinery which may have contained asbestos-containing component parts in the course of this employment for each location, job site, or facility;

(e)     State the type of product or materials, including brand name, trade name or manufacturer, suppliers, and distributors which you contend resulted in your exposure to asbestos for each location, job site, or facility and whether you, your attorneys or agents have any samples of these products or packaging from them;

(f)     Name and last known address of any co-workers at these sites;

(g)     Your earnings for each period of employment;

(h)     For each job site identify the name and address of any companies, other than your employer, working with asbestos-containing material there and all trades present; and

(i)     Did you (decedent) or any co-worker ever file a complaint, report, or call attention to asbestos-containing materials, dust, gases, or fumes present at any location or job site?

**ANSWER:    See attached Exhibit A. See employment, Social Security, and income tax records available via the authorizations executed by Plaintiff. Further, Plaintiff also reserves the right to supplement this interrogatory response as investigation continues.**

12.     With respect to any claim of asbestos exposure not related to your employment identified in your answers to Interrogatory No. 11, including but not limited to, home-remodeling, and automotive maintenance, please state:

6 | P a g e

CONFIDENTIAL

    (a)    The nature of each activity you were performing that resulted in your alleged exposure to asbestos;

    (b)    The time frame in which you performed each activity;

    (c)    The location(s) at which you performed each activity; and

    (d)    The type of product used in each activity, including brand name, trade name, and/or manufacturer and place of purchase, through which you contend you were exposed to asbestos and whether you, your attorneys, or agents have any samples of these products or packaging from them.

**ANSWER:**    **(a)**    **Construction-related & Automotive;**

               **(b)**    **1950's-1970's;**

               **(c)**    **Plaintiff's residence; and**

               **(d)**    **Investigation continues.**

13.    If you contend you were (decedent was) exposed to asbestos through contact with another individual(s) or the individual(s)'s clothing (hereinafter "secondary exposure"), as a result of the individual's employment, please state:

    (a)    The name and relationship to you (decedent) of each individual through whom you alleged secondary exposure; the Social Security number of the other person, address of that person, and union affiliation;

    (b)    The nature of all employment-related activities the individual was performing that resulted in their contact with asbestos-containing products, including for each individual identified:

          a.    The name and location of each employer;

          b.    The starting and ending dates for each employer identified in sub-paragraph a;

          c.    The occupation and job duties for each employer identified in sub-paragraph a;

          d.    The job site(s) the individual is alleged to have worked at, including dates and names, and last-known address of any co-workers at these sites; and

          e.    The type of asbestos-containing product(s) to which the individual came in contact at each employer including the brand name, trade name, manufacturers, suppliers, and distributors;

    (c)    The manner plaintiff alleges secondary exposure occurred; and

    (d)    Did the individual you allege secondary exposure through have or claim to have an asbestos-related disease.

**ANSWER: Plaintiff objects to this interrogatory as it invades the attorney/client and work product privileges, is overly broad, vague, and unduly burdensome. Subject to and**

7 | P a g e

CONFIDENTIAL

**without waiving said objections, Plaintiff states:  Investigation continues.**

14.    If you contend you were exposed to asbestos through contact with another individual(s) or the individual(s)'s clothing (hereinafter "secondary exposure"), as a result of the individual's non-employment activities, please state for each individual:

      (a)    The name and relationship to you (decedent) of each individual through whom you alleged secondary exposure; the Social Security number of the other person and address of that person;

      (b)    The nature of all non-employment activities the individual was performing that resulted in their contact with asbestos-containing products, including for each individual identified:

            a.   The time frame in which each activity was performed;

            b.   The location(s) at which each activity was performed; and

            c.   The type of product used in each activity, including the brand name, trade name, and manufacturer, through which you contend you were exposed to asbestos; and

      (c)    The manner plaintiff alleges secondary exposure occurred.

**ANSWER:  Plaintiff objects to this interrogatory as it invades the attorney/client and work product privileges, is overly broad, vague, and unduly burdensome.  Subject to and without waiving said objections, Plaintiff states: Investigation continues.**

15.    State whether you (decedent) have worked with or around asbestos products, including equipment or other machinery which may have contained asbestos-containing component parts manufactured, distributed, or sold by any company not named as a defendant in this lawsuit, and as to each such company state:

      (a)    The name of the company;

      (b)    The asbestos products manufactured, distributed or sold by that company and that you (decedent) worked with or around; and

      (c)    The date, job site and employer when you (decedent) worked with or around said products.

**ANSWER:    Plaintiff objects to this interrogatory as it invades the attorney/client and work product privileges, is overly broad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and calls for speculation.  Subject to and without waiving said objections, Plaintiff states: Investigation continues.**

16.    Did you (decedent) at any time receive, have knowledge, or possess any advice, publication, warning, order, directive, requirement, or recommendation, whether written or oral, which purported to advise or warn you (decedent) of the possible harmful effects of exposure to, or inhalation of, asbestos, asbestos-containing products, or the dust created thereby, and did you

8 | P a g e

CONFIDENTIAL

(decedent) utilize any respiratory protection device to protect you (decedent) from said exposure? If so, please:

  (a)  State the nature and exact wording of such advice, warning, or recommendation;
  (b)  Identify each source of such advice, warning or recommendation;
  (c)  State the date, time, please, manner and circumstances when each such advice, warning or recommendation was given;
  (d)  Identify all documents concerning said instructions, recommendations or warnings; and
  (e)  Identify all such respiratory protective devices and the entity that provided them.

**ANSWER:    Plaintiff objects to this interrogatory as it is overly broad, vague, and unduly burdensome.  Subject to and without waiving said objections, Plaintiff states: Does not recall at this time; investigation continues.**

  17.    Are you or were you (was decedent) ever a member of any labor union? If so, for each such union membership, please state:

  (a)  The name, address, and telephone number of each such international union and its number, along with the local number of each such union;
  (b)  The date and time periods during which you (decedent) maintained membership in such union and your (decedent's) classification of membership;
  (c)  All offices which you (decedent) held or committees on which you (decedent) served in any local and/or international union, and the places and dates you (decedent) served;
  (d)  The trade with which the union was involved;
  (e)  The name and type of any publication you (decedent) received from your (decedent's) local or the international union; and
  (f)  Did you (decedent) ever attend any union meetings, seminars, or conferences where the subjects of asbestos, exposure to asbestos, or asbestos-related illnesses were discussed.

**ANSWER:    (a)    IBEW, Local 191, 2701 Hoyt Ave., Everett, WA 98201;**
**                (b)    1960-1965;**
**                (c)    N/A;**
**                (d)    Electrician;**
**                (e)    Investigation continues; and**
**                (f)    Plaintiff Objects as this request is overly broad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of**

CONFIDENTIAL

**admissible evidence.  Subject to and without waiving said objections, Plaintiff states: Investigation continues.**

- **(a)  IBEW, Local 112, 2637 W. Albany Ave., Kennewick, WA 99336;**
- **(b)  1961-1972;**
- **(c)  N/A;**
- **(d)  Electrician;**
- **(e)  Investigation continues; and**
- **(f)  Plaintiff Objects as this request is overly broad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving said objections, Plaintiff states: Investigation continues.**

18.   Please specify each disease or condition from which you suffer (decedent suffered) which allegedly was caused by exposure to products or materials manufactured, distributed or sold by one or more of these defendants and with respect to each disease specified, please state:

- (a)   The approximate date upon or period within which you (decedent) first manifested symptoms or signs of the disease;
- (b)   Describe the symptoms or signs manifested;
- (c)   The date on which you were (decedent was) first diagnosed as having the disease;
- (d)   The person(s) who made the diagnosis;
- (e)   The nature of the test and/or procedure from which the diagnosis was made;
- (f)   Describe the circumstances precipitating the consultation at which the diagnosis was made; and
- (g)   Date you first suspected said disease was in any way related to asbestos exposure.

**ANSWER:   Mesothelioma.**

- **(a)   December 2015;**
- **(b)   Breathing issues and chest pain;**
- **(c)   12/14/2015;**
- **(d)   Plaintiff was diagnosed by his treating physicians;**
- **(e)-(f)  See medical records available via the authorizations executed by Plaintiff; and**
- **(g)   12/14/2015.**

19.   Please identify by name and last known address each practitioner of any healing art who has examined, attended, treated, or prescribed medication for you (decedent) at anytime

CONFIDENTIAL

subsequent to your (decedent's) first exposure to asbestos, including but not limited to, anyone who provided consultation in connection with any disease specified in your answers to these interrogatories, indicating the date, place, and nature of such services or medication.

**ANSWER:   Plaintiff objects to this interrogatory on the grounds that requested information is protected by the physician/patient privilege, that it seeks medical information beyond the medical conditions at issue in this case, and it is overly broad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving said objections, Plaintiff states: See medical records.  Further answering, the following healthcare providers examined, attended, treated, prescribed medication and/or provided consultation in connection with Plaintiff's mesothelioma.**

**-Trios Health, 83 Keene Rd., Richland, WA 99352; and**

**-Trio Care Center at Spaulding, 216 W. 10th Ave., Kennewick, WA 99336.**

**(See medical records for additional healthcare providers).**

20.   Did you (decedent) ever have any medical or physical illness, disease, infirmity, injury, or condition, other than those specified in your answers to Interrogatory No. 18, which in any way affected your (decedent's) pulmonary function, and if so, please describe each such medical or physical disability, illness, disease, infirmity, abnormality, injury or condition, and:

    (a)    Specify the dates and duration thereof;
    (b)    Identify each doctor or other healthcare provider who examined, attended, treated, or prescribed medication for you (decedent) or who was consulted with respect thereto; and
    (c)    Specify the date, place and nature of such services provided by each doctor or healthcare provider identified in subpart b, above.

**ANSWER:   Plaintiff objects to this interrogatory on the grounds that requested information is protected by the physician/patient privilege, that it seeks medical information beyond the medical conditions at issue in this case, and it is overly broad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving said objections, Plaintiff states: See answer to Interrogatory No. 19 and medical records.**

21.   State the name and address of each hospital, clinic or other facility (including mobile X-ray vans) where you were (decedent was) examined or received treatment of any kind for injuries or conditions allegedly due to your (decedent's) alleged asbestos exposure or exposure to products or materials manufactured, distributed, or sold by one or more of these defendants.

11 | P a g e

CONFIDENTIAL

**ANSWER:    See answer to Interrogatory No. 19.**

22.    Have you ever been diagnosed as having or been treated for any form of cancer or any asbestos-related disease or condition, including but not limited to asbestosis and pleural thickening?  If so, please:

      (a)    Describe each such type or form of cancer and/or asbestos-related disease or condition and its location;

      (b)    State the date on and place at which you were diagnosed as having each such type or form of cancer;

      (c)    Identify the person who made each such diagnosis;

      (d)    Describe all treatments administered;

      (e)    State the dates on or over which and the place at which such treatments were administered;

      (f)    Identify each person who administered such treatments;

      (g)    Describe the results thereof; and

      (h)    Identify each document which reflects any such diagnosis or treatment or any other such asserted facts.

**ANSWER:    Yes, mesothelioma– See medical records of healthcare providers listed in answer to Interrogatory No. 19.**

23.    Do you or did you (decedent) or anyone with whom you (decedent) reside(d) ever use any tobacco products of any type?  If your answer is "yes," please state fully and in detail:

      (a)    The dates and time periods during which you or anyone with whom you (decedent) reside(d) used any tobacco product;

      (b)    The type of tobacco products you or anyone with whom you (decedent) reside(d) used, including, if applicable, whether cigarettes were filtered or non-filtered;

      (c)    The daily frequency with which you (decedent) or anyone with whom you (decedent) reside(d) used any tobacco product;

      (d)    For any time period during which you (decedent) or anyone with whom you (decedent) reside(d) ceased using tobacco products, the date and the reasons for stopping;

      (e)    For any time period you (decedent) or anyone with whom you (decedent) reside(d) decreased using tobacco products, the dates thereof and the reasons for the decrease;

      (f)    For any time period that you (decedent) commenced using tobacco products after a period of having stopped using them, the reasons for beginning again; and

CONFIDENTIAL

(g)     The commercial brand name(s) of any tobacco products that you (decedent) or anyone with whom you (decedent) reside(d) used.

**ANSWER:     Plaintiff objects to this interrogatory as it is not calculated to lead to the discovery of admissible evidence.  Subject to and without waiving said objection, Plaintiff states:**

                    **(a)     1940's-1960's;**
                    **(b)     Non-filtered cigarettes and filtered cigarettes;**
                    **(c)     1 pack per day;**
                    **(d)     1960's, Plaintiff wanted to lead a healthier lifestyle;**
                    **(e)     N/A;**
                    **(f)     N/A; and**
                    **(g)     Lucky Strike and Chesterfields, and Marlboro.**

**No other information is recalled at this time; investigation continues.**

      24.     As a result of your (decedent's) alleged illness are you claiming any wage or earning loss?  If so, please state:

        (a)     How much time was lost from work or employment, listing the dates involved and the name and address of the employer;
        (b)     State the gross amount of salary or earnings which you (decedent) received on each pay day, stating the intervals of such pay days;
        (c)     State the gross amount of salary or earnings actually lost due to the occurrence alleged in the Complaint and the method of calculating said loss;
        (d)     The amount of future lost earnings and the manner or method of calculating such claimed loss;
        (e)     The name and address of your (decedent's) employer at the time you (decedent) learned of your (decedent's) asbestos-related illness; and
        (f)     The name of any potential employer who refused you (decedent) work because of your (decedent's) asbestos-related illness.

**ANSWER:     No.**

      25.     Identify and itemize the amount of medical expenses to which you claim you are entitled as damages; any and all non-medical expenses claimed as damages; and any and all other damages claimed as a result of your (decedent's) asbestos-related disease or condition.  In lieu of answering this interrogatory, you may attach copies of all statements, invoices, or bills which you have (decedent had) incurred or paid for such medical, non-medical, or other expenses.

**ANSWER:     Investigation continues; See medical records available via the authorizations**

CONFIDENTIAL

**executed by Plaintiff.**

26.    Have you (decedent) ever filed suit or made a claim against any person or entity, including but not limited to any bankruptcy trust, for recovery of damages allegedly caused by an exposure to asbestos other than in this lawsuit or for any other alleged personal injury or condition? If so, state the name and address of the person, entity, and/or trust, the date the claim or suit was filed, the nature of the injury, whether the claim or suit is presently pending, the amount of money you (decedent) received, if any, and/or the amount of money that has been pledged or committed to be paid to you by said trust, if any.

**ANSWER:    Plaintiff objects to this interrogatory as it invades the attorney/client and work product privileges, is overly broad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects that this interrogatory may call for the disclosure of attorney work product and attorney-client privileged documents and information exchanged during settlement negotiations and is protected by the terms of various bankruptcy court orders and trust plans and general confidentiality conditions of settlement agreements.  Subject to and without waiving said objections, Plaintiff states:  Investigation continues.**

27.    Have you (decedent) at any time made a claim for or received any health or accident insurance benefits, workers' compensation payments, social security benefits, disability benefits, pension, accident compensation payments, or Veteran's disability compensation awards, related to or as the result of the asbestos-related injury which is the subject of this lawsuit or for any other personal injury or condition?  If your answer is "yes," please state for each:

        (a)    The names and addresses of your employer(s) at the time of each claim;
        (b)    The name of the board, tribunal, or superior officer before which or to whom the claim or claims were made or filed;
        (c)    The date the claim was made or filed;
        (d)    The claim, file or other number by which the claim was identified; and
        (e)    The amount of benefits, awards, or payments.

**ANSWER:    Plaintiff objects to this interrogatory as it is overly broad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Further objecting, Plaintiff states that this interrogatory may call for privileged information exchanged during settlement negotiations and is protected by the terms of various bankruptcy court orders and trust plans and general confidentiality conditions of settlement agreements.  Subject to and without waiving said objections, Plaintiff states: See records available via executed authorizations provided by Plaintiff.**

28.    Have you (decedent) received any remuneration or compensation of any nature from any source for conditions of ill-being which are the subject matter of this lawsuit, including any compensation benefits, settlements with any bankruptcy trust, a co-defendant or a person or

**14 | P a g e**

CONFIDENTIAL

entity who potentially could have been a co-defendant?  If your answer is "yes," for each said payment state:

    (a)    The name of the party making said payment;
    (b)    The amount of said payment;
    (c)    The date of said payment; and
    (d)    The name, address, and telephone number of the person having custody of documents relating to such payment.

**ANSWER:    Plaintiff objects to this interrogatory as it is overly broad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the grounds that the information requested invades the attorney/client privilege and the work product doctrine.  In addition, Plaintiff states that this interrogatory may call for privileged information exchanged during settlement negotiations and is protected by the terms of various bankruptcy court orders and trust plans and general confidentiality conditions of settlement agreements.**

29.    For each time that you have (decedent has) been a witness in an asbestos-related or occupationally-related lawsuit, arbitration, workers' compensation claim, administrative action or legislative hearing, identify each case by stating its title, when and where it was brought, and the court or administrative agency's file number.

**ANSWER:    Plaintiff objects to this interrogatory as it is overly broad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Plaintiff states: No.**

30.    Identify by author, date, substance, and type of document, (e.g., photographs, invoice, shipping order, bill of lading, memorandum, contract, distribution agreement, contractor agreement, delivery ticket, sales register, statement, deposition, correspondence, and note) each and every document which pertains, refers to or reflects your (decedent's) exposure to asbestos, asbestos-containing products or other products manufactured, distributed or sold by any person or entity alleged to be liable to you.  Further indicate the person or persons having custody of such documents.

**ANSWER:    Plaintiff objects to this interrogatory as it invades the attorney/client and work product privileges, is overly broad, vague, and unduly burdensome.  Plaintiff further objects that this interrogatory may call for the disclosure of attorney work product and attorney-client privileged documents and information.  Subject to and without waiving said objections, Plaintiff states: See medical records and other documents in production and available via the authorizations executed by Plaintiff.  Plaintiff also reserves the right to supplement this interrogatory response.**

15 | P a g e

CONFIDENTIAL

Respectfully submitted as to objections only,

GORI, JULIAN & ASSOCIATES P.C.

By_____
Sara M. Salger, # 06295040
Randy L. Gori, # 06257394
Attorney for Plaintiff
156 N. Main St.
Edwardsville, IL 62025
Telephone (618)-659-9833
Facsimile (618)-659-9834

CONFIDENTIAL

# EXHIBIT A

## PLAINTIFF'S WORK HISTORY

CONFIDENTIAL

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

JOHN H. JONES AND ALICE JONES, Plaintiff,

vs.

JOHN CRANE, INC., et al., Defendants.
Case No. 16-L-283

| Years | Employer | Work Site | Job Description |
|-------|----------|-----------|-----------------|
| 1940's-1947 | Family Farm | Family Farm, Western County, MS | Farmer |
| Between 1947-1954 | Texaco Service Station | Texaco Service Station, Blaine, WA | Service Station Attendant |
| Between 1947-1955 | Shell Station | Shell Station, Blaine, WA | Service Station Attendant |
| 1954-1960 | Blaine Electric, Heating & Plumbing | Various commercial and residential locations throughout Washington. Investigation continues. | Owner / Electrician |
| 1960-1961 | Investigation continues | DEW Line, Alaska | Electrician |
| 1/27/1961 - 8/6/1962 | Pasco Electric | Various residential locations throughout Washington. Investigation continues. | Electrician |
| 8/8/1962 - 1/18/1963 | Selo | Shell Oil Company, Ferndale, WA | Electrician |
| 1/24/1963 - 2/5/1963 | Foothill Electric | Hanford Nuclear Plant, Benton County, WA | Electrician |
| 2/11/1963 - 5/21/1965 | Empire Electric | IBT Plant, Walla Walla County, WA; Cascade Paper Mill, Walla Walla County, WA; Boise Hanford Nuclear Plant, Benton County, WA. Investigation continues. | Electrician |
| 5/24/1965 - 10/20/1965 | West Coast Pulp | Cascade Paper Mill, Walla Walla County, WA | Electrician |
| 11/1/1965 - 11/19/1965 | Power City | Utility District Headquarters, Pasco, WA | Electrician |
| 12/14/1965 - 3/22/1966 | Bruce Electric | Trailer Park, Pasco, WA | Electrician |

CONFIDENTIAL

| 3/23/1966 - 2/16/1968 | GF Atkinson Contracting | Lower Monumental Dam, Franklin County, WA | Electrician |
|---|---|---|---|
| 4/23/1968 - 5/13/1968 | Smith Electric | Investigation continues | Electrician |
| 6/4/1968 - 1/1971 | Highland Electric Company | Various residential locations throughout Washington. Investigation continues. | Electrician |
| 10/1971-1982 | Inland Appliance Parts | Inland Appliance Parts, Kennewick, WA | Owner / Operator |
| 1982-1988 | Jones Supply | Jones Supply, Kennewick, WA | Owner / Operator |
| 1984-Present | Total Services | Total Services, Kennewick, WA | Owner / Operator |

CONFIDENTIAL

## VERIFICATION

John H. Jones, states that he has answered the foregoing Interrogatories and Responses to Request for Production, in accordance with Supreme Court Rules, and that the answers are correct to the best of his knowledge and belief, and the responses are complete to the best of the undersigned's knowledge and belief.

*(signature)*

### *Verification by Certification*

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters, the undersigned certifies as aforesaid that he verily believes the same to be true.

*(signature)*

Gori, Julian & Associates P.C.
Attorneys for Plaintiff(s)
156 N. Main St.
Edwardsville, IL 62025
(618) 659-9833

CONFIDENTIAL