# EXHIBIT 14

CONFIDENTIAL

| **IN RE: ASBESTOS LITIGATION** | |
|---|---|
| DOCKET NO.: FBT-CV17-6066183-S | : SUPERIOR COURT |
| | : |
| KURT CARLSON and ELAINE CARLSON | : J.D. OF FAIRFIELD |
| | : |
| VS. | : AT BRIDGEPORT |
| | : |
| ABCO WELDING & INDUSTRIAL SUPPLY, INC., ET AL | : SEPTEMBER 22, 2017 |

## NOTICE OF PLAINTIFFS' ANSWERS AND OBJECTIONS TO DEFENDANTS' STANDARD INTERROGATORIES AND REQUESTS FOR PRODUCTION

The Plaintiffs hereby give notice, pursuant to P.B. section 13-6 et seq., that a copy of

the above captioned Plaintiffs' Answers to Defendants' Standard Interrogatories and

Requests for Production were served on all defense counsel of record on September 22, 2017,

2017.  Plaintiffs have answered questions 1-27, 29-35, 43-45 and Request for Production e

and k. Plaintiffs have objected to questions 28, 36-42 and Requests for Production a-d, f-j.

THE PLAINTIFFS



BY___s/423477_____
Brian P. Kenney
Early, Lucarelli, Sweeney & Meisenkothen
One Century Tower, 11th Floor
265 Church Street, PO Box 1866
New Haven, CT 06103-1866
203-777-7799 - t
203-785-1671 - f

**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN**
An Association of Professional LLCs
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, LLC**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06510 • (203) 777-7799 • JURIS. NO. 409080

CONFIDENTIAL

| IN RE: ASBESTOS LITIGATION | |
|---|---|

DOCKET NO.: FBT-CV17-6066183-S : SUPERIOR COURT

: 

KURT CARLSON and ELAINE CARLSON : J.D. OF FAIRFIELD

: 

VS. : AT BRIDGEPORT

: 

ABCO WELDING & INDUSTRIAL SUPPLY, INC., ET AL : SEPTEMBER 20, 2017

## PLAINTIFF'S ANSWERS TO
## DEFENDANT'S STANDARD INTERROGATORIES
## AND REQUESTS FOR PRODUCTION

The undersigned, as defense liaison counsel and on behalf of all Defendants, hereby propounds the following interrogatories and requests for production to be answered by the Plaintiff(s), *Kurt Carlson,* under oath, within thirty (30) days of the filing hereof insofar as the disclosure sought will be of assistance in the defense of this action and can be provided by the plaintiff with substantially greater facility than could otherwise be obtained.

███████████████████, the terms "Plaintiff" and "you" refer to ████████al who allegedly sustained physical injury as a result of exposure to asbestos.

I. **INT██████TORIES**

(1)   Please provide the following information pertaining to the Plaintiff.

(a)   Name;

(b)   Address;

1

EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN
An Association of Professional LLCs
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, LLC**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06510 • (203) 777-7799 • JURIS. NO. 409080

CONFIDENTIAL

<u>CERTIFICATION</u>

This is to certify that a copy of the above document was mailed first class, postage prepaid, to all counsel of record this 22nd day of September, 2017.

s/423477
Brian P. Kenney



EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN
An Association of Professional LLCs
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, LLC**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06510 • (203) 777-7799 • JURIS. NO. 409080

CONFIDENTIAL

Certification for Docket No.: FBT-CV17-6066183-S
*Kurt Carlson, et al v. ABCO Welding & Industrial Supply, Inc., et al*

| | |
|---|---|
| John J. Robinson, Esq.<br>Gordon & Rees, LLP<br>95 Glastonbury Boulevard, Suite 206<br>Glastonbury, CT 06033<br>jjrobinson@gordonrees.com<br>*For: Aurora Pump Company*<br>*For: Carrier Corporation* | Matthew J. Zamaloff, Esq.<br>Cetrulo, LLP<br>2 Seaport Lane, 10th Floor<br>Boston, MA 02210<br>mzamaloff@cetllp.com<br>*For: CertainTeed Corporation*<br>*For: Riley Power, Inc.* |
| Mark J. Hoover, Esq.<br>Pierce Davis & Perritano, LLP<br>10 Post Office Square, Suite 1100<br>Boston, MA 02109<br>mhoover@piercedavis.com<br>*For: Clifton Associates, Inc.*<br>*For: Goodrich Corporation*<br>*For: Spirax Sarco, Inc.*<br>*For:  SPX Corporation*<br>*For: Warren Pumps, Inc.* | Jennifer E. Wheelock, Esq.<br>McGivney Kluger & Cook, PC<br>20 Church Street, Suite 780<br>Hartford, CT 06103<br>jwheelock@mcgivneyandkluger.com<br>*For: DAP, Inc.*<br>*For: Dravo Corporation*<br>*For: Homasote Company*<br>*For: The Nash Engineering Company*<br>*For: Weir Valves & Controls, USA* |
| Michael J. Smith, Esq.<br>Bonner Kiernan Trebach & Crociata, LLP<br>200 Portland Street, Suite 400<br>Boston, MA 02114<br>msmith@bonnerkiernan.com<br>*For: Crown Cork & Seal Company, Inc.* | Kendra A. Bergeron, Esq.<br>CMBG3, LLC<br>84 State Street, Suite 760<br>Boston, MA 02109<br>kbergeron@cmbg3.com<br>*For: Eckel Industries* |
| Paul E. Dwyer, Esq.<br>Locke Lord, LLP<br>2800 Financial Plaza<br>Providence, RI 02903<br>paul.dwyer@lockelord.com<br>*For: FMC Corporation* | Kelly F. Throop, Esq.<br>Franco & Associates<br>125 Elm Street<br>New Canaan, CT 06840<br>kfranco@francolaw.com<br>*For: Fort Kent Holdings, Inc.* |
| Janice W. Howe, Esq.<br>Morgan Lewis & Bockius, LLP<br>One State Street<br>Hartford, CT 06103<br>ctasbestos@morganlewis.com<br>*For: Grinnell Corporation*<br>*For: ITT Industries, Inc.* | Lesley P. Chuang, Esq.<br>Cetrulo, LLP<br>2 Seaport Lane, 10th Floor<br>Boston, MA 02210<br>lchuang@cetllp.com<br>*For: CertainTeed Corporation*<br>*For: Riley Power, Inc.*<br>*For: Honeywell, Inc.* |
| Mark O. Denehy, Esq.<br>Adler Pollock & Sheehan, PC<br>One Citizens Plaza, 8th Floor<br>Providence, RI 02903<br>dkubacki@apslaw.com<br>*For: Honeywell, Inc.*<br>*For: ABCO Welding & Industrial Supply* | E. Amy LaBrecque, Esq.<br>Adler Cohn Harvey Wakeman &<br>Guekguezian, LLP<br>75 Federal Street, 10th Floor<br>Boston, MA 02110<br>alabrecque@adlercohen.com<br>*For: Ingersoll-Rand Company*<br>*For: Trane U.S., Inc.* |

CONFIDENTIAL

Certification for Docket No.: FBT-CV17-6066183-S
*Kurt Carlson, et al v. ABCO Welding & Industrial Supply, Inc., et al*

| | |
|---|---|
| Catherine A. Mohan, Esq.<br>McCarter & English, LLP<br>City Place I/185 Asylum Ave, 36th Fl<br>Hartford, CT 06103<br>cmohan@mccarter.com<br>**For: Velan Vale Corp.** | Jonathan F. Tabasky, Esq.,<br>Kevin Hadfield, Esq.<br>Michael McVinney, Esq.<br>Manion Gaynor & Manning<br>One Citizens Plaza, Suite 620<br>Providence, RI 02903<br>jtabasky@mgmlaw.com<br>khadfield@mgmlaw.com<br>mmcvinney@mgmlaw.com<br>**For: Alfa Laval, Inc.**<br>**For: The Okonite Company** |
| John F. Rooney, III, Esq.<br>Robert S. Ludlum, Esq.<br>Melick & Porter<br>One Liberty Square, 7th Floor<br>Boston, MA 02109<br>jrooney@melicklaw.com<br>rludlum@melicklaw.com<br>**For: Crosby Valve Inc.**<br>**For: Emerson Electric Co.** | William Martin, Esq.<br>Hawkins Parnell Thackston &<br>Young, LLP<br>600 Lexington Avenue, Floor 8<br>New York, NY 10022<br>wmartin@hptylaw.com<br>**For: Ericcson Inc.** |
| Dwight Kern, Esq.<br>Stephanie Abra de Vos, Esq.<br>Segal McCambridge Singer & Mahoney<br>15 Exchange Place, Suite 1020<br>Jersey City, NJ 07302<br>dkern@smsm.com<br>sdevos@smsm.com<br>**For: Flowserve, as successor to Byron Jackson** | Susan L. Miller, Esq.<br>O'Connell Attmore & Morris, LLC<br>280 Trumbull Street<br>Hartford, CT 06103<br>smiller@oamlaw.com<br>**For: H.B. Fuller Company** |
| Richard M. Dighello, Jr., Esq.<br>Updike Kelly & Spellacy<br>100 Pearl Street, 17th Floor<br>P.O. Box 231277<br>Hartford, CT 06123<br>rdighello@uks.com<br>**For: IMO Industries**<br>**For: The Wm. Powell Company** | Robert S. Bystrowski, Esq.<br>Morrison Mahoney, LLP<br>One Constitution Plaza, 10th Floor<br>Hartford, CT 06103<br>rbystrowski@morrisonmahoney.com<br>**For: Packings and Insulations Corporation** |

CONFIDENTIAL

(c)     Social Security No.;

(d)     Military Service No.;

(e)     Age;

(f)     Height;

(g)     Weight;

(h)     Date of birth;

(i)     Place of birth;

(j)     Marital status;

(k)     Name of spouse;

(l)     Age of spouse;

(m)     Names and ages of children.

**ANSWER:**

a.     **Kurt Carlson;**
b.     **█████████████████████████;**
c.     **███████;**
d.     **████████;**
e.     **68;**
f.     **5'11";**
g.     **169lbs;**
h.     **██████████;**
i.     **██████████;**
j.     **Married;**
k.     **Elaine Carlson;**
l.     **65;**
m.     **Brian Carlson (37); Bethany Browne (39); Alfredo Carlson (23)**

2

EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN
An Association of Professional LLCs
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, LLC**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06510 • (203) 777-7799 • JURIS. NO. 409080

CONFIDENTIAL

(2)    If the Plaintiff is deceased, please provide the following information:

    (a)    Date of death;

    (b)    Age at death;

    (c)    Date of birth of surviving spouse;

    (d)    (If no surviving spouse) date of birth of next-of-kin.

**ANSWER:**

**Not applicable.**

(3)    Are you currently employed?

**ANSWER:**

**I am on medical leave.**

(4)    If you are working, please state what your job is, how many hours per week you work, the amount of your current wage/salary, and any union affiliation.

**ANSW** ████████████████████████

**Not ap** ████████

(5)    If you have retired, please state:

████████    The date of your retirement;

    (b)    The reason for your retirement;

    (c)    The name and address of your last employer;

    (d)    Your last place of employment;

3

EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN
An Association of Professional LLCs
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, LLC**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06510 • (203) 777-7799 • JURIS. NO. 409080

CONFIDENTIAL

       (e)        The job/position you held at the time of your retirement;

       (f)        Your wage/salary at the time of your retirement;

       (g)        Your union affiliation at the time of your retirement.

**ANSWER:**

**Not applicable.**

(6)        Do you claim to have lost wages as a result of injuries alleged in your complaint?

**ANSWER:**

**To be supplemented as discovery continues.**

(7)        If you do claim to have lost wages as a result of injuries alleged in your complaint, please set forth the following:

       (a)        The dollar amount of wages which you claim have been lost to date;

       (b)        How you calculated the above number;

       █████        State the dates during which you claim that you were unable to work as a result of the injuries alleged in your complaint.

**ANSWER:**

**To be s███████d as discovery continues.**

4

EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN
An Association of Professional LLCs
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, LLC**
**ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET**
**NEW HAVEN, CONNECTICUT 06510 • (203) 777-7799 • JURIS. NO. 409080**

CONFIDENTIAL

(8)    State the name and address of your employer and your wage/salary at the time

you became unable to work as a result of the injuries alleged in the complaint.

**ANSWER:**

**To be supplemented as discovery continues.**

(9)    If you have been a member of any union(s), please state as to each union:

    (a)    The name, address and local number of the union;

    (b)    The length of time you were a member of the union;

    (c)    Any union offices held by you.

**ANSWER:**

**I was a member of the Laborers Union, Westerly RI from 1969-1970, a temporary member of the Bradford Dyeing union in 1970, and a member of the Electric Boat union from 1973-1974. I have never held any union offices.**

(10)    State the amount of gross income reported by you on your Federal Income Tax

returns for the three years preceding the date on which you claim that you were unable to

work as ███████ he injuries alleged in the complaint.

**ANSWER:**

**To be supplemented as discovery continues.**

███████here any persons who have been partially or totally dependent upon you

for financial support and/or assistance during the last ten years?

**ANSWER:**

5

CONFIDENTIAL

**Yes.**

(12)    If the answer to question no. 11 is yes, please state the names, addresses, sex, age and relationship of each such person and state the amounts that you contributed during the last ten years to the support of each.

**ANSWER:**

**At this time, it is uncertain as to the exact monetary amount which I have contributed, but any money I earned was used to support my wife, Elaine Carlson and my son Alfredo Carlson.**

(13)    State the amount of economic damages, if any, other than lost wages, which you contend that you have incurred as a result of the injuries which are alleged in the complaint, including (but not limited to) hospital charges, medical charges, medicines, funeral expenses, etc. ..., and set forth as to each charge, the person or entity to whom payment was made, and the date that such payments were made.

**ANSWER:**

**To be s███████████d as discovery continues.**

(14)    State whether or not you smoke or smoked cigarettes, cigars, a pipe, or used any other tobacco substance from birth to the present time, and if yes, state the following;

████████    The period of time during which you smoked;

EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN
An Association of Professional LLCs
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, LLC**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06510 • (203) 777-7799 • JURIS. NO. 409080

CONFIDENTIAL

(b)    The number of cigarettes or pack(s) of cigarettes, cigars, or pipes full

of tobacco, smoked per day during that period of time (if it varies state

the quantity for each given period of time);

(c)    The brand of cigarettes smoked and whether they were filtered or non-

filtered.

**ANSWER:**

**I smoked less than half a pack of cigarettes sporadically between 1966-1971. I have not
smoked since then.**

(15)    Were you ever advised by any physician to stop smoking or using tobacco

products?  If your answer is yes, identify each physician who gave any such advice, the dates

on which the advice was given, and also state whether you followed the advice.

**ANSWER:**

**No.**

ver in the past?  If so, answer the

above q ████ 14 (a)-(c) as they apply to your spouse.

**ANSWER:**

**No.**

(17)    Does anyone in your household and/or work environment smoke now or in the

past?  If so, answer the above question numbers 14 (a) -(c) as they apply to the household

person and/or work environment person.

EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN
An Association of Professional LLCs
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, LLC**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06510 • (203) 777-7799 • JURIS. NO. 409080

CONFIDENTIAL

**ANSWER:**

**No one in my household or employment currently smokes. In the past, other workers at Electric Boat may have smoked.**

(18)    State whether or not you have consumed alcoholic beverages?  If yes, state the following:

(a)    When you began;

(b)    On a daily basis, how many drinks do you have, and specify the kind(s) of drinks, i.e. beer, wine, or hard liquor?

(c)    How does your present pattern of drinking differ, if at all, from your past pattern?

**ANSWER:**

**I do not consume alcoholic beverages.**

(19)    State whether or not, to the best of your knowledge and belief, you ever lived in a hom████████████████████████ there was radon.

**ANSW**████████

**There may have been radon in my home and/or workplace but it was never formally tested.**

████████ur answer to interrogatory number (19) is in the affirmative, state the following:

8

EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN
An Association of Professional LLCs
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, LLC**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06510 • (203) 777-7799 • JURIS. NO. 409080

CONFIDENTIAL

(a)    The times and/or periods of time during which you lived or worked at each place.

(b)    The address of each and every such place; and

(c)    If you are aware of the results of any radon tests conducted at any of the sites identified in response to subsection (b) above, state the results of those tests and the name and address of the person(s) who performed said test(s).

**ANSWER:**

**Unknown.**

(21)    Please indicate whether your residence, or to your knowledge your place of work, has ever been tested for radon exposure, and if so, the results of the tests.

**ANSWER:**

**Not to my knowledge.**

████████████████████ the name and address of each physician or doctor with whom you treated or consulted for exposure to radon.

**ANSWER:**

**Not ap**████████

(23)    State the name and address of each physician or doctor who ever diagnosed you as experiencing adverse health effects from exposure to radon.

9

CONFIDENTIAL

**ANSWER:**

**Not applicable.**

     (24)    Have you ever made a claim for Worker's Compensation Benefits?

**ANSWER:**

**No.**

     (25)    If the answer to question no. 24 is yes, set forth the following:

          (a)    Date of the claim(s);

          (b)    The injury for which each claim was filed;

          (c)    The employer at the time of the injury;

          (d)    The place where the claim was filed;

          (e)    The outcome of the claim.

**ANSWER:**

**Not applicable.**

          ▮▮▮▮▮▮▮▮▮▮ you ever testified at any Worker's Compensation hearing?

**ANSWER:**

**Not applicable.**

          ▮▮▮▮ur answer to question no. 26 is yes, please indicate the following:

          (a)    The name of the case in which you testified;

          (b)    The nature of your testimony;

EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN
An Association of Professional LLCs
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, LLC**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06510 • (203) 777-7799 • JURIS. NO. 409080

CONFIDENTIAL

      (c)     The date of your testimony;

      (d)     Place where you testified.

**ANSWER:**

**Not applicable.**

(28)    If you have ever given testimony or a written or oral statement under oath in any form on any subject in any place or for any purpose, state separately for each such occasion the date, location, reason for giving testimony or statement, persons present, caption of case (if applicable), name of court reporter (if applicable), and whether you have a transcript or copy of such testimony or statement in your possession or custody.

**ANSWER:**

**OBJECTION: Plaintiff objects to this interrogatory as overly broad, unduly burdensome and not reasonably limited in time or scope.  Plaintiff also objects to this interrogatory to the extent that it seeks information or materials protected by the attorney-client privilege and/or attorney work product.**

█████████████████████████████████s for which you are claiming

compe███        ████s lawsuit.

**ANSWER:**

**In part██       █████ning compensation for my asbestos-related mesothelioma, all the treatm███       ██d for that condition, including emotional distress, loss of enjoyment of life, and all the pain and suffering my family and I have endured.**

11

EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN
An Association of Professional LLCs
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, LLC**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06510 • (203) 777-7799 • JURIS. NO. 409080

CONFIDENTIAL

(30)    Describe any pain, incapacity, inability to act or work, or disability alleged to have resulted from the injuries and physical abnormalities you sustained.

**ANSWER:**

**I have suffered both physically and emotionally because of my asbestos-related mesothelioma. My diagnosis and surgery have effected every area of my daily life. I am unable to enjoy playing with my 11 grandchildren, ranging in age from 5 months to 12 years old, as I once did. I am also unable to do physical chores to assist my wife with our household such as splitting wood for our woodstove, berry picking and tending our vegetable garden, yard work, repairing household items and using tools, maintaining our family swimming pool, and many other things. My wife is recovering from spinal surgery in March, 2017, and needs assistance with groceries, vacuuming, etc. which I cannot do since my diagnosis. Emotionally, I feel very vulnerable and uncertain due to my prognosis and inability to be as active and physical as I used to.**

(31)    Set forth, to the best of your ability, the date when you first noticed any symptoms which you now believe to be related to the disease or injury alleged in this lawsuit and describe the nature of those symptoms.

**ANSWER:**

**In May, 2017, I began to feel back pain that spread to my chest. I then went for an x-ray and was referred for a pleural effusion.**

**For mo███████ion, please refer to Plaintiff's Medical Chronology – to be suppler████**

(32)    Set forth, to the best of your ability, the date when you first complained of any sympto███████ou now believe to be related to the disease or injury alleged in this lawsuit and describe the nature of your complaints.

**ANSWER:**

**See response to Interrogatory #31.**

12

CONFIDENTIAL

(33)    Set forth the name and address of the doctor or physician who first diagnosed:

    (a)    Your illness and/or physical abnormality; and

    (b)    Who first diagnosed your condition as being asbestos related and set

        forth the date when each such diagnosis was made.

**ANSWER:**

**Please refer to Plaintiff's Medical Chronology – to be supplemented.**

(34)    When was the last time you saw a doctor for evaluation or treatment of the
injuries which you allege in the complaint?  Please state the name and address of the doctor
seen.

**ANSWER:**

**Please refer to Plaintiff's Medical Chronology – to be supplemented.**

(35)    If you are still treating with or consulting any doctor(s) for whatever reason,
please s



        The name and address of the doctor;

    (b)    The date of your last visit/consult;

        The nature of your last visit/consult;

    (d)    The date of your next scheduled visit/consult.

**ANSWER:**

**Please refer to Plaintiff's Medical Chronology – to be supplemented.**

EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN
An Association of Professional LLCs
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, LLC**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06510 • (203) 777-7799 • JURIS. NO. 409080

CONFIDENTIAL

(36)   If you have reached a settlement of your claim with any person who is named as a Defendant in this matter, describe all such settlements fully and completely.

**ANSWER:**

**OBJECTION: Not relevant, not material, not reasonably calculated to lead to the discovery of admissible evidence.**

(37)   If you have reached a settlement of your claim with any person who is not named as a Defendant in this matter, describe all such settlements fully and completely.

**ANSWER:**

**OBJECTION: Not relevant, not material, not reasonably calculated to lead to the discovery of admissible evidence.**

(38)   If you have made or intend to make a claim against any allegedly bankrupt entity (whether or not that entity has been named as a party Defendant in this action), including, but not limited to, the Manville Personal Injury Settlement Trust, the Eagle Picher Bankru███████tex Bankruptcy, the UNARCO Bankruptcy, the H.K. Porter Bankruptcy, the Nicolet Bankruptcy, the Keene Bankruptcy, please list each such claim (made or intended) separately in response to this interrogatory.

**ANSWER:**

**OBJECTION: Not relevant, not material, not reasonably calculated to lead to the discovery of admissible evidence.**

14

CONFIDENTIAL

(39)    If you have ever filed a civil lawsuit for any purpose in any location at any

other time, please state separately as to each such lawsuit all the date of filing, type of claim,

case caption, court location and name, name of attorney representing you, name of attorney

representing your adversary and disposition of case.

**ANSWER:**

**OBJECTION: Not relevant, not material, not reasonably calculated to lead to the
discovery of admissible evidence. Without waiving said objection, Plaintiff answers:
none.**

(40)    State the names and addresses of all experts whom you intend to call as an

expert witness at trial.

**ANSWER:**

**OBJECTION: Premature:  Plaintiff will provide information on experts in compliance
with the Pre-Trial Order.**

████████████████████████████████████nterrogatory number (40), state:

████    The subject matter on which each expert is expected to testify;

(b)    The substance of the facts and opinions to which each expert witness is

████████    expected to testify;

(c)    A summary of the grounds for each opinion of each expert witness

expected to testify at trial.

15

EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN
An Association of Professional LLCs
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, LLC**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06510 • (203) 777-7799 • JURIS. NO. 409080

CONFIDENTIAL

**ANSWER:**

**OBJECTION: Premature:  Plaintiff will respond in compliance with the Pre-Trial Order.**

(42)    Identify and describe all samples, photographs, or other depictions of any product, or product label, instruction sheet, brochure or package pertaining to any product, allegedly mined, manufactured, processed, imported, converted, distributed or sold by any Defendant which you have in your custody or control.

**ANSWER:**

**OBJECTION: Overly broad, unduly burdensome, and invades attorney work product. This information is at least as available to the defendants as to Plaintiff, as such information originated with the defendants.**

(43)    As to each and every employer you have had from the time you were first employed to the present, set forth the following:  Use attached chart.

**ANSWER:**

Please ▇▇▇▇▇▇ntiff's Jobsite List. Please also refer to Plaintiff's Social Security Printou▇▇▇▇▇plemented.

Chart For Response to Interrogatory Number Forty Three

| Name and Address of Employers and Jobsites | Employ-ment | Job/ Positio n | Union Affiliation | Asbestos products used by you personally (including name of manufacturer if known) | Other Asbestos Products which you contend you were exposed to (include Name/ Manufacturer if known) | Source of the exposure to other Asbestos Products to which you contend you were exposed |
|---|---|---|---|---|---|---|
| | | | | | | |

16

CONFIDENTIAL

|  |  |  |  |  |  |  |
|--|--|--|--|--|--|--|
|  |  |  |  |  |  |  |

(44)    As to each doctor or other health care professional whom you have consulted with during your life for any reason, please set forth the following:

Physician's                              Approximate                          Reason
Name and Address                         Date of Consultation                for Consultation

**Please refer to Plaintiff's Medical Chronology – to be supplemented.**

(45)    As to each hospital in which you have been a patient during your life, please set forth the following:

Name and Address                                                            Reason for
of Hospital                              Date of Admission                   Hospitalization

**Please refer to Plaintiff's Medical Chronology – to be supplemented.**

II.    <u>**REQUEST TO PRODUCE**</u>

████████████████████████████

(   )   ██ are claiming that you have lost wages as a result of the injuries alleged in your complaint, your income tax returns for the past three years.

**OBJEC████ ██intiff will produce an authorization to allow defendants to obtain such in████████s specified in the Pre Trial Order.  To the extent this request goes beyond the Pre Trial Order, Plaintiff objects.**

17

EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN
An Association of Professional LLCs
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, LLC**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06510 • (203) 777-7799 • JURIS. NO. 409080

CONFIDENTIAL

(b) If you are claiming that you have incurred medical expenses as a result of the

injuries alleged in your complaint, copies of all itemized bills covering all such

expenses.

**OBJECTION: Plaintiff will produce an authorization to allow defendants to obtain such information as specified in the Pre Trial Order. To the extent this request goes beyond the Pre Trial Order, Plaintiff objects. Without waiving said objection, Plaintiff will produce copies of medical bills in his possession.**

(c)    Copies of all reports, correspondence and records from each doctor or hospital

where or by whom you have been seen or treated at any time.

**OBJECTION: Plaintiff will produce an authorization to allow defendants to obtain such information as specified in the Pre Trial Order. To the extent this request goes beyond the Pre Trial Order, Plaintiff objects.**

(d)    If your answer to interrogatory number 24 is yes, produce all documents in

your possession or in the possession of your attorney which relate to this claim or its

outcome, including, but not limited to, the application, supporting physicians' reports,

support ████ records, transcripts of hearings, or copies of depositions taken regarding

said claim.

**OBJECTION: Invades attorney work product, not calculated to lead to discoverable evide███ xtent any such claim was for something other than an asbestos-related disease ████ broad, not relevant, and not material. To the extent it requests information related to an asbestos-related disease claim, it is overly broad and unduly burdensome. Without waiving said objection, Plaintiff answers: none.**

EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN
An Association of Professional LLCs
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, LLC**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06510 • (203) 777-7799 • JURIS. NO. 409080

CONFIDENTIAL

(e) Produce copies of all notes or records kept by you and prepared by you during the course of your employment, which relate to the dates on which you worked for particular employers or at particular job locations, the products you or others used at such jobsites or while employed by such employers and/or the names of your co-workers at such jobsites or while employed by such employers.

**ANSWER:**

**None.**

(f)    Produce copies of all applications for disability claims or disability pensions made by you during the course of your lifetime.

**OBJECTION: Not reasonably calculated to lead to the discovery of admissible evidence. To the extent any such claim was for something other than an asbestos-related disease, it is overly broad, not relevant, and not material. To the extent it requests information related to an asbestos-related claim, it is overly broad and unduly burdensome. Without waiving said objection, Plaintiff answers: none.**

(g) Produce copies of all proofs of claims filed in connection with or resulting from a ███████ ██████cy or reorganization proceeding of a company which manufactured, sold, distributed or otherwise placed said asbestos or asbestos containing materials into the stream of commerce;

**OBJE███████ relevant, not material, not calculated to lead to admissible evidence.**

19

EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN
An Association of Professional LLCs
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, LLC**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06510 • (203) 777-7799 • JURIS. NO. 409080

CONFIDENTIAL

(h)  Produce copies of all proofs of claims submitted in connection with any

bankruptcy of Chapter 11 proceedings of an asbestos company as presented in Interrogatory

number (38).

**OBJECTION: Not relevant, not material, not calculated to lead to admissible evidence.**

(i)   Produce copies of any photographs, or other depictions of any product label,

instruction sheet, brochure or package identified or described in response to Interrogatory

Number (42).

**OBJECTION: Overly broad, unduly burdensome, and invades attorney work product.
This information is at least as available to the defendants as to the Plaintiff, as such
information originated with the defendants.**

(j)  Produce any invoices, purchase orders, correspondence, shipping records or other

documents which you contend support the presence of any asbestos containing product at any

worksite listed in response to Interrogatory Number (43).

**OBJECTION: Overly broad, unduly burdensome, and invades attorney work product.
This in███████████████████████████nts as to the Plaintiff, as such
inform██████████ted with the defendants. Without waiving said objection, Plaintiff
answe█**

(k)  Please sign the attached medical authorization form where indicated.

**ANSW██████**

**See attached.**

20

CONFIDENTIAL

I do solemnly swear that I have read and reviewed the foregoing _____ 20 _____ pages of

interrogatory answers and the _____ 1 _____ pages of jobsite and product exposure information.  This

information is true to the best of my current recollection and knowledge. It may be

supplemented in the future if I recall additional information.

DATE: _____ 09/19/2017 _____          _____ Kurt Carl _____

                                                  *Kurt Carlson*

_____ SlCA _____

Witness

STATE OF CONNECTICUT

                              ss:  North Stonington

COUNTY OF NEW LONDON

        Subscribed and sworn to before me this _____ 19th _____ day of _____ September _____, 2017.

                                      _____ K. A _____

                                      Notary Public

                                      My Commission Expires: KRISTIN EVANS
                                                             Notary Public, State of Connecticut
                                                             My Commission Expires June 30, 2019

                                      THE PLAINTIFF

                              BY _____ s/423477 _____

                                      Brian P. Kenney

21

CONFIDENTIAL

<u>CERTIFICATION</u>

This is to certify that a copy of the above document was mailed first class, postage prepaid, to all counsel of record this 20th day of September, 2017.

s/423477

Brian P. Kenney



22

EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN
An Association of Professional LLCs
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, LLC**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06510 • (203) 777-7799 • JURIS. NO. 409080

CONFIDENTIAL

## JOBSITE LIST
## KURT CARLSON

| Dates of Employment | Name and Address of Employers and Jobsites | Job / Position | Notes |
|---|---|---|---|
| 1970 | Bradford Dyeing Association | Shipping/receiving | |
| 1971-1974 | US Army – National Guard | Military police officer | |
| 1973 | United Builders Supply, Westerly, RI | Driver | Delivered construction materials to residential sites |
| 1973-1974 | Electric Boat Division of General Dynamics, Groton, CT | Radiation Protection Technician | Surveys and job coverage of US Navy nuclear submarines |
| 1974-1977 | Denver Seminary, Denver, CO | Youth pastor | Attended seminary; worked at a bank and managed a high rise building part-time |
| 1977-1979 | First Baptist Church, Westerlo, NY | Youth pastor & Janitor | |
| 1981-2003 | Millstone Nuclear Power Station Units 1, 2 and 3 | Senior Radiation Protection Technician | Units 1, 2 and 3 shift qualified RP Technician. Unit 2 Asst. RP supervisor for 3 years. Containment coordinator for Unit 2 coverage. |
| March 2003-Feb. 2005 | Millstone Nuclear Power Station Unit 1 | Senior Radiation Protection Technician | RP coverage of placement of Unit 1 in SafeStore condition. |
| Spring 2005 | Millstone Nuclear Power Station Unit 2 | Containment Coordinator | Planned and facilitated Unit 2 containment on load for refueling. Coordinated polar crane and jib crane use. Facilitated work in containment. |
| Sept. 2005-Oct. 2005 | Millstone Nuclear Power Station Unit 3 | Senior Radiation Protection Technician | Unit 3 under Rx Head inspection coverage. |
| 2006 | Millstone Nuclear Power Station Unit 2 | Senior Radiation Protection Technician | Unit 2 refueling job coverage. |
| 2007 | Millstone Nuclear Power Station Unit 1 | Senior Radiation Protection Technician | Unit 1 Rad Waste Building Cleanup |
| 2008 | Millstone Nuclear Power Station | Senior Radiation Protection Technician | Refueling coverage. Site wide tool crib survey. |
| March 2009-Apr. 2009 | Limerick Nuclear Generating Station Pottstown, PA | Senior Radiation Protection Technician | Drywell job coverage (valve overhaul) |
| Oct. 2009-Nov. 2009 | Millstone Nuclear Power Station | Senior Radiation Protection Technician | Refueling coverage, ICI replacement coverage (including diving) |
| 2010 | Millstone Nuclear Power Station Unit 2 | Site Coordinator | Supervision of Bartlett employees for Unit 2 outage. |

CONFIDENTIAL

| May 2010-Jan. 2011 | ABB Site | Senior Radiation Protection Technician | Site characterization surveys. Waste piping removal and disposal. |
|---|---|---|---|
| March 2011-May 2011 | Millstone Nuclear Power Station Unit 2 | Site Coordinator | Supervision of Bartlett employees for Unit 2 outage. |

CONFIDENTIAL