# EXHIBIT F

| | |
|---|---|
| **From:** | Nunn, Veronica T. <veronica.nunn@kirkland.com> |
| **Sent:** | Wednesday, July 6, 2016 12:47 PM |
| **To:** | Dore, Stacey <Stacey.Dore@energyfutureholdings.com>; Wright, Andy <Andy.Wright@energyfutureholdings.com>; Horton, Tony <Tony.Horton@energyfutureholdings.com> |
| **Cc:** | Calder, Andrew T. <andrew.calder@kirkland.com>; Husnick, Chad J. <chusnick@kirkland.com>; Morris, Kevin L. <kmorris@kirkland.com> |
| **Subject:** | EFH - Asbestos Term Sheet |
| **Attach:** | NEE_Asbestos Term Sheet (2).docx |

All,
Please see attached the draft Asbestos term sheet that came over from NextEra (that they referenced as having shared with Steven Kazan). We are reviewing.

Thanks,
Veronica

Veronica T. Nunn
-----
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Washington, D.C. 20005
T +1 202 379 5994   M +1 951 756 6099

600 Travis Street, Suite 3300, Houston, TX 77002
T +1 713 335 3604   M +1 951 756 6099
-----
veronica.nunn@kirkland.com

* Licensed only in Texas.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

*C&P Draft 7/5/16*
*Confidential - Subject to FRE 408*
*Subject to Material Review and Revision*
*For Discussion Purposes Only*

## -- EFH Corp. --
## Term Sheet

This term sheet (this "**Term Sheet**") describes the terms upon which Shirley Fenicle, as successor-in-interest to the Estate of George Fenicle, and David William Fahy (the "**EFH Asbestos Objectors**") would support the filing and pursuit of a potential plan of reorganization of the EFH Debtors and EFIH Debtors (the "**Amended Plan**"). The proposed terms and conditions set forth in this Term Sheet are provided for discussion purposes only and do not constitute an offer, agreement, or binding commitment by or on behalf of any party. This Term Sheet is not a solicitation and is not a binding obligation to consummate the Amended Plan. This Term Sheet is subject to Federal Rule of Evidence 408 and ongoing review and revision. The "**Parties**" to this Term Sheet are: the EFH Asbestos Objectors, NextEra Energy Inc. ( "**NextEra**"), and the Debtors.

| Event | Description |
|---|---|
| **Filing of Amended Plan by July 8, 2016** | The Amended Plan [and related Disclosure Statement] will be filed on July 8, 2016 and provide for the following treatment for Legacy General Unsecured Claims Against the EFH Debtors[1] derived from or based upon liabilities based on asbestos (the "**Asbestos Claims**"): <br><br> (a) "**Reinstatement Option.**" Reinstatement of the Asbestos Claims and the EFH Debtor Intercompany Claims held by EEC Holdings, Inc., EECI, Inc., LSGT SACROC, Inc., and LSGT Gas Company LLC (together, the "**Asbestos Subs**"); the existing Asbestos Bar Date Order (as defined below) would continue to apply to the Asbestos Claims pursuant to the Reinstatement Option; <br><br> (b) "**Trust Option.**" Asbestos Claims will be subject to a channeling injunction, requiring holders to assert their Asbestos Claims against a trust (the "**524 Trust**") created pursuant to Bankruptcy Code section 524(g). The 524 Trust would be the sole source of recovery for holders of all manifested and unmanifested Asbestos Claims. Under the Trust Option, the Parties will seek to vacate the order of the Bankruptcy Court dated July 15, 2015 and subsequently amended on July 30, 2015 (the "**Asbestos Bar Date Order**") to the extent it is binding on holders who, as of December 14, 2015, held Unmanifested Asbestos Claims |

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the current version of the Second Amended Joint Plan of Reorganization of Energy Future Holdings Corporation, *et al.*, Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 8745].

CPAM: 9643370.6

C&P Draft 7/4/16
Confidential - Subject to FRE 408
Subject to Material Review and Revision
For Discussion Purposes Only

|  | |
|---|---|
|  | (c) (as defined in the Asbestos Bar Date Order) in order to allow all such holders to seek recovery from the 524 Trust. The EFH Debtor Intercompany Claims held by the Asbestos Subs will be Allowed and any distributions with respect to such Claims pursuant to the Amended Plan will be contributed to the 524 Trust. The Trust Option is more fully described in the "Filing of the Amended Plan and Related Disclosure Statement" section below; or<br><br>(d) "**Other Option.**" Such other treatment as the Parties mutually agree upon in their discretion.<br><br>The Amended Plan will also provide for the payment of the reasonable and documented fees and expenses of the three law firm members of the Asbestos Committee (as defined below) and the FCR (as defined below).<br><br>The Parties will use good faith efforts to seek to have the EFH/EFIH Committee: (i) officially support the Amended Plan pursuant to the execution and delivery of a Plan Support Agreement in a form satisfactory to the EFH/EFIH Committee by July 8, 2016 [or as soon thereafter as reasonably practicable]; (ii) agree by July 8, 2016 [or as soon thereafter as reasonably practicable] not to assert any claim that the filing or pursuit of the confirmation of the Amended Plan violates the EFH/EFIH Committee Settlement, provided that the Amended Plan provides for the treatment of Asbestos Claims and associated fees as set forth above; (iii) use reasonable efforts to work with the Parties during the Standstill Period (described below) to negotiate an Acceptable Asbestos Solution (as defined below) (which efforts will include directing the EFH/EFIH Committee's professionals to undertake any reasonably requested Asbestos Claims analysis). |
| **Standstill Period** | The Parties will use reasonable efforts to formulate a Reinstatement Option, Trust Option or Other Option on or before August 5, 2016 that is acceptable to NextEra, the EFH Asbestos Objectors, the EFH/EFIH Committee, the Asbestos Committee and the Debtors (any such option that is so acceptable to these parties, an "**Acceptable Asbestos Solution**"). Provided that the Amended Plan only provides for the treatment of Asbestos Claims and associated fees as set forth herein, the EFH Asbestos Objectors agree: (i) that they will not take any action in any capacity on or before |

2

*C&P Draft 7/4/16*
*Confidential - Subject to FRE 408*
*Subject to Material Review and Revision*
*For Discussion Purposes Only*

August 5, 2016 to object to, litigate against, or otherwise oppose, impair, hinder, or delay, the approval of the Amended Plan or any related Transaction Agreements filed on July 8, 2016; and (ii) to use good faith efforts to dissuade the Asbestos Committee and the holders of Asbestos Claims and their representatives from taking any action on or before August 5, 2016 to object to, litigate against, or otherwise oppose, impair, hinder, or delay, the approval of the Amended Plan and Transaction Agreements. [The foregoing sentence will not prevent the EFH Asbestos Objectors for continuing to prosecute their appeals pending in the following lawsuits: [insert details for class action certification appeal and REIT plan confirmation appeal]].]

In the event that the Parties do not achieve an Acceptable Asbestos Solution on or before August 5, 2016, then:

1. to the extent the EFH/EFIH Committee has entered into a plan support agreement as contemplated above, the EFH/EFIH Committee will have the right to terminate its obligations thereunder in its discretion;

2. NextEra agrees that it will not be entitled to the Termination Fee[2] in the event the Merger Agreement is terminated on or before August 5, 2016 because the Parties were not able to formulate an Acceptable Asbestos Solution; and

3. NextEra will provide the Debtors funding under the Merger Agreement in the amount of $25,000,000 to (i) pay in whole or part the reasonable fees and expenses incurred by the Asbestos Committee and the FCR in completing the analysis relating to the Asbestos Claims from July 8, 2016 to August 5, 2016 and (ii) pay in part the expenses incurred by the Debtors from July 8, 2016 to August 5, 2016 (a) with respect to interest accruing on the EFIH First Lien DIP Facility and the EFIH Second Lien Notes, and (b) (to the extent reasonable and documented) with respect to work performed by the EFH/EFIH Committee's and the Debtors' legal professionals relating to resolution

---

[2] As defined in that certain Agreement and Plan of Merger, dated as of [•], 2016, among NextEra, [Merger Sub], EFH Corp., and EFIH (the "**Merger Agreement**").

CPAM: 9643370.6

Highly Confidential     EFH06524391

*C&P Draft 7/4/16*
*Confidential - Subject to FRE 408*
*Subject to Material Review and Revision*
*For Discussion Purposes Only*

| | |
|---|---|
| | 4. of the treatment of the Asbestos Claims in the Amended Plan. |
| **Designation of Ad Hoc Asbestos Committee** | An ad hoc committee of holders of Asbestos Claims will be organized to represent the interests of the manifested asbestos personal injury claimants with respect to the Trust Option (the "**Asbestos Committee**"), which committee will include holders of Asbestos Claims represented by:<br><br>• Kazan, McClain, Satterley & Greenwood, PLC;<br>• Gori Julian & Associates; and<br>• Early, Lucarelli, Sweeney & Meisenkothen, LLC.<br><br>To the extent the required parties do not conclude that the Trust Option represents an Acceptable Asbestos Solution, the Asbestos Committee will be promptly wound down. |
| **Appointment of Future Claims Representative** | NextEra and the EFH Asbestos Objectors will each support a motion filed by the Debtors seeking the appointment of [Roger Frankel] as the legal representative of future asbestos personal injury claimants with respect to the Trust Option (the "**FCR**"). To the extent the required parties do not conclude that the Trust Option represents an Acceptable Asbestos Solution, the work of the FCR will be promptly halted.<br><br>The Debtors' motion to appoint the FCR will be filed at the same time as the Amended Plan or as soon thereafter as practicably possible. Assuming the Bankruptcy Court's schedule permits it, the motion will be heard no later than August 5, 2016. |
| **Claims Estimation Process** | <u>Manifested Asbestos Claims</u>. The Asbestos Committee will use its best efforts to complete an estimation, within the context of the Trust Option, of the amount of manifested Asbestos Claims by no later than August 5, 2016, assuming that the Asbestos Committee has the appropriate access to the Debtors' records with respect to the Asbestos Claims. The Debtors and NextEra agree to cooperate with the Asbestos Committee and provide the Asbestos Committee with all information reasonably requested in connection with the Asbestos Committee's estimation of the amount of manifested Asbestos Claims. |

4

CPAM: 9643370.6

Highly Confidential

EFH06524392

*C&P Draft 7/4/16*
*Confidential - Subject to FRE 408*
*Subject to Material Review and Revision*
*For Discussion Purposes Only*

|  | |
|---|---|
|  | <u>Unmanifested Asbestos Claims</u>. The FCR will use its best efforts to complete an estimation, within the context of the Trust Option, of the amount of unmanifested Asbestos Claims. The Debtors, NextEra and the Asbestos Committee agree to cooperate with the FCR and provide the FCR with all information reasonably requested in connection with the FCR's estimation of the amount of unmanifested Asbestos Claims. It is the Parties' expectation that the FCR's analysis will be completed by no later than August 5, 2016, assuming that the FCR has the appropriate access to the Debtors' records with respect to the Asbestos Claims and to information from the Asbestos Committee relating to these Chapter 11 Cases and other analogous cases where a 524 trust was implemented to address asbestos claims. |
| **Funding of 524 Trust** | As part of their efforts to determine whether the Trust Option may be an Acceptable Asbestos Solution, the Debtors, NextEra, and the Asbestos Committee will engage in good faith negotiations with the FCR regarding the funding of the 524 Trust from one or more of the following sources:<br><br>• distributions under the Amended Plan;<br><br>• a potential cash contribution by NextEra or other creditors of EFH or EFIH, whether before or after the Effective Date;<br><br>• stock and any assets of the Asbestos Subs, including any intercompany claims held by the Asbestos Subs;<br><br>• [stock of EFH Vermont Insurance Company]; and<br><br>• any insurance held by the Debtors for asbestos-related claims. |

*C&P Draft 7/4/16*
*Confidential - Subject to FRE 408*
*Subject to Material Review and Revision*
*For Discussion Purposes Only*

| **Formation of 524 Trust** | If the required parties determine that the Trust Option is an Acceptable Asbestos Solution, the Asbestos Committee will take all actions necessary to form the 524 Trust, including the trust agreement, related trust distribution procedures, claim forms, procedures for revising and liquidating claims against the trust, and any other documents needed in connection with formation and implementation of the 524 Trust after confirmation of the Amended Plan. The 524 Trust documents would be filed as part of the Plan Supplement to be filed shortly before the confirmation hearing on the Amended Plan. |

Highly Confidential

EFH06524394