**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>             Debtors. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered) |

**CERTIFICATION OF COUNSEL REGARDING PROPOSED ORDER**
**AMENDING STIPULATION AND ORDER APPOINTING A**
**FEE COMMITTEE AND GRANTING RELATED RELIEF**

The undersigned hereby certifies as follows:

1.      On August 21, 2014, the Court entered the *Stipulation and Order*
*Appointing a Fee Committee* (the "**Fee Committee Order**") [D.I. 1896], which provided for,
among other things, the creation of a four-person committee (the "**Fee Committee**") to review
and report to the Court as appropriate on monthly fee statements and interim and final fee
applications filed by professionals.

2.      On October 27, 2014, the United States Trustee for the District of
Delaware (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors (the
"**EFH/EFIH Committee**") of Energy Future Holdings Corp., Energy Future Intermediate
Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. [D.I. 2570].

3.      On December 17, 2017, Elliott Associates, L.P., Elliott International, L.P.
and The Liverpool Limited Partnership (collectively, "**Elliott**") and Paloma Partners

---

[1]    The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Management Company and Sunrise Partners Limited Partnership (collectively, "**Paloma**" and, together with Elliott, the "**Majority Creditors**") filed the *Motion to Appoint a Representative of the Majority Creditors to the Fee Committee* (the "**Appointment Motion**").

4.    On January 8, 2018, the Court held a hearing on the Appointment Motion and the objections and responses filed thereto (the "**Appointment Hearing**").  At the conclusion of the Appointment Hearing, the Court issued an oral ruling amending the Fee Committee Order and granting related relief and directed the parties to consult on and submit a proposed form of order under certification of counsel.

5.    Counsel to the EFH/EFIH Committee has engaged in lengthy discussions and exchanged proposed forms of order with the Majority Creditors, the Debtors, the Fee Committee, and the U.S. Trustee in the time since the Appointment Hearing.  The parties made significant progress and, at one point, the EFH/EFIH Committee believed that consensus on a form of order would be achieved.  Unfortunately, despite these efforts, the parties have been unable to reach agreement on the form of such order.

6.    Attached hereto as **Exhibit A** is a proposed form of order with respect to the Appointment Motion and proposed amended Fee Committee Order (the "**Proposed Order**") supported by the EFH/EFIH Committee and the Majority Creditors that those parties submit appropriately reflects the Court's decision on January 8, but is not supported by the Debtors, the Fee Committee, or the U.S. Trustee.  The EFH/EFIH Committee understands that the Debtors, the Fee Committee, and/or the U.S. Trustee will be submitting a different form of order that is not supported by the EFH/EFIH Committee or the Majority Creditors.

7.    The EFH/EFIH Committee submits that the Proposed Order appropriately balances the concerns expressed by the Fee Committee with the need for increased creditor

visibility into the Fee Committee.  While the Majority Creditors undoubtedly would like the

Court to go further, they are supportive of the Proposed Order.  It is disappointing that the Fee

Committee and the Debtors have chosen not to do so.

        8.     There are two primary differences between the forms of order being

submitted for the Court's consideration.  First, the form of order supported by the EFH/EFIH

Committee and the Majority Creditors fixes the monthly compensation for the EFH/EFIH

Committee representative on the Fee Committee at $30,000.  This amount is critical to

permitting Mr. Howard Kaplan, appointed to the Fee Committee on January 22, 2018 by the

EFH/EFIH Committee, to meaningfully engage with the Fee Committee, assess the internal

processes of the Fee Committee, and be positioned to advocate as appropriate within the scope of

the Fee Committee's mandate.  This monthly fee is supported by the Majority Creditors—who

are most directly impacted by the cost—and the EFH/EFIH Committee had understood that the

$30,000 per month was not objectionable to the other stakeholders and was discussed with Mr.

Kaplan during the course of the process that led to his selection.  Nonetheless, the EFH/EFIH

Committee understands that the order being proposed by the Fee Committee and the Debtors

now proposes a lesser amount.  The EFH/EFIH Committee believes that any reduction in the

$30,000 monthly fee would be prejudicial to its constituents' interests and undermine the work

of the EFH/EFIH Committee Member that has just begun.

        9.     Second, there is language in the Proposed Order that embodies the spirit of

the Court's January 8 decision to encourage further transparency and communication between

the EFH/EFIH Committee and the Fee Committee and, where appropriate, the Majority Creditors

or other interested stakeholders.  The Proposed Order protects the valid concerns expressed with

respect to confidentiality, while simply not prohibiting lines of communication where

appropriate.  The EFH/EFIH Committee submits that the Proposed Order appropriately

implements the Court's January 8 decision, and is concerned that such general statements

regarding transparency are viewed as objectionable by the Fee Committee, the Debtors and/or

the U.S. Trustee.

10.     The EFH/EFIH Committee respectfully requests that the Court enter the

proposed form of order attached as **Exhibit A** at its earliest convenience.  We remain available if

the Court wishes to convene a teleconference to discuss the competing forms of order in

connection with the Motion.

Dated:   Wilmington, Delaware
         January 29, 2018

**MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP**

 _/s/ Mark A. Fink_____
Natalie D. Ramsey (DE Bar No. 5378)
Davis Lee Wright (DE Bar No. 4324)
Mark A. Fink (DE Bar No. 3946)
1105 North Market Street, 15th Floor
Wilmington, DE  19801
Telephone: (302) 504-7800
Facsimile: (302) 504 -7820
E-mail:     nramsey@mmwr.com
            dwright@mmwr.com
            mfink@mmwr.com

– and –

SC1:4581010.4

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich
Brian D. Glueckstein
John L. Hardiman
Alexa J. Kranzley
125 Broad Street
New York, New York  10004
Telephone:      (212) 558-4000
Facsimile:      (212) 558-3588
E-mail:         dietdericha@sullcrom.com
                gluecksteinb@sullcrom.com
                hardimanj@sullcrom.com
                kranzleya@sullcrom.com

*Counsel for The Official Committee of Unsecured
Creditors of Energy Future Holdings Corp.,
Energy Future Intermediate Holding Company
LLC, EFIH Finance Inc., and EECI, Inc.*

-5-

**<u>Exhibit A</u>**

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |

**ORDER AMENDING STIPULATION AND
ORDER APPOINTING FEE COMMITTEE AND GRANTING RELATED RELIEF**

Upon the *Motion to Appoint a Representative of the Majority Creditors to the Fee Committee* (the "Motion") [D.I. 12358] filed by Elliott Associates, L.P., Elliott International, L.P., The Liverpool Limited Partnership, Paloma Partners Management Company, and Sunrise Partners Limited Partnership and the objections and responses filed in response to the Motion; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§157 and 1334; and the Court having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409; and the Court having found that the due and proper notice of the Motion was provided and that such notice was adequate and appropriate under the particular circumstances; and the Court having held a hearing to consider the Motion and the objections and responses filed

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the Debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of Debtors in these chapter 11 cases, which are being jointly administered, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.efhcaseinfo.com.

thereto; and after due deliberation and sufficient cause appearing, it is hereby ORDERED that the Motion is **GRANTED** in part and **DENIED** in part as follows:

1.　　　The Motion is **GRANTED** as to the following relief:

a.　　　The Official Committee of Unsecured Creditors representing the EFH Debtors and the EFIH Debtors (the "EFH/EFIH Committee") shall appoint a representative to the Fee Committee (the "EFH/EFIH Committee Member") to replace the current Committee Member.  The EFH/EFIH Committee's designation of a new member representative shall occur following consultation with its constituents, including the Majority Creditors, as well as with the Debtors, the U.S. Trustee and the Independent Member.

b.　　　The EFH/EFIH Committee Member shall be entitled to compensation from the Debtors' estates at a fixed monthly fee.

c.　　　The Fee Committee, in consultation with the EFH/EFIH Committee and interested creditors, shall use commercially reasonable efforts to provide interested parties with information and greater transparency into its process and work product.

d.　　　The *Stipulation and Order Appointing a Fee Committee*, approved by the Court on August 21, 2014 [D.I. 1896] is hereby amended and restated as set forth in **Exhibit A** attached hereto (the "Amended Fee Committee Order").  The Amended Fee Committee Order shall become binding upon entry of this Order.

2.　　　In all other respects, the Motion is **DENIED** with respect to any relief requested and not set forth in the Amended Fee Committee Order.

3.　　　Notwithstanding the possible applicability of Bankruptcy Rules 6004(a), 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be effective and enforceable immediately upon entry.

2

4.      The Debtors are hereby authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5.      The Court shall retain jurisdiction over any matter or disputes arising from or relating to the interpretation, implementation or enforcement of this Order.

Date: _____, 2018
Wilmington, Delaware

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

SC1:4574625.6

**EXHIBIT A**

SC1:4574625.6

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**AMENDED ORDER APPOINTING A FEE COMMITTEE**

*Recitals*:

A.      On April 29, 2014, Energy Future Holdings Corp., and certain affiliates and subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

B.      On May 13, 2014, Roberta A. DeAngelis, the United States Trustee for Region 3, appointed an Official Committee of Unsecured Creditors representing the TCEH Debtors and the EFH Corporate Services (the "TCEH Committee") (D.I. 420).

C.      On October 27, 2014, Roberta A. DeAngelis, the United States Trustee for Region 3, appointed an Official Committee of Unsecured Creditors representing the EFH Debtors and the EFIH Debtors (the "EFH/EFIH Committee") (D.I. 2570).

D.      On May 29, 2014, the Debtors filed a Motion for an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (D.I.

---

[1]      The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the Debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of Debtors in these chapter 11 cases, which are being jointly administered, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.efhcaseinfo.com.

658), which Motion was approved on September 16, 2014 (D.I. 2066) (the "Interim Compensation Order").

E.      Given the size and complexity of the Chapter 11 cases, the U.S. Trustee proposed, and the Debtors and the TCEH Committee agreed, to recommend that the Court appoint a committee (the "Fee Committee"), among other things, to act as an officer of the Court and review and report as appropriate on monthly fee statements submitted in accordance with the Interim Compensation Order and all interim and final fee applications filed by professionals retained under 11 U.S.C. §§ 105, 327, 363 or 1103 or similar authority (the "Retained Professionals"), in accordance with 11 U.S.C. §§ 328, 330 and 331 of the Bankruptcy Code and the Interim Compensation Order (collectively, the "Applications"), and the Court entered such Stipulation and Order Appointing a Fee Committee on August 21, 2014 (the "Original Fee Committee Order").

F.      On December 17, 2017, a majority of the EFIH unsecured creditors who also hold significant EFH unsecured claims (collectively, the "Majority Creditors"),[2] filed a Motion seeking, *inter alia*, to appoint a representative of the Majority Creditors to the Fee Committee and to address other alleged infirmities in the Fee Committee's process (D.I. 12358).

G.      On January 8, 2018, following an objection and responses filed by Debtors, the EFH/EFIH Committee and the Fee Committee, respectively, the Court heard argument on the Motion and issued its ruling from the bench granting in part, and denying in part, the Majority Creditors' Motion.

---

[2]     The Majority Creditors are:  Elliott Associates, L.P., Elliott International, L.P., The Liverpool Limited Partnership, Paloma Partners Management Company, and Sunrise Partners Limited Partnership, as long as each continues to hold substantial claims against the EFH Debtors and the EFIH Debtors as set forth in the Motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

A.      *Appointment, Composition and Structure of the Fee Committee.*

1.      The Fee Committee appointed pursuant to the Court's Original Fee Committee Order is modified as set forth herein.

2.      The Fee Committee will consist of four members: (i) one member appointed by and representative of the Debtors; (ii) one member appointed by and representative of the U.S. Trustee; (iii) one member appointed by and representative of the EFH/EFIH Committee, subject to paragraph (A)(3) below (the "EFH/EFIH Committee Member") and (iv) Mr. Richard Gitlin, as the independent member (the "Independent Member," and together with the remaining three representatives on the Fee Committee, the "Fee Committee Members").   The Independent Member shall be a person who is unaffiliated with any party in the Chapter 11 cases and who is a "disinterested person" within the meaning of 11 U.S.C. § 101(14).   The Debtors, the EFH/EFIH Committee (in consultation with its constituents), and the U.S. Trustee may, in their discretion, replace or rotate their respective Fee Committee designees without order of the Court.

3.      The EFH/EFIH Committee Member shall be appointed by the EFH/EFIH Committee, in consultation with its constituents, including the Majority Creditors (as defined herein), and the Debtors, the U.S. Trustee, and the Independent Member.   Any party that does not agree with the EFH/EFIH Committee's appointment promptly shall file an objection with the Bankruptcy Court, with such objection (and any responses thereto) to be heard by the Bankruptcy Court at the next scheduled omnibus hearing (or such other date to be determined by the Bankruptcy Court).   Until the entry of a ruling by the Bankruptcy Court with respect to such dispute, the EFH/EFIH Committee Member appointed by the EFH/EFIH Committee shall serve on the Fee Committee on the terms set forth herein.

3

4.    The Independent Member shall be subject to removal only by the Court and for cause.  In the event that the Independent Member position becomes vacant, the remaining Fee Committee Members shall promptly recommend to the Court, by unanimous vote, a successor Independent Member for appointment to the Fee Committee, upon notice and a hearing.

5.    No Retained Professional shall serve on the Fee Committee in any capacity; *provided*, *however*, that any Fee Committee Member shall be free to consult, in connection with his or her service on the Fee Committee, with attorneys to the constituent group that he or she represents;[3] *provided*, *further*, *however*, that the Debtors and their estates shall reimburse (a) a Fee Committee Member for the reasonable fees and expenses (if any) incurred as a result of the Fee Committee Member's consultation with its constituent group's attorneys, pursuant to Section E herein; (b) the Independent Member and Fee Committee Counsel, as set forth herein; and (c) the EFH/EFIH Committee Member, as set forth herein, in each case subject to approval by the Court upon application.

6.    Except as set forth herein, under no circumstances shall a Fee Committee Member be reimbursed by the Debtors or by any other party-in-interest for fees and expenses incurred as a result of the Fee Committee Member's consultation with its individual attorneys (as opposed to the Fee Committee Member's constituent group's attorneys or Fee Committee counsel).

7.    Each Fee Committee Member will have one vote on all Fee Committee matters, and the Fee Committee shall make decisions by majority vote.  In the event of a tie, the vote of the Independent Member controls, and the Fee Committee shall act in accordance with the Independent Member's vote.  Three members of the Fee Committee, one of whom must be the Independent Member, shall be required for a quorum, *provided*, *however*, that the remaining

---

[3]    Any communications between the EFH/EFIH Committee Member and individual creditors and/or their counsel shall be governed by Section H below.

three Fee Committee Members shall constitute a quorum for the limited purpose of matters involving the replacement of the Independent Member and any successor.

8.      The Independent Member shall serve as Chairperson of the Fee Committee and shall be responsible for, among other things, scheduling meetings, and overseeing collection, distribution, and review of Applications, and other information needed by the Fee Committee, as well as serving objections to monthly fee statements and filing and serving objections to interim and final fee applications. The Independent Member shall represent the Fee Committee's interests in any Court proceeding, with or without counsel.  The Fee Committee Counsel shall be directed by the Fee Committee which will act through its Independent Member.

9.      In the event that a Fee Committee Member resigns, (i) the constituent group represented by that resigning member may designate a successor member (which constituent group shall only consist of the EFH/EFIH Committee, in consultation with its constituents, including the Majority Creditors, with respect to the EFH/EFIH Committee Member), or (ii) in the case of the Independent Member, the remaining Fee Committee Members shall, by unanimous vote, recommend that the Court approve a designated successor Independent Member.  Each constituent group may at any time name an individual other than its initial appointee as its designee to the Fee Committee and/or rotate the individual(s) that serve in this role on a periodic basis (which constituent group shall consist only of the EFH/EFIH Committee, in consultation with its constituents, including the Majority Creditors, with respect to the EFH/EFIH Committee Member).  The Chairperson will be responsible for distributing contact information for any successor member to the Fee Committee Members.

**B.**      ***Selection and Appointment of the Independent Member.***

The Court has appointed Richard Gitlin, individually, and as Chairman of Gitlin and Company, LLC, as the Independent Member. Mr. Gitlin shall be the Independent Member's

5

representative on the Fee Committee, *nunc pro tunc* to the date that the Fee Committee is

created. Based upon the Declaration of Richard Gitlin dated August 19, 2014 (D.I. 1887), Mr.

Gitlin and Gitlin and Company are "disinterested" persons as that term is defined under 11

U.S.C. § 101(14).

**C.**     *Authority of the Fee Committee.*

1.     The Fee Committee shall monitor, review and assess all Applications filed by

Retained Professionals, and the fees and reimbursement of expenses for which allowance is

sought pursuant to the Applications, for compliance with the following:

    a.     Bankruptcy Code sections 328, 330, and 331, as applicable;

    b.     Rule 2016 of the Federal Rules of Bankruptcy Procedure;

    c.     The Interim Compensation Order;

    d.     The Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware; and

    e.     Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases, 78 Fed. Reg. No 116, page 36248 (June 17, 2013).

2.     The Fee Committee shall have the following authority:

    a.     File comments on the Court's docket regarding an Application;

    b.     Communicate concerns regarding an Application to the Retained Professional to whom the Application pertains, and request further information as appropriate;

    c.     Require that Retained Professionals provide budgets, staffing plans, or other information to the Fee Committee;

    d.     Establish procedures for the resolution of disputes with Retained Professionals concerning Applications;

    e.     Establish procedures, including the use of specific forms and billing codes, to facilitate preparation and review of Applications;

6

f.   Issue written case-specific guidelines promulgated by the Fee Committee supplementing, but not in conflict with, the authorities listed in Paragraph C.1.a-e.

g.   Negotiate with Retained Professionals regarding objections to interim and final fee applications, and monthly fee statements, and consensually resolve such objections where appropriate;

h.   Present reports, on a timely basis, to the Retained Professionals with respect to the Fee Committee's review of interim and final fee applications before filing an objection to applications for compensation;

i.   Periodically, in the Fee Committee's discretion, file summary reports with the Court concerning the Retained Professionals' applications;

j.   Appear and be heard on any matter before the Court concerning Fee Committee matters as set forth in this Order;

k.   Serve, file and litigate objections to the allowance or payment of fees or reimbursement of expenses in an Application;

l.   Serve objections to monthly fee statements, in whole or in part, precluding the payment of the amount questioned as provided by the Interim Compensation Order;

m.   Take, defend, or appear in any appeal regarding an Application;

n.   Conduct discovery, including filing and litigating discovery motions or objections concerning Fee Committee matters as set forth in this Order; and

o.   Retain, subject to Court approval, attorneys ("Fee Committee Counsel"), other professionals and consultants to represent or assist the Fee Committee in connection with any of the foregoing.

3.    The terms of this Order shall be applicable to all Retained Professionals.  The Debtors, the TCEH Committee, the EFH/EFIH Committee, the U.S. Trustee and all Retained Professionals shall cooperate with the Fee Committee in the discharge of its duties and shall promptly respond to any requests by the Fee Committee for information or communications.

4.    Any professional retained by order of the Court subsequent to the entry of this Order shall immediately contact the Independent Member or the Fee Committee Counsel to

7

discuss the procedures that the professional must follow concerning all Applications made or filed in these Chapter 11 case under this Order and any supplemental fee protocol.

5.      The Fee Committee may, in its discretion, adopt a supplemental fee protocol to govern matters not addressed in this Order.  The Fee Committee shall file with the Court any supplemental fee protocol and serve it upon all Retained Professionals, upon notice and a hearing.  In the event of a conflict between an order approving the terms of a supplemental fee protocol and this Order, this Order shall govern.

**D.      *Selection, Authorization and Compensation of Fee Committee Counsel, Independent Member and Other Fee Committee Professionals Retained by the Fee Committee.***

1.      The Court authorized the retention of Godfrey Kahn SC as Fee Committee Counsel on September 16, 2014 (D.I. 2065).  For purposes of its retention by the Fee Committee, Godfrey & Kahn shall be considered a Retained Professional and subject to the terms of the Interim Compensation Order and this Order.

2.      The Fee Committee Counsel and all other professionals and consultants retained by the Fee Committee shall be entitled to be compensated by the Debtors for actual, reasonable and necessary services and to be reimbursed for out-of-pocket expenses, subject to Court approval and compliance with the statutory provisions rules and guidelines set forth herein at C.1.a-e.

3.      The Independent Member and the Fee Committee Counsel shall, whether or not paid prospectively as a flat fee, file interim and final fee applications pursuant to 11 U.S.C. §§ 330 and 331 requiring court approval; *provided*, *however*, that their fees shall be, in the aggregate, $250,000 per month (subject to amendment by further order of the Court),[4] to be paid

---

[4]    Effective June 1, 2017, the Fee Committee Independent Member and Fee Committee Counsel have provisionally reduced their monthly flat fee from $250,000 per month to $200,000 per month, without prejudice to their ability to adjust the fee with the Fee Committee consent if case developments so warrant.

on the first day of each calendar month (pro-rated for any partial month's services); *provided further*, *however*, that the Independent Member is hereby authorized to keep reasonably detailed time records in half-hour increments and will submit, with any interim or final fee application, together with the time records, a narrative summary, by project category, of services rendered and will identify each professional rendering services, the category of services rendered and the amount of compensation requested.  This amount shall not include the reasonable, actual and necessary expenses incurred by the Fee Committee Counsel or the Independent Member or any other consultants retained by the Fee Committee, the payment of which shall be subject to Court approval.

**E.**    *Compensation of Fee Committee Members.*

1.    The EFH/EFIH Committee Member shall be entitled to compensation in the form of a flat, monthly fee of $30,000 pursuant to 11 U.S.C. § 328(a), which amounts are subject to Court approval upon application (collectively, the "EFH/EFIH Committee Fee").  The EFH/EFIH Committee Member shall not receive any other compensation for service on the Fee Committee or time expended on Fee Committee matters, except with respect to reimbursement of reasonable, documented, out-of-pocket costs and expenses, as set forth in paragraph E(4) below.  To the extent the EFH/EFIH Committee Member (a) consults with counsel to the EFH/EFIH Committee, the reasonable and documented expenses incurred in connection with such consultation shall be reimbursed pursuant to paragraph A(5) herein and (b) consults with its individual attorneys or other attorneys, the reasonable and documented expenses incurred in connection with such consultation shall be paid solely from the EFH/EFIH Committee Fee.

2.    No other Fee Committee Member, except the Independent Member, shall receive compensation from the Debtors or any other party for service on the Fee Committee or time expended on Fee Committee matters.

9

3.      The Fee Committee Counsel (as set forth in D.2. herein) and any other consultants retained by the Fee Committee, shall receive such reasonable hourly compensation, or in the alternative, a flat monthly amount pursuant to 11 U.S.C. § 328(a), for their services as shall be mutually agreed upon by the Fee Committee members and approved by the Court.

4.      Subject to paragraph E(1) as applicable, all Fee Committee Members (other than the member appointed by the U.S. Trustee) and the Fee Committee Counsel also shall be entitled to reimbursement from the Debtors' estates for their reasonable, documented out-of-pocket costs and expenses incurred in connection with their service on the Fee Committee, which may include travel and lodging expenses for attendance at Fee Committee meetings, also subject to Court approval upon application.  Service on the Fee Committee shall not entitle any Fee Committee Member thereof to compensation under 11 U.S.C. § 503(b), and any right to such claim is waived expressly.

5.      Work performed by Retained Professionals assembling information and preparing it for review, shall be compensable in accordance with the standards of 11 U.S.C. § 330.  Work performed in responding to the Fee Committee (including providing follow-up or supplemental documentation) to inquiries or informal objections that the Fee Committee raises shall not be compensable.  If the Fee Committee files an objection to any Application, and the objection is not resolved prior to a hearing held before the Court, wherein the Court hears oral argument, then the Retained Professional may request compensation for the fees and expenses incurred in defending against the objection and the Fee Committee may object to any such request.  The defense fee request shall be decided by the Court.

6.      All Fee Committee Members, the Fee Committee Counsel and any other consultants retained by the Fee Committee, shall submit detailed fee statements and requests for

10

reimbursement of reasonable, actual and necessary expenses, which shall be reviewed by the other Fee Committee Members; *provided*, *however*, that each Fee Committee Member shall recuse himself or herself from review of his or her own fee statements and requests for reimbursement of reasonable, actual and necessary expenses.  In addition, any statements and requests for reimbursement of reasonable, actual and necessary expenses shall be subject to application, review and payment under the statutes, rules and guidelines set forth herein at C.1.

**F.**    *Fee Disputes.*

1.    If the Fee Committee has any concerns or objections (as determined by a vote of the Fee Committee members) with respect to any interim or final fee application of a Retained Professional, the Fee Committee shall prepare and distribute a letter or written report (the "Fee Committee Letter Report") to that Retained Professional, with a copy to counsel for each of the Debtors, the EFH/EFIH Committee, the TCEH Committee and the U.S. Trustee, in accordance with the confidentiality procedures set forth in Section H below, describing the concerns or objections in accordance with the schedule set forth in F.3 below (the "Schedule").  If the Fee Committee Letter Report is not unanimously approved by the Fee Committee, any Fee Committee Member may prepare a written dissent, which shall be transmitted along with the Fee Committee Report to that Retained Professional, with a copy to counsel for each of the Debtors, the EFH/EFIH Committee, the TCEH Committee and the U. S. Trustee, in accordance with the confidentiality procedures set forth in Section H below.

2.    The Fee Committee and the Retained Professional served with the Fee Committee Letter Report shall thereafter endeavor to reach a mutually acceptable resolution of the issues raised in the Fee Committee Report.  If the Fee Committee and the Retained Professional cannot reach a resolution with respect to any issue(s) raised by the Fee Committee Report (a "Fee Dispute") within 30 days after transmittal, the Fee Committee may publicly file an objection in

11

accordance with the Schedule.    Pending resolution of any Fee Dispute, the Debtors shall

compensate the Retained Professional for any amount otherwise due and payable under the

Interim Compensation Order that is not the subject of the Fee Dispute or an unresolved objection

to a monthly fee statement.

3.    Subject to the confidentiality provisions set forth in Section H below, nothing

herein shall affect the right of any party in interest, including any Fee Committee Member or the

Majority Creditors, to object to any monthly fee statement or interim or final fee application.

Likewise, nothing herein shall affect the rights or obligations of any party in interest, including

the Fee Committee, under the Interim Compensation Order.

**Schedule on Fee Applications[5]**

| EVENT | DEADLINE FOR FIRST INTERIM PERIOD (April 29, 2014 - August 21, 2014) | DEADLINE FOR ALL SUBSEQUENT INTERIM AND FINAL FEE PERIODS |
|---|---|---|
| End of 120-day interim compensation period | Day 0 | Day 0 |
| Interim Fee Applications Due | Day 60 | Day 45 |
| Fee Committee Letter Report to Retained Professionals | Day 120 | Day 105 |
| End of Negotiation Period between Retained Professionals and Fee Committee Concerning Report | Day 150 | Day 135 |
| Objection Deadline for Fee Committee or any member thereof | Day 165 | Day 150 |
| Hearing on Objections | The next omnibus hearing after the filing of the objection or as soon thereafter as the objection may be heard | |

**G.    *Committee Exculpation and Indemnification.***

1.    The Fee Committee and each Fee Committee member are hereby appointed

officers of the Court with respect to the performance of their duties on the Fee Committee and

---

[5]    All deadlines may be extended through the mutual agreement of the Fee Committee and the affected Retained Professional without further order of the Court.

provided the maximum immunity permitted by law from civil actions for all acts taken or omitted in the performance of their duties and powers on the Fee Committee. No person or entity shall commence an action against the Fee Committee or any Fee Committee Member in connection with Fee Committee matters except in this Court.

2.     The Fee Committee and each Fee Committee Member are hereby indemnified by the Debtors for losses or costs of defense incurred as a result of acts taken or omitted, in each case in good faith, in the performance of their duties as a Fee Committee Member. Nothing herein shall be deemed to limit the application of any immunities to which any party is entitled under statute or other law, including but not limited to any sovereign immunity and quasi-judicial immunity that any party may have. No Fee Committee Member shall be indemnified or exculpated for acts of their own that constitute wilful misconduct or gross negligence.

3.     Any and all claims or causes of action not instituted against the Fee Committee or Fee Committee Member (solely in its capacity as a Fee Committee Member) prior to the tenth calendar day after entry of an order determining the fee application as to which such claims or causes of action relate shall be barred forever and discharged, and all persons and entities shall be enjoined from prosecuting such claims in any manner thereafter.

**H.     *Disclosure, Confidentiality and Fee Disputes Pursued by Creditors*.**

1.     The Fee Committee shall use its commercially reasonable efforts to provide the EFH/EFIH Committee and, subject to the terms of this Section H, the Majority Creditors and other interested constituents, increased transparency into the Fee Committee's processes, work product, and agreements entered with Retained Professionals.

2.     The Fee Committee shall comply with reasonable requests to provide non-confidential information to the EFH/EFIH Committee, the Majority Creditors or other parties-in-interest; *provided, however* that with respect to any requests for information provided by any

13

Retained Professional to the Fee Committee prior to the date of this order, the Fee Committee promptly shall provide such Retained Professional with a reasonable opportunity to review and designate such information as "Confidential Material" or "Highly Confidential Material" in accordance with the Court's *Confidentiality Agreement and Stipulated Protective Order*, dated August 13, 2014 (the "Protective Order") (D.I. 1833), and any disagreements or disputes with respect to such Retained Professional's designation shall be governed by the Protective Order.

3.    Pursuant to Section A(5) and Section E, any Fee Committee Member shall be free to consult, in connection with his or her service on the Fee Committee with attorneys to the constituent group that he or she represents. The EFH/EFIH Committee Member shall be permitted to directly receive information and work product from interested creditors, including the Majority Creditors or their Creditor Counsel (defined below).

4.    To the extent the EFH/EFIH Committee Member consults with counsel to the EFH/EFIH Committee, counsel for the EFH/EFIH Committee is hereby authorized, in its sole discretion, to share non-public confidential or otherwise sensitive information (including information qualifying for protection as "Confidential Material" or "Highly Confidential Material") obtained from the EFH/EFIH Committee Member with BraunHagey & Borden LLP ("Creditor Counsel"), special counsel to the Majority Creditors, pursuant to the terms of the procedures governing the classification of such material set forth in the Protective Order; *provided*, *however*, that notwithstanding anything else to the contrary in the Protective Order, counsel to the EFH/EFIH Committee shall only share "Highly Confidential Information" with Creditor Counsel.

5.    For the avoidance of doubt, (a) notwithstanding anything to the contrary in the Protective Order, none of the EFH/EFIH Committee Member, counsel to the EFH/EFIH

14

Committee, or Creditor Counsel shall discuss or provide directly to creditors, including the Majority Creditors, any material qualifying for protection as "Confidential Material" or "Highly Confidential Material" under the terms of the Protective Order, but such parties shall not be precluded from discussing or providing non-confidential information directly to its constituents, including the Majority Creditors; and (b) the affected Retained Professional, in its sole discretion (subject to satisfying requirements for designating material under the Protective Order), shall be permitted to promptly identify information shared with the Fee Committee or Fee Committee Counsel (whether orally or written) as "Confidential Material" or "Highly Confidential Material" and such information, together with any work product developed using such information, shall be treated as "Confidential Material" or "Highly Confidential Material."

6.      Creditor Counsel shall abide the terms of the Protective Order as to the Highly Confidential Material (and work product or analysis derived therefrom) disclosed to it by the EFH/EFIH Committee or counsel to the EFH/EFIH Committee.

7.      In the event the Majority Creditors seek to object to a monthly fee statement, interim fee application, or final fee application filed by any Retained Professional by filing an objection on the Bankruptcy Court docket (or other docket) (an "Objection"), any Highly Confidential Material contained in such Objection shall be filed in accordance with the Protective Order.

8.      Nothing in this Section H shall prevent the Fee Committee or a Retained Professional from stipulating with an interested party to provide additional or greater access to the Fee Committee's or such Retained Professional's own information or work product; nor shall anything in this section H prevent a party in interest from seeking relief from the Court relating to disclosure of information or work product held by the Fee Committee.

15

**I.**      *Reservations of Rights.*

1.      Subject to the confidentiality provisions contained herein in Section H, nothing herein shall limit the right of any entity, including Fee Committee members or the Majority Creditors, acting in their separate capacities, to object to the allowance or payment of fees or reimbursement of expenses sought by a Retained Professional on any grounds, or to seek any other relief or remedy, at law or in equity.

2.      Any Retained Professional may seek an order on appropriate notice seeking relief from any provision of this Order.

**J.**      *Jurisdiction.*

The Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this order.

Date: _____, 2018
Wilmington, Delaware

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

16