# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) | Case No. 14-10979 (CSS) |
| *Debtors*. | ) | (Jointly Administered) |
|  | ) |  |

## STIPULATION AND PROPOSED ORDER

**NOW COMES** the undersigned counsel to the debtors and debtors-in-possession (the "**Debtors**") and counsel to Shirley Fenicle, individually and as successor-in-interest to the Estate of George Fenicle, David William Fahy, John H. Jones, David Heinzmann, Harold Bissell, Kurt Carlson, Robert Albini, and David Bergschneider (collectively, the "**Asbestos Objectors**" and together with the Debtors, the "**Parties**") for purposes of the proceedings before the United States Bankruptcy Court for the District of Delaware (the "**Confirmation Proceedings**") regarding confirmation of the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code*, dated September 11, 2017 [D.I. 11887] (as may be further amended, the "**Plan**"); and the Parties having stipulated to the terms set out below, and entry by the United States Bankruptcy Court for the District of Delaware (the "**Court**") of the following:

**WHEREAS**, on December 1, 2017, the Court entered a stipulation and order regarding the use of the *Forecast of the Cost of Resolving All Asbestos-Related Bodily Injury Claims Against Energy Future Holdings Corp. (E-Side)* of Thomas E. Vasquez, Ph.D. for purposes of the Confirmation Proceedings and any post-trial briefing or appeals therefrom [D.I. 12294];

**WHEREAS**, on December 19, 2017, the Asbestos Objectors filed the *Objection of Shirley Fenicle, David William Fahy, John H. Jones, David Heinzmann, Harold Bissell, Kurt Carlson, Robert Albini, and Denis Bergschneider to Confirmation of the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al.*, [D.I. 12377] (the "**Objection**" filed on behalf of the "**Asbestos Objectors**");[1]

**WHEREAS**, the Asbestos Objectors attached to their Objection affidavits and documents in support of an argument that Messrs. Jones, Heinzmann, Bissell, Carlson, Albini, and Bergschneider, or their decedents have standing to object to the Plan (the "**Standing Evidence**"), including:

---

[1] Mr. Bergschneider was not a party to the preliminary objections filed on October 30, 2017 [D.I. 12142]. A notice of intent to participate was filed on Mr. Bergschneider's behalf on November 27, 2017 [D.I. 12271]. A motion to join Mr. Bergschneider as an Objector was filed contemporaneously with the Objection [D.I. 12379]. On January 25, 2018, the Court entered the Order granting the motion for joinder of Mr. Bergschneider [D.I. 12515].

(1) affidavits of Asbestos Objectors Jones, Heinzmann, Bissell, Carlson, Albini, and Bergschneider;
(2) affidavit of Gino Albini (deceased);
(3) complaint filed by Mr. Jones in state court;
(4) excerpts from depositions and interrogatory in connection with asbestos-related actions filed in state courts;
(5) social security records for Messrs. Heinzmann, Bergschneider, Bissell, Carlson, and Gino Albini;
(6) medical records; and
(7) autopsy report for Gino Albini; and

**WHEREAS**, in connection with the February 2017 confirmation proceeding for the *Eighth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 10853] (the "**February 2017 Confirmation Proceeding**"), the Debtors and certain of the Asbestos Objectors agreed to designate portions of the record from the hearing on the *Motion of Shirley Fenicle, David William Fahy, John H. Jones, and David Heinzmann to Dismiss Chapter 11 Petitions of Asbestos Debtors EECI, Inc., EEC Holding, Inc., LSGT Sacroc, Inc., and LSGT Gas Co. LLC Pursuant to 11 US.C. § 1112(b)* [D.I. 10074] (the "**Motion to Dismiss**");

**WHEREAS**, the Parties seek to avoid unnecessary disputes, motion practice, and repetitive testimony, and they seek to streamline the Confirmation Proceedings;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel, subject to approval of the Court, that:

1. The Debtors will not object, for purposes of the Asbestos Objectors' arguments regarding standing, to the Standing Evidence on grounds of authenticity, hearsay, or any other grounds other than relevance; *provided however*, the Debtors' agreement is limited to the Confirmation Proceedings in this Court only, and for purposes of arguments regarding the Asbestos Objectors' standing only. For the avoidance of doubt, the Debtors and the Reorganized EFH Debtors (as defined in the Plan) do not waive—and expressly reserve—any and all rights and evidentiary objections for purposes of any other litigation concerning the Asbestos Objectors, including with respect to the documents and affidavits attached to the Objection. Further, the Debtors reserve the right to object to the admission of such evidence in this Court on relevance grounds, and the Asbestos Objectors reserve the right to oppose any such objection.

2. Subject to Court approval, the Parties further agree that the affidavits of Messrs. Jones, Heinzmann, Albini, Bissell, Carlson, and Bergschneider—to the extent they are deemed relevant by this Court for purposes of such Asbestos Objectors' standing to oppose the Plan—will be introduced in lieu of testimony, and that such Asbestos Objectors will not be required to appear or testify during the Confirmation Proceedings.

3. For the avoidance of doubt, the Parties agree that, to the extent that the Standing Evidence is admitted by the Court, the Standing Evidence will form part of the record of the Confirmation Proceedings that may be referred to in any post-trial briefing or designated part of the record on appeal. For the further avoidance of doubt, nothing in this stipulation shall prejudice the rights of the Debtors and the Reorganized EFH Debtors (as the case may be) from challenging or opposing the appellate standing of the Asbestos Objectors in any appeal from these Confirmation Proceedings.

4. The Debtors agree not to oppose the Asbestos Objectors' ability to participate in the Confirmation Proceedings in this Court; provided, however, the Debtors and Reorganized EFH Debtors (as the case may be) reserve all rights to object to the Asbestos Objectors' standing in any appeal of any order entered in connection with the Confirmation Proceedings.

5. The Parties agree to work together in good faith to reach agreement to include portions of the records from the Motion to Dismiss proceeding and the February 2017 Confirmation Proceeding in the evidentiary record of the Confirmation Proceedings.

*[Signature pages follow.]*

Dated:  January 29, 2018

By:       /s/Daniel K. Hogan

Daniel K. Hogan (DE Bar # 2814)
HOGAN MCDANIEL
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: (302) 656-7540
Facsimile: (302) 656-7599
dkhogan@dkhogan.com

*Counsel for Shirley Fenicle, individually
and as successor-in-interest to the Estate
of George Fenicle, David William Fahy,
John H. Jones, David Heinzmann, Harold
Bissell, Kurt Carlson, and Robert Albini,
 individually and as successor-in-interest
to the Estate of Gino Albini, and Denis
Bergschneider*


-and-

Steven Kazan (admitted *pro hac vice*)
KAZAN MCCLAIN SATTERLEY &
GREENWOOD
A Professional Law Corporation
Jack London Market
55 Harrison Street, Suite 400
Oakland, CA 94607
Telephone: (510) 302-1000
Facsimile: (510) 835-4913

*Counsel for Shirley Fenicle, individually
and as successor-in-interest to the Estate
of George Fenicle, and Denis Bergschneider*

-and-

Ethan Early (admitted *pro hac vice*)
EARLY LUCARELLI SWEENEY &
MEISENKOTHEN
265 Church Street, 11th Floor
New Haven, CT 06508-1866
Telephone: (203) 777-7799
Facsimile: (203) 785-1671

*Counsel for David William Fahy, David Heinzmann, Harold Bissell, Kurt Carlson, and Robert Albini, individually and as successor-in-interest to the Estate of Gino Albini*

-and-

Jonathan Ruckdeschel (admitted *pro hac vice*)
THE RUCKDESCHEL LAW FIRM LLC
8357 Main Street
Ellicott City, MD 21043
Telephone:  410-750-7825
Facsimile: 443-583-0430

*Counsel for David Heinzmann*

-and-

Beth Gori (admitted *pro hac vice*)
Gori Julian & Associates, P.C.
156 North Main Street
Edwardsville, IL 62025
Telephone: (618) 659-9833
Facsimile: (618) 659-9834

*Counsel for John H. Jones*

Dated: January 29, 2018

/s/ Jason M. Madron
RICHARDS, LAYTON & FINGER, P.A.
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700

-and-

KIRKLAND & ELLIS LLP
Edward O. Sassower, P.C.
Stephen E. Hessler
Brian E. Schartz
Aparna Yenamandra
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800

-and-

James H.M. Sprayregen, P.C.
Marc Kieselstein, P.C.
Chad J. Husnick, P.C.
Steven N. Serajeddini
300 North LaSalle
Chicago, Illinois 60654
Telephone:  (312) 862-2000

*Counsel to the Debtors and Debtors in Possession*


SO ORDERED this _____ day of _____, 2018

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE