

ONE EAST MAIN STREET, SUITE 500 • POST OFFICE BOX 2719
MADISON, WISCONSIN 53701-2719
TEL • 608.257.3911   FAX • 608.257.0609
www • GKLAW.COM

Direct: 608-284-2654
kstadler@gklaw.com

January 31, 2018

Honorable Christopher S. Sontchi
United States Bankruptcy Court for the District of Delaware
824 North Market Street
5th Floor, Courtroom 6
Wilmington, Delaware 19801

    *In re: Energy Future Holdings Corp.*
    Case No. 14-10979 (CSS) (Jointly Administered)

Dear Judge Sontchi:

    On behalf of the Fee Committee, we are in receipt of BraunHagey's letter brief dated January 30, 2018 (the "Letter Brief") for Elliott Associates and others, addressing the two competing forms of order arising from the Court's January 8, 2018 ruling. This is a brief response.

    In rendering your decision, the Court made it clear that it was likely no party would be happy with the ruling. The Court stated that it would be inappropriate for an *ad hoc*, non-fiduciary entity or committee to have a direct role in the Fee Committee process, noting that a particular creditor could quickly sell its position and cease being a party in interest. For that reason, you stated that the participatory role of the creditors on the Fee Committee should be held by the official committee of unsecured creditors of the E-Side debtors (the "E-Side UCC") and its Fee Committee representative.

    However, to create more transparency, the Court ruled that the counsel for the E-Side UCC should use its judgment in determining the information that is appropriately shared with counsel for creditors with a specific admonition that the information would be shared only with counsel to the *ad hoc* committee, not with *ad hoc* committee members themselves.

    The E-Side UCC counsel and *ad hoc* committee counsel now seek to re-litigate issues already decided in the form of competing proposed orders. The form of order endorsed by the Fee Committee directly incorporates the Court's oral ruling on January 8, 2018. Respectfully, any party wishing to obtain more or different relief from that which the Court has ordered orally should file a motion to reconsider or a new motion.

    The Debtors and U.S. Trustee continue to believe that $15,000 a month is appropriate and that no adjustments are necessary, but the Chair of the Fee Committee would like to reassess the Fee Committee's underlying assumptions and to re-confer with the U.S. Trustee, Fee Committee, Mr. Kaplan, and the E-Side UCC counsel to try to reach agreement on an appropriate fee. Those

Honorable Christopher S. Sontchi
January 31, 2018
Page 2

discussions have begun and continue, but would benefit from the Court's instructions as to the parameters of the new Fee Committee member's role through the entry of "Order A," which is attached to the *Certification of Counsel Concerning "Motion to Appoint a Representative of the Majority Creditors to the Fee Committee"*… [Dkt. No. 12528], with the monthly fee amount stricken. The Fee Committee will advise the Court by letter when the parties reach agreement or a stalemate on an appropriate fee.

  The Letter Brief contains three factual misstatements. The database software employed by Fee Committee counsel was not "funded by the estate to parse invoices submitted in this action," as the Letter Brief asserts. The database that supports the Fee Committee's work was initially developed by Godfrey & Kahn, S.C., with the assistance of a third-party programming vendor, to support the Fee Committee appointed in the *Lehman Brothers Holdings, Inc.* Chapter 11 cases. The EFH estates have, through expense reimbursement requests filed by Fee Committee counsel, been billed a total of $32,500 for more than three years of technical support for this pre-existing software. In addition, the Letter Brief asserts that the Fee Committee Chair and counsel receive $250,000 per month for their services. As noted in footnotes in both of the competing orders under consideration, the Fee Committee Chair and counsel voluntarily reduced their collective fee to $200,000 per month effective June 1, 2017. Finally, contrary to the footnote on page one of the Letter Brief, the Fee Committee counsel did not "nominate" any professional to represent the E-side UCC on the Fee Committee.

  We remain available at the Court's convenience to participate in a teleconference on these issues should the Court so request.

Very truly yours,

GODFREY & KAHN, S.C.

*Katherine Stadler*

Katherine Stadler

18420510.4