# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  |  |  |
|---|---|---|
| Chad J. Husnick , P.C.<br>To Call Writer Directly:<br>(312) 862-2009<br>chusnick@kirkland.com | 300 North LaSalle<br>Chicago, IL 60654<br><br>(312) 862-2000<br><br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

January 31, 2018

**Via ECF, E-mail, and Hand Delivery**

The Honorable Christopher S. Sontchi
United States Bankruptcy Court for the District of Delaware
824 North Market Street, 5th Floor
Wilmington, DE 19801

Re:   *In re Energy Future Holdings Corp.*, Case No. 14-10979 (CSS)

Dear Judge Sontchi:

I write on behalf of the debtors in the above-referenced chapter 11 cases regarding the *Letter to Judge Sontchi from N. Hagey* [D.I. 12536], filed by special counsel to Elliott Associates L.P., The Liverpool Limited Partnership, Gatwick Securities, Paloma Partners Management Company, and Sunrise Partners Limited Partnership (collectively, "Elliott," "BraunHagey," and the form of order supported by Elliott, the "Alternative Order, as applicable).

Elliott's Letter contains a number of inaccuracies, including any suggestion that the Debtors put forward candidates for the EFH Committee's Fee committee representative or decided to support a different form of order because the EFH Committee did not select one of the Debtors' supposed candidates. Setting these misstatements aside, the Debtors continue to believe the form of order filed by the Debtors and with respect to which the Debtors, the U.S. Trustee, and the Fee Committee did not have any objections, is consistent with the Court's January 8th ruling. Nevertheless, in an effort to bridge the gap between the competing forms of order, the Debtors suggest that the Court consider the following modifications to the order (as summarized below and as set forth in **Exhibit A**, attached hereto):[1]

- *Paragraph H(1)*.  Revised to enable any Fee Committee Member to consult with their own attorneys, in addition to their Constituent Group's counsel.

- *Paragraph H(3)*.  Clarifying that Confidential Material provided to the EFH/EFIH Committee Member and shared with EFH/EFIH Committee Counsel can be shared

---

[1] The suggested modifications in **Exhibit A** are redlined against the form of order the Debtors filed at D.I. 12528.

## KIRKLAND & ELLIS LLP

The Honorable Christopher S. Sontchi
January 31, 2018
Page 2

with BraunHagey, *provided* that any information labeled "Highly Confidential Material" by either the affected Retained Professional or the Fee Committee shall be provided on a professionals-eyes only basis.

- *Paragraph H(4)*. New paragraph requiring the Fee Committee to use its commercially reasonable efforts to provide the EFH/EFIH Committee Member with non-confidential, non-proprietary information in order to increase transparency into the Fee Committee's processes, work product, and agreements entered into with Retained Professionals. This information can be shared by the EFH/EFIH Committee Member with the EFH/EFIH Committee Counsel. This construct reflects the Court's January 8th ruling, which crystallized the communications pipeline—*i.e.,* Fee Committee information would flow through the EFH/EFIH Committee Member and the EFH/EFIH Committee Counsel, and such counsel would control the subsequent flow of information.

- *Paragraph H(6)*. New paragraph making clear that the Fee Committee or a Retained Professional are free to stipulate with an interested party to provide additional or greater access to such party's own information or work product.

With respect to the Alternative Order, however, the Debtors have three primary concerns.

*First*, the Debtors are concerned about confidentiality, both in terms of information provided by Retained Professionals to the Fee Committee and work product created by the Fee Committee using proprietary technology and, in many instances, using such information provided by the Retained Professionals. At minimum, the Fee Committee should have the same rights as a Retained Professional to designate information as "Highly Confidential Material" under the Protective Order, thereby enabling the EFH/EFIH Committee to share such information with BraunHagey, but prohibiting BraunHagey from sharing such information with Elliott.[2] The Debtors believe this balance appropriately reflects the Court's January 8th ruling, in which the Court expressly stated that only "some very limited information" should be provided to Elliott. Hr'g Tr. 91:9-12 (Jan. 8, 2018). In addition, the crux of the Court's ruling was that the EFH/EFIH Committee "in the complete exercise of [its] discretion, to do it or not do it and to determine how far to do it, if at all, to provide information to the Brown [sic] Hagey firm on a lawyer's eyes only basis, **not to be shared, obviously, with your client or outside the firm**." Hr'g Tr. 90:16-22 (Jan. 8, 2018) (emphasis added).

---

[2] As used herein, "Protective Order" means the *Confidentiality Agreement and Stipulated Protective Order*, dated August 13, 2014 [D.I. 1833].

## KIRKLAND & ELLIS LLP

The Honorable Christopher S. Sontchi
January 31, 2018
Page 3

*Second*, the Debtors are concerned that Elliott's version seeks historical information provided to the Fee Committee. The only possible use of such information, particularly in light of the Elliott' professed goal of fee reduction, is to revisit highly negotiated deals struck between the Fee Committee and various Retained Professionals. The vast majority of Retained Professionals negotiated fee and expense reductions in good faith with the Fee Committee and allowing a large—but relatively new—creditor to reopen those negotiated results erodes the integrity of the Fee Committee process.

*Third*, while the Debtors have no objection to paying an appropriate fee to the EFH/EFIH Committee Member, and will defer to the Court's judgment on this point, it is important to note that the EFH/EFIH Committee Member has neither the burdens of the Independent Member (because it represents only the interests of one constituency), nor the obligations of Fee Committee Counsel.

The Debtors are available to discuss at the Court's convenience.

Sincerely,

*/s/ Chad J. Husnick, P.C.*

Chad J. Husnick, P.C.