**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In Re: ) | |
| ) | **Chapter 11** |
| **ENERGY FUTURE H OLDINGS CORP.,** *et al.*[1] ) | |
| ) | **Case No. 14-10979 (CSS)** |
| **Debtors.** ) | |
| ) | (Jointly Administered) |

**THIRTY FOURTH MONTHLY FEE STATEMENT OF**
**SOLIC CAPITAL ADVISORS, LLC FOR ALLOWANCE OF AN ADMINISTRATIVE**
**CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED**
**FROM October 1, 2017 TO October 31, 2017**

| | |
|---|---|
| **Name of Applicant** | Solic Capital Advisors, LLC |
| Authorized to Provide Professional Services to: | Energy Future Holdings Corp. Debtors and Debtor-in-Possession |
| Date of Retention: | 2/6/2015 *nunc pro tunc* to 12/18/2014 |
| Period for which compensation and reimbursement is sought: | October 1, 2017 to October 31, 2017 |
| Amount of Compensation sought as actual, reasonable and necessary: | $31,218.00 (80% of $39,022.50) |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $1,413.31 |

This is a _X_ monthly ___ interim ___ final application.  One prior application has been filed for this Fee Period.[2]

Pursuant to sections 327, 328, 330, and 331 of chapter 11 of title 11 of the United States Code, (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the *Order Approving the Retention of SOLIC Capital Advisors, LLC as*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Notice of this Monthly Fee Statement (as defined herein) shall be served in accordance with the Interim Compensation Order and Fee Committee Order and objections to the relief requested in this Monthly Fee Statement shall be addressed in accordance with the Interim Compensation Order and Fee Order.

*Financial Advisor for Energy Future Holding Corp. Effective Nunc Pro Tunc to December 18, 2014,* dated February 6, 2015 [D.I. 3448] (the "Retention Order"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals,* dated September 16, 2014 [D.I. 2066] (the "Interim Compensation Order"), the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order"), and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), SOLIC Capital Advisors, LLC ("SOLIC"), financial advisor for debtor and debtor in possession Energy Future Holding Corp. ("EFH Corp."), hereby files this monthly fee statement (this "Monthly Fee Statement") for: (i) compensation in the amount of $31,218.00 (80% of $39,022.50) for the reasonable and necessary financial advisory services SOLIC rendered to EFH Corp. from October 1, 2017 through and including October 31, 2017 (the "Fee Period"); and (ii) reimbursement for the actual and necessary expenses that SOLIC incurred, in the amount of $1,413.31 during the Fee Period.

**Itemization of Services Rendered and Disbursements Incurred**

1. In support of this Monthly Fee Statement, attached are the following Exhibits:

    - **Exhibit A** is a schedule of the hours expended on this matter during the Fee Period by each SOLIC professional. SOLIC professionals expended a total of 55.10 hours in connection with the EFH chapter 11 case during the Fee Period.

    - **Exhibit B** is a schedule of the number of hours expended (on an aggregate basis) by SOLIC professionals during the Fee Period with respect to each of the subject matter categories SOLIC established in accordance with its internal billing procedures. A general description of each subject matter is included in this exhibit.

    - **Exhibit C** is a schedule setting forth the total amount of reimbursement sought with respect to each category of expenses for which SOLIC is seeking reimbursement in this Monthly Fee Statement. All of these disbursements comprise SOLIC's out-of-pocket expenses.

    - **Exhibit D** is a detailed description of expenses for which SOLIC is seeking

reimbursement in this Monthly Fee Statement. All of these disbursements comprise the requested sum for SOLIC's out-of-pocket expenses.

**Proposed Payment Allocation**

2. In accordance with the Retention Order, all of SOLIC's fees and expenses are to be paid by EFH.

**Representations**

3. Although every effort has been made to include all fees and expenses incurred in the Fee Period, some fees and expenses might not be included in this Monthly Fee Statement due to delays caused by accounting and processing during the Fee Period. SOLIC reserves the right to make further application to this Court for allowance of such expenses not included herein. Subsequent fee applications will be filed in accordance with the Bankruptcy Code, the Bankruptcy Rules, Local Bankruptcy Rules, the Fee Committee Order, and the Interim Compensation Order.

**Certification of Compliance and Waiver**

4. The undersigned representative of SOLIC certifies that he has reviewed the requirements of Local Rule 2016-2 and that the Monthly Fee Statement substantially complies with that Local Rule except to the extent waived by the Retention Order or otherwise modified by orders of this Court establishing the Fee Committee and interim compensation procedures. To the extent that the Application does not comply in all respects with the requirements of Local Rule 2016-2, as so modified, SOLIC believes that such deviations are not material and respectfully requests that any such requirement be waived.

WHEREFORE, SOLIC requests allowance of its fees and expenses incurred during the Fee Period in the total amount of $32,631.31 consisting of (a) $31,218.00, which is 80% of the fees incurred by EFH Corp. for reasonable and necessary professional services rendered by


SOLIC; and (b) $1,413.31 actual and necessary costs and expenses, and that such fees and expenses be paid as administrative expenses of the EFH Corp.'s estate.

DATED:  January 26, 2017          */s/ Neil F. Luria*_____
                                  SOLIC CAPITAL ADVISORS, LLC
                                  Neil F. Luria, Senior Managing Director
                                  4901 Vineland Road, Suite 120
                                  Orlando, Florida 32811

## **EXHIBIT A**

### **Hours Expended by SOLIC Professionals**

| NAME | TITLE | HOURS<br>10/01 – 10/31/2017 |
|---|---|---|
| Neil Luria | Sr. Managing Director | 5.60 |
| Raoul Nowitz | Managing Director | 49.50 |
| TOTALS | | 55.10 |

## EXHIBIT B

## Hours Expended by Subject Matter

|  | October 2017 |
|---|---|
| Plan Development & Testimony Review & Analysis | 26.5 |
| Meeting with Counsel & with other Constituents | 0.9 |
| Dataroom and Diligence Materials Review | 9.6 |
| EFH Board Meeting Attendance | 1.8 |
| Financial Analysis Related to Potential Conflict Matters | 1.3 |
| Fee Applications/Retention Applications | 15.0 |
| TOTAL HOURS | 55.10 |

**GENERAL DESCRIPTION OF WORK CODES:**

- Plan Development & Testimony Review & Analysis:  Review restructuring proposals, as applicable, as well as meetings with constituents regarding plan formulation, review of plan proposals and term sheets, review of court testimony, review of treatment of EFH Corp. assets as part of plan proposals, and analysis of proposed settlements of Conflict Matters.  This category also includes review of relevant filings and motions filed on the bankruptcy court docket as it relates to financial elements and related impacts, working alongside counsel and engaging with Evercore, including an in-person meeting, regarding the Plan of Reorganization, as well as matters pertaining to the follow-up review of various EFH issues, briefs,  motions, adversary proceedings, and depositions pertaining to some or all of new Plan proposals, Vistra tax allocation and E&P allocation matters, Oncor dividend issues, the PUCT approval process, elements associated with the payment of various termination fees, if any, implications of required allocated merger termination fees and professional fees between Debtor estates, to the extent payable and required to be allocated between estates, review of court transcripts associated thereto, review of the solicitation version of the Disclosure Statement for the First Amended Joint Plan of Reorganization, with attention on elements insofar as they relate to Conflicts Matters, and impact of various potential alternative Plan or sale structures or transactions on EFH Corp. stakeholders.

- Meeting with Counsel and with other Constituents:  Meetings with counsel to EFH, in-person meeting with Evercore, as well as meetings (telephonic and in-person) with professionals of other affiliates and constituents pertaining to Conflict Matters.

- Dataroom and Diligence Materials Review:  Download, analyze and review materials posted to the debtors' dataroom, and included in Board materials, including follow-up with the Debtors' professionals pertaining to (i) items posted to the dataroom and (ii) follow-up information being sought in the dataroom, and (iii) items previously posted to the dataroom requiring additional review and revisiting by the SOLIC team.  Dataroom items reviewed included, but were not limited to, monthly operating reports with related variance analyses, cash projections and comparative analyses relative to prior versions and financial analysis as provided in materials shared with EFH Corp's board

of directors, as well as the review of financial information of various other financial materials and elements insofar as they related to Conflicts Matters.

- <u>EFH Board Meeting Attendance</u>:  Attend in-person and/or telephonically weekly EFH board meetings and engage in pre-meeting preparations and post-meeting follow-up.

- <u>Financial Analysis Related to Potential Conflict Matters</u>:
Perform, undertake, and review necessary financial analysis insofar as it relates to potential Conflict Matters pertaining to EFH Corp. During the month of October 2017 this category included, but was not limited to, review of prepared financial analysis pertaining to plan economics and recoveries, monitoring of developments covering professional fees allocations including review of objections made by various parties related thereto and professional fees projections as requested by the Fee Committee, discussions with Evercore pertaining to professional fees, review of board materials insofar as it relates to potential Conflicts Matters, review of monthly operating reports and cash projections and reports pertaining to cash activities at EFH Corp., and the review of company-prepared cash analyses at various illustrative emergence dates with a focus on EFH Corp.  This also includes the necessary review of financial analysis insofar as they relate to summary illustrative financial recovery and waterfall scenarios pertaining to the Sempra Energy proposal, as was necessary insofar as it relates to Conflict Matters.

- <u>Fee Applications/Retention Applications:</u> Prepare monthly fee statements and interim fee applications; review and respond to inquiries by parties in interest, including the Fee Committee.

## **EXHIBIT C**

**Expenses by Category**

|  | October 2017 |
|---|---|
| Airfare | $784.40 |
| Ground Transportation | $126.03 |
| Hotel & Lodging | $434.09 |
| Meals | $35.31 |
| Mileage | $33.38 |
| TOTALS | $1,413.31 |