**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ENERGY FUTURE HOLDINGS | : | Case No. 14-10979 (CSS) |
| CORP., *et al.*, | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | **Re: D.I. 1896** |
| | : | |

## STIPULATION AND ORDER
## APPOINTING A FEE COMMITTEE

*Recitals*:

A.      On April 29, 2014, Energy Future Holdings Corp., and certain affiliates and subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

B.      On May 13, 2014, Roberta A. DeAngelis, the United States Trustee for Region 3, appointed an Official Committee of Unsecured Creditors (the "Committee") (D.I. 420).

C.      On October 27, 2014, Roberta A. DeAngelis, the United States Trustee for Region 3, appointed an Official Committee of Unsecured Creditors representing the EFH Debtors and the EFIH Debtors (the "EFH/EFIH Committee") (D.I. 2570).

D.      On May 29, 2014, the Debtors filed a Motion for an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (DJ. 658) (the "Interim Compensation Order").

E.      Given the size and complexity of these Chapter 11 cases, the U.S. Trustee proposed, and the Debtors and the TCEH Committee agreed, to recommend that the Court appoint a committee (the "Fee Committee"), among other things, to review and report as appropriate on monthly fee statements submitted in accordance with the Interim Compensation Order and all interim and final fee applications filed by professionals retained under 11 U.S.C.

§§ 105, 327, 363 or 1103 or similar authority (the "Retained Professionals"), in accordance with 11 U.S.C. §§ 328, 330 and 331 of the Bankruptcy Code and the Interim Compensation Order (collectively, the "Applications").

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the Debtors, the Committee and the U.S. Trustee:

**A.** *Appointment, Composition and Structure of the Fee Committee.*

1.      A Fee Committee is appointed.

2.      The Fee Committee will consist of four members: (i) one member appointed by and representative of the Debtors; (ii) one member appointed by and representative of the EFH/EFIH Committee (the "EFH/EFIH Fee Committee Member"); (iii) one member appointed by and representative of the U.S. Trustee, (each a "Fee Committee Member"); and (iv) Richard Gitlin, individually, and as Chairman of Gitlin and Company, LLC, as independent member (the "Independent Member," and together with the remaining three representatives on the Fee Committee, the "Fee Committee Members"), to be recommended by unanimous vote of the other Fee Committee Members and approved by the Court in this Order. The Independent Member shall be a person who is unaffiliated with any party in the Chapter 11 cases and who is a "disinterested person" within the meaning of 11 U.S.C. § 101(14). The Debtors, the EFH/EFIH Committee, and the U.S. Trustee (each a "Constituent Group") may, in their discretion, replace or rotate their respective Fee Committee designees without order of the Court.

3.      The EFH/EFIH Fee Committee Member shall be appointed by the EFH/EFIH Committee, through its counsel, Sullivan & Cromwell LLP ("EFH/EFIH Committee Counsel"), after consultation with its constituency (EFH/EFIH unsecured creditors), the Debtors, the U.S. Trustee, and the Independent Member.

2

4.      The Independent Member shall be subject to removal only by the Court and for cause. In the event that the Independent Member position becomes vacant, the remaining Fee Committee Members shall promptly recommend to the Court, by unanimous vote, a successor Independent Member for appointment to the Fee Committee, upon notice and a hearing.

5.      No Retained Professional shall serve on the Fee Committee in any capacity; *provided, however*, that any Fee Committee Member shall be free to consult, in connection with his or her service on the Fee Committee, with either attorneys to the Constituent Group that he or she represents or his or her own attorneys; *provided, further, however*, that the compensation and reimbursement of expenses of the Independent Member and the EFH/EFIH Fee Committee Member shall be governed solely by sections D and E, below.

6.      Each Fee Committee Member will have one vote on all Fee Committee matters, and the Fee Committee shall make decisions by majority vote. In the event of a tie, the vote of the Independent Member controls, and the Fee Committee shall act in accordance with the Independent Member's vote. Three members of the Fee Committee, one of whom must be the Independent Member, shall be required for a quorum, *provided, however*, that the remaining three Fee Committee Members shall constitute a quorum for the limited purpose of matters involving the selection or replacement of the Independent Member and any successor.

7.      The Independent Member shall serve as Chairperson of the Fee Committee and shall be responsible for, among other things, scheduling meetings, and overseeing collection, distribution, and review of Applications, and other information needed by the Fee Committee, as well as serving objections to monthly fee statements and filing and serving objections to interim and final fee applications. The Independent Member shall represent the Fee Committee's

interests in any Court proceeding, with or without counsel. The Fee Committee Counsel shall be directed by the Fee Committee which will act through its Independent Member.

8.    In the event that a Fee Committee Member resigns, (i) the Constituent Group represented by that resigning member may designate a successor member, or (ii) in the case of the Independent Member, the remaining Fee Committee Members shall, by unanimous vote, recommend that the Court approve a designated successor Independent Member. Each Constituent Group may at any time name an individual other than its initial appointee as its designee to the Fee Committee and/or rotate the individual(s) that serve in this role on a periodic basis. The Chairperson will be responsible for distributing contact information for any successor member to the Fee Committee Members.

**B.    *Selection and Appointment of the Independent Member.***

The Debtors, the Committee and the U.S. Trustee have agreed, and the Court hereby appoints, Richard Gitlin, individually, and as Chairman of Gitlin and Company, LLC, as the Independent Member. Mr. Gitlin shall be the Independent Member's representative on the Fee Committee, *nunc pro tunc* to the date that the Fee Committee is created. Based upon the Declaration of Richard Gitlin dated August 19, 2014 (D.I. 1887), Mr. Gitlin and Gitlin and Company are "disinterested" persons as that term is defined under 11 U.S.C. § 101(14).

**C.    *Authority of the Fee Committee.***

1.    The Fee Committee shall monitor, review and assess all Applications filed by Retained Professionals, and the fees and reimbursement of expenses for which allowance is sought pursuant to the Applications, for compliance with the following:

      a.    Bankruptcy Code sections 328, 330, and 331, as applicable;

      b.    Rule 2016 of the Federal Rules of Bankruptcy Procedure;

      c.    The Interim Compensation Order;

4

d.   The Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware; and

e.   Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases, 78 Fed. Reg. No 116, page 36248 (June 17, 2013).

2.   The Fee Committee shall have the following authority:

a.   File comments on the Court's docket regarding an Application;

b.   Communicate concerns regarding an Application to the Retained Professional to whom the Application pertains, and request further information as appropriate;

c.   Require that Retained Professionals provide budgets, staffing plans, or other information to the Fee Committee;

d.   Establish procedures for the resolution of disputes with Retained Professionals concerning Applications;

e.   Establish procedures, including the use of specific forms and billing codes, to facilitate preparation and review of Applications;

f.   Written case-specific guidelines promulgated by the Fee Committee supplementing, but not in conflict with, the authorities listed in Paragraph C.1.a-e.

g.   Negotiate with Retained Professionals regarding objections to interim and final fee applications, and monthly fee statements, and consensually resolve such objections where appropriate;

h.   Present reports, on a timely basis, to the Retained Professionals with respect to the Fee Committee's review of interim and final fee applications before filing an objection to applications for compensation;

i.   Periodically, in the Fee Committee's discretion, file summary reports with the Court concerning the Retained Professionals' applications;

j.   Appear and be heard on any matter before the Court concerning Fee Committee matters as set forth in this Order;

k.   Serve, file and litigate objections to the allowance or payment of fees or reimbursement of expenses in an Application;

l.     Serve objections to monthly fee statements, in whole or in part, precluding the payment of the amount questioned as provided by the Interim Compensation Order;

m.    Take, defend, or appear in any appeal regarding an Application;

n.    Conduct discovery, including filing and litigating discovery motions or objections concerning Fee Committee matters as set forth in this Order; and

o.    Retain, subject to Court approval, attorneys ("<u>Fee Committee Counsel</u>"), other professionals and consultants to represent or assist the Fee Committee in connection with any of the foregoing.

3.    The terms of this Order shall be applicable to all Retained Professionals. The Debtors, the Committee, the U.S. Trustee and all Retained Professionals shall cooperate with the Fee Committee in the discharge of its duties and shall promptly respond to any requests by the Fee Committee for information or communications.

4.    Any professional retained by order of the Court subsequent to the entry of this Order shall immediately contact the Independent Member or the Fee Committee Counsel to discuss the procedures that the professional must follow concerning all Applications made or filed in these Chapter 11 case under this Order and any supplemental fee protocol.

5.    The Fee Committee may, in its discretion, adopt a supplemental fee protocol to govern matters not addressed in this Order. The Fee Committee shall file with the Court any supplemental fee protocol and serve it upon all Retained Professionals, upon notice and a hearing. In the event of a conflict between an order approving the terms of a supplemental fee protocol and this Order, this Order shall govern.

**D.**    ***Selection, Authorization and Compensation of Fee Committee Counsel, Independent Member and Other Fee Committee Professionals.***

1.    The Debtors, the Committee and the U.S. Trustee have agreed, and the Court hereby authorizes, the Fee Committee to retain Godfrey Kahn SC as Fee Committee Counsel

pursuant to 11 U.S.C. § 327(a). The Fee Committee shall file a separate application seeking approval of the Fee Committee's retention of Godfrey & Kahn. For purposes of its retention by the Fee Committee, Godfrey & Kahn shall be considered a Retained Professional and subject to the terms of the Interim Compensation Order and this Order.

2.    The Fee Committee Counsel and all other professionals and consultants retained by the Fee Committee shall be entitled to be compensated by the Debtors for actual, reasonable and necessary services and to be reimbursed for out-of-pocket expenses, subject to Court approval and compliance with the statutory provisions rules and guidelines set forth herein at C.1.a.-e.

3.    The Independent Member and the Fee Committee Counsel shall, whether or not paid prospectively as a flat fee, file interim and final fee applications pursuant to 11 U.S.C. §§ 330 and 331 requiring court approval; *provided, however*, that their fees shall be, in the aggregate, $250,000 per month (subject to amendment by further order of the Court),[1] to be paid on the first day of each calendar month (pro-rated for any partial month's services); *provided further, however*, that the Independent Member is hereby authorized to keep reasonably detailed time records in half-hour increments and will submit, with any interim or final fee application, together with the time records, a narrative summary, by project category, of services rendered and will identify each professional rendering services, the category of services rendered and the amount of compensation requested. This amount shall not include the reasonable, actual and necessary expenses incurred by the Fee Committee Counsel or the Independent Member or any

---

[1] Effective June 1, 2017, the Independent Member and Fee Committee Counsel reduced their monthly flat fee from $250,000 per month to $200,000 per month, without prejudice to their ability to request further adjustment of the fee with Fee Committee consent and Court approval if case developments so warrant.

7

other consultants retained by the Fee Committee, the payment of which shall be subject to Court approval.

**E.**    ***Compensation of Fee Committee Members other than the Independent Member.***

1.    The EFH/EFIH Fee Committee Member shall be entitled to compensation in the form of a flat, monthly fee of $~~$15,000~~ *$30,000* pursuant to 11 U.S.C. § 328(a), which amounts are subject to Court approval upon application (the "EFH/EFIH Committee Fee"). The EFH/EFIH Fee Committee Member shall not receive any other compensation for service on the Fee Committee or time expended on Fee Committee matters, except with respect to reimbursement of reasonable, documented, out-of-pocket costs and expenses, as set forth in paragraph E(4) below.

2.    No other Fee Committee Member, except the Independent Member, shall receive compensation for service on the Fee Committee or time expended on Fee Committee matters. The Fee Committee Counsel (as set forth in D.2. herein) and any other consultants retained by the Fee Committee, shall receive such reasonable hourly compensation, or in the alternative, a flat monthly amount pursuant to 11 U.S.C. § 328(a), for their services as shall be mutually agreed upon by the Fee Committee members and approved by the Court. All Fee Committee Members (other than the member appointed by the U.S. Trustee) and the Fee Committee Counsel also shall be entitled to reimbursement from the Debtors' estates for their reasonable, documented out-of-pocket costs and expenses incurred in connection with their service on the Fee Committee, which may include travel and lodging expenses for attendance at Fee Committee meetings, also subject to Court approval upon application. Service on the Fee Committee shall not entitle any Fee Committee Member thereof to compensation under 11 U.S.C. § 503(b), and any right to such claim is waived expressly. Under no circumstances shall any party reimburse a Fee Committee Member for professional fees incurred by the Fee Committee Member as a result

8

of the Fee Committee Member's consultation with its individual attorneys (as opposed to the Fee Committee Member's Constituent Group's attorneys).

3.        Work performed by Retained Professionals assembling information and preparing it for review, shall be compensable in accordance with the standards of 11 U.S.C. § 330. Work performed in responding to the Fee Committee (including providing follow-up or supplemental documentation) to inquiries or informal objections that the Fee Committee raises shall not be compensable. If the Fee Committee files an objection to any Application, and the objection is not resolved prior to a hearing held before the Court, wherein the Court hears oral argument, then the Retained Professional may request compensation for the fees and expenses incurred in defending against the objection and the Fee Committee may object to any such request. The defense fee request shall be decided by the Court. 3. All Fee Committee Members, the Fee Committee Counsel and any other consultants retained by the Fee Committee, shall submit detailed fee statements and requests for reimbursement of reasonable, actual and necessary expenses, which shall be reviewed by the other Fee Committee Members; *provided, however,* that each Fee Committee Member shall recuse himself or herself from review of his or her own fee statements and requests for reimbursement of reasonable, actual and necessary expenses. In addition, any statements and requests for reimbursement of reasonable, actual and necessary expenses shall be subject to application, review and payment under the statutes, rules and guidelines set forth herein at C.1.a.-e.

**F.        *Fee Disputes Pursued by the Fee Committee.***

1.        If the Fee Committee has any concerns or objections (as determined by a vote of the Fee Committee members) with respect to any interim or final fee application of a Retained Professional, the Fee Committee shall prepare and distribute a letter or written report (the "Fee Committee Letter Report") to that Retained Professional, with a copy to counsel for each of the

9

Debtors, the EFH/EFIH Committee and the U.S. Trustee, upon request, describing the concerns or objections in accordance with the schedule set forth in F.3 below (the "Schedule"). If the Fee Committee Letter Report is not unanimously approved by the Fee Committee, any Fee Committee Member may prepare a written dissent, which shall be transmitted along with the Fee Committee Letter Report to that Retained Professional, with a copy to the Debtors, the Committee and the U. S. Trustee.

2.      The Fee Committee and the Retained Professional served with the Fee Committee Letter Report shall thereafter endeavor to reach a mutually acceptable resolution of the issues raised in the Fee Committee Report. If the Fee Committee and the Retained Professional cannot reach a resolution with respect to any issue(s) raised by the Fee Committee Report (a "Fee Dispute") within 30 days after transmittal, the Fee Committee may publicly file its objection in accordance with the Schedule. Pending resolution of any Fee Dispute, the Debtors shall compensate the Retained Professional for any amount otherwise due and payable under the Interim Compensation Order that is not the subject of the Fee Dispute or an unresolved objection to a monthly fee statement.

3.      Nothing herein shall affect the right of any party in interest, including any Fee Committee Member, to object to any monthly fee statement or interim or final fee application. Likewise, nothing herein shall affect the rights or obligations of any party in interest, including the Fee Committee, under the Interim Compensation Order.

RLF1 18825157v.1

Schedule on Fee Applications[2]

| EVENT | DEADLINE FOR FIRST INTERIM PERIOD (April 29, 2014 - August 21, 2014) | DEADLINE FOR ALL SUBSEQUENT INTERIM AND FINAL FEE PERIODS |
|---|---|---|
| End of 120-day interim compensation period | Day 0 | Day 0 |
| Interim Fee Applications Due | Day 60 | Day 45 |
| Fee Committee Report to Retained Professionals | Day 120 | Day 105 |
| End of Negotiation Period between Retained Professionals and Fee Committee Concerning Report | Day 150 | Day 135 |
| Objection Deadline for Fee Committee or any member thereof | Day 165 | Day 150 |
| Hearing on Objections | 15 days after the filing of the objection or as soon thereafter as the objection may be heard | |

**G.    *Committee Exculpation and Indemnification.***

1.      The Fee Committee and each Fee Committee member are hereby appointed officers of the Court with respect to the performance of their duties on the Fee Committee and provided the maximum immunity permitted by law from civil actions for all acts taken or omitted in the performance of their duties and powers on the Fee Committee. No person or entity shall commence an action against the Fee Committee or any Fee Committee Member in connection with Fee Committee matters except in this Court.

2.      The Fee Committee and each Fee Committee Member are hereby indemnified by the Debtors for losses or costs of defense incurred as a result of acts taken or omitted, in each case in good faith, in the performance of their duties as a Fee Committee Member. Nothing herein shall be deemed to limit the application of any immunities to which any party is entitled under statute or other law, including but not limited to any sovereign immunity and quasi-

---

[2] All deadlines may be extended by mutual agreement of the Fee Committee and the affected Retained Professional without further order of the Court.

11

judicial immunity that any party may have. No Fee Committee Member shall be indemnified or exculpated for acts of their own that constitute willful misconduct or gross negligence.

3.      Any and all claims or causes of action not instituted against the Fee Committee or Fee Committee Member (solely in its capacity as a Fee Committee Member) prior to the tenth calendar day after entry of an order determining the fee application as to which such claims or causes of action relate shall be barred forever and discharged, and all persons and entities shall be enjoined from prosecuting such claims in any manner thereafter.

**H.      *Confidentiality and Fee Disputes Pursued by Creditors.***

1.      Pursuant to section A(5) and section E, any Fee Committee Member shall have the ability to consult with either their Constituent Group's counsel or their own attorneys on matters that come before the Fee Committee.

2.      The Fee Committee may identify Fee Committee materials of a sensitive or confidential nature (the "Confidential Material"), including, but not limited to, material protected by the attorney-client privilege or attorney work product doctrines; Retained Professional budgets, work plans, and strategy; material non-public information; and settlement communications subject to Fed. R. Evid. 408.

3.      EFH/EFIH Committee Counsel, in the complete exercise of its discretion, may provide Confidential Material obtained through the EFH/EFIH Fee Committee Member to counsel for the BraunHagey & Borden LLP firm; *provided*, *however*, that any Confidential Material designated by either the Fee Committee or the affected Retained Professional as "Highly Confidential Material" pursuant to the Protective Order shall only be provided on a professional eyes only basis, not to be shared with BraunHagey & Broden LLP's clients or outside the BraunHagey & Borden LLP firm.   EFH/EFIH Committee Counsel shall make

12

reasonable efforts to contemporaneously provide any such Confidential Material shared with Braun Hagey with the affected Retained Professional.

4.      In addition, the Fee Committee shall use its commercially reasonable efforts to provide the EFH/EFIH Committee Member with non-confidential, non-proprietary information in order to increase transparency into the Fee Committee's processes, work product, and agreements entered into with Retained Professionals, which information the EFH/EFIH Committee Member may share with the EFH/EFIH Committee Counsel, *provided, that*, for the avoidance of doubt, information identified by the Fee Committee as Confidential Material (as defined below) shall not be considered non-confidential, non-proprietary information without the agreement of the affected Retained Professional and Fee Committee, or further relief from the Court.

5.      In the event any party in interest, any individual Fee Committee Member, or the Fee Committee seek to object to a monthly fee statement, interim fee application, or final fee application filed by any Retained Professional by filing an objection on the Bankruptcy Court docket (or other docket) (an "Objection"), any Confidential Material contained in such Objection shall be redacted and filed with the Court under seal pursuant to the procedures for such filings outlined in the *Confidentiality Agreement and Stipulated Protective Order* [D.I. 1833] (the "Protective Order").

6.      Nothing in this Section H shall prevent the Fee Committee or a Retained Professional from stipulating with an interested party to provide additional or greater access to the Fee Committee's or such Retained Professional's own information or work product.

**I.**    ***Reservations of Rights.***

1.    Nothing herein shall limit the right of any entity, including Fee Committee members acting in their separate capacities, to object to the allowance or payment of fees or reimbursement of expenses sought by a Retained Professional on any grounds.

2.    Any Retained Professional may seek an order on appropriate notice seeking relief from any provision of this Order.

**J.**    ***Jurisdiction.***

The Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this order.

*[Remainder of page intentionally left blank.]*

RLF1 18825157v.1