# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## MOTION FOR ORDER SHORTENING NOTICE AND SETTING RESPONSE DEADLINE FOR THE MOTION OF ENERGY FUTURE HOLDINGS CORP., *ET AL.*, FOR ENTRY OF AN ORDER APPROVING THE SETTLEMENT BETWEEN THE DEBTORS AND SEMPRA AND APPROVING THE AGREED AMENDMENT TO THE MERGER AGREEMENT

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion to shorten (the "Motion to Shorten") pursuant to sections 102(1) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), requesting an order, substantially in the form attached as **Exhibit A**, (a) shortening the time for notice in connection with the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Approving the Settlement Between the Debtors and Sempra and Approving the Agreed Amendment to the Merger Agreement* (the "Motion"),[2] which is supported by the Wright Declaration, (b) setting the Motion for hearing on February 16, 2018 at 11:00 a.m. (Eastern Standard Time), or at the Court's earliest practical convenience, (c) setting

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the Debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not defined here shall have the meanings ascribed in the Motion.

RLF1 18839524v.1

an objection deadline of February 12, 2018 at 4:00 p.m. (Eastern Standard Time), and (d) setting a reply deadline of February 14, 2018 at 4:00 p.m. (Eastern Standard Time).

## JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 102(1) and 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006, and Local Rule 9006-1.

## BACKGROUND

5. Additional background information is set forth in the Motion and Wright Declaration, filed contemporaneously herewith, and incorporated herein by reference.

6. On April 29, 2014, each of the above-captioned debtors and debtors in possession filed a voluntary petition with the Court under the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. On August 21, 2017, after two confirmed plans failed to obtain regulatory approval by the Public Utility Commission of Texas (the "PUCT"), the Debtors entered into the Agreement and Plan of Merger (the "Merger Agreement") with Sempra, whereby Sempra would acquire EFIH's indirect 80.03% ownership interest in Oncor. Subject to Bankruptcy Court

approval, the Merger transaction would be implemented pursuant to *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended or modified from time to time in accordance with its terms, the "Plan").

8. At the same time, the Debtors entered into the Plan Support Agreement ("PSA") with Sempra and Elliott Associates, L.P., Elliott International, L.P., the Liverpool Limited Partnership, and Gatwick Securities LLC (collectively, "Elliott"), whereby the parties to the PSA agreed to support the Plan.

9. On October 5, 2017, Oncor and Sempra submitted their joint application to the PUCT regarding the change of control of Oncor contemplated by the Merger Agreement. On October 13, 2017, in an unrelated rate case involving Oncor, the PUCT issued an order that allowed for, among other things, the Modified Debt/Equity Ratio.

10. On October 25, 2017, Oncor declared the Q3 2017 Dividend, but conditioned the payment of such Q3 2017 Dividend on the funding of additional equity contributions to Oncor from its members in the total amount of approximately $250 million on or before the date of the closing of the Merger Agreement. *See* Oncor Electric Delivery Company LLC, Quarterly Report (Form 10-Q) (Oct. 27, 2017). The declaration but non-payment of such Q3 2017 Dividend became a matter of disagreement among the Debtors, Elliott, and Sempra with respect to their respective rights and obligations under the Merger Agreement, the PSA, and other transaction documents. As the parties began evaluating options for addressing such disagreement, a simultaneous set of disputes also arose regarding the distribution of payments and the implications of the Oncor TSA on EFH creditor recoveries.

11. After several weeks of negotiation and extensive diligence efforts, particularly with respect to the Oncor TSA-related issues, the Debtors and Sempra executed the Settlement Agreement, which not only resolves the Dividend dispute (the benefits of which inure to the Debtors' creditors) but also provides certainty and finality with respect to the TSA Claims (the benefits of which also inure to the Debtors' creditors).

12. By the Motion, the Debtors seek entry of an order approving and authorizing entry into, and performance under the Settlement Agreement and the amendment to the Merger Agreement to effectuate the Settlement Agreement.

## BASIS FOR RELIEF REQUESTED

13. Under section 102(1) of the Bankruptcy Code, the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing that is appropriate under the circumstances. 11 U.S.C. § 102(1).

14. Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

15. Local Rule 9006-1 requires "all motion papers [to] be filed and served . . . at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i). The notice period may be shortened, however, "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

16. Similarly, Bankruptcy Rule 9006(c) provides that "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P.

9006(c)(1). In exercising such discretion, a court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Phila. Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting frequency of such motions "[g]iven the accelerated time frame of bankruptcy proceedings"); *see also Hester v. NCNB Tex. Nat'l Bank (In re Hester)*, 899 F.2d 361, 364 n.3 (5th Cir. 1990) ("[M]otions for material reductions in the notice period are routinely granted by bankruptcy courts.").

17.     Cause exists to shorten notice on the Motion. ***First***, the Debtors' largest stakeholder—Elliott—is as familiar with the terms of the Settlement Agreement as the parties themselves, and has had access to (and presumably reviewed) virtually all of the same diligence exchanged between the Debtors and Sempra related to the Settlement Agreement. As a result, Elliott is not prejudiced by the shortened notice. ***Second***, as described in the Motion, Sempra and Oncor have made substantial strides on the PUCT regulatory front, achieving unanimous consent with all key intervenors. As a result, Plan confirmation has been scheduled to commence on February 26, 2018. It is not in the best interests of any of the Debtors' stakeholders to endanger Plan confirmation (and, by extension, chapter 11 emergence) as a result of the value-destructive, time-consuming, and fact-intensive litigation that would be required if the Dividend dispute and/or TSA Claims issues were not resolved. ***Third***, the Settlement Agreement not only provides additional distributable value to the Debtors' creditors, but it also protects the Debtors' stakeholders against delayed or diminished Plan distributions. Therefore, the Settlement Agreement is in the best interest of *all* of the Debtors' stakeholders, who are not prejudiced by the shortened notice. Finally, the Debtors will provide service by overnight mail to all of their constituencies, who will have at least a week to review and comment on the relief sought in the Motion.

18. For the foregoing reasons, the Debtors respectfully submit that shortening notice of the Motion is appropriate under the circumstances.

### NOTICE

19. The Debtors shall provide notice of this Motion to Shorten on the date hereof via overnight delivery to: (a) the U.S. Trustee; (b) counsel to the EFH Creditors' Committee; (c) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (d) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (e) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (f) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; and (ii) the 10.0% EFIH senior secured notes due 2020; (g) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (f); (h) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (i) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (j) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (k) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (l) Oncor Electric Delivery Company

LLC and counsel thereto; (m) the Securities and Exchange Commission; (n) the Internal Revenue Service; (o) the Office of the United States Attorney for the District of Delaware; (p) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (q) those parties that have requested notice pursuant to Bankruptcy Rule 2002; (r) Elliott; and (s) Sempra Energy. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

20. Pursuant to Local Rule 9006-1(e), the Court may rule on this Motion to Shorten without need for a hearing, and the Debtors request that the Motion to Shorten be granted accordingly.

## NO PRIOR REQUEST

21. No previous request for the relief sought in the Motion to Shorten has been made to this Court or any other court.

**WHEREFORE**, the Debtors respectfully request entry of an order, substantially in the proposed form attached hereto as **Exhibit A**, (a) setting the Motion for hearing on February 16, 2018 at 11:00 a.m. (Eastern Standard Time), or at the Court's earliest practical convenience, (b) setting an objection deadline of February 12, 2018 at 4:00 p.m. (Eastern Standard Time), and (c) setting a reply deadline of February 14, 2018 at 4:00 p.m. (Eastern Standard Time).

*[Remainder of page intentionally left blank.]*

Dated: February 2, 2018
Wilmington, Delaware

/s/ [signature]

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701
Email:  collins@rlf.com
        defranceschi@rlf.com
        madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:  edward.sassower@kirkland.com
        stephen.hessler@kirkland.com
        brian.schartz@kirkland.com
        aparna.yenamandra@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:  james.sprayregen@kirkland.com
        marc.kieselstein@kirkland.com
        chad.husnick@kirkland.com
        steven.serajeddini@kirkland.com

Co-Counsel to the Debtors and Debtors in Possession

RLF1 18839524v.1