# **EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) | (Jointly Administered) |

**JOINT STIPULATED FINAL PRE-TRIAL ORDER**

**WHEREAS**, on September 11, 2017, the Debtors filed the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 10551] (as may be further amended, modified, or supplemented, the "Plan");[2] and

**WHEREAS**, on **February 23, 2018 starting at 2:00 p.m. (Eastern Standard Time)**, the Court will hold a final pretrial conference relating to the Confirmation Hearing; and

**WHEREAS**, the Confirmation Hearing will commence on **February 26, 2018 starting at 10:00 a.m. (Eastern Standard Time)**; and

It is **HEREBY ORDERED THAT** the following provisions shall apply to the Confirmation Hearing:

1. **Trial Time and Allocation.** The Confirmation Hearing shall be limited to eleven (11) hours of total trial time. This limit on trial time shall be subject to revision for cause shown.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the Debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not defined herein have the meanings assigned to them in the Plan.

This time limit shall include all court time used during the evidentiary proceedings, including opening statements, direct and cross examinations, motion arguments, and other non-testimonial matters. Closing arguments shall not count against the time limit.

2. As set forth in the *Second Supplement to Amended and Superseding Order Scheduling Certain hearing Dates and Deadlines and Establishing Certain Protocols in Connection with Confirmation of the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12519], the total trial time in the Confirmation Hearing shall be divided evenly between Plan supporters and Plan objectors (collectively, the "Participating Parties"), such that each shall be limited to five hours and thirty minutes of time. Plan objectors shall meet and confer in good faith regarding the allocation of the Plan objectors' trial time. Any dispute regarding allocation of trial time may be submitted to the Court. Use of trial time by each side shall be monitored by a chess clock.

3. These Confirmation Hearing time limits and allocations shall be extended by the Court only upon a showing of cause or compelling need. The Court retains discretion with respect to any request to extend the Confirmation Hearing time limits.

4. **Opening Statements.** The opening statements of the Debtors and Plan supporters shall be limited to no more than 60 minutes total. The opening statements of Plan objectors shall be limited to no more than 60 minutes total. Plan objectors shall meet and confer in good faith regarding the allocation of the Plan objectors' time for opening statements. Any dispute regarding allocation of time for opening statements may be submitted to the Court.

5. **Direct and Cross Examinations**. Participating Parties may submit narrative written direct examinations for all or part of any witness's testimony. Written directs shall not

2

count against a party's allocated time.  Witnesses testifying by written direct are permitted to supplement the written direct with live testimony.  All witnesses must be tendered for cross examination.  Each Participating Party submitting testimony through a written direct shall provide such written direct to the Court and all Participating Parties at least four calendar days before the witness is scheduled to be called and any testimony is offered.  Any evidentiary objections to any portion of a written direct shall be made two calendar days after receipt of the written direct.  The parties must then meet and confer regarding any such objections.

6. **Exhibits.**  The inclusion of a document on a Participating Party's final exhibit list shall constitute notice pursuant to Paragraph 17 of the *Confidentiality Agreement and Stipulated Protective Order* [D.I. 1833] (the "Protective Order") that the Participating Party may offer or use the document in open court.  If an exhibit appearing on any final exhibit list contains Designated Material under the Protective Order, the party that produced the exhibit shall have until Saturday, February 24, 2018 to object to the publication of the exhibit in open court.  If the producing party objects, the provisions of Paragraph 17 of the Protective Order regarding resolution of any disputes shall apply.

7. At the specified time, the Participating Party may give notice of any of the noticed exhibits that it intends to admit under seal.  Interested Participating Parties shall meet and confer in good faith to resolve any confidentiality or evidentiary disputes regarding the noticed exhibits.  If no Participating Party objects to the admission of an exhibit under seal, it shall be admitted under seal, subject to the Court's discretion.  If any Participating Party objects to the admission of an exhibit under seal, the offering party shall apprise the Court of the dispute and seek relief from the Court.

8. Any exhibit admitted under seal shall not be published in the courtroom and no Participating Party shall disclose, or elicit testimony disclosing, the confidential information contained within the exhibit, unless the Court orders otherwise.

9. The parties shall meet and confer in good faith in an effort to resolve any evidentiary objections prior to use of the exhibit(s) at trial on Sunday, February 25, 2018.

10. Exhibits produced by any Participating Party are self-authenticating and are understood to be true and accurate representations of the original document.

11. **Demonstratives.** A Participating Party must provide to all other Participating Parties any demonstrative to be used at the Confirmation Hearing by 10:00 p.m. (Eastern Standard Time) the night before the trial date on which the demonstrative will be used. This shall not apply to demonstratives used in opening and closing arguments.

12. **Closing Arguments.** The Participating Parties shall confer in good faith and work with the Court to schedule closing arguments as the trial progresses.

13. Federal Rule of Bankruptcy Procedure 9006 shall not apply to extend any deadlines set forth in this Order that fall on a Saturday or Sunday.

14. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: February \_\_\_\_\_, 2018
       Wilmington, Delaware

                                            THE HONORABLE CHRISTOPHER S. SONTCHI
                                            UNITED STATES BANKRUPTCY JUDGE