IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- X
In re:                                           : Chapter 11
                                                 :
Energy Future Holdings Corp., et al.,[1]         : Case No. 14-10979 (CSS)
                                                 :
        Debtors.                           : (Jointly Administered)
                                                 :
                                                 : Objection Deadline: February 20, 2018 at 4:00 p.m.
                                                 : Hearing Date: February 23, 2018 at 2:00 p.m.
                                                 :
------------------------------------------------------------- X

### NEXTERA'S MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF MICHAEL KRAMER

NextEra Energy, Inc. ("NextEra") hereby submits this motion in limine (the "Motion") and respectfully requests that the Court preclude Michael Kramer of Ducera Partners LLC ("Kramer"), who apparently has been retained by Elliott to serve as an expert witness, from testifying at the Confirmation Hearing. In support of the Motion, NextEra respectfully states as follows:

### PRELIMINARY STATEMENT[2]

1. In blatant disregard of the procedures and deadlines set forth in this Court's confirmation scheduling order, Elliott has belatedly identified Kramer as a witness that it intends to offer at confirmation to provide expert testimony regarding bonding requirements for any reserve that the Court requires under the Plan in respect of NextEra's disputed administrative expense claim. Elliott's failure to comply with the relevant deadlines and other requirements

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used herein but otherwise not defined have the meaning given to such terms in the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code [D.I 11887] (the "Plan").

mandated by this Court and the applicable federal rules necessitates that Kramer be precluded from testifying at the Confirmation Hearing.

2. Kramer should also be precluded from testifying on the merits, because his proposed testimony has no relevance to plan confirmation or the plan objection filed by NextEra. Testimony regarding supersedeas bonding requirements, while potentially relevant to an appeal by NextEra from the confirmation order when and if its objection were to be overruled, has no relevance with respect to whether the Debtors should reserve in full for NextEra's claim. By the Plan's own terms, if NextEra is successful on its objection, it will be entitled to a reserve without any interest, bonding, or other accrual set aside in favor of Elliott or other unsecured creditors. Accordingly, Kramer's proposed testimony is irrelevant and inadmissible.

## BACKGROUND

3. The Debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code on April 29, 2014.

4. On August 23, 2017, the Debtors filed the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended or supplemented from time to time, the "Plan").

5. On August 29, 2017, the Court entered the *Amended and Superseding Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with Confirmation of the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 11835] (the "August 29 Scheduling Order").

6. The August 29 Scheduling Order established, among other things, deadlines and procedures governing expert testimony and discovery related thereto in connection with the Plan. In particular, the August 29 Scheduling Order directed that "[a]ny expert retained or specially employed to provide expert testimony in connection with the Confirmation Proceedings shall submit an expert report that satisfies the requirements of Federal Rule [of Civil Procedure] 26(a)(2)(B)." August 29 Scheduling Order ¶ 23. The order further established November 14, 2017 as the deadline for parties to provide written notice of their intent to serve such expert reports and, in the event that such notice were given, a series of deadlines for the exchange of expert reports and completion of expert discovery. *Id.* ¶ 11(a).

7. Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, "Elliott") never served a notice of intent to serve an expert report prepared by Kramer or any other purported expert (and, indeed, never served an expert report).

8. On December 19, 2017, after previously filing a preliminary objection to confirmation of the Plan, NextEra filed its *Objection of NextEra Energy, Inc. to First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12369] (the "Confirmation Objection").

9. On February 14, 2018, Elliott served its Notice of Disclosure of Final List for EFH/EFIH Confirmation Hearing, identifying witnesses that Elliott intends to call to testify at the Confirmation Hearing and the topics to be covered by those witnesses (the "Elliott Witness List," attached hereto as Exhibit A).

10. Through the Elliott Witness List, Elliott disclosed for the first time, a full three months after the deadline and less than two weeks before the start of the Confirmation Hearing,

that it intends to offer Kramer from Ducera Partners LLC as a witness, who Elliott indicates will provide testimony regarding "the amount of a supersedeas bond that would need to be posted by NextEra in the event the Court requires the Debtors to set aside a reserve, as requested by NextEra in its objection [D.I. 12369] to the Plan, including but not limited to the appropriate rate of return in connection with any such reserve." Exh. A at 2.

11. Elliott has still not served any expert report of Kramer's, or otherwise purported to disclose the substance of the opinions to which he intends to testify or any alleged basis for those opinions.

## ARGUMENT

### I. Kramer May Not Offer Expert Opinion Because He Has Not Timely Prepared and Disclosed an Expert Report

12. Kramer may not offer at trial opinions that were not timely disclosed in an expert report. The August 29 Scheduling Order controls the procedures and deadlines concerning disclosure of proposed expert testimony with respect to confirmation of the Plan.[3] That order specifically provides that "[a]ny expert retained or specifically employed to provide expert testimony in connection with the Confirmation Proceedings *shall* submit an expert report that satisfies the requirements of Federal Rule [of Civil Procedure] 26(a)(2)(B)." August 29 Scheduling Order ¶ 23 (emphasis added).

13. Federal Rule of Civil Procedure 26(a)(2)(B), in turn, requires that where, as here, a witness has been retained to provide expert testimony, he or she "must" disclose a written report, prepared and signed by the witness, that "must contain" a litany of information including (i) "a complete statement of all opinions the witness will express and the basis and reasons for them"; (ii) "the facts or data considered by the witness in forming them"; (iii) "any exhibits that

---

[3] Although the August 29 Scheduling Order has been supplemented twice, neither of those supplements altered the deadlines or procedures with respect to disclosure of expert testimony.

will be used to summarize or support them"; (iv) "the witness's qualifications, including a list of all publications authored in the previous 10 years"; (v) "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition"; and (vi) "a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B).

14.   The August 29 Scheduling Order further established November 14, 2017 as the deadline for parties intending to serve such expert reports to "provide written notice of the intent to do so," which notice was required to "be provided to all Participating Parties." August 29 Scheduling Order at ¶ 11(a). Provided that a Participating Party timely gave notice of its intent to serve an expert report, the August 29 Scheduling Order established deadlines for exchange of expert reports (November 29, 2017), exchange of rebuttal expert reports (December 8, 2017), and completion of expert discovery (December 15, 2017). *See id.* ¶ 11.

15.   Elliott failed to meet any of these requirements with respect to Kramer's proposed testimony and thereby deprived NextEra of a full and fair opportunity to understand and test Kramer's opinions and the alleged basis for them, and, if necessary, offer testimony from a rebuttal expert. Elliott never disclosed to NextEra an expert report of any kind, let alone one compliant with the exacting requirements of Rule 26(a)(2)(B). Elliott certainly did not give NextEra notice by November 14, 2017 (or by any later date) of its intent to serve such an expert report, or actually serve any such report by the deadline of November 29, 2017. Instead, Elliott waited until less than two weeks remained before the Confirmation Hearing to identify Kramer as a witness for the first time, and then failed even to disclose a single complete sentence concerning his contemplated testimony.

16.     As such, the plain language of the August 29 Scheduling order prohibits Kramer from offering any expert testimony whatsoever. Indeed, this Court has, in this very case and at the Debtors' urging, previously prohibited testimony by an expert on subjects not timely disclosed in his required expert report. *See Order* [D.I. 9285] ("The Motion is granted to the extent it seeks to prevent Mr. Williams from offering opinions on the 'value and use of NOL's' and 'regarding EFH Properties'"). Kramer's proposed testimony should be treated no differently. *See Smith v. Katz*, 696 F. App'x 582, 592-93 (3d Cir. 2017) ("District Court did not abuse its discretion in barring . . . expert opinion testimony" where plaintiff "failed to comply with . . . expert disclosure deadlines and failed to comply with Rule 26(a)(2)").

## II.     Kramer's Proposed Testimony Must be Precluded Because it Is Irrelevant

17.     Under Federal Rule of Evidence 702, courts considering hearing potential expert testimony must serve as "gatekeep[ers]" and "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand" before admitting or considering the testimony for any purpose. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589, 597 (1993); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 148-51 (1999). This test imposes an "exacting" burden on the party seeking admission of expert testimony, *Weisgram v. Marley Co.*, 528 U.S. 440, 442 (2000), who must show, by a preponderance of the evidence, that such testimony will be both relevant and reliable. *See Oddi v. Ford Motor Co.*, 234 F.3d 136, 145-46 (3d Cir. 2000); *In re W.R. Grace & Co.*, 355 B.R. 462, 471-72 (Bankr. D. Del. 2006).

18.     To qualify as relevant, proposed expert testimony must "speak[] clearly and directly to an issue in dispute in the case." *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1321 n.17 (9th Cir. 1995). "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert*, 509 U.S. at 591; *see also* Fed R. Evid. 702 (proposed expert testimony must "help the trier of fact to understand the evidence or to determine a fact in

issue"). Testimony that does not squarely address an issue in dispute in the case must be precluded because it does not satisfy a "precondition to admissibility." *Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003).

19. Here, the sole subject as to which Kramer proposes to opine—the amount of a hypothetical supersedeas bond that NextEra would somehow be required to post if its Confirmation Objection were successful—is simply not at issue at confirmation.

20. NextEra objected to confirmation on the basis that, although the Plan ostensibly contains a reserve mechanism to address disputed administrative expense claims, the quantum of the reserve is left to the discretion of the Debtors. As a result, creditors like NextEra (holding disputed administrative expense claims) have no assurance that they will receive the treatment set out in the Plan.[4] As NextEra highlighted in that objection, a debtor's obligation to pay an allowed administrative expense claim in full does not depend on whether the claim is allowed as of the effective date of the plan or whether it becomes allowed afterwards. *See* 11 U.S.C. § 1129(a)(9)(A). Thus, when there is a substantial administrative expense claim that may become payable in the future, debtors are obligated to provide an appropriate mechanism for payment of that claim as a basic precondition to plan confirmation. *See, e.g., In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 171 (3d Cir. 2012) ("Moreover, the [appellant's] appeal of the Bankruptcy Court's disallowance of its requests categorized the requests as disputed administrative expense claims. Under the Plan, the Debtors should have set aside sufficient funds in the distribution account to fulfill the requests if the [appellants] prevailed on appeal and the requests later became allowed claims."). Potential administrative expense claimants are not required to bond or otherwise indemnify unsecured creditors to protect that right. *See In re*

---

[4] NextEra objected to the Plan on other grounds as well, including, *inter alia*, that absent the establishment of a reserve to protect NextEra, the Plan cannot provide a discharge in favor of the Reorganized Debtors.

*Spansion, Inc.*, 426 B.R. 114, 146 (Bankr. D. Del. 2010) (requiring reserve so as to avoid impermissibly shifting burden of collection to administrative expense claimants).

21. Here, the Plan as drafted fully recognizes that reality. Indeed, the Plan specifically obligates the Debtors to reserve for payment of potential administrative expense claims. *See* Plan Art. VI.A (Debtors obligated to "ensur[e] sufficient reserves are in place to fund (1) General Administrative Claims"). Nothing in the Plan (or applicable bankruptcy law) imposes upon any administrative expense claimant the obligation to pay any interest or other amounts—or to post a supersedeas bond—to maintain that reserve.

22. To the contrary, the Plan makes clear that unsecured creditors, such as Elliott, are not entitled to interest or damages in the event that distributions are delayed pending the full and final resolution of disputed claims:

> Except as otherwise provided in the Plan ... Holders of Claims and Interests shall not be entitled to interest, dividends, or accruals on the distributions provided for in the Plan, ***regardless of whether such distributions are delivered on or at any time after the EFH Effective Date***.

Plan Art. VI.A; *see also* Plan Art. VI.I (specifically prohibiting payment of postpetition interest on prepetition indebtedness).

23. Moreover, the Plan specifically provides that unsecured creditors, such as Elliott, shall receive distributions on the effective date only "if funds are available" after the establishment of appropriate reserves, including reserves for "Claims against the EFIH Debtors that remain contingent as of the EFH Effective Date" and "sufficient reserves" for "General Administrative Claims . . . ." Plan Art. VI.A.

24. In sum, the Plan provides that: (a) reserves must be established for administrative claims; (b) unsecured creditors, such as Elliott, may have their distributions reduced or delayed as a result of those reserves; and (c) unsecured creditors are not entitled to interest or any other

sort of accrual as result of any such delay. NextEra's Confirmation Objection disputes the amount required to be reserved. But, by the Plan's own terms, if NextEra is successful on its objection, it will be entitled to a reserve without *any* interest, bonding, or other accrual being set aside in favor of Elliott or other unsecured creditors. Kramer's testimony is thus irrelevant to Plan confirmation.

25. In fact, by seeking to call Kramer, Elliott is improperly conflating issues relevant to NextEra's current Confirmation Objection with issues that might potentially be relevant only if NextEra's Confirmation Objection were denied and NextEra were to file a motion for stay pending appeal. Supersedeas bonds are only relevant to requests for a stay pending an appeal. *See In re Advanced Elecs., Inc.*, 283 F. App'x 959, 966 (3d Cir. 2008) (citing *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir.1979) ("The purpose of a supersedeas bond is to preserve the status quo ... pending appeal.")). If NextEra's Confirmation Objection is denied, and NextEra then decides to seek a stay pending appeal, expert testimony regarding an appropriate rate of interest for a bond might be appropriate, but only after the issue of bonding is fully briefed and adequate and timely expert discovery has occurred.

26. In short, Elliott presupposes that NextEra is not entitled to a reserve on account of the Termination Fee, despite the plain language of the Plan. The issue of bonding is simply premature and not currently before the Court. Therefore, the Court should preclude Kramer from offering any testimony at the Confirmation Hearing.

## CONCLUSION

Based on the foregoing, NextEra respectfully requests that the Court preclude Michael Kramer from testifying at the Confirmation Hearing, direct that no party shall offer testimony at the Confirmation Hearing regarding "the amount of a supersedeas bond that would need to be

posted by NextEra in the event the Court requires the Debtors to set aside a reserve" or "the appropriate rate of return in connection with any such reserve," and grant NextEra such other and further relief as the Court deems appropriate.[5]

Dated: February 16, 2018
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email:   landis@lrclaw.com
            mcguire@lrclaw.com

– and –

**NORTON ROSE FULBRIGHT US LLP**
Howard Seife (admitted *pro hac vice*)
Andrew Rosenblatt (admitted *pro hac vice*)
Eric Daucher (admitted *pro hac vice*)
1301 Avenue of the Americas
New York, New York 10019-6022
Telephone: (212) 408-5100
Facsimile:  (212) 541-5369
Email:   howard.seife@nortonrosefulbright.com
           andrew.rosenblatt@nortonrosefulbright.com
           eric.daucher@nortonrosefulbright.com

Robin Ball (admitted *pro hac vice*)
555 South Flower Street, 41st Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile:  (213) 892-9494
Email:   robin.ball@nortonrosefulbright.com

– and –

---

[5] For the first time today, counsel for the Debtors indicated that they, too, might offer expert testimony at the Confirmation Hearing concerning the subject matters as to which Elliott seeks to have Kramer testify. Debtors, and any other party seeking to offer such testimony, none of whom served any expert report on this subject (timely or otherwise), should also be precluded from offering such testimony.

**WINSTON & STRAWN LLP**
Dan K. Webb (admitted *pro hac vice*)
35 W. Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
Email:     dwebb@winston.com

Thomas M. Buchanan (admitted *pro hac vice*)
1700 K Street, NW
Washington, D.C. 20006
Telephone: (202) 282-5000
Facsimile: (202) 282-5100
Email:     tbuchana@winston.com

*Counsel to NextEra Energy, Inc.*