# **EXHIBIT H**

```
                                                                    1
 1   UNITED STATES BANKRUPTCY COURT
     DISTRICT OF DELAWARE
 2

 3   In re:                    :
                               :    Chapter 11
 4   ENERGY FUTURE HOLDINGS    :
     CORP., et al.,       :    :    Case No. 14-10979(CSS)
 5                             :
             Debtors.          :    (Jointly Administered)
 6   _____:

 7

 8

 9

10                       United States Bankruptcy Court

11                       824 North Market Street

12                       Wilmington, Delaware

13                       December 3, 2015

14                       10:24 AM - 12:39 PM

15

16

17

18

19

20   B E F O R E :

21   HON CHRISTOPHER S. SONTCHI

22   U.S. BANKRUPTCY JUDGE

23

24   ECRO OPERATOR:  LESLIE MURIN

25   Transcribed by:  Sonya Ledanski Hyde
```

1    EFH Corp, held by the Asbestos Debtors, shall be reinstated.

2            EECI, EEC Holdings and LSGT SACROCK are all

3    subsidiaries of LSGT Gas Company.  LSGT Gas Company is a

4    subsidiary of EFH Corp.  Furthermore, EECI, EEC Holdings and

5    LSGT SACROCK poses intercompany claims against LSGT Gas

6    Company totaling approximately $990 million.  LSGT Gas

7    Company, in turn, possessed an intercompany claim against

8    EFH Corp totaling approximately 560 million.  All of these

9    claims are being reinstated under the sixth amended plan.

10           Since 1992 the Debtors incurred approximately 26.4

11   million in total asbestos expenses.  Given the historical

12   rate of the Debtors asbestos-related expenses, reinstatement

13   of the above described claims ensures that a reorganized EFH

14   will continue to fund asbestos-related expenses that may

15   arise at the Asbestos Debtor.

16           Fenicle and Fahy's fourth and final objection to

17   confirmation is that by barring the claims of unmanifested

18   claims that fail to file a timely proof of claim the bar

19   date and the plan violate due process.  Once again, the

20   proper time and place to raise this objection was to appeal

21   the Court's order setting the bar date.  This objection is

22   inappropriate collateral attack on a final order.  Although

23   the Court could dismiss this objection on grounds of

24   finality, it will clarify due process as it applies to this

25   reorganization under Chapter 11.

1  not diverge from unmanifested claimants.
2              Fenicle and Fahy's objections are ultimately easy
3  to answer.  Is the Debtors' two and a half million dollars
4  plan reasonably calculated to provide notice to unmanifested
5  claimants?  Yes.  The Court fails to see a better plan to
6  give notice to these individuals that does not massively
7  increase the cost of giving that notice.
8              Second, is there any substantial reason to appoint
9  a class representative for unmanifested claims?  No.  The
10 interests of manifested claimants and unmanifested claimants
11 are not adverse here.  And reinstated against a solvent and
12 economically viable reorganized EFH means that funds will be
13 available to pay the claims of unmanifested claimants once
14 their injuries develop.
15             Finally, the Court wishes to make clear that the
16 standard of due process here is prospective.  It is entirely
17 possible that an unmanifested claimant may bring a claim
18 after the bar date, argue the Debtors' notice scheme was
19 unconstitutional, as applied to her, and be correct in that
20 argument.  She would have her claim reinstated and the
21 Debtors would then be free to dispute its validity and/or
22 her damages.  But that is a retrospective determination, an
23 unconstitutional, as applied, determination.
24             That determination is irrelevant to whether the
25 Debtor's notice scheme prospectively satisfies due process.