# **<u>EXHIBIT I</u>**

**Page 1**

1  UNITED STATES BANKRUPTCY COURT
2  DISTRICT OF DELAWARE
3
4
5  In re:                              :
                                       :   Chapter 11
6  ENERGY FUTURE HOLDINGS CORP.,       :
   et al.,                             :   Case No. 14-10979 (CSS)
7                                      :
           Debtors.                    :   (Jointly Administrated)
8  _____    :
9
10
11                     United States Bankruptcy Court
12                     824 North Market Street
13                     Wilmington, Delaware
14                     September 19, 2016
15                     10:11 a.m. – 1:09 p.m.
16
17
18
19
20
21  B E F O R E :
22  HON CHRISTOPHER J. SONTCHI
23  U.S. BANKRUPTCY JUDGE
24
25  ECRO OPERATOR:  LESLIE MURIN

1  fees would never get approved.  Somebody just appeals and
2  you can't agree to the breakup fee because there's appellate
3  risk and I may object to confirmation in the future so you
4  can't agree to pay that fee if I'm objecting to
5  confirmation.  No other party in this case, and you heard
6  several of them stand up at the podium and say they have
7  potential confirmation objections, the EFIH first, the EFIH
8  second, none of those parties are standing up here saying
9  you can't approve the merger -- or the termination fee
10  because we have objections to confirmation.  That's
11  nonsense.  With that, I'm done.
12           THE COURT:  Thank you.
13           MR. HUSNICK:  Thank you.
14           THE COURT:  All right.  I'm going to -- based on
15  the evidence that was submitted to the Court today, I'm
16  going to overrule the objection and approve the merger
17  agreement and the PSA.  We feel, again, with the due process
18  argument, the Court has ruled on this numerous times and I'm
19  not going to go through my previous lengthy rulings again.
20  Suffice it to say that I reject the due process argument
21  that the bar date that applied to unmanifested asbestos
22  claims and the seeking of discharge of those unmanifested
23  asbestos claims violates due process.  The rights, the post
24  hoc -- ex post, excuse me, rights, of those types of
25  claimants to come in and object to that discharge at a later

1  date are fully preserved.  I was very careful when I made
2  that ruling initially, and I've been careful throughout to
3  make it clear that those rights are reserved.  I believe
4  that the Court's previous rulings are in compliance with the
5  law and consistent with the law.
6            I find -- well, there is no stay pending appeal of
7  the previous confirmation order.  I personally think that
8  appeal is moot because that order is null and void.  It has
9  not yet been dismissed by the District Court, but I believe
10 that the District Court will ultimately either dismiss that
11 or affirm this Court's previous ruling, and there's no
12 likelihood of success on the merits of that appeal.  As a
13 result, the idea that there is execution risk based on being
14 reversed on a now defunct, void order, that is, in my mind,
15 nonetheless, was proper, is not sufficient to, sort of, lock
16 in a result here.  In other words, if it were certain or
17 certainly probably that the Court would be reversed and that
18 that would either require either an amendment that NextEra
19 would have to agree to or the ability for NextEra to walk
20 away and trigger the breakup fee, that might be one thing to
21 have the Court have pause about approving the breakup fee in
22 this instance.  But there is no such risk, or the risk is so
23 de minimis as to not be worth noting.  As a result, there's
24 no impediment based on the pending appeal or the argument
25 that this plan being put before the Court is not consistent