# **EXHIBIT J**

```
                                                                      1
 1   UNITED STATES BANKRUPTCY COURT

 2   DISTRICT OF DELAWARE

 3

 4

 5   In re:                          :
                                     :    Chapter 11
 6   ENERGY FUTURE HOLDINGS          :
     CORP.,                          :    Case No. 14-10979(CSS)
 7                                   :
             Debtors.                :
 8   _____ :

 9

10

11

12                       United States Bankruptcy Court

13                       824 North Market Street

14                       Wilmington, Delaware

15

16

17                       September 21, 2015

18                       9:38 AM

19

20   B E F O R E :

21   HON CHRISTOPHER S. SONTCHI

22   U.S. BANKRUPTCY JUDGE

23

24

25   ECR OPERATOR:  GINGER MACE
```

```
 1   overruled, and we will provide the names of the insurance
 2   policy though.
 3              THE COURT:  Do we need to put those in the
 4   disclosure statement?
 5              MR. HUSNICK:  I don't believe so, we haven't
 6   identified the names of any of the policies in the actual
 7   disclosure statement.
 8              THE COURT:  All right.
 9              MR. HUSNICK:  We did reference the schedules and
10   statements, but -- and again, none of these creditors are
11   voting and they will have access to the names though through
12   this.
13              THE COURT:  Okay.  All right.
14              All right.  I'm going to overrule the objection
15   for a variety of reasons not really addressed here in court,
16   but to address it specifically since it was in the papers on
17   the 524(g) issue and that the plan is patently unconfirmable
18   because you can only operate under this plan and the
19   treatment of asbestos plaintiffs under this plan by
20   implicating 524(g).
21              And I've already ruled and I standby it that
22   524(g) is an option, you can only do certain things.  If you
23   implicate 524(g), if the debtors and I get to confirmation
24   and I decide they are trying to do what they can only do
25   under 524(g), well they don't have that information and I
```

56

1  think the plan would be DOA there, because I think you'd
2  have to start over with -- might have to start over -- well
3  you would have to start over with a lot of additional
4  information in the disclosure statement, et cetera.
5             I don't read that as what they're doing, that's
6  not how I read the plan.  They're not in any way trying to
7  channel future claimants, but I'll hear argument on that at
8  confirmation.
9             I would add as an aside that I'm pleased that so
10 many of these objections have been resolved, and I applaud
11 the efforts of counsel to the creditors, objectors, debtors,
12 plan sponsors, et cetera, for working to resolve disclosure
13 statement objections in a meaningful way.
14            I'm particularly pleased that the sort of patently
15 unconfirmable issues were reserved.  I will say frankly that
16 I'm not sure what patently unconfirmable means, I'm not a
17 big fan of that case law, I'm not even sure it's a valid
18 reason to object to a plan.  I didn't see anything in here
19 in any of the interjections that I felt rose to the level of
20 patently unconfirmable, whatever that means.
21            Now that doesn't mean that there's not stuff in
22 here that might be a problem for confirmation.  Without
23 endorsing anybody's position on releases, for example, it
24 may be that the releases that are contemplated in this plan
25 are too broad, and I make a ruling at confirmation on that.