IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: D.I. 12664** |

## THE DEBTORS' OPPOSITION TO NEXTERA'S
## MOTION *IN LIMINE* TO PRECLUDE THE TESTIMONY OF MICHAEL KRAMER

Energy Future Holdings Corp. ("EFH") and Energy Future Intermediate Holding Company LLC ("EFIH" and with EFH and certain of their subsidiaries, the "Debtors") hereby oppose *NextEra's Motion in Limine to Preclude the Testimony of Michael Kramer*, filed February 16, 2018 [D.I. 12664] (the "Motion"), by which NextEra Energy, Inc. ("NextEra") seeks to preclude expert testimony about damages resulting from delays in creditor distributions caused by NextEra's appeal of its disallowed claim for the Termination Fee.[2]

The Motion is not specifically directed at the Debtors or their financial advisor, David Ying. The Debtors file this opposition, however, out of an abundance of caution because, among other reasons, the Debtors have notified NextEra of the Debtors' intent to call Mr. Ying regarding issues related to the proposed reserve, and those issues include interest and the rate of return. The Debtors will make Mr. Ying available for a deposition.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the Debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of Debtors in these chapter 11 cases, which are being jointly administered, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed to them in the Motion.

RLF1 18909457v.1

In support of this opposition, the Debtors respectfully state as follows:

## **OPPOSITION**

1. Ancillary to its confirmation objection, NextEra has argued that any Termination Fee reserve must come with "no strings attached." That is, NextEra claims no responsibility to compensate the Debtors' creditors for the lost opportunity costs of delayed distributions resulting from NextEra's appeal of its disallowed claim. That is not the law. Recognizing the potential damages caused by distribution delays, courts require third parties to provide security for such loss.[3] Here, some compensation is necessary to ensure that NextEra does not have a "free option" to pursue its appeal on the backs of the Debtors' unsecured creditors.

2. Notably, even NextEra concedes some compensation is necessary if its confirmation objection is denied. The question is how much, and expert testimony is necessary to fully calculate the quantum of the creditors' lost opportunity costs. Yet, NextEra is seeking to block testimony that would inform the Court's determination. In its Motion, NextEra relies exclusively on an irrelevant deadline in a scheduling order that is limited to plan confirmation proceedings. This is improper for three reasons.

3. *First*, determining the amount of opportunity cost damages payable by NextEra is *not* a confirmation issue. NextEra concedes as much in its own Motion. *See* Motion at ¶ 19 (arguing the amount of damages or a "supersedeas bond . . . is simply not at issue at confirmation"). As a result, the August 29 Scheduling Order does not apply—nor does its expert-disclosure requirement on which NextEra bases its Motion.

---

[3] *See, e.g., In re Tribune Co.*, 477 B.R. 465, 480-82 (Bankr. D. Del. 2012) (Carey, J.) (requiring $1.5 billion supersedeas bond to pursue appeal that would delay creditor distributions).

4. While NextEra's confirmation objection sought a $275 million reserve, the Debtors resolved that objection by agreeing to reserve that amount—the maximum NextEra could be entitled under the Plan, the NextEra Merger Agreement, applicable case law, and NextEra's confirmation objection. There are no outstanding issues under section 1123 or section 1129 of the Bankruptcy Code in connection with that reserve.

5. The reserve does, however, raise a non-confirmation issue that is ripe for adjudication. That issue is the amount by which NextEra must compensate the estate for delayed distributions. While the time to resolve that issue is now, doing so does *not* implicate the August 29 Scheduling Order, or the expert-disclosure deadlines therein. The fact that the Court would consider the issue now is the pure happenstance of the anticipated closing schedule.

6. ***Second***, even if NextEra's obligation to compensate the estate were a confirmation issue, the August 29 Scheduling Order contemplated that a party might disclose a new witness close to the Confirmation Hearing. As with prior scheduling orders in these chapter 11 cases, the August 29 Scheduling Order included a mechanism to alleviate any prejudice from such a disclosure. Specifically, paragraph 10(f) provided:

> ***Should any Participating Party include a witness on its preliminary or final witness lists who was not deposed, such witness shall be made available for a deposition***, and the deposition notice shall be made within five days after such witness designation.

August 29 Scheduling Order at ¶ 10(f) (emphasis added).

7. ***Third***, there simply is no prejudice to NextEra. The Motion's primary argument is, in effect, that NextEra would suffer some purported prejudice if Messrs. Kramer and Ying were permitted to testify because NextEra purportedly did not learn of the proposed testimony until recently. But in this circumstance, where both experts are available for deposition and

3

where both have or will provide declarations in support of their views before depositions, NextEra has not articulated any prejudice.[4]

8. Simply, NextEra will have a full and fair opportunity to explore the opinions of Messrs. Kramer and Ying before any hearing. There is no prejudice from any perceived violation of the August 29 Scheduling Order.

## CONCLUSION

9. For the foregoing reasons, the Debtors respectfully request that this Court enter an order (i) denying the Motion, (b) expressly permit expert testimony from Messrs. Kramer and Ying regarding interest and rate of return issues related to the proposed reserve, and (c) granting further relief as is just and proper.

*[Remainder of page intentionally left blank.]*

---

[4] Contemporaneously with filing the Motion on February 16, NextEra noticed Mr. Kramer for a deposition on February 22. Then, on Saturday, February 17, Elliott disclosed Mr. Kramer's opinion and analysis—just eight pages of material, plus three one-page exhibits. *See Declaration of Michael A. Kramer in Support of the Elliott Funds' Reply to the Objection of NextEra Energy, Inc. to First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12665-1].

Similarly, the Debtors will make Mr. Ying available for a deposition, in consultation with NextEra, and will provide Mr. Ying's declaration in advance of any deposition.

4

Dated: February 20, 2018
Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:     (302) 651-7700
Facsimile:       (302) 651-7701
Email:            collins@rlf.com
                      defranceschi@rlf.com
                      madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:     (212) 446-4800
Facsimile:       (212) 446-4900
Email:            edward.sassower@kirkland.com
                      stephen.hessler@kirkland.com
                      brian.schartz@kirkland.com
                      aparna.yenamandra@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:       (312) 862-2200
Email:            james.sprayregen@kirkland.com
                      marc.kieselstein@kirkland.com
                      chad.husnick@kirkland.com
                      steven.serajeddini@kirkland.com

Co-Counsel to the Debtors and Debtors in Possession