**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: March 16, 2018 at 4:00 p.m. EST**<br>**Hearing Date: To be determined** |

**SEVENTH INTERIM FEE APPLICATION OF BIELLI & KLAUDER, LLC,**
**CO-COUNSEL FOR DEBTOR AND DEBTOR IN POSSESSION**
**ENERGY FUTURE HOLDINGS CORP., FOR THE PERIOD FROM**
**SEPTEMBER 1, 2017 THROUGH AND INCLUDING DECEMBER 31, 2017**

Bielli & Klauder, LLC ("BK"), co-counsel for debtor and debtor in possession Energy Future Holdings Corp. ("EFH Corp."), hereby submits its Seventh Interim Fee Application (the "Fee Application") for allowance of compensation for professional services provided in the amount of $34,704.50 and reimbursement of actual and necessary expenses in the amount of $1,083.70 that BK incurred for the period from September 1, 2017 through December 31, 2017 (the "Fee Period"). In support of this Fee Application, BK submits the declaration of David M. Klauder, a partner at BK (the "Klauder Declaration"), which is attached hereto as **Exhibit A** and incorporated by reference. In further support of this Fee Application, BK respectfully states as follows:

---

[1]        The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

## Jurisdiction

1.      The United States Bankruptcy Court for the District of Delaware (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The basis for the relief requested herein are sections 330 and 331 of title 11 of the

United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), rules 2016-1 and 2016-2 of the Local Rules of Bankruptcy

Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the

"Local Bankruptcy Rules"), the *Order Establishing Procedures for Interim Compensation and*

*Reimbursement of Expenses for Professionals* [D.I. 2066] (the "Interim Compensation Order"),

and the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee

Order").[2]

## Background

4.      On April 29, 2014 (the "Petition Date"), EFH Corp. commenced its chapter 11

case by filing a voluntary petition in this Court under chapter 11 of the Bankruptcy Code.

5.      EFH Corp. continues to operate its business and manage its property as a debtor

in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has

entered an order for joint administration of these chapter 11 cases.  The Court has not appointed

a trustee or examiner in these chapter 11 cases.

6.      The Office of the United States for the District of Delaware (the "U.S. Trustee")

formed an official committee of unsecured creditors representing the interests of Energy Future

---

[2] On October 3, 2014 and October 7, 2014, the Fee Committee (as defined herein) distributed guidelines to those
professionals retained in these chapter 11 cases regarding a number of topics, including, expense reimbursement, fee
review criteria, and contents of interim fee applications (collectively, the "Fee Committee Guidelines").

Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") in these chapter 11 cases on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors representing the interests of EFH Corp., Energy Future Intermediate Holdings Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

7.      On September 16, 2014, the Court entered an Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all retained professionals in these cases.

8.      Given the size and complexity of the Debtors' chapter 11 cases, the U.S. Trustee, the Debtors, and the TCEH Creditors' Committee agreed to recommend that the Court appoint a fee committee to review and report, as appropriate, on interim and final fee applications filed by all retained professionals in accordance with 11 U.S.C. §§ 328, 330, and 331 of the Bankruptcy Code and the Interim Compensation Order (the "Fee Committee"). On August 21, 2014, the Court entered the Fee Committee Order, appointing the Fee Committee and establishing the procedures governing the Fee Committee's review of the Debtors' retained professionals' applications for compensation and the resolution of any concerns raised during such review. The Fee Committee distributed an initial memorandum dated October 3, 2014 regarding guidelines for expense reimbursements to those professionals retained in the Chapter 11 Cases. BK believes that the relief requested herein complies with those guidelines.

**EFH Corp.'s Retention of BK**

9.      EFH Corp sought approval of this Court to retain BK as co-counsel, pursuant to sections 327(a) and 330 of the Bankruptcy Code, by application filed on October 23, 2015 [D.I. 6617] (the "BK Retention Application").  As set forth in the BK Retention Application, and BK's engagement letter, EFH Corp. engaged BK to advise and represent EFH Corp. in connection with Conflict Matters (as such term is defined in and pursuant to the authority delegated to EFH Corp.'s disinterested directors pursuant to resolutions of EFH Corp.'s board of directors) and in determining whether a matter constitutes a Conflict Matter, reporting to and at the direction of EFH Corp.'s disinterested directors.  On November 12, 2015, the Court entered the *Order Authorizing the Retention and Employment of Bielli & Klauder, LLC as Co-Counsel for Debtor and Debtor in Possession Energy Future Holdings Corp. Effective* Nunc Pro Tunc *to October 1, 2015* [D.I. 6963] (the "Retention Order"), attached hereto as **Exhibit B** and incorporated by reference.  The Retention Order authorized EFH Corp. to compensate and reimburse BK in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Fee Committee Order, and the Interim Compensation Order.  The terms of BK's engagement are detailed in the engagement letter by and between BK and EFH Corp., effective as of October 1, 2015 (the "Engagement Letter").

10.      Pursuant to the procedures set forth in the Interim Compensation Order and the Fee Committee Order, BK prepared and filed the following monthly Fee Statements:

    a.  *First Monthly Fee Statement of Bielli & Klauder, LLC for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred from October 1, 2015 Through October 31, 2015* [D.I. 7120] (the "First Monthly Fee Statement");

4

b. *Second Monthly Fee Statement of Bielli & Klauder, LLC for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred from November 1, 2015 Through November 30, 2015* [D.I. 7444] (the "Second Monthly Fee Statement");

c. *Third Monthly Fee Statement of Bielli & Klauder, LLC for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred from December 1, 2015 Through December 31, 2015* [D.I. 7717] (the "Third Monthly Fee Statement");

d. *Fourth Monthly Fee Statement of Bielli & Klauder, LLC for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred from January 1, 2016 Through January 31, 2016* [D.I. 7920] (the "Fourth Monthly Fee Statement");

e. *Fifth Monthly Fee Statement of Bielli & Klauder, LLC for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred from February 1, 2016 Through February 29, 2016* [D.I. 8063] (the "Fifth Monthly Fee Statement");

f. *Sixth Monthly Fee Statement of Bielli & Klauder, LLC for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred from March 1, 2016 Through March 31, 2016* [D.I. 8376] (the "Sixth Monthly Fee Statement");

g. *Seventh Monthly Fee Statement of Bielli & Klauder, LLC for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred from April 1, 2016 Through April 30, 2016* [D.I. 8552] (the "Seventh Monthly Fee Statement");

h. *Eighth Monthly Fee Statement of Bielli & Klauder, LLC for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred from May 1, 2016 Through May 31, 2016* [D.I. 8822] (the "Eighth Monthly Fee Statement");

i. *Ninth Monthly Fee Statement of Bielli & Klauder, LLC for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred from June 1, 2016 Through June 30, 2016* [D.I. 9150] (the "Ninth Monthly Fee Statement");

j. *Tenth Monthly Fee Statement of Bielli & Klauder, LLC for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred from July 1, 2016 Through July 30, 2016* [D.I. 9433] (the "Tenth Monthly Fee Statement");

k.  *Eleventh Monthly Fee Statement of Bielli & Klauder, LLC for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred from August 1, 2016 Through August 31, 2016* [D.I. 9687] (the "Eleventh Monthly Fee Statement");

l.  *Twelfth Monthly Fee Statement of Bielli & Klauder, LLC for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred from September 1, 2016 Through September 30, 2016* [D.I. 9964] (the "Twelfth Monthly Fee Statement");

m.  *Thirteenth Monthly Fee Statement of Bielli & Klauder, LLC for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred from October 1, 2016 Through October 31, 2016* [D.I. 10263] (the "Thirteenth Monthly Fee Statement");

n.  *Fourteenth Monthly Fee Statement of Bielli & Klauder, LLC for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred from November 1, 2016 Through November 30, 2016* [D.I. 10442] (the "Fourteenth Monthly Fee Statement");

o.  *Fifteenth Monthly Fee Statement of Bielli & Klauder, LLC for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred from December 1, 2016 Through December 31, 2016* [D.I. 10725] (the "Fifteenth Monthly Fee Statement");

p.  *Sixteenth Monthly Fee Statement of Bielli & Klauder, LLC for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred from January 1, 2017 Through January 31, 2017*[D.I. 10906] (the "Sixteenth Monthly Fee Statement");

q.  *Seventeenth Monthly Fee Statement of Bielli & Klauder, LLC for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred from February 1, 2017 Through February 29, 2017* [D.I. 11055] (the "Seventeenth Monthly Fee Statement");

r.  *Eighteenth Monthly Fee Statement of Bielli & Klauder, LLC for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred from March 1, 2017 Through March 31, 2017* [D.I. 11196] (the "Eighteenth Monthly Fee Statement"); and

s.   *Nineteenth Monthly Fee Statement of Bielli & Klauder, LLC for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred from April 1, 2017 Through April 30, 2017* [D.I. 11290] (the "<u>Nineteenth Monthly Fee Statement</u>"), and

t.   *Twentieth Monthly Fee Statement of Bielli & Klauder, LLC for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred from May 1, 2017 Through May 31, 2017* [D.I. 11397] (the "<u>Twentieth Monthly Fee Statement</u>"); and

u.   *Twenty First Monthly Fee Statement of Bielli & Klauder, LLC for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred from June 1, 2017 Through June 30, 2017* [D.I. 11632] (the "<u>Twenty First Monthly Fee Statement</u>"); and

v.   *Twenty Second Monthly Fee Statement of Bielli & Klauder, LLC for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred from July 1, 2017 Through July 31, 2017* [D.I. 11832] (the "<u>Twenty Second Monthly Fee Statement</u>"); and

w.   *Twenty Third Monthly Fee Statement of Bielli & Klauder, LLC for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred from August 1, 2017 Through August 31, 2017* [D.I. 11963] (the "<u>Twenty Third Monthly Fee Statement</u>";

x.   *Twenty Fourth Monthly Fee Statement of Bielli & Klauder, LLC for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred from September 1, 2017 Through September 30, 2017* [D.I. 12126] (the "<u>Twenty Fourth Monthly Fee Statement</u>"); and

y.   *Twenty Fifth Monthly Fee Statement of Bielli & Klauder, LLC for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred from October 1, 2017 Through October 31, 2017* [D.I. 12293] (the "<u>Twenty Fifth Monthly Fee Statement</u>"); and

z.   *Twenty Sixth Monthly Fee Statement of Bielli & Klauder, LLC for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred from November 1, 2017 Through November 30, 2017* [D.I. 12419] (the "<u>Twenty Sixth Monthly Fee Statement</u>"); and

aa. *Twenty Seventh Monthly Fee Statement of Bielli & Klauder, LLC for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred from December 1, 2017 through December 31, 2017* [D.I. 12542] (the "<u>Twenty Seventh Monthly Fee Statement</u>"); and together with the First Monthly Fee Statement, Second Monthly Fee Statement, Third Monthly Fee Statement, Fourth Monthly Fee Statement, Fifth Monthly Fee Statement, Sixth Monthly Fee Statement, Seventh Monthly Fee Statement, Eighth Monthly Fee Statement, Ninth Monthly Fee Statement, Tenth Monthly Fee Statement, Eleventh Monthly Fee Statement, Twelfth Monthly Fee Statement, Thirteenth Monthly Fee Statement, Fourteenth Monthly Fee Statement, Fifteenth Monthly Fee Statement, Sixteenth Monthly Fee Statement, Seventeenth Monthly Fee Statement, and Eighteenth Monthly Fee Statement, and Nineteenth Monthly Fee Statement, and Twentieth Monthly Statement, and Twenty First Monthly Statement, and Twenty Second Monthly Statement, and Twenty Third Monthly Statement, and Twenty Fourth Monthly Statement, and Twenty Fifth Monthly Statement, and Twenty Sixth Monthly Statement the "<u>Monthly Fee Statements</u>").

**<u>Disinterestedness of BK</u>**

11.     To the best of EFH Corp.'s knowledge and as disclosed in the *Declaration of David M. Klauder in Support of Debtor Energy Future Holdings Corp.'s Application for Entry of an Order Authorizing the Retention and Employment of Bielli & Klauder, LLC as Co-Counsel for Debtor and Debtor in Possession Energy Future Holdings Corp. Effective* Nunc Pro Tunc *to October 1, 2015* [D.I. 6617] (the "<u>First Klauder Declaration</u>") (a) BK is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to EFH Corp.'s estate and (b) BK has no connection to EFH Corp., its creditors, or other parties-in-interest, except as may be disclosed in the First Klauder Declaration.

12.     BK may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in this case in connection with matters unrelated to EFH Corp. or its chapter 11 case.  In the First Klauder Declaration, BK disclosed its connections to

parties-in-interest that it has been able to ascertain using its reasonable efforts. BK will update the First Klauder Declaration, as appropriate, if BK becomes aware of relevant and material new information.

13.     BK performed the services for which it is seeking compensation on behalf of EFH Corp. and its estate, and not on behalf of any committee, creditor, or other entity.

14.     BK has received no payment and no promises for payment from any source other than EFH Corp. for services provided or to be provided in any capacity whatsoever in connection with these chapter 11 cases.

15.     Pursuant to Bankruptcy Rule 2016(b), BK has not shared, nor has BK agreed to share (a) any compensation it has received or may receive with another party or person other than with the partners, counsel, and associates of BK or (b) any compensation another person or party has received or may receive.

**Summary of Compliance with Interim Compensation Order and Fee Committee Order**

16.     This Fee Application has been prepared in accordance with the Interim Compensation Order and the Fee Committee Order.

17.     BK has submitted Monthly Fee Statements for each month it has been retained in this case, including the months of October 2015 through December 2017. Each Monthly Fee Statement sought payment of (a) 80% of the fees incurred by the Debtors for reasonable and necessary professional services rendered by BK and (b) 100% of the actual and necessary costs and expenses incurred by BK in connection with the services provided to the Debtors for each month. Below is a summary of each fee statement submitted by BK[3]:

---

[3] The objection deadline to the Twenty-Seventh Monthly Fee Statement, is February 21, 2018. BK will be filing a CNO to the same on February 23, 2017, and seeking payment from EFH Corp. through the ordinary reimbursement process.

| Statement | Period | Total Hours Billed | Amount of Fees/Expenses Sought | Amount of Fees/Expenses Received |
|---|---|---|---|---|
| First (D.I. 7120) | 10/1/2015 – 10/31-2015 | 70.6 | $16,664.00 (80% of $20,830.00) / $95.10 | $20,830.00 / $95.10 |
| Second (D.I. 7444) | 11/1/2015 – 11/30/2015 | 92.8 | $23,146.40 (80% of $28,933.00) / $238.70 | $28,933.00 / $238.70 |
| Third (D.I. 7717) | 12/1/2015 – 12/31/2015 | 36.4 | $8,492.80 (80% of $10,616.00) / $21.70 | $10,616.00 / $21.70 |
| Fourth (D.I. 7920) | 1/1/2016 – 1/31/2016 | 11.0 | $1,946.00 (80% of $2,432.50) / $0.00 | $1,946.00 |
| Fifth (D.I. 8063) | 2/1/2016 – 2/29/2016 | 18.3 | $3,096.40 (80% of $3,870.80) / $13.30 | $3,870.80 / $13.30 |
| Sixth (D.I. 8376) | 3/1/2016 – 3/31/2016 | 11.6 | $2,290.00 (80% of $2,862.50) / $11.70 | $2,862.50 / $11.70 |
| Seventh (D.I. 8552) | 4/1/2016 – 4/30/2016 | 7.5 | $1,414.80 (80% of $1,768.50) / $5.60 | $1,414.80 / $5.60 |
| Eighth (D.I. 8822) | 5/1/2016 – 5/31/2016 | 23.0 | $4,658.00 (80% of $5,822.50) / $5.60 | $5,800.50 / $5.60 |
| Ninth (D.I. 9150) | 6/1/2016 – 6/30/2016 | 24.3 | $4,950.00 (80% of $6,187.50) / $15.40 | $6,187.50 / $15.40 |
| Tenth (D.I. 9433) | 7/1/2016 – 7/30/2016 | 15.6 | $3,546.40 (80% of $4,433.00) / $5.30 | $4,433.00 / $5.30 |
| Eleventh (D.I. 9687) | 8/1/2016 – 8/31/2016 | 74.4 | $18,017.60 (80% of $22,522.00) / $15.80 | $18,017.60 / $15.80 |
| Twelfth (D.I. 9964) | 9/1/2016 – 9/30/2016 | 32.8 | $7,864.80 (80% of $9,831.00) / $29.70 | $7,864.80 / $29.70 |
| Thirteenth (D.I. 10263) | 10/1/2016 – 10/31/2016 | 32.8 | $5,088.40 (80% of $6,360.50 - $9.90 | $5,088.40 / $9.90 |
| Fourteenth (D.I. 10442) | 11/1/2016 – 11/30/2016 | 21.2 | $4,950.80 (80% of $6,188.50) / $15.30 | $4,950.80 / $15.30 |
| Fifteenth (D.I. 10725) | 12/1/2016 – 12/31/2016 | 34.0 | $8,008.00 (80% of $10,010.00) / $34.80 | $8,008.00 / $34.80 |
| Sixteenth (D.I. 10906) | 1/1/2017 – 1/31/2017 | 29.9 | $6,740.40 (80% of $8,425.50) / $47.00 | $6,740.40 / $47.00 |
| Seventeenth (D.I. 11055) | 2/1/2017 – 2/28/2017 | 49.0 | $11,382.40 (80% of $14,228.00) / $25.70 | $11,382.40 / $25.70 |
| Eighteenth (D.I. 11196) | 3/1/2017 – 3/31/2017 | 13.8 | $2,964.00 (80% of $3,705.00) / $5.20 | $2,964.00 / $5.20 |
| Nineteenth (D.I. 11290) | 4/1/2017 – 4/30/2017 | 10.1 | $2,096.40 (80% of $2,620.50) / $6.20 | $2,096.40 / $6.20 |
| Twentieth (D.I. 11397) | 5/1/2017 – 5/31/2017 | 10.6 | $2,158.00 (80% of $2,697.50) / $4.70 | $2,158.00 / $4.70 |
| Twenty First (D.I. 11632) | 6/1/2017 – 6/30/2017 | 15.0 | $2,922.00 (80% of $3,652.50) / $6.32 | $2,922.00 / $6.32 |
| Twenty Second | 7/1/2017 – | 29.3 | $7,798.00 (80% of | $7,798.00 / $35.20 |

| (D.I. 11832) | 7/31/2017 | | $9,747.50) / $35.20 | |
| Twenty Third (D.I. 11962) | 8/1/2017 – 8/31/2017 | 44.0 | $11,264.40 (80% of $14,080.50) / $70.85 | $11,264.40 / $70.85 |
| Twenty Fourth (D.I. 12126) | 9/1/2017- 9/30/2017 | 17.8 | $4,441.60 (80% of $5,552.00) / $1.80 | $4,441.60/ $1.80 |
| Twenty Fifth (D.I. 12293) | 10/1/2017- 10/31/2017 | 67.5 | $15,272.80 (80% of $19,091.00) / $1,052.65 | $15,272.80/ $1,052.65 |
| Twenty Sixth (D.I. 12419) | 11/1/2017- 11/30/2017 | 24.8 | $6,145.20 (80% of $7,681.50) / $17.05 | $6,145.20/$17.05 |
| Twenty Seventh (D.I. 12542) | 12/1/2017- 12/31/2017 | 7.2 | $1,904.00 (80% of $2,380.00) / $12.20 | $0.00/$0.00 |

18.     Accordingly, by this Fee Application, and to the extent such amounts have not been paid by the time of the hearing on this Fee Application, BK seeks payment of all amounts, including the remaining $1,916.20 which represents the 20% holdback period on fees incurred during the Fee Period.

**Fees and Expenses Incurred During Fee Period**

**A.     Customary Billing Disclosures.**

19.     BK's hourly rates are set at a level designed to compensate BK fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  The hourly rates and corresponding rate structure utilized by BK in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by BK for other restructuring matters, as well as similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required.  The rates and rate structure reflect that such restricting and other complex matters typically are national in scope and typically involve great complexity, high stakes, and severe time pressures.  For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit C** is a summary of blended hourly rates for timekeepers who billed to non-bankruptcy matters and blended hourly rates for timekeepers who billed to EFH Corp. during the Fee Period.

11

**B.      Fees Incurred During Fee Period.**

20.      In the ordinary course of BK's practice, BK maintains computerized records of the time expended to render the professional services required by EFH Corp. and its estate.  For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit D** is a summary of fees incurred and hours expended during the Fee Period, setting forth the following information:

        a.   the name of each attorney and paraprofessional for whose work on these chapter 11 cases compensation is sought;

        b.   each attorney's year of bar admission and area of practice concentration;

        c.   the aggregate time expended and fees billed by each attorney and each paraprofessional during the Fee Period;

        d.   the hourly billing rate for each attorney and each paraprofessional at BK's current billing rates;

        e.   the hourly billing rate for each attorney and each paraprofessional as disclosed in cravat employment application;

        f.   the number of rate increases since the inception of the case; and

        g.   a calculation of total compensation requested using the rates disclosed in *Debtor Energy Future Holdings Corp.'s Application for Entry of an Order Authorizing the Retention and Employment of Bielli & Klauder, LLC as Co-Counsel for Debtor and Debtor in Possession Energy Future Holdings Corp. Effective* Nunc Pro Tunc *to October 1, 2015* (the "Retention Application").

21.      Additionally, attached hereto as **Exhibit E** is BK's budget and staffing plan for the Fee Period, and attached hereto as **Exhibit F** is a comparison of hours and fees budgeted for each matter category to which BK professionals and paraprofessionals billed time during the Fee Period against the hours and fees for which BK seeks compensation in the Fee Period.

**C.      Expenses Incurred During Fee Period.**

22.     In the ordinary course of BK's practice, BK maintains a record of expenses incurred in the rendition of the professional services required by EFH Corp. and its estate and for which reimbursement is sought.  BK currently charges $0.15 per page for standard duplication.  Notwithstanding the foregoing and consistent with the Local Bankruptcy Rules, BK charged no more than $0.10 per page for standard duplication services in these chapter 11 cases.  BK does not charge its clients for incoming facsimile transmissions.

23.     For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit G** is a summary for the Fee Period, setting forth the total amount of reimbursement sought with respect to each category of expenses for which BK is seeking reimbursement.

### Proposed Payment Allocation

24.     BK renders legal serves only to EFH Corp.  Pursuant to paragraph 4 of the Retention Order, absent an order of the Court, the fees and expenses incurred by BK are paid by EFH Corp. As such, no allocation pursuant to paragraph 2(b) of the Interim Compensation Order is applicable.

### Summary of Legal Services Rendered During the Fee Period

25.     During the Fee Period, BK provided necessary and important professional services to EFH Corp.

26.     To provide a meaningful summary of BK's services provided on behalf of EFH Corp. and its estate, BK has established, in accordance with its internal billing procedures, certain subject matters categories (each, a "Matter Category") in connection with these chapter 11 cases.  The following is a summary of the fees and hours billed for each Matter Category in the Fee Period:[4]

---

[4] In certain instances BK may have billed the same amount of fees, but different amount of hours to different Matter Categories.  This difference is the result of different staffing of each such Matter Category.

| Project Category | Hours Billed | Total Compensation Billed |
|---|---|---|
| [ALL] BK Retention and Fee Applications | 18.2 | $4,270.00 |
| [ALL] Case Administration | 16.5 | $3,621.50 |
| [ALL] Claims Administration & Objections | .2 | $70.00 |
| [ALL] Contested Matters & Adv. Proceed. | 3.6 | $1,260.00 |
| [ALL] Hearings | 9.8 | $3,370.00 |
| [ALL] Non-BK Retention and Fee Applications | 3.0 | $1,400.00 |
| [ALL] Plan and Disclosure Statements | 7.0 | $2,450.00 |
| [EFH] Contested Matters & Adv. Proceed | 58.0 | $18,263.00 |
| **Total** | **117.3** | **$34,704.50** |

27.     The following is a summary, by Matter Category, of the most significant professional services provided by BK during the Fee Period.  This summary is organized in accordance with BK's internal system of matter numbers.  A schedule setting forth a description of the Matter Categories utilized in this case, the number of hours expended by BK partners, associates, and paraprofessionals by matter, and the aggregate fees associated with each matter is attached hereto as **Exhibit H**.

28.     In addition, BK's computerized records of time expended providing professional services to EFH Corp. and its estate are attached hereto as **Exhibit I**, and BK's records of expenses incurred during the Fee Period in the rendition of professional services to EFH Corp. and its estate are attached as **Exhibit J**.

29.     EFH Corp. retained BK on October 1, 2015 as co-counsel to advise and represent EFH Corp. on Conflict Matters between EFH Corp. and other Debtors.  Since that time BK has worked with its co-counsel for EFH Corp., Proskauer Rose LLP ("Proskauer"), in becoming familiar with the cases and the matters upon which BK was retained.  In addition, BK has worked with Proskauer to complete any necessary case administration matters resulting from

their retention by EFH Corp. and has rendered services necessary for BK and Proskauer to be formally retained by the Bankruptcy Court. The following paragraphs summarize those services, by Matter Category.

    a.      **[ALL] BK Retention and Fee Applications**

        Total Fees:  $4,270.00
        Total Hours:  18.2

This Matter Category includes time spent by BK attorneys and paraprofessionals in preparation of employment and fee application for self.

    b.      **[ALL] Case Administration**

        Total Fees:  $3,621.50
        Total Hours:  16.5

This Matter Category includes time spent by BK attorneys and paraprofessionals in coordination and compliance activities, including; coordinating general case administration issues with Proskauer; general contacts with counsel for the Debtors and the United States Trustee; and general creditor inquiries.

    c.      **[ALL] Claims Administration & Objections**

        Total Fees:  $70.00
        Total Hours:  0.2

This Matter Category includes time spent by BK attorneys and paraprofessionals in specific claim inquiries, bar date motions, analyses, objections and allowances of claims.

    d.      **[ALL] Contested Matters & Adv Proceed.**

        Total Fees:  $1,260.00
        Total Hours:  3.6

This Matter Category includes time spent by BK attorneys and paraprofessionals regarding the adversary proceeding involving EFH or related debtors.

### e.    [ALL] Hearings

Total Fees:  $3,370.00
Total Hours:  9.8

This Matter Category includes time spent by BK attorneys and paraprofessionals in preparing for and attending hearings.

### f.    [ALL] Non-BK Retention and Fee Applications

Total Fees:  $1,400.00
Total Hours:  3.0

This Matter Category includes time spent by BK attorneys and paraprofessionals in preparation of employment and fee application for others.

### g.    [ALL] Plan and Disclosure Statement

Total Fees:  $2,450.00
Total Hours:  7.0

This Matter Category includes time spent by BK attorneys and paraprofessionals in formulation, presentation and confirmation; compliance with the plan confirmation order, related orders and rules; disbursement and case closing activities, except those related to the allowance and objections to allowance of claims.

### h.     [EFH] Contested Matters and Adv. Proceed

Total Fees:  $18,263.00
Total Hours:  58.0

This Matter Category includes time spent by BK attorneys and paraprofessionals in regarding the adversary proceeding involving EFH

## Actual and Necessary Expenses Incurred by BK

30.     As set forth in **Exhibit J** attached hereto, and as summarized in **Exhibit K**

attached hereto, BK has incurred a total of $1,083.70 in expenses on behalf of EFH Corp. during

the Fee Period.  These charges are intended to reimburse BK's direct operating costs, which are

not incorporated into the BK hourly billing rates.  BK charges external copying and computer

research at the provider's cost without markup.  Only clients who actually use services of the

types set forth in **Exhibit J** of this Fee Application are separately charged for such services.  The

effect of including such expenses as part of the hourly billing rates would be to impose that cost

upon clients who do not require extensive photocopying and other facilities and services.

## Reasonable and Necessary Services Provided by BK

**A.      Reasonable and Necessary Fees and Expenses Incurred in Providing Services to
EFH Corp.**

31.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code,

the amounts requested for compensation and expense reimbursement are fair and reasonable

given: (a) the complexity of this case; (b) the time expended; (c) the nature and extent of the

services rendered; (d) the value of such services; and (e) the costs of comparable services in non-

bankruptcy cases.

## BK's Requested Compensation and Reimbursement Should Be Allowed

32.     Section 331 of the Bankruptcy Code provides for interim compensation of

professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code

to govern the Court's award of such compensation. Section 330 of the Bankruptcy Code provides

that a court may award a professional employed under section 327 of the Bankruptcy Code

"reasonable compensation for actual necessary services rendered . . . and reimbursement for

actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the

award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the
> court should consider the nature, extend, and the value of such services,
> taking into account all relevant factors, including:
>
> (a)     the time spent on such services;
>
> (b)     the rates charges for such services;
>
> (c)     whether the services were necessary to the
>           administration of, or beneficial at the time at which
>           the service was rendered toward the completion of,
>           a case under this title;
>
> (d)     whether the services were performed within a
>           reasonable amount of time commensurate with the
>           complexity, importance, and nature of the problem,
>           issue, or task addressed; and
>
> (e)     whether the compensation is reasonable based on
>           the customary compensation charges by comparably
>           skilled practitioners in cases other than cases under
>           this title.

11 U.S.C. § 330(a)(3).

33.     BK respectfully submits that the services for which it seeks compensation in this

Fee Application were, at the time rendered, necessary for and beneficial to EFH Corp. and its

estate and were rendered to protect and preserve EFH Corp.'s estate.  BK further believes that it

performed the services for EFH Corp. economically, effectively, and efficiently, and the results

obtained benefited not only EFH Corp., but also EFH Corp.'s estate and stakeholders.  BK

further submits that the compensation requested herein is reasonable in light of the nature, extent,

and value of such services to EFH Corp., its estate, and all parties-in-interest.

34.     During the Fee Period, BK's hourly billing rates for attorneys ranged from

$205.00 to $350.00.  The hourly rates and corresponding rate structure utilized by BK in these

chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by BK

for restructuring, workout, bankruptcy, insolvency, and comparable matters, and similar complex

corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether

a fee application is required.  BK strives to be efficient in the staffing of matters.  These rates and

the rate structure reflect that such matters typically involve great complexity, high stakes, and

severe time pressures—all of which were present in these chapter 11 cases.

35.     Moreover, BK's hourly rates are set at a level designed to compensate BK fairly

for the work of its attorneys and paraprofessionals and to cover certain fixed and routine

overhead expenses.  Hourly rates vary with the experience and seniority of the individuals

assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other

conditions and are consistent with the rates charged elsewhere.

36.     In sum, BK respectfully submits that the professional services provided by BK on

behalf of EFH Corp. and its estate during these chapter 11 cases were necessary and appropriate

given the complexity of these chapter 11 cases, the time expended by BK, the nature and extent

of BK's services provided, the value of BK's services, and the cost of comparable services

outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy

Code.  Accordingly, BK respectfully submits that approval of the compensation sought herein is

warranted and should be approved.

## Reservation of Rights and Notice

37.     It is possible that some professional time expended or expenses incurred during

the Fee Period are not reflected in the Fee Application.  BK reserves the right to include such

amounts in future fee applications.  In addition, EFH Corp. has provided notice of this Fee

Application to:  (a) the U.S. Trustee; (b) counsel to the agent of the EFIH First Lien DIP Facility;

(c) counsel to the agent of the TCEH DIP Facility; (d) counsel to the TCEH Creditors'
Committee; (e) the EFH Creditors' Committee; (f) the Fee Committee; and (g) all parties that
have entered their appearance pursuant to Bankruptcy Rule 2002 (collectively, the "Notice
Parties").

38.     Pursuant to the Interim Compensation Order and the Fee Committee Order, (a)
any Notice Party (other than the Fee Committee) that wishes to object to the Fee Application
must file its objection with the Court, with a copy to Chambers and serve it on BK and the
Notice Parties so that it is **actually received** on or before March 16, 2018 at 4:00 p.m. (Eastern
Daylight Time).

**No Prior Request**

39.     No prior application for the relief requested herein has been made to this or any
other court.

WHEREFORE, BK respectfully requests that the Court enter an order (a) awarding BK
interim compensation for professional and paraprofessional services provided during the Fee
Period in the amount of $34,704.50 and reimbursement of actual, reasonable, and necessary
expenses incurred in the Fee Period in the amount of $1,083.70; (b) authorizing and directing
EFH Corp. to remit payment to BK for such fees and expenses; and (c) granting such other relief
as appropriate under the circumstances.

**BIELLI & KLAUDER, LLC**

Date:  February 23, 2018

*/s/ David M. Klauder*
David M. Klauder (No. 5769)
Cory P. Stephenson (No. 6097)
1204 N. King Street
Wilmington, DE  19801
Phone: (302) 803-4600
Fax: (302) 397-2557
dklauder@bk-legal.com
cstephenson@bk-legal.com

*Co-Counsel to the Debtor*
*Energy Future Holdings Corp.*