# **EXHIBIT A**

**NEXTERA ENERGY, INC'S PROPOSED CONFIRMATION ORDER MODIFICATION**

146. The EFH Plan Administrator Board shall fund a segregated escrow account maintained at Citibank, N.A. (the "NEE Plan Reserve"), with the requisite form of escrow agreement to be negotiated in good faith between NEE, the EFH/EFIH Debtors, and the Supporting Creditors, in the amount of $275,000,000.00 (the "NEE Plan Reserve Amount") within ten business days following the later of: (a) the EFH Effective Date, and (b) entry of an order by the Bankruptcy Court allocating the funding of the NEE Plan Reserve Amount as between EFH Corp. and EFIH (the "NEE Allocation Order"); *provided, however*, that under no circumstances shall EFH Corp.'s ultimate share of the NEE Plan Reserve Amount include the Cash available at EFH Corp. as of the EFH Effective Date necessary to satisfy all Allowed General Administrative Claims against the EFH Debtors and Allowed Priority Claims against the EFH Debtors, in full, in Cash; *provided, further,* that, notwithstanding the foregoing, in no event shall the EFH Plan Administrator Board fund the NEE Plan Reserve in an amount less than $275,000,000.00.

147. The EFH Plan Administrator Board shall not make any Plan distributions to Holders of Allowed Claims in Classes A4-A11, Class B5, or Class B6 until after: (a) the NEE Plan Reserve has been funded in the amount of $275,000,000.00; (b) the NEE Allocation Order has been entered; (c) an order has been entered allocating all other material Claims as between EFH and EFIH (such other order or orders, to the extent not set forth in the NEE Allocation Order, the "Material Allocation Orders"); and (d) all applicable appeal periods with respect to the NEE Allocation Order and the Material Allocation Orders have expired or been waived; *provided, however*, that after the NEE Plan Reserve has been funded in the amount of $275,000,000.00 and upon entry of the NEE Allocation Order and the Material Allocation

Orders, the EFH Plan Administrator Board, in consultation with the Supporting Creditors and in accordance with the EFH Plan Administrator Trust Agreement, the Plan, and this EFH Confirmation Order, shall make good faith efforts to make a supplementary Plan distribution in accordance with such NEE Allocation Order and each of the Material Allocation Orders; *provided, further, however* that any such supplemental distribution shall not be from the NEE Plan Reserve.

148. The EFH/EFIH Debtors, or, following the occurrence of the EFH Effective Date, the EFH Plan Administrator Board shall file a Motion seeking entry of the NEE Allocation Order as soon as practicable following entry of the Confirmation Order and shall make commercially reasonable efforts to seek entry of the NEE Allocation Order within 40 days of such filing (subject to the availability of the Bankruptcy Court to hear such Motion). For the avoidance of doubt, the EFH Effective Date may occur prior to the entry of the NEE Allocation Order or any of the Material Allocation Orders, and that such NEE Allocation Order or Material Allocation Order have not yet been entered shall not be a valid basis to delay the occurrence of the EFH Effective Date.

149. The NEE Plan Reserve Amount shall be released from the NEE Plan Reserve, as follows:

- (a) the full balance of the NEE Plan Reserve, less the $59,505,611.00 sought by NextEra pursuant to the *Application of NextEra Energy, Inc. for Allowance and Payment of Administrative Claim* [D.I. 12671] (the "Secondary Application"), shall be released to the EFH/EFIH Cash Distribution Account upon entry of a Final Order against NEE in connection with the NEE Proceedings;[1] *provided, however,* that:

---

[1] NEE Proceedings shall be defined as: (a) the appellate proceedings in connection with the reconsideration order entered by the Bankruptcy Court on October 18, 2017 [D.I. 12075] (the "Reconsideration Order"); (b) the *Adversary Complaint* [D.I. 11668]; and (c) the briefing schedule set by the Third Circuit regarding a direct, expedited appeal of the Reconsideration Order.

- (1) if, within ten business days of entry of a Final Order against NEE in connection with the NEE Proceedings, NEE files a Motion with the Bankruptcy Court (the "Holdback Motion") seeking to continue to hold funds in the NEE Plan Reserve pending entry of a Final Order with respect to the Secondary Application, then $59,505,611.00 shall continue to be held in the NEE Plan Reserve pending the entry of a Bankruptcy Court Order on the Holdback Motion and, subsequent to entry of such Bankruptcy Court Order, in an amount that is in accordance with such Bankruptcy Court Order.  All parties' rights to oppose the Holdback Motion are fully preserved;

- (2) if NEE does not file the Holdback Motion within ten business days of entry of a Final Order against NEE in connection with the NEE Proceedings, the remaining balance of the NEE Plan Reserve shall be released in full to the EFH/EFIH Cash Distribution Account;

- (b) in the amount of $275,000,000.00 to an account designated by NEE upon entry of a Final Order in favor of NEE in connection with the NEE Proceedings (upon which time the Secondary Application shall be deemed withdrawn without further action by any party); *provided, however*, that, for the avoidance of doubt, NEE shall not recover more than $275,000,000.00 from the NEE Plan Reserve and any amounts in NEE Plan Reserve in excess of $275,000,000.00 shall be released to the EFH/EFIH Cash Distribution Account; or

- (c) in part to the EFH/EFIH Cash Distribution Account and in part to an account designated by NextEra, consistent with the terms of a Final Order in connection with the NEE Proceedings or a settlement related thereto, subject to NEE's right to file a Holdback Motion and all parties' rights to oppose such Holdback Motion as set forth in Paragraph 149(a)(1) hereof.

150. Subject to compliance with the provisions hereof, including the maintenance of the NEE Plan Reserve in an amount of not less than $275,000,000.00 until entry of a Final Order against NEE in connection with the NEE Proceedings, none of the Plan Sponsor, EFH Merger Sub, the Reorganized EFH/EFIH Debtors, or NEE shall have or incur any liability or obligation in connection with the NEE Plan Reserve or the Termination Fee (as defined in [D.I. 11998]).

151. Notwithstanding anything to the contrary in the Plan, the Supporting Creditors shall have the right, to the extent permitted by and in accordance with the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the District of Delaware, and any other

applicable rules or procedures, to: (i) file, pursue, prosecute, and litigate to judgment objections to any Claims, including Administrative Claims, filed or asserted against any of the Debtors or the estates; (ii) appeal, prosecute any appeal, and/or participate in any appeal, including any currently pending appeal, with respect to any order allowing, disallowing, or estimating any Claim, including any Administrative Claim; (iii) receive notice from the EFH Plan Administrator Board, as applicable, of any proposed settlement or compromise of any Disputed Claim; and (iv) request that the Bankruptcy Court estimate any Disputed Claim. All parties' rights with respect to the foregoing are fully preserved.