Page 1

1    UNITED STATES BANKRUPTCY COURT

2    DISTRICT OF DELAWARE

3

4    In re:                              :

5                                        :    Chapter 11

6    ENERGY FUTURE HOLDINGS              :    Case No. 14-10979 (CSS)

7    CORP., et al.,                      :

8           Debtors.                     :    (Jointly Administered)

9    _____:

10

11                               United States Bankruptcy Court

12                               824 North Market Street

13                               Wilmington, Delaware

14                               February 27, 2018

15                               2:08 p.m. - 2:25 p.m.

16

17

18

19

20

21   B E F O R E :

22   HON CHRISTOPHER S. SONTCHI

23   U.S. BANKRUPTCY JUDGE

24

25   ECRO OPERATOR:   UNKNOWN

1    HEARING re Dispute issue by and between the EFH/EFIH

2    Debtors, on the one hand, and Elliott Associates, L.P.,

3    Elliott International, L.P., and The Liverpool Limited

4    Partnership, on the other hand, regarding the proposed form

5    of Order Confirming The First Amended Joint Plan of

6    Reorganization of Energy Future Holdings Corp., Energy

7    Future Intermediate Holding Company LLC, and the EFH/EFIH

8    Debtors Pursuant to Chapter 11 of the Bankruptcy Code in

9    connection with the First Amended Joint Plan of

10   Reorganization of Energy Future Holdings Corp., Energy

11   Future Intermediate Holding Company LLC, and the EFH/EFIH

12   Debtors Pursuant to Chapter 11 of the Bankruptcy Code, dated

13   February 15, 2018 [D.I. 12653]

14

15

16

17

18

19

20

21

22

23

24

25   Transcribed by:  Sonya Ledanski Hyde

1   A P P E A R A N C E S :

2

3   LANDIS RATH & COBB LLP

4         Attorneys for NextEra

5

6   BY:  MATTHEW MCGUIRE

7

8   NORTON ROSE FULBRIGHT

9         Attorneys for NextEra

10

11   BY:  ROBIN BALL

12         ERIC DAUCHER

13

14   KLEHR HARRISON HARVEY BRANZBURG LLP

15         Attorneys for UMB Bank Indenture Trustee

16

17   BY:  RAYMOND LEMISCH

18

19   FOLEY & LARDNER LP

20         Attorneys for UMB Bank Indenture Trustee

21

22   BY:  HAROLD KAPLAN

23

24

25

1    VENABLE LLP

2         Attorneys for PIMCO

3

4    BY:   JEFFREY S. SABIN

5

6    KIRKLAND & ELLIS LLP

7         Attorneys for the Debtors

8

9    BY:   MARK MCKANE

10         APARNA YENAMANDRA

11         PATRICK VENTER

12

13   FOX ROTHSCHILD LLP

14         Attorneys for Sempra Energy

15

16   BY:   JASON MADRON

17

18   UNITED STATES DEPARTMENT OF JUSTICE

19         Attorney for the U.S. Trustee

20

21   BY:   RICHARD L. SCHEPACARTER

22

23

24

25

```
 1    POTTER ANDERSON & CORROON LLP

 2         Attorneys EFIH DIP Agent

 3

 4    BY:  R. STEPHEN MCNEILL

 5

 6    ROPES & GRAY LLP

 7         Attorneys for Elliott

 8

 9    BY:  GREGG GALARDI

10

11    BAYARD PA

12         Attorneys for Elliott

13

14    BY:  ERIN FAY

15

16    APPEARING TELEPHONICALLY:

17    SCOTT L. ALBERINO

18    SAM N. ASHURAEY

19    MATTHEW C. BROWN

20    CHRISTOPHER L. CARTER

21    ALLISTER CHAN

22    MARK A. CODY

23    DANIEL DEFRACESCHI

24    MARK A. FINK

25    MARK FLANNAGAN
```

Page 6

 1   JOSEPH A. FLORCZAK

 2   CHRSTIOPHER FONG

 3   BRIAN GLUECKSTEIN

 4   ISLEY M. GOSTIN

 5   MARK F. HEBBEIN

 6   DANIEL K. HOGAN

 7   JEREMY HOLLEMBEAK

 8   JOSEPH H. HUSTON, JR.

 9   LAURA D. JONES

10   DEBORAH KENNEDY

11   DAVID M. KLAUDER

12   HAL F. MORRIS

13   JOANNA S. NEWDECK

14   RICHARD PEDONE

15   COLIN R. ROBINSON

16   ANDREW ROSENBLATT

17   CHRISTIAN SAE

18   ERIK SCHNEIDER

19   CHRISTOPHER P. SIMON

20   J. KATE STICKLES

21   FREDRIC SOSNICK

22   NACIF TAOUSSE

23   ANGELO THALASSINOS

24   STEPHANIE S. WICKOUSKI

25   BRADY C. WILLIAMSON

1    JACOB A. ADLERSTEIN

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    P R O C E E D I N G S

2                CLERK:  All rise.

3                THE COURT:  Please be seated.  Good afternoon.

4                MR. MCKANE:  Good afternoon, Your Honor.  Mark

5       McKane of Kirkland & Ellis on behalf of the Debtors.  And

6       with me at counsel table are Ms. Aparna Yenamandra and Mr.

7       Patrick Venter.

8                Ms. Yenamandra and Mr. Venter are responsible for

9       getting us through the order and are going to be handling

10      the hearing today.  I'm here just to highlight one thing of

11      potential concern.  Mr. Venter is being held against his

12      will, in Wilmington, until the order is done by Ms.

13      Yenamandra.  And so it's our hope that we get this done

14      today so that they can return home.  Thank you.

15               THE COURT:  All right.  Well, I understand the

16      issues are discrete so we should be able to take care of it

17      in pretty short order.

18               MS. YENAMANDRA:  Good morning, Your Honor.  Or

19      good afternoon, Your Honor.  Aparna Yenamandra from K&E on

20      behalf of the Debtors.

21               Yes, the issues are very discrete, they only

22      relate to Paragraphs 154 and 156 and what we filed about 30

23      minutes ago.  The rest of the changes we've discussed with

24      the parties at issue.  No other party objects to entry of

25      the order, other than Elliott, and Mr. Galardi will address

1    that.

2              We can do however Your Honor would like, I'm happy

3    to discuss the other changes if Your Honor hasn't had an

4    opportunity to read the order --

5              THE COURT:  I --

6              MS. YENAMANDRA:  -- or if you'd like to hear from

7    Mr. Galardi first?

8              THE COURT:  -- reviewed all the changes that were

9    in what Mr. Madron sent over to Ms. Werkheiser about what,

10   about 12?  So if there have been changes from 12 to now, I

11   haven't seen them.  And that's all I would -- other than the

12   open issue with Elliott, that's all I would need you to

13   describe.

14             MS. YENAMANDRA:  Okay.  Other than the open issue

15   with Elliott, there was only one other change and that was

16   to -- it was a very minor change in Paragraph -- it's Page 8

17   of the PDF in the preamble.  I can show Your Honor the

18   change, if you'd like?

19             THE COURT:  Yeah, please approach.  That would be

20   easier.

21             All right.  So you're just adding the dates?  Oh,

22   I see, this was with regard to incorporating the previous

23   asbestos related issues, correct?

24             MS. YENAMANDRA:  Correct.

25             THE COURT:  Okay.

1           MS. YENAMANDRA:  Mr. Hogan flagged that for us

2    this morning.

3           THE COURT:  Okay.  Fine.  All right.  Well --

4           MS. YENAMANDRA:  Can I have just one moment, Your

5    Honor while I confer with Mr. McKane?

6           THE COURT:  Yeah, yeah, yeah.  Of course.

7           MS. YENAMANDRA:  And, Your Honor, as I noted, the

8    only other change is in one of the two paragraphs that Mr.

9    Galardi objects to.  We added the EFH Plan Administrator

10   Board to Paragraph 156.

11          THE COURT:  Right.  Yes, I noticed that. So thank

12   you for making that change.

13          MS. YENAMANDRA:  No problem.

14          THE COURT:  All right.

15          MS. YENAMANDRA:  Your Honor, with that, unless you

16   have any questions I'll turn it over --

17          THE COURT:  No, let me hear from Mr. Galardi.

18          MS. YENAMANDRA:  -- to Mr. Galardi.

19          MR. GALARDI:  Your Honor, first of all, thank you

20   again for accommodating the extra hour.  I hope not to make

21   you regret giving me that extra hour, but I think we can be

22   very short and -- but I do want to sort of summarize,

23   because I think the record is now clear and Your Honor can

24   make your ruling on the language.

25          Last week, only five days ago, Your Honor entered

1    that motion in limine.  Your Honor relied on the motion in

2    limine, and I have the transcript, Your Honor.  You ruled

3    that the interest testimony was irrelevant and you also

4    raised concerns about the timeliness, but you went to the

5    issue on relevance.  Your Honor, as we've said before, we

6    disagreed with that, but that's for another day, but I do

7    think it sets the context.

8           Then in your preliminary remarks you said that it

9    appears to the Court that for several reasons it would be

10   appropriate to condition confirmation on the setting of a

11   reserve in the amount of 275.  You made it clear that that

12   was not a ruling, and as is ordinary in bankruptcy as

13   anything else, that was to get the parties to discuss.  The

14   next day we did try to reach those discussions.

15          Your Honor, with respect to the proceedings that

16   came after that, the Debtors, as Your Honor knows, and this

17   is the subject of the order, agreed to reserve and did so

18   without interest.  Yesterday Your Honor ruled that

19   1129(a)(9)(A) did not require the reserve.  So there was no

20   confirmation issue on interest and that's appropriate.

21          Your Honor also ruled that the Debtors could

22   simply give a reserve in its discretion.  And we objected on

23   procedural grounds, and frankly, we are shocked, I will say,

24   that other than UMB, the other trustees did not object on

25   those grounds, given that it is going to delay their

1    distributions for a significant period of time.  And in the

2    case of EFH it's going to require no reserve, it's going to

3    require no distributions for a while.

4           Your Honor, ruled, at the motion in limine on 6-A

5    and 6-C, as we made clear yesterday, the actual plan says,

6    in 7-C, that there was going to be an estimation of zero.

7    Elliott believes, on behalf of all of the Creditors, that

8    the bottom line is the Court is approving the Debtor is

9    giving a $275 million interest free loan to NextEra until

10   there is whatever cause shown -- we'll talk about that --

11   and we oppose.

12          We oppose the reserve, and I want to reiterate

13   that and think it was procedurally improper.  But if Your

14   Honor says it's procedurally -- is proper, then we are

15   requesting that there be no standard.  The Creditors have

16   not had the time to go and contest what is -- whether it's

17   business judgment, whether it's their discretion, whether

18   it's 363, the Creditors believe that they should be entitled

19   to come back to this Court in short order to challenge that

20   last minute decision that was not required by the plan and

21   was only decided within the last five days.

22          So Your Honor, with respect to the language, to

23   add anything to this at all, much less have the reserve for

24   good cause shown, or for cause, we think is inappropriate.

25          If Your Honor is inclined to grant the language as

Page 13

```
1    suggested, I would point out two things.  And I hate to rely

2    on Black's Law Dictionary, but I will.  For the first 154 it

3    goes for good cause shown.  Your Honor, with respect to

4    that, that goes to whether the bankruptcy court order has to

5    be entered for good cause shown.  And when you look at

6    Black's Law Dictionary, it says "a legally justifiable

7    reasons."  But then, again, lawyering be what it is, in 156,

8    in Section 4, it says, "for good cause shown Creditors may

9    seek."  Your Honor, the local rules, I think, the bankruptcy

10   rules say for cause.

11           We should have the right, if Your Honor enters

12   this at all, for any cause, which just means, under Black's

13   Law Dictionary, for a reason specified, which we would

14   always specify, to seek the relief.  It's up to Your Honor

15   to make the final decision.  But Your Honor we believe it

16   should only be for cause that any Creditor can seek that

17   review.

18           And again, the lower the standard we think is

19   important because we think there are notice issues with

20   respect to the Debtors' exercising its discretion.  Thank

21   you, Your Honor.

22           THE COURT:  You're welcome.

23           Response, if any?

24           MR. MCKANE:  Your Honor, we, as the Debtors, stand

25   by our decision to put the 275 in reserve as a reasonable
```

1    step to resolve a dispute and move forward in confirmation.

2    We recognize Your Court's order on that.

3              When we argued for the reserve, we argued that

4    there should be an opportunity for folks to come back and

5    address that issue and we stand by what we think is an

6    appropriate and really modest threshold standard of good

7    cause shown.

8              THE COURT:  Thank you.

9              MR. DAUCHER:  Your Honor, Eric Daucher on behalf

10   of NextEra.  We thought Your Honor's ruling yesterday was

11   quite clear.  You didn't give us everything that we asked

12   for, you told us that 60(b) was not going to be the standard

13   so we haven't asked the Debtors to put 60(b) in the order.

14   We think you were quite clear that there did need to be some

15   standard, whether that was materiality or for good cause

16   shown.  The Debtors had selected their language and we've

17   accepted that.  We ask you stand by the ruling you made

18   yesterday.  Thank you.

19             THE COURT:  All right.  Thank you.

20             All right.  Yeah?

21             MR. GALARDI:  No further comments, Your Honor.

22             THE COURT:  Okay.  Thank you, Mr. Galardi.  Well,

23   a couple things.  One, I have already ruled and I think I

24   ruled on the issues that are raised today, but I'll clarify.

25             I did find that 1129(a)(9) did not require setting

Page 15

1    aside the reserve.  I didn't say -- but that the Debtors had

2    the discretion to do so, it was their plan, they had filed

3    the plan with the reserve in it and there was, with that

4    discretion the Court wasn't going to stand in the way of

5    setting that reserve.

6           What I didn't say, which is something I mentioned

7    on Thursday, is that I believe that there is a very

8    important integrity of judicial process point here in order

9    to preserve the jurisdiction and ability of the Third

10   Circuit to enact meaningful relief on an appeal, that is

11   well along its way to completion of briefing and setting up

12   a panel and argument, and hopefully disposition, although of

13   course it will take the time it takes.

14          I think that it's particularly important to

15   preserve the integrity of the judicial process here where

16   the Third Circuit is reviewing a motion for reconsideration

17   and not a "trial on the merits" of that claim.  And also, of

18   course, the reality is that if I were to allow all the money

19   to go out, although there are difficult and expensive ways,

20   perhaps, to recover that money in the end of the day by

21   NextEra, it would, in practical terms, make that very

22   difficult and deny NextEra of an opportunity to be -- to

23   receive what it might be legally entitled to.  And more

24   importantly, would remove the ability for the Third Circuit

25   to provide meaningful relief on the pending appeal.

1          I think that is a condition that I didn't mention,

2     because it wasn't necessary, that would put me in a position

3     to require, as I mentioned on Thursday, or condition

4     approval of the confirmation of the plan on setting aside

5     the reserve.  So shame on me for not being more specific.  I

6     didn't feel we needed to get there, but I do reiterate that.

7          So even though 1129(a)(9) doesn't require the

8     reserve, I think there are issues of judicial integrity and

9     the preservation of judicial process -- and Philly Newspaper

10    touches right on this.  I mean, the Court comes out and says

11    that's what should have been done, even though not required,

12    although it says that's what the -- should have been done

13    under the plan, it doesn't say under the law, so a critical

14    distinction.  But I think Philly Newspapers is supportive.

15         But the reality is, again, I don't think any

16    procedurally improper has happened here.  I don't think it's

17    procedurally improper for the Debtors to put the reserve in

18    place.  I don't think it was procedurally improper for the

19    Court to approve that and overrule the objection of Elliott

20    on that issue, on the -- and the objection of NextEra, at

21    least in part.

22         But at the same time, let's get to the nub.  This

23    good cause standard, and again I ruled on this, but I'll

24    reiterate, I am concerned that we're going to be back here

25    in a week having deja vu all over again, and having another

Page 17

1    hearing on this.  And that's not appropriate or helpful

2    because the Court has made a decision to approve the

3    reserve.  At the same time having the reserve staying in

4    place forever makes no sense, because there may be events

5    that occur that are not currently -- not currently occur,

6    but there may be events or situations that change in the

7    future that may make it appropriate to reduce or eliminate

8    the reserve.

9            One hypothetical which Mr. McKane threw out was if

10   I get affirmed by the Third Circuit, and NextEra seeks en

11   banc review, and that's denied, and then NextEra seeks a

12   certiorari petition from the Supreme Court, where there's no

13   circuit split here or really any controlling law to do it,

14   I'm not saying I would, but that might be a situation where

15   the Court would change its mind.

16           But I don't want that to be willy nilly, I want

17   there to be some sort of threshold.  And I think it's

18   appropriate for there to be a specified standard.  I don't

19   want it to be Rule 60(b).  I don't want to make Elliott or

20   any other Creditor jump through those hoops.  But I think

21   it's appropriate that there be even a modicum, even a low

22   threshold, and good cause shown is about as low as you can

23   have, that specifies, you know, when I get that motion in

24   six months, and we have a contested hearing I'll know what

25   to apply in connection with the burden of proof.  And the

1   world will know what to apply in connection with the burden

2   of proof.

3            So I think the language proposed by the Debtors is

4   what I required yesterday, what I ruled yesterday had to be

5   put in place.  And what I reiterate today is the appropriate

6   language to have in the order.  So I'm going to overrule

7   Elliott's objection.  There are no other issues with the

8   form of order and I'm -- if you have a clean, I'm happy to

9   sign it, as long as it has all the exhibits it needs, of

10  course.

11           MS. YENAMANDRA:  Yes, Your Honor.  We have a clean

12  with the plan attached.  And my personal tradition of

13  excellence, there's a typo in the plan that we have fixed.

14  It is a duplicative defined term.  I have a one-page redline

15  here that I will give Your Honor together with the signing

16  folder.  If I may approach?

17           THE COURT:  You may.  Okay.  Oh, it's in there

18  twice?  Okay.

19           All right.  Where are you going, Mr. Venter?

20  Where's home?

21           MR. VENTER:  Back to New York, sir.

22           THE COURT:  New York?

23           MS. YENAMANDRA:  I'm otherwise a kind and

24  benevolent leader.

25           THE COURT:  I thought maybe San Francisco, LA.

Page 19

1          MAN:  Exactly.

2          MR. VENTER:  I think we're --

3          THE COURT:  You can go to New York any time.

4          MR. VENTER:  -- due for a Caribbean trip after

5     this one.

6          THE COURT:  All right.  Well, I am going to

7     release everybody by signing the confirmation order.

8          MS. YENAMANDRA:  Thank you, Your Honor.  And thank

9     you again for your time today.

10         THE COURT:  What's the date?

11         MR. MCKANE:  27th, Your Honor.

12         THE COURT:  27th?

13         MR. MCKANE:  27th, Your Honor.

14         THE COURT:  All right.  Anything further?  Thank

15    you very much.

16         GROUP:  Thank you, Your Honor.

17         THE COURT:  I'll get the order on the docket as

18    soon as possible and we are adjourned.

19

20                        * * * * *

21

22

23

24

25

Page 20

1                    C E R T I F I C A T I O N

2

3        I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5

6    Sonya          Digitally signed by Sonya Ledanski
                    Hyde
     Ledanski Hyde  DN: cn=Sonya Ledanski Hyde, o, ou,
                    email=digital1@veritext.com, c=US
7                   Date: 2018.02.28 16:16:52 -05'00'

8    Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  February 28, 2018