

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Re: D.I. 12653 |

### ORDER CONFIRMING THE FIRST AMENDED JOINT PLAN
### OF REORGANIZATION OF ENERGY FUTURE HOLDINGS CORP.,
### ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC, AND THE
### EFH/EFIH DEBTORS PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

The above-captioned debtors and debtors in possession (collectively, the "Debtors"),[2]

including the EFH/EFIH Debtors, having, as applicable:

    a. commenced, on April 29, 2014 (the "Petition Date"), the chapter 11 cases (including, collectively, the chapter 11 cases of the TCEH Debtors, the EFH Shared Services Debtors, the EFH Debtors, and the EFIH Debtors) (the "Chapter 11 Cases") by filing voluntary petitions in the United States Bankruptcy Court for the District of Delaware (the "Court") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

    b. continued to operate their businesses and manage their properties as debtors in possession in accordance with sections 1107(a) and 1108 of the Bankruptcy Code;

    c. filed on August 10, 2015, (i) the *Motion of Energy Future Holdings Corp., et al., to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter Into and Perform Under the Settlement Agreement* [D.I. 5249] (the "Settlement Motion") and (ii) *Motion of Energy Future Holdings Corp., et al., to Authorize the Debtors to Enter Into and Perform Under the Plan Support Agreement* [D.I. 5248];

---

[1]   The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]   Capitalized terms used but not otherwise defined in these findings of fact, conclusions of law, and order (collectively, the "EFH Confirmation Order") have the meanings given to them in the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* dated February 15, 2018 [D.I. 12653], attached hereto as **Exhibit A** (the "Plan"). The rules of interpretation set forth in Article I.B of the Plan apply to this EFH Confirmation Order.

d.  filed on November 23, 2015, the *Notice of Settlement Among Debtors, EFH Committee, EFH Notes Trustee, Plan Sponsors, Consenting TCEH First Lien Creditors, and TCEH Committee* [D.I. 7090]; as amended by the *Amended Notice of Settlement Among Debtors, EFH Committee, EFH Notes Trustee, Plan Sponsors, Consenting TCEH First Lien Creditors, and TCEH Committee* [D.I. 7031], filed on November 24, 2015 (the "EFH/EFIH Committee Settlement");

e.  filed on August 5, 2016, the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 9199];

f.  filed on August 16, 2016, the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 9321] with modifications, supplements, and amendments filed thereafter on August 23, 2016 [D.I. 9374] (the "TCEH Confirmed Plan");

g.  filed on February 17, 2017, the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Approving the EFIH Settlement Between the Debtors, Certain Holders of EFIH First Lien Note Claims, Certain Holders of EFIH Second Lien Note Claims, and Certain EFIH Unsecured Note Claims* [D.I. 10858];

h.  filed on July 7, 2017, the *Motion of EFH/EFIH Debtors for Entry of an Order Scheduling Certain Dates and Deadlines and Establishing Certain Protocols in Connection with Confirmation of the Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 11425];

i.  filed on July 7, 2017, (a) the *Motion of EFH/EFIH Debtors for Entry of an Order (A) Approving the EFH Disclosure Statement, (B) Establishing the Voting Record Date, Voting Deadline, and Other Dates, (C) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan, and (D) Approving the Manner and Forms of Notice and Other Related Documents* [D.I. 11428]; (b) the *Disclosure Statement for the Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 11427] (as amended, modified, and supplemented at D.I. 11805, D.I. 11857, D.I. 11889, the "EFH Disclosure Statement"); and (c) the *Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, modified, and supplemented on August 23, 2017 [D.I. 11803], September 5, 2017 [D.I. 11854], and September 11, 2017 [D.I. 11887]);

j.  filed on July 7, 2017, the *Notice of Filing of Letters Terminating (A) the NEE Plan Support Agreement and (B) the NEE Merger Agreement* [D.I. 11424];

k.  filed on July 10, 2017, the *Notice of Filing of (A) Letter Terminating the PIK Plan Support Agreement and (B) Additional "Cleansing" Materials Under That Certain Confidentiality Agreement with Elliott Capital Management* [D.I. 11435];

l.  filed on July 11, 2017, the *Notice that the NextEra Plan and NextEra Plan Confirmation Order Have Been Rendered Null and Void* [D.I. 11446];

m.  filed on August 22, 2017, the *Second Re-Notice of the Motion of EFH/EFIH Debtors for Entry of an Order (A) Approving the EFH Disclosure Statement, (B) Establishing the Voting Record Date, Voting Deadline, and Other Dates, (C) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan, and (D) Approving the Manner and Forms of Notice and Other Related Documents* [D.I. 11795];

n.  filed on August 23, 2017, the *Amended and Superseding Motion of the E-Side Debtors for An Order (A) Authorizing Entry into the Merger Agreement and Approving the Termination Fee and (B) Authorizing Entry into and Performance Under the Plan Support Agreement* [D.I. 11801];

o.  filed on September 1, 2017, the *Declaration of David Ying in Support of the Amended and Superseding Motion of the E-Side Debtors for an Order (A) Authorizing Entry Into the Merger Agreement and Approving the Termination Fee and (B) Authorizing Entry Into and Performance Under the Plan Support Agreement* [D.I. 11852];

p.  filed on September 27, 2017, the *Affidavit of Service of Forrest Kuffer (Certification of Counsel Concerning Revised Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with Confirmation of the Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code)* [D.I. 11953];

q.  filed on October 20, 2017, the *Supplement for the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12104] (as amended, modified, and supplemented from time to time, including at [D.I. 12685], the "EFH Plan Supplement");

r.  filed on October 20, 2017, the *Affidavit of Publication of John Wier of Notice of Hearing to Consider Confirmation of the Chapter 11 Plan and Related Voting and Objection Deadlines in the Wall Street Journal* [D.I. 12100]; the *Affidavit of Publication of Jay H. Heyman of Notice of Hearing to Consider Confirmation of the Chapter 11 Plan and Related Voting and Objection Deadlines in the Waco Tribune* [D.I. 12099]; *Affidavit of Publication of Toussaint Hutchinson of Notice of Hearing to Consider Confirmation of the Chapter 11 Plan and Related Voting and Objection Deadlines in USA Today* [D.I. 12098]; *Affidavit of Publication of Victoria Bond of Notice of Hearing to Consider Confirmation of the Chapter 11 Plan and Related Voting and Objection Deadlines in the Houston Chronicle* [D.I. 12097]; *Affidavit of*

*Publication of Jay H. Heyman of Notice of Hearing to Consider Confirmation of the Chapter 11 Plan and Related Voting and Objection Deadlines in the Fort Worth Star Telegram* [D.I. 12096]; *Affidavit of Publication of Dan Navarro of Notice of Hearing to Consider Confirmation of the Chapter 11 Plan and Related Voting and Objection Deadlines in the Dallas Morning News* [D.I. 12095]; and *Affidavit of Publication of Georgia Lawson of Notice of Hearing to Consider Confirmation of the Chapter 11 Plan and Related Voting and Objection Deadlines in the Corpus Christi Caller-Times* [D.I. 12094] (collectively, the "EFH Publication Affidavits");

s.  filed on October 31, 2017, the *Affidavit / Declaration of Services of Solicitation Materials for the EFH/EFIH Debtors (Redacted)* [D.I. 12157] (the "EFH Solicitation Affidavit");

t.  filed on November 1, 2017, the *Certification of Ballots* [D.I. 12164] (the "EFH Voting Report");

u.  filed on January 25, 2018, the *Notice of Hearing to Consider Confirmation of the Chapter 11 Plan as it Applies to the EFH/EFIH Debtors and Related Matters* [D.I. 12512] (the "EFH Confirmation Hearing Notice");

v.  filed on February 2, 2018, the *Motion of Energy Future Holdings Corp., et al., for Entry of an Order Approving the Settlement Between the Debtors and Sempra and Approving the Agreed Amendment to the Merger Agreement* [D.I. 12571];

w.  filed on February 14, 2018, the *Affidavit of Service (Notice of Hearing to Consider Confirmation of the Chapter 11 Plan as it Applies to the EFH/EFIH Debtors and Related Matters)* [D.I. 12629];

x.  filed on February 15, 2018, the proposed *Order Confirming the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [12655-1];

y.  filed on February 17, 2018, the *Debtors' Memorandum of Law in Support of the Confirmation of the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12666] (the "EFH Confirmation Memorandum");

z.  filed on February 17, 2018, the *Declaration of Jonathan F. Ganter, Esq. in Support of Debtors' Memorandum of Law in Support of the Confirmation of the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12668] (the "EFH Confirmation Memorandum Declaration");

aa.  admitted on February 26, 2018, the *Declaration of Anthony Horton in Support of the Confirmation of the First Amended Joint Plan of Reorganization of Energy Future*

*Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* (the "<u>Horton Declaration</u>" and "<u>D-DIR Horton</u>");

bb. admitted on February 26, 2018, the *Declaration of John Stuart in Support of the Confirmation of the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* (the "<u>Stuart Declaration</u>" and "<u>D-DIR Stuart</u>");and

cc. admitted on February 26, 2018, the *Declaration of Andrew M. Wright in Support of the Confirmation of the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* (the "<u>Wright Declaration</u>" and "<u>D-DIR Wright</u>").

This Court having:

a. entered the *Order Authorizing Debtors to Enter Into and Perform Under Plan Support Agreement* [D.I. 6097] (the "<u>Original PSA Order</u>" and the Plan Support Agreement approved thereto, the "<u>Original PSA</u>") on September 19, 2015;

b. entered the Order Approving Settlement Among Debtors, EFH Committee, EFH Notes Trustee, and Certain Other Parties [D.I. 7143] on November 25, 2015;

c. entered the *Order Granting the Motion of Energy Future Holdings Corp., et al., to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter into and Perform Under the Settlement Agreement* [D.I. 7243] on December 7, 2015;

d. entered the *Order (Amended) Confirming the Sixth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 7285] (the "<u>Original Confirmation Order</u>" and the approved plan of reorganization attached thereto, the "<u>Original Confirmed Plan</u>") on December 9, 2015;

e. entered the *Order Confirming the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors and EFH Shared Services Debtors* [D.I. 9421] (the "<u>TCEH Confirmation Order</u>") on August 29, 2016;

f. entered the *Order Approving the EFIH Settlement Between the Debtors, Certain Holders of EFIH First Lien Note Claims, Certain Holders of EFIH Second Lien Note Claims, and Certain Holders of EFIH Unsecured Note Claims* [D.I. 11048] on March 24, 2017;

g. entered the *Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with Confirmation of the Joint Plan of*

RLF1 18943815v.1

*Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* on July 28, 2017 [D.I. 11628];

h.  entered the *Amended and Superseding Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with Confirmation of the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* on August 29, 2017 [D.I. 11835] (as amended, modified, and supplemented at D.I. 12279 and 12519, the "EFH Scheduling Order");

i.  set October 30, 2017 as the preliminary deadline for filing objections to the Plan and December 19, 2017 as the final deadline for filing objections to the Plan (collectively, the "EFH Plan Objection Deadline");

j.  set October 30, 2017, at 4:00 p.m. (prevailing Eastern Time) as the deadline for voting on the Plan (the "Voting Deadline");

k.  entered the *Order (A) Approving the EFH Disclosure Statement, (B) Establishing the Voting Record Date, Voting Deadline and Other Dates, (C) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan, and (D) Approving the Manner and Forms of Notice and Other Related Documents* on September 6, 2017 [D.I. 11870] (the "EFH Disclosure Statement Order" and the solicitation materials approved therein, the "EFH Solicitation Packages");

l.  entered the *Order (Corrected) (A) Authorizing Entry Into Merger Agreement and Approving Termination Fee and (B) Authorizing Entry Into and Performance Under Plan Support Agreement* on September 7, 2017 [D.I. 11873];

m.  entered the *Opinion* on October 3, 2017 on the motion for reconsideration of an order approving, among other things, a Termination Fee (as defined in [D.I. 11998]) in the amount of $275 million [D.I. 11998];

n.  entered the *Order Granting the Motion to Reconsider of Elliott Associates, L.P. and Denying the Application of NextEra Energy Inc. for Payment of Administrative Claim* on October 18, 2017 [D.I. 12075];

o.  entered the *Supplement to Amended and Superseded Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with Confirmation of the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* on November 28, 2017 [D.I. 12279]

p.  entered the *Stipulation and Proposed Order* on December 1, 2017 [D.I. 12294].

q. entered the *Order Denying Motion to Stay Pending Appeal* on December 11, 2017 [D.I. 12327] and amended on December 12, 2017 [D.I. 12334];

r. entered the *Second Supplement to Amended and Superseding Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with Confirmation of the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* on January 28, 2018 [D.I. 12519];

s. set February 26, 2018, at 10:00 a.m. (prevailing Eastern Time) as the date and time for the commencement of the EFH Confirmation Hearing in accordance with Bankruptcy Rules 3017 and 3018 and sections 1126, 1128, and 1129 of the Bankruptcy Code;

t. entered the *Stipulation and Order* [D.I. 12547];

u. entered the *Order Approving (I) the Settlement Between the Debtors and Sempra and (II) the Agreed Amendment to the Merger Agreement* [D.I. 12631];

v. entered the *Stipulation and Order* [D.I. 12703] on February 23, 2018 (the "Stipulation"), reflecting agreement between the Asbestos Objectors and the Debtors regarding Confirmation Proceedings (as defined in the Stipulation) with respect to the Plan;

w. reviewed the Plan, the EFH Disclosure Statement, the EFH Confirmation Memorandum, and the EFH Confirmation Memorandum Declaration, the EFH Voting Report, and all pleadings, exhibits, statements, responses, and comments regarding EFH Confirmation, including all objections, statements, and reservations of rights filed by parties in interest on the docket of the Chapter 11 Cases and all closing materials tendered to the Court at closing arguments heard on February 26, 2018;

x. held the EFH Confirmation Hearing on February 26, 2018;

y. heard the statements and arguments made by counsel in respect of EFH Confirmation;

z. considered all oral representations, live testimony, written direct testimony, designated deposition testimony, exhibits, documents, filings, and other evidence presented at the EFH Confirmation Hearing;

aa. entered rulings on the record at the EFH Confirmation Hearing (the "EFH Confirmation Ruling");

bb. overruled any and all objections to the Plan and to EFH Confirmation, except as otherwise stated or indicated on the record, and all statements and reservations of rights not consensually resolved or withdrawn unless otherwise indicated; and

cc. taken judicial notice of all papers and pleadings filed in the Chapter 11 Cases.

NOW, THEREFORE, the Court having found that notice of the EFH Confirmation Hearing and the opportunity for any party to object to the Confirmation of the Plan ("EFH Confirmation") has been adequate and appropriate as to all parties affected or to be affected by the Plan and the transactions contemplated thereby, and the legal and factual bases set forth in the documents filed in support of EFH Confirmation and all evidence proffered or adduced by counsel at the EFH Confirmation Hearing and as to Shirley Fenicle, individually and as successor-in-interest to the Estate of George Fenicle, David William Fahy, John H. Jones, David Heinzmann, Harold Bissell, Kurt Carlson, Robert Albini, individually and as successor-in-interest to the Estate of Gino Albini, and Denis Bergschneider (collectively, the "Asbestos Objectors"), having considered the findings of fact and rationales for the conclusions of law announced by the Court in the Chapter 11 Cases related to asbestos-related claims, including but not limited to those made on the record at hearings (including but not limited to the December 3, 2015, and September 19, 2016, February 17, 2017, and February 26, 2018 hearings) and the order confirming the Original Confirmed Plan, the NextEra Plan, the *Order (A) Setting Bar Date for Filing Asbestos Proofs of Claim, (B) Approving the Form of and Manner for Filing Asbestos Proofs of Claims, and (C) Approving Notice Thereof* [D.I. 5171] entered on July 30, 2015, the *Order Denying the Amended Motion for Application of Fed. R. Bankr. P. 7023 to this Proceeding and to Certify a Class Pursuant to FRCP Rule 23* [D.I. 7383] entered on December 16, 2015, the TCEH Confirmation Order, and the opinion [D.I. 10414] and order [D.I. 10415] entered on December 19, 2016, denying the Motion to Dismiss, establish just cause for the relief granted herein; and after due deliberation thereon and good cause appearing therefor, the Court hereby makes and issues the following findings of fact, conclusions of law, and order:

## I.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

IT IS HEREBY DETERMINED, FOUND, ADJUDGED, DECREED, AND ORDERED THAT:

### A.    Jurisdiction and Venue.

1.    On the Petition Date, the Debtors commenced the Chapter 11 Cases.  Venue in this Court was proper as of the Petition Date and remains proper under 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2).  The Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1334.  The Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

### B.    Eligibility for Relief.

2.    The EFH/EFIH Debtors were and continue to be entities eligible for relief under section 109 of the Bankruptcy Code.

### C.    Commencement and Joint Administration of the Chapter 11 Cases.

3.    On June 5, 2014, the Court entered an order [D.I. 849] authorizing the joint administration of the Chapter 11 Cases in accordance with Bankruptcy Rule 1015(b).  The Debtors have operated their businesses and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

4.    On May 13, 2014, the U.S. Trustee appointed the Official Committee of TCEH Unsecured Creditors representing the interests of the unsecured creditors of the TCEH Debtors and EFH Corporate Services in the Chapter 11 Cases [D.I. 420] (the "TCEH Committee").  On October 27, 2014, the U.S. Trustee appointed the Official Committee of Unsecured Creditors

representing the interests of the unsecured creditors for EFH, EFIH, EFIH Finance, Inc., and EECI, Inc. in the Chapter 11 Cases [D.I. 2570] (the "EFH/EFIH Committee").

**D.    Plan Supplement.**

5.      Commencing October 20, 2017 [D.I. 12104], and continuing thereafter, including on February 22, 2018 [D.I. 12685], the EFH/EFIH Debtors filed the EFH Plan Supplement with the Court.  The documents identified in the EFH Plan Supplement were filed as required and notice of such documents was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases and was in compliance with the provisions of the Plan, the EFH Disclosure Statement Order, the Bankruptcy Code, and the Bankruptcy Rules.  All parties required to be given notice of the documents identified in the EFH Plan Supplement have been provided due, proper, timely, and adequate notice and have had an opportunity to appear and be heard with respect thereto.  The transmittal and notice of the EFH Plan Supplement (and all documents identified therein) was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases and was conducted in good faith.  No other or further notice with respect to the EFH Plan Supplement (and all documents identified therein) is necessary or shall be required. Pursuant to the Plan, the Parties entitled to amend the documents contained in the Plan Supplement shall be entitled to amend such documents in accordance with their respective terms and Article X of the Plan through and including the EFH Effective Date.

**E.    Modifications to the Plan.**

6.      Pursuant to section 1127 of the Bankruptcy Code, the modifications to the Plan described or set forth in this EFH Confirmation Order constitute technical changes, changes with respect to particular Claims by agreement with Holders of such Claims, or modifications that do not otherwise materially and adversely affect or change the treatment of any other Claim or Interest.  These modifications are consistent with the disclosures previously made pursuant to the

10

EFH Disclosure Statement and solicitation materials served pursuant to the EFH Disclosure Statement Order, and notice of these modifications was adequate and appropriate under the facts and circumstances of the Chapter 11 Cases.

7.      In accordance with Bankruptcy Rule 3019, these modifications do not require additional disclosure under section 1125 of the Bankruptcy Code or the resolicitation of votes under section 1126 of the Bankruptcy Code, and they do not require that Holders of Claims and Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan. To the extent there is any conflict or inconsistency between the Plan and this EFH Confirmation Order, this EFH Confirmation Order shall govern.

**F.     Objections Overruled.**

8.      Any resolution or disposition of objections to EFH Confirmation explained or otherwise ruled upon by the Court on the record at the EFH Confirmation Hearing is hereby incorporated by reference. All unresolved objections to Confirmation of the Plan are hereby overruled on the merits.

**G.     EFH Disclosure Statement Order and EFH Scheduling Order.**

9.      On September 7, 2017, the Court entered the EFH Disclosure Statement Order [D.I. 11870], which, among other things, fixed October 30, 2017, as the Voting Deadline. On August 29, 2017 the Court entered the EFH Scheduling Order [D.I. 11835], which was supplemented by the Court on November 28, 2017 [D.I. 12279] and January 28, 2018 [D.I. 12519], which, among other things, fixed October 30, 2017, as the preliminary EFH Plan Objection Deadline and set December 19, 2017 as the final EFH Plan Objection Deadline.

**H.     Transmittal and Mailing of Materials; Notice.**

10.     As evidenced by the EFH Solicitation Affidavits, the EFH Publication Affidavits, and the EFH Voting Report, the EFH/EFIH Debtors provided due, adequate, and sufficient

11

notice of the Plan, the EFH Disclosure Statement, the EFH Disclosure Statement Order, the EFH Scheduling Order, the EFH Solicitation Packages, the EFH Confirmation Hearing Notice, the EFH Plan Supplement, and all the other materials distributed by the Debtors in connection with EFH Confirmation in compliance with the Bankruptcy Rules, including Bankruptcy Rules 2002(b), 3017, 3019, and 3020(b), the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), and the procedures set forth in the EFH Disclosure Statement Order. The EFH/EFIH Debtors provided due, adequate, and sufficient notice of the EFH Plan Objection Deadline, the EFH Confirmation Hearing (as may be continued from time to time), and any applicable bar dates and hearings described in the Plan, EFH Disclosure Statement Order and EFH Scheduling Order in compliance with the Bankruptcy Code, the Bankruptcy Rules, the EFH Disclosure Statement Order and the EFH Scheduling Order. No other or further notice is or shall be required.

## I.    Solicitation.

11.    The EFH/EFIH Debtors solicited votes for acceptance and rejection of the Plan in good faith, and such solicitation complied with sections 1125 and 1126, and all other applicable sections, of the Bankruptcy Code, Bankruptcy Rules 3017, 3018, and 3019, the EFH Disclosure Statement Order, and all other applicable rules, laws, and regulations.

## J.    EFH Voting Report.

12.    Prior to the EFH Confirmation Hearing, the EFH/EFIH Debtors filed the EFH Voting Report. The procedures used to tabulate ballots were fair and conducted in accordance with the EFH Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and all other applicable rules, laws, and regulations.

13.     As set forth in the Plan and the EFH Disclosure Statement, Holders of Claims in Classes A4, A5, A6, A7, A8, A9, A10, A11, B5, and B6 (collectively, the "Voting Classes") were eligible to vote to accept or reject the Plan in accordance with the EFH Solicitation Procedures. Holders of Claims and Interests in Classes A1, A2, A3, B1, B2, B3, B4, and B9 (collectively, the "Deemed Accepting Classes") are Unimpaired and conclusively presumed to accept the Plan and, therefore, could not vote to accept or reject the Plan. Holders of Claims or Interests in Classes A13, A15, B8, and B10 (collectively, the "Deemed Rejecting Classes") are Impaired under the Plan, entitled to no recovery under the Plan, and are therefore deemed to have rejected the Plan. Holders of Claims and Interests in Classes A12, A14, and B7 are either Unimpaired and conclusively presumed to have accepted the Plan (to the extent reinstated), or are Impaired and deemed to reject the Plan (to the extent cancelled and released), and, in either event, are not entitled to vote to accept or reject the Plan.

14.     As evidenced by the Voting Report, all Voting Classes voted to accept the Plan.

## K.     Bankruptcy Rule 3016.

15.     The Plan is dated and identifies the Entities submitting it, thereby satisfying Bankruptcy Rule 3016(a). The EFH/EFIH Debtors appropriately filed the EFH Disclosure Statement and the Plan with the Court, thereby satisfying Bankruptcy Rule 3016(b).

## L.     Burden of Proof.

16.     The Debtors, as proponents of the Plan, have satisfied their burden of proving the elements of sections 1129(a) and 1129(b) of the Bankruptcy Code by a preponderance of the evidence, the applicable evidentiary standard for Confirmation. Further, the Debtors have proven the elements of sections 1129(a) and 1129(b) by clear and convincing evidence.

17.     The EFH/EFIH Debtors have satisfied their burden under section 363 of the Bankruptcy Code to demonstrate that all actions to be taken under the Plan pursuant to the EFH

13

Confirmation Order, and related transactions, transfers, and settlements are in the respective best interests of their estates. For the avoidance of doubt, entry by the EFH/EFIH Debtors into the Tax Matters Agreement, the Transition Services Agreement, and the Separation Agreement was approved pursuant to the TCEH Confirmation Order, effective as of the TCEH Effective Date.

## M.      Compliance with the Requirements of Section 1129 of the Bankruptcy Code.

18.      The Plan complies with all applicable provisions of section 1129 of the Bankruptcy Code as follows:

### a.      Section 1129(a)(1)—Compliance of the Plan with Applicable Provisions of the Bankruptcy Code.

19.      The Plan complies with all applicable provisions of the Bankruptcy Code, including sections 1122 and 1123, as required by section 1129(a)(1) of the Bankruptcy Code.

#### i.      Sections 1122 and 1123(a)(1)—Proper Classification.

20.      The classification of Claims and Interests under the Plan is proper under the Bankruptcy Code. In accordance with sections 1122(a) and 1123(a)(1) of the Bankruptcy Code, Article III of the Plan provides for the separate classification of Claims and Interests into sixteen different Classes in respect of the EFH Debtors and ten different classes in respect of the EFIH Debtors, based on differences in the legal nature or priority of such Claims and Interests (other than Administrative Claims, Professional Fee Claims, and Priority Tax Claims, which are addressed in Article II of the Plan and are required not to be designated as separate Classes by section 1123(a)(1) of the Bankruptcy Code). Valid business, factual, and legal reasons exist for the separate classification of the various Classes of Claims and Interests created under the Plan, the classifications were not implemented for any improper purpose, and the creation of such Classes does not unfairly discriminate between or among Holders of Claims and Interests.

14

21.    In accordance with section 1122(a) of the Bankruptcy Code, each Class of Claims or Interests contains only Claims or Interests substantially similar to the other Claims or Interests within that Class. Accordingly, the Plan satisfies the requirements of sections 1122(a), 1122(b), and 1123(a)(1) of the Bankruptcy Code.

### ii.    Section 1123(a)(2)—Specification of Unimpaired Classes.

22.    Article III of the Plan specifies that Claims in the Deemed Accepting Classes are Unimpaired under the Plan. Additionally, Article II of the Plan specifies that Administrative Claims and Priority Tax Claims are Unimpaired, although the Plan does not classify these Claims. Accordingly, the Plan satisfies the requirements of section 1123(a)(2) of the Bankruptcy Code.

### iii.    Section 1123(a)(3)—Specification of Treatment of Impaired Classes.

23.    Article III of the Plan specifies the treatment of each Impaired Class under the Plan. Accordingly, the Plan satisfies the requirements of section 1123(a)(3) of the Bankruptcy Code.

### iv.    Section 1123(a)(4)—No Discrimination.

24.    Article III of the Plan provides the same treatment to each Claim or Interest in any particular Class, as the case may be, unless the Holder of a particular Claim or Interest in such Class has agreed to a less favorable treatment with respect to such Claim or Interest. Accordingly, the Plan satisfies the requirements of section 1123(a)(4) of the Bankruptcy Code.

### v.    Section 1123(a)(5)—Adequate Means for Plan Implementation.

25.    The Plan and the various documents included in the EFH Plan Supplement provide adequate and proper means for the execution and implementation of the Plan, including: (a) the restructuring of the EFH/EFIH Debtors' balance sheets and other financial transactions provided for by the Plan; (b) the implementation of the Merger Agreement, as contemplated by

15

Article IV.B.5 of the Plan; (c) the New Organizational Documents; (d) the consummation of the transactions contemplated by the Sempra Plan Support Agreement, including the Merger Agreement; (e) the cancelation of certain existing agreements, obligations, instruments, and Interests; (f) the continuance of certain agreements, obligations, instruments, and Interests, as provided in Article III of the Plan; (g) the vesting of the assets of the EFH Debtors' Estates and EFIH Debtors' Estates in the Reorganized EFH Debtors and the Reorganized EFIH Debtors as applicable; and (h) the execution, delivery, filing, or recording of all contracts, instruments, releases, and other agreements or documents in furtherance of the Plan. Accordingly, the Plan satisfies the requirements of section 1123(a)(5) of the Bankruptcy Code.

### vi.    Section 1123(a)(6)—Non-Voting Equity Securities.

26.    The New Organizational Documents prohibit the issuance of non-voting securities.[3]    Accordingly, the Plan satisfies the requirements of section 1123(a)(6) of the Bankruptcy Code.

### vii.    Section 1123(a)(7)—Directors, Officers, and Trustees.

27.    The Reorganized EFH/EFIH Debtors' initial directors and officers, to the extent known, have been disclosed prior to the EFH Confirmation Hearing and, to the extent not known, will be determined in accordance with the New Organizational Documents, which is consistent with the interests of creditors and equity holders and public policy. Accordingly, the Plan satisfies the requirements of section 1123(a)(7) of the Bankruptcy Code.

### b.    Section 1123(b)—Discretionary Contents of the Plan.

28.    The Plan contains various provisions that may be construed as discretionary but not necessary for Confirmation under the Bankruptcy Code. Any such discretionary provision in

---

[3]    *See* D.I. 12104-1, *Plan Supplement as it Relates to the EFH Debtors and EFIH Debtors for the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp.,* et al., *Pursuant to Chapter 11 of the Bankruptcy Code*, Ex. A., Article XII.

the Plan complies with section 1123(b) of the Bankruptcy Code and is consistent with the applicable provisions of the Bankruptcy Code. Thus, the Plan satisfies section 1123(b).

### i.      Impairment/Unimpairment of Any Class of Claims or Interests.

29.     Pursuant to the Plan, Article III of the Plan impairs or leaves unimpaired, as the case may be, each Class of Claims and Interests, as contemplated by section 1123(b)(1) of the Bankruptcy Code.

### ii.     Assumption and Rejection of Executory Contracts and Unexpired Leases.

30.     The applicable EFH/EFIH Debtors have exercised sound business judgment in determining whether to assume or reject each of their Executory Contracts and Unexpired Leases pursuant to sections 365 and 1123(b)(2) of the Bankruptcy Code, and Article V of the Plan and as set forth in the EFH Plan Supplement.  Except as set forth herein and/or in separate orders entered by the Court relating to assumption of Executory Contracts and Unexpired Leases, the EFH/EFIH Debtors have cured or provided adequate assurances that they will cure defaults (if any) under or relating to each Executory Contract and Unexpired Lease assumed under the Plan.

### iii.    Compromise and Settlement.

31.     In accordance with section 1123(b)(3)(A) of the Bankruptcy Code and Bankruptcy Rule 9019 and in consideration for the distributions and other benefits provided under the Plan, the provisions of the Plan constitute a good-faith compromise of all Claims, Interests, and controversies relating to the contractual, legal, equitable and subordination rights that a Holder of a Claim or Interest against an EFH Debtor and/or an EFIH Debtor may have with respect to any Allowed Claim or Interest or any distribution to be made on account of such Allowed Claim or Interest.

17

### iv.    Debtor Release.

32.    The releases of Claims and Causes of Action by the EFH/EFIH Debtors described in Article VIII.C of the Plan in accordance with section 1123(b)(3)(A) of the Bankruptcy Code represent a valid exercise of such Debtors' business judgment under Bankruptcy Rule 9019 (the "Debtor Release"). The pursuit by the EFH/EFIH Debtors, or the Reorganized EFH/EFIH Debtors, of any such claims against the Released Parties is not in the best interest of the Estates' various constituencies because the costs involved would likely outweigh any potential benefit from pursuing such Claims. The Debtor Release is furthermore an integral part of the Plan and the Settlement Agreement and is in the best interests of the Debtors' Estates.

33.    The Debtor Release appropriately offers protection to parties that constructively participated in the Debtors' restructuring process, including TEF, Texas Holdings, Kohlberg Kravis Roberts & Co. L.P., TPG Capital, L.P., and Goldman, Sachs & Co., as well as affiliates that hold direct or indirect interests in Texas Holdings, TEF, or EFH Corp. (collectively, the "Prepetition Sponsors"), the Plan Sponsor, and each of the Supporting EFIH Unsecured Creditors. Such protections from liability facilitated the participation of many of the Debtors' stakeholders in the negotiations and compromises that led to the Original Confirmed Plan, the TCEH Confirmed Plan, the Settlement Agreement, the Sempra Plan Support Agreement, the Merger Agreement, and the Plan. Specifically, the Released Parties under the Plan, including the Plan Sponsor, the EFH/EFIH Plan Supporters, the Holders of TCEH First Lien Claims (including the members of the TCEH First Lien Ad Hoc Committee), members of the TCEH Unsecured Ad Hoc Group, Holders of General Unsecured Claims against the EFIH Debtors (including the Supporting EFIH Unsecured Creditors) contributed to the Debtors' Chapter 11 Cases, including, as applicable, entering into the Plan Support Agreement (including the binding Alternative Restructuring Terms, as defined therein), the Sempra Plan Support Agreement, and the

18

Settlement Agreement, and waiving substantial Claims against the Debtors. The Debtor Release for the Prepetition Sponsors is appropriate because the Prepetition Sponsors share an identity of interest with the Debtors and the Debtors' directors and officers, waived claims associated with the Chapter 11 Cases, and actively participated in joint board and committee meetings during the Chapter 11 Cases, and have provided other valuable consideration to the Debtors under the Settlement Agreement to facilitate the Debtors' reorganization.

34.    Pursuant to the TCEH Confirmation Order, the TCEH Debtors, the Reorganized TCEH Debtors, the EFH Shared Services Debtors, and the Reorganized EFH Shared Services Debtors were deemed to provide the release set forth in Article VIII.C. of the Plan as of the TCEH Effective Date, including with respect to any Intercompany Claims (other than the TCEH Settlement Claim) held by or held against the TCEH Debtors, Reorganized TCEH Debtors, EFH Shared Services Debtors, Reorganized EFH Shared Services Debtors, or any non-Debtor Affiliate to be transferred to the Reorganized TCEH Debtors, including EFH Properties. Nothing in this EFH Confirmation Order shall limit or impair any releases granted pursuant to the TCEH Confirmation Order. The EFH/EFIH Debtors and the Reorganized EFH/EFIH Debtors shall be deemed to provide the release set forth in Article VIII.C. of the Plan as of the EFH Effective Date. The TCEH Settlement Claim shall also be deemed to be treated, released, and discharged on the EFH Effective Date.

35.    The scope of the Debtor Release is appropriately tailored under the facts and circumstances of the Chapter 11 Cases. In light of, among other things, the value provided by the Released Parties to the Debtors' Estates and the critical nature of the Debtor Release to the Plan, the Sempra Plan Support Agreement, and the Settlement Agreement, the Debtor Release is approved and authorized in its entirety.

19

v.    **Release by Holders of Claims and Interests.**

36.    The release by the Releasing Parties, set forth in Article VIII.D of the Plan (the "Third Party Release"), is an essential provision of the Plan. The Third Party Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) a good-faith settlement and compromise of the claims and Causes of Action released by the Third Party Release; (c) materially beneficial to, and in the best interests of, the Debtors, their Estates, and their stakeholders, and are important to the overall objectives of the Plan to finally resolve certain Claims among or against certain parties in interest in the Chapter 11 Cases; (d) fair, equitable, and reasonable; (e) given and made after due notice and opportunity for hearing; (f) a bar to any of the Releasing Parties asserting any claim or Cause of Action released by the Third Party Release against any of the other Released Parties; and (g) consistent with sections 105, 524, 1123, 1129, and 1141 and other applicable provisions of the Bankruptcy Code.

37.    The Third Party Release is an integral part of the Plan. Like the Debtor Release, the Third Party Release facilitated participation in the Original Confirmed Plan, the NextEra Plan, the Plan, and the chapter 11 process generally. The Third Party Release is instrumental to the Settlement Agreement that was critical in incentivizing the parties to support the Original Confirmed Plan, the TCEH Confirmed Plan, the EFIH Settlement Agreement, the Sempra Plan Support Agreement, and the Plan, and preventing potentially significant and time-consuming legacy and other litigation. The Third Party Release was a core negotiation point in connection with and instrumental in developing the Original Confirmed Plan, the Settlement Agreement, the TCEH Confirmed Plan, the Sempra Plan Support Agreement, and the Plan. As such, subject to certain enumerated exceptions, the Third Party Release appropriately offers certain protection to parties who constructively participated in the Debtors' restructuring process by supporting the Original Confirmed Plan, the Plan Support Agreement, the NextEra Plan, the EFIH Settlement

20

Agreement, the Sempra Plan Support Agreement, the Settlement Agreement, the TCEH Confirmed Plan, and the Plan; Unimpaired Creditors that are being paid in full in Cash or otherwise receiving a full recovery; or Holders of Claims or Interests that abstained from voting but did not opt out of the Third Party Release (to the extent such Holders of Claims or Interests were entitled to opt out of the Third Party Release under the Plan).

38.    Pursuant to the TCEH Confirmation Order, certain Releasing Parties were deemed to provide the release set forth in Article VIII.D of the Plan as of the TCEH Effective Date for all Claims and Causes of Action that relate to the TCEH Debtors, the Reorganized TCEH Debtors, the EFH Shared Services Debtors, the Reorganized EFH Shared Services Debtors, or any non-Debtor Affiliate to be transferred to the Reorganized TCEH Debtors or the Reorganized EFH Shared Services Debtors as of the TCEH Effective Date. Nothing in this EFH Confirmation Order shall limit or impair any releases granted pursuant to the TCEH Confirmation Order. The Releasing Parties shall be deemed to provide the release set forth in Article VIII.D of the Plan for all Claims and Causes of Action that relate to the EFH Debtors, the Reorganized EFH Debtors, the EFIH Debtors, and the Reorganized EFIH Debtors, or any non-Debtor Affiliate to be transferred to the Reorganized EFH/EFIH Debtors as of the EFH Effective Date.

39.    The scope of the Third Party Release is appropriately tailored under the facts and circumstances of the Chapter 11 Cases, and parties received due and adequate notice of the Third Party Release. In light of, among other things, the value provided by the Released Parties to the Debtors' Estates and the critical nature of the Third Party Release to the Plan, the Third Party Release is approved and authorized in its entirety.

### vi.    Exculpation.

40.    The exculpation provisions set forth in Article VIII.E of the Plan are essential to the Plan. The record in the Chapter 11 Cases fully supports the exculpation and the exculpation provisions set forth in Article VIII.E of the Plan, which are appropriately tailored to protect the Exculpated Parties from inappropriate litigation.

### vii.    Injunction.

41.    The injunction provisions set forth in Article VIII.F of the Plan are essential to the Plan and are necessary to implement the Plan and to preserve and enforce the Debtor Release, the Third Party Release, and the exculpation provisions in Article VIII.E of the Plan. Such injunction provisions are appropriately tailored to achieve those purposes.

### viii.    Preservation of Claims and Causes of Action.

42.    Article IV.Q of the Plan appropriately provides for the preservation by the EFH/EFIH Debtors of certain Causes of Action in accordance with section 1123(b)(3)(B) of the Bankruptcy Code. Causes of Action not released by such Debtors or exculpated under the Plan will be retained by the Reorganized EFH/EFIH Debtors or the EFH Plan Administrator Board, as applicable, as provided by the Plan. The provisions regarding Causes of Action in the Plan are appropriate and in the best interests of the EFH/EFIH Debtors, their respective Estates, and Holders of Claims against and Interests in the EFH/EFIH Debtors. For the avoidance of any doubt, Causes of Action released or exculpated under the Plan by the EFH/EFIH Debtors will not be retained by the Reorganized EFH/EFIH Debtors or the EFH Plan Administrator Board.

### c.    Section 1123(d)—Cure of Defaults.

43.    Article V.C of the Plan provides for the satisfaction of Cure Claims associated with each Executory Contract and Unexpired Lease to be assumed in accordance with section 365(b)(1) of the Bankruptcy Code. Any monetary defaults under each Assumed

22

Executory Contract or Unexpired Lease to be assumed by the Reorganized EFH Debtors or the Reorganized EFIH Debtors shall be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by payment of the default amount in Cash by the EFH Debtors or the EFIH Debtors, as applicable, on the EFH Effective Date (and, with respect to Assumed Executory Contracts or Unexpired Leases of the EFH Debtors or the EFIH Debtors, by the EFH Debtors or the EFIH Debtors, as applicable, and, for the avoidance of doubt, not the Reorganized EFH Debtors or the Reorganized EFIH Debtors), subject to the limitations described in Article V.C of the Plan, or on such other terms as the parties to such Executory Contracts or Unexpired Leases may otherwise agree. Any disputed cure amounts will be determined in accordance with the procedures set forth in Article V.C of the Plan, and applicable bankruptcy and nonbankruptcy law. As such, the Plan provides that the EFH/EFIH Debtors, as applicable, will cure, or provide adequate assurance that they will promptly cure defaults with respect to assumed Executory Contracts and Unexpired Leases in accordance with section 365(b)(1) of the Bankruptcy Code, as applicable. Thus, the Plan complies with section 1123(d) of the Bankruptcy Code.

### d.      Section 1129(a)(2)—Compliance of the Debtors and Others with the Applicable Provisions of the Bankruptcy Code.

44.      The Debtors, as proponents of the Plan, have complied with all applicable provisions of the Bankruptcy Code as required by section 1129(a)(2) of the Bankruptcy Code, including sections 1122, 1123, 1124, 1125, 1126, and 1128, and Bankruptcy Rules 3017, 3018, and 3019.

45.      The EFH/EFIH Debtors and their agents solicited votes to accept or reject the Plan after the Court approved the adequacy of the EFH Disclosure Statement, pursuant to section 1125(a) of the Bankruptcy Code and the EFH Disclosure Statement Order.

46.     The EFH/EFIH Debtors and their agents (including the Disbursing Agent) have solicited and tabulated votes on the Plan and they and the Plan Sponsor have participated in the activities described in section 1125 of the Bankruptcy Code fairly, in good faith within the meaning of section 1125(e), and in a manner consistent with the applicable provisions of the EFH Disclosure Statement Order, the EFH Disclosure Statement, the Bankruptcy Code, the Bankruptcy Rules, and all other applicable rules, laws, and regulations and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and, with respect to the EFH/EFIH Debtors and Disbursing Agent, the exculpation provisions set forth in Article VIII.E of the Plan.

47.     The EFH/EFIH Debtors, the Reorganized EFH/EFIH Debtors, the Plan Sponsor, and their agents have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the distribution of recoveries under the Plan and therefore are not, and on account of such distributions will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or distributions made pursuant to the Plan, so long as such distributions are made consistent with and pursuant to the Plan.

e.     **Section 1129(a)(3)—Proposal of Plan in Good Faith.**

48.     The EFH/EFIH Debtors have proposed the Plan in good faith and not by any means forbidden by law. In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Cases, the Plan itself, and the process leading to its formulation. The EFH/EFIH Debtors' good faith is evident from the facts and record of the Chapter 11 Cases, the EFH Disclosure Statement, the hearing on the EFH Disclosure Statement, and the record of the EFH Confirmation Hearing and other proceedings held in the Chapter 11 Cases.

24

49.     The Plan is the product of good faith, arm's-length negotiations by and among the EFH/EFIH Debtors, the EFH/EFIH Debtors' disinterested directors and managers, the Plan Sponsor, the EFH/EFIH Committee, the Supporting EFIH Unsecured Creditors, the parties to the EFIH Settlement Agreement, the Debtors' prepetition equity sponsors, and certain of the Debtors' other stakeholders. The Plan itself and the process leading to its formulation both provide independent evidence of the EFH/EFIH Debtors' and such other parties' good faith, serve the public interest, and assure fair treatment of Holders of Claims against and Interests in such Debtors. Consistent with the overriding purpose of chapter 11, the Debtors filed the Chapter 11 Cases, and the EFH/EFIH Debtors proposed the Plan (and Merger Agreement), with the legitimate purpose of allowing the EFH/EFIH Debtors to maximize stakeholder value. Accordingly, the requirements of section 1129(a)(3) of the Bankruptcy Code are satisfied.

## f.      Section 1129(a)(4)—Court Approval of Certain Payments as Reasonable.

50.     Subject to the EFIH Secureds Settlement Approval Order, any payment made or to be made by the EFH/EFIH Debtors, or by a person issuing securities or acquiring property under the Plan as it relates to the EFH Debtors or the EFIH Debtors, for services or costs and expenses in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, has been approved by, or is subject to the approval of, the Court as reasonable. Accordingly, the Plan satisfies the requirements of section 1129(a)(4).

## g.      Section 1129(a)(5)—Disclosure of Directors and Officers and Consistency with the Interests of Creditors and Public Policy.

51.     To the extent not disclosed in the EFH Plan Supplement, the identities of the Reorganized EFH/EFIH Debtors' directors and officers shall be determined in accordance with the New Organizational Documents. Accordingly, the Plan satisfies the requirements of section 1129(a)(5) of the Bankruptcy Code.

25

**h.    Section 1129(a)(6)—Rate Changes.**

52.    The Plan does not provide for any rate changes subject to the jurisdiction of any governmental regulatory commission. Therefore, section 1129(a)(6) of the Bankruptcy Code does not apply to the Plan.

**i.    Section 1129(a)(7)—Best Interests of Holders of Claims and Interests.**

53.    The evidence in support of the Plan that was proffered or adduced at the EFH Confirmation Hearing, and the facts and circumstances of the Chapter 11 Cases, establishes that each Holder of Allowed Claims or Interests in Classes A1-A15 and Classes B1-B10 will recover as much or more value under the Plan on account of such Claim or Interest, as of the EFH Effective Date, than the amount such Holder would receive if the EFH/EFIH Debtors were liquidated on the EFH Effective Date under chapter 7 of the Bankruptcy Code. As a result, the Plan satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code.

**j.    Section 1129(a)(8)—Conclusive Presumption of Acceptance by Unimpaired Classes; Acceptance of the Plan by Impaired Class; Deemed Rejecting Classes.**

54.    The Plan is conclusively presumed to be accepted by the Deemed Accepting Classes, and the Plan was accepted by each of the Voting Classes. Because the Plan has not been accepted by the Deemed Rejecting Classes, however, the Debtors seek Confirmation of the Plan under section 1129(b), rather than section 1129(a)(8), of the Bankruptcy Code. Thus, although section 1129(a)(8) has not been satisfied with respect to the Deemed Rejecting Classes, the Plan is confirmable because the Plan does not discriminate unfairly and is fair and equitable with respect to the Deemed Rejecting Classes and thus satisfies section 1129(b) of the Bankruptcy Code with respect to such Classes as described further below. As a result, the Plan satisfies the requirements of section 1129(b).

**k.**    **Section 1129(a)(9)—Treatment of Claims Entitled to Priority Pursuant to Section 507(a) of the Bankruptcy Code.**

55.    The treatment of 2017 EFIH First Lien DIP Claims, Administrative Claims, Professional Fee Claims, and Priority Tax Claims under Article II of the Plan satisfies the requirements of, and complies in all respects with, section 1129(a)(9) of the Bankruptcy Code.

**l.**    **Section 1129(a)(10)—Acceptance by at Least One Impaired Class.**

56.    As set forth in the EFH Voting Report, all of the Voting Classes have voted to accept the Plan. As such, there is at least one Class of Claims that is Impaired under the Plan and has accepted the Plan, determined without including any acceptance of the Plan by any insider (as defined by the Bankruptcy Code).    Accordingly, the Plan satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code.

**m.**    **Section 1129(a)(11)—Feasibility of the Plan.**

57.    The Plan satisfies section 1129(a)(11) of the Bankruptcy Code.    The evidence supporting the Plan proffered or adduced by the Debtors at or before the EFH Confirmation Hearing: (a) is reasonable, persuasive, credible, and accurate as of the dates such evidence was prepared, presented, or proffered; (b) has not been controverted by other persuasive evidence; (c) establishes that the Plan is feasible and Confirmation of the Plan is not likely to be followed by liquidation or the need for further financial reorganization; and (d) establishes that the EFH/EFIH Debtors will have sufficient funds available to meet their obligations under the Plan—including sufficient amounts of Cash to reasonably ensure payment of, among other Allowed Claims, Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Other Priority Claims, Allowed Other Secured Claims Against the EFH Debtors, Allowed Professional Fee Claims, and other expenses in accordance with the terms of the Plan and section 507(a) of

27

the Bankruptcy Code. Accordingly, the Plan satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code.

### n.    Section 1129(a)(12)—Payment of Statutory Fees.

58.    Article XII.C of the Plan provides that all fees payable pursuant to section 1930(a) of the Judicial Code, as determined by the Court at the EFH Confirmation Hearing in accordance with section 1128 of the Bankruptcy Code, will be paid by the applicable EFH/EFIH Debtor on the EFH Effective Date, and after the EFH Effective Date such fees shall be paid by the Disbursing Agent, at the direction of the EFH Plan Administrator Board, from the EFH/EFIH Cash Distribution Account for each quarter (including any fraction of a quarter) until the Chapter 11 Cases are converted, dismissed, or closed, whichever occurs first. Accordingly, the Plan satisfies the requirements of section 1129(a)(12) of the Bankruptcy Code.

### o.    Section 1129(a)(13)—Retiree Benefits.

59.    Pursuant to section 1129(a)(13) of the Bankruptcy Code, and as provided in Article IV.O of the Plan and subject to the terms therein, the Reorganized EFH/EFIH Debtors, as applicable, will continue to pay all obligations on account of retiree benefits (as such term is used in section 1114 of the Bankruptcy Code) on and after the EFH Effective Date in accordance with the Plan and applicable law. As a result, the Plan satisfies the requirements of section 1129(a)(13) of the Bankruptcy Code.

60.    Further, the EFH Non-Qualified Benefit Plans shall be terminated effective on or before the EFH Effective Date, and any Allowed Claims arising from the termination of such EFH Non-Qualified Benefit Plans shall be treated and satisfied in accordance with Article III.B.8 of the Plan in a manner consistent with Internal Revenue Code Section 409A and the regulations promulgated thereunder and satisfied on the EFH Effective Date (or as soon thereafter as reasonably practicable). That certain split-dollar life insurance plan, amended and restated as of

28

May 20, 2005, and as may be amended, modified, or restated from time to time (the "EFH Split-Dollar Plan"), shall be terminated on or before the EFH Effective Date, and any amounts that, under the terms of the EFH Spilt-Dollar Plan, would be paid to or recouped by, EFH Corp. on account of such termination shall be paid: (i) to the EFH Debtors, in the event that such amounts are paid to or recouped by EFH Corp. either prior to or upon the EFH Effective Date, or (ii) to Reorganized EFH, in the event that such amounts are paid to or recouped by EFH Corp. after the EFH Effective Date.

p.      **Section 1129(a)(14), (15), and (16)—Domestic Support Obligations, Individuals, and Nonprofit Corporations**

61.     The EFH/EFIH Debtors do not owe any domestic support obligations, are not individuals, and are not nonprofit corporations. Therefore, sections 1129(a)(14), 1129(a)(15), and 1129(a)(16) of the Bankruptcy Code do not apply to the Plan.

q.      **Section 1129(b)—Confirmation of Plan Over Nonacceptance of Impaired Class.**

62.     Notwithstanding the fact that the Deemed Rejecting Classes have not accepted the Plan, the Plan may be confirmed pursuant to section 1129(b)(1) of the Bankruptcy Code because the Plan does not discriminate unfairly and is fair and equitable with respect to the Deemed Rejecting Classes. As a result, the Plan satisfies the requirements of section 1129(b) of the Bankruptcy Code. Thus, the Plan may be confirmed even though section 1129(a)(8) of the Bankruptcy Code is not satisfied. After entry of the EFH Confirmation Order and upon the occurrence of the EFH Effective Date, the Plan shall be binding upon the Deemed Rejecting Classes, and the Claims in such Classes shall be canceled and released.

r.      **Section 1129(c)—Only One Plan.**

63.     Other than the Plan (including previous versions thereof), no plan has been filed in the Chapter 11 Cases of the EFH/EFIH Debtors, except for plans that have been previously

29

withdrawn. Accordingly, the requirements of section 1129(c) of the Bankruptcy Code are satisfied.

### s.    Section 1129(d)—Principal Purpose of the Plan Is Not Avoidance of Taxes or Section 5 of the Securities Act.

64.    No Governmental Unit has requested that the Court refuse to confirm the Plan on the grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act. As evidenced by its terms, the principal purpose of the Plan is not such avoidance. Accordingly, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

### t.    Section 1129(e)—Not Small Business Cases.

65.    The Chapter 11 Cases are not small business cases, and accordingly, section 1129(e) of the Bankruptcy Code is inapplicable in the Chapter 11 Cases.

### u.    Satisfaction of Confirmation Requirements.

66.    Based upon the foregoing, the Plan satisfies the requirements for plan confirmation set forth in section 1129 of the Bankruptcy Code.

### v.    Good Faith.

67.    The EFH/EFIH Debtors have proposed the Plan in good faith, with the legitimate and honest purpose of maximizing the value of the EFH/EFIH Debtors' Estates for the benefit of their stakeholders. The Plan accomplishes this goal. Accordingly, the EFH/EFIH Debtors and the Reorganized EFH/EFIH Debtors, as applicable, have been, are, and will continue acting in good faith if they proceed to: (a) consummate the Plan (including consummation of the Merger Agreement) and the agreements, settlements, transactions, and transfers contemplated thereby; and (b) take the actions authorized and directed or contemplated by this EFH Confirmation

30

Order. Therefore, the Plan has been proposed in good faith to achieve a result consistent with the objectives and purposes of the Bankruptcy Code.

### w.    Conditions to EFH Effective Date.

68.    The Plan shall not become effective unless and until the conditions set forth in Article IX.D of the Plan have been satisfied or waived pursuant to Article IX.E of the Plan.

### x.    Implementation.

69.    All documents and agreements necessary to implement the Plan, including the Merger Agreement and those contained or summarized in the EFH Plan Supplement (including the Tax Matters Agreement and the Separation Agreement, which, for the avoidance of doubt, were approved with respect to the EFH/EFIH Debtors pursuant to the TCEH Confirmation Order), and all other relevant and necessary documents have been negotiated in good faith and at arm's length, are in the best interests of the Debtors, and shall, upon completion of documentation and execution, be valid, binding, and enforceable documents and agreements not in conflict with any federal, state, or local law.  The Plan Sponsor is authorized and the EFH/EFIH Debtors and Reorganized EFH/EFIH Debtors, as applicable, are authorized and directed to take any action reasonably necessary or appropriate to consummate such agreements and the transactions contemplated thereby, in all cases consistent with the terms of the Plan and the Merger Agreement.

70.    The terms of the Plan, including the EFH Plan Supplement and all exhibits and schedules thereto, and all other documents filed in connection with the Plan, or executed or to be executed in connection with the transactions contemplated by the Plan, (including the Tax Matters Agreement and the Separation Agreement, which, for the avoidance of doubt, were approved with respect to the EFH/EFIH Debtors pursuant to the TCEH Confirmation Order), and all amendments and modifications of any of the foregoing made pursuant to the provisions of the

31

Plan governing such amendments and modifications are incorporated by reference, and approved in all respects, and constitute an integral part of this EFH Confirmation Order.

        **y.**        **Vesting of Assets.**

      71.      Except as otherwise provided in the Plan, on the EFH Effective Date, all property in each EFH Debtor Estate and EFIH Debtor Estate, all Causes of Action, and all property acquired by each EFH/EFIH Debtor pursuant to the Plan shall vest in each applicable Reorganized EFH/EFIH Debtor, free and clear of all Liens, Claims, charges, Interests, or other encumbrances. Except as otherwise provided in the Plan, on and after the EFH Effective Date, the EFH Plan Administrator Board and each of the Reorganized EFH/EFIH Debtors may operate its business and may use, acquire, or dispose of property and compromise or settle any Claims, Interests, or Causes of Action without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules.

        **z.**        **Retention of Jurisdiction.**

      72.      The Court properly retains jurisdiction over the matters set forth in Article XI and other applicable provisions of the Plan.

## II. ORDER

**BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

      73.      This EFH Confirmation Order confirms the Plan and is effective as of the date hereof.

      74.      This EFH Confirmation Order approves the EFH Plan Supplement, including the documents contained therein as may be amended through and including the EFH Effective Date in accordance with and as permitted by the Plan and the Merger Agreement.

75.    All Holders of Claims and Interests in the Voting Classes that voted to accept the Plan are conclusively presumed to have accepted the Plan as modified.

76.    The Plan (including the EFH Plan Supplement and all documents or agreements included therein) and this EFH Confirmation Order will be effective and binding on all parties in interest, including: (a) the Debtors; (b) the TCEH Committee; (c) the EFH/EFIH Committee; (d) the Original Plan Sponsors; (e) NextEra; (f) the Plan Sponsor; and (g) all Holders of Claims and Interests.

77.    The failure to include or refer to any particular article, section, or provision of the Plan, the EFH Plan Supplement, or any related documents, agreements, or exhibits does not impair the effectiveness of that article, section, or provision; it being the intent of the Court that the Plan, the EFH Plan Supplement, and any related document, agreement, or exhibit are approved in their entirety.

**A.    Objections.**

78.    To the extent that any objections (including any reservations of rights contained therein) to Confirmation have not been withdrawn, waived, or settled prior to entry of this EFH Confirmation Order, are not cured or resolved by the relief granted in this EFH Confirmation Order, or have not been otherwise resolved as stated by the EFH/EFIH Debtors on the record of the EFH Confirmation Hearing, all such objections to the EFH Confirmation Order are overruled on the merits.

**B.    Findings of Fact and Conclusions of Law.**

79.    The findings of fact and the conclusions of law set forth in this EFH Confirmation Order constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014. All findings of fact and conclusions of law announced by the Court at the EFH Confirmation Hearing in relation to

33

EFH Confirmation, including the EFH Confirmation Ruling, are hereby incorporated into this EFH Confirmation Order. In addition, all findings of fact and conclusions of law set forth in the *Order Granting The Motion of Energy Future Holdings Corp.,* et al.*, to Approve a Settlement of Litigation Claims and Authorize the Debtors to Enter into and Perform Under the Settlement Agreement* [D.I. 7243] are incorporated into this EFH Confirmation Order. To the extent that any of the following constitutes findings of fact or conclusions of law, they are adopted as such. To the extent any finding of fact or conclusion of law set forth in this EFH Confirmation Order (including any findings of fact or conclusions of law announced by the Court at the EFH Confirmation Hearing and incorporated herein) constitutes an order of this Court, it is adopted as such.

## C.    The Releases, Injunction, Exculpation, and Related Provisions Under the Plan.

80.    The following releases, injunctions, and exculpations, and any related provisions set forth in Article VIII of the Plan, are hereby approved, authorized and ordered in their entirety:

a.    **Releases by the Debtors.**

**In addition to any release provided in the Settlement Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the EFH Effective Date, each Released Party is deemed released and discharged by the Debtors, the Reorganized EFH/EFIH Debtors, and their Estates from any and all Claims and Causes of Action, including Claims and Causes of Action identified, claimed, or released in the Standing Motions, the Litigation Letters, or the Disinterested Directors Settlement, as well as all other Claims and Causes of Action, whether known or unknown, including any derivative claims asserted on behalf of the Debtors, that the Debtors, the Reorganized EFH/EFIH Debtors, or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership or operation thereof), the Debtors' in-or out-of-court restructuring efforts, intercompany transactions (including dividends paid), transactions pursuant and/or related to the Master Separation Agreement dated December 12, 2001, the TCEH Credit Agreement, the TCEH First Lien Notes, the Cash Collateral Order (and any payments or transfers in connection therewith), the TCEH First**

34

Lien Intercreditor Agreement, the Liability Management Program, the Tax Sharing Agreements, the 2007 Acquisition, the Management Agreement, the 2009 amendment to the TCEH Credit Agreement, the 2011 Amend and Extend Transactions, the 2005 Oncor Transfer, the 2013 Revolver Extension, the Luminant Makewhole Settlement, the Tax and Interest Makewhole Agreements, the TCEH Intercompany Notes, the Shared Services, any preference or avoidance claim pursuant to sections 544, 547, 548, and 549 of the Bankruptcy Code, the formulation, preparation, dissemination, negotiation, or Filing of the Terminated Restructuring Support Agreement, the Plan Support Agreement, the NEE Plan Support Agreement, the EFIH Unsecured Creditor Plan Support Agreement, the Sempra Plan Support Agreement, the EFH/EFIH Committee Settlement, the EFIH Settlement Agreement, the EFIH First Lien Principal Settlement, the Original Confirmed Plan, the NextEra Plan, or any Restructuring Transaction, contract, instrument, release, or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the EFH Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Plan Support Agreement, the NEE Plan Support Agreement, the EFIH Unsecured Creditor Plan Support Agreement, the Sempra Plan Support Agreement, the EFH/EFIH Committee Settlement, the EFIH Settlement Agreement, the PIK Settlement (whether terminated pursuant to its terms or otherwise) and any direction taken by the EFIH Unsecured Notes Trustee in connection therewith (prior to the date of termination), the Terminated Restructuring Support Agreement, the EFH Disclosure Statement, the TCEH Disclosure Statement, the Plan, the Transaction Agreements, the DIP Facilities, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan, the Transaction Agreements, or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the EFH Effective Date related or relating to the foregoing. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-EFH Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any of the EFH/EFIH Debtors' rights arising under any Assumed Executory Contracts and Leases assumed by Reorganized EFH or Reorganized EFIH on the EFH Effective Date (or pursuant to a separate Bankruptcy Court order). Notwithstanding anything to the contrary in the foregoing, and for the avoidance of doubt, the TCEH Settlement Claim shall be treated, released, and discharged on the

EFH Effective Date.   Notwithstanding anything to the contrary in the foregoing, the claims and Causes of Action set forth in Section 6.12 of the parent disclosure letter delivered in connection with the NEE Merger Agreement shall not be released; *provided, however*, that such Claims and Causes of Action shall be subject to treatment pursuant to the Plan and shall be discharged as set forth in Article VIII.A of the Plan.   For the avoidance of doubt, the EFH Debtors, Reorganized EFH Debtors, EFIH Debtors, and Reorganized EFIH Debtors shall provide the release set forth in Article VIII.C of the Plan as of the EFH Effective Date; *provided, however*, that the releases provided by the EFH Debtors and Reorganized EFH Debtors on the one hand, to the EFIH Debtors and Reorganized EFIH Debtors on the other hand, (or vice versa) shall be subject to the satisfaction of any order that becomes a Final Order prior to the EFH Effective Date regarding allocations of (a) any Cash amounts owed by the EFH Debtors to the EFIH Debtors or (b) any Cash amounts owed by the EFIH Debtors to the EFH Debtors.

b.  Releases by Holders of Claims and Interests.

Except as otherwise provided in the Plan, as of the EFH Effective Date, each Releasing Party is deemed to have released and discharged each Debtor, Reorganized EFH/EFIH Debtor, and Released Party from any and all Claims and Causes of Action, including Claims and Causes of Action identified, claimed, or released in the Standing Motions, the Litigation Letters, or the Disinterested Directors Settlement, as well as all other Claims and Causes of Action, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership or operation thereof), the Debtors' in- or out-of-court restructuring efforts, intercompany transactions (including dividends paid), transactions pursuant and/or related to the Master Separation Agreement dated December 12, 2001, the TCEH Credit Agreement, the TCEH First Lien Notes, the Cash Collateral Order (and any payments or transfers in connection therewith), the TCEH First Lien Intercreditor Agreement, the Liability Management Program, the Tax Sharing Agreements, the 2007 Acquisition, the Management Agreement, the 2009 amendment to the TCEH Credit Agreement, the 2011 Amend and Extend Transactions, the 2005 Oncor Transfer, the 2013 Revolver Extension, the Luminant Makewhole Settlement, the Tax and Interest Makewhole Agreements, the TCEH Intercompany Notes, the Shared Services, any preference or avoidance claim pursuant to sections 544, 547, 548, and 549 of the Bankruptcy Code, the formulation, preparation, dissemination, negotiation, or Filing of the Terminated Restructuring Support Agreement, the Plan Support Agreement, the NEE Plan Support Agreement, the EFIH Unsecured Creditor Plan Support Agreement, the Sempra Plan Support Agreement, the EFH/EFIH Committee Settlement, the EFIH Settlement Agreement, the EFIH First Lien Principal Settlement, the Original

Confirmed Plan, the NextEra Plan, or any Restructuring Transaction, contract, instrument, release, or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the EFH Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Plan Support Agreement, the NEE Plan Support Agreement, the EFIH Unsecured Creditor Plan Support Agreement, the Sempra Plan Support Agreement, the EFIH Settlement Agreement, the EFH/EFIH Committee Settlement, the PIK Settlement (whether terminated pursuant to its terms or otherwise) and any direction taken by the EFIH Unsecured Notes Trustee in connection therewith (prior to termination), the Terminated Restructuring Support Agreement, the EFH Disclosure Statement, the TCEH Disclosure Statement, the Plan, the Transaction Agreements, the DIP Facilities, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan, the Transaction Agreements, or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the EFH Effective Date related or relating to the foregoing. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any Claims or Causes of Action by the Holders of TCEH First Lien Claims, the TCEH First Lien Agent, or the TCEH First Lien Notes Trustee against one or more Holders of TCEH First Lien Claims, the TCEH First Lien Agent, or the TCEH First Lien Notes Trustee arising from or in connection with the TCEH First Lien Creditor Allocation Disputes, (ii) any post-EFH Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, (iii) claims or Causes of Action asserted by any Holder of Allowed Class C3 Claims under the TCEH Confirmed Plan against one or more Holders of Allowed Class C3 Claims under the TCEH Confirmed Plan (other than the TCEH First Lien Agent, except in the TCEH First Lien Agent's capacity as a nominal defendant to declaratory judgment claims in respect of which no monetary recovery is sought) solely with respect to the TCEH First Lien Creditor Deposit L/C Collateral Allocation Dispute; and (iv) the claims and Causes of Action set forth in Section 6.12 of the parent disclosure letter delivered in connection with the NEE Merger Agreement; *provided, however*, that such claims and Causes of Action set forth in Section 6.12 of such parent disclosure letter delivered in connection with the NEE Merger Agreement shall be subject to treatment pursuant to the Plan and shall be discharged as set forth in Article VIII.A of the Plan. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any claims or Causes of Action against one or more of NextEra and its current

and former subsidiaries (the "NEE Released Parties") relating to the pursuit of approval of the transactions contemplated in the Original Confirmed Plan (including, for the avoidance of doubt, claims or Causes of Action regarding the effect of the filing of Docket No. 7028 on approval of the transactions contemplated in the Original Confirmed Plan) or claims or Causes of Action that may be brought by one or more of the NEE Released Parties against any party who brings a claim or Cause of Action against the NEE Released Parties relating to the pursuit of approval of the transactions contemplated in the Original Confirmed Plan; *provided, however,* for the avoidance of doubt, that any releases set forth above solely to the extent applicable pursuant to the terms set forth above, shall apply to the NEE Released Parties' current and former directors, managers, officers, individual equity holders (regardless of whether such interests are held directly or indirectly), attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such. Notwithstanding anything to the contrary in the foregoing, and for the avoidance of doubt, the TCEH Settlement Claim shall be treated, released, and discharged on the EFH Effective Date. For the avoidance of doubt, (i) the Releasing Parties provided the release set forth in Article VIII.D of the Plan for all Claims and Causes of Action that relate to the TCEH Debtors, Reorganized TCEH Debtors, EFH Shared Services Debtors, Reorganized EFH Shared Services Debtors, or any non-Debtor Affiliate to be transferred to the Reorganized TCEH Debtors, including EFH Properties Company, as of the TCEH Effective Date; and (ii) the Releasing Parties shall provide the release set forth in Article VIII.D of the Plan for all Claims and Causes of Action that relate to the EFH Debtors, Reorganized EFH Debtors, EFIH Debtors, or Reorganized EFIH Debtors as of the EFH Effective Date; *provided* that any and all Intercompany Claims (other than the TCEH Settlement Claim) held by or held against the TCEH Debtors, Reorganized TCEH Debtors, EFH Shared Services Debtors, Reorganized EFH Shared Services Debtors, or any non-Debtor Affiliate to be transferred to the Reorganized TCEH Debtors, including EFH Properties Company, were released as of the TCEH Effective Date.

c.  **Exculpation.**

Except as otherwise specifically provided in the Plan, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby released and exculpated from, any Cause of Action for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, Filing, or termination of the Terminated Restructuring Support Agreement and related prepetition transactions, the EFH Disclosure Statement, the TCEH Disclosure Statement, the Plan, the Plan Support Agreement, the NEE Plan Support Agreement, the EFIH Unsecured Creditor Plan Support Agreement, the Sempra Plan Support Agreement, the EFIH Settlement Agreement, the EFH/EFIH Committee Settlement, the Original Confirmed Plan, the NextEra Plan, the Transaction Agreements, or any Restructuring

Transaction, contract, instrument, release or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the EFH Confirmation Order in lieu of such legal opinion) created or entered into in connection with the EFH Disclosure Statement, the TCEH Disclosure Statement, the Plan, the Original Confirmed Plan, the NextEra Plan, the Plan Support Agreement, the NEE Plan Support Agreement, the EFIH Unsecured Creditor Plan Support Agreement, the Sempra Plan Support Agreement, the EFIH Settlement Agreement, the EFH/EFIH Committee Settlement, the Transaction Agreements, or the DIP Facilities, the Filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance of Securities pursuant to the Plan, or the distribution of property under the Plan, the Transaction Agreements, or any other related agreement, except for claims related to any act or omission that is determined in a final order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Exculpated Parties have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan. For the avoidance of doubt, notwithstanding anything to the contrary in the foregoing, the exculpation set forth above does not exculpate any (i) claims or Causes of Action by the Holders of TCEH First Lien Claims, the TCEH First Lien Agent, or the TCEH First Lien Notes Trustee against one or more Holders of TCEH First Lien Claims, the TCEH First Lien Agent, or the TCEH First Lien Notes Trustee arising from or in connection with the TCEH First Lien Creditor Allocation Disputes, or (ii) claims or Causes of Action asserted by any Holder of Allowed Class C3 Claims under the TCEH Confirmed Plan against one or more Holders of Allowed Class C3 Claims under the TCEH Confirmed Plan (other than the TCEH First Lien Agent, except in the TCEH First Lien Agent's capacity as a nominal defendant to declaratory judgment claims in respect of which no monetary recovery is sought) solely with respect to the TCEH First Lien Creditor Deposit L/C Collateral Allocation Dispute. For the avoidance of doubt, the Exculpated Parties that include or are related to the EFH Debtors, Reorganized EFH Debtors, EFIH Debtors, and Reorganized EFIH Debtors shall receive the exculpation set forth in Article VIII.E of the Plan as of the EFH Effective Date.

d.  Injunction.

In addition to any injunction provided in the Settlement Order, except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the EFH Confirmation Order, all Entities that have held, hold, or may hold Claims or Interests that have been released pursuant to Article VIII.C or Article VIII.D of the Plan, shall be discharged pursuant to Article VIII.A of the Plan, or are subject to exculpation pursuant to Article VIII.E of the Plan, are permanently enjoined, from and after the EFH Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized EFH/EFIH Debtors, or the Released Parties:  (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such claims or interests; (iii) creating, perfecting, or enforcing any lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such claims or interests; (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such claims or interests unless such Entity has timely asserted such setoff right in a document Filed with the Bankruptcy Court explicitly preserving such setoff, and notwithstanding an indication of a claim or interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (v) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests released or settled pursuant to the Plan, including those related to the PIK Settlement  (whether terminated pursuant to its terms or otherwise) and any direction taken by the EFIH Unsecured Notes Trustee in connection therewith (prior to the date of termination).   Notwithstanding anything to the contrary in the foregoing, the Plan shall not enjoin (a) any party from pursuing the claims and Causes of Action set forth in Section 6.12 of the parent disclosure letter delivered in connection with the NEE Merger Agreement; *provided, however*, that such Claims and Causes of Action shall be subject to treatment pursuant to the Plan and shall be discharged as set forth in Article VIII.A of the Plan, (b) the TCEH First Lien Creditor Allocation Disputes, or any claims or Causes of Action by the Holders of TCEH First Lien Claims, the TCEH First Lien Agent, or the TCEH First Lien Notes Trustee against one or more Holders of TCEH First Lien Claims, the TCEH First Lien Agent, or the TCEH First Lien Notes Trustee arising from, or in connection with, the TCEH First Lien Creditor Allocation Dispute, or (c) the TCEH First Lien Creditor Deposit L/C Collateral Allocation Dispute, or claims or Causes of Action asserted in the Marathon Delaware Action (in accordance with and as that term is defined in the

*Stipulation and Consent Order Regarding Limited Objection of Marathon Asset Management, L.P., to Confirmation of Debtors' Fifth Amended Plan of Reorganization*, dated November 10, 2015 [D.I. 6932]), by any Holder of Allowed Class C3 Claims under the TCEH Confirmed Plan against one or more Holders of Allowed Class C3 Claims under the TCEH Confirmed Plan (other than the TCEH First Lien Agent, except in the TCEH First Lien Agent's capacity as a nominal defendant to declaratory judgment claims in respect of which no monetary recovery is sought) solely with respect to the TCEH First Lien Creditor Deposit L/C Collateral Allocation Dispute.

The foregoing releases, injunctions, exculpations, and related provisions set forth in Article VIII of the Plan were approved and authorized in their entirety as they relate to the TCEH Debtors and the EFH Shared Services Debtors pursuant to the TCEH Confirmation Order and effective as of the TCEH Effective Date.

## D.    Federal Communications Commission.

81.    No provision in the Plan or this EFH Confirmation Order relieves the Reorganized EFH Debtors or the Reorganized EFIH Debtors from their obligations to comply with the Communications Act of 1934, as amended, and the rules, regulations, and orders promulgated thereunder by the Federal Communications Commission ("FCC"). No transfer of control to the Reorganized EFH Debtors or the Reorganized EFIH Debtors of any federal license or authorization issued by the FCC shall take place prior to the issuance of FCC regulatory approval for such transfer of control pursuant to applicable FCC regulations. The FCC's rights and powers to take any action pursuant to its regulatory authority over the transfer of control to the Reorganized EFH Debtors or the Reorganized EFIH Debtors, including imposing any regulatory conditions on such transfer, are fully preserved, and nothing herein shall proscribe or constrain the FCC's exercise of such power or authority.

## E.    Post-EFH Confirmation Notices, Professional Compensation, and Bar Dates.

82.    In accordance with Bankruptcy Rules 2002 and 3020(c), no later than seven Business Days after the EFH Effective Date, the EFH Plan Administrator Board shall cause

41

notice of EFH Confirmation and occurrence of the EFH Effective Date, substantially in the form attached hereto as **Exhibit B** (the "Notice of EFH Confirmation"), to be served by United States mail, first-class postage prepaid, by hand, or by overnight courier service to all parties served with the EFH Confirmation Hearing Notice; *provided, however,* that no notice or service of any kind shall be required to be mailed or made upon any Entity to whom the EFH/EFIH Debtors mailed an EFH Confirmation Hearing Notice or other notice in these Chapter 11 Cases but received such notice returned marked "undeliverable as addressed," "moved, left no forwarding address," "forwarding order expired," or similar reason, unless such Debtors have been informed in writing by such Entity, or are otherwise aware, of that Entity's new address.

83.     To supplement the notice procedures described in the preceding sentence, no later than five Business Days after the EFH Effective Date, the EFH Plan Administrator Board shall cause the Notice of EFH Confirmation, modified for publication, to be published on one occasion in *The Wall Street Journal, USA Today, The Dallas Morning News, Houston Chronicle, Corpus Christi Caller-Times, Fort Worth Star-Telegram,* and *Waco Tribune-Herald.* The Notice of EFH Confirmation is approved in all respects, and mailing and publication of the Notice of EFH Confirmation in the time and manner set forth herein will be good, adequate, and sufficient notice under the particular circumstances and in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules, including Bankruptcy Rules 2002 and 3020(c). No further notice is necessary. All expenses associated with the Notice of EFH Confirmation shall be paid by the EFH Plan Administrator Board from the EFH/EFIH Cash Distribution Account.

84.     The Notice of EFH Confirmation will have the effect of an order of the Court, will constitute sufficient notice of the entry of the EFH Confirmation Order to filing and

42

recording officers, and will be a recordable instrument notwithstanding any contrary provision of applicable non-bankruptcy law.

## F.    Notice of Subsequent Pleadings.

85.    Except as otherwise provided in the Plan or in this EFH Confirmation Order, notice of all subsequent pleadings in the Chapter 11 Cases after the EFH Effective Date will be limited to the following parties: (a) the U.S. Trustee; (b) counsel to the TCEH First Lien Ad Hoc Committee; (c) counsel to the Plan Sponsor; (d) counsel to the Supporting EFIH Unsecured Creditors; (e) counsel to the EFH Plan Administrator Board, (f) counsel to the EFIH Unsecured Notes Trustee, (g) counsel to the EFH Notes Trustee, and (h) any party known to be directly affected by the relief sought by such pleadings.

## G.    Retention of Jurisdiction.

86.    This Court retains jurisdiction over the matters set forth in Article XI and other applicable provisions of the Plan, including in order to hear and determine matters concerning state, local, and federal taxes in accordance with sections 346, 505, and 1146 of the Bankruptcy Code, and including any request made under section 505 of the Bankruptcy Code for the expedited determination of any unpaid liability of a Debtor for any tax incurred during the administration of the Chapter 11 Cases, including any tax liability arising from or relating to the Restructuring Transactions, for tax periods ending after the Petition Date and through the closing of the Chapter 11 Cases to the extent allowable under sections 346, 505, and 1146.

## H.    Reports.

87.    After the EFH Effective Date, the EFH/EFIH Debtors have no obligation to file with the Court or serve on any parties reports that the EFH/EFIH Debtors were obligated to file under the Bankruptcy Code or a Court order, including monthly operating reports (even for those periods for which a monthly operating report was not filed prior to the EFH Effective Date),

43

ordinary course professional reports, and monthly or quarterly reports for Professionals; *provided, however,* that the EFH/EFIH Debtors and EFH Plan Administrator Board, as applicable, will comply with the U.S. Trustee's quarterly reporting requirements. Through the EFH Effective Date, the EFH/EFIH Debtors will file such reports as are required under the Local Bankruptcy Rules.

## I.    Effectiveness of All Actions.

88.     Except as set forth in the Plan, all actions authorized to be taken pursuant to the Plan shall be effective on, prior to, or after the EFH Effective Date pursuant to the EFH Confirmation Order, without further application to, or order of the Court, or further action by the EFH/EFIH Debtors and/or the Reorganized EFH/EFIH Debtors and their respective directors, officers, members, or stockholders, and with the effect that such actions had been taken by unanimous action of such officers, directors, managers, members, or stockholders.

## J.    Approval of Consents and Authorization to Take Acts Necessary to Implement Plan.

89.     This EFH Confirmation Order together with the order approving the Merger Agreement and the Sempra Plan Support Agreement shall constitute all approvals and consents required, if any, by the laws, rules, and regulations of all states and any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts and transactions referred to in or contemplated by the Plan, the EFH Plan Supplement, the EFH Disclosure Statement, and any documents, instruments, securities, or agreements, and any amendments or modifications thereto.

## K.    Plan Implementation Authorization.

90.     Subject to the consent of the Plan Sponsor, the EFH Plan Administrator Board, the EFH/EFIH Debtors, or the Reorganized EFH/EFIH Debtors, as the case may be, and their

44

respective directors, officers, members, agents, and attorneys, financial advisors, and investment bankers are authorized and empowered from and after the date hereof to negotiate, execute, issue, deliver, implement, file, or record any contract, instrument, release, or other agreement or document related to the Plan, as the same may be modified, amended, and supplemented, and to take any action necessary or appropriate to implement, effectuate, consummate, or further evidence the Plan in accordance with its terms, or take any or all corporate actions authorized to be taken pursuant to the Plan, whether or not specifically referred to in the Plan or any exhibit thereto, without further order of the Court. To the extent applicable, any or all such documents shall be accepted upon presentment by each of the respective state filing offices and recorded in accordance with applicable state law and shall become effective in accordance with their terms and the provisions of state law. Pursuant to section 303 of the General Corporation Law of the State of Delaware and any comparable provision of the business corporation laws of any other state, as applicable, no action of the boards of directors (or similar governing body, or their equity owners or managing member, as applicable) of the EFH/EFIH Debtors or the Reorganized EFH/EFIH Debtors will be required to authorize such Debtors or Reorganized Debtors, as applicable, to enter into, execute and deliver, adopt or amend, as the case may be, any such contract, instrument, release, or other agreement or document related to the Plan, and following the EFH Effective Date, each of the documents related to the Plan will be a legal, valid, and binding obligation of such Debtors or Reorganized Debtors, as applicable, enforceable against such Debtors and Reorganized Debtors in accordance with the respective terms thereof.

**L.    Binding Effect.**

91.    On the date of and after entry of this EFH Confirmation Order, subject to the occurrence of the EFH Effective Date, and subject to the provisions of this EFH Confirmation Order, the Plan, and the EFH Plan Supplement shall bind the Debtors, their estates, any party

45

seeking to act on behalf of, or in respect of, the Debtors or the Debtors' estates, and any Holder of a Claim against or Interest in the EFH Debtors or the EFIH Debtors and such Holder's respective successor and assigns, regardless of whether: (a) such Holder's Claim or Interest is Impaired under the Plan; (b) such Holder has accepted the Plan; (c) such Holder failed to vote to accept or reject the Plan or voted to reject the Plan; (d) such Holder is entitled to a distribution under the Plan; (e) such Holder will receive or retain any property or interests in property under the Plan; or (f) such Holder has filed a Proof of Claim in the Chapter 11 Cases. For the avoidance of doubt, the Tax Matters Agreement and the Separation Agreement became binding upon the Debtors, their estates, and any party seeking to act on behalf of, or in respect of, the Debtors or the Debtors' estates on the TCEH Effective Date pursuant to the TCEH Confirmation Order. The Plan and its related documents constitute legal, valid, binding, and authorized obligations of the respective parties thereto and shall be enforceable in accordance with their terms. Pursuant to section 1142(a) of the Bankruptcy Code, the Plan and its related documents shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law. Notwithstanding anything in this paragraph, any determination made by this Court in the Confirmation Proceedings (as defined in the Stipulation) with respect to the forecasted value of asbestos-related claims asserted against the EFH/EFIH Debtors shall not be determinative of, or serve as a cap or floor on, the amounts due on account of any such claim(s), and shall not otherwise bind the holders of asbestos-related claims, including the Asbestos Objectors, or any of the Reorganized EFH Debtors in connection with resolution of any asbestos claim(s) asserted against the EFH/EFIH Debtors or any of the Reorganized EFH Debtors or in any proceeding to estimate the Debtors' aggregate asbestos liability under section 502(c) of the Bankruptcy Code.

46

92.     Furthermore, notwithstanding anything to the contrary in this EFH Confirmation Order, the Plan, or any related agreements or otherwise (including any provisions in any of the foregoing that also include the words "notwithstanding anything to the contrary" or similar references), upon the occurrence of the EFH Effective Date (a) none of (i) the Plan Sponsor; (ii) EFH Merger Sub; (iii) the Reorganized EFH/EFIH Debtors; (iv) any other entity acquired, directly or indirectly, by the Plan Sponsor pursuant to the terms of, or as a result of, the Plan, the Merger Agreement, or any related agreement; or (v) with respect to each of the foregoing Entities in clauses (i) through (iv), such Entity and its current and former Affiliates, shall have any liability or obligation with respect to any Administrative Claims, 2017 EFIH First Lien DIP Claims or any other Claims, other than (A) Class A3 - Legacy General Unsecured Claims Against the EFH Debtors, (B) Class A12 Claims of EFH Corp., LSGT Gas Company LLC, EECI, Inc., EEC Holdings, Inc., and LSGT SACROC, Inc. against one or more of EFH Corp., LSGT Gas Company LLC, EECI, Inc., EEC Holdings, Inc., and LSGT SACROC, Inc., and (C) certain property tax Claims secured by liens on real property in an amount not to exceed $100,000 (as set forth in the Merger Agreement), (b) such Claims (other than those set forth in subclauses (A)-(C) above) shall be paid only from the Accessible Account Deposit (as defined in the Merger Agreement) and the Settlement Payment (as defined in the EFH/Sempra Settlement Order [D.I. 12631]), and (c) all Entities asserting or holding a Claim are permanently enjoined from asserting or otherwise taking any action to collect or enforce or to seek or obtain any remedy with respect to any such Claims against the entities listed in (a)(i)-(v) above.

93.     On the EFH Effective Date, all 2017 EFIH First Lien DIP Claims shall be satisfied, in full, in Cash. Any 2017 EFIH First Lien DIP Contingent Obligations shall survive

47

the EFH Effective Date and be paid in full from the EFH/EFIH Cash Distribution Account in accordance with the Plan.

## M.  Directors and Officers of the Reorganized EFH/EFIH Debtors.

94.    The Reorganized EFH/EFIH Debtors' initial directors and officers, to the extent known, have been disclosed prior to the EFH Confirmation Hearing. To the extent that any director or officer has not yet been determined, such determination will be made in accordance with the New Organizational Documents and such appointment is hereby approved.

## N.  Release of Liens.

95.    Except as otherwise specifically provided in the Plan and except for (a) any Other Secured Claim Against the EFH Debtors that the EFH Debtors elect to Reinstate in accordance with Article III.B.1 (subject to the consent of the Plan Sponsor) and, with respect to any Allowed Other Secured Claim Against the EFH Debtors asserted by the Taxing Units that the EFH Debtors shall Reinstate on the EFH Effective Date until such Allowed Other Secured Claim Against the EFH Debtors is satisfied in the full Allowed amount, and (b) any Other Secured Claim Against the EFIH Debtors that the EFIH Debtors elect to Reinstate in accordance with Article III.B.16 (subject to the consent of the Plan Sponsor), on the EFH Effective Date, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the EFH/EFIH Debtors or their Estates shall be fully released and discharged, and all of the right, title, and interest of any Holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert to the Reorganized EFH/EFIH Debtors and their successors and assigns, in each case, without any further approval or order of the Bankruptcy Court and without any action or Filing being required to be made by the Debtors. Notwithstanding anything to the contrary in the Plan, the Liens on the collateral securing the EFIH First Lien Note Claims and EFIH Second Lien Note Claims, as applicable, will be released on the EFH Effective Date

48

following payment in full in Cash of the Allowed EFIH First Lien Claims and Allowed EFIH Second Lien Claims accrued as of such payment date and the funding of the EFIH First Lien Post-Effective Date Fee and Indemnification Reserve and the EFIH Second Lien Post-Effective Date Fee and Indemnification Reserve (each as applicable and as defined in the EFIH Secureds Settlement Approval Order). For the avoidance of doubt, solely for purposes of determining whether any such Claims are Secured Claims entitled to treatment as Class B3 or Class B4 Claims (rather than Unsecured Claims entitled to treatment as Class B5 Claims and Class B6 Claims), the secured status of such Claims shall be determined as if such Liens had not been released on the EFH Effective Date and remained in effect to the same extent they did immediately before the EFH Effective Date.

96.    To the extent that any Holder of a Secured Claim that has been satisfied or discharged in full pursuant to the Plan (or any agent for such Holder) has filed or recorded publicly any Liens and/or security interests to secure such Holder's Secured Claim, as soon as reasonably practicable on or after the EFH Effective Date, such Holder (or the agent for such Holder) shall take any and all steps reasonably requested by the Debtors, the Reorganized EFH/EFIH Debtors, or any administrative agent under the Exit Facility Documents that are reasonably necessary or desirable to record or effectuate the cancellation and/or extinguishment of such Liens and/or security interests, including the making of any applicable filings or recordings, and the Reorganized EFH/EFIH Debtors shall be entitled to make any such filings or recordings on such Holder's behalf.

## O.    Injunctions and Automatic Stay.

97.    Unless otherwise provided in the Plan or in this EFH Confirmation Order, all injunctions or stays in effect in the Chapter 11 Cases pursuant to sections 105 or 362 of the Bankruptcy Code or any order of the Court entered as of the EFH Confirmation Date (excluding

49

any injunctions or stays contained in the Plan or the EFH Confirmation Order) shall remain in full force and effect through and including the EFH Effective Date. All injunctions or stays contained in the Plan or the EFH Confirmation Order shall remain in full force and effect in accordance with their terms.

## P.    Cancelation of Existing Securities and Agreements.

98.    Except as otherwise provided in the Plan, on and after the EFH Effective Date, all notes, instruments, certificates, agreements, indentures, mortgages, security documents, and other documents evidencing Claims or Interests, including Other Secured Claims, EFIH First Lien Note Claims, EFIH Second Lien Note Claims, EFIH Unsecured Note Claims, EFH Legacy Note Claims, EFH LBO Note Primary Claims, EFH LBO Note Guaranty Claims, EFH Unexchanged Note Claims, EFH Swap Claims, EFH Series N Note Claims, and 2017 EFIH First Lien DIP Claims, shall be deemed canceled, surrendered, and discharged without any need for further action or approval of the Bankruptcy Court or a Holder to take further action with respect to any note(s) or security and the obligations of the Debtors or Reorganized Debtors, as applicable, thereunder or in any way related thereto shall be deemed satisfied in full and discharged, and the Indenture Trustees, the Original EFIH First Lien DIP Agent, and the 2017 EFIH First Lien DIP Agent shall be released from all duties thereunder; *provided, however*, that (a) Interests in Debtors EFIH, LSGT Gas Company, LLC, EECI, Inc., EEC Holding, Inc., and LSGT SACROC, Inc. shall be Reinstated; and (b) notwithstanding Confirmation or Consummation, any such indenture or agreement that governs the rights of the Holder of a Claim shall, subject to the terms of the Plan and, if applicable, the EFIH Settlement Agreement, continue in effect solely for purposes of: (1) allowing Holders of Allowed Claims to receive distributions under the Plan and, as to the EFIH First Lien Note Claims and EFIH Second Lien Note Claims, under EFIH Secureds Settlement Approval Order; (2) allowing the Indenture

50