**NORTON ROSE FULBRIGHT**

March 26, 2018

**VIA ECF**

Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, NY 10019-6022
United States

The Honorable Christopher S. Sontchi
United States Bankruptcy Court
for the District of Delaware
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

Direct line +1 212 408 5361
howard.seife@nortonrosefulbright.com

Tel +1 212 408 5100
Fax +1 212 541 5369
nortonrosefulbright.com

Re: *Energy Future Holdings Corp., et al.*, Case No. 14-10979:
<u>Request for Status Conference Regarding Administrative Expense Application</u>

Dear Judge Sontchi:

    I write on behalf of NextEra Energy, Inc. ("NextEra") to request a status conference regarding the *Application of NextEra Energy, Inc. for Allowance and Payment of Administrative Claim* [D.I. 12671] (the "Application") and the related joint motion of UMB Bank, N.A. and Elliott to dismiss or deny the Application on summary judgment [D.I. 12844] (the "Motion to Dismiss").[1]  I request that such status conference be held on March 28, 2018 at 2:00 p.m. during the currently scheduled omnibus hearing date in this matter.

    As Your Honor is well aware, NextEra believes that it is entitled to payment of a $275 million Termination Fee as an allowed administrative expense.  Your Honor, on reconsideration, denied payment of that fee, and NextEra's appeal of that decision is currently pending before the United States Court of Appeals for the Third Circuit.  The Third Circuit has "tentatively listed" the appeal for "consideration on the merits on Thursday, April 19, 2018," with a decision to issue at some point thereafter.

    As Your Honor is also aware, on February 20, 2018, NextEra separately filed the Application, seeking payment of certain of NextEra's actual out-of-pocket expenses in the amount of $59,505,617 as an allowed administrative expense.  It filed the Application at the time (a) to ensure that the relevant parties, and the Court, were aware of the issue prior to the confirmation hearing (although NextEra had previously informed the Debtors of the nature and amount of the forthcoming application) and (b) to comply with the bar date for General

---

[1] Capitalized terms used by not otherwise defined herein shall have the meanings ascribed to them in the Application.

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

VIA ECF
The Honorable Christopher S. Sontchi
March 26, 2018
Page 2

**NORTON ROSE FULBRIGHT**

Administrative Claims that would be established under the Plan. That bar date requires that all applications for allowance of General Administrative Claims be filed no later than 30 days after the Effective Date of the Plan.

In filing the Application, NextEra stated that "[t]his Expense Application is made *in the alternative* to NextEra's application for payment of the Termination Fee…." Application at 1 (emphasis added). NextEra reiterated this point at the confirmation hearing, stating that the amount sought by the Application was "purely in the alternative to the termination fee claim…." Tr. Hr'g Feb. 26, 2018 at 28:1-2. If NextEra prevails on its appeal of this Court's Reconsideration Order, the Application will not need to go forward. As a result, to avoid unnecessary expenditures (of both its own resources and estate resources) on a dispute that may be unnecessary, NextEra intentionally has not yet noticed the Application for a hearing.

Elliott, however, has filed its Motion to Dismiss, which it seeks to have heard on April 25, 2018. Setting aside the substance of Elliott's motion—which NextEra views as meritless—there is simply no reason to proceed with consideration of the Application at this time. There is no realistic possibility that the Third Circuit will have ruled by April 25. Without question the Third Circuit will not have even examined the merits of the appeal by the time that objections would be due. The result would be litigation in a vacuum, without the benefit of knowing whether the Reconsideration Order—on which Elliott's Motion to Dismiss entirely depends—would be affirmed, reversed, or affirmed in part and reversed in part. Essentially, Elliott is asking the Court to issue a speculative advisory opinion.

In addition, the Motion to Dismiss is a procedurally improper vehicle for addressing NextEra's Application. Any opposition to the Application gives rise to a contested matter, not an adversary proceeding. Federal Rule of Bankruptcy Procedure 7012—authorizing motions to dismiss—does not apply in a contested matter unless so ordered by the Court. *See* Fed. R. Bankr. P. 9014(c). The Court has not done so in this case. If Elliott wishes to oppose the Application, it should file an objection at the appropriate time, to which NextEra would then be entitled to reply. By filing the Motion to Dismiss instead of an objection, Elliott is simply seeking to preserve for itself a second bite at the apple should its motion fail. Far from advancing judicial economy and preserving estate resources, Elliott's proposed approach threatens to multiply costs for all involved.

VIA ECF  
The Honorable Christopher S. Sontchi  
March 26, 2018  
Page 3

NORTON ROSE FULBRIGHT

      Finally, Elliott offers no explanation for why the Application must be addressed now to avoid a delay in distributions to creditors. Until the Third Circuit rules, there is no possibility of delay.[2]

      For all of these reasons, NextEra requests that the Court schedule a status conference on the Application and Motion to Dismiss for March 28, 2018 at 2:00 p.m. for purposes of establishing a proper schedule for resolving the Application and any opposition thereto.

Very truly yours,

*/s/ Howard Seife*  
Howard Seife

cc: Winston & Strawn LLP (attn.: Dan K. Webb, Thomas J. Buchanan)

---

[2] Moreover, the EFH and EFIH estates have still not resolved their ongoing allocation disputes, or even noticed those disputes for a hearing, meaning that creditor distributions are being held in limbo regardless of the Application.