

ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

March 27, 2018

**VIA ECF AND HAND DELIVERY**

The Honorable Christopher S. Sontchi
United States Bankruptcy Court
for the District of Delaware
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

    Re:    *In re Energy Future Holdings Corp.*, Case No. 14-10979 (CSS)

Dear Judge Sontchi:

    We submit this letter on behalf of UMB Bank, N.A., as Indenture Trustee, Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, the "Movants") in response to the letter submitted on behalf of NextEra Energy, Inc. ("NextEra") [D.I. 12853] requesting a status conference for March 28, 2018 at 2:00 p.m. in connection with the *Application of NextEra Energy, Inc. for Allowance and Payment of Administrative Claim* [D.I. 12671] (the "Application") and Movants' motion to dismiss or, in the alternative, grant summary judgment on the Application [D.I. 12844] (the "Motion").

    The Movants do not oppose the status conference requested by NextEra and will address NextEra's letter in more detail during that conference. We submit this letter to address certain assertions made in NextEra's letter that Movants believe are inaccurate or unfounded.

    *First*, the Motion is not procedurally improper. Under Bankruptcy Rule 9014(c), this Court has discretion to apply Bankruptcy Rule 7012 to a contested matter. The Movants requested that this Court exercise that discretion in their Motion. *See* Motion, p.1 n.2 and ¶ 21.

    *Second*, NextEra's letter simply ignores that Movants also seek summary judgment on the Application under Bankruptcy Rule 7056, which explicitly applies to contested matters under Bankruptcy Rule 9014(c). *See* Motion at p. 1 and ¶ 22. Therefore, the Motion is procedurally proper and a cost-effective way of addressing the Application, and NextEra should respond and demonstrate why an issue of material fact exists.

    *Third*, NextEra has not, and cannot, offer any legal justification to delay proceedings on the contested Application. In the Application, NextEra asserts that it is entitled to be reimbursed for transaction related expenses under sections 503(b)(1) and (b)(3) of the Bankruptcy Code, an entitlement which NextEra contends is distinct and independent from its request for the $275 million termination fee that was denied by this Court in the order dated October 18, 2018 [D.I. 12075] (the

ROPES & GRAY LLP

- 2 -

"Reconsideration Order"). *See* Application, ¶ 36 and p. 19 n. 91. Movants, by contrast, contend that as a matter of law and based on the indisputable facts, NextEra is not entitled to such relief "in the alternative" or otherwise. This dispute is ready for resolution now, and proceedings on the Application and Motion will not be mooted by the outcome of NextEra's present appeal of the Reconsideration Order in the Third Circuit.

More importantly, permitting proceedings on the Application now will result in a more prompt resolution of the next dispute that NextEra undoubtedly will use to delay creditors from receiving their full distributions under the E-Side Debtors' confirmed chapter 11 plan—a request for a $60 million interest-free reserve pending a final order on the Application. Indeed, NextEra already made such a request in connection with confirmation. For these reasons, proceedings on the Application and in the Third Circuit appeal should proceed concurrently. Accordingly, Movants request that the Court hear the Motion on April 25, 2018, and set an appropriate briefing schedule in connection therewith.

Very truly yours,

*/s/ Gregg M. Galardi*
Gregg M. Galardi

Cc:  Howard Seife, Esq., Norton Rose Fulbright US LLP
Dan K. Webb, Esq., Winston & Strawn LLP
Thomas J. Buchanan, Esq., Winston & Strawn LLP
Marc Kieselstein, Esq., Kirkland & Ellis LLP
Mark McKane, Esq., Kirkland & Ellis LLP
Aparna Yenamandra, Esq., Kirkland & Ellis LLP