IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* <br><br> ENERGY FUTURE HOLDINGS CORP., *et al.*, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 14-10979 (CSS) <br><br> (Jointly Administered) <br><br> Re: <br><br> Hearing Date: |

**DECLARATION OF JEANNA R. KOSKI IN SUPPORT OF THE APPLICATION OF CERTAIN ASBESTOS CREDITORS PURSUANT TO 11 U.S.C. § 503(B) FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES INCURRED IN MAKING A SUBSTANTIAL CONTRIBUTION IN THESE CHAPTER 11 CASES**

Pursuant to 28 U.S.C. § 1746, I, Jeanna R. Koski, hereby declare under penalty of perjury that the following information is true and correct to the best of my knowledge, information and belief:

1. I am of counsel at the law firm Caplin & Drysdale, Chartered ("**Caplin & Drysdale**"), and am duly authorized to make this Declaration on its behalf. I make this Declaration in support of the Application of Shirley Fenicle, David William Fahy, John H. Jones, David Heinzmann, Harold Bissell, Kurt Carlson, Robert Albini, Denis Bergschneider, and Curtis and Charlotte Liberda (collectively, "**Certain Asbestos Creditors**") Pursuant to 11 U.S.C. § 503(b) for Allowance of Administrative Expenses Incurred in Making a Substantial Contribution in These Chapter 11 Cases.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

2. Counsel for Shirley Fenicle and David William Fahy retained Caplin & Drysdale in or about the month of January 2016 in connection with the Debtors' bankruptcy cases.

3. Caplin & Drysdale was charged with representing Ms. Fenicle and Mr. Fahy in connection with their efforts to protect the interests and rights of absent asbestos victims who, as of the bar date for asbestos claims in these cases (the "**Asbestos Bar Date**"),[2] had not yet suffered cognizable injuries caused by pre-petition exposure to the Debtors' asbestos, and did not file timely proofs of claim, but who have since suffered or will suffer such injuries in the future ("**Unmanifested Asbestos Claimants**").  No separate legal representative was appointed in these bankruptcy cases to represent the Unmanifested Asbestos Claimants.

4. From January 2016 through the present, Caplin & Drysdale has represented Ms. Fenicle and Mr. Fahy in their efforts to protect the interests and rights of Unmanifested Asbestos Claimants in these cases.  The actions taken by Ms. Fenicle and Mr. Fahy and the remaining Certain Asbestos Creditors during this time are those that ordinarily would have been expected of an estate-compensated representative.  Caplin & Drysdale represented Ms. Fenicle and Mr Fahy during this time in connection with, among other things:

- Objecting to disclosure statements for various of the Debtors' plans;
- Objecting to motions to approve various merger agreements that required the plan to discharge Unmanifested Asbestos Claims, and to approve termination fees in connection with such merger agreements;
- Participating in discovery;
- Objecting to settlements of certain claims;
- Objecting to a supplemental bar date for certain claims;

---

[2]  *See* Order (A) Setting Bar Date for Filing Asbestos Proofs of Claim, (B) Approving the Form of and Manner for Filing Asbestos Proofs of Claim and (C) Approving Notice Thereof, July 30, 2015, D.I. 5171 (the "**Bar Date Order**").

2

- Moving to dismiss the chapter 11 petitions of the Asbestos Debtors;

- Objecting to confirmation of various plans that purported to discharge the claims of Unmanifested Asbestos Claimants in a manner violative of due process;

- Participating in hearings, including plan confirmation hearings; and

- Appealing from various orders of the Bankruptcy Court, including orders approving disclosure statements, merger agreements, and plans that would discharge Unmanifested Asbestos Claims.

5. Kazan McClain Satterley & Greenwood, Early Lucarelli Sweeney & Meisenkothen, and Gori Julian & Associates, P.C., who are counsel for certain of the Certain Asbestos Claimants, have caused to be paid to Caplin & Drysdale a total of (i) $1,416,096.51 for compensation for professional services and (ii) $2,458.28 for reimbursement for actual, necessary expenses incurred by Caplin & Drysdale, totaling $1,418,554.79. An additional charge of $23,369.14 for professional fees remains outstanding; I have been informed that it will be paid in the ordinary course.

6. Attached hereto are the following exhibits:

- Exhibit A is a schedule setting forth the number of hours expended and fees incurred by each of the partners, associates, and paraprofessionals of Caplin & Drysdale in connection with the fees and expenses for which Certain Asbestos Creditors assert an administrative expense claim, and their hourly rates.

- Exhibit B is a schedule providing certain information regarding the attorneys and paraprofessionals of Caplin & Drysdale in connection with the fees and expenses for which Certain Asbestos Creditors assert an administrative expense claim, including firm bios for the attorneys.

- <u>Exhibit C</u> is a schedule setting forth the total amount of expenses incurred by Caplin & Drysdale with respect to each category of expenses for which Certain Asbestos Creditors assert an administrative expense claim.

- <u>Exhibit D</u> contains an itemized list of expenses incurred by Caplin & Drysdale for which Certain Asbestos Creditors assert an administrative expense claim.

- <u>Exhibit E</u> consists of detailed time records maintained by Caplin & Drysdale in connection with the fees and expenses for which Certain Asbestos Creditors assert an administrative expense claim, and their hourly rates.

The foregoing is true and correct to the best of my knowledge and belief.

EXECUTED on April 9, 2018 in Washington, D.C.

/s/ *Jeanna R. Koski*
Jeanna R. Koski
Caplin & Drysdale, Chartered