**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re:* | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | Case No. 14-10979 (CSS) |
| | (Jointly Administered) |
| Debtors.[1] | **Objection Deadline: May 14, 2018 @ 4:00 p.m.**<br>**Hearing Date: May 29, 2018 @ 1:00 p.m.** |

**MOTION OF CERTAIN ASBESTOS CREDITORS**
**FOR ORDER REQUIRING RESERVE FOR ADMINISTRATIVE EXPENSES CLAIM**

---

[1]     The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

Shirley Fenicle, individually and as successor-in-interest to the Estate of George Fenicle, David William Fahy, John H. Jones, David Heinzmann, Harold Bissell, Kurt Carlson, Robert Albini, individually and as successor-in-interest to the Estate of Gino Albini, Denis Bergschneider, and Charlotte and Curtis Liberda (the "**Movants**," or "**Certain Asbestos Creditors**") by their undersigned counsel, respectfully submit this motion (the "**Motion**") for entry of an order, substantially in the form attached hereto as Exhibit A, requiring the Plan Administrator Board[2] to establish a reserve of $4,000,000.00 to be used for the payment of Certain Asbestos Creditors' administrative expenses claim for reasonable documented legal fees and expenses incurred in making a substantial contribution in these bankruptcy cases. In support of this Motion, Certain Asbestos Creditors rely on the statements in the *Application of Certain Asbestos Creditors Pursuant to 11 U.S.C. § 503(b) for Allowance of Claim for Administrative Expenses Incurred in Making a Substantial Contribution in These Chapter 11 Cases,* filed contemporaneously herewith (the "**Application**"), and the exhibits thereto.  In further support of this Motion, Certain Asbestos Creditors respectfully state as follows:

## JURISDICTION AND VENUE

This United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over these cases and this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District for the District of Delaware,* dated February 29, 2012.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2]    Capitalized terms not defined herein shall have the meanings given to them in the Plan. *See First Am. Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code*, Sept. 11, 2017, D.I. 11854 (as amended and supplemented, the "**Plan**").

**RELIEF REQUESTED**

Certain Asbestos Creditors respectfully request that the Court order that the Plan Administrator Board establish a reserve of $4,000,000.00, to be used for the payment of Certain Asbestos Creditors' administrative expenses claim, set out in the accompanying Application, if that claim ultimately is allowed.

**BACKGROUND**

Each of the Debtors—Energy Future Holdings Corp. ("**EFH Corp.**") and 69 of its direct and indirect subsidiaries (together, the "**Debtors**")—filed separate petitions for reorganization under Chapter 11 on April 29, 2014 (the "**Petition Date**"). *See Chapter 11 Voluntary Pet.*, D.I. 1. The Debtors' bankruptcies were administered jointly, pursuant to Federal Rule of Bankruptcy Procedure 1015 and Local Bankruptcy Rule 1015-1. *See Final Order Directing Joint Administration of the Debtors' Chapter 11 Cases*, June 5, 2014, D.I. 849.

On February 27, 2018, the Court entered the order confirming the Debtors' Plan. *See Order Confirming the First Am. Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code*, D.I. 12763 (the "**Confirmation Order**"). The EFH Effective Date occurred on March 9, 2018 (the "**Effective Date**"). *See Notice of Entry of EFH Confirmation Order and Occurrence of EFH Effective Date*, Mar. 9, 2018, D.I. 12801.

The Confirmation Order provides for the creation of the EFH Plan Administrator Trust (the "**Trust**"), the primary purpose of which is to act as Disbursing Agent, administering the EFH/EFIH Cash Distribution Account, from which Allowed Claims are to be paid. *See* Confirmation Order ¶ 134. The Plan Administrator Board serves as Trustee of the Trust. *See id.* ¶ 135; *see also* Plan, art. IV.B. The Confirmation Order also provides that the Reorganized Debtors will not be responsible for any allowed Administrative Claims that are not paid by the Trust. Confirmation

Order ¶ 92 ("[U]pon the occurrence of the EFH Effective Date . . . the Reorganized EFH/EFIH Debtors . . . shall [not] have any liability or obligation with respect to any Administrative Claims . . . .").

Certain Asbestos Creditors have appealed the Confirmation Order insofar as it would purport to permit the discharge of Unmanifested Asbestos Claims (the "**Appeal**").[3]  That Appeal is pending before the District Court.

## DISCUSSION

On October 27, 2014, the United States Trustee appointed an official creditors' committee comprising five unsecured creditors of Energy Future Holdings Corp.; Energy Future Intermediate Holding Company, LLC; EFIH Finance, Inc.; and EECI (the "**E-Side Committee**").  Movants Ms. Fenicle and Mr. Fahy are members of the E-Side Committee.  *See Notice of Appointment of Committee of Unsecured Creditors*, D.I. 2570; *In re Energy Future Holdings Corp.*, 522 B.R. 520 523, 524 n.7 (Bankr. D. Del. 2015).  No committee was appointed to represent the interests of creditors with claims against the other three Asbestos Debtors:  EEC Holdings, Inc., LSGT Gas Co. LLC, and LSGT SACROC, Inc.

As the E-Side Committee recognized, the interests of currently-afflicted asbestos claimants and Unmanifested Asbestos Claimants are inherently in conflict, and thus the E-Side Committee could not adequately represent both groups of creditors.[4]  On July 22, 2015, Charlotte and Curtis

---

[3]    *Notice of Appeal*, *Fenicle v. Energy Future Holdings Corp.* (*In re Energy Future Holdings Corp.*), Civil Action No. 18-00381 (D. Del. Mar. 9, 2018), D.I. 1.

[4]    *See Notice of Emergency Mot. of the EFH Official Committee for Entry of an Order (I) Adjourning the Hearing, Currently Scheduled for June 1, 2015, on the Debtors' Proposed Form of Order (A) Setting Bar Date for Filing Asbestos Proofs of Claim, (B) Approving the Form of and Manner for Filing Asbestos Proofs of Claim, and (C) Approving Notice Thereof* ¶ 9 & n.4, May 21, 2015, D.I. 4553 (noting "potential, if not actual, conflict of interests between the Unmanifested Asbestos Claimants and other persons and entities within the constituency represented by" the E-

Liberda moved this Court to appoint a separate legal representative for Unmanifested Asbestos Claimants. *Motion of Charlotte Liberda and Curtis Liberda to Appoint Legal Representative*, D.I. 5072. Ms. Fenicle and Mr. Fahy filed a joinder supporting that motion. The Debtors opposed the appointment of a representative for Unmanifested Asbestos Claimants, and none was appointed. In the absence of a separate representative, Movants Fenicle and Fahy, throughout these cases, have sought to protect the interests of absent Unmanifested Asbestos Claimants as fiduciaries and next-friends. As the case progressed, they were joined in their efforts by Movants Jones, Heinzmann, Bissell, Carlson, Albini, and Bergschneider, Unmanifested Asbestos Claimants whose claims would purportedly be discharged under the confirmed Plan.

In the Application, Movants seek allowance of their administrative expenses claim to recover fees and expenses they have incurred, and will incur in the future, in connection with their efforts to protect the rights of Unmanifested Asbestos Claimants,[5] including $2,900,773.66 for necessary fees and expenses incurred through February 2018, when the Plan was confirmed, as well as fees and expenses that will be incurred in connection with their Appeal from the Confirmation Order, which amount has not yet been determined, but is estimated to be up to approximately $1,000,000.

The Application sets out the reasons for which this Court should allow Certain Asbestos Creditors' administrative claim. Regardless of whether their claim is allowed by the Court at this time, the allowed amount of the claim will not be determined until any appeal from this Court's order on the Application—and the Appeal from the Confirmation Order—are resolved by final orders. If the funds in the EFH/EFIH Cash Distribution Account are distributed before the Certain

---

Side Committee because the interests of those other persons and entities was "to maximize their own recovery, which may require minimizing the claims of Unmanifested Asbestos Claims.").

[5]     Capitalized terms shall have the same meaning as in the accompanying Application.

Asbestos Creditors' claim for administrative expenses is finally resolved, Certain Asbestos Creditors' administrative expenses claim would not be given the priority mandated by the Code. *See* 11 U.S.C. § 507(a)(2) (West 2018) (administrative expenses allowed under section 503(b), *inter alia*, entitled to second priority).  Thus, Certain Asbestos Creditors ask that the Court order the Plan Administrator Board set aside $4,000,000.00 for payment of the claim in the event it is ultimately allowed.

The Court has ordered the Plan Administrator Board to reserve $38 million for payment of allowed administrative claims of Supporting Creditors, to ensure those claims will be accorded the priority required by the Code.  *See* Confirmation Order ¶ 116 ("[T]he EFH Plan Administrator Board shall reserve $38,000,000.00 in the EFH/EFIH Cash Distribution Account into a segregated, interest-bearing account, which amounts shall be held, used, and applied by the EFH Plan Administrator Board for the payment of Allowed Administrative Claims of the Supporting Creditors under sections 503(b)(3)(D) and 503(b)(4) of the Bankruptcy Code.").  Under § 507(a), the administrative expenses claim of the Certain Asbestos Creditors is entitled to the same priority as administrative expenses claims of supporting creditors, and a similar reserve should be established to ensure payment of Certain Asbestos Creditors' claim in the event that it ultimately is allowed.

## **CONCLUSION**

For the foregoing reasons, Certain Asbestos Creditors ask that this Court enter an order requiring the Plan Administrator Board to establish a reserve for the Certain Asbestos Creditors' administrative expense claim, in the amount of $4,000,000.00, and to maintain that reserve until the Appeal of the Confirmation Order, and the questions of whether the Certain Asbestos Creditors' administrative expense claim should be allowed, and for what amount, have been finally resolved.

Dated:  April 9, 2018
        Wilmington, Delaware

Respectfully submitted:

By:     /s/ Daniel K. Hogan
        Daniel K. Hogan (DE Bar # 2814)
        HOGAN MCDANIEL
        1311 Delaware Avenue
        Wilmington, Delaware 19806
        Telephone: (302) 656-7540
        Facsimile: (302) 656-7599
        dkhogan@dkhogan.com

        *Counsel for Shirley Fenicle, individually and as
        successor-in-interest to the Estate of George
        Fenicle, David William Fahy, John H. Jones, David
        Heinzmann, Harold Bissell, Kurt Carlson, and
        Robert Albini, individually and as successor-in-
        interest to the Estate of Gino Albini, and Denis
        Bergschneider*

        -and-

        Steven Kazan (admitted *pro hac vice*)
        KAZAN MCCLAIN SATTERLEY &
        GREENWOOD
        A Professional Law Corporation
        Jack London Market
        55 Harrison Street, Suite 400
        Oakland, CA 94607
        Telephone: (510) 302-1000
        Facsimile: (510) 835-4913

        *Counsel for Shirley Fenicle, individually and as
        successor-in-interest to the Estate of George
        Fenicle, and Denis Bergschneider*

        -and-

        Ethan Early (admitted *pro hac vice*)
        EARLY LUCARELLI SWEENEY &
        MEISENKOTHEN
        265 Church Street, 11th Floor
        New Haven, CT 06508-1866
        Telephone: (203) 777-7799
        Facsimile: (203) 785-1671

*Counsel for David William Fahy, David Heinzmann, Harold Bissell, Kurt Carlson, and Robert Albini, individually and as successor-in-interest to the Estate of Gino Albini*

-and-

Jonathan Ruckdeschel (admitted *pro hac vice*)
THE RUCKDESCHEL LAW FIRM LLC
8357 Main Street
Ellicott City, MD 21043
Telephone:  410-750-7825
Facsimile: 443-583-0430

*Counsel for David Heinzmann*

-and-

Beth Gori (admitted *pro hac vice*)
Gori Julian & Associates, P.C.
156 North Main Street
Edwardsville, IL 62025
Telephone: (618) 659-9833
Facsimile: (618) 659-9834

*Counsel for John H. Jones*