IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ X
In re:                                                      :    Chapter 11
                                                            :
Energy Future Holdings, Inc., *et al.*,                     :    Case No. 14-10979 (CSS)
                                                            :
        Debtors.                                          :    (Jointly Administered)
                                                            :
------------------------------------------------------------ X

**DECLARATION OF HOWARD SEIFE PURSUANT TO FED. R. BANK P. 7056(d) AND FED. R. CIV. P. 56(d) IN SUPPORT OF OBJECTION OF NEXTERA ENERGY, INC. TO JOINT MOTIONOF UMB BANK, N.A., AND ELLIOTT FUNDS TO (I) DISMISS APPLICATION OF NEXTERA FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE, OR, IN THE ALTERNATIVE, (II) GRANT SUMMARY JUDGMENT DENYINGAND DISALLOWING SUCH ADMINISTRATIVE EXPENSE**

Howard Seife, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury as follows:

1.    I am a partner at Norton Rose Fulbright US LLP, attorneys for NextEra Energy, Inc. ("NextEra") in the above-captioned bankruptcy case.

2.    I make this declaration pursuant to Fed. R. Bank. P. 7056(d) and Fed. R. Civ. Pro. 56(d), and in support of the Objection of NextEra Energy, Inc. to Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott Funds to (I) Dismiss Application of NextEra For Allowance and Payment of Administrative Expense, or, in the Alternative, (II) Grant Summary Judgment Denying and Disallowing Such Administrative Expense (the "Objection"). All capitalized terms not defined herein shall have the meanings ascribed to them in the Objection.

3.    NextEra filed the Application of NextEra Energy, Inc. for Allowance and Payment of Administrative Claim (the "Application") on February 20, 2018. As the Application explains, it was made in the alternative to NextEra's application for payment of the Termination

Fee, which is the subject of an appeal, now pending in the Third Circuit, from this Court's October 18, 2017 Reconsideration Order.

4.  As discussed in the Objection, because the Application is made in the alternative, consideration of the Application at this juncture is premature and would entail the potentially unnecessary expenditure of the parties' and the Court's resources. Accordingly, NextEra did not set a date for a hearing when it filed the Application. NextEra nonetheless filed the Application in advance of the recent confirmation hearing in order to assure that the Court's determinations concerning appropriate reserving could be made in light of this alternative claim. Further, once the Sempra Plan was confirmed, it would in any event become incumbent upon NextEra to file the claim within 30 days after the Effective Date of the Plan. *See* Sempra Plan at p.5, § I.A.14.

5.  There has been no discovery on the Application, and the Court has not issued a schedule for such discovery. Indeed, the Court noted at the March 28, 2018 telephonic status conference concerning Elliott's and UMB's motion to dismiss or for summary judgment, the Court is "not ready to schedule a trial on the merits" or to "issue a discovery schedule" for the Application. Tr. Hr'g Mar. 28, 2018 at 17:10-13. The Court noted that it does not "need discovery, no depositions" to proceed at this juncture; the Court anticipated that "one of the responses" would be that "the matter is not ripe for summary judgment," but concluded "we won't get into the issue of actually taking any discovery until the Court has an opportunity to review the briefing." *Id.* at 19:14-20.

6.  As the Objection discusses, the record already before the Court establishes that its efforts to close the Merger Agreement transaction, which entailed substantially higher consideration for the estate than any other bid at the time or since, benefitted the estate, and that, at minimum, the record evidence is sufficient to raise a material question of fact on this issue.

However, in the event, the Court concludes otherwise, NextEra should be afforded a reasonable amount of time to take discovery concerning the ways in which its efforts benefitted the estate.

7. Such discovery would include, without limitation, document demands and deposition notices to be served upon Sempra, the Debtors, and/or their advisors to explore the extent to which—as testimony has already indicated was true regarding asbestos issues—the NextEra deal and NextEra's efforts to close that deal facilitated the Sempra deal and/or the Sempra Plan. For example, NextEra would expect to pursue such discovery to establish facts showing reliance by Sempra and the Debtors upon the NextEra deal and NextEra's efforts with respect thereto when: (i) negotiating the Sempra deal; (ii) conducting diligence for the Sempra deal; (iii) structuring and memorializing the Sempra deal; (iv) pursuing and obtaining PUCT and other regulatory approvals; (v) pursuing and obtaining confirmation of the Sempra Plan; and (vi) obtaining creditor support for the Sempra Plan and minimizing litigation based on settlements negotiated in connection with the NextEra transaction.

8. In addition, NextEra believes that the plain language of Section 6.7 of the Merger Agreement preserves NextEra's right to seek reimbursement of its administrative expenses, and does not, as Elliott and UMB claim, bar NextEra from seeking recovery of such expenses. At minimum, the language of the provision is sufficient to raise a material question of fact on this issue. However, in the event that the Court concludes otherwise, NextEra should be afforded a reasonable amount of time to take discovery concerning the proper interpretation of Section 6.7 and related provisions.

9. Such discovery would include, without limitation, document demands and deposition notices to be served upon the Debtors and/or their advisors concerning negotiations

and communications concerning Section 6.7 and related contract provisions, and concerning Debtors' understanding and interpretation of those provisions.

10.   This evidence is unavailable to NextEra without discovery which, as discussed above, the Court has concluded would be inappropriate at this juncture (at least until the Court has reviewed the parties' briefing).  Allowing additional time for NextEra to conduct the proposed discovery will enable NextEra to establish additional facts showing that it benefitted the estate, that it consequently meets the requirements for recovery of its expenses under the Bankruptcy Code as further detailed in the Application and the Objection, and that UMB's and Elliott's motion to dismiss and for summary judgment therefore must be rejected.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 11, 2018 in New York, NY.

*/s/ Howard Seife*
Howard Seife