## Exhibit B

**Retention Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | Re: D.I. 659, 2531 |

## ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY RICHARDS, LAYTON & FINGER, P.A. AS CO-COUNSEL EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application, dated May 29, 2014 [D.I. 659] (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing the Debtors to retain and employ Richards, Layton & Finger, P.A. ("RL&F") as co-counsel effective *nunc pro tunc* to the Petition Date; all as more fully set forth in the Application, the DeFranceschi Affidavit, the Supplemental DeFranceschi Affidavit (D.I. 2531), the Doré Declaration and the First Day Declaration (collectively, the "Declarations"); and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

RLF1 10810432v.2

having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other Parties-in-Interest; and the Court having found that the Debtors provided appropriate notice of the Application and the opportunity for a hearing on the Application under the circumstances; and the Court having reviewed the Application and the Declarations; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the relevant proceedings with respect to the Application, if any, before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted to the extent provided herein.

2. The Debtors are authorized pursuant to sections 327(a), 328, and 330 of the Bankruptcy Code to employ and retain RLF, effective *nunc pro tunc* to the Petition Date, as co-counsel to the Debtors in accordance with the terms and conditions set forth in the Application and in the Engagement Letter attached to the Application as Exhibit C, *provided, however*, that nothing in the Engagement Letter shall supersede any provisions of the Bankruptcy Code during the pendency of the Debtors' chapter 11 cases; *provided further, however*, that to the extent the Application, the Declarations, any later declaration, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

3. RLF is authorized to provide the Debtors with the professional services as described in the Application, the Engagement Letter, the DeFranceschi Affidavit and the Supplemental DeFranceschi Affidavit, as follows:

    a. providing Delaware law expertise to the Debtors, including advising the Debtors and Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "K&E") on issues of local practice and the Local Bankruptcy Rules;

    b. acting as Delaware counsel with respect to the Debtors' restructuring, including (i) reviewing, commenting on, and filing the various documents and

2

RLF1 10810432v.2

pleadings principally drafted by K&E; and (ii) drafting certifications of counsel), certifications of no objection, notices, and other routine documents that are not principally drafted by K&E for filing in the Debtors' chapter 11 cases;

c. appearing in Court and at meetings on behalf of the Debtors;

d. interacting and communicating with chambers outside of hearings; and

e. acting as conflicts counsel independently from K&E in certain matters.

4. Notwithstanding anything in the Application, the DeFranceschi Affidavit, or the Engagement Letter to the contrary, RLF shall apply the remaining amount of the Retainer to satisfy the payment of allowed fees and expenses accruing after the Petition Date before seeking further payment from the Debtors in satisfaction of such allowed fees and expenses. The Retainer will not be replenished postpetition.

5. Notwithstanding anything in the Engagement Letter to the contrary, for the avoidance of doubt, the Bankruptcy Court shall have jurisdiction over any and all matters arising under or in connection with RLF's engagement by the Debtors and the Engagement Letter.

6. RLF shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

7. RLF is aware of certain potential claims by and among the Debtors, including alleged potential actions under chapter 5 of the Bankruptcy Code, tax-related claims, and other intercompany claims.

8. If any potential conflict between or among the Debtors, whether or not resulting from intercompany or other claims, becomes an actual conflict or RLF otherwise determines that it can no longer provide advice to the Debtor(s) on a particular matter (either one, an "Actual Conflict Matter"), then RLF immediately shall file a notice of the Actual Conflict Matter, with a

3

copy to the U.S. Trustee, and the applicable Debtor(s) will retain other conflicts counsel ("Conflicts Counsel") to advise the Debtor(s) in connection with the Actual Conflict Matter.

9. RLF may not represent the applicable Debtor(s) in litigating or otherwise advising the applicable Debtor(s) with respect to the Actual Conflict Matter. RLF may confer with the Debtors, Conflicts Counsel, the Debtor(s)' other advisors, any other party, and advisors to such other parties in connection with RLF's continued representation of the Debtors in (i) negotiating, preparing, or prosecuting a plan of reorganization (or other restructuring transactions) that settles the Actual Conflict Matter, or (ii) matters wholly unrelated to the Actual Conflict Matter.

10. RLF shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, any case-specific fee protocols approved by the Court after notice and a hearing pursuant to paragraph C.5 of the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order"), and any other applicable procedures and orders of the Court. RLF also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, in connection with the Application and any interim and final fee applications to be filed by RLF in these Chapter 11 Cases.

11. Notwithstanding anything to the contrary in the Application, any of the Declarations, any subsequent declaration, or the Engagement Letter, RLF shall cooperate with

4

the fee committee appointed pursuant to the Fee Committee Order in the discharge of the fee committee's duties. RLF has agreed to be bound by the terms of the Fee Committee Order.

12. RLF shall provide ten business days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

13. Notwithstanding anything to the contrary in the Application or the Engagement Letter, RLF will not seek reimbursement of expenses for office supplies.

14. To the extent that the Declarations and the Engagement Letter are inconsistent with this Order, the terms of this Order shall govern.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

16. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

17. Notwithstanding any contrary provision in the Application or the Engagement Letter, the Court shall retain jurisdiction to hear and determine all matters arising from or related to implementation of this Order.

Dated: October 29, 2014
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE