# EXHIBIT B

**Cravath, Swaine & Moore LLP Employment Order [Docket No. 3321]**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>Hearing Date: January 13, 2015<br>Obj. Deadline: December 30, 2014 |

## ORDER APPROVING THE EMPLOYMENT OF CRAVATH, SWAINE & MOORE LLP AS COUNSEL TO ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC UNDER SECTIONS 327(a) AND 1107(b) OF THE BANKRUPTCY CODE, EFFECTIVE *NUNC PRO TUNC* TO NOVEMBER 16, 2014

Upon the application (the "**Application**") of debtor and debtor in possession Energy Future Intermediate Holding Company LLC ("**EFIH**") for the entry of an order under section 327(a) of the Bankruptcy Code, Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Bankruptcy Rules**") approving the employment of Cravath, Swaine & Moore LLP ("**Cravath**") as independent counsel to EFIH, effective *nunc pro tunc* as of November 16, 2014, to advise and represent EFIH in accordance with the resolutions of the EFIH Board of Managers attached to the Application as **Exhibit C and Exhibit D** (the "**Resolutions**") in connection with Conflict Matters and in determining whether a matter constitutes a Conflict Matter, reporting to and at the direction of Charles H. Cremens, as the Disinterested Manager of

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

EFIH (the "**Disinterested Manager**"), the Declaration of Richard Levin, a partner in Cravath (the "**Levin Declaration**") and the Declaration of Charles H. Cremens (the "**Cremens Declaration**") filed with the Application, and the evidence and arguments adduced at the hearing on the Application, the Court finds:

(a) the Court has jurisdiction and authority over this matter under 28 U.S.C. §§ 157 and 1334;

(b) the Application is a core proceeding under 28 U.S.C. § 157(b)(2);

(c) venue of the Application in this district is proper under 28 U.S.C. §§ 1408 and 1409;

(d) based on the representations made in the Application and in the Levin Declaration, (i) Cravath does not hold or represent an interest adverse to EFIH's estate and (ii) Cravath is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code as a condition to approval of its employment;

(e) the relief requested in the Application is in the best interests of EFIH's estate, its creditors, and other parties in interest;

(f) EFIH provided adequate and appropriate notice of the Application under the circumstances, and no other or further notice is required;

(g) there is good cause for the relief granted herein; and

(h) any objections to the relief requested by the Application have been withdrawn or should be overruled.

Therefore, it is **ORDERED**:

1. The Application is granted to the extent set forth in this Order.

2. EFIH's employment of Cravath as its attorneys *nunc pro tunc* to November 16, 2014 on the terms and conditions set forth in the Application and the Engagement Letter attached to the Application as **Exhibit 1**, including the Resolutions, is approved. To the extent, if any, that the Engagement Letter, the Levin Declaration, the Cremens Declaration or any later document filed with the Court in connection with the Cravath employment is inconsistent with the Bankruptcy Code or this Order, the Bankruptcy Code and this Order shall govern, as determined by the Court.

3. Cravath shall use its reasonable efforts not to duplicate any services provided by any of EFIH's other retained professionals in EFIH's chapter 11 case.

4. Cravath shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with EFIH's chapter 11 case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals entered on September 16, 2014 [ECF 2066] and any other applicable procedures and orders of the Court, including the Stipulation and Order Appointing a Fee Committee [ECF 1896], and shall cooperate with the fee committee appointed under that Stipulation and Order in the discharge of its duties. In connection with any employment or interim or final fee application Cravath files in this chapter 11 case, Cravath shall make a reasonable effort to comply with the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013.

5. Absent further order of this Court, Cravath may receive compensation for its services and reimbursement for expenses it incurs in this case solely from the EFIH estate.

6. Cravath shall not seek reimbursement of expenses in this case for office supplies or for secretarial overtime services.

7. Cravath shall not share fees with any attorneys except to the extent permitted by section 504.

8. Cravath shall provide ten business days' notice to EFIH, the U.S. Trustee, and each Official Committee of Unsecured Creditors before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase under section 330 of the Bankruptcy Code.

9. EFIH and Cravath are authorized to take all actions necessary to effectuate the relief granted by this Order.

10. Notice of the Application as described in the Application is adequate notice of the Application, and the Application satisfies the requirements of the Local Bankruptcy Rules.

11. The terms and conditions of this Order are effective and enforceable immediately upon its entry.

12. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: 1/16/15
Wilmington, Delaware

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge