## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Energy Future Holdings Corp., et al., | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: May 11, 2018 at 4:00 p.m. (ET)**<br>**Hearing Date: TBD** |

**FINAL FEE APPLICATION OF MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP, AS DELAWARE COUNSEL AND CONFLICTS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ENERGY FUTURE HOLDINGS CORP., ENERGY FUTURE INTERMEDIATE HOLDING COMPANY, LLC, EFIH FINANCE, INC., AND EECI, INC., FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD NOVEMBER 5, 2014 THROUGH MARCH 9, 2018**

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330**

| | |
|---|---|
| Name of applicant: | Montgomery, McCracken, Walker & Rhoads, LLP |
| Authorized to provide professional services to: | The Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. |
| Date retention approved: | January 12, 2015 *nunc pro tunc* to November 5, 2014 |
| Final Application Period: | November 5, 2014 through March 9, 2018 |
| Amount of final compensation sought as actual, reasonable, and necessary: | **$5,612,419.49**[1] |

---

[1] Amount of compensation allowed for the Final Application Period reflects: (i) voluntary reductions totaling $115,032.10 in fees as a billing adjustment and client accommodations for non-working travel, time entry review and transient timekeepers in the First through Ninth Interim Fee Application (as herein defined); and (ii) fees requested but not yet approved by order of the Bankruptcy Court in the Tenth Interim Fee Application and the Eleventh Interim Fee Application..

4601492v6

| | |
|---|---:|
| Amount of final expense reimbursement sought as actual, reasonable, and necessary: | **$227,384.01** |
| Blended rate in this application for all attorneys: | $475.39 |
| Blended rate in this application for all timekeepers: | $438.21 |

This is a ***final*** application.

The total time expended for fee application preparation for the Final Application Period is approximately 40 hours and the corresponding compensation requested is approximately $14,782.50.

4601492v6

| PRIOR INTERIM FEE APPLICATIONS & ADJUSTMENTS | | | | | |
|---|---|---|---|---|---|
| Date Docket No. | Interim Fee Period | Requested | | Approved | |
| | | Fees | Expenses | Fees | Expenses |
| NA | First IFP[2] | NA | NA | NA | NA |
| D.I. 3568 | Second IFP 09/01/2014 - 12/31/2014 | $49,764.50 | $4,466.07 | $49,390.00 | $450.78 |
| D.I. 4734 | Third IFP 01/01/2015 - 04/30/2015 | $461,531.50 | $2,520.83 | $458,944.75 | $1,653.98 |
| D.I. 6843 | Fourth IFP 05/01/2015 – 08/31/2015 | $1,272,393.50 | $9,422.64 | $1,253,861.50 | $9,362.10 |
| D.I. 7868 | Fifth IFP 09/01/2015 – 12/31/2015 | $2,979,882.00 | $210,619.88 | $2,898,463.12 | $194,438.91 |
| D.I. 8779 | Sixth IFP 01/01/2016- 04/30/2016 | $53,884.50 | $7,254.92 | $53,340.87 | $7,254.92 |
| D.I. 9849 | Seventh IFP 05/01/2016 – 08/31/2016 | $264,815.50 | $2,153.26 | $264,236.00 | $2,153.26 |
| D.I. 11179 | Eighth IFP 09/01/2016 – 12/31/2016 | $131,056.50 | $5,077.79 | $129,621.00 | $5,077.79 |
| D.I. 11621 | Ninth IFP 01/01/2017 – 04/30/2017 | $123,724.50 | $3,024.92 | $119,031.25 | $3,024.92 |
| D.I. 12199 | Tenth IFP 05/01/2017 – 08/31/2017 | $203,011.00 | $1,414.14 | $198,143.00 | $1,414.14 |
| D.I. 12640 | Eleventh IFP 09/01/2017 12/31/2017 | $119,242.50 | $1,579.39 | $119,242.50 Pending | $1,579.39 Pending |
| D.I. 12968 | Twelfth IFP 01/01/2018 03/09/2018 | $68,145.50 | $973.82 | $68,145.50 Pending | $973.82 Pending |
| TOTAL: | | $5,727,451.50 | $248,507.66 | $5,612,419.49[3] | $227,384.01 |

---

[2] MMWR submits this chart in the format directed by Richard Gitlin, Fee Review Committee Chair, in his memorandum dated March 12, 2018 (the "**Gitlin Memorandum**").  MMWR was not engaged during the First IFP and accordingly this first row is left blank as directed in the Gitlin Memorandum.

[3] The totals in the approved columns include those amounts requested but which remain pending arising from each of the Tenth and Eleventh Interim Fee Applications.

Total allowed compensation paid to date:                          $5,425,031.49[4]

Total allowed expenses paid to date:                              $224,830.80[5]

Number of professionals with time included in this application:                          46

If applicable, number of professionals in this application not included in a staffing plan approved by the client:          N/A

If applicable, difference between fees budgeted and compensation sought for this period.  N/A[6]

Are any timekeeper's hourly rates higher than those charged and approved upon retention? Yes[7]

---

[4]  Net of the Tenth Interim Fee Application  and the Eleventh Interim Fee Application each of which remain pending.

[5] Net of the Tenth Interim Fee Application  and the Eleventh Interim Fee Application each of which remain pending.

[6] The Applicant's low budget total amount of fees sought for the Final Application Period is $7,699,590.00 and the Applicant's high budget total amount of fees sought for the Final Application Period is $16,185,358.00.

[7] MMWR adjusts its hourly rates on March 1 of each year.  To the extent a timekeeper worked on these cases over a period of years, such timekeeper would have individual rates higher than those initially approved at retention but not necessarily higher than the range of rates provided for the various classes of professionals and paraprofessionals in the Retention Application (as herein defined).

## SUMMARY OF PROFESSIONAL SERVICES
## <u>MONTGOMERY, MCCRACKEN WALKER & RHOADS, LLP</u>

The MMWR attorneys and paralegals that rendered profesional services in these cases during the Compensation Period are:

| Name of Professional Individual | Position of Applicant and Year of Obtaining License to Practice | Final November 5, 2014 - March 9, 2018 | | |
|---|---|---|---|---|
| | | Hourly Billing Rate | Total Hours Billed | Total Fees Requested |
| **PARTNERS AND OF COUNSEL** | | | | |
| Natalie D. Ramsey | Partner; Joined Firm in 1985; Member of DE Bar since 2009 | $675.00 | 1,182.80 | $798,390.00 |
| Natalie D. Ramsey* | | $337.50 | 17.60 | $5,940.00 |
| Mark A. Fink | Partner; Joined Firm in 2012; Member of DE Bar since 2000 | $655.00 | 5.80 | $3,799.00 |
| Mark A. Fink | | $630.00 | 496.20 | $312,669.00 |
| Mark A. Fink | | $610.00 | 623.60 | $380,396.00 |
| Mark A. Fink | | $590.00 | 1,462.10 | $862,639.00 |
| Mark A. Fink* | | $315.00 | 7.30 | $2,299.50 |
| Mark A. Fink* | | $305.00 | 21.80 | $6,634.00 |
| Mark A. Fink* | | $295.00 | 23.50 | $6,932.50 |
| Mark B. Sheppard | Partner; Joined Firm in 2009; Member of PA Bar since 1987 | $585.00 | 785.20 | $459,342.00 |
| Mark B. Sheppard | | $510.00 | 2.70 | $1,579.50 |
| Mark B. Sheppard* | | $292.50 | 27.50 | $8,043.75 |
| Davis L. Wright | Partner; Joined firm in 2011; Member of DE Bar since 2002 | $590.00 | 4.70 | $2,773.00 |
| Davis L. Wright | | $570.00 | 17.90 | $10,203.00 |
| Davis L. Wright | | $550.00 | 170.60 | $93,455.00 |
| Davis L. Wright | | $535.00 | 29.40 | $15,729.00 |
| Laurie A. Krepto | Of Counsel; Joined firm in 2004; Member of DE Bar since 2001 | $540.00 | 13.40 | $6,231.00 |
| Laurie A. Krepto | | $465.00 | 2.80 | $1,302.00 |
| Laurie A. Krepto | | $440.00 | 196.30 | $86,372.00 |
| Johnathan R. Flora | Partner; Joined Firm in 2014; Member of CA Bar since 1989 | $540.00 | 62.70 | $33,858.00 |
| Johnathan R. Flora* | | $270.00 | 1.80 | $486.00 |

| | | | | |
|---|---|---|---|---|
| Lathrop B. Nelson | Partner, Joined Firm in 2002; Member of PA Bar Since 2001 | $420.00 | 693.10 | $291,108.00 |
| Lathrop B. Nelson* | | $210.00 | 47.30 | $9,933.00 |
| Lee D. Unterman | Partner; Joined Firm in 2012; Member of NY Bar since 1976 | $650.00 | 181.80 | $118,170.00 |
| Lee D. Unterman* | | $325.00 | 0.60 | $195.00 |
| Gary Edelson | Partner; Joined Firm in 1988; Member of PA Bar since 1976 | $590.00 | 1.90 | $1,121.00 |
| Sidney S. Liebesman | Partner; Joined Firm in 2012; Member of PA Bar since 1995 | $480.00 | 467.50 | $224,400.00 |
| Sidney S. Liebesman* | | $240.00 | 17.50 | $4,200.00 |
| Stephen A. Grossman | Partner; Joined Firm in 2000; Member of PA Bar since 1997 | $445.00 | 205.30 | $91,358.50 |
| Michael B. Hayes | Partner; Joined Firm in 2000; Member of NJ Bar since 1998 | $420.00 | 155.50 | $65,310.00 |
| Michael B. Hayes* | | $210.00 | 1.90 | $399.00 |
| Tricia J. Sadd | Partner; Joined Firm in 2003; Member of PA Bar since 2003 | $415.00 | 579.30 | $240,409.50 |
| David Dormont | Partner; Joined Firm in 2015; Member of PA Bar since 1992 | $375.00 | 693.20 | $259,950.00 |
| David Dormont* | | $187.50 | 49.00 | $9,487.50 |
| Patrick T. Ryan | Of Counsel; Joined Firm in 1983; Member of PA Bar since 1982 | $495.00 | 109.40 | $54,153.00 |
| Lisa Z. Brown | Of Counsel; Joined Firm in 2007; Member of DE Bar since 2002 | $425.00 | 7.50 | $3,187.50 |
| Kristen E. Polovoy | Of Counsel; Joined Firm in 1998; Member of NJ Bar since 1998 | $420.00 | 16.10 | $6,762.00 |
| | | | | |
| **TOTAL PARTNERS AND OF COUNSEL** | | | **8,382.60** | **$4,479,217.25** |
| | | | | |
| **ASSOCIATES** | | | | |
| | | | | |
| Megan Diaz Ellinghaus | Associate; Joined Firm in 2013; Member of NY Bar since 2008 | $385.00 | 264.90 | $101,986.50 |
| Megan Diaz Ellinghaus | | $192.50 | 4.00 | $770.00 |

| | | | | |
|---|---|---|---|---|
| Katherine M. Fix | Associate, Joined Firm in 2012; Member of PA Bar since 2012 | $290.00 | 1,000.80 | $290,232.00 |
| Katherine M. Fix* | | $145.00 | 14.00 | $2,030.00 |
| Crista F. High | Associate; Joined Firm in 2007; Member of PA Bar since 2007 | $385.00 | 77.00 | $29,645.00 |
| Erin C. Dougherty | Associate; Joined Firm in 2008; Member of PA Bar since 2008 | $365.00 | 169.30 | $61,794.50 |
| James L. Gannon | Associate; Joined Firm in 2009; Member of PA Bar since 2009 | $340.00 | 98.70 | $33,558.00 |
| Rachel H. Jacobson | Associate; Joined Firm in 2012; member of PA Bar since 2011 | $310.00 | 133.50 | $41,385.00 |
| Laurie A. Krepto[4] | | $440.00 | 136.60 | $60,104.00 |
| Priya Roy | Associate; Joined Firm in 2013; Member of MD Bar since 2012 | $310.00 | 135.60 | $42,036.00 |
| Rimma Tsvasman | Associate; Joined Firm in 2012; Member of NJ Bar since 2011 | $310.00 | 88.30 | $27,373.00 |
| Johnathan S. Perkins | Associate; Joined Firm in 2013; Member of PA Bar since 2011 | $300.00 | 476.70 | $143,010.00 |
| Kaspar Kielland | Associate; Joined Firm in 2013; Member of NY Bar since 2013 | $295.00 | 7.00 | $2,065.00 |
| Cora A. Dayon | Associate; Joined Firm in 2014; Member of NJ Bar since 2014 | $280.00 | 433.70 | $121,436.00 |
| Robert H. Bender Jr. | Associate; Joined Firm in 2015; Member of PA Bar since 2015 | $280.00 | 6.50 | $1,820.00 |
| Jeremy A. Gunn | Associate; Joined Firm in 2015; Member of WV Bar since 2014 | $280.00 | 2.50 | $700.00 |

[4] Ms. Krepto performed work related to the EFH Committee as an associate prior to her elevation to Of Counsel.  Accordingly, her time as an assoicate is included here.

| | | | | |
|---|---|---|---|---|
| Robert E. O'Connor | Associate; Joined Firm in 2014; member of NY Bar since 2011 | $275.00 | 1.00 | $275.00 |
| Olivia A. Weil | Associate; Joined Firm in 2015; Member of NY Bar since 2015 | $275.00 | 22.40 | $6,160.00 |
| | | | | |
| **TOTAL ASSOCIATES** | | | **3,072.50** | **$966,380.00** |
| | | | | |
| **PARALEGALS AND OTHER PROFESSIONALS** | | | | |
| Jason Smith | Paralegal | $170.00 | 10.40 | $1,768.00 |
| Jason Smith | | $165.00 | 159.00 | $26,225.00 |
| Helen Belair | Paralegal | $165.00 | 36.50 | $6,022.50 |
| Keith T. Mangan | Paralegal | $150.00 | 42.80 | $6,084.50 |
| Keith T. Mangan | Paralegal | $145.00 | 19.80 | $2,871.00 |
| Keith T. Mangan | | $140.00 | 515.30 | $73,737.00 |
| Keith T Mangan* | | $70.00 | 8.00 | $570.00 |
| Octavia L. Frias | Paralegal | $165.00 | 35.90 | $5,923.50 |
| Martha L. Schwarz | Paralegal | $230.00 | 2.30 | $529.00 |
| Molly A. Lynch | Paralegal | $230.00 | 310.40 | $68,288.00 |
| William Hershkowitz | Paralegal | $215.00 | 169.70 | $36,485.50 |
| Denise A. LeGendre | Paralegal | $205.00 | 26.30 | $5,391.50 |
| Roseann Guagenti | Paralegal | $205.00 | 66.10 | $13,550.50 |
| Roseann Guagenti * | Paralegal | $102.50 | 1.50 | $153.75 |
| April Borges | Paralegal | $140.00 | 14.00 | $1,960.00 |
| Kathleen A. Coon | Librarian | $195.00 | 2.20 | $429.00 |
| Gareth M. Suddes | Litigation Support Specialist | $180.00 | 140.90 | $25,362.00 |
| Suzanne E. Burke | Litigation Support Specialist | $175.00 | 5.90 | $1,032.50 |
| Megan Malone | Automated Litigation Support Specialist | $145.00 | 35.80 | $5,191.00 |
| Jason Bailey | Automated Litigation Support Specialist | $140.00 | 2.00 | $280.00 |
| | | | | |
| **TOTAL PARALEGALS AND OTHER PROFESSIONALS** | | | **1,615.00** | **$281,854.25** |
| **TOTAL** | | | **13,070.10** | **$5,727,451.50** |

\* Indicates non-working travel time billed at half-rate.

## SUMMARY OF COMPENSATION BY PROJECT CATEGORY
## MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP

| Code | Project Category | Total Hours Billed | Total Fees Requested |
|---|---|---|---|
| | | **Final**<br>**November 5, 2014 - March 9, 2018** | |
| 001 | Asset Analysis | 40.90 | $20,406.00 |
| 002 | Asset Disposition | 34.30 | $21,609.00 |
| 003 | Assumption and Rejection of Leases and Contracts | 3.20 | $1,888.00 |
| 004 | Avoidance Action Analysis | 0.00 | $0.00 |
| 005 | Business Operations | 12.80 | $4,466.50 |
| 006 | Case Administration | 1,003.50 | $520,119.50 |
| 007 | Claims Administration and Objections | 45.30 | $27,944.00 |
| 008 | Corporate Governance and Board Matters | 4.60 | $2,232.50 |
| 009 | Employment Benefits and Pensions | 0.00 | $0.00 |
| 010 | Employment and Fee Applications (MMWR) | 400.10 | $142,692.50 |
| 011 | Employment and Fee Applications (Others) | 263.70 | $102,870.00 |
| 012 | Financing, Cash Collateral, Make Whole | 80.00 | $48,002.50 |
| 013 | Other Litigation | 132.40 | $77,992.00 |
| 014 | Meetings and Communications with Creditors | 33.50 | $20,829.00 |
| 015 | Non-Working Travel | 241.70 | $57,464.00 |
| 016 | Plan and Disclosure Statement | 2,635.00 | $1,280,071.00 |
| 017 | Relief from Stay and Adequate Protection | 0.00 | $0.00 |
| 018 | Tax | 0.50 | $295.00 |
| 019 | Valuation | 0.00 | $0.00 |
| 020 | Discovery | 148.90 | $43,301.50 |
| 021 | Hearings | 787.40 | $450,207.50 |
| 022 | First and Second Day Motions | 0.00 | $0.00 |
| 023 | Claims Investigation | 28.40 | $10,437.50 |
| 024 | Lien Investigation | 0.00 | $0.00 |
| 025 | Intercompany Claims | 0.00 | $0.00 |
| 026 | Other Motions/Applications | 44.70 | $21,481.00 |
| 027 | Schedules and Statements | 9.10 | $4,368.00 |
| 028 | Time Entry Review | 3.10 | $1,829.00 |
| 029 | Budgeting (Case) | 7.20 | $4,023.50 |
| 030 | Asbestos-Related Matters | 1,030.70 | $521,786.50 |
| 031 | Derivative Litigation Investigation | 6,079.10 | $2,341,135.50 |
| | **Total by Project Category:** | **13,070.10** | **$5,727,451.50** |

1.      Pursuant to sections 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, entered on September 16, 2014 [D.I. 2066] (the "**Interim Compensation Order**"), and the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "**Fee Committee Order**"), Montgomery, McCracken, Walker & Rhoads, LLP ("**MMWR**" or the "**Firm**") hereby submits this final application (the "**Application**") as Delaware Counsel and Conflicts Counsel to the Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "**EFH Committee**" or the "**Committee**") for final allowance of compensation and reimbursement of expenses incurred for the period of November 5, 2014 through March 9, 2018 (the "**Final Application Period**"). In support of the Application, MMWR respectfully represents as follows:

## BACKGROUND

2.      On April 29, 2014 (the "**Petition Date**"), the Debtors commenced these proceedings (the "**Cases**") by filing voluntary petitions for relief pursuant to the Bankruptcy Code.  The factual background regarding the Debtors, including their business operations and the events leading to the filing of these Cases, is set forth in detail in the Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp, *et al*., In Support of First Day Motions [D.I. 98].

3.      On January 7, 2015, MMWR filed the *Application of the Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. for an Order Under Bankruptcy Code Sections 328(a) and 1103(a) and Bankruptcy Rules 2014(a) and 2016(b) Approving the Employment and*

4601492v6

*Retention of Montgomery, McCracken, Walker & Rhoads, LLP nunc pro tunc to November 5, 2014, as Delaware Bankruptcy Counsel and Conflicts Counsel to the Committee* [D.I. 3184] (the "**Retention Application**") with the Court.  On January 12, 2015, the Court entered its *Order Authorizing the EFH Committee to Retain and Employ Montgomery, McCracken, Walker & Rhoads, LLP Nunc Pro Tunc to November 5, 2014* [D.I. 3241].

4.     Pursuant to the Interim Compensation Order, each professional may file on or after the 21st day of each calendar month, a Monthly Fee Application (as defined in the Interim Compensation Order) seeking interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the immediately preceding month.  If no objections are raised prior to the expiration of the applicable Objection Deadline (as defined in the Interim Compensation Order), the Debtors are authorized to pay each professional an amount equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application; or (ii) 80% of the fees and 100% of the expenses not subject to an objection. In addition, the Interim Compensation Order provides that each professional may file with the Court an interim fee application for compensation and reimbursement of expenses at stated intervals, seeking payment of, among other things, the 20% holdback and expenses not previously paid.  See Interim Compensation Order at 2(g).

5.     The Court ordered that the first interim compensation period covered the time from the Petition Date through and including August 31, 2014.  As the EFH Committee was not formed until October 27, 2014 [D.I. 2570] and MMWR was not retained until November 5, 2014, MMWR's first interim application covered the period of November 5, 2014 through December 31, 2014.  This is MMWR's final fee application.

6.     On September 7, 2017 the Court approved entry into the Sempra Merger Agreement and the Sempra Plan Support Agreement (the "**Sempra Merger Agreement and PSA Order**").  As

-11-

defined in the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy

Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the

Bankruptcy Code [D.I. 11887] (as amended from time to time, the "**Plan**").

7.    On October 20, 2017, the Supplement for the First Amended Joint Plan of

Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holdings Company

LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code was filed by the

Debtors [D.I. 12104] (the "**Plan Supplement**").

8.    On January 25, 2018, the Debtors filed the Notice of Hearing to Consider a

Confirmation of the Chapter 11 Plan as it applies to the EFH/EFIH Debtors and Related Matters [D.I.

12512].

9.    On February 27, 2018, the Court entered its Order Confirming the First Amended Joint

Plan of Reorganization of Energy Future Holders Corp., Energy Future Intermediate Holding

Company LLC, and the EFH/EFIH Debtors [D.I. 12763].

10.    On March 9, 2018, the Debtors filed a notice advising of the Effective Date (as defined

in the Plan) of the Plan [D.I. 12801].

## MMWR'S PRIOR INTERIM APPLICATIONS

11.    On February 17, 2015, MMWR filed its first interim application covering the period

from November 5, 2014 through December 31, 2014 [Docket No. 3568] (the "**First Interim Fee**

**Application**").  In accordance with the Fee Examiner Report [Docket No. 4807], MMWR reduced the

fees requested in the First Interim Fee Application from $49,764.50 to $49,390.00 and reduced the

expenses requested from $4,466.07 to $450.78.  The First Interim Fee Application was granted

pursuant to, and to the extent set forth in, the Omnibus Order Awarding Interim Allowance of

Compensation for Service Rendered and for Reimbursement of Expenses [Docket No. 4843].

4601492v6

12.     On June 11, 2015, MMWR filed its second interim application covering the period from January 1, 2015 through April 30, 2015 [Docket No. 4734] (the "**Second Interim Fee Application**").  In accordance with the Fee Examiner Report [Docket No. 6548], MMWR reduced the fees requested in the Second Interim Fee Application from $461,531.50 to $458,944.75 and reduced the expenses requested from $2,520.83 to $1,653.98.  The Second Interim Fee Application was granted pursuant to, and to the extent set forth in, the Omnibus Order Awarding Interim Allowance of Compensation for Service Rendered and for Reimbursement of Expenses [Docket No. 6667].

13.     On November 2, 2015, MMWR filed its third interim application covering the period from May 1, 2015 through August 31, 2015 [Docket No. 6843] (the "**Third Interim Fee Application**").  In accordance with the Fee Examiner Report [Docket No. 7850], MMWR reduced the fees requested in the Third Interim Fee Application from $1,272,393.50 to $1,253,861.50 and reduced the expenses requested from $9,422.64 to $9,362.10.  The Third Interim Fee Application was granted pursuant to, and to the extent set forth in, the Omnibus Order Awarding Interim Allowance of Compensation for Service Rendered and for Reimbursement of Expenses [Docket No. 7883].

14.     On February 17, 2016, MMWR filed its fourth interim application covering the period from September 1, 2015 through December 31, 2015 [Docket No. 7868] (the "**Fourth Interim Fee Application**").  In accordance with the Fee Examiner Report [Docket No. 9257], MMWR reduced the fees requested in the Fourth Interim Fee Application from $2,979,882.00 to $2,898,463.13 and reduced the expenses requested from $210,619.88 to $194,438.91.  The Fourth Interim Fee Application was granted pursuant to, and to the extent set forth in, the Omnibus Order Awarding Interim Allowance of Compensation for Service Rendered and for Reimbursement of Expenses [Docket No. 9308].

15.     On June 20, 2016, MMWR filed its fifth interim application covering the period from January 1, 2016 through April 30, 2016 [Docket No. 8779] (the "**Fifth Interim Fee Application**").  In accordance with the Fee Examiner Report [Docket No. 9908], MMWR reduced the fees requested in the Fifth Interim Fee Application from $53,884.50 to $53,340.87.  No reductions were made to the $7,254.92 in expenses requested in the Fifth Interim Fee Application.  The Fifth Interim Fee Application was granted pursuant to, and to the extent set forth in, the Omnibus Order Awarding Interim Allowance of Compensation for Service Rendered and for Reimbursement of Expenses [Docket No. 9963].

16.     On October 18, 2016, MMWR filed its sixth interim application covering the period from May 1, 2016 through August 31, 2016 [Docket No. 9849] (the "**Sixth Interim Fee Application**").  In accordance with the Fee Examiner Report [Docket No. 11038], MMWR reduced the fees requested in the Sixth Interim Fee Application from $264,815.50 to $264,236.00.  No reductions were made to the $2,153.26 in expenses requested in the Sixth Interim Fee Application.  The Sixth Interim Fee Application was granted pursuant to, and to the extent set forth in, the Omnibus Order Awarding Interim Allowance of Compensation for Service Rendered and for Reimbursement of Expenses [Docket No. 11071].

17.     On April 20, 2017, MMWR filed its seventh interim application covering the period from September 1, 2016 through December 31, 2016 [Docket No. 11179] (the "**Seventh Interim Fee Application**").  In accordance with the Fee Examiner Report [Docket No. 12148], MMWR reduced the fees requested in the Seventh Interim Fee Application from $131,056.50 to $129,621.00.  No reductions were made to the $5,077.79 in expenses requested in the Seventh Interim Fee Application.  The Seventh Interim Fee Application was granted pursuant to, and to the extent set forth in, the

Omnibus Order Awarding Interim Allowance of Compensation for Service Rendered and for Reimbursement of Expenses [Docket No. 12171].

18.    On July 27, 2017, MMWR filed its eighth interim application covering the period from January 1, 2017 through April 30, 2017 (the "**Eighth Interim Fee Application**").  In accordance with the Fee Examiner Report [Docket No. 12609], MMWR reduced the fees requested in the Eighth Interim Fee Application from $123,724.50 to $119,031.25.  No reductions were made to the $3,024.92 in expenses requested in the Eighth Interim Fee Application.  The Eighth Interim Fee Application was granted pursuant to, and to the extent set forth in, the Omnibus Order Awarding Interim Allowance of Compensation for Service Rendered and for Reimbursement of Expenses [Docket No. 12632].

19.    On November 8, 2017, MMWR filed its ninth interim application covering the period from May 1, 2017 through August 31, 2017 (the "**Ninth Interim Fee Application**").  In accordance with the Fee Examiner Report [Docket No. 12609], MMWR reduced the requested fees in the Ninth Interim Fee Application from $203,011.00 to $198,143.00.  No reductions were made to the $1,414.14 in expenses requested in the Ninth Interim Fee Application.  The Ninth Interim Fee Application was granted pursuant to, and to the extent set forth in, the Omnibus Order Awarding Interim Allowance of Compensation for Service Rendered and for Reimbursement of Expenses [Docket No. 12632].

20.    On February 15, 2018, MMWR filed its tenth interim application covering the period from September 1, 2017 through December 31, 2017 (the "**Tenth Interim Fee Application**"). The March 8, 2018 objection deadline for the Tenth Interim Fee Application passed without objection to the $119,242.50 in fees and $1,579.39 in expenses requested by MMWR.  To date, no Fee Examiner Report has been filed with respect to the Tenth Interim Fee Application.

21.    On April 18, 2018, MMWR filed its eleventh interim application covering the period from January 1, 2018 through March 9, 2018 [Docket No. 12968] requesting $68,145.50 in fees and

$973.82 in expenses (the "**Eleventh Interim Fee Application**"). The objection deadline for the

Eleventh Interim Fee Application is May 9, 2018.

22.    MMWR has been allowed, on an interim basis, fees and expenses in the following

amounts on account of its previous Interim Fee Applications:

| PRIOR INTERIM FEE APPLICATIONS & ADJUSTMENTS | | | | | |
|---|---|---|---|---|---|
| | | Requested | | Approved | |
| Date Docket No. | Interim Fee Period | Fees | Expenses | Fees | Expenses |
| None filed | First IFP[8] | n/a | n/a | n/a | n/a |
| D.I. 3568 | Second IFP 09/01/2014 - 12/31/2014 | $49,764.50 | $4,466.07 | $49,390.00 | $450.78 |
| D.I. 4734 | Third IFP 01/01/2015 - 04/30/2015 | $461,531.50 | $2,520.83 | $458,944.75 | $1,653.98 |
| D.I. 6843 | Fourth IFP 05/01/2015 – 08/31/2015 | $1,272,393.50 | $9,422.64 | $1,253,861.50 | $9,362.10 |
| D.I. 7868 | Fifth IFP 09/01/2015 – 12/31/2015 | $2,979,882.00 | $210,619.88 | $2,898,463.12 | $194,438.91 |
| D.I. 8779 | Sixth IFP 01/01/2016- 04/30/2016 | $53,884.50 | $7,254.92 | $53,340.87 | $7,254.92 |
| D.I. 9849 | Seventh IFP 05/01/2016 – 08/31/2016 | $264,815.50 | $2,153.26 | $264,236.00 | $2,153.26 |
| D.I. 11179 | Eighth IFP 09/01/2016 – 12/31/2016 | $131,056.50 | $5,077.79 | $129,621.00 | $5,077.79 |
| D.I. 11621 | Ninth IFP 01/01/2017 – 04/30/2017 | $123,724.59 | $3,024.92 | $119,031.25 | $3,024.92 |
| D.I. 12199 | Tenth IFP 05/01/2017 – 08/31/2017 | $203,011.00 | $1,414.14 | $198,143.00 | $1,414.14 |
| D.I. 12640 | Eleventh IFP 09/01/2017 12/31/2017 | $119,242.50 | $1,579.39 | $119,242.50 Pending | $1,579.39 Pending |
| D.I. 12968 | Twelfth IFP 01/01/2018 03/09/2018 | $68,145.50 | $973.82 | $68,145.50 Pending | $973.82 Pending |
| **TOTAL:** | | **$5,727,451.59** | **$248,507.66** | **$5,612.419.49** | **$227,384.01** |

---

[8] MMWR was not retained and indeed the Committee was not even appointed during the period covered by first interim fee period as defined in the Gitlin Memorandum.

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSE REQUESTED

23.     This Application has been prepared in accordance with sections 330 and 331 of the

Bankruptcy Code, the Bankruptcy Rules, the Interim Compensation Order, the Fee Committee Order,

Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States

Bankruptcy Court of the District of Delaware (the "**Local Rules**"), and the Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 for

Attorneys in Larger Chapter 11 Cases, effective June 11, 2013 (the "**UST Guidelines**" and, together

with the Local Rule, the "**Guidelines**").  Pursuant to the Guidelines, a certification of Mark A. Fink

regarding compliance with the Local Rule is attached hereto as **Exhibit A**.

24.     By the Application MMWR requests final approval of its fees and expenses relating to

professional services provided to the EFH Committee during the entirety of its employment by the

EFH Committee during the Chapter 11 Cases.

25.     MMWR requests final allowance of its fees for the Final Application Period of

$5,612,419.49 and reimbursement of expenses incurred in connection with the rendition of such

services of $227,384.01 of expenses, for a total award $5,839,803.50.[9]

26.     All services for which compensation is requested by MMWR in this Application for the

Final Application Period were performed for or on behalf of the EFH Committee.  MMWR has

received no payment and no promises for payment from any source for services rendered or to be

rendered in any capacity whatsoever in connection with the matters covered by this Application.

There is no agreement or understanding between MMWR and any other person (other than the

partners of MMWR) for the sharing of compensation to be received for services rendered in these

Chapter 11 Cases.

---

[9]   This amount does not include the  approximate $14,782.50 spent by MMWR in preparing this Application.

4601492v6

27.     During the course of these Chapter 11 Cases, MMWR exercised its billing discretion and, as discussed in more detail below, voluntarily wrote-off certain fees and expenses in connection with the monthly fee applications (defined below) and this Application.  MMWR believes the foregoing rates are the market rates that the majority of comparable law firms charges clients for services they have been asked to provide.  In addition, MMWR believes that these charges are in accordance with the American Bar Association ("**ABA**") guidelines, as set forth in the ABA's Statement of Principles, dated May 12, 1995, regarding billing for disbursements and other charges.

28.     Pursuant to Local Rule 2016-2(c)(2) and C.2.k of the U.S. Trustee Guidelines, annexed hereto as **Exhibit B** is a list of professionals by matter.[10]

29.     Pursuant to C.8.a and b of the U.S. Trustee Guidelines, annexed hereto as **Exhibit C** is a summary of compensation by project category for which MMWR is seeking reimbursement and the total amount for each project category.

30.     Pursuant to Local rule 2016-2(c)(ii) and C.12 of the U.S. Trustee Guidelines, annexed hereto as **Exhibit D** is a summary specifying the categories of expenses for which MMWR is seeking reimbursement and the total amount for each expense category.

31.     Pursuant to C.8.c. of the U.S. Trustee Guidelines, annexed hereto as **Exhibit E** is a List of professionals by matter, which summarizes the compensation by attorney and by project category for which MMWR is seeking reimbursement and the total amount for each project category.

---

[10] The totals reflected Exhibit B, C, D, and E indicates amount requested during the Final Application Period before reductions requested or otherwise agreed to by the Firm.

4601492v6

## MMWR FEE STATEMENTS

32.     MMWR maintains computerized records of time spent by all MMWR attorneys and paraprofessionals in connection with the representation of the EFH Committee.  MMWR submitted monthly fee statement to the Court and Notice Parties (as that term is defined in the Interim Compensation Order) in the format specified by the Guidelines, allowing each of the Notice Parties an opportunity to review and object to the Monthly Statements.

## SUMMARY OF LEGAL SERVICES RENDERED

33.     MMWR has advised the EFH Committee on a regular basis with respect to numerous matters in connection with these Chapter 11 Cases and performed all necessary professional services. To provide an orderly and meaningful summary of the services rendered by MMWR on behalf of the EFH Committee during the Final Fee Period, MMWR has established separate task codes in connection with these Chapter 11 Cases.

34.     Rather than reiterate the work performed by MMWR during the multi-year length of these Chapter 11 Cases, MMWR incorporates the narratives included in each of its interim fee applications by reference.  *See* Docket Nos. 3568, 4734, 6843, 7868, 8779, 9849, 11179, 11621, 12199, 12640, and 12968.

## SUPPLEMENTAL DISCLOSURES REQUIRED BY UST GUIDELINES

35.     Pursuant to section C.3 of the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses in Larger Chapter 11 Cases (the "**UST Guidelines**"), MMWR's hourly rates for bankruptcy services are comparable to the hourly rates charged in complex chapter 11 cases by comparably skilled bankruptcy and insolvency attorneys.  In addition, MMWR's hourly rates for bankruptcy and insolvency services are comparable to the rates charged by the Firm, and by comparably skilled practitioners in other firms, for complex corporate and

4601492v6

litigation matters, whether in court or otherwise, regardless of whether a fee application is required. The blended hourly rates for the professionals who performed services are provided herein.

36.     The following statements address the information required pursuant to section C.5. of the UST Guidelines:

> a.  During the period covered by the Final Fee Application, MMWR did not agree to any variations from, or alternatives to, its standard or customary billing rates, fees or terms for services pertaining to this engagement, except as described herein.
>
> b.  None of the professionals included in the Final Fee Application varied their hourly rate based on the geographical location of the bankruptcy case.
>
> c.  The Final Fee Application does not include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices (i.e., time incurred reviewing and preparing MMWR's monthly fee statements).
>
> d.  The Final Fee Application does not include time or fees for reviewing time records to redact any privileged or other confidential information.
>
> e.  MMWR modifies its hourly rates firm wide effective March 1 of every year.

37.     MMWR has not previously applied for payment of any fees or reimbursement of any disbursement during these cases, except for the monthly fee statements and the prior interim applications.  MMWR does not hold a retainer in respect of its services as counsel to the Committee.

38.     In accordance with Section 504 of the Bankruptcy Code and Fed. R. Bankr. P. 2016(a), no agreement or understanding exists between MMWR and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

4601492v6

39.     No agreement or understanding prohibited by 18 U.S.C. § 155 has been or will be made by MMWR.

40.     The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies that this Application complies with that Local Rule.

41.     Notice of this Final Fee Application has been provided in accordance with the interim compensation order and the Fee Committee Order.  MMWR submits that no other or further notice need be provided.

42.     MMWR reserves all rights and claims.  Without limiting the generality of the foregoing, MMWR reserves its right to submit future monthly fee statements, interim fee applications, and final fee applications, including, without limitation, fee applications seeking final allowance of all amounts sought to be paid or reimbursed herein and in respect of any amounts held back pursuant to the interim compensation order or otherwise.

## STATEMENT OF MMWR

43.     The foregoing professional services performed by MMWR were appropriate and necessary to the effective representation of the EFH Committee and the administration of these Chapter 11 Cases.  They were in the best interests of creditors, the Debtors' estate, and other parties-in-interest.  Compensation for the foregoing services as requested is commensurate with the complexity, importance and nature of the problems, issues or tasks involved.  The professional services were performed in an appropriately expeditious and efficient manner.  In addition, MMWR has made every effort to minimize its disbursements in these cases.  The actual expenses incurred in providing professional services were absolutely necessary, reasonable, and justified under the circumstances to serve the needs of EFH Committee.

4601492v6

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

44.     The services for which MMWR seeks compensation in this Application were, at the time rendered, necessary for, beneficial to, and in the best interests of, the EFH Committee and the Debtors' estates.  During the Final Fee Period, MMWR worked diligently to maximize the value of the Debtors' estates for the benefit of all unsecured creditors represented by the EFH Committee.  The services rendered by MMWR were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved.  In accordance with the factors enumerated in sections 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by MMWR is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extend of the services rendered, (d) the value of such services, and I the costs of comparable services other than in a case under this title.

4601492v6

**WHEREFORE**, MMWR respectfully requests that the Court enter an Order awarding, (i) on a final basis, aggregate compensation in the amount of $5,612,419.49 and aggregate expenses in the amount of $227,384.01 for the Final Application Period; (iii) approving on a final basis, payment of $14,782.50 spent in preparing this Application since the Effective Date; (iii) approving and directing the Debtors' payment of all allowed fees for services rendered and expenses incurred by MMWR in connection with the Chapter 11 Cases that remain unpaid as of the date of entry of the order granting this Application including any and all remaining holdback amounts due and owing to MMWR in connection with the First through Eleventh Interim Applications; and (iii) granting such other and further relief as is just and proper.

Dated: Wilmington, Delaware
         April 20, 2018

MONTGOMERY, McCRACKEN, WALKER
& RHOADS, LLP

*/s/ Mark A. Fink*
Natalie D. Ramsey (DE Bar No. 5378)
Davis Lee Wright (DE Bar No. 4324)
Mark A. Fink (DE Bar No. 3946)
1105 North Market Street, 15th Floor
Wilmington, DE 19801
Telephone: (302) 504-7800
Facsimile: (302) 504-7820
E-mail:     nramsey@mmwr.com
            dwright@mmwr.com
            mfink@mmwr.com

*Delaware Counsel and Conflicts Counsel to the Official Committee of Unsecured Creditors of Energy Future Holdings Corp.; Energy Future Intermediate Holding Company LLC; EFIH Finance, Inc.; and EECI, Inc.*

4601492v6