**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) (Jointly Administered) |
| Debtors. | **Objections Due: May 14, 2018  at 4:00 p.m. (EST)** |

**SUMMARY COVER SHEET TO THE ELEVENTH INTERIM FEE**
**APPLICATION OF STEVENS & LEE, P.C., SPECIAL COUNSEL**
**FOR ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC,**
**FOR THE PERIOD FROM JANUARY 1, 2018 THROUGH MRCH 9, 2018**

Stevens & Lee, P.C. ("S&L"), special counsel to Energy Future Intermediate Holding Company LLC, debtor and debtor-in-possession ("EFIH"), submits this summary of fees and expenses sought in its ninth interim fee application for the period from January 1, 2018 through March 9, 2018, (the "Fee Period") to which this summary is attached (the "Interim Fee Application").[2]

S&L submits this Interim Fee Application in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* dated September 16, 2014 [D.I. 2066] (the "Interim Compensation Order") and the *Stipulation and Order Appointing a Fee Committee* dated August 21, 2014 [D.I. 1896] (the "Fee Committee Order").

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the  debtors and the last four digits of their federal tax identification numbers is not provided herein. A  complete list of such information may be obtained on the website of the debtors' claims and noticing  agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined in this summary have the meanings ascribed to them in the Interim Fee Application.

| General Information | |
|---|---|
| Name of Applicant: | **Stevens & Lee, P.C.** |
| Authorized to Provide Professional Services to: | **Energy Future Intermediate Holding Company LLC**, Debtor and Debtor-in-Possession |
| Petition Date: | April 29, 2014 |
| Date of Retention [Docket No. 3278]: | January 13, 2015, *nunc pro tunc* to November 26, 2014 |

| Summary of Fees and Expenses Sought in the Interim Fee Application | | |
|---|---|---|
| Period for Which Compensation and Reimbursement is Sought in the Interim Fee Application: | | January 1, 2018 through March 9, 2018 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Fee Period: | $ | 24,244.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period: | $ | 168.40 |
| Total Compensation and Expense Reimbursement Requested for the Fee Period: | $ | 26,122.90 |
| Total Amount of Fees & Expenses Allowed to Date[3]: | $ | 519,211.90 |
| Total Amount Held Back: | $ | 2,627.50 |

| Rate Increases Applicable to the Fee Period | |
|---|---|
| Total Amount of Compensation Sought for the Fee Period, Calculated Using Rates as of the Date of Employment: | $2,809.00 |

The total time expended for preparation of this interim fee statement was approximately 3.6 hours and the corresponding compensation that will be requested therewith is approximately $1115.50.

This is an <u>X</u> interim ___ final application.  This is S&L's Eleventh Interim Fee Application

---

[3] The Total Amount of Fees & Expenses Allowed to Date and the Total Amount Held Back include amounts through the August 2017 fee period.

## Summary of All Monthly Fee Applications Filed

| Dated Filed | Period Covered | Requested | | Approved | | Certificate of No Objection |
|---|---|---|---|---|---|---|
| | | Fees 100% | Expenses | Fees 80%[4] | Expenses | |
| 02/06/2015 | 11/26/2014 – 12/31/2014 | $21,186.00 | $37.00 | $16,948.80 | $37.00 | 03/03/2015 |
| 02/27/2015 | 01/01/2015 – 01/31/2015 | $15,719.00 | $205.50 | $12,575.20 | $205.50 | 03/24/2015 |
| 03/23/2015 | 02/01/2015 – 02/28/2015 | $10,061.00 | $191.25 | $7,595.20 | $191.25 | 04/15/2015 |
| 04/22/2015 | 03/01/2015 – 03/31/2015 | $14,790.50 | $144.36 | $11,406.40 | $144.36 | 05/14/2015 |
| 05/15/2015 | 04/01/2015 – 04/30/2015 | $13,397.50 | $167.66 | $10,305.60 | $167.66 | 06/08/2015 |
| 06/30/2015 | 05/01/2015 – 05/30/2015 | $8,647.00 | $159.23 | $6,917.60 | $159.23 | 07/23/2015 |
| 07/22/2015 | 06/01/2015 – 06/30/2015 | $20,331.50 | $257.76 | $16,265.20 | $257.76 | 08/14/2015 |
| 08/24/2015 | 07/01/2015 – 07/31/2015 | $6,482.00 | $90.20 | $5,185.60 | $90.20 | 09/28/2015 |
| 09/30/2015 | 08/01/2015 – 08/31/2015 | $21,725.00 | $317.90 | $17,380.00 | $317.90 | 10/23/2015 |
| 10/23/2015 | 09/01/2015 – 09/30/2015 | $18,430.50 | $93.90 | $14,744.40 | $93.90 | 11/18/2015 |
| 11/25/2015 | 10/01/2015 – 10/31/2015 | $18,942.50 | $355.50 | $15,154.00 | $355.50 | 12/18/2015 |
| 12/23/2015 | 11/01/2015 – 11/30/2015 | $53,602.50 | $64.90 | $42,882.00 | $64.90 | 01/15/2016 |
| 01/25/2016 | 12/01/2015 – 12/31/2015 | $15,667.50 | $317.30 | $12,534.00 | $317.30 | 02/16/2016 |
| 02/29/2016 | 01/01/2016 – 01/31/2016 | $6,012.00 | $57.20 | $4,810.00 | $57.20 | 04/22/2016 |
| 03/30/2016 | 02/01/2016 – 02/29/2016 | $11,847.00 | $15.50 | $9,477.60 | $15.50 | 05/18/2016 |
| 04/27/2016 | 03/01/2016 – 03/31/2016 | $5,330.50 | $305.50 | $4,264.40 | $305.50 | 05/20/2016 |
| 05/25/2016 | 04/01/2016 – 04/30/2016 | $4,937.50 | $84.95 | $3,950.00 | $84.95 | N/A |
| 06/23/2016 | 05/01/2016 – 05/31/2016 | $9,597.50 | $140.60 | $7,678.00 | $140.60 | 07/25/2016 |

---

[4] The figures in this column represent 80% of the fees charged at 2014 rates.  Pursuant to the Fee Committee's Rate Increase Memorandum dated March 9, 2015, holdback amounts are now comprised of the difference between billings at the 2014 and 2015 rates, as well as 20% of the billings at the 2014 rates.

3

| | | Requested | | Approved | | |
|---|---|---|---|---|---|---|
| Dated Filed | Period Covered | Fees 100% | Expenses | Fees 80%[4] | Expenses | Certificate of No Objection |
| 07/25/2016 | 06/01/2016 – 06/30/2016 | $13,716.50 | $29.70 | $10,973.20 | $29.70 | 09/09/2016 |
| 09/09/2016 | 07/01/2016 – 07/31/2016 | $8,758.00 | $32.60 | $7,006.40 | $32.60 | 9/30/2016 |
| 10/19/2016 | 08/01/2016 – 08/31/2016 | $4,933.00 | $53.00 | $3,946.40 | $53.00 | 11/09/2016 |
| 11/18/2016 | 09/01/2016 – 09/30/2016 | $13,693.00 | $23.50 | $10,954.40 | $23.50 | 12/13/2016 |
| 12/20/2016 | 10/01/2016 – 10/31/2016 | $9,060.50 | $28.40 | $7,248.40 | $28.40 | 1/31/2017 |
| 12/21/2016 | 11/01/2016 – 11/30/2016 | $9,924.50 | $40.64 | $7,939.60 | $40.64 | 1/31/2017 |
| 1/31/2017 | 12/01/2016 – 12/31/2016 | $7,212.00 | $20.00 | $5,769.60 | $20.00 | 2/28/2017 |
| 3/10/2017 | 01/01/2017 – 01/31/2017 | $7,115.00 | $65.12 | $5,692.00 | $65.12 | 4/11/2017 |
| 4/12/2017 | 02/01/2017 – 02/28/2017 | $24,591.00 | $72.99 | $19,672.80 | $72.99 | 5/12/2017 |
| 4/17/2017 | 03/01/2017 – 03/31/2017 | $7,027.00 | $124.34 | $5,621.60 | $124.34 | 5/12/2017 |
| 5/12/2017 | 04/01/2017 – 04/30/2017 | $4,471.50 | $7.00 | $3,577.20 | $7.00 | 6/16/2017 |
| 07/18/2017 | 05/01/2017 – 05/31/2017 | $1,930.00 | $5.32 | $1,544.00 | $5.32 | 08/18/2017 |
| 07/18/2017 | 06/01/2017 – 06/30/2017 | $4,818.00 | $9.20 | $3,854.50 | $9.20 | 08/18/2017 |
| 08/25/2017 | 07/01/2017 – 07/31/2017 | $21,762.00 | $88.06 | $17,409.60 | $88.06 | 09/27/2017 |
| 09/27/2017 | 08/01/2017 – 08/31/2017 | $39,894.50 | $620.54 | $30,594.94[5] | $620.54 | 10/18/2017 |
| 10/18/2017 | 09/01/2017 – 09/30/2017 | $15,780.00 | $255.80 | $12,624.00 | $255.80 | 11/09/2017 |
| 12/5/2017 | 10/01/2017 – 10/31/2017 | $ 13,011.00 | $ 71.90 | $10,408.80 | $ 71.90 | 1/5/2018 |
| 02/15/2018 | 11/01/2017 – 11/30/2017 | $ 2,991.50 | $15.30 | $2,393.20 | $15.30 | 03/08/2018 |
| 02/15/2018 | 12/01/2017 – 12/31/2017 | $ 7,405.00 | $ 13.20 | $5,924.00 | $ 13.20 | 03/08/2018 |

[5] Debtors had previously overpaid an invoice for matter number 1, "Professional Retentions," to the extent of $1,941.20. With the consent of the Fee Committee, S&L applied that amount as a credit to the compensation requested in its Thirty-Third Monthly Fee Application (August 2017) [D.I. 11948].

4

| Dated Filed | Period Covered | Requested | | Approved | | Certificate of No Objection |
|---|---|---|---|---|---|---|
| | | Fees 100% | Expenses | Fees 80%[4] | Expenses | |
| 03/12/2018 | 01/01/2018 – 01/31/2018 | $ 5,540.00 | $ 5.30 | $4,432.00 | $ 5.30 | 04/11/2018 |
| 03/27/2018 | 02/01/2018 – 02/28/2018 | $ 18,324.50 | $ 157.00 | $ 14,659.60 | $ 157.00 | 04/18/2018 |
| **TOTALS** | | **$518,665.50** | **$4,760.42** | **$414,932.40** | **$4,760.42** | |

Dated: April 23, 2018

**STEVENS & LEE, P.C.**

*/s/ Joseph H. Huston, Jr.*
Joseph H. Huston, Jr. (No. 4035)
919 North Market Street, Suite 1300
Wilmington, DE 19801
Telephone:     (302) 425-3310
Facsimile:     (610) 371-7972
Email:          jhh@stevenslee.com

*Independent Counsel for Energy Future*
*Intermediate Holding Company LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | : | Case No. 14-10979 (CSS) |
| | : | (Jointly Administered) |
| | : | |
| Debtors. | : | **Objections Due: May 14, 2018  at 4:00 p.m. (EST)** |

**ELEVENTH INTERIM FEE APPLICATION OF STEVENS & LEE, P.C., SPECIAL
COUNSEL FOR ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC,
FOR THE PERIOD FROM JANUARY 1, 2018 THROUGH MARCH 9, 2018**

Stevens & Lee, P.C. ("S&L"), special counsel to Energy Future Intermediate Holding Company LLC, debtor and debtor-in-possession ("EFIH" or "the Debtor"), submits this eleventh interim fee application for allowance of compensation for professional services provided in the amount of $24,244.50, reimbursement of actual and necessary expenses in the amount of $168.40, and payment of all remaining holdback amounts totaling $4,848.90 the "Interim Fee Application"),  for the period from January 1, 2018 through March 9, 2018, (the "Fee Period").  In support of this Interim Fee Application, S&L submits the declaration of Joseph H. Huston, Jr. (the "Huston Declaration"), which is attached as **Exhibit A** and incorporated by reference.  In further support of this Interim Fee Application, S&L respectfully states as follows:

**JURISDICTION**

1.        This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

2.        Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3.        The bases for the relief requested in this Interim Fee Application are sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Rules"), Rules 2016-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals*, dated September 16, 2014 [D.I. 2066] (the "Interim Compensation Order"), and the *Stipulation and Order Appointing a Fee Committee*, dated August 21, 2014 [D.I. 1896] (the "Fee Committee Order").

## BACKGROUND

4.      On April 29, 2014 (the "Petition Date"), EFIH, along with its affiliated Debtors, commenced  its chapter 11 case by filing a voluntary petition in this Court under chapter 11 of the Bankruptcy Code.

5.      The Debtor has continued to operate its business and manage its property as a debtor-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in this case.

6.      On May 13, 2014, the Office of the United States Trustee, Region 3 appointed an Official Committee of Unsecured Creditors under section 1102(a)(1) of the Bankruptcy Code [D.I. 420].  On October 27, 2014, the Office of the United States Trustee, Region 3 formed and appointed another Official Committee of Unsecured Creditors under section 1102(a)(1) of the Bankruptcy Code [D.I. 2570].

7.      On August 21, 2014, the Court entered the Fee Committee Order, appointing a fee committee (the "Fee Committee") to review and report, as appropriate, on interim and final fee applications filed by the Debtors' retained professionals in accordance with sections 328, 330, and 331 of the Bankruptcy Code and the Interim Compensation Order and establishing the procedures governing the Fee Committee's review of the Debtors' retained professionals'  applications for compensation and the resolution of any concerns raised during such review.  The Fee Committee distributed an initial memorandum dated October 3, 2014 regarding guidelines for expense reimbursements to those professionals retained in the Chapter 11 Cases, and subsequent memoranda on December 1, 2014,

2

February 18, 2015, March 9, 2015, June 9, 2015, December 30, 2015, and June 6, 2016. S&L believes that the relief requested in this Interim Fee Application complies with each of these guidelines.

8.    On September 16, 2014, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in all of the above-captioned chapter 11 cases (the "Chapter 11 Cases").

9.    On February 27, 2018, the Court entered its Order confirming the First Amended Joint Plan of the EFH/EFIH Debtors as Docket Item 12763.

## S&L'S EMPLOYMENT, DISINTERESTEDNESS & FEE REQUEST

10.    On January 13, 2015, the Court entered the *Order Approving the Employment of Stevens & Lee, P.C. as Counsel to Energy Future Intermediate Holding Company LLC Under Sections 327(e) and 1107(b) of the Bankruptcy Code, Effective Nunc Pro Tunc to November 26, 2014* [D.I. 3278] (the "Employment Order"), a copy of which is attached as **Exhibit B** and incorporated by reference. The Employment Order authorizes EFIH to compensate S&L for S&L's actual and necessary out of pocket expenses incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Interim Compensation Order, and the Fee Committee Order. The terms of S&L's engagement are detailed in the engagement letter between S&L and EFIH, effective as of December 24, 2014 (the "Engagement Letter"), a copy of which is attached as **Exhibit C** and incorporated by reference.

11.    To the best of S&L's knowledge as disclosed in the *Declaration of Joseph H. Huston, Jr. in Support of Application for Order Approving the Employment of Stevens & Lee, P.C. as Counsel to Energy Future Intermediate Holding Company LLC under Sections 327(a) and 1107(b) of the Bankruptcy Code, Effective Nunc Pro Tunc to November 26, 2014* [D.I. 3139-5] (the "Huston Retention Motion Declaration"), S&L is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code, and does not hold or represent an interest adverse to EFIH's estate, as required by section 328(a) of the Bankruptcy Code; and that S&L's shareholders, associates and counsel do not hold or represent any

3

interest adverse to EFIH or its estate, except as otherwise disclosed in the Huston Retention Motion Declaration.

12.     S&L might have in the past represented, might currently represent, and likely in the future will represent parties in interest in the Chapter 11 Cases in connection with matters unrelated to EFIH.  In the Huston Retention Motion Declaration, S&L disclosed its connections to parties in interest in the EFIH case which it has been able to ascertain using reasonable efforts.  S&L will update such disclosures, as appropriate, if it becomes aware of relevant new information.

13.     S&L performed the services for which it is seeking compensation on behalf of EFIH and its estate and not on behalf of any committee, creditor or other entity.

14.     EFIH has not required that S&L submit monthly budgets or staffing plans, but the U.S. Trustee requires that S&L submit budgets and staffing plans for the Fee Period.  Accordingly, copies of S&L's retrospective budgets are attached to the Interim Fee Application as **Exhibit I**, and S&L's staffing plan is attached as **Exhibit J**.

15.     S&L seeks interim compensation for professional services provided to the Debtors during the Fee Period in the amount of $24,244.50 and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of $168.40.  During the Fee Period, S&L attorneys and paraprofessionals worked 37.3 hours for which compensation is requested.  S&L deemed certain time worked to be non-compensable either in accordance with the Fee Committee's guidelines or on its own, and thus while the time is recorded in the detailed time entries, for which it is not being charged.

16.     S&L has received payments to date under the Interim Compensation Order or the Fee Committee Order totaling $ 18,726.00 and of this amount, $18,726.00 pertains to the instant Fee Period. S&L submitted its Thirty-Eighth, Thirty-Ninth, and Fortieth Monthly Fee Statements [D. I. 12810, 12863, 12987] (as defined in the Interim Compensation Order) for January 1, 2018 through March 9, 2018, seeking payment of (a) 80% of the fees incurred by S&L for reasonable and necessary professional

4

services provided by S&L for EFIH, and (b) 100% of the actual and necessary costs and expenses provided by S&L in connection with the services provided for EFIH for each month.

17.    S&L has not received payment or promise of payment from any sources other than EFIH for services provided or to be provided in any capacity whatsoever in connection with the EFIH case.

18.    S&L does not share fees with any attorneys except to the extent permitted by section 504.

19.    To the extent not already paid by the time of the hearing on this Interim Fee Application, S&L seeks payment of all amounts, including the remaining $4,848.90, which represents the 20% holdback of fees incurred during the Fee Period.

## FEES AND EXPENSES INCURRED DURING FEE PERIOD

### A.    Customary Billing Disclosures

20.    S&L's hourly rates are set at a level designed to compensate S&L fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  The hourly rates and corresponding rate structure utilized by S&L in the Chapter 11 Cases are equivalent to the hourly rates and corresponding rate structure utilized by S&L for similar complex corporate, securities, litigation, and restructuring matters, whether in court or otherwise, regardless of whether its client is a private entity or a party whose fees are to be paid by a bankruptcy estate.  S&L is a multistate, full-service enterprise, and so its rate structure and fee arrangements vary throughout its geographic markets and practice areas to reflect the respective requirements of each, and in some cases will adjust its fees to meet competition.

21.    Annexed as **Exhibit D** and incorporated by reference is a summary of blended hourly rates for timekeepers who billed for non-bankruptcy matters and blended hourly rates for timekeepers who billed to EFIH during the Fee Period, as required by the "Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases" promulgated by the Executive Office of the United States Trustee, as applied to this case by the Interim Compensation Order.

5

### B.      Fees Incurred During Fee Period

22.      In the ordinary course of S&L's practice, S&L maintains computerized records of time spent on the professional services required by EFIH and its estate.    Annexed as **Exhibit E** and incorporated by reference is a summary of fees incurred and hours worked during the Fee Period, setting forth the following information: (1) the name of each attorney and paraprofessional for whose work compensation is sought; (2) each attorney's year of bar admission and practice concentration; (3) the aggregate time worked and fees billed by each attorney and each paraprofessional during the Fee Period; (4) the hourly billing rate for each attorney and paraprofessional at S&L's current billing rates; (5) the hourly billing rate for each attorney and each paraprofessional as disclosed in the S&L employment application; (6) the number of rate increases since the inception of the case; and (7) a calculation of total compensation requested using the rates disclosed in the S&L employment application.

### C.      Expenses Incurred During Fee Period

23.      In the ordinary course of S&L's practice, S&L maintains a record of expenses incurred in rendering professional services required by EFIH and its estate and for which reimbursement is sought. Annexed as **Exhibit F** and incorporated by reference is a summary for the Fee Period of the total amount of expenses for which S&L seeks reimbursement with respect to each category of expenses, broken down into categories of charges.

### PROPOSED PAYMENT ALLOCATION

24.      In light of the fact that S&L was retained to provide services solely to EFIH, in accordance with paragraph 2(b) of the Interim Compensation Order, all of the fees and expenses that S&L seeks in this Interim Fee Application are allocated to EFIH.

### SUMMARY OF LEGAL SERVICES PROVIDED DURING FEE PERIOD

25.      During the Fee Period, S&L provided important professional services to EFIH, primarily in connection with the activities of Cravath, Swaine & Moore LLP ("Cravath") and Jenner & Block LLP ("Jenner") as special conflicts counsel to EFIH on conflicts matters.

6

26.     S&L has established, in accordance with its internal billing procedures, thirteen (13) subject matter categories (each a "Matter Category") for keeping time records for the work performed by EFIH.

27.     A schedule setting forth a description of each Matter Category utilized in this case, the number of hours worked by S&L attorneys and paraprofessionals for each Matter Category, and the aggregate fees associated with each Matter Category is annexed as **Exhibit G**, and incorporated by reference.  In addition, subject to redaction for attorney-client privilege, work product doctrine, and confidentiality where necessary to protect EFIH and its estate, copies of S&L's computerized records of time worked providing professional services to EFIH and its estate are annexed as **Exhibit H**.  As set forth above, S&L's records of expenses are attached as **Exhibit F**.

28.     During the Fee Period, S&L utilized several Matter Categories: Professional Retentions, Case Administration/General Matters, Communications with Professionals, Fee Applications-Others, Fee Applications-S&L, Hearings, Plans of Reorganization & Disclosure Statements, Pleadings, Motions & Briefs, and NextEra Energy, Inc. – Adversary Proceeding.

29.     During the Fee Period, S&L assisted with the commencement and prosecution of the adversary proceeding against NextEra Energy, Inc., including drafting, reviewing, filing, and serving various pleadings and related documents.

30.     S&L also provided services related to the termination of the merger agreement contemplated by the Eighth Amended Plan following the PUCT's ruling that the NextEra Energy, Inc. transaction was not in the public interest, as well as various proposals and agreements, and the further amended plan and disclosure statement.

31.     S&L continued to assist with the filing and service of fee applications and supplemental declarations regarding the retention applications of Cravath and Jenner, which required significant effort.

32.     S&L also attended the hearings on the interim fee applications, the termination of the merger agreement with NextEra Energy, Inc. and a hearing related to the related adversary proceeding, as

7

well as the hearings on the new merger agreement, and the further amended plan and disclosure statement,  and the objections and reservations of rights by various parties relating to all of the foregoing.

## SUMMARY OF EXPENSES INCURRED PROVIDED DURING FEE PERIOD

33.       As set forth in **Exhibit F,** S&L incurred a total of $168.40 in expenses during the Fee Period.  These charges are to reimburse S&L's direct costs that are not covered by S&L's hourly billing rates.  Only clients who actually use services of the types set forth in **Exhibit F** of this Interim Fee Application are separately charged for such services.

## S&L'S REQUESTED COMPENSATION AND REIMBURSEMENT SHOULD BE ALLOWED

34.       The services for which S&L seeks compensation in this Interim Fee Application were, at the time provided, necessary for and beneficial to the EFIH estate, and were performed at the request of EFIH to protect and preserve its estate.  S&L further believes that it performed the services for EFIH economically, effectively, and efficiently, and that they benefitted EFIH and its constituents.  S&L further submits that the compensation requested is reasonable in light of the nature, extent, and value of such services to EFIH and its estate and all parties in interest.   Accordingly, S&L submits that the compensation sought in this Interim Fee Application is warranted and should be approved.

### A.   Reasonable and Necessary Fees Incurred in Providing Services to the Debtors

35.       Section 331 of the Bankruptcy Code authorizes interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of interim compensation.  Section 330(a)(1) of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered … and reimbursement for actual, necessary expenses."   Section 330(a)(3) sets forth the criteria for such an award:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;

8

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in other cases under this title.

11 U.S.C. § 330(a)(3).

36.     As analyzed below, S&L submits that the elements governing awards of compensation justify the allowance requested.

### 1.     The Time and Labor Required

37.     During the Fee Period, S&L's shareholders, associate, and paraprofessionals spent 37.3 hours providing professional services for EFIH.  S&L coordinated its efforts with Cravath and Jenner to minimize duplication of effort and thereby not spend more time than required.  S&L spent this time to follow the developing issues in the Chapter 11 Cases and to perform the other tasks described above.

### 2.     The Rates Charged for Such Services & 2017-18  Rate Increases

38.     During the Fee Period, S&L's 2017 hourly billing rates were $735 and, as of January 1, 2018, 765 .00 for the lead attorney, $275.00 and $325 for the associate, and $175.00 and $180 for the paraprofessional.  The 2014 rates disclosed in S&L's employment application were $680.00, $275.00, and $160.00, respectively, and the small anticipated increases for each succeeding year were disclosed. Based on the recorded hours expended by S&L's attorneys and paraprofessionals, the average hourly billing rate for S&L's services during the Fee Period was $557.49.

9

39.     S&L's hourly rates are set at a level designed to compensate S&L fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.

40.     Following the March 9, 2015 Memorandum from the Fee Committee concerning rate increases ("Rate Increase Memorandum"), S&L has provided the Fee Committee with notice of the  rate increases in each monthly fee statement, by identifying the compensation requested broken down by amount requested under 2014 rates and the amount requested under inreased rates.

41.     The rate increases represent periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.  The increased rates also are designed to capture the increased experience and training each professional has obtained in the previous year period. The increase for the most senior billing timekeeper from the year prior was only 2.79%.

42.     As noted above, S&L is a multistate, full service enterprise, and so its rate structure and fee arrangements vary throughout its geographic and practice areas to reflect the respective markets, volume discounts for recurring clients, and competitive situations.

43.     The hourly rates and corresponding rate structure that S&L charges in this case are equivalent to the hourly rates and corresponding rate structure that S&L charges for similar matters, whether in court or otherwise, regardless of whether a fee is to be paid directly by its client or by an estate in bankruptcy.

### 3.     The Necessity of the Services and the Benefit to the Estate

44.     While they may not have resulted in a measurable economic benefit thus far, the services S&L has provided to EFIH have conferred substantial benefit on EFIH's estate and were necessary because EFIH needed special counsel and a financial advisor to advise and represent it on Conflict Matters, specifically in the Bankruptcy Court for the District of Delaware where the Chapter 11 Cases are currently pending.  Without special counsel, EFIH would find it difficult, if not impossible, to protect its

10

interests against the other Debtors in the Chapter 11 Cases, and it is required by the Local Rules to have Delaware counsel associated with Cravath and Jenner.

### 4. The Reasonableness of the Time Spent, Based on the Complexity, Importance, and Nature of the Issues

45.     S&L performed the services in a reasonable amount of time, given the complexity of the issues involved and the numerous parties in interest and issues facing EFIH. S&L's detailed time records show that the time spent was necessary and appropriate to advising and representing EFIH in getting its Conflict Matters professionals retained.

### 5. The Experience, Reputation, and Ability of the Attorneys Providing Services

46.     S&L attorneys have achieved a high degree of expertise and positive reputations in their respective fields, particularly with the judges of this Court. S&L's Bankruptcy and Financial Restructuring Group is highly regarded for its skill and achievements both regionally and nationally.

### 6. Customary Compensation

47.     S&L relies in part on the Court's experience and knowledge with respect to the compensation awards in similar cases and in this case previously. In addition, as noted above, the compensation S&L seeks in this Interim Fee Application is comparable to the compensation it would have sought for comparable work other chapter 11 cases regardless of by whom the fee was to be paid. Because its services related primarily to the retention and compensation of professionals in a complex Chapter 11, there is no meaningful comparison to be made with work outside of Chapter 11.

48.     S&L submits that the compensation requested is reasonable under all of the factors considered under sections 330 and 331 of the Bankruptcy Code and that the factors justify the allowance in full of S&L's compensation and reimbursement request.

### B. Reasonable and Necessary Expenses Incurred in Providing Services to the Debtors

49.     For the Fee Period, S&L requests reimbursement of $168.40 for reasonable and necessary costs and expenses incurred on behalf of EFIH.

11

50.    S&L's normal billing rates do not take these costs and expenses into consideration. Rather, S&L bills each cost and expense to the applicable client.  Because of the disparity between different clients' requirements for expenses such as travel, computer-assisted research, teleconference services, postage, courier and messenger services, and photocopying, it would be difficult to recover costs and expenses fairly and equitably by including them in S&L's ordinary billing rates rather than billing them to a particular client because of its particular needs.  Accordingly, S&L generally charges each client separately for costs and expenses incurred on its behalf, in each case at S&L's cost.

51.    S&L does not include the amortization of the cost of any investment, equipment, or capital outlay in its charges for these services.

52.    S&L represents that, in accordance with Rule 2016-2 of the Local Bankruptcy Rules in effect on and after February 1, 2017, S&L's charges during the Fee Period for black-and-white copies was $0.10 per page versus its normal charge of $0.25 for copies outside of bankruptcy, and for color copies was $0.80 per page.  Outgoing facsimile transmissions are charged at $0.25 for all pages versus S&L's usual charge of $1.25 for the first page, and there is no charge for incoming facsimiles.  There is no surcharge for computer-assisted research.

53.    Any services billed by a third-party vendor, with the exception of certain computer-assisted research charges, are billed to EFIH in the amount billed to and paid by S&L.  Consistent with its general policy of billing out-of-pocket expenses only to clients for whom the use of such services is required, S&L separately charges each client for the computer-assisted research actually employed.  To account for such charges, while passing through S&L's cost savings resulting from its special arrangements, S&L charges those clients for whom such services are required at a reduced rate that is less than the rate charged by the computerized research companies to the general public for such services. These charges are intended to cover S&L's direct costs for computerized research.

12

54.     S&L has made reasonable efforts to minimize its costs and expenses in the Chapter 11 Cases.  Each of the costs and expenses S&L has incurred in providing professional services to EFIH was necessary, reasonable, and justified under the circumstances to serve the needs of EFIH and its estate.

## RESERVATION OF RIGHTS AND NOTICE

55.     It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in the Interim Fee Application.  S&L reserves the right to include such amounts in future fee applications.  EFIH has provided notice of this Interim Fee Application to: (1) the U.S. Trustee; (b) co-counsels to the Debtors; (c) counsel to the agent of the EFIH First Lien DIP Financing Facility; (d) counsel to the agent of the TCEH DIP Financing Facility; (e) counsel to the Creditors' Committees; and (f) the Fee Committee (collectively, the "Notice Parties").

56.     Under the Interim Compensation Order and the Fee Committee Order, (a) any Notice Party (other than the Fee Committee) who wishes to object to this Interim Fee Application must file its objection with the Court, with a Copy to Chambers, and serve it on S&L and the Notice Parties so that it is **actually received** on or before **May 14, 2018 at 4:00 p.m. (Eastern Standard Time)**, and (b) any member of the Fee Committee that wishes to object to the Interim Fee Application must comply with the procedures set forth in the Fee Committee Order and if such member wishes to object to the Interim Fee Application after complying with such procedures, such member must file its objection with the Court, with a copy to Chambers, and serve it on S&L and the Notice Parties, within the time specified under the Fee Committee Order and its distributed guidelines.

## NO PRIOR REQUEST

57.     No prior application for the relief requested by this Interim Fee Application has been made to this or any other court.

## BUDGETING

13

58.     Given the nature of its engagement, S&L is not requested by the Debtors to submit prospective budgets; hence no narrative explanations of actual-to-projected budget deviations are included with this application.

**WHEREFORE**, S&L respectfully requests that the Court enter an order: (a) awarding S&L interim compensation for professional and paraprofessional services provided during the Fee Period in the amount of $24,244.50 and reimbursement of actual, reasonable, and necessary expenses incurred in the Fee Period in the amount of $168.40; (b) authorizing and directing EFIH to remit payment to S&L for such fees and expenses less any agreed-upon reduction in compensation for the previous interim fee period; and (c) granting such other relief as is appropriate under the circumstances.

Dated: April 23, 2018                           **STEVENS & LEE, P.C.**

                                                */s/ Joseph H. Huston, Jr.*
                                                Joseph H. Huston, Jr. (No. 4035)
                                                919 North Market Street, Suite 1300
                                                Wilmington, DE 19801
                                                Telephone:      (302) 425-3310
                                                Facsimile:      (610) 371-7972
                                                Email:          jhh@stevenslee.com

                                                *Independent Counsel for Energy Future*
                                                *Intermediate Holding Company LLC*

14