## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) Case No. 14-10979 (CSS) |
|  | ) |
| Debtors.[1] | ) (Jointly Administered) |
|  | ) |
|  | ) **Hearing Date: To Be Determined** |
|  | ) **Objection Deadline: May 15, 2018 at 4:00 p.m.** |
|  | ) |

## SUMMARY COVER SHEET TO THE FINAL FEE APPLICATION OF ALVAREZ & MARSAL NORTH AMERICA, LLC, IN THEIR CAPACITY AS RESTRUCTURING ADVISORS FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM APRIL 29, 2014 THROUGH AND INCLUDING MARCH 9, 2018

In accordance with the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), Alvarez & Marsal North America, LLC ("A&M"), restructuring advisors for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), submits this summary (this "Summary") of fees and expenses sought as actual, reasonable, and necessary in the fee application to which this Summary is attached (the "Fee Application")[2] for the period from April 29, 2014 through and including March 9, 2018 (the "Fee Period").[3]

A&M submits the Fee Application as a final fee application in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 2066] (the "Interim Compensation Order") and the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896], as amended on February 1, 2018 [D.I. 12552] (the "Fee Committee Order"), and communications with the Fee Committee.

---

1    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

2    Capitalized terms used, but not otherwise defined, in this Summary shall have the same meanings ascribed to such terms in the Fee Application.

3    Texas Competitive Electric Holdings Company LLC ("TCEH" and, together with its direct parent company, Energy Future Competitive Holdings Company LLC ("EFCH") and certain of TCEH's direct and indirect subsidiaries, the "TCEH Debtors") and certain EFH Debtors (defined in the Plan as the EFH Shared Services Debtors) emerged from bankruptcy on October 3, 2016 (the "TCEH Effective Date"), and are no longer debtors in possession. The EFH/EFIH Debtors (as defined in the EFH/EFIH Plan) emerged from bankruptcy on March 9, 2018 (the "EFH Effective Date"), and are no longer debtors in possession.

| General Information | |
|---|---|
| Name of Applicant: | Alvarez & Marsal North America, LLC |
| Authorized to Provide Services to: | Energy Future Holdings Corp., *et al.* |
| Date of Order Authorizing the Debtors to Retain A&M [D.I. 2055]: | September 16, 2014, *nunc pro tunc* to April 29, 2014 |

| Summary of Fees and Expenses Sought in the Fee Application | |
|---|---|
| Period for Which Compensation and Reimbursement is Sought in the Fee Application: | April 24, 2014 through and including March 9, 2018 |
| Amount of Final Compensation Sought as Actual, Reasonable, and Necessary: | $29,108,072.37 |
| Amount of Final Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $1,183,348.76 |
| Blended Rate in This Application for All Timekeepers: | $503.36/hour |

This is a *final* fee application.

The total time expended for preparation of this Final Fee Application is approximately 33 hours and the corresponding compensation requested is approximately $18,000.

| Rate Increases Applicable to the Fee Period | |
|---|---|
| Are Any Timekeeper's Hourly Rates Higher Than Those Charged and Approved Upon Retention? | See **Exhibit F** |

| Summary of Past Requests for Compensation and Prior Payments[4] | |
|---|---|
| Total Allowed Compensation Paid to Date: | $28,989,964.47 |
| Total Allowed Expenses Paid to Date: | $1,181,343.26 |

---

[4] A&M filed the January Monthly Fee Statement on March 29, 2018 [D.I. 12885], and the February/March Monthly Fee Statement on April 13, 2018 [D.I. 12948]. As of the date hereof, A&M has not yet received payments relating to compensation and expenses sought in the Monthly Fee Statements.

RLF1 19190123v.1

| Number of Professionals with Time Included in This Application: | 65 |
|---|---|

| PRIOR INTERIM FEE APPLICATIONS & ADJUSTMENTS: | | Requested | | Approved | |
|---|---|---|---|---|---|
| **Date [Docket No.]** | **Interim Fee Period ("IFP")** | **Fees** | **Expenses** | **Fees** | **Expenses** |
| October 31, 2014 [2678] | *First IFP* 04-29-14 to 08-31-14 | $6,393,405.00 | $262,727.78 | $6,322,122.50 | $256,145.77 |
| February 25, 2015 [3663] | *Second IFP* 09-01-14 to 12-31-14 | $5,029,260.50 | $204,694.44 | $4,904,006.87 | $203,868.77 |
| June 19, 2015 [4809] | *Third IFP* 01-01-15 to 04-30-15 | $5,283,286.50 | $222,166.52 | $5,265,945.00 | $221,510.04 |
| October 21, 2015 [6553] | *Fourth IFP* 05-01-15 to 08-31-15 | $5,271,137.00 | $230,364.67 | $5,259,577.00 | $230,364.67 |
| February 22, 2016 [7910] | *Fifth IFP* 09-01-15 to 12-31-15 | $3,303,080.00 | $157,701.88 | $3,296,182.50 | $157,121.54 |
| July 1, 2016 [8851] | *Sixth IFP* 01-01-16 to 04-30-16 | $1,646,787.00 | $61,772.47 | $1,646,389.50 | $60,040.55 |
| October 27, 2016 [9970] | *Seventh IFP* 05-01-16 to 08-31-16 | $1,395,353.50 | $28,784.75 | $1,395,353.50 | $28,551.75 |
| February 28, 2017 [10928] | *Eighth IFP* 09-01-16 to 12-31-16 | $408,443.50 | $21,579.40 | $408,443.50 | $21,554.40 |
| June 15, 2017 [11357] | *Ninth IFP* 01-01-17 to 04-30-17 | $134,945.00 | $2,185.77 | $134,945.00 | $2,185.77 |
| October 16, 2017 [12066] | *Tenth IFP* 05-01-17 to 08-31-17 | $182,500.00 | $0 | $182,500.00 | $0 |
| February 15, 2018 [12643] | *Eleventh IFP* 09-01-17 to 12-31-17 | $215,539.50 | $0 | *Pending* | *Pending* |
| April 18, 2018 [12967] | *Twelfth IFP* 01-01-18 to 03-09-18 | $77,067.50 | $2,005.50 | *Pending* | *Pending* |
| **Total fees and expenses approved by interim orders to date:** | | | | $28,815,465.37 | $1,181,343,26 |

## FEE COMMITTEE'S REQUESTED ATTACHMENTS TO FINAL FEE APPLICATIONS

| **List of Professionals** - Local Bankruptcy Rule 2016-2(c)(2) and ¶C.2.k of the U.S. Trustee Guidelines | See **Exhibit E** |
|---|---|
| **Compensation by Project Category** - ¶ C.8.a and b of the U.S. Trustee Guidelines | See **Exhibit H** |

| | |
|---|---|
| **Expense Summary**- Local Bankruptcy Rule 2016-2(c)(ii) and ¶ C.12 of the U.S. Trustee Guidelines | See **Exhibit G** |
| **List of Professionals by Matter**- ¶ C.8.c. of the U.S. Trustee Guidelines | See **Exhibit I** |
| **Detailed Time Records** – Local Bankruptcy Rule 2016-2(d) and ¶ C.9 of the U.S. Trustee Guidelines | A&M has previously provided Detailed Time Records in the form of Exhibits appended to each of the Interim Fee Applications. In satisfaction of this Local Bankruptcy Rule, A&M hereby incorporates by reference all Detailed Time Records and previously filed in conjunction with the Interim Fee Applications. |
| **Detailed Expense Records** – Local Bankruptcy Rule 2016-2(e)(i) and U.S. Trustee Guidelines ¶ C.9 | A&M has previously provided Detailed Expense Records in the form of Exhibits appended to each of the Interim Fee Applications. In satisfaction of this Local Bankruptcy Rule, A&M hereby incorporates by reference all Detailed Expense Records and previously filed in conjunction with the Interim Fee Applications. |

Date:   April 23, 2018
       Dallas, Texas

*/s/ John L. Stuart*

John L. Stuart
Managing Director
Alvarez & Marsal North America, LLC
2100 Ross Avenue, Suite 2100
Dallas, Texas  75201
Telephone:     (214) 438-8486

*Restructuring Advisors to the Debtors
and Debtors in Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Hearing Date:  To Be Determined** |
|  | ) | **Objection Deadline: May 15, 2018 at 4:00 p.m.** |
|  | ) |  |

## FINAL FEE APPLICATION OF ALVAREZ & MARSAL NORTH AMERICA, LLC, IN THEIR CAPACITY AS RESTRUCTURING ADVISORS FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM APRIL 29, 2014 THROUGH AND INCLUDING MARCH 9, 2018

Alvarez & Marsal North America, LLC ("A&M"), restructuring advisors for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submits this final fee application (the "Fee Application") for allowance of compensation for professional services provided in the amount of $29,108,072.37 and reimbursement of actual and necessary expenses in the amount of $1,183,348.76 that A&M incurred for the period from April 29, 2014 through and including March 9, 2018 (the "Fee Period").  In support of this Fee Application, A&M submits the declaration of John L. Stuart, a Managing Director at A&M, which is attached hereto as **Exhibit A** and incorporated by reference.  In further support of this Fee Application, A&M respectfully states as follows[2].

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms used but not otherwise defined in this Fee Application shall have the meanings ascribed to such terms in the Summary Cover Sheet to the Final Fee Application of Alvarez & Marsal North America, LLC, in their capacity as restructuring advisors for the Debtors and Debtors in Possession, for the Period from April 29, 2014 through and including March 9, 2018.

**Jurisdiction**

1.       The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.   This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       The bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rules 2016-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expense for Professionals* [D.I. 2066] and (the "Interim Compensation Order"), and the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896], as amended on February 1, 2018 [D.I. 12552] (the "Fee Committee Order").[3]

**Background**

4.       On April 29, 2014, each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.   The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849].  The Court has not appointed a trustee.  The

---

[3]    On October 3, 2014, October 7, 2014, December 1, 2014, March 9, 2015, June 9, 2015, December 15, 2015, and March 12, 2018, the Fee Committee (as defined herein) distributed guidelines to those professionals retained in these chapter 11 cases regarding a number of topics, including, expense reimbursement, fee review criteria, and the contents of interim and final fee applications (collectively, the "Fee Committee Guidelines").

Following (a) the TCEH Effective Date, fees and expenses attributable to TCEH Debtors and the EFH Shared Services Debtors will be paid from the Professional Fee Escrow Account (defined in the TCEH Plan), on the terms set forth in the TCEH Plan and the order confirming the TCEH Plan and (b) the EFH Effective Date, fees and expenses attributable to the EFH Debtors and the EFIH Debtors will be paid from the EFH Professional Fee Escrow Account and the EFIH Professional Fee Escrow Account (each as defined in the EFH/EFIH Plan), on the terms set forth in the EFH/EFIH Plan and the order confirming the EFH/EFIH Plan.

Time billed (a) to the TCEH Debtors and the EFH Shared Services Debtors after the TCEH Effective Date and (b) to the EFH Debtors and the EFIH Debtors after the EFH Effective Date is not reflected in this Fee Application.

RLF1 19190123v.1

Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC ("EFIH"), EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee" and, together with the TCEH Creditors' Committee, the "Official Committees") on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

5.      On September 16, 2014, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all retained professionals in these cases.

6.      Given the size and complexity of the Debtors' chapter 11 cases, the U.S. Trustee, the Debtors, and the TCEH Creditors' Committee agreed to recommend that the Court appoint a fee committee to review and report on, as appropriate, interim and final fee applications filed by all retained professionals in accordance with sections 328, 330, and 331 of the Bankruptcy Code and the Interim Compensation Order (the "Fee Committee"). On August 21, 2014, the Court entered the Fee Committee Order, appointing the Fee Committee and establishing the procedures governing the Fee Committee's review of the Debtors' retained professionals' applications for compensation and the resolution of any concerns raised during such review. On February 1, 2018, the Court entered the Order Amending Stipulation and Order Appointing Fee Committee

3

and Granting Related Relief [D.I. 12552], which amended the Fee Committee Order.

7.        On October 3, 2016, in accordance with the order confirming the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 9199] (the "TCEH Plan"), Texas Competitive Electric Holdings Company LLC ("TCEH" and, together with its direct parent company, Energy Future Competitive Holdings Company LLC ("EFCH") and certain of TCEH's direct and indirect subsidiaries, the "TCEH Debtors") and certain EFH Debtors (defined in the TCEH Plan as the EFH Shared Services Debtors) emerged from bankruptcy, and are no longer debtors-in-possession.  On February 27, 2018, the Court entered the *Order Confirming the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12673] (the "EFH Confirmation Order"), confirming the EFH/EFIH Debtors' chapter 11 plan of reorganization (the "EFH/EFIH Plan"). The effective date of the EFH/EFIH Plan occurred on March 9, 2018.[4]  Following the EFH Effective Date, the Debtors are no longer debtors in possession.

8.        Pursuant to Article II.A of the EFH/EFIH Plan, the Debtors' professionals (including A&M) are required to file their final request for payment of Professional Fee Claims (as defined in the EFH/EFIH Plan) no later than 45 days after the EFH Effective Date.

### Preliminary Statement

9.        During the Fee Period, A&M represented the Debtors professionally and diligently, advising them on a variety of complex matters and issues, as a result of which the Debtors took action to maximize the value of their estates for the benefit of all parties in interest.

---

[4]      *Notice of Entry of EFH Confirmation Order and Occurrence of EFH Effective Date* [D.I. 12801] (the "EFH Effective Date").

## The Debtors' Retention of A&M

10.     On September 16, 2014, the Court entered the *Order Authorizing the Debtors to Retain and Employ Alvarez & Marsal North America, LLC as Restructuring Advisors Effective Nunc Pro Tunc to the Petition Date* [D.I. 2055] (the "Retention Order"), attached hereto as **Exhibit B** and incorporated by reference.  The Retention Order authorizes the Debtors to compensate and reimburse A&M in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Interim Compensation Order, and the Fee Committee Order.  The Retention Order also authorizes the Debtors to compensate A&M at A&M's hourly rates charged for services of this type and to reimburse A&M for A&M's actual and necessary out-of-pocket expenses incurred, subject to application to this Court.  The particular terms of A&M's engagement are detailed in the engagement letter by and between A&M and the Debtors, effective as of January 30, 2013 and attached hereto as **Exhibit C**.

## Disinterestedness of A&M

11.     To the best of the Debtors' knowledge and as disclosed in the *Declaration of Jeffery J. Stegenga in Support of the Application of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the Debtors to Retain and Employ Alvarez & Marsal North America, LLC as Restructuring Advisor Effective Nunc Pro Tunc to the Petition Date* [D.I. 661] (the "A&M Declaration"), (a) A&M is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (b) A&M has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the A&M Declaration.

12.     A&M may have in the past represented, may currently represent, and likely in the future will represent parties in interest in connection with matters unrelated to the Debtors in

5

RLF1 19190123v.1

these chapter 11 cases.  In the A&M Declaration, A&M disclosed its connections to parties in interest that it has been able to ascertain using its reasonable efforts.  A&M has provided supplements to the A&M Declaration and will continue to do so in the future, as appropriate, if A&M becomes aware of relevant and material new information.

13.    A&M performed the services for which it is seeking compensation on behalf of the Debtors and their estates, and not on behalf of any committee, creditor, or other entity.

14.    Except to the extent of the advance payments paid to A&M that A&M previously disclosed to this Court in the A&M Declaration, A&M has received no payment and no promises for payment from any source other than the Debtors for services provided or to be provided in any capacity whatsoever in connection with these chapter 11 cases.

15.    Pursuant to Bankruptcy Rule 2016(b), A&M has not shared, nor has A&M agreed to share (a) any compensation it has received or may receive with another party or person other than with the employees of A&M or (b) any compensation another person or party has received or may receive.

## Summary of Compliance with Interim Compensation Order

16.    This Fee Application has been prepared in accordance with the Interim Compensation Order, the Fee Committee Order, and Article II.A. of the EFH/EFIH Plan.

17.    A&M seeks interim compensation for professional services rendered to the Debtors during the Fee Period in the amount of $29,108,072.37 and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of $1,183,348.76.  During the Fee Period, A&M employees expended a total of 58,566.3 hours for which compensation is requested.

18.    In accordance with the Interim Compensation Order, as of the date hereof, A&M has received payments totaling $30,171,308.23 ($28,989,964.97 of which was for services

RLF1 19190123v.1

provided and $1,181,343.26 of which was for reimbursement of expenses) for the Fee Period. Accordingly, by this Fee Application, and to the extent such amounts have not been paid by the time of the hearing on this Fee Application, A&M seeks payment of the remaining $120,112.90, which represents all unpaid fees and expenses incurred between April 29, 2014 and March 9, 2018 (i.e., the unpaid amounts requested in the Monthly Fee Statements and the 20% holdback on fees requested in the Eleventh Interim Fee Application and Twelfth Interim Fee Application).

## Fees and Expenses Incurred During Fee Period

**A.      Customary Billing Disclosures**.

19.      A&M's hourly rates are set at a level designed to compensate A&M fairly for the work of its employees and to cover fixed and routine expenses.   The hourly rates and corresponding rate structure utilized by A&M in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by A&M for other restructuring matters, regardless of whether a fee application is required.   The rates and rate structure reflect that such restructuring matters typically are national in scope and typically involve great complexity, high stakes, and severe time pressures.   For the convenience of the Court and all parties in interest, attached hereto as **Exhibit D** is a summary of blended hourly rates for timekeepers who billed to the Debtors during the Fee Period.

**B.      Fees Incurred During Fee Period.**

20.      In the ordinary course of A&M's practice, A&M maintains computerized records of the time expended to render the professional services required by the Debtors and their estates. For the convenience of the Court and all parties in interest, attached hereto as **Exhibit E** is a summary of fees incurred and hours expended during the Fee Period, setting forth the following information:

- the name of each A&M employee for whose work on these chapter 11 cases

compensation is sought;

- the aggregate time expended and fees billed by each A&M employee during the Fee Period;

- the hourly billing rate for each A&M employee at A&M's current billing rates; and

- a calculation of total compensation requested using the rates disclosed in the *Application of Energy Future Holdings Corp., et al., for and Entry of an Order Authorizing the Debtors to Retain and Employ Alvarez & Marsal North America, LLC as Restructuring Advisors Effective Nunc Pro Tunc to the Petition Date* (the "Retention Application"), as amended with approval of the Company and the Fee Committee.

21.    In addition, throughout the course of the chapter 11 proceedings, A&M has applied rate increases for certain timekeepers.  These rate increases were on account of merit based promotions as well as annual adjustments to remain consistent with market rates.  Each of these rate increases were reviewed and approved by both the Company and the Fee Committee prior to implementing the increase.  For the convenience of the Court and all parties in interest, attached hereto as **Exhibit F** is a summary of the adjusted rates, the date and amount of the rate change, and the reason for the change by timekeeper.

C.      **Expenses Incurred During Fee Period.**

22.     In the ordinary course of A&M's practice, A&M maintains a record of expenses incurred in the rendition of the professional services required by the Debtors and their estates and for which reimbursement is sought.  A&M does not charge its clients for incoming facsimile transmissions.

23.     For the convenience of the Court and all parties in interest, attached hereto as **Exhibit G** is a summary for the Fee Period, setting forth the total amount of reimbursement sought with respect to each category of expenses for which A&M is seeking reimbursement.

**Summary of Professional Services Rendered During the Fee Period**

24.     As discussed above, during the Fee Period, A&M provided extensive and important professional services to the Debtors in connection with these chapter 11 cases.  These services were often performed under severe time constraints and were necessary to address a multitude of critical issues both unique to these chapter 11 cases and typically faced by large corporate debtors in similar cases of this magnitude and complexity.

25.     To provide a meaningful summary of A&M's services provided on behalf of the Debtors and their estates, A&M has established, in accordance with its internal billing procedures, certain subject matters categories (each, a "Matter Category") in connection with these chapter 11 cases.  The following is a summary of the fees and hours billed for each Matter Category in the Fee Period:[5]

---

[5]     In certain instances A&M may have billed the same amount of fees, but different amount of hours to different Matter Categories.  This difference is the result of different staffing of each such Matter Category.

| Matter Category | Hours Billed | Total Compensation Billed |
|---|---|---|
| Accounting/Cut-Off | 1,271.5 | $674,695.00 |
| Bankruptcy Support | 5,715.5 | $2,962,475.50 |
| Business Plan/Operations | 2,772.7 | $1,132,100.00 |
| Cash Management | 212.3 | $85,127.50 |
| Causes of Action | 668.4 | $366,625.00 |
| Claims | 15,009.3 | $6,778,977.50 |
| Communication | 254.2 | $118,260.00 |
| Contract | 8,361.6 | $4,463,368.00 |
| Coordination & Communication with Other Creditor Constituents | 996.9 | $527,717.50 |
| Coordination & Communication with UCC | 3,499.1 | $1,860,000.00 |
| Court | 428.6 | $324,857.50 |
| DIP Financing | 624.1 | $309,620.00 |
| Fee Applications | 1,658.3 | $693,855.00 |
| Motions and Orders | 1,084.8 | $581,757.50 |
| POR / Disclosure Statement | 4,729.9 | $2,475,702.50 |
| Retention | 208.6 | $100,542.50 |
| Statements & Schedules | 2,840.2 | $1,406,812.50 |
| Status Meetings | 1,086.3 | $659,897.50 |
| Strategic Transaction Asset Sale | 717.8 | $435,285.00 |
| Tax Review & Support | 194.7 | $153,772.00 |
| Travel Time | 2,140.6 | $1,146,955.00 |
| UST Reporting Requirements | 1,048.6 | $583,710.00 |
| Vendor Management | 3,042.4 | $1,637,542.50 |
| **Total** | **58,566.3** | **$29,479,655.50** |

26.     The following is a summary, by Matter Category, of the most significant professional services provided by A&M during the Fee Period.  This summary is organized in accordance with A&M's internal system of matter numbers.  The detailed descriptions demonstrate that A&M was heavily involved in performing services for the Debtors on a daily basis, often including night and weekend work, to meet the needs of the Debtors' estates in these chapter 11 cases.  A schedule setting forth a description of the Matter Categories utilized in this case, the number of hours expended by A&M employees by matter, and the aggregate fees associated with each matter is attached hereto as **Exhibit H**.  In addition, a schedule of A&M employees by Matter Category and the aggregate fees associated with each is attached hereto as

**Exhibit I**.

       (a)    <u>Accounting/Cut-Off</u>.   This category includes advising and assisting the Debtors with various accounting-related issues: filing cut-off processes, accounts payable pre-petition and post-petition claims payment processes and reporting requirements, internal controls for accounting / finance / treasury departments, bank related items and other accounting related items.   The total fees sough under this category for the period April 29, 2014 through March 9, 2018 are $674,695.00 (1,271.5 hours).

       (b)    <u>Bankruptcy Support</u>.   This category includes advising and assisting the Debtors on matters concerning operating the business under chapter 11 including development and execution of work plans, weekly updates, review of court documents and general case management, reporting requirements and deadlines, reporting of various professionals' fees and support counsel and others for chapter 11 related items.   In addition, this category includes due diligence for the Debtors on matters concerning the sale of Oncor and related reverse due diligence of potential buyers.   Finally, this category includes assisting the Debtors with the calculation of termination payments to certain executives, including the potential impact of Internal Revenue Code section 280G on such payments. The total fees sough under this category for the period April 29, 2014 through March 9, 2018 are $2,962,475.50 (5,715.5 hours).

       (c)    <u>Business Planning/Operations</u>.   This category includes time assisting the Debtors with the development and implementation of long-range business plan, metrics, measurements, professional fee budgets and other tools to monitor and quantify the financial impact of various initiatives, and analyze other risks and opportunities that may

exist.  The total fees sough under this category for the period April 29, 2014 through March 9, 2018 are $1,132,100.00 (2,772.7 hours).

(d)     <u>Cash Management</u>.  This category includes advising and assisting the Debtors prepare information and analyses required pursuant to the Debtors' financing; identifying and implementing short-term cash management procedures; preparing financial information for distribution to creditors and others, including, but not limited to cash receipts and disbursement analysis, correspondence with issuing banks regarding purchase and travel card issues and analysis of proposed transactions for which Court approval is sought.  The total fees sough under this category for the period April 29, 2014 through March 9, 2018 are $85,127.50 (212.3 hours).

(e)     <u>Causes of Action</u>.  This category includes advising and assisting the Debtors in connection with matters related to fraudulent conveyances and preference under chapter 11.  The total fees sough under this category for the period April 29, 2014 through March 9, 2018 are $366,625.00 (668.4 hours).

(f)     <u>Claims</u>.  This category includes time assisting the Debtor with the claims planning process, claims analysis and review of claims filed against the Debtor.  During the Fee Period, A&M worked (1) with the claims agent on claims reconciliation procedures and noticing issues, (2) with the Debtors and legal counsel to develop the claim reconciliation and objection process, including application of claim settlements to claim register and Debtor's books and records, (3) with the Debtors and legal counsel to develop a claim estimation plan, and (4) with the Debtors to finalize allowed claim values to the books and records, prepare for emergence, and distribution.  The total fees sough under this

category for the period April 29, 2014 through March 9, 2018 are $6,778,977.50 (15,009.3 hours).

      (g)    <u>Communication</u>. This category includes advising and assisting the Debtors with communication processes, communication documents and vendor and supply chain support call center. During the Fee Period, A&M worked with various groups within the company to respond to supply chain queries, payment term amendment requests, call center escalations, and various other information requests. The total fees sough under this category for the period April 29, 2014 through March 9, 2018 are $118,260.00 (254.2 hours).

      (h)    <u>Contracts</u>. This category includes advising and assisting the Debtors with contract analyses for the proposed assumption and rejection of contracts. During the Fee Period, A&M performed and extensive and on-going review and analysis of the Debtors' executory contracts to assist Debtors' management in assumption / rejection of favorable / unfavorable contracts, including modification among various versions of the Plan. A&M also assisted in the compilation of various reports analyzing the overall supply chain team and process for prospective owners. The total fees sough under this category for the period April 29, 2014 through March 9, 2018 are $4,463,368.00 (8,361.6 hours).

      (i)    <u>Coordination & Communication with Other Creditor Constituents</u>. This category includes advising and assisting the Debtor with the coordination of information requests, and time associated with preparing for and attending meeting with various pre-petition creditors and other interested parties and their advisors. During the Fee Period, A&M reviewed, discussed and assisted with the fulfillment of multiple information

requests.  The total fees sough under this category for the period April 29, 2014 through March 9, 2018 are $527,717.50 (996.9 hours).

(j)     <u>Coordination & Communication with UCC</u>.  This category includes time advising and assisting the Debtors to work with the UCC appointed professionals to discuss and fulfill various data request and motion noticing requirements.  During the Fee Period, A&M reviewed and discussed with Debtors' management and legal counsel multiple information requests, business plan due diligence, and presentation materials.  A&M also created, reviewed and maintained the Debtors' UCC due diligence tracker.  Finally, A&M assisted the Debtors in establishing a diligence data room and providing access to various UCC advisors in order to expedite information requests.  The total fees sough under this category for the period April 29, 2014 through March 9, 2018 are $1,860,000.00 (3,499.1 hours).

(k)     <u>Court</u>.  This category includes assisting the Debtors with the preparation of and attendance of the Debtors' various legal proceedings.  During the Fee Period, A&M assisted the Debtors' counsel with preparation for and attendance at court hearings.  The total fees sough under this category for the period April 29, 2014 through March 9, 2018 are $324,857.50 (428.6 hours).

(l)     <u>DIP Financing</u>.  This category includes time spent assisting the Debtors with preparation of revisions to the TCEH and EFIH DIP budgets, entering into a DIP financing agreement, development of reporting required under the agreements and communication of the terms of such agreements to various constituents.  During the Fee Period, A&M updated and refined the DIP budget and assumptions based on revised financial projections.

The total fees sough under this category for the period April 29, 2014 through March 9, 2018 are $309,620.00 (624.1 hours).

(m)    Fee Applications.    This category includes time preparing the interim fee applications and monthly fee statements for work performed on behalf of the Debtors.  The total fees sough under this category for the period April 29, 2014 through March 9, 2018 are $693,855.00 (1,658.3 hours).

(n)    Motions and Orders.    This category includes advising and assisting the Debtors on first and second day motions, interim and final orders as well as other various motions and orders filed.  The total fees sough under this category for the period April 29, 2014 through March 9, 2018 are $581,757.50 (1,084.8 hours).

(o)    POR / Disclosure Statement.    This category includes advising and assisting the Debtors with the Plan of Reorganization and Disclosure Statement.  During the Fee Period, A&M assisted counsel with preparation and updates to the Disclosure Statement, preparation for various solicitation efforts, updates to the Plan Supplement, preparation for upcoming confirmation hearings, and ongoing preparation and updating of the liquidation analyses.  The total fees sough under this category for the period April 29, 2014 through March 9, 2018 are $2,475,702.50 (4,729.9 hours).

(p)    Retention.    This category includes advising and assisting the Debtors to prepare documents in compliance with Court retention requirements.  The total fees sough under this category for the period April 29, 2014 through March 9, 2018 are $100,542.50 (208.6 hours).

(q)    Statements & Schedules.    This category includes advising and assisting the Debtors in the preparation of statements and schedules, including any follow-up, changes

and amendments.  During the Fee Period, A&M assisted the Debtors prepare its Statement of Financial Affairs and Schedules of Assets and Liabilities.  The total fees sough under this category for the period April 29, 2014 through March 9, 2018 are $1,406,812.50 (2,840.2 hours).

(r)    Status Meetings.  This category includes advising and assisting the Debtors with the participation in regular status meetings.  During the Fee Period, A&M prepared and updated presentations on key dates, Schedules and Statements filings, the reporting calendar, contract review, vendor/trading, and communications.  The total fees sough under this category for the period April 29, 2014 through March 9, 2018 are $659,897.50 (1,086.3 hours).

(s)    Strategic Transaction Asset Sale.  This category includes advising and assisting the Debtors in the preparation and evaluation of economics related to the sale of certain of the Debtors' assets; develop and maintain detailed models illustrating the financial impact of a sale; assist the Debtor in the organization and presentation of due diligence requests from potential buyer groups.  In addition, A&M advised and assisted the Debtors in defense of a claim filed related to the sale of certain Debtors' assets, including calculating the IRR based on the proposed economics of the transaction; preparing an expert report and providing expert testimony; reviewing and rebutting the opposing expert's report and analysis.  The total fees sough under this category for the period April 29, 2014 through March 9, 2018 are $435,285.00 (717.8 hours).

(t)    Tax Review & Support.  This category includes assisting the Debtors with the review of its annual corporate tax returns, including the review/assessment of certain tax characteristics and positions relevant to the formal Tax Matters' Agreements between

TCEH and EFH/EFIH. The total fees sough under this category for the period April 29, 2014 through March 9, 2018 are $153,772.00 (194.7 hours).

(u)    Travel Time.  This category contains non-working travel time on behalf of the Debtors.  This time was billed at one half the time incurred.  The total fees sough under this category for the period April 29, 2014 through March 9, 2018 are $1,146,955.00 (2,140.6 hours).

(v)    UST Reporting Requirements.  This category includes advising and assisting the Debtors with the preparation of the Initial Debtor Interview requirement, Monthly Operating Reports and any related matters for the US Trustee.  The total fees sough under this category for the period April 29, 2014 through March 9, 2018 are $583,710.00 (1048.6 hours).

(w)    Vendor Management.  This category includes advising and assisting the Debtors post-petition vendor management activities, including analyzing the financial impact of supplier agreements, tracking supplier accounts payable contracts and pre-petition payment activity, and attending supplier meetings to review and discuss supplier financial status.  The total fees sough under this category for the period April 29, 2014 through March 9, 2018 are $1,637,542.50 (3,042.4 hours).

**Actual and Necessary Expenses Incurred by A&M**

27.    As summarized in **Exhibit G** attached hereto, A&M has incurred a total of $1,193,983.18 in expenses on behalf of the Debtors during the Fee Period.  These charges are intended to reimburse A&M's direct operating costs, which are not incorporated into the A&M hourly billing rates.

17

## Reasonable and Necessary Services Provided by A&M

**A.    Reasonable and Necessary Fees Incurred in Providing Services to the Debtors.**

28.    The foregoing professional services provided by A&M on behalf of the Debtors during the Fee Period were reasonable, necessary, and appropriate to the administration of these chapter 11 cases and related matters.

29.    Many of the services performed by employees of A&M were provided by A&M's Restructuring Group.  A&M has a prominent practice in this area and enjoys a national and international reputation for its expertise in financial reorganizations and restructurings of troubled companies.  The employees at A&M have represented either the debtor or the creditors' committee in many large chapter 11 cases.

**B.    Reasonable and Necessary Expenses Incurred in Providing Services to the Debtors.**

30.    The time constraints imposed by the circumstances of these chapter 11 cases required A&M employees to devote substantial time during the evenings and on weekends to perform services on behalf of the Debtors.  These services were essential to meet deadlines, respond to daily inquiries from various creditors and other parties in interest on a timely basis, and satisfy the demands of the Debtors' businesses and ensure the orderly administration of their estates.

31.    Among other things, A&M makes sure that all travel meals, hotel rates, and airfares are reasonable and appropriate expenses for which to seek reimbursement.  Specifically, A&M regularly reviews its bills to ensure that the Debtors are only billed for services that were actual and necessary.  In that regard, A&M will waive certain fees and reduce its expenses if necessary.  In the Fee Period, A&M voluntarily reduced its fees by $138,850.50.  Consequently, A&M does not seek payment of such fees in the Fee Application.

RLF1 19190123v.1

**A&M's Requested Compensation and Reimbursement Should be Allowed**

32.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.    Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses."    11 U.S.C. § 330(a)(1).    Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (a)    the time spent on such services;
>
> (b)    the rates charged for such services;
>
> (c)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (e)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

33.    A&M respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Debtors and their estates and were rendered to protect and preserve the Debtors' estates.    A&M further believes that it performed the services for the Debtors economically, effectively, and efficiently, and the results obtained benefited not only the Debtors, but also the Debtors' estates and the

19

Debtors' constituents.   A&M further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

34.     During the course of these chapter 11 cases, A&M's hourly billing rates for employees ranged from $275.00 to $975.00.  The hourly rates and corresponding rate structure utilized by A&M in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by A&M for restructuring, workout, bankruptcy, insolvency, and comparable matters, regardless of whether a fee application is required.  A&M strives to be efficient in the staffing of matters.  These rates and the rate structure reflect that such matters are typically national in scope and involve great complexity, high stakes, and severe time pressures—all of which were present in these chapter 11 cases.

35.     Moreover, A&M's hourly rates are set at a level designed to compensate A&M fairly for the work of its employees and to cover certain fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

36.     In sum, A&M respectfully submits that the professional services provided by A&M on behalf of the Debtors and their estates during these chapter 11 cases were necessary and appropriate given the complexity of these chapter 11 cases, the time expended by A&M, the nature and extent of A&M's services provided, the value of A&M's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code.  Accordingly, A&M respectfully submits that approval of the compensation sought herein is warranted and should be approved.

37.     No previous application for the relief sought herein has been made to this or any other Court.

## Reservation of Rights and Notice

38.     It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in the Fee Application.  A&M reserves the right to include such amounts in future fee applications.  In addition, the Debtors have provided notice of this Fee Application to: (a) the U.S. Trustee; (b) counsel to the agent of the EFIH First Lien DIP Facility; (c) counsel to the agent of the TCEH DIP Facility; (d) counsel to the Official Committees; and (e) the Fee Committee (collectively, the "Notice Parties").

39.     Pursuant to the Interim Compensation Order and the Fee Committee Order, (a) any Notice Party (other than the Fee Committee) that wishes to object to the Fee Application must file its objection with the Court, with a copy to Chambers and serve it on A&M and the Notice Parties so that it is **actually received** on or before **May 15, 2018 at 4:00 p.m. (Eastern Daylight Time)** and (b) any member of the Fee Committee that wishes to object to the Fee Application must comply with the procedures set forth in the Fee Committee Order and if such member wishes to object to the Fee Application after complying with such procedures, such member must file its objection with the Court, with a copy to Chambers and serve it on A&M and the Notice Parties.

## No Prior Request

40.     No prior application for the relief requested herein has been made to this or any other court.


*[Remainder of page intentionally left blank.]*

RLF1 19190123v.1

WHEREFORE, A&M respectfully requests that the Court enter an order (a) awarding A&M final compensation for professional services provided during the Fee Period in the amount of $29,108,072.37 and reimbursement of actual, reasonable and necessary expenses incurred in the Fee Period in the amount of $1,183,348.76; (b) authorizing and directing the Debtors to remit payment to A&M for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.

Date:   April 23, 2018
      Dallas, Texas

/s/ John L. Stuart
John L. Stuart
Managing Director
Alvarez & Marsal North America, LLC
2100 Ross Avenue, Suite 2100
Dallas, Texas 75201
Telephone:   (214) 438-8486

*Restructuring Advisors to the Debtors
and Debtors in Possession*

22