**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Hearing Date:  To Be Determined** |
|  | ) | **Objection Deadline: May 15, 2018 at 4:00 p.m.** |
|  | ) |  |

**FINAL FEE APPLICATION OF FILSINGER ENERGY PARTNERS AS ENERGY
CONSULTANTS TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
FROM APRIL 29, 2014 THROUGH AND INCLUDING MARCH 9, 2018**

| | |
|---|---|
| Name of Applicant: | Filsinger Energy Partners |
| Authorized to Provide Services to: | Energy Futures Holdings Corp., *et al.* Debtors and Debtors-in-Possession |
| Petition Date: | April 29, 2014 |
| Date of Retention [D.I. 2057]: | September 16, 2014 (Effective as of April 29, 2014) |
| Period for Which Compensation and Reimbursement is Sought in the Fee Application: | April 29, 2014 through March 9, 2018 |
| Amount of Final Compensation Sought as Actual, Reasonable, and Necessary: | $28,112,537.75 |

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

| Amount of Final Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $1,237,717.42 |
|---|---|
| Blended rate in this application for all timekeepers: | $529.32 per hour |

This is a **_final_** application.

The total time expended for final fee application preparation for the Fee Period is _de minimis_ and, as such, Filsinger Energy Partners is not requesting any compensation for such activity.

**Prior Interim Fee Applications and Adjustments:**

| Fee Period | Date (D.I.) | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|
| 1st Interim[2] 4/29/14 to 8/31/14 | 11/10/2014 (2733) | $3,798,436.00 | $192,989.61 | $3,736,612.00 | $191,972.15 |
| 2nd Interim[2] 9/1/14 to 12/31/14 | 2/16/2015 (3555) | $4,193,033.25 | $195,125.66 | $4,147,845.50 | $194,982.71 |
| 3rd Interim[2] 1/1/15 to 4/30/15 | 6/15/2015 (4768) | $4,850,141.25 | $213,956.56 | $4,850,141.25 | $213,939.61 |
| 4th Interim[2] 5/1/15 to 8/31/15 | 10/16/2015 (6493) | $4,747,724.00 | $212,781.66 | $4,744,855.00 | $212,781.66 |
| 5th Interim[2] 9/1/15 to 12/31/15 | 2/22/2016 (7911) | $3,507,023.50 | $145,320.24 | $3,506,663.50 | $145,320.24 |
| 6th Interim[2] 1/1/16 to 4/30/16 | 6/15/2016 (8715) | $2,360,115.00 | $120,687.80 | $2,360,115.00 | $120,402.85 |
| 7th Interim[2] 5/1/16 to 8/31/16 | 10/17/2016 (9830) | $4,351,369.50 | $152,291.11 | $4,351,369.50 | $152,291.11 |
| 8th Interim[2] 9/1/16 to 12/31/16 | 2/15/2017 (10841) | $371,041.50 | $5,946.09 | $371,041.50 | $5,946.09 |
| 9th Interim2 1/1/17 to 4/30/17 | 6/15/2017 (11359) | $32,734.50 | $44.00 | $32,734.50 | $44.00 |
| 10th Interim[2] 5/1/17 to 8/31/17 | 10/16/2017 (12067) | $11,160.00 | $37.00 | $11,160.00 | $37.00 |
| | | | | | |
| **TOTAL FEES AND EXPENSES APPROVED BY INTERIM ORDERS TO DATE:** | | | | **$28,112,537.75** | **$1,237,717.42** |

---

[2] Approved fees and expenses are lower than requested, reflecting agreed-upon reductions with the Fee Committee.

Total allowed compensation paid to date:      $28,112,537.75

Total allowed expenses paid to date:      $1,237,717.42

Number of professionals with time included in this application:      25

If applicable, number of professionals in this application not included in a staffing plan approved by the client: n/a

If applicable, difference between fees budgeted and compensation sought for this period:  n/a

Are any timekeeper's hourly rates higher than those charged and approved upon retention? Yes. One timekeeper's hourly rate increased due to promotion and it was approved in the Fourth Interim Fee Application.

<u>**Summary of Exhibits**</u>

1.      Included in this Final Fee Statement for Filsinger Energy Partners is a listing with titles and bill rates of all professionals who have provided services during this bankruptcy proceeding and is attached hereto as **<u>Exhibit A</u>**.

2.      To provide a meaningful summary of FEP's services rendered on behalf of the Debtors and their estates, FEP has established, in accordance with its internal billing procedures, certain subject project categories (each, a "<u>Project Category</u>") in connection with these chapter 11 cases. A schedule setting forth a description of the Project Categories utilized in this case, the number of hours expended by FEP consultants by Project Category, and the aggregate fees associated with each Project Category is attached hereto as **<u>Exhibit B</u>**.

3.      In the ordinary course of FEP's practice, FEP maintains a record of expenses incurred to render the professional services required by the Debtors and their estates and for which reimbursement is sought.  For the convenience of the Court and all parties in interest, attached hereto as **<u>Exhibit C</u>** is a summary, setting forth the total amount of reimbursement

3

sought with respect to each category of expenses for which FEP is seeking reimbursement.

4.      Attached here to as **<u>Exhibit D</u>** is a summary of all professionals by matter.

5.      FEP's computerized records of time expended providing professional services and details of expense reimbursement sought has previously been provided to the Debtor and their estates in the Interim Fee Applications filed in the Court by FEP.

**<u>Reasonable and Necessary Services Provided by FEP</u>**

6.      The foregoing professional services provided by FEP on behalf of the Debtors during the Fee Period were reasonable, necessary, and appropriate to the administration of these chapter 11 cases and related matters.

7.      The services were performed by consultants from FEP.  FEP is widely recognized for its energy industry expertise, including in the areas of due diligence, asset valuation, market forecasting, litigation support, risk management and independent engineering.  FEP's consultants have provided advisory services in numerous bankruptcy and restructuring cases, including those of Mirant, NRG, Calpine, and Entegra.  Overall, FEP brings a particularly high level of skill and expertise to these cases, which inured to the benefit of the Debtors and all stakeholders.

[*Remainder of page intentionally left blank.*]

WHEREFORE, FEP respectfully requests that the Court enter an order allowing and awarding FEP final compensation for professional services provided during the Fee Period.


Dated: April 23, 2018
      Denver, Colorado

                                */s/ Todd W. Filsinger*
                                Todd W. Filsinger
                                as Senior Managing Director
                                Filsinger Energy Partners


Filsinger Energy Partners
90 Madison St, Ste 600
Denver, CO 80206
Phone: 303-974-5884

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF TODD W. FILSINGER IN
SUPPORT OF THE FINAL FEE APPLICATION OF FILSINGER ENERGY
PARTNERS, ENERGY CONSULTANT FOR THE DEBTORS AND DEBTORS IN
POSSESSION FOR THE PERIOD OF
APRIL 29, 2014 THROUGH AND INCLUDING MARCH 9, 2018**

I, Todd W. Filsinger, being duly sworn, state the following under penalty of perjury:

1.      I am a senior managing director in the firm of Filsinger Energy Partners ("FEP"),[2] located at 90 Madison Street Suite 600, Denver, CO 80206.

2.      I have read the foregoing final fee application of FEP, energy consultant for the Debtors, for the Fee Period (the "Fee Application"). To the best of my knowledge, information and belief, the statements contained in the Fee Application are true and correct. In addition, I believe that the Fee Application complies with Local Bankruptcy Rule 2016-2.

3.      In connection therewith, I hereby certify that:

a)      to the best of my knowledge, information, and belief, formed after reasonable inquiry, the fees and disbursements sought in the Fee

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used, but not otherwise defined, herein shall have the same meanings as set forth in the Fee Application.

        Application are permissible under the relevant rules, court orders, and Bankruptcy Code provisions, except as specifically set forth herein;

b)      except to the extent disclosed in the Fee Application, the fees and disbursements sought in the Fee Application are billed at rates customarily employed by FEP in similar matters and generally accepted by FEP's clients. In addition, none of the professionals seeking compensation varied their hourly rate based on the geographic location of the Debtors' case;

c)      the Debtors reviewed and pre-approved the hourly rates disclosed in the Fee Application.

d)      in providing a reimbursable expense, FEP does not make a profit on that expense, whether the service is performed by FEP in-house or through a third party;

e)      in accordance with rule 2016(a) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 504, no agreement or understanding exists between FEP and any other person for the sharing of compensation to be received in connection with the above cases except as authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules; and

f)      All services for which compensation is sought were professional services on behalf of the Debtors and not on behalf of any other person.

*[Remainder of page intentionally left blank.]*

2

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: April 23, 2018                    Respectfully submitted,

                                         _____
                                         */s/ Todd W. Filsinger*
                                         Todd W. Filsinger
                                         as Senior Managing Director, of
                                         FILSINGER ENERGY PARTNERS

3