**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | Jointly Administered |
| | Objection Deadline: May 15, 2018 at 4:00 p.m.<br>Hearing Date: To Be Determined |

# FINAL FEE APPLICATION FOR COMPENSATION FOR SERVICES RENDERED OF DELOITTE & TOUCHE LLP AS INDEPENDENT AUDITOR TO THE DEBTORS AND DEBTORS-IN-POSSESSION FOR THE PERIOD OF APRIL 29, 2014 THROUGH MARCH 9, 2018

| | |
|---|---|
| Name of Applicant: | Deloitte & Touche LLP |
| Authorized to Provide Professional Services as: | Independent Auditor |
| Date of Retention: | Effective *Nunc Pro Tunc* to April 29, 2014 by Order Entered October 29, 2014 |
| Period for which Compensation and Reimbursement is Sought: | April 29, 2014 through March 9, 2018 |

| | | |
|---|---|---|
| Amount of Compensation Sought as Actual, Reasonable, and Necessary | $ | 23,557,941.50 |
| Less: 50% Non-Working Travel | $ | (102,237.50) |
| Less: Fee Committee Reduction | $ | (185,958.50) |
| Total Amount of Fees Requested | $ | 23,269,745.50 |
| Total Amount of Fees and Expense Reimbursement Sought as Actual, Reasonable and Necessary (100%): | **$** | **23,269,745.50** |

This is the Applicant's Final Fee Application.

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on a final basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

# PRIOR MONTHLY FEE STATEMENTS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Paid Fees | Paid Expenses |
|---|---|---|---|---|---|
| 12/19/14 | 4/29/2014 - 5/31/2014 | $ 319,177.75 | $ - | $ 319,177.75 | $ - |
| 12/19/14 | 6/1/2014 - 6/30/2014 | $ 393,154.75 | $ - | $ 393,154.75 | $ - |
| 12/19/14 | 7/1/2014 - 7/31/2014 | $ 818,719.50 | $ - | $ 818,719.50 | $ - |
| 12/19/14 | 8/1/2014 - 8/31/2014 | $ 541,447.50 | $ - | $ 541,447.50 | $ - |
| Fee Comm. Reduction Docket # 4774-1 | | $ (3,395.50) | | $ (3,395.50) | |
| 02/12/15 | 9/1/2014 - 9/30/2014 | $ 556,858.50 | $ - | $ 556,858.50 | $ - |
| 02/12/15 | 10/1/2014 - 10/31/2014 | $ 815,868.00 | $ - | $ 815,868.00 | $ - |
| 02/12/15 | 11/1/2014 - 11/30/2014 | $ 580,259.00 | $ - | $ 580,259.00 | $ - |
| 02/13/15 | 12/1/2014 - 12/31/2014 | $ 555,556.50 | $ - | $ 555,556.50 | $ - |
| Fee Comm. Reduction Docket # 4774-1 | | $ (32,881.50) | | $ (32,881.50) | |
| 06/15/15 | 1/1/2015 - 1/31/2015 | $ 1,054,669.00 | $ - | $ 1,054,669.00 | $ - |
| 06/24/15 | 2/1/2015 - 2/28/2015 | $ 1,376,001.00 | $ - | $ 1,376,001.00 | $ - |
| 07/06/15 | 3/1/2015 - 3/31/2015 | $ 1,451,762.00 | $ - | $ 1,451,762.00 | $ - |
| 07/06/15 | 4/1/2015 - 4/30/2015 | $ 460,311.00 | $ - | $ 460,311.00 | $ - |
| Fee Comm. Reduction Docket # 6548-1 | | $ (46,706.50) | | $ (46,706.50) | |
| 07/17/15 | 5/1/2015 - 5/31/2015 | $ 316,630.25 | $ - | $ 316,630.25 | $ - |
| 07/17/15 | 6/1/2015 - 6/30/2015 | $ 338,418.50 | $ - | $ 338,418.50 | $ - |
| 07/17/15 | 7/1/2015 - 7/31/2015 | $ 744,332.75 | $ - | $ 744,332.75 | $ - |
| 07/17/15 | 8/1/2015 - 8/31/2015 | $ 790,496.00 | $ - | $ 790,496.00 | $ - |
| Fee Comm. Reduction Docket # 7883 | | $ (12,952.50) | | $ (12,952.50) | |
| 01/28/16 | 9/1/2015 - 9/30/2015 | $ 682,435.00 | $ - | $ 682,435.00 | $ - |
| 03/25/16 | 10/1/2015 - 10/31/2015 | $ 1,161,801.75 | $ - | $ 1,161,801.75 | $ - |
| 03/25/16 | 11/1/2015 - 11/30/2015 | $ 867,390.00 | $ - | $ 867,390.00 | $ - |
| 03/25/16 | 12/1/2015 - 12/31/2015 | $ 662,807.50 | $ - | $ 662,807.50 | $ - |
| Fee Comm. Reduction Docket # 8824 | | $ (20,289.50) | | $ (20,289.50) | |
| 07/13/16 | 1/1/2016 - 1/31/2016 | $ 1,381,563.00 | $ - | $ 1,381,563.00 | $ - |
| 07/13/16 | 2/1/2016 - 2/29/2016 | $ 1,809,075.50 | $ - | $ 1,809,075.50 | $ - |
| 07/13/16 | 3/1/2016 - 3/31/2016 | $ 600,229.50 | $ - | $ 600,229.50 | $ - |
| 07/26/16 | 4/1/2016 - 4/30/2016 | $ 477,612.50 | $ - | $ 477,612.50 | $ - |
| Fee Comm. Reduction Docket # 11071 | | $ (18,387.50) | | $ (18,387.50) | |
| 09/21/16 | 5/1/2016 - 5/31/2016 | $ 579,997.50 | $ - | $ 579,997.50 | $ - |
| 09/21/16 | 6/1/2016 - 6/30/2016 | $ 583,140.00 | $ - | $ 583,140.00 | $ - |
| 10/05/16 | 7/1/2016 - 7/31/2016 | $ 591,540.00 | $ - | $ 591,540.00 | $ - |
| 10/12/16 | 8/1/2016 - 8/31/2016 | $ 875,337.25 | $ - | $ 875,337.25 | $ - |
| Fee Comm. Reduction Docket # 11071 | | $ (26,516.25) | | $ (26,516.25) | |
| 12/22/16 | 9/1/2016 - 10/3/2016 | $ 752,977.00 | $ - | $ 752,977.00 | $ - |
| 02/27/17 | 10/4/2016 - 10/31/2016 | $ 317,925.50 | $ - | $ 317,925.50 | $ - |
| 02/27/17 | 11/1/2016 - 11/30/2016 | $ 117,932.00 | $ - | $ 117,932.00 | $ - |
| 02/27/17 | 12/1/2016 - 12/31/2016 | $ 39,673.00 | $ - | $ 39,673.00 | $ - |
| Fee Comm. Reduction Docket # 11437 | | $ (16,351.25) | | $ (16,351.25) | |
| 03/02/17 | 1/1/2017 - 1/31/2017 | $ 93,225.50 | $ - | $ 74,580.40 | $ - |
| 05/25/17 | 2/1/2017 - 2/28/2017 | $ 59,291.50 | $ - | $ 47,433.20 | $ - |
| 06/09/17 | 3/1/2017 - 3/31/2017 | $ 217,996.00 | $ - | $ 174,396.80 | $ - |
| 06/13/17 | 4/1/2017 - 4/30/2017 | $ 34,470.50 | $ - | $ 27,576.40 | $ - |
| Fee Comm. Reduction Docket # 12632 | | $ (5,205.25) | | | |
| 07/12/17 | 5/1/2017 - 5/31/2017 | $ 10,533.00 | $ - | $ 8,426.40 | $ - |
| 07/31/17 | 6/1/2017 - 6/30/2017 | $ 5,098.00 | $ - | $ 4,078.40 | $ - |
| 10/13/17 | 7/1/2017 - 8/31/2017 | $ 25,511.50 | $ - | $ 20,409.20 | $ - |
| Fee Comm. Reduction Docket # 12632 | | $ (3,272.75) | | | |
| 01/19/18 | 9/1/2017 - 11/30/2017 | $ 286,162.00 | $ - | $ - | $ - |
| 01/22/18 | 12/1/2017 - 12/31/2017 | $ 31,125.50 | $ - | $ - | $ - |
| 04/02/18 | 1/1/2018 - 1/31/2018 | $ 48,471.00 | $ - | $ - | $ - |
| 04/05/18 | 2/1/2018 - 3/9/2018 | $ 28,720.50 | $ - | $ - | $ - |
| (a) Voluntary Reduction for 2014 Audit | | | | $ (622,715.50) | |
| (a) Voluntary Reduction for 2015 Audit | | | | $ (1,979,223.65) | |
| (b) Voluntary Reduction for 2016 Audit | | | | $ (281,671.73) | |
| (a) These 2014 and 2015 voluntary reductions were described in the Sixth Interim Fee Applications | | | | | |
| (b) The 2016 voluntary reduction is described in this Twelfth Interim Fee Application | | | | | |
| **TOTAL** | | **$ 23,269,745.50** | **$ -** | **$ 20,192,580.15** | **$ -** |

## PRIOR INTERIM FEE APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Paid Fees | | Paid Expenses |
|---|---|---|---|---|---|---|
| 11/26/14 | 4/29/2014 - 8/31/2014 | $ 2,072,499.50 | $ - | $ 2,072,499.50 | | $ - |
| 02/13/15 | 9/1/2014 - 12/31/2014 | $ 2,508,542.00 | $ - | $ 2,508,542.00 | | $ - |
| 07/20/15 | 1/1/2015 - 4/30/2015 | $ 4,342,743.00 | $ - | $ 4,342,743.00 | | $ - |
| 11/18/15 | 5/1/2015 - 8/31/2015 | $ 2,189,877.50 | $ - | $ 2,189,877.50 | | $ - |
| 03/28/16 | 9/1/2015 - 12/31/2015 | $ 3,374,434.25 | $ - | $ 3,374,434.25 | | $ - |
| 08/08/16 | 1/1/2016 - 4/30/2016 | $ 4,268,480.50 | $ - | $ 1,666,541.35 | * | $ - |
| 12/22/16 | 5/1/2016 - 8/31/2016 | $ 2,630,014.75 | $ - | $ 2,630,014.75 | | $ - |
| 03/17/17 | 9/1/2016 - 12/31/2016 | $ 1,228,507.50 | $ - | $ 1,228,507.50 | | $ - |
| 08/10/17 | 1/1/2017 - 4/30/2017 | $ 404,983.50 | $ - | $ 323,986.80 | | $ - |
| 10/23/17 | 5/1/2017 - 8/31/2017 | $ 41,142.50 | $ - | $ 32,914.00 | | $ - |
| 02/01/18 | 9/1/2017 - 12/31/2017 | $ 317,287.50 | $ - | $ - | | $ - |
| 04/12/18 | 1/1/2018 - 3/9/2018 | $ 77,191.50 | $ - | $ - | | $ - |
| ** Requested Fees | | $ (185,958.50) | | $ (177,480.50) | | |
| *The lower amount paid reflects the 2014 and 2015 voluntary reductions described in the Prior Monthly Fee Applications table above | | | | | | |
| ** Fee Committee Reductions | | | | | | |
| **TOTAL** | | **$ 23,269,745.50** | | **$ 20,192,580.15** | | **$ -** |

## SCHEDULE OF UNPAID AMOUNTS AS OF 4/23/2018

| Description | Amount |
|---|---|
| Requested Fees | $ 23,455,704.00 |
| Fee Committee Reductions | $ (185,958.50) |
| Cash Receipts as of 4/23 | $ (20,192,580.15) |
| Voluntary Reductions | $ (2,883,610.88) |
| Amount unpaid after giving effect to the voluntary reductions | **$ 193,554.47** |

**CUMULATIVE FEES BY CATEGORY SUMMARY**
For the Period of April 29, 2018 through March 9, 2018

| Categories | Hours | Fees |
|---|---|---|
| Bankruptcy Related Research Consultation and Transaction | 4,180.6 | $2,593,611.50 |
| Bankruptcy Related Services Regarding Sempra Transaction | 519.9 | $296,069.00 |
| Financial Statement Audit and Related Services | 86,483.2 | $20,025,155.50 |
| Non-Working Travel | 655.8 | $204,475.00 |
| Perform Market Research of Public Information in Accordance with Audit Standard No. 12 | 33.2 | $7,259.50 |
| Preparation of Fee Applications | 2,288.3 | $431,371.00 |
| **Fees Category Subtotal :** | **94,161.0** | **$23,557,941.50** |

| Adjustment | |
|---|---|
| Less 50% Non-Working Travel Deduction | ($102,237.50) |
| Less Fee Committee Reductions | ($185,958.50) |
| **Total** | **$23,269,745.50** |

**Average Hourly Rate:** **$247.13**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | Jointly Administered |
| | Objection Deadline: May 15, 2018 at 4:00 p.m.<br>Hearing Date: To be Determined |

**FINAL FEE APPLICATION FOR COMPENSATION FOR SERVICES RENDERED OF DELOITTE & TOUCHE LLP AS INDEPENDENT AUDITOR TO THE DEBTORS AND DEBTORS-IN-POSSESSION FOR THE PERIOD OF APRIL 29, 2014 THROUGH MARCH 9, 2018**

Deloitte & Touche LLP ("Deloitte & Touche" or "Applicant"), independent auditor to Energy Future Holdings Corp. and its debtor subsidiaries, as debtors and debtors in possession (collectively, the "Debtors") in these chapter 11 cases, hereby seeks allowance of compensation and reimbursement of expenses pursuant to sections 328 and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-2 of the Local Bankruptcy Rules of Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), for the period commencing April 29, 2014 through and including March 9, 2018 (the "Final Application Period").[2] In support of this final fee application (the "Application"), Deloitte & Touche respectfully represents as follows:

**JURISDICTION**

1. The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## STATUTORY BASIS

2. The statutory predicates for the relief requested herein are: (i) sections 328 and 330 of the Bankruptcy Code; (ii) Rule 2016 of the Bankruptcy Rules; (iii) Rule 2016-2 of the Local Bankruptcy Rules; and (iv) the Compensation Order (as defined below).

## BACKGROUND

3. On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Debtors' cases are being jointly administered for procedural purposes pursuant to Bankruptcy Rule 1015 (b).

5. On May 13, 2014, the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors [Docket No. 420].

6. On August 21, 2014, the Court signed the *Stipulation and Order Appointing a Fee Committee* [Docket No. 1896].

7. On September 16, 2014 the Court signed the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Compensation Order") [Docket No. 2066].

## RETENTION OF DELOITTE & TOUCHE

8. On May 29, 2014, the Debtors filed the *Application of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the Debtors to Retain and Employ Deloitte & Touche LLP as Independent Auditor Effective Nunc Pro Tunc to the Petition Date* (the "Retention Application") [Docket No.656].

9. On October 29, 2014, this Court approved the Retention Application and Deloitte & Touche's retention as independent auditor to the Debtors *nunc pro tunc* to the Petition Date [Docket No. 2617].

**RELIEF REQUESTED**

10. By this Application, Deloitte & Touche seeks final allowance and compensation of its reasonable and necessary fees incurred in the amount of $23,269.745.50. Deloitte & Touche has not requested reimbursement for expenses in this Application. Deloitte & Touche submits this Application in accordance with the Compensation Order. All services for which Deloitte & Touche requests compensation were performed for the Debtors.

**RETAINER**

11. As of the Petition Date, Deloitte & Touche held a retainer balance from the Debtor in the amount of $178,000.00. Deloitte & Touche applied this retainer to billings for services rendered in January 2015.

**BASIS FOR RELIEF**

12. This is the final fee application filed by Deloitte & Touche in these cases. In connection with the professional services rendered, by this Application, Deloitte & Touche seeks final allowance of fees in the amount of $23,269,745.50 representing 100% of fees incurred during the Final Application Period

13. A detailed statement of hours spent rendering professional services to the Debtors, in support of Deloitte & Touche's request for compensation for fees incurred during the Application Period, is attached hereto as Exhibit A. Exhibit A (i) identifies the professionals and paraprofessionals that rendered services in each project category; (ii) sets forth the number of hours spent by each individual providing the services; and (iii) the hourly rate for services and individuals. As described in the Retention Application, hourly rates vary by level of personnel and by the nature of the services. Also attached hereto is Exhibit B which identifies the aggregate hours incurred during the Final Application Period by person. Detailed time entries were previously attached to Deloitte & Touche's prior interim fee applications and are not attached hereto for the sake of brevity, rather they are incorporated herein by reference.

14. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the

amount of fees requested is fair and reasonable given: (i) the complexity of these cases; (ii) the time expended; (iii) the nature and extent of the services rendered; (iv) the value of such services; and (v) the costs of comparable services other than in a case under the Bankruptcy Code.

**DESCRIPTION OF SERVICES RENDERED**

15. Deloitte & Touche provides below an overview of the services it rendered as independent auditor to the Debtors during the Final Application Period. Detailed descriptions of these services, the amount of fees incurred, and the amount of hours spent providing services throughout the Final Application Period are also provided in the attached Exhibit or in the prior interim fee applications.

16. Deloitte & Touche performed services for the Debtors in the following areas throughout the Final Application Period:

- Applicant performed certain procedures in order to maintain an understanding of the Chapter 11 process, the Debtors' plans in order to evaluate the potential implications to the Debtors' presentation, and disclosure within the financial statements. This included reading the Chapter 11 filing and petition process, inquiring of the Debtors' personnel regarding the bankruptcy pleadings, evaluating accounting and disclosure requirements relative to the Chapter 11 status, and inquiring of internal restructuring and accounting specialists concerning the Chapter 11 accounting framework and required disclosures.
- In connection with performing various annual audits, substantive testing of specific account balances and internal controls over financial reporting were executed in accordance with the defined audit plans. This included substantive testing on the Debtors' account balances. There were also procedures performed to test the activity recorded to the general ledger through journal entry analysis and selecting entries for detail testing. This included, risk assessment procedures, establishing scoping and materiality, planning of tests of internal controls and substantive testing and certain related testing procedures. The procedures also included interim reviews of the financial statements filed on Form 10-Q and preparation of related communications to those charged with governance.

- Applicant performed reporting procedures related to testing the consolidation of the Debtors' account balances and the consolidated financial statements, testing of unique transactions that required separate financial statement presentation or disclosure, and research of U.S. Securities and Exchange Commission filing and disclosure requirements.
- Applicant performed planning procedures related to scoping of the financial statements to assess the level of risk associated with a specific account balance, defining audit procedures to address defined risks, allocating resources to audit areas, and developing a timeline for execution of audit procedures. The planning activities also include documentation of the aforementioned audit plans, engagement quality review procedures, continuing audit reevaluation of the plan when significant changes occurred in the environment at the Debtors' or in professional standards.
- Applicant performed internal control procedures to understand the internal control environment and control structure of the Debtors' organization. This process included evaluating the design of internal controls, which includes both manual process and systematic controls, and involved the use of information technology specialists in evaluating the systematic controls. These procedures also included evaluation of the Debtors' adoption of the 2013 internal control framework commonly referred to as "COSO".
- Applicant also performed substantive testing of "year-end" balances.
- In connection with Sempra Energy's planned financing transactions associated with consummation of the Debtors' plan of reorganization, Applicant performed procedures in order to issue consents to allow Applicant's audit report on the EFH 2016 financial statements to be included or incorporated in Sempra Energy securities filings and performed procedures related to comfort letters issued to the underwriters. Management of the Debtors has informed the Applicant that Sempra Energy has agreed to reimburse the Debtors for the fees of the Applicant associated with the Sempra Energy financing transactions.
- Staff for the Applicant prepared its monthly fee statements and interim fee applications.

**ALLOWANCE OF COMPENSATION**

17. Compensation Sought. Because of the benefits realized by the Debtors, the nature of services provided, the amount of work done, the time consumed and the skill required, Deloitte & Touche respectfully requests that it be allowed, on a final basis, compensation for the professional services rendered during the Application Period in the sum of $23,269,745.50.

18. Reimbursement of Expenses. Deloitte & Touche does not request reimbursement for any expenses in this Application.

19. No agreement or understanding exists between Deloitte & Touche and any other nonaffiliated or unrelated person or persons for the sharing of compensation received or to be received for professional services rendered in or in connection with these cases.

**CERTIFICATE OF COMPLIANCE AND WAIVER**

20. Finally, the undersigned representative of Deloitte & Touche certifies that Deloitte & Touche has reviewed the requirements of Rule 2016-2 of the Local Bankruptcy Rules and that the Application substantially complies with that Local Bankruptcy Rule. To the extent that the Application does not comply in all respects with the requirements of Local Bankruptcy Rule 2016-2 Deloitte & Touche believes that such deviations are not material and respectfully requests that any such requirement be waived.

WHEREFORE, Deloitte & Touche respectfully requests that the Court: (i) grant it final allowance of compensation for professional services rendered to the Debtors during the Final Application Period in the amount of $23,269,745.50 which represents 100% of the total compensation for professional services rendered during the Final Application, and (ii) grant such other and further relief as is just and proper.

DATED: April 23, 2018

Respectfully submitted,

DELOITTE & TOUCHE LLP

By: /s/ Thomas Kilkenny
Thomas Kilkenny – Partner
2200 Ross Avenue, Suite 1600
Dallas, Texas 75201
Telephone: (214) 812-7603

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | Case No. 14-10979 (CSS) |
| Debtors. | Jointly Administered |

**DECLARATION OF THOMAS KILKENNY**

STATE OF TEXAS:

COUNTY OF DALLAS:

Thomas Kilkenny deposes and says:

1. I am a Partner in the applicant firm, Deloitte & Touche LLP.

2. I have personally led, as the engagement partner, the professional services rendered Debtors by Deloitte & Touche LLP, as their independent auditor, and am familiar with all work performed on behalf of the Debtors by the employees and partners/principals of my firm.

3. I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information, and belief.

SUSAN MANESS
OFFICIAL NOTARY PUBLIC
COMMISSION EXPIRES
04-20-2019

/s/ Thomas Kilkenny
Thomas Kilkenny

**SWORN TO AND SUBSCRIBED** before me this 19 day of April, 2018.

/s/ Susan Maness

Notary Public, State of Texas
My Commission Expires: 4-20-19