**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
|  | Hearing Date: TBD |
|  | Objections Due: May 14, 2018 |

**FINAL FEE APPLICATION OF ALIXPARTNERS, LLP AS RESTRUCTURING ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM NOVEMBER 20, 2014 THROUGH MARCH 9, 2018**

| | |
|---|---|
| Name of Applicant: | AlixPartners, LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | January 12, 2015 *nunc pro tunc* to November 20, 2014 |
| Period for which final compensation and reimbursement are sought: | November 20, 2014 through March 9, 2018 |
| Amount of final compensation sought as actual, reasonable and necessary: | $3,155,346.65 |
| Amount of final expense reimbursement sought as actual, reasonable and necessary: | $388,448.66 |
| Blended rate in this application for all timekeepers: | $698.85 |

This is a ***final*** application

---

[1] The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

## Prior Interim Filings

| | Interim Fee Period ("IFP") | PRIOR INTERIM FEE APPLICATIONS & ADJUSTMENTS | | | | | |
|---|---|---|---|---|---|---|---|
| | | Requested | | Approved | | | |
| Date and Docket No. | | Fees | Expenses | Fees | Expenses | Paid Fees | Paid Expenses |
| *02/17/2015 [Docket No. 3570] | 11/20/2014-12/31/2014 | $ 379,108.50 | $ 36,146.71 | $ 359,359.85 | $ 33,275.25 | $ 359,359.85 | $ 33,275.25 |
| *06/15/2015 [Docket No. 4761] | 01/01/2015-04/30/2015 | $ 1,257,388.75 | $ 178,597.72 | $ 1,200,376.19 | $ 177,822.72 | $ 1,200,376.19 | $ 177,822.72 |
| *10/16/2015 [Docket No. 6512] | 05/01/2015-08/31/2015 | $ 423,608.25 | $ 76,329.09 | $ 408,562.25 | $ 76,329.09 | $ 408,562.25 | $ 76,329.09 |
| *02/16/2016 [Docket No. 7854] | 09/01/2015-12/31/2015 | $ 1,118,835.50 | $ 101,021.60 | $ 1,118,083.86 | $ 101,021.60 | $ 1,118,083.86 | $ 101,021.60 |
| *06/15/2016 [Docket No. 8717] | 01/01/2016-04/30/2016 | $ 19,202.00 | $ - | $ 19,202.00 | $ - | $ 18,697.00 | $ - |
| 10/17/2016 [Docket No. 9828] | 05/01/2016-08/31/2016 | $ 11,285.00 | $ - | $ 11,285.00 | $ - | $ 11,285.00 | $ - |
| 2/15/2017 [Docket No. 10829] | 09/01/2016-12/31/2016 | $ 8,174.00 | $ - | $ 8,174.00 | $ - | | $ - |
| 07/12/2017 [Docket No. 11466] | 01/01/2017-04/30/2017 | $ 14,478.50 | $ - | $ 14,478.50 | $ - | $ 9,562.80 | $ - |
| 10/16/2017 [Docket No. 12060] | 05/01/2017-08/31/2017 | $ 9,432.50 | $ - | $ 9,432.50 | $ - | | $ - |
| 02/15/2018 [Docket No. 12646] | 09/01/2017-12/31/2017 | $ 4,574.50 | $ - | $ 4,574.50 | $ - | $ - | $ - |
| 04/19/2018 [Docket No. 12978] | 01/01/2018-03/09/2018 | $ 1,818.00 | $ - | $ 1,818.00 | $ - | $ - | $ - |
| | Totals: | $ 3,247,905.50 | $ 392,095.12 | $ 3,155,346.65 | $ 388,448.66 | $ 3,125,926.95 | $ 388,448.66 |

*Payment amounts approved and received for these periods are due to deductions agreed upon between AlixPartners and the Fee Committee.

Total allowed compensation paid to date:    $3,125,926.95

Total allowed expenses paid to date:    $388,448.66

Number of professionals with time included in this application: 16

If applicable, number of professionals in this application not included in a staffing plan approved by the client:  N/A

If applicable, difference between fees budgeted and compensation sought for this period: N/A

Are any timekeeper's hourly rates higher than those charged and approved upon retention? Yes

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>Hearing Date: TBD<br>Objections Due: May 14, 2018 |

**FINAL FEE APPLICATION OF ALIXPARTNERS, LLP AS RESTRUCTURING ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM NOVEMBER 20, 2014 THROUGH MARCH 9, 2018**

AlixPartners, LLP ("AlixPartners") hereby files its Final Fee Application (the "Application") as Restructuring Advisor to the Official Committee of Unsecured Creditors for Services Rendered and Reimbursement of Expenses for the period from November 20, 2014 through March 9, 2018 (the "Final Compensation Period"), pursuant to §§ 330 and 331 of Title 11 of the United States Code (the "Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In furtherance of this Application, AlixPartners respectfully represents as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and the submission of this Application in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

2

2.  The legal predicates for the relief requested herein are Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016 and Local Rule 2016-2.

3.  AlixPartners consents to this Court's authority to enter final orders on this matter.

**Background**

4.  On April 29, 2014(the "Petition Date"), the Debtors commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continued to manage and operate its business as Debtors in possession pursuant to Bankruptcy Code §§ 1107 and 1108.

5.  By this Court's Order dated January 12, 2015, and effective *nunc pro tunc* to November 20, 2014 (the "Retention Order"), AlixPartners shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the representation of the Committee in the EFH Debtors' chapter 11 cases in compliance with section 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules and any other applicable procedures and order of the Court.

6.  On February 27, 2018, the Court entered the *Order confirming the First Amended Joint Plan of Reorganization of Energy Future Holding Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12763] [Docket No. 12801] (the "EFH Confirmation Order"), pursuant to which the Bankruptcy Court approved and confirmed the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp. Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code*, dated February 15, 2018 [D.I. 12653] (the "Plan").

7.  The effective date of the Plan occurred on March 9, 2018 (the "Effective Date").

8.  Throughout the Final Compensation Period, AlixPartners performed the services as restructuring advisor to the Official Committee of Unsecured Creditors (the "Committee"). AlixPartners has received no payment and no promise of payment from any source, other than the Debtors, for services rendered in connection with the matters covered in the Application. There is no agreement or understanding between AlixPartners and any other entity for the sharing of

3

compensation received or to be received for services rendered in or in connection with this case, and no compensation previously received has been shared.

9.  The amounts for which AlixPartners seeks this Court's approval are 100% of both the fees earned and expenses incurred related to AlixPartners' role as restructuring advisor to the Committee. The summary of fees by professional for the Final Compensation Period are provided below as **Schedule 1**. The summary of fees by category of services rendered for Final Compensation Period are provided below as **Schedule 2.** The summary of expenses by category for the Final Compensation Period are provided below as **Schedule 3.** The List of Professionals by Matter for the Final Compensation Period is provided below as **Schedule 4**.

10. The Plan provides that all final requests for payment of Professional Fee Claims must be filed by April 23, 2018. Objections, if any, to the Final Fee Applications of such Professionals must be filed and served on counsel to the Debtors, the U.S. Trustee, and the requesting party no later than twenty-one (21) calendar days after the filing of the Final Fee Applications for compensation or reimbursement.

**Relief Requested**

11. AlixPartners hereby requests final approval of 100% of its fees earned in the amount of $3,155,346.65 and 100% of its expenses incurred, $388,448.66 with respect to this Final Compensation Period for a total of $3,543,795.31, of which $3,514,375.61 has been paid by the Debtors, and authorization for the Debtors to make payment to AlixPartners in the amount of $29,419.01, representing the unpaid fees and expenses requested in this Application.

**Summary of Professional Services Rendered**

12. During the Final Compensation Period, AlixPartners provided complex and intricate services to the Committee. AlixPartners has advised the EFH Committee on a regular basis with respect to numerous matters in connection with these chapter 11 cases and performed all necessary professional services. To provide an orderly and meaningful summary of the services rendered by

AlixPartners on behalf of the Committee during the Final Compensation Period, AlixPartners has established separate task codes in connection with these chapter 11 cases.

13. Rather than reiterate the work performed by AlixPartners during the multi-year length of these cases, AlixPartners incorporates the narratives included in each of its interim fee applications by reference. *See* Docket Nos. 3570, 6512, 7854, 8717, 9828, 10829,11466, 12060, 12646, 12978.

### Rate Changes

14. Certain timekeepers' hourly rates changed since AlixPartners' retention in these chapter 11 cases. The chart below outlines when the rate changes occurred and the updated rates. These rate changes occurred as a result of AlixPartners' annual revisions to its billing rates on January 1 of each year. In this matter, AlixPartners and the Committee agreed that AlixPartners' maximum rates for each personnel level, as disclosed in the Retention Application and the Engagement Letter between the parties would remain the same. All of the changes to rates reflected in the chart below remain within the range agreed upon for each personnel level.

| Timekeeper | 2014 | 2015 | 2016 | 2017 | 2018 |
|---|---|---|---|---|---|
| Alan Holtz | $990.00 | $1,010.00 | N/A | N/A | N/A |
| James A. Mesterharm | 990.00 | 1010.00 | N/A | N/A | N/A |
| Robert D. Albergotti | 715.00 | 745.00 | N/A | N/A | N/A |
| Mercedes Arango | 715.00 | 745.00 | N/A | N/A | N/A |
| Adam Z. Hollerbach | 540.00 | 695.00 | 720.00 | 745.00 | N/A |
| Mark F. Rule | 715.00 | 745.00 | N/A | N/A | N/A |
| Lowell Thomas | 490.00 | 510.00 | N/A | N/A | N/A |

### Legal Standard

15. Under section 330(a) of the Code, the Court may grant approval of payments of reasonable compensation for actual and necessary services rendered by retained professionals based on the nature, extent and value of the services rendered, time spent on such services and the cost of comparable services other than in a bankruptcy case. The Court may also grant approval of payments of reimbursement for actual, necessary expenses incurred by such professionals in connection with their retention.

16. Section 331 of the Code provides for compensation of professionals and incorporates the substantive standards of section 330 of the Code to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 of the Code provides that a court may award a professional employed under section 327 of the Code "reasonable compensation for actual, necessary services rendered ... and reimbursement for actual, necessary expenses." Id. § 330(a)(1)(A)-(B).

17. Section 330 of the Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded … the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id*. § 330(a)(3).

### Notice

18. This Application has been served in accordance with the Compensation Order. Any objections to this Statement must be in writing and filed with the Court and served upon AlixPartners so as to be received no later than 4:00 p.m. on May 14, 2018 (the "Objection Deadline"). If no objections to this Statement are submitted by the Objection Deadline, AlixPartners is authorized to

receive 100 percent of the fees and expenses requested in this Application pursuant to the terms of the Compensation Order.

### Conclusion

19. In accordance with section 330 of the Bankruptcy Code and the factors enumerated therein, it is respectfully submitted that the amount of fees and expenses requested by AlixPartners is for actual and necessary services rendered in this chapter 11 case and that such amount is fair and reasonable given (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a bankruptcy case. Further, such services were necessary to the administration of this chapter 11 case, were beneficial toward their completion, and did not duplicate the efforts of other professionals in these chapter 11 cases.

20. AlixPartners does not waive, and expressly reserves, its rights to respond to any objections, if any, respecting this Application and the amounts sought for AlixPartners' work in these chapter 11 cases.

21. AlixPartners respectfully submits that it has reviewed Local Rule 2016-1 and that this Application substantially satisfies the requirements set forth therein and seeks a waiver of any such requirements not complied with herein.

22. AlixPartners hereby requests final approval of 100% of its fees earned in the amount of $3,155,346.65 and 100% of its expenses incurred, $388,448.66 with respect to this Final Compensation Period for a total of $3,543,795.31, of which $3,514,375.61 has been paid by the Debtors, and authorization for the Debtors to make payment to AlixPartners in the amount of $29,419.01, representing the unpaid fees and expenses requested in this Application, and grant such other relief as the Court deems just and proper.

Dated: April 23, 2018    By: */s/ Alan D. Holtz*
                             Name: Alan D. Holtz
                             Title: Managing Director, AlixPartners, LLP

# SCHEDULE 1

List of Professionals for the Period of November 20, 2014 through March 9, 2018

| Name of Professional | Description of Function | 2014 Hourly Rates | 2015 Hourly Rates | 2016 Hourly Rates | 2017 Hourly Rates | Total Compensation |
|---|---|---|---|---|---|---|
| Alan Holtz | Managing Director | $990.00 | $1,010.00 | $1,010.00 | $1,010.00 | $ 405,528.00 |
| James A. Mesterharm | Managing Director | $990.00 | $1,010.00 | | | $ 28,037.00 |
| Robert D. Albergotti | Director | $715.00 | $ 745.00 | | | $ 309,610.50 |
| Mercedes Arango | Director | $715.00 | $ 745.00 | | | $ 215,967.00 |
| Marc J. Brown | Director | | $ 800.00 | | | $ 21,440.00 |
| Adam Z. Hollerbach | Director | $540.00 | $ 695.00 | $ 720.00 | $ 745.00 | $1,061,968.00 |
| Jeffrey W. Kopa | Director | | $ 695.00 | | | $ 2,432.50 |
| Jon M. Labovitz | Director | | $ 695.00 | | | $ 4,517.50 |
| Mark F. Rule | Director | $715.00 | $ 745.00 | | | $ 748,633.00 |
| Matthew Rogers | Director | $715.00 | | | | $ 117,232.00 |
| Christopher Rubel | Director | | $ 695.00 | | | $ 22,031.50 |
| Lowell Thomas | Director | $490.00 | $ 510.00 | | | $ 194,404.00 |
| Kimberly K. Chisholm | Vice-President | | $ 510.00 | | | $ 89,811.00 |
| Kurt H. Wessel | Vice-President | | $ 510.00 | | | $ 36,720.00 |
| Hsiang-Yun (Sherry) Chen | Associate | $370.00 | | | | $ 1,480.00 |
| Thomas D. Pesch | Associate | | $ 350.00 | | | $ 52,640.00 |
| | | | | **Sub-total** | | **$ 3,312,452.00** |
| | | | | **Less: 50% Travel** | | **$ (64,546.50)** |
| | | | | **Total** | | **$ 3,247,905.50** |

## SCHEDULE 2

Compensation by Project Category for the Period of November 20, 2014 through March 9, 2018

| Project Code | Description | Hours | Compensation |
|---|---|---|---|
| 9021.00100 | Engagement Planning | 60.6 | $46,449.00 |
| 9021.00105 | Business Analysis | 360.6 | 240,161.00 |
| 9021.00110 | Cash Management | 49.9 | 31,368.50 |
| 9021.00120 | Current Financials | 163.7 | 98,578.00 |
| 9021.00130 | Employee Issues | 125.3 | 73,869.50 |
| 9021.00135 | Tax Issues | 88.4 | 80,437.50 |
| 9021.00140 | Asset Sales | 4.0 | 3,437.50 |
| 9021.00145 | Intercompany Analysis | 183.9 | 128,520.00 |
| 9021.00150 | Shared Services | 60.7 | 36,447.50 |
| 9021.00155 | Claims Analysis | 300.2 | 205,859.00 |
| 9021.00160 | Recovery Analysis | 14.6 | 11,344.50 |
| 9021.00165 | Plan of Reorganization | 117.2 | 85,771.00 |
| 9021.00170 | Miscellaneous Motions | 26.2 | 18,871.50 |
| 9021.00175 | Potential Litigation: Other | 815.8 | 575,172.50 |
| 9021.00176 | Historial Cash Flow Analysis | 68.5 | 50,985.00 |
| 9021.00178 | Potential Litigation: Solvency/Valuation | 1,313.1 | 891,812.50 |
| 9021.00180 | Potential Litigation: Refinancings | 145.2 | 108,828.00 |
| 9021.00190 | UCC Meetings | 261.4 | 208,556.00 |
| 9021.00197 | Fee Applications and Retention | 396.7 | 286,890.50 |
| 9021.00198 | Non-Working Travel (50%) | 91.5 | 64,546.50 |
| **Total Compensation** | | 4,647.5 | **$3,247,905.50** |

## SCHEDULE 3

### Expense Summary for the Period November 20, 2014 through March 9, 2018

| Expense Categories | Nov. 2014 | Dec. 2014 | Jan. 2015 | Feb. 2015 | Mar. 2015 | Apr. 2015 | May 2015 | June 2015 | July 2015 | Aug. 2015 | Sept. 2015 | Oct. 2015 | Nov. 2015 | Dec. 2015 | Totals |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Coach Airfare | $ - | $ 10,152.20 | $ 3,813.03 | $ 1,770.10 | $ 4,922.56 | $ 225.01 | $ 1,485.13 | $ - | $ - | $ 1,731.94 | $ - | $ 3,724.14 | $ 1,370.27 | $ - | $ 29,194.38 |
| Airfare Service Charge | $ - | $ 214.50 | $ 129.75 | $ 65.00 | $ 74.00 | $ - | $ - | $ - | $ - | $ 47.00 | $ - | $ - | $ - | $ - | $ 530.25 |
| Cab Fare/Ground Transportation | $ - | $ 1,488.60 | $ 1,332.97 | $ 908.15 | $ 1,230.59 | $ 263.91 | $ 119.21 | $ - | $ - | $ 275.37 | $ - | $ 955.09 | $ 567.00 | $ 317.35 | $ 7,458.24 |
| Conference Calls | $ - | $ - | $ 28.18 | $ 15.38 | $ 20.10 | $ 6.43 | $ 38.93 | $ 8.41 | $ 1.05 | $ - | $ - | $ - | $ - | $ - | $ 118.48 |
| Copy Costs (Outside Source) | $ - | $ 19.30 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 19.30 |
| Phone - Internet Access | $ - | $ 84.88 | $ 87.80 | $ 7.98 | $ 39.95 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 220.61 |
| Lodging | $ - | $ 7,852.25 | $ 3,478.31 | $ 1,869.72 | $ 4,020.72 | $ 1,400.66 | $ 807.94 | $ - | $ - | $ - | $ - | $ 500.00 | $ 2,168.69 | $ - | $ 22,098.29 |
| Meals & Tips | $ 6.21 | $ 865.27 | $ 344.80 | $ 619.04 | $ 299.68 | $ 155.02 | $ 97.75 | $ - | $ - | $ 20.56 | $ - | $ 686.26 | $ 248.36 | $ 438.74 | $ 3,781.69 |
| Mileage | $ 355.60 | $ - | $ - | $ 21.85 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 377.45 |
| Postage/Messenger/Courier | $ - | $ - | $ - | $ - | $ - | $ 25.03 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 25.03 |
| Parking & Tolls | $ - | $ 94.90 | $ - | $ 96.00 | $ 116.00 | $ 116.00 | $ 70.00 | $ - | $ - | $ 29.00 | $ - | $ 25.00 | $ - | $ - | $ 546.90 |
| Public Transportation | $ - | $ - | $ 20.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 20.00 |
| Train | $ - | $ 14.50 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 14.50 |
| Sub-Contractors | $ - | $ 14,998.50 | $ 29,403.00 | $ 11,632.50 | $ 36,135.00 | $ 73,903.50 | $ 32,868.00 | $ - | $ 29,224.85 | $ 9,504.00 | $ 4,653.00 | $ 43,213.50 | $ - | $ 47,025.00 | $ 332,560.85 |
| Credit | | | | | | | | | | | $ (4,870.80) | $ - | $ - | $ - | $ (4,870.80) |
| **GRAND TOTAL** | $ 361.81 | $35,784.90 | $38,637.84 | $ 17,005.72 | $46,858.60 | $ 76,095.56 | $35,486.96 | $ 8.41 | $ 29,225.90 | $ 11,607.87 | $ (217.80) | $49,103.99 | $ 4,354.32 | $ 47,781.09 | $ 392,095.17 |

**6**

# SCHEDULE 4

List of Professionals by Matter for the Period November 20, 2014 through March 9, 2018

| Engagement Planning | Business Analysis | Cash Management |
|---|---|---|
| Mark F. Rule | James A. Mesterharm | Alan Holtz |
| James A. Mesterharm | Alan Holtz | Robert D. Albergotti |
| Alan Holtz | Robert D. Albergotti | Adam Z. Hollerbach |
| Robert D. Albergotti | Adam Z. Hollerbach | Lowell Thomas |
| Adam Z. Hollerbach | Lowell Thomas | |
| Mercedes Arango | Matthew Rogers | |
| Lowell Thomas | | |
| Matthew Rogers | | |

| Current Financials | Employee Issues | Tax Issues |
|---|---|---|
| Alan Holtz | Alan Holtz | Mark F. Rule |
| Robert D. Albergotti | Robert D. Albergotti | Alan Holtz |
| Adam Z. Hollerbach | Adam Z. Hollerbach | Robert D. Albergotti |
| Lowell Thomas | Lowell Thomas | Adam Z. Hollerbach |
| | | Lowell Thomas |
| | | Matthew Rogers |

| Asset Sales | Intercompany Analysis | Shared Services |
|---|---|---|
| Alan Holtz | Mark F. Rule | Robert D. Albergotti |
| Robert D. Albergotti | Alan Holtz | Adam Z. Hollerbach |
| | Robert D. Albergotti | |
| | Adam Z. Hollerbach | |
| | Mercedes Arango | |
| | Lowell Thomas | |
| | Matthew Rogers | |
| | Hsiang-Yun Chen | |

| Claims Analysis | Recovery Analysis | Plan of Reorganization |
|---|---|---|
| James A. Mesterharm | Alan Holtz | James A. Mesterharm |
| Robert D. Albergotti | Lowell Thomas | Robert D. Albergotti |
| Adam Z. Hollerbach | | Adam Z. Hollerbach |
| Lowell Thomas | | Lowell Thomas |

| Miscellaneous Motions | Potential Litigation: Other | Historical Cash Flow Analysis |
|---|---|---|
| Mark F. Rule | Mark F. Rule | Alan Holtz |
| Alan Holtz | James A. Mesterharm | Mercedes Arango |
| Robert D. Albergotti | Alan Holtz | |
| Adam Z. Hollerbach | Robert D. Albergotti | |
| Lowell Thomas | Adam Z. Hollerbach | |
| | Mercedes Arango | |
| | Jon M. Labovitz | |
| | Matthew Rogers | |
| | Kurt H. Wessel | |
| | Thomas D. Pesch | |

**SCHEDULE 4 (cont'd)**

List of Professionals by Matter for the Period November 20, 2014 through March 9, 2018

| Potential Litigation: Solvency/Valuation | | Potential Litigation: Refinancings | | UCC Meetings |
|---|---|---|---|---|
| Mark F. Rule | | Alan Holtz | | Mark F. Rule |
| Alan Holtz | | Mercedes Arango | | James A. Mesterharm |
| Jeffrey W. Kopa | | | | Alan Holtz |
| Adam Z. Hollerbach | | | | Robert D. Albergotti |
| Mercedes Arango | | | | Adam Z. Hollerbach |
| Marc J. Brown | | | | Mercedes Arango |
| Christopher Rubel | | | | Lowell Thomas |
| Matthew Rogers | | | | Matthew Rogers |
| Kimberly K. Chisholm | | | | |
| Thomas D. Pesch | | | | |
| | | | | |
| **Fee Applications and Retention** | | **Non-Working Travel (50%)** | | |
| James A. Mesterharm | | Mark F. Rule | | |
| Alan Holtz | | James A. Mesterharm | | |
| Robert D. Albergotti | | Alan Holtz | | |
| Adam Z. Hollerbach | | Robert D. Albergotti | | |
| Lowell Thomas | | Adam Z. Hollerbach | | |
| | | Lowell Thomas | | |
| | | Matthew Rogers | | |