# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) | (Jointly Administered) |
| | ) ) ) | **Objection Deadline: May 15, 2018 at 4:00 p.m.** <br> **Hearing Date: To be determined.** |

**FINAL FEE APPLICATION OF GREENBERG TRAURIG, LLP, AS SPECIAL COUNSEL FOR CERTAIN ENERGY-RELATED TRANSACTIONAL MATTERS FOR THE DEBTORS AND DEBTORS-IN-POSSESSION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM NOVEMBER 2, 2015 THROUGH AND INCLUDING JULY 31, 2017**

Name of Applicant: Greenberg Traurig, LLP

Authorized to Provide Professional Services to: Energy Future Holdings Corp., *et al.*

Date of Retention: December 15, 2015, *nunc pro tunc* to November 2, 2015

Period for which compensation and reimbursement is sought: November 2, 2015 through and including July 31, 2017

Amount of final compensation sought as actual, reasonable, and necessary: $ 676,614.50[2]

Amount of final expense reimbursement sought as actual, reasonable, and necessary: $ 7,060.39

Blended rate in this application for all attorneys: $692.28 per hour

Blended rate in this application for all timekeepers: $681.38 per hour

This is a ***final*** application.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] In accordance with its previous interim fee requests, Greenberg requested approval of fees totaling $678,382.50, which included a voluntary fee reduction in the amount of $50,156.00. After the filing of its first, second and third interim fee applications, Greenberg agreed to additional reductions with the fee committee totaling $1,768.00.

RLF1 19191002v.1

| **PRIOR INTERIM FEE APPLICATIONS & ADJUSTMENTS:** | | | | | |
|---|---|---|---|---|---|
| | | Requested | | Approved | |
| Date [D.I.] | Interim Fee Period ("IFP") | Fees | Expenses | Fees | Expenses |
| 03/29/2016 D.I. 8098 | First IFP 11/02/2015 – 12/31/2015 | $115,966.00 | $3,536.76 | $115,626.00 | $3,536.76 |
| 09/14/2016 D.I. 9539 | Second IFP 01/01/2016 – 04/30/2016 | $271,299.00 | $1,821.02 | $270,704.00 | $1,821.02 |
| 06/15/2017 D.I. 11355 | Third IFP 05/01/2016 – 08/31/2016 | $169,319.50 | $1,702.31 | $168,486.50 | $1,702.31 |
| 06/15/2017 D.I. 11356 | Fourth IFP 09/01/2016 – 12/31/2016 | $80,463.00 | $0.00 | $80,463.00 | $0.00 |
| 04/23/2018 D.I. 13011 | Fifth IFP 01/01/2017 – 07/31/2017 | $41,335.00 | $0.00 | Pending | Pending |
| **Total fees and expenses approved by interim orders to date:** | | | | $635,279.50 | $7,060.09 |

_____

Total allowed compensation paid to date:           $660,787.00

Total allowed expenses paid to date:           $7,060.39

Number of professionals with time included in this application: 11

2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) **Objection Deadline: May 15, 2018 at 4:00 p.m.** |
| | ) **Hearing Date: To be determined.** |

**FINAL FEE APPLICATION OF GREENBERG TRAURIG, LLP,
AS SPECIAL COUNSEL FOR CERTAIN ENERGY-RELATED TRANSACTIONAL
MATTERS FOR THE DEBTORS AND DEBTORS-IN-POSSESSION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM
NOVEMBER 2, 2015 THROUGH AND INCLUDING JULY 31, 2017**

Greenberg Traurig, LLP ("Greenberg"), special counsel for the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for certain energy-related transactional matters, hereby submits its *Final Fee Application of Greenberg Traurig, LLP, as Special Counsel for Certain Energy-Related Transactional Matters for the Debtors and Debtors-In-Possession, for the Period from November 2, 2015 Through and Including July 31, 2017* (the "Fee Application") seeking final award of fees in the amount of $676,614.50 and expenses in the amount of $7,060.39 for the period from November 2, 2015 through and including July 31, 2017 (the "Fee Period"). In support of this Fee Application, Greenberg submits the declaration of Iskender H. Catto, a shareholder at Greenberg, which is attached hereto as **Exhibit A** and incorporated by reference. In further support of this Fee Application, Greenberg respectfully states as follows.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

**Jurisdiction**

1. The United States Bankruptcy Court for the Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 2016 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 2066] (the "Interim Compensation Order"), and the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896], as amended on February 1, 2018 [D.I. 12552] (the "Fee Committee Order").

**Background**

4. On April 29, 2014, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On June 5, 2014, the Court entered an order [D.I. 849] authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No entity has requested the appointment of a trustee or examiner in these chapter 11 cases. On May 13, 2014, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [D.I. 420].

5. A description of the Debtors' businesses, the reasons for commencing the chapter 11 cases, and the relief sought from the Court to allow for a smooth transition into chapter 11 are set forth in the *Declaration of Paul Keglevic, Executive Vice President, Chief Financial Officer, and Co-Chief Restructuring Officer of Energy Future Holdings Corp., et al., in Support of First Day Motions*, filed on April 29, 2014 [D.I. 98] and incorporated herein by reference.

6. On September 16, 2014, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

7. Given the size and complexity of these chapter 11 cases, the U.S. Trustee, the Debtors, and the Committee agreed to recommend that the Court appoint a fee committee to review and report, as appropriate, on interim and final fee applications filed by all of the Debtors' retained professionals in accordance with 11 U.S.C. §§ 328, 330, and 331 of the Bankruptcy Code and the Interim Compensation Order (the "Fee Committee").  On August 21, 2014, the Court entered the Fee Committee Order, appointing the Fee Committee and establishing procedures governing the Fee Committee's review of the Debtors' retained professionals' applications for compensation and the resolution of any concerns raised during such review.  On October 3, 2014, the Fee Committee distributed an initial memorandum regarding guidelines for expense reimbursements to those professionals retained in these chapter 11 cases (the "Fee Committee Guidelines").  Greenberg reviewed the Fee Committee Guidelines on or about November 1, 2015 and at various points thereafter.  Greenberg believes that the relief requested herein complies with those guidelines.

**Preliminary Statement**

8. During the Fee Period, Greenberg represented both EFH Corp. and debtor Texas Competitive Electric Holdings Company, LLC and its debtor subsidiaries (collectively, the

3

"TCEH Debtors") professionally and diligently, advising them on a variety of complex matters and issues, as a result of which the Debtors took action to maximize the value of their estates for the benefit of all parties in interest.

9. Specifically, Greenberg rendered services to EFH Corp. and the TCEH Debtors as requested and as necessary and appropriate in furtherance of the Debtors' restructuring efforts. The variety and complexity of the issues in these chapter 11 cases and the need to act or respond to issues on an expedited basis in furtherance of EFH Corp.'s and the TCEH Debtors' and the Debtors' needs required the expenditure of substantial time by Greenberg personnel from multiple legal disciplines on an as-needed basis. Greenberg diligently and expeditiously represented EFH Corp. and the TCEH Debtors in connection with their energy-related transactional needs, including, but not limited to, energy trading issues and claims administration. As a result of Greenberg's efforts, EFH Corp. and the TCEH Debtors were able to, *inter alia*, implement and continue successful trading strategies, successfully negotiate more favorable terms with existing contract counterparties, negotiate new contracts with counterparties, resolve counterparties' claims arising out of prepetition hedging and trading arrangements, and successfully confirm plans of reorganization.

**The Debtors' Retention of Greenberg**

10. On December 15, 2015, the Court entered the *Order Authorizing the Debtors to Retain and Employ Greenberg Traurig, LLP as Special Counsel for Certain Energy-Related Transactional Matters, Effective Nunc Pro Tunc to November 2, 2015* [D.I. 7352] (the "Retention Order"), attached hereto as **Exhibit B** and incorporated by reference. The Retention Order authorizes the Debtors to compensate and reimburse Greenberg in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the Interim Compensation Order. The Retention Order also authorizes the Debtors to compensate Greenberg

4

at Greenberg's hourly rates charged for services of this type and to reimburse Greenberg for Greenberg's actual and necessary out-of-pocket expenses incurred, subject to application to this Court. The particular terms of Greenberg's engagement are detailed in the engagement letter by and between Greenberg and Energy Future Holdings Corp. and its debtor affiliates, including without limitation, Luminant Energy Company LLC, Luminant Holding Company LLC and Luminant Generation Company LLC, attached hereto as **Exhibit C** (the "Engagement Letter").

11. The Retention Order authorizes Greenberg to provide legal services and advice with respect to, but not limited to, the following:

    a. energy trading issues;

    b. fuel transportation and storage issues;

    c. power plant operations;

    d. contract disputes;

    e. negotiations; and

    f. claims resolution.

**Disinterestedness of Greenberg**

12. To the best of the Debtors' knowledge and as disclosed in the *Declaration of Iskender H. Catto in Support of the Application of Energy Future Holdings Corp, et al., for an Order Authorizing the Debtors to Retain and Employ Greenberg Traurig, LLP as Special Counsel for Certain Energy-Related Transactional Matters, Effective Nunc Pro Tunc to November 2, 2015* [D.I. 7157] (the "Catto Retention Declaration"), (a) Greenberg is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (b) Greenberg has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Catto Retention

Declaration.

13. Greenberg may have in the past represented, may currently represent, and likely in the future will represent parties in interest in connection with matters unrelated to the Debtors in these chapter 11 cases. In the Catto Retention Declaration, Greenberg disclosed its connections to parties in interest that it has been able to ascertain using its reasonable efforts. Greenberg will update the Catto Retention Declaration, if Greenberg becomes aware of relevant and material new information.

14. Greenberg performed the services for which it is seeking compensation on behalf of EFH Corp. and the TCEH Debtors and their estates, and not on behalf of any committee, creditor, or other entity.

15. Greenberg has received no payment and no promises for payment from any source other than the Debtors for services provided or to be provided in any capacity whatsoever in connection with these chapter 11 cases.

16. Pursuant to Bankruptcy Rule 2016(b), Greenberg has not shared, nor has Greenberg agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel, and associates of Greenberg or (b) any compensation another person or party has received or may receive.

**Summary of Compliance with Interim Compensation Order and Fee Committee Order**

17. This Fee Application has been prepared in accordance with the Interim Compensation Order and the Fee Committee Order.

18. Greenberg seeks final award for professional services rendered to EFH Corp. and the TCEH Debtors during the Fee Period in the amount of $676,614.50 and expenses incurred in the amount of $7,060.39. During the Fee Period, Greenberg attorneys, paraprofessionals, and other professionals expended a total of 995.60 hours for which compensation is requested.

6

19. As of the date hereof, Greenberg has received certain payments under the Interim Compensation Order and the Fee Committee Order. Greenberg has submitted Monthly Fee statements (as defined in the Interim Compensation Order) for the Fee Period for each month, seeking payment of (a) 80% of fees incurred by EFH Corp. and the TCEH Debtors for reasonable and necessary services provided by Greenberg, and (b) 100% of the actual and necessary expenses incurred by Greenberg in connection with the services provided to EFH Corp. and the TCEH Debtors for each month. To date, in accordance with the Interim Compensation Order, Greenberg has received payment of fees and expenses in the aggregate amount of $667,847.39 for the Fee Period.

20. Accordingly, by this Fee Application, and to the extent such amounts have not been paid by the time of the hearing on this Fee Application, Greenberg seeks payment of all amounts outstanding, totaling $15,827.50, which represents the aggregate amount of unpaid fees and expenses incurred between November 2, 2015 and July 31, 2017.

21. This application contains all the information necessary for the Court to approve on a final basis the final fee request contained herein.

22. Greenberg Traurig believes that this Fee Application complies with the requirements of Del.Bankr.LR 2016-2.

**Fees and Expenses Incurred During Fee Period**

**A.     Customary Billing Disclosures**.

23. Greenberg's hourly rates are set at a level designed to compensate Greenberg fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. The hourly rates and corresponding rate structure utilized by Greenberg in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by Greenberg for other restructuring and energy-related matters, whether in court or otherwise, regardless of whether a

7

fee application is required. Ryan A. Wagner's rate was initially $580 at the inception of the engagement and subsequently increased to $595 starting in January 2016 consistent with standard practices. Brian Wheaton's rate was initially $375 at the inception of the engagement and subsequently increased to $450 starting in January 2016 consistent with standard practices. The Debtors were notified and approved of these rate changes. The rates and rate structure utilized by Greenberg reflect that such energy-related transactional and restructuring matters typically are national in scope and typically involve great complexity, high stakes, and severe time pressures.

**B.     Fees Incurred During Fee Period**

24.    In the ordinary course of Greenberg's practice, Greenberg maintains computerized records of the time expended to render the professional services required by the Debtors and their estates. For the convenience of the Court and all parties in interest, attached hereto as **Exhibit D** is a summary of fees incurred and hours expended during the Fee Period, setting forth the following information:

- the name of each attorney and paraprofessional for whose work on these chapter 11 cases compensation is sought;

- each attorney's year of bar admission and area of practice concentration;

- the aggregate time expended and fees billed by each attorney and each paraprofessional during the Fee Period;

- the hourly billing rate for each attorney and each paraprofessional at Greenberg's current billing rates;

- the hourly billing rate for each attorney and each paraprofessional as disclosed in the Fee Application;

- the number of rate increases since the inception of the case; and

- a calculation of total compensation requested using the rates disclosed in the *Application of Energy Future Holdings Corp, et al., for an Order Authorizing the*

8

> *Debtors to Retain and Employ Greenberg Traurig, LLP as Special Counsel for Certain Energy-Related Transactional Matters, Effective Nunc Pro Tunc to November 2, 2015* [D.I. 7157] (the "Greenberg Retention Application").

**C.    Expenses Incurred During Fee Period**

25.    In the ordinary course of Greenberg's practice, Greenberg maintains a record of expenses incurred in the rendition of the professional services required by the Debtors and their estates and for which reimbursement is sought. Consistent with the Local Bankruptcy Rules, Greenberg charges no more than $0.10 per page for standard duplication services in these chapter 11 cases. Greenberg does not charge its clients for incoming facsimile transmissions.

26.    For the convenience of the Court and all parties in interest, attached hereto as **Exhibit E** is a summary for the Fee Period, setting forth the total amount of reimbursement sought with respect to each category of expenses for which Greenberg is seeking reimbursement.

### Proposed Payment Allocation

27.    In accordance with paragraph 2(b) of the Interim Compensation Order, Greenberg proposes the following allocation of the fees and expenses sought in this Application among (a) EFH Corp., and (b) the TCEH Debtors:

| **Collective Benefit Fees: $683,674.89** | |
|---|---|
| **(comprised of $676,614.50 in fees and $7,060.39 in expenses)** | |
| **Debtor(s)** | **Amount Sought to be Paid** |
| EFH Corp. | $60,851.00 |
| TCEH Debtors | $622,823.89 |
| *Grand Total:* | **$683,674.89** |

### Summary of Legal Services Rendered During the Fee Period

28.    As discussed above, during the Fee Period, Greenberg provided extensive and important professional services to both EFH Corp. and the TCEH Debtors in connection with

9

these chapter 11 cases.  These services were often performed under severe time constraints and were necessary to address a multitude of critical issues both unique to these chapter 11 cases and typically faced by large corporate debtors in similar cases of this magnitude and complexity.

29. To provide a meaningful summary of Greenberg's services provided on behalf of the Debtors and their estates, Greenberg has established, in accordance with its internal billing procedures, certain subject task categories (each, a "Task Category") in connection with these chapter 11 cases.

30. The following is a summary, by Task Category, of the most significant professional services provided by Greenberg during the Fee Period.  This summary is organized in accordance with Greenberg's internal system of task numbers.  The detailed descriptions demonstrate that Greenberg was heavily involved in performing services for EFH Corp. and the TCEH Debtors to meet their needs and the needs of the estates in these chapter 11 cases.  A schedule setting forth the number of hours expended by Greenberg shareholders, associates and paraprofessionals by matter, and the aggregate fees associated with each matter during the Fee Period is attached hereto as **Exhibit F**.

31. In addition, Greenberg's computerized records of time expended providing services to EFH Corp. and the TCEH Debtors and their estates during the Fee Period are attached hereto as **Exhibit G**.

    **(a)    Fee/Employment Application [Task Code No. B.800.813]**

    Total Fees:    $52,438.00
    Total Hours:   105.10

32. During the Fee Period, Greenberg prepared its retention application and Catto declaration in support thereof, reviewed conflict check results, prepared monthly fee statements for the months of November 2015 through and including July 2017, and prepared its first,

10

second, third, and fourth interim fee applications, and coordinated the filing of the same. In addition, Greenberg reviewed certificates of no objection with respect to its monthly fee statements and coordinated the filing of the same.

    **(b)**    **Utility Matters [Task Code No. B.800.837]**

    Total Fees: $4,658.00
    Total Hours: 9.80

33. This task category includes time spent by Greenberg attorneys conducting research regarding lessor liability upon the rejection, termination or expiration of an equipment lease and with respect to the rights of the lessee under a rejected lease.

    **(c)**    **Energy Trading [Task Code No. EFH. ET]**

    Total Fees:    $620,632.00
    Total Hours:    879.60

34. Greenberg played a central role in advising EFH Corp. and the TCEH Debtors with respect to their energy trading issues throughout the Fee Period. For example, Greenberg attorneys regularly participated on conference calls and negotiated with counterparties, advised EFH Corp. and the TCEH Debtors with respect to safe harbor, termination, and automatic stay issues, and negotiated and drafted counterparty liquidation agreements and stipulations and related settlement motions resolving counterparty claims. In addition, Greenberg attorneys regularly reviewed and revised draft fuel, power, liquidation and trading agreements on behalf of the TCEH Debtors.

35. Through meetings, telephonic conferences, research, analysis and negotiations, Greenberg attorneys assisted EFH Corp. and the TCEH Debtors in implementing successful business strategies in their negotiations with counterparties and their trading activities. Greenberg's services during the Fee Period enabled EFH Corp. and the TCEH Debtors to function as a coordinated group and enabled EFH Corp. and the TCEH Debtors to implement

multiple energy trading strategies as they navigated the various complexities of these chapter 11 cases.

**Actual and Necessary Expenses Incurred by Greenberg**

36.    Greenberg expended $7,060.39 during the Fee Period on behalf of EFH Corp. and the TCEH Debtors.  These charges are intended to reimburse Greenberg's direct operating costs, which are not incorporated into the Greenberg hourly billing rates.  Greenberg charges external copying and computer research at the provider's cost without markup.  Only clients who actually use services of the types set forth in **Exhibit H** of this Fee Application are separately charged for such services.  The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services.

**Reasonable and Necessary Services Provided by Greenberg**

**A.    Reasonable and Necessary Fees Incurred in Providing Services to EFH Corp. and the TCEH Debtors.**

37.    The foregoing professional services provided by Greenberg on behalf of EFH Corp. and the TCEH Debtors during the Fee Period were reasonable, necessary, and appropriate to the administration of these chapter 11 cases and related matters.

38.    With respect to its energy practice, Greenberg's attorneys have experience restructuring trading and marketing activities and negotiating and litigating energy-related claims.  Additionally, they have handled the negotiation of numerous long and short-term power sales agreements, established a revised hedging program, negotiated trading agreements, and addressed a wide variety of commercial transactions and other matters.  They have provided counsel with respect to the commercial operations of power-generating companies and have advised clients in complex and extensive negotiations involving regulatory agencies as well as in

connection with the creation and implementation of energy programs, including transmission, storage and purchase enabling agreements, and fuel cost hedging instruments.

39. In addition, due to the facts and circumstances of these chapter 11 cases, attorneys from Greenberg's Restructuring & Bankruptcy Group were involved with Greenberg's representation of EFH Corp. and the TCEH Debtors. Overall, Greenberg brings to these chapter 11 cases a particularly high level of skill and knowledge, which inured to the benefit of EFH Corp., the TCEH Debtors, and all stakeholders. During the Fee Period, Greenberg voluntarily reduced its fees by $50,156.00. Consequently, Greenberg does not seek payment of such fees in the Fee Application.

### Greenberg's Requested Compensation and Reimbursement Should be Allowed

40. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (a) the time spent on such services;
>
> (b) the rates charged for such services;
>
> (c) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

13

>    (d)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
>    (e)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*11 U.S.C. § 330(a)(3).*

41.     Greenberg respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to EFH Corp. and the TCEH Debtors and their estates and were rendered to protect and preserve the Debtors' estates. Greenberg further believes that it performed the services for EFH Corp. and the TCEH Debtors economically, effectively, and efficiently, and the results obtained benefited not only EFH Corp. and the TCEH Debtors, but also the Debtors' estates and the Debtors' constituents. Greenberg further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

42.     During the Fee Period, 995.60 hours were expended by Greenberg's shareholders, associates, and other professionals in providing the requested professional services. Greenberg has made every effort to coordinate its efforts with those of the Debtors' bankruptcy counsel to avoid any duplication of efforts. The number of hours spent by Greenberg is commensurate with the defined tasks Greenberg has performed and continues to perform on the matters described herein.

43.     During the Fee Period, Greenberg's hourly billing rates for attorneys ranged from $375 to $1,050. The hourly rates and corresponding rate structure utilized by Greenberg in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by Greenberg for restructuring, workout, bankruptcy, insolvency, and comparable matters, and

14

similar complex energy-related transactional matters, whether in court or otherwise, regardless of whether a fee application is required. Greenberg strives to be efficient in the staffing of matters. These rates and the rate structure reflect that such matters are typically national in scope and involve great complexity, high stakes, and severe time pressures — all of which were present in these chapter 11 cases.

44. Moreover, Greenberg's hourly rates are set at a level designed to compensate Greenberg fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

45. As detailed above, the services Greenberg provided to EFH Corp. and the TCEH Debtors have conferred substantial benefit on the Debtors' estates. In providing these services, Greenberg has allowed Debtors' bankruptcy counsel to focus on issues more closely related to the reorganization of the Debtors' operations.

46. Greenberg represents and can demonstrate to this Court that the services were performed in a reasonable amount of time, given the complexity of the issues involved and the many and varied legal issues facing EFH Corp. and the TCEH Debtors. Greenberg's detailed and thorough time records can demonstrate that the time expended on various tasks was necessary and appropriate to the vigorous representation of EFH Corp. and the TCEH Debtors. From the earliest stages of Greenberg's involvement, attempts were made to limit the hours worked, and to avoid duplication of services and other unnecessary costs. Greenberg professionals frequently provided services on behalf of EFH Corp. and the TCEH Debtors under severe time constraints.

47. Greenberg relies on the Court's experience and knowledge with respect to the compensation awards in similar cases. Given that frame of reference, Greenberg submits that, in light of the circumstances of the case and the substantial benefits derived from Greenberg's assistance, compensation in the amount requested is fair and reasonable.

48. In sum, Greenberg respectfully submits that the professional services provided by Greenberg on behalf of EFH Corp. and the TCEH Debtors and their estates during the Fee Period in these chapter 11 cases were necessary and appropriate given the complexity of these chapter 11 cases, the time expended by Greenberg, the nature and extent of Greenberg's services provided, the value of Greenberg's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code. Accordingly, based on the factors to be considered under sections 330 and 331 of the Bankruptcy Code, the results Greenberg has achieved to date more than justify allowance in full of Greenberg's compensation and reimbursement request.

## Reservation of Rights and Notice

49. The Debtors have provided notice of this Fee Application to: (a) the U.S. Trustee; (b) counsel to the agent of the EFIH First Lien DIP Facility; (c) counsel to the agent of the TCEH DIP Facility; (d) counsel to the Creditors' Committee; and (e) the Fee Committee (collectively, the "Notice Parties").

50. Pursuant to the Interim Compensation Order and the Fee Committee Order, (a) any Notice Party (other than the Fee Committee) that wishes to object to the Fee Application must file its objection with the Court, with a copy to Chambers and serve it on Greenberg and the Notice Parties so that it is **actually received** on or before May 15, 2018 at 4:00 p.m. (**Eastern Daylight Time**) and (b) any member of the Fee Committee that wishes to object to the Fee

Application must comply with the procedures set forth in the Fee Committee Order and if such member wishes to object to the Fee Application after complying with such procedures, such member must file its objection with the Court, with a copy to Chambers and serve it on Greenberg and the Notice Parties.

## No Prior Request

51. No prior application for the relief requested herein has been made to this or any other Court.

WHEREFORE, Greenberg respectfully requests that the Court enter an order (a) approving a final award of fees in the amount of $676,614.50 and expenses in the amount of $7,060.39 for a total award in the amount of $683,674.89 to Greenberg; (b) authorizing the Debtors to pay the final fee awards; and (c) granting such other relief as this Court deems fair.

Dated: April 23, 2018
    New York, New York

*/s/ Iskender H. Catto*
Iskender H. Catto
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166
Telephone:   (212) 801-9200
Facsimile:    (212) 801-6400
Email:  cattoi@gtlaw.com

*Special Counsel to the Debtors
and Debtors in Possession*