# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS | ) Case No. 14-10979 (CSS) |
| CORP., *et al.*, | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |

### SUMMARY COVER SHEET TO THE FINAL FEE APPLICATION OF SHAW FISHMAN GLANTZ & TOWBIN LLC AS SPECIAL DELAWARE COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD AUGUST 14, 2017 THROUGH AND INCLUDING MARCH 9, 2018

| | |
|---|---|
| Name of Applicant: | Shaw Fishman Glantz & Towbin LLC |
| Authorized to Provide Professional Services to: | Energy Future Holdings Corp., *et. al.* Debtors and Debtors in Possession |
| Date of Retention: | *Nunc Pro Tunc* to August 14, 2017 |
| Period for which compensation and reimbursement is sought: | August 14, 2017 through March 9, 2018 |
| Amount of final compensation sought as actual, reasonable, and necessary: | $31,877.00 |
| Amount of final expense reimbursement sought as actual, reasonable, and necessary: | $282.89 |
| Blended rate in this application for all attorneys: | 454.71 |
| Blended rate in this application for all timekeepers: | 431.94 |

This is a *final* application.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

The total time expended for the final fee application preparation for the Fee Period is approximately 14 hours and the corresponding compensation requested is approximately $4,060.

Shaw Fishman has not submitted any interim fee applications for any fee periods.

| Prior Monthly Fee Statements | | | | | |
|---|---|---|---|---|---|
| | | Requested | | Approved | |
| Date Filed [D.I.] | Monthly Fee Period | Fees | Expenses | Fees | Expenses |
| 11/08/2017 [D.I. 12200] | First Monthly Fee Statement (8/14/2017 – 8/31/2017) | $4,752.00 | $0.00 | $4,752.00 | $0.00 |
| 2/1/2018 [D.I. 12553] | Second Monthly Fee Statement (9/1/2017 – 9/30/2017) | $15,268.50 | $17.25 | $15,268.50 | $17.25 |
| 2/1/2018 [D.I. 12554] | Third Monthly Fee Statement (10/1/2017 – 10/31/2017) | $3,127.50 | $18.11 | $3,127.50 | $18.11 |
| 2/1/2018 [D.I. 12555] | Fourth Monthly Fee Statement (11/1/2017 – 11/30/2017) | $2,075.50 | $222.83 | $2,075.50 | $222.83 |
| 2/1/2018 [D.I. 12555] | Fifth Monthly Fee Statement (12/1/2017 – 12/31/2017) | $2,029.50 | $0.00 | $2,029.50 | $0.00 |
| 3/20/2018 [D.I. 12387] | Sixth Monthly Fee Statement (1/1/2018 – 2/28/2018) | $3,818.00 | $24.70 | $3,818.00 | $24.70 |
| 4/23/2018 [D.I. ] | Seventh Monthly Fee Statement (3/1/2018 – 3/9/2018) | $806.00 | $0.00 | $806.00 *Pending* | $0.00 *Pending* |
| TOTAL: | | $31,877.00 | $282.89 | $31,877.00[2] | $282.89 |

---

[2] The totals in the approved columns include those amounts requested but which remain pending arising from the Seventh Monthly Fee Statement.

| | |
|---|---|
| Total allowed compensation paid to date: | $21,802.40[3] |
| Total allowed expenses paid to date: | $258.19[4] |
| Number of professionals with time included in this application: | 3 |
| If applicable, number of professionals in this application not included in a staffing plan approved by the client: | N/A |
| If applicable, difference between fees budgeted and compensation sought for this period. | N/A |
| Are any timekeeper's hourly rates higher than those charged and approved upon retention? | Yes[5] |

---

[3] This amount consists of payments of 80% of the fees incurred by the Debtors in connection with Shaw Fishman's Monthly Fee Statements from August 2017, September 2017, October 2017, November 2017 and December 2017. Shaw Fishman has not yet received payment in connection with its Sixth Monthly Fee Statement. Also, the Objection Deadline for Shaw Fishman's Seventh Monthly Fee Statement has not yet passed.

[4] This amount consists of payments of 100% of the expenses incurred by the Debtors in connection with Shaw Fishman's Monthly Fee Statements from August 2017, September 2017, October 2017, November 2017 and December 2017. Shaw Fishman has not yet received payment in connection with its Sixth Monthly Fee Statement. Also, the Objection Deadline for Shaw Fishman's Seventh Monthly Fee Statement has not yet passed.

[5] Shaw Fishman adjusts its hourly rates on January 1 of each year. To the extent a timekeeper worked on these cases over a period of years, such timekeeper would have individual rates higher than those initially approved at retention.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS | ) Case No. 14-10979 (CSS) |
| CORP., *et al.*, | ) |
| Debtors.[6] | ) (Jointly Administered) |
| | ) |

### FINAL FEE APPLICATION OF SHAW FISHMAN GLANTZ & TOWBIN LLC AS SPECIAL DELAWARE COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD AUGUST 14, 2017 THROUGH MARCH 9, 2018

Shaw Fishman Glantz & Towbin LLC ("Shaw Fishman"), special Delaware counsel to the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submits its final fee application (the "Final Fee Application") for final allowance of compensation for professional services provided in the amount of $31,877.00 and reimbursement of actual and necessary expenses in the amount of $282.89 that Shaw Fishman incurred for the period from August 14, 2017 through March 9, 2018 (the "Fee Period"). In support of this Final Fee Application, Shaw Fishman submits the Declaration of Thomas M. Horan, a member of Shaw Fishman, which is attached hereto as **Exhibit A** and incorporated by this reference. In further support of this Final Fee Application, Shaw Fishman respectfully states as follows:

### JURISDICTION

1.     This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This Final Fee Application is a core proceeding under 28 U.S.C. § 157(b)(2).

---

[6] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

2.    Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3.    The bases for the relief requested in this Final Fee Application are sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 2016-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 2066] (the "Interim Compensation Order"), and the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order").

## BACKGROUND

4.    On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered an order for joint administration of these chapter 11 cases. The Court has not appointed a trustee or examiner in these chapter 11 cases.

5.    On May 13, 2014, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors representing the interests of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") in these chapter 11 cases on May 13, 2014 [D.I. 420], and an official committee of unsecured creditors representing the interests of Energy Future Holdings Corp. ("EFH"), Energy

Future Intermediate Holding Company, LLC ("EFIH"), EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570].

6.     On September 16, 2014, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all retained professionals in the above-captioned chapter 11 cases.

7.     On August 21, 2014, the Court entered the Fee Committee Order, appointing a fee committee (the "Fee Committee") to review and report, as appropriate, on interim and final fee applications filed by the Debtors' retained professionals in accordance with sections 328, 330, and 331 of the Bankruptcy Code and the Interim Compensation Order and establishing the procedures governing the Fee Committee's review of the Debtors' retained professionals applications for compensation and the resolution of any concerns raised during such review. The Fee Committee distributed an initial memorandum dated October 3, 2014 regarding guidelines for expense reimbursements to those professionals retained in the Chapter 11 Cases, and a memorandum dated March 12, 2018 covering guidelines for a final fee application.

8.     On October 24, 2014, the Court entered the *Order Authorizing the Debtors to Retain And Employ Richards, Layton & Finger, P.A. as Co-Counsel Effective* Nunc Pro Tunc *To the Petition Date* [D.I. 2539], authorizing the Debtors to retain Richards, Layton & Finger, P.A. ("RLF") as co-counsel and authorizing RLF to provide Delaware law expertise and to act as Delaware counsel.

9.     On January 13, 2015, the Court entered the *Order Approving the Employment of Stevens & Lee, P.C. as Counsel to Energy Future Intermediate Holding Company LLC Under Sections 327(e) and 1107(b) of the Bankruptcy Code, Effective* Nunc Pro Tunc *to November 26,*

*2014* [D.I. 3278], authorizing EFIH to employ Stevens & Lee, P.C. ("Stevens & Lee") as independent counsel to advise and represent EFIH in connection with certain conflict matters.

10.      On January 13, 2015, the Court entered the *Order Authorizing the Retention and Employment of O'Kelly Ernst & Bielli, LLC as Co- Counsel for Debtor and Debtor in Possession Energy Future Holdings Corp. Effective* Nunc Pro Tunc *to November 19, 2014* [D.I. 3280], authorizing EFH to retain O'Kelly Ernst & Bielli, LLC ("OEB") as its attorneys to render professional services to EFH's disinterested directors in connection with certain conflict matters. On October 1, 2015, a *Notice of Substitution of Counsel* [D.I. 6253] was filed, whereby Bielli & Klauder, LLC was substituted in as co-counsel for EFH in place of OEB. On November 12, 2015, the Court entered the *Order Authorizing the Retention and Employment of Bielli & Klauder, LLC as Co-Counsel for Debtor and Debtor in Possession Energy Future Holdings Corp. Effective* Nunc Pro Tunc *to October 1, 2015* [D.I. 6963], authorizing EFH to retain Bielli & Klauder ("B&K") as a replacement for OEB.

11.      On July 29, 2016, NextEra Energy, Inc. ("NEE"), Merger Sub, EFH; and EFIH entered into an Agreement and Plan of Merger (as amended, the "NEE Merger Agreement"). The NEE Merger Agreement contemplated the payment of a termination fee that would be payable under certain circumstances (the "Termination Fee").  On September 19, 2016, the Court entered the *Order (A) Authorizing Entry into Merger Agreement, (B) Approving Termination Fee, and (C) Authorizing Entry into and Performance Under Plan Support Agreement* [D.I. 9584] authorizing the Debtors' entry into the NEE Merger Agreement and approving the Termination Fee.

12.      On February 17, 2017, the Court entered the *Order Confirming the Eighth Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to*

*Chapter 11 of the Bankruptcy Code as it Applies to the EFH Debtors and EFIH Debtors* (the "NEE Plan").

13.     However, the restructuring transactions contemplated by the NEE Plan were not approved by the Public Utility Commission of Texas. On June 6, 2017, EFH and EFIH delivered a notice terminating the NEE Merger Agreement and, on July 11, 2017, the EFH/EFIH Debtors filed the *Notice That the NextEra Plan and NextEra Plan Confirmation Order Have Been Rendered Null and Void* [D.I. 11446].

14.     On July 29, 2017, Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership filed a *Motion to Reconsider in Part the September 19, 2016 Order [Dkt. No. 9584] Approving the NextEra Termination Fee* [D.I. 11636] (the "Elliott Motion").

15.     On July 31, 2017, NextEra filed the Application of NextEra Energy, Inc. for Payment of Administrative Claim [D.I. 11649] (the "NEE Application").

**THE DEBTORS' RETENTION OF SHAW FISHMAN**

16.     On August 3, 2017, the EFH and EFIH filed a complaint against NEE (the "NEE Adversary Proceeding," and together with the Elliott Motion and the NEE Application, "Termination Fee Actions"). A hearing held on August 11, 2017, the Bankruptcy Court (a) set a September 6, 2017 scheduling conference to determine the litigation schedule that would govern the NEE Application and the NEE Adversary Proceeding and (b) set a September 19, 2017 hearing date to consider the Elliott Motion.

17.     On certain matters, including with respect to the Termination Fee Actions, the Debtors' retained Delaware counsel, RLF, may have an actual conflict that prevents RLF from representing the Debtors. Stevens & Lee has only been retained to represent Debtor EFIH and

not all the Debtors. Similarly, OEB and B&K have only been retained to render professional services to Debtor EFH Corp.'s disinterested directors.

18.     Accordingly, on September 19, 2017, the Court entered the *Order Authorizing the Debtors to Retain and Employ Shaw Fishman Glantz & Towbin LLC as Special Delaware Counsel Effective Nunc Pro Tunc to August 14, 2017* [D.I. 11914] (the "Retention Order"), attached hereto as **Exhibit B** and incorporated herein by reference.

19.     The Retention Order authorizes the Debtors to retain Shaw Fishman as special Delaware counsel on matters which RLF has an actual conflict including the Nee Adversary Proceeding. The Retention Order also authorizes the Debtors to compensate Shaw Fishman at Shaw Fishman's hourly rates charged for services of this type, and to reimburse Shaw Fishman for Shaw Fishman's actual and necessary out-of-pocket expenses incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Fee Committee Order, and the Interim Compensation Order. The particular terms of Shaw Fishman's engagement, which were approved by the Court, are detailed in the engagement letter by and between Shaw Fishman and the Debtors, dated August 28, 2017, and attached hereto as **Exhibit C** (the "Engagement Letter").

### DISINTERESTEDNESS OF SHAW FISHMAN

20.     To the best of the Debtors' knowledge and as disclosed in the *Affidavit of Thomas M. Horan in Support of the Application of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the Debtors to Retain and Employ Shaw Fishman Glantz & Towbin LLC as Special Delaware Counsel Effective Nunc Pro Tunc to August 14, 2017* [D.I. 11838-2] (the "Horan Affidavit"), (i) Shaw Fishman is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does

not hold or represent an interest adverse to the Debtors' estates, (ii) Shaw Fishman neither holds nor represents an interest materially adverse to the Debtors or their estates, and (iii) Shaw Fishman has not represented any of the Debtors' creditors, equity security holders, or other parties-in-interest in any matter relating to the Debtors or their estates except as disclosed in the Horan Affidavit.

21.    Shaw Fishman might have in the past represented, might currently represent, and likely in the future will represent parties in interest in this case in connection with matters unrelated to the Debtors in these chapter 11 cases. In the Horan Declaration, Shaw Fishman disclosed its connections to parties in interest that it has been able to ascertain using its reasonable efforts. Shaw Fishman will update such disclosures, as appropriate, if Shaw Fishman becomes aware of relevant and material new information.

22.    Shaw Fishman performed the services for which it is seeking compensation on behalf of the Debtors and their estates and not on behalf of any committee, creditor, or other entity.

23.    Shaw Fishman has not received payment or promise of payment from any source other than the Debtors for services provided or to be provided in any capacity whatsoever in connection with these chapter 11 cases.

24.    Pursuant to Bankruptcy Rule 2016(b), Shaw Fishman does not share fees with any attorneys except to the extent permitted by section 504 of the Bankruptcy Code.

## SUMMARY OF COMPLIANCE WITH
## INTERIM COMPENSATION ORDER AND FEE COMMITTEE ORDER

25.    This Final Fee Application has been prepared in accordance with the Interim Compensation Order, the Fee Committee Order, and the memorandum issued by Richard Gitlin, dated March 12, 2018, covering guidelines for a final fee application (the "Gitlin

Memorandum"). Shaw Fishman seeks final compensation for professional services rendered to the Debtors during the Fee Period in the amount of $31,877.00, and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of $282.89, for a total award of $32,159.89.[7] During the Fee Period, Shaw Fishman attorneys and paraprofessionals expended a total of 73.8 hours for the Debtors' benefit for which compensation is requested.

26.    Shaw Fishman has not submitted an interim fee application for any fee period. Therefore, in accordance with the Gitlin Memorandum, Shaw Fishman is electing to submit only a final fee application. Shaw Fishman has submitted Monthly Fee Statements (as defined in the Interim Compensation Order) seeking payment of (a) 80% of the fees incurred by the Debtors for reasonable and necessary professional services rendered by Shaw Fishman, and (b) 100% of the actual and necessary costs and expenses incurred by Shaw Fishman in connection with the services provided to the Debtors for each month for the following months: August 2017, September 2017, October 2017, November 2017, December 2017, January 2018, February 2018 and March 2018. Shaw Fishman has received payments totaling $22,060.59[8] under the Interim Compensation Order and the Fee Committee Order on account of fees and expenses incurred by Shaw Fishman during the Fee Period.

27.    By this Final Fee Application, and to the extent such amounts have not been paid by the time of the hearing on this Final Fee Application, Shaw Fishman seeks final approval and

---

[7] This amount does not include approximately $4,250 in fees and expenses spent by Shaw Fishman in preparing this Final Fee Application.

[8] This amount consists of payments received in connection with Shaw Fishman's Monthly Fee Statements from August 2017, September 2017, October 2017, November 2017 and December 2017. These Monthly Fee Statements sought payment of 80% of the fees and 100% of the expenses incurred by the Debtors for the respective fee periods.

payment of all amounts, including any remaining 20% holdback on fees incurred during the Fee

Period, for which it has sought compensation.

### SUMMARY OF FEES AND REIMBURSEMENT OF EXPENSES
### INCURRED DURING FEE PERIOD

#### A. Customary Billing Disclosures

28.     Shaw Fishman's hourly rates are set at a level designed to compensate Shaw

Fishman fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine

expenses. The hourly rates and corresponding rate structure utilized by Shaw Fishman in these

chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by Shaw

Fishman for similar complex corporate, securities, litigation, and restructuring matters, whether

in court or otherwise, regardless of whether a fee application is required. The rates and rate

structure reflect that such complex matters typically are national in scope and typically involve

great complexity, high stakes, and intense time pressures.

#### B. Fees Incurred During Fee Period

29.     In the ordinary course of Shaw Fishman's practice, Shaw Fishman maintains

records of the time spent on the professional services required by the Debtors and their estates.

**Exhibit D** to this Fee Application is a summary of fees incurred and hours worked during the

Fee Period, setting forth the following information:

- the name of each attorney and paraprofessional for whose work compensation is sought;

- each attorney's year of bar admission and area of practice concentration;

- the aggregate time worked and fees billed by each attorney and each paraprofessional during the Fee Period;

- the hourly billing rate for each such attorney and paraprofessional at Shaw Fishman's current billing rates; and

- a calculation of the total compensation requested by Shaw Fishman.

## C. Expenses Incurred During Fee Period

30.     In the ordinary course of Shaw Fishman's practice, Shaw Fishman maintains a record of expenses incurred in rendering professional services required by the Debtors and their estates and for which reimbursement is sought. **Exhibit E** to this Fee Application is a summary for the Fee Period of the total amount of expenses for which Shaw Fishman seeks reimbursement with respect to each category of expenses. The out-of-pocket disbursement sum is broken down into categories of charges.

## PROPOSED PAYMENT ALLOCATION

31.     During this Fee Period, all services for which Shaw Fishman requests compensation were performed on behalf of (a) EFH and (b) EFIH. With respect to the allocation of fees and expenses contemplated by paragraph 2(b) of the Interim Compensation Order, Shaw Fishman proposes the allocation of the fees and expenses set forth herein equally between EFH and EFIH:

| Debtors | Time Allocation | Fees | Expenses |
|---------|-----------------|------|----------|
| EFH | 50% | $15,938.50 | $141.45 |
| EFIH | 50% | $15,938.50 | $141.44 |
| **Total:** | **100%** | **$31,877.00** | **$282.89** |

## SUMMARY OF LEGAL SERVICES RENDERED DURING THE FEE PERIOD

32.     During the Fee Period, Shaw Fishman provided important professional services to the Debtors in connection with Nee Adversary Proceeding. To provide a meaningful summary of Shaw Fishman's services provided on behalf of the Debtors and their estates, Shaw Fishman has established, in accordance with its internal billing procedures, certain subject matter codes (each, a "Task Category") in connection with these chapter 11 cases. **Exhibit F** to this Final Fee

Application is a summary of fees incurred and hours worked during the Fee Period by Task Category. In addition, the following is a summary, by Task Category, of the most significant professional services provided by Shaw Fishman during the Fee Period:

### i.    Discovery

Fees: $1,584.00                    Total Hours: 3.20

This category includes all time spent on discovery matters relating to the NEE Adversary Proceeding.

### ii.    Fee Applications/Shaw Fishman

Fees: $5,639.00                    Total Hours: 20.90

This category includes all time spent preparing, reviewing, filing, circulating, and/or relating to monthly fee statements for Shaw Fishman, including reviewing Fee Committee memorandums, and reviewing and revising Shaw Fishman's billing statements for issues of attorney-client privilege and compliance with applicable Court orders, guidelines, and rules.

### iii.    General Investigation

Fees: $5,064.00                    Total Hours: 10.20

This category includes all time spent investigating matters relating to the Debtors' chapter 11 cases in furtherance of NEE Adversary Proceeding.

### iv.    Hearings/Agendas

Fees: $4,161.00                    Total Hours: 8.40

This category includes all time spent relating to preparation for and attendance at court hearings relating to the NEE Adversary Proceeding.

### v.    NEE Adversary Proceeding

Fees: $7,080.00                    Total Hours: 14.30

This category includes all time spent relating to the NEE Adversary Proceeding, including time spent on matters relating to motions to intervene and an order staying the adversary proceeding.

### vi.     NEE Contested Matters

Fees: $3,915.00                         Total Hours: 7.90

This category includes all matters relating to actions taken by NEE in the Debtors' chapter 11 cases, including matters relating to NEE's appeal.

### SHAW FISHMAN'S REQUESTED COMPENSATION AND REIMBURSEMENT SHOULD BE ALLOWED

33.     As explained below, Shaw Fishman submits that the services for which it seeks compensation in this Fee Application were, at the time provided, necessary for and beneficial to the Debtors and their estates and were provided to protect and preserve the Debtors' estates. Shaw Fishman further believes that it performed the services for the Debtors economically, effectively, and efficiently, and they benefited the Debtors and their constituents. Shaw Fishman further submits that the compensation requested is reasonable in light of the nature, extent, and value of such services to the Debtors and their estates and all parties in interest. Accordingly, Shaw Fishman submits the compensation sought in this Fee Application is warranted and should be approved.

### A. Reasonable and Necessary Fees Incurred in Providing Services to the Debtors

34.     Section 331 of the Bankruptcy Code authorizes interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of interim compensation. Section 330(a)(1) of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy

Code "reasonable compensation for actual necessary services rendered ... and reimbursement for actual, necessary expenses." Section 330(a)(3) sets forth the criteria for such an award:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (A)   the time spent on such services;
>
> (B)   the rates charged for such services;
>
> (C)   whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)   whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)   with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)   whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

35.   Shaw Fishman respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Debtors and their estates and were rendered to protect and preserve the Debtors' estates. Shaw Fishman further believes that it performed the services for the Debtors economically, effectively, and efficiently, and the results obtained benefited not only the Debtors, but also the Debtors' estates and the Debtors' stakeholders. Shaw Fishman further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties-in-interest.

36.     During the Fee Period, Shaw Fishman's hourly billing rates for attorneys ranged from $270.00 to $510.00. The hourly rates and corresponding rate structure utilized by Shaw Fishman in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by Shaw Fishman for restructuring, workout, bankruptcy, insolvency, and comparable matters, and similar complex corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. Shaw Fishman strives to be, and believes it has been, efficient and effective in the staffing of matters. These rates and the rate structure reflect that such matters are typically national in scope and involve great complexity, high stakes, and severe time pressures-all of which were present in these chapter 11 cases.

37.     Moreover, Shaw Fishman's hourly rates are set at a level designed to compensate Shaw Fishman fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. Pursuant to the terms of the Engagement Letter as approved by the Court through the Retention Order, and generally on client matters, these hourly rates are subject to periodic review and revision to reflect economic and other conditions and are consistent with the rates charged elsewhere.

38.     In sum, Shaw Fishman respectfully submits that the professional services provided by Shaw Fishman on behalf of the Debtors and their estates during these chapter 11 cases were necessary and appropriate given the complexity of these chapter 11 cases, the time expended by Shaw Fishman, the nature and extent of Shaw Fishman's services provided, the value of Shaw Fishman's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code. Accordingly, Shaw

Fishman respectfully submits that approval of the compensation sought herein is warranted and should be granted.

**B. Reasonable and Necessary Expenses Incurred in Providing Services to the Debtors**

39.     For the Fee Period, Shaw Fishman requests reimbursement of $282.89 for reasonable and necessary costs and expenses incurred on behalf of the Debtors.

40.     Shaw Fishman's normal billing rates do not take these costs and expenses into consideration. Rather, Shaw Fishman bills each cost and expense to the applicable client. Because of the disparity between the different clients' requirements for expenses such as computer-assisted research, teleconference services, postage, courier and messenger services, and photocopying, it is difficult to charge costs and expenses fairly and equitably by including them in Shaw Fishman's ordinary billing rates. Accordingly, Shaw Fishman generally charges each client for such costs and expenses separately, in each case, at Shaw Fishman's costs.

41.     Shaw Fishman has made reasonable efforts to minimize its costs and expenses in these chapter 11 cases. Each of the costs and expenses Shaw Fishman has incurred in providing professional services to the Debtors was necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors and their estates. Accordingly, Shaw Fishman respectfully submits that approval of the reimbursements sought herein is warranted and should be granted.

**STATEMENT PURSUANT TO U.S. TRUSTEE GUIDELINES**

42.     Pursuant to section C.5 of the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses in Larger Chapter 11 Cases (the "UST Guidelines"), Shaw Fishman makes the following statements:

a) During the Fee Period covered by the Final Fee Application, Shaw Fishman did not agree to any variations from, or alternatives to, its standard customary billing rates, fees or terms for services pertaining to this engagement.

b) None of the professionals included in the Final Fee Application varied their hourly rate based on the geographical location of the bankruptcy case.

c) The Final Fee Application does not include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices.

d) The Final Fee Application does not include time or fees for reviewing time records to redact any privileged or other confidential information.

e) The rates charged by Shaw Fishman for its attorneys and paraprofessionals increased during the course of the Debtors' cases at the beginning of the calendar year. The Monthly Fee Statements previously filed by Shaw Fishman take into account those rate increases. Shaw Fishman's engagement letter with the Debtors provides that Shaw Fishman may change its hourly base rates each year.

## RESERVATION OF RIGHTS AND NOTICE

43.     It is possible some professional time expended or expenses incurred during the Fee Period are not reflected in the Final Fee Application. Shaw Fishman reserves the right to include such amounts in future fee applications. In addition, the Debtors shall provide notice of this Final Fee Application on the date hereof to: (a) the U.S. Trustee; (b) counsel to the agent of the EFIH First Lien DIP Facility; (c) counsel to the agent of the TCEH DIP Facility; (d) counsel to the TCEH Creditors' Committee; (e) the Creditors' Committees; and (f) the Fee Committee (collectively, the "Notice Parties").

## NO PRIOR REQUEST

44.     The compensation and expense reimbursement sought in this Final Fee Application has been the subject of Monthly Fee Statements. However, no prior application for interim or final approval of compensation or reimbursement of expenses has been made to this or any other court.

WHEREFORE, Shaw Fishman respectfully requests that the Court enter an order (a) awarding Shaw Fishman final compensation for professional and paraprofessional services provided during the Fee Period in the amount of $31,877.00 and reimbursement of actual, reasonable, and necessary expenses incurred in the Fee Period in the amount of $282.89; (b) authorizing and directing the Debtors to remit payment to Shaw Fishman for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.

Dated: April 23, 2018

**SHAW FISHMAN GLANTZ**
**& TOWBIN LLC**

/s/ *Thomas M. Horan*
Thomas M. Horan (Del. Bar No. 4641)
300 Delaware Ave., Suite 1370
Wilmington, DE 19801
Telephone: (302) 480-9412
E-mail:  thoran@shawfishman.com

*Special Delaware Counsel to the Debtors and*
*Debtors in Possession*