# EXHIBIT B

**Shaw Fishman Retention Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: D.I. 11838 and 11901** |

## ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY SHAW FISHMAN GLANTZ & TOWBIN LLC AS SPECIAL DELAWARE COUNSEL EFFECTIVE *NUNC PRO TUNC* TO AUGUST 14, 2017

Upon the application, dated August 29, 2017 (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing the Debtors to retain and employ Shaw Fishman Glantz & Towbin LLC ("Shaw Fishman") as special Delaware counsel effective *nunc pro tunc* to August 14, 2017; all as more fully set forth in the Application, the Horan Affidavit, the Wright Declaration and the First Day Declaration (together, the "Declarations"); and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Application in this district is proper pursuant to 28 U.S.C. §§

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on an interim basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

{12270-001 APPL A0482803.DOCX 3}

1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other Parties-in-Interest; and the Court having found that the Debtors provided appropriate notice of the Application and the opportunity for a hearing on the Application under the circumstances; and the Court having reviewed the Application and the Declarations; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the relevant proceedings with respect to the Application, if any, before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted to the extent provided herein.

2. The Debtors are authorized pursuant to sections 327(a), 328, and 330 of the Bankruptcy Code to employ and retain Shaw Fishman, effective *nunc pro tunc* to August 14, 2017, to serve as the Debtors' Delaware counsel on matters which the Debtors' retained Delaware counsel, RLF, has an actual conflict, including with respect to the Termination Fee Actions, in accordance with the terms and conditions set forth in the Application and in the Engagement Letter attached to the Application as **Exhibit C**, *provided, however,* that nothing in the Engagement Letter shall supersede any provisions of the Bankruptcy Code during the pendency of the Debtors' chapter 11 cases; *provided further, however,* that to the extent the Application, the Declarations, any later declaration, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

3.  Shaw Fishman is authorized to provide the Debtors with the professional services as described in the Application, the Engagement Letter, and the Horan Affidavit, as follows:

>   (a)  act as Delaware counsel on matters which the Debtors' retained Delaware counsel, Richards, Layton & Finger, P.A., has an actual conflict, including with respect to the Termination Fee Actions.

4.  Notwithstanding anything in the Engagement Letter to the contrary, for the avoidance of doubt, the Bankruptcy Court shall have jurisdiction over any and all matters arising under or in connection with Shaw Fishman's engagement by the Debtors and the Engagement Letter.

5.  Shaw Fishman shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retrained professionals in these chapter 11 cases.

6.  Shaw Fishman shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, any case-specific fee protocols approved by the Court after notice and a hearing pursuant to paragraph C.5 of the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order"), and any other applicable procedures and orders of the Court. Shaw Fishman also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1,*

*2013*, in connection with the Application and any interim and final fee applications to be filed by Shaw Fishman in these chapter 11 cases.

7.  Notwithstanding anything to the contrary in the Application, any of the Declarations, any subsequent declaration, or the Engagement Letter, Shaw Fishman shall cooperate with the fee committee appointed pursuant to the Fee Committee Order in the discharge of the fee committee's duties. Shaw Fishman has agreed to be bound by the terms of the Fee Committee Order.

8.  Shaw Fishman shall provide ten business days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

9.  Notwithstanding anything to the contrary in the Application or the Engagement Letter, Shaw Fishman will not seek reimbursement of expenses for office supplies.

10. To the extent that the Declarations and the Engagement Letter are inconsistent with this Order, the terms of this Order shall govern.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.     Notwithstanding any contrary provision in the Application or the Engagement Letter, the Court shall retain jurisdiction to hear and determine all matters arising from or related to implementation of this Order.

Dated: September 15, 2017
       Wilmington, Delaware

                               THE HONORABLE CHRISTOPHER S. SONTCHI
                               UNITED STATES BANKRUPTCY JUDGE