**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | Case No. 14-10979 (CSS) |
| Debtors.[1] | (Jointly Administered) |
| | **Hearing Date:  To Be Determined**<br>**Objection Deadline: May 15, 2018 at 4:00 p.m.** |

**SUMMARY OF ELEVENTH INTERIM AND FINAL FEE APPLICATION
OF EPIQ BANKRUPTCY SOLUTIONS, LLC
AND EPIQ eDISCOVERY SOLUTIONS
FOR ALLOWANCE OF AN ADMINISTRATIVE
CLAIM FOR COMPENSATION AND REIMBURSEMENT
OF EXPENSES FOR THE INTERIM FEE PERIOD OF
SEPTEMBER 1, 2017 THROUGH MARCH 9, 2018 AND THE FINAL FEE PERIOD OF
APRIL 29, 2014 TO MARCH 9, 2018**

| | |
|---|---|
| **Name of Applicant:** | **Epiq Bankruptcy Solutions, LLC and Epiq eDiscovery Solutions** |
| Authorized to Provide Professional Services to: | Energy Futures Holdings Corp, et al., Debtors and Debtors in Possession |
| Date of Retention: | Retention Order Entered on September 16, 2014 (Effective as of April 29, 2014) |
| Interim Fee Period for which Compensation and Reimbursement is sought: | September 1, 2017 through March 9, 2018 |
| Amount of Compensation sought as actual, reasonable and necessary for the Interim Fee Period: | $53,760.00 |

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

| | |
|---|---|
| **Name of Applicant:** | **Epiq Bankruptcy Solutions, LLC and Epiq eDiscovery Solutions** |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary for the Interim Fee Period: | $308,996.96 |
| Total Compensation and Expenses Requested for the Interim Fee Period: | $362,756.96 |
| Blended Rate of Professionals during the Interim Fee Period: | $190.39 |
| Final Fee Period for which Compensation and Reimbursement is sought: | April 29, 2014 through March 9, 2018 |
| Amount of Compensation sought as actual, reasonable and necessary for the Final Fee Period: | $1,262,596.35 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary for the Final Fee Period: | $2,308,718.29 |
| Total Compensation and Expenses Requested for the Final Fee Period: | $3,571,314.64 |
| Total Amount of Compensation Previously Requested Pursuant to the Interim Compensation Order to Date: | $1,208,836.35 |
| Total Amount of Expense Reimbursement Previously Requested Pursuant to the Interim Compensation Order to Date: | $1,999,721.33 |
| Total Compensation Approved Pursuant to the Interim Compensation Order to Date:[2] | $1,203,626.65 |

---

[2]    On February 12, 2018, Epiq filed its tenth interim fee application (this "Tenth Interim Fee Application") for: (i) compensation in the amount of $43,100.50 for the reasonable and necessary professional services Epiq rendered to the Debtors from May 1, 2017 through August 31, 2017 (the "Tenth Interim Fee Period"); and (ii)

(continued on next page)

2

| | |
|---|---|
| **Name of Applicant:** | **Epiq Bankruptcy Solutions, LLC and Epiq eDiscovery Solutions** |
| Total Amount of Expense Reimbursement Approved Pursuant to the Interim Compensation Order to Date: | $1,999,721.32 |
| Total Allowed Compensation Paid to Date: | $1,099,067.69 |
| Total Allowed Expenses Paid to Date: | $1,891,927.60 |
| Compensation Sought in this Application Already Paid Pursuant to the Interim Compensation Order But Not Yet Allowed: | $0.00 |
| Expenses Sought In This Application Already Paid Pursuant to the Interim Compensation Order But Not Yet Allowed: | $0.00 |

| Title | Date Filed / D.I. | Period Covered | Requested Fees | Requested Expenses | Ordered Fees | Ordered Expenses | Order Entered / Docket # |
|---|---|---|---|---|---|---|---|
| First Interim | 1/30/2015  3408 | 4/29/2014 – 8/31/2014 | 204,706.50 | $0.00 | $204,383.50 | $0.00 | 6/24/2015  4843 |
| Second Interim | 5/7/2015  4421 | 9/1/2014 – 12/31/2014 | $32,237.10 | $84,670.08 | $31,706.90 | $84,670.08 | 2/18/2016  7883 |
| Third Interim | 8/24/2015  5708 | 1/1/2015 – 4/30/2015 | $71,639.80 | $201,773.40 | $69,623.86 | $201,773.40 | 2/18/2016  7883 |
| Fourth Interim | 3/31/2016  8109 | 5/1/2015 – 8/31/2015 | $101,318.80 | $210,819.35 | $101,138.80 | $210,819.35 | 6/27/2016  8824 |
| Fifth Interim | 5/11/2016 | 9/1/2015 – 12/31/2015 | $212,520.30 | $256,008.04 | $212,179.80 | $256,008.03 | 6/27/2016 |

reimbursement for the actual and necessary expenses that Epiq incurred, in the amount of $211,409.92 during the Tenth Interim Fee Period. The Fees and Expenses requested by Epiq in the Tenth Interim Fee Application have not yet been approved by this Court.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | 8433 | | | | | | 8824 |
| Sixth Interim | 6/14/2016 8710 | 1/1/2016 – 4/30/2016 | $49,217.70 | $249,895.97 | $48,830.50 | $249,895.97 | 10/27/2016 9963 |
| Seventh Interim | 1/20/2017 10692 | 5/1/2016 – 8/31/2016 | $97,340.10 | $279,024.89 | $96,977.10 | $279,024.89 | 3/28/2017 11071 |
| Eighth Interim | 6/29/2017 11400 | 9/1/2016 – 12/31/2016 | $311,030.10 | $261,128.64 | 310,289.20 | 261,128.64 | 11/02/2017 12171 |
| Ninth Interim | 11/28/2017 12281 | 1/1/2017 – 4/30/2017 | $85,725.45 | $244,991.04 | 85,395.99 | 244,991.04 | 2/14/2018 12632 |
| Tenth Interim | 2/12/2018 12584 | 5/1/2017 – 8/31/2017 | $43,100.50 | $211,409.92 | TBD | TBD | TBD |
| Eleventh Interim | 4/23/2018 TBD | 9/1/2017 – 3/9/2018 | $53,760.00 | $308,996.96 | TBD | TBD | TBD |
| TOTAL | | | $1,262,596.35 | $2,308,718.29 | $1,160,525.65 | $1,788,311.40 | |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date:  To Be Determined** |
| | ) **Objection Deadline: May 15, 2018 at 4:00 p.m.** |
| | ) |

**ELEVENTH INTERIM AND FINAL FEE APPLICATION
OF EPIQ BANKRUPTCY SOLUTIONS, LLC
AND EPIQ eDISCOVERY SOLUTIONS
FOR ALLOWANCE OF AN ADMINISTRATIVE
CLAIM FOR COMPENSATION AND REIMBURSEMENT
OF EXPENSES FOR THE INTERIM FEE PERIOD OF
SEPTEMBER 1, 2017 THROUGH MARCH 9, 2018 AND THE FINAL FEE PERIOD OF
APRIL 29, 2014 TO MARCH 9, 2018**

Pursuant to sections 327, 330, and 331 of chapter 11 of title 11 of the United States Code,

(the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), the *Order Authorizing The Debtors To Retain And Employ Epiq*

*Bankruptcy Solutions, LLC As The Administrative Advisor For The Debtors And Epiq*

*eDiscovery Solutions As E-Discovery Vendor For The Debtors, Effective Nunc Pro Tunc To The*

*Petition Date,* dated September 16, 2014 [D.I. 2053] (the "Retention Order"), the *Order*

*Establishing Procedures for Interim Compensation and Reimbursement of Expenses for*

*Professionals,* dated September 16, 2014 [D.I. 2066] (the "Interim Compensation Order"), the

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (the "Fee Committee Order"), and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), the firm of Epiq Bankruptcy Solutions, LLC and Epiq eDiscovery Solutions (together, "Epiq"), administrative advisor and e-discovery vendor for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby files this eleventh interim and final fee application (this "Final Fee Application") for: (i) compensation in the amount of $53,760.00 for the reasonable and necessary professional services Epiq rendered to the Debtors and reimbursement for the actual and necessary expenses that Epiq incurred, in the amount of $308,996.96 from September 1, 2017 through March 9, 2018 (the "Eleventh Interim Fee Period") and (ii) compensation in the amount of $1,262,596.35 for the reasonable and necessary professional services Epiq rendered to the Debtors and reimbursement for the actual and necessary expenses that Epiq incurred, in the amount of $2,308,718.29 during from April 29, 2014 through March 9, 2018 (the "Final Fee Period").

In support of the Application, Epiq respectfully states as follows:

## Jurisdiction

1.        This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.        Venue in the Court is proper pursuant to 28 U.S.C. § 1408.

3.        The bases for the relief requested herein are sections 328, 330, 331 and 503(b) of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Bankruptcy Rule 2016-1.

## Disclosure of Compensation and Requested Final Award

4.        By this Fee Application, Epiq respectfully requests that the Court (a) approve the interim allowance and award of compensation for professional services rendered and

2

reimbursement of actual and necessary expenses incurred by Epiq as administrative advisor to the Debtors during the Interim Fee Period from September 1, 2017 through March 9, 2018, and (b) approve on a final basis the fees and expenses incurred by Epiq for the Final Fee Period from April 29, 2014 through March 9, 2018.

5.    In accordance with the Interim Compensation Order, Epiq has filed and served the monthly fee statements covering the period September 1, 2017 through October 31, 2017 (the "Monthly Fee Statements")[2]. Pursuant to the Interim Compensation Order, Epiq has served the Monthly Fee Statements on: (a) the U.S. Trustee; (b) counsel to the agent of the EFIH First Lien DIP Facility; (c) counsel to the agent of the TCEH DIP Facility; (d) counsel to the Creditors' Committee; and (e) the Fee Committee.

6.    Epiq has not previously filed monthly fee statements covering the period November 1, 2017 through March 9, 2018.

7.    Epiq has submitted or is in the process of submitting monthly fee statements but had not yet paid on any of them. The following table shows the amounts not yet paid for the Eleventh Interim Period:

---

[2]    The Monthly Fee Statements are the following: (i) *Forty First Monthly Fee Statement of Epiq Bankruptcy Solutions, LLC and Epiq eDiscovery Solutions for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred From September 1, 2017 Through September 30, 2017* (D.I. 12586; the "September Monthly Fee Statement"); (ii) *Forty Second Monthly Fee Statement of Epiq Bankruptcy Solutions, LLC and Epiq eDiscovery Solutions for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses Incurred From October 1, 2017 Through October 31, 2017* (D.I. 12587; "October Monthly Fee Statement," together with the September Monthly Fee Statement, the "Monthly Fee Statements").

| Monthly Fee Statements Period Covered | Docket Number | Fees | Expenses | Total |
|---|---|---|---|---|
| September 2017 | 12586 | $25,496.20 | $51,610.08 | $77,106.28 |
| October 2017 | 12587 | $10,919.90 | $51,524.61 | $62,444.51 |
| November 2017 | N/A | $2,844.30 | $51,467.69 | $54,311.99 |
| December 2017 | N/A | $0.00 | $51,464.86 | $51,464.86 |
| January 2018 | N/A | $1,920.80 | $51,464.86 | $53,385.66 |
| February – March 9, 2018 | N/A | $12,578.80 | $51,464.86 | $64,043.66 |
| TOTAL | | $53,760.00 | $308,996.96 | $362,756.96 |

8.     None of Epiq's fees or expenses sought in this Application have yet been approved by the Court.  Epiq's First Interim Fee Application was filed January 30, 2015; the hearing on the Application was held on June 24, 2015, following which the Court issued its order allowing fees in the amount of $204,383.50 and expenses in the amount of $0.00 [D.I. 4843]. Epiq's Second Interim Fee Application was filed May 7, 2015; the hearing on the Application was held on February 18, 2016, following which the Court issued its order allowing fees in the amount of $31,706.90 and expenses in the amount of $84,670.08 [D.I. 7883].  Epiq's Third Interim Fee Application was filed August 24, 2015; the hearing on the Application was held on February 18, 2016, following which the Court issued its order allowing fees in the amount of $69,623.86 and expenses in the amount of $201,773.40 [D.I. 7883].  Epiq's Fourth Interim Fee Application was filed March 31, 2016; the hearing on the Application was held on June 27, 2016, following which the Court issued its order allowing fees in the amount of $101,138.80 and expenses in the amount of $210,819.35 [D.I. 8824].  Epiq's Fifth Interim Fee Application was filed May 11, 2016; the hearing on the Application was held on June 27, 2016, following which the Court issued its order allowing fees in the amount of $212,179.80 and expenses in the amount of $256,008.03 [D.I. 8824].  Epiq's Sixth Interim Fee Application was filed June 14, 2016; the hearing on the Application was held on October 27, 2016, following which the Court

4

issued its order allowing fees in the amount of $48,830.50 and expenses in the amount of $249,895.97 [D.I. 9963]. Epiq's Seventh Interim Fee Application was filed January 20, 2017; the hearing on the Application was held on March 28. 2017, following which the Court issued its order allowing fees in the amount of $96,977.10 and expenses in the amount of $279,024.89 [D.I. 11071]. Epiq's Eighth Interim Fee Application was filed June 29, 2017; the hearing on the Application was held on November 3, 2017, following which the Court issued its order allowing fees in the amount of $310,289.20 and expenses in the amount of $261,128.64 [D.I. 12171]. Epiq's Ninth Interim Fee Application was filed November 28, 2017; the hearing on the Application was held on February 14, 2018, following which the Court issued its order allowing fees in the amount of $85,395.99 and expenses in the amount of $244,991.04 [D.I. 12632]. Epiq's Tenth Interim Fee Application was filed February 12, 2018; no hearing on the Application has been held.

9.     The fees sought in this Application reflect an aggregate of 281.90 hours expended by Epiq professionals during the Eleventh Interim Fee Period rendering necessary and beneficial administrative services to the Debtors at a blended average hourly rate of $190.71 for professionals. Epiq maintains computerized records of the time expended in the performance of the professional services required by the Debtors and their estates. These records are maintained in the ordinary course of Epiq's practice.

10.     The hourly rates and corresponding rate structure utilized by Epiq in these chapter 11 cases are generally equivalent to the hourly rates and corresponding rate structure predominantly used by Epiq for comparable matters, whether in chapter 11 or otherwise, regardless of whether a fee application is required.

5

11.     Epiq's hourly rates are set at a level designed to compensate Epiq fairly for the work of its professionals.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

12.     Epiq regularly reviews its bills to ensure that the Debtors are only billed for services that were actual and necessary.  Moreover, in accordance with the Local Bankruptcy Rules, Epiq regularly reduces its expenses, particularly expenses related to overtime travel and overtime meals.

13.     No understanding exists between Epiq and any other person for the sharing of compensation sought by Epiq, except among the parent, affiliates, members, employees and associates of Epiq.

## Background

14.     On April 29, 2014, each of the Debtors filed a petition with this Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On June 5, 2014, the Court entered an order authorizing the joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases. On May 13, 2014, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors representing the interests of  Energy Future Competitive Holdings Company LLC, Texas Competitive Electric Holdings Company LLC, and EFH Corporate Services Company (the "TCEH Creditors' Committee") [D.I. 420]. On October 27, 2014, the U.S. Trustee appointed an official committee of unsecured creditors representing the interests of Energy Future Holdings Corp., Energy Future Intermediate Holding

6

Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") [D.I. 2570].  Information regarding the Debtors' business operations is set forth in the declaration of Paul Keglevic in support of first day motions [D.I. 98].

15.     On September 16, 2014, the Court entered the *Order Authorizing the Debtors to Retain and Employ Epiq Bankruptcy Solutions, LLC as the Administrative Advisor for the Debtors and Epiq eDiscovery Solutions as E-Discovery Vendor for the Debtors, Effective Nunc Pro Tunc to the Petition* [D.I. 2053] (the "Retention Order"), approving the Debtors' employment and retention of Epiq as administrative agent and e-discovery vendor *nunc pro tunc* to April 29, 2014.  Pursuant to the Retention Order, Epiq is authorized to be compensated on an hourly basis for professional services rendered to the Debtors and reimbursed for actual and necessary expenses incurred by Epiq in connection therewith.

**Summary of Professional Services**

16.     Pursuant to, and consistent with, the relevant requirements of the Interim Compensation Order, the Fee Committee Order, and the Local Bankruptcy Rules (collectively, the "Guidelines"), as applicable, the following exhibits are attached hereto:

    a.     **Exhibit A** contains a verification by the undersigned regarding compliance with the Guidelines;

    b.     **Exhibit B** contains a list of Epiq's project categories and the total billed to each category during the Eleventh Interim Fee Period;

    c.     **Exhibit C** contains a billing summary for the Eleventh Interim Fee Period that includes the name of each professional for whose work compensation is sought, the aggregate time expended by each professional and the corresponding hourly billing rate at Epiq's current billing rates and an indication of the individual amounts requested as part of this Eleventh Interim Fee Application;

    d.     **Exhibit D** contains the time detail for the Eleventh Interim Fee Period;

    e.     **Exhibit E** is a schedule for the Eleventh Interim Fee Period, setting forth the total amount of reimbursement sought with respect to each category of

7

expenses for which Epiq is seeking reimbursement in this Tenth Interim Application; and

f.    **Exhibit F** consists of Epiq's records of expenses incurred during the Eleventh Interim Fee Period in the rendition of the professional services to the Debtors and their estates.

17.    To provide a meaningful summary of services rendered on behalf of the Debtors and their estates for the Eleventh Interim Fee Period, Epiq has established, in accordance with its internal billing procedures, the following matter numbers in connection with these chapter 11 cases:

| Matter No. | Matter Description |
|---|---|
| 495 | Balloting/Solicitation Consultation |
| 642 | Fee Application Prep and Related Issues |
| 700 | Non-Working Travel |
| 900 | Ediscovery Services |

18.    The following is a summary, by matter, of the most significant professional services rendered by Epiq as administrative agent during the Eleventh Interim Fee Period. This summary is organized in accordance with Epiq's internal system of matter numbers.[3]

**A.    Balloting/Solicitation (Matter #495)**

Total Fees:        $43,453.30
Total Hours:       234.30

19.    During this period Epiq associates reviewed and commented on solicitation documents and voting procedures, and coordinated the solicitation mailing and tabulation of votes with respect to the E-Side Plan.

---

[3]    This summary of services rendered during the Eleventh Interim Fee Period is not intended to be a detailed or exhaustive description of the work performed by Epiq, but, rather, is intended to highlight certain key areas where Epiq provided services to the Debtors during the Eleventh Interim Fee Period. A summary description of the work performed in the Eleventh Interim Fee Period, categorized by project code, and those day-to-day services and the time expended in performing such services, are set forth in the Monthly Fee Statements.

B.    **Fee Application Prep and Related Issues (Matter #642)**

Total Fees:        $8,010.20
Total Hours:       33.10

20.    Time in this category was spent in the preparation of the Monthly Fee Statements and the Tenth Interim Fee Application.

C.    **Non-Working Travel (Matter #700)**

Total Fees:        $1,358.50
Total Hours:       7.80

21.    Time in this category includes non-working travel time spent by Epiq personnel during the Eleventh Interim Fee Period in connection with their work for the Debtors. The amounts requested in the Eleventh Interim Fee Application reflect a reduction of one-half of the charges for travel time not spent working on matters related to these chapter 11 cases.

D.    **Ediscovery Services (Matter #900)**

Total Fees:        $938.00
Total Hours:       6.70

22.    The Ediscovery services provided in this category include loading of processed productions onto local servers, designing and implementing security features in the Relativity data repository, refining the repository and the database fields, the continued maintenance of the repository, and other related tasks.

**Reasonable and Necessary Services Rendered by Epiq**

23.    The foregoing professional services rendered by Epiq on behalf of the Debtors during the Eleventh Interim Fee Period were reasonable, necessary and appropriate to the administration of the Debtors' chapter 11 cases and related matters.

24.    Epiq is one of the country's leading chapter 11 administrators, with experience in noticing, claims administration, solicitation, balloting and facilitating other administrative

9

aspects of chapter 11 cases.  As a specialist in claims management, consulting and legal administration services, Epiq provides comprehensive solutions to a wide variety of administrative issues for chapter 11 cases, and has substantial experience in matters of this size and complexity.  Overall, Epiq brings to these chapter 11 cases a particularly high level of skill and knowledge, which inured to the benefit of the Debtors and all stakeholders.

25.    During the Eleventh Interim Fee Period, Epiq consulted and assisted the Debtors in several phases of these chapter 11 cases.  To this end, as set forth in detail in **Exhibit C** of the Application, numerous Epiq professionals expended time rendering services on behalf of the Debtors and their estates.

26.    During the Eleventh Interim Fee Period, Epiq's hourly billing rates for the professionals responsible for managing the Debtors' chapter 11 cases ranged from $83.00 to $385.00.  Allowance of compensation in the amount requested would result in a blended hourly billing rate for professionals of approximately $190.71 (based on 281.90 recorded hours at Epiq's regular billing rates in effect at the time of the performance of services).  The hourly rates and corresponding rate structure utilized by Epiq in these chapter 11 cases are generally equivalent to the hourly rates and corresponding rate structure predominantly used by Epiq for comparable matters, whether in chapter 11 or otherwise, regardless of whether a fee application is required.

### Epiq's Requested Compensation and Reimbursement Should be Allowed

27.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy

10

Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

28.    In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including:

1.  the time spent on such services;

2.  the rates charged for such services;

3.  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

4.  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

5.  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

29.    In the instant case, Epiq respectfully submits that the services for which it seeks compensation in the Eleventh Interim Fee Application were necessary for and beneficial to the Debtors and their estates and were rendered to protect and preserve the Debtors' estates. Epiq respectfully submits that the services rendered to the Debtors were performed economically, effectively and efficiently and that the results obtained to date have benefited not only the Debtors but all stakeholders in the Debtors' chapter 11 cases. Epiq further submits that the compensation requested herein is reasonable in light of the nature, extent and value of such services to the Debtors, their estates and all parties in interest.

11

30.     Epiq's professionals spent a total of 281.90 hours during the Eleventh Interim Fee Period, which services have a fair market value of $53,760.00.  As demonstrated by the Eleventh Interim Fee Application and all of the exhibits submitted in support hereof, Epiq spent its time economically and without unnecessary duplication.  In addition, the work conducted was carefully assigned to appropriate professionals according to the experience and level of expertise required for each particular task.  In summary, the services rendered by Epiq were necessary and beneficial to the Debtors and their estates, and were consistently performed in a timely manner commensurate with the complexity, importance, novelty and nature of the issues involved.

31.     Accordingly, Epiq respectfully submits that approval of the compensation and expense reimbursement sought herein is warranted.

## No Prior Request

32.     No prior application for the relief requested herein has been made to this or any other court.

## Notice

Epiq shall provide notice of this application on the date hereof to:  (a) The U.S. Trustee; (b) counsel to the agent of the EFIH First Lien DIP Facility; (c) counsel to the agent of the TCEH DIP Facility; (d) counsel to the Creditors' Committee; and (e) the Fee Committee.  In light of the nature of the relief requested, Epiq respectfully submits that no further notice is necessary.

WHEREFORE, Epiq respectfully requests that the Court enter an order (a) awarding Epiq interim compensation for professional and paraprofessional services provided during the Eleventh Interim Fee Period in the amount of $53,760.00 and reimbursement of actual and necessary expenses incurred in the Fee Period in the amount of $308,996.96 (b) authorizing and

12

directing the Debtors to remit payment to Epiq for such fees and expenses; (c) approving on a final basis the compensation for legal services in the amount of $1,262,596.35 and reimbursement of expenses incurred in the amount of $2,308,718.29 for the Final Fee Period and (d) granting such other relief as is appropriate under the circumstances.

Dated: April 23, 2018

*/s/ Bradley J. Tuttle*
Bradley J. Tuttle
Managing Director
Epiq Bankruptcy Solutions, LLC

13