## EXHIBIT A

**Declaration of David M. Klauder**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objection Deadline: May 14, 2018 at 4:00 p.m. EDT** |
| | ) | **Hearing Date: To be determined** |

**DECLARATION OF DAVID M. KLAUDER IN SUPPORT OF THE FINAL INTERIM
FEE APPLICATION OF BIELLI & KLAUDER, LLC,
CO-COUNSEL FOR DEBTOR AND DEBTOR IN POSSESSION
ENERGY FUTURE HOLDINGS CORP., FOR THE PERIOD FROM
OCTOBER 1, 2015 THROUGH AND INCLUDING MARCH 9, 2018**

I, David M. Klauder, declare under penalty of perjury as follows:

1.      I am a partner in the firm of Bielli & Klauder, LLC ("BK"), with an office located at 1204 N. King Street, Wilmington, DE 19801, and have been duly admitted to practice law in the State of Delaware.

2.      I am the lead attorney from BK working on the Energy Future Holdings Corp. ("EFH Corp.") chapter 11 case.  I am authorized to submit this Declaration in support of the Final Fee Application of Bielli & Klauder, LLC, Co-Counsel for Debtor and Debtor in Possession Energy Future Holdings Corp., for the Period from October 1, 2015 Through and Including March 9, 2018 (the "Fee Application").  Except as otherwise noticed, I have personal knowledge of the matters set forth in this Declaration.

---

[1]      The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

3.     I have read the Fee Application.  The statements contained in the Fee Application are true and correct according to the best of my knowledge, information and belief. I believe that the Fee Application complies with Local Bankruptcy Rules 2016-1 and 2016-2.

4.     I certify:

a.  To the best of my knowledge, information, and belief, formed after reasonable inquiry, the fees and disbursements sought in the Fee Application are permissible under the relevant rules, court orders, and Bankruptcy Code provisions.

b.  The fees and disbursements sought in the Fee Application are billed at rates BK customarily employs and BK clients generally accept.

c.  None of the professionals seeking compensation varied their hourly rate based on the geographic location of the EFH Corp. case.

d.  BK is not seeking compensation for this Fee Period for time spent reviewing or revising time records or preparing, reviewing, or revising invoices. BK regularly revises its time records for privileged and confidential information and accordingly did not spend any additional time reviewing time records to redact such privileged or confidential information.

e.  BK does not make a profit on costs or expenses for which it seeks reimbursement, whether the service is performed by BK in-house or through a third party.

f.  In accordance with Rule 2016(a) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 504, no agreement or understanding exists between BK and any other person for the sharing of compensation to be received in connection with the above cases except as authorized by the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules.

g.  All services for which compensation is sought were professional services rendered on behalf of EFH Corp. and not on behalf of any other person.

I declare under penalty of perjury as provided in 28 U.S.C. § 1746 that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated:  April 24, 2018                    /s/ David M. Klauder
                                          David M. Klauder

2