**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**SUMMARY COVER SHEET TO THE FINAL APPLICATION OF
PROSKAUER ROSE LLP, COUNSEL FOR DEBTOR ENERGY FUTURE
HOLDINGS CORP., FOR COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED
FROM NOVEMBER 19, 2014 THROUGH MARCH 9, 2018**

In accordance with the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Proskauer Rose LLP ("Proskauer"), counsel for Energy Future Holdings Corp. (the "Debtor"), submits this summary (this "Summary") of fees and expenses sought as actual, reasonable and necessary in the final fee application to which this Summary is attached (the "Final Fee Application") for the period November 19, 2014 through March 9, 2018 (the "Fee Period").

Proskauer submits the Final Fee Application as a final fee application in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [ECF No. 2066] (the "Interim Compensation Order") and the *Stipulation and Order Appointing a Fee Committee* [ECF No. 1896].[2]

---

[1]  The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]  This Summary conforms to the form of summary sheet, and contains the information requested by, the fee committee as set forth in its final fee application guidelines communicated to Proskauer.

| Name of Applicant: | Proskauer Rose LLP |
|---|---|
| Authorized to Provide Professional Services to: | Energy Future Holdings Corp. |
| Petition Date: | April 29, 2014 |
| Date of Order Authorizing Employment: | Retention order entered on January 13, 2015 (effective as of November 19, 2014) [ECF No. 3281] |
| Period for Which Compensation is Sought: | November 19, 2014 through March 9, 2018 |
| Amount of Final Compensation Sought as Actual, Reasonable, and Necessary: | $22,998,289.61[1] |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $459,756.06[2] |

This is a _____ Monthly ___ Interim _X_ Final Fee Application

| Prior Interim Fee Applications & Adjustments | | Requested | | Approved | |
|---|---|---|---|---|---|
| Date [Docket No.] | Interim Fee Period ("IFP") | Fees | Expenses | Fees | Expenses |
| 2/17/2015 [3559] | First IFP | $1,241,019.25 | $32,968.38 | $1,209,076.00 | $30,920.37 |
| 6/15/2015 [4759] | Second IFP | $5,258,110.25 | $205,576.07 | $4,964,895.00 | $198,791.59 |
| 10/16/2015 [6497] | Third IFP | $4,419,020.25 | $54,797.27 | $4,214,527.37 | $41,184.98 |
| 2/16/2016 [7863] | Fourth IFP | $2,736,191.75 | $67,629.00 | $2,646,198.75 | $52,646.56 |
| 6/15/2016 [8718] | Fifth IFP | $1,512,145.50 | $20,016.50 | $1,475,273.75 | $18,302.67 |
| 10/17/2016 [9832] | Sixth IFP | $2,905,676.75 | $49,033.95 | $2,752,074.37 | $42,076.68 |
| 2/15/2017 [10831] | Seventh IFP | $1,213,101.75 | $17,341.20 | $1,138,546.12 | $11,962.04 |
| 6/15/2017 [11352] | Eighth IFP | $1,049,585.50 | $27,194.88 | $964,628.25 | $19,982.92 |
| 10/18/2017 [12085] | Ninth IFP | $1,139,610.25 | $28,733.76 | $1,092,456.00 | $22,470.43 |
| 2/21/2018 [12683] | Tenth IFP | $2,010,340.00 | $16,810.01 | N/A | N/A |
| 4/23/2018 13001 | Eleventh IFP | $530,274.00 | $4,607.81 | N/A | N/A |

---

[1] Amount of fees requested reflects: (i) $20,457,675.61 in aggregate fees awarded by the Court for Proskauer's interim fee applications covering the first through ninth interim fee periods; and (ii) $2,540,614.00 in aggregate fees requested in Proskauer's interim fee applications for the tenth and eleventh interim periods for which no orders have been entered as of the date hereof.

[2] Amount of expense reimbursement requested reflects (i) $438,338.24 in aggregate expense reimbursements awarded by the Court for Proskauer's interim fee applications covering the first through ninth interim fee periods; and (ii) $21,417.82 in aggregate expense reimbursements requested in Proskauer's interim fee applications for the tenth and eleventh interim periods for which no orders have been entered as of the date hereof.

Additional information required pursuant to the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases issued by the Executive Office for the United States Trustee:

| | |
|---|---|
| Blended Rate in this Final Application for All Attorneys: | $941.89 |
| Blended Rate in this Final Application for All Timekeepers: | $933.68 |
| Compensation Sought in this Final Application Already Paid Pursuant to Orders Approving Proskauer's Interim Fee Applications: | $20,457,675.61 |
| Expenses Sought in this Final Application Already Paid Pursuant to Orders Approving Proskauer's Interim Fee Applications: | $438,338.24 |
| Number of Professionals[3] Included in this Application: | 90 |
| If Applicable, Number of Professionals in this Final Application Not Included in a Staffing Plan Approved by the Client: | n/a |
| If Applicable, the Difference Between Fees Budgeted and Compensation Sought for this Application Period: | Total fees sought in this Final Fee Application are approximately $13,441,925 less than the low end of the range of fees budgeted for Proskauer's engagement. |
| Any Rates Higher than Those Approved or Disclosed at Retention? | Yes. Proskauer's standard hourly rates are subject to periodic adjustment to reflect economic and other conditions, generally at the beginning of Proskauer's fiscal year on November 1. The amount of compensation attributable to these rate increases over the Fee Period is $1,023,739.25. |

The total time expended in connection with the preparation of this Final Application is not included herein.

---

[3] As used herein, the term "professionals" includes all timekeepers.

97642033v3

Dated:  April 23, 2018
Los Angeles, California

**PROSKAUER ROSE LLP**

*/s/ Peter J. Young*
Peter J. Young (admitted *pro hac vice*)
2049 Century Park East
32nd Floor
Los Angeles, CA 90067-3206
Telephone:  (310) 557-2900
Facsimile:  (310) 557-2193

and

Jeff J. Marwil (admitted *pro hac vice*)
Mark K. Thomas (admitted *pro hac vice*)
Three First National Plaza
70 West Madison, Suite 3800
Chicago, IL  60602-4342
Telephone:  (312) 962-3550
Facsimile:  (312) 962-3551

*Counsel for Energy Future Holdings Corp.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**FINAL APPLICATION OF PROSKAUER ROSE LLP, COUNSEL
FOR DEBTOR ENERGY FUTURE HOLDINGS CORP., FOR COMPENSATION
FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
INCURRED FROM NOVEMBER 19, 2014 THROUGH MARCH 9, 2018**

Proskauer Rose LLP ("Proskauer"), counsel for Energy Future Holdings Corp. ("EFH Corp."), hereby submits this application (the "Final Fee Application"), pursuant to section 330 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rules 2016-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* dated September 16, 2014 [ECF No. 2066] (the "Interim Compensation Order"), the *Stipulation and Order Appointing a Fee Committee* dated August 21, 2014 [ECF No. 1896] (the "Fee Committee Order") and the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Large Chapter 11 Cases, effective November 1, 2013 (the "UST Guidelines"), for the allowance and award of compensation for professional services provided in the amount of $22,998,289.61 and reimbursement of actual and necessary expenses

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

in the amount of $459,756.06 that Proskauer incurred during the period commencing November 19, 2014 through and including March 9, 2018 (the "<u>Fee Period</u>").  In support of the Final Fee Application, Proskauer submits the declaration of Peter J. Young, which is attached hereto as **<u>Exhibit A</u>** and incorporated herein by reference.  In further support of this Final Fee Application, Proskauer respectfully represents as follows:

<u>Jurisdiction</u>

1.      The Court has jurisdiction over the Final Fee Application pursuant to 28 U.S.C. §§ 157 and 1334.

2.      This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein is section 330 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Bankruptcy Rules 2016-1 and 2016-2, the Interim Compensation Order, the Fee Committee Order and the UST Guidelines.

**<u>Factual Background of EFH Corp.'s Chapter 11 Case</u>**

5.      On April 29, 2014, EFH Corp. and each of its above-captioned debtor and debtor-in-possession affiliates (collectively, the "<u>Debtors</u>") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Further information regarding the Debtors' business operations and capital structure is set forth in the declaration [ECF No. 98] of Paul Keglevic in support of the Debtors' first day motions.

6.      On August 21, 2014, the Court entered the Fee Committee Order, which appointed a fee committee (the "<u>Fee Committee</u>") to, among other things, review and report as appropriate on all interim and final fee applications filed by professionals retained under sections 105, 327, 363 or 1103 of the Bankruptcy Code, in accordance with sections 328, 330 and 331 of the Bankruptcy Code and the Interim Compensation Order.

7.      On September 16, 2014, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all retained professionals in these chapter 11 cases.

8.      On August 29, 2016, the Court entered the *Order Confirming the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors and EFH Shared Services Debtors* [ECF No. 9421] (the "TCEH Confirmation Order"), pursuant to which the Court approved and confirmed the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code*, dated August 23, 2016 [ECF No. 9374], as it applies to Texas Competitive Electric Holdings Company LLC and the other debtors identified therein, and which went effective on October 3, 2016.

9.      On February 27, 2018, the Court entered the *Order Confirming the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [ECF No. 12763] (the "EFH Confirmation Order"), pursuant to which the Court approved and confirmed the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code*, dated February 15, 2018 [ECF No. 12653], as it applied to EFH Corp. and the other Debtors identified therein, and which went effective on March 9, 2018.

**Procedural Background for the Final Fee Application**

**A.      EFH Corp.'s Retention of Proskauer**

10.     EFH Corp. sought approval of this Court to retain Proskauer as counsel, pursuant to sections 327(a) and 330 of the Bankruptcy Code, by application filed on December 16, 2014

3

[ECF No. 3037] (the "<u>Proskauer Retention Application</u>").    As set forth in the Proskauer Retention Application and Proskauer's engagement letter, EFH Corp. engaged Proskauer to advise and represent EFH Corp. in connection with Conflict Matters (used herein as such term is defined in and pursuant to the authority delegated to EFH Corp.'s disinterested directors pursuant to resolutions of EFH Corp.'s board of directors) and in determining whether a matter constitutes a Conflict Matter, reporting to and at the direction of EFH Corp.'s disinterested directors. Proskauer's retention was approved by this Court by order dated January 13, 2015 [ECF No. 3281] (the "<u>Retention Order</u>"), effective *nunc pro tunc* to November 19, 2014.

11.    The Retention Order authorizes EFH Corp. to compensate Proskauer at Proskauer's hourly rates charged for services of this type and to reimburse Proskauer for Proskauer's actual and necessary out-of-pocket expenses incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Interim Compensation Order, the Fee Committee Order and the UST Guidelines.

**B.    Disinterestedness of Proskauer**

12.    To the best of Proskauer's knowledge and as disclosed in the *Declaration of Jeff J. Marwil in Support of Debtor Energy Future Holdings Corp.'s Application for Entry of an Order Authorizing the Retention and Employment of Proskauer Rose LLP as Counsel for Debtor and Debtor in Possession Energy Future Holdings Corp. Effective Nunc Pro Tunc to November 19, 2014* [ECF No. 3037, Exhibit C] (the "<u>Initial Retention Declaration</u>"), the *Supplemental Declaration of Jeff J. Marwil in Support of Debtor Energy Future Holdings Corp.'s Application for Entry of an Order Authorizing the Retention and Employment of Proskauer Rose LLP as Counsel for Debtor and Debtor in Possession Energy Future Holdings Corp. Effective Nunc Pro Tunc to November 19, 2014* [ECF No. 3128] (the "<u>Supplemental Retention Declaration</u>"), the *Second Supplemental Declaration of Jeff J. Marwil in Support of Debtor Energy Future*

4

*Holdings Corp.'s Application for Entry of an Order Authorizing the Retention and Employment of Proskauer Rose LLP as Counsel for Debtor and Debtor in Possession Energy Future Holdings Corp. Effective Nunc Pro Tunc to November 19, 2014* [ECF No. 3200] (the "Second Supplemental Retention Declaration") and the *Third Supplemental Declaration of Jeff J. Marwil in Support of Debtor Energy Future Holdings Corp.'s Application for Entry of an Order Authorizing the Retention and Employment of Proskauer Rose LLP as Counsel for Debtor and Debtor in Possession Energy Future Holdings Corp. Effective Nunc Pro Tunc to November 19, 2014* [ECF No. 3917] (the "Third Supplemental Retention Declaration" and, collectively with the Initial Retention Declaration, the Supplemental Retention Declaration and the Second Supplemental Retention Declaration, the "Retention Declarations"), Proskauer is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to EFH Corp.'s estate, as required by section 327(a) of the Bankruptcy Code, and Proskauer's attorneys do not hold or represent any interest adverse to EFH Corp. or its estate, except as otherwise specified in the Retention Declarations.

13.    Proskauer might have in the past represented, might currently represent, and may in the future represent parties in interest in this case in connection with matters unrelated to EFH Corp. or its chapter 11 case.  In the Retention Declarations, Proskauer disclosed its connections to parties in interest in EFH Corp.'s case that it has been able to ascertain using reasonable efforts.

14.    Proskauer performed the services for which it is seeking compensation on behalf of EFH Corp. and its estate and not on behalf of any committee, creditor or other entity.

15.    Proskauer has not received payment or promise of payment from any source other than EFH Corp. for services provided or to be provided in any capacity whatsoever in connection with EFH Corp.'s case.

5

97642033v3

16.     Proskauer does not share fees with any attorneys except to the extent permitted by section 504 of the Bankruptcy Code.

**C.     Summary of Compliance with Interim Compensation Order and Fee Committee Order**

17.     This Final Fee Application has been prepared in accordance with the Interim Compensation Order and the Fee Committee Order.

18.     On February 17, 2015, Proskauer filed its *First Interim Application of Proskauer Rose LLP, Counsel for Debtor Energy Future Holdings Corp., for Compensation for Services Rendered and Reimbursement of Expenses Incurred From November 19, 2014 through December 31, 2014* [ECF No. 3559] (the "First Interim Application").  On June 24, 2015, the Court granted the First Interim Application, subject to certain reductions agreed to by Proskauer and the Fee Committee, and awarded Proskauer interim basis fees in the amount of $1,209,076.00 and reimbursement of expenses in the amount of $30,920.37 for the first interim period [ECF No. 4843].

19.     On June 15, 2015, Proskauer filed its *Second Interim Application of Proskauer Rose LLP, Counsel for Debtor Energy Future Holdings Corp., for Compensation for Services Rendered and Reimbursement of Expenses Incurred From January 1, 2015 through April 30, 2015* [ECF No. 4759] (the "Second Interim Application").  On October 26, 2015, the Court granted the Second Interim Application, subject to certain reductions agreed to by Proskauer and the Fee Committee, and awarded Proskauer interim basis fees in the amount of $4,964,895.00 and reimbursement of expenses in the amount of $198,791.59 for the second interim period [ECF No. 6667].

20.     On October 16, 2015, Proskauer filed its *Third Interim Application of Proskauer Rose LLP, Counsel for Debtor Energy Future Holdings Corp., for Compensation for Services*

*Rendered and Reimbursement of Expenses Incurred From May 1, 2015 through August 31, 2015* [ECF No. 6497] (the "Third Interim Application"). On February 18, 2016, the Court granted the Third Interim Application, subject to certain reductions agreed to by Proskauer and the Fee Committee, and awarded Proskauer interim basis fees in the amount of $4,214,527.37 and reimbursement of expenses in the amount of $41,184.98 for the third interim period [ECF No. 7883].

21.     On February 16, 2016, Proskauer filed its *Fourth Interim Application of Proskauer Rose LLP, Counsel for Debtor Energy Future Holdings Corp., for Compensation for Services Rendered and Reimbursement of Expenses Incurred From September 1, 2015 through December 31, 2015* [ECF No. 7863] (the "Fourth Interim Application"). On June 27, 2016, the Court granted the Fourth Interim Application, subject to certain reductions agreed to by Proskauer and the Fee Committee, and awarded Proskauer interim basis fees in the amount of $2,646,198.75 and reimbursement of expenses in the amount of $52,646.56 for the fourth interim period [ECF No. 8824].

22.     On June 15, 2016, Proskauer filed its *Fifth Interim Application of Proskauer Rose LLP, Counsel for Debtor Energy Future Holdings Corp., for Compensation for Services Rendered and Reimbursement of Expenses Incurred From January 1, 2016 through April 30, 2016* [ECF No. 8718] (the "Fifth Interim Application"). On October 27, 2016, the Court granted the Fifth Interim Application, subject to certain reductions agreed to by Proskauer and the Fee Committee, and awarded Proskauer interim basis fees in the amount of $1,475,273.75 and reimbursement of expenses in the amount of $18,302.67 for the fifth interim period [ECF No. 9963].

23.     On October 17, 2016, Proskauer filed its *Sixth Interim Application of Proskauer Rose LLP, Counsel for Debtor Energy Future Holdings Corp., for Compensation for Services*

7

*Rendered and Reimbursement of Expenses Incurred From May 1, 2016 through August 31, 2016* [ECF No. 9832] (the "Sixth Interim Application"). On March 28, 2017, the Court granted the Sixth Interim Application, subject to certain reductions agreed to by Proskauer and the Fee Committee, and awarded Proskauer interim basis fees in the amount of $2,752,074.37 and reimbursement of expenses in the amount of $42,076.68 for the sixth interim period [ECF No. 11071].

24.    On February 15, 2017, Proskauer filed its *Seventh Interim Application of Proskauer Rose LLP, Counsel for Debtor Energy Future Holdings Corp., for Compensation for Services Rendered and Reimbursement of Expenses Incurred From September 1, 2016 through December 31, 2016* [ECF No. 10831] (the "Seventh Interim Application"). On July 10, 2017, the Court granted the Seventh Interim Application, subject to certain reductions agreed to by Proskauer and the Fee Committee, and awarded Proskauer interim basis fees in the amount of $1,138,546.32 and reimbursement of expenses in the amount of $11,962.04 for the seventh interim period [ECF No. 11437].

25.    On June 15, 2017, Proskauer filed its *Eighth Interim Application of Proskauer Rose LLP, Counsel for Debtor Energy Future Holdings Corp., for Compensation for Services Rendered and Reimbursement of Expenses Incurred From January 1, 2017 through April 30, 2017* [ECF No. 11352] (the "Eighth Interim Application"). On November 3, 2017, the Court granted the Eighth Interim Application, subject to certain reductions agreed to by Proskauer and the Fee Committee, and awarded Proskauer interim basis fees in the amount of $964,628.25 and reimbursement of expenses in the amount of $19,982.92 for the eighth interim period [ECF No. 12171].

26.    On October 18, 2017, Proskauer filed its *Ninth Interim Application of Proskauer Rose LLP, Counsel for Debtor Energy Future Holdings Corp., for Compensation for Services*

8

*Rendered and Reimbursement of Expenses Incurred From May 1, 2017 through August 31, 2017* [ECF No. 12085] (the "Ninth Interim Application"). On February 14, 2018, the Court granted the Ninth Interim Application, subject to certain reductions agreed to by Proskauer and the Fee Committee, and awarded Proskauer interim basis fees in the amount of $1,092,456.00 and reimbursement of expenses in the amount of $22,470.43 for the ninth interim period [ECF No. 12632].

27.    On February 21, 2018, Proskauer filed its *Tenth Interim Application of Proskauer Rose LLP, Counsel for Debtor Energy Future Holdings Corp., for Compensation for Services Rendered and Reimbursement of Expenses Incurred From September 1, 2017 through December 31, 2017* [ECF No. 12683] (the "Tenth Interim Application"). No order has been entered with respect to the Tenth Interim Application.

28.    On April 23, 2018, Proskauer filed its *Eleventh Interim Application of Proskauer Rose LLP, Counsel for Debtor Energy Future Holdings Corp., for Compensation for Services Rendered and Reimbursement of Expenses Incurred From January 1, 2018 through March 9, 2018* [ECF No. 13001] (the "Eleventh Interim Application"). No order has been entered with respect to the Eleventh Interim Application.

## Relief Requested

29.    By this Final Fee Application, Proskauer respectfully requests that the Court approve on a final basis the allowance and award of compensation in the amount of $22,998,289.61 for professional services rendered by Proskauer, as counsel for EFH Corp., during the Fee Period, representing 25,720.9 hours in professional and paraprofessional time for such services, and reimbursement of actual and necessary expenses incurred by Proskauer during the Fee Period of $459,756.06. Proskauer seeks the final allowance of such fees and expenses, as well as this Court's authorization for payment of such amounts by EFH Corp., less any

9

amounts paid to Proskauer prior to EFH Corp.'s payment thereof.

**Summary of Professional Compensation and Reimbursement of Expenses Requested**

30.    Proskauer's hourly rates are set at a level designed to compensate Proskauer fairly for the work of its attorneys and paraprofessionals.    During the Fee Period, Proskauer implemented three rate increases as disclosed in the fourth, fifth, and sixth supplemental declarations of Jeff J. Marwil.  *See* ECF Nos. 7003, 10120, 12307.  Each rate increase reflected Proskauer's client-wide rate increase effective the beginning of each fiscal year, November 1, and applied to all of Proskauer's clients.  The interim applications previously filed by Proskauer took into consideration those rate increases.

31.    Proskauer's fees for the services rendered are reasonable given the complexity of the matters attendant to this case and the level of expertise required to best serve EFH Corp.  In particular, the depth and complexity of the issues involved in EFH Corp.'s chapter 11 case, and the sophistication and breadth of expertise necessary to successfully advise EFH Corp. on such issues, is best served by employing counsel with Proskauer's sophistication in handling large matters for corporations and its expertise in, among other areas, restructuring, litigation, corporate, and tax.  The hourly rates charged by Proskauer professionals and paraprofessionals during the Fee Period covered by this Final Fee Application are no greater than the customary hourly rates for such services provided both inside and outside of bankruptcy cases.  Moreover, Proskauer believes that its fees are comparable to the fees charged by other highly-skilled practitioners experienced in advising clients with sizeable operations in and outside of chapter 11.

32.    All services for which compensation is requested by Proskauer in this Final Fee Application were performed for or on behalf of EFH Corp.  Except as described in the Final Fee Application, Proskauer has not received payment from any source for services rendered in

connection with EFH Corp.'s bankruptcy proceeding and Proskauer does not have an agreement to share compensation received for services rendered except as in accordance with the Bankruptcy Code.

33.     In the ordinary course of Proskauer's practice, Proskauer maintains records of the time expended to render the professional services required by EFH Corp.  For the convenience of the Court and all parties in interest, attached hereto as **Exhibit B**[2] is a summary of fees incurred and hours expended during the Fee Period, setting forth the following information:

- the name of each attorney and paraprofessional for whose work on EFH Corp.'s chapter 11 case compensation is sought;

- each attorney's year of bar admission and area of practice concentration;

- the aggregate time expended and fees billed by each attorney and each paraprofessional during the Fee Period;

- the hourly billing rate for each attorney and each paraprofessional at the rate when the timekeeper initial began working on a matter for EFH Corp. and the final rate for such timekeeper;

- the number of rate increases applicable to each attorney and each paraprofessional; and

- a calculation of total compensation requested using the rates disclosed in the Proskauer Retention Application.

34.     Furthermore, in the ordinary course of Proskauer's practice, Proskauer maintains a record of expenses incurred in rendering professional services for EFH Corp. and for which reimbursement is sought.  Proskauer currently charges $0.15 per page for standard duplication in its offices in the United States.  Notwithstanding the foregoing and consistent with the Local Bankruptcy Rules, Proskauer charged no more than $0.10 per page for standard duplication services.  Proskauer's expense reimbursement request complies with the caps established by the

---

[2] With respect to Exhibits B through D, the figures representing aggregate total fees and expenses are the amounts requested in Proskauer's eleven interim fee applications prior to adjustments made in connection with the fees awarded in the first through ninth interim compensation orders ($24,015,075.25 for fees and $524,708.83 for expenses).

Fee Committee.

35.     For the convenience of the Court and all parties in interest, attached hereto as **Exhibit C** is a summary of the total amount of reimbursements incurred with respect to each category of expenses for which Proskauer is seeking reimbursement for the Fee Period.

### Proposed Payment Allocation

36.     Pursuant to paragraph 4 of the Retention Order, absent an order of the Court, the fees and expenses incurred by Proskauer are paid by EFH Corp.  As such, no allocation pursuant to paragraph 2(b) of the Interim Compensation Order is applicable.

### Summary of Professional Services Rendered

37.     During the Fee Period, Proskauer provided necessary professional services to EFH Corp. with respect to Conflict Matters.  These services were necessary to address a variety of critical issues both unique to EFH Corp. in its chapter 11 case and typically faced by large corporate debtors in similar cases of this magnitude.

38.     Proskauer has structured its time records using its internal system of matter numbers.  A schedule setting forth a description of the matter numbers utilized in EFH Corp.'s chapter 11 case, the number of hours expended by Proskauer partners, associates and paraprofessionals by matter and the aggregate fees associated with each matter number is attached hereto as **Exhibit D**.  Proskauer's computerized records of time expended providing professional services to EFH Corp. are attached hereto as **Exhibit E** and Proskauer's records of expenses incurred during the Fee Period in rendering professional services to EFH Corp. are attached hereto as **Exhibit F**.

39.     Proskauer utilized four primary practice groups in rendering services to EFH Corp.: corporate, tax, litigation and bankruptcy.  Due to the nature of Proskauer's engagement (and that many Conflict Matters or potential Conflict Matters are interdisciplinary), a discrete

12

task assigned to one practice group or one Proskauer attorney could impact the overall strategy for EFH Corp.'s chapter 11 case.   Thus, Proskauer conducted periodic meetings among its attorneys, both within and across practice groups, to assist Proskauer's professionals in understanding the impact of their individual tasks on EFH Corp.'s overall restructuring goals. Additionally, it often was necessary to have multiple attorneys attend meetings or conference calls due to any particular attorney's knowledge of a specific matter to be addressed during such meeting or call.   In all instances where multiple attendees were present for a meeting or a conference call, Proskauer took efforts to involve only those attorneys whose presence were deemed necessary due to such attorneys' specific work on, or knowledge regarding, a specific matter.

40.    The following descriptions provide a summary of the primary services rendered by Proskauer during the Fee Period with respect to each matter number.  Given the scope of the work performed, these summaries do not cover all work performed but instead highlight the major areas of work.

**A.    Case Administration – Matter Number 001**

*Total Fees: $334,690.00; Total Hours: 404.3*

41.    This category includes time spent by Proskauer on a variety of tasks that were necessary to ensure the efficient and smooth rendition of legal services relating to EFH Corp.'s chapter 11 case in connection with Conflict Matters and in determining whether matters constitute Conflict Matters.  Specifically, Proskauer spent time:

- reviewing and analyzing various pleadings and other case background materials that could potentially impact Proskauer's representation of EFH Corp. with respect to Conflict Matters or potential Conflict Matters;

- compiling an internal database for use by Proskauer professionals working on the case containing, among other item, (a) pleadings previously filed in EFH Corp.'s case relating to Conflict Matters, (b) documents provided by

13

EFH Corp., and (c) other relevant documents provided by EFH Corp.'s other retained professionals;

- participating in numerous discussions and meetings with the other professionals retained in the Debtors' chapter 11 cases related to Conflict Matters or potential Conflict Matters;

- convening internal meetings for the purpose of identifying and analyzing potential issues related to Proskauer's representation of EFH Corp.;

- identifying and interviewing financial advisor candidates to assist in connection with Conflict Matters; and

- reviewing and analyzing documents in preparation for court hearings.

**B.    Asset Disposition – Matter Number 002**

*Total Fees: $676,341.00; Total Hours: 657.8*

42.    This category includes time spent by Proskauer on Conflict Matters related to the Debtors' decision to undertake a formal marketing and sale process to sell their economic interests in Oncor (the "Oncor Sale"). Specifically, Proskauer spent time:

- reviewing the numerous pleadings filed by parties in interest in connection with the Debtors' proposed bidding procedures, for the purpose of ascertaining the parties' positions with respect to the Oncor Sale and advising EFH Corp. and its disinterested directors with respect thereto;

- reviewing, analyzing and revising proposed bid procedures, including proposed comments from the Debtors' various stakeholders and other interested parties;

- participating in numerous discussions and meetings with the Debtors and other professionals in these chapter 11 cases related to the Oncor Sale;

- evaluating, together with SOLIC Capital Advisors ("SOLIC") – retained as financial advisor to EFH Corp. in connection with Conflict Matters [*See* ECF No. 3467] – various diligence materials and strategies with respect to the Oncor Sale;

- reviewing and analyzing bids for the Oncor assets and related bid summary materials;

- communicating with parties in interest with respect to Conflict Matters relating to the Oncor Sale;

14

- drafting memoranda with respect to various sale and bid issues with respect to Conflict Matters, including legal and transaction structural issues;

- reviewing, analyzing, and advising on the structure of a proposed sale and potential alternative transactions;

- reviewing, analyzing and commenting on draft transaction documents in connection with the proposed Oncor Sale;

- advising the Debtor's disinterested directors with respect to the Oncor Sale and the proposed bidding procedures; and

- reviewing and analyzing specific post-signing issues with respect to the Oncor Sale.

**C.      EFH Business Operations – Matter Number 003**

*Total Fees: $102,104.50; Total Hours: 101.1*

43.      This category includes time spent by Proskauer reviewing matters involving EFH Corp.'s business operations, including reviewing and analyzing EFH Corp.'s operating reports, cash flows, compensation reports, business plans, and other public filings and documents for information that could potentially impact Proskauer's representation of EFH Corp. with respect to Conflict Matters.

**D.      EFH Contested Matters and Adversary Proceedings – Matter Number 004**

*Total Fees: $1,372,485.50; Total Hours: 1,262.1*

44.      This category includes time spent by Proskauer relating to contested matters and adversary proceedings that involve or potentially involve Conflict Matters.  Proskauer spent time reviewing, analyzing, and drafting pleadings filed in certain adversary proceedings, as well as advising EFH Corp.'s disinterested directors in connection therewith.  Specifically, Proskauer spent time:

- reviewing and analyzing various motions for standing and subsequent replies filed by various parties and *ad hoc* groups and advising EFH Corp.'s disinterested directors in connection therewith;

15

- drafting responses to standing motions, including conducting legal research attendant thereto;

- reviewing and analyzing pleadings filed, and opinions issued, in certain adversary proceedings and appeals relating to such adversary proceedings;

- reviewing and analyzing a complaint and related materials filed by certain creditors challenging the plan support agreement;

- reviewing, analyzing, and drafting pleadings in connection with the actual and prospective NextEra merger agreement termination fee litigation ("Termination Fee Litigation"), as well as conducting research with respect to issues implicated in the litigation;

- drafting memoranda regarding Termination Fee Litigation facts, issues, and strategic considerations;

- reviewing, analyzing, and revising a proposed settlement of the Termination Fee Litigation;

- conducting internal meetings with other Proskauer professionals with respect to litigation strategy;

- meeting and corresponding with the Debtors' other retained professionals and other parties in interest regarding the Termination Fee Litigation;

- reviewing, analyzing, and drafting pleadings and informal requests in connection with a complaint filed against Vistra Energy Corp. (the "Vistra Litigation");

- drafting a motion seeking a temporary restraining order in the Vistra Litigation, and reviewing, analyzing, and drafting pleadings in connection with such motion;

- conducting research on various litigation issues with respect to the Vistra Litigation and preparing memoranda regarding such research;

- meeting and corresponding with the Debtors' other retained professionals and other parties in interest regarding the Vistra Litigation;

- coordinating document review processes internally to ensure an efficient document review process and compliance with deadlines;

- reviewing, analyzing, and drafting various arbitration submissions; and

- researching discrete issues in preparation for arbitration, preparing various memoranda regarding such research, and generally preparing for arbitration.

16

E.     **EFH Corporate Governance and Board Matters – Matter Number 005**

*Total Fees: $1,651,014.00; Total Hours: 1,481.6*

45.     This category includes time spent by Proskauer advising EFH Corp.'s disinterested directors with respect to corporate governance issues and preparing for and participating in EFH Corp.'s board meetings and joint meetings of the boards of EFH Corp. and other Debtors.  Specifically, Proskauer spent time:

- negotiating and drafting resolutions consistent across Energy Future Intermediate Holding Company LLC, Texas Competitive Electric Holdings Company LLC ("TCEH"), and EFH Corp. regarding (i) determination of, resolution of, protocols regarding, and authority with respect to, Conflict Matters, (ii) privilege issues and (iii) confidentiality;

- conducting internal group meetings in preparation for board meetings and to discuss various corporate governance issues;

- preparing for, including coordinating with the Debtors' other professionals, and participating in board meetings;

- reviewing and commenting on board materials and other presentation materials distributed in connection with board meetings, including with respect to litigation matters, the Oncor Sale, certain discovery matters, the Debtors' plan confirmation processes, and other inter-estate issues;

- drafting and revising board minutes and resolutions, including with respect to approving the bid procedures, director compensation, actions with respect to certain of EFH Corp.'s legacy note debt, the Debtors' plans of reorganization, the comprehensive inter-Debtor claim settlement, and alternative plan structures; and

- researching, drafting, and revising memoranda with respect to certain Conflict Matters for EFH Corp.'s disinterested directors.

F.     **Discovery (Intercompany and Cross Debtor Claims) – Matter Number 006**

*Total Fees: $2,625,576.50; Total Hours: 3,201.3*

46.     This category includes time spent by Proskauer related to responding to requests for discovery propounded by parties in interest on significant issues pending in the Debtors' cases that implicate Conflict Matters, including with respect to confirmations of the Debtors'

17

plans of reorganization.  Specifically, Proskauer spent time:

- establishing discovery protocols;

- communicating and meeting with Proskauer professionals regarding document collection;

- coordinating document review processes internally and with a third-party eDiscovery vendor to ensure an efficient document review process and compliance with discovery deadlines;

- identifying, collecting and processing documents from EFH Corp.'s disinterested directors for review and potential production;

- researching issues regarding privilege, waiver, challenges to discovery requests and other discovery-related issues in connection with Proskauer's review and production of documents and preparing memoranda regarding such research;

- reviewing and analyzing subpoenas, deposition requests, requests for documents and other discovery related requests;

- preparing and drafting responses to discovery requests;

- conducting internal meetings with respect to the discovery process, including on issues related to document collection, responses to discovery requests and privilege;

- reviewing documents for privilege and responsiveness;

- reviewing and analyzing documents produced by third parties;

- drafting strategic memoranda with respect to depositions and discovery;

- preparing for and attending multiple depositions in connection with plan confirmations;

- drafting strategic memoranda with respect to general plan confirmation strategies;

- meeting and corresponding with the Debtors' other retained professionals and other parties in interest regarding the discovery process and issues in connection therewith; and

- researching and analyzing various issues in connection with plan confirmation depositions and preparing for such depositions.

18

**G.     Employment Applications – Matter Number 007**

*Total Fees: $183,580.00; Total Hours: 200.2*

47.     This category includes time spent by Proskauer related to EFH Corp.'s employment and retentions of both Proskauer and SOLIC.  Specifically, Proskauer spent time:

- negotiating and exchanging with EFH Corp. drafts of Proskauer's and SOLIC's engagement letters and, ultimately, obtaining approvals from EFH Corp.'s disinterested directors of those engagement letters;

- conducting conflicts analyses and preparing disclosures with respect to any such conflicts;

- drafting Proskauer's and SOLIC's retention applications and related filings;

- addressing various issues raised by the U.S. Trustee in connection with Proskauer's proposed retention;

- preparing supplemental declarations in response to comments by the U.S. Trustee and other interested parties to Proskauer's retention application;

- conducting significant conflict reviews on additional parties in interest identified by EFH Corp. following the filing of Proskauer's retention application;

- preparing supplemental declarations in connection with Proskauer's continued evaluations of its client relationships and disclosing rate changes; and

- advising EFH Corp.'s new local counsel for Conflict Matters with respect to its retention application.

**H.     Fee Applications and Objections – Matter Number 008**

*Total Fees: $881,709.50; Total Hours: 971.3*

48.     This category includes time spent by Proskauer related to the preparation and filing of monthly fee statements and interim applications for compensation.  Specifically, Proskauer spent time:

- drafting Proskauer's forty monthly fee statements and eleven interim fee applications;

19

- reviewing and commenting on SOLIC's monthly fee statements and interim fee applications;

- reviewing and revising invoices regarding privilege and compliance with applicable guidelines and rules; and

- preparing, reviewing and revising monthly budgets and staffing plans.

**I.      Financing and Cash Collateral – Matter Number 009**

*Total Fees: $816,091.50; Total Hours: 891.1*

49.    This category includes time spent by Proskauer related to the Debtors' capital structure, prepetition and postpetition financing and cash collateral issues.    Specifically, Proskauer spent time:

- conducting an analysis of the Debtors' debt and capital structures, including a review of relevant debt instruments, to determine the impact of such debt on claims by and against EFH Corp (including the potential impact on EFH Corp.'s estate's recoveries of the litigation with respect to the various noteholders' make-whole and postpetition contract rate of interest claims and any proposed settlement thereof);

- reviewing and analyzing the debt of TCEH and its direct and indirect debtor subsidiaries, including a review related to the perfection of all liens and the impact of such on claims by and against EFH Corp.;

- researching and analyzing various finance-related intercompany claims;

- researching discrete issues related to the Debtors' capital structure;

- drafting memoranda with respect to the various finance documents and intercompany claims in connection therewith;

- researching, drafting, and revising draft pleadings with respect to debt-related claims against EFH Corp;

- reviewing pleadings and opinions issued in connection with the Debtors' adversary proceedings and related appeals, and analyzing the impact of such opinions on claims by and against EFH Corp.;

- drafting and revising a memorandum analyzing various claims by and against EFH Corp.; and

- reviewing and analyzing issues in connection with the Debtors' use of

20

cash collateral.

## J.  Hearings – Matter Number 010

*Total Fees: $592,741.50; Total Hours: 551.8*

50.    This category includes time spent by Proskauer related to preparing for and attending hearings.  During the Fee Period, Proskauer professionals prepared for and participated in approximately eighty-four hearings.

## K.  Claims Investigation, Analyses and Objections – Matter Number 011

*Total Fees: $2,739,415.50; Total Hours: 3,168.0*

51.    This category includes time spent by Proskauer related to investigating and analyzing potential claims between and among, and/or asserted against, EFH Corp. and the other Debtors.  Specifically, Proskauer spent time:

- reviewing pleadings and other documents with respect to the operating and transactional history of the Debtors and other background materials regarding potential intercompany claims;

- reviewing diligence materials, participating in diligence sessions with the Debtors' primary restructuring counsel and other conflicts matter counsel and preparing diligence requests with respect to potential intercompany claims;

- researching and analyzing various intercompany issues in connection with historic practices and transactions;

- reviewing various financial transactions, and any related transaction documents, and analyzing potential intercompany claims in connection therewith;

- drafting memoranda addressing certain intercompany transactions and related potential claims;

- preparing diligence requests with respect to potential intercompany claims;

- preparing executive summaries, memoranda and other deliverables for EFH Corp.'s disinterested directors with respect to strategy and issues concerning potential intercompany claims;

21

- preparing for and participating in settlement negotiations with the Debtors' primary restructuring counsel and other conflicts matter counsel with respect to potential intercompany claims, including preparing presentations and other materials regarding the strength of intercompany claims by and against EFH Corp.;

- negotiating and memorializing a settlement of intercompany claims;

- conducting meetings and calls with SOLIC regarding intercompany claims analyses and issues in connection therewith;

- drafting multiple omnibus objections to claims filed against EFH Corp. that should have been asserted against other Debtor entities;

- conducting conferences with the Debtors' other retained professionals with respect to responding to formal and informal responses to claim objections;

- responding to claimant inquiries and responses with respect to the various omnibus objections to claims filed against EFH Corp. that should have been asserted against other Debtor entities;

- negotiating resolutions to claims objections;

- drafting various settlement notices and supplemental orders resolving adjourned claims objections;

- analyzing a proposed settlement of claims with certain governmental units;

- communicating with certain claimholders in connection with responding to inquiries regarding their claims; and

- reviewing certain large administrative claims, which could implicate Conflict Matters, and reviewing various reports with respect to satisfied claims.

## L.    Meetings, Communications with Creditors & Other Debtors – Matter Number 012

*Total Fees: $202,262.50; Total Hours: 177.8*

52.    This category includes time spent by Proskauer communicating with, and addressing issues raised by, the two statutory committees of unsecured creditors (the "EFIH Creditors' Committee" and the "TCEH Creditors' Committee", respectively) appointed in the Debtors' cases, creditor constituencies and the other Debtors on matters not covered by the other

matter categories established by Proskauer.  Specifically, Proskauer spent time:

- meeting with the Debtors' other retained professionals to discuss case issues and strategy; and

- meeting with the EFIH Creditors' Committee and the TCEH Creditors' Committee and other creditors to discuss case issues and issues related to specific claims, strategies and proposals.

**M.    Other Motions and Applications – Matter Number 013**

*Total Fees: $757.50; Total Hours: 0.7*

53.    This category includes time spent by Proskauer related to reviewing pleadings filed in the Debtors' cases with respect to a discrete matter that do not fall into one of the other matter categories.  Specifically, Proskauer spent time reviewing the Debtors' motion and order enlarging the time to remove actions.

**N.    Non-Working Travel – Matter Number 014**

*Total Fees: $842,501.25; Total Hours: 1,527.6*

54.    This category includes non-working travel time spent by Proskauer attorneys in connection with their representation of EFH Corp.  The amounts requested in the Fee Application reflect a reduction of fifty percent (50%) of the charges for travel time not spent working on matters related to EFH Corp.'s chapter 11 case.

**O.    Plan and Disclosure Statement – Matter Number 015**

*Total Fees: $6,614,685.00; Total Hours: 6,370.3*

55.    This category includes time spent by Proskauer related to various issues involving the Debtors' plans of reorganization.  Specifically, Proskauer spent time:

- communicating and meeting with the Debtors' other retained professionals to discuss plan processes, issues and strategies, and to analyze intercompany claims issues in connection therewith;

- reviewing, analyzing and preparing memoranda on confirmation issues and strategic considerations;

23

- reviewing and analyzing plan materials that implicate Conflict Matters, including proposed plan term sheets, proposed plans and disclosure statements, plan supplement materials, proposed confirmation orders, and other documents filed in advance of multiple confirmation hearing;

- preparing for and participating in negotiations with the Debtors' stakeholders regarding proposed terms of plans of reorganization and disclosure statements;

- researching and analyzing certain discrete issues in connection with proposed plan structures as such issues relate to Conflict Matters;

- meeting with EFH. Corp.'s disinterested directors and advising the disinterested directors on the various plan proposals, the solicitation and confirmation process and other confirmation issues that implicate Conflict Matters;

- drafting various memoranda to EFH Corp.'s disinterested directors advising them on plan issues, structure and strategy, including terms of plan support agreements, disclosure statements, plans, settlement agreements and objections to the foregoing;

- reviewing and analyzing plan proposals by various creditor parties and conducting subsequent meetings and communications with creditors regarding such proposals;

- reviewing and analyzing financial information prepared by SOLIC regarding, among other items, valuation, treatment and recovery on claims, liquidation analyses and feasibility, and conducting meetings with SOLIC regarding the foregoing;

- reviewing pleadings filed in connection with the Debtors' plan confirmation processes that implicate Conflict Matters, including objections to plan support agreements, disclosure statements, plans and settlement agreements;

- reviewing, revising and negotiating terms of settlements of plan objections and settlement agreement approval objections involving Conflict Matters, including related plan transaction documents and plan supplements;

- reviewing pleadings filed in connection with the appeal of the Debtors' confirmed plans;

- reviewing and analyzing materials submitted in connection with the regulatory approval process of the Oncor transaction and advising EFH Corp.'s disinterested directors on issues raised in connection therewith;

- reviewing and analyzing the impact of a certain regulatory decision

24

regarding the terms of the Oncor transaction and preparing memoranda regarding the Debtors' strategic options and alternatives in light of the foregoing;

- communicating and meeting with the Debtors' other retained professionals to discuss alternative plan processes, diligence issues, structures and strategy;

- reviewing, analyzing, and revising alternative plan materials that implicate Conflict Matters, including proposed alternative plan term sheets, draft disclosure statements and other related documents, and conducting subsequent meetings and communications with creditors regarding such proposals;

- researching and analyzing certain discrete issues in connection with proposed alternative plan structures as such issues relate to Conflict Matters;

- drafting various memoranda and preparing numerous presentations to EFH Corp.'s disinterested directors advising them on plan issues, structures and strategies, including disclosure statements, plans, ballots and solicitation materials, transition services agreement, valuation analyses, bid materials, and transaction documents proposed in connection with alternative plans;

- preparing for and conducting meetings and telephone conferences with Proskauer professionals with respect to plan confirmation;

- reviewing pleadings filed in connection with the alternative plan confirmation processes that implicate Conflict Matters, including objections to the disclosure statements, plans, and transaction documents;

- reviewing, revising and negotiating provisions of the proposed Oncor transaction documents that implicate Conflict Matters;

- reviewing, revising and negotiating terms of settlements of alternative plan objections and other plan issues involving Conflict Matters; and

- preparing witnesses for testifying at the confirmation hearings.

## P.    Tax – Matter Number 016

*Total Fees: $4,370,477.00; Total Hours: 4,745.8*

56.     This category includes time spent by Proskauer on tax issues, which time was critical given that EFH Corp., as the sole taxpayer among all of the Debtors' estates, could be subject to a multi-billion dollar Internal Revenue Service ("IRS") tax claim in certain

25

circumstances.  Specifically, Proskauer spent time:

- reviewing various pleadings and internal reports with respect to tax issues;

- reviewing tax sharing and allocation agreements and analyzing such documents' impact on certain case strategies and plan structures;

- researching discrete tax issues, including issues with respect to net operating losses, allocation methods, intercompany tax claims, bonus depreciation, tax adjustments, anti-injunctive rulings, earnings and profits allocation rules, and alternative minimum tax monetization, and the related impact of such issues on the Debtors' cash position, and preparing memoranda regarding such research;

- analyzing and evaluating the tax implications to EFH Corp. with respect to plans of reorganization structures, including issues with respect to tax consequences of the various plan structures proposed by creditors, intercompany tax claims, the disposition of various assets of the Debtors and an IRS audit;

- reviewing and revising tax provisions contained in the proposed plans of reorganization and related documents;

- researching and analyzing issues in connection with alternative tax structures and preparing memoranda regarding the same;

- preparing diligence requests with respect to tax issues and potential tax-related intercompany claims, analyzing diligence materials, and participating in diligence sessions with the Debtors' primary restructuring counsel and other conflicts matter counsel;

- reviewing, analyzing, and preparing responses to allocation issues raised in the Termination Fee Litigation;

- reviewing and analyzing materials submitted to the IRS in connection with an audit of the Debtors' tax return, and analyzing a proposed settlement regarding such audit;

- drafting, reviewing, and analyzing IRS submissions;

- reviewing and revising responses to various questions raised by the IRS in connection with certain submissions previously made to the IRS;

- reviewing and analyzing implications of private letter rulings on tax disputes;

- drafting, reviewing, and analyzing IRS ruling requests;

26

- reviewing a tax opinion issued by other tax professionals and preparing an analysis of such opinion for EFH Corp.'s disinterested directors;

- communicating and meeting with the Debtors' other retained professionals and creditors' professionals to discuss tax issues and strategies;

- analyzing the impact of a certain regulatory decision regarding the terms of the Oncor transaction, and reviewing alternative plan structures in connection therewith;

- preparing presentations for EFH Corp.'s disinterested directors with respect to tax issues in connection with alternative plan structures and attending related meetings and conference calls;

- reviewing, evaluating and analyzing the tax provisions of the Debtors' alternative plans and advising EFH Corp.'s disinterested directors on the potential tax consequences;

- researching discrete tax issues in connection with the Debtors' plans of reorganization, including issues with respect to tax consequences of the various alternative plan structures, intercompany tax claims, net operating loss issues and the disposition of various assets of the Debtors;

- attending meetings with the Debtors' other retained professionals to discuss tax implications of alternative plan structures;

- reviewing, analyzing, and drafting pleadings in the Vistra Litigation and arbitration submissions with respect to tax issues; and

- conducting internal group meetings to discuss and analyze tax issues and the tax consequences to EFH Corp. relating to the foregoing.

**Q.    Time Entry Review – Matter Number 017**

*Total Fees: $462.50; Total Hours: 0.5*

57.    This category includes time spent by Proskauer related to reviewing its time entries to ensure compliance with the Interim Compensation Order, the Fee Committee Order and the UST Guidelines.  Beginning with Proskauer's Second Interim Application, time billed to reviewing time entries was included in matter number 008.

**R.    Allocation – Matter Number 018**

*Total Fees: $8,180.00; Total Hours: 7.6*

27

58.     This category includes time spent by Proskauer on analyzing valuation issues in connection with formulating a plan of reorganization.  Beginning in June 2015, Proskauer included such time as part of matter number 015 (plan and disclosure statement).

### Allowance of Compensation

59.     The foregoing professional services rendered by Proskauer on behalf of EFH Corp. during the Fee Period were reasonable, necessary and appropriate for the administration of EFH Corp.'s chapter 11 case and in the best interests of EFH Corp. and its estate.  The compensation requested for the foregoing services is commensurate with the complexity and nature of the problems, issues and tasks involved.  The professional services were performed expediently and in an efficient manner.  In particular, Proskauer made use of its internal experts and specialists to provide efficient and cost-effective answers to questions and allocated work among professionals and paraprofessionals in a manner designed to promote cost effectiveness.

60.     During the Fee Period, the professional services performed by Proskauer on behalf of EFH Corp. required an aggregate expenditure of 25,720.9 recorded hours by Proskauer professionals and paraprofessionals.  Of the aggregate time expended, 19,284.8 recorded hours were expended by partners, counsel and special counsel, 6,113.8 recorded hours were expended by associates and 322.3 recorded hours were expended by Proskauer paraprofessionals.

61.     Proskauer billed EFH Corp. for time expended by professionals and paraprofessionals at hourly rates ranging from $195 to $1,495.  Allowance of compensation in the amount requested would result in a blended hourly billing rate: (a) for partners, counsel and special counsel, approximately $1,025.07; (b) for associates, approximately $679.50; (c) for paraprofessionals, approximately $286.90; and (d) for all professionals and paraprofessionals,

28

approximately $933.68.[3]    The hourly rates utilized by Proskauer in connection with its engagement by EFH Corp. are equivalent to the hourly rates used by Proskauer for similar complex corporate and litigation matters.  These rates and rate structures reflect that such matters involve great complexity, high stakes and severe time pressures.

### Actual and Necessary Expenses Incurred by Proskauer

62.    As set forth in **Exhibit C**, Proskauer seeks reimbursement of $459,756.06 on account of expenses incurred in performing professional services during the Fee Period. Reimbursable expenses (whether performed by Proskauer in-house or by third-party vendors) include: photocopying, travel expenses, filing and recording fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges, transcription charges, and expenses for "working meals."  Pursuant to Proskauer's expense policies, out-of-pocket expenses are passed through at actual costs.

63.    Proskauer has negotiated discounted rates for Westlaw and Lexis computer-assisted legal research, which rates vary according to the type of research conducted and the specific files researched, but, in any event, such charges are billed at cost.  Computer-assisted legal research is used whenever the researcher determines that using Westlaw or Lexis is more cost effective than using traditional (non-computer assisted legal research) techniques.

64.    In addition, Proskauer has applied a voluntary reduction in the amount of $197,572.85 to its expense reimbursement request to comply with the caps established by the Fee Committee.  Specifically, Proskauer applied the following reductions:

- a reduction of fifty percent (50%) for non-refundable first-class airfare to approximate the cost differential between non-refundable first-class airfare and refundable coach-class fare, addressing the concerns of the Fee

---

[3] Blended hourly billing rates are calculated by dividing the total dollar amount billed by such timekeepers during the Fee Period by the total number of hours billed by such timekeepers during the Fee Period.

Committee with respect to such expenses.

- an aggregate $191.63 reduction for certain telecommunication expenses incurred that are not reimbursable pursuant to the guidelines established by the Fee Committee;

- an aggregate $3,685.26 reduction for cab and carfare expenses incurred going to and from airports in excess of the reimbursable cap imposed by the Fee Committee;

- an aggregate reduction of $20,954.30 for business meal expenses in excess of the reimbursable cap imposed by the Fee Committee;

- an aggregate reduction of $33,157.54 for lodging expenses in excess of the reimbursable cap imposed by the Fee Committee;

- an aggregate $6,337.30 reduction of word processing and proofreading expenses incurred that are not reimbursable pursuant to the guidelines established by the Fee Committee;

- an aggregate reduction of $5,258.20 for certain overtime expenses that are not reimbursable pursuant to the Fee Committee guidelines; and

- an aggregate reduction of $777.76 for certain inadvertent overcharges and an inadvertent duplicative charge.

65.     Factoring in the foregoing reductions, all expenses charged comply with the various provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Interim Compensation Order, the Fee Committee Order and the UST Guidelines.

66.     Proskauer respectfully submits that the actual expenses incurred in providing professional services during the Fee Period and billed to EFH Corp. were necessary, reasonable and justified under the circumstances to serve the needs of EFH Corp. in its chapter 11 case.

## The Requested Compensation Should be Allowed

67.     Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and . . . reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A) and (B).

30

68.     Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to . . . [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)(A)-(F).

69.     In the instant case, Proskauer respectfully submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Final Fee Application were necessary for and beneficial to EFH Corp.'s orderly administration of its estate and its efforts in chapter 11.  Proskauer worked diligently to anticipate or respond to EFH Corp.'s needs and assist in EFH Corp.'s chapter 11 case.  Proskauer's services and expenditures were necessary to, and in the best interests of, EFH Corp.'s estate and creditors.  Proskauer submits further that the services its professionals and paraprofessionals provided to EFH Corp. were performed economically, effectively and efficiently, and that the results obtained have benefited not only EFH Corp. but all of EFH Corp.'s stakeholders.  The services provided by

31

Proskauer were consistently performed in a timely manner commensurate with the complexity, importance, novelty and nature of the issues involved. Accordingly, Proskauer respectfully submits that the compensation requested herein is reasonable in light of the nature, extent and value of such services to EFH Corp., its estate and all parties in interest.

## Notice

70.     Proskauer provided notice of this Final Fee Application to: (a) the Debtors; (b) co-counsel to the Debtors, Kirkland & Ellis LLP; (c) co-counsel to the Debtors, Richards, Layton & Finger, P.A.; (d) the U.S. Trustee; (e) counsel for the agent of the EFIH First Lien DIP Financing Facility; (f) counsel to the EFH Creditors' Committee; and (g) counsel to the Fee Committee (collectively, the "Notice Parties"). Pursuant to the Interim Compensation Order, any party, other than the Notice Parties, that wishes to object to the Final Fee Application, must file its objection with the Court, with a copy to Chambers and serve it on Proskauer and the Notice Parties so that it is actually received on or before May 14, 2018, at 4:00 p.m. (prevailing Eastern Time).

## No Prior Request

71.     Other than requests for payment in accordance with the Interim Compensation Order through Proskauer's prior interim fee applications, no prior request for the relief requested herein has been made to this or any other Court.

WHEREFORE, Proskauer respectfully requests that the Court enter an order: (i) awarding Proskauer final compensation in the amount of $22,998,289.61 for services rendered and $459,756.06 for reimbursement of actual and necessary expenses Proskauer incurred during the Fee Period; (ii) authorizing and directing EFH Corp. to remit payment to Proskauer for such fees and expenses; (iii) authorizing and directing the payment of any amounts previously approved by the Court as to which payment has been withheld; and (iv) granting such

32

97642033v3

other and further relief as the Court deems appropriate.

Dated:  April 23, 2018
         Los Angeles, California

**PROSKAUER ROSE LLP**

*/s/ Peter J. Young*
Peter J. Young (admitted *pro hac vice*)
2049 Century Park East
32nd Floor
Los Angeles, CA 90067-3206
Telephone:  (310) 557-2900
Facsimile:  (310) 557-2193

and

Jeff J. Marwil (admitted *pro hac vice*)
Mark K. Thomas (admitted *pro hac vice*)
Three First National Plaza
70 West Madison, Suite 3800
Chicago, IL  60602-4342
Telephone:  (312) 962-3550
Facsimile:  (312) 962-3551

*Counsel for Energy Future Holdings Corp.*

## Exhibit A

[Verification of Peter J. Young]

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

### Verification of Peter J. Young

1.     I am a partner in the firm of Proskauer Rose LLP ("Proskauer"),[2] which maintains an office for the practice of law at 2049 Century Park East, 32nd Floor, Los Angeles, California 90067-3206.  I am one of the lead attorneys from Proskauer working on the EFH Corp.'s chapter 11 case.  I am an attorney duly licensed in, and am a member in good standing of, the Bars for the State of Illinois and the State of California, and am admitted to practice in the United States District Court for the Northern District of Illinois and the United States District Court for the Central District of California.  There are no disciplinary proceedings pending against me.

2.     I have personally performed many of the legal services rendered by Proskauer as counsel to EFH Corp. and am familiar with all other work performed on behalf of EFH Corp. by the lawyers and other persons in the firm.

3.     The facts set forth in the foregoing Final Fee Application are true and correct to the best of my knowledge, information and belief.

---

[1]  The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]  Each capitalized term used but not otherwise defined herein shall have the meaning ascribed thereto in the *Final Application of Proskauer Rose LLP, Counsel for Debtor Energy Future Holdings Corp., for Compensation for Services Rendered and Reimbursement of Expenses Incurred from November 19, 2014 Through March 9, 2018* (the "Fee Application").

4.      I have reviewed Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware and believe that Proskauer's Final Fee Application complies with Rule 2016-2.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  April 23, 2018                              */s/ Peter J. Young*
_____

                                        Name:   Peter J. Young
                                        Title:    Partner, Proskauer Rose LLP

2

## Exhibit B

[Attorneys' and Paraprofessionals' Information]

Proskauer attorneys who rendered professional services in these cases during the Fee Period are:

| Professional Person | Position | Year Admitted | Department | Hourly Billing Rate (Initial Rate/ Final Rate) | Number of Rate Increases | Total Billed Hours | Total Compensation | Compensation if Billed at First Interim Application Billing Rate |
|---|---|---|---|---|---|---|---|---|
| Philip M. Abelson | Partner | 2003 | Corporate | $1,025/$1,025 | N/A | 0.9 | $922.50 | $922.50 |
| Julie M. Allen | | 1984 | | $1,275/$1,350 | 1 | 609.8 | $782,745.00 | $777,495.00 |
| | Partner | | Corporate | | | 34.4 | $21,930.00 | $21,930.00 |
| Justin Breen | Partner | 2003 | Corporate | $1,000/$1,000 | N/A | 6.4 | $6,400.00 | $6,400.00 |
| Richard M. Corn | Partner | 2005 | Tax | $875/$1,025 | 3 | 1,283.4 | $1,190,785.00 | $1,122,975.00 |
| Michael E. Ellis | Partner | 2007 | Corporate | $800/$1,025 | 2 | 139.4 | $117,987.50 | $111,520.00 |
| Michael A. Firestein | | 1983 | | $975/$1,125 | 3 | 2,450.1 | $2,479,297.50 | $2,388,847.50 |
| | Partner | | Litigation | | | 166.8 | $83,830.00[1] | $81,315.00[1] |
| Daniel I. Ganitsky | Partner | 2001 | Corporate | $1,000/$1,050 | 1 | 407.5 | $414,125.00 | $407,500.00 |
| Martin H. Hamilton | Partner | 2004 | Tax | $925/$925 | N/A | 0.8 | $740.00 | $740.00 |
| Mark Harris | Partner | 1992 | Litigation | $1,050/$1,050 | N/A | 0.3 | $315.00 | $315.00 |
| Jeffrey W. Levitan | Partner | 1983 | Corporate | $1,125/$1,200 | 1 | 229.5 | $258,480.00 | $258,187.50 |
| Jeff J. Marwil | | 1986 | | $1,125/$1,350 | 3 | 1,225.7 | $1,381,455.00 | $1,378,912.50 |
| | Partner | | Corporate | | | 174.6 | $98,212.50[1] | $98,212.50[1] |
| Gregg M. Mashberg | Partner | 1978 | Litigation | $1,200/$1,200 | N/A | 37.1 | $44,520.00 | $44,520.00 |
| Paul Possinger | | 1993 | | $975/$1,075 | 2 | 740.1 | $724,802.50 | $721,597.50 |
| | Partner | | Corporate | | | 8.0 | $3,900.00[1] | $3,900.00[1] |
| Lary Alan Rappaport | | 1979 | | $900/$1,000 | 2 | 1,033.9 | $949,005.00 | $930,510.00 |
| | Partner | | Litigation | | | 10.2 | $4,590.00[1] | $4,590.00[1] |
| Andrea S. Rattner | Partner | 1987 | Tax | $1,300/$1,300 | N/A | 1.7 | $2,210.00 | $2,210.00 |
| Stuart L. Rosow | Partner | 1976 | Tax | $1,275/$1,495 | 3 | 835.0 | $1,130,356.50 | $1,064,625.00 |
| Mark K. Thomas | | 1981 | | $1,125/$1,350 | 3 | 4,043.7 | $4,822,545.00 | $4,549,162.50 |
| | Partner | | Corporate | | | 622.6 | $369,457.50[1] | $350,212.50[1] |
| Ronald E. Wood | Partner | 1988 | Litigation | $875/$875 | N/A | 132.3 | $115,762.50 | $115,762.50 |
| Peter J. Young | | 2002 | | $925/$1,125 | 3 | 4,421.8 | $4,373,025.00 | $4,090,165.00 |
| | Partner | | Corporate | | | 511.0 | $260,581.25[1] | $236,337.50[1] |
| Timothy W. Donovan | Senior Counsel | 2001 | Litigation | $1,050/$1,050 | N/A | 0.4 | $420.00 | $420.00 |
| Steven H. Holinstat | Senior | 1996 | | $825/$825 | N/A | 157.4 | $129,855.00 | $129,855.00 |

---

[1] Represents a fifty percent (50%) reduction for non-working travel time.

| Professional Person | Position | Year Admitted | Department | Hourly Billing Rate (Initial Rate/ Final Rate) | Number of Rate Increases | Total Billed Hours | Total Compensation | Compensation if Billed at First Interim Application Billing Rate |
|---|---|---|---|---|---|---|---|---|
| | Counsel | | Litigation | | | | | |
| Martine Seiden Agaston | Associate | 2016 | Tax | $495/$550 | 1 | 4.7 | $2,458.50 | $2,326.50 |
| Ehud Barak | Associate | 2010 | Corporate | $730/$730 | N/A | 3.5 | $2,555.00 | $2,555.00 |
| Courtney M. Bowman | Associate | 2013 | Litigation | $575/$825 | 2 | 237.9 | $152,904.50 | $136,792.50 |
| Jeffrey Chubak | Associate | 2007 | Corporate | $795/$795 | N/A | 206.2 | $163,929.00 | $163,929.00 |
| Celia V. Cohen | Associate | 2010 | Litigation | $695/$695 | N/A | 4.5 | $3,127.50 | $3,127.50 |
| Christopher J. DePizzo | Associate | 2012 | Corporate | $575/$575 | N/A | 2.6 | $1,495.00 | $1,495.00 |
| Kunal Dogra | Associate | 2010 | Corporate | $825/$825 | N/A | 75.8 | $62,535.00 | $62,535.00 |
| Rochelle H. Emert | Associate | 2014 | Litigation | $465/$465 | N/A | 210.5 | $97,882.50 | $97,882.50 |
| Mina Farbood | Associate | 2008 | Corporate | $795/$795 | N/A | 0.2 | $159.00 | $159.00 |
| Jacquelyn N. Ferry | Associate | 2012 | Litigation | $660/$660 | N/A | 91.7 | $60,522.00 | $60,522.00 |
| Seth Fier | Associate | 2006 | Litigation | $925/$975 | 1 | 84.8 | $78,590.00 | $78,440.00 |
| Scott J. Fishwick | Associate | 2012 | Litigation | $660/$660 | N/A | 103.0 | $67,980.00 | $67,980.00 |
| Jinyoung Joo | Associate | 2011 | Corporate | $695/$695 | N/A | 43.3 | $30,093.50 | $30,093.50 |
| Mani Kakkar | Associate | 2014 | Tax | $445/$695 | 2 | 284.2 | $173,518.50 | $126,469.00 |
| Bowon Koh | Associate | 2013 | Litigation | $445/$695 | 2 | 42.1 | $22,956.00 | $18,734.50 |
| Joshua L. Kopple | Associate | 2013 | Litigation | $465/$610 | 1 | 891.7 | $417,859.50 | $414,640.50 |
| Muhyung Lee | Associate | 2014 | Tax | $735/$735 | N/A | 13.4 | $9,849.00 | $9,849.00 |
| Brandon W. Levitan | Associate | 2010 | Corporate | $695/$695 | N/A | 78.1 | $54,279.50 | $54,279.50 |
| Cody S. Lonning | Associate | 2014 | Litigation | $395/$395 | N/A | 65.5 | $25,872.50 | $25,872.50 |
| Steve Ma | Associate | 2014 | Corporate | $465/$465 | N/A | 3.4 | $1,581.00 | $1,581.00 |
| Joseph P. Malca | Associate | 2013 | Tax | $575/$610 | 1 | 703.6 | $412,291.00 | $404,570.00 |
| Lara B. Miller | Associate | 2012 | Corporate | $695/$695 | N/A | 5.6 | $3,892.00 | $3,892.00 |
| Damian Myers | Associate | 2011 | Litigation | $850/$850 | N/A | 7.1 | $6,035.00 | $6,035.00 |
| Janicelyn Asamoto Park | Associate | 2012 | Tax | $845/$875 | 1 | 222.2 | $191,131.00 | $187,759.00 |
| Jeremy Peskin | Law Clerk | N/A | Tax | $459/$495 | N/A | 7.5 | $3,375.00 | $3,375.00 |
| Jennifer L. Roche | Associate | 2007 | Litigation | $795/$950 | 3 | 1,011.5 | $820,666.50 | $804,142.50 |
| Rochelle Schultz | Associate | 2014 | Litigation | $465/$465 | N/A | 27.5 | $12,787.50 | $12,787.50 |
| Kathleen Semanski | Associate | 2017 | Tax | $495/$495 | N/A | 0.9 | $445.50 | $445.50 |
| Gary Silber | Associate | 2011 | Tax | $695/$845 | 2 | 523.8 | $385,198.50 | $364,041.00 |
| Tracey L. Silver | Associate | 2012 | Litigation | $660/$660 | N/A | 48.3 | $31,878.00 | $31,878.00 |
| Jeremy T. Stillings | Associate | 2003 | Corporate | $850/$850 | N/A | 19.8 | $16,830.00 | $16,830.00 |
| Adam Waks | Associate | 2015 | Corporate | $395/$395 | N/A | 1.0 | $395.00 | $395.00 |

| Professional Person | Position | Year Admitted | Department | Hourly Billing Rate (Initial Rate/ Final Rate) | Number of Rate Increases | Total Billed Hours | Total Compensation | Compensation if Billed at First Interim Application Billing Rate |
|---|---|---|---|---|---|---|---|---|
| Jeramy Webb | Associate | 2015 | Corporate | $445/$550 | 1 | 53.1 | $23,944.50 | $23,629.50 |
| Simona Weil | Associate | 2017 | Litigation | $545/$545 | N/A | 22.2 | $12,099.00 | $12,099.00 |
| Jared D. Zajac | Associate | 2009 | Corporate | $765/$950 | 3 | 1,000.8 | $798,575.00 | $765,612.00 |
| Amy Zelcer | Associate | 2014 | Tax | $395/$395 | N/A | 11.8 | $4,661.00 | $4,661.00 |
| **Total** | | | | | | **25,398.6** | **$23,922,607.25** | **$22,900,555.50** |

Proskauer paraprofessionals who rendered professionals services in these cases during the Fee Period are:

| Paraprofessional Person | Position | Number of Years in Position | Department | Hourly Billing Rate (Initial Rate/ Final Rate) | Number of Rate Increases | Total Billed Hours | Total Compensation | Compensation if Billed at First Interim Application Billing Rate |
|---|---|---|---|---|---|---|---|---|
| Isaac L. Antoon | E-Discovery | 4 years | Professional Resources | $315/$370 | 2 | 19.1 | $12,126.00 | $6,016.50 |
| Anna Brodskaya | Paralegal | 8 years | Professional Resources | $420/$420 | N/A | 2 | $1,680.00 | $840.00 |
| David C. Cooper | Paralegal | 20 years | Corporate | $325/$325 | N/A | 4.2 | $1,365.00 | $1,365.00 |
| Sherri Cupplo | Librarian | 7 years | Professional Resources | $240/$265 | N/A | 5.4 | $2,877.00 | $1,296.00 |
| Megan D'Errico | Librarian | 2 years | Professional Resources | $265/$265 | N/A | 5 | $2,650.00 | $1,325.00 |
| Emma Dillon | Project Assistant | 1 year | Professional Resources | $215/$215 | N/A | 6 | $2,580.00 | $1,290.00 |
| J. Devoy Dubuque | Paralegal | 3 years | Corporate | $235/$235 | N/A | 87.8 | $23,993.50 | $20,633.00 |
| Magali Giddens | Senior Paralegal | 7 years | Corporate | $350/$460 | 1 | 5.3 | $2,083.00 | $1,855.00 |
| Denyse Gil | Practice Support | 1.5 years | E-Discovery Services | $370/$370 | N/A | 0.7 | $518.00 | $259.00 |
| Olga A. Golinder | Paralegal | 5 years | Litigation | $325/$385 | 1 | 30.2 | $17,120.50 | $9,815.00 |
| Karen Grushka | Librarian | 1.5 years | Professional Resources | $265/$265 | N/A | 3.5 | $1,855.00 | $927.50 |
| Guy Harris | Practice Support | 10 years | Professional Resources | $335/$335 | N/A | 4.8 | $2,445.50 | $1,608.00 |
| Joshua M. Kay | E-Discovery | 1 year | Professional Resources | $335/$335 | N/A | 66.9 | $39,262.00 | $22,411.50 |

| Paraprofessional Person | Position | Number of Years in Position | Department | Hourly Billing Rate (Initial Rate/ Final Rate) | Number of Rate Increases | Total Billed Hours | Total Compensation | Compensation if Billed at First Interim Application Billing Rate |
|---|---|---|---|---|---|---|---|---|
| Joan Kim | Paralegal | 1.5 years | Litigation | $240/$240 | N/A | 3 | $1,440.00 | $720.00 |
| New Klebanoff | Practice Support | 1.5 years | Professional Resources | $335/$335 | N/A | 0.3 | $100.50 | $100.50 |
| Joseph Klock | E-Discovery | 1.5 years | Professional Resources | $330/$370 | 1 | 4.6 | $3,148.00 | $1,518.00 |
| Marlee E. Melendy | Paralegal | 0.5 years | Corporate | $195/$195 | N/A | 4.3 | $838.50 | $838.50 |
| Tiffany Miller | Project Assistant | 1 year | Professional Resources | $225/$225 | N/A | 8.2 | $3,690.00 | $1,845.00 |
| Rachael Hope Moller | Librarian | 12 years | Professional Resources | $240/$280 | 2 | 3.7 | $1,448.00 | $888.00 |
| Dera J. Nevin | E-Discovery | 4 years | Professional Resources | $400/$400 | N/A | 5.6 | $2,480.00 | $2,240.00 |
| Natasha Petrov | Paralegal | 4 years | Corporate | $285/$350 | 3 | 22.0 | $14,490.00 | $6,270.00 |
| Johanna K. Pitcairn | Practice Support | 2.5 years | Professional Resources | $350/$350 | N/A | 0.1 | $70.00 | $35.00 |
| Deborah Pitter | Librarian | 1.5 years | Professional Resources | $265/$265 | N/A | 0.6 | $318.00 | $159.00 |
| Bradley Presant | Paralegal | 2.5 years | Litigation | $235/$235 | N/A | 2.5 | $587.50 | $587.50 |
| Samantha Randazzo | Paralegal | 1.25 years | Corporate | $195/$195 | N/A | 2.6 | $663.00 | $507.00 |
| William Reed | Paralegal | 1.5 years | Professional Resources | $240/$240 | N/A | 2.8 | $1,344.00 | $672.00 |
| Evelyn Rodriguez | Paralegal | 2 years | Corporate | $325/$325 | N/A | 0.5 | $325.00 | $162.50 |
| Corey I. Rogoff | Paralegal | 1 year | Litigation | $235/$235 | N/A | 8.6 | $2,021.00 | $2,021.00 |
| Javier Santiago | Paralegal | 15 years | Corporate | $305/$325 | N/A | 1 | $477.50 | $305.00 |
| Susan Schomburg | Paralegal | 1.75 years | Litigation | $235/$250 | N/A | 2 | $955.00 | $470.00 |
| Michael H. Su | Paralegal | 2.5 years | Information Services | $135/$135 | N/A | 3.9 | $1,053.00 | $526.50 |
| Michael A. Willis | Paralegal | 0.5 years | Labor & Employment | $195/$195 | N/A | 3.3 | $643.50 | $643.50 |
| Michael Winkelspecht | E-Discovery | 0.5 years | Professional Resources | $350/$350 | N/A | 1.8 | $1,260.00 | $630.00 |
| | | | | | | 322.3 | $92,468.00 | $90,780.50 |

| | | | |
|---|---|---|---|
| **TOTAL FOR PROFESSIONALS AND PARAPROFESSIONALS** | 25,720.9 | $24,015,075.25 | $22,991,336.00 |

**<u>Exhibit C</u>**

[Summary of Actual and Necessary Expenses for the Fee Period]

| EXPENSE CATEGORY | AMOUNT |
|---|---|
| Reproduction Costs (at $0.10 per page) | $24,520.50 |
| Outside Reproduction Costs | $2,649.12 |
| Telecommunications | $3,890.86[1] |
| Research (Lexis/Westlaw/Other Database Searches) | $166,714.00 |
| Litigation and Corporate Support Services[2] | $16,624.49 |
| Travel Out-of-Town – Transportation | $146,677.00[3] |
| Taxi, Carfare, Mileage, Parking | $43,986.75[4] |
| Messenger/Delivery/Postage | $5,283.38 |
| Business Meals | $22,215.85[5] |
| Out-of-Town Lodging | $92,146.88[6] |
| Word Processing | $0.00[7] |
| Other Disbursements | $0.00[8][9] |
| **Total** | **$524,708.83** |

---

[1]  Includes an aggregate reduction of $191.63 for telecommunication expenses incurred that are not reimbursable pursuant to the Fee Committee guidelines.

[2]  Consists of CourtCall, PACER and outside copying expenses.

[3]  Includes non-refundable first-class airfare reduced by fifty percent (50%) to approximate the cost differential between non-refundable first-class airfare and refundable coach-class fare, addressing the concerns of the Fee Committee with respect to such expenses.

[4]  Includes an aggregate reduction of $3,685.26 for cab and carfare expenses incurred going to and from airports in excess of the reimbursable cap imposed by the Fee Committee.

[5]  Includes an aggregate reduction of $20,954.30 for business meal expenses in excess of the reimbursable cap imposed by the Fee Committee.

[6]  Includes an aggregate reduction of $33,157.54 for lodging expenses in excess of the reimbursable cap imposed by the Fee Committee.

[7]  Reflects an aggregate reduction of $6,337.30 for word processing and proofreading expenses incurred that are not reimbursable pursuant to the Fee Committee guidelines.

[8]  Reflects an aggregate reduction of $5,258.20 for certain overtime expenses that are not reimbursable pursuant to the Fee Committee guidelines.

[9]  Reflects an aggregate reduction of $777.76 for certain inadvertent overcharges and an inadvertent duplicative charge.

## **Exhibit D**

[Statement of Fees by Subject Matter]

| MATTER NUMBER | MATTER DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 001 | Case Administration | 404.3 | $334,690.00 |
| 002 | Asset Disposition | 657.8 | $676,341.00 |
| 003 | EFH Business Operations | 101.1 | $102,104.50 |
| 004 | EFH Contested Matters and Adversary Proceedings | 1,262.1 | $1,372,485.50 |
| 005 | EFH Corporate Governance and Board Matters | 1,481.6 | $1,651,014.00 |
| 006 | Discovery (Intercompany and Cross Debtor Claims) | 3,201.3 | $2,625,576.50 |
| 007 | Employment Applications | 200.2 | $183,580.00 |
| 008 | Fee Applications and Objections | 971.3 | $881,709.50 |
| 009 | Financing and Cash Collateral | 891.1 | $816,091.50 |
| 010 | Hearings | 551.8 | $592,741.00 |
| 011 | Claims Investigations, Analyses and Objections | 3,168.0 | $2,739,415.50 |
| 012 | Meetings and Communications with Creditors and Other Debtors | 177.8 | $202,262.50 |
| 013 | Other Motions and Applications | 0.7 | $757.50 |
| 014 | Non-Working Travel | 1,527.6 | $842,501.25 |
| 015 | Plan and Disclosure Statement | 6,370.3 | $6,614,685.00 |
| 016 | Tax | 4,745.8 | $4,370,477.00 |
| 017 | Time Entry Review | 0.5 | $462.50 |
| 018 | Valuation | 7.6 | $8,180.00 |
| **TOTAL FOR ALL MATTER NOS.** | | **25,720.9** | **$24,015,075.25** |