# EXHIBIT A

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER SUSTAINING THE REORGANIZED EFH SHARED
SERVICES DEBTORS' FIFTY-FIRST OMNIBUS (NON-SUBSTANTIVE)
OBJECTION TO CERTAIN IMPROPERLY ASSERTED CLAIMS PURSUANT
TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY
RULES 3001, 3003, AND 3007, AND LOCAL BANKRUPTCY RULE 3007-1**

Upon the objection (the "Objection")[2] of the Reorganized EFH Shared Services Debtors, seeking entry of an order (this "Order"), reassigning the Wrong Debtor Claims set forth on **Exhibit 1**, attached hereto, all as set forth in the Objection and the Burton Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this case and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Objection is in the best interests of the estates, their creditors, and other parties in interest; and the Court having found that the Reorganized EFH Shared Services Debtors provided appropriate notice of the Objection and the opportunity for a hearing on the Objection (the "Hearing") under the circumstances; and the Court having reviewed the Objection and

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

having heard the statements in support of the relief requested therein at the Hearing, if any; and the Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Objection is sustained as set forth herein.

2. The Wrong Debtor Claims set forth on the attached **Exhibit 1** are hereby reassigned as provided on the attached **Exhibit 1**.

3. The Claims Agent is authorized to modify the Claims Register to comport with the entry of this Order.

4. Nothing set forth herein shall affect any parties' rights with respect to the reassignment of the Wrong Debtor claims to the applicable Debtors identified in the column entitled "Modified Debtors" in **Exhibit 1**, attached hereto, and the parties' rights with respect to such reassignment of Wrong Debtor Claims are reserved, including, for the avoidance of doubt, any Reorganized Debtors' right to object or otherwise dispute any claim (including the Proofs of Claim) on any grounds permitted by bankruptcy or nonbankruptcy law, subject to any limitations set forth in the Local Bankruptcy Rules, as applicable.

5. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be or be deemed to be: (a) an allowance or determination of the validity of any particular claim (including the Proofs of Claim) against any Reorganized Debtors entity; (b) an admission as to the validity of any particular claim (including the Proofs of Claim) against any Reorganized Debtor entity; (c) a waiver of any Reorganized Debtor entity's rights to dispute any particular claim (including the Proofs of Claim) on any grounds; (d) a

promise or requirement to pay any particular claim (including the Proofs of Claim); (e) an implication or admission that any particular claim is of a type specified or defined in this Objection (except as set forth herein); (f) an admission by the Reorganized EFH Shared Services Debtors that any contract or lease is executory or unexpired, as applicable; (g) a waiver or limitation of the Debtors' or Reorganized Debtors' rights under the Bankruptcy Code or any other applicable law; (h) a request or authorization to assume or reject any agreements under section 365 of the Bankruptcy Code; (i) a waiver of any party's rights to assert that any other party is in breach or default of any agreement; or (j) an admission that any contract or lease is integrated with any other contract or lease.

6. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Reorganized EFH Shared Services Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

8. This Court shall retain exclusive jurisdiction to resolve any dispute arising from or related to this Order.

Dated: _____, 2018
      Wilmington, Delaware      _____
                                        THE HONORABLE CHRISTOPHER S. SONTCHI
                                        UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1 to EXHIBIT A

**Wrong Debtor Claims**

## ENERGY FUTURE HOLDINGS CORP., et al.

### FIFTY-FIRST OMNIBUS (NON-SUBSTANTIVE): EXHIBIT 1 TO EXHIBIT A – Wrong Debtor Claims

| | NAME | CLAIM # | ASSERTED DEBTOR | CLASS | CLAIM AMOUNT | MODIFIED DEBTORS | CLASS | CLAIM AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 1 | BRADLEY, GERALD C/O THE SVAMBERA LAW FIRM, PLLC 8441 GULF FREEWAY, SUITE 330 HOUSTON, TX 77017 | 15499 | Dallas Power & Light Company, Inc. | Unsecured | $12,000.00 | EECI, Inc. Texas Competitive Electric Holdings Company LLC | Unsecured Unsecured | $12,000.00 $12,000.00 |

REASON FOR MODIFICATION: To the extent the Debtors have valid asbestos liabilities, the modified Debtor reflects the Debtor against which the claim should most likely be asserted based on the Asbestos Bar Date Order, the Debtors' experience with pre-petition asbestos litigation, and the relief granted in the Final Decree (A) Closing Certain of the Chapter 11 Cases, (B) Transferring Claims Against and Interests Asserted in the TCEH Debtors to the Lead Case, and (C) Granting Related Relief [D.I. 12172].

| | NAME | CLAIM # | ASSERTED DEBTOR | CLASS | CLAIM AMOUNT | MODIFIED DEBTORS | CLASS | CLAIM AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 2 | ESTATE OF WENDELL R. JACKSON C/O HEARD ROBINS CLOUD LLP 2000 WEST LOOP, 22ND FLOOR HOUSTON, TX 77027 | 32343 | Texas Power & Light Company, Inc. | Unsecured | $50,000.00 | EECI, Inc. Texas Competitive Electric Holdings Company LLC | Unsecured Unsecured | $50,000.00 $50,000.00 |

REASON FOR MODIFICATION: To the extent the Debtors have valid asbestos liabilities, the modified Debtor reflects the Debtor against which the claim should most likely be asserted based on the Asbestos Bar Date Order, the Debtors' experience with pre-petition asbestos litigation, and the relief granted in the Final Decree (A) Closing Certain of the Chapter 11 Cases, (B) Transferring Claims Against and Interests Asserted in the TCEH Debtors to the Lead Case, and (C) Granting Related Relief [D.I. 12172].

| | NAME | CLAIM # | ASSERTED DEBTOR | CLASS | CLAIM AMOUNT | MODIFIED DEBTORS | CLASS | CLAIM AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 3 | HAYNES, ROOSEVELT C/O SVAMBERA LAW FIRM, PLLC 8441 GULF FREEWAY, SUITE 330 HOUSTON, TX 77017 | 31788 | Dallas Power & Light Company, Inc. | Unsecured | $3,420.00 | EECI, Inc. Texas Competitive Electric Holdings Company LLC | Unsecured Unsecured | $3,420.00 $3,420.00 |

REASON FOR MODIFICATION: To the extent the Debtors have valid asbestos liabilities, the modified Debtor reflects the Debtor against which the claim should most likely be asserted based on the Asbestos Bar Date Order, the Debtors' experience with pre-petition asbestos litigation, and the relief granted in the Final Decree (A) Closing Certain of the Chapter 11 Cases, (B) Transferring Claims Against and Interests Asserted in the TCEH Debtors to the Lead Case, and (C) Granting Related Relief [D.I. 12172].

**ENERGY FUTURE HOLDINGS CORP., et al.**

**FIFTY-FIRST OMNIBUS (NON-SUBSTANTIVE): EXHIBIT 1 TO EXHIBIT A – Wrong Debtor Claims**

| | NAME | CLAIM # | ASSERTED DEBTOR | CLASS | CLAIM AMOUNT | MODIFIED DEBTORS | CLASS | CLAIM AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 4 | PRIDDY, CRESTON<br>C/O THE LANIER LAW FIRM, BANKRUPTCY DEPT<br>ATTN: CHRISTOPHER PHIPPS<br>6810 FM 1960 WEST<br>HOUSTON, TX 77069 | 15485 | TXU Electric Company, Inc. | Unsecured | $500,000.00 | EECI, Inc.<br>Texas Competitive Electric Holdings Company LLC | Unsecured<br>Unsecured | $500,000.00<br>$500,000.00 |
| | **REASON FOR MODIFICATION:** To the extent the Debtors have valid asbestos liabilities, the modified Debtor reflects the Debtor against which the claim should most likely be asserted based on the Asbestos Bar Date Order, the Debtors' experience with pre-petition asbestos litigation, and the relief granted in the Final Decree (A) Closing Certain of the Chapter 11 Cases, (B) Transferring Claims Against and Interests Asserted in the TCEH Debtors to the Lead Case, and (C) Granting Related Relief [D.I. 12172]. ||||||||
| 5 | SORRENTINO, ANNA<br>C/O THE LANIER LAW FIRM, BANKRUPTCY DEPT<br>ATTN: CHRISTOPHER PHIPPS<br>6810 FM, 1960 WEST<br>HOUSTON, TX 77069 | 7620 | TXU Electric Company, Inc. | Unsecured | $100,000.00 | EECI, Inc.<br>Texas Competitive Electric Holdings Company LLC | Unsecured<br>Unsecured | $100,000.00<br>$100,000.00 |
| | **REASON FOR MODIFICATION:** To the extent the Debtors have valid asbestos liabilities, the modified Debtor reflects the Debtor against which the claim should most likely be asserted based on the Asbestos Bar Date Order, the Debtors' experience with pre-petition asbestos litigation, and the relief granted in the Final Decree (A) Closing Certain of the Chapter 11 Cases, (B) Transferring Claims Against and Interests Asserted in the TCEH Debtors to the Lead Case, and (C) Granting Related Relief [D.I. 12172]. ||||||||

## ENERGY FUTURE HOLDINGS CORP., et al.

### FIFTY-FIRST OMNIBUS (NON-SUBSTANTIVE): EXHIBIT 1 TO EXHIBIT A – Wrong Debtor Claims

| | | | ASSERTED | | | MODIFIED | | |
|---|---|---|---|---|---|---|---|---|
| | NAME | CLAIM # | DEBTOR | CLASS | CLAIM AMOUNT | DEBTORS | CLASS | CLAIM AMOUNT |
| 6 | STALIK, EDWARD<br>C/O THE LANIER LAW FIRM, BANKRUPTCY DEPT<br>ATTN: CHRISTOPHER PHIPPS<br>6810 FM 1960 WEST<br>HOUSTON, TX 77069 | 15486 | Texas Power & Light Company, Inc. | Unsecured | $750,000.00 | EECI, Inc.<br>Texas Competitive Electric Holdings Company LLC | Unsecured<br>Unsecured | $750,000.00<br>$750,000.00 |

**REASON FOR MODIFICATION:** To the extent the Debtors have valid asbestos liabilities, the modified Debtor reflects the Debtor against which the claim should most likely be asserted based on the Asbestos Bar Date Order, the Debtors' experience with pre-petition asbestos litigation, and the relief granted in the Final Decree (A) Closing Certain of the Chapter 11 Cases, (B) Transferring Claims Against and Interests Asserted in the TCEH Debtors to the Lead Case, and (C) Granting Related Relief [D.I. 12172].

| | | | TOTAL | $1,415,420.00 | | TOTAL | $2,830,840.00 |
|---|---|---|---|---|---|---|---|