## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date: June 5, 2018 at 11:00 a.m.** |
| | ) | **Objection Deadline: May 18, 2018 at 4:00 p.m.** |

### REORGANIZED EFH SHARED SERVICES DEBTORS'
### MOTION FOR ENTRY OF FINAL DECREE (A) CLOSING
### THEIR CHAPTER 11 CASES AND (B) GRANTING RELATED RELIEF

The Reorganized EFH Shared Services Debtors file this motion (this "Motion")[2] for entry

of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, closing the

chapter 11 cases of the EFH Shared Services Debtors (collectively, the "Closing Cases")[3] and

granting related relief. In support of this Motion, the Reorganized EFH Shared Services Debtors

respectfully submit as follows:

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the Debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed to them in the order confirming the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors and EFH Shared Services Debtors* [D.I. 9421] (the "TCEH Plan").

[3] The Closing Cases are those chapter 11 cases of: EFH Corporate Services, Case No. 14-10996; Dallas Power and Light Company, Inc., Case No. 14-11000; EFH CG Holdings Company LP, Case No. 14-11047; EFH CG Management Company LLC, Case No. 14-11048; Lone Star Energy Company, Inc., Case No. 14-11031; Lone Star Pipeline Company, Inc., Case No. 14-11036; Southwestern Electric Service Company, Inc., Case No. 14-11035; Texas Electric Service Company, Inc., Case No. 14-11034; Texas Energy Industries Company, Inc., Case No. 14-11038; Texas Power and Light Company, Inc., Case No. 14-11041; Texas Utilities Company, Inc., Case No. 14-11043; Texas Utilities Electric Company, Inc., Case No. 14-11045; TXU Electric Company, Inc., Case No. 14-10989; Brighten Energy LLC, Case No. 14-10991; Brighten Holdings LLC, Case No. 14-10995.

**Jurisdiction and Venue**

1.      The United States Bankruptcy Court for the District of Delaware (the "Court")

has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

*Standing Order of Reference* from the United States District Court for the District of Delaware,

dated February 29, 2012.  The Reorganized EFH Shared Services Debtors confirm their consent,

pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), to entry of a final

order by the Court in connection with this Motion to the extent that it is later determined that the

Court, absent consent of the parties, cannot enter final orders or judgments in connection

herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a) and 350(a)

of title 11 of the United States Code 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"),

Bankruptcy Rule 3022, and Local Bankruptcy Rule 3022-1.

**Relief Requested**

4.      The Reorganized EFH Shared Services Debtors seek entry of the Order closing

the Closing Cases and granting related relief.  The timing of the relief requested herein is

contingent upon entry of orders (collectively, the "Omnibus Orders") granting: (a) the

*Reorganized EFH Shared Services Debtors' Fiftieth Omnibus (Substantive) Objection to No*

*Liability and Substantive Duplicate Claims Pursuant to Section 502(b) of the Bankruptcy Code,*

*Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* (the "Fiftieth

Omnibus Objection"), and disallowing the Subject Claims (as defined below); and (b) the

*Reorganized EFH Shared Services Debtors' Fifty-First Omnibus (Non-Substantive) Objection to*

2

*Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* (the "Fifty-First Omnibus Objection" and, together with the Fiftieth Omnibus Objection, the "Omnibus Objections"), reassigning the Wrong Debtor Claims (as defined below).

### Background

5.     On April 29, 2014 (the "Petition Date"), each of the above-captioned debtors and debtors-in-possession (the "Debtors") filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849]. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of EFCH, TCEH, the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. ("EECI") (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

6.     On August 23, 2016, the Debtors filed the TCEH Plan. On August 29, 2016, the Court entered the *Order Confirming the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors and EFH Shared Services Debtors* [D.I. 9421], whereby the Court confirmed the TCEH Plan. The TCEH Plan became effective on October 3, 2016 (the "TCEH Effective Date"), and the TCEH Debtors emerged as the Reorganized TCEH Debtors on that date. *See Notice of Entry of TCEH Confirmation Order and Occurrence of TCEH Effective Date*

[D.I. 9742] (the "TCEH Confirmation Order").   Following the TCEH Effective Date, the

Reorganized TCEH Debtors began operating as TCEH Corp., and soon after, Vistra Energy.   On

November 4, 2017, the Court entered an order closing the chapter 11 cases of EFCH as well as

the direct and indirect subsidiaries of TCEH (but leaving open the chapter 11 case of TCEH

itself).   *See Final Decree (A) Closing Certain of the Chapter 11 Cases, (B) Transferring Claims*

*Against and Interests Asserted in the TCEH Debtors to the Lead Case, and (C) Granting Related*

*Relief* [D.I. 12172].

      7.     On February 27, 2018, the Court entered the *Order Confirming the First Amended*

*Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate*

*Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy*

*Code* [D.I. 12673], which confirmed the EFH Debtors' chapter 11 plan of reorganization (the

"EFH/EFIH Plan").   The effective date of the EFH/EFIH Plan occurred on March 9, 2018.

**I.**     **The EFH Shared Services Debtors' Businesses.**

      8.     The EFH Shared Services Debtors provided three separate functions.   First, three

of the fifteen EFH Shared Services Debtors performed corporate and shared-services functions

(*e.g.*, accounting, human resources, and information technology services).   Second, two of the

fifteen EFH Shared Services Debtors were formed to acquire a retail electrical provider license.

Third, the remaining ten EFH Shared Services Debtors were formed to hold entity names at the

Texas Secretary of State for former operating companies.

      9.     Throughout the course of these chapter 11 cases, certain of the EFH Shared

Services Debtors defended and otherwise addressed numerous ordinary course claims and causes

of action from employees, taxing authorities, and other parties in interest.   Additionally, claims

and causes of action asserting asbestos-related liability were brought against the EFH Shared

Services Debtors.   For the reasons set forth in the Omnibus Objections, the EFH Shared Services

Debtors could not have valid asbestos-related liabilities based on the nature of their businesses and their corporate histories.[4]

## II.    The Debtors' Claims Administration Process.

10.    On May 2, 2014, the Court entered an order establishing October 27, 2014, at 5:00 p.m. (prevailing Eastern Time) (the "Customer Claims Bar Date") as the final date and time for certain customer claimants holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim in these chapter 11 cases and approving the form and manner of notice of the Customer Claims Bar Date [D.I. 307].

11.    Written notice of the Customer Claims Bar Date was mailed to current and certain former customers of the Debtors.[5]    In addition to mailing such actual notice, the Debtors also published notice of the Customer Claims Bar Date in *The Wall Street Journal*, *USA Today*,

---

[4] The Reorganized EFH Shared Services Debtors hereby incorporate herein by reference the following filings, each filed contemporaneously herewith: (a) the Omnibus Objections; (b) the *Declaration of Ashley Burton in Support of the Reorganized EFH Shared Services Debtors' Fiftieth Omnibus (Substantive) Objection to No Liability and Substantive Duplicate Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* (the "Burton No Liability Declaration"); (c) the *Declaration of Jodi Ehrenhofer in Support of the Reorganized EFH Shared Services Debtors' Fiftieth Omnibus (Substantive) Objection to No Liability and Substantive Duplicate Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* (the "Ehrenhofer Declaration"); and (d) the *Declaration of Ashley Burton in Support of the Reorganized EFH Shared Services Debtors' Fifty-First Omnibus (Non-Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* (the "Burton Wrong Debtor Declaration," and together with the Burton No Liability Declaration, and the Ehrenhofer Declaration, collectively, the "Omnibus Declarations").

[5] The procedures for notifying the Debtors' current and former customers are set forth in the *Motion of Energy Future Holdings Corp.*, et al., *for Entry of (A) an Order Authorizing the Debtors to (I) Maintain and Administer Customer Programs and Customer Agreements, (II) Honor Prepetition Obligations Related Thereto, (III) Pay Certain Expenses on Behalf of Certain Organizations, (IV) Fix the Deadline to File Proofs of Claim for Certain Customer Claims, and (V) Establish Procedures for Notifying Customers of Commencement of the Debtors' Chapter 11 Cases, Assumption of Customer Agreements, and the Bar Date for Customer Claims and (B) an Order Authorizing Certain of the Debtors to Assume the Customer Agreements* [D.I. 31].

RLF1 19283422v.1

*The Dallas Morning News*, *Houston Chronicle*, *Corpus Christi Caller Times*, *Fort Worth Star-Telegram*, and *Waco Tribute Herald*.

12.     On June 30, 2014, the Debtors filed their schedules of assets and liabilities (the "Schedules") and statements of financial affairs (the "Statements" and together, with the Schedules, the "Schedules and Statements") [D.I. 1237–1307, 1319–1329, 1331–1343, 1345]. On September 26, 2014, the Debtors filed their amended Schedules and Statements [D.I. 2146–2216], addressing certain discrete issues.

13.     On August 18, 2014, the Court entered an order (the "General Bar Date Order") establishing October 27, 2014, at 5:00 p.m. (prevailing Eastern Time) (the "General Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim in these chapter 11 cases, except for claims specifically exempt from complying with the General Bar Date as set forth in the General Bar Date Order, and approving the form and manner of notice of the General Bar Date [D.I. 1866].

14.     Written notice of the General Bar Date was mailed to, among others, all known creditors and other known holders of claims against the Debtors as of the date of entry of the General Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors, and to all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the General Bar Date Order.  In addition to mailing such actual notice, the Debtors also published notice of the General Bar Date in more than 200 publications nationwide, as detailed in Exhibit 4 to the General Bar Date Order.

15.     On January 7, 2015, the Court issued a lengthy, published opinion holding that it could establish a bar date for claims of persons that had yet to manifest any signs of illness from

6

exposure to asbestos.  *See In re Energy Future Holdings Corp.*, 522 B.R. 520, 523 (Bankr. D. Del. 2015).

16.     On July 30, 2015, the Court entered an order establishing December 14, 2015, at 5:00 p.m. (prevailing Eastern Time) (the "Asbestos Bar Date") as the final date and time for all persons and entities holding or asserting an asbestos-related claim against the Debtors to file proofs of claim in these chapter 11 cases (the "Asbestos Proofs of Claim" and, together with the Non-Asbestos Proofs of Claim, the "Proofs of Claim") and approving the form and manner of notice of the Asbestos Bar Date [D.I. 5171].  The Debtors provided written notice of the Asbestos Bar Date via mail on current and former employees and contractors as well as known asbestos claimants.

### III.    The Final Claims Asserted Against the EFH Shared Services Debtors.

17.     To date, over 42,000 Proofs of Claim have been filed against the Debtors in these chapter 11 cases, consisting of over 32,000 Asbestos Proofs of Claim and over 10,000 Non-Asbestos Proofs of Claim.  Over the course of these chapter 11 cases, the Debtors have conducted an intensive process to review and reconcile the Proofs of Claim.

18.     To date, the Debtors have filed fifty-one omnibus claims objections, entered into hundreds of stipulations with various non-asbestos claimants, and filed notices of satisfaction with respect to approximately 1,000 scheduled or filed claims.  As of the date this Motion, the only remaining claims asserted against the EFH Shared Services Debtors are 714 Asbestos Proofs of Claim (the "Final Claims").  The Fiftieth Omnibus Objection seeks entry of an order disallowing 708 of the Final Claims (the "Subject Claims") in their entirety, and authorizing Epiq Bankruptcy Solutions, LLC ("Epiq") to modify the official claims register in these chapter 11 cases to comport with such relief.  Consistent with the terms of the order approving the Asbestos Bar Date, the Fifty-First Omnibus Objection seeks entry of an order reassigning each of

7

the remaining 6 Final Claims (the "Wrong Debtor Claims") to TCEH and EECI (both of which are not EFH Shared Services Debtors), and authorizing Epiq to modify the official claims register to reflect such reassignment.   Thus, in the event that the Omnibus Objections are sustained, there will be no remaining Proofs of Claim asserted against the EFH Shared Services Debtors.

## IV.   There is No Need to Keep the EFH Shared Services Debtors' Chapter 11 Cases Open.

19.     There are no outstanding matters related to the Closing Cases other than the Final Claims.[6] As detailed in the Omnibus Objections and the Omnibus Declarations, there is no valid liability against the EFH Shared Services Debtors on account of the Final Claims.   Therefore, once the Final Claims are disallowed, there will be no remaining claims to be administered at the EFH Shared Services Debtors, and thus, no reason for keeping the EFH Shared Services Debtors' chapter 11 cases open.

### Basis for Relief

20.     Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case."  Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."   Local Bankruptcy Rule 30221(a) provides that, "[u]pon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid."

---

[6] The estates will pay, or make provision for the payment of, all expenses arising from the administration of the Closing Cases, including court fees and fees required under 28 U.S.C. § 1930(a)(6) prior to the hearing on this Motion.

21.    The term "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules, or the Local Bankruptcy Rules.    The Advisory Committee Note to Bankruptcy Rule 3022 (the "<u>Advisory Committee Note</u>"), however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

a.    whether the order confirming the plan has become final;

b.    whether deposits required by the plan have been distributed;

c.    whether the property proposed by the plan to be transferred has been transferred;

d.    whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

e.    whether payouts under the plan have commenced; and

f.    whether all motions, contested matters, and adversary proceedings have been finally resolved.

Courts in this district and others adopt the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, No. 02-12608, 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005) (citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768–69 (Bankr. N.D. Ill. 1990)); *see also In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh the factors contained in the Advisory Committee Note when deciding whether to close a case); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997) (same); *Walnut Assocs. v. Saidel*, 164 B.R 487, 493 (E.D. Pa. 1994) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree.").

22.     In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan of reorganization has been substantially consummated. *See, e.g.,* *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case); *Walnut Assocs.*, 164 B.R at 493 (same).[7]

23.     As of the date hereof, other than the resolution of the Omnibus Objections which the Reorganized EFH Shared Services Debtors shall resolve prior to seeking entry of an order granting this Motion, the Closing Cases have been "fully administered" within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter the Order for the Closing Cases. In particular, as described above:

a.     the TCEH Confirmation Order is final and no party has pursued an appeal;

b.     upon the TCEH Effective Date, the Restructuring Transactions (as defined in the TCEH Plan) were consummated, thereby effectuating the transfers of property contemplated by the TCEH Plan;

c.     the Reorganized EFH Shared Services Debtors have consummated their respective post-emergence business and management of the property dealt with by the TCEH Plan;

d.     distributions to Holders of all Allowed Claims against the EFH Shared Services Debtors have been completed;

e.     because the Final Claims are the only remaining claims asserted against the EFH Shared Services Debtors, upon entry of the Omnibus Order there will be no need to resolve any further matters in the Closing Cases; and

---

[7] Section 1101(2) of the Bankruptcy Code defines substantial consummation as the: "(A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan." 11 U.S.C. § 1101(2).

      f.     the TCEH Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code.

24.     As noted above, given the operation of the TCEH Plan, closure of the Closing Cases shall not prejudice any party in interest or otherwise negatively affect the administration of the Debtors' consolidated estates. Specifically, all Allowed Claims against the EFH Shared Services Debtors have been paid in full.

25.     Moreover, continuing operation of the Closing Cases would hamper both the Reorganized Debtors and U.S. Trustee with an unnecessary administrative burden. For each of the fifteen Closing Cases, the Reorganized Debtors file quarterly reports that the U.S. Trustee is obligated to review. Given the large number of Closing Cases, this process requires substantial effort from the Reorganized Debtors and the U.S. Trustee. The ongoing administrative and financial burden on the Closing Cases provides little corresponding benefit to any party in these chapter 11 cases, including the potential creditors of the Closing Cases' estates.

26.     All restructuring steps contemplated under the TCEH Plan have been consummated, all assets have vested in the Reorganized TCEH Debtors and Reorganized EFH Shared Services Debtors, and the Reorganized EFH Shared Services Debtors have been successfully running and operating their businesses since their emergence over eighteen months ago.[8]

27.     By closing the Closing Cases, it is not the Debtors' intent to impair, prejudice, or otherwise affect the rights of any party in interest, including, without limitation, with respect to the claims-reconciliation process and TCEH Plan distributions. Rather, the continued operation

---

[8] The Reorganized Debtors reserve the right to object in the future to any of the claims, motions, contested matters, and adversary proceedings against the Closing Cases that are opened in the future with respect to the Closing Cases.

of the Closing Cases is simply unnecessary to the continued administration of matters related to the Debtors.[9]

28.    Because there are various outstanding and ongoing cases—currently being administered against the EFH/EFIH Debtors and the TCEH Debtors—the Debtors are not filing a final report at this time. Instead, the Debtors will file a consolidated final report for all the EFH Shared Services Debtors at the time that all of these chapter 11 cases are closed, in accordance with Local Bankruptcy Rule 3022-1(c). As a result, the Debtors seek a waiver of the obligation to file a final report in connection with this Motion at this time.

29.    Finally, all U.S. Trustee Fees payable pursuant to section 1930 of title 28 of the United States Code with respect to the Closing Cases have been paid, will be paid, or provision for the payment thereof will be made, in the amounts due as soon as reasonably practicable after the closure of the Closing Cases.

30.    In light of the foregoing, the Reorganized EFH Shared Services Debtors submit that ample justification exists for entry of a final decree closing the Closing Cases.

**Notice**

31.    The Reorganized EFH Shared Services Debtors shall cause a copy of this Motion to be served on the date hereof via U.S. first class mail on: (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel

---

[9] The timing of the relief sought herein is contingent on entry of the Omnibus Order.

thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc

13

Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; and (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002.   The Reorganized EFH Shared Services Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

32.    No prior motion for the relief requested herein has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, for the reasons set forth herein, the Reorganized EFH Shared Services Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems appropriate.

Dated:   May 4, 2018
        Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:        collins@rlf.com
              defranceschi@rlf.com
              madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz, P.C. (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        edward.sassower@kirkland.com
              stephen.hessler@kirkland.com
              brian.schartz@kirkland.com
              aparna.yenamandra@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.sprayregen@kirkland.com
              marc.kieselstein@kirkland.com
              chad.husnick@kirkland.com
              steven.serajeddini@kirkland.com

*Co-Counsel to the Reorganized EFH Shared Services Debtors*