# **<u>EXHIBIT B</u>**

# Plan Confirmation for the EFH/EFIH Debtors

Debtors' Opening Presentation

February 26, 2018

Energy Future Holdings

# I.    Overview

## <u>Overview</u>: The Sempra Plan and Merger Agreement

- **Overwhelming** consensus with **all** classes voting in favor.

- **Unanimous** support from PUCT Staff and all key intervenors.

- After a long, hard-fought battle, **only three** objections stand between the Debtors and emergence.

  - NEE's remaining objection is limited and both NEE and Elliott support the consummation of the Sempra transaction.

  - Mr. Miller and the Asbestos Objectors are the **only parties seeking to deny confirmation.**

- Emergence is **on the horizon** – a mere **two weeks away**.

# <u>Overview:</u> The Debtors Seek to Confirm the Sempra Plan

- The Debtors **ARE** seeking confirmation of the **Plan reflecting the transactions contemplated by the Sempra Merger Agreement**.

- The Debtors **ARE** seeking for the Court to approve a $275 million reserve on account of the currently disallowed NEE Termination Fee **which should resolve NEE's Plan Objection.**

- As will become clear, **the Debtors and their stakeholders have streamlined these proceedings by:**
  - narrowing the scope of dispute; and
  - adjourning, to a later date, those issues that do not need to be resolved before the EFH Effective Date.

3

# <u>Overview:</u> The Plan Achieves Key E-Side Goals

- Overwhelming support and support from **all** voting classes.

- Widespread regulatory support:

  - Related change of control application has **unanimous support from PUCT intervenors** (<u>**Wright**</u>)

  - Other **key regulatory approvals have been received or are in progress** (FCC, FERC) (<u>**Wright**</u>)

- Preserves the approved and consummated **tax-free TCEH spin** and the **tax-free sale of EFH Corp.'s indirect economic interest in Oncor**. (<u>**Wright**</u>)

  - The most favorable transaction structure for all stakeholders.

  - Avoids "Tax armageddon."

# <u>Overview</u>: The Plan Achieves Key E-Side Goals (cont'd)

- **Maximizes enterprise value** for the benefit of EFH and EFH creditors (<u>**Horton**</u>).

- **Adjourns certain contested issues for another day** (e.g., allocation of the NEE Plan Reserve and other material Claims).

- Provides a **clean and debt-free balance sheet** to Reorganized EFH and Reorganized EFIH. (<u>**Horton**</u>)

  - No post-Effective Date obligations imposed on Reorganized EFH, Reorganized EFIH, or Plan Sponsor.

  - No new debt incurred in connection with emergence.

> Brings **finality and closure** to the EFH Debtors' and EFIH Debtors' chapter 11 cases.

5

# II.    The Sempra Plan Satisfies the Bankruptcy Code

# <u>Code</u>: The Sempra Plan Satisfies Section 1129

- The evidence will show that the Plan as it relates to the Debtors satisfies each of the requirements of section 1129 of the Bankruptcy Code.

| Section 1129 Provision | Overview | Witness |
|---|---|---|
| 1129(a)(1): Classification, Equal Treatment, and Implementation Mechanics<br><br>**No remaining objections to 1129(a)(1).** | • Each of the Claims or Interests in a particular Class with Claims against or Interests in the Debtors is substantially similar to the other Claims or Interests in such Class and there is a reasonable basis for separate classification.<br><br>• The Plan provides for identical treatment within each Class of Claims against, or Interests in, the Debtors. | **Andrew Wright** |
| 1129(a)(2): Compliance with section 1125 requirements<br><br>**No party has raised an 1129(a)(2) objection.** | • The EFH Disclosure Statement was approved as containing adequate information, the Debtors timely mailed notices and ballots to the relevant interested parties, and all applicable notice periods were satisfied. | **Andrew Wright Jane Sullivan** |

# <u>Code</u>: The Sempra Plan Satisfies Section 1129 (cont'd)

| Section 1129 Provision | Overview | Witness |
|---|---|---|
| <u>1129(a)(3)</u>: The Plan is Proposed in Good Faith | • The evidence will show that the Debtors proposed the Plan as it relates to the Debtors, including the LSGT Debtors, in good faith. | **Anthony Horton Andrew Wright** |
| <u>1129(a)(4)</u>: The Plan contemplates that reasonable and documented professional fees and expenses will be satisfied<br><br>**No remaining objections to 1129(a)(4)**. | • Excluding the fees of retained professionals, the majority of other professional fees to be paid under the Plan are required to be paid under the Bankruptcy Code or are the product of the Debtors' reasonable business judgment. | **Anthony Horton** |

# **Code**: The Sempra Plan Satisfies Section 1129 (cont'd)

| Section 1129 Provision | Overview | Witness |
|---|---|---|
| 1129(a)(5): Governance Disclosures<br><br>**No party has raised an 1129(a)(5) objection**. | • The required governance disclosures are set forth in the Plan Supplement. | **Andrew Wright** |
| 1129(a)(6): Rate Change Requirements<br><br>**No party has raised an 1129(a)(6) objection**. | • Not applicable | **N/A** |
| 1129(a)(7): Best Interests Analysis<br><br>**No party has raised an 1129(a)(7) objection.** | • The evidence will show that the Plan as it relates to the Debtors satisfies the best interests test. | **John Stuart** |

9

# Code: The Sempra Plan Satisfies Section 1129 (cont'd)

| Section 1129 Provision | Overview | Witness |
|---|---|---|
| 1129(a)(8): Satisfaction of Voting Requirements<br><br>**No party has raised an 1129(a)(8) objection.** | • All Classes entitled to vote on the Plan as it relates to the Debtors have voted to accept the Plan. | **Jane Sullivan** |
| 1129(a)(9): Satisfaction of Administrative and Priority Tax Claims<br><br>**Debtors' proposed reserve should resolve the NEE Plan Objection.** | • Allowed Administrative Claims will be repaid in full in Cash or receive other treatment rendering them Unimpaired. | **Anthony Horton** |
| 1129(a)(10): Acceptance by Impaired Class<br><br>**No party has raised an 1129(a)(10) objection.** | • All Classes entitled to vote on the Plan as it relates to the Debtors have voted to accept the Plan. | **Jane Sullivan** |

# **Code**: The Sempra Plan Satisfies Section 1129 (cont'd)

| Section 1129 Provision | Overview | Witness |
|---|---|---|
| 1129(a)(11): Feasibility<br><br>**Debtors' proposed reserve should resolve the NEE Plan Objection.** | • The evidence will show that the Plan as it relates to the Debtors is feasible. The Debtors have received or are working to obtain all key regulatory approvals and the evidence from Evercore will show that Reorganized EFH will be financially sound. | **Anthony Horton David Ying** |
| 1129(a)(12): Payment of Fees Under § 1930<br><br>**No party has raised an 1129(a)(12) objection**. | • The Plan provides for payment of all fees under 28 U.S.C. § 1980. | **Andrew Wright** |
| 1129(a)(13): Continuation of Post-Confirmation Retiree Benefits<br><br>**No party has raised an 1129(a)(13) objection**. | • The Plan provides that on and after the EFH Effective Date, Reorganized EFH will continue to pay all retiree benefits, as defined in section 1114 of the Bankruptcy Code. | **Andrew Wright** |

# <u>Code</u>: The Sempra Plan Satisfies Section 1129 (cont'd)

| Section 1129 Provision | Overview | Witness |
|---|---|---|
| <u>1129(a)(14)-(16)</u>: Domestic support obligations, individual debtor obligations, transfers by non-moneyed entities.<br><br>**No party has raised an 1129(a)(14)-(a)(16) objection**. | • Not applicable | **N/A** |
| <u>1129(b)</u>: "Cramdown" Requirements | • The evidence will show that the Plan is fair and equitable, and does not unfairly discriminate against, the deemed rejecting classes. | **Anthony Horton Andrew Wright** |
| <u>1129(c)-(e)</u>: Multiple Plans, Avoidance of Tax, Small Business Requirements.<br><br>**No party has raised an 1129(c)-(e) objection**. | • Not applicable | **N/A** |

# III.  Voting

# <u>Voting</u>: Overwhelming Support for the Plan

- As Ms. Sullivan will testify, **all classes** of Claims entitled to vote on the Plan have voted to support the Plan.

| Class | Claims and Interests | % of Number Accepting | % of Amount Accepting | Result |
|---|---|---|---|---|
| A4 | EFH Legacy Note Claims | Appx. 94% | Appx. 100% | **Accepted** |
| A5 | EFH Unexch. Note Claims | 100% | 100% | **Accepted** |
| A6 | EFH LBO Note Primary Claims | 100% | 100% | **Accepted** |
| A7 | EFH Swap Claims | 100% | 100% | **Accepted** |
| A8 | EFH NQB Claims | Appx. 98% | Appx. 100% | **Accepted** |
| A9 | General Unsecured Claims Against EFH Corp. | 100% | 100% | **Accepted** |
| A10 | Gen. Unsec. Claims Against EFH Debtors | No votes returned except w/respect to LSGT (and that one Claim voted in favor of the Plan). | | |
| A11 | TCEH Settlement Claim | 100% | 100% | **Accepted** |
| B5 | EFH LBO Note Guaranty Claims | 100% | 100% | **Accepted** |
| B6 | Gen. Unsec. Claims Against EFIH Debtors | Appx. 97% | Appx. 100% | **Accepted** |

14

# IV.  Objections

# <u>U.S. Trustee</u>: Resolved

- The U.S. Trustee, the Debtors, the Elliott Funds, and the EFH Notes Trustee have reached agreement on the evidentiary record necessary to satisfy section 503(b) findings (and the payment of reasonable fees and expenses) for the benefit of the Elliott Funds and the EFH Notes Trustee.

- As set forth in the Confirmation Order, such fees will be subject to review by the Fee Committee and approval by the Bankruptcy Court.

> **As a result, the <u>only</u> objections left to Plan confirmation come from the <u>partial</u> objection from NEE, the objection from the Asbestos Objectors, and the objection from Mr. Miller.**

# <u>NEE</u>: The Debtors Have Already Partially Resolved NEE's Plan Objection

- In connection with the NEE Termination Fee, the Debtors **agreed to the NEE Plan Reserve**—a reserve of $275 million, to be established on the later of the EFH Effective Date and entry of an order allocating the $275 million between EFH and EFIH.

# <u>NEE</u>: The Debtors' Resolution

- After working to try and broker a global deal, the Debtors proposed a solution that builds **in a safety valve to revisit the NEE Plan Reserve at a later date**.

  - Combined with the NEE Plan Reserve, this **protects all parties' interests** and, as circumstances change, has the potential to benefit **NEE and the Supporting Creditors**.

  - At the same time, funding the entirety of the $275 million into the NEE Plan Reserve pursuant to the EFH Confirmation Order:

    - fully protects NEE <u>and</u>

    - allows the Court to approve the deal negotiated between the Debtors and Sempra regarding the **limited** Claims to which the Reorganized Debtors may have exposure.

  - **Any other option would allow Sempra to walk away from the Merger**.

---

The Debtors' resolution **appropriately balances competing interests and protects the consummation of the Sempra transaction**.

---

# <u>Asbestos:</u> The Asbestos Claims' Objection Should be Overruled

- The Asbestos Objectors once again claim that the Debtors are **not acting in good faith** and that **unmanifested asbestos claimants** are being **deprived of due process**.

- Importantly, **timely filed asbestos claims** are being **reinstated**, as are the intercompany claims used to fund the Debtors' liabilities. (**<u>Horton</u>**)

- The Debtors worked in **Good Faith** to protect and maximize value for the asbestos claimants by:

  - establishing bar date procedures that alerted claimants to their rights;

  - negotiating with Sempra for the reinstatement of timely filed asbestos claims;

  - requesting bidders to reinstate asbestos liabilities; and

  - vitally, ensuring reinstatement of the intercompany claims held by the LSGT Debtors that will fund the payment of asbestos liabilities. (**<u>Horton</u>**)

# <u>Asbestos</u>: The Asbestos Claims' Objection Should be Overruled (cont'd)

▪ **Good Faith** (cont'd)

- Any other treatment of the Asbestos Objectors would have led to dire effects for EFH and EFIH creditor constituencies. (**<u>Horton</u>**)

  ▪ No alternative bidders: The evidence to be presented will not reflect the presence of any alternative bidders willing to accept less than a discharge of unmanifested asbestos claims. (**<u>Horton</u>**)

  ▪ **Even if** such a bidder did exist, such a concession would have come at a material cost.

- The Asbestos Objectors improperly rely on the **flawed notion** that the LSGT Debtors could recover 100 cents for their claims.

  ▪ This is not the case, even without the proposed discharge of claims not preserved through Bar Date.

20

# <u>Asbestos:</u> The Asbestos Claims' Objection Should be Overruled (cont'd)

- **Due Process:** This Court has already ruled multiples times that setting a bar date for unmanifested asbestos claims in the circumstances of these cases does not violate those claimants' due process rights, **and should do so again**.

- The Plan does not distinguish between *manifested* and *unmanifested* claims. All claimants who timely filed a proof of claim have preserved their claims.

- Unmanifested asbestos claims are dischargeable in bankruptcy, consistent with the requirements of due process.

- **Publication notice satisfies due process for unknown claimants** and, as the evidence will show, the Debtors implemented an exhaustive notice process.

## <u>Miller Objections</u>: The Miller Objections Should be Overruled

- The Miller Objections **demand the Debtors unfairly discriminate between similarly situated claims**.

- To the extent Mr. Miller has a claim, it was not timely filed.

- Moreover, even if it *was* timely filed, it would be subordinated to the claim Mr. Miller already has.

- Finally, the prepetition bond exchanges Mr. Miller challenges were completed in accordance with applicable law and have long since closed.

23