# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | : | Case No. 14-10979 (CSS) |
| | : | |
| | : | Jointly Administered |
| | : | |
| Debtors. | : | **Hearing Date: June 5, 2018 at 11:00 a.m.** |
| | : | **Objections Due: May 14, 2018 by 4:00 p.m.** |

**UNITED STATES TRUSTEE'S OBJECTION TO THE APPLICATION OF CERTAIN ASBESTOS CREDITORS PURSUANT TO 11 U.S.C. § 503(B) FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR REIMBURSEMENT OF EXPENSES INCURRED IN MAKING A SUBSTANTIAL CONTRIBUTION IN THESE CHAPTER 11 CASES (D.I. 12964)**

Andrew R. Vara, the Acting United States Trustee for Region 3, objects (the "Objection") to the Application of Certain Asbestos Creditors Pursuant to 11 U.S.C. § 503(b) for Allowance of Administrative Claim for Reimbursement of Expenses Incurred in Making a Substantial Contribution in These Chapter 11 Cases (the "Application").

## PRELIMINARY STATEMENT

1. Certain Asbestos Creditors[1] (the "Applicants"), after failing in their objections to the Debtors' now-confirmed plans, seek allowance of a present and future administrative claim totaling nearly $4.0 million for reimbursement and prospective reimbursement of professional fees and expenses incurred (and to be incurred later) in these cases. The "substantial contribution" that the Applicants assert appears to be based on a litany of

---

[1] The Certain Asbestos Creditors consist of Shirley Fenicle, individually, as the holder of an unmanifested asbestos claim against the Debtors and as the Successor-In-Interest to the Estate of George Fenicle, where she represents a present asbestos claim. David William Fahy is the holder of a present asbestos claim. However, John H. Jones, David Heinzmann, Harold Bissell, Kurt Carlson, Denis Bergschneider, Charlotte Liberda and Curtis Liberda all appear to be holders of unmanifested asbestos claims against the Debtors.

unsuccessful motions and objections that they filed in the bankruptcy case, as well as their yet-unresolved efforts to overturn the confirmation of the Debtors' plan on appeal. The Applicants not only fail to satisfy the substantial contribution standard, but they propose a radical replacement: compensation for failure.

## JURISDICTION

2.      Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine this Objection.

3.      Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest). *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U. S. Trustee as a "watchdog").

4.      Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the issues raised in this Objection.

## ARGUMENT AND ANALYSIS

**A.     Legal Standard**

5.     Section 503(b)(3)(D) of the Bankruptcy Code provides for the award of administrative expenses from the estate for the "actual, necessary expenses" incurred by a creditor "in making a substantial contribution in a case."  Section 503(b)(4) provides for the allowance of "reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under" section 503(b)(3).  As numerous courts have observed, these provisions are narrowly construed so that administrative expenses will be held to a minimum.  *See In re Worldwide Direct, Inc.*, 334 B.R. 112, 122 (Bankr. D. Del. 2005) (quoting *In re Granite Partners*, 213 B.R. 440, 445 (Bankr. S.D.N.Y. 1997)).

6.     In the Third Circuit, a creditor makes a substantial contribution if, and only if, its efforts provide an "actual and demonstrable benefit to the debtor's estate and the creditors." *Lebron v. Mechem Financial Inc.*, 27 F.3d 937, 943-44 (3d Cir. 1994) (citation omitted) (quoting *In re Lister*, 846 F.2d 55, 57 (10th Cir. 1988)).  Furthermore, to be compensable under section 503(b)(3)(D), the creditor's activity must have "benefit[ed] the estate as a whole."  S*ee Lebron*, 27 F.3d at 944.  Activities "which were designed primarily to serve [the applicants'] own interests" are ***not*** compensable, because they "would have been undertaken absent an expectation of reimbursement from the estate."  *Id.*; *see also In re Tropicana Entertainment LLC*, 498 Fed. Appx. 150, 2012 WL 3776531, *2 (3rd Cir. 2012) (holding that creditor was not eligible for substantial contribution award where it "presented no evidence to

suggest that it would not have prosecuted the Trustee Motion absent the promise of reimbursement by the estate").

7. Creditors are presumed to act in their own interest "until they satisfy the court that their efforts have transcended self-protection." *Lebron*, 27 F.3d at 944 (citations omitted). A section 503(b)(3)(D) applicant's activities are "presumed to be incurred for the benefit of the engaging party and are reimbursable if, but only if, the services 'directly and materially contributed' to the reorganization." *Id.* at 943-44 (citation omitted). The Applicants must prove by a preponderance of the evidence that they made a substantial contribution. *See In re Buckhead America Corp.*, 161 B.R. 11, 15 (Bankr. D. Del. 1993). Extensive participation in a case is not enough to justify a substantial contribution award. *In re Worldwide Direct, Inc.*, 334 B.R. at 123 (citing *In re Granite Partners*, 213 B.R. at 445); *see also In re Summit Metals, Inc.*, 379 B.R. 40, 53 (Bankr. D. Del. 2007).

8. In this case, the Applicants' request suffers from two fatal defects under the standard articulated in *Lebron*. **First,** because all of the purported services by the Applicants in this case were for the separate benefit of themselves and certain similarly-situated creditors, they cannot point to any activities that they undertook for the benefit of the estate as a whole. **Second**, because all of the motions and objections filed by the Applicants were in any event unsuccessful, they cannot point to any material benefit to the estate that has resulted from their actions.

**B.     The Applicants Have Not Demonstrated That Their Actions Were Designed To Benefit The Estate As A Whole.**

9.      As the Application itself makes clear, all of the actions of the Applicants were designed to secure a greater share of the Debtors' estate for themselves and for asbestos creditors generally—a result that would have come at the expense of all non-asbestos stakeholders.  *See* Application at 13.  Regardless of their merits, these actions—which would have benefited only a subset of the Debtors' creditors if successful—are a textbook example of the kind of self-interested services excluded from compensation under section 503(b).  *Lebron*, 27 F.3d at 944; *see also In re Sentinel Mgmt. Grp., Inc.*, 404 B.R. 488, 496 (Bankr. N.D. Ill. 2009) (holding that ad hoc committee did not make substantial contribution where committee's actions were for the benefit of the creditors it represented, but not the estate as a whole).

10.     Nevertheless, the Applicants urge the Court to compel payment of their legal fees based on the alleged need for an official representative to protect their rights in these cases.  That argument ignores the fact that two asbestos creditors—who are Applicants here—served as members of an official creditors' committee in these cases, which had its own estate-compensated counsel.  Although the Applicants would plainly have preferred that this Court had appointed a separate, asbestos-only committee or fiduciary to protect their interests, this Court declined to so by its order of August 11, 2015, which denied a motion filed by certain of the Applicants and others to appoint a legal representative for unmanifested asbestos claimants (D.I. 5265).  The Applicants should not now be permitted to relitigate that motion in the guise of a post-confirmation substantial contribution application.

5

11. Indeed, it is instructive that even after this Court denied the motion for the appointment of a legal representative, the Applicants continued to litigate extensively in this case, including through the filing of a far-reaching appeal of the confirmation order. As *Lebron* cautioned, substantial contributions are generally only awarded for actions that would not have been performed but for the expectation of reimbursement from the estate. *Lebron*, 27 F.3d at 944, *Tropicana*, 498 Fed. Appx. 150. The fact that the Applicants continued to file objections and to appeal their losses even after their request for an official legal representative was denied undercuts the argument that their actions were taken with any expectation of reimbursement.

**C.   The Applicants' Failed Litigation Efforts Did Not Confer a Benefit on the Estate.**

12. Even if the Applicants could overcome the hurdle of showing that their actions were not self-interested, their request for reimbursement of fees is fatally flawed because they cannot point to a single instance in which they positively affected the outcome of these cases.

13. Notably, although the Application and the record of these cases reveal a long list of failed motions and objections by the Applicants, none appear to have achieved a successful result for the Applicants or the creditors whose interests they were purportedly representing. In particular, the principal services of the Applicants appear to have consisted of:

- Opposition to a bar date motion (D.I. 1791, 1796), which was approved by the Court over the Applicants' objection on January 7, 2015 (D.I. 3183);

6

- Joinder in a motion to appoint a legal representative to represent the interests of unmanifested asbestos claimants (D.I. 5194), which was denied on August 11, 2015 (D.I. 5265);

- Joinder in a motion to certify a class proof of claim by unmanifested asbestos claimants (D.I. 7291), which was denied on December 16, 2016 (D.I. 7383);

- A motion to dismiss the chapter 11 petitions of certain of the debtors (D.I. 10074), which was denied on December 19, 2016 (D.I. 10414 and 10415);

- A number of appeals, including an appeal of the Order Confirming the Sixth Amended Joint Plan of Reorganization (D.I. 7414).

14. The Applicants also base their request for a substantial contribution on their belief that they will succeed in overturning the confirmation order on appeal (Application at 23). That request is premature, especially as the Application offers absolutely no basis for the belief that such a result is likely. Apart from this, it is notable that all of the Applicants' alleged contributions related to failed litigation efforts. Not only did the Applicants fail to achieve a positive result for themselves, but they caused the estate and its professionals to incur added costs and delays in responding to their objections—but apart from this, the end result was exactly the same as if the Applicants had never filed their objections and motions at all. This is the very antithesis of a substantial contribution in bankruptcy.

WHEREFORE, the U.S. Trustee requests that this Court issue an order denying the Application and granting such other relief as this Court deems appropriate, fair, and just.

          Respectfully submitted,

          **ANDREW R. VARA**
          **ACTING UNITED STATES TRUSTEE**
          **REGION 3**

Dated: May 14, 2018        By: */s/*
          Linda J. Casey
          Richard L. Schepacarter, Esq.
          Trial Attorney
          U.S. Department of Justice
          Office of the U.S. Trustee
          J. Caleb Boggs Federal Building
          844 N. King Street, Room 2207, Lockbox 35
          Wilmington, DE 19801
          (302) 573-6491
          (302) 573-6497 (Fax)