## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 12926** |

**LIMITED OBJECTION OF UMB BANK, N.A., AS INDENTURE TRUSTEE, AND ELLIOTT TO APPLICATION OF CERTAIN ASBESTOS CREDITORS PURSUANT TO 11 U.S.C. § 503(B) FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR REIMBURSEMENT OF EXPENSES INCURRED IN MAKING A SUBSTANTIAL CONTRIBUTION IN THESE CHAPTER 11 CASES**

UMB Bank, N.A., as Indenture Trustee (the "Trustee") for the unsecured 11.25%/12.25% Senior Toggle Notes due 2018, and Elliott Associates, L.P., Elliott International L.P., and The Liverpool Limited Partnership (collectively, "Elliott" and, together with the Trustee, the "Objecting Parties"), by and through their undersigned counsel, hereby submit this limited objection (the "Limited Objection") with respect to the *Application of Certain Asbestos Creditors Pursuant to 11 U.S.C. § 503(b) for Allowance of Administrative Claim for Reimbursement of Expenses Incurred in Making a Substantial Contribution in These Chapter 11 Cases* [D.I. 12926] (the "Application"). In support hereof, the Objection Parties respectfully state as follows:

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

**LIMITED OBJECTION**

1. On April 9, 2018, Shirley Fenicle, individually and as successor-in-interest to the Estate of George Fenicle, David William Fahy, John H. Jones, David Heinzmann, Harold Bissell, Kurt Carlson, Robert Albini, individually and as successor-in-interest to the Estate of Gino Albini, Denis Bergschneider, and Charlotte and Curtis Liberda (the "Asbestos Creditors") filed the Application seeking an allowed administrative expense claim "against the Debtors" in the aggregate amount of up to $4,000,000.00 for making a substantial contribution within the meaning of sections 503(b)(3)(D) and 503(b)(4) of the Bankruptcy Code (the "Substantial Contribution Claim").

2. As an initial matter, any request by the Asbestos Creditors for allowance of a specific dollar amount of a Substantial Contribution Claim is premature, as any and all fees and expenses for which the Asbestos Creditors are seeking payment or reimbursement should be subject to the Fee Committee review process consistent with paragraphs 111 through 115 of the Order confirming the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12653] (the "E-Side Plan").

3. Further, it is unclear whether the Asbestos Creditors have satisfied the applicable legal standard governing substantial contribution claims. The Third Circuit has adopted the following test in evaluating requests for substantial contribution claims:

> In determining whether there has been a "substantial contribution" pursuant to section 503(b)(3)(D), the applicable test is whether the efforts of the applicant resulted in an actual and demonstrable benefit to the debtor's estate and the creditors.

*Lebron v. Mecham Financial Inc.*, 27 F.3d 937, 944 (3d Cir. 1994) (citing *In re Lister*, 846 F.2d 55, 57 (10th Cir. 1988)). An applicant seeking a substantial contribution claim must demonstrate

that its efforts "transcended self-protection" and benefited the "estate and creditors" generally. *Lebron*, 27 F.3d at 944.

4. The Asbestos Creditors argue that they were acting in the cases to protect the interests of unmanifested asbestos claimants. Even assuming that the unmanifested asbestos claimants were creditors in the EFH bankruptcy cases, there is no allegation that the Asbestos Creditors' efforts "transcended self-protection" and benefitted the EFH estate or its other creditors. Accordingly, the Asbestos Creditors not have alleged a sufficient basis to demonstrate that they can satisfy their burdens under section 503(b)(3) of the Bankruptcy Code.

5. Finally, to the extent this Court determines that, pursuant to sections 503(b)(3)(D) and 503(b)(4) of the Bankruptcy Code, all or a portion of the Substantial Contribution Claim should be allowed, such claim should be allowed solely against the EFH Debtors and payable solely from the EFH Cash Account (each as defined in the E-Side Plan) to the extent such claim is not a liability assumed by the Reorganized Debtors under the E-Side Plan. As noted in the Application, all power plants at which asbestos exposure occurred were built, maintained, and/or serviced by EFH Debtors, and all asbestos-related claims are classified in the E-Side Plan against EFH Debtors. *See* Application p. 3; E-Side Plan Art. I and III. Accordingly, no portion of any substantial contribution claim awarded to Asbestos Creditors should be allocated to the EFIH Debtors.

[*Text Continues on the Next Page*]

6. The Objecting Parties reserve the right to supplement this limited objection following any review by the Fee Committee of the fees and expenses for which the Asbestos Creditors are seeking payment or reimbursement under sections 503(b)(3)(D) and 503(b)(4) of the Bankruptcy Code.

Wilmington, Delaware
Dated:  May 14, 2018

                                      **BAYARD, P.A.**

                                      */s/ Erin R. Fay*
Scott D. Cousins (No. 3079)
Erin R. Fay (No. 5268)
Evan T. Miller (No. 5364)
600 N. King Street, Suite 400
Wilmington, DE 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
scousins@bayardlaw.com
efay@bayardlaw.com
emiller@bayardlaw.com

    –and–

**ROPES & GRAY LLP**
Keith H. Wofford (admitted *pro hac vice*)
Gregg M. Galardi (No. 2991)
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
Keith.Wofford@ropesgray.com
Gregg.Galardi@ropesgray.com

*Counsel for Elliott and UMB Bank, N.A., as Trustee*