**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: D.I. 13107,** 13010 |

**PRELIMINARY REPLY OF DELOITTE & TOUCHE LLP**
**TO MAJORITY CREDITORS' OMNIBUS PRELIMINARY OBJECTION**
**REGARDING FINAL FEE APPLICATIONS**

Deloitte & Touche LLP ("D&T") hereby files this preliminary reply (this "Preliminary

Reply") to the *Majority Creditors' Omnibus Preliminary Objection Regarding Final Fee*

*Applications*, dated May 14, 2018 [D.I. 13107] (the "Preliminary Objection"), filed by Elliott

Associates, L.P., Elliott International, L.P., The Liverpool Limited Partnership, Gatwick Securities

LLC, Paloma Partners Management Company, and Sunrise Partners Limited Partnership

(collectively the "Majority Creditors").  In support of this Preliminary Reply, D&T respectfully

states as follows:

**BACKGROUND**

1.    On April 29, 2014 (the "Petition Date"), the debtors in the above-captioned chapter

11 cases (collectively, the "Debtors")[2] filed voluntary petitions with the United States Bankruptcy

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]    The Debtors include (i) Energy Future Holdings Corp. ("EFH"), certain of its direct and indirect subsidiaries (together with EFH, the "EFH Debtors"), Energy Future Intermediate Holding Company LLC ("EFIH"), and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors," and together with the EFH Debtors, the "EFH/EFIH Debtors"), and (ii) Energy Future Competitive Holdings Company

Court for the District of Delaware (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  During the chapter 11 cases, the Debtors operated their businesses and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      The Court has entered an order for joint administration of these chapter 11 cases. The Court has not appointed a trustee or examiner in these chapter 11 cases.  The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors representing the interests of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") in these chapter 11 cases on May 13, 2014 [D.I. 420], and an official committee of unsecured creditors representing the interests of EFH, EFIH, EFIH Finance, Inc., and EECI, Inc. on October 27, 2014 [D.I. 2570].

3.      On September 16, 2014, the Court entered the *Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 2066] (the "Interim Compensation Order"), which sets forth the procedures for interim compensation and reimbursement of expenses for all retained professionals in these chapter 11 cases.

4.      On August 21, 2014, the Court entered the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (as amended by D.I. 12552, the "Fee Committee Order"), appointing a fee

---

LLC and each of its direct and direct subsidiaries that are Debtors in these chapter 11 cases (collectively, the "TCEH Debtors").  The TCEH Debtors emerged from chapter 11 on October 3, 2016. *See Notice of Entry of TCEH Confirmation Order and Occurrence of TCEH Effective Date* [D.I. 9742]. The EFH/EFIH Debtors emerged from chapter 11 on March 9, 2018. *See Notice of Entry of EFH Confirmation Order and Occurrence of EFH Effective Date* [D.I. 12801].

committee (the "<u>Fee Committee</u>") and establishing procedures governing the Fee Committee's review of the Debtors' retained professionals' applications for compensation.[3]

5.    On October 29, 2014, the Court entered the *Order Authorizing the Debtors to Retain and Employ Deloitte & Touche as Independent Auditor Effective Nunc Pro Tunc to the Petition Date* [D.I. 2617] (the "<u>Retention Order</u>").  The Retention Order approved the retention of D&T as independent auditor to the Debtors *nunc pro tunc* to the Petition Date and, among other things, authorized the Debtors to compensate and reimburse D&T in accordance with the Bankruptcy Code, the Fed. R. Bankr. P., the Del. Bankr. L.R., the Fee Committee Order, and the Interim Compensation Order.

6.    On February 27, 2018, the Court entered the *Order Confirming the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12763] (the "<u>EFH Confirmation Order</u>"), which confirmed the chapter 11 plan of reorganization attached to the EFH Confirmation Order (the "<u>Sempra Plan</u>").

7.    The Sempra Plan became effective on March 9, 2018 (the "<u>EFH Effective Date</u>").

8.    Pursuant to Article II.A.2(a) of the Sempra Plan, the deadline for filing requests for payment of Professional Fee Claims (as defined in the Sempra Plan) was April 23, 2018, the date that was 45 days after the EFH Effective Date.

9.    In accordance with the terms of the Sempra Plan, and consistent with the Fee Committee Guidelines, on April 23, 2018, D&T filed the *Final Fee Application for Compensation*

---

[3]    On October 3, 2014, October 7, 2014, December 1, 2014, March 9, 2015, June 9, 2015, December 15, 2015, and March 12, 2018, the Fee Committee distributed guidelines to those professionals retained in these chapter 11 cases regarding a number of topics, including expense reimbursement, fee review criteria, and the contents of interim fee applications (collectively, the "<u>Fee Committee Guidelines</u>").

*for Services Rendered of Deloitte & Touche LLP as Independent Auditor to the Debtors and*

*Debtors-in-Possession for the Period from April 29, 2014 Through March 9, 2018* [D.I. 13010]

(the "<u>Final Fee Application</u>") with the Court.  Pursuant to the *Notice of Final Fee Application* filed

and served with the Final Fee Application, objections to the Final Fee Application were to be filed

by May 15, 2018 (the "<u>Objection Deadline</u>").

10.    Prior to the Objection Deadline, the Majority Creditors filed the Preliminary

Objection purporting to object to various final fee application, including the Final Fee Application.

## **<u>PRELIMINARY REPLY</u>**

11.    The Preliminary Objection does not contain any basis upon which the Majority

Creditors object to the Final Fee Application.  The Preliminary Objection states only that:

> The Majority Creditors intend to supplement this Omnibus Preliminary Objection
> upon further discovery and disclosure from the Advisor Applicants, and expressly
> reserve all rights, claims and objections regarding the scope, quality, necessity and
> reasonableness of fees and expenses sought in connection with the [Final Fee
> Application].

*See* Preliminary Objection at 2.

12.    Out of an abundance of caution, D&T files this Preliminary Reply in response to

the Preliminary Objection and in further support of the Final Fee Application.  Given the absence

of any substantive assertions in the Preliminary Objection, D&T hereby reserves all of its rights to

oppose any discovery requests that the Majority Creditors may attempt to propound upon D&T in

the future in connection with the Final Fee Application.  Additionally, to the extent that the

Majority Creditors file or seek to file any further objections to the Final Fee Application, D&T

also expressly reserves all of its rights to oppose and/or substantively respond to the filing of any

such further objections by supplementing this Preliminary Reply.

WHEREFORE, D&T respectfully requests that this Court (i) overrule the Preliminary Objection on the basis that it fails to articulate any legal or factual basis for denying the relief requested in the Final Fee Application; and (ii) approve the Final Fee Application.


[*Remainder of Page Intentionally Left Blank*]

Dated: May 29, 2018
      Dallas, Texas

Thomas J. Kilkenny
Partner
Deloitte & Touche LLP