**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: D.I. 13005 & 13107** |

**PRELIMINARY REPLY OF FILSINGER ENERGY PARTNERS
TO "MAJORITY CREDITORS' OMNIBUS PRELIMINARY OBJECTION
REGARDING FINAL FEE APPLICATIONS" [D.I. 13107]**

Filsinger Energy Partners ("FEP") hereby files this preliminary reply (this "Preliminary Reply") to the *Majority Creditors' Omnibus Preliminary Objection Regarding Final Fee Applications*, dated May 14, 2018 [D.I. 13107] (the "Preliminary Objection"), filed by Elliott Associates, L.P., Elliott International, L.P., The Liverpool Limited Partnership, Gatwick Securities LLC, Paloma Partners Management Company, and Sunrise Partners Limited Partnership (collectively the "Majority Creditors"). In support of this Preliminary Reply, FEP respectfully states as follows:

**BACKGROUND**

1.  On April 29, 2014 (the "Petition Date"), each of the debtors in the above-captioned chapter 11 cases (collectively, the "Debtors"[2]) filed a voluntary petition with the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] The Debtors include (i) Energy Future Holdings Corp. ("EFH"), certain of its direct and indirect subsidiaries (together with EFH, the "EFH Debtors"), Energy Future Intermediate Holding Company LLC ("EFIH"), and EFIH Finance, Inc. (together with EFIH, the "EFIH Debtors," and together with the EFH Debtors, the "EFH/EFIH Debtors"), and (ii) Energy Future Competitive Holdings Company LLC

United States Bankruptcy Court for the District of Delaware (the "Court") under chapter 11 of title 11 of the United States Code, §§ 101-1532 (the "Bankruptcy Code"). During the pendency of their respective chapter 11 cases, all of the Debtors operated their businesses and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court has entered an order for joint administration of these chapter 11 cases. The Court has not appointed a trustee or examiner in these chapter 11 cases. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors representing the interests of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") in these chapter 11 cases on May 13, 2014 [D.I. 420], and an official committee of unsecured creditors representing the interests of EFH, EFIH, EFIH Finance, Inc., and EECI, Inc. on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

2. On September 16, 2014, the Court entered the *Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 2066] (the "Interim Compensation Order"), which sets forth the procedures for interim compensation and reimbursement of expenses for all retained professionals in these cases.

---

and each of its direct and direct subsidiaries that are Debtors in these chapter 11 cases (collectively, the "TCEH Debtors"). The TCEH Debtors emerged from chapter 11 on October 3, 2016. *See Notice of Entry of TCEH Confirmation Order and Occurrence of TCEH Effective Date* [D.I. 9742]. The EFH/EFIH Debtors emerged from chapter 11 on March 9, 2018. *See Notice of Entry of EFH Confirmation Order and Occurrence of EFH Effective Date* [D.I. 12801].

2

3. Given the size and complexity of these chapter 11 cases, the U.S. Trustee, the Debtors, and the TCEH Creditors' Committee agreed to recommend that the Court appoint a fee committee to review and report on, as appropriate, interim and final fee applications filed by all of the Debtors' retained professionals in accordance with sections 328, 330, and 331 of the Bankruptcy Code and the Interim Compensation Order (the "Fee Committee"). On August 21, 2014, the Court entered the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896] (as amended by D.I. 12552, the "Fee Committee Order"), appointing the Fee Committee and establishing procedures governing the Fee Committee's review of the Debtors' retained professionals' applications for compensation and the resolution of any concerns raised during such review.[3]

4. On September 16, 2014, the Court entered the *Order Authorizing The Debtors To Retain And Employ Filsinger Energy Partners As Energy Consultant Effective Nunc Pro Tunc To The Petition Date* [D.I. 2057] (the "Retention Order"). The Retention Order approved the retention of FEP as energy consultants to the Debtors *nunc pro tunc* to the Petition Date and, among other things, authorized the Debtors to compensate and reimburse FEP in accordance with the Bankruptcy Code, the Fed. R. Bankr. P., the Del. Bankr. L.R., the Fee Committee Order, and the Interim Compensation Order.

5. On February 27, 2018, the Court entered the *Order Confirming the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy*

---

[3] On October 3, 2014, October 7, 2014, December 1, 2014, March 9, 2015, June 9, 2015, December 15, 2015, and March 12, 2018, the Fee Committee distributed guidelines to those professionals retained in these chapter 11 cases regarding a number of topics, including expense reimbursement, fee review criteria, and the contents of interim fee applications (collectively, the "Fee Committee Guidelines").

*Code* [D.I. 12763] (the "<u>EFH Confirmation Order</u>"), whereby the Court confirmed the chapter 11 plan of reorganization attached as Exhibit A to the EFH Confirmation Order (the "<u>Sempra Plan</u>").

6. The transactions contemplated in the Sempra Plan were consummated and the Sempra Plan became effective in accordance with its terms on March 9, 2018 (the "<u>EFH Effective Date</u>").

7. Pursuant to Article II.A.2(a) of the Sempra Plan, the deadline for filing requests for payment of Professional Fee Claims (as such term is defined in the Sempra Plan) was April 23, 2018, the date that was 45 days after the EFH Effective Date.

8. In accordance with the terms of the Sempra Plan and consistent with the Fee Committee Guidelines, on April 23, 2018, FEP filed the *Final Fee Application of Filsinger Energy Partners As Energy Consultants to the Debtors and Debtors in Possession for Services Rendered and Reimbursement of Expenses for the Period From April 29, 2014 Through March 9, 2018* [D.I. 13005] (the "<u>Final Fee Application</u>") with the Court. Pursuant to the *Notice of Final Fee Application* filed and served contemporaneously with the Final Fee Application, objections, if any, to the Final Fee Application were due to be filed with the Court no later than May 15, 2018 at 4:00 p.m. (Eastern Daylight Time) (the "<u>Objection Deadline</u>").

9. Prior to the Objection Deadline, the Majority Creditors filed the Preliminary Objection objecting to, among other things, the Final Fee Application.

**PRELIMINARY REPLY**

10. Notwithstanding its title, the Preliminary Objection actually does not object to the Final Fee Application. Indeed, the Preliminary Objection is devoid of *any* substance whatsoever, fails to articulate *any rationale whatsoever* for the Majority Creditors to contest the Final Fee Application, and otherwise fails to take issue with *any* aspect of the Final Fee Application.

4

11. Remarkably, rather than actually objecting to the Final Fee Application, the Majority Creditors purport to retain the right to potentially file an objection to the Final Fee Application at some future date by summarily stating:

> The Majority Creditors intend to supplement this Omnibus Preliminary Objection upon further discovery and disclosure from the Advisor Applicants, and expressly reserve all rights, claims and objections regarding the scope, quality, necessity and reasonableness of fees and expenses sought in connection with the [Final Fee Application]

*See* Preliminary Objection at p. 2. In sum, by the Preliminary Objection, the Majority Creditors have taken the "object now, figure out why later" approach.

12. Out of an abundance of caution, FEP files this Preliminary Reply in further support of the Final Fee Application and in response to the Preliminary Objection, and hereby reserves all of its rights to oppose any discovery that the Majority Creditors may attempt to direct to FEP in the future in connection with the Final Fee Application.[4] To the extent that the Majority Creditors do file or seek to file any further untimely objection(s) to the Final Fee Application, FEP also expressly reserves all of its rights to oppose the filing as untimely and/or to supplement this Preliminary Reply to substantively respond to any such objection(s).

[*Remainder of page intentionally left blank.*]

---

[4] Separately, FEP intends to work cooperatively with the Fee Committee concerning any issues that may be raised by the Fee Committee with respect to the Final Fee Application. Unlike all other parties-in-interest in these cases, the Fee Committee was not subject to the Objection Deadline.

WHEREFORE, FEP respectfully requests that this Court: (i) overrule the Preliminary Objection on the basis that it fails to articulate any legal or factual reason for denying or limiting the relief requested in the Final Fee Application, and (ii) approve the Final Fee Application (subject to any potential agreed modifications to the relief requested in the Final Fee Application by and between FEP and the Fee Committee).

Dated: May 29, 2018  
      Denver, Colorado

*/s/ Todd W. Filsinger*  
Todd W. Filsinger  
as Senior Managing Director  
Filsinger Energy Partners

Filsinger Energy Partners  
90 Madison St, Ste 600  
Denver, CO 80206  
Phone: 303-974-5884