## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re:  D.I. 13102, 13113 |

### THE EFH/EFIH OFFICIAL COMMITTEE'S (I) RESPONSE TO THE MOTION OF THE EFH PLAN ADMINISTRATOR BOARD FOR ENTRY OF AN ORDER SCHEDULING CERTAIN HEARING DATES AND DEADLINES AND ESTABLISHING CERTAIN PROTOCOLS IN CONNECTION WITH THE EFH/EFIH ALLOCATION DISPUTE AND (II) PRELIMINARY OBJECTION TO THE JOINT MOTION OF UMB BANK, N.A., AS INDENTURE TRUSTEE, AND ELLIOTT TO FIX APPROPRIATE ALLOCATION OF CERTAIN RESERVES AND EXPENSES AS BETWEEN THE EFH AND EFIH DEBTORS

The official committee of unsecured creditors (the "**EFH/EFIH Committee**") of

Energy Future Holdings Corp. ("**EFH**"), Energy Future Intermediate Holding Company LLC

("**EFIH**"), EFIH Finance Inc. and EECI, Inc. hereby submits this omnibus response to the

*Motion of the EFH Plan Administrator Board for Entry of an Order Scheduling Certain Hearing*

*Dates and Deadlines and Establishing Certain Protocols in Connection with the EFH/EFIH*

*Allocation Dispute* [D.I. 13113] (the "**Scheduling Motion**"), and preliminary objection to the

*Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott to Fix Appropriate Allocation*

---

[1]     The last four digits of Energy Future Holdings Corp.'s taxpayer identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*of Certain Reserves and Expenses as Between the EFH and EFIH Debtors* [D.I. 13102] (the

"**Allocation Motion**"),[2] and respectfully states as follows:

## Background

1.       On October 27, 2014, the United States Trustee for the District of

Delaware appointed the EFH/EFIH Committee to represent the collective interests of unsecured

creditors of EFH, EFIH, EFIH Finance, Inc., and EECI, Inc. [D.I. 2570].

2.       On February 27, 2018, the Court entered the *Order Confirming the First

Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future

Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the

Bankruptcy Code* [D.I. 12763] (the "**Confirmation Order**").  The entities formerly known as the

EFH Debtors and EFIH Debtors in the above-captioned cases emerged from chapter 11 on

March 9, 2018 (the "**Effective Date**").  *See Notice of Entry of EFH Confirmation Order and

Occurrence of EFH Effective Date* [D.I. 12801].

3.       On May 13, 2018, Elliott Associates, L.P., Elliott International, L.P., and

The Liverpool Limited Partnership (collectively, "**Elliott**") and UMB Bank, N.A. filed the

Allocation Motion.

4.       On May 15, 2018, the EFH Plan Administrator Board filed the Scheduling

Motion requesting a scheduling order establishing a discovery, briefing and hearing schedule

with respect to the Allocation Dispute.

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the
Scheduling Motion or Allocation Motion, as applicable.

SC1:4667551.4

<u>**Response and Preliminary Objection**</u>

**A.      A Shorter Scheduling Order Should Be Entered.**

5.      The EFH/EFIH Committee agrees with the EFH Plan Administrator Board
that a court-supervised schedule must be entered to bring resolution to the Allocation Dispute.
As this Court noted during the confirmation hearing, this has been "an open issue for four years."
(Feb. 26, 2018 Hr'g Tr. 24: 13-15.)  Yet, the Disinterested Directors of EFH and EFIH failed to
reach resolution prior to the Confirmation Hearing and almost three months have now passed
since the Effective Date without any meaningful progress towards resolving the Allocation
Dispute.

6.      Following the Effective Date, the EFH Plan Administrator Board has
largely deferred to creditors holding substantial claims:  Elliott negotiating for EFIH and the Ad
Hoc EFH Claimants for EFH, without any tangible results.  While this dispute trudges along
seemingly deadlocked, the other unsecured creditors of EFH and EFIH are stuck in the middle of
a dispute between sophisticated distressed debt funds with their recoveries under the Plan frozen.
As the EFH Plan Administrator Board notes, over half a billion dollars for unsecured creditor
distributions remains in the EFH/EFIH Cash Distribution Account.  (Scheduling Motion at 4.)[3]

7.      EFH unsecured creditors have yet to receive *any* distribution, and EFIH
unsecured creditors have only received a partial distribution, in connection with the confirmed
Plan.  Many of these creditors are smaller creditors, and include the several classes of Claims at
EFH that reflect non-funded debt, including the non-qualified beneficiaries (Class A8) and other

---

[3]      Recognizing the need to resolve this dispute promptly, the Court's Confirmation Order provides that the EFH
Plan Administrator Board shall make reasonable efforts to file a motion seeking to resolve the Allocation
Dispute "as soon as reasonably practicable following entry of the Confirmation Order."  (Conf. Order ¶ 152.)
Unfortunately, this issue is only now being joined before the Court for resolution.

SC1:4667551.4

retirees.  The non-qualified beneficiary claimants are one of the classes included in the

EFH/EFIH Committee Settlement approved by this Court, and are the largest beneficiary of the

TCEH Settlement Claim Turnover Distribution (as defined in the Plan).  These retirees and small

retail investors have waited four years for the resolution of these cases, and should receive their

distributions without further delay.  Moreover, the costs of litigating the Allocation Dispute will

continue to reduce the ultimate distribution to unsecured creditors.

        8.        While the EFH/EFIH Committee agrees that this Court should enter a

scheduling order, the schedule proposed by the EFH Plan Administrator Board is too long.  The

Scheduling Motion proposes a schedule that culminates with an evidentiary hearing commencing

on October 15, 2018—more than seven months after the Effective Date.   To the extent that

certain parties believe discovery is necessary to present their case, any discovery is likely limited

and can be expedited (as has been successfully accomplished many times in these cases).  The

EFH/EFIH Committee therefore respectfully requests that the Court enter a more condensed

scheduling order and set the Allocation Dispute for hearing on or about August 15, 2018.[4]

**B.      The Allocation Proposed in the Allocation Motion Is Inappropriate.**

        9.        The EFH/EFIH Committee has been continuously monitoring the

Allocation Dispute since the outset, but has waited until now to see if a reasonable consensus

would emerge from negotiations, first between the Disinterested Directors of the EFH and EFIH,

respectively, and more recently, between the Ad Hoc EFH Claimants and Elliott.   No consensus

has emerged; indeed, the dispute appears to only be deepening because of tactical behavior by

---

[4]     The EFH/EFIH Committee understands that there have been discussions between Elliott and the Ad Hoc EFH
        Claimants regarding a schedule.  The EFH/EFIH Committee reserves the right to support any schedule proposed
        by these or any other parties at or in advance of the hearing on the Scheduling Motion.

-4-

non-fiduciaries.

10.    While unsecured creditors of both EFH and EFIH are within its constituency, the EFH/EFIH Committee (like all creditors' committees) has throughout these cases considered and taken a position on issues where different portions of its constituency may have differing views and interests in order to facilitate resolution of open issues and provide the Court with input from a fiduciary to the unsecured creditors as a whole.  Creditors in these cases have had differing views on questions such as whether to support various strategic proposals for Oncor, whether buyers should be required to assume legacy liabilities, and the allocation of tax and other risks as between EFH and EFIH.  In such situations, the EFH/EFIH Committee has debated these matters and focused on whether a proposed solution is fundamentally fair or unfair to unsecured creditors as a whole, with special attention to the needs of creditors that cannot afford their own legal counsel to appear in these cases.  Here, the EFH/EFIH Committee believes it must assist in reaching a sensible solution to the Allocation Dispute in order to preserve as much value as possible for all creditors of EFH and EFIH, particularly those creditors of both Debtors that are otherwise unrepresented.  To that end, it is imperative that the Allocation Dispute be resolved fairly and promptly.

11.    The EFH/EFIH Committee has serious concerns about Elliott's proposed allocation of the Material Administrative Expense Claims.  At this stage, the EFH/EFIH Committee continues to consider the appropriate allocation of these expenses, including the reasons, if any, that would justify departure from the allocations initially determined by the applicable professionals to be appropriate in light of their obligations to their respective clients.  However, it is clear, at minimum, that the convenient "50/50" splits proposed by Elliott with respect to the NextEra Termination Fee Claims and the Debtors' Professional Fee Claims are

-5-

patently unreasonable to the EFH estate.  As troubling is that the stated justifications for such allocations set forth in the Allocation Motion are based on (at best) a misunderstanding of numerous fundamental facts of these chapter 11 cases.

12.     Chief among these inaccuracies is the repeated assertion that a tax-free disposition of EFIH's interests in Oncor solely benefitted EFH.  The Court is well-versed in the issue of the potential "Tax Armageddon" that hung over the Debtors' restructuring efforts. Elliott's assertion that "the *only* debtor that faced this 'Tax Armageddon' was EFH" is simply wrong.  (Allocation Motion at 7.)  As the record of these cases clearly reflects, a taxable disposition of Oncor posed serious risks of destroying the value for unsecured creditors at both EFH and EFIH.

13.     The Debtors acknowledged at the outset of these cases that in the event of a taxable sale of Oncor, "a fiduciary for EFH may deem it necessary to make a 'check-the-box' election for EFIH…such that [EFIH] would become severally liable for the tax liability of the EFH Group. . . .  As a result, the Debtors believe that a check-the-box election would be an adverse outcome for all parties." (*Omnibus Tax Memorandum* [D.I. 2296], at pp. 20-21.)  *See also Disclosure Statement for the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp, et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the EFH Debtors and EFIH Debtors* [D.I. 9200], Exhibit E "Liquidation Analysis", at p. 17 (illustrating that the recoveries of unsecured creditors of EFIH would be nearly or completely eliminated in a check-the-box scenario).

14.     Ultimately, parties-in-interest will need to put a complete record in front of the Court in support of any particular proposed allocation.  Elliott's proposed allocation, however, unduly prejudices the EFH estate and its stakeholders, and could very well result in the

-6-

EFH estate's value being wiped out and unsecured creditors of EFH, including those benefiting

from the EFH/EFIH Committee Settlement, receiving zero recoveries. This is not something

either the EFH/EFIH Committee or the Court can accept based on the current record of the

Allocation Motion.

       15.     The EFH/EFIH Committee intends to participate in litigation regarding the

Allocation Motion and reserves all rights, including the right to express a view on the appropriate

resolution of the substance of the Allocation Dispute.

Dated:  Wilmington, Delaware
       May 29, 2018

**MONTGOMERY McCRACKEN WALKER & RHOADS, LLP**

  */s/ Davis Lee Wright*
Natalie D. Ramsey (DE Bar No. 5378)
Davis Lee Wright (DE Bar No. 4324)
Mark A. Fink (DE Bar No. 3946)
1105 North Market Street, 15th Floor
Wilmington, DE  19801
Telephone: (302) 504-7800
Facsimile: (302) 504 -7820

– and –

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich
Brian D. Glueckstein
John Hardiman
Alexa J. Kranzley
125 Broad Street
New York, New York  10004
Telephone:   (212) 558-4000
Facsimile:   (212) 558-3588

*Counsel for The Official Committee of Unsecured Creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, EFIH Finance Inc., and EECI, Inc.*

SC1:4667551.4