**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 )</br>) Case No. 14-10979 (CSS) )  |
| ENERGY FUTURE HOLDINGS CORP., et al.,¹ | ) Jointly Administered )  |
| | ) Re: Docket Nos.: 13102 and 13113 )  |
| | ) Hearing Date: June 5, 2018 at 11:00 a.m.</br>) Objection Deadline: May 29, 2018 at 4:00p.m. )  |
| Debtors. | ) |

**EFH INDENTURE TRUSTEE'S (A) RESPONSE TO MOTION OF THE EFH PLAN ADMINISTRATOR BOARD FOR ENTRY OF AN ORDER SCHEDULING CERTAIN HEARING DATES AND DEADLINES AND ESTABLISHING CERTAIN PROTOCOLS IN CONNECTION WITH THE EFH/EFIH ALLOCATION DISPUTE AND (B) PRELIMINARY OBJECTION WITH RESPECT TO THE JOINT MOTION OF UMB BANK, N.A. AS INDENTURE TRUSTEE, AND ELLIOTT TO FIX APPROPRIATE ALLOCATION OF CERTAIN RESERVES AND EXPENSES AS BETWEEN THE EFH AND EFIH DEBTORS**

American Stock Transfer & Trust Company, LLC ("AST"), as successor trustee to The Bank of New York Mellon Trust Company, N.A. (in such capacity, the "EFH Indenture Trustee") under the indentures for notes (the "EFH Notes") issued by EFH Future Holdings Corp. ("EFH Corp.") and pursuant to the provisions of the confirmed EFH/EFIH Plan and EFH Confirmation Order,² by its undersigned counsel, hereby files its (A) statement in support of the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification Numbers is not provided herein.

[2] Capitalized terms used, but not otherwise defined, herein shall have the meanings ascribed to them in the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12653] (the "EFH/EFIH Plan"), and if not defined therein, the meanings ascribed to them in the *Order Confirming the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12763] (the "EFH Confirmation Order"), and if not defined therein, the meaning

*(Footnote continued on next page)*

1

*Motion of the EFH Plan Administrator Board for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the EFH/EFIH Allocation Dispute* [Docket No. 13133] (the "Scheduling Motion") and (B) Preliminary Objection to the *Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott to Fix Appropriate Allocation of Certain Reserves and Expenses as Between The EFH and EFIH Debtors* [Docket No. 13102] (the "Allocation Motion"). The EFH Indenture Trustee respectfully states as follows:

## BACKGROUND

1. On February 27, 2018, the Court entered the EFH Confirmation Order confirming the EFH/EFIH Plan. The EFH Effective Date occurred on March 9, 2018.

2. On February 28, 2018, the Debtors filed the *Notice of Filing of Cash Projections and Allocation Proposals for Energy Future Holdings Corp., and Energy Future Intermediate Holding Company LLC* [Docket No. 12769], in which the Debtors disclosed (i) that the EFH Debtors had executed confidentiality agreements with certain holders of claims against the EFH Debtors, (ii) that EFH Corp. and EFIH had not reached agreement on the terms concerning the allocation of certain claims against EFH Corp. and EFIH, and negotiations regarding those allocations were ongoing, and (iii) the then current EFH Cash Projections (including Claim amounts by Class) and the EFFH/EFIH Allocation Proposal (as defined therein).

3. On April 3, 2018, Elliott's counsel filed the *Statement of Ropes & Gray LLP and Bayard, P.A. Pursuant to Federal Rule of Bankruptcy Procedure 2019* [Docket No. 12895], disclosing that Elliott holds approximately $1,253 million claims in Classes B5 and B6 (representing approximately 73% of unsecured claims at EFIH) and approximately $490 million

ascribed to them in the Allocation Motion, and if not defined therein, the meanings ascribed to them in the Scheduling Motion.

claims in Classes A4, A6 and A7 (representing approximately 35% of all unsecured claims at EFH Corp.).

4.     On April 4, 2018, the Ad Hoc EFH Claimants filed the *Verified Statement of Kasowitz Benson Torres LLP and Hogan McDaniel Pursuant to Bankruptcy Rule 2019* [Docket No. 12900], disclosing that the Ad Hoc EFH Claimants collectively hold approximately $408 million claims in Classes A4, A5, and A11 (representing approximately 29% of all unsecured claims at EFH Corp.).

5.     On May 15, 2018, Elliott and UMB Bank, N.A., as indenture trustee for the EFIH Unsecured Notes, filed the Allocation Motion, seeking an order from the Court allocating certain Material Administrative Expense Claims between the creditors of the former EFH Corp. estate and the EFIH Estate (the "EFH/EFIH Allocation Dispute")

6.     On May 15, the EFH Plan Administrator Board (the "PAB") filed the Scheduling Motion, requesting the Court to schedule hearing dates and deadlines and establish procedures with respect to the EFH/EFIH Allocation Dispute. The proposed scheduling order provides that the EFH Indenture Trustee shall be a "Participating Party."

**PRELIMINARY STATEMENT**

7.     Since the EFH Effective Date, the EFH Indenture Trustee's role has been limited to those tasks set forth in the EFH/EFIH Plan, the EFH Confirmation Order, the EFH Plan Administrator Trust Agreement and other ancillary documents. The EFH/EFIH Plan and the EFH Confirmation Order both provide, among other things, that the EFH Notes are cancelled and deemed satisfied in full, the EFH Note Indentures are discharged and the EFH Indenture Trustee is released from all duties under the EFH Note Indentures. See EFH/EFIH Plan IV.G. and EFH Confirmation Order at ¶98. However, the EFH Note Indentures continue in effect and the EFH Indenture Trustee's duties survive solely for the purpose of:

> (1) allowing Holders of Allowed Claims to receive distributions under the Plan […];
>
> (2) allowing the [EFH Indenture Trustee] or such other Disbursing Agent pursuant to the EFH Confirmation Order to make the distributions in accordance with the Plan (if any), as applicable, […];
>
> (3) preserving any rights of […] [the EFH Indenture Trustee] to payment of fees, expenses, and indemnification obligations as against any money or property distributable to the relevant Holders under, as applicable, the Plan, […], the EFH Note Indentures, […], including any rights to priority of payment and/or to exercise charging liens, including retention of appropriate reserves, […];
>
> (4) allowing the [EFH Indenture Trustee], […] to enforce any obligations owed to [it] under the Plan and take any actions contemplated of [it] by the Plan; and
>
> (5) allowing the [EFH Indenture Trustee], […] to appear in the Chapter 11 Cases or any proceeding in which they are or may become a party;

EFH/EFIH Plan IV.G. and EFH Confirmation Order at ¶98. In addition, the EFH Confirmation Order specifically contemplates consultation by the PAB with the EFH Indenture Trustee, among others, in connection with interim distributions. See EFH Confirmation Order at ¶151.

8.   The EFH/EFIH Plan, EFH Confirmation Order and the EFH Plan Administrator Trust Agreement, included as Exhibit D to the Plan Supplement filed on March 8, 2018 [Docket No. 12798], task the PAB with resolving Disputed Claims after the EFH Effective Date. See, e.g., EFH Confirmation Order at ¶152. They further provide that the EFH/EFIH Allocation Dispute is a Conflict Matter (as defined in the EFH Plan Administrator Trust Agreement) which authorizes the PAB to appoint "Disinterested Agents" to resolve the EFH/EFIH Allocation Dispute or any other Conflict Matter. See EFH Plan Administrator Trust Agreement Section 6.3 and EFH Confirmation Order at ¶153.

9.   The provision authorizing the PAB to appoint and delegate resolution of Conflict Matters to Disinterested Agents with fiduciary duties was a negotiated provision of the EFH

4

Confirmation Order and the EFH Plan Administrator Trust Agreement. See EFH Plan Administrator Trust Agreement Section 6.3.[3] The EFH Confirmation Order also provides that any Holder of a Claim may seek relief from the Bankruptcy Court in connection with the EFH/EFIH Cash Distribution Account and thus allocation issues. EFH Confirmation Order at ¶153.

## PRELIMINARY OBJECTION AND RESERVATION OF RIGHTS

10. Based upon the duties and powers of the PAB with respect to Conflict Matters, the EFH Indenture Trustee expected that a Disinterest Agent with fiduciary duties to the EFH Corp. estate would be involved as a lead party in any allocation dispute and that the EFH Indenture Trustee's ongoing material involvement would not be required. That has not occurred. Instead, the dispute is poised for litigation between sophisticated creditors that currently have significant and opposing economic stakes in the outcome of the EFH/EFIH Allocation Dispute. Thus, presumably, the interests of the former EFH Corp. estate are being represented by the Ad

---

[3] Section 6.3 of the EFH Plan Administrator Trust Agreement provides:

> The Trust may, but shall not be required to, from time to time enter into contracts with, consult with, and retain independent contractors, including attorneys, accountants, appraisers, consultants, disbursing agents, or other parties deemed by the Trustee to have qualifications necessary or desirable to assist in the proper administration of the Trust, including any estate professionals retained during the Bankruptcy Cases as may be appropriate in the circumstances with respect to services performed after the EFH Effective Date, and including any agents the Trustee engages (including such agents' representatives) to address matters (collectively, the "Conflicts Matters") that, prior to the EFH Effective Date, would have been addressed by those certain disinterested directors of the EFH/EFIH Debtors and their advisors (such agent representing EFH Corp., the "Disinterested EFH Agent," such agent representing EFIH, the "Disinterested EFIH Agent," and, collectively, the "Disinterested Agents"). Each Disinterested Agent shall have the authority to (1) to retain advisors to represent and advise such Disinterested Agent; (2) to investigate and determine whether any matter constitutes a Conflicts Matter; and (3) to make and implement all decisions with respect to Conflicts Matter. Each Disinterested Agent shall have the same fiduciary duties to the estate and its respective creditors as the disinterested directors had. The representatives for the Disinterested Agents shall take direction from the Disinterested Agents, and, for the avoidance of doubt, the Disinterested Agents shall not take direction from the Trustee solely with respect to the Conflicts Matters. […]

Hoc EFH Claimants instead of a fiduciary and without the need, at this time, for the EFH Indenture Trustee to fully engage in the litigation.

11.     However, since the members of the Ad Hoc EFH Claimants will be acting in their own best interests and have no fiduciary duties to any other creditors, precautions must be taken to ensure that the EFH/EFIH Allocation Dispute is properly litigated and resolved fairly for EFH Corp. creditors.  This concern is especially pressing if the currently litigating parties trade their positions or seek to settle for consideration that could flow to them outside the EFH Plan waterfall.  Here, one could imagine a situation where the litigating parties might settle their positions in the EFH/EFIH Allocation Dispute amongst themselves without involvement of the EFH Corp. estate or any other creditors.

12.     Notably, any proposed resolution of the EFH/EFIH Allocation Dispute could adversely affect the EFH Indenture Trustee's surviving rights and obligations (including its right and ability to recover its fees and expenses through exercise of its charging lien) and it could adversely impact, or even eliminate, distributions to creditors at EFH Corp.[4]

13.     Accordingly, at this time, the EFH Indenture Trustee objects to the proposed allocation in the Allocation Motion, as it is patently unfair.  In these or similar circumstances, the EFH Indenture Trustee may determine that it is required to become more actively involved in the EFH/EFIH Allocation Dispute in accordance with its rights and obligations under the EFH/EFIH Plan, the EFH Confirmation Order and the EFH Notes Indentures.

---

[4]     As noted in the Allocation Motion, if the Court grants the relief requested in the Allocation Motion and the NextEra Termination Fee Claim is allowed in full, EFH Corp. would be rendered administratively insolvent. In that event, the EFH Indenture Trustee's fees and expenses incurred in these Chapter 11 Cases might not be paid in full and its holders would receive no distributions.  Allocation Motion at ¶6.

6

## RESPONSE TO SCHEDULING MOTION

14. The EFH Indenture Trustee supports the efforts of the PAB to establish a process and schedule for parties to respond to and litigate the Allocation Motion. To that end, the EFH Indenture Trustee, while taking no position on the specific dates and deadlines set forth in the proposed scheduling order, supports the procedures and protocols that will provide for the expeditious and cost-effective resolution of the issues raised while protecting the interests of all creditors.

15. However, here, where certain creditors are litigating issues that will determine distributions for all other creditors in an estate, precautions must be taken to ensure a fair and equitable outcome. Therefore, the EFH Indenture Trustee requests that the proposed scheduling order be modified to provide that:

   (i) any settlement of the EFH/EFIH Allocation Dispute be approved under Rule 9019 (to the extent applicable) or similar provisions to ensure that the fairness of any resolution to all creditors can be evaluated;
   (ii) the PAB, or another fiduciary, be required to monitor the litigation to confirm that it is being fully and fairly litigated by representatives for all creditors of EFH Corp.;
   (iii) the EFH Indenture Trustee be authorized to actively litigate the EFH/EFIH Allocation Dispute as the circumstances may require; and
   (iv) consistent with the terms of the EFH Confirmation Order, the EFH Indenture Trustee's reasonable fees and expenses incurred in connection with such participation be paid by the PAB.

16. Provided such provisions, and such other protections for all creditors as the Court may deem appropriate, are implemented, the EFH Indenture Trustee will refrain from fully participating in the litigation of the EFH/EFIH Allocation Dispute. It is, however, the intention of the EFH Indenture Trustee to remain a Participating Party, to monitor the EFH/EFIH Allocation Dispute to reserve all of its rights to contest the veracity of the factual statements and allegations in the allocation motion, and to object to the relief requested in the Allocation Motion.

WHEREFORE, the EFH Indenture Trustee respectfully request that the Court: (i) deny the relief request by Elliott in the Allocation Motion; (ii) modify the Scheduling Order to protect the interests of all claimants of EFH Corp. in the event that circumstances change or a settlement is reached that is unfairly prejudicial to claimants that are not actively litigating; (iii) order that the EFH Indenture Trustee is authorized to actively litigate the EFH/EFIH Allocation Dispute as the circumstances may require, and that consistent with the terms of the EFH Confirmation Order, its reasonable fees and expenses incurred in connection with such participation are to be paid by the PAB; and (iv) grant such other relief as is just and proper.

Dated: Wilmington, DE
May 29, 2018

**CROSS & SIMON, LLC**

By: /s/*Christopher P. Simon*
Christopher P. Simon (Del. Bar No. 3697)
1105 North Market Street, Suite 901
Wilmington, Delaware 19801
Telephone: (302) 777-4200
Facsimile: (302) 777-4224
csimon@crosslaw.com

- and –

NIXON PEABODY LLP
Amanda D. Darwin
Richard C. Pedone
Erik Schneider
100 Summer Street
Boston, Massachusetts 02110
Telephone: (617) 345-1000
Facsimile: (617) 345-1300
adarwin@nixonpeabody.com
rpedone@nixonpeabody.com
eschneider@nixonpeabody.com

-and-

Christopher J. Fong
437 Madison Avenue
New York, NY 10022
Telephone: 212-940-3724
Facsimile: 855-900-8613
cfong@nixonpeabody.com

*Co- Counsel to American Stock Transfer & Trust Company, LLC, as Indenture Trustee*