**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.,*[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| *Debtors.* | ) (Jointly Administered) |
| | ) |
| | ) **Re: D.I. 13113** |
| | ) |

**JOINT OBJECTION OF UMB BANK, N.A., AS INDENTURE TRUSTEE, AND
ELLIOTT TO THE MOTION OF THE EFH PLAN ADMINISTRATOR BOARD FOR
ENTRY OF AN ORDER SCHEDULING CERTAIN HEARING DATES AND
DEADLINES AND ESTABLISHING CERTAIN PROTOCOLS IN CONNECTION
WITH THE EFH/EFIH ALLOCATION DISPUTE**

UMB Bank, N.A., as Indenture Trustee (the "Trustee") for the unsecured 11.25%/12.25%

Senior Toggle Notes due 2018, and Elliott Associates, L.P., Elliott International, L.P., and The

Liverpool Limited Partnership (collectively, "Elliott" and, together with the Trustee, the

"Objectors"), by and through their undersigned counsel, hereby object to the *Motion of the EFH*

*Plan Administrator Board for Entry of an Order Scheduling Certain Hearing Dates and*

*Deadlines and Establishing Certain Protocols in Connection with the EFH/EFIH Allocation*

*Dispute* [D.I. 13113] (the "PAB's Scheduling Motion"). In support hereof, the Objectors

respectfully state as follows:

**PRELIMINARY STATEMENT**

By this objection (the "Objection"), the Objectors respectfully request that the Court deny

the PAB's Scheduling Motion. The PAB's Scheduling Motion is procedurally defective and

---

[1]     The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

substantively deficient because it (i) was not filed with respect to an existing contested matter or adversary proceeding and is limited in the scope of the allocation disputes it seeks to address, (ii) attempts to include "participants" that will not and cannot be "parties" in a contested allocation dispute matter, (iii) proposes a schedule and protocol that will increase cost and time for creditors of both EFH and EFIH, (iv) provides for unnecessary and wasteful discovery, and (v) permits confidentiality restrictions that no longer make sense post-confirmation.

The Objectors nonetheless recognize the necessity of a schedule for the allocation disputes that are actually pending before the Court, as reflected in the Objectors' pending *Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott to Fix Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors* [D.I. 13102] (the "Allocation Motion")[2] filed on May 13, 2018.  Accordingly, the Objectors are contemporaneously filing for the Court's consideration a *Proposed Order Scheduling Certain Dates and Deadlines and Establishing Certain Protocols in Connection with the Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott to Fix Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors* (the "Objectors' Proposed Schedule").  The Objectors' Proposed Schedule is designed to address the unresolved allocation disputes in an efficient and comprehensive manner, and to facilitate the EFH Plan Administrator Board (the "PAB")'s efforts to close these chapter 11 cases.

---

[2]    Capitalized terms used but not defined herein have the meanings ascribed to them in the Allocation Motion, or if not defined in the Allocation Motion, then the meanings ascribed to them in the *Order Confirming the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12763].

For these reasons, and as further set forth below and at the upcoming June 5, 2018 Omnibus Hearing, the Objectors respectfully request that the Court deny the PAB's Scheduling Motion.

## BACKGROUND

1.      As the Court is aware, the Objectors, the Disinterested Directors, and the Ad Hoc EFH Claimants (as defined below) have for at least the last several months been engaged in discussions concerning the allocation of certain administrative expenses among Energy Future Holdings Corporation ("EFH") and Energy Future Intermediate Holdings Company, LLC ("EFIH").  Those discussions proved unsuccessful.

2.      As a result, on May 13, 2018, the Objectors filed their Allocation Motion, which seeks entry of a Court order allocating certain administrative expense claims between EFH and EFIH.  [Allocation Mot., D.I. 13102].[3]  In particular, the Allocation Motion addresses four such administrative expense claims: (1) the NextEra Termination Fee, the NextEra Reimbursement Claim, or any reserve established with respect thereto; (2) the E-Side Committee Professional Fee Claims; (3) the Debtors' Professional Fee Claims; and (4) the Elliott Substantial Contribution Claim.  [Allocation Mot., D.I. 13102 ¶ 3].  Objections to the Allocation Motion are due May 29, 2018.  Thus far, only the Ad Hoc EFH Claimants (as defined in the *Verified Statement of Kasowitz Benson Torres LLP and Hogan McDaniel Pursuant to Bankruptcy Rule 2019* [D.I. 12900]) have advised the Objectors of their opposition to the Allocation

---

[3]      The hearing date for the Allocation Motion, as set forth on the first page of the Allocation Motion, is June 5, 2018.  [Allocation Mot., D.I. 13102].  The Objectors do not intend to proceed with a hearing on the merits of the Allocation Motion on June 5, but instead intend to use the June 5 hearing to address scheduling matters with respect to the Allocation Motion.

Motion.[4]  Furthermore, as of the date of this filing, there are no other motions pending that seek to address the allocation of these four administrative expense claims.

3.    Two days after the Objectors filed their Allocation Motion, the PAB, who is represented by the same counsel as the Debtors, filed the PAB's Scheduling Motion.  [PAB Mot., D.I. 13113].  The PAB's Scheduling Motion does not, however, seek entry of a scheduling order with respect to the Allocation Motion, nor any contested matter presently before the Court. Instead, it simply seeks entry of an order scheduling certain dates and deadlines, and establishing certain protocols, in connection with the allocation of some (but not all) of the administrative expenses as between EFH and EFIH.  [PAB Mot., D.I. 13113].  In particular, the PAB's Scheduling Motion addresses three of the administrative expense claims included in the Allocation Motion, but conspicuously omits allocation of the Debtors' professionals' fees (which amount to more than $200 million).  *See* [PAB Mot., D.I. 13113 ¶ 5] (defining the three "Subject Claims" as (1) the NextEra Termination Fee; (2) the E-Side Committee's professionals' fees; and (3) Elliott's substantial contribution claim).

4.    The PAB's proposed schedule (the "PAB's Proposed Schedule") attached to the PAB's Scheduling Motion also contemplates a lengthy litigation process.  Indeed, despite acknowledging that the allocation disputes at issue are neither "factually nor legally intensive," [PAB Mot., D.I. 13113 ¶ 20],[5] the PAB proposes a five-month period for discovery, final written

---

[4]    Because the Ad Hoc EFH Claimants effectively opposed the relief sought by the Objectors by providing to Debtors' counsel for public filing an allocation settlement proposal (the "Ad Hoc EFH Allocation Proposal") that had been rejected by the Objectors, *see* [EFH Creditors' 2/25 Proposal to the Elliott Funds, D.I. 12769-3], the Objectors have agreed to treat the Ad Hoc EFH Allocation Proposal as a preliminary objection to the Allocation Motion.

[5]    The PAB's counsel similarly acknowledged at the March 28, 2018 status conference that the allocation disputes at issue were "not complicated legal issues per se, it's really what's fair in terms of allocation.  So I don't think there's a ton of extensive legal research and briefing that needs to be done on these one off sorts of issues."  Ex. A, Mar. 28, 2018 Hr'g Tr. at 34:10-15 (Keiselstein).

submissions, and hearing preparation, culminating with a hearing in mid-October 2018. [PAB Mot., Ex. A, D.I. 13113-2 ¶¶ 6-10]. The PAB further proposes that seven "participants" (including the PAB) be involved, despite the fact that some of these proposed "participants" cannot or will not be "parties" in a contested matter and regardless of whether such parties oppose the relief sought by the Allocation Motion. [PAB Mot., Ex. A, D.I. 13113-2 ¶ 2]. The scheduling order also proposes some limitations on interrogatories, requests for admission and depositions, but none with respect to document requests or the scope of discoverable information, other than that a party should not serve document requests seeking the same documents already produced in these chapter 11 cases. [PAB Mot., Ex. A, D.I. 13113-2 ¶¶ 14-19]. Finally, the scheduling order also incorporates in full the 55-page confidentiality stipulation previously entered by this Court in connection with these chapter 11 cases, which is largely no longer necessary or appropriate. [PAB Mot., Ex. A, D.I. 13113-2 ¶ 11].

5.      Since the PAB's Scheduling Motion was filed, the Objectors and the Ad Hoc EFH Claimants have engaged in discussions concerning a potential schedule for resolution of the Allocation Motion, but have been unable to reach agreement. The Ad Hoc EFH Claimants have expressed the potential need for significant discovery and thus have asked for a longer schedule than the Objectors' Proposed Schedule. The Ad Hoc EFH Claimants have also expressed the potential need for a schedule that does not have any limitations with respect to document requests or the scope of discoverable information, but rather permits full-fledged review and production of additional emails (on top of the thousands already produced in these chapter 11 cases over the last few years) – a process that will inevitably eat into the very recoveries that both EFH and EFIH creditors are seeking to preserve.

**ARGUMENT**

## I.   THE COURT SHOULD DENY ENTRY OF THE PAB'S PROPOSED SCHEDULE.

6.      Any schedule for the resolution of outstanding allocation disputes should be entered only with respect to the contested matter presently before the Court – namely, the Objectors' Allocation Motion.  And as with any contested matter under Rule 9014, the parties to the entered schedule should be the movants (here, the Objectors) and any other party that timely objects to the Allocation Motion (including the Ad Hoc EFH Committee) or intervenes in that contested matter.  Any schedule should also provide for an expeditious resolution with limited discovery and protocols that make sense given the post-petition stage of these chapter 11 cases and the estates' dwindling resources.

7.      The PAB's Proposed Schedule fails to satisfy these basic requirements for several reasons.

8.      ***First***, the PAB proposes a schedule for a matter that is not presently before the Court.  While the constituencies plainly disagree over allocation, the PAB's Scheduling Motion does not require a preliminary statement of one's positions until June 11, 2018, and then only with respect to three of the four administrative expense disputes that will ultimately determine EFH and EFIH unsecured creditor recoveries, leaving out one of the most significant issues, the allocation of the Debtors' professionals' fees.

9.      ***Second***, the PAB identifies "participants" that have not and cannot take substantive positions on the allocation disputes or the relief sought by the Allocation Motion. For example, the PAB proposes to include itself as a "participant," even though it concedes that it cannot challenge the merits of the Allocation Motion and will not otherwise take a position on any allocation issue.  [PAB Mot., D.I. 13113 ¶ 9].  The PAB's only role (and the only fees for

which its professionals may be compensated) in connection with any allocation dispute or the Allocation Motion is as a third-party recipient of discovery requests, not as the one "driv[ing] the EFH/EFIH Allocation Dispute towards its long-awaited conclusion," as it asserts.  [PAB Mot., D.I. 13113 ¶ 10].  Indeed, the PAB and its counsel are undoubtedly conflicted with respect to the Allocation Motion.  As the Court recently explained, "I find it difficult to accept an argument that a fiduciary for two estates where the entire issue is which estate gets more than the other estate is not conflicted."  Ex. A, Mar. 28, 2018 Hr'g Tr. at 40:16-21.

10.    ***Third***, though the PAB acknowledges that the allocation disputes at issue are neither "factually nor legally intensive," [PAB Mot., D.I. 13113 ¶ 20], the PAB nevertheless proposes a lengthy five-month process for resolution of the allocation disputes.  There is simply no need to drag out a schedule for as long as the PAB proposes, especially when numerous other, far more complex disputes in these chapter 11 cases have been resolved by the parties and this Court in a matter of weeks, not months.  Moreover, expedient resolution will aid in the PAB's efforts to close these chapter 11 cases and save millions for unsecured creditors of both EFH and EFIH, especially when over a ***half a billion dollars*** remains to be distributed for both creditor bodies.  [PAB Mot., D.I. 13113 ¶ 7].  Rather than a lengthy five-month process, resolution should take no more than two months, culminating in a one-day hearing in late July (at the latest).

11.    ***Fourth***, the PAB contemplates sweeping discovery despite the fact that much of the evidentiary foundation for resolving the Allocation Motion already exists in the more than 13,000 public filings in these chapter 11 cases and the over 1,000,000 documents (and 6,000,000 pages), including thousands of emails, already reviewed and produced by the Debtors. [Allocation Mot., D.I. 13102; PAB Mot., D.I. 13113 ¶ 14].  To the extent a party deems further

discovery necessary, and absent further order of the Court, discovery should be limited to paper and electronic documents, such as PowerPoints, spreadsheets, memoranda, and similar materials. Given the thousands of emails already produced in these chapter 11 cases, there is no need for the costly review and production of *additional* emails absent a showing by a party that such expansive discovery is necessary in light of the significant expense entailed and the limited additional probative value such discovery it would likely yield.

12.     ***Fifth***, the PAB provides for the continued governance of procedures that governed the pre-confirmation stages of these chapter 11 cases that are no longer required for this narrow post-confirmation issue.   In particular, there is no need for a confidentiality stipulation where the volume of newly produced documents will be small (and should not include any emails).   And there is certainly no need for a confidentiality stipulation that authorizes a recipient of discovery requests to deem certain documents "Highly Confidential" and thereby restrict other parties' counsel from sharing them with their clients.   At this stage in the case, there is no or minimal ongoing business risk or commercially sensitive information about the chapter 11 cases to protect, and accordingly no reason to permit parties to restrict from client review documents concerning these allocation issues.

13.     For these reasons, the Court should deny the PAB's Scheduling Motion, and decline to enter the PAB's Proposed Schedule.[6]   Nonetheless, because it is in the interest of all parties to resolve the Allocation Motion promptly and expeditiously, the Court should proceed to enter an appropriate schedule for their Allocation Motion.   Accordingly, contemporaneous with this Objection, the Objectors are filing a Notice of the Objectors' Proposed Schedule.   The Objectors' Proposed Schedule is realistic, efficient, and accounts for the limited remaining

---

[6]     To the extent the EFH Ad Hoc Claimants propose a similarly prolonged schedule, the Court should similarly decline entry.

factual and legal issues before the Court. Unlike the PAB's Proposed Schedule, the Objectors' Proposed Schedule: (i) encompasses all open allocation issues, (ii) limits the participating parties to those with an actual stake in the allocation dispute, (iii) streamlines the discovery and hearing timetable to enable the PAB to make creditor distributions as promptly as practicable, (iv) eliminates unnecessary and wasteful discovery, and (v) obviates the pointless restrictions on access to discovery materials in a post-confirmation dispute.

14. To aid in the Court's consideration of the PAB's Proposed Schedule and the Objectors' Proposed Schedule, the chart below compares certain key events as proposed by both the PAB and the Objectors:

| Event | PAB's Proposed Schedule | Objectors' Proposed Schedule |
|---|---|---|
| Beginning of fact discovery | June 11, 2018 | June 11, 2018 |
| End of fact discovery | August 17, 2018 | July 11, 2018 |
| Final objections to the Allocation Motion and/or final written submissions deadline | September 28, 2018 | July 16, 2018 |
| Final witness list submission deadline | October 8, 2018 | July 24, 2018 |
| Pretrial conference | October 12, 2018 | July 30, 2018 |
| Hearing date | October 15, 2018 | July 31, 2018 (or as soon thereafter as the Court's schedule permits) |

## <u>CONCLUSION</u>

15.     For the foregoing reasons, the Objectors respectfully request that this Court (a)

deny the PAB's Scheduling Motion and decline entry of the PAB's Proposed Schedule, (b) enter

the Objectors' Proposed Schedule, and (c) grant the Objectors any other and further relief as is

just and proper.

Wilmington, Delaware
Date: May 29, 2018

**BAYARD, P.A.**

*/s/ Erin R. Fay*
Scott D. Cousins (No. 3079)
Erin R. Fay (No. 5268)
Evan T. Miller (No. 5364)
600 N. King Street, Suite 400
Wilmington, DE 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
scousins@bayardlaw.com
efay@bayardlaw.com
emiller@bayardlaw.com

–and–

**ROPES & GRAY LLP**
Keith H. Wofford
Gregg M. Galardi
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile:  (212) 596-9090
Keith.Wofford@ropesgray.com
Gregg.Galardi@ropesgray.com

*Counsel for Elliott and UMB Bank, N.A., as
Trustee*