# **Exhibit A**

**(Proposed Scheduling Order)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |

**[PROPOSED] ORDER SCHEDULING CERTAIN DATES AND DEADLINES AND ESTABLISHING CERTAIN PROTOCOLS IN CONNECTION WITH THE JOINT MOTION OF UMB BANK, N.A., AS INDENTURE TRUSTEE, AND ELLIOTT TO FIX APPROPRIATE ALLOCATION OF CERTAIN RESERVES AND EXPENSES AS BETWEEN THE EFH AND EFIH DEBTORS**

In relation to the *Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott to Fix Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors* [D.I. 13102] (the Allocation Motion")[2] of UMB Bank, N.A., as Indenture Trustee (the "Trustee") for the unsecured 11.25%/12.25% Senior Toggle Notes due 2018, and Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, "Elliott"); and for the reasons set forth on the record at the hearing held on June 5, 2018; and after due deliberation and sufficient cause existing for the relief requested herein, it is hereby **ORDERED**:

1. The protocols and schedule set forth below shall govern the proceedings regarding the Allocation Motion, including all related discovery.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the Debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the same meanings set forth in the Allocation Motion.

**I.    PARTIES**

2.    For purposes of the Allocation Motion, the Parties shall include (a) Elliott; (b) the Trustee; (c) the Ad Hoc EFH Claimants (as defined in D.I. 12900), and (d) any party that timely files a preliminary objection to the Allocation Motion as provided in Paragraph II.4 below.

**II.    SCHEDULING MATTERS**

3.    The following dates shall govern the proceedings on the Allocation Motion.

4.    **Preliminary Objections**.  Preliminary objections to the Allocation Motion are due no later than **Tuesday, May 29, 2018.**

5.    **Fact Discovery**:

  a.  **Monday, June 11, 2018**, shall be the beginning of the fact discovery period. On or before this date, the Parties shall meet and confer regarding the scope of discovery.

  b.  **Wednesday, June 13, 2018**, shall be the deadline to serve requests for production and interrogatories (collectively, the "Requests").

  c.  **Monday, June 18, 2018**, shall be the deadline for the Parties to serve responses and objections to the Requests.

  d.  **Wednesday, June 27, 2018**, shall be the deadline to produce documents.

  e.  **Friday, June 29, 2018**, shall be the deadline to serve notices of depositions.

  f.  **Wednesday, July 11, 2018**, shall be the end of fact discovery and the deadline for filing any motions to compel.

6.    **Final Objections to the Allocation Motion and Final Written Submissions:**

  a.  **Monday, July 16, 2018**, shall be the date by which a Party may file any final objection to the Allocation Motion or, in the case of Elliott and the Trustee, a final written submission.

7.    **Hearing**:

  b.  **Wednesday, July 18, 2018**, shall be the deadline by which the Parties must serve a preliminary list of witnesses and exhibits they intend to offer

at the Hearing. Witness lists shall identify all witness that each Party will call or may call at the Hearing.

c. **Friday, July 20, 2018**, shall be the deadline by which the Parties must file any motions *in limine*.

d. **Monday, July 23, 2018**, shall be the date on which counsel to the Parties shall meet and confer regarding the pretrial conference.

e. **Tuesday, July 24, 2018**, shall be the deadline by which the Parties must submit a proposed joint pretrial order per Local Bankruptcy Rule 7016-2(d).

f. **Tuesday, July 24, 2018**, shall be the deadline by which the Parties must serve a final list of witnesses and exhibits they intend to offer at the Hearing. Witness lists shall identify all witness that each Party will call or may call at the Hearing.

g. **Wednesday, July 25, 2018**, shall be the deadline by which the Parties must serve objections to final witness and exhibit lists.

h. **Wednesday, July 25, 2018**, shall be the deadline by which the Parties must file oppositions to any motions *in limine*.

i. **Thursday, July 26, 2018**, shall be the date by which the Parties must meet and confer with a view toward narrowing and resolving any evidentiary disputes. This meet and confer may be held either in person or by telephone.

j. **Monday, July 30, 2018**, **starting at 10:00 a.m.** (**Eastern Daylight Time**), shall be the date and time of the pretrial conference.

k. **Tuesday, July 31, 2018, shall be the date of the Hearing.** Proceedings shall be limited to one day consisting of no more than eight (8) hours of trial time. Trial time will be divided equally between the Parties, to be monitored by a chess clock. The Court will consider the submission of written directs upon request by the Parties, which submissions shall not count against the submitting Party's available trial time.

### III. OTHER GOVERNING PROTOCOLS AND PROCEDURES

8. **Document Discovery**: Absent further order of the Court or by agreement of the Parties, additional document discovery in connection with the Allocation Motion shall be limited to paper and electronic documents such as PowerPoints, spreadsheets, memoranda, and similar materials, but shall not include emails. All documents and ESI produced in accordance with this

Order shall be produced in conformance with the terms of the e-discovery protocol [D.I. 1832-3], attached hereto as **Exhibit 1** (the "ESI Protocol").

9. **Assertions of Privilege**. If any recipient of a discovery request withholds or redacts any documents on the grounds of privilege, work product, or any other type of protection or immunity from disclosure, that person shall provide the Parties with a privilege log consistent with Federal Rule 26(b)(5), as incorporated by Bankruptcy Rules 7026 and 9014. Efficient means of providing information regarding claims of privilege are encouraged, and parties are encouraged to agree upon measures that further this end. For example, when asserting privilege on the same basis with respect to multiple documents, it is presumptively proper to provide the information required by Federal Rule 26(b)(5) by group or category. A party receiving a privilege log that groups documents or otherwise departs from a document-by-document or communication-by-communication listing may not object solely on that basis, but may object if the substantive information required by Federal Rule 26(b)(5) has not been provided in a comprehensible form.

10. **Limitations on Interrogatories**. Unless otherwise ordered by the Court, interrogatories shall be limited to those seeking names of witnesses with knowledge of discoverable information. Interrogatories other than those seeking information described in this paragraph shall not be allowed.

11. **Requests for Admission**. Without leave of the Court upon a specific showing of good cause, requests for admission pursuant to Federal Rule 36 shall not be allowed, except with respect to any request to admit the authenticity of any described document.

12. **Limitations on Depositions**. A Party must obtain leave of Court, for good cause shown, to take a deposition that would result in a witness being deposed more than once in his or

her individual capacity in connection with the Allocation Motion. Each deposition taken in connection with the Allocation Motion shall be limited to eight hours. For purposes of these limitations, each witness produced in response to a Federal Rule 30(b)(6) deposition notice shall be treated as a separate deponent. At least forty-eight hours in advance of any Federal Rule 30(b)(6) deposition, the party being deposed shall identify all witnesses who will be put forward to testify on the topics in the Federal Rule 30(b)(6) deposition notice.

13. **Overlap with Prior Discovery**. A recipient of a discovery request shall not be required to re-produce documents already produced by that recipient in these chapter 11 cases.

14. **Third-Party Documents Received Pursuant to Subpoena**. Each Party shall produce or make available to the other Parties, all materials obtained from third parties pursuant to Federal Rule 45 within three business days of receiving such material from a third party.

15. **Expert Testimony**. Nothing herein shall preclude any Party from seeking to offer, and the Court from allowing, expert testimony at the Hearing. To the extent any Party seeks to offer any such expert testimony, the Parties shall confer in good faith regarding a schedule for discovery concerning the same.

16. **Discovery Disputes**. Any dispute with regard to discovery conducted under this Order that cannot be resolved after good-faith consultation may be presented to the Court by the party who seeks relief filing a letter with the Court and copying all Parties. Unless otherwise agreed to by the disputing Parties, any response to such letter shall be made by filing a responsive letter to the Court to be filed and delivered to Chambers within two business days after service of the initial letter submission on the applicable Party. Without leave from the Court, no letter shall exceed three pages in length and no additional submissions will be permitted.

17. **Amendments or Modifications**. Except as otherwise ordered by the Court, this Order shall control any and all discovery by Parties in connection with the Allocation Motion.

18. **Service**. All pleadings, motions, and other papers related to the Allocation Motion that are filed are to be served electronically. In addition, the Parties agree to serve by e-mail on all other Parties all discovery requests—in both .pdf and Word format—and written responses and other papers that are not filed. If transmission of voluminous materials as an e-mail attachment is impractical, those materials shall be served by overnight delivery with the ability to "track" deliveries and verify receipt. Unless received by 6 p.m. (prevailing Eastern Time), discovery requests will be deemed received the next business day.

19. **No Legal Representation Implied by Participation**. For the avoidance of doubt, neither any provision of this Order nor the participation or activity by any attorney in any aspect of the Allocation Motion shall be deemed or construed to create an attorney-client relationship between any attorney and any Party.

IV. **MISCELLANEOUS**

20. To the extent necessary, the Local Bankruptcy Rules are waived.

21. Notice of the Allocation Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

22. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

23. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

24. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Date: _____, 2018

Honorable Christopher S. Sontchi
United States Bankruptcy Judge

# **<u>EXHIBIT 1</u>**

## Exhibit C

### E-Discovery Protocol

This Protocol supplements the provisions of Federal Rules of Civil Procedure 16, 26, 33, 34, 37 and 45, and the Federal Rules of Bankruptcy Procedure, insofar as those Rules relate to the production of documents and ESI. This Protocol shall supersede any instructions in Requests for Production regarding the matters addressed herein. To the extent that instructions in Requests for Production conflict with this Protocol, the Protocol shall govern.

All reasonable efforts will be taken to ensure that documents produced in this litigation are formatted as follows:

A. Documents gathered from electronic data should be provided in the following format:

1. <u>TIFFs</u>. The parties will produce all documents as Group IV single page black and white TIFF format files imaged at 300 dpi. The producing party will honor reasonable requests made in good faith for either production of the original document for inspection and copying or production of a color image of the document. In all cases the image must reflect how the source document would have appeared if printed out to a printer attached to a computer viewing the file. The producing party will, however, instruct its vendor to disable Auto Date and to enable and show hidden columns or rows, hidden worksheets, speaker notes, track changes and comments.

2. <u>Unique IDs</u>. Each image should have a unique file name, which is the Bates Number of the page. Bates Numbers shall be unique IDs with a prefix that can be readily attributed to the producing party. Bates Numbering should be sequential. If a Bates Number or set of Bates Numbers is skipped in a production, the producing party will so note.

3. <u>Spreadsheets and Other Files in Native Format</u>: All Excel files and other files that cannot be reasonably reviewed except on a computer shall be produced in native format. For these native or other format files, the producing party will also provide a single page placeholder referencing the native file with a Bates stamp for the file. The produced file should be named with the Bates number of the first page of the corresponding TIFF production of the document (e.g. "ABC0000001.xls").

4. <u>Database Load Files/Cross-Reference Files</u>. Documents produced shall be provided with (i) Concordance delimited load file(s) and (ii) Opticon delimited cross-reference file(s). Every TIFF in each production must be referenced in the production's corresponding load file. The total number of images referenced in a production's load file should match the total number of TIFF files in the production. The database load file shall include a reference to any native files that are produced.

5. <u>Parent-Child Relationships</u>. Parent-child relationships (the association between an e-mail and the attachments) should be preserved. The producing party shall produce email attachments sequentially after the parent email. The load files shall maintain a cross reference between the parent and any children.

6. <u>Requests for high-resolution or color documents</u>. The producing party agrees to respond to reasonable and specific requests for the production of higher resolution or color images. Nothing in this Protocol will preclude a producing party from objecting to such requests as unreasonable in number, timing or scope, provided that a producing party will not object if the document as originally produced is illegible or difficult to read. The producing party shall have the option of responding by producing a native-file version of the document. If

2

ny-1148279

a dispute arises with regard to requests for higher resolution or color images, the requesting and producing parties will meet and confer in good faith to try to resolve it.

7. <u>Foreign language documents</u>. All documents shall be produced in their original language. Where a requested document exists in a foreign language and the producing party also has an English-language version of that document that it prepared for non-litigation purposes prior to filing of the lawsuit, the producing party shall produce both the original document and all English-language versions. In addition, if the producing party has a certified translation of a foreign-language document that is being produced, whether or not the translation is prepared for purposes of litigation, the producing party shall produce both the original document and the certified translation. Nothing in this Agreement shall require a producing party to prepare a translation, certified or otherwise, for foreign language documents that are produced in discovery.

8. <u>Text Files</u>. For each document, a document level text file should be provided along with the TIFFs. If the document contains extractable text, the extractable text should be provided. If the document does not contain extractable text, the producing party shall provide OCR for that document. The text files will not contain the redacted portions of the documents. Text files for documents or pages containing redactions shall be produced no later than five (5) business days after the production of the corresponding TIFFs.

9. <u>Metadata Fields</u>. The following metadata should be provided if it exists: (i) all metadata as set forth in the table below; (ii) metadata pertaining to time/date should be maintained as it exists in the native file at the time of collection. The producing party reserves its rights to object to any request for the creation of metadata for documents that do not contain metadata in the original.

3

ny-1148279

10. <u>De-duplication</u>. The producing party may de-duplicate ESI that is exact and identical across all custodians' ESI. The producing party may use and rely in good faith on reasonable electronic means of de-duplicating documents or files.

11. <u>Native Format</u>. With the exception of those spreadsheets discussed above in Paragraph 3, the producing party is not required to produce ESI in native format without prejudice to the requesting party's right to request the production of individual documents in native format upon a showing of good cause. The requesting party must make written request to the producing party for the production of individual documents in native format. The written request shall identify the individual documents by Bates number with an explanation of good cause as to each individual document. A person receiving a written request for production of a document in native format shall have fourteen (14) days after the request to object. If the producing party makes such an objection, the requesting party must meet and confer with the producing party to try to resolve the matter by agreement. If no agreement is reached, the requesting party may file a motion seeking an order requiring the producing party to produce the requested documents in native format. The requesting party shall be solely responsible for obtaining any software or hardware required to review electronic documents produced in discovery, including in native format, so long as such software or hardware is readily available to the public. To the extent such software or hardware is not readily available to the public, nothing herein shall foreclose a requesting party from moving for an order to obtain access to the software or hardware necessary to review electronic documents produced in discovery. The foregoing is without prejudice to the producing party's right to produce audio and video files in the format in which the files are maintained in the ordinary course of business.

4

Documents produced natively shall be represented in the set of imaged documents by a slipsheet indicating the production identification number and confidentiality designation for the native file that is being produced.

12. <u>Databases</u>. Certain types of databases are dynamic in nature and will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Thus, a producing party may opt to produce relevant and responsive information from databases in an alternate form, such as a report or data table. These reports or data tables will be produced in a static format.

The producing party agrees to identify the specific databases, by name, that contain the relevant and responsive information.

B. Hard-copy documents that are produced, as opposed to being made available for inspection and copying, should be provided in the format described in Sections III.A.1 – 7 and should also be formatted as follows:

1. <u>Unitizing of Documents</u>. In scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (*i.e.*, paper documents should be logically unitized). The producing party will make its best efforts to have its vendors logically unitize documents correctly and will commit to address situations where there are improperly unitized documents.

2. <u>Objective Coding Fields</u>. The following objective coding fields should be provided to the extent available: (a) beginning Bates number; (b) ending Bates number; (c) beginning attachment Bates number; (d) ending attachment Bates number; (e) number of pages; and (f) custodian.

5

ny-1148279

## Metadata Fields

| Concordance | Description |
| --- | --- |
| BEGPRODBATE | Beginning Bates or control number(w/Prefix) |
| ENDPRODBATE | Ending Bates or control number (w/Prefix) |
| BEGBATESATT | Beginning of attachment range for e-mails or attached documents. |
| ENDBATESATT | Beginning of attachment range for e-mails or attached documents. |
| CUSTODIAN | Custodian is generally the person who provided the information |
| DOCTYPE | Doctypes should be defined (can include coded information or electronically captured metadata). |
| FILENAME | Document file name |
| FILETYPE | File type of original document |
| CREATEDATE | Date created [MM/DD/YYYY] |
| LASTMODDATE | Date last modified [MM/DD/YYYY] |
| SENTDATE | Date sent [MM/DD/YYYY] |
| SUBJECT | Email subject line |
| AUTHOR | File author |
| FROM | Email author |
| RECIPIENTS | Choose one of these fields to contain recipient info for e-mails. |
| CC | Email carbon copies [Delimited list] |
| BCC | Email blind carbon copies [Delimited list] |
| PAGES | Total page count per document |
| ATTACH_CNT | Attachment count |
| SENTTIME | Sent Time |
| FILEPATH | Folder where files resided. File path may be a "Directory" for loose files or a "Folder" for emails. |
| FILESIZE | Document file size in bytes. For families of electronic documents, the "Contribution size" for each document may be provided instead of Filesize. |
| NATIVE_PROD | Location of native file in volume if provided (Native Link) |
| LSTEDITBY | Last Edited By |
| LASTACCESSED | Last Accessed By |
| MD5HASH | MD5HASH of Electronic Loose File or Attachments |
| MESSAGEID | Internet message identifier |