# Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |
|  | ) **Re: D.I. 13113** |

**ORDER SCHEDULING CERTAIN DATES
AND DEADLINES AND ESTABLISHING CERTAIN PROTOCOLS
IN CONNECTION WITH THE EFH/EFIH ALLOCATION DISPUTE**

Upon the motion (the "Motion")[2] of the EFH Plan Administrator Board for entry of an order (this "Order") scheduling certain dates and deadlines and establishing certain protocols in connection with the EFH/EFIH Allocation Dispute; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that notice of the Motion was adequate and appropriate under the particular circumstances; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon consideration of the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the Debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used, but not otherwise defined, herein shall have the same meanings set forth in the Motion.

the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief have been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED**:

1. The protocols and schedule set forth below shall govern the proceedings regarding the EFH/EFIH Allocation Dispute, including all related discovery.

**I.   PARTICIPATING PARTIES**

2. Any party in interest, other than the parties listed in this paragraph, that intends to participate in the EFH/EFIH Allocation Dispute (a "Proposed Participant") must file with the Court a notice indicating such intent (a "Notice of Intent") no later than 4:00 p.m. (Eastern Daylight Time) on June 7, 2018.  Only a Proposed Participant who files a Notice of Intent to which the Court does not sustain an objection may take part in the EFH/EFIH Allocation Dispute (each such party, a "Participating Party").  For purposes of the EFH/EFIH Allocation Dispute, the Participating Parties shall include (a) the EFH Plan Administrator Board; (b) the Office of the United States Trustee; (c) the EFH Creditors' Committee; (d) the EFIH Unsecured Indenture Trustee; (e) Elliott Management Corporation; (f) American Stock Transfer & Trust Company, LLC, as indenture Trustee for EFH Unsecured Notes; and (g) the Ad Hoc EFH Claimants (as defined in D.I. 12900), each without need to file a Notice of Intent.[3]

3. Each Notice of Intent must contain:  (a) the name and address of the party in interest (or, in the case of a group of parties in interest, the names and addresses of each of its

---

[3] Nothing herein shall prevent or prejudice the rights of any professional whose fees may be affected by adjudication of the Elliott Motion and/or the EFH/EFIH Allocation Dispute from participating in the EFH/EFIH Allocation Dispute.

members) and the name of the law firm(s) and individual attorneys representing such party in interest or group; and (b) a description of the claims that the party in interest believes it may have against the EFH/EFIH Debtors, including, if available, a list of all proof(s) of claim filed either individually or by the group.

4. A Proposed Participant may file a Notice of Intent at any time prior to the close of the EFH/EFIH Allocation Dispute, but each Participating Party must comply with all deadlines set forth in this Order and shall not be allowed to reopen any deadlines that have already passed prior to the Participating Party's filing of a Notice of Intent.

5. The EFH Plan Administrator Board and the Participating Parties shall, within ten days of the filing of any Notice of Intent, have the right to object to that Notice of Intent on any and all grounds, including that the Notice of Intent is harassing, was served by persons that are not parties in interest, does not comply with the terms of this Order, or does not demonstrate a legally cognizable interest in the EFH/EFIH Allocation Dispute. Until the Court rules on any such objection, the Proposed Participant shall not be deemed a Participating Party.

## II.   SCHEDULING MATTERS

6. The following dates shall govern the proceedings on the EFH/EFIH Allocation Dispute.[4]

7. **Initial Submissions**. On Monday, June 11, 2018, the Participating Parties (excluding the EFH Plan Administrator Board) may file initial submissions regarding the Elliott Motion.

---

[4] As used herein, the EFH/EFIH Allocation Dispute shall be defined as the dispute regarding the allocation of the following Claims as between EFH and EFIH: (a) the $275 million NEE Termination Fee; (b) the professional fees and expenses incurred by the EFH Committee; (c) the approximately $35 million in Elliott professional fees and expenses; and (d) the professional fees and expenses incurred by the professionals retained on behalf of the Debtors pursuant to sections 327 and 328 of the Bankruptcy Code.

8. **Fact Discovery**:

   a. **Monday, June 11, 2018**, shall be the beginning of the fact discovery period. On or before this date, the Participating Parties shall meet and confer regarding the scope of discovery.

   b. **Friday, June 15, 2018**, shall be the deadline to serve requests for production and interrogatories (collectively, the "Requests").

   c. **Friday, June 29, 2018**, shall be the deadline for the Participating Parties to serve responses and objections to the Requests.

   d. **Friday, July 20, 2018**, shall be the deadline to produce documents, *provided* the Participating Parties shall make rolling productions and shall make reasonable efforts to substantially complete their productions within 25 days that the Requests are served.

   e. **Monday, July 23, 2018**, shall be the deadline to serve notices of depositions.

   f. **Friday, August 3, 2018**, shall be the end of fact discovery and the deadline for filing any motions to compel. Should any Participating Party include a witness on its preliminary or final witness lists who was not deposed, such witness shall be made available for a deposition, and the deposition notice shall be made within five days after such witness designation.

9. **Supplemental Written Submissions**:

   a. **Friday, August 10, 2018**, shall be the date by which the Participating Parties (excluding the EFH Plan Administrator Board) shall file supplemental submissions regarding the EFH/EFIH Allocation Dispute.

   b. **Friday**, **August 17, 2018**, shall be the date by which the EFH Plan Administrator Board may file a supplemental submission regarding the EFH/EFIH Allocation Dispute.

   c. **Friday, August 24, 2018**, shall be the date by which the Participating Parties (excluding the EFH Plan Administrator Board) shall file response submissions regarding the EFH/EFIH Allocation Dispute.

10. **Hearing**:

    d. **Monday, August 20, 2018**, shall be the deadline by which the Participating Parties must serve a preliminary list of witnesses and exhibits they intend to offer at the Hearing. Witness lists shall identify all witness that each Participating Party will call or may call at the Hearing.

e. **Wednesday, August 22, 2018**, shall be the deadline by which the Participating Parties must file motions *in limine*.

f. **Thursday, August 23, 2018**, shall be the date on which counsel to the Participating Parties shall meet and confer regarding the pretrial conference, including as to the duration of the trial.

g. **Friday, August 24, 2018**, shall be the deadline by which the Participating Parties must submit a proposed joint pretrial order per Local Bankruptcy Rule 7016-2(d).

h. **Monday, August 27, 2018**, shall be the deadline by which the Participating Parties must serve a final list of witnesses and exhibits they intend to offer at the Hearing. Witness lists shall identify all witness that each Party will call or may call at the Hearing.

i. **Wednesday, August 29, 2018**, shall be the deadline by which the Participating Parties must serve objections to final witness and exhibit lists.

j. **Wednesday, August 29, 2018**, shall be the deadline by which the Participating Parties must file oppositions to any motions *in limine*.

k. **Thursday, August 30, 2018**, shall be the date by which the Participating Parties must meet and confer with a view toward narrowing and resolving any evidentiary disputes. This meet and confer may be held either in person or by telephone.

l. **Tuesday, September 4, 2018 starting at 10:00 a.m. (Eastern Daylight Time)**, shall be the date and time of the pretrial conference.

m. **Wednesday, September 5, 2018**, shall be the date of the start of the Hearing. The Hearing will continue, as necessary, from day to day until **[_____], 2018**, in each case starting at **10:00 a.m. (Eastern Daylight Time)** except as otherwise set by the Court, and as may be extended by the Court as the Court's schedule permits; *provided*, *however*, the Hearing may be continued from time to time by the Court or for good cause shown; *provided*, *further*, that any Bankruptcy Court order adjudicating the EFH/EFIH Allocation Dispute shall be in accordance with Bankruptcy Rule 9019.

Trial time will be divided equally between the Participating Parties, to be monitored by a chess clock. The Court will consider the submission of written directs upon request by the Participating Parties, which submissions shall not count against the submitting Participating Party's available trial time.

5

**III.    OTHER GOVERNING PROTOCOLS AND PROCEDURES**

11. **Protective Order**.  All discovery in connection with the EFH/EFIH Allocation Dispute shall be subject to and conducted in accordance with the terms of the *Confidentiality Agreement and Stipulated Protective Order*, dated August 13, 2014 [D.I. 1833], attached hereto as **Exhibit 1** (the "Protective Order").  By serving a Notice of Intent, each Proposed Participant shall be deemed to have read and agreed to abide by the terms of the Protective Order.  Upon becoming a Participating Party, each Participating Party must provide the Protective Order to any person it employs or engages who is given access to information produced in discovery.

12. **Document Discovery**:  All documents and ESI produced in accordance with this Order shall be produced in conformance with the terms of the e-discovery protocol [D.I. 1832-3], attached hereto as **Exhibit 2**.

13. **Assertions of Privilege**.  If any recipient of a discovery request withholds or redacts any documents on the grounds of privilege, work product, or any other type of protection or immunity from disclosure, that person shall provide the Participating Parties with a privilege log consistent with Federal Rule 26(b)(5), as incorporated by Bankruptcy Rules 7026 and 9014. Efficient means of providing information regarding claims of privilege are encouraged, and parties are encouraged to agree upon measures that further this end.  For example, when asserting privilege on the same basis with respect to multiple documents, it is presumptively proper to provide the information required by Federal Rule 26(b)(5) by group or category.  A party receiving a privilege log that groups documents or otherwise departs from a document-by-document or communication-by-communication listing may not object solely on that basis, but may object if the substantive information required by Federal Rule 26(b)(5) has not been provided in a comprehensible form.

14. **Limitations on Interrogatories**.  Unless otherwise ordered by the Court, interrogatories shall be limited to those seeking names of witnesses with knowledge of discoverable information.  Interrogatories other than those seeking information described in this paragraph shall not be allowed.

15. **Requests for Admission**.  Without leave of the Court upon a specific showing of good cause, requests for admission pursuant to Federal Rule 36 shall not be allowed, except with respect to any request to admit the authenticity of any described document.

16. **Limitations on Depositions**.  A Participating Party must obtain leave of Court, for good cause shown, to take a deposition that would result in a witness being deposed more than once in his or her individual capacity.  Each deposition taken in connection with the EFH/EFIH Allocation Dispute shall be limited to eight hours.  For purposes of these limitations, each witness produced in response to a Federal Rule 30(b)(6) deposition notice shall be treated as a separate deponent.  At least forty-eight hours in advance of any Federal Rule 30(b)(6) deposition, the party being deposed shall identify all witnesses who will be put forward to testify on the topics in the Federal Rule 30(b)(6) deposition notice.

17. **Overlap with Prior Discovery**. Participating Parties shall not serve discovery seeking the same documents from the same time period already produced by that Participating Party in response to other requests in these chapter 11 cases, including prior plan confirmation proceedings or topics resolved and settled in connection with the Settlement Order [D.I. 7243]. For the avoidance of doubt, a recipient of a discovery request shall not be required to re-produce documents already produced by that recipient in these chapter 11 cases.

18. **Third-Party Documents Received Pursuant to Subpoena**.  Each Participating Party shall produce or make available to the other Participating Parties, all materials obtained

from third parties pursuant to Federal Rule 45 within five business days of receiving such material from a third party.

19. **Expert Testimony**.  Nothing herein shall preclude any Participating Party from seeking to offer, in good faith, and the Court from allowing, for good cause, expert testimony at the Hearing.  To the extent any Party seeks to offer any such expert testimony, the Participating Parties shall confer in good faith regarding a schedule concerning the same.

20. **Discovery Disputes**.  Any dispute with regard to discovery conducted under this Order that cannot be resolved after good-faith consultation may be presented to the Court by the party who seeks relief filing a letter with the Court and copying all Participating Parties.  Unless otherwise agreed to by the disputing Participating Parties, any response to such letter shall be made by filing a responsive letter to the Court to be filed and delivered to Chambers within two business days after service of the initial letter submission on the applicable Participating Party.  Without leave from the Court, no letter shall exceed three pages in length and no additional submissions will be permitted.

21. **Amendments or Modifications**.  Except as otherwise ordered by the Court, this Order shall control any and all discovery by the Participating Parties in connection with the EFH/EFIH Allocation Dispute; *provided, however,* that the EFH Plan Administrator Board, in agreement with the affected Participating Parties, may amend, modify, or supplement the terms of this Order without further order by the Court upon filing written notice of such amendment or modification with the Court.

22. **Service**.  All pleadings, motions, and other papers related to the EFH/EFIH Allocation Dispute that are filed are to be served electronically.  In addition, the Participating Parties agree to serve by e-mail on all other Participating Parties all discovery requests—in both

.pdf and Word format—and written responses and other papers that are not filed. If transmission of voluminous materials as an e-mail attachment is impractical, those materials shall be served by overnight delivery with the ability to "track" deliveries and verify receipt. Unless received by 6:00 p.m. (prevailing Eastern Time), discovery requests will be deemed received the next business day.

23.     **No Legal Representation Implied by Participation**.  For the avoidance of doubt, neither any provision of this Order nor the participation or activity by any attorney in any aspect of the EFH/EFIH Allocation Dispute shall be deemed or construed to create an attorney-client relationship between any attorney and any Participating Party, and no attorney participating in the EFH/EFIH Allocation Dispute shall have any duty or obligation to any Participating Party other than as indicated on the applicable Notice of Intent.

### IV.     MISCELLANEOUS

24.     To the extent necessary, the Local Bankruptcy Rules are waived.

25.     Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

26.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

27.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

28. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2018
       Wilmington, Delaware

                                        The Honorable Christopher S. Sontchi
                                        United States Bankruptcy Judge