# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>*Debtors.* | ) Chapter 11<br>)<br>) Case No. 14-10979 (CSS)<br>)<br>) (Jointly Administered)<br>)<br>) **Re: D.I. 13102, 13146, 13147, 13148, & 13150** |

### OMNIBUS REPLY OF UMB BANK, N.A., AS INDENTURE TRUSTEE, AND ELLIOTT IN SUPPORT OF THEIR JOINT MOTION TO FIX APPROPRIATE ALLOCATION OF CERTAIN RESERVES AND EXPENSES AS BETWEEN THE EFH AND EFIH DEBTORS

UMB Bank, N.A., as Indenture Trustee (the "Trustee") for the unsecured 11.25%/12.25% Senior Toggle Notes due 2018, and Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, "Elliott" and, together with the Trustee, the "Movants"), by and through their undersigned counsel, hereby submit this omnibus reply to the responses filed to the Movants' joint motion [D.I. 13102] (the "Allocation Motion") for entry of an order fixing an appropriate allocation of certain reserves and administrative expenses as between the estate of Energy Future Holdings Corp. ("EFH") and the estate of Energy Future Intermediate Holding Company, LLC ("EFIH").[2] In support hereof, the Movants respectfully state as follows:

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Allocation Motion.

**INTRODUCTION**

Responses, preliminary objections, and/or reservations of rights with respect to the Allocation Motion were filed by each of the following parties:

(i) the EFH Plan Administrator Board [D.I. 13150] (the "PAB Response");

(ii) the E-Side Committee [D.I. 13146] (the "E-Side Committee Objection");

(iii) American Stock Transfer & Trust Company, LLC, as successor trustee (the "EFH Trustee") under the indentures for certain notes issued by EFH [D.I. 13148] (the "EFH Trustee Objection"); and

(iv) NextEra Energy, Inc. [D.I. 13147] (the "NextEra Reservation of Rights" and, together with the PAB Response, the E-Side Committee Objection, and the EFH Trustee Objection, the "Responses").

As set forth below, each of the Responses either (i) has been improperly asserted by a party with a disabling conflict on substantive issues relating to the appropriate allocation of Material Administrative Expense Claims, (ii) presents no legitimate basis to deny the Allocation Motion or to proceed on a schedule significantly longer than that proposed by Movants [D.I. 13152] (the "Movants' Proposed Schedule"), or (iii) has already been resolved by the parties. Accordingly, this Court should overrule the Responses, enter the Movants' Proposed Schedule, and fix a date on which the Allocation Motion may be heard by the Court in its entirety.

**REPLY TO THE PAB RESPONSE**

1. This Court should overrule the PAB's request to deny the Allocation Motion and enter the PAB's proposed scheduling order (the "PAB's Proposed Schedule"). Although the PAB claims that it is not, for now, "taking a position on the merits of the [Allocation] Motion," PAB Response ¶ 4, it nonetheless asks the Court to *deny* the Allocation Motion, makes substantive arguments concerning the allocation of certain professional fee claims, and even

insists that the PAB and its counsel have the right to participate in and take a position on the merits of the Allocation Motion and the proposed allocation therein.[3]

2.  The PAB is obliged to remain neutral on allocation issues. The PAB is charged with acting as a trustee and fiduciary of *both* the EFH *and* EFIH estates. Self-evidently, it cannot take a substantive position on a matter where the two estates are adverse to each other. Indeed, as this Court recently observed, "it [is] difficult to accept an argument that a fiduciary for two different estates where the entire issue is which estate gets more than the other estate is not conflicted." Mar. 28, 2018 Hr'g Tr. 40:7–21. Nothing has materially changed in the eight weeks since the Court made that observation. The *only* issue presented by the Allocation Motion is which estate – EFH or EFIH – gets more than the other.

3.  There is, of course, a means by which the PAB could participate in disputes between EFH and EFIH, if necessary. As the Court is well aware, the E-Side Confirmation Order specifies a process by which the PAB may appoint a "Disinterested Agent" to represent it in connection with a "Conflict Matter." *See* E-Side Confirmation Order ¶ 153; EFH Plan Administrator Trust Agreement § 6.3. The PAB has chosen not to pursue that process. It therefore is in no position to be a litigant in a contested matter where the two estates it represents are on opposite sides.

4.  To be sure, the PAB will play an important role in the resolution of the Allocation Motion as a recipient of third party discovery requests and a potential witness at trial. But that

---

[3] Today, the PAB filed a *Reply in Support of the Motion of the EFH Plan Administrator Board for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with The EFH/EFIH Allocation Dispute* [D.I. 13163] (the "PAB Reply"), effectively requesting that the Court revisit its prior finding that the PAB has an inherent conflict with respect to allocation issues on the ground that there has been a change in circumstances. PAB Reply ¶ 4. The PAB's request is procedurally improper and its additional arguments are without merit. To the extent the Court does not summarily dismiss this request, as it should, the Movants request an opportunity to respond after a proper motion for reconsideration has been filed and supporting papers submitted. To the extent that the PAB is permitted to participate in any litigation concerning allocation issues, Movants reserve all rights to respond to the substantive arguments raised by PAB.

3

should be the extent of its role. The Allocation Motion should accordingly remain pending before this Court and be addressed in accordance with the Movants' Proposed Schedule.[4]

## REPLY TO THE E-SIDE COMMITTEE OBJECTION

5. This Court should likewise overrule the E-Side Committee Objection. The E-Side Committee asserts that the Movants' proposed allocation is "inappropriate" because, among other things, it is "patently unreasonable to the EFH estate." E-Side Committee Objection p.4 & ¶ 11.

6. As a threshold matter, the E-Side Committee has no authority to wade into this allocation dispute. Following the Effective Date of the Sempra Plan, the E-Side Committee was dissolved subject to certain limited exceptions relating to the prosecution of final fee applications, appeals of the E-Side Confirmation Order, matters relating to the order appointing the Fee Committee, and NextEra's request for an allowed administrative expense claim. *See* Sempra Plan Art. XII.D; E-Side Confirmation Order ¶ 123. The Allocation Motion fits into none of these exceptions, and does not challenge the amounts or merits of the final fee applications or of NextEra's claims. Instead, it simply seeks an order providing for an allocation of any claims to the extent such claims are allowed. Thus, the E-Side Committee has no standing to participate in this dispute.

7. In any event, the E-Side Committee, like the PAB, is inherently conflicted and should not be permitted to participate in a dispute between the two separate creditor bodies it purports to represent. It is well established that an unsecured creditors' committee owes fiduciary duties to the unsecured creditor bodies it serves. *See In re Kensington Int'l Ltd.*, 368 F.3d 289, 315 (3d Cir. 2004) ("[I]t is established that a Creditors Committee owes a fiduciary

---

[4] Further, the PAB incorrectly asserts that Elliott "together with UMB Bank, N.A." filed an omnibus preliminary objection to 19 final fee applications filed by the Debtors' professionals. *See* PAB Response ¶ 9. UMB Bank, N.A. has not objected to any final fee applications.

4

duty to the unsecured creditors as a whole"); *In re PWS Holding Corp.*, 228 F.3d 224, 246 (3d Cir. 2000) (creditors' committee has a fiduciary duty to committee constituents); *In re Smart World Techs., LLC*, 423 F.3d 166, 175 n.12 (2d Cir. 2005) ("A creditors' committee owes a fiduciary duty to the class it represents"). Here, the E-Side Committee acts as a fiduciary to *both* the EFH unsecured creditor body *and* the EFIH unsecured creditor body, and cannot take a substantive position on a material dispute between the two. The E-Side Committee thus sits in a similar position as the PAB, and this Court's guidance to the PAB as to the likely conflict for a fiduciary of two estates should apply equally to the E-Side Committee.

8. Accordingly, this Court should reject the E-Side Committee's request to argue the substance of the allocation dispute and participate in litigation regarding the Allocation Motion, except to the limited extent the E-Side Committee or any representatives or professionals thereof are needed as fact witnesses or to cooperate with and respond to discovery requests from other participants in the allocation dispute.[5]

## REPLY TO THE EFH TRUSTEE OBJECTION

9. The EFH Trustee states that because the interests of the EFH estate are presumably being represented by the Ad Hoc EFH Claimants, the EFH Trustee does not intend at this time to fully engage in litigation regarding the allocation dispute. *See* EFH Trustee Objection ¶ 10. Movants do not oppose the EFH Trustee's request to monitor proceedings relating to the allocation dispute, but Movants reserve the right to respond to any arguments that may be asserted by the EFH Trustee with respect to the allocation of the Material Administrative Expense Claims.

---

[5] To the extent the E-Side Committee is permitted to participate in litigation concerning allocation issues, Movants reserve all rights to respond to any substantive arguments made by the E-Side Committee.

10. Further, Elliott, as the single largest holder of notes issued under the indentures for which the EFH Trustee serves as indenture trustee, reserves all rights with respect to any attempt by the EFH Trustee to seek payment or reimbursement from the PAB or from distributions made under the Sempra Plan for any fees and expenses, including attorney's fees, incurred by the EFH Trustee in connection with the Allocation Motion and allocation disputes.

### REPLY TO THE NEXTERA RESERVATION OF RIGHTS

11. NextEra filed the NextEra Reservation of Rights solely to ensure that any allocation of the Material Administrative Expense Claims is consistent with the E-Side Confirmation Order provisions addressing the funding of the NextEra Plan Reserve. *See* NextEra Reservation of Rights ¶ 1. Counsel to NextEra and counsel to Movants have discussed NextEra's concerns and anticipate that the parties will be able to agree on protective language to include in any order allocating the Material Administrative Expense Claims clarifying that such order will not impair or alter the E-Side Confirmation Order provisions addressing the NextEra Plan Reserve.

[*Text Continues on the Next Page*]

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Movants respectfully request that this Court (i) overrule the Responses, to the extent not consensually resolved, (ii) enter the Movants' Proposed Schedule, and (iii) grant the Movants such other and further relief as is just and proper.

Wilmington, Delaware
Date: May 31, 2018

**BAYARD, P.A.**

*/s/ Erin R. Fay*
Scott D. Cousins (No. 3079)
Erin R. Fay (No. 5268)
Evan T. Miller (No. 5364)
600 N. King Street, Suite 400
Wilmington, DE 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
scousins@bayardlaw.com
efay@bayardlaw.com
emiller@bayardlaw.com

–and–

**ROPES & GRAY LLP**
Keith H. Wofford (admitted *pro hac vice*)
Gregg M. Galardi
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile:  (212) 596-9090
Keith.Wofford@ropesgray.com
Gregg.Galardi@ropesgray.com

*Counsel for Elliott and UMB Bank, N.A., as Trustee*