## **EXHIBIT B**

**(Blackline Comparison)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |

**[PROPOSED] ORDER SCHEDULING CERTAIN DATES AND DEADLINES
AND ESTABLISHING CERTAIN PROTOCOLS IN CONNECTION WITH
THE JOINT MOTION OF UMB BANK, N.A., AS INDENTURE TRUSTEE,
AND ELLIOTT TO FIX APPROPRIATE ALLOCATION OF CERTAIN
RESERVES AND EXPENSES AS BETWEEN THE EFH AND EFIH DEBTORS**

In relation to the *Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott to Fix Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors* [D.I. 13102] (the Allocation Motion")[2] of UMB Bank, N.A., as Indenture Trustee (the "Trustee") for the unsecured 11.25%/12.25% Senior Toggle Notes due 2018, and Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, "Elliott"); and for the reasons set forth on the record at the hearing held on June 5, 2018; and after due deliberation and sufficient cause existing for the relief requested herein, it is hereby **ORDERED**:

1. The protocols and schedule set forth below shall govern the proceedings regarding the Allocation Motion, including all related discovery.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the Debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the same meanings set forth in the Allocation Motion.

## I. PARTIES

2. For purposes of the Allocation Motion, the Parties shall include (a) Elliott; (b) the Trustee; (c) the Ad Hoc EFH Claimants (as defined in D.I. 12900~~), and (d) any party that timely files a preliminary objection to the Allocation Motion as provided in Paragraph II.4 below.~~ ); and (d) the EFH Indenture Trustee (as defined in D.I. 13148); and (e) the EFH Plan Administrator Board[3], if the Court approves it becoming a Party (collectively, the "Parties").[4]

## II. SCHEDULING MATTERS

3. The following dates shall govern the proceedings on the Allocation Motion.

4. **Preliminary Objections**.  Preliminary ~~objections~~Objections to the Allocation Motion are due no later than **Tuesday, May 29, 2018~~,~~ (excluding the Ad Hoc Committee of EFH Creditors)**.[5]

5. **Fact Discovery & Initial Written Submissions**:

   a. **~~Monday~~Wednesday, June ~~11~~13, 2018**, shall be the beginning of the fact discovery period. On or before this date, the Parties shall meet and confer regarding the scope of discovery.

   b. **Wednesday, June ~~13~~20, 2018**, shall be the deadline to serve requests for production and interrogatories to Parties (collectively, the "Requests").

   c. **~~Monday~~Wednesday, June ~~18~~27, 2018**, shall be the deadline for the Parties to serve responses and objections to the Requests.

---

[3] Including without limitation any Disinterested Agent(s) that may be appointed.

[4] Individual members of the EFH/EFIH Committee entitled to distributions under the EFH/EFIH Plan may notice their intent to participate by June 11, 2018, consistent with the Court's comments on the record at the June 5, 2018 hearing, provided, however, that any such individual member who files a notice of intent to participate shall then be treated as a Party subject to the provisions of this Order.

[5] Nothing herein shall prevent or prejudice the rights of any professional whose fees and expenses may be affected by adjudication of the Allocation Motion from participating by filing written submissions regarding the allocation of their own fees and expenses by June 29, 2018.

2

    d. ~~**Wednesday, June 27, 2018**, shall be the deadline to produce documents.~~

    d. **Friday, June 29, 2018**, shall be the deadline to serve any subpoenas on third parties (collectively, the "Subpoenas").

    e. **Friday, June 29, 2018,** shall be the date by which each Party objecting to the Allocation Motion shall serve on the Parties (but not file) a short brief outlining its preliminary position with respect to the appropriate allocation of the Material Administrative Expense Claims addressed in the Allocation Motion.

    f. **Friday, July 6, 2018**, shall be the deadline for third parties to serve responses and objections to the Subpoenas.

    g. **Monday, July 23, 2018**, shall be the deadline to produce documents for both Parties and third parties, *provided* the Parties and third parties shall make rolling productions and shall make reasonable efforts to substantially complete their productions within 30 days after any Requests or Subpoenas are served.

    ~~e.~~h. **Monday, July 16, 2018**, shall be the deadline to serve notices of depositions.

    ~~f.~~i. ~~**Wednesday, July 11**~~**Friday, August 10, 2018**, shall be the end of fact discovery and the deadline for filing any motions to compel.

6. ~~**Final Objections to the Allocation Motion and**~~ **Initial Pretrial Conference**

    a. **Monday, August 6, 2018 starting at 2:00 p.m. (Eastern Daylight Time)**, shall be the date and time of the initial pretrial conference.

~~6.~~7. **Final Written Submissions:**

    a. **Monday, ~~July 16~~August 13, 2018**, shall be the date by which ~~a~~each Party ~~may~~shall file ~~any~~a final ~~objection~~written submission objecting to the Allocation Motion or, in the case of Elliott and the Trustee, a final written submission.

~~7.~~8. **Final Pretrial Conference & Hearing**:

    b. ~~**Wednesday, July 18**~~**Monday, August 13, 2018**, shall be the deadline by which the Parties must serve a preliminary list of witnesses and exhibits they intend to offer at the Hearing. Witness lists shall identify all witness that each Party will call or may call at the Hearing. To the extent any Party seeks to offer a witness at the Hearing who has not been previously deposed in his/her individual capacity in connection with the Allocation Motion, the Parties shall confer in good faith regarding a schedule for

3

       deposing said witness(es) and in all events, said depositions shall occur within 10 (ten) business days prior to the Hearing.

  c. **Friday, ~~July 20~~August 17, 2018**, shall be the deadline by which the Parties must file any motions *in limine*.

  d. **~~Monday, July~~Thursday, August 23, 2018**, shall be the date on which counsel to the Parties shall meet and confer regarding the August 27, 2018 pretrial conference.

  e. **~~Tuesday, July~~Thursday, August 23, 2018**, shall be the deadline by which the Parties must file oppositions to any motions *in limine*.

  ~~e.~~f. **Friday, August 24, 2018**, shall be the deadline by which the Parties must submit a proposed joint pretrial order per Local Bankruptcy Rule 7016-2(d).

  ~~f.~~g. **~~Tuesday, July 24~~Monday, August 27, 2018**, shall be the deadline by which the Parties must serve a final list of witnesses and exhibits they intend to offer at the Hearing. Witness lists shall identify all witness that each Party will call or may call at the Hearing.

  ~~g.~~h. **Wednesday, ~~July 25~~August 29, 2018**, shall be the deadline by which the Parties must serve objections to final witness and exhibit lists.

  h. ~~**Wednesday, July 25, 2018**, shall be the deadline by which the Parties must file oppositions to any motions *in limine*.~~

  i. **Thursday, ~~July 26~~August 30, 2018**, shall be the date by which the Parties must meet and confer with a view toward narrowing and resolving any evidentiary disputes. This meet and confer may be held either in person or by telephone.

  j. **Monday, ~~July 30~~August 27, 2018**~~,~~ starting at **~~10~~2:00 ~~a~~p.m. (Eastern Daylight Time)**, shall be the date and time of the final pretrial conference.

  k. **~~Tuesday, July 31~~Wednesday, September 5, 2018, shall be the ~~date~~start of the Hearing.** Proceedings shall be limited to ~~one day~~three days (Wednesday, September 5; Thursday, September 6; Friday, September 7) consisting of no more than eight (8) hours of trial time~~.~~ ~~Trial time will be divided equally between the~~ each day. The Parties~~, to be monitored by shall meet-and-confer ahead of the August 6, 2018 initial pretrial conference regarding the appropriate allocation of trial time and use of~~ a chess clock. The Court will consider the submission of written directs upon request by the Parties, which submissions shall not count against ~~the submitting Party's~~any available trial time.

### III. OTHER GOVERNING PROTOCOLS AND PROCEDURES

9. ~~**Document Discovery**: Absent further order of the Court or by agreement of the Parties, additional document discovery in connection with the Allocation Motion shall be limited to paper and electronic documents such as PowerPoints, spreadsheets, memoranda, and similar materials, but shall not include emails.~~**Protective Order**.  All discovery in connection with the EFH/EFIH Allocation Dispute shall be subject to and conducted in accordance with the terms of the *Confidentiality Agreement and Stipulated Protective Order*, dated August 13, 2014 [D.I. 1833], attached hereto as **Exhibit 1** (the "Protective Order"), provided, however, that the Parties reserve all rights to challenge the confidentiality designation of any document produced in these Chapter 11 Cases as provided in Paragraphs 28 and 29 of the Protective Order.  Further, by serving a Preliminary Objection, each Party shall be deemed to have read and agreed to abide by the terms of the Protective Order.  Each Party must provide the Protective Order to any person it employs or engages who is given access to information produced in discovery.

~~8.~~10.    **Document Discovery**:  All documents and ESI produced in accordance with this Order shall be produced in conformance with the terms of the e-discovery protocol [D.I. 1832-3], attached hereto as **Exhibit ~~1~~2** (the "ESI Protocol").

~~9.~~11.    **Assertions of Privilege**.  If any recipient of a discovery request withholds or redacts any documents on the grounds of privilege, work product, or any other type of protection or immunity from disclosure, that person shall provide the Parties with a privilege log consistent with Federal Rule 26(b)(5), as incorporated by Bankruptcy Rules 7026 and 9014.  Efficient means of providing information regarding claims of privilege are encouraged, and parties are encouraged to agree upon measures that further this end.  For example, when asserting privilege on the same basis with respect to multiple documents, it is presumptively proper to provide the information required by Federal Rule 26(b)(5) by group or category.  A party receiving a

5

privilege log that groups documents or otherwise departs from a document-by-document or communication-by-communication listing may not object solely on that basis, but may object if the substantive information required by Federal Rule 26(b)(5) has not been provided in a comprehensible form.

~~10.~~12. **Limitations on Interrogatories**.  Unless otherwise ordered by the Court, interrogatories shall be limited to those seeking names of witnesses with knowledge of discoverable information.  Interrogatories other than those seeking information described in this paragraph shall not be allowed~~.~~ without leave or Court or agreement among the applicable parties.

~~11.~~13.  **Requests for Admission**.  Without leave of the Court upon a specific showing of good cause, requests for admission pursuant to Federal Rule 36 shall not be allowed, except with respect to any request to admit the authenticity of any described document.

~~12.~~14.  **Limitations on Depositions**.  A Party must obtain leave of Court, for good cause shown, to take a deposition that would result in a witness being deposed more than once in his or her individual capacity in connection with the Allocation Motion.  ~~Each~~The Parties shall meet-and-confer regarding the length of time for depositions taken in connection with the Allocation Motion; *provided, however,* no deposition taken in connection with the Allocation Motion shall ~~be limited to eight~~exceed four hours.  For purposes of these limitations, each witness produced in response to a Federal Rule 30(b)(6) deposition notice shall be treated as a separate deponent.  At least forty-eight hours in advance of any Federal Rule 30(b)(6) deposition, the party being deposed shall identify all witnesses who will be put forward to testify on the topics in the Federal Rule 30(b)(6) deposition notice.

6

~~13.~~15.  **Overlap with Prior Discovery**. A recipient of a discovery request shall not be required to re-produce documents already produced by that recipient in these chapter 11 cases.

~~14.~~16.  **Third-Party Documents Received Pursuant to Subpoena**.  Each Party shall produce or make available to the other Parties, all materials obtained from third parties pursuant to Federal Rule 45 within three (3) business days of receiving such material from a third party.

~~15.~~17.  **Expert Testimony**.  Nothing herein shall preclude any Party from seeking to offer, and the Court from allowing, expert testimony at the Hearing.  To the extent any Party seeks to offer any such expert testimony, the Parties shall confer in good faith regarding a schedule for discovery concerning the same.

~~16.~~18.  **Discovery Disputes**.  Any dispute with regard to discovery conducted under this Order that cannot be resolved after good-faith consultation may be presented to the Court by the party who seeks relief filing a letter with the Court and copying all Parties.  Unless otherwise agreed to by the disputing Parties, any response to such letter shall be made by filing a responsive letter to the Court to be filed and delivered to Chambers within two business days after service of the initial letter submission on the applicable Party.  Without leave from the Court, no letter shall exceed three pages in length and no additional submissions will be permitted.

~~17.~~19.  **Amendments or Modifications**.  Except as otherwise ordered by the Court, this Order shall control any and all discovery by Parties in connection with the Allocation Motion; *provided, however*, the Parties may amend, modify, or supplement the terms of this Order (except for the dates set forth in paragraph 7(a), 8(j), and 8(k) herein) without further order by the Court upon filing written notice of such amendment or modification.

~~18.~~20. **Service**.  All pleadings, motions, and other papers related to the Allocation Motion that are filed are to be served electronically.  In addition, the Parties agree to serve by e-mail on all other Parties all discovery requests—in both .pdf and Word format—and written responses and other papers that are not filed.  If transmission of voluminous materials as an e-mail attachment is impractical, those materials shall be served by overnight delivery with the ability to "track" deliveries and verify receipt.  Unless received by 6 p.m. (prevailing Eastern Time), discovery requests will be deemed received the next business day.

~~19.~~21. **No Legal Representation Implied by Participation**.  For the avoidance of doubt, neither any provision of this Order nor the participation or activity by any attorney in any aspect of the Allocation Motion shall be deemed or construed to create an attorney-client relationship between any attorney and any Party.

**IV.    MISCELLANEOUS**

~~20.~~22.  To the extent necessary, the Local Bankruptcy Rules are waived.

~~21.~~23.  Notice of the Allocation Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

~~22.~~24.  Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

~~23.~~25.  All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

~~24.~~26.  The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Date: _____, 2018

_____
Honorable Christopher S. Sontchi
United States Bankruptcy Judge