

**Richard C. Pedone**
*Partner*
T 617-345-1305
rpedone@nixonpeabody.com

100 Summer Street
Boston, MA  02110-2131
617-345-1000

June 11, 2018

*Via Electronic Filing*

The Honorable Christopher S. Sontchi
United States Bankruptcy Court for the District of Delaware
824 North Market Street, 5th Floor
Wilmington, DE 19801

    Re: <u>In re Energy Future Holdings Corporation, et al., Case No. 14-10979</u>

Dear Judge Sontchi:

  As you know, we serve as counsel to the EFH Indenture Trustee.[1] We write in response to your request during the June 5, 2018 hearing on Elliott's and UMB's *Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott to Fix Appropriate Allocation of Certain Reserves and Expenses as Between The EFH and EFIH Debtors* [Docket No. 13102] (the "<u>Allocation Motion</u>") and the Plan Administrator Board's *Motion of the EFH Plan Administrator Board for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the EFH/EFIH Allocation Dispute* [Docket No. 13113] (the "<u>Scheduling Motion</u>") for parties to provide letter briefing on the issue whether the Plan Administrator Board may participate in the contested matter commenced by the Allocation Motion (the "<u>Allocation Dispute</u>").  *See* June 5, 2018 Hr'g Tr. 48:23 – 51:22.

  While the EFH Indenture Trustee did not take a position on this particular issue at the hearing, we write to both re-iterate our position that it is crucial for a fiduciary for EFH creditors to be materially and substantively involved in the Allocation Dispute.  The EFH Indenture Trustee expected that, in the absence of a settlement, litigation would have been initiated, and would be resolved in accordance with Paragraph 152 the Confirmation Order and the terms of the Plan Administrator Trust Agreement.  Read together these documents clearly provide that the authority to resolve the Allocation Dispute can only rest with independent fiduciaries and the substantive participation of the PAB, which was required to be a moving party, was not optional.

First, paragraph 152 of the Confirmation Order provides:

---

[1] The EFH Indenture Trustee is American Stock Transfer & Trust Company, LLC ("<u>AST</u>"), as successor trustee to The Bank of New York Mellon Trust Company, N.A. under the indentures for certain notes issued by Energy Future Holdings Corp. ("<u>EFH Corp.</u>").

4836-4742-6920.4

The Honorable Christopher S. Sontchi
June 11, 2018
Page 2

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

> The EFH/EFIH Debtors, or, following the occurrence of the EFH Effective Date, the **EFH Plan Administrator Board shall file** a Motion seeking entry of the NEE Allocation Order as soon as practicable following entry of the Confirmation Order and **shall** make commercially reasonable efforts to seek entry of the NEE Allocation Order within 40 days of such filing (subject to the availability of the Bankruptcy Court to hear such Motion).

Confirmation Order at ¶152. The NEE Allocation Order is defined in the Confirmation Order as "an order by the Bankruptcy Court allocating the funding of the NEE Plan Reserve Amount as between EFH Corp. and EFIH." *See* Confirmation Order at ¶150. The PAB has yet to file such a motion and the matter is now poised to proceed in connection with the contested matter initiated by Elliott. As outlined above, Paragraph 152 of the Confirmation Order mandated that the PAB not only participate, but that they commence the proceeding. In light of this provision of the Confirmation Order, the EFH Indenture Trustee and other parties reasonably expected that a fiduciary would be actively involved in the resolution of the dispute.

Second, the Confirmation Order also clearly provides that the "the negotiation, resolution, settlement, and litigation concerning the NEE Allocation Order and any Material Allocation Order shall each constitute a Conflict Matter (as defined in the EFH Plan Administration Trust Agreement). *See* Confirmation Order at ¶153. In contrast, Holders of Claims are only provided with the authority to "seek relief from the Bankruptcy Court in connection with the EFH/EFIH Cash Distribution Account […] [which may "include a request for relief in connection with the allocation of material Claims as between EFH and EFIH." *See* Confirmation Order at ¶153. The Confirmation Order does not, however, expressly provide Holders of Claims with authority to seek entry of the NEE Allocation Order.

Finally, the Plan Administrator Trust Agreement provides the Disinterested Agents with the authority to make and implement all decisions with respect to a Conflict Matter. (See Plan Administrator Trust Agreement §6.3 providing the PAB with the authority to appoint "Disinterested Agents" with "the authority to (1) to retain advisors to represent and advise such Disinterested Agent; (2) to investigate and determine whether any matter constitutes a Conflicts Matter; and (3) to make and implement all decisions with respect to Conflicts Matter.").

In summary, since the PAB was unequivocally required to commence the proceeding they clearly have the right to participate in the proceeding. In addition, once the proceeding is commenced and becomes contested (as opposed to simply poised for approval as settlement which was an option contemplated and even expected at the time of confirmation), the matter became a conflict matter arguably requiring the appointment of a Disinterested Agent (at least with respect to the former estate of EFH Corp.).

Based on these provisions, the EFH Indenture Trustee expected an independent fiduciary would be involved and participating in any litigation concerning the Allocation Dispute and that the

4836-4742-6920.4

The Honorable Christopher S. Sontchi
June 11, 2018
Page 3

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

amount of distributions advocated for and protected would not solely hinge on the efforts of an *ad hoc* group. While the efforts of the *ad hoc* group are appreciated, as outlined in the *EFH Indenture Trustee's (A) Response to Motion of the EFH Plan Administrator Board for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the EFH/EFIH Allocation Dispute and (B) Preliminary Objection with Respect to the Joint Motion of UMB Bank, N.A. as Indenture Trustee, and Elliott to Fix Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors* [D.I. 13148], they cannot solely be relied on as they remain properly free to pursue their self-interest to settle or trade, including for consideration to be passed outside waterfall contemplated by the Plan.

Accordingly, it is the EFH Indenture Trustee's position that the PAB must be a participant as such participation was mandated by the Confirmation Order, and that once it is a participant it must resolve the conflict issue in accordance with the Plan and applicable law governing its actions as a fiduciary. This resolution almost certainly requires the appointment of Disinterested Agents. In all events, all those entitled to distributions of the bond debt at EFH Corp. are entitled to have the dispute resolved with the active involvement of a fiduciary acting on their behalf and the appointment of a Disinterested Agent was the resolution contemplated in the Plan and Confirmation Order (incorporating the negotiated trust agreement).

While the EFH Indenture Trustee believes that its participation as a full litigant was authorized by the Confirmation Order, such participation and the incurrence of those costs was not required. As Elliott's counsel's statement on the record at the June 5, 2018 hearing contesting the ability of the EFH Indenture Trustee to recover its fees and expenses for participating in the Allocation Dispute either from the PAB or via exercise of its charging lien illustrates, Elliott is seeking to limit the EFH Indenture Trustee's capacity to effectively participate in the Allocation Dispute by challenging the ability of the EFH Indenture Trustee and its professionals to be paid. Ironically, the potential need for the EFH Indenture Trustee's substantive litigation involvement will only be created by Elliott's success at removing the PAB from the litigation, and/or the PAB's election not to appoint the Disinterested Agent. If Elliott's efforts are successful and no fiduciary is involved as contemplated in the Plan, the EFH Indenture Trustee may conclude that its substantive involvement is compelled to protect against the literal situation that could arise where the *ad hoc* group sells or sells and Elliott wins by default- a scenario not contemplated by the Plan or Confirmation Order.[2]

Thus, in the event that the PAB is not permitted to participate and no Disinterested Agent is appointed, the EFH Indenture Trustee requests a status conference and expedited

---

[2] We acknowledge that Elliott is of course entitled to maximize its return on its EFIH Claims. However, it should be noted that it seeks to achieve this goal by seeking to allocate the maximum amount of Administrative Expenses to EFH Corp.'s former estate to just barely avoid administrative insolvency. Not only would this result in no distributions to the unsecured creditors at EFH Corp, including the holders of EFH Non-Qualified Benefit Claim, the holders of EFH Unexchanged Notes (of which Elliott is not a holder), but it might also deprive the EFH Indenture Trustee of the ability to exercise its charging lien, as it might have limited distributions to charge.

4836-4742-6920.4

The Honorable Christopher S. Sontchi
June 11, 2018
Page 4

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

hearing for the EFH Indenture Trustee to obtain further order from the Court confirming the EFH Indenture Trustee's ability to be paid directly by the PAB as contemplated in the Confirmation Order and in all events to exercise its charging lien to recover its reasonable fees and expenses incurred participating in the Allocation Dispute to protect distributions which could be eliminated by the relief sought by Elliott is granted.

Finally, in conclusion, the EFH Indenture Trustee notes, as a participant in this dispute, that it believes that prompt mediation, running simultaneously with the early stages of the litigation, is appropriate in these unusual circumstances where millions in funds that could be distributed are about to be spent on litigating novel issues. It is the intention of the EFH Indenture Trustee, once the parties to the dispute are established, to promptly move for an order requiring mediation.

Respectfully submitted,

*/s/ Richard C. Pedone*

Richard C. Pedone
Partner


cc:    All counsel of record (via ECF)
       Erica Goodstein

4836-4742-6920.4