**<u>EXHIBIT C</u>**

Page 1

UNITED STATES BANKRUPTCY COURT

DISTRICT OF DELAWARE


In re:                              Chapter 11

ENERGY FUTURE HOLDINGS

CORP., et al.,                      Case No. 14-10979(CSS)

        Debtors.            (Jointly Administered)




                      United States Bankruptcy Court

                      824 North Market Street

                      Wilmington, Delaware 19801


                      June 14, 2018

                      10:01 AM - 10:20 AM




B E F O R E :

HON CHRISTOPHER S. SONTCEHI

U.S. BANKRUPTCY JUDGE

VERITEXT REPORTING COMPANY

212-267-6868                                        516-608-2400

1   HEARING re Telephonic ruling on whether Plan Administrator

2   Board can participate in the allocation dispute between EFIH

3   and EFH

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   Transcribed by:  Dawn South

1   A P P E A R A N C E S :

2   KIRKLAND & ELLIS

3       Attorneys for the EFH Plan Administrator Board

4

5   BY:  CHAD J. HUSNICK, ESQ. (TELEPHONIC)

6        MARK E. MCKANE, ESQ. (TELEPHONIC)

7        APARNA YENAMANDRA, ESQ. (TELEPHONIC)

8

9   RICHARDS, LAYTON & FINGER

10       Attorneys for the EFH Plan Administrator Board

11

12  BY:  DANIEL J. DEFRANCESCHI, ESQ. (TELEPHONIC)

13       JASON M. MADRON, ESQ. (TELEPHONIC)

14

15  SULLIVAN & CROMWELL

16       Attorney for E-Side Committee

17

18  BY:  BRIAN GLUECKSTEIN, ESQ. (TELEPHONIC)

19

20  NIXON PEABODY

21       Attorneys for AST as EFH Indenture Trustee

22

23  BY:  RICHARD PEDONE, ESQ. (TELEPHONIC)

24       GEORGE SKELLY, ESQ. (TELEPHONIC)

25

1    ROPES & GRAY LLP
2         Attorneys for Elliott/UMB
3
4    BY:  GREGG M. GALARDI, ESQ. (TELEPHONIC)
5         MATTHEW MCGINNIS, ESQ. (TELEPHONIC)
6         SAM N. ASHURAEY, ESQ. (TELEPHONIC)
7
8    BAYARD P.A.
9         Attorney for Elliott/UMB
10
11   BY:  SCOTT D. COUSINS, ESQ. (TELEPHONIC)
12
13   WHITE & CASE LLP
14        Attorney for Sempra Energy
15
16   BY:  MATTHEW C. BROWN, ESQ. (TELEPHONIC)
17
18   NORTON ROSE FULBRIGHT US LLP
19        Attorney for NextEra Energy
20
21   BY:  ERIC C. DAUCHER, ESQ. (TELEPHONIC)
22
23   ALSO PRESENT TELEPHONICALLY:
24   TAYLOR B. HARRISON
25   ANGELO THALASSINOS

```
 1              P R O C E E D I N G S

 2         THE COURT:  All right.  This is Judge Sontchi.

 3   Thank you all for making yourself available on relatively

 4   short notice.

 5             This is the time I've set aside to provide my

 6   ruling on whether the PAB, plan administrator board, can

 7   participate in the allocation dispute between EFIH and EFH.

 8   I -- this should be brief.  I won't bury the lead.

 9             I'm going to allow the PAB to participate, and

10   here are my reasons.

11             Basically the argument comes down to the assertion

12   that elements of the plan and the confirmation order somehow

13   limit what would otherwise under applicable state law be a

14   very broad ability for the trust and the trustee to

15   participate in actions relating to the race that the trust

16   -- that constitutes the trust and what the trustee is

17   charged in connection with his fiduciary duty to manage.

18             And I think it really comes down to the idea that

19   the provision that provides that the trust may participate

20   in the allocation dispute by appointing two independent

21   fiduciaries, one for each estate, and allowing those

22   independent fiduciaries to hire counsel to then litigate on

23   behalf of their specific estate, that the may there really

24   means may only, that the only thing the trust can do in

25   connection with this dispute is to proceed in that manner.
```

1  And I think that based on the generally broad powers that

2  the trust and trustee would have that reading may in this

3  instance to mean may only is too narrow and limits too

4  strictly what the trust and trustee can do.

5       There are also provisions that specify a series of

6  -- I think it's 12 or more -- specific things that the trust

7  can do, and included in that is issues with regard to

8  claims.

9       I think that this issue is tangentially related to

10  claims allowance, claims litigation, claims payment, but

11  even besides that I don't believe that that specific

12  limitation is meant to say that the trust can only do those

13  things.  It is in the nature of an including without

14  limitation provision.  And again to point out that trustees

15  who manage trusts are generally under state law which

16  governs this given broad authority to act in connection with

17  the trust.

18       Now, one of the other points that's raised is that

19  the Court should not allow the PAB to participate because

20  the PAB cannot participate consistent with the exercise of

21  its fiduciary duties under state law.  And I disagree there,

22  although it will be a delicate dance certainly for the PAB

23  to participate in this dispute and still stay true to its

24  duty of impartiality among beneficiaries to a trust -- to

25  the trust, but I don't believe that it's inherently so

1    conflicted that it simply can't participate at all.

2         The trustee, in the exercise of his fiduciary

3    duty, will have to carefully proceed going forward, but I do

4    foresee that there are positions the trustee can take and

5    actions the trustee can take to thread the difficult

6    situation that the trustee definitely finds himself in and

7    that it's not -- they're not so inherently -- he's not so

8    inherently conflicted that he can't participate at all.

9         Certainly the trustee will proceed at his own risk

10   as any fiduciary does, and if there's an allegation of

11   breach of fiduciary duty at some point in the future we will

12   deal with it at that time.  I am not inviting litigation,

13   we've had enough of that, but if an issue arises I think we

14   can deal with it based on the facts and circumstances as

15   they play out.

16        Another argument is that Kirkland & Ellis cannot

17   participate as counsel to the trustee and trust because they

18   are former counsel to the debtors and debtors in possession

19   and they may be fact witnesses in connection with certain

20   elements of the case and also their fees might be subject to

21   the litigation.

22        Again, as with the fiduciary duty and fiduciary

23   position of the trustee I think that there may be issues

24   that arise in a litigation that could put Kirkland & Ellis

25   in a position where certain attorneys might have to recuse

1  themselves, at least as any attorney might have to recuse

2  himself or herself if they become a fact witness.  I'm not

3  sure frankly how the fee will pay out, but look, I mean

4  everybody who works for an estate in any Chapter 11 is

5  proceeding and taking certain actions and charging fees that

6  are allowed by the Court on an interim basis that might on a

7  final basis be challenged.  So to say that an attorney is

8  conflicted because his fees might ultimately become an issue

9  in a case I think would basically be well beyond workable

10  since all attorneys who work for the estate, and in this

11  case also those seeking substantial contribution, would be

12  put in an impossible situation.

13           Again, as with the trustee I think we can govern

14  this going forward and play it out under the facts and

15  circumstances as they develop, but I don't think that

16  Kirkland & Ellis is so inherently conflicted as to not be

17  able to participate.

18           And with regard to the former client I don't

19  foresee circumstances that would give rise to ethical

20  considerations with Kirkland & Ellis acting on behalf of the

21  trustee here and trust even though they have a former client

22  in the debtors and debtors in possession, and I don't see an

23  inherent conflict there that would give rise to ethical

24  considerations.

25           Whether Mr. Horton can participate as trustee and

1  also be a witness I think is a non-starter.  As an argument

2  Mr. Horton has been an officer and director of certain of

3  the debtors and an officer I think of all the debtors in

4  this case for four plus years, has testified numerous times.

5  Fiduciaries often testify, and when you have the CEO or the

6  senior vice president or a director of a debtor testifying

7  that doesn't conflict that person from acting -- continuing

8  to act in their duty as an officer of the debtor and it

9  doesn't conflict the law firm, it simply puts that person as

10  a fact witness on certain issues.  So I don't view that as

11  being problematic.

12         With regard to the issues raised by Nixon Peabody

13  on behalf of the EFH indenture trustee I would continue to

14  take the position that I am certainly not at this time going

15  to authorize the PAB or require the PAB to pay Nixon

16  Peabody's fees.  Again, this is something we can kick down

17  the road, if necessary, and deal with it at this time, but

18  as I said at the last hearing, you know, Nixon Peabody

19  proceeds at its own peril, and it's quite possible, if not

20  probable, that the Court will not require the PAB to pay

21  those fees.

22         Now of course as indenture trustee the indenture

23  trustee and its counsel have a charging lien against

24  whatever payment is ultimately made to their beneficiaries

25  of their fiduciary relationship; however, again, there's a

1   risk there because I'm not sure, and we'll have to see how

2   it plays out of course, but I'm not sure there's going to be

3   a distribution to charge against.  But that is a risk that

4   all persons who represent these types of entities run and

5   there's nothing particularly troubling about it.

6          I don't think that a fiduciary on both sides is

7   required for this to be a fair proceeding.  While neither

8   side represents -- while neither of the private parties

9   proceeding here represents the entirety of their estate the

10  reality is that they're in exactly the same position for

11  virtually everything involving this dispute that all the

12  other holders at the various estates are in.  It's

13  particularly not complicated at the EFIH side, but even at

14  EFH where there are multiple issuances and creditors it all

15  comes down to a bottom line of what expenses are going to be

16  allocated against that estate.

17         Now, if in the future there's a settlement, or you

18  know, some way proceeding indiscriminates against certain

19  holders as opposed to other holders the Court will have to

20  revisit whether that's appropriate and at that time whether

21  it's important to have a fiduciary acting on behalf of those

22  specific holders who may be discriminated against.

23         But I'm also, to the extent a fiduciary is

24  necessary, I'm also -- maybe pleased is the wrong word --

25  but not troubled or my concern is lessened by the fact that

1  the PAB will be participating, and of course the PAB is a

2  fiduciary for all the beneficiaries of the trust at EFIH and

3  EFH.

4          I think that covers all of the issues that I think

5  need to be covered in connection with the proceeding, and I

6  would open it up at this time for questions.

7          I don't think that an order is required, but if

8  the parties would like a comfort order that's fine, I would

9  ask them to consult with each other and make it as simple as

10  possible and submit it under certification of counsel.

11          So I'll stop talking --

12          MR. GALARDI:  Your Honor?

13          THE COURT:  Go ahead.

14          MR. GALARDI:  It's Gregg Galardi, Your Honor.

15  Just a few -- one question, one request, and then we'll take

16  it from there.

17          First on the EFH trustee charging lien issue what

18  I would like to clarify on that is I think Your Honor has

19  ruled that they will not at this time require the PAB to

20  reimburse.  I don't believe Your Honor really has

21  jurisdiction on the charging lien issue --

22          THE COURT:  I agree.

23          MR. GALARDI:  -- at this point especially given

24  that the indenture, and I wanted to make sure that there was

25  no ruling to that effect and we have all rights reserved on

Page 12

1    that matter.

2          THE COURT:  Absolutely, I agree with you, I don't

3    get into that.  That's a state law question between the

4    indenture trustee and its holders governed by the indenture.

5    I was simply noting that whatever rights they have they

6    have, if there are defenses or reasons not for that lien to

7    be allowed, if I misspoke there or over spoke I suppose,

8    you're absolutely right, I'm not making a ruling on whether

9    the lien can in fact be incurred or attached here, that's an

10   issue for another day and perhaps even for another court.

11   But I'm not saying one thing on that either way, all rights

12   are reserved including my own.

13         MR. GALARDI:  Thank you, Your Honor.  Go ahead,

14   Rich.

15         MR. PEDONE:  Your Honor, Richard Pedone for the

16   EFH trustee.

17         I just want to comment I'm fine with all rights

18   being reserved and any issues with regard to the charging

19   lien being put off for another day.

20         I just want to say that I believe it may actually

21   (indiscernible) plan confirmation order interpretation issue

22   or reserved in the order, and that's can be addressed

23   another day, it does not need to be addressed today.

24         THE COURT:  Thank you, Mr. Pedone.  I think we all

25   agree.

1     MR. GALARDI:  Your Honor, then I'll take the

2  uncomfortable position of now asking Your Honor for a stay

3  pending appeal of your decision and then ask for a separate

4  order.  Just very quickly, Your Honor, first with respect to

5  the stay pending appeal.

6     We do not believe that the PAB can participate.  I

7  think Your Honor's ruling, very thoughtful, relies on the

8  language in the confirmation order which at best is

9  ambiguous.  If Your Honor is finding that it's not ambiguous

10  you're ruling as a matter of law, we haven't had an

11  evidentiary hearing and we disagree with your reading of May

12  so we think we're likely to succeed on the merits there.

13     With respect to irrevocable harm if the PAB does

14  in fact participate, though I understand Your Honor has said

15  they will have to participate carefully, we do believe that

16  we can't unring that bell with Your Honor or anyone else

17  should they participate and should they overstep those

18  bounds.

19     Then with respect to balance of harm and public

20  interest, Your Honor, we believe the public interest and the

21  balance of harms weighs in favor of excluding the PAB.

22     So we would ask Your Honor to stay your decision

23  and enter a separate order, one, if Your Honor is

24  authorizing the PAB to participate to enter a separate

25  order, and then two, we would ask that that order be stayed.

1      MR. HUSNICK:  Your Honor, Chad Husnick with

2  Kirkland & Ellis, if I may.

3      I believe that Mr. Galardi's oral motion for a

4  stay pending appeal is entirely inappropriate.  If he wants

5  to appeal he should wait until an order hits the docket and

6  then file the motion, we'll appropriately respond to what I

7  believe are inaccurate statements of law about the merits of

8  the stay pending appeal.

9      And certainly just very briefly there's no

10  irreparable harm here at all associated with having a plan

11  -- or a fiduciary (indiscernible) filing papers.  Your Honor

12  can certainly later strike or disregard those papers if an

13  appellate court were to reverse Your Honor's ruling from

14  this morning.

15      So I think it's certainly a stretch and that's why

16  it should be a brief issue and not ruled upon on an oral

17  motion.

18      THE COURT:  All right.  Well thank you.

19      I -- well I think there's a fundamental problem

20  with the motion, which is I don't view this decision as a

21  final order capable of appeal as of right, this is clearly

22  an interlocutory order in my mind that would require of

23  course the normal standards being met for an interlocutory

24  appeal.

25      But I agree with Mr. Husnick that I think we have

1  to await an order before the Court can consider whether to

2  actually stay that order, and I will reserve a decision on

3  whether or not that is an appropriate order to stay,

4  although I would comment that I think the irreparable harm

5  prong in this aspect as I sit here today thinking about it

6  on the fly I think is lacking, but I -- that is without --

7  absolutely without prejudice to hear an argument on the

8  papers.

9        So I think it's premature, so to the extent

10  necessary for the record I'll deny it as premature without

11  prejudice, that it can be raised after a natural order has

12  been entered, and if the parties -- it sounds like the

13  parties might have difficulty reaching an agreement that can

14  be -- on an order that can be submitted under certification,

15  which if that's true that's fine, I will accept dueling

16  orders, but hopefully you'll be able to work it out, and if

17  you run into any kind of problem on that you can give

18  chambers a call and we'll get on the phone and we'll try to

19  figure a path forward.  But if you can't reach an agreement

20  on an order in a couple days just submit dueling order under

21  cert and we'll get it done in a timely fashion.

22        MR. GALARDI:  Thank you, Your Honor.

23        MR. HUSNICK:  Thank you, Your Honor.

24        THE COURT:  You're welcome.  Anything further?

25        Okay.  Hopefully this was nice and brief and thank

Page 16

1    you very much for again making yourself available on

2    relatively short notice.  And we are adjourned.

3            (A chorus of thank you)

4            (Whereupon these proceedings were concluded at 10:20

5    AM)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                        I N D E X

2

3                          RULINGS

4                                                    PAGE

5    Telephonic ruling on whether Plan Administrator

6    Board can participate in the allocation dispute

7    between EFIH and EFH                                5

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                     C E R T I F I C A T I O N

2

3        I, Dawn South, certify that the foregoing transcript is a

4        true and accurate record of the proceedings.

5

6        _____

7        Dawn South

8        Certified Electronic Transcriber

9

10

11

12

13       Date:  June 14, 2018

14

15

16

17

18

19

20

21

22       Veritext Legal Solutions

23       330 Old Country Road

24       Suite 300

25       Mineola, NY 11501

## A

**ability** 5:14
**able** 8:17 15:16
**absolutely** 12:2,8
   15:7
**accept** 15:15
**accurate** 18:4
**act** 6:16 9:8
**acting** 8:20 9:7
   10:21
**actions** 5:15 7:5 8:5
**addressed** 12:22,23
**adjourned** 16:2
**Administered** 1:8
**administrator** 2:1
   3:3,10 5:6 17:5
**agree** 11:22 12:2,25
   14:25
**agreement** 15:13
   15:19
**ahead** 11:13 12:13
**al** 1:7
**allegation** 7:10
**allocated** 10:16
**allocation** 2:2 5:7
   5:20 17:6
**allow** 5:9 6:19
**allowance** 6:10
**allowed** 8:6 12:7
**allowing** 5:21
**ambiguous** 13:9,9
**ANGELO** 4:25
**APARNA** 3:7
**appeal** 13:3,5 14:4
   14:5,8,21,24
**appellate** 14:13
**applicable** 5:13
**appointing** 5:20
**appropriate** 10:20
   15:3
**appropriately** 14:6
**argument** 5:11
   7:16 9:1 15:7
**arises** 7:13
**ASHURAEY** 4:6
**aside** 5:5

## B

**asking** 13:2
**aspect** 15:5
**assertion** 5:11
**associated** 14:10
**AST** 3:21
**attached** 12:9
**attorney** 3:16 4:9
   4:14,19 8:1,7
**attorneys** 3:3,10,21
   4:2 7:25 8:10
**authority** 6:16
**authorize** 9:15
**authorizing** 13:24
**available** 5:3 16:1
**await** 15:1

## B

**B** 1:23 4:24
**balance** 13:19,21
**Bankruptcy** 1:1,13
   1:25
**based** 6:1 7:14
**basically** 5:11 8:9
**basis** 8:6,7
**BAYARD** 4:8
**behalf** 5:23 8:20
   9:13 10:21
**believe** 6:11,25
   11:20 12:20 13:6
   13:15,20 14:3,7
**bell** 13:16
**beneficiaries** 6:24
   9:24 11:2
**best** 13:8
**beyond** 8:9
**board** 2:2 3:3,10
   5:6 17:6
**bottom** 10:15
**bounds** 13:18
**breach** 7:11
**BRIAN** 3:18
**brief** 5:8 14:16
   15:25
**briefly** 14:9
**broad** 5:14 6:1,16
**BROWN** 4:16
**bury** 5:8

## C

**C** 3:1 4:16,21 5:1
   18:1,1
**call** 15:18
**capable** 14:21
**carefully** 7:3 13:15
**case** 1:7 4:13 7:20
   8:9,11 9:4
**CEO** 9:5
**cert** 15:21
**certain** 7:19,25 8:5
   9:2,10 10:18
**certainly** 6:22 7:9
   9:14 14:9,12,15
**certification** 11:10
   15:14
**Certified** 18:8
**certify** 18:3
**Chad** 3:5 14:1
**challenged** 8:7
**chambers** 15:18
**Chapter** 1:5 8:4
**charge** 10:3
**charged** 5:17
**charging** 8:5 9:23
   11:17,21 12:18
**chorus** 16:3
**CHRISTOPHER**
   1:24
**circumstances** 7:14
   8:15,19
**claims** 6:8,10,10,10
**clarify** 11:18
**clearly** 14:21
**client** 8:18,21
**comes** 5:11,18
   10:15
**comfort** 11:8
**comment** 12:17
   15:4
**Committee** 3:16
**complicated** 10:13
**concern** 10:25
**concluded** 16:4
**confirmation** 5:12
   12:21 13:8

## C

**conflict** 8:23 9:7,9
**conflicted** 7:1,8 8:8
   8:16
**connection** 5:17,25
   6:16 7:19 11:5
**consider** 15:1
**considerations**
   8:20,24
**consistent** 6:20
**constitutes** 5:16
**consult** 11:9
**continue** 9:13
**continuing** 9:7
**contribution** 8:11
**CORP** 1:7
**counsel** 5:22 7:17
   7:18 9:23 11:10
**Country** 18:23
**couple** 15:20
**course** 9:22 10:2
   11:1 14:23
**court** 1:1,13 5:2
   6:19 8:6 9:20
   10:19 11:13,22
   12:2,10,24 14:13
   14:18 15:1,24
**COUSINS** 4:11
**covered** 11:5
**covers** 11:4
**creditors** 10:14
**CROMWELL**
   3:15

## D

**D** 4:11 5:1 17:1
**dance** 6:22
**DANIEL** 3:12
**Date** 18:13
**DAUCHER** 4:21
**Dawn** 2:25 18:3,7
**day** 12:10,19,23
**days** 15:20
**deal** 7:12,14 9:17
**debtor** 9:6,8
**debtors** 1:8 7:18,18
   8:22,22 9:3,3
**decision** 13:3,22

   14:20 15:2
**defenses** 12:6
**definitely** 7:6
**DEFRANCESCHI**
   3:12
**Delaware** 1:2,15
**delicate** 6:22
**deny** 15:10
**develop** 8:15
**difficult** 7:5
**difficulty** 15:13
**director** 9:2,6
**disagree** 6:21 13:11
**discriminated**
   10:22
**dispute** 2:2 5:7,20
   5:25 6:23 10:11
   17:6
**disregard** 14:12
**distribution** 10:3
**DISTRICT** 1:2
**docket** 14:5
**dueling** 15:15,20
**duties** 6:21
**duty** 5:17 6:24 7:3
   7:11,22 9:8

## E

**E** 1:23,23 3:1,1,6
   5:1,1 17:1 18:1
**effect** 11:25
**EFH** 2:3 3:3,10,21
   5:7 9:13 10:14
   11:3,17 12:16
   17:7
**EFIH** 2:2 5:7 10:13
   11:2 17:7
**either** 12:11
**Electronic** 18:8
**elements** 5:12 7:20
**Elliott/UMB** 4:2,9
**Ellis** 3:2 7:16,24
   8:16,20 14:2
**Energy** 1:6 4:14,19
**enter** 13:23,24
**entered** 15:12
**entirely** 14:4

entirety 10:9
entities 10:4
ERIC 4:21
especially 11:23
ESQ 3:5,6,7,12,13
  3:18,23,24 4:4,5,6
  4:11,16,21
estate 5:21,23 8:4
  8:10 10:9,16
estates 10:12
et 1:7
ethical 8:19,23
everybody 8:4
evidentiary 13:11
exactly 10:10
excluding 13:21
exercise 6:20 7:2
expenses 10:15
extent 10:23 15:9
E-Side 3:16

**F**

F 1:23 18:1
fact 7:19 8:2 9:10
  10:25 12:9 13:14
facts 7:14 8:14
fair 10:7
fashion 15:21
favor 13:21
fee 8:3
fees 7:20 8:5,8 9:16
  9:21
fiduciaries 5:21,22
  9:5
fiduciary 5:17 6:21
  7:2,10,11,22,22
  9:25 10:6,21,23
  11:2 14:11
figure 15:19
file 14:6
filing 14:11
final 8:7 14:21
finding 13:9
finds 7:6
fine 11:8 12:17
  15:15
FINGER 3:9

firm 9:9
first 11:17 13:4
fly 15:6
foregoing 18:3
foresee 7:4 8:19
former 7:18 8:18
  8:21
forward 7:3 8:14
  15:19
four 9:4
frankly 8:3
FULBRIGHT 4:18
fundamental 14:19
further 15:24
future 1:6 7:11
  10:17

**G**

G 5:1
Galardi 4:4 11:12
  11:14,14,23 12:13
  13:1 15:22
Galardi's 14:3
generally 6:1,15
GEORGE 3:24
give 8:19,23 15:17
given 6:16 11:23
GLUECKSTEIN
  3:18
Go 11:13 12:13
going 5:9 7:3 8:14
  9:14 10:2,15
govern 8:13
governed 12:4
governs 6:16
GRAY 4:1
Gregg 4:4 11:14

**H**

harm 13:13,19
  14:10 15:4
harms 13:21
HARRISON 4:24
hear 15:7
hearing 2:1 9:18
  13:11
hire 5:22

hits 14:5
holders 10:12,19
  10:19,22 12:4
HOLDINGS 1:6
HON 1:24
Honor 11:12,14,18
  11:20 12:13,15
  13:1,2,4,9,14,16
  13:20,22,23 14:1
  14:11 15:22,23
Honor's 13:7 14:13
hopefully 15:16,25
Horton 8:25 9:2
Husnick 3:5 14:1,1
  14:25 15:23

**I**

idea 5:18
impartiality 6:24
important 10:21
impossible 8:12
inaccurate 14:7
inappropriate 14:4
included 6:7
including 6:13
  12:12
incurred 12:9
indenture 3:21
  9:13,22,22 11:24
  12:4,4
independent 5:20
  5:22
indiscernible 12:21
  14:11
indiscriminates
  10:18
inherent 8:23
inherently 6:25 7:7
  7:8 8:16
instance 6:3
interest 13:20,20
interim 8:6
interlocutory 14:22
  14:23
interpretation
  12:21
inviting 7:12

involving 10:11
irreparable 14:10
  15:4
irrevocable 13:13
issuances 10:14
issue 6:9 7:13 8:8
  11:17,21 12:10,21
  14:16
issues 6:7 7:23 9:10
  9:12 11:4 12:18

**J**

J 3:5,12
JASON 3:13
Jointly 1:8
Judge 1:25 5:2
June 1:17 18:13
jurisdiction 11:21

**K**

kick 9:16
kind 15:17
Kirkland 3:2 7:16
  7:24 8:16,20 14:2
know 9:18 10:18

**L**

lacking 15:6
language 13:8
law 5:13 6:15,21
  9:9 12:3 13:10
  14:7
LAYTON 3:9
lead 5:8
Legal 18:22
lessened 10:25
lien 9:23 11:17,21
  12:6,9,19
limit 5:13
limitation 6:12,14
limits 6:3
line 10:15
litigate 5:22
litigation 6:10 7:12
  7:21,24
LLP 4:1,13,18
look 8:3

**M**

M 3:13 4:4
MADRON 3:13
making 5:3 12:8
  16:1
manage 5:17 6:15
manner 5:25
MARK 3:6
Market 1:14
matter 12:1 13:10
MATTHEW 4:5
  4:16
MCGINNIS 4:5
MCKANE 3:6
mean 6:3 8:3
means 5:24
meant 6:12
merits 13:12 14:7
met 14:23
mind 14:22
Mineola 18:25
misspoke 12:7
morning 14:14
motion 14:3,6,17
  14:20
multiple 10:14

**N**

N 3:1 4:6 5:1 17:1
  18:1
narrow 6:3
natural 15:11
nature 6:13
necessary 9:17
  10:24 15:10
need 11:5 12:23
neither 10:7,8
NextEra 4:19
nice 15:25
Nixon 3:20 9:12,15
  9:18
non-starter 9:1
normal 14:23
North 1:14
NORTON 4:18
notice 5:4 16:2
noting 12:5

numerous 9:4
NY 18:25

**O**

O 1:23 5:1 18:1
officer 9:2,3,8
Okay 15:25
Old 18:23
open 11:6
opposed 10:19
oral 14:3,16
order 5:12 11:7,8
    12:21,22 13:4,8
    13:23,25,25 14:5
    14:21,22 15:1,2,3
    15:11,14,20,20
orders 15:16
overstep 13:17

**P**

P 3:1,1 5:1
PAB 5:6,9 6:19,20
    6:22 9:15,15,20
    11:1,1,19 13:6,13
    13:21,24
PAGE 17:4
papers 14:11,12
    15:8
participate 2:2 5:7
    5:9,15,19 6:19,20
    6:23 7:1,8,17 8:17
    8:25 13:6,14,15
    13:17,24 17:6
participating 11:1
particularly 10:5
    10:13
parties 10:8 11:8
    15:12,13
path 15:19
pay 8:3 9:15,20
payment 6:10 9:24
Peabody 3:20 9:12
    9:18
Peabody's 9:16
Pedone 3:23 12:15
    12:15,24
pending 13:3,5

14:4,8
peril 9:19
person 9:7,9
persons 10:4
phone 15:18
plan 2:1 3:3,10 5:6
    5:12 12:21 14:10
    17:5
play 7:15 8:14
plays 10:2
pleased 10:24
plus 9:4
point 6:14 7:11
    11:23
points 6:18
position 7:23,25
    9:14 10:10 13:2
positions 7:4
possession 7:18
    8:22
possible 9:19 11:10
powers 6:1
prejudice 15:7,11
premature 15:9,10
PRESENT 4:23
president 9:6
private 10:8
probable 9:20
problem 14:19
    15:17
problematic 9:11
proceed 5:25 7:3,9
proceeding 8:5
    10:7,9,18 11:5
proceedings 16:4
    18:4
proceeds 9:19
prong 15:5
provide 5:5
provides 5:19
provision 5:19 6:14
provisions 6:5
public 13:19,20
put 7:24 8:12 12:19
puts 9:9
P.A 4:8

**Q**

question 11:15
    12:3
questions 11:6
quickly 13:4
quite 9:19

**R**

R 1:23 3:1 5:1 18:1
race 5:15
raised 6:18 9:12
    15:11
reach 15:19
reaching 15:13
reading 6:2 13:11
reality 10:10
really 5:18,23
    11:20
reasons 5:10 12:6
record 15:10 18:4
recuse 7:25 8:1
regard 6:7 8:18
    9:12 12:18
reimburse 11:20
related 6:9
relating 5:15
relationship 9:25
relatively 5:3 16:2
relies 13:7
represent 10:4
represents 10:8,9
request 11:15
require 9:15,20
    11:19 14:22
required 10:7 11:7
reserve 15:2
reserved 11:25
    12:12,18,22
respect 13:4,13,19
respond 14:6
reverse 14:13
revisit 10:20
Rich 12:14
Richard 3:23 12:15
RICHARDS 3:9
right 5:2 12:8
    14:18,21

rights 11:25 12:5
    12:11,17
rise 8:19,23
risk 7:9 10:1,3
road 9:17 18:23
ROPES 4:1
ROSE 4:18
ruled 11:19 14:16
ruling 2:1 5:6
    11:25 12:8 13:7
    13:10 14:13 17:5
RULINGS 17:3
run 10:4 15:17

**S**

S 1:24 3:1 5:1
SAM 4:6
saying 12:11
SCOTT 4:11
see 8:22 10:1
seeking 8:11
Sempra 4:14
senior 9:6
separate 13:3,23,24
series 6:5
set 5:5
settlement 10:17
short 5:4 16:2
side 10:8,13
sides 10:6
simple 11:9
simply 7:1 9:9 12:5
sit 15:5
situation 7:6 8:12
SKELLY 3:24
Solutions 18:22
SONTCEHI 1:24
Sontchi 5:2
sounds 15:12
South 2:25 18:3,7
specific 5:23 6:6,11
    10:22
specify 6:5
spoke 12:7
standards 14:23
state 5:13 6:15,21
    12:3

statements 14:7
States 1:1,13
stay 6:23 13:2,5,22
    14:4,8 15:2,3
stayed 13:25
stop 11:11
Street 1:14
stretch 14:15
strictly 6:4
strike 14:12
subject 7:20
submit 11:10 15:20
submitted 15:14
substantial 8:11
succeed 13:12
Suite 18:24
SULLIVAN 3:15
suppose 12:7
sure 8:3 10:1,2
    11:24

**T**

T 18:1,1
take 7:4,5 9:14
    11:15 13:1
talking 11:11
tangentially 6:9
TAYLOR 4:24
Telephonic 2:1 3:5
    3:6,7,12,13,18,23
    3:24 4:4,5,6,11,16
    4:21 17:5
TELEPHONIC...
    4:23
testified 9:4
testify 9:5
testifying 9:6
THALASSINOS
    4:25
thank 5:3 12:13,24
    14:18 15:22,23,25
    16:3
thing 5:24 12:11
things 6:6,13
think 5:18 6:1,6,9
    7:13,23 8:9,13,15
    9:1,3 10:6 11:4,4

11:7,18 12:24
13:7,12 14:15,19
14:25 15:4,6,9
**thinking** 15:5
**thoughtful** 13:7
**thread** 7:5
**time** 5:5 7:12 9:14
9:17 10:20 11:6
11:19
**timely** 15:21
**times** 9:4
**today** 12:23 15:5
**Transcribed** 2:25
**Transcriber** 18:8
**transcript** 18:3
**troubled** 10:25
**troubling** 10:5
**true** 6:23 15:15
18:4
**trust** 5:14,15,16,19
5:24 6:2,4,6,12,17
6:24,25 7:17 8:21
11:2
**trustee** 3:21 5:14
5:16 6:2,4 7:2,4,5
7:6,9,17,23 8:13
8:21,25 9:13,22
9:23 11:17 12:4
12:16
**trustees** 6:14
**trusts** 6:15
**try** 15:18
**two** 5:20 13:25
**types** 10:4

**U**
**ultimately** 8:8 9:24
**uncomfortable**
13:2
**understand** 13:14
**United** 1:1,13
**unring** 13:16
**U.S** 1:25

**V**
**various** 10:12
**Veritext** 18:22

**vice** 9:6
**view** 9:10 14:20
**virtually** 10:11

**W**
**wait** 14:5
**want** 12:17,20
**wanted** 11:24
**wants** 14:4
**way** 10:18 12:11
**weighs** 13:21
**welcome** 15:24
**we'll** 10:1 11:15
14:6 15:18,18,21
**we're** 13:12
**we've** 7:13
**WHITE** 4:13
**Wilmington** 1:15
**witness** 8:2 9:1,10
**witnesses** 7:19
**word** 10:24
**work** 8:10 15:16
**workable** 8:9
**works** 8:4
**wrong** 10:24

**X**
**X** 17:1

**Y**
**years** 9:4
**YENAMANDRA**
3:7

**1**
**10:01** 1:18
**10:20** 1:18 16:4
**11** 1:5 8:4
**11501** 18:25
**12** 6:6
**14** 1:17 18:13
**14-10979(CSS)** 1:7
**19801** 1:15

**2**
**2018** 1:17 18:13

**3**

**300** 18:24
**330** 18:23

**5**
**5** 17:7

**8**
**824** 1:14