IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,<br><br>*Debtors.* | ) Chapter 11<br>)<br>) Case No. 14-10979 (CSS)<br>)<br>) (Jointly Administered)<br>)<br>) **Re: D.I. 13235**<br>) |

**MOTION OF UMB BANK, N.A., AS INDENTURE TRUSTEE, AND
ELLIOTT FOR ENTRY OF AN ORDER SHORTENING NOTICE WITH
RESPECT TO JOINT MOTION OF UMB BANK, N.A., AS INDENTURE
TRUSTEE, AND ELLIOTT FOR STAY OF ORDER AUTHORIZING EFH
PLAN ADMINISTRATOR BOARD'S PARTICIPATION IN
THE ALLOCATION DISPUTE**

UMB Bank, N.A., as Indenture Trustee (the "Trustee") for the unsecured 11.25%/12.25% Senior Toggle Notes due 2018, and Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, "Elliott" and, together with the Trustee, the "Movants") respectfully move for entry of an order pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), substantially in the form of the proposed order attached hereto, shortening notice with respect to the *Joint Motion Of UMB Bank, N.A., As Indenture Trustee, And Elliott For Stay Of Order Authorizing EFH Plan Administrator Board's Participation In The Allocation Dispute* (the "Stay Motion")[1] filed contemporaneously herewith. In support of this motion to shorten, Movants respectfully state as follows:

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Stay Motion.

**JURISDICTION**

1. The Court has jurisdiction over this motion to shorten pursuant to 28 U.S.C. § 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and may be determined by this Court. Pursuant to Local Rule 9013-1(f), Movants consent to entry of a final order with respect to the motion to shorten to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. The bases for the relief requested herein are Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(e).

**BACKGROUND**

3. The relevant factual and procedural background is set forth in the Stay Motion, which is incorporated herein by reference. In summary, the Stay Motion seeks an order staying this Court's Order, dated June 19, 2018 [D.I. 13221], authorizing (a) the PAB to be a "Party" for purposes of paragraph 2 of the Allocation Scheduling Order [D.I. 13193], and (b) Kirkland & Ellis LLP and Richards, Layton & Finger, P.A. to represent the PAB in its capacity as a "Party" under the Allocation Scheduling Order (the "Participation Order"). Movants have appealed the Participation Order, and the Stay Motion seeks to stay the Participation Order pending appeal.

4. As further described in the Stay Motion, fact discovery under the Allocation Scheduling Order is ongoing and is set to conclude on August 10, 2018.

Shortly thereafter, on August 13, 2018, final written submissions are due to be filed and the hearing on the allocation issues shall begin on September 5, 2018.

## RELIEF REQUESTED

5.      Movants seek entry of an order shortening notice of the hearing for, and objection deadline on, the Stay Motion to dates as soon as reasonably practicable.

## BASIS FOR RELIEF REQUESTED

6.      Local Rule 9006-1(c) provides that unless the Bankruptcy Rules or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date."  Del. Bankr. L.R. 9006-1(c)(i).  Local Rule 9006-1(e) provides in pertinent part that "[n]o motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."  Del. Bankr. L.R. 9006-1(e).

7.      Bankruptcy Rule 9006 provides that the Court may, for cause shown, reduce the period of time within which an act is required or allowed to be done.  Fed. R. Bankr. P. 9006(c)(1).

8.      As described herein, good cause exists to shorten notice with respect to the hearing on the Stay Motion and related objection period, for at least three reasons.

9.      *First,* as set forth in the Stay Motion, Movants respectfully disagree with the Court's ruling that the PAB may participate as a "Party" in the Allocation Dispute.  Accordingly, the Movants have appealed the Participation Order.  Notwithstanding such appeal, unless and until the Stay Motion is granted, the PAB will continue to participate as a party-litigant in the Allocation Dispute.  As further described in the Stay Motion, the

PAB's continued participation will irreparably harm Movants, and the impact of its participation will be extremely difficult, if not impossible, to reverse in the event that the Participation Order is reversed on appeal. As recognized by this Court, once the PAB participates in the process, it will be difficult to "undo the omelet." *See* **Exhibit B** to Stay Motion, June 5, 2018 Hr'g Tr. at 49:18-19. Thus, prompt consideration of the Stay Motion is warranted.

10. *Second,* the next omnibus hearing in these cases for which the Stay Motion could be noticed is set for July 16, 2018. Even if the Court were to schedule a non-omnibus date for the Stay Motion, if the Stay Motion were required to be heard on regular notice, the hearing could not commence until July 13, 2018. By that date, however, irreversible harm to Movants will have already occurred.

11. The consensual Allocation Scheduling Order approved by this Court has set the hearing on the Allocation Motion to commence on September 5, 2018. The Movants advocated a timely process so that the Allocation Motion could be ruled upon in an expeditious manner and meaningful distributions to creditors – who have already waited over four years – could begin. If the Stay Motion is not heard until the next omnibus hearing, the PAB will have already shared its preliminary position on the Material Administrative Expense Claims on June 29, 2018, and more than half of the discovery period under the Allocation Scheduling Order will have lapsed. Thus, for every day that such process continues with the PAB's participation, the effectiveness of the Movants' appeal of the Participation Order is undermined.[2]

---

[2] Although the Movants do not concede that the continuation or conclusion of the Allocation Matter process will render their appeal moot, at the very least there is a risk that the Movants' appellate right of review will be denied or impacted.

12.  *Third*, no party will be prejudiced by the relief requested herein.  The Stay Motion affects only parties to the appeal and will not impact any other creditors or parties in interest.  The issues raised by the Stay Motion are well-known to such parties and can be addressed expeditiously.

13.  Based on the foregoing, Movants submit that sufficient cause exists to shorten the notice period for a hearing on the Stay Motion and the related objection period.

## NOTICE

14.  The Movants have served notice of this Motion on (a) counsel to all entities that are "Parties" pursuant to paragraph 2 of the Allocation Scheduling Order, (b) the Office of the United States Trustee for the District of Delaware, and (c) all parties requesting notice in these cases.  The Movants submit that, in light of the nature of the relief requested, no other or further notice is necessary or required.

**CONCLUSION**

WHEREFORE, Movants respectfully requests that the Court (a) enter an order substantially in the form annexed hereto granting the relief sought herein, and (b) grant such other and further relief as the Court may deem proper.

| | |
|---|---|
| Wilmington, Delaware<br>Date: June 22, 2018 | BAYARD, P.A.<br><br>*/s/ Erin R. Fay*<br>Scott D. Cousins (No. 3079)<br>Erin R. Fay (No. 5268)<br>Evan T. Miller (No. 5364)<br>600 N. King Street, Suite 400<br>Wilmington, Delaware  19801<br>Phone: (302) 655-5000<br>Facsimile: (302) 658-6395<br>Email: scousins@bayardlaw.com<br>         efay@bayardlaw.com<br>         emiller@bayardlaw.com<br><br>-and-<br><br>ROPES & GRAY LLP<br>Gregg M. Galardi<br>1211 Avenue of the Americas<br>New York, NY 10036-8704<br>Telephone: (212) 596-9000<br>Facsimile: (212) 596-9090<br>Email: Gregg.Galardi@ropesgray.com<br><br>*Counsel for Elliott and UMB Bank, N.A., as Trustee* |