**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 13221, 13235, 13236** |

**OPPOSITION OF THE EFH PLAN ADMINISTRATOR BOARD TO
MOTION FOR ENTRY OF ORDER SHORTENING NOTICE WITH
RESPECT TO MOTION FOR STAY OF ORDER AUTHORIZING EFH PLAN
ADMINISTRATOR BOARD'S PARTICIPATION IN THE ALLOCATION DISPUTE**

The EFH Plan Administrator Board (the "PAB") files this opposition to the *Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott for Entry of an Order Shortening Notice With Respect to Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott for Stay of Order Authorizing EFH Plan Administrator Board's Participation in the Allocation Dispute*, dated June 22, 2018 [D.I. 13236] (the "Motion to Shorten"), which requests shortened notice regarding the *Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott for Stay of Order Authorizing EFH Plan Administrator Board's Participation in the Allocation Dispute*, dated June 22, 2018 [D.I. 13235] (the "Motion to Stay").[1]   In support of this opposition—and in preliminary opposition to Movants' challenge to this Court's order authorizing the PAB's participation in the allocation proceedings [D.I. 13221] (the "PAB Participation Order")—the PAB respectfully submits:

---

[1]    Capitalized terms used but not defined herein have the meaning set forth in the Motion to Stay.

## OPPOSITION

1.      As an initial matter, the Motion to Stay is an improper use of the judicial process. It seeks to stay the PAB Participation Order pending Movants' appeal in an effort to advance the allocation litigation without the PAB's participation.  But the PAB Participation Order was unquestionably interlocutory, and the district court lacks jurisdiction to consider Movants' appeal of it.  *See Trent v. Dial Med. of Fla., Inc.*, 33 F.3d 217, 225 (3d Cir. 1994) ("orders granting intervention are not final for purposes of appeal"); *see also Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 380 (1987) (holding that order granting permissive intervention but denying intervention as of right was not immediately appealable and noting "the finality doctrine protects the strong interest in allowing trial judges to supervise pretrial and trial procedures without undue interference").[2]

---

[2]   In the Motion to Stay, Movants cite *Matter of Marin Motor Oil, Inc.*, 689 F.2d 445 (3d Cir. 1982) for the proposition that "Third Circuit precedent is clear that when an order allows a party to intervene in a contested proceeding, that order is final for purposes of appellate review."  *See* Motion to Stay at 9, n.4.  That is a bald misrepresentation of *Marin*, and that case actually establishes that the PAB Participation Order is not appealable.

In *Marin*, the bankruptcy court had issued an order *denying* intervention (i.e., a final order), and the district court then reversed that ruling.  *See Marin Motor Oil, Inc.*, 689 F.2d at 447.  To determine whether it had jurisdiction to hear an appeal of the *district court's* ruling, the Third Circuit acknowledged the "usual rule":  an order *denying* intervention in a lawsuit is final but "an order *granting* intervention is ordinarily not considered appealable." *Id.* (emphasis added) (citing *EEOC v. Am. Telephone & Telegraph Co.*, 506 F.2d 735, 742 (3d Cir. 1963); C. Wright and A. Miller, 7A Federal Practice and Procedure § 1923 (1972 & Supp. 1982)).  The *Marin* court then narrowly concluded that it had jurisdiction to review the district court's reversal of the bankruptcy court's denial of intervention because, "when the bankruptcy court issues what is indisputably a final order, and the district court issues an order affirming or reversing, the district court's order is also a final order for purposes of section 1293(b)."  *Id.* at 449.  As the Third Circuit later elaborated, "[in *Marin*,] we assumed jurisdiction over the district court's grant of intervention *because the original order of the bankruptcy court had been final*." *In re Cont'l Airlines, Inc.*, 932 F.2d 282, 286 (3d Cir. 1991) (emphasis added).

Here, there is no such procedural wrinkle; the jurisdictional analysis is straightforward because it solely involves consideration of an original bankruptcy court order, not an appellate-level order reviewing a bankruptcy court's order.  Consistent with the general rule articulated in *Marin*, this Court's order *granting* the PAB's request to participate in the allocation dispute is neither final nor appealable.  *See Marin Motor Oil, Inc.*, 689 F.2d at 447.

2.     Movants' appeal of the PAB Participation Order is a tactical attempt to circumvent this Court's supervision of the allocation dispute's pretrial and trial procedures, and the PAB has simultaneously moved the district court to dismiss the appeal.  At minimum, this Court should decline to rule on the Motion to Stay until the district court decides the gating question of whether Movants have asserted a valid appeal of the PAB Participation Order.  In other words, if the district court grants the PAB's motion to dismiss the appeal, there will be nothing for this Court to determine.  Without a valid, pending appeal, there is no basis for a "stay."

3.     Even if the appeal were properly asserted (which cannot be true under Third Circuit law), this Court should deny the Motion to Shorten for three reasons.  *First*, the premise of the Motion to Shorten—and the Motion to Stay—is fundamentally flawed.  It cannot be that "the PAB's continued participation [in this litigation] will irreparably harm Movants." *See* Motion to Shorten at ¶ 9.  Movants cite no authority that a litigant's participation constitutes an injury that "cannot be redressed by a legal or an equitable remedy following a trial." *See Bello v. Edgewater Park Sewerage Auth.*, 677 F. App'x 36, 38 (3d Cir. 2017) (quoting *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989)).

4.     For one, Movants' argument assumes there is no role for this Court.  There is little doubt that after four years, this Court is well equipped to evaluate and weigh (and, as it sees fit, discard) the evidence and argument presented by the PAB.  *See Invista N. Am. S.À.R.L. v. M & G USA Corp*, No. CIV.A. 11-1007-SLR, 2013 WL 1614971, at *3 (D. Del. Apr. 5, 2013) (denying motion to stay pending appeal where irreparable harm was not imminent because the asserted harm could be mitigated).

3

5.    While a party's mere participation cannot constitute irreparable harm, that is particularly true when that party is a fiduciary, who will participate in good faith and consistent with its motivation to achieve a fair result.   Movants' campaign to silence the PAB only reinforces the need for a fiduciary, like the PAB, to participate in the process.

6.    Movants' argument is particularly untenable because, under the existing Scheduling Order, the PAB will not take a public position on allocation issues **until** August 13.  Yet, Movants' hand-wringing fixates on a June 29 deadline in the Scheduling Order.  On that date, the parties will serve on each other—not publicly file—their preliminary objection to the Allocation Motion.[3]  Accordingly, any injury (and there is none) is "remote []or speculative," not "actual and imminent."  *See In re Tribune Co*., 477 B.R. 465, 476 (Bankr. D. Del. 2012).

7.    ***Second***, this situation does not create a true emergency of the kind that warrants shortening notice.  *See In re Fleming Cos., Inc.*, 304 B.R. 85, 100 (Bankr. D. Del. 2003) ("[M]otions to shorten notice by the Debtor should be necessary only in true emergency circumstances.").   Even assuming *arguendo* there was something inherently unfair about a litigant taking a public position on a litigated matter, that will not occur here until mid-August— one month after July 16 omnibus hearing.

8.    And if this were a true emergency (it is not), that emergency is entirely of Movants' making.  In May 2018, the PAB filed two scheduling proposals, both contemplating that the PAB would submit its position on the ***back-end*** of any schedule.[4]  Movants rejected

---

3   As a fiduciary for the primary adversaries in this litigation, the PAB will participate in the proceedings consistent with its state-law duties and the scope of its charge under the relevant documents.

4   *See, e.g.*, May 31, 2018 Amended PAB Proposed Scheduling Order [D.I. 13163-1] at ¶ 7 ("On Monday, June 11, 2018, the Participating Parties *(excluding the EFH Plan Administrator Board)* may file initial submissions

4

those schedules, insisting that all participating parties make their views known on the front-end of the schedule. *See, e.g.*, 6/5/2018 Hr'g Tr. at 58:9-11 (Movants' counsel: "[Y]ou've got to have people's positions stated in writing so that we can go forward with the litigation and do the allocations."). Having demanded that all participating parties voice their position on the front-end, Movants are now seeking relief on an emergency basis to "unring" the bell *they* already rang. Self-made emergencies are an insufficient basis to justify shortening notice.

9. ***Third***, this Court should reject Movants' attempt to have their discovery cake and eat it too. Movants tactically sought an order regarding the PAB's participation *separate* from the Scheduling Order so that Movants could pursue this gambit of staying one order while proceeding on the other. If Movants want a stay, it should be of the entire proceeding, not just the PAB's participation. To allow otherwise would grant a reversal of the PAB Participation Order without appellate review or an established basis for reconsideration.

10. A stay of the allocation litigation is not what Movants want. The Movants welcome the PAB's participation as a recipient of *party* discovery (while seeking to exclude the PAB from developing evidence and taking a position).[5] The Motion to Stay rests on the fiction that there is no difference whether the PAB is a recipient of party or third-party discovery. *See* Motion to Stay at ¶ 51. That is not the law. Compared to parties, Federal Rule of Civil Procedure 45 provides third-party discovery recipients with additional protections and rights to object to discovery. *See Duffy v. Kent Cty. Levy Court*, 800 F. Supp. 2d 624, 630–31 (D. Del. 2011) ("[C]ourts have been inclined to limit the scope of discovery directed to non-parties in

---

regarding the Elliott Motion") (emphasis added), ¶ 9(b) ("Friday, August 17, 2018, shall be the date by which the EFH Plan Administrator Board may file a supplemental submission regarding the EFH/EFIH Allocation Dispute.").

[5] Last Wednesday, Movants served party discovery on the PAB—twenty-seven (27) document requests and eleven (11) interrogatories. The PAB is preparing responses and objections, due this Wednesday.

order to protect the non-party from harassment, inconvenience, or disclosure of confidential documents." (quoting *Royal Surplus Lines Ins. Co. v. Sofamor Danek Group*, 190 F.R.D. 463, 467 (W.D. Tenn. 1999)).

11.    In sum, Movants have twisted themselves into a position that is directly at odds with their stated interest of resolving the allocation matters expeditiously and efficiently.  Their ongoing efforts to disrupt the resolution process is to the detriment of not only their Plan recoveries, but also the recoveries of other creditors with millions of dollars at stake.

### CONCLUSION

12.    For those reasons, this Court should deny the Motion to Shorten and decline to rule on the Motion to Stay until the district court decides the gating question of whether Movants have asserted a valid appeal of the PAB Participation Order.  Should this Court overrule the PAB's opposition and grant the Motion to Shorten, the PAB will be prepared to oppose the Motion to Stay on the schedule set by the Court.


Dated: June 25, 2018
Wilmington, Delaware

*/s/ Joseph C. Barsalona II*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
Joseph C. Barsalona II (No. 6102)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:         collins@rlf.com
               defranceschi@rlf.com
               madron@rlf.com
               barsalona@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:      (212) 446-4800
Facsimile:       (212) 446-4900
Email:            edward.sassower@kirkland.com
                      stephen.hessler@kirkland.com
                      brian.schartz@kirkland.com
                      aparna.yenamandra@kirkland.com
-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:       (312) 862-2200
Email:            james.sprayregen@kirkland.com
                      marc.kieselstein@kirkland.com
                      chad.husnick@kirkland.com
                      steven.serajeddini@kirkland.com

Co-Counsel to the EFH Plan Administrator Board