## Exhibit A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: </br></br>ENERGY FUTURE HOLDINGS CORP., *et al.*,</br></br>Debtors. | ) Chapter 11</br>)</br>) Case No. 14-10979 (CSS)</br>)</br>) (Jointly Administered)</br>) |

ORDER AUTHORIZING THE EFH PLAN
ADMINISTRATOR BOARD TO REIMBURSE THE FEES AND
EXPENSES OF FORMER DIRECTORS AND OFFICERS SOLELY
IN CONNECTION WITH THE EFH/EFIH ALLOCATION DISPUTE

Upon the motion (the "Motion")[1] of the EFH Plan Administrator Board for entry of an order (this "Order") authorizing payment from the EFH Plan Administration Trust for the Former Directors' and Officers' Fees and Expenses incurred in connection with the EFH/EFIH Allocation Dispute, effective *nunc pro tunc* to June 11, 2018, to be allocated in accordance with the Fees and Expenses Allocation (as described in the Motion); and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that notice of the Motion was adequate and appropriate under the particular circumstances and under Local Bankruptcy Rule 9006-1(c); and the Court having held a hearing, if necessary, to consider the relief requested in the Motion (the "Hearing"); and upon consideration of the record of the Hearing, if any, and all proceedings had before the Court; and the Court having found and

---

[1] Capitalized terms used, but not otherwise defined, herein shall have the same meanings set forth in the Motion.

RLF1 19616603v.1

determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED**:

1. Notice of the Motion as provided therein shall be deemed good and sufficient and the applicable requirements of the Bankruptcy Rules and the Local Bankruptcy Rules are satisfied by such notice.

2. The EFH Plan Administrator Board is hereby authorized, upon the receipt of detailed and reasonable fees and expenses, and otherwise on terms consistent with the EFH Plan Administration Trust Agreement, to make disbursements to the Disinterested Directors and Officers for Fees and Expenses incurred in connection with the EFH/EFIH Allocation Dispute, effective *nunc pro tunc* to June 11, 2018, and the allocation of such Fees and Expenses shall be as follows: (x) 100% from the EFH Cash Account for any Fees and Expenses incurred by the Former Disinterested Directors and Managers of EFH; (y) 100% from the Cash in the EFH/EFIH Cash Distribution Account available to satisfy Allowed Claims against the EFIH Debtors (as set forth in subclause (d) of the definition of EFH/EFIH Cash Distribution Account in the Plan) for any Fees and Expenses incurred by the Former Disinterested Directors and Managers of EFIH; and (z) 50%/50% from each of the foregoing accounts for any Fees and Expenses incurred by any other Former Directors and Officers of EFH and EFIH (excluding the Former Disinterested Directors and Managers).

3. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6. For the avoidance of doubt, unless already existing independently of the Motion and this Order, neither any provision of this Order nor the participation or activity by any attorney in seeking any aspect of the Motion or this Orders shall be deemed or construed to create an attorney-client relationship between Kirkland & Ellis LLP and/or Richards, Layton & Finger, P.A., on the one hand, and the Former Directors and Officers, on the other hand.

Dated: July \_\_\_\_, 2018
Wilmington, Delaware

_____
The Honorable Christopher S. Sontchi
Chief United States Bankruptcy Judge