IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

MOTION OF EFH PLAN ADMINISTRATOR BOARD
FOR ENTRY OF AN ORDER SHORTENING NOTICE
AND SETTING RESPONSE AND OBJECTION DEADLINE

The EFH Plan Administrator Board (the "PAB") hereby files this motion to shorten (the "Motion to Shorten") pursuant to sections 102(1) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), requesting entry of an order, substantially in the form attached as **Exhibit A**, (a) shortening the time for notice in connection with the *Motion of EFH Plan Administrator Board for Authorization to Reimburse Third-Party Discovery Fees and Expenses of Former Directors, Officers, and Manager Incurred in Connection with the EFH/EFIH Allocation Dispute* (the "Motion"),[1] (b) setting the Motion for hearing on July 16, 2018 at 11:00 a.m. (Eastern Daylight Time), (c) setting an objection deadline with respect to the Motion of Thursday, July 12, 2018 at 11:59 p.m. (Eastern Daylight Time), and (d) setting a reply deadline with respect to the Motion of Saturday, July 14, 2018 at 12:00 p.m. (noon) (Eastern Daylight Time).

---

[1] Capitalized terms used, but not otherwise defined, herein shall have the same meanings set forth in the Motion or the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12653] (the "Plan"), as applicable.

RLF1 19616604v.1

## JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 102 and 105 of the Bankruptcy Code, Bankruptcy Rule 9006, and Local Rule 9006-1.

## BACKGROUND

5. Additional background information is set forth in the Motion, filed contemporaneously herewith, and incorporated herein by reference.

6. The EFH/EFIH Debtors emerged from chapter 11 on March 9, 2018. Before and after the EFH Effective Date, the Former Disinterested Directors and Managers and certain key creditor constituencies had been in negotiations regarding a potential settlement of the EFH/EFIH Allocation Dispute. As the EFH/EFIH Debtors communicated to the Court and all parties-in-interest at the EFH Confirmation Hearing, Plan distributions to Holders of Allowed Unsecured Claims would be paralyzed in the absence of a resolution on the EFH/EFIH Allocation Dispute.[2] More specifically, absent a resolution, EFH and EFIH each would have to hold back Plan distributions representing the lesser of (a) all available Cash on hand to satisfy

---

[2] 2/16/2018 Hr'g Tr. at 165:7-9 ("[T]here is an outstanding issue regarding the allocation of cost, especially administrative cost, between EFH and EFIH."), 166:13-19 ("So, we could cut off -- so, the way the plan works, as currently constructed with the order, and the order is moving to enable this all to happen, as the order that you've seen, enables as soon as we go effective, that we cut off the interest rate burden, we pay off all the secured debt. What would not be paid, initially, was the unsecured debt.").

Allowed Unsecured Claims and (b) the aggregate amount of the Claims subject to the EFH/EFIH Allocation Dispute. Four months after the EFH Effective Date, over half a billion dollars in unsecured creditor distributions remain in the EFH/EFIH Cash Distribution Account. Only two Plan distributions have been made, as required by the EFH Confirmation Order: one to Holders in Class B5 and one to Holders in Class B6 (the Elliott Creditors being the primary beneficiary of both distributions).

7. As it became increasingly likely that the PUCT would approve the proposed Sempra transaction, it was clear to all parties that either the EFH Effective Date would have to be delayed (to force a resolution of the EFH/EFIH Allocation Dispute) or the EFH/EFIH Allocation Dispute would have to be resolved post-emergence. Delaying emergence after four years in chapter 11 was simply not a palatable option to any stakeholder, and, as reflected in the EFH Confirmation Order, the Parties (as defined in the Allocation Scheduling Order) expected that the EFH/EFIH Allocation Dispute would be resolved post-EFH Effective Date.[3]

8. Following the EFH Effective Date, the PAB has been pushing interested parties to reach a proposed settlement. Despite the PAB's efforts to date, a settlement has not been reached.

9. The EFH/EFIH Allocation Dispute implicates hundreds of millions of dollars in Claims to be allocated between EFH and EFIH. Litigation is not costless. Failure to settle comes at a price. Having been unable to resolve the EFH/EFIH Allocation Dispute for four months after the EFH Effective Date and several months before the EFH Effective Date, the key economic stakeholders in the dispute have determined to push forward on a litigation path. The costs associated with this path are entirely within their control, and the potential benefits and

---

[3] EFH Confirmation Order, ¶ 150–152.

drawbacks of this path are entirely theirs to experience and bear. As a result, and as reflected in the Motion, the PAB believes that a narrow subset of such costs (*i.e.*, the Fees and Expenses incurred by the Former Directors and Officers in their capacity as third-parties in the EFH/EFIH Allocation Dispute) should be reimbursed from the EFH/EFIH Cash Distribution Account.

10. By the Motion, the Debtors seek entry of an order authorizing shortened notice for consideration of the Motion. The Parties are sophisticated and experienced in these chapter 11 cases. They are well-aware of the costs associated with their decision to pursue litigation and their ability to control those costs. In addition, as set forth herein, counsel to the PAB has been discussing the relief requested in the Motion with the Parties for nearly two weeks prior to its filing. Thus, the Parties are not prejudiced by the request for shortened notice.

## BASIS FOR RELIEF REQUESTED

11. Under section 102(1) of the Bankruptcy Code, the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing that is appropriate under the circumstances. 11 U.S.C. § 102(1).

12. Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

13. Local Rule 9006-1 requires "all motion papers [to] be filed and served . . . at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i). The notice period may be shortened, however, "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

14. Similarly, Bankruptcy Rule 9006(c) provides that "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, a court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Phila. Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting frequency of such motions "[g]iven the accelerated time frame of bankruptcy proceedings"). *See also Hester v. NCNB Tex. Nat'l Bank (In re Hester)*, 899 F.2d 361, 364 n.3 (5th Cir. 1990) ("[M]otions for material reductions in the notice period are routinely granted by bankruptcy courts.").

15. Cause exists to shorten notice on the Motion. *First*, counsel to the PAB has been discussing the relief requested in the Motion with the Parties for nearly two weeks. As a result, the Parties (who collectively represent a substantial segment of the economic stakeholders affected by the relief requested in the Motion) are not prejudiced by the shortened notice. *Second*, as described in the Motion, certain of the Parties have already issued third party subpoenas to the Former Disinterested Directors and Managers. The Former Disinterested Directors and Managers have negotiated a short extension of the deadline to respond to such subpoenas, but will need counsel to ultimately respond to such subpoenas. Moreover, the deadline to issue deposition notices is July 16, 2018, and a ruling on the Motion will be critical for the Former Directors and Officers to determine appropriate next steps in response to the deposition notices and subpoenas.

16. For the foregoing reasons, the PAB respectfully submits that shortening notice of the Motion is appropriate under the circumstances.

## NOTICE

17. Notice of this Motion shall be provided on the date hereof via overnight delivery to: (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (f) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (g) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (f); and (h) the Office of the United States Attorney for the District of Delaware. The PAB submits that, in light of the nature of the relief requested, no other or further notice need be given.

18. Pursuant to Local Rule 9006-1(e), the Court may rule on this Motion to Shorten without need for a hearing, and the PAB requests that the Motion to Shorten be granted accordingly.

## NO PRIOR REQUEST

19. No previous request for the relief sought in the Motion to Shorten has been made to this Court or any other.

RLF1 19616604v.1

**WHEREFORE**, the PAB respectfully requests entry of an order, substantially in the proposed form attached hereto as **Exhibit A**, (a) setting the Motion for hearing on July 16, 2018 at 11:00 a.m. (Eastern Daylight Time), or at the Court's earliest practical convenience, (b) setting an objection deadline with respect to the Motion of Thursday, July 12, 2018 at 11:59 p.m. (Eastern Daylight Time), and (c) setting a reply deadline with respect to the Motion of Saturday, July 14, 2018 at 12:00 p.m. (noon) (Eastern Daylight Time).

[*Remainder of page intentionally left blank.*]

RLF1 19616604v.1

Dated: July 6, 2018
Wilmington, Delaware

/s/ *[signature]*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:    collins@rlf.com
    defranceschi@rlf.com
    madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz, P.C. (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    edward.sassower@kirkland.com
    stephen.hessler@kirkland.com
    brian.schartz@kirkland.com
    aparna.yenamandra@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    james.sprayregen@kirkland.com
    marc.kieselstein@kirkland.com
    steven.serajeddini@kirkland.com

*Co-Counsel to the EFH Plan Administrator Board*