IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>*Debtors.* | ) Chapter 11<br>)<br>) Case No. 14-10979 (CSS)<br>)<br>) (Jointly Administered)<br>)<br>) **Hearing Date: July 16, 2018 at 11:00 am**<br>) **Objection Deadline: July 12, 2018 at 11:59 pm** |

**THE FORMER DISINTERESTED DIRECTORS OF ENERGY FUTURE HOLDINGS CORP. STATEMENT IN SUPPORT OF, AND RESERVATION OF RIGHTS WITH RESPECT TO, THE MOTION OF EFH PLAN ADMINISTRATOR BOARD FOR AUTHORIZATION TO REIMBURSE THIRD-PARTY DISCOVERY FEES AND EXPENSES OF FORMER DIRECTORS, OFFICERS, AND MANAGER INCURRED IN CONNECTION WITH THE EFH/EFIH ALLOCATION DISPUTE**

Donald L. Evans and Billie I. Williamson, the former disinterested directors (the "Former EFH DDs") of Energy Future Holdings Corp. ("EFH"), submit this statement in support of, and reservation of rights with respect to, the Motion of the EFH Plan Administrator Board for Authorization to Reimburse Third-Party Discovery Fees and Expenses of Former Directors, Officers and Manager Incurred in Connection with the EFH/EFIH Allocation Dispute (the "PAB Reimbursement Motion") [D.I. 13262].

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

The PAB Reimbursement Motion was filed in connection with discovery served on the Former EFH DDs regarding the Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott to Fix Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors (the "<u>Elliott Allocation Motion</u>") [D.I. 13102]. Elliott first raised allocation issues in June 2017, after the PUCT rejected the NextEra merger agreement, when Elliott proposed a restructuring term sheet for a back-up plan. Elliott thereafter engaged in negotiations with the Former EFH DDs regarding allocation disputes in advance of the February 27, 2018 confirmation of the Sempra Plan. Parties in interest (including the E-Side Committee, the EFH Indenture Trustee, the Debtors, counsel for the EFIH disinterested manager, and counsel for the Ad Hoc EFH Claimants) were informed of the various settlement proposals between Elliott and the Former EFH DDs. A settlement in advance of the March 9, 2018 Sempra Plan Effective Date could not be reached between Elliott, the Former EFH DDs and the Ad Hoc EFH Claimants.

Upon the Sempra Plan Effective Date, all EFH Board Members resigned. The Former EFH DDs now have been served discovery by Elliott, the EFH Indenture Trustee and the Ad Hoc EFH Claimants, all of whom were fully aware of the allocation disputes and issues before the Sempra Plan Effective Date. All the pending discovery seeks production of documents that the Former EFH DDs received prior to the Sempra Plan Effective Date. Had the stakeholders served the Former EFH DDs with discovery prior to the Sempra Plan Effective Date, the attorneys' fees and expenses incurred by the Former EFH DDS would have been paid by the EFH estate. The same result should hold true now, even though the stakeholders waited until after the Sempra Plan Effective Date to serve discovery. To be clear, all of the discovery served

on the Former EFH DD's relates exclusively to the time during which the Former EFH DD's acted in the course and scope of their respective capacity as EFH DD's.

The Former EFH DDs understand that Elliott contends that Sempra is obligated under the Merger Agreement to reimburse the Former EFH DDs for the attorneys' fees and expenses incurred in responding to the pending discovery requests. The Former EFH DDs also understand that Sempra disputes this contention. The Merger Agreement provisions are discussed starting at paragraph 19 of the PAB Reimbursement Motion. The Former EFH DDs hereby reserve all their rights, claims and remedies against Sempra under the Merger Agreement; however, if the Court grants the PAB Reimbursement Motion, the Former EFH DDs will assign to the PAB all of their rights, claims and remedies against Sempra under the Merger Agreement for reimbursement of attorneys' fees and expenses incurred in connection with the pending discovery requests.

The Former EFH DDs support the relief requested in the PAB Reimbursement Motion for the reasons set forth in the Motion. Moreover, the timing of the discovery requests should not inequitably and unfairly impair the Former EFH DDs ability to have the EFH estate pay for attorneys' fees and expenses incurred in connection with review and production of documents obtained while they were acting as EFH directors.

**BIELLI & KLAUDER, LLC**

Dated: July 12, 2018
Wilmington, Delaware

*/s/ David M. Klauder*
David M. Klauder (No. 5769)
Cory P. Stephenson (No. 6097)
1204 N. King Street
Wilmington, DE 19801
Phone: 302-803-4600
Fax: 302-397-2557
dklauder@bk-legal.com
cstephenson@bk-legal.com

-and-

**PROSKAUER ROSE LLP**

Michael A. Firestein (admitted pro hac vice)
Peter J. Young (admitted pro hac vice)
2049 Century Park East, 32nd Floor
Los Angeles, CA 90067-3206
Telephone:    (310) 284-5661
Facsimile:    (310) 557-2193
Email:         mfirestein@proskauer.com
               pyoung@proskauer.com


-and-

Mark K. Thomas (admitted pro hac vice)
Three First National Plaza
70 W. Madison Street, Suite 3800
Chicago, IL 60602
Telephone:    (312) 962-3550
Facsimile:    (312) 962-3551
Email:         mthomas@proskauer.com

*Co-Counsel to the Former Disinterested Directors of Energy Future Holdings Corp.*