# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) ) ) ) | (Jointly Administered)<br><br>**Hearing Date: July 16, 2018 @ 11:00 a.m. ET**<br>**Related to Docket No. 13262** |

### RESPONSE AND RESERVATION OF RIGHTS WITH RESPECT TO MOTION OF EFH PLAN ADMINISTRATOR BOARD FOR AUTHORIZATION TO REIMBURSE THIRD-PARTY DISCOVERY FEES AND EXPENSES OF FORMER DIRECTORS, OFFICERS, AND MANAGER INCURRED IN CONNECTION WITH THE EFH/EFIH ALLOCATION DISPUTE

Charles H. Cremens, the former disinterested manager ("<u>EFIH Disinterested Manager</u>") of Energy Future Intermediate Holding Company LLC ("<u>EFIH</u>"), by and through his undersigned counsel, submits this response and reservation of rights with respect to the motion [Dkt. 13262] ("<u>Motion</u>") of the EFH Plan Administrator Board ("<u>PAB</u>") for entry of an order authorizing reimbursement from the EFH Plan Administration Trust[2] to former directors and managers of EFH and EFIH for costs and expenses incurred in connection with the EFH/EFIH Allocation Dispute.

1.  The EFIH Disinterested Manager strongly supports the relief requested in the Motion. Under the Plan, the EFIH Disinterested Manager was the beneficiary of comprehensive

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

indemnification and exculpation provisions, and it was the parties' intent that going forward the EFIH Disinterested Manager would not incur any further costs, expenses or liabilities in connection with his former service to EFIH. Nonetheless, precisely because of his prior service as the EFIH Disinterested Manager, the EFIH Disinterested Manager has now received two third-party subpoenas from active participants in the bankruptcy process, seeking a broad range of documents that will require the services of outside counsel in order to collect, review for privilege (which the EFIH Disinterested Manager does not hold) and produce the documents in the formats demanded by these parties to the EFH/EFIH Allocation Dispute.

2. The EFH/EFIH Allocation Dispute also involves fee allocation issues that the Elliot Funds, the EFH Ad Hoc Group and the EFH Indenture Trustee have or should have been aware of since the Third Circuit's November 2016 decision in *Delaware Trust Co. v. Energy Future Intermediate Holding Co. LLC (In re Energy Future Holdings Corp.)*, 842 F.3d 247 (3d Cir. 2016). Thus, there is no reason why this information could not have sought from the EFIH Disinterested Manager prior to the Effective Date, when there would have no question about the EFIH estate's responsibility for payment of fees and expenses incurred by the EFIH Disinterested Manager.

3. Moreover, it is unclear whether these two third-party subpoenas will be the extent of the EFIH Disinterested Manager's involvement in the EFH/EFIH Allocation Dispute, or whether he also may be required to appear for depositions, trial testimony and other proceedings related to the EFH/EFIH Allocation Dispute.

4. It is therefore entirely appropriate for the EFH Plan Administration Trust, and indirectly the parties to the EFH/EFIH Allocation Dispute who are beneficiaries of the EFH Plan Administration Trust and will benefit from the work that needs to be undertaken in order to

SL1 1531738v1 109285.00014

105052.4

facilitate the EFIH Disinterested Manager's compliance with third-party subpoenas, to reimburse the EFIH Disinterested Manager for his costs and expenses incurred in connection with the third-party subpoenas.

5. As noted in the Motion (at n. 13), however, the EFIH Disinterested Manager disagrees with the PAB's position concerning reorganized EFH's purported lack of indemnification responsibilities under the Merger Agreement.

6. EFH is the "Surviving Company" under the Agreement and Plan of Merger by and among EFH, EFIH, Sempra Energy and Power Play Merger Sub I, Inc. (the "Merger Agreement"). In section 6.8(a) of the Merger Agreement, the Surviving Company agreed as follows:

> From and after the Effective Time for a period of six (6) years, **the Surviving Company agrees that it will indemnify and hold harmless**, to the fullest extent permitted under applicable Law (and the Surviving Company shall also advance expenses as incurred to the fullest extent permitted under applicable Law; provided that, the Person to whom expenses are advanced provides an undertaking to repay such advances if it is ultimately determined that such Person is not entitled to indemnification), **each present and former director, manager and officer of the Company and each of its Subsidiaries (together, the "Indemnified Parties") against any costs or expenses (including reasonable and necessary attorneys' fees and experts' fees)**, and sums which an Indemnified Party becomes legally obligated to pay solely as a result of judgments, fines, losses, claims, damages, settlements or liabilities (collectively, "Costs") arising out of any claim, action, suit, proceeding or investigation, whether civil, criminal, administrative or investigative, **arising out of or related to such Indemnified Parties' service as a manager, director or officer of the Company or any of its Subsidiaries** or other services performed by such persons at the request of the Company or any of its Subsidiaries at or prior to the Effective Time, whether asserted or claimed prior to, at or after the Effective Time, including the transactions contemplated by this Agreement; provided, however, that the Surviving Company shall not indemnify any Indemnified Party for any Costs brought about or contributed to in fact by fraudulent act by such Indemnified Party; and provided, further, that the Surviving Company shall not be obligated to reimburse any Indemnified Party for any Costs unless and until such Indemnified Party has exhausted the limits of recovery from any other Person obligated to indemnify and reimburse such Indemnified Party (unless the Company has agreed otherwise in writing prior to the date hereof with any such

3

> other Person, in which case this proviso shall be limited with respect to such other Person to the extent of such agreement).

Merger Agreement, §6.8(a) (emphasis supplied).

7. The costs and expenses being incurred by the EFIH Disinterested Manager as a result of the EFH/EFIH Allocation Dispute are costs and expenses (including reasonable and necessary attorneys' fees) ***arising out of or related to*** the EFIH Disinterested Manager's services as a manager of EFIH. Thus, the EFIH Disinterested Manager is entitled to indemnification from, and the advancement of costs and expenses by, EFH (i.e. the Surviving Company) for costs and expenses (including attorney's fees) he is incurring in connection with the EFH/EFIH Allocation Dispute.

8. The EFIH Disinterested Manager reserves all rights to seek indemnification from EFH under the Merger Agreement or otherwise. Further, assuming the Motion is granted, the EFIH Disinterested Manager is willing to execute such documentation as is necessary to assign his rights against EFH to the EFH Plan Administration Trust (to the extent his costs and expenses are reimbursed by the EFH Plan Administration Trust).

9. In the event the Motion is not granted in its entirety, the EFIH Disinterested Manager also reserves all of his rights under Fed. R. Civ. P. 45(d)(1) to seek reimbursement from the Elliot Funds, the EFH Ad Hoc Group and the EFH Indenture Trustee prior to incurring the significant expenses that would be associated with responding to their third-party subpoenas. As noted in the Motion, in the Third Circuit, "[s]ignificant expenses" of a third-party "***must*** be borne by the party seeking discovery." *R.J. Reynolds Tobacco v. Philip Morris, Inc.*, 29 F. App'x 880, 883 (3d Cir. 2002) (emphasis added).

WHEREFORE, the EFIH Disinterested Manager respectfully requests that the Court grant the Motion, and for such other and further relief as is equitable and just.

DATED: July 12, 2018

                    STEVENS & LEE, PC.

                    */s/Joseph H. Huston, Jr*.
                    _____
                    Joseph H. Huston, Jr. (No. 4035)
                    919 North Market Street, Suite 1300
                    Wilmington, Delaware 19801
                    Telephone: (302) 425-3310
                    jhh@stevenslee.com

                    -and-

                    JENNER & BLOCK, LLP
                    Richard Levin (*pro hac vice* pending)
                    919 Third Avenue
                    New York, NY 10022
                    Phone: (212) 891-1600
                    rlevin@jenner.com

                    JENNER & BLOCK, LLP
                    Vincent E. Lazar (*pro hac vice* pending)
                    353 N. Clark St.
                    Chicago, IL  60654
                    Phone: (312) 222-9350
                    vlazar@jenner.com

                    *Counsel to Charles H. Cremens*