## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | ) Chapter 11 |
|  | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
|  | ) |
| *Debtors.* | ) (Jointly Administered) |
|  | ) |
|  | ) **Re: D.I. 13262** |
|  | ) |

### OBJECTION OF UMB BANK, N.A., AS INDENTURE TRUSTEE, AND ELLIOTT TO MOTION OF EFH PLAN ADMINISTRATOR BOARD FOR AUTHORIZATION TO REIMBURSE THIRD-PARTY DISCOVERY FEES AND EXPENSES OF FORMER DIRECTORS, OFFICERS, AND MANAGERS INCURRED IN CONNECTION WITH THE EFH/EFIH ALLOCATION DISPUTE

UMB Bank, N.A., as Indenture Trustee (the "Trustee") for the unsecured 11.25%/12.25% Senior Toggle Notes due 2018, and Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, "Elliott"), by and through their undersigned counsel, hereby object to the motion (the "Motion") of the EFH Plan Administrator Board (the "PAB") for authorization to use assets of the EFH Plan Administration Trust (the "Trust") to reimburse certain former directors, officers, and managers of the EFH/EFIH Debtors (collectively, the "Former Directors and Officers") in connection with the EFH/EFIH Allocation Dispute.[2]  In support hereof, the Trustee and Elliott respectfully state as follows:

### PRELIMINARY STATEMENT

By the Motion, the PAB seeks this Court's approval to use Trust assets to reimburse any attorneys' fees and expenses that may be incurred by Former Directors and Officers in

---

[1]  The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]  Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

connection with third-party discovery in the EFH/EFIH Allocation Dispute.  The PAB is neither required nor permitted to pay such fees and expenses under its governing documents and applicable law.  Instead, Reorganized EFH/EFIH, which is now owned and controlled by Sempra, *is* contractually required to pay those fees and expenses.  Yet, the PAB has not submitted any evidence indicating that the Former Directors and Officers have even sought indemnification from Reorganized EFH/EFIH; nor have the Former Directors and Officers requested any relief from this Court regarding the fees and expenses related to the third-party discovery that they apparently anticipate.  Thus, as shown below, the relief requested by the PAB should be denied.

*First*, nothing in the Plan or the Trust Agreement requires the PAB to pay fees or expenses incurred by the Former Directors and Officers.  In fact, the Plan specifically provides that the obligation to reimburse any fees and expenses of Former Directors and Officers was assumed by Reorganized EFH/EFIH—the "surviving company" in the merger transaction consummated in connection with the Plan—and not the PAB or the Trust.  On this basis alone, the Motion should be denied.

*Second*, under the governing documents and applicable law, the PAB does not have the discretion to pay the fees and expenses of the Former Directors and Officers because those fees and expenses were not "incurred or assumed by" the Trust.  Nor may the Court properly conclude otherwise absent a full evidentiary hearing on the meaning of the underlying documents.

*Third*, even assuming the PAB had the discretion to pay the fees and expenses of the Former Directors and Officers, which it does not, this Court may not approve the exercise of that discretion because there is no factual basis on which the Court may conclude that it is necessary

or appropriate for the PAB to assume the fees and expenses of the Former Directors and Officers, especially given that the Former Directors and Officers are the subject of discovery because of their prior service to the EFH/EFIH Debtors and their own failure to resolve critical allocation disputes prior to the EFH Effective Date. Significantly, moreover, the largest beneficiaries of the Trust oppose the unauthorized and unjustified expenditure requested by the PAB. That should be dispositive.

Accordingly, for these reasons and the other grounds set forth below, the Court should deny the Motion, prohibiting the PAB from dissipating Trust assets in violation of its contractual and fiduciary obligations.[3]

## ARGUMENT

## I.    THE PAB IS NOT REQUIRED OR PERMITTED TO REIMBURSE THE FEES AND EXPENSES UNDER THE TRUST AGREEMENT

1.    The PAB has neither an obligation nor the discretion under the Trust Agreement to reimburse the Fees and Expenses of the Former Directors and Officers from Trust assets. Section 4.1 of the Trust Agreement governs the PAB's use of Trust assets to pay any claims, expenses, or liabilities. *See* Trust Agreement § 4.1 ("Payment of Claims, Expenses, and Liabilities"). That section identifies three categories of expenses to be paid by the PAB with Trust assets:

> (a) to pay reasonable administrative expenses *of the Trust* that are incurred (including any taxes imposed on the Trust or reasonable professional, consultant, and employee fees and expenses in connection with the administration of the Trust Assets and preservation of books and records as provided in Section 3.2 hereof) subject to and in accordance with the terms of this Agreement;

---

[3]    The Trustee and Elliott expressly reserve, and do not waive, their right to contest the PAB's payment of any professional fees and expenses incurred in connection with the filing and prosecution of the Motion.

(b) to satisfy other obligations or other liabilities *incurred or assumed by the Trust* (or to which the Trust Assets is otherwise subject) in accordance with the Plan, the Confirmation Order, or this Agreement (it being understood that the Trust has not assumed any obligations or liabilities of the EFH/EFIH Debtors), including (i) the costs of objecting to and reconciling Disputed Claims or Interests and settling or compromising any Disputed Claims or Interests against the EFH/EFIH Debtors, and (ii) any other fees and costs incurred in connection with the protection, preservation, liquidation, and distribution of the Trust Assets; and

(c) to satisfy any other obligations *of the Trust* expressly set forth in the Confirmation Order or the Plan.

Trust Agreement § 4.1 (emphasis added).  As each of the three subparagraphs of Section 4.1 makes clear, the PAB is only authorized to use Trust assets to pay expenses and liabilities *of the Trust itself*.  Nothing in Section 4.1 of the Trust Agreement requires the PAB to pay fees for third-party witnesses, including the Former Directors and Officers, as those are simply not obligations of the Trust.

2.      The PAB does not contend otherwise.  Instead, the PAB relies on subparagraph 4.1(b)(ii) to claim that it has the "authority" to pay "any other fees and costs incurred in connection with" the liquidation or distribution of Trust assets, and, thus has the discretion to pay the Fees and Expenses of the Former Directors and Officers.  Motion ¶ 15.  This argument fails for two reasons.

3.      *First*, the PAB omits the critical prefatory language in subsection (b), which specifies that the applicable fees and costs are limited to those "incurred or assumed by the Trust" in accordance with the Plan, Confirmation Order, or Trust Agreement.  The PAB does not, and cannot, argue that the Fees and Expenses have been "incurred . . . by the Trust."  Nor does, or can, the PAB argue that the Fees and Expenses were "assumed by the Trust" under the Plan or the Confirmation Order.  In fact, the parenthetical in Section 4.1(b) makes clear "that the Trust has not assumed any obligations or liabilities of the EFH/EFIH Debtors," and the only

provision of the Plan or Confirmation Order expressly addressing indemnification obligations makes clear that any such obligations were assumed by Reorganized EFH/EFIH. *See* Plan, Art. V.E ("Notwithstanding anything in the Plan to the contrary, from and after the EFH Effective Date, each Indemnification Obligation of any EFH Debtor or EFIH Debtor ***shall be treated*** in accordance with Section 6.8 of the Merger Agreement."). Accordingly, any obligation with respect to the Fees and Expenses was expressly disclaimed under the Plan and cannot be borne by the Trust.

4.      *Second*, Section 4.1 of the Trust Agreement does not provide the PAB with the discretion to pay the Fees and Expenses of the Former Directors or Officers as a measure "to protect, preserve, liquidate, or distribute" the Trust assets. As set forth above, the Fees and Expenses are ***not*** fees and expenses incurred by the Trust to protect, preserve, liquidate, or distribute the Trust assets. Rather, they are the fees and expenses of third parties—the Former Directors and Officers. And the PAB does not argue, nor could it, that absent its assumption of these Fees and Expenses, the Trust assets would not be properly protected, preserved, liquidated or distributed. Indeed, the PAB's assumption of the Fees and Expenses has only one consequence: to dissipate the Trust assets.

5.      The PAB's reliance on Section 6.1(j) of the Trust Agreement is likewise misplaced. That section provides that the PAB may "determine and satisfy from the Trust Assets any and all taxes and ordinary course liabilities, including reasonable professional, consultant, and employee fees and expenses permitted hereby, created, incurred or assumed by the Trust, subject to and in accordance with the terms of this Agreement." Trust Agreement § 6.1(j). Once again, the threshold requirement for payment is that the fees and expenses at issue have been "incurred or assumed by the Trust." As demonstrated above, the Fees and Expenses at issue in

the Motion have not been incurred by the Trust, were not assumed by the Trust under the Plan or Confirmation Order, and may not be properly assumed by the PAB given the express terms of the Plan and the largest beneficiaries' opposition.

6.      The PAB also seeks to justify the relief requested in the Motion by arguing that the PAB has the power to "make distributions of the Trust Assets" under Section 6.1(f) of the Trust Agreement and that reimbursing the Fees and Expenses should be considered a power "reasonably incidental" thereto that is "necessary or appropriate to fulfill the purpose of the Trust."  Motion ¶ 18.  The PAB's broad reading of Section 6.1(f) and its purported discretion ignore the purpose of the Trust—to make ***distributions to beneficiaries of the Trust*** (*i.e.*, the former creditors of the EFH/EFIH Debtors under the Plan)—and would give the PAB authority to diminish and frustrate the "distribution of the Trust Assets" to such beneficiaries by paying Fees and Expenses that are not necessary, and thus not appropriate, to pay.  The Former Directors and Officers are third-party witnesses in the EFH/EFIH Allocation Dispute, and they have available remedies, other than through reimbursement from Trust assets, if they wish to have their Fees and Expenses reimbursed.  *See* Sections II and III, *infra*.  Thus, even if this Court were to read Section 6.1(f) as giving the PAB the discretion to make distributions other than to disburse Trust assets to the beneficiaries, the PAB's request to use Trust assets to pay third-party witness costs is not a disbursement that is "necessary or appropriate" to enable the Trust to make distributions to beneficiaries and, thus, not within any authority the PAB was granted under the Trust Agreement.

7.      In sum, the PAB seeks to unilaterally deviate from the Trust Agreement's express terms and take action that is neither necessary nor appropriate to administer the Trust.  There is no justification for the PAB to dissipate the limited Trust assets in an effort to protect

Reorganized EFH/EFIH and the Former Directors and Officers when such action is detrimental to the interests of Trust beneficiaries, diminishes their recoveries, and is opposed by the largest Trust beneficiaries. *See Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 472 U.S. 559, 572 (1985) ("One of the fundamental common-law duties of a trustee is to preserve and maintain trust assets"). Instead, the PAB must heed to the wishes and interests of its beneficiaries. *See* Bogert's Trusts and Trustees § 541 (the trustee has "the duty to administer the trust ***solely for the benefit of the beneficiaries*** and thereby exclude the interests of others as well as his own personal interest." (emphasis added)). Accordingly, the Motion should be denied.

## II.    THE FEES AND EXPENSES ARE PAYABLE BY REORGANIZED EFH/EFIH UNDER THE PLAN AND THE MERGER AGREEMENT

8.    As set forth above, the Trust Agreement, the Plan, and the Confirmation Order do not expressly require, or even authorize, the PAB to pay the fees and expenses of the Former Directors and Officers. The absence of any such express authorization was not inadvertent, but intentional. Article V.E of the Plan is clear and unambiguous. It provides that "[n]otwithstanding anything in the Plan to the contrary, from and after the EFH Effective Date, each Indemnification Obligation of any EFH Debtor or EFIH Debtor ***shall be treated*** in accordance with Section 6.8 of the Merger Agreement." Plan, Art. V.E (emphasis added)). The Plan further defines the term "Indemnification Obligation" broadly to mean:

> each of the Debtors' indemnification obligations in place as of the EFH Effective Date . . . for their current and former directors, officers, managers, employees, attorneys, accountants, investment bankers, and other professionals and agents of the Debtors, as applicable."

Plan, Art. I.A.221.[4]

---

[4]    The PAB concedes that, prior to the EFH Effective Date, EFH or EFIH, as applicable, paid all fees, costs, and expenses incurred by the Former Directors and Officers in connection with these cases. *See* Motion ¶ 5.

9.      Section 6.8 of the Merger Agreement, in turn, provides that for a period of six years after consummation of the merger transaction, Reorganized EFH/EFIH will indemnify, hold harmless, and advance expenses to the Former Directors and Officers with respect to:

> any costs or expenses (including reasonable and necessary attorneys' fees and experts' fees), and sums which [a Former Director or Officer] becomes legally obligated to pay solely as a result of judgments, fines, losses, claims, damages, settlements or liabilities (collectively, "Costs") arising out of any claim, action, suit, proceeding or investigation, whether civil, criminal, administrative or investigative, arising out of or related to such [Former Directors' or Officers'] service as a manager, director or officer of the Company or any of its Subsidiaries or other services performed by such persons at the request of the Company or any of its Subsidiaries at or prior to the Effective Time, whether asserted or claimed prior to, at or after the Effective Time, including the transactions contemplated by this Agreement;

Merger Agreement § 6.8(a).

10.     Section 6.8(a) thus requires Reorganized EFH/EFIH to indemnify the Former Directors and Officers for any costs and expenses arising out of, among other things, *any* claim or proceeding arising out of or related to such Former Director's or Officer's service as an officer, director, or manager of any EFH/EFIH Debtor.   Thus, by its terms, Reorganized EFH/EFIH's indemnification obligation extends to any claims or proceedings "arising out of or related to" the Former Director's or Officer's service to the EFH or EFIH Debtors, and therefore extends to the EFH/EFIH Allocation Dispute.

11.     Inexplicably, instead of seeking to protect the Trust assets and its beneficiaries and forcing the Former Directors and Officers to seek relief from Reorganized EFH/EFIH for reimbursement, the PAB disregards the wishes of certain of its largest beneficiaries, arguing that Section 6.8 of the Merger Agreement does not apply because (i) the Fees and Expenses that may be incurred by the Former Directors and Officers "do not arise out of their service to the Debtors" and (ii) no party has asserted claims against the Former Directors and Officers.  Motion

¶ 20.[5]  Leaving aside the motives of the PAB, these arguments conveniently ignore both the express language of Section 6.8 and the substance of the EFH/EFIH Allocation Dispute.

12.    *First*, Section 6.8 provides that the Former Directors and Officers are indemnified for costs and expenses "arising out of any claim [or] proceeding . . . arising out of or related to [the Former Directors' and Officers'] service as a manager, director or officer of the Company or any of its Subsidiaries."[6]  Here, the EFH/EFIH Allocation Dispute plainly relates to the Former Directors' and Officers' service as directors, officers, and managers of EFH and/or EFIH.  The EFH/EFIH Allocation Dispute involves allocating four categories of material administrative expenses: (a) fees and expenses incurred by professionals retained by the EFH/EFIH Debtors, (b) fees and expenses incurred by professionals retained by the official committee of unsecured creditors for the EFH/EFIH Debtors, (c) certain administrative expense claims asserted by NextEra Energy, Inc., and (d) the substantial contribution claim in favor of Elliott (collectively, the "Material Administrative Expense Claims").  The Former Directors and Officers served as directors, officers, and managers of EFH and/or EFIH at the time these expenses and claims arose, and thus have relevant knowledge and information regarding these issues that may assist in determining an appropriate allocation of the Material Administrative Expense Claims.  In fact, in many instances, the EFH/EFIH Allocation Dispute and the applicable discovery relates to, among other things, decisions made and analyses performed or reviewed by the Former Directors

---

[5]    The Motion also asserts that certain D&O policies purchased at the time of the Sempra merger transaction do not cover the Fees and Expenses.  Whether or not that is true, it is irrelevant.  The only question posed by the Motion is whether the PAB may use Trust assets to pay fees and expenses incurred by third-party witnesses.

[6]    Further, the "legally obligated to pay" language in Section 6.8(a) modifies the term "sums" and not "costs and expenses."  Any contrary interpretation would render the language in Section 6.8(a) regarding the indemnification and advancement of "costs and expenses (including reasonable and necessary attorneys' fees and experts' fees)" meaningless as such costs and expenses are necessarily incidental to a proceeding, claim, or litigation.  Regardless, the Fees and Expenses at issue here would be incurred in connection with the Former Directors' and Officers' legal obligation to comply with lawfully served discovery requests.  *See* Fed. R. Civ. P. 45.

and Officers with respect to the allocation and incurrence of the Material Administrative Expense Claims.

13.    *Second*, contrary to the PAB's contention, Section 6.8 does not limit Reorganized EFH/EFIH's indemnification obligation only to claims affirmatively "asserted against" the Former Directors and Officers.  Section 6.8(a) explicitly extends to "any" claim or proceeding "arising out of or related to such [Former Directors' or Officers'] service as a manager, director or officer" to EFH or EFIH.  This requirement is satisfied given the nature of the EFH/EFIH Allocation Dispute as discussed above.[7]

14.    The Fees and Expenses thus fall squarely within the indemnity provision of Section 6.8 of the Merger Agreement and, under the Plan, "shall be treated" in accordance with such provision.  This Court should reject the PAB's inexplicable effort to protect the Former Officers and Directors (of which he is one) at the expense of the beneficiaries of the Trusts by contorting Section 6.8 of the Merger Agreement and justifying his discretionary assumption of third party fees and expenses.  Such a consensual shifting of responsibility for such Fees and Expenses from Reorganized EFH/EFIH to the Trust is unwarranted and a breach of the PAB's

---

[7]    The Merger Agreement provides that "[t]he provisions of this Section 6.8 are intended to be for the benefit of, and shall be enforceable by, each of the Indemnified Parties."  Merger Agreement § 6.8(d). Yet, the Motion does not say whether any of the Former Directors and Officers have made any demand on Reorganized EFH/EFIH for reimbursement of any Fees and Expenses.  To the contrary, the PAB candidly admits that the Former Directors and Officers may not even agree with the PAB's interpretation of Section 6.8.  *See* Motion at 9 n.13.  It is thus inexplicable why the PAB is expending limited Trust resources—which the PAB is required to preserve for the benefit of Trust beneficiaries—to advance legal arguments on behalf of the Former Directors and Officers that they do not even support.

obligation to act solely for the benefit of its beneficiaries.[8]  *See* Bogert's Trusts and Trustees § 541;

*see also Paradee v. Paradee*, No. 4988-VCL, 2010 WL 3959604, *10 (Del. Ch. Oct. 5, 2010) (a

trustee is "under a duty to [the] trust beneficiary to administer trust property solely in the

interests of the beneficiary.") (quoting *Walls v. Peck*, No. 497, 1979 WL 26236, *4 (Del. Ch. Oct.

24, 1979)).[9]  Accordingly, the Motion should be denied.

**III.       THE RELIEF REQUESTED IN THE MOTION CANNOT BE GRANTED UNDER FEDERAL RULE 45**

15.       The PAB also seeks to invoke Rule 45 of the Federal Rules of Civil Procedure

(the "Federal Rules") to justify its proposed reimbursement of the Fees and Expenses.  Reliance

on Federal Rule 45 is also misplaced.

16.       As a general rule, "[t]here is a presumption that the responding party must bear

the expense of complying with discovery requests."  *Race Tires Am., Inc. v. Hoosier Racing Tire

Corp.*, 674 F.3d 158, 170–71 (3d Cir. 2012) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437

U.S. 340, 358 (1978)).  Thus, properly viewed, Federal Rule 45 is an exception to the rule that a

---

[8]     The former disinterested directors of EFH (the "Former EFH Directors") take no position as to Section 6.8 of the Merger Agreement and state that if the Motion is granted, they will assign to the PAB all rights and remedies against Reorganized EFH/EFIH under the Merger Agreement for reimbursement of the Fees and Expenses.  *See* D.I. 13279 at 3.  This is not a tenable solution for at least three reasons.  *First*, there is simply no justification for the PAB to assume and pay the Fees and Expenses when it has no authority or discretion to do so under the Plan and the Trust Agreement. *Second*, an assignment of rights would create unnecessary complexity and impose new legal burdens on the PAB.  Indeed, the PAB may be judicially estopped from pursuing Reorganized EFH/EFIH given the PAB's argument in the Motion that the Former Directors and Officers have no right to indemnification under Section 6.8.  *Third*, an assignment of rights will only cause the Trust to incur additional expenses and legal fees pursuing and litigating the indemnification and reimbursement right under Section 6.8 against Reorganized EFH/EFIH, which will diminish Trust assets to the detriment of the beneficiaries.  For, the same reasons, the Ad Hoc EFH Claimants' suggestion as to subrogation is also unacceptable.  *See* D.I. 13278.

[9]     Even if the PAB's reading of Section 6.8 of the Merger Agreement were correct and the fees and expenses of the Former Directors and Officers were not reimbursable by Reorganized EFH/EFIH, as set forth above, the PAB still does not have the obligation or discretion to use Trust assets except pursuant to the terms of the Trust Agreement.  As demonstrated in Section I, *supra*, the PAB's reimbursement of the Fees and Expenses is neither authorized nor proper under the Trust Agreement.

party served with discovery must bear its own costs. *See Wertheim Schroder & Co. Inc. v. Avon Prod., Inc.*, No. 91 CIV. 2287 (PKL), 1995 WL 6259, at \*6 (S.D.N.Y. Jan. 9, 1995) (noting that "a party is generally expected to bear its own costs of responding to discovery requests," but Federal Rule 45 provides an exception to protect non-parties from otherwise incurring "substantial expense").

17.     In that regard, Federal Rule 45(d)(1) provides, in pertinent part, that a party "issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).  Federal Rule 45(d)(2) provides that following a "written objection" to the discovery by the "person commanded to produce documents" and upon motion for an order compelling production by the "serving party," the court may order cost-shifting to protect the non-party from "significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2).

18.     Under the terms of Federal Rule 45, the PAB has no right or authority to seek relief under Federal Rule 45.  The PAB has not issued or served any subpoena and is not the person commanded to produce documents.  Accordingly, the PAB does not have statutory standing to seek authorization to pay fees and expenses incurred by a third party for discovery served by a party participating in the proceedings.

19.     Moreover, any non-party entitled to relief under Federal Rule 45 must first comply with certain procedures before the issue of reimbursement or cost-shifting is even ripe for the Court's consideration.  In particular, the non-party to whom the discovery is directed must first serve a written objection to the discovery on the grounds that it imposes an undue burden or expense. *See* Fed. R. Civ. P. 45(d) (a non-party "may serve on the party or attorney designated in the subpoena a written objection" to the requested discovery if such discovery

imposes an "undue burden or expense" on the non-party).  Upon receipt of such an objection, the

party seeking discovery may then move the court to compel compliance and, if the court grants

the relief, "the order must protect a person who is neither a party nor a party's officer from

*significant* expense resulting from compliance."  Fed. R. Civ. P. 45(d)(ii)(B) (emphasis added);

*see also McCabe v. Ernst & Young, LLP*, 221 F.R.D. 423 (D.N.J. 2004) (finding that cost-

shifting could not be ordered because non-party witness "did not object to the subpoenas" and,

thus, "failed to follow the procedure set forth in Rule 45(c)(2)(B)"); *Swasey v. W. Valley City*,

No. 13-00768, 2016 WL 6090843, *6 (D. Utah Oct. 18, 2016) (affirming denial of request for

costs because "the cost-shifting provisions of Rule 45 were not yet applicable because the court

has yet to compel her production with the subpoena.").  None of this has happened.

20.    Moreover, under Federal Rule 45 and attendant case law, the non-party witness

seeking to quash or limit discovery would be required to satisfy an evidentiary burden to prove

that the requested discovery is unduly burdensome and will cause the non-party witness to incur

"significant expense."  *See E.E.O.C. v. Kronos Inc.*, 694 F.3d 351, 372 (3d Cir. 2012) (before

any cost-shifting can occur, there must be "at least some evidence to support a party's assertion

about what the actual costs of compliance will be"); *Standard Chlorine of Delaware, Inc. v.

Sinibaldi*, 821 F. Supp. 232, 264–65 (D. Del. 1992) (conditioning motion to compel on

requesting party providing "reasonable reimbursement for the bank's production and copying

costs" where evidence showed that the document request "was very burdensome and onerous");

*see also Bell Inc. v. GE Lighting, LLC*, 14-00012, 2014 WL 1630754, *11 (W.D. Va. Apr. 23,

2014) (in determining whether cost-shifting is appropriate under Federal Rule 45, court should

analyze "whether the subpoena "imposes an undue burden, and whether it imposes significant

compliance expense on" the non-party).  The PAB has not, and cannot, carry the Former

Directors' and Officers' burden on these matters for three reasons.  In fact, no effort has or could be made at this time to carry these evidentiary burdens.

21.    *First*, none of the Former Directors and Officers have even objected to any of the discovery sought in the EFH/EFH Allocation Dispute, which is a necessary prerequisite under Federal Rule 45.  Moreover, it is not discovery from the PAB that is at issue, so there is no basis to shift the Fees and Expenses to the PAB.  These facts alone justify denying the relief sought in the Motion based on Federal Rule 45.

22.    *Second*, there is no record establishing that the discovery sought from the Former Directors and Officers by any parties to the EFH/EFIH Allocation Dispute is unduly burdensome and would force the Former Directors and Officers to incur "significant expense."[10]  Indeed, because those fees and expenses must be reimbursed by Reorganized EFH/EFIH, this burden can never be carried.  Accordingly, on this basis as well, the relief requested in the Motion cannot be granted pursuant to Federal Rule 45.

23.    *Third*, even assuming that the Former Directors and Officers were not indemnified by Reorganized EFH/EFIH and the costs and fees were significant, cost-shifting is not automatic under Federal Rule 45.  Indeed, cost-shifting has been denied where, as here, the non-party witnesses played an important role in the underlying transactions to which the discovery relates.  *See Wertheim Schroder & Co. Inc. v. Avon Prod., Inc.*, No. 91 CIV. 2287 (PKL), 1995 WL 6259, at *7 (S.D.N.Y. Jan. 9, 1995) (denying cost-shifting and requiring non-party to bear the costs of responding to discovery where the non-party "was not a mere bystander

---

[10]    Even if this Court were to find that the PAB had discretion to pay fees and expenses incurred by the Former Directors and Officers as third-party witnesses, the Court should not approve or authorize the payment of any such fees and expenses until they are actually incurred and a determination is made as to whether they are reasonable and compensable under Federal Rule 45.  *See*, *e.g.*, *In re Subpoena of Am. Nurses Ass'n*, 643 F. App'x 310, 314–15 (4th Cir. 2016) (non-party witness must prove that the costs and expenses for which reimbursement is sought were actually necessary to the non-party's compliance with the discovery order).

to the transactions at issue" and "could reasonably anticipate continuing involvement, whether as a litigant or as a nonparty."); *Sound Sec., Inc. v. Sonitrol Corp.*, No. 08-05350, 2009 WL 1835653, *3 (W.D. Wash. June 26, 2009) (requiring non-party witness to bear discovery costs where non-party was involved in the underlying transactions and, thus, not a pure non-party witness; *GE Lighting*, 2014 WL 1630754, *15–16 (ordering non-party witness to bear all costs spent reviewing documents for relevance, privilege, and protected material).

24.     Accordingly, Federal Rule 45 provides no basis for the PAB to use Trust assets to reimburse any Fees and Expenses of the Former Directors and Officers.

## IV.     REIMBURSEMENT OF THE FEES AND EXPENSES IS NOT AUTHORIZED UNDER 11 U.S.C. § 105(a)

25.     Finally, this Court should also reject the PAB's argument that reimbursement of the Fees and Expenses should be authorized under section 105(a) of the Bankruptcy Code. Section 105(a) only authorizes a bankruptcy court to issue an order that is "necessary or appropriate to carry out the provisions of" the Bankruptcy Code.  11 U.S.C. § 105(a).  Section 105(a) is not an independent source of power to take an action that is otherwise not permitted by the Bankruptcy Code or other applicable law.  *See Law v. Siegel*, 571 U.S. 415, 421 (2014) (equitable powers under section 105(a) "must and can only be exercise within the confines of the Bankruptcy Code."); *In re Combustion Engineering*, 391 F.3d 190 (3d Cir. 2004) ("The general grant of equitable power contained in § 105(a) cannot trump specific provisions of the Bankruptcy Code, and must be exercised within the parameters of the Code itself."); *Resorts Int'l v. Lowenschuss (In re Lowenschuss)*, 67 F.3d 1394, 1402 (9th Cir. 1995) ("Section 105 does not authorize relief inconsistent with more specific law").

26.     Here, the PAB does not identify any provision of the Bankruptcy Code that allows it to reimburse the Former Directors and Officers for any Fees and Expenses.  It purports to carry

out an interpretation of the Trust Agreement, not a provision of the Bankruptcy Code, so section 105(a) is not applicable.  Moreover, as demonstrated above, the Plan and the Trust Agreement—which is part of the Plan (*see* Plan, Art. I.A.294)—preclude payment of the Fees and Expenses, and the Plan is binding on and enforceable against the PAB under section 1141 of the Bankruptcy Code.  *See* 11 U.S.C. § 1141(a) ("the provisions of a confirmed plan bind the debtor . . . [and] any entity acquiring property under the plan.").  Thus, reimbursement would be contrary to the Bankruptcy Code and those provisions precluding a modification of the Plan after voting and the effective date.

27.    Accordingly, the PAB's reliance on section 105 of the Bankruptcy Code is also misplaced, and its request to use Trust assets to reimburse the Fees and Expenses of the Former Directors and Officers must be denied.

[*Text Continues on the Next Page*]

## CONCLUSION

For the foregoing reasons, the Court should enter an order denying the Motion and ordering such other and further relief as is just and proper.

Wilmington, Delaware
Date: July 12, 2018

**BAYARD, P.A.**

*/s/ Erin R. Fay*
Scott D. Cousins (No. 3079)
Erin R. Fay (No. 5268)
Evan T. Miller (No. 5364)
600 N. King Street, Suite 400
Wilmington, DE 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
scousins@bayardlaw.com
efay@bayardlaw.com
emiller@bayardlaw.com

–and–

**ROPES & GRAY LLP**
Gregg M. Galardi
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile:  (212) 596-9090
Gregg.Galardi@ropesgray.com

*Counsel for Elliott and UMB Bank, N.A., as Trustee*