# Exhibit A

## Elliott Letter

RLF1 19649942v.1



ELLIOTT MANAGEMENT CORPORATION
40 West 57th Street, New York, NY 10019
tel: +1 212 974 6000

July 10, 2018

**VIA EMAIL**

Anthony Horton
Member, EFH Plan Administrator Board
1601 Bryan Street
Dallas, TX 75201
Email: anthony.horton@energyfutureholdings.com

      Re:    *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (CSS) (Bankr. D. Del.)

Dear Tony:

      Reference is made to the EFH Plan Administration Trust Agreement, dated as of March 9, 2018 (the "Trust Agreement"), by and between the EFH/EFIH Debtors and the EFH Plan Administrator Board (the "PAB"), in its capacity as trustee of the EFH Plan Administration Trust. Capitalized terms used but not defined herein have the meanings set forth in the Trust Agreement.

      On July 6, 2018, the PAB filed a motion (the "Reimbursement Motion") with the bankruptcy court seeking authorization to use Trust Assets to pay fees and expenses incurred by former EFH and/or EFIH directors and officers (collectively, the "Former Directors") in connection with the pending dispute over the allocation of various administrative expenses between EFH and EFIH (the "Allocation Dispute").

      As our counsel informed your counsel well before the filing of the Reimbursement Motion, the governing documents for the PAB provide it no legal authority to use Trust Assets to pay fees and expenses incurred by the Former Directors. The Trust Agreement provides that the PAB may use Trust Assets solely to pay (i) reasonable administrative expenses of the Trust incurred subject to and in accordance with the Trust Agreement, (ii) obligations and liabilities assumed by the Trust under the Plan, Confirmation Order, or Trust Agreement, and (iii) other obligations to the extent expressly set forth in the Plan and Confirmation Order. Trust Agreement § 4.1. Any costs and expenses incurred by Former Directors in connection with the Allocation Dispute are not administrative expenses of the Trust, because the Former Directors are merely third-party witnesses in the Allocation Dispute. The Trust Agreement does not provide any authority for the PAB to pay fees and expenses of third-party witnesses, or to pay fees and expenses to its own counsel in order to seek reimbursement for those third parties.

      Further, the Former Directors' fees and expenses have not been assumed by the Trust under the Plan, Confirmation Order, or Trust Agreement, and are not obligations authorized to be paid by the PAB thereunder. To the contrary, Article V.E of the Plan makes clear that all such

fees and expenses incurred by the Former Directors are to be treated in accordance with Section 6.8 of the Merger Agreement among the EFH/EFIH Debtors and Sempra Energy ("Sempra"). *See* Plan, Art. V.E ("Notwithstanding anything in the Plan to the contrary, from and after the EFH Effective Date, each Indemnification Obligation of any EFH Debtor or EFIH Debtor shall be treated in accordance with Section 6.8 of the Merger Agreement."). Section 6.8 of the Merger Agreement, in turn, provides that Reorganized EFH—which is the "Surviving Company" in the merger and is now owned and controlled by Sempra—will indemnify, hold harmless, and advance expenses to each Former Director for all costs and expenses arising out of, among other things, any claim or proceeding relating to such Former Director's service as an officer, director, or manager of any EFH/EFIH Debtor. Merger Agreement § 6.8.[1]

Notwithstanding that the plain language of the Trust's governing documents does not authorize the PAB to pay any expenses incurred by third parties in connection with the Allocation Dispute, you nonetheless authorized your counsel to waste Trust assets that would otherwise be distributed to creditors of EFH and EFIH by preparing and filing the Reimbursement Motion – a clear abuse of your position, and in total disregard of your fiduciary obligations. What is especially concerning about your actions is that none of the creditor parties to the Allocation Dispute have indicated that they support these actions. Counsel for Elliott and the EFIH Indenture Trustee advised your counsel well before the filing of the Reimbursement Motion of their interpretation of the PAB's governing documents, and further stated that if the PAB had a different view, to please so advise so the parties could discuss further. Counsel for the EFH Trustee and counsel for the Ad Hoc Committee of EFH Creditors did not express any disagreement with Elliott's interpretation of the PAB's governing documents, nor did they indicate that they supported the PAB seeking authorization to pay the Former Directors' fees and expenses. But rather than engage further with counsel for the creditor parties on this issue, your counsel instead proceeded to prepare and file the Reimbursement Motion.

Elliott accordingly demands that you direct your counsel to immediately withdraw the Reimbursement Motion and confirm in writing that (i) no further action will be taken by the PAB or its advisors in connection with the proposed payment to or reimbursement of any Former Director for fees and expenses incurred in connection with the Allocation Dispute, and (ii) no portion of the Trust Assets will be used to (a) pay or reimburse any such fees or expenses of the any Former Director or (b) pay any costs and expenses, including legal fees, incurred by the PAB in furtherance of such payment or reimbursement, including in connection with the preparation and prosecution of the Reimbursement Motion. Absent prompt action, Elliott reserves all rights and remedies under the Trust Agreement, applicable law, or otherwise, including without limitation for removal of you as trustee based on, among other things, your failure to preserve Trust Assets and to administer the Trust for the benefit of the Trust's beneficiaries.

---

[1] Although your Reimbursement Motion asserts that the Former Directors do not have a right to indemnification from the Surviving Company under Section 6.8 of the Merger Agreement, your counsel candidly admit that the Former Directors disagree with your assertion and believe they do have such an indemnification right. It is difficult to understand why you, in your capacity as Trustee, have permitted the PAB's counsel to incur legal fees at the expense of the Trust by advancing legal arguments on behalf of third parties that even those third parties do not support. At a minimum, this reflects bad judgment on your part.

Sincerely,

**ELLIOTT ASSOCIATES, L.P., ELLIOTT INTERNATIONAL, L.P., AND THE LIVERPOOL LIMITED PARTNERSHIP**

By:  Elliott Management Corporation

  By: */s/ Jeffrey Rosenbaum*
  Name:  Jeffrey Rosenbaum