# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) | |
| ) | Chapter 11 |
| ENERGY FUTURE ) | |
| HOLDINGS CORP., *et al.*, ) | Case No. 14-10979 (CSS) |
| ) | |
| *Debtors*.[1] ) | (Jointly Administered) |

## NOTICE OF SERVICE

PLEASE TAKE NOTICE that the subpoenas attached as Exhibit A were served on July 16, 2018 via electronic mail upon parties listed on the attached Exhibit B by consent of counsel:

- *Subpoena to Testify at a Deposition in a Bankruptcy Case (or Adversary Proceeding)*

- *Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case (or Adversary Proceeding)*

Dated: July 17, 2018
Wilmington, Delaware

BAYARD, P.A.
*/s/ Erin R. Fay*
Scott D. Cousins (No. 3079)
Erin R. Fay (No. 5268)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
Phone: (302) 655-5000
Facsimile: (302) 658-6395
Email: scousins@bayardlaw.com
         efay@bayardlaw.com
-and-
ROPES & GRAY LLP
Gregg M. Galardi
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
Email:  Gregg.Galardi@ropesgray.com

*Counsel to Elliott Associates, L.P.,
Elliott International, L.P. and The Liverpool
Limited Partnership*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the Debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.efhcaseinfo.com.
{BAY:03322438v1}

# **<u>Exhibit A</u>**

{BAY:03322438v1}

# UNITED STATES BANKRUPTCY COURT

_____ for the _____ District of _____ Delaware _____

In re __Energy Future Holdings Corp., *et al.*__
            Debtor

*(Complete if issued in an adversary proceeding)*

Case No. __14-10979 (CSS)__

Chapter ___11___

_____
           Plaintiff
           v.

Adv. Proc. No. _____

_____
           Defendant

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Anthony R. Horton_____
        *(Name of person to whom the subpoena is directed)*

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Bayard, P.A., 600 N. King Street, Suite 400, Wilmington, DE 19801 | July 19, 2018 at 3:00 p.m. ET |

The deposition will be recorded by this method:

[X] *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please produce prior to your deposition all documents responsive to the attached Schedule A.

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __7/16/18__
        CLERK OF COURT

                                OR

_____        _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Elliott and __UMB Bank, N.A., as Trustee__, who issues or requests this subpoena, are: Erin Fay, Bayard, P.A. 600 N. King Street, Suite 400, Wilmington, DE 19801, Tel. (302) 655-5000, efay@bayardlaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                               _____
                                                     *Server's signature*

                                               _____
                                                  *Printed name and title*

                                               _____
                                                   *Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# **SCHEDULE A (HORTON)**

## **DEFINITIONS**

The following definitions form an integral part of the Requests:

A.  "Allocation Dispute" means the pending dispute before the Court relating to the Allocation Motion [D.I. 13102] that is governed by the *Order Scheduling Certain Dates and Deadlines and Establishing Certain Protocols in Connection with the Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott to Fix Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors*, dated June 11, 2018 [D.I. 13193].

B.  "Allocation Motion" means the *Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott to Fix Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors*, dated May 13, 2018 [D.I. 13102].

C.  "Concerning," whether capitalized or not, means relating to, referring to, describing, evidencing, reflecting, regarding, constituting, discussing, mentioning, noting, memorializing, analyzing, commenting upon, evaluating, having any connection with, or having a tendency to prove or disprove.

D.  "Court" means the United States Bankruptcy Court for the District of Delaware.

E.  "Document," whether capitalized or not, is defined to be synonymous in meaning and equal in scope to the use of this term in Federal Rule of Civil Procedure 34(a), and shall include therefore, without limitation, any recording of information in whatever form, including but not limited to memoranda, correspondence, e-mails, personal notes, spreadsheets, databases, work papers, telephone logs, text messages, calendars, plan books, diaries, journals and daily records of activity, drawings, graphs, charts, maps, photographs, video and/or audio recordings and other data compilations from which information can be obtained or translated (with or without the use of

detection devices), including electronic files, records, and archives. For purposes of these Requests, a document which is a copy of another document is intended to be separately requested if the copy differs in any way by virtue of any changes, additions, redactions, annotations, or recipients.

F.     "Elliott" means Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership.

G.     "Former Directors and Officers" shall have the same meaning as "Former Directors and Officers" in the PAB Reimbursement Motion.

H.     "PAB Reimbursement Motion" means the *Motion of EFH Plan Administrator Board for Reauthorization to Reimburse Third-Party Discovery Fees and Expenses of Former Directors, Officers, and Manager Incurred in Connection with the EFH/EFIH Allocation Dispute*, dated July 6, 2018 [D.I. 13262].

I.     "Person" or "persons," whether capitalized or not, means any natural person or legal entity, including, without limitation, any business or governmental entity or association.

J.     "Plan Confirmation Order" means the *Order Confirming the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LCL, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code*, dated February 27, 2018 [D.I. 12763].

K.     "Reorganized EFH/EFIH" shall have the same meaning as "Reorganized EFH/EFIH" in the PAB Reimbursement Motion.

L.     A "representative" of a person or an entity means any officer, director, partner, agent, employee, or attorney of such person or entity.

M.  "Sempra" shall have the same meaning as "Sempra" in the PAB Reimbursement Motion.

N.  "Trust" shall have the same meaning as "EFH Plan Administration Trust" in the Plan Confirmation Order.

O.  "UMB" means UMB Bank, N.A., in its capacity as Indenture Trustee for the unsecured 11.25%/12.25% senior toggle notes due 2018.

P.  "You," "Your," and "Yours," whether capitalized or not, mean the person responding to these Requests and any of its, his, or her respective agents, assigns, representatives, attorneys, advisors and other persons acting or purporting to act for or on its, his, or her behalf.

Q.  Capitalized terms defined in the PAB Reimbursement Motion and used but not otherwise defined herein shall have the meaning ascribed in the PAB Reimbursement Motion.

**INSTRUCTIONS**

The following instructions apply to these Requests:

A.  Documents to be produced include, without limitation, any responsive Document that was or is prepared, kept, or maintained for the personal use, in the personal files, or as the personal property of any representative of the persons responding hereto.

B.  A Request for any Document shall be deemed to include a request for all actual, proposed, or contemplated envelopes, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document, in addition to the Document itself.

C.  A Request for any Document shall be deemed to include a request for all actual, proposed, or contemplated drafts or mark-ups thereof; revisions, modifications, or amendments thereto; and non-identical copies thereof, in addition to the Document itself.

D.   The fact that a Document is produced by another party or non-party does not relieve you of the obligation to produce its copy of the same Document, even if the two Documents are identical.

E.   All information is to be produced with a Bates number on each page, regardless of the form of production.

F.   **Electronic Documents (other than databases)**.  You shall produce responsive Documents and Communications, other than databases, in single-page TIFF image format with the exception of spreadsheets, including Microsoft Excel spreadsheets, and audio or video files, which shall be produced in native format with load files in .DAT format.  TIFF images shall be produced in a manner that preserves the Document's original format.  Elliott and UMB reserve the right to request the original native file for any Document that cannot be converted to TIFF image.  Additionally, you shall deliver extracted text on a document level, representing the textual content of the electronic Document.  In addition to single-page TIFF images and document-level text files, you shall provide load files in .OPT format linking the TIFF images with their associated text file such that the document productions shall be loadable into document management software such as Relativity, or other similar programs.

G.   **Databases**.  You shall produce responsive databases as databases, or in a format that may be loaded into a database.  Specifically, for responsive databases, you shall provide all tables, table schemas, relationships, and data contained therein in a manner that would enable the recreation of said structures and data in Elliott's and/or UMB's own environment.  As you identify databases or portions of databases that are discoverable, you shall inform Elliott and UMB that such a database has been identified before any conversion of the database is prepared so that the parties can meet and confer to discuss production details.

H.  **Hardcopy Documents**.  You shall produce responsive hardcopy Documents in single-page TIFF image format.  Additionally, OCR text shall be delivered on a document level, representing the textual content of hardcopy Documents.  In addition to the single-page TIFF images and document-level text files, you shall provide load files linking the TIFFs with their associated text file such that the document productions shall be loadable into document management software such as Relativity, or other similar programs.

I.  **Video and Audio Recordings and Analogous Media**.  You shall produce such responsive media in a duplicate copy.

J.  All electronic Documents and Communications shall include the metadata described in Exhibit A, inclusive of Date Created and Date Modified for all Documents and Communications.

K.  If any Document or Communication, or any portion of a Document or Communication, is withheld under a claim of privilege or otherwise claimed to be protected against production, for each such Document or Communication state the following in a manner sufficient to allow the Court to rule upon the applicability of the claimed protection:

   a. The nature of the privilege(s) or other protection claimed;

   b. The legal and factual basis for the privilege(s) or other protection claimed;

   c. The type of Document (e.g., letter, memorandum, handwritten notes);

   d. A description of the subject matter of the Document;

   e. The date of the Document; and

   f. The name of the author(s), addressee(s), and all recipients of the Document and, where not apparent, the relationship of the author(s), addressee(s), and recipients to each other.

A log containing such information concerning any withheld Documents or Communications shall be produced to Elliott and UMB no later than July 19, 2018 at 3:00 p.m. ET or a date otherwise agreed upon by the parties, at the office of Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036-8704.

    L.    The following rules of construction apply to all Requests:

        1.    <u>All/Any/Each</u>:  The terms "all," "any," and "each" shall each be construed as encompassing any and all.

        2.    <u>And/Or</u>:  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

        3.    <u>Number</u>:  The use of the singular form of any word includes the plural and vice versa.

        4.    <u>Gender</u>: The use of one gender shall include the other.

    M.    If you claim not to understand all or part of any Request, definition, or instruction, please advise Elliott's and UMB's counsel immediately so that any lack of understanding may promptly be corrected.

    N.    If You are aware of Documents responsive to any Request, which are not available to You or subject to Your reasonable access or control, identify to Elliott's and UMB's counsel any information You may have regarding the location and possessor of such documents.  If the addresses and telephone numbers of an individual or source identified in such response is available, please provide that contact information.

    O.    Documents in the control, custody, and possession of the Your agents, assigns, representatives, attorneys, advisors and other persons acting or purporting to act for or on Your

behalf shall be deemed in Your custody, control, and possession, and should be produced in response to these Requests.

P.     The Requests shall be deemed continuing and the responding party and any present or former affiliate or representative of the party responding hereto are required to supplement their production of documents as required by Rule 26(e) of the Federal Rules of Civil Procedure.

Q.     Elliott and UMB reserve the right to amend, supplement, and/or modify these Requests.

R.     Unless expressly indicated otherwise, the time period of these Requests shall include all documents created, sent, received, dated, modified, or existing from June 1, 2018 to the present.

## DOCUMENT REQUESTS

**REQUEST NO. 1**

All analyses of the expected fees and costs to be incurred by the Former Directors and Officers in connection with the Allocation Dispute.

**REQUEST NO. 2**

All analyses of the expected fees and costs to be incurred by the PAB in connection with any litigation concerning any request by the Former Directors and Officers to Reorganized EFH/EFIH for reimbursement, indemnification, or advancement of fees and costs incurred in connection with the Allocation Dispute.

**REQUEST NO. 3**

Documents sufficient to identify all Communications with Reorganized EFH/EFIH, Sempra, the Former Directors and Officers, any beneficiary of the Trust, or counsel for any of the foregoing concerning (i) any expected fees and costs to be incurred by the Former Directors and Officers in connection with the Allocation Dispute, or (ii) any request by the Former Directors and Officers

to Reorganized EFH/EFIH for reimbursement, indemnification, or advancement of fees and costs incurred in connection with the Allocation Dispute.

**REQUEST NO. 4**

Documents sufficient to show the total fees and costs incurred by the PAB and its counsel to date in connection with the PAB Reimbursement Motion, including without limitation any related briefing and argument.

Wilmington, Delaware
Date: July 16, 2018

                                    **BAYARD, P.A.**

                                    */s/ Erin R. Fay*_____
Scott D. Cousins (No. 3079)
Erin R. Fay (No. 5268)
Evan T. Miller (No. 5364)
600 N. King Street, Suite 400
Wilmington, DE 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
scousins@bayardlaw.com
efay@bayardlaw.com
emiller@bayardlaw.com

   –and–

**ROPES & GRAY LLP**
Gregg M. Galardi
Matthew L. McGinnis (*pro hac vice*)
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile:  (212) 596-9090
Gregg.Galardi@ropesgray.com
Matthew.McGinnis@ropesgray.com

*Counsel for Elliott and UMB Bank, N.A., as Trustee*

## EXHIBIT A

| Field Name | Description |
|---|---|
| BATES BEGIN | Beginning Bates number |
| BATES END | Ending Bates number |
| BEGATTACH | Beginning Bates number of the first document in an attachment range |
| ENDATTACH | Ending Bates number of the last document in an attachment range |
| CUSTODIAN | Name of the Custodian the file was sourced from |
| TO | To field extracted from an email message |
| FROM | From field extracted from an email message |
| CC | CC field extracted from an email message |
| BCC | BCC field extracted from an email message |
| SUBJECT | Subject line extracted from an email message |
| DATE SENT | Sent date of an email message |
| TIME SENT | Sent time of an email message |
| FILE EXTENSION | The file type extension representing the email or non-email file document |
| FILE NAME | The name of the original file including extension |
| AUTHOR | Author field extracted from the metadata of a non-email document |
| DATE CREATED | Date that a file was created |
| TIME CREATED | Time that a file was created |
| DATE MOD | Date that a file was last modified |
| TIME MOD | Time that a file was last modified |
| PRINTED DATE | Date that a file was last printed |
| INTMSGID | Message ID assigned to an email message by the outgoing mail server |
| MD5HASH | MD5 hash value for the document |
| EXTRACTED TEXT | Path to document level extracted text |
| NATIVE LINK | Path to native files |

B255 (Form 255 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

for the _____ District of _____Delaware_____

In re __Energy Future Holdings Corp., *et al.*__
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. ____14-10979 (CSS)____

Chapter ____11____

Adv. Proc. No. _____

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Anthony R. Horton__
*(Name of person to whom the subpoena is directed)*

☒ **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case (or adversary proceeding). When you arrive, you must remain at the court until the judge or a court official allows you to leave.

| PLACE United States Bankruptcy Court for the District of Delaware 824 N Market Street, 6th Floor, Wilmington, DE 19801 | COURTROOM  6 |
|---|---|
| | DATE AND TIME July 20, 2018 at 1:00 p.m. ET |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

_____

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __7/16/18__

CLERK OF COURT

_____     OR     _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Elliott and __UMB Bank, N.A., as Trustee__, who issues or requests this subpoena, are:  Erin Fay, Bayard, P.A. 600 N. King Street, Suite 400, Wilmington, DE 19801, Tel. (302) 655-5000, efay@bayardlaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B255 (Form 255 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

     I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                                 _____
*Server's signature*

                                                                 _____
*Printed name and title*

                                                                 _____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Exhibit B

Kirkland & Ellis LLP
McClain Thompson, Esq.
Aparna Yenamandra, Esq.
601 Lexington Avenue
New York, New York 10022-4611
Email: mcclain.thompson@kirkland.com
       aparna.yenamandra@kirkland.com

Kirkland & Ellis LLP
Mark McKane P.C.
555 California Street
San Francisco, California 94104
Email: mmckane@kirkland.com

Kirkland & Ellis LLP
Bryan M. Stephany, Esq.
655 Fifteenth Street, N.W
Washington, D.C. 20005-5793
Email: bstephany@kirkland.com