# Exhibit A

**Revised Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## ORDER AUTHORIZING THE EFH PLAN ADMINISTRATOR BOARD TO REIMBURSE THE FEES AND EXPENSES OF FORMER DIRECTORS AND OFFICERS SOLELY IN CONNECTION WITH THE EFH/EFIH ALLOCATION DISPUTE

Upon the motion (the "Motion")[1] of the EFH Plan Administrator Board for entry of an order (this "Order") authorizing payment from the EFH Plan Administration Trust for the Former Directors' and Officers' Fees and Expenses incurred in connection with the contested *Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott to Fix Appropriate Allocation of Certain Reserves and Expenses as Between The EFH and EFIH Debtors* [D.I. 13102] (the "Allocation Dispute"), effective *nunc pro tunc* to June 11, 2018, to be allocated in accordance with the Fees and Expenses Allocation (as described in the Motion); and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that notice of the Motion was adequate and appropriate under the particular circumstances and under Local Bankruptcy Rule 9006-1(c); and the Court having held a hearing on July 16, 2018, and as continued on July 20, 2018, to consider the relief requested in the Motion (the

---

[1] Capitalized terms used, but not otherwise defined, herein shall have the same meanings set forth in the Motion.

"Hearing"); and upon consideration of the record of the Hearing, and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED**:

1. Notice of the Motion as provided therein shall be deemed good and sufficient and the applicable requirements of the Bankruptcy Rules and the Local Bankruptcy Rules are satisfied by such notice.

2. The EFH Plan Administration Trust Agreement unambiguously grants the EFH Plan Administrator the discretion to pay reasonable documented fees and expenses, which may include fees and expenses incurred by the Former Disinterested Directors and Managers of EFH in connection with the Allocation Dispute or in connection with the Motion; *provided, however*, that the EFH Plan Administrator Board, may pay such fees and expenses only on terms consistent with the EFH Plan Administration Trust Agreement, subject to paragraph 3 below, and in an aggregate amount up to $1,500,000.00 in aggregate Fees and Expenses incurred in connection with the EFH/EFIH Allocation Dispute (such amount, the "Fees and Expenses Cap"), effective *nunc pro tunc* to June 11, 2018; *provided further*, *however*, that with the consent of the Parties (as defined in D.I. 13193) or upon further order of the Court, the Fees and Expenses Cap may be increased. The allocation of any Fees and Expenses actually paid by the Plan Administrator Board shall be as follows: (x) 100% from the EFH Cash Account for any Fees and Expenses incurred by the Former Disinterested Directors and Managers of EFH; (y) 100% from

the Cash in the EFH/EFIH Cash Distribution Account available to satisfy Allowed Claims against the EFIH Debtors (as set forth in subclause (d) of the definition of EFH/EFIH Cash Distribution Account in the Plan) for any Fees and Expenses incurred by the Former Disinterested Manager of EFIH; and (z) 50%/50% from each of the foregoing accounts for any Fees and Expenses incurred by any other Former Directors and Officers of EFH and EFIH (excluding the Former Disinterested Directors and Managers).

3. As a condition precedent to the EFH Plan Administrator Board's payment of any Fees and Expenses, the Former Directors and Officers shall reasonably cooperate in the Allocation Dispute discovery process, which shall include without limitation making all reasonable and good-faith efforts to: (a) participate in the EFH/EFIH Allocation Dispute discovery process as reasonably requested by the Parties in the Allocation Dispute, including the depositions of Former Directors and Officers, subpoenas for which were issued on July 16; (b) comply with all reasonable requests related to the EFH/EFIH Allocation Dispute discovery process; and (c) comply with the Allocation Scheduling Order; *provided, however*, that nothing in this Order shall impair any of the Former Directors' or Former Officers' rights to assert objections to any aspect of the EFH/EFIH Allocation Dispute discovery process or for any of the Parties to contend that the cost and fees for making any such objection were unreasonable.

4. After a Former Director's and Officer's cooperation as described in paragraph 3 above and upon the EFH Plan Administration Board's receipt of documentation for any Fees and Expenses incurred by the Former Director or Officer and otherwise on terms consistent with the EFH Plan Administration Trust Agreement, the EFH Plan Administrator Board shall be authorized to make disbursements to the Former Director or Officer and its counsel in an amount that together with the reimbursement of the other Former Directors and Officers costs and

expenses does not in the aggregate exceed the Fees and Expenses Cap. Nothing in this Order shall impair or prejudice in any way any right that a Former Director or Officer may have to recover Fees and Expenses from any other source, including, under Fed. R. Civ. P. 45, from the parties seeking Discovery, from any entity that has indemnified the Former Directors and Officers for any such Fees and Expenses, or from any insurer.

5. The Fees and Expenses incurred by Kirkland & Ellis LLP and/or Richards, Layton & Finger, P.A. in conjunction with the filing and prosecution of the Motion (including any related hearings, proceedings, or filings) shall not be included in calculating the Fees and Expenses Cap. Notwithstanding the foregoing, to the extent that Kirkland & Ellis LLP or Richards, Layton & Finger, P.A. represent any Former Disinterested Director or Manager in the Allocation Dispute (other than in representing that person as a member of the Plan Administrator Board), that firm shall separately invoice the Plan Administrator Board for the services rendered to such Former Disinterested Director or Manager and payment of any such invoices will reduce the Fees and Costs Cap.

6. The portion of the Fees and Expenses incurred by law firms representing the Former Directors and Officers in connection with the EFH/EFIH Allocation Dispute shall be paid directly to such law firms from the funds of the EFH Plan Administration Trust in accordance with paragraphs 2 and 3 above; *provided, however*, that if following such payment any Former Director and Officer or their counsel receives payment on account of the Fees and Expenses from a source other than the funds of the EFH Plan Administration Trust, an equal corresponding amount of funds shall be repaid by the Former Director or Officer or counsel, as appropriate, to the EFH Plan Administration Trust as soon as reasonably practicable but in no event any later than 20 days after receipt of such funds from the other source.

7.   Any Fees and Expenses paid pursuant to this Order shall be subject to disgorgement to the EFH Plan Administration Trust in the event such Fees or Expenses are determined to be unreasonable or if this Order is reversed or vacated on appeal.

8.   The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

9.   The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.   All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

11.   For the avoidance of doubt, unless already existing independently of the Motion and this Order, neither any provision of this Order nor the participation or activity by any attorney in seeking any aspect of the Motion or this Order shall be deemed or construed to create an attorney-client relationship between Kirkland & Ellis LLP and/or Richards, Layton & Finger, P.A., on the one hand, and the Former Directors and Officers, on the other hand.

Dated: _____, 2018
      Wilmington, Delaware

THE HON. CHRISTOPHER S. SONTCHI
CHIEF UNITED STATES BANKRUPTCY JUDGE