IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

Case No: 14-10979

RE: ENERGY FUTURE HOLDINGS, CORP THE DEBTORS

**MOTION DENIED**
Hon. Christopher S. Sontchi

V

KENNETH R. STEWART EQUITY HOLDER

ATTN: THE HONORABLE CHRISTOPHER S. SONTCHI

### OBJECTION Ref. Docket No. 11990, 12795, 12797

I KENNETH S. STEWART A/K/A KENNETH R. STEWART FILES THIS ITEMIZED DOCUMENTATION OF STATEMENT OF FACTS THAT HAS PREVIOUSLY BEEN SUBMITTED TO EPIQ SYSTEMS AND ENERGY FUTURE HOLDINGS

1. Article 974a, Vernon's Texas Civil Statutes, shall perform duties imposed upon the commissioner's Court, To recordings of all freehold estate Article 6626. reference constructive and actual notice 6627 Business commercial code
2. Improper notice, first it was sent to my old apartment on Betty Lane in Grand Prairie, Texas 75050.
3. Second the PO Box in Irving, Texas 75061 which I stated early in the court proceedings that my mail has been compromised. By the postal inspector David Knowles his brother works for Shackleford and McKinley which is part of Haynes and Boone.
4. I state for the record I have no attorney I am pro se. I ask the courts to appoint me council. Furthermore, all communication goes to me and only me. It seems to me we have to come up with a method. To make sure that I will receive my mail. The only way I see it. Is to send it to the federal building in Dallas County Federal Building. I will personal pick up my mail from the clerk.
5. MY MAJOR INTEREST AS A **HOLDER AKA "MEMBER" IN TXU AND ONCOR** IT IS MY OBLIGATION TO THE SOLVENCY OF ONCOR.
6. Deceptive Trade Practices Unlawful '(a) false misleading in the conduct of any trade also committed or commerce are hereby declared unlawful and are subject to action by the consumer protection division under section 17.47, 17.58, 17.60 and 17.61 of this code.
7. The defendants TXU were served the original petition and addendum on or about January 2, 2018. Mailed and delivered to Txu etal. No response to the original petition and summons. The defendants received the certified mail by US Postal Service on or before January 2, 2018.
   Civil Courts of Procedures state no response to the citation and the summons this is a default. *T.R.C.P. 239, Fed. R. Civ Proc 55,* clerk of the court entry of default. Which has not been done. This service was proper. By certified registered mail [T.R.C.P. 107] return receipt. This is admission of guilt of defendants. Which the Judge in Dallas County fails to uphold the Civil Courts of Procedures. See Dallas County Courts for list of defendants.
8. PER THE INTERCREDITOR AGREEMENT IF THEY FAIL TO MAKE THE INTEREST PAYMENTS WHICH TXU, EFH, EDISON INTERNATIONAL, HAVE NOT PAID THE INTEREST THAT THEY OWE. THE ONLY WAY THEY CAN BE EXTENDED IS BY THE BENEFICIARY.

I Pray

For their deceit and fraudulent actions in collusion, RICO. Claimant requests remedy of the Debtor estate subjected to maximum fines, maximum jail sentences. Maximum civil penalties, Equalization of attorney fees for my research & legal fees plus travel & lodging. Also, I order the court to extend the interest payments. I ask for a US Trustee and accountant to go over the books and records, for proper accounting by the US bankruptcy court. To oversee the transition in mentoring me through the process for one year then I will release the managers, trustees and the board of directors if it is the best interest for ONCOR.

Exhibit A. Marco A. Montemayor's declaration

Respectfully Submitter, _____

Kenneth R. Stewart AKA KENNETH S. STEWART Pro Se

2028 Sandy Lane

Irving Tx 75060

US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2018 JUL 27 PM 4:31
_____ DEPUTY CLERK

United States Bankruptcy Court for the: United States District of Delaware.

Case number __14-10979-_CSS          3:17-CV-03296-BK

Debtor 1 Energy Future Holdings, Inc et al

### Declaration of Marco Montemayor

This information to identify cases of interest:

Debtor 2 Vanguard Natural Resources, et al Case No. 17-30560

Debtor 3 QuickSilver Resource et al

Kenneth R .Stewart, Marco A Montemayor v. City of Irving, Dallas County 3:17-CV-03296-BK-G

In regards to Kenneth R. Stewart Utility Bond Holder, Disinterested Director, Stakeholder, Stockholder, Real Property owner, Beneficiary in H.L Hunt Will.

These facts continue the development of Delaware law in assessing whether a director is sufficiently disinterested and independent to consider a demand impartially, and thereby whether a stockholder may pursue a claim derivatively on the corporation's behalf. Taken together, they

suggest that Delaware courts will examine the totality of a plaintiff stockholder's factual allegations in each situation to evaluate whether a director's personal or business relationships "give rise to human motivations compromising the participants' ability to act impartially toward each other on a matter of material importance." Sandys, 152 A.3d at 126. The number of derivative lawsuit filings appears to be increasing, and in many instances, are preceded by a Section 220 demand on the company for books and records to support such a filing. Boards encountering this circumstance should carefully consider, along with their advisers, whether these rulings implicate their ability to maintain control over the corporation's claims under Rule 23.1. the concealment of.

United States Bankruptcy Court for the: United States District of Delaware.
Case number __14-10979-_CSS
Official Form 106Dec
 Check if this is an amended filing
Declaration About an Individual Debtor's Schedules 12/15
If two married people are filing together, both are equally responsible for supplying correct information.
You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.
Sign Below

Kenneth R Stewart entered into agreement to award Marco A Montemayor who is NOT an attorney, 25% of assets discovered and recovered that was unknown Kenneth R. Stewart. Also to assist in the reclamation of The Estate belonging to Kenneth R Stewart. Marco A Montemayor was asked to assist in the obtaining of information of any entity

2

having Kenneth Robert Stewart's interest. On or about October 15,2014. I appeared in person in Delaware in Judge Sontchi Court, and on two other occasions regarding Energy Future Holdings Corp, The first appearance being when Judge Sontchi ordered Mr. Sassower to meet with myself and Kenneth R Stewart during a recess to inform us of Mr. Stewart's interest in the proceedings as debtor or Creditor. During the meeting Mr. Sassower did not offer any information. He only asked 1 question that was, if Mr. Stewart or myself had any documents that could show his interest in this matter? At that time we did not and Mr. Sassower told us he would get back in touch with us with more information. I never received any response or correspondence from Mr. Sassower or any member of counsel representing Mr. Stewart or the debtors in this case. During the next visit the counsel informed the court of my attendance and requested that the court not to allow me to speak, since I was not an attorney. I have never been involved with a phone conversation or any other type of negotiation pertaining to this EFH case. My knowledge of Mr. Stewart's interest became clear when our visit to Oncor headquarters in Dallas, Texas on or about 05/01/2014 and meeting with a easement specialist led to a agreement that she would furnish the leased property that was owned by Mr. Stewart in approximately 4 to 5 working days due to the files being so large. The following week we received a phone call from a gentleman informing us that we did not have any easements, assets or interest in oncor or txu businesses this being while I was in a meeting with Mr. Charles Montemayor no relation and Kenneth R Stewart. The transcripts of other proceedings here in the docket that refer to Marco A Montemayor agent of Kenneth R. Stewart negotiating and offering exit plans to counsel and members

3

of the court. These statements listed in docket are not true. Also mmtri771@gmail.com email that shows to be my contact address is incorrect. mmtri777@gmail.com is my correct address. I have only been involved with any correspondence involving courts proceedings once and that was during the meeting with Mr. Sassower and Mr. Stewart. All other correspondence has taken via telephone and email with Rebecca Chaiken, Charlie B Mitchell, attorneys of Adkins Gump, attorneys of TXU, Taylor Ford, Charles Montemayor and the only in person visit was to Akin Gump office in Dallas

. I will add that led to the counsel not giving any information, is in fact concealment and violates Ch.18 sub.sec.152, and is a tortious act of breach of fiduciary duty, duty of loyalty.

The court has authority and duty to enforce justice in these matters of fact. I Marco A Montemayor to the best of my knowledge, Mr. Stewart and I have used all resources available to gain knowledge of the truth regarding our interest and ownership in the Energy Future Holdings, Vanguard Natural Resources, Inc., Quicksilver Resources, Inc. Et al estate.

Due to the falsely stated information and misdirection of legal counsel representing the Debtors, we find ourselves in a position without closure or plans to exit bankruptcy and the only option is to discharge debtors and fine legal representatives and their firms.

Thus requesting all monies paid for such incompetent and malice representation be returned and all other losses that the debtors have incurred be at the directors of each entity expense and those directors who have failed to offer Kenneth R Stewart the directors voting rights be added to the collusion and charged under the R.I.C.O act for their actions. I ask the court to forgive my lack of legal experience and legalese in addressing the court. I believe the court should enforce sanctions on all parties whom violated federal rules of concealment of Mr. Stewart assets and interest. This would not be happening if I had not informed Mr. Stewart and the EFH vessel to convey the assets owned by Mr. Stewart into fictitious entities for the withdrawal by collusion of the co conspirators beginning with all attorneys representing the parties in Energy Future Holdings, Quicksilver, Vanguard Natural Resources, Inc. and their subsidiaries in the bankruptcy each bankruptcy proceedings.

The court will find that the counsel of interest is involved in all cases, Charlie B Mitchell Jr., f/k/a family attorney Douglas Brooks C.E.O of many companies the estate of Kenneth R. Stewart and in the corporate veil. The request for the Department of Justice to assist has been previously made by Kenneth R Stewart and I ask for the support of the Central Intelligence Agency to get involved due to the Probate issues that show Mr. Stewart having beneficiary rights to H.L. Hunt's estate which leads to Rex W. Tillerson ex C.E.O of Exxon and linked and elected to Donald Trump's cabinet. Ex Mayor City of Irving Mrs Van Buren has interest by the President of United States et al, which is one of

defendants listed in our civil lawsuit case no 3:17 CV 003296 District Court Dallas Division.

I am available for any questions or request of other information via email or telephone conference. This I would like to add; for my part in assisting Mr. Stewart there has been retaliation through Ken Paxton and Child Protective Services of Texas, I have had my children taken from my home by a false affidavit filed by Child Protective Service caseworker Veronica Del Valle entered with a conflicting affidavit entered by Irving Police Officer Det. Frulla, and disregarding, An emergency removal of my children was ordered or signed by assistant D.A. office in which Charlie B Mitchell Jr (former counsel to stewart family was employed and has ties to. Death threat and on or about 04/29/2014 Mr. Mitchell asked Mr. Stewart to "ask Marco A Montemayor settle me down or he will get a shot". Reference the passing of Kenneth J. Stewart adoptive father and trustee of Kenneth R. Stewart and my former employer. the coroner's report states cardiovascular disease as cause of death. Mr. Stewart had a CDL license and could not have a history nor any condition like such that coroner mentioned due to policy of the Department of Transportation.

The Department of Family Services Dallas Division did not hold the 72 hour emergency hearing case no. JC-18-00113 that would have all parties appear before the court, for the court to hear evidence that proves the abuse or neglect. Thus being absent of proof the court and Dallas judicial system has been neglectful to my request of justice by not giving respondents due process in court proceedings. I pray for the safe return of the

my children all 3 years old and under, the Department should have returned all 3 children if the emergency hearing was not held within 4-5 days of removal of children. it's been over 100 days and I have not been able to address the courts in regards to the false affidavit with a controverting affidavit due to the misrepresentation of counsel appointed by court and the influence of the law firms and Dallas County Commissioners, Ken Paxton, John Wiley Price have on the 304th Juvenile District court.

This being apart of corrupt system that is under Ken Paxton who is Director the Department of Family Services, Child Protection Services, Child Support Division and Texas Bar Association. I pray for the safe return of my children and wa know the court to be aware of wrongful removal is a violation of my families civil rights and is in retaliation for my support of Kenneth R Stewart who is my friend and business partner.
This Declaration is made by Marco A Montemayor serves Notice of interest by partnership entered by Kenneth R. Stewart in transcript of 3:17-CV-03296-BK-G

*[signature]*
Signature.

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.