

ROPES & GRAY LLP
PRUDENTIAL TOWER
800 BOYLSTON STREET
BOSTON, MA 02199-3600
WWW.ROPESGRAY.COM

July 31, 2018

**BY ECF AND HAND DELIVERY**

The Honorable Christopher S. Sontchi
United States Bankruptcy Court
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

Re:   *In re Energy Future Holdings Corp.*, Case No. 14-10979 (CSS) (Bankr. D. Del.)

Dear Judge Sontchi:

We write on behalf of UMB Bank, N.A., as Indenture Trustee (the "Trustee") for the unsecured 11.25%/12.25% Senior Toggle Notes due 2018, and Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, "Elliott" and, together with the Trustee, the "Movants") regarding a discovery dispute that has arisen in connection with the proceedings on *Movants' Motion to Fix Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors*, D.I. 13102 (the "Allocation Motion"), and in particular in connection with the Ad Hoc EFH Claimants' refusal to produce a witness in response to a validly served Rule 30(b)(6) deposition notice.[1]  Prior to filing this letter, the parties engaged in multiple discovery conferences but were unable to resolve their differences.

## BACKGROUND

As the Court is aware, the Ad Hoc EFH Claimants are the principal objectors to the Allocation Motion and a party to these contested proceedings.  On July 16, Movants served a notice of Rule 30(b)(6) deposition on the Ad Hoc EFH Claimants (the "Deposition Notice"), specifying ten topics for examination.  Movants have not, moreover, sought to depose any individuals associated with the Ad Hoc EFH Claimants, but instead intend to take a single 30(b)(6) deposition.  The topics specified in the Deposition Notice include, among other things, (i) the composition of the Ad Hoc EFH Claimants (Topic 1); (ii) the Ad Hoc EFH Claimants' preliminary position statement in response to the Allocation Motion ("Preliminary Statement"), as well as their proposed allocation of the Material Administrative Expense Claims (Topics 4 and 7); and (iii) the Ad Hoc EFH Claimants' knowledge, if

---

[1] Defined terms herein shall have the same meaning as in the Allocation Motion or the *Order Scheduling Certain Dates and Deadlines and Establishing Certain Protocols in Connection with the Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott to Fix Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors* [D.I. 13193] unless otherwise specified.

ROPES & GRAY LLP

- 2 -

any, concerning the tax decisions and NextEra deal terms at issue in this dispute (Topics 8 and 9). *See* **Exhibit A**, Movants' Notice of Deposition of Ad Hoc EFH Claimants Pursuant to Fed. R. Civ. P. 30(b)(6). Although there is no dispute that these topics are directly relevant to the upcoming trial, the Ad Hoc EFH Claimants nonetheless objected to each and every topic in the Deposition Notice on numerous formulaic grounds, and have outright refused to produce *any* witness for a deposition. *See* **Exhibit B,** Ad Hoc EFH Claimants' Responses and Objections to Movants' Notice of Deposition of Ad Hoc EFH Claimants Pursuant to Fed. R. Civ. P. 30(b)(6).[2] For the reasons briefly set forth below, Movants accordingly request that the Court enter an order compelling the Ad Hoc EFH Claimants to comply with the Deposition Notice.

### THE AD HOC EFH CLAIMANTS SHOULD BE ORDERED TO COMPLY WITH MOVANTS' RULE 30(b)(6) NOTICE

The Ad Hoc EFH Claimants' refusal to comply with the validly served Deposition Notice is meritless for several reasons. *First*, the Ad Hoc EFH Claimants voluntarily inserted themselves into this litigation by objecting to the Allocation Motion and becoming a party to these proceedings. They cannot now outright refuse to comply with validly served discovery seeking relevant information. The Ad Hoc EFH Claimants have not, moreover, claimed that sitting for a short deposition (capped at no more than four hours under the Scheduling Order) would be unduly burdensome, nor suggested any potential modifications to the Deposition Notice, nor even sought a protective order from this Court. They have simply refused to comply.

*Second,* the discovery sought by the Deposition Notice is plainly relevant and discoverable, and concerns key issues in this case. These issues include the Debtors' decision to pursue a nontaxable transaction to dispose of the Debtors' interest in Oncor, key deal terms in the NextEra Merger Agreement, and the parties' proposed allocation of the Material Administrative Expense Claims. There is no dispute that these issues are relevant to the upcoming trial. Indeed, the majority of the topics specified in the Deposition Notice closely mirror those included in discovery the Ad Hoc EFH Claimants have propounded on others, including Movants. *See* **Exhibit C**, Ad Hoc EFH Claimants' Notice of Deposition of Elliott (including proposed allocation of the Material Administrative Expense Claims (Topics 1-4); knowledge of tax decisions and NextEra deal terms (Topics 5-10, 17-19); projected creditor recoveries (Topics 11-14), and the Allocation Motion (Topic 20)).[3]

*Third*, despite the Ad Hoc EFH Claimants' apparent assertions to the contrary, the Deposition Notice does not inappropriately intrude upon privilege. The facts underlying the formation of the Ad Hoc EFH Claimants and engagement of counsel, as well as prior discussions with third-party Elliott

---

[2] The Ad Hoc EFH Claimants also objected to each and every request in Movants' First Request for Production of Documents (the "Document Requests"), and did not produce any documents. Movants reserve all rights to contest the Ad Hoc EFH Claimants' objections to Movants' Document Requests.

[3] The Ad Hoc EFH Claimants' two 30(b)(6) deposition notices to Movants include more than double the number of topics, with 22 topics total. Elliott and UMB have each designated a witness for their respective depositions.

ROPES & GRAY LLP

- 3 -

are plainly not privileged.  Nor are the factual assertions in the Ad Hoc EFH Claimants' Preliminary Statement privileged.  *See, e.g.*, *Fresenius Med. Care Holdings, Inc. v. Roxane Labs., Inc.*, 2007 WL 543929, at *3 (S.D. Ohio Feb. 16, 2007) ("[F]actual information cannot be immunized from discovery simply by incorporating it into a document which is entitled to work-product protection.").  Movants are entitled to explore, for example, the factual assertions supporting the Ad Hoc EFH Claimants' belief that Movants' Allocation Motion is somehow factually inaccurate.

*Fourth*, the fact that the Ad Hoc EFH Claimants apparently believe they may not have personal knowledge of certain of the topics in the Deposition Notice is irrelevant.  Movants are entitled to explore the Ad Hoc EFH Claimants' corporate knowledge, if any, of critical issues in this case.  Indeed, the Ad Hoc EFH Claimants' 30(b)(6) designee has an obligation to educate himself or herself on information known by the party so that he or she is able to answer questions that are within the scope of the matters described in the Deposition Notice.  *See Crawford v. George & Lynch, Inc.*, 19 F. Supp. 3d 546, 554 (D. Del. 2013) ("A corporation has an affirmative duty to produce a representative who can answer questions that are within the scope of the matters described in the notice.  The duty of preparation goes beyond the designee's personal knowledge and matters in which the designee was personally involved.").  A rule 30(b)(6) witness's answers are, moreover, binding on that party.  *See id.*  Thus, even if the Ad Hoc EFH Claimants know very little about certain issues in this case, Movant are still entitled to sworn answers stating as much, so that Movants know the Ad Hoc EFH Claimants' position and understanding of key issues now and can prevent any unfair surprise at trial.

## CONCLUSION AND REQUEST FOR FEES

For these reasons, Movants respectfully ask that the Court order the Ad Hoc EFH Claimants to produce a witness knowledgeable on the limited topics set out in the Deposition Notice before the August 10, 2018 close of fact discovery.

Movants further request that the Court order the Ad Hoc EFH Claimants to reimburse Movants for their reasonable fees incurred in connection with this needless discovery dispute.  Having pursued litigation, the Ad Hoc EFH Claimants cannot simply avoid discovery that they find inconvenient.  The Ad Hoc EFH Claimants' abject refusal to produce any witness for deposition has no justification, substantial or otherwise, and thus Movants should thus be awarded reasonable fees incurred in connection with this letter motion.  *See* Fed. R. Civ. P 37(a)(5) (requiring "party . . . whose conduct necessitated [a granted] motion [to compel] to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees" unless, among other considerations, the objection to the granted discovery request was substantially justified); Fed. R. Bankr. P. 7037, 9014(c) (Rule 37 applies to contested matters).

Respectfully,

/s/ Gregg M. Galardi
Gregg M. Galardi