# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re | ) |
|  | ) |
|  | ) Chapter 11 |
| ENERGY FUTURE | ) |
| HOLDINGS CORP., *et al.*, | ) Case No. 14-10979 (CSS) |
|  | ) |
| *Debtors.* | ) (Jointly Administered) |
|  | ) |

**NOTICE OF DEPOSITION OF AD HOC EFH CLAIMANTS**
**PURSUANT TO FED. R. CIV. P. 30(b)(6)**

**TO:** the Ad Hoc EFH Claimants (defined below), c/o Counsel.

Garvan F. McDaniel, Esq.
Hogan ♦ McDaniel
1311 Delaware Avenue
Wilmington, Delaware 19806

-and-

David S. Rosner, Esq.
Andrew K. Glenn, Esq.
Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019

1

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, as made applicable by Rule 7030 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of Bankruptcy Practice and Procedure for United State Bankruptcy Court for the District of Delaware, UMB Bank, N.A., as Indenture Trustee (the "Trustee") for the unsecured 11.25%/12.25% Senior Toggle Notes due 2018, Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, "Elliott" or the "Elliott Funds," and, together with the Trustee, the "Movants"), by their counsel of record, will take the deposition upon oral examination of Alta Fundamental Advisers LLC, Angelo, Gordon & Co., L.P., Apollo Management Holdings L.P., Brookfield Asset Management Inc., Contrarian Capital Management, LLC, Farmstead Capital Management, LLC, and each of their related funds (collectively, the "Ad Hoc EFH Claimants") in connection with the *Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott to Fix Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors* [D.I. 13102] (the "Allocation Motion"). The deposition will begin August 7, 2018 at 9:00 AM at the office of Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036-8704 or at a location to be mutually agreed upon by the parties. The testimony will be recorded by stenographic and/or audiovisual means and will continue from day to day until completed.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to Federal Rules of Bankruptcy Procedure 7030 and Federal Rule of Civil Procedure 30(b)(6), the Ad Hoc EFH Claimants must designate one or more persons to testify on its behalf with regard to all matters known or reasonably available to them on the matters set forth in **Schedule A** attached hereto.  The Movants request that the Ad Hoc EFH Claimants provide, as soon as reasonably possible, a written designation of the name(s) and position(s) of the persons who consent to testify on behalf

of the Ad Hoc Claimants, and in all events at least forty-eight hours in advance of the deposition

pursuant to Paragraph 14 of the Scheduling Order [D.I. 13193]..


July 16, 2018

/s/ Erin R. Fay
BAYARD, P.A.
Scott D. Cousins (No. 3079)
Erin R. Fay (No. 5268)
Evan T. Miller (No. 5364)
600 North King St, Suite 400
Wilmington, DE 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
E-mail:  scousins@bayardlaw.com
        efay@bayardlaw.com
        emiller@bayardlaw.com


 --AND--

ROPES & GRAY LLP
Gregg M. Galardi
Matthew L. McGinnis (*pro hac vice*)
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: 212-596-9000
Facsimile:  212-596-9090
Gregg.Galardi@ropesgray.com
Matthew.McGinnis@ropesgray.com

*Counsel for Elliott and UMB Bank,*
*N.A., as Trustee*

**SCHEDULE A – 30(b)(6) TOPICS**

**CONCERNING THE ALLOCATION MOTION**

Pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure and Rules 7030, 9014, and 9016 of the Federal Rules of Bankruptcy Procedure, the Ad Hoc Committee is required to designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf with respect to each of the subjects set forth below. This deposition seeks testimony in connection with the Allocation Motion. The requesting parties reserve all rights to seek additional testimony in connection with subsequent phases of this proceeding.

**DEFINITIONS**

The following definitions of terms apply to the deposition topics contained herein. Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

A.     "Ad Hoc EFH Claimants" includes (a) Alta Fundamental Advisers LLC, (b) Angelo, Gordon & Co., L.P., (c) Apollo Management Holdings L.P., (d) Brookfield Asset Management Inc., (e) Contrarian Capital Management, LLC, and (f) Farmstead Capital Management, LLC, and each of their related funds, as described in the 2019 Statement, and each individually, together with their respective related funds, an "Ad Hoc EFH Claimant."

B.     "Allocation Motion" means the *Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott to Fix Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors*, dated May 13, 2018 [D.I. 13102].

C.     "Ad Hoc EFH Claimants Preliminary Statement" means the *Preliminary Statement of Ad Hoc EFH Claimants Concerning the Joint Motion of UMB Bank, N.A., as*

*Indenture Trustee, and Elliott to Fix Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors*, dated June 29, 2018.

D.    "Bankruptcy Code" means Title 11 of the United States Code.

E.    "Chapter 11 Cases" means the above-captioned chapter 11 cases, commenced by the Debtors in the Court on or around April 29, 2014.

F.    "Communication" means the transmittal of information in any form.

G.    "Concerning," whether capitalized or not, means relating to, referring to, describing, evidencing, reflecting, regarding, constituting, discussing, mentioning, noting, memorializing, analyzing, commenting upon, evaluating, having any connection with, or having a tendency to prove or disprove.

H.    "Court" means the United States Bankruptcy Court for the District of Delaware.

I.    "Debtors," "EFH/EFIH Debtors," or "E-Side Debtors" means, collectively, EFH and EFIH, and any of their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives.

J.    "Distributions" means the payment of claims to creditors in accordance with the distribution scheme under the Bankruptcy Code.

K.    "Document," whether capitalized or not, is defined to be synonymous in meaning and equal in scope to the use of this term in Federal Rule of Civil Procedure 34(a), and shall include therefore, without limitation, any recording of information in whatever form, including but not limited to memoranda, correspondence, e-mails, personal notes, spreadsheets, databases, work papers, telephone logs, text messages, calendars, plan books, diaries, journals and daily records of activity, drawings, graphs, charts, maps, photographs, video and/or audio recordings

and other data compilations from which information can be obtained or translated (with or without the use of detection devices), including electronic files, records, and archives.

L.       "EFH" means Energy Future Holdings Corporation, and any current or former officer, director, partner, agent, employee, or attorney acting on behalf of EFH or in his or her capacity as a current or former officer, director, partner, agent, employee, or attorney of EFH.

M.       "EFIH" means Energy Future Intermediate Holding Company LLC, and any current or former officer, director, partner, agent, employee, or attorney acting on behalf of EFIH or in his or her capacity as a current or former officer, director, partner, agent, employee, or attorney of EFIH.

N.       "EFIH Disinterested Director" means Charles Cremens, and any agent, employee, or attorney thereof.

O.       "E-Side Committee" means the official committee of unsecured creditors of EFH, EFIH, EFIH Finance, Inc., and EECI, Inc. formed by the Office of the United States Trustee for the District of Delaware on or around October 27, 2014, and any current or former officer, director, partner, agent, employee, or attorney thereof, and any current or former parents, subsidiaries, or affiliates.

P.       "Estate(s)" means the bankruptcy estate(s) of (i) EFH, (ii) EFIH, and/or (iii) the T-Side Debtors, and any current or former parents, subsidiaries, or affiliates.

Q.       "Material Administrative Expense Claim" means any of the four administrative expense claims as defined in Paragraph 3 of the Allocation Motion.

R.       "NextEra" means NextEra Energy, Inc., and any current or former officer, director, partner, agent, employee, or attorney thereof, and any current or former parents, subsidiaries, or affiliates.

S.      "NextEra Merger Agreement" means the merger agreement between the E-Side Debtors and NextEra agreed to in or around July 2016 and authorized by this Court on or around September 19, 2016.

T.      "Notice of Filing Cash Projections and Allocation Proposals" means the *Notice of Filing of Cash Projections and Allocation Proposals for Energy Future Holdings Corp., and Energy Future Intermediate Holding Company LLC*, dated February 28, 2018 [D.I. 12769].

U.      "Oncor" means Oncor Electric Delivery Company LLC, Oncor Electric Delivery Holdings Company LLC, and any current or former officer, director, partner, agent, employee, or attorney thereof, and any current or former parents, subsidiaries, or affiliates.

V.      "PAB" means the EFH Plan Administrator Board, and any current or former officer, director, partner, agent, employee, or attorney thereof, and any current or former parents, subsidiaries, or affiliates.

W.      "Person" or "persons," whether capitalized or not, means any natural person or legal entity, including, without limitation, any business or governmental entity or association.

X.      "Professional" means any person, entity, or organization engaged or retained by the E-Side Debtors and/or the E-Side Committee in connection with the Chapter 11 Cases that has sought, is seeking, or will seek compensation or reimbursement from any of the Estates for services rendered in connection with the Chapter 11 Cases.

Y.      A "representative" of a person or an entity means any officer, director, partner, agent, employee, or attorney of such person or entity.

Z.      "TCEH" means Texas Competitive Electric Holdings Company LLC, and any current or former officer, director, partner, agent, employee, or attorney thereof, and any current or former parents, subsidiaries, or affiliates.

AA.    "T-Side Debtors" means TCEH and certain of its subsidiaries, and any current or former officer, director, partner, agent, employee, or attorney thereof, and any current or former parents, subsidiaries, or affiliates.

BB.    "You," "Your," and "Yours," means the Ad Hoc EFH Claimants and any of each Ad Hoc EFH Claimant's current or former officers, directors, partners, agents, employees, or attorneys, and any current or former parents, subsidiaries, or affiliates.

CC.    Capitalized terms defined in the Allocation Motion and used but not otherwise defined herein shall have the meaning ascribed in the Allocation Motion.

### RULE 30(B)(6) DEPOSITION TOPICS

1.    The formation of the Ad Hoc EFH Claimants and the engagement and/or retention of Kasowitz Benson Torres LLP and Hogan McDaniel to represent the Ad Hoc EFH Claimants in connection with the Chapter 11 Cases.

2.    Each Ad Hoc EFH Claimant's holdings in the Debtors' capital structure from the date each Ad Hoc EFH Claimant acquired such holdings through the date of the deposition.

3.    Each Ad Hoc EFH Claimant's respective efforts to acquire its holdings in the Debtors' capital structure, including any review, analysis, or evaluation of any information provided to or requested by the Ad Hoc EFH Claimant or any of its representatives in connection with such acquisition or potential acquisition, including its respective investment thesis.

4.    The allocation of any of the Material Administrative Expense Claims as between or among the Estates.

5.    The effect on Distributions or other creditor recoveries resulting from the allocation of any of the Material Administrative Expense Claims as between or among the Estates.

6.      The Notice of Filing Cash Projections and Allocation Proposals, including but not limited to Exhibit C (EFH/EFIH Allocation Proposal) to the Notice of Filing Cash Projections and Allocation Proposals, and the "Confidentiality Agreements" as referenced in the Notice of Filing Cash Projections and Allocation Proposals.

7.      The Ad Hoc EFH Claimants Preliminary Statement, including but not limited to the assertions contained therein.

8.      Your personal knowledge, if any, concerning the decision to pursue a taxable or nontaxable transaction to dispose of the E-Side Debtors' interest in Oncor, including but not limited to (i) potential recoveries for EFH and EFIH unsecured creditors in connection with such transaction, (ii) any actual or potential tax liabilities of each Estate in connection with such transaction, and (iii) any analysis, consideration of, or efforts to solicit or consummate such transaction.

9.      Your personal knowledge, if any, concerning the negotiation and drafting of the NextEra Merger Agreement, including but not limited to the negotiation of (i) the assumption of asbestos liabilities, (ii) the increase in NextEra's termination fee from $110 million to $275 million, (iii) the increase in merger transaction purchase price by $300 million, and (iv) NextEra's removal of its "match right" in connection with the NextEra Merger Agreement.

10.     The authenticity of all Documents produced by You in the Chapter 11 Cases.