# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |

**AD HOC EFH CLAIMANTS' RESPONSES AND OBJECTIONS TO
UMB BANK, N.A., AS INDENTURE TRUSTEE, AND ELLIOTT'S NOTICE OF
DEPOSITION OF AD HOC EFH CLAIMANTS PURSUANT TO FED. R. CIV P 30(b)(6)**

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable in bankruptcy cases pursuant to Rule 7026 and 7030, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 7030-1 of the Bankruptcy Rules for the District of Delaware (the "Local Bankruptcy Rules"), and pursuant to the *Order Scheduling Certain Dates and Deadlines and Establishing Certain Protocols in Connection with the Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott to Fix Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors* [D.I. 13193] (the "Scheduling Order"), the Ad Hoc EFH Claimants (the "Claimants"), by and through their undersigned counsel, hereby respond and object (the "Responses and Objections") to UMB Bank, N.A., as Indenture Trustee ("UMB"), Elliott Associates, L.P. ("Elliott Associates"), Elliott International, L.P. ("Elliott International"), and The Liverpool Limited Partnership's ("Liverpool," and together with Elliott Associates and Elliott International, "Elliott") Notice of Deposition of Ad Hoc EFH Claimants Pursuant to Fed. R. Civ. P. 30(b)(6), dated July 16, 2018 (the "Notice"), as follows:

**GENERAL OBJECTIONS**

The following general objections (the "General Objections") apply to the Notice and each of UMB and Elliott's deposition topics (the "Topics"):

1. Claimants generally object to producing a witness to testify regarding the Topics on the grounds that the Topics are overbroad, and unduly burdensome, vague, confusing, and not reasonably calculated to lead to the discovery of admissible evidence.

2. Claimants generally object to producing a witness to testify regarding the Topics to the extent the Topics purport to impose requirements, obligations, and duties that are inconsistent with, or beyond those contemplated by, the Federal Rules, the Bankruptcy Rules, the Local Bankruptcy Rules, or that are inconsistent with any applicable order of this Court, including the scheduling order entered June 11, 2018 [D.I. 13193] (the "Scheduling Order"), and the *Confidentiality Agreement and Stipulated Protective Order* (the "Protective Order") [D.I. 1833], dated August 13, 2014.

3. Claimants generally object to producing a witness to testify regarding the Topics to the extent that the Topics are duplicative, unreasonably cumulative, and harassing, or will impose unnecessary burden or expense on the Claimants.

4. By responding to any of the Topics, Claimants do not admit to Elliott's or UMB's characterization of any documents, facts, theories, or conclusions.

5. Claimants' responses to all or part of any of the Topics are not intended, and shall not be construed, to constitute a waiver of all or part of any objection to any of the Topics.

6. Claimants make no admission of any nature and no admission may be implied by or inferred from these Responses and Objections.

7.  Claimants generally object to producing a witness to testify regarding the Topics to the extent that the Topics seek testimony for which the Claimants, or any employee or other authorized representative of the Claimants, lack personal knowledge.

8.  Claimants generally object to producing a witness to testify regarding the Topics to the extent that the Topics seek testimony that is protected by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable privilege, protection or immunity afforded by statute, rule of court or common law.  Inadvertent disclosure of any testimony subject to any privilege, protection, or immunity, or otherwise protected or immune from discovery, shall not constitute a waiver of any privilege, protection or immunity over the subject matter.

9.  Claimants generally object to the Topics and to the "Definitions" to the extent that they purport to vary the meaning of any term from its usual and customary meaning in ordinary usage.

10. Claimants generally object to the Topics to the extent they seek their internal analyses, or the analyses of any of their respective officers, directors, partners, agents, employees, agents, assigns, representatives, attorneys, or any other persons acting on, or purporting to act on their behalf (collectively, the "Internal Analyses").

11. Claimants generally object to producing a witness to testify regarding the Topics to the extent that the Topics seek information that is publicly available.

12. Claimants generally object to producing a witness to testify regarding the Topics to the extent that the Topics fail to identify with the necessary specificity the testimony sought.

13. Claimants generally object to producing a witness to testify regarding the Topics to the extent that the Topics seek testimony from after the effective date of the *First Amended*

*Joint Plan of Reorganization of Energy Future holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12653, 12801] (the "Effective Date").

Subject to and without waiving the foregoing General Objections, incorporated herein by reference as if fully set forth in each response, Claimants respond to the Topics as follows:

**TOPIC NO. 1:**

The formation of the Ad Hoc EFH Claimants and the engagement and/or retention of Kasowitz Benson Torres LLP and Hogan McDaniel to represent the Ad Hoc EFH Claimants in connection with the Chapter 11 Cases.

**RESPONSE TO TOPIC NO. 1:**

In addition to the General Objections, Claimants object to producing a witness to testify regarding Topic No. 1 on the grounds that the testimony requested therein is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Claimants further object to producing a witness to testify regarding Topic No. 1 on the grounds that the testimony sought therein is protected by attorney-client privilege, the attorney work-product doctrine and/or any other applicable privilege.

**TOPIC NO. 2:**

Each Ad Hoc EFH Claimant's holdings in the Debtors' capital structure from the date each Ad Hoc EFH Claimant acquired such holdings through the date of the deposition.

**RESPONSE TO TOPIC NO. 2:**

In addition to the General Objections, Claimants object to producing a witness to testify regarding Topic No. 2 on the grounds that the testimony requested therein is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Claimants further object to producing a witness to testify regarding Topic No. 2 on the grounds that it seeks testimony

relating to the period prior to the filing of the *Rule 2019 Statement of Kasowitz Benson Torres LLP and Hogan ♦ McDaniel* on April 4, 2018. [D.I. 12900].

**TOPIC NO. 3:**

Each Ad Hoc EFH Claimant's respective efforts to acquire its holdings in the Debtors' capital structure, including any review, analysis, or evaluation of any information provided to or requested by the Ad Hoc EFH Claimant or any of its representatives in connection with such acquisition or potential acquisition, including its respective investment thesis.

**RESPONSE TO TOPIC NO. 3:**

In addition to the General Objections, Claimants object to producing a witness to testify regarding Topic No. 3 on the grounds that the testimony requested therein is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds that that Topic No. 3 is overbroad, and unduly burdensome. Claimants further object to producing a witness to testify regarding Topic No. 3 to the extent that Topic No. 3 seeks Internal Analyses, and object to Topic No. 3's use of the phrases "efforts to acquire its holdings," "evaluation of any information provided to or requested by the Ad Hoc EFH Claimant or any of its representatives," and "investment thesis," which are vague and ambiguous.

**TOPIC NO. 4:**

The allocation of any of the Material Administrative Expense Claims as between or among the Estates.

**RESPONSE TO TOPIC NO. 4:**

In addition to the General Objections, Claimants object to producing a witness to testify regarding Topic No. 4 on the grounds that it is overbroad and unduly burdensome, and on the grounds that the information requested therein is available by reviewing publically available docket entries referenced in the Allocation Motion (as defined in the Topics) and/or the Ad Hoc EFH Claimants' Preliminary Statement (as defined in the Topics), and/or docket entries in the

Chapter 11 Cases (as defined in the Topics). Claimants further object to producing a witness to testify regarding Topic No. 4 to the extent that Topic No. 4 seeks Internal Analyses, and to the extent that it seeks testimony for which the Claimants, or any employee or other authorized representative of the Claimants, lack personal knowledge.

**TOPIC NO. 5:**

The effect on Distributions or other creditor recoveries resulting from the allocation of any of the Material Administrative Expense Claims as between or among the Estates.

**RESPONSE TO TOPIC NO. 5:**

In addition to the General Objections, Claimants object to producing a witness to testify regarding Topic No. 5 on the grounds that it is overbroad and unduly burdensome, and on the grounds that the testimony requested therein is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Claimants further object to producing a witness to testify regarding Topic No. 5 to the extent that it seeks Internal Analyses, and to the extent that it seeks testimony for which the Claimants, or any employee or other authorized representative of the Claimants, lack personal knowledge.

**TOPIC NO. 6:**

The Notice of Filing Cash Projections and Allocation Proposals, including but not limited to Exhibit C (EFH/EFIH Allocation Proposal) to the Notice of Filing Cash Projections and Allocation Proposals, and the "Confidentiality Agreements" as referenced in the Notice of Filing Cash Projections and Allocation Proposals.

**RESPONSE TO TOPIC NO. 6:**

In addition to the General Objections, Claimants object to producing a witness to testify regarding Topic No. 6 on the grounds that the testmiony requested therein is duplicative and unreasonably cumulative of the testimony sought in other Topics, and on the grounds that Topic No. 6 seeks testimony for which the Claimants, or any employee or other authorized

representative of the Claimants, lack personal knowledge. Claimants further object to producing a witness to testify regarding Topic No. 6 on the grounds that the testimony sought therein is protected by is protected by attorney-client privilege, the attorney work-product doctrine and/or any other applicable privilege.

**TOPIC NO. 7:**

The Ad Hoc EFH Claimants' Preliminary Statement, including but not limited to the assertions contained therein.

**RESPONSE TO TOPIC NO. 7:**

In addition to the General Objections, Claimants object to producing a witness to testify regarding Topic No. 7 on the grounds that the testimony requested therein is not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds that it seeks testimony for which the Claimants, or any employee or other authorized representative of the Claimants, lack personal knowledge. Claimants further object to producing a witness to testify regarding Topic No. 7 on the grounds that the testimony sought therein is protected by is protected by attorney-client privilege, the attorney work-product doctrine and/or any other applicable privilege.

**TOPIC NO. 8:**

Your personal knowledge, if any, concerning the decision to pursue a taxable or nontaxable transaction to dispose of the E-Side Debtors' interest in Oncor, including but not limited to (i) potential recoveries for EFH and EFIH unsecured creditors in connection with such transaction, (ii) any actual or potential tax liabilities of each Estate in connection with such transaction, and (iii) any analysis, consideration of, or efforts to solicit or consummate such transaction.

**RESPONSE TO TOPIC NO. 8:**

In addition to the General Objections, Claimants object to producing a witness to testify regarding Topic No. 8 on the grounds that Topic No. 8 is overbroad and unduly burdensome, and

on the grounds that the information requested therein is available by reviewing publically available docket entries referenced in the Allocation Motion (as defined in the Topics) and/or Preliminary Statement (as defined in the Topics), and/or docket entries in the Chapter 11 Cases (as defined in the Topics). Claimants further object to Topic No. 8 to the extent that it seeks Internal Analyses, and to the extent that it seeks testimony for which the Claimants, or any employee or other authorized representative of the Claimants, lack personal knowledge.

**TOPIC NO. 9:**

Your personal knowledge, if any, concerning the negotiation and drafting of the NextEra Merger Agreement, including but not limited to the negotiation of (i) the assumption of asbestos liabilities, (ii) the increase in NextEra's termination fee from $110 million to $275 million, (iii) the increase in merger transaction purchase price by $300 million, and (iv) NextEra's removal of its "match right" in connection with the NextEra Merger Agreement.

**RESPONSE TO TOPIC NO. 9:**

In addition to the General Objections, Claimants object to Topic No. 9 on the grounds that it is overbroad and unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds that the information requested therein is available by reviewing publically available docket entries referenced in the Allocation Motion (as defined in the Topics) and/or Preliminary Statement (as defined in the Topics), and/or docket entries in the Chapter 11 Cases (as defined in the Topics). Claimants further object to Topic No. 9 to the extent that it seeks Internal Analyses, and to the extent that Topic No. 9 seeks testimony for which the Claimants, or any employee or other authorized representative of the Claimants, lack personal knowledge.

**TOPIC NO. 10:**

The authenticity of all Documents produced by You in the Chapter 11 Cases.

**RESPONSE TO TOPIC NO. 10:**

    Claimants object to Topic No. 10 on the grounds that they have not produced Documents in connection with the dispute regarding the Allocation Motion ((as defined in the Topics). Claimants further state that they are willing to meet and confer regarding the authenticity of any Documents produced by them in the Chapter 11 Cases that any party wishes to introduce at the hearing in this matter.

Dated: July 24, 2018

> HOGAN ♦ MCDANIEL
> Garvan F. McDaniel, Esq. (DE #4167)
> 1311 Delaware Avenue
> Wilmington, Delaware 19806
> Telephone: (302) 656-7540
> Facsimile: (302) 656-7599
> Email: gfmcdaniel@dkhogan.com
>
> – and –
>
> KASOWITZ BENSON TORRES LLP
>
> By: /s/ Andrew K. Glenn
> David S. Rosner, Esq.
> Andrew K. Glenn, Esq.
> Gavin D. Schryver, Esq.
> David J. Mark, Esq.
> Andrew H. Elkin, Esq.
> 1633 Broadway
> New York, New York 10019
> Telephone: (212) 506-1700
> Facsimile: (212) 506-1800
> Email: drosner@kasowitz.com
>        aglenn@kasowitz.com
>        gschryver@kasowitz.com
>        dmark@kasowitz.com
>        aelkin@kasowitz.com
>
> *Co-Counsel to the Ad Hoc EFH Claimants*