# EXHIBIT C

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |

## NOTICE OF DEPOSITION OF ELLIOTT ASSOCIATES, L.P.

**PLEASE TAKE NOTICE** that, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable in bankruptcy cases pursuant to Rule 7026 and 7030, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 7030-1 of the Bankruptcy Rules for the District of Delaware (the "Local Bankruptcy Rules"), and pursuant to the *Order Scheduling Certain Dates and Deadlines and Establishing Certain Protocols in Connection with the Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott to Fix Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors* [D.I. 13193] (the "Scheduling Order"), the Ad Hoc EFH Claimants,[1] and American Stock Transfer & Trust Company, LLC, as Indenture Trustee, will take a deposition upon oral examination of Elliott Associates, L.P. ("Elliott Associates") by and through their undersigned counsel.

**PLEASE TAKE FURTHER NOTICE** that the deposition shall take place before an officer authorized by law to administer oaths at the offices of Kasowitz Benson Torres LLP, 1633 Broadway, New York, New York on **August 6, 2018 at 10:00 a.m.**, and continuing

---

[1] The Ad Hoc EFH Claimants include (a) Alta Fundamental Advisers LLC, (b) Angelo, Gordon & Co., L.P., (c) Apollo Management Holdings L.P., (d) Brookfield Asset Management Inc., (e) Contrarian Capital Management, LLC, and (f) Farmstead Capital Management, LLC, and each of their related funds. *Verified Statement of Kasowitz Benson Torres LLP and Hogan ♦ McDaniel Pursuant to Bankruptcy Rule 2019* [D.I. 12900] at 1.

thereafter until completed.  The deposition will take place before a court reporter and will be transcribed by stenographic means, and may be videotaped.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Federal Rule 30(b)(6), and Bankruptcy Rules 7030, and 9014 of the Bankruptcy Rules, and Local Bankruptcy Rule 7030-1, the Ad Hoc EFH Claimants and AST command Elliot Associates to designate one or more officers, employees, or other designated person, to testify on Elliott Associates' behalf regarding all information known or reasonably available to Elliott Associates with respect to the subject matter identified in <u>Exhibit A</u>, attached hereto, and provide notice of which such deponent(s) will be testifying forty-eight (48) hours in advance of the deposition.

Dated: July 16, 2018
      Wilmington, Delaware

              HOGAN ♦ MCDANIEL
              By: /s/ *Garvan F. McDaniel*
              Garvan F. McDaniel, Esq. (DE #4167)
              1311 Delaware Avenue
              Wilmington, Delaware 19806
              Telephone: (302) 656-7540
              Facsimile: (302) 656-7599
              Email: gfmcdaniel@dkhogan.com

                  – and –

              KASOWITZ BENSON TORRES LLP
              David S. Rosner, Esq.
              Andrew K. Glenn, Esq.
              Gavin D. Schryver, Esq.
              David J. Mark, Esq.
              Andrew H. Elkin, Esq.
              1633 Broadway
              New York, New York 10019
              Telephone: (212) 506-1700
              Facsimile: (212) 506-1800
              Email: drosner@kasowitz.com
                     aglenn@kasowitz.com
                     gschryver@kasowitz.com
                     dmark@kasowitz.com
                     aelkin@kasowitz.com

              *Co-Counsel to the Ad Hoc EFH Claimants*

Dated: Wilmington, Delaware
       July 16, 2018

                CROSS & SIMON, LLC
                By: /s/ *Christopher P. Simon*
                Christopher P. Simon (Del. Bar No. 3697)
                105 North Market Street, Suite 901
                Wilmington, Delaware 19801
                Telephone: (302) 777-4200
                Facsimile: (302) 777-4224

                - and –

                NIXON PEABODY LLP
                Amanda D. Darwin
                Richard C. Pedone
                Erik Schneider
                100 Summer Street
                Boston, Massachusetts 02110
                Telephone: (617) 345-1000
                Facsimile: (617) 345-1300
                adarwin@nixonpeabody.com
                rpedone@nixonpeabody.com
                eschneider@nixonpeabody.com

                -and-

                Christopher J. Fong
                437 Madison Avenue
                New York, NY 10022
                Telephone: 212-940-3724
                Facsimile: 855-900-8613
                cfong@nixonpeabody.com

                *Co-Counsel to American Stock Transfer & Trust Company, LLC, as Indenture Trustee*

# EXHIBIT A

# DEFINITIONS

The terms used herein shall have the meanings ascribed to them in these definitions.

1. "Allocation Motion" means the motion filed by UMB and Elliott on May 13, 2018 as Docket # 13102.

2. "Bankruptcy Court" means the United States Bankruptcy Court for the District of Delaware.

3. "Communication(s)" means every manner or means of disclosure, transfer, or exchange of information, whether oral or by Document, and whether face-to-face, by telephone, mail, electronic mail, text or instant messaging service, personal delivery, or otherwise.

4. "Concerning" means, in whole or in part, constituting, containing, embodying, reflecting, identifying, stating, referring to, relating to, evidencing, or in any other way being relevant to that given subject matter.

5. "Debtors" means EFH and its subsidiaries whose chapter 11 cases were procedurally consolidated with the EFH chapter 11 case.

6. "Debtors' Professional Fee Claims" has the meaning ascribed to that term in the Allocation Motion.

7. "Disclosure Statement" means the Disclosure Statement filed on September 11, 2017 as Docket # 11889.

8. "Docket #"___ refers to anything filed on the above captioned docket with the indicated document number.

9. "EFH" means Energy Future Holdings Corp.

10. "EFIH" means Energy Future Intermediate Holding Company LLC.

11. "Elliott" means Elliott Associates, L.P., Elliott International, L.P., and the Liverpool Limited Partnership.

12. "Elliott Substantial Contribution Claim" has the meaning ascribed to that term in the Allocation Motion.

13. "E-Side Committee Professional Fee Claims" has the meaning ascribed to that term in the Allocation Motion.

14. "Fidelity" has the meaning ascribed to that term in the Disclosure Statement.

15. "NEE Plan Support Agreement" has the meaning ascribed to that term in the Disclosure Statement.

16. "NextEra Termination Fee Claims" has the meaning ascribed to that term in the Allocation Motion.

17. "Oncor" has the meaning ascribed to that term in the Disclosure Statement.

18. "Original Plan Support Agreement" has the meaning ascribed to that term in the Disclosure Statement.

19. "PAB" means EFH Plan Administrator Board.

20. "Person" means any natural person or any legal entity, including without limitation, any corporation, partnership, or any other business or governmental entity or association, and any juridical entity of whatever form.

21. "Restructuring Support Agreement" has the meaning ascribed to that term in the Disclosure Statement.

22. "Sempra Plan Support Agreement" has the meaning ascribed to that term in the Disclosure Statement.

23. "UMB" means UMB Bank, N.A.

24. The words "You" or "Your" mean Elliott Associates, L.P.

25. The terms "all" and "each" shall be construed as "all and each."

26. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a Request all responses that might otherwise be construed to be outside of its scope.

27. The terms "and," "or," "any," "all," "each," "concerning," "document(s)," "include(s)," and "including" defined above shall have the same meanings as set forth herein, regardless of whether they are capitalized in the Requests.

28. The use of the singular form of any word includes the plural and vice versa. The past tense shall include the present tense and vice versa.

## SUBJECTS OF EXAMINATION

You shall be examined with respect to the following topics:

1. Your proposed allocation among Debtors of the NextEra Termination Fee Claims as set forth in paragraph 4 of the Allocation Motion.

2. Your proposed allocation among Debtors of the E-Side Committee Professional Fee Claims as set forth in paragraph 4 of the Allocation Motion.

3. Your proposed allocation among Debtors of the Debtors' Professional Fee Claims as set forth in paragraph 4 of the Allocation Motion.

4. Your proposed allocation among Debtors of the Elliott Substantial Contribution Claim as set forth in paragraph 4 of the Allocation Motion.

5. The statement in paragraph 12 of the Allocation Motion that the avoidance of a Tax Armageddon "was largely obtained at the expense of significantly diminished EFIH

3

unsecured creditor recoveries resulting from the accrual of interest and professional fees and the repeated failure to consummate multiple transactions seeking to avoid Tax Armageddon."

6. The statement in paragraph 18 of the Allocation Motion that the Debtors "pursued only restructuring transactions, including a tax-free spin-off of TCEH, to avoid significant adverse tax consequences for EFH."

7. The statement in paragraph 24 of the Allocation Motion that the Debtors' analysis "ignored the possibility of a liquidation of the EFIH Debtors in a deconsolidation transaction that would have enabled EFIH unsecured creditors to receive the value obtained from a sale of its indirect interest in Oncor."

8. The statement in paragraph 47 of the Allocation Motion that "the NextEra transaction was intended to primarily benefit the creditors of EFH."

9. The statement in paragraph 49 of the Allocation motion that "NextEra agreed to assume and reinstate all asbestos liabilities. . . . and, thus, . . . benefitted only the EFH estates."

10. Any consideration or analysis of the possibility of a direct or indirect adverse impact on EFIH or any EFIH creditor of a deconsolidation tax or so called "Tax Armageddon," including but not limited to, any impact resulting from IRS action, state law, or the possibility of EFH "checking the box," or otherwise.

11. The recoveries projected for EFH and its creditors during the course of this case.

12. The recoveries projected for EFIH and its creditors during the course of this case.

13. The recoveries to EFH and its stakeholders projected from the NextEra transaction on or before the NextEra Termination Fee was approved by the Bankruptcy Court.

14. The recoveries to EFIH and its stakeholders projected from the NextEra transaction on or before the NextEra Termination Fee was approved by the Bankruptcy Court.

4

15. The deliberations by the Boards of Directors of EFH and EFIH concerning the effect on creditor recoveries of any make-wholes potentially owed on indebtedness issued by EFIH on the recoveries from the NextEra transaction created on or before the NextEra Termination Fee was approved by the Bankruptcy Court.

16. Any benefits that EFIH, or any creditor of EFIH, obtained or would obtain as a result of entering into any of the following: (a) the Restructuring Support Agreement; (b) the Original Plan Support Agreement; (c) the NEE Plan Support Agreement; or (d) the Sempra Plan Support Agreement.

17. Any consideration or analysis of any direct or indirect benefit to EFIH or any EFIH creditor resulting from NextEra's ultimate or incremental increase in purchase price, or NextEra withdrawing a requirement for a "match right" or right of first refusal.

18. The NextEra termination fee, including but not limited to negotiations regarding any incremental or final increase in price, or regarding NextEra withdrawing a requirement for a "match right" or right of first refusal.

19. Any negotiations of and entry into the NEE Plan Support Agreement.

20. Any topic raised, or statements made, in the Allocation Motion.

21. Any consideration or analysis of the effect that tax obligations at EFH would have on (a) recoveries to EFIH stakeholders; and (b) EFIH's ability to consummate a sale, merger, spin-off or other transaction necessary for EFIH's emergence from bankruptcy.

22. Any objections, oppositions or comments filed by You or any EFIH stakeholders to the monthly or interim fee applications of the Debtors' professionals.