

ROPES & GRAY LLP
PRUDENTIAL TOWER
800 BOYLSTON STREET
BOSTON, MA 02199-3600
WWW.ROPESGRAY.COM

August 1, 2018

**BY ECF AND HAND DELIVERY**

The Honorable Christopher S. Sontchi
United States Bankruptcy Court
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

Re:    *In re Energy Future Holdings Corp.*, Case No. 14-10979 (CSS) (Bankr. D. Del.)

Dear Judge Sontchi:

We write on behalf of UMB Bank, N.A., as Indenture Trustee for the unsecured 11.25%/12.25% Senior Toggle Notes due 2018, and Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, "Movants") regarding a discovery dispute that has arisen between Movants and the EFH Plan Administrator Board (the "PAB") in connection with the proceedings on *Movants' Motion to Fix Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors*, D.I. 13102 (the "Allocation Motion").[1]  Prior to filing this letter, the parties participated in multiple conferences, but were unable to resolve their disagreements.  Accordingly, Movants respectfully seek the Court's guidance.

## BACKGROUND

The PAB sought to participate in proceedings on the Allocation Motion based on its self-proclaimed status "as the only party that has experienced and participated in every facet of the chapter 11 cases."  [D.I. 13191 at 5.]  The PAB represented that its participation would be "instrumental to developing an accurate and factual record—thereby satisfying [the PAB's] obligation to provide relevant information of which it has knowledge."  [D.I. 13191 at 5.]  On July 16, Movants served a notice of Rule 30(b)(6) deposition on the PAB (the "PAB Notice") specifying seventeen topics of examination, all of which are directly relevant to these proceedings.  *See* **Exhibit A**, Movants' Notice of Deposition of PAB Pursuant to Fed. R. Civ. P. 30(b)(6).  The PAB nonetheless asserted boilerplate relevance, burden, and privilege objections to all of the Topics, and refused to produce a witness on *thirteen* of the Topics, including Topics concerning (i) the tax

---

[1]     Defined terms herein shall have the same meaning as in *Order Scheduling Certain Dates and Deadlines and Establishing Certain Protocols in Connection with the Allocation Motion* [D.I. 13193] (the "Scheduling Order") unless otherwise specified.

- 2 -

decisions and NextEra deal terms at issue in these contested proceedings (Topics 4, 9, 10, 11, 16), (ii) fee applications, time records, invoices, and payments related to the Debtors' professionals (Topics 1, 2, 3), and (iii) the negotiation and drafting of the Interim Compensation Order (Topic 8). *See* **Exhibit B,** PAB's Responses and Objections to Movants' Notice of Deposition of PAB Pursuant to Fed. R. Civ. P. 30(b)(6). Following conferences between the parties, the PAB served amended responses and objections today, which included the same boilerplate relevance, privilege, and burden objections to each of the Topics, and stated that the PAB will produce Anthony Horton to testify "generally" on the Topics "to the extent (if at all) [the Topics] relate[] to the claims and defenses at issue in this matter and to the extent such testimony is within the PAB's corporate knowledge." *See* **Exhibit C,** PAB's Amended Responses and Objections to Movants' Notice of Deposition of PAB Pursuant to Fed. R. Civ. P. 30(b)(6). The PAB refused, however, to produce a corporate representative to testify on *any* of the Topics "[t]o the extent the information sought . . . predates the creation of the PAB," on March 9, 2018. *Id.* Rather, as to such information, the PAB stated "Mr. Horton will be available to testify in his individual capacity provided such testimony is within [his] personal knowledge." *Id.* Given the vast majority, if not all, of the information sought in the Topics concern events that occurred prior to March 9, 2018, the PAB's position amounts to a refusal to produce a corporate representative on *any* of the Topics.

## THE PAB SHOULD BE ORDERED TO
## COMPLY WITH MOVANTS' RULE 30(b)(6) NOTICE

As set forth below, the PAB's objections are meritless, and the Court should enter an order compelling the PAB to produce a corporate representative on the Topics. *First*, there can be no doubt that the Topics seek highly relevant information concerning key disputed factual issues in this proceeding. For instance, Topics 4, 9, and 10 concern the Debtors' efforts to complete a tax-free disposition of the Debtors' interest in Oncor, and Topic 16 concerns the negotiation of certain changes to the NextEra Merger Agreement, including the amount of the $275 million termination fee. As set forth more fully in the Allocation Motion, Movants contend that Debtors' pursuit of a tax-free transaction and agreement to that increased termination fee benefitted EFH and its unsecured creditors, and that the allocation of any related administrative expenses should reflect that. [D.I. 13102 at 6-8, 20-22, 28] Other Parties—including the PAB—have disputed Movants' contentions, including in the various Preliminary Statements served under paragraph 5.e. of the Scheduling Order. Accordingly, the subject matter of the Topics is plainly relevant and discoverable in this proceeding.

*Second*, the PAB's effort to exclude "information [that] predates the creation of the PAB" from the scope of the Topics directly contradicts its prior representations to the Court and agreements with Movants in this proceeding. In seeking to participate as a party to the allocation proceedings, the PAB repeatedly represented that its participation would be "instrumental to developing an accurate and factual record" because it is "*the only party that has experienced and participated in every facet of the chapter 11 cases.*" [D.I. 13191 at 5 (emphasis added); *see also* D.I. 13163 at 10 (same).] Moreover, the PAB agreed in these proceedings to collect, review, and produce relevant documents dating back to April 29, 2014, thereby conceding that it has possession,

ROPES & GRAY LLP

- 3 -

custody and control of responsive information dating back at least to the commencement of these chapter 11 cases.  Nor can the PAB satisfy its obligations under Rule 30(b)(6) by pointing to Mr. Horton's testimony in his individual capacity.  The "duty of preparation" for a 30(b)(6) deposition "goes beyond the designee's personal knowledge and matters in which the designee was personally involved," and "[i]f necessary, the deponent must use documents, past employees, or other resources to obtain responsive information."  *Crawford v. George & Lynch, Inc.*, 19 F. Supp. 3d 546, 554 (D. Del. 2013).

*Third*, the PAB cannot identify any undue burden associated with producing a witness on the Topics, particularly for a short deposition that is capped at four hours under the Scheduling Order. The PAB chose to insert itself in the litigation based on its purported "obligation to provide relevant information of which it has knowledge."  [D.I. 13191 at 5.]  The PAB thus should not be excused from providing "relevant information" based on conclusory, unsupported assertions of burden.

*Fourth*, and finally, contrary to the PAB's objections, the Topics do not inappropriately seek privileged information.  The Topics call for testimony concerning the PAB's knowledge of the underlying *facts* concerning, for example, the Debtors' pursuit of a nontaxable transaction, negotiations surrounding the NextEra Merger, and the negotiation and drafting of the Interim Compensation Order.  It is axiomatic that "the facts of which the [PAB] had knowledge, and its conduct, which it must divulge through its 30(b)(6) witness, are not privileged."  *Polansky v. Exec. Health Res., Inc.*, 300 F. Supp. 3d 658, 662 (E.D. Pa. 2018).  The PAB may instruct its witness not to answer specific questions to the extent they would require divulging privileged communications. But the PAB cannot avoid producing a witness on the Topics altogether through blanket assertions of privilege.  *See Great W. Life Assur. Co. v. Levithan*, 152 F.R.D. 494, 498 (E.D. Pa. 1994) (denying motion for protective order where "defendant has done nothing here but make several 'boilerplate,' privilege objections.").

## CONCLUSION

For these reasons, Movants respectfully ask that the Court order the PAB to produce a witness on the Topics before the August 10, 2018 close of fact discovery.  If, moreover, the PAB is permitted not to testify regarding the Topics (or to limit its testimony to information that post-dates March 9, 2018), Movants respectfully request that any substantive submissions the PAB makes on such Topics, including the *Response of the EFH Plan Administrator Board to the Joint Motion of Movants to Fix Appropriate Allocation of Certain Reserves and Expenses Between the EFH and EFIH Debtors* [D.I. 13150], the PAB's Preliminary Statement, and any final written submission from the PAB objecting to the Allocation Motion, be stricken from the record of these proceedings.

Respectfully,


*/s/ Gregg M. Galardi*
Gregg M. Galardi

EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | ) ) ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) ) Case No. 14-10979 (CSS) ) ) (Jointly Administered) |
| *Debtors.* | ) ) |

**NOTICE OF DEPOSITION OF THE PLAN ADMINISTRATOR BOARD
PURSUANT TO FED. R. CIV. P. 30(b)(6)**

**TO:** The EFH Plan Administrator Board, c/o Counsel.

Mark D. Collins, Esq.
Daniel J. DeFranceschi, Esq.
Jason M. Madron, Esq.
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, Delaware 19801


-and-

Mark E. McKane, P.C.
Kirkland & Ellis LLP
Kirkland & Ellis International LLP
555 California Street
San Francisco, California 94104

Edward O. Sassower, Esq.
Stephen E. Hessler, Esq.
Brian E. Schartz, Esq.
Aparna Yenamandra, Esq.
Kirkland & Ellis LLP
Kirkland & Ellis International LLP
601 Lexington Avenue
New York, New York 10022

-and-

James H.M. Sprayregen, Esq.
Chad J. Husnick, Esq.
Marc Kieselstein, Esq.
Steven N. Serajeddini, Esq.
Kirkland & Ellis LLP
Kirkland & Ellis International LLP
300 North LaSalle
Chicago, Illinois 60654

1

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, as made applicable by Rule 7030 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of Bankruptcy Practice and Procedure for United State Bankruptcy Court for the District of Delaware, UMB Bank, N.A., as Indenture Trustee (the "Trustee") for the unsecured 11.25%/12.25% Senior Toggle Notes due 2018, Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, "Elliott" or the "Elliott Funds," and, together with the Trustee, the "Movants"), by their counsel of record, will take the deposition upon oral examination of the EFH Plan Administrator Board ("the PAB") in connection with the *Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott to Fix Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors* [D.I. 13102] (the "Allocation Motion"). The deposition will begin on August 2, 2018 at 9:00 AM at the office of Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036-8704 or at a location to be mutually agreed upon by the parties. The testimony will be recorded by stenographic and/or audiovisual means and will continue from day to day until completed.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to Federal Rules of Bankruptcy Procedure 7030 and Federal Rule of Civil Procedure 30(b)(6), the PAB must designate one or more persons to testify on its behalf with regard to all matters known or reasonably available to them on the matters set forth in **Schedule A** attached hereto. The Movants request that the PAB provide, as soon as reasonably possible, a written designation of the name(s) and position(s) of the persons who consent to testify on behalf of the PAB, and in all events at least forty-eight hours in advance of the deposition pursuant to Paragraph 14 of the Scheduling Order [D.I. 13193].

July 16, 2018

/s/ Erin R. Fay
BAYARD, P.A.
Scott D. Cousins (No. 3079)
Erin R. Fay (No. 5268)
Evan T. Miller (No. 5364)
600 North King St, Suite 400
Wilmington, DE 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
E-mail:  scousins@bayardlaw.com
         efay@bayardlaw.com
         emiller@bayardlaw.com

--AND--

ROPES & GRAY LLP
Gregg M. Galardi
Matthew L. McGinnis (*pro hac vice*)
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: 212-596-9000
Facsimile:  212-596-9090

Gregg.Galardi@ropesgray.com
Matthew.McGinnis@ropesgray.com

*Counsel for Elliott and UMB Bank,
N.A., as Trustee*

## SCHEDULE A – 30(b)(6) TOPICS

## CONCERNING THE ALLOCATION MOTION

Pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure and Rules 7030, 9014, and 9016 of the Federal Rules of Bankruptcy Procedure, the PAB is required to designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf with respect to each of the subjects set forth below.  This deposition seeks testimony in connection with the Allocation Motion.  The requesting parties reserve all rights to seek additional testimony in connection with subsequent phases of this proceeding.

## <u>DEFINITIONS</u>

The following definitions of terms apply to the deposition topics contained herein. Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

A.     "Allocation Motion" means the *Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott to Fix Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors*, dated May 13, 2018 [D.I. 13102].

B.     "Bankruptcy Code" means Title 11 of the United States Code.

C.     "Chapter 11 Cases" means the above-captioned chapter 11 cases, commenced by the Debtors in the Court on or around April 29, 2014.

D.     "Communication" means the transmittal of information in any form.

E.     "Concerning," whether capitalized or not, means relating to, referring to, describing, evidencing, reflecting, regarding, constituting, discussing, mentioning, noting, memorializing, analyzing, commenting upon, evaluating, having any connection with, or having a tendency to prove or disprove.

4

F. "Court" means the United States Bankruptcy Court for the District of Delaware.

G. "Debtors," "EFH/EFIH Debtors," or "E-Side Debtors" means, collectively, EFH and EFIH, and any of their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives.

H. "Distributions" means the payment of claims to creditors in accordance with the distribution scheme under the Bankruptcy Code.

I. "Document," whether capitalized or not, is defined to be synonymous in meaning and equal in scope to the use of this term in Federal Rule of Civil Procedure 34(a), and shall include therefore, without limitation, any recording of information in whatever form, including but not limited to memoranda, correspondence, e-mails, personal notes, spreadsheets, databases, work papers, telephone logs, text messages, calendars, plan books, diaries, journals and daily records of activity, drawings, graphs, charts, maps, photographs, video and/or audio recordings and other data compilations from which information can be obtained or translated (with or without the use of detection devices), including electronic files, records, and archives.

J. "EFH" means Energy Future Holdings Corporation, and any current or former officer, director, partner, agent, employee, or attorney acting on behalf of EFH or in his or her capacity as a current or former officer, director, partner, agent, employee, or attorney of EFH.

K. "EFH Disinterested Directors" means Donald Evans and Billie Williamson, and any agent, employee, or attorney thereof.

L. "EFIH" means Energy Future Intermediate Holding Company LLC, and any current or former officer, director, partner, agent, employee, or attorney acting on behalf of EFIH or in his or her capacity as a current or former officer, director, partner, agent, employee, or attorney of EFIH.

M.      "EFIH Disinterested Director" means Charles Cremens, and any agent, employee, or attorney thereof.

N.      "E-Side Committee" means the official committee of unsecured creditors of EFH, EFIH, EFIH Finance, Inc., and EECI, Inc. formed by the Office of the United States Trustee for the District of Delaware on or around October 27, 2014, and any current or former officer, director, partner, agent, employee, or attorney thereof, and any current or former parents, subsidiaries, or affiliates.

O.      "Estate(s)" means the bankruptcy estate(s) of (i) EFH, (ii) EFIH, and/or (iii) the T-Side Debtors, and any current or former parents, subsidiaries, or affiliates.

P.      "Interim Compensation Order" means the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals*, dated September 16, 2014 [D.I. 2066].

Q.      "Keglevic First Day Declaration" means the *Declaration of Paul Keglevic In Support of First Day Motions*, dated April 29, 2014 [D.I. 98].

R.      "Liquidation Analysis" means the liquidation analysis filed on July 20, 2017 [D.I.11521] as Exhibit 1 to the Disclosure Statement for the Plan dated July 7, 2017 [D.I. 11427].

S.      "Material Administrative Expense Claim" means any of the four administrative expense claims as defined in Paragraph 3 of the Allocation Motion.

T.      "Make-Whole Dispute" means the negotiation, litigation, and settlement relating to EFIH's putative right to redeem its unsecured notes outstanding at the time of bankruptcy, as described in *In re Energy Future Holdings Corp.*, 842 F.3d 247 (3d Cir. 2016).

U.      "NextEra" means NextEra Energy, Inc., and any current or former officer, director, partner, agent, employee, or attorney thereof, and any current or former parents, subsidiaries, or affiliates.

V.      "NextEra Merger Agreement" means the merger agreement between the E-Side Debtors and NextEra agreed to in or around July 2016 and authorized by this Court on or around September 19, 2016.

W.      "Omnibus Tax Memorandum" means the tax memorandum filed on October 1, 2014 [D.I. 2296].

X.      "Oncor" means Oncor Electric Delivery Company LLC, Oncor Electric Delivery Holdings Company LLC, and any current or former officer, director, partner, agent, employee, or attorney thereof, and any current or former parents, subsidiaries, or affiliates.

Y.      "PAB," "You," "Your," and "Yours," means the EFH Plan Administrator Board, and any current or former officer, director, partner, agent, employee, or attorney thereof, and any current or former parents, subsidiaries, or affiliates.

Z.      "PAB Preliminary Statement" means the *Preliminary Statement of EFH Administrator Board to the Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott to Fix Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors*, dated June 29, 2018.

AA.     "Person" or "persons," whether capitalized or not, means any natural person or legal entity, including, without limitation, any business or governmental entity or association.

BB.     "Professional" means any person, entity, or organization engaged or retained by the PAB or the E-Side Debtors in connection with the Chapter 11 Cases that has sought, is

seeking, or will seek compensation or reimbursement from any of the Estates for services rendered in connection with the Chapter 11 Cases.

CC.    A "representative" of a person or an entity means any officer, director, partner, agent, employee, or attorney of such person or entity.

DD.    "TCEH" means Texas Competitive Electric Holdings Company LLC, and any current or former officer, director, partner, agent, employee, or attorney thereof, and any current or former parents, subsidiaries, or affiliates.

EE.    "TCEH Settlement" means the settlement and support agreement among the E-Side Debtors, the E-Side Committee, and TCEH, among others, on or around November 23, 2015.

FF.    "T-Side Debtors" means TCEH and certain of its subsidiaries, and any current or former officer, director, partner, agent, employee, or attorney thereof, and any current or former parents, subsidiaries, or affiliates.

GG.    Capitalized terms defined in the Allocation Motion and used but not otherwise defined herein shall have the meaning ascribed in the Allocation Motion.

## <u>RULE 30(B)(6) DEPOSITION TOPICS</u>

1.    Invoices, billing statements, and time records for any Professional engaged or retained by the E-Side Debtors or that provided legal services to the E-Side Debtors in connection with the Chapter 11 Cases.

2.    The drafting, preparation, and submission of any Professional's monthly, interim, and final fee applications in the Chapter 11 Cases.

3.    Any payment made to any Professional in connection with the Chapter 11 Cases, including but not limited to (i) the amount of each payment, (ii) the date of each payment, (iii)

which Estate made each payment or, if a payment was paid by more than one Estate, the percentage or amount of the payment paid by each Estate, (iv) the recipient of each payment, and (v) a description of the services rendered or work performed in connection with each payment.

4.      Any actual or potential conflicts of interest relating to the decision to pursue a taxable or nontaxable transaction to dispose of the E-Side Debtors' interest in Oncor or the PAB's participation in this allocation dispute, and any efforts to address such actual or potential conflicts of interest.

5.      Any allocation (inclusive of proposed or tentative allocations) of any professional fees or expenses incurred in connection with the Chapter 11 Cases as among or between the Estates, including but not limited to the methodology used to derive such allocation, including but not limited to Communications between You and the E-Side Debtors, the E-Side Committee, or their respective attorneys.

6.      The allocation of any of the Material Administrative Expense Claims as between or among the Estates, including but not limited to Communications between You and the EFH Disinterested Directors, the EFIH Disinterested Director, or their respective attorneys.

7.      The effect on Distributions or creditor recoveries resulting from the allocation of any of the Material Administrative Expense Claims as between or among the Estates, including but not limited to Communications between or among You, Your Professionals, the EFH Disinterested Directors, the EFIH Disinterested Director, or their respective attorneys.

8.      The negotiation and drafting of the Interim Compensation Order, including but not limited to the determination that Professionals "shall allocate . . . any fees and expenses sought in connection with each Monthly Fee Statement" as either "Direct Benefit Fees" or "Collective Benefit Fees," and the methodology for deriving said "Collective Benefit Fees."

9

9.    The decision to pursue a taxable or nontaxable transaction to dispose of the E-Side Debtors' interest in Oncor, including but not limited to (i) potential recoveries for EFH and EFIH unsecured creditors in connection with such transaction, (ii) any actual or potential tax liabilities of each Estate in connection with such transaction, and (iii) any analysis, consideration of, or efforts to solicit or consummate such transaction.

10.    The Omnibus Tax Memorandum, including but not limited to all drafts and analyses of, or Communications concerning, the Omnibus Tax Memorandum and the assertions contained therein.

11.    The Keglevic First Day Declaration, including but not limited to all drafts and analyses of and Communications concerning the Keglevic First Day Declaration and the allegations and statements contained therein.

12.    The PAB Preliminary Statement, including but not limited to the assertions contained therein.

13.    The Liquidation Analysis, including but not limited to all drafts and analyses of and Communications concerning the Liquidation Analysis and the assertions contained therein.

14.    The Make-Whole Dispute, including but not limited to all analyses of and Communications concerning the Make-Whole Dispute.

15.    The TCEH Settlement, including but not limited to all analyses of and Communications concerning the TCEH Settlement.

16.    The negotiation and drafting of the NextEra Merger Agreement, including but not limited to the negotiation of (i) the assumption of asbestos liabilities, (ii) the increase in NextEra's termination fee from $110 million to $275 million, (iii) the increase in merger transaction purchase price by $300 million, and (iv) NextEra's removal of its "match right" in

connection with the NextEra Merger Agreement.

17.    The authenticity of all Documents produced by You or by the Debtors in the Chapter 11 Cases.

# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**THE EFH PLAN ADMINISTRATOR BOARD'S RESPONSES AND**
**OBJECTIONS TO THE NOTICE OF DEPOSITION OF THE PLAN**
**ADMINISTRATOR BOARD PURSUANT TO FED. R. CIV. P. 30(b)(6)**

Pursuant to rules 26 and 30 of the Federal Rules of Civil Procedure (the "<u>Federal Rules</u>"), made applicable to these proceedings by rules 7026, 7030, and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and the *Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott to Fix Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors*, dated June 11, 2018 [D.I. 13193], the EFH Plan Administrator Board (the "<u>PAB</u>) hereby serves these responses and objections to the *Notice of Deposition of the Plan Administrator Board Pursuant to Fed. R. Civ. P. 30(b)(6)*, dated July 16, 2018 (the "<u>Notice</u>") of UMB Bank, N.A. and Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, "<u>Elliott</u>") in connection with the *Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott to Fix Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors*, dated May 13, 2018 [D.I. 13102] (the "<u>Allocation Motion</u>").

<u>**Specific Responses and Objections**</u>

The PAB incorporates by reference its General Objections set forth below to the extent applicable herein.    Nothing in these responses and objections shall be construed as an

acceptance, endorsement, or adoption by the PAB of any instruction or definition of any term contained in the Notice.

## Topic No. 1

Invoices, billing statements, and time records for any Professional engaged or retained by the E-Side Debtors or that provided legal services to the E-Side Debtors in connection with the Chapter 11 Cases.

## Response to Topic No. 1

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case. The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure. The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott. The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

## Topic No. 2

The drafting, preparation, and submission of any Professional's monthly, interim, and final fee applications in the Chapter 11 Cases.

## Response to Topic No. 2

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case. The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure. The PAB further objects to this Topic to

2

the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott.  The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

### Topic No. 3

Any payment made to any Professional in connection with the Chapter 11 Cases, including but not limited to (i) the amount of each payment, (ii) the date of each payment, (iii) which Estate made each payment or, if a payment was paid by more than one Estate, the percentage or amount of the payment paid by each Estate, (iv) the recipient of each payment, and (v) a description of the services rendered or work performed in connection with each payment.

### Response to Topic No. 3

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case.  The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure.  The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott.  The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

### Topic No. 4

Any actual or potential conflicts of interest relating to the decision to pursue a taxable or nontaxable transaction to dispose of the E-Side Debtors' interest in Oncor or the PAB's participation in this allocation dispute, and any efforts to address such actual or potential conflicts of interest.

3

### Response to Topic No. 4

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case. The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure. The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott. The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

### Topic No. 5

Any allocation (inclusive of proposed or tentative allocations) of any professional fees or expenses incurred in connection with the Chapter 11 Cases as among or between the Estates, including but not limited to the methodology used to derive such allocation, including but not limited to Communications between You and the E-Side Debtors, the E-Side Committee, or their respective attorneys.

### Response to Topic No. 5

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case. The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure. The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott. The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

4

Subject to and without waiving any of its Specific or General Objections, the PAB designates Anthony Horton as its Federal Rule 30(b)(6) witness to testify generally regarding this Topic to the extent (if at all) it relates to the claims and defenses at issue in this matter and to the extent such testimony is within the PAB's knowledge.

### Topic No. 6

The allocation of any of the Material Administrative Expense Claims as between or among the Estates, including but not limited to Communications between You and the EFH Disinterested Directors, the EFIH Disinterested Director, or their respective attorneys.

### Response to Topic No. 6

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case. The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure. The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott. The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

Subject to and without waiving any of its Specific or General Objections, the PAB designates Anthony Horton as its Federal Rule 30(b)(6) witness to testify generally regarding this Topic to the extent (if at all) it relates to the claims and defenses at issue in this matter and to the extent such testimony is within the PAB's knowledge.

### Topic No. 7

The effect on Distributions or creditor recoveries resulting from the allocation of any of the Material Administrative Expense Claims as between or among the Estates, including but not

5

limited to Communications between or among You, Your Professionals, the EFH Disinterested Directors, the EFIH Disinterested Director, or their respective attorneys.

### Response to Topic No. 7

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case. The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure. The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott. The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

Subject to and without waiving any of its Specific or General Objections, the PAB designates Anthony Horton as its Federal Rule 30(b)(6) witness to testify generally regarding this Topic to the extent (if at all) it relates to the claims and defenses at issue in this matter and to the extent such testimony is within the PAB's knowledge.

### Topic No. 8

The negotiation and drafting of the Interim Compensation Order, including but not limited to the determination that Professionals "shall allocate . . . any fees and expenses sought in connection with each Monthly Fee Statement" as either "Direct Benefit Fees" or "Collective Benefit Fees," and the methodology for deriving said "Collective Benefit Fees."

### Response to Topic No. 8

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case. The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common

6

interest doctrine, or other protection from disclosure.  The PAB further objects to this Topic to

the extent that it seeks information that has already been provided in these chapter 11 cases, or

that is publicly available or equally available to UMB Bank, N.A and Elliott.  The PAB further

objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any

person or entity other than the PAB.

### Topic No. 9

The decision to pursue a taxable or nontaxable transaction to dispose of the E-Side
Debtors' interest in Oncor, including but not limited to (i) potential recoveries for EFH and EFIH
unsecured creditors in connection with such transaction, (ii) any actual or potential tax liabilities
of each Estate in connection with such transaction, and (iii) any analysis, consideration of, or
efforts to solicit or consummate such transaction.

### Response to Topic No. 9

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to

any party's claim or defense regarding the proceedings on the Allocation Motion or proportional

to the needs of the case.  The PAB also objects to this Topic to the extent that it seeks

information that is protected by the attorney-client privilege, work product doctrine, common

interest doctrine, or other protection from disclosure.  The PAB further objects to this Topic to

the extent that it seeks information that has already been provided in these chapter 11 cases, or

that is publicly available or equally available to UMB Bank, N.A and Elliott.  The PAB further

objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any

person or entity other than the PAB.

### Topic No. 10

The Omnibus Tax Memorandum, including but not limited to all drafts and analyses of,
or Communications concerning, the Omnibus Tax Memorandum and the assertions contained
therein.

## **Response to Topic No. 10**

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case.  The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure.  The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott.  The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

## **Topic No. 11**

The Keglevic First Day Declaration, including but not limited to all drafts and analyses of and Communications concerning the Keglevic First Day Declaration and the allegations and statements contained therein.

## **Response to Topic No. 11**

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case.  The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure.  The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott.  The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

**Topic No. 12**

The PAB Preliminary Statement, including but not limited to the assertions contained therein.

**Response to Topic No. 12**

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case.  The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure.  The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott.  The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

Subject to and without waiving any of its Specific or General Objections, the PAB designates Anthony Horton as its Federal Rule 30(b)(6) witness to testify generally regarding this Topic.

**Topic No. 13**

The Liquidation Analysis, including but not limited to all drafts and analyses of and Communications concerning the Liquidation Analysis and the assertions contained therein.

**Response to Topic No. 13**

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case.  The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure.  The PAB further objects to this Topic to

the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott.  The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

### Topic No. 14

The Make-Whole Dispute, including but not limited to all analyses of and Communications concerning the Make-Whole Dispute.

### Response to Topic No. 14

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case.  The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure.  The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott.  The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

### Topic No. 15

The TCEH Settlement, including but not limited to all analyses of and Communications concerning the TCEH Settlement.

### Response to Topic No. 15

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case.  The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common

interest doctrine, or other protection from disclosure.  The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott.  The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

### Topic No. 16

The negotiation and drafting of the NextEra Merger Agreement, including but not limited to the negotiation of (i) the assumption of asbestos liabilities, (ii) the increase in NextEra's termination fee from $110 million to $275 million, (iii) the increase in merger transaction purchase price by $300 million, and (iv) NextEra's removal of its "match right" in connection with the NextEra Merger Agreement.

### Response to Topic No. 16

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case.  The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure.  The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott.  The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

### Topic No. 17

The authenticity of all Documents produced by You or by the Debtors in the Chapter 11 Cases.

11

## Response to Topic No. 17

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case.  The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure.  The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott.  The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

## General Objections

1.      The PAB objects to each Topic to the extent that it is overly broad, unduly burdensome, and/or seeks information which is not relevant to any party's claim or defense or proportional to the needs of the case in connection with the Allocation Motion.

2.      The PAB objects to each Topic to the extent that it is not limited in time or scope or designates a time or scope that, in light of the relevant circumstances, is overbroad, is not relevant to the Allocation Motion, or is not proportional to the needs of the case.

3.      The PAB objects to each Topic to the extent that it is vague, ambiguous, or unclear, including the use of terms that are not defined and/or not otherwise susceptible to any single meaning.

4.      The PAB objects to each Topic to the extent that it is duplicative, cumulative, and/or redundant of other Topics or requests made in connection with these proceedings or these chapter 11 cases, and/or seeks information that could be obtained through other discovery methods.

5.      The PAB objects to each Topic to the extent it calls for legal opinion testimony from lay witnesses, which is improper and unnecessary for the Court's consideration and resolution of the Allocation Motion.

6.      The PAB objects to each Topic to the extent that it fails to describe the matters on which examination is requested with the reasonable particularity required by Federal Rule 30(b)(6).

7.      The PAB objects to each Topic to the extent that it seeks information protected by the attorney-client privilege, the common interest doctrine, the attorney work product doctrine, or any other applicable privilege or protection from disclosure, or that would result in disclosure of counsel's mental impressions, conclusions, opinions, memoranda, notes or summaries, legal research, or legal theories concerning this or any other litigation.

8.      The PAB objects to each Topic to the extent that it seeks material that may not be divulged by law.

9.      The PAB objects to each Topic to the extent that it seeks information from the PAB that contain sensitive, confidential, competitive, developmental, or commercial research information that is of a proprietary nature and/or is protected by other privacy protections provided by applicable laws, rules, and/or regulations.  To the extent any such information is disclosed in response to the Notice, such disclosure shall be subject to the Confidentiality Agreement and Stipulated Protective Order entered by the Court on August 13, 2014 [D.I. 1833].

10.     The PAB objects to the Definitions and Instructions to the extent that they render the Topics overbroad and unduly burdensome.

11.     The PAB objects to each Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.  The PAB responds to the Notice on behalf of itself only.

12.     The PAB objects to all Instructions, Definitions, and Topics to the extent they contain erroneous factual allegations or conclusions.  By responding to the Notice, the PAB does not admit the truth of any such allegations or conclusions.

13.     The PAB objects to each Topic to the extent that it seeks disclosure from which the PAB is entitled to seek protection due to annoyance, embarrassment, oppression, or undue burden or expense.  The PAB reserves the right to seek such protections pursuant to Bankruptcy Rule 7026(c)(1).

14.     The PAB objects to each Topic to the extent that it purports to impose obligations on the PAB greater than those required by Federal Rules of Civil Procedure 26 and 30, made applicable to these proceedings by Bankruptcy Rules 7026, 7030, and 9014, and any other applicable laws or rules.

15.     To the extent the PAB asserts a specific objection to a particular Topic, the PAB does not thereby waive these General Objections.  To the extent that the PAB objects to a particular Topic but responds to said Topic in whole or in part, the PAB does not thereby waive any objection to that Topic.

16.     The PAB responds to each topic based on its present knowledge.  The PAB reserves the right to make any use of and/or introduce in any hearing or at trial, information not known to exist at the time of any deposition.

17.     The PAB objects to each Topic to the extent that it seeks information that is publicly available or equally available to the requesting party.

18.    To the extent the PAB produces a witness to provide testimony on a given Topic, it does not necessarily mean corporate knowledge on that topic exists.

*    *    *    *    *

At the appropriate time, the PAB may supplement these general and specific objections, and the PAB expressly reserves its right to do so.

Notwithstanding and without waiving the foregoing, the PAB is willing to meet and confer with UMB Bank, N.A. and Elliott.

Dated:  July 30, 2018
Wilmington, Delaware

*/s/ Jason M. Madron*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Mark McKane, P.C. (admitted *pro hac vice*)
555 California Street
San Francisco, California 94104
Telephone:     (415) 439-1400

Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:     (212) 446-4800

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000

*Co-counsel to the EFH Plan Administrator Board*

# EXHIBIT C

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**THE EFH PLAN ADMINISTRATOR BOARD'S FIRST AMENDED RESPONSES AND
OBJECTIONS TO THE NOTICE OF DEPOSITION OF THE PLAN
ADMINISTRATOR BOARD PURSUANT TO FED. R. CIV. P. 30(b)(6)**

Pursuant to rules 26 and 30 of the Federal Rules of Civil Procedure (the "<u>Federal Rules</u>"), made applicable to these proceedings by rules 7026, 7030, and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and the *Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott to Fix Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors*, dated June 11, 2018 [D.I. 13193], the EFH Plan Administrator Board (the "<u>PAB</u>) hereby serves these first amended responses and objections to the *Notice of Deposition of the Plan Administrator Board Pursuant to Fed. R. Civ. P. 30(b)(6)*, dated July 16, 2018 (the "<u>Notice</u>") of UMB Bank, N.A. and Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, "<u>Elliott</u>") in connection with the *Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott to Fix Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors*, dated May 13, 2018 [D.I. 13102] (the "<u>Allocation Motion</u>").

### <u>Specific Responses and Objections</u>

The PAB incorporates by reference its General Objections set forth below to the extent applicable herein.  Nothing in these responses and objections shall be construed as an

acceptance, endorsement, or adoption by the PAB of any instruction or definition of any term

contained in the Notice.

## Topic No. 1

Invoices, billing statements, and time records for any Professional engaged or retained by
the E-Side Debtors or that provided legal services to the E-Side Debtors in connection with the
Chapter 11 Cases.

## Response to Topic No. 1

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to

any party's claim or defense regarding the proceedings on the Allocation Motion or proportional

to the needs of the case.   The PAB also objects to this Topic to the extent that it seeks

information that is protected by the attorney-client privilege, work product doctrine, common

interest doctrine, or other protection from disclosure.   The PAB further objects to this Topic to

the extent that it seeks information that has already been provided in these chapter 11 cases, or

that is publicly available or equally available to UMB Bank, N.A and Elliott.   The PAB further

objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any

person or entity other than the PAB.

Subject to and without waiving any of its Specific or General Objections, the PAB

designates Anthony Horton as its Federal Rule 30(b)(6) witness to testify generally regarding

this Topic to the extent (if at all) it relates to the claims and defenses at issue in this matter and to

the extent such testimony is within the PAB's corporate knowledge.   To the extent the

information sought by this Topic predates the creation of the PAB, Mr. Horton will be available

to testify in his individual capacity, provided such testimony is within Mr. Horton's personal

knowledge, it relates to the claims and defenses at issue in this matter, and subject to and without

waiving any Specific or General Objections.

## Topic No. 2

The drafting, preparation, and submission of any Professional's monthly, interim, and final fee applications in the Chapter 11 Cases.

## Response to Topic No. 2

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case. The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure. The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott. The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

Subject to and without waiving any of its Specific or General Objections, the PAB designates Anthony Horton as its Federal Rule 30(b)(6) witness to testify generally regarding this Topic to the extent (if at all) it relates to the claims and defenses at issue in this matter and to the extent such testimony is within the PAB's corporate knowledge. To the extent the information sought by this Topic predates the creation of the PAB, Mr. Horton will be available to testify in his individual capacity, provided such testimony is within Mr. Horton's personal knowledge, it relates to the claims and defenses at issue in this matter, and subject to and without waiving any Specific or General Objections.

## Topic No. 3

Any payment made to any Professional in connection with the Chapter 11 Cases, including but not limited to (i) the amount of each payment, (ii) the date of each payment, (iii) which Estate made each payment or, if a payment was paid by more than one Estate, the

percentage or amount of the payment paid by each Estate, (iv) the recipient of each payment, and (v) a description of the services rendered or work performed in connection with each payment.

### Response to Topic No. 3

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case. The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure. The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott. The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

Subject to and without waiving any of its Specific or General Objections, the PAB designates Anthony Horton as its Federal Rule 30(b)(6) witness to testify generally regarding this Topic to the extent (if at all) it relates to the claims and defenses at issue in this matter and to the extent such testimony is within the PAB's corporate knowledge. To the extent the information sought by this Topic predates the creation of the PAB, Mr. Horton will be available to testify in his individual capacity, provided such testimony is within Mr. Horton's personal knowledge, it relates to the claims and defenses at issue in this matter, and subject to and without waiving any Specific or General Objections.

### Topic No. 4

Any actual or potential conflicts of interest relating to the decision to pursue a taxable or nontaxable transaction to dispose of the E-Side Debtors' interest in Oncor or the PAB's participation in this allocation dispute, and any efforts to address such actual or potential conflicts of interest.

4

**<u>Response to Topic No. 4</u>**

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case.  The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure.  The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott.  The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

Subject to and without waiving any of its Specific or General Objections, the PAB designates Anthony Horton as its Federal Rule 30(b)(6) witness to testify generally regarding this Topic to the extent (if at all) it relates to the claims and defenses at issue in this matter and to the extent such testimony is within the PAB's corporate knowledge.  To the extent the information sought by this Topic predates the creation of the PAB, Mr. Horton will be available to testify in his individual capacity, provided such testimony is within Mr. Horton's personal knowledge, it relates to the claims and defenses at issue in this matter, and subject to and without waiving any Specific or General Objections.

**<u>Topic No. 5</u>**

Any allocation (inclusive of proposed or tentative allocations) of any professional fees or expenses incurred in connection with the Chapter 11 Cases as among or between the Estates, including but not limited to the methodology used to derive such allocation, including but not limited to Communications between You and the E-Side Debtors, the E-Side Committee, or their respective attorneys.

## Response to Topic No. 5

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case. The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure. The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott. The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

Subject to and without waiving any of its Specific or General Objections, the PAB designates Anthony Horton as its Federal Rule 30(b)(6) witness to testify generally regarding this Topic to the extent (if at all) it relates to the claims and defenses at issue in this matter and to the extent such testimony is within the PAB's corporate knowledge. To the extent the information sought by this Topic predates the creation of the PAB, Mr. Horton will be available to testify in his individual capacity, provided such testimony is within Mr. Horton's personal knowledge, it relates to the claims and defenses at issue in this matter, and subject to and without waiving any Specific or General Objections.

## Topic No. 6

The allocation of any of the Material Administrative Expense Claims as between or among the Estates, including but not limited to Communications between You and the EFH Disinterested Directors, the EFIH Disinterested Director, or their respective attorneys.

## Response to Topic No. 6

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional

6

to the needs of the case. The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure. The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott. The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

Subject to and without waiving any of its Specific or General Objections, the PAB designates Anthony Horton as its Federal Rule 30(b)(6) witness to testify generally regarding this Topic to the extent (if at all) it relates to the claims and defenses at issue in this matter and to the extent such testimony is within the PAB's corporate knowledge. To the extent the information sought by this Topic predates the creation of the PAB, Mr. Horton will be available to testify in his individual capacity, provided such testimony is within Mr. Horton's personal knowledge, it relates to the claims and defenses at issue in this matter, and subject to and without waiving any Specific or General Objections.

### Topic No. 7

The effect on Distributions or creditor recoveries resulting from the allocation of any of the Material Administrative Expense Claims as between or among the Estates, including but not limited to Communications between or among You, Your Professionals, the EFH Disinterested Directors, the EFIH Disinterested Director, or their respective attorneys.

### Response to Topic No. 7

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case. The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common

interest doctrine, or other protection from disclosure.  The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott.  The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

Subject to and without waiving any of its Specific or General Objections, the PAB designates Anthony Horton as its Federal Rule 30(b)(6) witness to testify generally regarding this Topic to the extent (if at all) it relates to the claims and defenses at issue in this matter and to the extent such testimony is within the PAB's corporate knowledge.  To the extent the information sought by this Topic predates the creation of the PAB, Mr. Horton will be available to testify in his individual capacity, provided such testimony is within Mr. Horton's personal knowledge, it relates to the claims and defenses at issue in this matter, and subject to and without waiving any Specific or General Objections.

## Topic No. 8

The negotiation and drafting of the Interim Compensation Order, including but not limited to the determination that Professionals "shall allocate . . . any fees and expenses sought in connection with each Monthly Fee Statement" as either "Direct Benefit Fees" or "Collective Benefit Fees," and the methodology for deriving said "Collective Benefit Fees."

## Response to Topic No. 8

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case.  The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure.  The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or

that is publicly available or equally available to UMB Bank, N.A and Elliott. The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

Subject to and without waiving any of its Specific or General Objections, the PAB designates Anthony Horton as its Federal Rule 30(b)(6) witness to testify generally regarding this Topic to the extent (if at all) it relates to the claims and defenses at issue in this matter and to the extent such testimony is within the PAB's corporate knowledge. To the extent the information sought by this Topic predates the creation of the PAB, Mr. Horton will be available to testify in his individual capacity, provided such testimony is within Mr. Horton's personal knowledge, it relates to the claims and defenses at issue in this matter, and subject to and without waiving any Specific or General Objections.

## Topic No. 9

The decision to pursue a taxable or nontaxable transaction to dispose of the E-Side Debtors' interest in Oncor, including but not limited to (i) potential recoveries for EFH and EFIH unsecured creditors in connection with such transaction, (ii) any actual or potential tax liabilities of each Estate in connection with such transaction, and (iii) any analysis, consideration of, or efforts to solicit or consummate such transaction.

## Response to Topic No. 9

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case. The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure. The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott. The PAB further

objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

Subject to and without waiving any of its Specific or General Objections, the PAB designates Anthony Horton as its Federal Rule 30(b)(6) witness to testify generally regarding this Topic to the extent (if at all) it relates to the claims and defenses at issue in this matter and to the extent such testimony is within the PAB's corporate knowledge.  To the extent the information sought by this Topic predates the creation of the PAB, Mr. Horton will be available to testify in his individual capacity, provided such testimony is within Mr. Horton's personal knowledge, it relates to the claims and defenses at issue in this matter, and subject to and without waiving any Specific or General Objections.

## Topic No. 10

The Omnibus Tax Memorandum, including but not limited to all drafts and analyses of, or Communications concerning, the Omnibus Tax Memorandum and the assertions contained therein.

## Response to Topic No. 10

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case.  The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure.  The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott.  The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

Subject to and without waiving any of its Specific or General Objections, the PAB designates Anthony Horton as its Federal Rule 30(b)(6) witness to testify generally regarding this Topic to the extent (if at all) it relates to the claims and defenses at issue in this matter and to the extent such testimony is within the PAB's corporate knowledge. To the extent the information sought by this Topic predates the creation of the PAB, Mr. Horton will be available to testify in his individual capacity, provided such testimony is within Mr. Horton's personal knowledge, it relates to the claims and defenses at issue in this matter, and subject to and without waiving any Specific or General Objections.

## Topic No. 11

The Keglevic First Day Declaration, including but not limited to all drafts and analyses of and Communications concerning the Keglevic First Day Declaration and the allegations and statements contained therein.

## Response to Topic No. 11

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case. The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure. The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott. The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

Subject to and without waiving any of its Specific or General Objections, the PAB designates Anthony Horton as its Federal Rule 30(b)(6) witness to testify generally regarding this Topic to the extent (if at all) it relates to the claims and defenses at issue in this matter and to

the extent such testimony is within the PAB's corporate knowledge.  To the extent the information sought by this Topic predates the creation of the PAB, Mr. Horton will be available to testify in his individual capacity, provided such testimony is within Mr. Horton's personal knowledge, it relates to the claims and defenses at issue in this matter, and subject to and without waiving any Specific or General Objections.

## Topic No. 12

The PAB Preliminary Statement, including but not limited to the assertions contained therein.

## Response to Topic No. 12

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case.  The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure.  The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott.  The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

Subject to and without waiving any of its Specific or General Objections, the PAB designates Anthony Horton as its Federal Rule 30(b)(6) witness to testify generally regarding this Topic to the extent (if at all) it relates to the claims and defenses at issue in this matter and to the extent such testimony is within the PAB's corporate knowledge.  To the extent the information sought by this Topic predates the creation of the PAB, Mr. Horton will be available to testify in his individual capacity, provided such testimony is within Mr. Horton's personal

knowledge, it relates to the claims and defenses at issue in this matter, and subject to and without waiving any Specific or General Objections.

## Topic No. 13

The Liquidation Analysis, including but not limited to all drafts and analyses of and Communications concerning the Liquidation Analysis and the assertions contained therein.

## Response to Topic No. 13

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case. The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure. The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott. The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

Subject to and without waiving any of its Specific or General Objections, the PAB designates Anthony Horton as its Federal Rule 30(b)(6) witness to testify generally regarding this Topic to the extent (if at all) it relates to the claims and defenses at issue in this matter and to the extent such testimony is within the PAB's corporate knowledge. To the extent the information sought by this Topic predates the creation of the PAB, Mr. Horton will be available to testify in his individual capacity, provided such testimony is within Mr. Horton's personal knowledge, it relates to the claims and defenses at issue in this matter, and subject to and without waiving any Specific or General Objections.

13

## Topic No. 14

The Make-Whole Dispute, including but not limited to all analyses of and Communications concerning the Make-Whole Dispute.

## Response to Topic No. 14

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case. The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure. The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott. The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

Subject to and without waiving any of its Specific or General Objections, the PAB designates Anthony Horton as its Federal Rule 30(b)(6) witness to testify generally regarding this Topic to the extent (if at all) it relates to the claims and defenses at issue in this matter and to the extent such testimony is within the PAB's corporate knowledge. To the extent the information sought by this Topic predates the creation of the PAB, Mr. Horton will be available to testify in his individual capacity, provided such testimony is within Mr. Horton's personal knowledge, it relates to the claims and defenses at issue in this matter, and subject to and without waiving any Specific or General Objections.

## Topic No. 15

The TCEH Settlement, including but not limited to all analyses of and Communications concerning the TCEH Settlement.

## Response to Topic No. 15

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case.  The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure.  The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott.  The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

Subject to and without waiving any of its Specific or General Objections, the PAB designates Anthony Horton as its Federal Rule 30(b)(6) witness to testify generally regarding this Topic to the extent (if at all) it relates to the claims and defenses at issue in this matter and to the extent such testimony is within the PAB's corporate knowledge.  To the extent the information sought by this Topic predates the creation of the PAB, Mr. Horton will be available to testify in his individual capacity, provided such testimony is within Mr. Horton's personal knowledge, it relates to the claims and defenses at issue in this matter, and subject to and without waiving any Specific or General Objections.

## Topic No. 16

The negotiation and drafting of the NextEra Merger Agreement, including but not limited to the negotiation of (i) the assumption of asbestos liabilities, (ii) the increase in NextEra's termination fee from $110 million to $275 million, (iii) the increase in merger transaction purchase price by $300 million, and (iv) NextEra's removal of its "match right" in connection with the NextEra Merger Agreement.

### Response to Topic No. 16

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case.  The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure.  The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott.  The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

Subject to and without waiving any of its Specific or General Objections, the PAB designates Anthony Horton as its Federal Rule 30(b)(6) witness to testify generally regarding this Topic to the extent (if at all) it relates to the claims and defenses at issue in this matter and to the extent such testimony is within the PAB's corporate knowledge.  To the extent the information sought by this Topic predates the creation of the PAB, Mr. Horton will be available to testify in his individual capacity, provided such testimony is within Mr. Horton's personal knowledge, it relates to the claims and defenses at issue in this matter, and subject to and without waiving any Specific or General Objections.

### Topic No. 17

The authenticity of all Documents produced by You or by the Debtors in the Chapter 11 Cases.

### Response to Topic No. 17

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional

to the needs of the case.  The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure.  The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott.  The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

### General Objections

1.      To the extent that any question asked at the deposition is outside the scope of the specific subject matter provided in the designated topics and/or the subject matter is outside the PAB's corporate knowledge, the response to such question (if any) shall be on behalf of the witness in his individual capacity and not on behalf of the PAB.

2.      The PAB objects to each Topic to the extent that it is overly broad, unduly burdensome, and/or seeks information which is not relevant to any party's claim or defense or proportional to the needs of the case in connection with the Allocation Motion.

3.      The PAB objects to each Topic to the extent that it is not limited in time or scope or designates a time or scope that, in light of the relevant circumstances, is overbroad, is not relevant to the Allocation Motion, or is not proportional to the needs of the case.

4.      The PAB objects to each Topic to the extent that it is vague, ambiguous, or unclear, including the use of terms that are not defined and/or not otherwise susceptible to any single meaning.

5.      The PAB objects to each Topic to the extent that it is duplicative, cumulative, and/or redundant of other Topics or requests made in connection with these proceedings or these

chapter 11 cases, and/or seeks information that could be obtained through other discovery methods.

6.      The PAB objects to each Topic to the extent it calls for legal opinion testimony from lay witnesses, which is improper and unnecessary for the Court's consideration and resolution of the Allocation Motion.

7.      The PAB objects to each Topic to the extent that it fails to describe the matters on which examination is requested with the reasonable particularity required by Federal Rule 30(b)(6).

8.      The PAB objects to each Topic to the extent that it seeks information protected by the attorney-client privilege, the common interest doctrine, the attorney work product doctrine, or any other applicable privilege or protection from disclosure, or that would result in disclosure of counsel's mental impressions, conclusions, opinions, memoranda, notes or summaries, legal research, or legal theories concerning this or any other litigation.

9.      The PAB objects to each Topic to the extent that it seeks material that may not be divulged by law.

10.      The PAB objects to each Topic to the extent that it seeks information from the PAB that contain sensitive, confidential, competitive, developmental, or commercial research information that is of a proprietary nature and/or is protected by other privacy protections provided by applicable laws, rules, and/or regulations.  To the extent any such information is disclosed in response to the Notice, such disclosure shall be subject to the Confidentiality Agreement and Stipulated Protective Order entered by the Court on August 13, 2014 [D.I. 1833].

11.      The PAB objects to the Definitions and Instructions to the extent that they render the Topics overbroad and unduly burdensome.

12.     The PAB objects to each Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.  The PAB responds to the Notice on behalf of itself only.

13.     The PAB objects to all Instructions, Definitions, and Topics to the extent they contain erroneous factual allegations or conclusions.  By responding to the Notice, the PAB does not admit the truth of any such allegations or conclusions.

14.     The PAB objects to each Topic to the extent that it seeks disclosure from which the PAB is entitled to seek protection due to annoyance, embarrassment, oppression, or undue burden or expense.  The PAB reserves the right to seek such protections pursuant to Bankruptcy Rule 7026(c)(1).

15.     The PAB objects to each Topic to the extent that it purports to impose obligations on the PAB greater than those required by Federal Rules of Civil Procedure 26 and 30, made applicable to these proceedings by Bankruptcy Rules 7026, 7030, and 9014, and any other applicable laws or rules.

16.     To the extent the PAB asserts a specific objection to a particular Topic, the PAB does not thereby waive these General Objections.  To the extent that the PAB objects to a particular Topic but responds to said Topic in whole or in part, the PAB does not thereby waive any objection to that Topic.

17.     The PAB responds to each topic based on its present knowledge.  The PAB reserves the right to make any use of and/or introduce in any hearing or at trial, information not known to exist at the time of any deposition.

18.     The PAB objects to each Topic to the extent that it seeks information that is publicly available or equally available to the requesting party.

19.     To the extent the PAB produces a witness to provide testimony on a given Topic, it does not necessarily mean corporate knowledge on that topic exists.

*       *       *       *       *

At the appropriate time, the PAB may supplement these general and specific objections, and the PAB expressly reserves its right to do so.

Notwithstanding and without waiving the foregoing, the PAB is willing to meet and confer with UMB Bank, N.A. and Elliott.

Dated:  August 1, 2018
Wilmington, Delaware

*/s/ Jason M. Madron*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Mark McKane, P.C. (admitted *pro hac vice*)
555 California Street
San Francisco, California 94104
Telephone:     (415) 439-1400

Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:     (212) 446-4800

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000

*Co-counsel to the EFH Plan Administrator Board*

21