# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  |  |  |
|---|---|---|
| Mark McKane, P.C.<br>To Call Writer Directly:<br>(415) 439-1473<br>mark.mckane@kirkland.com | 555 California Street<br>San Francisco, CA 94104<br><br>(415) 439-1400<br><br>www.kirkland.com | Facsimile:<br>(415) 439-1500 |

August 3, 2018

**By e-Filing and Hand Delivery**

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge
United States Bankruptcy Court
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

        Re:    *In re Energy Future Holdings Corp.*, Case No. 14-10979 (CSS)
              August 1, 2018 Letter from G. Galardi [D.I. 13334][1]

Dear Judge Sontchi:

      I write on behalf of the EFH Plan Administrator Board ("PAB") in response to Mr. Galardi's August 1, 2018 letter ("Letter") about the Rule 30(b)(6) deposition notice ("Notice") that Elliott served on the PAB.

      Elliott wrongly suggests that the PAB has effectively "refus[ed] to produce a corporate representative on *any* of the Topics" in the Notice.[2] Quite the opposite: the PAB has designated Mr. Horton as its corporate representative on ***16 of 17*** Topics.[3] The PAB did so even though Elliott took Mr. Horton's deposition last month, and the Scheduling Order prohibits any person from sitting more than once in connection with the Allocation Motion. And although this will be Mr. Horton's 11th deposition in these chapter 11 cases, the PAB has made Mr. Horton available for the maximum four hours.

      Specifically, the PAB informed Elliott that Mr. Horton will testify (a) as a Rule 30(b)(6) witness for the period in which the PAB has been in legal existence (*i.e.*, March 9, 2018 to present), and (b) as a fact witness for the time period that predates that existence (*i.e.*, the balance of the chapter 11 cases). By its own conduct, Elliott demonstrated that the PAB's approach is

---

[1] Capitalized terms used, but not defined herein, shall have the same meanings set forth in D.I. 13334.

[2] *See* Letter at 2.

[3] *See* **Exhibit A**, August 1, 2018 PAB First Amended Responses and Objections.

**KIRKLAND & ELLIS LLP**

The Honorable Christopher S. Sontchi
August 3, 2018
Page 2

reasonable:  notwithstanding its Rule 30(b)(6) notice to the PAB, Elliott also sent a deposition subpoena to Mr. Horton in his capacity as a former direct and officer.

Without a ripe discovery "dispute" regarding this deposition, the PAB must question Elliott's motivation to manufacture one.[4]  It appears from the relief requested—striking any substantive submission by the PAB—that this is yet another effort by Elliott to silence the PAB. But as explained below, the PAB is not an obstructionist litigant and should not be sidelined.

As an initial matter, Elliott criticizes the use of purportedly "boilerplate" objections.  But the use of standard objections is hardly actionable—particularly when the PAB has, notwithstanding such objections, *agreed* to make a witness available on *all but one* of the Topics.  And many of these "boilerplate" responses and objections mirror the language that Elliott itself used in responding to the Rule 30(b)(6) deposition notice of the EFH Ad Hoc Group.  *See, e.g.*, **Exhibit C**, July 20, 2018 Letter from M. McGinnis to A. Glenn ("Movants also object to these topics to the extent they call for information or knowledge that . . . pre-dates any participation by Movants in this bankruptcy.").

Ignoring that the PAB is *not* using the challenged objections to refuse to designate a witness, Elliott launches four meritless attacks on the PAB's objections.  To the extent the Court wishes to consider these challenges, each is discussed briefly here.  But to be clear, Elliott's desire to litigate the appropriateness of the PAB's objections is premature and need only be addressed if the PAB refuses to designate a witness based on one of the challenged objections or if its witness refuses to answer questions other than on a valid ground (such as privilege).

*First*, Elliott argues that the PAB's relevance objections are improper because Elliott seeks discovery to support its contention that the key disputed issues solely benefitted EFH Corp. But the Topics are far broader than which estate benefitted from any one discrete issue.  Indeed, they can be read to encompass *all* information concerning any number of issues that transpired over four long years.  Take, for example, Topic No. 15:  "The TCEH Settlement, including but not limited to all analyses of and Communications concerning the TCEH Settlement."  As the Court is aware, these issues were heavily litigated and the record below is robust.  If Elliott believes it needs to re-explore that issue to justify its proposed allocation, any inquiry should be limited to the benefit realized by the various estates in connection with it.  Absent such a focus,

---

[4] This particularly true in light of the PAB's willingness to designate a witness for virtually every Topic and its good-faith meet-and-confer efforts.  Indeed, in the most recent exchange, counsel for the PAB indicated it was available to discuss the same amended responses that Elliott challenges.  *See* **Exhibit B**, August 1, 2018 Email from B. Stephany to C. Reigstad and M. McGinnis ("[W]e will be serving amended responses and objections that I think / hope will address your concerns. . . . Feel free to call my cell if you have any questions or would like to discuss.").  Tellingly, Elliott filed its letter instead of responding or engaging further.

**KIRKLAND & ELLIS LLP**

The Honorable Christopher S. Sontchi
August 3, 2018
Page 3

the Topics could permit a nearly limitless expedition into issues that have long been decided and have, at best, marginal relevance to the Allocation Dispute.

*Second*, Elliott wrongly suggests that the PAB's designations reflect an "effort to exclude 'information [that] predates the creation of the PAB' from the scope of the Topics."[5] Not so. Elliott is essentially arguing that the PAB must prepare a corporate representative for the entire four-year, pre-emergence period. But the PAB cannot, by definition, possess corporate-level knowledge of events that occurred prior to its existence. And Elliott cites no authority that a legal entity is obligated to prepare a witness for a time period that predates its existence.

That does ***not*** mean, however, that the PAB is unable to testify about the accuracy of Elliott's contentions concerning past events based on its own inquiry into the allocation issues—including a review of the Court's orders, the record of prior proceedings, and other available information. That is why the PAB struck the reasonable and practical solution that Mr. Horton will testify as a Rule 30(b)(6) witness for the period after March 9, 2018 and as a fact witness for prior time periods. Again, that causes no prejudice to Elliott.

*Third*, Elliott challenges the PAB's burden objection. As stated, many of the Topics could encompass a volume of information that would unquestionably be burdensome. Asking a witness to prepare for 17 such Topics when the deposition is limited to four hours only amplifies the concern. This is especially true where many Topics were already litigated and adjudicated, and that information is equally and publicly accessible to Elliott. Nonetheless, the PAB is making Mr. Horton available on those 16 topics.

*Fourth*, Elliott challenges the appropriateness of the PAB's privilege objection. This is meritless because the PAB did not advance a blanket privilege objection. Rather, the PAB has objected *to the extent a topic seeks privileged information*. In its letter, Elliott argues that it only seeks testimony concerning the underlying *facts* and not privileged information. If true, then there will be no dispute over the PAB's objection. If not, the PAB's objection is an unquestionably appropriate safeguard.

In sum, after multiple failed attempts to silence the PAB, Elliott has manufactured this "dispute" to once again try and diminish the PAB's role. But the record is clear, and there is no real dispute. The PAB has ***already*** designated Mr. Horton as its Rule 30(b)(6) witness on 16 of the 17 topics; the qualifications and objections set forth in the PAB's amended responses are both reasonable and necessary; and they cause Elliott no prejudice. Accordingly, the PAB respectfully requests that the Court deny the relief requested in Elliott's letter.

---

[5] Letter at 2.

# KIRKLAND & ELLIS LLP

The Honorable Christopher S. Sontchi
August 3, 2018
Page 4

        Sincerely,

        */s/ Mark McKane, P.C.*

        Mark McKane, P.C.

RLF1 19810784v.1