## EXHIBIT A

**August 1, 2018 PAB First Amended Responses and Objections**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## THE EFH PLAN ADMINISTRATOR BOARD'S FIRST AMENDED RESPONSES AND OBJECTIONS TO THE NOTICE OF DEPOSITION OF THE PLAN ADMINISTRATOR BOARD PURSUANT TO FED. R. CIV. P. 30(b)(6)

Pursuant to rules 26 and 30 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to these proceedings by rules 7026, 7030, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the *Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott to Fix Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors*, dated June 11, 2018 [D.I. 13193], the EFH Plan Administrator Board (the "PAB) hereby serves these first amended responses and objections to the *Notice of Deposition of the Plan Administrator Board Pursuant to Fed. R. Civ. P. 30(b)(6)*, dated July 16, 2018 (the "Notice") of UMB Bank, N.A. and Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, "Elliott") in connection with the *Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott to Fix Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors*, dated May 13, 2018 [D.I. 13102] (the "Allocation Motion").

### Specific Responses and Objections

The PAB incorporates by reference its General Objections set forth below to the extent applicable herein. Nothing in these responses and objections shall be construed as an

acceptance, endorsement, or adoption by the PAB of any instruction or definition of any term contained in the Notice.

## Topic No. 1

Invoices, billing statements, and time records for any Professional engaged or retained by the E-Side Debtors or that provided legal services to the E-Side Debtors in connection with the Chapter 11 Cases.

## Response to Topic No. 1

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case. The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure. The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott. The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

Subject to and without waiving any of its Specific or General Objections, the PAB designates Anthony Horton as its Federal Rule 30(b)(6) witness to testify generally regarding this Topic to the extent (if at all) it relates to the claims and defenses at issue in this matter and to the extent such testimony is within the PAB's corporate knowledge. To the extent the information sought by this Topic predates the creation of the PAB, Mr. Horton will be available to testify in his individual capacity, provided such testimony is within Mr. Horton's personal knowledge, it relates to the claims and defenses at issue in this matter, and subject to and without waiving any Specific or General Objections.

**Topic No. 2**

The drafting, preparation, and submission of any Professional's monthly, interim, and final fee applications in the Chapter 11 Cases.

**Response to Topic No. 2**

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case.  The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure.  The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott.  The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

Subject to and without waiving any of its Specific or General Objections, the PAB designates Anthony Horton as its Federal Rule 30(b)(6) witness to testify generally regarding this Topic to the extent (if at all) it relates to the claims and defenses at issue in this matter and to the extent such testimony is within the PAB's corporate knowledge.  To the extent the information sought by this Topic predates the creation of the PAB, Mr. Horton will be available to testify in his individual capacity, provided such testimony is within Mr. Horton's personal knowledge, it relates to the claims and defenses at issue in this matter, and subject to and without waiving any Specific or General Objections.

**Topic No. 3**

Any payment made to any Professional in connection with the Chapter 11 Cases, including but not limited to (i) the amount of each payment, (ii) the date of each payment, (iii) which Estate made each payment or, if a payment was paid by more than one Estate, the

3

percentage or amount of the payment paid by each Estate, (iv) the recipient of each payment, and (v) a description of the services rendered or work performed in connection with each payment.

### Response to Topic No. 3

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case. The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure. The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott. The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

Subject to and without waiving any of its Specific or General Objections, the PAB designates Anthony Horton as its Federal Rule 30(b)(6) witness to testify generally regarding this Topic to the extent (if at all) it relates to the claims and defenses at issue in this matter and to the extent such testimony is within the PAB's corporate knowledge. To the extent the information sought by this Topic predates the creation of the PAB, Mr. Horton will be available to testify in his individual capacity, provided such testimony is within Mr. Horton's personal knowledge, it relates to the claims and defenses at issue in this matter, and subject to and without waiving any Specific or General Objections.

### Topic No. 4

Any actual or potential conflicts of interest relating to the decision to pursue a taxable or nontaxable transaction to dispose of the E-Side Debtors' interest in Oncor or the PAB's participation in this allocation dispute, and any efforts to address such actual or potential conflicts of interest.

### Response to Topic No. 4

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case. The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure. The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott. The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

Subject to and without waiving any of its Specific or General Objections, the PAB designates Anthony Horton as its Federal Rule 30(b)(6) witness to testify generally regarding this Topic to the extent (if at all) it relates to the claims and defenses at issue in this matter and to the extent such testimony is within the PAB's corporate knowledge. To the extent the information sought by this Topic predates the creation of the PAB, Mr. Horton will be available to testify in his individual capacity, provided such testimony is within Mr. Horton's personal knowledge, it relates to the claims and defenses at issue in this matter, and subject to and without waiving any Specific or General Objections.

### Topic No. 5

Any allocation (inclusive of proposed or tentative allocations) of any professional fees or expenses incurred in connection with the Chapter 11 Cases as among or between the Estates, including but not limited to the methodology used to derive such allocation, including but not limited to Communications between You and the E-Side Debtors, the E-Side Committee, or their respective attorneys.

### Response to Topic No. 5

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case.  The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure.  The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott.  The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

Subject to and without waiving any of its Specific or General Objections, the PAB designates Anthony Horton as its Federal Rule 30(b)(6) witness to testify generally regarding this Topic to the extent (if at all) it relates to the claims and defenses at issue in this matter and to the extent such testimony is within the PAB's corporate knowledge.  To the extent the information sought by this Topic predates the creation of the PAB, Mr. Horton will be available to testify in his individual capacity, provided such testimony is within Mr. Horton's personal knowledge, it relates to the claims and defenses at issue in this matter, and subject to and without waiving any Specific or General Objections.

### Topic No. 6

The allocation of any of the Material Administrative Expense Claims as between or among the Estates, including but not limited to Communications between You and the EFH Disinterested Directors, the EFIH Disinterested Director, or their respective attorneys.

### Response to Topic No. 6

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional

6

to the needs of the case.  The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure.  The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott.  The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

Subject to and without waiving any of its Specific or General Objections, the PAB designates Anthony Horton as its Federal Rule 30(b)(6) witness to testify generally regarding this Topic to the extent (if at all) it relates to the claims and defenses at issue in this matter and to the extent such testimony is within the PAB's corporate knowledge.  To the extent the information sought by this Topic predates the creation of the PAB, Mr. Horton will be available to testify in his individual capacity, provided such testimony is within Mr. Horton's personal knowledge, it relates to the claims and defenses at issue in this matter, and subject to and without waiving any Specific or General Objections.

### Topic No. 7

The effect on Distributions or creditor recoveries resulting from the allocation of any of the Material Administrative Expense Claims as between or among the Estates, including but not limited to Communications between or among You, Your Professionals, the EFH Disinterested Directors, the EFIH Disinterested Director, or their respective attorneys.

### Response to Topic No. 7

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case.  The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common

interest doctrine, or other protection from disclosure.  The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott.  The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

Subject to and without waiving any of its Specific or General Objections, the PAB designates Anthony Horton as its Federal Rule 30(b)(6) witness to testify generally regarding this Topic to the extent (if at all) it relates to the claims and defenses at issue in this matter and to the extent such testimony is within the PAB's corporate knowledge.  To the extent the information sought by this Topic predates the creation of the PAB, Mr. Horton will be available to testify in his individual capacity, provided such testimony is within Mr. Horton's personal knowledge, it relates to the claims and defenses at issue in this matter, and subject to and without waiving any Specific or General Objections.

## Topic No. 8

The negotiation and drafting of the Interim Compensation Order, including but not limited to the determination that Professionals "shall allocate . . . any fees and expenses sought in connection with each Monthly Fee Statement" as either "Direct Benefit Fees" or "Collective Benefit Fees," and the methodology for deriving said "Collective Benefit Fees."

## Response to Topic No. 8

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case.  The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure.  The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or

that is publicly available or equally available to UMB Bank, N.A and Elliott.  The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

Subject to and without waiving any of its Specific or General Objections, the PAB designates Anthony Horton as its Federal Rule 30(b)(6) witness to testify generally regarding this Topic to the extent (if at all) it relates to the claims and defenses at issue in this matter and to the extent such testimony is within the PAB's corporate knowledge.  To the extent the information sought by this Topic predates the creation of the PAB, Mr. Horton will be available to testify in his individual capacity, provided such testimony is within Mr. Horton's personal knowledge, it relates to the claims and defenses at issue in this matter, and subject to and without waiving any Specific or General Objections.

### Topic No. 9

The decision to pursue a taxable or nontaxable transaction to dispose of the E-Side Debtors' interest in Oncor, including but not limited to (i) potential recoveries for EFH and EFIH unsecured creditors in connection with such transaction, (ii) any actual or potential tax liabilities of each Estate in connection with such transaction, and (iii) any analysis, consideration of, or efforts to solicit or consummate such transaction.

### Response to Topic No. 9

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case.  The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure.  The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott.  The PAB further

objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

Subject to and without waiving any of its Specific or General Objections, the PAB designates Anthony Horton as its Federal Rule 30(b)(6) witness to testify generally regarding this Topic to the extent (if at all) it relates to the claims and defenses at issue in this matter and to the extent such testimony is within the PAB's corporate knowledge. To the extent the information sought by this Topic predates the creation of the PAB, Mr. Horton will be available to testify in his individual capacity, provided such testimony is within Mr. Horton's personal knowledge, it relates to the claims and defenses at issue in this matter, and subject to and without waiving any Specific or General Objections.

### Topic No. 10

The Omnibus Tax Memorandum, including but not limited to all drafts and analyses of, or Communications concerning, the Omnibus Tax Memorandum and the assertions contained therein.

### Response to Topic No. 10

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case. The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure. The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott. The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

Subject to and without waiving any of its Specific or General Objections, the PAB designates Anthony Horton as its Federal Rule 30(b)(6) witness to testify generally regarding this Topic to the extent (if at all) it relates to the claims and defenses at issue in this matter and to the extent such testimony is within the PAB's corporate knowledge.  To the extent the information sought by this Topic predates the creation of the PAB, Mr. Horton will be available to testify in his individual capacity, provided such testimony is within Mr. Horton's personal knowledge, it relates to the claims and defenses at issue in this matter, and subject to and without waiving any Specific or General Objections.

## Topic No. 11

The Keglevic First Day Declaration, including but not limited to all drafts and analyses of and Communications concerning the Keglevic First Day Declaration and the allegations and statements contained therein.

## Response to Topic No. 11

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case.  The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure.  The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott.  The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

Subject to and without waiving any of its Specific or General Objections, the PAB designates Anthony Horton as its Federal Rule 30(b)(6) witness to testify generally regarding this Topic to the extent (if at all) it relates to the claims and defenses at issue in this matter and to

the extent such testimony is within the PAB's corporate knowledge. To the extent the information sought by this Topic predates the creation of the PAB, Mr. Horton will be available to testify in his individual capacity, provided such testimony is within Mr. Horton's personal knowledge, it relates to the claims and defenses at issue in this matter, and subject to and without waiving any Specific or General Objections.

**Topic No. 12**

The PAB Preliminary Statement, including but not limited to the assertions contained therein.

**Response to Topic No. 12**

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case. The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure. The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott. The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

Subject to and without waiving any of its Specific or General Objections, the PAB designates Anthony Horton as its Federal Rule 30(b)(6) witness to testify generally regarding this Topic to the extent (if at all) it relates to the claims and defenses at issue in this matter and to the extent such testimony is within the PAB's corporate knowledge. To the extent the information sought by this Topic predates the creation of the PAB, Mr. Horton will be available to testify in his individual capacity, provided such testimony is within Mr. Horton's personal

knowledge, it relates to the claims and defenses at issue in this matter, and subject to and without waiving any Specific or General Objections.

### Topic No. 13

The Liquidation Analysis, including but not limited to all drafts and analyses of and Communications concerning the Liquidation Analysis and the assertions contained therein.

### Response to Topic No. 13

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case.  The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure.  The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott.  The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

Subject to and without waiving any of its Specific or General Objections, the PAB designates Anthony Horton as its Federal Rule 30(b)(6) witness to testify generally regarding this Topic to the extent (if at all) it relates to the claims and defenses at issue in this matter and to the extent such testimony is within the PAB's corporate knowledge.  To the extent the information sought by this Topic predates the creation of the PAB, Mr. Horton will be available to testify in his individual capacity, provided such testimony is within Mr. Horton's personal knowledge, it relates to the claims and defenses at issue in this matter, and subject to and without waiving any Specific or General Objections.

## Topic No. 14

The Make-Whole Dispute, including but not limited to all analyses of and Communications concerning the Make-Whole Dispute.

## Response to Topic No. 14

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case. The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure. The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott. The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

Subject to and without waiving any of its Specific or General Objections, the PAB designates Anthony Horton as its Federal Rule 30(b)(6) witness to testify generally regarding this Topic to the extent (if at all) it relates to the claims and defenses at issue in this matter and to the extent such testimony is within the PAB's corporate knowledge. To the extent the information sought by this Topic predates the creation of the PAB, Mr. Horton will be available to testify in his individual capacity, provided such testimony is within Mr. Horton's personal knowledge, it relates to the claims and defenses at issue in this matter, and subject to and without waiving any Specific or General Objections.

## Topic No. 15

The TCEH Settlement, including but not limited to all analyses of and Communications concerning the TCEH Settlement.

## Response to Topic No. 15

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case.  The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure.  The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott.  The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

Subject to and without waiving any of its Specific or General Objections, the PAB designates Anthony Horton as its Federal Rule 30(b)(6) witness to testify generally regarding this Topic to the extent (if at all) it relates to the claims and defenses at issue in this matter and to the extent such testimony is within the PAB's corporate knowledge.  To the extent the information sought by this Topic predates the creation of the PAB, Mr. Horton will be available to testify in his individual capacity, provided such testimony is within Mr. Horton's personal knowledge, it relates to the claims and defenses at issue in this matter, and subject to and without waiving any Specific or General Objections.

## Topic No. 16

The negotiation and drafting of the NextEra Merger Agreement, including but not limited to the negotiation of (i) the assumption of asbestos liabilities, (ii) the increase in NextEra's termination fee from $110 million to $275 million, (iii) the increase in merger transaction purchase price by $300 million, and (iv) NextEra's removal of its "match right" in connection with the NextEra Merger Agreement.

## Response to Topic No. 16

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional to the needs of the case.  The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure.  The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott.  The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

Subject to and without waiving any of its Specific or General Objections, the PAB designates Anthony Horton as its Federal Rule 30(b)(6) witness to testify generally regarding this Topic to the extent (if at all) it relates to the claims and defenses at issue in this matter and to the extent such testimony is within the PAB's corporate knowledge.  To the extent the information sought by this Topic predates the creation of the PAB, Mr. Horton will be available to testify in his individual capacity, provided such testimony is within Mr. Horton's personal knowledge, it relates to the claims and defenses at issue in this matter, and subject to and without waiving any Specific or General Objections.

## Topic No. 17

The authenticity of all Documents produced by You or by the Debtors in the Chapter 11 Cases.

## Response to Topic No. 17

The PAB objects to this Topic as overly broad, unduly burdensome, and not relevant to any party's claim or defense regarding the proceedings on the Allocation Motion or proportional

to the needs of the case.  The PAB also objects to this Topic to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, common interest doctrine, or other protection from disclosure.  The PAB further objects to this Topic to the extent that it seeks information that has already been provided in these chapter 11 cases, or that is publicly available or equally available to UMB Bank, N.A and Elliott.  The PAB further objects to this Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.

### General Objections

1.      To the extent that any question asked at the deposition is outside the scope of the specific subject matter provided in the designated topics and/or the subject matter is outside the PAB's corporate knowledge, the response to such question (if any) shall be on behalf of the witness in his individual capacity and not on behalf of the PAB.

2.      The PAB objects to each Topic to the extent that it is overly broad, unduly burdensome, and/or seeks information which is not relevant to any party's claim or defense or proportional to the needs of the case in connection with the Allocation Motion.

3.      The PAB objects to each Topic to the extent that it is not limited in time or scope or designates a time or scope that, in light of the relevant circumstances, is overbroad, is not relevant to the Allocation Motion, or is not proportional to the needs of the case.

4.      The PAB objects to each Topic to the extent that it is vague, ambiguous, or unclear, including the use of terms that are not defined and/or not otherwise susceptible to any single meaning.

5.      The PAB objects to each Topic to the extent that it is duplicative, cumulative, and/or redundant of other Topics or requests made in connection with these proceedings or these

chapter 11 cases, and/or seeks information that could be obtained through other discovery methods.

6.    The PAB objects to each Topic to the extent it calls for legal opinion testimony from lay witnesses, which is improper and unnecessary for the Court's consideration and resolution of the Allocation Motion.

7.    The PAB objects to each Topic to the extent that it fails to describe the matters on which examination is requested with the reasonable particularity required by Federal Rule 30(b)(6).

8.    The PAB objects to each Topic to the extent that it seeks information protected by the attorney-client privilege, the common interest doctrine, the attorney work product doctrine, or any other applicable privilege or protection from disclosure, or that would result in disclosure of counsel's mental impressions, conclusions, opinions, memoranda, notes or summaries, legal research, or legal theories concerning this or any other litigation.

9.    The PAB objects to each Topic to the extent that it seeks material that may not be divulged by law.

10.    The PAB objects to each Topic to the extent that it seeks information from the PAB that contain sensitive, confidential, competitive, developmental, or commercial research information that is of a proprietary nature and/or is protected by other privacy protections provided by applicable laws, rules, and/or regulations.  To the extent any such information is disclosed in response to the Notice, such disclosure shall be subject to the Confidentiality Agreement and Stipulated Protective Order entered by the Court on August 13, 2014 [D.I. 1833].

11.    The PAB objects to the Definitions and Instructions to the extent that they render the Topics overbroad and unduly burdensome.

12.     The PAB objects to each Topic to the extent that it purports to require the PAB to respond on behalf of any person or entity other than the PAB.  The PAB responds to the Notice on behalf of itself only.

13.     The PAB objects to all Instructions, Definitions, and Topics to the extent they contain erroneous factual allegations or conclusions.  By responding to the Notice, the PAB does not admit the truth of any such allegations or conclusions.

14.     The PAB objects to each Topic to the extent that it seeks disclosure from which the PAB is entitled to seek protection due to annoyance, embarrassment, oppression, or undue burden or expense.  The PAB reserves the right to seek such protections pursuant to Bankruptcy Rule 7026(c)(1).

15.     The PAB objects to each Topic to the extent that it purports to impose obligations on the PAB greater than those required by Federal Rules of Civil Procedure 26 and 30, made applicable to these proceedings by Bankruptcy Rules 7026, 7030, and 9014, and any other applicable laws or rules.

16.     To the extent the PAB asserts a specific objection to a particular Topic, the PAB does not thereby waive these General Objections.  To the extent that the PAB objects to a particular Topic but responds to said Topic in whole or in part, the PAB does not thereby waive any objection to that Topic.

17.     The PAB responds to each topic based on its present knowledge.  The PAB reserves the right to make any use of and/or introduce in any hearing or at trial, information not known to exist at the time of any deposition.

18.     The PAB objects to each Topic to the extent that it seeks information that is publicly available or equally available to the requesting party.

19.    To the extent the PAB produces a witness to provide testimony on a given Topic, it does not necessarily mean corporate knowledge on that topic exists.

*      *      *      *      *

At the appropriate time, the PAB may supplement these general and specific objections, and the PAB expressly reserves its right to do so.

Notwithstanding and without waiving the foregoing, the PAB is willing to meet and confer with UMB Bank, N.A. and Elliott.

Dated:  August 1, 2018
　　　　Wilmington, Delaware

*/s/ Jason M. Madron*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Mark McKane, P.C. (admitted *pro hac vice*)
555 California Street
San Francisco, California 94104
Telephone:　　(415) 439-1400

Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:　　(212) 446-4800

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:　　(312) 862-2000

*Co-counsel to the EFH Plan Administrator Board*