# EXHIBIT C

## July 20, 2018 Letter from M. McGinnis to A. Glenn



ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

July 20, 2018

Matthew L. McGinnis
T +1 617 951 7567
matthew.mcginnis@ropesgray.com

**BY E-MAIL**

Andrew K. Glenn, Esq.
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019
aglenn@kasowitz.com

Re:   *In re Energy Future Holdings Corp.*, No. 14-10979 (CSS) (Bankr. D. Del.)

Andrew:

I write concerning the Ad Hoc EFH Claimants' four Notices of 30(b)(6) Deposition of (i) Elliott Associates, L.P., (ii) Elliott International, L.P., (iii) the Liverpool Limited Partnership (collectively, "Elliott"), and (iv) UMB Bank, N.A. ("UMB"), dated July 16, 2018 (collectively, the "Notices"). The topics in the Ad Hoc EFH Claimants' four Notices are identical. As set forth below, Elliott and UMB (collectively, "Movants") object to certain of the 22 topics enumerated in the Notices as irrelevant, overly broad, unduly burdensome, unreasonably cumulative, and for failure to "describe with reasonable particularity the matters on which examination is requested," as required by Fed. R. Civ. P. 30(b)(6), among other objections.

**General Objections to the Notices**

Movants object to the Notices to the extent they purport to impose discovery obligations on Movants beyond the scope of, or in addition to, those imposed by the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, or the Local Rules of the United States Bankruptcy Court, District of Delaware. Among other things, several topics in the Notices seek testimony about "any" "benefits," "consideration," or "negotiations," concerning a series of very broad topics. Such topics fail to describe with reasonable particularity the matters on which examination is requested, are unduly burdensome, and make it impossible for Movants to adequately educate a corporate designee in response to the Notices.

Similarly, multiple topics seek testimony well beyond the bounds of the factual and legal issues relevant to Movants' Allocation Motion. For example, Topic 19 seeks testimony regarding "any negotiations of and entry into the NEE Plan Support Agreement." Movants object to the

ROPES & GRAY LLP

- 2 -                                                                July 20, 2018

Notices to the extent any topic seeks testimony outside the scope of the claims and defenses at issue in Movants' Allocation Motion.

Movants further object to the Notices to the extent that they seek information or knowledge that, based on a reasonable search and due inquiry, is outside of Movants' personal and corporate knowledge.

Movants also object to the Notices to the extent that they seek information that is subject to any privilege or immunity, including, without limitation, the attorney-client privilege, the attorney work product doctrine, business strategy immunity, the joint defense privilege, and the common interest privilege.

Movants reserve the right to make further objections at the time of the depositions. Nothing contained in or omitted from this letter is intended to be, nor should it be considered, a waiver of any other grounds for objection to use and/or discoverability.

**Specific Objections to Particular Topics**

    a.    *Topics Concerning Recoveries to EFH and EFIH, and Their Respective Creditors and Stakeholders (Topic Nos. 11, 12, 13, 14)*

Topics 11, 12, 13, and 14 seek testimony regarding the recoveries projected by EFH and EFIH, and their respective creditors and stakeholders, both during the course of this bankruptcy and on or before the NextEra Termination Fee was approved by the Bankruptcy Court. In addition to the general objections set forth above, Movants object to these topics as overly broad, unnecessarily cumulative, unduly burdensome, and because they fail to describe with reasonable particularity the matter for examination to the extent they call for testimony of all recoveries projected for any EFIH or EFIH creditor at any point in this four-year-long bankruptcy. Movants further object to these topics on the grounds that the undefined phrases "EFH and its stakeholders" and "EFIH and its stakeholders" are vague. Movants also object to these topics to the extent they call for information or knowledge that is outside of Movants' personal knowledge and/or pre-dates any participation by Movants in this bankruptcy and/or is in the public domain. Subject to these objections, Movants' designees will testify generally regarding expected recoveries for EFH and EFIH, and their respective creditors, throughout this bankruptcy to the extent any such testimony is within Movants' knowledge.

    b.    *Topic Concerning Deliberations by the EFH and EFIH Board of Directors (Topic No. 15)*

Topic 15 seeks testimony regarding the deliberations by the Boards of Directors of EFH and EFIH concerning the effect on creditor recoveries of any make-wholes. In addition to the general objections set forth above, Movants object to Topic 15 to the extent it calls for information or knowledge that is outside of Movants' personal knowledge and/or pre-dates any participation by Movants in this bankruptcy. Further, neither Movants nor any employee of Movants was a member

ROPES & GRAY LLP

- 3 -                                                                        July 20, 2018

of the EFH or EFIH Board of Directors. Movants will accordingly not offer testimony on this subject.

### c. Topics Concerning Benefits to EFIH and its Creditors (Topic Nos. 16 & 17)

Topics 16 and 17 seek testimony regarding "any" benefits or consideration of the same that EFIH, or any creditor of EFIH, obtained or would obtain concerning a series of very broad topics. In addition to the general objections set forth above, Movants object to these topics as overly broad, unnecessarily cumulative, unduly burdensome, and because they fail to describe with reasonable particularity the matter for examination to the extent they call for testimony of "any" benefits or considerations of same that EFIH, or any creditor of EFIH, obtained or would obtain in connection with the entry of four separate plan support agreements and/or the negotiation of certain deal terms in the NextEra merger agreement. Movants further object to these topics to the extent they call for information or knowledge that is outside of Movants' personal knowledge and/or pre-dates any participation by Movants in this bankruptcy and/or is in the public domain. Subject to these objections, Movants' designees will testify generally regarding the benefits EFIH, or its creditors, obtained or would obtain as a result of the plan support agreements and negotiation of certain deal terms in the NextEra merger agreement as described in Topics 16 and 17 to the extent any such testimony is within Movants' knowledge.

### d. Topic Concerning Negotiation and Entry into the NextEra Plan Support Agreement (Topic No. 19)

Topic 19 seeks testimony concerning "any" negotiations of and entry into the NextEra Plan Support Agreement. In addition to the general objections set forth above, Movants object to Topic 19 as overly broad, unnecessarily cumulative, irrelevant to the claims and defenses at issue in this matter, and because it fails to describe with reasonable particularity the matter for examination. Movants further object to Topic 19 to the extent it calls for information or knowledge that is outside of Movants' personal knowledge and/or pre-dates any participation by Movants in this bankruptcy. Subject to these objections, Movants' designees will testify regarding Topic 19 to the extent (if at all) it relates to the claims and defenses at issue in this matter and to the extent such testimony is within Movants' knowledge.

### e. Topic Concerning Legal Issues and Conclusions (Topics 1, 2, 3, 4, 5, 6, 7, 8, 9, 20, and 22)

Topics 1, 2, 3, 4, 5, 6, 7, 8, 9, 20, and 22 seek testimony concerning legal claims asserted in Movants' Allocation Motion. In addition to the general objections set forth above, Movants object to these topics because they call for information outside of Movants' personal knowledge and for information subject to the attorney-client and work product privileges. Subject to these objections, Movants' designees will testify generally regarding the factual allegations underlying Movants' claims and defenses in this matter as described in Movants' Allocation Motion.

ROPES & GRAY LLP

- 4 -	July 20, 2018

\*   \*   \*

      Subject to the objections and limitations set forth herein, Elliott designates Jeff Rosenbaum as its Rule 30(b)(6) witness, and UMB designates Mark Flannagan as its Rule 30(b)(6) witness, for the topics enumerated in the Notices.  Movants will prepare Messrs. Rosenbaum and Flannagan to address the topics listed in the Notices, as limited by this letter, based on a reasonable and diligent search for relevant and non-privileged information.  By agreeing to produce Messrs. Rosenbaum and Flannagan to testify as to the topics set forth in the Notices, Movants do not represent that the information sought exists.

      Mr. Rosenbaum is available for his corporate and individual deposition on August 8 at 1pm ET at Ropes & Gray's office in New York (1221 Avenue of the Americas, New York, NY 10036).  Mr. Flannagan is available for deposition on July 31 at Ropes & Gray's office in New York (1221 Avenue of the Americas, New York, NY 10036).  Please let us know when you would like to take each deposition.

Very truly yours,


/s/ Matthew L. McGinnis
Matthew L. McGinnis