# KASOWITZ BENSON TORRES LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

DAVID S. ROSNER
DIRECT DIAL: (212) 506-1726
DIRECT FAX: (212) 835-5026
DROSNER@KASOWITZ.COM

August 3, 2018

**VIA ECF**

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

    Re: *In re Energy Future Holdings Corp., et al.*, 14-10979 (CSS) (Bankr. D. Del.)

Dear Judge Sontchi:

    We represent the Ad Hoc EFH Claimants[1] in the above-captioned Chapter 11 cases (the "Chapter 11 Cases"). We write in response to the July 31, 2018 letter (the "Elliott/UMB Letter") of UMB Bank, N.A., as Indenture Trustee, and Elliott Associates, L.P., Elliott International, L.P., and the Liverpool Limited Partnership (collectively, "Elliott/UMB"), in which Elliott/UMB request that the Court compel the Ad Hoc EFH Claimants to produce a witness in response to Elliott/UMB's *Notice of Deposition of Ad Hoc EFH Claimants Pursuant to Fed. R. Civ. P. 30(b)(6)* (the "Deposition Notice").[2] As shown below, the Court should deny Elliott/UMB's request, and quash the Deposition Notice in its entirety.

    The Deposition Notice generally sets forth three categories of deposition topics: (i) the formation and composition of the Ad Hoc EFH Claimants; (ii) the Ad Hoc EFH Claimants' position concerning the *Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott to Fix Appropriate Allocation of Certain Reserves and Expenses as between the EFH and EFIH Debtors* [D.I. 13102] (the "Allocation Motion"); and (iii) the Ad Hoc EFH Claimants' knowledge of the underlying facts and legal arguments at issue in the Allocation Motion. (*See* Elliott/UMB Letter at 2-3.) None of these topics is permissible for a Rule 30(b)(6) deposition.

---

[1]     The Ad Hoc EFH Claimants include (a) Alta Fundamental Advisers LLC, (b) Angelo, Gordon & Co., L.P., (c) Apollo Management Holdings L.P., (d) Brookfield Asset Management Inc., and (e) Farmstead Capital Management, LLC, and certain of their related funds. [D.I. 12900] at 1 (the "Rule 2019 Statement").

[2]     The Deposition Notice is attached as Exhibit A to the Elliott/UMB Letter.

KASOWITZ BENSON TORRES LLP

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge
August 3, 2018
Page 2

As a threshold matter, none of the Ad Hoc Claimants will be testifying at trial, and the Ad Hoc Committee was formed in March 2018 solely for purposes of defending EFH's interests in this allocation litigation. Thus, the only information that the Ad Hoc EFH Claimants have is information gleaned from the court docket and the Debtors' documents in discovery.

Second, Elliott/UMB's topics seek information concerning the formation and composition of the Ad Hoc EFH Claimants, each claimant's efforts to purchase its holdings, and even each claimant's "respective investment thesis." But much of this information was disclosed in the Rule 2019 Statement, *see* Fed. R. Civ. P. 26(b)(2)(C) (Court "must limit the...extent of discovery...[that] can be obtained from some other source..."), and in any event this information is so irrelevant to this dispute that Elliott/UMB's requests can only be construed a thinly veiled attempt to harass the Ad Hoc EFH Claimants. When and how the Ad Hoc EFH Claimants organized and acquired their interests is irrelevant to this litigation as long as they do have such interests. Elliott/UMB's request for discovery into this subject should be denied.

Third, Elliott/UMB's request to depose the Ad Hoc EFH Claimants concerning their litigation position regarding the Allocation Motion seeks what amounts to contention interrogatories without leave of the Court. The Scheduling Order specifically prohibits contention interrogatories,[3] which the Federal Rules define as interrogatories that seek any "opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2). Since that is exactly what Elliott/UMB seeks through its 30(b)(6) topics, its request for discovery (and its attempted end-run around the Court's prohibition on contention interrogatories) should be denied. Elliott/UMB's request also should be denied because its topics seek the Ad Hoc EFH Claimants' *legal conclusions* concerning the Allocation Motion, including the legal assertions contained in the Ad Hoc Claimants' preliminary statement. *See SmithKline Beecham Corp. v. Apotex Corp.*, Case No. 99-4304, 2004 WL 739959, at *3 (E.D. Pa. Mar. 23, 2004) (Rule 30(b)(6) deposition was not warranted where "review of the disputed questions reveal[ed] that [movant] was asking ... witness to take a legal position with respect to certain statements ... [which] would be very difficult for a non-attorney witness to answer"). Those legal conclusions are an inappropriate topic for a Rule 30(b)(6) deposition for the related – but separate – reason that they seek information protected by the attorney-client and attorney work product privileges. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter....").

Fourth, the Ad Hoc EFH Claimants have no independent knowledge of the factual and legal matters at issue in this allocation dispute. To form their positions concerning the Allocation Motion, the Ad Hoc EFH Claimants relied solely on the documents filed on the docket and those produced by the debtors in these Chapter 11 Cases, to which Elliott/UMB has had equal access. Indeed, Elliott/UMB objected to document requests served by the Ad Hoc

---

[3] Order Scheduling Certain Dates and Deadlines and Establishing Certain Protocols in Connection with the Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott to Fix Appropriate Allocations of Certain Reserves and Expenses as Between the EFH and EFIH Debtors, at 5-6. [D.I. 13193].

KASOWITZ BENSON TORRES LLP

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge
August 3, 2018
Page 3

EFH Claimants that are similar to the topics for which it now seeks testimony, on the grounds that the requested information could and should be gleaned from the Debtors' document repository. Elliott/UMB's own objection applies equally to its own topics here. *See* Fed. R. Civ. P. 26(b)(2)(C). Equally unavailing is Elliott/UMB's argument that "even if the Ad Hoc EFH Claimants know very little about certain issues in this case," Elliott/UMB is entitled to know their "position and understanding of key issues" in order to prevent "any unfair surprise at trial." But the Ad Hoc EFH Claimants have already set forth their preliminary position in two separate position statements submitted to Elliott/UMB, and will set forth their position in an even more fulsome manner in their Objection to the Allocation Motion, which is currently due August 13, 2018. Moreover, as the Ad Hoc EFH Claimants have informed Elliott/UMB on numerous occasions, none of the Ad Hoc EFH Claimants will be testifying at trial. As such, there will be no "unfair surprise."

Finally, Elliott/UMB's contention that the Ad Hoc EFH Claimants "pursued litigation," and "inserted themselves into this litigation by objecting to the Allocation Motion and becoming a party to these proceedings" (Elliott/UMB Letter at 2, 3), and that Elliott/UMB is entitled to fees due to the Ad Hoc EFH Claimants' objection to Elliott/UMB's overbroad deposition notice, is simply ridiculous. *Elliott/UMB* filed the Allocation Motion, through which they seek to reallocate hundreds of millions of dollars in Material Administrative Expenses to EFH. Thus, it was *Elliott/UMB* that "pursued litigation" in an attempt to enrich themselves at the expense of the Ad Hoc EFH Claimants and other EFH creditors, and the Ad Hoc EFH Claimants should be able to object to that attempt without subjecting themselves to Elliott/UMB's harassing and inappropriate discovery requests.[4]

In light of the foregoing, the Court should deny the relief sought in the Elliott/UMB Letter. We are available at Your Honor's convenience to address the foregoing or any other matters.

Sincerely,

/s/ *David S. Rosner*
David S. Rosner

cc:   Gregg M. Galardi, Esq. (Counsel for Elliott/UMB)

---

[4] As for Elliott/UMB's argument that "the majority of topics specified in the Deposition Notice closely mirror those included in discovery the Ad Hoc EFH Claimants have propounded on others, including [Elliott/UMB]," the Ad Hoc EFH Claimants are willing – and in fact have specifically offered to Elliott/UMB – to withdraw those discovery requests as to Elliott/UMB should the Court deny the relief sought in the Elliott/UMB Letter or Elliott/UMB withdraws its Notice of Deposition.