# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## SECOND AMENDED ORDER SCHEDULING CERTAIN DATES AND DEADLINES AND ESTABLISHING CERTAIN PROTOCOLS IN CONNECTION WITH THE JOINT MOTION OF UMB BANK, N.A., AS INDENTURE TRUSTEE, AND ELLIOTT TO FIX APPROPRIATE ALLOCATION OF CERTAIN RESERVES AND EXPENSES AS BETWEEN THE EFH AND EFIH DEBTORS

In relation to the *Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott to Fix Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors* [D.I. 13102] (the Allocation Motion")[2] of UMB Bank, N.A., as Indenture Trustee (the "Trustee") for the unsecured 11.25%/12.25% Senior Toggle Notes due 2018, and Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, "Elliott"); and for the reasons set forth on the record at the hearing held on June 5, 2018; and after due deliberation and sufficient cause existing for the relief requested herein, it is hereby **ORDERED**:

1. The protocols and schedule set forth below shall govern the proceedings regarding the Allocation Motion, including all related discovery.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the Debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the same meanings set forth in the Allocation Motion.

{BAY:03340301v1}                                                                1

### I. PARTIES

2. For purposes of the Allocation Motion, the Parties shall include (a) Elliott; (b) the Trustee; (c) the Ad Hoc EFH Claimants (as defined in D.I. 12900); and (d) the EFH Indenture Trustee (as defined in D.I. 13148); and (e) the EFH Plan Administrator Board[3], if the Court approves it becoming a Party (collectively, the "Parties").[4]

### II. SCHEDULING MATTERS

3. The following dates shall govern the proceedings on the Allocation Motion.

4. **Preliminary Objections.** Preliminary Objections to the Allocation Motion are due no later than **Tuesday, May 29, 2018 (excluding the Ad Hoc Committee of EFH Creditors)**.[5]

5. **Fact Discovery & Initial Written Submissions:**

   a. **Wednesday, June 13, 2018**, shall be the beginning of the fact discovery period. On or before this date, the Parties shall meet and confer regarding the scope of discovery.

   b. **Wednesday, June 20, 2018**, shall be the deadline to serve requests for production and interrogatories to Parties (collectively, the "Requests").

   c. **Wednesday, June 27, 2018**, shall be the deadline for the Parties to serve responses and objections to the Requests.

   d. **Friday, June 29, 2018**, shall be the deadline to serve any subpoenas on third parties (collectively, the "Subpoenas").

---

[3] Including without limitation any Disinterested Agent(s) that may be appointed.

[4] Individual members of the EFH/EFIH Committee entitled to distributions under the EFH/EFIH Plan may notice their intent to participate by June 11, 2018, consistent with the Court's comments on the record at the June 5, 2018 hearing, provided, however, that any such individual member who files a notice of intent to participate shall then be treated as a Party subject to the provisions of this Order.

[5] Nothing herein shall prevent or prejudice the rights of any professional whose fees and expenses may be affected by adjudication of the Allocation Motion from participating by filing written submissions regarding the allocation of their own fees and expenses by June 29, 2018.

e. **Friday, June 29, 2018**, shall be the date by which each Party objecting to the Allocation Motion shall serve on the Parties (but not file) a short brief outlining its preliminary position with respect to the appropriate allocation of the Material Administrative Expense Claims addressed in the Allocation Motion.

f. **Friday, July 6, 2018**, shall be the deadline for third parties to serve responses and objections to the Subpoenas.

g. **Monday, July 23, 2018**, shall be the deadline to produce documents for both Parties and third parties, *provided* the Parties and third parties shall make rolling productions and shall make reasonable efforts to substantially complete their productions within 30 days after any Requests or Subpoenas are served.

h. **Monday, July 16, 2018**, shall be the deadline to serve notices of depositions.

i. **Friday, August 10, 2018**, shall be the end of fact discovery and the deadline for filing any motions to compel.

6. **Initial Pretrial Conference**

a. **Monday, August 6, 2018 starting at 11:00 a.m. (Eastern Daylight Time)**, shall be the date and time of the initial pretrial conference.

7. **Expert Testimony/Discovery.** Nothing herein shall preclude any Party from seeking to offer, and the Court from allowing, expert testimony at the Hearing.

a. **Monday, August 13, 2018 at 12:00 p.m. (Eastern Daylight Time)**, shall be the deadline to disclose the identities of any affirmative expert witness(es) a Party may call as a witness at the Hearing, including the CV of the expert, each subject matter on which the expert is expected to testify, and a brief summary of the nature of the opinion(s) that the expert is expected to offer.

b. **Thursday, August 16, 2018**, shall be the deadline to disclose the identities of any rebuttal expert witness(es) a Party may call as a witness at the Hearing, including the CV of the expert, each subject matter on which the expert is expected to testify, and a brief summary of the nature of the opinion(s) that the expert is expected to offer.

c. **Sunday, August 19, 2018, at 4:00 p.m. (Eastern Daylight Time)**, shall be the deadline for Elliott and the Trustee to serve written affirmative expert disclosures for the testimony of Howard Abrams and Bradley Robins on the Parties. Any such disclosures shall include: a summary of

the facts (and the sources of such facts) and opinions as well as the bases for such opinions to which the witness is expected to testify; the facts, data, law, or policy considered by the witness in forming his/her opinions; any exhibits that will be used to summarize or support them; a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and a statement of the compensation to be paid for the study and testimony in the case.

    d. **Monday, August 20, 2018, at 4:00 p.m. (Eastern Daylight Time)**, shall be the deadline for the Ad Hoc EFH Claimants to serve written affirmative expert disclosures for the testimony of Steven Strom on the Parties. Any such disclosures shall include: a summary of the facts (and the sources of such facts) and opinions as well as the bases for such opinions to which the witness is expected to testify; the facts, data, law, or policy considered by the witness in forming his/her opinions; any exhibits that will be used to summarize or support them; a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and a statement of the compensation to be paid for the study and testimony in the case.

    e. **Wednesday, August 22, 2018, at 4:00 p.m. (Eastern Daylight Time)**, shall be the deadline for the Parties to serve written rebuttal expert disclosures. Any such disclosures shall include: a summary of the facts (and the sources of such facts) and opinions as well as the bases for such opinions to which the witness is expected to testify; the facts, data, law, or policy considered by the witness in forming his/her opinions; any exhibits that will be used to summarize or support them; a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and a statement of the compensation to be paid for the study and testimony in the case.

    f. **Monday, August 27, 2018**, shall be the date by which expert depositions must be completed; *provided however*, to the extent that the EFH Indenture Trustee timely discloses a rebuttal expert witness, the deposition of such rebuttal expert witness shall take place on **Tuesday, August 28, 2018**.

8. **Final Written Submissions:**

    a. **Thursday, August 30, 2018 at 12:00 p.m. (Eastern Daylight Time)**, shall be the deadline for each Party to file a final written submission objecting to the Allocation Motion or, in the case of Elliott and the Trustee, a final written submission. Final written submissions shall not exceed 40 pages.

9. **Final Pretrial Conference & Hearing:**

   a. **Wednesday, August 22, 2018**, shall be the deadline by which the Parties must serve a preliminary list of witnesses and exhibits they intend to offer at the Hearing. Witness lists shall identify all witness that each Party will call or may call at the Hearing. To the extent any Party seeks to offer a witness at the Hearing who has not been previously deposed in his/her individual capacity in connection with the Allocation Motion, the Parties shall confer in good faith regarding a schedule for deposing said witness(es) and in all events, said depositions shall occur seven 7 (seven) business days prior to the Hearing.

   b. **Friday, August 24, 2018**, shall be the deadline by which the Parties must file any motions *in limine*.

   c. **Monday, August 27, 2018**, shall be the deadline by which the Parties must file oppositions to any motions *in limine* and the deadline by which the Parties must serve a final list of witnesses and exhibits they intend to offer at the Hearing. Witness lists shall identify all witnesses that each Party will call or may call at the Hearing

   d. **Tuesday, August 28, 2018**, shall be the deadline by which the Parties must serve objections to final witness and exhibit lists.

   e. **Wednesday, August 29, 2018**, shall be the date by which the Parties must meet and confer with a view toward narrowing and resolving any evidentiary disputes. This meet and confer shall be held at a mutually agreed time and may be in person or by telephone. This date shall be the deadline by which the Parties must submit a proposed joint pretrial order per Local Bankruptcy Rule 7016-2(d).

   f. **Thursday, August 30, 2018** at 2:00 p.m. (EDT) shall be the date and time of the final pretrial conference, which shall be held telephonically.

   g. **Wednesday, September 5, 2018, shall be the start of the Hearing.** Proceedings shall be limited to three days (Wednesday, September 5; Thursday, September 6; Friday, September 7) consisting of no more than eight (8) hours of trial time each day. The Parties shall meet-and-confer ahead of the final pretrial conference regarding the appropriate allocation of trial time and use of a chess clock. The Court will consider the submission of written directs upon request by the Parties, which submissions shall not count against any available trial time.

### III. OTHER GOVERNING PROTOCOLS AND PROCEDURES

10. **Protective Order.** All discovery in connection with the EFH/EFIH Allocation Dispute shall be subject to and conducted in accordance with the terms of the *Confidentiality*

*Agreement and Stipulated Protective Order*, dated August 13, 2014 [D.I. 1833], attached hereto as **Exhibit 1** (the "Protective Order"), provided, however, that the Parties reserve all rights to challenge the confidentiality designation of any document produced in these Chapter 11 Cases as provided in Paragraphs 28 and 29 of the Protective Order. Further, by serving a Preliminary Objection, each Party shall be deemed to have read and agreed to abide by the terms of the Protective Order. Each Party must provide the Protective Order to any person it employs or engages who is given access to information produced in discovery.

11. **Document Discovery**: All documents and ESI produced in accordance with this Order shall be produced in conformance with the terms of the e-discovery protocol [D.I. 1832-3], attached hereto as **Exhibit 2** (the "ESI Protocol").

12. **Assertions of Privilege.** If any recipient of a discovery request withholds or redacts any documents on the grounds of privilege, work product, or any other type of protection or immunity from disclosure, that person shall provide the Parties with a privilege log consistent with Federal Rule 26(b)(5), as incorporated by Bankruptcy Rules 7026 and 9014. Efficient means of providing information regarding claims of privilege are encouraged, and parties are encouraged to agree upon measures that further this end. For example, when asserting privilege on the same basis with respect to multiple documents, it is presumptively proper to provide the information required by Federal Rule 26(b)(5) by group or category. A party receiving a privilege log that groups documents or otherwise departs from a document-by-document or communication-by-communication listing may not object solely on that basis, but may object if the substantive information required by Federal Rule 26(b)(5) has not been provided in a comprehensible form.

13. **Limitations on Interrogatories.** Unless otherwise ordered by the Court, interrogatories shall be limited to those seeking names of witnesses with knowledge of discoverable information. Interrogatories other than those seeking information described in this paragraph shall not be allowed without leave or Court or agreement among the applicable parties.

14. **Requests for Admission.** Without leave of the Court upon a specific showing of good cause, requests for admission pursuant to Federal Rule 36 shall not be allowed, except with respect to any request to admit the authenticity of any described document.

15. **Limitations on Depositions.** A Party must obtain leave of Court, for good cause shown, to take a deposition that would result in a witness being deposed more than once in his or her individual capacity in connection with the Allocation Motion. The Parties shall meet-and-confer regarding the length of time for depositions taken in connection with the Allocation Motion; *provided, however*, no deposition taken in connection with the Allocation Motion shall exceed four hours. For purposes of these limitations, each witness produced in response to a Federal Rule 30(b)(6) deposition notice shall be treated as a separate deponent. At least forty-eight hours in advance of any Federal Rule 30(b)(6) deposition, the party being deposed shall identify all witnesses who will be put forward to testify on the topics in the Federal Rule 30(b)(6) deposition notice. No Federal Rule 30(b)(6) deposition shall be taken of the Ad Hoc EFH Claimants and no member or member's employee of the Ad Hoc EFH Claimants will offer testimony at the Hearing.

16. **Overlap with Prior Discovery.** A recipient of a discovery request shall not be required to re-produce documents already produced by that recipient in these chapter 11 cases.

17. **Third-Party Documents Received Pursuant to Subpoena.** Each Party shall produce or make available to the other Parties, all materials obtained from third parties pursuant to Federal Rule 45 within three (3) business days of receiving such material from a third party.

18. **Discovery Disputes.** Any dispute with regard to discovery conducted under this Order that cannot be resolved after good-faith consultation may be presented to the Court by the party who seeks relief filing a letter with the Court and copying all Parties. Unless otherwise agreed to by the disputing Parties, any response to such letter shall be made by filing a responsive letter to the Court to be filed and delivered to Chambers within two business days after service of the initial letter submission on the applicable Party. Without leave from the Court, no letter shall exceed three pages in length and no additional submissions will be permitted.

19. **Amendments or Modifications.** Except as otherwise ordered by the Court, this Order shall control any and all discovery by Parties in connection with the Allocation Motion; *provided, however*, the Parties may amend, modify, or supplement the terms of this Order (except for the dates set forth in paragraph 7(a), 8(j), and 8(k) herein) without further order by the Court upon filing written notice of such amendment or modification.

20. **Service.** All pleadings, motions, and other papers related to the Allocation Motion that are filed are to be served electronically. In addition, the Parties agree to serve by e-mail on all other Parties all discovery requests—in both .pdf and Word format—and written responses and other papers that are not filed. If transmission of voluminous materials as an e-mail attachment is impractical, those materials shall be served by overnight delivery with the ability to "track" deliveries and verify receipt. Unless received by 6 p.m. (prevailing Eastern Time), discovery requests will be deemed received the next business day.

21. **No Legal Representation Implied by Participation.** For the avoidance of doubt, neither any provision of this Order nor the participation or activity by any attorney in any aspect of the Allocation Motion shall be deemed or construed to create an attorney-client relationship between any attorney and any Party.

### IV. MISCELLANEOUS

22. To the extent necessary, the Local Bankruptcy Rules are waived.

23. Notice of the Allocation Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

24. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

25. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

26. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Date: August 17, 2018

Honorable Christopher S. Sontchi
Chief United States Bankruptcy Judge