# **EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

## JOINT STIPULATED FINAL PRE-TRIAL ORDER

WHEREAS, on May 13, 2018, the UMB Bank, N.A., as Indenture Trustee (the "Trustee") for the unsecured 11.25%/12.25% Senior Toggle Notes due 2018, and Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, "Elliott" and, together with the Trustee, the "Movants"), filed the *Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott to Fix Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors* [D.I. 13102] (the "Allocation Motion");

WHEREAS, on August 6, 2018, the Court held an initial pre-trial conference relating to the hearing on the Allocation Motion (the "Allocation Motion Hearing");

WHEREAS, on Thursday, August 30, 2018, starting at 2:00 pm (EDT), the Court will hold a final pretrial conference relating to the Allocation Motion Hearing;

IT IS HEREBY ORDERED THAT the following provisions shall apply to the Allocation Motion Hearing:

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

1. **Additional Briefing**. Apart from final written submissions to be submitted on August 30, 2018, pursuant to paragraph 8(a) of the *Second Amended Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott to Fix Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors*, dated August 17, 2018 [D.I. 13373], the Parties shall not submit any additional briefing in support of or in opposition to the Allocation Motion without leave of the Court.

2. **Trial Time and Allocation**.

   a. *PAB Proposal*: Total trial time at the Allocation Motion Hearing shall be allocated equally among the following groups: (1) Movants, (2) the Ad Hoc EFH Claimants[2] and American Stock Transfer (the "EFH Indenture Trustee"), and (3) the EFH Plan Administrator Board (the "PAB," together with the EFH Indenture Trustee, the Ad Hoc EFH Claimants, and Movants, the "Parties" and each, a "Party"). This limit on trial time shall be subject to revision for cause shown. This time limit shall include all court time used during the evidentiary proceedings, including direct and cross examinations, closing arguments, and motion arguments.

   b. *Elliott/UMB Proposal*: Total trial time at the Allocation Motion Hearing shall be allocated as follows: (1) 40% to Movants, (2) 40% to the Ad Hoc EFH Claimants and American Stock Transfer (the "EFH Indenture

---

[2] Ad Hoc EFH Claimants include Alta Fundamental Advisers LLC, Angelo, Gordon & Co., L.P., Apollo Management Holdings L.P., Brookfield Asset Management Inc., Contrarian Capital Management, LLC, and Farmstead Capital Management, LLC, and each of their related funds. *Verified Statement of Kasowitz Benson Torres LLP and Hogan McDaniel Pursuant to Bankruptcy Rule 2019* [D.I. 12900] at 1.

Trustee"), and (3) 20% to the EFH Plan Administrator Board (the "PAB," together with the EFH Indenture Trustee, the Ad Hoc EFH Claimants, and Movants, the "Parties" and each, a "Party"). This limit on trial time shall be subject to revision for cause shown. This time limit shall include all court time used during the evidentiary proceedings, including direct and cross examinations, opening statements, closing arguments, and motion arguments.

    c.    The Ad Hoc EFH Claimants do not take a position on this dispute.

3.    The Ad Hoc EFH Claimants and the EFH Indenture Trustee shall meet and confer in good faith regarding the allocation of their collective share of total trial time.

4.    Any dispute regarding allocation of trial time may be submitted to the Court.

5.    Use of trial time by each side shall be monitored by a chess clock.

6.    These Allocation Motion Hearing time limits and allocations shall be extended by the Court only upon a showing of cause or compelling need. The Court retains discretion with respect to any request to extend the Allocation Motion Hearing time limits.

7.    Any Allocation Motion Hearing time allocated to a Party for a portion of the Allocation Motion Hearing but not used in that portion, may be used in other portions of the Allocation Motion Hearing by that Party.

8.    **Sequestration**.

    a.    *PAB/Ad Hoc EFH Claimants Proposal*: Witnesses testifying at the Allocation Motion Hearing shall neither be sequestered nor excluded from hearing or otherwise being informed of the substance of any other witness's testimony.

      b.    *Elliott/UMB Proposal*: Fact witnesses shall be sequestered from the time each such witness submits their written direct testimony or otherwise commences their testimony until the completion of their testimony and accordingly excluded from hearing or otherwise being informed of the substance of any other fact witness's testimony, provided that this exclusion shall not apply to the person designated by a Party as that Party's representative pursuant to Federal Rule of Evidence 615, and provided further that this exclusion shall not apply to expert witnesses, nor shall it prevent any fact witness from hearing or otherwise being informed of the substance of any expert witness's testimony.

9.    **Direct Examinations**. Parties may submit narrative written direct examinations for all or part of any witness's testimony. Written directs shall not count against a Party's allocated time. All witnesses for whom written direct examinations are submitted must be tendered for cross examination, unless such witness's direct examination is withdrawn and the witness is not called to testify. Witnesses testifying by written direct are permitted to supplement the written direct with live testimony.

10.    Parties will meet and confer in advance of the Allocation Motion Hearing to resolve any evidentiary issues related to the written direct examinations.

11.    Parties shall exchange all written direct examinations by Sunday, September 2, 2018 at 8:00 pm (EDT).

12.    If a Party calls a witness adversely in their case-in-chief, any cross examination of such witness shall not be limited to the scope of the adverse direct examination.

13. **Deposition Designations**. Parties may designate depositions taken in connection with the Allocation Motion in lieu of or in addition to testimony. For the avoidance of doubt, Parties may not designate depositions taken in connection with hearings on matters other than the Allocation Motion.

14. Parties will meet and confer in advance of the Allocation Motion Hearing to resolve any evidentiary issues related to the proposed deposition designations. Parties will exchange deposition designations as follows:

   a. Affirmative deposition designations shall be exchanged on Tuesday, August 28, 2018, at 7:30 pm (EDT);

   b. Counter-deposition designations and objections to affirmative deposition designations shall be exchanged on Friday, August 31, 2018, at 7:30 pm (EDT);

   c. Objections to counter-deposition designations shall be exchanged on Monday, September 3, 2018, at 7:30 pm (EDT).

15. **Designations of Prior Trial Testimony**.

   a. *PAB/Ad Hoc EFH Claimants Proposal*: Parties may designate testimony from prior trials in these chapter 11 cases in lieu of or in addition to testimony only to the extent the testimony in such prior trials was provided by a witness who was deposed in connection with the Allocation Motion or will testify at the Allocation Motion Hearing, whether in person or in writing or by deposition designation.

   b. *Elliott/UMB Proposal*: Parties may designate testimony from prior trials in these Chapter 11 cases in lieu of or in addition to testimony. Parties will

5

        meet and confer in advance of the Allocation Motion Hearing to resolve any evidentiary issues related to the proposed trial testimony designations.

    c.    Parties will exchange trial testimony designations as follows:

        i.    Affirmative trial testimony designations shall be exchanged on Friday, August 31, 2018, at 7:30 pm (EDT);

        ii.    Counter-trial testimony designations and objections to affirmative trial testimony designations shall be exchanged on Sunday, September 2, 2018, at 7:30 pm (EDT);

        iii.    Objections to counter-trial testimony designations shall be exchanged on Monday September 3, 2018, at 7:30 pm (EDT).

16.    **Exhibits**.  The inclusion of a document on a Party's final exhibit list shall constitute notice pursuant to paragraph 17 of the *Confidentiality Agreement and Stipulated Protective Order* [D.I. 1833] (the "Protective Order") that the Party may offer or use the document in open court.  If an exhibit appearing on any final exhibit list contains Designated Material under the Protective Order, the Party that produced the exhibit shall have until Monday, September 3, 2018, to object to the publication of the exhibit in open court.  If the producing Party objects, the provisions of paragraph 17 of the Protective Order regarding resolution of any disputes shall apply.

17.    Interested parties shall meet and confer in good faith to resolve any confidentiality or evidentiary disputes regarding the noticed exhibits.

18.    If no Party objects to the admission of an exhibit under seal, it shall be admitted under seal, subject to the Court's discretion.  If any Party objects to the admission of an exhibit under seal, the offering Party shall apprise the Court of the dispute and seek relief from the Court.  Any exhibit admitted under seal shall not be published in the courtroom and no Party shall

disclose, or elicit testimony disclosing, the confidential information contained within the exhibit, unless the Court orders otherwise.

19. Exhibits produced by any Party are self-authenticating and are understood to be true and accurate representations of the original document.

20. **Demonstratives**. A Party must provide to all other Parties any demonstrative it intends to use at the Allocation Motion Hearing by 7:30 pm (EDT) the day before the demonstrative's use.

21. **Closing Arguments**. The Parties will meet and confer in good faith with each other and the Court as the Allocation Motion Hearing progresses to schedule closing arguments.

22. **Delivery of Written Direct Examinations, Deposition Designations, and Trial Testimony Designations**. Copies of any written direct examinations that parties intend to introduce into evidence at the Allocation Motion Hearing must be delivered by Monday, September 3, 2018, at 7:00 pm (EDT), to the Court at Christopher S. Sontchi's home address, which can be obtained from the Clerk of the Court. The Parties will meet and confer to deliver an agreed-upon set of deposition designations and trial testimony designations, subject to the Parties' objections, to the Court prior to the close of evidence in the Allocation Motion Hearing.

23. Federal Rule of Bankruptcy Procedure 9006 shall not apply to extend any deadlines set forth in this Order that fall on a Saturday, Sunday, or legal holiday.

Dated: _____, 2018
       Wilmington, Delaware

                                            THE HONORABLE CHRISTOPHER S. SONTCHI
                                            UNITED STATES BANKRUPTCY JUDGE