1    UNITED STATES BANKRUPTCY COURT

2    DISTRICT OF DELAWARE

3

4    In re:                        :

5                                  :    Chapter 11

6    ENERGY FUTURE HOLDINGS,       :

7    CORP., et al.,                :    Case No. 14-10979 (CSS)

8            Debtors.              :    (Jointly Administered)

9    _____:

10

11                                 United States Bankruptcy Court

12                                 824 North Market Street

13                                 Wilmington, Delaware

14                                 August 30, 2018

15                                 2:02 p.m. - 2:43 p.m.

16

17

18

19

20

21    B E F O R E :

22    HON CHRISTOPHER S. SONTCHI

23    U.S. BANKRUPTCY JUDGE

24

25    ECRO OPERATOR:  SARA HUGHES

1    HEARING re Joint Motion of UMB Bank, N.A., as Indenture

2    Trustee, and Elliott to Fix Appropriate Allocation of

3    Certain Reserves and Expenses as Between the EFH and EFIH

4    Debtors [D.I. 13102; filed May 13, 2018]

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Sonya Ledanski Hyde

1    A P P E A R A N C E S :

2

3    ROPES & GRAY LLP

4         Attorneys for Elliott Management Corp.

5

6    BY:  GREGG GALARDI

7         MATTHEW L. MCGINNIS

8

9    KIRKLAND & ELLIS LLP

10        Attorneys for the Debtors

11

12   BY:  MARK MCKANE

13

14   KASOWITZ BENSON & TORRES LLP

15        Attorneys for Farmstead Capital Management, Creditor

16

17   BY:  ANDREW GLENN

18

19   RICHARDS, LAYTON & FINGER, P.A.

20        Attorneys for the Debtors

21

22   BY:  JASON M. MADRON

23

24

25

1    ALSO PRESENT TELEPHONICALLY:

2

3    PEG A. BRICKLEY

4    MATTHEW C. BROWN

5    ERIC C. DAUCHER

6    DANIEL DEFRANCESCHI

7    ANDREW H. ELKIN

8    CHRISTOPHER ESBROOK

9    MICHAEL ESSER

10   ERIN FAY

11   MICHAEL FIRESTEIN

12   ANDREW GLENN

13   TAYLOR B. HARRISON

14   DANIEL K. HOGAN

15   CHRISTIAN P. JENSEN

16   DEBORAH KENNEDY

17   MARC KIESELSTEIN

18   AUSTIN KLAR

19   DAVID M. KLAUDER

20   VINCENT LAZAR

21   SCOTT J. LEONHARDT

22   KEVIN S. MANN

23   GARVAN MCDANIEL

24   PAMELA S. MORIN

25   MORGAN NIGHAN

1    RICHARD PEDRONE

2    DAVID S. SHAMAH

3    MATTHEW STEIN

4    ANGELO THALASSINOS

5    PATRICIA J. VILLAREAL

6    APARNA YENAMANDRA

7    SAM N. ASHURAEY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    P R O C E E D I N G S

2            THE COURT:  Hello, everybody. This is Judge

3    Sontchi.  Excuse me, I have no voice this afternoon.  This

4    is the time for pre-trial conference in Energy Future on the

5    allocation motion, filed by Elliott and UMB.  And I have

6    received the most recent filing or notice of proposed filing

7    -- notice of filing a proposed pre-trial order and I

8    understand there are some disputes, having looked through

9    that, but we'll get to those in turn.  I don't know if the

10   parties have talked about who should go first.

11           I guess, Mr. Galardi, it's your motion so I'll

12   allow you to take the lead, unless you would like someone

13   else to speak first.

14           MR. GALARDI:  No, Your Honor, it's Gregg Galardi.

15   I will take the lead and lay out what I think to be the

16   issues that are opened, and not just in the pre-trial order,

17   because I think, as Your Honor is aware and I doubt Your

18   Honor has had an opportunity to read them, all the parties

19   also at noon today filed their preliminary statements which

20   may actually facilitate or have some bearing on this pre-

21   trial.

22           So let me start with what I believe to be five or

23   six open issues, not all of which are in the pre-trial

24   order, but I don't think the parties will disagree, but if

25   they do I'm sure they will speak up.  I think the first

Page 7

1    issue is total trial time that Your Honor will permit for

2    these three days and then once that is fixed, talking about

3    the allocation of time.  And frankly, in light of the

4    filings that may be an issue that needs further discussion

5    without Your Honor and come back to Your Honor.  But that's

6    issue number one.

7            The issue that I have, number, two, which is not a

8    big issue is the order of the witnesses, which because of

9    certain availability I just wanted to apprise Your Honor of

10   that.

11           The third, and I was with Your Honor in court the

12   other day, and don't expect Your Honor to rule on the motion

13   in limine today, I do think with the filings that may be

14   something we can talk about a little bit today.

15           And then finally what's really in the pre-trial

16   order are two open issues.  I will call one evidentiary and

17   one procedural.  The evidentiary is the trial transcript and

18   the next one is sequestration of witnesses, which I'm going

19   to defer to my partner, Matt McGinnis to discuss.  So if I

20   can run in that order, and then if people want to add issues

21   or discuss them one by one, I think that would be the most

22   efficient way, if that's all right with Your Honor?

23           THE COURT:  That order is fine with me, but I

24   think --

25           MR. MCKANE:  Your --

1          THE COURT:  Yes, Mr. McKane?

2          MR. MCKANE:  Your Honor, it's Mark McKane from

3   Kirkland Ellis on behalf of the Plan Administrator Board.

4   Do you want to discuss it topic by topic and hear the kind

5   of point, counterpoint --

6          THE COURT:  Well, that's -- I was about to --

7          MR. MCKANE:  -- on each?

8          THE COURT:  I was about --

9          MR. GALARDI:  That's what I was thinking.

10          THE COURT:  I was about to say, I would prefer to

11   take them point by point rather than having -- listening to

12   you on all five.  So if we can take it item by item and I

13   hear from you or your partners, and then from everybody

14   else, that's probably best.

15          So let's talk about total trial time and

16   allocation of that time.

17          MR. GALARDI:  Sure.  Your Honor, we understand

18   that generally starting -- the earliest to start is probably

19   9 and the latest to end is 5:30 because of overtime and

20   those issues.  We want -- I think we were scheduled to start

21   at 9:30, and also we're scheduled to start, I think, just a

22   pre-meeting on Wednesday at 9.  We just wanted to make sure

23   that we could use as much of that time as possible.  I

24   understand that there will be an afternoon break, a morning

25   break and a lunch break, but wanted to make sure that we

1    believed we could get to Your Honor from 9 to 5:30, subject

2    to those breaks, during those three days.  We understand

3    there's no additional time and I think that time, given the

4    pleadings now, will be adequate.  And that was the first --

5    just wanted to confirm that before we talk about how we

6    divvy that time up.

7                THE COURT:  All right.  Any comment on that?

8                MR. MCKANE:  No comment, Your Honor, other than

9    just for kind of your kind of context on this.  And again,

10   it's Mark McKane.  In our experience with Your Honor in

11   contested hearings, running the process, ending at 5:30, you

12   have approximately 5 1/2 to 6 hours, depending on when you

13   want to start.  And just so for -- of actual time on the

14   record, just as you're evaluating the total amount of trial

15   time.

16               THE COURT:  Yes.  So 9:30 to -- 9:30 is as early

17   as we are going to start.  9:30 to 5:30 is six and -- excuse

18   me, eight hours.  You've got an hour for lunch and two 15-

19   minute breaks.  That leaves you with 6 1/2 which is probably

20   more than is reasonable just given various breaks, et

21   cetera, that might occur.  But I think it's something I'm

22   willing to use as a reference for how long trial will take.

23   And if we have to go a little later than 5:30, so be it.  So

24   why don't we plan on a total limit of trial time of 19

25   hours, that's 6 1/2 times three minus a half, to build in

1    some extra time there, so 19 total hours.

2          MR. GALARDI:   Okay, Your Honor.   Thank you.   Now,

3    with respect to the allocation of the time, I will start

4    with where the parties started to discuss, but in light of

5    the pleadings, I'm going to make a different proposal and I

6    don't mean to surprise the parties.

7          The Debtors -- or PAB had suggested 30/30/30.   We

8    were concerned, UMB/Elliott, with 30/30/30.   Just based on

9    the pleadings, Your Honor, there are four open issues and

10   the parties have taken, obviously, different views, but just

11   to lay a couple out, and I think it's significant to

12   figuring out the time.   I believe Elliott has done -- or

13   Nextera 50/50, the PAB has said a number lower than that and

14   the Ad Hoc has said basically 0 to 1.74.

15         The Committee issues we've said 70/30.   The PAB

16   actually went higher, 86 to 94.   And the Ad Hoc said no

17   change.

18         Elliott, on the substantial contribution claims

19   said 30 to 70.   Again, the PAB went a little higher and the

20   Ad Hoc said zero.

21         And the Debtors' professional fees we said 50/50.

22   PAB said no change, and Ad Hoc said no change.

23         Why I went through that is because, and I'll let

24   them speak, the Ad Hoc Committee is essentially saying that

25   Elliott cannot carry its burden on changing more or less

1    anything.  The PAB has agreed to change at least two of

2    those matters further in Elliott's favor than it requested.

3    So as I look at the time and the burden, I was going to say,

4    you know, between Elliott and the PAB, two of those issues,

5    PAB can actually take the lead if they'd like to, and it's

6    higher than our percentages on two of the issues.

7            So what I was going to suggest and is really now -

8    - it can go back to 30/30/30 or really I think it should be

9    50 percent Elliott with PAB's -- we're putting on their

10   witnesses anyway on those two issues, 30 percent for the --

11   I mean, 25 percent/25 percent for the Ad Hoc, since I think

12   the Ad Hocs are really going to be challenging our carrying

13   a burden here and not really doing an affirmative case.

14           MR. MCKANE:  Your Honor, It's Mark McKane for the

15   Plan Administrator Board.  Can I be heard?

16           THE COURT:  Of course.

17           MR. MCKANE:  Look, I appreciate Mr. Galardi's

18   attempt to adjust on the fly, in light of the Plan

19   Administrator Board's proposal.  Let me just come out and

20   kind of explain where we are and why.  As you can imagine,

21   right, we are the fiduciary, we have no allegiance with

22   Elliott, we have no allegiance with the Ad Hoc group.  We

23   call -- you know, Mr. Horton has tried to call balls and

24   strikes as he sees them, based on an evaluation of the risks

25   as they were presented.

1              I think even breaking it up the way Mr. Galardi is

2    proposed suggests an alignment that isn't, I think,

3    accurate, you know, based on how Mr. Horton views things.

4    Frankly, the PAB is, you know, putting on the most factual

5    record here.  It's just laying out a factual record of what

6    the responsibility of what happened in the cases and how

7    things were actually done.

8              Well, there will be three witnesses, Mr. Horton,

9    Mr. Keglevic and Mr. Husnick.  And as a result, you know,

10   that's why we came down on -- we thought it's a third, a

11   third, a third to get to, you know, 100 percent allocation

12   across the parties.  That just seems -- given where we ended

13   up, the short answer to what you're going to see in the

14   allocations is we're in the middle.  We're not where the Ad

15   Hoc group is, we're not where Elliott is.  If you look at

16   the proposed, just, you know, shiftings of funds and

17   deductions based on these expenses, we are -- you know,

18   between the two economic stakeholders.

19             MR. GLENN:  Andrew Glenn on behalf of the EFH Ad

20   Hoc Committee, if I could be heard?

21             THE COURT:  Yes.

22             MR. GLENN:  Thank you.  From where we stand, we

23   would support the 30/30/30 allocation.  And we're mindful of

24   a few general high level perspectives on this.  First, how

25   the depositions themselves played out, and I think we

1    experienced was that obviously UMB, Elliott and the Ad Hoc

2    Committee did most of the work on the depositions.  however,

3    assuming that you deny our motions in limine and we have the

4    longer trial, the company took the lead as against Elliott's

5    experts.  And so at the end of the day, I think that while

6    we're not aligned on allocations, we are aligned on certain

7    issues and I'm confident that we and Kirkland, on behalf of

8    the PAB, can work together to perhaps even do less than, you

9    know, a third each to try to streamline this as much as

10   possible.

11          On the other hand, we only have one witness that

12   is friendly to us, and that's our expert.  We're otherwise

13   essentially adverse to everybody else, so we really do need

14   to keep our one-third of the trial time.  But, you know, I'm

15   confident, given how things have played out, that we can do

16   this very efficiently and that perhaps we, working with Mr.

17   McKane, can cut down on that 30 -- the 30 to make it even

18   shorter.  But not knowing how it's going to play out, I

19   think that's the safest course.

20          MR. GALARDI:  Your Honor, may I just quickly

21   respond, because I think that's a good lead in to the motion

22   in limine topic.  One, is we actually think, and understand,

23   Mr. McKane wanting to be the historian.  I would have

24   shifted 40/40/20 then or something to that to the Ad Hoc

25   since they have one witness that will be an expert and the

1     rest is cross-examination.  But the motion in limine, in

2     light of our pleading, and I think it's worthwhile, in light

3     of our pleading, what Mr. Glenn has done and as to Mr.

4     McKane and what the PAB has done, what I was going to

5     suggest is after this call, which actually can go to the

6     allocation, is discussing, potentially, a resolution of that

7     issue.

8              I think parties believe we were taking a much

9     stronger view than what we have actually taken and that may

10    simplify the motion in limine and eliminate certain of the

11    expert testimony.  So one of the suggestions I was going to

12    do was to actually say, and I don't mean to do this to Your

13    Honor, is to reconvene part of this tomorrow to see if even

14    some of these option issues on the motion in limine can be

15    resolved, and the trial time addressed at that point once we

16    decide that, because I think if the experts are resolved I

17    think we can make this an even shorter hearing.

18             THE COURT:  Okay.  Well, let's deal with the

19    allocation of time issue, and we can talk at the end of the

20    day -- at the end of the hearing about whether we want to

21    reconvene --

22             MR. GALARDI:  Yes.

23             THE COURT:  -- tomorrow.  It's the Friday before

24    Labor Day, so I was not going to come into the office, but I

25    can -- I, too, can participate by phone.  So I can certainly

1    make time tomorrow if that's what people want to do, and I

2    will, of course, make myself available.

3            With regard to the allocation of time, I think my

4    ruling is that 40 percent of that time should go to Elliott,

5    30 percent to the PAB and 30 percent to the Ad Hoc.  I was

6    leaning towards a third, a third, a third, but I believe,

7    based on the argument, and how things have developed, that

8    the bulk of the burden here and the bulk of the activity is

9    on Elliott and they should be given a smidgeon more time.

10   Thirty is only three percentage points less than a third, a

11   third, a third, so I don't think that reduction to the PAB

12   and the Ad Hoc is sufficiently high to get too excited

13   about.

14           And although the Ad Hoc may only have one witness

15   and the rest is cross, I'm hoping all the direct, or most of

16   the direct, is by affidavit and all the action in the case

17   is going to be cross, so it's not like they don't have

18   something to do if they've got to cross everybody else's

19   witnesses.  So 40/30/30 with regard to Elliott, the PAB and

20   the Ad Hoc is the ruling.

21           MR. GALARDI:  Thank you, Your Honor.

22           Next, and I don't think there's any more dispute,

23   but I put it on my list, as to the witness order.  I believe

24   that Mr. Husnick, which we would call, is -- in our case-in-

25   chief, and Mr. Keglevic had certain scheduling issues, Mr.

1    Husnick can be there on Wednesday, so we will call him and

2    we will defer calling Mr. Keglevic until the following day.

3    Mr. Horton we're also calling, but he can be one of those

4    two days because I believe he will be available.  And we

5    think we'll probably put Mr. Husnick on first, but I don't

6    know if there was other people that wanted to comment on the

7    witness order?

8              MR. MCKANE:  It's Mr. McKane for the PAB.  Just --

9    and by the way, just for the record, I believe earlier when

10   Mr. Glenn was speaking he made references to the company,

11   I'm certain he was referring to the Plan Administrator Board

12   there and we all make that mistake over time, and I just

13   want to make sure we have a clean record.

14             We do appreciate Mr. Galardi's efforts to work

15   with our witnesses and especially Mr. Keglevic's, you know,

16   limited availability of the third party, and Mr. Husnick

17   will be available on Wednesday, Mr. Keglevic will be

18   available on Thursday and Mr. Horton will be available for

19   the entire week.

20             THE COURT:  Okay.  Sounds good.  Thank you for

21   working with each other on that.  I appreciate it.

22             MR. GALARDI:  So Your Honor, at this point I

23   believe the two open issues we have are more evidentiary,

24   and I would turn it over to Mr. McGinnis, my partner on

25   trial transcript and sequestration.

```
 1            THE COURT:  Okay.  Mr. McGinnis?

 2            MR. MCGINNIS:  Good afternoon, Your Honor.  For

 3     the record, Matt McGinnis on behalf of Elliott Management

 4     and UMB.  The first issue that Mr. Galardi referred to

 5     relates to the designation of prior trial testimony from

 6     prior trials in this matter.  And this is addressed, if Your

 7     Honor has the proposed pre-trial order with them, in

 8     paragraph 15 of the proposal.

 9            And I believe that this agreement, in short, is

10     that Elliott, at least as a process matter, seeks to

11     designate prior trial testimony from prior proceedings and

12     hearings in this matter.  The PAB and the Ad Hoc EFH

13     Claimants believe that any designations of prior trial

14     testimony should be limited to witnesses that will be

15     testifying at the trial or that were deposed in this matter.

16            Your Honor, I think what that request by the PAB

17     and the Ad Hoc Committee amounts to essentially a request

18     for a blanket evidentiary ruling.  Your Honor, there are

19     frankly many reasons why prior trial testimony by a witness

20     that, you know, will or will not be testifying at this

21     trial, may be admissible.  It may be under the evidence

22     rules, it could be a party opponent admission, it could be

23     offered for a reason other than for the truth and is

24     therefore not hearsay, and it may also fall within the

25     exceptions to the hearsay rule, such as 804(b)(1) for prior
```

1   trial testimony.

2           But as a practical matter for Your Honor, at this

3   stage in the process, you know, we don't think that a

4   blanket evidentiary ruling, without the benefit of

5   consideration of the actual evidence that the parties seek

6   to admit is appropriate.  Instead, all we ask, Your Honor,

7   is that the parties pursue the typical designation process

8   that they would and that we have already agreed to in this

9   case.  We can designate the testimony that we seek to use,

10  the other parties can do the same, everyone can object and

11  counter-designate if they see fit.  And then the actual

12  testimony that you -- the actual evidence that we seek to

13  admit can be considered by Your Honor and you can rule

14  whether it's admissible or not admissible at that time.  I

15  don't see the need for sort of a -- to make an evidentiary

16  ruling in a vacuum without consideration of the actual

17  evidence at issue.

18          MR. MCKANE:  Your Honor, Mr. McKane for the Plan

19  Administrator Board.  Just as an initial matter, this is a

20  shift in position from what we had heard in a series of meet

21  and confers over the past seven days about what was going to

22  be admitted.

23          We -- to be fair to Mr. McGinnis and just to

24  inform the Court, we had been working in parallel

25  designating deposition transcript and trial transcript and

1    addressing evidentiary issues for hours with the other

2    parties on these issues.  The issue, it really got honed in

3    as it relates to prior trial testimony, for the following

4    scenario:

5              It is that we are very aware that Elliott would

6    like to admit prior trial testimony from a few proceedings,

7    for example, the bid procedures hearing, for witnesses who

8    are not a party, they're not parties to the action.  We've

9    raised the admissibility concern, we -- they were basically

10   unable to articulate essentially why it would be viewed as a

11   prior -- we know they have to get it in for the truth of the

12   matter asserted, they've been able -- it's not a prior

13   statement under oath by a party, it's not a prior

14   inconsistent statement and so we say, like, you didn't

15   depose these people, how are you going to get it in.

16             If they want to kick the can down the road until

17   the issue is more clearly crystalized and present it in

18   front of Your Honor, essentially what they're saying is they

19   want to defer it, not have it in the pre-trial order and

20   live to fight another day.  Ultimately that's fine with us,

21   but our position remains the same as -- you know, and just

22   to be absolutely, you know, kind of cards on the table so

23   Your Honor appreciates it, this relates to prior trial

24   testimony from Mr. Hiltz and Mr. Ying of Evercore.  They

25   certainly had the ability to depose either Mr. Hiltz or Mr.

```
1    Ying, they did not.  These issues were not covered -- the
2    questions were not posed in a 30(b)(6) deposition of an
3    Evercore witness.  And that's part of the context for why we
4    took the position we did.  If they want to kick the can down
5    the road, that's fine.
6              THE COURT:  Well, that's not really fine with me
7    because I don't want to spend two hours on Wednesday burning
8    trial time having a fight over whether something's
9    admissible or not.
10             MR. MCKANE:  Understood, Your Honor
11             THE COURT:  I mean, that's what --
12             MR. MCKANE:  I mean, our --
13             THE COURT:  -- that's what this -- that's what
14   these pre-trials are for, to figure this stuff out, so.
15             MR. MCKANE:  Yeah.  So the PAB's position is
16   plain.  There is trial testimony from Mr. Hiltz and Mr. Ying
17   and -- you know, in the October 2014 bid procedures hearing.
18   They've never disclosed Mr. Ying or Mr. Hiltz as a witness,
19   they didn't depose these folks, and now they want to
20   introduce that testimony for the truth of the matter
21   asserted at trial, and we think that's inadmissible.
22   There's no basis under the evidentiary rules to get it in.
23             MR. MCGINNIS:  Your Honor, Matt McGinnis on behalf
24   of Elliott and UMB.  May I address that?
25             THE COURT:  Yes.
```

1          MR. MCGINNIS:  So needless to say I have a

2    somewhat different recollection of the conversations that

3    Mr. McKane and I had on this subject.  But you know, Mr.

4    McKane is correct that one of the witnesses -- or the

5    testimony we may seek to admit is testimony that Mr. Hiltz

6    offered at the bidding procedure hearing in October 2014.  I

7    would note that if you look at the Ad Hoc Claimants' initial

8    submission and the submission today, the substance of those

9    bidding procedures hearings is, you know, directly relevant

10   and something that they have put at issue in this case.

11          Mr. Hiltz's testimony is, among other things,

12   prior trial testimony that squarely fits within the Rule

13   804(b)(1) exception to the hearsay rule.  And he does not

14   need to testify, it does not need to be inconsistent with

15   the statements.  It simply just needs to be prior trial

16   testimony under oath of a witness that is unavailable.

17          Moreover, I'll note that --

18          THE COURT:  Why is he -- wait a minute, why is he

19   unavailable?

20          MR. MCGINNIS:  Your Honor, I believe he's outside

21   the subpoena power of the Court.  We are confirming -- I

22   should add, by the way, that we are in the process of

23   confirming whether he would be willing to be available to

24   testify.

25          But I will add that, you know, the issues that

1    were addressed in the bidding procedure hearing were well

2    known, there's a significant overlap between those issues

3    and the issues that were at issue in this case.  Both the

4    PAB and the Ad Hoc Claimants had more than an adequate

5    opportunity to cross-examine Evercore on these issues at the

6    30(b)(6) deposition earlier this month.  There is, frankly,

7    no surprise about the testimony that Mr. Hiltz provided in

8    October of 2014 on this issue.

9              THE COURT:  All right. So you haven't even asked a

10   witness, who is well known to the Court, was retained in

11   this case by the Debtors, you haven't issued a subpoena, you

12   haven't even asked him whether or not he'll come and now

13   you're telling me he's unavailable?

14             MR. MCGINNIS:  Your Honor, so I apologize if that

15   is unclear.  The 804(b)(1) exception is one the bases.  I

16   think another bases, Your Honor, is that this was -- Mr.

17   Hiltz was a witness on behalf of the Debtors.  He was called

18   by and put on by the Debtors at the bidding procedures.  He

19   was authorized to speak about the subjects that the Debtors

20   asked him to speak about at the bidding procedures hearing.

21   That constitutes a party opponent admission for purposes of

22   the rule and it's therefore not hearsay with respect to the

23   Debtors.

24             THE COURT:  The Debtors aren't a party.  The

25   Debtors a reorganized entity, this is the trust.

1           MR. MCKANE:  And Your Honor, to that end -- It's

2    Mr. McKane, just to clarify what the rules are, under the

3    hearsay exception 804(a) if you look at 804(a)(5) to be

4    absent from trial or hearing, right, they have to be

5    unavailable by process or by other reasonable means.  And we

6    -- obviously we're not -- you know, the Debtors are not a

7    party here, but the failure to either seek out the

8    deposition or serve a trial subpoena of either of those

9    Evercore witnesses, or frankly ask the appropriate questions

10   at the depositions that they did take of a 30(b)(6) witness,

11   is really the underlying basis for why we have a problem

12   with this.

13           MR. MCGINNIS:  Your Honor, I would simply repeat

14   that this is a -- this is something that for purposes of the

15   evidentiary rules, at a minimum I think that you can -- that

16   the testimony we're talking about here is limited, we do not

17   think there's much, at this point we do not intend to

18   actually designate testimony from Mr. Ying and I think that

19   the issue can be resolved by reference to the specific

20   testimony that is at issue here.  It will not take, in my

21   view, a significant burden on either party.

22           THE COURT:  Well, I need to figure out a way --

23   you want to bide your time and somehow not eat into trial

24   time, because I am not wasting trial time on this.

25           MR. MCGINNIS:  Your Honor, we would -- if the

1    parties agree, if it would be helpful at the time that any

2    designations are offered, we would be happy to submit short

3    letter briefs outlining the issues so that the Court can

4    rule on the issue without dealing with any trial time.

5             MR. MCKANE:  Your Honor, we have -- we actually

6    object to submitting additional letter briefs at this point

7    in time.  We actually raised the issue in advance of this

8    hearing, were letter briefs appropriate on addressing any of

9    these issues, and both Elliott and the Ad Hoc said no, they

10   just wanted to address it orally.

11            You know, we'll talk to Elliott, because if

12   they're -- you know, to see if there's a way through this.

13   I don't believe there is, other than them relying on out of

14   the court statements like hearsay to using an expert to get

15   it in, which is something that they have -- one of their

16   experts, you know, did, and I acknowledge that.  But to get

17   the underlying found materials in from Mr. Hiltz I think is

18   -- or remains inappropriate.

19            THE COURT:  I'm trying to figure out a way to do

20   this that isn't going to eat into trial time.  And I see

21   that the designations are due Friday at night, and counter

22   ones are due Sunday night, and objections -- or I'm sorry,

23   counter-trial and objections to affirmative designations are

24   due Saturday -- or Sunday, excuse me, objections to counter-

25   trial on Monday.  I think I could -- I'm trying to figure

1    out if there's room to carve out some time on Tuesday to get

2    on the phone and deal with this issue.  Yeah, it's really

3    tight.  Are the parties available at 11:30 Eastern on

4    Tuesday morning for a phone conference on this?

5              MR. MCKANE:  Yes, Your Honor, for PAB.

6              MR. MCGINNIS:  Yes, Your Honor.

7              MAN:  Yes, Your Honor.

8              MAN:  Your Honor, yes, for the EFH Trustee.

9              THE COURT:  All right.  Can the PAB send me --

10   since you have to file objections to each other's

11   designations, I guess those were just probably not going to

12   be speaking objections, they were probably just going to be

13   line item objections, but I want to avoid a bunch of

14   briefing, but I guess I can't.  So those objections should

15   be maybe a little more fulsome than you initially thought.

16   Again, you don't --

17             MR. MCKANE:  Understood, Your Honor.  This

18   specific issue we will go into more detail than we would

19   have.

20             THE COURT:  And if this all goes away over the

21   weekend, just give a call to chambers Tuesday morning and

22   we'll cancel the hearing, but otherwise we'll talk about

23   this issue and this issue only Tuesday at 11:30.  Okay?

24             MR. MCKANE:  Thank you, Your Honor.

25             MR. MCGINNIS:  Thank you, Your Honor.

1          Your Honor, Matt McGinnis again for Elliott and

2    UMB.  I believe the second, and I believe final evidentiary

3    issue for today relates to sequestration.

4          Your Honor, Elliott and UMB request that the Court

5    enter an order requiring sequestration of fact witnesses.

6    And this is addressed in paragraph 8 of the proposed pre-

7    trial order.  Your Honor, I will note that under Rule 615 of

8    the Federal Rules of Evidence, when a party requests

9    sequestration the Court, as the rule says, "The Court must

10   order witnesses excluded so they cannot hear other

11   witnesses' testimony."  We are requesting that sequestration

12   order at this point.

13         Just a couple of notes on the language that we

14   have proposed, Your Honor.  One, we've tried to make this

15   tailored and to ensure that it is not burdensome on other

16   parties, including the PAB.  Each party may, consistent with

17   Rule 615, designate an authorized representative to be in

18   the courtroom at all times.  And second, expert witnesses

19   and expert testimony are excluded from the sequestration

20   request.  Expert witnesses can sit in the trial and hear all

21   of the testimony, and fact witnesses are permitted to hear

22   expert testimony as well.

23         I believe that the PAB and the Ad Hoc Claimants

24   oppose this.  I confess I'm not certain on the reasons, but

25   I will note that, you know, our view, if I'm reading Rule

1    615 correctly, is that a sequestration order is mandatory

2    when a party requests one.

3            MR. MCGINNIS:  Your Honor, it's Mr. McKane.  I can

4    articulate the reasons.

5            What the request is, from Elliott, isn't just a

6    sequestration order once the hearing starts and witnesses

7    testify live, what they're asking for is a sequestration

8    order that begins when a declaration is exchanged.  And

9    nowhere in 615 does -- is there a suggestion that it goes

10   beyond the live testimony.  This would be -- if 615 were to

11   apply in this type of circumstances in a restructuring, then

12   any time someone filed a declaration then they would be

13   sequestered for the remainder, once a motion is filed, until

14   the hearing is ruled on any given motion.

15           Our concern here is not about what Your Honor has

16   done in every case, which is once the witness is sworn,

17   right, obviously there's no interaction with the witness

18   whatsoever, right?  And we totally understand and appreciate

19   that.  But what -- if you step back, what is this really

20   about?

21           If you look at the sequencing of witnesses that

22   we're talking about, they -- you know, if we take them at

23   face value that they're calling Mr. Husnick first, and that

24   Mr. Horton, as the sole member of the PAB is going to be

25   allowed to be in the courtroom at all times because we're

1    going to need access to our client rep to aid us, and they

2    want to use that same exception to include Mr. Rosenbaum,

3    who is their point person at Elliott, so that he would be in

4    the courtroom the entire time, what it's really about is one

5    person, it's about Mr. Keglevic.

6              So it's whether they can sequester Mr. Keglevic so

7    he doesn't hear the testimony from Mr. Rosenbaum or anybody

8    else or have an opportunity to respond to it.  Ultimately

9    he's a third party who's flying in the night before anyway,

10   so I'm not sure what kind of affect there is of this, but

11   from our trial preparation standpoint, to understand the

12   positions that are being taken, what we object to is the

13   introduction of a sequestration order that kicks in before

14   the hearing starts.  And that's our problem with the issue,

15   or at least that's the PAB's issue, I'm not certain if the

16   Ad Hocs have anything to add.

17             MR. GLENN:  No, Your Honor.

18             MR. MCGINNIS:  Your Honor, again, Matt McGinnis on

19   behalf of Elliott and UMB, very briefly.

20             Your Honor, look first of all with respect to the

21   written directs, you know, I think that it's at the

22   beginning of the testimony, we're simply asking that the

23   declarations not be shared among the witnesses who will then

24   be testifying and subject to cross.

25             To Mr. McKane's other points, if this really

1    amounts to, in his view, Mr. Keglevic, and as I understand

2    it, the burden is minimal, but I also don't see a reason to

3    depart from the rules, and a sequestration order should

4    apply when a party requests it.  So for that reason we'd

5    request the sequestration order as we have requested.

6              MR. MCGINNIS:  Your Honor, the written direct --

7    the proposed written directs are not testimony until they're

8    submitted -- are offered and to be introduced at trial,

9    until that point in time there's actually meet and confers

10    about admissibility and evidentiary basis for all these

11    issues.  To the extent that they're trying to get a

12    sequestration order that starts before a hearing begins,

13    I've never seen it before, and I'm not aware of a prior

14    precedent that would extend 615 in that manner.

15              THE COURT:  Okay.  Thank you.  I agree with Mr.

16    McKane that I think it's unreasonable to sequester witnesses

17    before the trial even commences.  It is a little different

18    when you are submitting declarations as direct testimony,

19    but I think Mr. McKane correctly points out that that

20    evidence isn't evidence until it's actually admitted before

21    the Court and that can't happen before the hearing.  And

22    witnesses are often prepared all the way up to the eve of

23    the hearing based on information that continues to flow back

24    and forth among the parties.  So I don't think there's any

25    spoliation or impropriety associated with allowing the

1    declaration to be prepared, filed, exchanged and there still

2    be consultation prior to the hearing commencing.

3            However, I do believe that once the hearing

4    commences at 9:30 on the 5th, that the fact witnesses,

5    subject to the exclusions that have been proposed, must be

6    sequestered.  I think Rule 615 is pretty clear, if you ask,

7    you get it.  It's pretty unusual in bankruptcy because

8    people usually don't ask, but it is what it is and I think

9    it would be appropriate to sequester the witnesses here once

10   the hearing commences until their testimony is concluded, of

11   course at which time they can continue to pay attention if

12   they wish.  And unless there's some sort of reservation on

13   rebuttal that's put on the record at the time, that we think

14   the testimony is precluded, subject, of course, to the fact

15   here they're not excluding expert witnesses which I think is

16   appropriate, and not excluding, of course, party

17   representatives, which is required by the rule.

18           MR. MCGINNIS:  Thank you, Your Honor.

19           THE COURT:  You're welcome.

20           MR. GALARDI:  Your Honor, it's Gregg Galardi, for

21   the record.  I think that was all of our issues.  I don't

22   know if the PAB or the Ad Hoc Claimants have other issues?

23           THE COURT:  So --

24           MR. MCGINNIS:  No, Your Honor.  The PAB doesn't

25   have anything else.  And then we'll just reach out to Mr.

1    Galardi to understand his proposal about motions in limine a

2    little more.

3            THE COURT:  Yes, please do that.  And let me know

4    if there's anything I need to know about that.

5            Let's see, Ms. Gadson is gone for the weekend and

6    Ms. Werkheiser is on vacation.  So I think -- well, I think

7    several of you probably have my private email.  I know --

8    Mr. Madron, are you on the phone?

9            MR. MADRON:  Yes, Your Honor, I am.

10           THE COURT:  You have my private email, right?

11           MR. MADRON:  I do, Your Honor.  Yes.

12           THE COURT:  Okay.  And I think Mr. Galardi

13   probably does, too.  Just if there's anything that arises

14   from now until Tuesday morning that you need contact with me

15   because of the holiday, email me directly.  Obviously copy

16   everybody so everybody has a fair opportunity to know what's

17   being communicated to the Court.

18           Are you going to send over a revised scheduling

19   order once you have your discussions that reflect my

20   rulings?

21           MR. MCKANE:  The PAB will work with the parties to

22   do so.

23           THE COURT:  Okay.  Clear that by email and I think

24   I can get that docketed from home or from the office even

25   without staff, so we'll see.  If that doesn't show up on the

1    agenda it's due to my -- excuse me, on the docket, it's due

2    to my incompetence, but it will be available early Tuesday

3    morning at the latest.

4              Anything further for today?  Okay.  Great.  Thank

5    you for your time and I hope everybody has a good weekend,

6    even though you're probably going to lose most of it.  I'm

7    sorry about that, but it is what it is.  We're adjourned.

8              MR. MCGINNIS:  Thank you, Your Honor.

9              MR. GALARDI:  Thank you, Your Honor.

10             (Whereupon these proceedings were concluded at

11   2:43 PM)

12

13

14                         *  *  *  *  *

15

16

17

18

19

20

21

22

23

24

25

1              C E R T I F I C A T I O N

2

3      I, Sonya Ledanski Hyde, certified that the foregoing

4  transcript is a true and accurate record of the proceedings.

5      Sonya                Digitally signed by Sonya Ledanski
                            Hyde
6      Ledanski Hyde        DN: cn=Sonya Ledanski Hyde, o, ou,
                            email=digital@veritext.com, c=US
7                           Date: 2018.08.31 15:17:00 -04'00'

8  Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20   Veritext Legal Solutions

21   330 Old Country Road

22   Suite 300

23   Mineola, NY 11501

24

25   Date:  August 31, 2018

| & | 5 | ad 10:14,16,20,22 | agenda 32:1 |
|---|---|---|---|

**&**

**&** 3:3,9,14,19

**0**

**0** 10:14

**1**

**1** 17:25 21:13 22:15
**1.74.** 10:14
**1/2** 9:12,19,25
**100** 12:11
**11** 1:5
**11501** 33:23
**11:30** 25:3,23
**13** 2:4
**13102** 2:4
**14-10979** 1:7
**15** 9:18 17:8
**19** 9:24 10:1

**2**

**2014** 20:17 21:6 22:8
**2018** 1:14 2:4 33:25
**25** 11:11,11
**2:02** 1:15
**2:43** 1:15 32:11

**3**

**30** 1:14 10:19 11:10 13:17,17 15:5,5 20:2 22:6 23:10
**30/30/30** 10:7,8 11:8 12:23
**300** 33:22
**31** 33:25
**330** 33:21

**4**

**40** 15:4
**40/30/30** 15:19
**40/40/20** 13:24

**5**

**5** 9:12 23:3
**50** 11:9
**50/50** 10:13,21
**5:30** 8:19 9:1,11 9:17,23
**5th** 30:4

**6**

**6** 9:12,19,25 20:2 22:6 23:10
**615** 26:7,17 27:1,9 27:10 29:14 30:6

**7**

**70** 10:19
**70/30** 10:15

**8**

**8** 26:6
**804** 17:25 21:13 22:15 23:3,3
**824** 1:12
**86** 10:16

**9**

**9** 8:19,22 9:1
**94** 10:16
**9:30** 8:21 9:16,16 9:17 30:4

**a**

**ability** 19:25
**able** 19:12
**absent** 23:4
**absolutely** 19:22
**access** 28:1
**accurate** 12:3 33:4
**acknowledge** 24:16
**action** 15:16 19:8
**activity** 15:8
**actual** 9:13 18:5 18:11,12,16

**ad** 10:14,16,20,22 10:24 11:11,12,22 12:14,19 13:1,24 15:5,12,14,20 17:12,17 21:7 22:4 24:9 26:23 28:16 30:22
**add** 7:20 21:22,25 28:16
**additional** 9:3 24:6
**address** 20:24 24:10
**addressed** 14:15 17:6 22:1 26:6
**addressing** 19:1 24:8
**adequate** 9:4 22:4
**adjourned** 32:7
**adjust** 11:18
**administered** 1:8
**administrator** 8:3 11:15,19 16:11 18:19
**admissibility** 19:9 29:10
**admissible** 17:21 18:14,14 20:9
**admission** 17:22 22:21
**admit** 18:6,13 19:6 21:5
**admitted** 18:22 29:20
**advance** 24:7
**adverse** 13:13
**affect** 28:10
**affidavit** 15:16
**affirmative** 11:13 24:23
**afternoon** 6:3 8:24 17:2

**agenda** 32:1
**agree** 24:1 29:15
**agreed** 11:1 18:8
**agreement** 17:9
**aid** 28:1
**al** 1:7
**aligned** 13:6,6
**alignment** 12:2
**allegiance** 11:21 11:22
**allocation** 2:2 6:5 7:3 8:16 10:3 12:11,23 14:6,19 15:3
**allocations** 12:14 13:6
**allow** 6:12
**allowed** 27:25
**allowing** 29:25
**amount** 9:14
**amounts** 17:17 29:1
**andrew** 3:17 4:7 4:12 12:19
**angelo** 5:4
**answer** 12:13
**anybody** 28:7
**anyway** 11:10 28:9
**aparna** 5:6
**apologize** 22:14
**apply** 27:11 29:4
**appreciate** 11:17 16:14,21 27:18
**appreciates** 19:23
**apprise** 7:9
**appropriate** 2:2 18:6 23:9 24:8 30:9,16
**approximately** 9:12
**argument** 15:7

**arises** 31:13
**articulate** 19:10
  27:4
**ashuraey** 5:7
**asked** 22:9,12,20
**asking** 27:7 28:22
**asserted** 19:12
  20:21
**associated** 29:25
**assuming** 13:3
**attempt** 11:18
**attention** 30:11
**attorneys** 3:4,10
  3:15,20
**august** 1:14 33:25
**austin** 4:18
**authorized** 22:19
  26:17
**availability** 7:9
  16:16
**available** 15:2
  16:4,17,18,18
  21:23 25:3 32:2
**avoid** 25:13
**aware** 6:17 19:5
  29:13

**b**

**b** 1:21 4:13 17:25
  20:2 21:13 22:6
  22:15 23:10
**back** 7:5 11:8
  27:19 29:23
**balls** 11:23
**bank** 2:1
**bankruptcy** 1:1
  1:11,23 30:7
**based** 10:8 11:24
  12:3,17 15:7
  29:23
**bases** 22:15,16
**basically** 10:14
  19:9

**basis** 20:22 23:11
  29:10
**bearing** 6:20
**beginning** 28:22
**begins** 27:8 29:12
**behalf** 8:3 12:19
  13:7 17:3 20:23
  22:17 28:19
**believe** 6:22 10:12
  14:8 15:6,23 16:4
  16:9,23 17:9,13
  21:20 24:13 26:2
  26:2,23 30:3
**believed** 9:1
**benefit** 18:4
**benson** 3:14
**best** 8:14
**beyond** 27:10
**bid** 19:7 20:17
**bidding** 21:6,9
  22:1,18,20
**bide** 23:23
**big** 7:8
**bit** 7:14
**blanket** 17:18
  18:4
**board** 8:3 11:15
  16:11 18:19
**board's** 11:19
**break** 8:24,25,25
**breaking** 12:1
**breaks** 9:2,19,20
**brickley** 4:3
**briefing** 25:14
**briefly** 28:19
**briefs** 24:3,6,8
**brown** 4:4
**build** 9:25
**bulk** 15:8,8
**bunch** 25:13
**burden** 10:25
  11:3,13 15:8
  23:21 29:2

**burdensome**
  26:15
**burning** 20:7

**c**

**c** 3:1 4:4,5 6:1
  33:1,1
**call** 7:16 11:23,23
  14:5 15:24 16:1
  25:21
**called** 22:17
**calling** 16:2,3
  27:23
**cancel** 25:22
**capital** 3:15
**cards** 19:22
**carry** 10:25
**carrying** 11:12
**carve** 25:1
**case** 1:7 11:13
  15:16,24 18:9
  21:10 22:3,11
  27:16
**cases** 12:6
**certain** 2:3 7:9
  13:6 14:10 15:25
  16:11 26:24 28:15
**certainly** 14:25
  19:25
**certified** 33:3
**cetera** 9:21
**challenging** 11:12
**chambers** 25:21
**change** 10:17,22
  10:22 11:1
**changing** 10:25
**chapter** 1:5
**chief** 15:25
**christian** 4:15
**christopher** 1:22
  4:8
**circumstances**
  27:11

**claimants** 17:13
  21:7 22:4 26:23
  30:22
**claims** 10:18
**clarify** 23:2
**clean** 16:13
**clear** 30:6 31:23
**clearly** 19:17
**client** 28:1
**come** 7:5 11:19
  14:24 22:12
**commences** 29:17
  30:4,10
**commencing** 30:2
**comment** 9:7,8
  16:6
**committee** 10:15
  10:24 12:20 13:2
  17:17
**communicated**
  31:17
**company** 13:4
  16:10
**concern** 19:9
  27:15
**concerned** 10:8
**concluded** 30:10
  32:10
**conference** 6:4
  25:4
**confers** 18:21
  29:9
**confess** 26:24
**confident** 13:7,15
**confirm** 9:5
**confirming** 21:21
  21:23
**consideration**
  18:5,16
**considered** 18:13
**consistent** 26:16
**constitutes** 22:21

[consultation - et]                                                          Page 3

**consultation** 30:2
**contact** 31:14
**contested** 9:11
**context** 9:9 20:3
**continue** 30:11
**continues** 29:23
**contribution**
  10:18
**conversations**
  21:2
**copy** 31:15
**corp** 1:7 3:4
**correct** 21:4
**correctly** 27:1
  29:19
**counter** 18:11
  24:21,23,24
**counterpoint** 8:5
**country** 33:21
**couple** 10:11
  26:13
**course** 11:16
  13:19 15:2 30:11
  30:14,16
**court** 1:1,11 6:2
  7:11,23 8:1,6,8,10
  9:7,16 11:16
  12:21 14:18,23
  16:20 17:1 18:24
  20:6,11,13,25
  21:18,21 22:9,10
  22:24 23:22 24:3
  24:14,19 25:9,20
  26:4,9,9 29:15,21
  30:19,23 31:3,10
  31:12,17,23
**courtroom** 26:18
  27:25 28:4
**covered** 20:1
**creditor** 3:15
**cross** 14:1 15:15
  15:17,18 22:5
  28:24

**crystalized** 19:17
**css** 1:7
**cut** 13:17

        **d**

**d** 6:1
**d.i.** 2:4
**daniel** 4:6,14
**date** 33:25
**daucher** 4:5
**david** 4:19 5:2
**day** 7:12 13:5
  14:20,24 16:2
  19:20
**days** 7:2 9:2 16:4
  18:21
**deal** 14:18 25:2
**dealing** 24:4
**deborah** 4:16
**debtors** 1:8 2:4
  3:10,20 10:7,21
  22:11,17,18,19,23
  22:24,25 23:6
**decide** 14:16
**declaration** 27:8
  27:12 30:1
**declarations**
  28:23 29:18
**deductions** 12:17
**defer** 7:19 16:2
  19:19
**defranceschi** 4:6
**delaware** 1:2,13
**deny** 13:3
**depart** 29:3
**depending** 9:12
**depose** 19:15,25
  20:19
**deposed** 17:15
**deposition** 18:25
  20:2 22:6 23:8
**depositions** 12:25
  13:2 23:10

**designate** 17:11
  18:9,11 23:18
  26:17
**designating** 18:25
**designation** 17:5
  18:7
**designations**
  17:13 24:2,21,23
  25:11
**detail** 25:18
**developed** 15:7
**different** 10:5,10
  21:2 29:17
**direct** 15:15,16
  29:6,18
**directly** 21:9
  31:15
**directs** 28:21 29:7
**disagree** 6:24
**disclosed** 20:18
**discuss** 7:19,21
  8:4 10:4
**discussing** 14:6
**discussion** 7:4
**discussions** 31:19
**dispute** 15:22
**disputes** 6:8
**district** 1:2
**divvy** 9:6
**docket** 32:1
**docketed** 31:24
**doing** 11:13
**doubt** 6:17
**due** 24:21,22,24
  32:1,1

        **e**

**e** 1:21,21 3:1,1 6:1
  6:1 33:1
**earlier** 16:9 22:6
**earliest** 8:18
**early** 9:16 32:2
**eastern** 25:3

**eat** 23:23 24:20
**economic** 12:18
**ecro** 1:25
**efficient** 7:22
**efficiently** 13:16
**efforts** 16:14
**efh** 2:3 12:19
  17:12 25:8
**efih** 2:3
**eight** 9:18
**either** 19:25 23:7
  23:8,21
**eliminate** 14:10
**elkin** 4:7
**elliott** 2:2 3:4 6:5
  10:8,12,18,25
  11:4,9,22 12:15
  13:1 15:4,9,19
  17:3,10 19:5
  20:24 24:9,11
  26:1,4 27:5 28:3
  28:19
**elliott's** 11:2 13:4
**ellis** 3:9 8:3
**else's** 15:18
**email** 31:7,10,15
  31:23
**ended** 12:12
**energy** 1:6 6:4
**ensure** 26:15
**enter** 26:5
**entire** 16:19 28:4
**entity** 22:25
**eric** 4:5
**erin** 4:10
**esbrook** 4:8
**especially** 16:15
**essentially** 10:24
  13:13 17:17 19:10
  19:18
**esser** 4:9
**et** 1:7 9:20

evaluating   9:14
evaluation   11:24
eve   29:22
evercore   19:24
  20:3 22:5 23:9
everybody   6:2
  8:13 13:13 15:18
  31:16,16 32:5
evidence   17:21
  18:5,12,17 26:8
  29:20,20
evidentiary   7:16
  7:17 16:23 17:18
  18:4,15 19:1
  20:22 23:15 26:2
  29:10
examination   14:1
examine   22:5
example   19:7
exception   21:13
  22:15 23:3 28:2
exceptions   17:25
exchanged   27:8
  30:1
excited   15:12
excluded   26:10,19
excluding   30:15
  30:16
exclusions   30:5
excuse   6:3 9:17
  24:24 32:1
expect   7:12
expenses   2:3
  12:17
experience   9:10
experienced   13:1
expert   13:12,25
  14:11 24:14 26:18
  26:19,20,22 30:15
experts   13:5
  14:16 24:16
explain   11:20

extend   29:14
extent   29:11
extra   10:1

**f**

f   1:21 33:1
face   27:23
facilitate   6:20
fact   26:5,21 30:4
  30:14
factual   12:4,5
failure   23:7
fair   18:23 31:16
fall   17:24
farmstead   3:15
favor   11:2
fay   4:10
federal   26:8
fees   10:21
fiduciary   11:21
fight   19:20 20:8
figure   20:14 23:22
  24:19,25
figuring   10:12
file   25:10
filed   2:4 6:5,19
  27:12,13 30:1
filing   6:6,6,7
filings   7:4,13
final   26:2
finally   7:15
fine   7:23 19:20
  20:5,6
finger   3:19
firestein   4:11
first   6:10,13,25
  9:4 12:24 16:5
  17:4 27:23 28:20
fit   18:11
fits   21:12
five   6:22 8:12
fix   2:2
fixed   7:2

flow   29:23
fly   11:18
flying   28:9
folks   20:19
following   16:2
  19:3
foregoing   33:3
forth   29:24
found   24:17
four   10:9
frankly   7:3 12:4
  17:19 22:6 23:9
friday   14:23
  24:21
friendly   13:12
front   19:18
fulsome   25:15
funds   12:16
further   7:4 11:2
  32:4
future   1:6 6:4

**g**

g   6:1
gadson   31:5
galardi   3:6 6:11
  6:14,14 8:9,17
  10:2 12:1 13:20
  14:22 15:21 16:22
  17:4 30:20,20
  31:1,12 32:9
galardi's   11:17
  16:14
garvan   4:23
general   12:24
generally   8:18
give   25:21
given   9:3,20 12:12
  13:15 15:9 27:14
glenn   3:17 4:12
  12:19,19,22 14:3
  16:10 28:17
go   6:10 9:23 11:8
  14:5 15:4 25:18

goes   25:20 27:9
going   7:18 9:17
  10:5 11:3,7,12
  12:13 13:18 14:4
  14:11,24 15:17
  18:21 19:15 24:20
  25:11,12 27:24
  28:1 31:18 32:6
good   13:21 16:20
  17:2 32:5
gray   3:3
great   32:4
gregg   3:6 6:14
  30:20
group   11:22 12:15
guess   6:11 25:11
  25:14

**h**

h   4:7
half   9:25
hand   13:11
happen   29:21
happened   12:6
happy   24:2
harrison   4:13
he'll   22:12
hear   8:4,13 26:10
  26:20,21 28:7
heard   11:15 12:20
  18:20
hearing   2:1 14:17
  14:20 19:7 20:17
  21:6 22:1,20 23:4
  24:8 25:22 27:6
  27:14 28:14 29:12
  29:21,23 30:2,3
  30:10
hearings   9:11
  17:12 21:9
hearsay   17:24,25
  21:13 22:22 23:3
  24:14

**hello** 6:2
**helpful** 24:1
**high** 12:24 15:12
**higher** 10:16,19
   11:6
**hiltz** 19:24,25
   20:16,18 21:5
   22:7,17 24:17
**hiltz's** 21:11
**historian** 13:23
**hoc** 10:14,16,20
   10:22,24 11:11,22
   12:15,20 13:1,24
   15:5,12,14,20
   17:12,17 21:7
   22:4 24:9 26:23
   30:22
**hocs** 11:12 28:16
**hogan** 4:14
**holdings** 1:6
**holiday** 31:15
**home** 31:24
**hon** 1:22
**honed** 19:2
**honor** 6:14,17,18
   7:1,5,5,9,11,12,22
   8:2,17 9:1,8,10
   10:2,9 11:14
   13:20 14:13 15:21
   16:22 17:2,7,16
   17:18 18:2,6,13
   18:18 19:18,23
   20:10,23 21:20
   22:14,16 23:1,13
   23:25 24:5 25:5,6
   25:7,8,17,24,25
   26:1,4,7,14 27:3
   27:15 28:17,18,20
   29:6 30:18,20,24
   31:9,11 32:8,9
**hope** 32:5
**hoping** 15:15

**horton** 11:23 12:3
   12:8 16:3,18
   27:24
**hour** 9:18
**hours** 9:12,18,25
   10:1 19:1 20:7
**hughes** 1:25
**husnick** 12:9
   15:24 16:1,5,16
   27:23
**hyde** 2:25 33:3,8

### i

**imagine** 11:20
**impropriety**
   29:25
**inadmissible**
   20:21
**inappropriate**
   24:18
**include** 28:2
**including** 26:16
**incompetence**
   32:2
**inconsistent** 19:14
   21:14
**indenture** 2:1
**inform** 18:24
**information** 29:23
**initial** 18:19 21:7
**initially** 25:15
**intend** 23:17
**interaction** 27:17
**introduce** 20:20
**introduced** 29:8
**introduction**
   28:13
**issue** 7:1,4,6,7,8
   14:7,19 17:4
   18:17 19:2,17
   21:10 22:3,8
   23:19,20 24:4,7
   25:2,18,23,23
   26:3 28:14,15

**issued** 22:11
**issues** 6:16,23
   7:16,20 8:20 10:9
   10:15 11:4,6,10
   13:7 14:14 15:25
   16:23 19:1,2 20:1
   21:25 22:2,3,5
   24:3,9 29:11
   30:21,22
**item** 8:12,12
   25:13

### j

**j** 4:21 5:5
**jason** 3:22
**jensen** 4:15
**joint** 2:1
**jointly** 1:8
**judge** 1:23 6:2

### k

**k** 4:14
**kasowitz** 3:14
**keep** 13:14
**keglevic** 12:9
   15:25 16:2,17
   28:5,6 29:1
**keglevic's** 16:15
**kennedy** 4:16
**kevin** 4:22
**kick** 19:16 20:4
**kicks** 28:13
**kieselstein** 4:17
**kind** 8:4 9:9,9
   11:20 19:22 28:10
**kirkland** 3:9 8:3
   13:7
**klar** 4:18
**klauder** 4:19
**know** 6:9 11:4,23
   12:3,4,9,11,16,17
   13:9,14 16:6,15
   17:20 18:3 19:11
   19:21,22 20:17
   21:3,9,25 23:6

24:11,12,16 26:25
   27:22 28:21 30:22
   31:3,4,7,16
**knowing** 13:18
**known** 22:2,10

### l

**l** 3:7
**labor** 14:24
**language** 26:13
**latest** 8:19 32:3
**lay** 6:15 10:11
**laying** 12:5
**layton** 3:19
**lazar** 4:20
**lead** 6:12,15 11:5
   13:4,21
**leaning** 15:6
**leaves** 9:19
**ledanski** 2:25 33:3
   33:8
**legal** 33:20
**leonhardt** 4:21
**letter** 24:3,6,8
**level** 12:24
**light** 7:3 10:4
   11:18 14:2,2
**limine** 7:13 13:3
   13:22 14:1,10,14
   31:1
**limit** 9:24
**limited** 16:16
   17:14 23:16
**line** 25:13
**list** 15:23
**listening** 8:11
**little** 7:14 9:23
   10:19 25:15 29:17
   31:2
**live** 19:20 27:7,10
**llp** 3:3,9,14
**long** 9:22
**longer** 13:4

**look**  11:3,17
12:15 21:7 23:3
27:21 28:20
**looked**  6:8
**lose**  32:6
**lower**  10:13
**lunch**  8:25 9:18

**m**

**m**  3:22 4:19
**madron**  3:22 31:8
31:9,11
**man**  25:7,8
**management**  3:4
3:15 17:3
**mandatory**  27:1
**mann**  4:22
**manner**  29:14
**marc**  4:17
**mark**  3:12 8:2
9:10 11:14
**market**  1:12
**materials**  24:17
**matt**  7:19 17:3
20:23 26:1 28:18
**matter**  17:6,10,12
17:15 18:2,19
19:12 20:20
**matters**  11:2
**matthew**  3:7 4:4
5:3
**mcdaniel**  4:23
**mcginnis**  3:7 7:19
16:24 17:1,2,3
18:23 20:23,23
21:1,20 22:14
23:13,25 25:6,25
26:1 27:3 28:18
28:18 29:6 30:18
30:24 32:8
**mckane**  3:12 7:25
8:1,2,2,7 9:8,10
11:14,14,17 13:17
13:23 14:4 16:8,8

18:18,18 20:10,12
20:15 21:3,4 23:1
23:2 24:5 25:5,17
25:24 27:3 29:16
29:19 31:21
**mckane's**  28:25
**mean**  10:6 11:11
14:12 20:11,12
**means**  23:5
**meet**  18:20 29:9
**meeting**  8:22
**member**  27:24
**michael**  4:9,11
**middle**  12:14
**mindful**  12:23
**mineola**  33:23
**minimal**  29:2
**minimum**  23:15
**minus**  9:25
**minute**  9:19 21:18
**mistake**  16:12
**monday**  24:25
**month**  22:6
**morgan**  4:25
**morin**  4:24
**morning**  8:24
25:4,21 31:14
32:3
**motion**  2:1 6:5,11
7:12 13:21 14:1
14:10,14 27:13,14
**motions**  13:3 31:1

**n**

**n**  3:1 5:7 6:1 33:1
**n.a.**  2:1
**need**  13:13 18:15
21:14,14 23:22
28:1 31:4,14
**needless**  21:1
**needs**  7:4 21:15
**never**  20:18 29:13
**nextera**  10:13

**nighan**  4:25
**night**  24:21,22
28:9
**noon**  6:19
**north**  1:12
**note**  21:7,17 26:7
26:25
**notes**  26:13
**notice**  6:6,7
**number**  7:6,7
10:13
**ny**  33:23

**o**

**o**  1:21 6:1 33:1
**oath**  19:13 21:16
**object**  18:10 24:6
28:12
**objections**  24:22
24:23,24 25:10,12
25:13,14
**obviously**  10:10
13:1 23:6 27:17
31:15
**occur**  9:21
**october**  20:17
21:6 22:8
**offered**  17:23 21:6
24:2 29:8
**office**  14:24 31:24
**okay**  10:2 14:18
16:20 17:1 25:23
29:15 31:12,23
32:4
**old**  33:21
**once**  7:2 14:15
27:6,13,16 30:3,9
31:19
**ones**  24:22
**open**  6:23 7:16
10:9 16:23
**opened**  6:16
**operator**  1:25

**opponent**  17:22
22:21
**opportunity**  6:18
22:5 28:8 31:16
**oppose**  26:24
**option**  14:14
**orally**  24:10
**order**  6:7,16,24
7:8,16,20,23
15:23 16:7 17:7
19:19 26:5,7,10
26:12 27:1,6,8
28:13 29:3,5,12
31:19
**outlining**  24:3
**outside**  21:20
**overlap**  22:2
**overtime**  8:19

**p**

**p**  3:1,1 4:15 6:1
**p.a.**  3:19
**p.m.**  1:15,15
**pab**  10:7,13,15,19
10:22 11:1,4,5
12:4 13:8 14:4
15:5,11,19 16:8
17:12,16 22:4
25:5,9 26:16,23
27:24 30:22,24
31:21
**pab's**  11:9 20:15
28:15
**pamela**  4:24
**paragraph**  17:8
26:6
**parallel**  18:24
**part**  14:13 20:3
**participate**  14:25
**parties**  6:10,18,24
10:4,6,10 12:12
14:8 18:5,7,10
19:2,8 24:1 25:3
26:16 29:24 31:21

**partner** 7:19
16:24
**partners** 8:13
**party** 16:16 17:22
19:8,13 22:21,24
23:7,21 26:8,16
27:2 28:9 29:4
30:16
**patricia** 5:5
**pay** 30:11
**pedrone** 5:1
**peg** 4:3
**people** 7:20 15:1
16:6 19:15 30:8
**percent** 11:9,10
11:11,11 12:11
15:4,5,5
**percentage** 15:10
**percentages** 11:6
**permit** 7:1
**permitted** 26:21
**person** 28:3,5
**perspectives**
12:24
**phone** 14:25 25:2
25:4 31:8
**plain** 20:16
**plan** 8:3 9:24
11:15,18 16:11
18:18
**play** 13:18
**played** 12:25
13:15
**pleading** 14:2,3
**pleadings** 9:4 10:5
10:9
**please** 31:3
**pm** 32:11
**point** 8:5,11,11
14:15 16:22 23:17
24:6 26:12 28:3
29:9

**points** 15:10
28:25 29:19
**posed** 20:2
**position** 18:20
19:21 20:4,15
**positions** 28:12
**possible** 8:23
13:10
**potentially** 14:6
**power** 21:21
**practical** 18:2
**pre** 6:4,7,16,20,23
7:15 8:22 17:7
19:19 20:14 26:6
**precedent** 29:14
**precluded** 30:14
**prefer** 8:10
**preliminary** 6:19
**preparation**
28:11
**prepared** 29:22
30:1
**present** 4:1 19:17
**presented** 11:25
**pretty** 30:6,7
**prior** 17:5,6,11,11
17:13,19,25 19:3
19:6,11,12,13,23
21:12,15 29:13
30:2
**private** 31:7,10
**probably** 8:14,18
9:19 16:5 25:11
25:12 31:7,13
32:6
**problem** 23:11
28:14
**procedural** 7:17
**procedure** 21:6
22:1
**procedures** 19:7
20:17 21:9 22:18
22:20

**proceedings**
17:11 19:6 32:10
33:4
**process** 9:11
17:10 18:3,7
21:22 23:5
**professional**
10:21
**proposal** 10:5
11:19 17:8 31:1
**proposed** 6:6,7
12:2,16 17:7 26:6
26:14 29:7 30:5
**provided** 22:7
**purposes** 22:21
23:14
**pursue** 18:7
**put** 15:23 16:5
21:10 22:18 30:13
**putting** 11:9 12:4

**q**

**questions** 20:2
23:9
**quickly** 13:20

**r**

**r** 1:21 3:1 6:1 33:1
**raised** 19:9 24:7
**reach** 30:25
**read** 6:18
**reading** 26:25
**really** 7:15 11:7,8
11:12,13 13:13
19:2 20:6 23:11
25:2 27:19 28:4
28:25
**reason** 17:23 29:2
29:4
**reasonable** 9:20
23:5
**reasons** 17:19
26:24 27:4
**rebuttal** 30:13

**received** 6:6
**recollection** 21:2
**reconvene** 14:13
14:21
**record** 9:14 12:5
12:5 16:9,13 17:3
30:13,21 33:4
**reduction** 15:11
**reference** 9:22
23:19
**references** 16:10
**referred** 17:4
**referring** 16:11
**reflect** 31:19
**regard** 15:3,19
**relates** 17:5 19:3
19:23 26:3
**relevant** 21:9
**relying** 24:13
**remainder** 27:13
**remains** 19:21
24:18
**reorganized**
22:25
**rep** 28:1
**repeat** 23:13
**representative**
26:17
**representatives**
30:17
**request** 17:16,17
26:4,20 27:5 29:5
**requested** 11:2
29:5
**requesting** 26:11
**requests** 26:8 27:2
29:4
**required** 30:17
**requiring** 26:5
**reservation** 30:12
**reserves** 2:3
**resolution** 14:6

**resolved** 14:15,16
  23:19
**respect** 10:3 22:22
  28:20
**respond** 13:21
  28:8
**responsibility**
  12:6
**rest** 14:1 15:15
**restructuring**
  27:11
**result** 12:9
**retained** 22:10
**revised** 31:18
**richard** 5:1
**richards** 3:19
**right** 7:22 9:7
  11:21 22:9 23:4
  25:9 27:17,18
  31:10
**risks** 11:24
**road** 19:16 20:5
  33:21
**room** 25:1
**ropes** 3:3
**rosenbaum** 28:2,7
**rule** 7:12 17:25
  18:13 21:12,13
  22:22 24:4 26:7,9
  26:17,25 30:6,17
**ruled** 27:14
**rules** 17:22 20:22
  23:2,15 26:8 29:3
**ruling** 15:4,20
  17:18 18:4,16
**rulings** 31:20
**run** 7:20
**running** 9:11

**s**

**s** 1:22 3:1 4:22,24
  5:2 6:1
**safest** 13:19

**sam** 5:7
**sara** 1:25
**saturday** 24:24
**saying** 10:24
  19:18
**says** 26:9
**scenario** 19:4
**scheduled** 8:20,21
**scheduling** 15:25
  31:18
**scott** 4:21
**second** 26:2,18
**see** 12:13 14:13
  18:11,15 24:12,20
  29:2 31:5,25
**seek** 18:5,9,12
  21:5 23:7
**seeks** 17:10
**seen** 29:13
**sees** 11:24
**send** 25:9 31:18
**sequencing** 27:21
**sequester** 28:6
  29:16 30:9
**sequestered** 27:13
  30:6
**sequestration**
  7:18 16:25 26:3,5
  26:9,11,19 27:1,6
  27:7 28:13 29:3,5
  29:12
**series** 18:20
**serve** 23:8
**seven** 18:21
**shamah** 5:2
**shared** 28:23
**shift** 18:20
**shifted** 13:24
**shiftings** 12:16
**short** 12:13 17:9
  24:2
**shorter** 13:18
  14:17

**show** 31:25
**significant** 10:11
  22:2 23:21
**simplify** 14:10
**simply** 21:15
  23:13 28:22
**sit** 26:20
**six** 6:23 9:17
**smidgeon** 15:9
**sole** 27:24
**solutions** 33:20
**something's** 20:8
**somewhat** 21:2
**sontchi** 1:22 6:3
**sonya** 2:25 33:3,8
**sorry** 24:22 32:7
**sort** 18:15 30:12
**sounds** 16:20
**speak** 6:13,25
  10:24 22:19,20
**speaking** 16:10
  25:12
**specific** 23:19
  25:18
**spend** 20:7
**spoliation** 29:25
**squarely** 21:12
**staff** 31:25
**stage** 18:3
**stakeholders**
  12:18
**stand** 12:22
**standpoint** 28:11
**start** 6:22 8:18,20
  8:21 9:13,17 10:3
**started** 10:4
**starting** 8:18
**starts** 27:6 28:14
  29:12
**statement** 19:13
  19:14
**statements** 6:19
  21:15 24:14

**states** 1:1,11
**stein** 5:3
**step** 27:19
**streamline** 13:9
**street** 1:12
**strikes** 11:24
**stronger** 14:9
**stuff** 20:14
**subject** 9:1 21:23
  28:24 30:5,14
**subjects** 22:19
**submission** 21:8,8
**submit** 24:2
**submitted** 29:8
**submitting** 24:6
  29:18
**subpoena** 21:21
  22:11 23:8
**substance** 21:8
**substantial** 10:18
**sufficiently** 15:12
**suggest** 11:7 14:5
**suggested** 10:7
**suggestion** 27:9
**suggestions** 14:11
**suggests** 12:2
**suite** 33:22
**sunday** 24:22,24
**support** 12:23
**sure** 6:25 8:17,22
  8:25 16:13 28:10
**surprise** 10:6 22:7
**sworn** 27:16

**t**

**t** 33:1,1
**table** 19:22
**tailored** 26:15
**take** 6:12,15 8:11
  8:12 9:22 11:5
  23:10,20 27:22
**taken** 10:10 14:9
  28:12

| | | | |
|---|---|---|---|
| **talk**  7:14 8:15 9:5 14:19 24:11 25:22 | **thinking**  8:9 | 17:13,15,19,21 18:1,25 19:3,6,19 | **understood**  20:10 25:17 |

**talk**  7:14 8:15 9:5 14:19 24:11 25:22
**talked**  6:10
**talking**  7:2 23:16 27:22
**taylor**  4:13
**telephonically**  4:1
**telling**  22:13
**testify**  21:14,24 27:7
**testifying**  17:15 17:20 28:24
**testimony**  14:11 17:5,11,14,19 18:1,9,12 19:3,6 19:24 20:16,20 21:5,5,11,12,16 22:7 23:16,18,20 26:11,19,21,22 27:10 28:7,22 29:7,18 30:10,14
**thalassinos**  5:4
**thank**  10:2 12:22 15:21 16:20 25:24 25:25 29:15 30:18 32:4,8,9
**things**  12:3,7 13:15 15:7 21:11
**think**  6:15,17,24 6:25 7:13,21,24 8:20,21 9:3,21 10:11 11:8,11 12:1,2,25 13:5,19 13:21,22 14:2,8 14:16,17 15:3,11 15:22 16:5 17:16 18:3 20:21 22:16 23:15,17,18 24:17 24:25 28:21 29:16 29:19,24 30:6,8 30:13,15,21 31:6 31:6,12,23

**thinking**  8:9
**third**  7:11 12:10 12:11,11 13:9,14 15:6,6,6,10,11,11 16:16 28:9
**thirty**  15:10
**thought**  12:10 25:15
**three**  7:2 9:2,25 12:8 15:10
**thursday**  16:18
**tight**  25:3
**time**  6:4 7:1,3 8:15,16,23 9:3,3,6 9:13,15,24 10:1,3 10:12 11:3 13:14 14:15,19 15:1,3,4 15:9 16:12 18:14 20:8 23:23,24,24 24:1,4,7,20 25:1 27:12 28:4 29:9 30:11,13 32:5
**times**  9:25 26:18 27:25
**today**  6:19 7:13 7:14 21:8 26:3 32:4
**tomorrow**  14:13 14:23 15:1
**topic**  8:4,4 13:22
**torres**  3:14
**total**  7:1 8:15 9:14 9:24 10:1
**totally**  27:18
**transcribed**  2:25
**transcript**  7:17 16:25 18:25,25 33:4
**trial**  6:4,7,16,21 6:23 7:1,15,17 8:15 9:14,22,24 13:4,14 14:15 16:25 17:5,7,11

17:13,15,19,21 18:1,25 19:3,6,19 19:23 20:8,16,21 21:12,15 23:4,8 23:23,24 24:4,20 24:23,25 26:7,20 28:11 29:8,17
**trials**  17:6 20:14
**tried**  11:23 26:14
**true**  33:4
**trust**  22:25
**trustee**  2:2 25:8
**truth**  17:23 19:11 20:20
**try**  13:9
**trying**  24:19,25 29:11
**tuesday**  25:1,4,21 25:23 31:14 32:2
**turn**  6:9 16:24
**two**  7:7,16 9:18 11:1,4,6,10 12:18 16:4,23 20:7
**type**  27:11
**typical**  18:7

**u**

**u.s.**  1:23
**ultimately**  19:20 28:8
**umb**  2:1 6:5 10:8 13:1 17:4 20:24 26:2,4 28:19
**unable**  19:10
**unavailable**  21:16 21:19 22:13 23:5
**unclear**  22:15
**underlying**  23:11 24:17
**understand**  6:8 8:17,24 9:2 13:22 27:18 28:11 29:1 31:1

**understood**  20:10 25:17
**united**  1:1,11
**unreasonable**  29:16
**unusual**  30:7
**use**  8:23 9:22 18:9 28:2
**usually**  30:8

**v**

**vacation**  31:6
**vacuum**  18:16
**value**  27:23
**various**  9:20
**veritext**  33:20
**view**  14:9 23:21 26:25 29:1
**viewed**  19:10
**views**  10:10 12:3
**villareal**  5:5
**vincent**  4:20
**voice**  6:3

**w**

**wait**  21:18
**want**  7:20 8:4,20 9:13 14:20 15:1 16:13 19:16,19 20:4,7,19 23:23 25:13 28:2
**wanted**  7:9 8:22 8:25 9:5 16:6 24:10
**wanting**  13:23
**wasting**  23:24
**way**  7:22 12:1 16:9 21:22 23:22 24:12,19 29:22
**we've**  10:15 19:8 26:14
**wednesday**  8:22 16:1,17 20:7
**week**  16:19

**weekend**   25:21
   31:5 32:5
**welcome**   30:19
**went**   10:16,19,23
**werkheiser**   31:6
**whatsoever**   27:18
**willing**   9:22 21:23
**wilmington**   1:13
**wish**   30:12
**witness**   13:11,25
   15:14,23 16:7
   17:19 20:3,18
   21:16 22:10,17
   23:10 27:16,17
**witnesses**   7:8,18
   11:10 12:8 15:19
   16:15 17:14 19:7
   21:4 23:9 26:5,10
   26:11,18,20,21
   27:6,21 28:23
   29:16,22 30:4,9
   30:15
**work**   13:2,8 16:14
   31:21
**working**   13:16
   16:21 18:24
**worthwhile**   14:2
**written**   28:21
   29:6,7

**y**

**yeah**   20:15 25:2
**yenamandra**   5:6
**ying**   19:24 20:1
   20:16,18 23:18

**z**

**zero**   10:20