**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

**CHRISTOPHER S. SONTCHI**  
**CHIEF JUDGE**

**824 N. MARKET STREET**  
**WILMINGTON, DELAWARE**  
**(302) 252-2888**

September 10, 2018

Mr. Richard Gitlin  
Chairman  
Gitlin & Company LLC  
7895 Talavera Place  
Delray Beach, FL  33446

    Re:    Energy Future Holdings  
              Case No.: 14-10979

Dear Mr. Gitlin,

    I am writing to follow up on my correspondence of April 2, 2018 and May 8, 2018 as well as the status conference held on August 27, 2018 in relation to certain applications seeking fees under section 503(b)(3)(D) of the Bankruptcy Code.  As you no doubt recall, in my previous correspondence I requested that the Fee Committee review the time entries of the professionals to determine whether each task provided a "substantial contribution" to the Debtors' estate.  The applications affected were those of (i) Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, "Elliott"); (ii) American Stock Transfer & Trust Company, LLC, as indenture trustee (the "EFH Trustee"); and (iii) Fidelity Management & Research Company ("Fidelity").

    Based upon the arguments submitted at the status conference and upon further review of the record, I have decided to modify my request.  I consider the question of whether Elliott, the EFH Trustee and Fidelity have made a "substantial contribution" to the Debtors' estate as interpreted by the Third Circuit in *Lebron v. Mechem Financial Inc.*, 27 F. 3d 937 (3d Cir. 1994) to have been previously resolved in the affirmative and not subject to further review.

    Thus, I request that the fee committee review each of the applications under a uniform standard.  The appropriate standard of review is, as asserted by Elliott, to determine the reasonableness of the fees and expenses taking into consideration the benefit or contribution the

September 10, 2018
Page Two

creditor provided, the efforts undertaken by the creditor, and whether the expenses incurred by the creditor in making those efforts were actual and necessary under the circumstances. *See* D.I. 13385 at 6-7.

    If you have any questions, please feel free to contact Chambers.

                                      Very truly yours,

                                      Christopher S. Sontchi

CSS/cas