# Exhibit A

# (Subpoena)

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of **Delaware**

In re **Energy Future Holdings Corp.**
Debtor

*(Complete if issued in an adversary proceeding)*

Plaintiff
v.

Defendant

Case No. **14-10979**

Chapter **11**

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Sabine River Authority of Texas, Lake Fork Division, 353 Private Road 5183, Quitman, Texas 75783**
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Kirkland & Ellis LLP, 901 Main Street, Dallas, Texas 75202 (or location to be negotiated) | 10/22/18  12:00 pm |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **9-21-2018**

CLERK OF COURT

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* **Debtors**, who issues or requests this subpoena, are:
Jason M. Madron, Esq., Richards, Layton, & Finger, P.A., One Rodney Square, Wilmington, DE 19899, madron@rlf.com, 302-651-7595

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

Pursuant to rules 9014 and 9016 of the Federal Rules of Bankruptcy Procedure and rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure (the "<u>Federal Rules</u>"), Reorganized TCEH commands the Sabine River Authority of Texas (the "<u>Sabine River Authority</u>") to produce or make available for inspection and copying all documents requested below by October 22, 2018 at 12:00 p.m. (noon) (prevailing Central Time) along with a letter certifying that the same are true and accurate copies to the law offices of Kirkland & Ellis LLP, 901 Main Street, Dallas, Texas 75202 (or location to be negotiated).

\*\*\*\*

## INSTRUCTIONS

(a) You are required to produce all requested documents that are within your possession, custody, or control. Therefore, you must produce the requested documents, even if they are not in your actual possession or custody, if you have the right to obtain such documents from a third party.

(b) The requests seek any and all responsive documents in the possession, custody, or control of the Sabine River Authority and its employees, officers, directors, agents, principals, attorneys, advisors, counselors, direct or indirect owners or investors, subsidiaries, affiliates, successors, and predecessors.

(c) Please produce only one copy of each document requested. However, if you are in possession, custody, or control of any non-identical copies of any document (e.g., if a document contains revisions, handwritten notes, or highlighted information), please produce the document and all non-identical copies of said document.

(d) If you withhold information or documents otherwise discoverable on the basis that the information is privileged or otherwise subject to protection, you must state the basis of your

refusal expressly and must describe the nature of the information or things not produced or disclosed in a manner that will enable Reorganized TCEH's counsel to assess the applicability of the privilege or protection, without revealing the information that is itself privileged or protected. Reorganized TCEH hereby requests a privilege log that adheres to the Federal Rules for each and every item withheld by the Sabine River Authority.

\*\*\*\*

## DEFINITIONS

The definitions set forth below are to be construed in the broadest sense with reference to all applicable rules.

1. "And" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

2. "Any" and "all" should be understood in either their most or least inclusive sense as necessary to bring within the scope of the request all responses that might otherwise be construed outside its scope.

3. "Bankruptcy Cases" means the jointly administered cases in the United States Bankruptcy Court for the District of Delaware captioned *In re Energy Future Holdings Corp., et al.*, Case No. 14-107979 (CSS).

4. "City of Dallas" means the City of Dallas, Texas, and all departments, employees, agents, attorneys, representatives, officials, clerks, and financial advisors thereof, and specifically including the City of Dallas Water Services.

5. "Claim" means Proof of Claim 13319 filed by the City of Dallas in the Bankruptcy Cases.

6. "Communications" includes any means of transmitting, transferring, conveying, or imparting information or knowledge in the form of facts, ideas, inquiries, or otherwise.

7. "Document" has the broadest meaning ascribed to it under Federal Rule 34(a)(1). It includes, but is not limited to, abstracts; books; charts; checks; correspondence; diagrams; diaries; drafts; drawings; films; instructions; journals; ledgers; letters; lists; logs; memoranda; minutes; notes; notices; photographs; emails; text messages; records; reports; resumes; summaries; telegrams; worksheets; writings; interoffice or interdepartmental communications (whether formal or informal); communications; calendars; appointment books; agenda; meetings; recorded conversations; schedules; agreements or proposed agreements; interviews; transcripts; depositions; press releases; brochures; affidavits; results in investigations; working reports; newspaper or magazine articles; releases; tax returns; phone records; minutes of meetings; and other writings of every kind and description. Without limiting the foregoing, the term includes magnetically and electronically stored information.

8. "Including" means including, but not limited to.

9. "Luminant" means Luminant Generation Company LLC, a limited liability company registered in the State of Texas.

10. "Person" means a natural person, private or public corporation, general partnership, limited partnership, limited liability company, joint venture, sole proprietorship, union, association, federation, governmental agency, or any other form of business, governmental, public, private, or charitable entity.

11. "Relating" or "related" means concerning, referring, describing, evidencing, documenting, embodying, analyzing, or constituting, either directly or indirectly.

12. "Reorganized TCEH" means reorganized TCEH Corp.

13. "Sabine River Authority," "you" or "your" means the Sabine River Authority of Texas, its employees, officers, directors, agents, principals, attorneys, advisors, counselors, direct or indirect owners, subsidiaries, affiliates, successors, and predecessors.

14. "SRA Settlement" means that certain settlement between the Sabine River Authority and the City of Dallas, including the SRA Settlement Agreement and all exhibits thereto, dated October 11, 2017.

15. "Water" means the 11,860 acre feet of water originally contracted to the City of Dallas pursuant to the Water Supply Contract for municipal purposes that could not be transferred to the Trinity River Basin.

16. "Water Rights" means the right to use the Water pursuant to the Water Rights Lease.

17. "Water Rights Lease" means that certain Untreated Water Purchase Contract, executed as of March 10, 2010, effective as of January 1, 2011, and adopted by resolution of the City of Dallas on February 23, 2011, between Luminant and the City of Dallas, including any related agreements, amendments, or modifications thereto.

18. "Water Supply Contract" means that certain Water Supply Contract and Conveyance, dated October 1, 1981, by and between Sabine River Authority and the City of Dallas, Texas, as amended from time to time.

19. The singular includes the plural and vice versa.

\*\*\*\*

# FEDERAL RULE 30(b)(6) DOCUMENT REQUESTS[1]

## REQUEST NO. 1

All Communications between the City of Dallas and the Sabine River Authority from September 22, 2015, through the present regarding the City of Dallas's Claim.

## REQUEST NO. 2

All Communications between the City of Dallas and the Sabine River Authority from September 22, 2015, through the present regarding the Water.

## REQUEST NO. 3

All Documents regarding any efforts by the City of Dallas to structure the SRA Settlement in a way that would have any effect on the City of Dallas's Claim.

## REQUEST NO. 4

All Documents regarding any impacts the SRA Settlement would have on the Water.

## REQUEST NO. 5

All Documents regarding any concessions (monetary or otherwise) given by Sabine River Authority to the City of Dallas in consideration for the assignment of the Water.

## REQUEST NO. 6

All documents regarding the receipt by Sabine River Authority of any payments or other concessions from the City of Dallas for the Water.

## REQUEST NO. 7

Documents sufficient to show how the City of Dallas or the Sabine River Authority calculated the "[a]djustment for the division of 11,860 ac-ft" listed in Exhibit C to the SRA Settlement Agreement, including why, as disclosed in footnote 10, the "amount is one half of the difference between 131,860 ac-ft and 120,000 ac-ft."

## REQUEST NO. 8

All Documents regarding the calculations and accounting provided in Exhibit C (Pre-Settlement Accounting) of the SRA Settlement Agreement relating to payment or consideration provided from the City of Dallas to the Sabine River Authority for the Water.

---

[1] Unless expressly indicated otherwise, the time period for these topics shall be September 22, 2015 to present and are subject to the Definitions above.

**REQUEST NO. 9**

All Documents regarding the calculations and accounting provided in Exhibit C (Pre-Settlement Accounting) of the SRA Settlement Agreement relating to payment or consideration provided for the assignment of the Water from the City of Dallas to the Sabine River Authority.

**REQUEST NO. 10**

Documents sufficient to show whether the Water was retroactively assigned to Sabine River Authority, per the language of Article III, section 3.1 of Exhibit A (the Amendment to Water Supply Contract and Conveyance) to the SRA Settlement Agreement.

**REQUEST NO. 11**

Documents sufficient to show or explain why the City of Dallas and Sabine River Authority needed to execute both an Amendment to Water Supply Contract and Conveyance and an Assignment of Contract Rights to Water.

## **CERTIFICATE OF CONFERENCE**

    I hereby certify that on the 20th day of September 2018, Ashlie Alaman, Counsel at Luminant, conferred with J. David Montagne, Executive VP and General Manager for the Sabine River Authority, regarding the subpoena.

                                              */s/ Mark McKane*
                                              Mark McKane