NORTON ROSE FULBRIGHT

September 24, 2018

**BY HAND DELIVERY AND ECF**

The Honorable Christopher S. Sontchi
United States Bankruptcy Court
for the District of Delaware
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, NY 10019-6022
United States

**Howard Seife**
**Partner**
Direct line +1 212 408 5361
howard.seife@nortonrosefulbright.com

Tel +1 212 408 5100
Fax +1 212 541 5369
nortonrosefulbright.com

Re:    *Energy Future Holdings Corp., et al.*, Case No. 14-10979:
       Request for Adjournment of Hearing on Motion of UMB Bank and
       Elliott to Release and Distribute All Funds in the NEE Plan Reserve [D.I. 13497]

Dear Judge Sontchi:

I write on behalf of NextEra Energy, Inc. ("NextEra") to request a brief, one week adjournment with respect to the *Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott to Direct the EFH Plan Administrator Board to Release and Distribute all Funds in the NEE Plan Reserve* [D.I. 13497] (the "Motion").

As Your Honor is aware, at the conclusion of the February 26-27, 2018 confirmation hearing, this Court confirmed a plan of reorganization with respect to the E-Side Debtors. In entering the confirmation order, the Court approved a $275 million reserve for NextEra's termination fee claim. That claim is currently the subject of an appeal before the United States Court of Appeals for the Third Circuit. Your Honor ruled that the reserve would be held in place until NextEra's termination fee claim was resolved by a "Final Order," meaning an order that is not subject to further appeals, motions for rehearing, or a petition *certiorari*, unless the reserve was otherwise modified by order of this Court for "good cause."

On Thursday, September 13, 2018, the Third Circuit affirmed, 2-1, this Court's order granting reconsideration and disallowance of NextEra's termination fee. Your Honor then set a status conference for September 18, 2018, to discuss what, if any, impact the Third Circuit's ruling had on the administrative expense allocation dispute that is currently before the Court. During that status conference, I informed the Court that NextEra intends to file a petition for a rehearing with respect to the Third Circuit's decision. During the same status conference, Mr. Galardi, counsel for Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (together, "Elliott") and UMB Bank, N.A. ("UMB"), announced that Elliott and UMB intended to file a motion to release all $275 million that is currently being reserved for NextEra. Mr. Galardi stated that they would notice the motion for "somewhere [during] the week of the 15th of October and 22nd so as to not prejudge the rehearing issue." Tr. Hr'g Sept. 18, 2018 at 12:3-4.

September 24, 2018

On Wednesday, September 19, 2018—the day of the Yom Kippur holiday—counsel for Elliott and UMB filed and served the Motion. They noticed the Motion for a hearing to be held on Friday, October 12: earlier than the timeframe indicated during the September 18 status conference. They likewise set an objection deadline of October 3, 2018: the minimum 14 days required.

NextEra expects to file an objection to the Motion. Unfortunately, due to a preexisting commitment, I am unavailable to present argument on October 12. My colleague, Eric Daucher, who would alternatively argue NextEra's objection, will be traveling out of the country and is likewise unavailable on October 12. Either or both of us would be available the following week on October 17, 18, or 19, or at such later date as may be available given the Court's schedule. Accordingly, on September 20 I contacted Mr. Galardi and requested an adjournment of the hearing on the Motion to any of these dates. Mr. Galardi advised that he believed that the Court had limited availability, but that he would revert to me. On Friday, September 21, Mr. Galardi advised that, because of the Court's limited availability through the end of October, he could not consent to an adjournment of the Motion. However, given my unavailability, as well as the unavailability of Mr. Daucher, I believe that a brief adjournment is warranted.

I also note that the current objection deadline of October 3, 2018 is inappropriate under these circumstances. During the September 18 status conference, counsel for Elliott and UMB acknowledged the importance of not "prejudg[ing] the rehearing issue" through the Motion. Tr. Hr'g Sept. 18, 2018 at 12:4. NextEra's petition for rehearing is due to be submitted on September 27, 2018. Third Circuit Internal Operating Procedures provide for a minimum of 10 calendar days for petitions for rehearing to be circulated internally and voted upon. 3d. Cir. I.O.P. 9.5.4. Consequently, the very earliest that the parties will have some indication as to how the Third Circuit intends to treat the petition for rehearing would be Tuesday, October 9, 6 days after the current objection deadline. Counsel for the Debtors and Elliott concur with that timeframe. *See* Tr. Hr'g Sept. 18, 2018 at 10:5-11:6. If the active judges of the Third Circuit take additional time to consider the petition,[1] and/or request that Elliott answer the petition, it may take until approximately Friday, November 9 for the Third Circuit to rule on whether a rehearing will be granted.[2] Given the importance to the Motion of the Third Circuit's response to NextEra's forthcoming petition for rehearing, it is inappropriate for the objection deadline to be set earlier than the earliest possible date by which the Third Circuit might respond.

Given these considerations, NextEra requests: (a) an adjournment of the hearing on the Motion to no earlier than October 17, 2018; (b) an adjournment of the objection deadline to no earlier than October 12, 2018; and (c) that the Court schedule a telephonic status conference with respect to the Motion for purposes of establishing an appropriate schedule.

---

[1]  If one or more active judges of the Third Circuit votes in favor of a rehearing, a second active judge may obtain an additional five "working days" extension of the period to consider a petition for rehearing. 3d Cir. I.O.P. 9.5.5.

[2]  "If four active judges vote to grant the petition or if there are a total of four votes for an answer or for rehearing, provided that there is at least one vote for an answer," Elliott would be provided 14 calendar days to submit an answer to the petition. 3d Cir. I.O.P. 9.5.6. The active judges of the Third Circuit would then have an additional 10 days to consider the matter and decide whether to grant a rehearing. *See id.*

September 24, 2018

Respectfully yours,

/s/ Howard Seife
Howard Seife
Norton Rose Fulbright US LLP
Counsel to NextEra Energy, Inc.


Cc:  Gregg M. Galardi, Ropes & Gray LLP, counsel for Elliott and UMB
     Marc Kieselstein, Kirkland & Ellis LLP, counsel to the EFH Plan Administrator Board
     Mark McKane, Kirkland & Ellis LLP, counsel to the EFH Plan Administrator Board
     Aparna Yenamandra, Kirkland & Ellis LLP, counsel to the EFH Plan Administrator Board