**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 <br> ) <br> ) Case No. 14-10979 (CSS) <br> ) <br> ENERGY FUTURE HOLDINGS CORP., et al.,[1] ) Jointly Administered <br> ) <br> ) Re: Docket No.: 13102 <br> ) <br> ) <br> ) <br> Debtors. ) |

**EFH INDENTURE TRUSTEE'S JOINDER AND SUPPLEMENTAL PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN CONNECTION WITH JOINT MOTION OF UMB BANK, N.A. AS INDENTURE TRUSTEE, AND ELLIOTT TO FIX APPROPRIATE ALLOCATION OF CERTAIN RESERVES AND EXPENSES AS BETWEEN THE EFH CORP. AND EFIH DEBTORS**

American Stock Transfer & Trust Company, LLC ("AST"), as successor trustee to The Bank of New York Mellon Trust Company, N.A. (in such capacity, the "EFH Indenture Trustee") under the indentures for notes (the "EFH Notes") issued by Energy Future Holdings Corp. ("EFH Corp.") and pursuant to the provisions of the confirmed EFH/EFIH Plan and EFH Confirmation Order,[2] by its undersigned counsel, hereby submits these findings of fact and conclusions of law in connection with the *Joint Motion of UMB Bank, N.A., as Indenture*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification Numbers is not provided herein.

[2] Capitalized terms used, but not otherwise defined, herein shall have the meanings ascribed to them in the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12653] (the "EFH/EFIH Plan"), and if not defined therein, the meanings ascribed to them in the *Order Confirming the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12763] (the "EFH Confirmation Order"), and if not defined therein, the meaning ascribed to them in the Allocation Motion, and if not defined therein, the meanings ascribed to them in the Scheduling Motion.

1

*Trustee, and Elliott to Fix Appropriate Allocation of Certain Reserves and Expenses as Between The EFH and EFIH Debtors* [D.I. 13102] (the "Allocation Motion").[3]

With the exception of arguments addressing the allocation of Movants' Substantial Contribution Claim, the EFH Indenture Trustee joins in the *The Ad Hoc EFH Claimants' Proposed Findings of Fact and Conclusions of Law Regarding Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott to Fix Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors* (the "Ad Hoc Submission").[4]

While the EFH Indenture Trustee joins the Ad Hoc Submission but for the limited exceptions noted above and agrees that no break fee should be allocated to EFH Corp., in the event that the Court decides that some amount of break fee should be allocated to EFH Corp., the EFH Indenture Trustee proposes the following alternative findings of fact and conclusions of law.

**Alternative Findings of Fact and Conclusions of Law**

1. This Court may only approve a break fee in the range of 1 to 4% of the total consideration received by a debtor. (*In re Edison Mission Energy*, No. 12- 49219 (JPC) (Bankr. N.D. Ill. Mar. 11, 2014); *In re AMR Corp.,* No. 11-15463 (SHL) (Bankr. S.D.N.Y. May 10, 2013); *In re Pilgrim's Pride*, No. 08-45664 (DML) (Bankr. N.D. Tex. 2011); Strom Dep. Tr. at 93:11-22;

---

[3] UMB Bank, N.A. and Elliott are referred to herein as the "Movants."

[4] The election of the EFH Indenture Trustee to take no position on the allocation of Elliott's substantial contribution claim at this time is without prejudice to all rights and any arguments which may be raised in connection with future proceedings (*e.g*. approval of Fee Committee recommendations) where the reasonableness of such an award or other matters related to such an award against EFH Corp. is to be determined. The election to take no position at this time is not a waiver of any right or position, nor is it to be construed as an agreement with any position Elliott is taking. Additionally, the EFH Indenture Trustee's position with regard to arguments related to administrative expense claims is hereby strictly limited to the analysis regarding the allowance and allocation of the break fee.

AHX-194, Motion for Order Authorizing Entry Into Merger Agreement and Approving Termination Fee [D.I. 11430] ¶¶ 55-57.) Here, the total break fee represents approximately 2.79% of the total consideration to be paid by NextEra of over $9.8 billion under the Amended Merger Agreement. (AHX-226, Disclosure Statement for First Amended Joint Plan [DI 18899] p.18; 9/2/2018 Strom Written Direct ¶ 34.1.) To impose a break fee on EFH Corp. greater than 2.79% of the consideration received by EFH Corp. would be inconsistent with the law governing the approval of break fees and would be inequitable.

2. Accordingly, the maximum amount that can properly be allocated to EFH Corp. would be 2.79% of the monetary benefit received by EFH Corp. I find that the only monetary benefit received by EFH Corp. to be the assumption of the $58 million in asbestos liability and "legacy claims" that were assumed. (AHX-226, Disclosure Statement for First Amended Joint Plan [DI 18899] p. 18; Horton Dep. Tr. at 79:17-81:6; Strom Dep. Tr. at 149:13-17; 9/2/2018 Strom Written Direct ¶ 34.5.) Accordingly, the maximum amount that is properly allocated to EFH Corp. is 2.79% of $58 million, or $1,618,200.

**Additional Alternative Findings of Fact and Conclusions of Law**

To the extent the Court determines that EFH Corp. should be considered to have received some benefit other than from the assumption of the asbestos liabilities, the EFH Indenture Trustee proposes the following alternative findings:

3

3. At the time that the break fee was approved, EFH Corp. was anticipated to receive $471 million in cash from the NextEra transaction if this Court's disallowance of the Makewhole Claims was affirmed. (AHX-151, Board Agenda attaching Restructuring Update; 9/2/2018 Strom Written Direct p.9.) Applying the 2.79% to this projected amount, the maximum allocation to EFH Corp. at that time would be $13,140,900. However, in approving the Revised EFH/EFIH Disclosure Statement, I noted that the Disclosure Statement properly disclosed that there was a "giant risk"[5] that the Court's decision regarding the disallowance of the Makewhole Claims, valued at $890 million at a minimum, could be reversed and the claims could be allowed depriving EFH Corp. of any benefit. (AHX-147, Disclosure Statement for Fourth Amended Joint Plan [DI 9616] p.166; PAB-X462, Disclosure Statement for Fifth Amended Joint Plan [DI 10293] p.149.) In light of this risk, I apply a 75% discount to the amount due on the $13,140,900, resulting in an allocation of $3,285,225 to EFH Corp.

---

[5] 1/4/17 Trial Tr. at 63:4-63:17 (Order). The EFH Indenture Trustee acknowledges that this quoted language was not specifically entered into evidence, but provides the citation to the extent that it may be helpful to the Court.

| | |
|---|---|
| Dated: Wilmington, DE<br>September 27, 2018 | **CROSS & SIMON, LLC**<br><br>By: /s/*Christopher P. Simon*<br>Christopher P. Simon (Del. Bar No. 3697)<br>1105 North Market Street, Suite 901<br>Wilmington, Delaware 19801<br>Telephone: (302) 777-4200<br>Facsimile: (302) 777-4224<br>csimon@crosslaw.com<br><br>- and –<br><br>NIXON PEABODY LLP<br>Amanda D. Darwin<br>Richard C. Pedone<br>Erik Schneider<br>100 Summer Street<br>Boston, Massachusetts 02110<br>Telephone: (617) 345-1000<br>Facsimile: (617) 345-1300<br>adarwin@nixonpeabody.com<br>rpedone@nixonpeabody.com<br>eschneider@nixonpeabody.com<br><br>-and-<br><br>Christopher J. Fong<br>55 West 55th<br>New York, NY 10036<br>Telephone: 212-940-3724<br>Facsimile: 855-900-8613<br>cfong@nixonpeabody.com<br><br>*Co- Counsel to American Stock Transfer & Trust Company, LLC, as Indenture Trustee* |