# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE



**CHRISTOPHER S. SONTCHI**
**CHIEF JUDGE**

**824 N. MARKET STREET**
**WILMINGTON, DELAWARE**
**(302) 252-2888**

October 1, 2018

Mark E. McKane
Michael P. Esser
Kirkland & Ellis LLP
555 California Street
San Francisco, CA 94104

Mark D. Collins
Daniel J. DeFranceschi
Jason M. Madron
Richards Layton & Finger, P.A.
920 North King Street
Wilmington, Delaware 19801

Christopher P. Simon
Cross & Simon, LLC
1105 North Market Street, Suite 901
Wilmington, Delaware 19801

Amanda D. Darwin
Richard C. Pedone
Erik Schneider
Nixon Peabody LLP
100 Summer Street
Boston, Massachusetts 02110

Scott D. Cousins
Erin R. Fay
Bayard, P.A.
600 N. King Street
Wilmington, DE 19801

Gregg M. Galardi
Daniel G. Egan
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704

Garvan F. McDaniel
Hogan & McDaniel
1311 Delaware Avenue
Wilmington, DE 19806

David S. Rosner
Andrew K. Glenn
Matthew B. Stein
Gavin D. Schryver
David J. Mark
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019

Dear Counsel,

    I am writing to follow up on the teleconference held on September 28th regarding whether the Court should render a decision at this time as to the allocation of NextEra's $60 million administrative expense claim related to NextEra's fees and expenses incurred attempting to close the transaction with the Debtors for control of the Debtors' economic interest in Oncor. The Court will not render a decision at this time.

October 1, 2018
Page 2

      Although the motion that gave rise to the allocation trial references the $60 million claim and the evidentiary record at the allocation trial was extensive and the parties thoroughly briefed the issues prior to trial and made extensive opening and closing statements, absolutely no attention was paid to the $60 million claim. The entire focus with regard to NextEra was the $275 million termination fee, which is based on different facts and subject to a different legal standard than the $60 million claim. The $275 million claim is based solely on contract while the $60 million claim is under sections 503(b)(1) and 503(b)(3)(D). No party developed any facts nor made any argument related to the latter. This is critical and unlike the substantial contribution claim of Elliott and UMB that was the subject of extensive evidence and argument.

      Moreover, it would be inefficient and cause a substantial delay to reopen the record of the allocation trial at this time. The Court has received the parties' proposed findings of fact and conclusions of law and is hard at work in the hope of rendering a quick decision. Reopening the record would add weeks if not months to the process.

      Finally, allocation of $60 million claim may never be necessary if the Court's disallowance of the claim is affirmed on appeal or may become moot if the Court orders the PAB to release the current $275 million reserve, which matter will be before the Court shortly.

      Thus, the Court will not render a decision at this time as to the allocation of the $60 million claim. The Court in consultation with the parties will determine how to proceed on this issue at a future date.

      Sincerely,

      */s/ Christopher S. Sontchi*

      Christopher S. Sontchi
      Chief United States Bankruptcy Judge