IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

FILED

2018 OCT -2 PM 3: 11

CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Energy Future Holdings, Corp., et al., | ) | Chapter 11 |
| Debtors. | ) | Case No. 14-10979 (CSS) |
| | ) | (Jointly Administered) |
| | ) | Re: D. I. 13331 |
| | ) | Re: D. I. 13495 |

THE TREMBLE FAMILY RESPONSE TO EFH PLAN
ADMINISTRATOR BOARD

On April 29, 2014, Energy Future Holdings Corp. and certain of its subsidiaries and affiliates, including Luminant Mining Company LLC, filed voluntary petitions for relief under chapter 11 of title 11 of the United States Bankruptcy Court for the District of Delaware. The Trembles were notified of the Chapter 11 Bankruptcy in the NOTICE OF SUGGESTION ON PENDENCY OF BANKRUPTCY FOR ENERGY FUTURE HOLDINGS CORP., ET AL. AND AUTOMATIC STAY OF PROCEEDINGS dated **January 7, 2015**. The documents were sent by David E. Jackson of JACKSON, SJOBERG, MC CARTHY & TOWNSEND, LLP attorneys for Luminant Mining Company LLC, Energy Future Holdings Corp. and Subsidiaries. (Re: Addendum A, Notice; Addendum B, Envelope).

11 U.S.C. 501 and FRBP 3001 generally governs who may file a proof of claim. Usually, creditors file proofs of claim against the debtor. However, 501 of the Bankruptcy Code, does allow for the trustee, the debtor or any entity liable to the creditor for the debt owed by the debtor to file a proof of claim if the creditor fails to do so.

An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to set off under Section 553 of this title, 11 U.S.C. 506, is a secured claim to the extent of the value of such creditor's interest.

11 U.S.C. App Rule 3002: Filing Proof of Claim or Interest

(a) NECESSITY FOR FILING. A secured creditor, unsecured creditor, or equity security holder must file a proof of claim or interest for the claim or interest or interest to be allowed, except as provided in Rules 1019 (3), 3003, 3004, and 3005. A lien that secures a claim against the Debtor is not void due only to the failure of any entity to file a proof of claim.

1

In the Supreme Court of the United States; Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership et al. (91-1695), 507 U.S. 380 (1993): Enumerated four factors to determine whether or not neglectful late filings of claims are excusable. If the debtor did not list the creditor in the debtors schedules, at the time and creditor did not find out about the bankruptcy filing until after the bar date for filing claims. Its late filing may be excused under the doctrine of excusable neglect. Furthermore, the opposition to the Trembles claims is without merit and therefore should be null and void.