IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>*Debtors.* | ) Chapter 11<br>)<br>) Case No. 14-10979 (CSS)<br>)<br>) (Jointly Administered)<br>)<br>) **Re: D.I. 13497** |

## ORDER GRANTING JOINT MOTION OF UMB BANK, N.A., AS INDENTURE TRUSTEE, AND ELLIOTT TO DIRECT THE EFH PLAN ADMINISTRATOR BOARD TO RELEASE AND DISTRIBUTE ALL FUNDS IN THE NEE PLAN RESERVE

Upon the motion (the "Motion")[2] of UMB Bank, N.A., as Indenture Trustee (the "UMB") for the unsecured 11.25%/12.25% Senior Toggle Notes due 2018, and Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, "Elliott" and, together with UMB, the "Movants") for entry of an order authorizing and directing the PAB to release the full amount of the NEE Plan Reserve and distribute such funds to unsecured creditors in accordance with the Plan; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §157(b); and due and adequate notice of the Motion having been given under the circumstances, and no other or further notice need be given; and a hearing having been held on October 19, 2018 to consider the relief requested in the Motion (the "Hearing"); and the United States Court of Appeals for the Third Circuit (the "Third Circuit") having entered an order on October 24, 2018 denying the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Motion.

*Petition for Rehearing or Rehearing En Banc* filed by NextEra Energy, Inc. in Case No. 18-1109 pending in the Third Circuit; and, after due deliberation and for the reasons set forth at the Hearing, the Court having found that good cause exists for the relief requested in the Motion,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. Paragraph 150 of the *Order Confirming the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12763] (the "Confirmation Order") shall not be binding on the PAB or any other party-in-interest.

3. The PAB and the Disbursing Agents, as applicable, are authorized and directed to make distributions to Holders of Allowed Claims in Classes A4-A11, B5, and B6 in accordance with the terms of the Plan (the "Initial Distribution"); *provided, however*, that such distribution shall not (a) include funds attributable to the E-Side Committee Professional Fee Claims, the Debtors' Professional Fee Claims, and the Elliott Substantial Contribution Claim (each as defined in [D.I. 13102]) (the "EFH/EFIH Allocation Dispute") and (b) include the Cash at EFH or EFIH, as applicable, necessary to satisfy all Allowed Administrative Claims against EFIH (if any), Allowed Priority Claims against EFIH (if any), Allowed Administrative Claims against EFH (if any), and Allowed Priority Claims against EFH (if any), as applicable.

4. The PAB shall (a) provide to counsel for the Movants and the EFH Notes Trustee, on a professionals' eyes only basis, the amount of the Initial Distribution to Holders of Allowed Claims in Classes A4-A11 (in the aggregate) and Classes B5 and B6 (in the aggregate) prior to making the Initial Distribution and (b) be authorized and directed to make a second distribution

to such Holders following entry of an order that has not been stayed resolving the EFH/EFIH Allocation Dispute.

5. This Order shall be effective on the date that is ~~fourteen (14)~~ twenty-one (21) days after the date of its entry.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: October 25, 2018
Wilmington, Delaware

HONORABLE CHRISTOPHER S. SONTCHI
CHIEF UNITED STATES BANKRUPTCY JUDGE