1   UNITED STATES BANKRUPTCY COURT

2   DISTRICT OF DELAWARE

3

4   In re:                          :

5                                   :    Chapter 11

6   ENERGY FUTURE HOLDINGS CORP., :    Case No. 14-10979(CSS)

7   et al.,                         :

8            Debtors.               :    (Jointly Administered)

9   _____:

10

11

12                                  United States Bankruptcy Court

13                                  824 North Market Street

14                                  Wilmington, Delaware

15                                  October 26, 2018

16                                  2:01 p.m. - 2:14 p.m.

17

18

19

20

21   B E F O R E :

22   HON CHRISTOPHER S. SONTCHI

23   U.S. BANKRUPTCY JUDGE

24

25   ECRO OPERATOR:  LESLIE MURIN

1    HEARING re Oral Ruling

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Sonya Ledanski Hyde

1   A P P E A R A N C E S :

2

3   NORTON ROSE FULBRIGHT US LLP

4       Attorney for NextEra Energy

5

6   BY:  ERIC C. DAUCHER

7

8   ESBROOK LAW

9       Attorney for Paul Keglevic and Anthony Horton

10

11  BY: CHRISTOPHER ESBROOK

12

13  HOGAN MCDANIEL

14      Attorneys for the Ad Hoc EFH Claimants

15

16  BY:  GARVAN MCDANIEL

17

18  SULLIVAN & CROWMWELL

19      Attorney for Official Committee of Unsecured Creditors

20

21  BY:  BRIAN D. GLUECKSTEIN

22

23

24

25

1    KASOWITZ, BENSON & TORRES LLP

2        Attorneys for the Ad Hoc EFH Creditors' Committee

3

4    BY:   ANDREW H. ELKIN

5          ANDREW GLENN

6          DAVID ROSNER

7

8    FOX ROTHSCHILD LLP

9        Attorney for Sempra Energy

10

11   BY:   JEFFREY M. SCHLERF

12

13   UNITED STATES TRUSTEE'S OFFICE

14       Attorney for the U.S. Trustee

15

16   BY:   RICHARD SCHEPACARTER

17

18   KRAMER LEVIN NAFTALIS & FRANKEL LLP

19       Trustee, Computer Share

20

21   BY:   RACHAEL RINGER

22

23

24

25

```
 1   NIXON PEABODY LLP

 2         Attorneys for American Stock Transfer

 3

 4   BY:  RICHARD PEDONE

 5

 6   RICHARDS LAYTON & FINGER, P.A.

 7         Attorneys for the Debtors

 8

 9   BY:  DANIEL J. DEFRANCESCHI

10         JASON M. MADRON

11

12   KIRKLAND & ELLIS LLP

13         Attorneys for the EFH Plan Administration Board

14

15   BY:  CHAD HUSNICK

16         MARK E. MCKANE

17         APARNA YENAMANDRA

18         MARC KIESELSTEIN

19

20   ROSNER LAW GROUP

21         Attorneys for Horton & Keglevic

22

23   BY:  SCOTT LEONHARDT

24

25
```

1   ROPES & GRAY LLP

2        Attorneys for Elliott & UMB

3

4   BY:  MATTHEW L. MCGINNIS

5        GREGG M. GALARDI

6

7   O'MELVENY & MYERS LLP

8        Interested Party, O'Melveny & Myers LLP

9

10  BY:  DANIEL S. SHAMAH

11

12  BAYARD, P.A.

13       Attorneys for Elliott & UMB

14

15  BY:  ERIN R. FAY

16

17  FARMSTEAD CAPITAL MANAGEMENT

18       Interested Party, Michael C. Scott

19

20  BY:  MICHAEL C. SCOTT

21

22  ALSO PRESENT TELEPHONICALLY:

23  ARLENE R. ALVES

24  SAM N. ASHURAEY

25  MATTHEW C. BROWN

1   ALIX BROZMAN

2   STEPHEN MILLER

3   CHARLES E. SIEVING

4   CHRISTOPHER P. SIMON

5   JESSICA STEINHAGEN

6   MCCLAIN THOMPSON

7   PATRICIA J. VILAREAL

8   BRADY C. WILLIAMSON

9   JAMILA WILLIS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    P R O C E E D I N G S

2           THE COURT:  Good afternoon, counsel.  This is

3    Judge Sontchi.  Thank you for making yourself available on

4    extremely short notice.  Before we commence, I was hoping I

5    could get appearances from lead counsel to the PAB, Elliott

6    and UMB, the ad hoc committee of EFH holders, and the EFH

7    indenture trustee.

8           MR. KIESELSTEIN:  Good afternoon, Your Honor.

9    Marc Kieselstein and Aparna Yenamandra from Kirkland & Ellis

10   on behalf of the PAB.

11          MR. GALARDI:  Good afternoon, Your Honor.  Gregg

12   Galardi and Matthew McGinnis on behalf of Elliott and UMB.

13          MR. GLENN:  Good afternoon, Your Honor.  Andrew

14   Glenn, Kasowitz Benson Torres LLP, on behalf of the ad hoc

15   EFH claimants.

16          MR. PEDONE:  Good afternoon, Your Honor.  Richard

17   Pedone on behalf of the EFH indenture trustee.

18          THE COURT:  Okay, excellent.  Thank you.  I wanted

19   to make sure the parties were present.

20          Okay.  So I asked you to get together this

21   afternoon on the phone in connection with the allocation

22   trial regarding the various administrative expenses and

23   whether they should be allocated to EFIH or EFH.

24          And as you know, we had this trial in early

25   September, and the parties submitted proposed findings and

1   conclusions of law to the Court, I think on September 22nd.

2   And I was hopeful and had every intension of having issued a

3   formal decision by now.  Unfortunately, the press of my

4   duties, both as a plain ole' judge and also as Chief Judge

5   now, nearly made that impossible to occur.

6              And as you know, we've had the recent development

7   in connection with the termination fee on appeal to the

8   Third Circuit, where the Third Circuit declined to rehear,

9   or rehear en banc, the matter before it.

10             So as things are developing, and I'm not ready to

11  issue a formal opinion and won't be certainly for -- I mean,

12  a couple of weeks at the earliest.  So I thought that that

13  was too long to wait any further to inform the parties of my

14  actual ruling.

15             Now, this is going to be extremely brief and is

16  subject in its entirety to the issuance of a formal findings

17  of fact and conclusions of law that will be issued by the

18  Court that will have extensive factual background and,

19  hopefully, a -- well, and a large analysis section that'll

20  give the reasons.

21             But so the parties can plan going forward, I

22  thought it appropriate to give you my rulings.  So without

23  any further ado, I'll do that, and I'm going to identify

24  this by sub-category.

25             So regard to the $275 million termination fee,

1    which remains an open dispute, of course, because NextEra

2    has not fully finished its Appellate proceedings.  There is

3    an order that terminates the stay or holdback, if you will,

4    in just under three weeks.  But that is, of course, subject

5    to NextEra being able to receive a stay from an appropriate

6    court.  And that's all in flux, so this is still a live

7    issue.

8              So I believe that the only appropriate time to

9    measure the allocation of the termination fee is the date of

10   the approval of the NextEra merger agreement, which is, I

11   believe, September 19, 2017.

12             Based on EFH's share of the cash consideration,

13   which was $471 million, and assumption of the asbestos

14   liabilities, which I believe is -- I have here written $58

15   million, but I think that's wrong -- I think it's $68

16   million, as a percentage of the total cash and identifiable

17   non-cash consideration, which is $9.827 billion, that gets

18   you 5.4 percent.

19             You multiply that by the breakup fee of $275

20   million, 5.4 percent for EFH, that's EFH's share.  You

21   multiply that by the breakup fee of $275 million, you get

22   $14.85 million for EFH, that's 5.4 percent; and $26.15

23   million for EFIH, that's 94.6 percent.

24             With regard to the Kirkland and Evercore that are

25   professional fees, I believe that no change is necessary or

1    appropriate, which is approximately an 85 percent EFIH and

2    15 percent EFH allocation.

3              There's no question that it was an imperfect

4    process to allocate the fees among the estates, but it was a

5    reasonable one, and there is no indication it was applied in

6    bad faith.  Both firms substantially adhered to the interim

7    compensation order, and the Court sees no need to revisit

8    the order.

9              The case, as governing the allowance of fees, must

10   be applied faithfully, but the Court must also consider the

11   challenges associated with a case as complex and large as

12   this one, including the fact that there were three separate

13   silos of companies with overlapping interests and

14   intercompany claims.

15             With regard to the E-side committee professional

16   fees, the allocation will be 88 percent EFH and 12 percent

17   EFIH, as suggested by the PAB.  The E-side committee

18   professionals should have adhered to the interim

19   compensation order and did not.

20             In addition, their 50/50 split had not relation to

21   the actual value of services they were performing on behalf

22   of EFH and EFIH.  The overwhelming focus of the E-side

23   committee professional fees related to the EFH estates and

24   creditors and should be borne by the EFH estate.

25             With regard to Elliott's substantial contribution

1    claim, I'm going to break it down by subcategories.  With

2    regard to terminating the NextEra plan support agreement to

3    pursue alternative transactions, which is $3.7 million, 100

4    percent to Elliott.

5            At that time, the only value to EFH from the

6    NextEra plan was the assumption of asbestos liabilities.

7    Importantly, EFH was not sensitive to the passage of time,

8    so an early termination of the NextEra was of de minimis

9    value to EFH.

10           With regard to opposing the Berkshire transaction

11   and supporting the Sempra transaction, which is $19.8

12   million, 100 percent to Elliott.  Importantly, the treatment

13   of EFH creditors under the Sempra plan was identical to

14   under the Berkshire plan.

15           EFH creditors received no benefit from switching

16   bidders.  The only impediment to overcome was Elliott's own

17   blocking position as a holder of a super-majority, if you

18   will, of claims.  EFH can't be liable for Elliott solving

19   the problem Elliott caused in the first place.  Indeed, EFH

20   may have been worse off at the time because the execution

21   risk was probably greater with Sempra.  Or in disallowing

22   termination fee, $3.4 million, 30 percent EFH and 70 percent

23   Elliott, as requested by Elliott.

24           Both estates benefited from the disallowance of

25   the breakup fee.  This isn't related to the value received

1    by the imposition of the fee at the time the merger

2    agreement was approved.  It is focused on the joint and

3    several liability that was avoided.

4              With regard to negotiating the Sempra plan, $1.5

5    million, 30 percent EFH and 70 percent EFIH, as requested by

6    Elliott.  Both estates benefited from emerging from

7    bankruptcy.  While EFH did not have EFIH's time pressures,

8    it could not stay in bankruptcy indefinitely.  EFIH was also

9    enabling a tax-free transaction that benefited EFH and the

10   asbestos liabilities were being assumed.

11             With regard to the Oncor dividend settlement,

12   which was $680,000, 12 percent EFH, 88 percent EFIH.  The

13   $3.75 million of the $31 million payment went to EFH, that

14   is 12 percent, so 12 percent of the cost is attributable to

15   EFH, which is $81,600.

16             Finally, with the Vistra tax dispute, which was

17   $1.1 million, 100 percent to Elliott.  These fees provided

18   no benefit to EFH whatsoever.  So by my math with regard to

19   the Elliott substantial contribution claim, that's

20   $28,628,400 to EFIH and $1,551,600 to EFH, which is 95

21   percent EFIH and 5 percent EFH.

22             So just to sum up.  The NextEra breakup fee, 94.4

23   percent EFIH, 5.6 percent EFH.  The Debtors' professional

24   fees, no change, which I believe results in approximately 85

25   percent EFIH, 15 percent EFH.  The E-side committee fees, 12

1    percent EFIH, 88 percent EFH.  The Elliott substantial

2    contribution claim, 95 percent EFIH, 5 percent EFH.

3              Of course, as I said, I'm going to present a

4    formal opinion/findings of fact, et cetera, in the next

5    several weeks.  But, again, I wanted to get this out there

6    so the parties can start to plan accordingly.

7              I don't want to turn this into an opportunity for

8    argument.  But are there any questions by any of the parties

9    in interest?

10             MR. GALARDI:  Your Honor, it's Gregg Galardi.  I

11   just wanted to clarify.  You kept saying 100 percent to

12   Elliott.  You mean to EFIH when you were doing it.  And then

13   your final calculation was EFIH.

14             THE COURT:  All right.  I apologize, I misread

15   what I had written down here.  Obviously, Elliott is not

16   responsible for any of these administrative expenses.

17   Anyone else?

18             MR. KIESELSTEIN:  Nothing from the PAB's

19   perspective, Your Honor.

20             THE COURT:  Mr. Glenn?  No?  Okay, all right.

21   Thank you very much.  I hope everyone has a pleasant day and

22   pleasant weekend, and I'll get you something as soon as I

23   can.

24             ALL:  Thank you, Your Honor.

25             THE COURT:  We're adjourned.

1           (Whereupon these proceedings were concluded at

2    2:15 PM)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 16

1                    C E R T I F I C A T I O N

2

3         I, Sonya Ledanski Hyde, certified that the foregoing

4     transcript is a true and accurate record of the proceedings.

5

6     Sonya                    Digitally signed by Sonya Ledanski
                               Hyde
                               DN: cn=Sonya Ledanski Hyde, o,
7     Ledanski Hyde            ou, email=digital@veritext.com,
                               c=US
                               Date: 2018.10.29 11:38:45 -04'00'

8     Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20     Veritext Legal Solutions

21     330 Old Country Road

22     Suite 300

23     Mineola, NY 11501

24

25     Date:  October 29, 2018

| & | |
|---|---|
| **&** 3:18 4:1,18 5:6 | |
| 5:12,21 6:1,2,7,8 | |
| 6:13 8:9 | |

| 1 |
|---|
| **1,551,600** 13:20 |
| **1.1** 13:17 |
| **1.5** 13:4 |
| **100** 12:3,12 13:17 |
| 14:11 |
| **11** 1:5 |
| **11501** 16:23 |
| **12** 11:16 13:12,14 |
| 13:14,25 |
| **14-10979** 1:6 |
| **14.85** 10:22 |
| **15** 11:2 13:25 |
| **19** 10:11 |
| **19.8** 12:11 |

| 2 |
|---|
| **2017** 10:11 |
| **2018** 1:15 16:25 |
| **22nd** 9:1 |
| **26** 1:15 |
| **26.15** 10:22 |
| **275** 9:25 10:19,21 |
| **28,628,400** 13:20 |
| **29** 16:25 |
| **2:01** 1:16 |
| **2:14** 1:16 |
| **2:15** 15:2 |

| 3 |
|---|
| **3.4** 12:22 |
| **3.7** 12:3 |
| **3.75** 13:13 |
| **30** 12:22 13:5 |
| **300** 16:22 |
| **31** 13:13 |
| **330** 16:21 |

| 4 |
|---|
| **471** 10:13 |

| 5 |
|---|
| **5** 13:21 14:2 |
| **5.4** 10:18,20,22 |
| **5.6** 13:23 |
| **50/50** 11:20 |
| **58** 10:14 |

| 6 |
|---|
| **68** 10:15 |
| **680,000** 13:12 |

| 7 |
|---|
| **70** 12:22 13:5 |

| 8 |
|---|
| **81,600** 13:15 |
| **824** 1:13 |
| **85** 11:1 13:24 |
| **88** 11:16 13:12 |
| 14:1 |

| 9 |
|---|
| **9.827** 10:17 |
| **94.4** 13:22 |
| **94.6** 10:23 |
| **95** 13:20 14:2 |

| a |
|---|
| **able** 10:5 |
| **accurate** 16:4 |
| **actual** 9:14 11:21 |
| **ad** 3:14 4:2 8:6,14 |
| **addition** 11:20 |
| **adhered** 11:6,18 |
| **adjourned** 14:25 |
| **administered** 1:8 |
| **administration** |
| 5:13 |
| **administrative** |
| 8:22 14:16 |
| **ado** 9:23 |
| **afternoon** 8:2,8 |
| 8:11,13,16,21 |

| agreement 10:10 |
|---|
| 12:2 13:2 |
| **al** 1:7 |
| **alix** 7:1 |
| **allocate** 11:4 |
| **allocated** 8:23 |
| **allocation** 8:21 |
| 10:9 11:2,16 |
| **allowance** 11:9 |
| **alternative** 12:3 |
| **alves** 6:23 |
| **american** 5:2 |
| **analysis** 9:19 |
| **andrew** 4:4,5 8:13 |
| **anthony** 3:9 |
| **aparna** 5:17 8:9 |
| **apologize** 14:14 |
| **appeal** 9:7 |
| **appearances** 8:5 |
| **appellate** 10:2 |
| **applied** 11:5,10 |
| **appropriate** 9:22 |
| 10:5,8 11:1 |
| **approval** 10:10 |
| **approved** 13:2 |
| **approximately** |
| 11:1 13:24 |
| **argument** 14:8 |
| **arlene** 6:23 |
| **asbestos** 10:13 |
| 12:6 13:10 |
| **ashuraey** 6:24 |
| **asked** 8:20 |
| **associated** 11:11 |
| **assumed** 13:10 |
| **assumption** 10:13 |
| 12:6 |
| **attorney** 3:4,9,19 |
| 4:9,14 |
| **attorneys** 3:14 4:2 |
| 5:2,7,13,21 6:2,13 |
| **attributable** |
| 13:14 |

| available 8:3 |
|---|
| **avoided** 13:3 |

| b |
|---|
| **b** 1:21 |
| **background** 9:18 |
| **bad** 11:6 |
| **banc** 9:9 |
| **bankruptcy** 1:1 |
| 1:12,23 13:7,8 |
| **based** 10:12 |
| **bayard** 6:12 |
| **behalf** 8:10,12,14 |
| 8:17 11:21 |
| **believe** 10:8,11,14 |
| 10:25 13:24 |
| **benefit** 12:15 |
| 13:18 |
| **benefited** 12:24 |
| 13:6,9 |
| **benson** 4:1 8:14 |
| **berkshire** 12:10 |
| 12:14 |
| **bidders** 12:16 |
| **billion** 10:17 |
| **blocking** 12:17 |
| **board** 5:13 |
| **borne** 11:24 |
| **brady** 7:8 |
| **break** 12:1 |
| **breakup** 10:19,21 |
| 12:25 13:22 |
| **brian** 3:21 |
| **brief** 9:15 |
| **brown** 6:25 |
| **brozman** 7:1 |

| c |
|---|
| **c** 3:1,6 6:18,20,25 |
| 7:8 8:1 16:1,1 |
| **calculation** 14:13 |
| **capital** 6:17 |
| **case** 1:6 11:9,11 |
| **cash** 10:12,16,17 |

**category**  9:24
**caused**  12:19
**certainly**  9:11
**certified**  16:3
**cetera**  14:4
**chad**  5:15
**challenges**  11:11
**change**  10:25
  13:24
**chapter**  1:5
**charles**  7:3
**chief**  9:4
**christopher**  1:22
  3:11 7:4
**circuit**  9:8,8
**claim**  12:1 13:19
  14:2
**claimants**  3:14
  8:15
**claims**  11:14
  12:18
**clarify**  14:11
**commence**  8:4
**committee**  3:19
  4:2 8:6 11:15,17
  11:23 13:25
**companies**  11:13
**compensation**
  11:7,19
**complex**  11:11
**computer**  4:19
**concluded**  15:1
**conclusions**  9:1
  9:17
**connection**  8:21
  9:7
**consider**  11:10
**consideration**
  10:12,17
**contribution**
  11:25 13:19 14:2
**corp**  1:6

**cost**  13:14
**counsel**  8:2,5
**country**  16:21
**couple**  9:12
**course**  10:1,4 14:3
**court**  1:1,12 8:2
  8:18 9:1,18 10:6
  11:7,10 14:14,20
  14:25
**creditors**  3:19
  11:24 12:13,15
**creditors'**  4:2
**crowmwell**  3:18
**css**  1:6

**d**

**d**  3:21 8:1
**daniel**  5:9 6:10
**date**  10:9 16:25
**daucher**  3:6
**david**  4:6
**day**  14:21
**de**  12:8
**debtors**  1:8 5:7
  13:23
**decision**  9:3
**declined**  9:8
**defranceschi**  5:9
**delaware**  1:2,14
**developing**  9:10
**development**  9:6
**disallowance**
  12:24
**disallowing**  12:21
**dispute**  10:1
  13:16
**district**  1:2
**dividend**  13:11
**doing**  14:12
**duties**  9:4

**e**

**e**  1:21,21 3:1,1
  5:16 7:3 8:1,1
  11:15,17,22 13:25

16:1
**earliest**  9:12
**early**  8:24 12:8
**ecro**  1:25
**efh**  3:14 4:2 5:13
  8:6,6,15,17,23
  10:20,22 11:2,16
  11:22,23,24 12:5
  12:7,9,13,15,18
  12:19,22 13:5,7,9
  13:12,13,15,18,20
  13:21,23,25 14:1
  14:2
**efh's**  10:12,20
**efih**  8:23 10:23
  11:1,17,22 13:5,8
  13:12,20,21,23,25
  14:1,2,12,13
**efih's**  13:7
**elkin**  4:4
**elliott**  6:2,13 8:5
  8:12 12:4,12,18
  12:19,23,23 13:6
  13:17,19 14:1,12
  14:15
**elliott's**  11:25
  12:16
**ellis**  5:12 8:9
**emerging**  13:6
**en**  9:9
**enabling**  13:9
**energy**  1:6 3:4 4:9
**entirety**  9:16
**eric**  3:6
**erin**  6:15
**esbrook**  3:8,11
**estate**  11:24
**estates**  11:4,23
  12:24 13:6
**et**  1:7 14:4
**evercore**  10:24
**excellent**  8:18

**execution**  12:20
**expenses**  8:22
  14:16
**extensive**  9:18
**extremely**  8:4
  9:15

**f**

**f**  1:21 16:1
**fact**  9:17 11:12
  14:4
**factual**  9:18
**faith**  11:6
**faithfully**  11:10
**farmstead**  6:17
**fay**  6:15
**fee**  9:7,25 10:9,19
  10:21 12:22,25
  13:1,22
**fees**  10:25 11:4,9
  11:16,23 13:17,24
  13:25
**final**  14:13
**finally**  13:16
**findings**  8:25 9:16
  14:4
**finger**  5:6
**finished**  10:2
**firms**  11:6
**first**  12:19
**flux**  10:6
**focus**  11:22
**focused**  13:2
**foregoing**  16:3
**formal**  9:3,11,16
  14:4
**forward**  9:21
**fox**  4:8
**frankel**  4:18
**free**  13:9
**fulbright**  3:3
**fully**  10:2
**further**  9:13,23

**future**  1:6

**g**

**g**  8:1
**galardi**  6:5 8:11
  8:12 14:10,10
**garvan**  3:16
**give**  9:20,22
**glenn**  4:5 8:13,14
  14:20
**glueckstein**  3:21
**going**  9:15,21,23
  12:1 14:3
**good**  8:2,8,11,13
  8:16
**governing**  11:9
**gray**  6:1
**greater**  12:21
**gregg**  6:5 8:11
  14:10
**group**  5:20

**h**

**h**  4:4
**hearing**  2:1
**hoc**  3:14 4:2 8:6
  8:14
**hogan**  3:13
**holdback**  10:3
**holder**  12:17
**holders**  8:6
**holdings**  1:6
**hon**  1:22
**honor**  8:8,11,13
  8:16 14:10,19,24
**hope**  14:21
**hopeful**  9:2
**hopefully**  9:19
**hoping**  8:4
**horton**  3:9 5:21
**husnick**  5:15
**hyde**  2:25 16:3,8

**i**

**identical**  12:13
**identifiable**  10:16
**identify**  9:23
**impediment**  12:16
**imperfect**  11:3
**importantly**  12:7
  12:12
**imposition**  13:1
**impossible**  9:5
**including**  11:12
**indefinitely**  13:8
**indenture**  8:7,17
**indication**  11:5
**inform**  9:13
**intension**  9:2
**intercompany**
  11:14
**interest**  14:9
**interested**  6:8,18
**interests**  11:13
**interim**  11:6,18
**issuance**  9:16
**issue**  9:11 10:7
**issued**  9:2,17

**j**

**j**  5:9 7:7
**jamila**  7:9
**jason**  5:10
**jeffrey**  4:11
**jessica**  7:5
**joint**  13:2
**jointly**  1:8
**judge**  1:23 8:3 9:4
  9:4

**k**

**kasowitz**  4:1 8:14
**keglevic**  3:9 5:21
**kept**  14:11
**kieselstein**  5:18
  8:8,9 14:18

**kirkland**  5:12 8:9
  10:24
**know**  8:24 9:6
**kramer**  4:18

**l**

**l**  6:4
**large**  9:19 11:11
**law**  3:8 5:20 9:1
  9:17
**layton**  5:6
**lead**  8:5
**ledanski**  2:25 16:3
  16:8
**legal**  16:20
**leonhardt**  5:23
**leslie**  1:25
**levin**  4:18
**liabilities**  10:14
  12:6 13:10
**liability**  13:3
**liable**  12:18
**live**  10:6
**llp**  3:3 4:1,8,18
  5:1,12 6:1,7,8
  8:14
**long**  9:13

**m**

**m**  4:11 5:10 6:5
**madron**  5:10
**majority**  12:17
**making**  8:3
**management**  6:17
**marc**  5:18 8:9
**mark**  5:16
**market**  1:13
**math**  13:18
**matter**  9:9
**matthew**  6:4,25
  8:12
**mcclain**  7:6
**mcdaniel**  3:13,16
**mcginnis**  6:4 8:12

**mckane**  5:16
**mean**  9:11 14:12
**measure**  10:9
**merger**  10:10
  13:1
**michael**  6:18,20
**miller**  7:2
**million**  9:25 10:13
  10:15,16,20,21,22
  10:23 12:3,12,22
  13:5,13,13,17
**mineola**  16:23
**minimis**  12:8
**misread**  14:14
**multiply**  10:19,21
**murin**  1:25
**myers**  6:7,8

**n**

**n**  3:1 6:24 8:1
  16:1
**naftalis**  4:18
**nearly**  9:5
**necessary**  10:25
**need**  11:7
**negotiating**  13:4
**nextera**  3:4 10:1,5
  10:10 12:2,6,8
  13:22
**nixon**  5:1
**non**  10:17
**north**  1:13
**norton**  3:3
**notice**  8:4
**ny**  16:23

**o**

**o**  1:21 8:1 16:1
**obviously**  14:15
**occur**  9:5
**october**  1:15
  16:25
**office**  4:13
**official**  3:19

**[okay - switching]**

okay  8:18,20
   14:20
old  16:21
ole  9:4
oncor  13:11
open  10:1
operator  1:25
opinion  9:11 14:4
opportunity  14:7
opposing  12:10
oral  2:1
order  10:3 11:7,8
   11:19
overcome  12:16
overlapping
   11:13
overwhelming
   11:22
o'melveny  6:7,8

**p**

p  3:1,1 7:4 8:1
p.a.  5:6 6:12
p.m.  1:16,16
pab  8:5,10 11:17
pab's  14:18
parties  8:19,25
   9:13,21 14:6,8
party  6:8,18
passage  12:7
patricia  7:7
paul  3:9
payment  13:13
peabody  5:1
pedone  5:4 8:16
   8:17
percent  10:18,20
   10:22,23 11:1,2
   11:16,16 12:4,12
   12:22,22 13:5,5
   13:12,12,14,14,17
   13:21,21,23,23,25
   13:25 14:1,1,2,2
   14:11

percentage  10:16
performing  11:21
perspective  14:19
phone  8:21
place  12:19
plain  9:4
plan  5:13 9:21
   12:2,6,13,14 13:4
   14:6
pleasant  14:21,22
pm  15:2
position  12:17
present  6:22 8:19
   14:3
press  9:3
pressures  13:7
probably  12:21
problem  12:19
proceedings  10:2
   15:1 16:4
process  11:4
professional
   10:25 11:15,23
   13:23
professionals
   11:18
proposed  8:25
provided  13:17
pursue  12:3

**q**

question  11:3
questions  14:8

**r**

r  1:21 3:1 6:15,23
   8:1 16:1
rachael  4:21
ready  9:10
reasonable  11:5
reasons  9:20
receive  10:5
received  12:15,25
record  16:4

regard  9:25 10:24
   11:15,25 12:2,10
   13:4,11,18
regarding  8:22
rehear  9:8,9
related  11:23
   12:25
relation  11:20
remains  10:1
requested  12:23
   13:5
responsible  14:16
results  13:24
revisit  11:7
richard  4:16 5:4
   8:16
richards  5:6
right  14:14,20
ringer  4:21
risk  12:21
road  16:21
ropes  6:1
rose  3:3
rosner  4:6 5:20
rothschild  4:8
ruling  2:1 9:14
rulings  9:22

**s**

s  1:22 3:1 6:10 8:1
sam  6:24
saying  14:11
schepacarter  4:16
schlerf  4:11
scott  5:23 6:18,20
section  9:19
sees  11:7
sempra  4:9 12:11
   12:13,21 13:4
sensitive  12:7
separate  11:12
september  8:25
   9:1 10:11

services  11:21
settlement  13:11
shamah  6:10
share  4:19 10:12
   10:20
short  8:4
side  11:15,17,22
   13:25
sieving  7:3
silos  11:13
simon  7:4
solutions  16:20
solving  12:18
sontchi  1:22 8:3
sonya  2:25 16:3,8
soon  14:22
split  11:20
start  14:6
states  1:1,12 4:13
stay  10:3,5 13:8
steinhagen  7:5
stephen  7:2
stock  5:2
street  1:13
sub  9:24
subcategories
   12:1
subject  9:16 10:4
submitted  8:25
substantial  11:25
   13:19 14:1
substantially  11:6
suggested  11:17
suite  16:22
sullivan  3:18
sum  13:22
super  12:17
support  12:2
supporting  12:11
sure  8:19
switching  12:15

| t | v |
|---|---|
| **t**  16:1,1 | **value**  11:21 12:5,9 |
| **tax**  13:9,16 | 12:25 |
| **telephonically** | **various**  8:22 |
| 6:22 | **veritext**  16:20 |
| **terminates**  10:3 | **vilareal**  7:7 |
| **terminating**  12:2 | **vistra**  13:16 |
| **termination**  9:7 | **w** |
| 9:25 10:9 12:8,22 | **wait**  9:13 |
| **thank**  8:3,18 | **want**  14:7 |
| 14:21,24 | **wanted**  8:18 14:5 |
| **things**  9:10 | 14:11 |
| **think**  9:1 10:15,15 | **we've**  9:6 |
| **third**  9:8,8 | **weekend**  14:22 |
| **thompson**  7:6 | **weeks**  9:12 10:4 |
| **thought**  9:12,22 | 14:5 |
| **three**  10:4 11:12 | **went**  13:13 |
| **time**  10:8 12:5,7 | **whatsoever**  13:18 |
| 12:20 13:1,7 | **williamson**  7:8 |
| **torres**  4:1 8:14 | **willis**  7:9 |
| **total**  10:16 | **wilmington**  1:14 |
| **transaction**  12:10 | **worse**  12:20 |
| 12:11 13:9 | **written**  10:14 |
| **transactions**  12:3 | 14:15 |
| **transcribed**  2:25 | **wrong**  10:15 |
| **transcript**  16:4 | **y** |
| **transfer**  5:2 | **yenamandra**  5:17 |
| **treatment**  12:12 | 8:9 |
| **trial**  8:22,24 | |
| **true**  16:4 | |
| **trustee**  4:14,19 | |
| 8:7,17 | |
| **trustee's**  4:13 | |
| **turn**  14:7 | |
| **u** | |
| **u.s.**  1:23 4:14 | |
| **umb**  6:2,13 8:6,12 | |
| **unfortunately**  9:3 | |
| **united**  1:1,12 4:13 | |
| **unsecured**  3:19 | |