**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re | ) Chapter 11 |
|  | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
|  | ) (Jointly Administered) |
| Debtors. | ) |
|  | ) **Hearing Date: Dec. 17, 2018 at 11:00 a.m. (ET)** |
|  | ) **Objection Deadline: Nov. 28, 2018 at 4:00 p.m. (ET)** |
|  | ) |
|  | ) **Re: D.I. 13599, 13604** |

**MOTION OF UMB BANK, N.A., AS INDENTURE TRUSTEE, AND
ELLIOTT FOR ENTRY OF AN ORDER AMENDING THE (A) FINDINGS
OF FACT AND CONCLUSIONS OF LAW ON JOINT MOTION TO
FIX APPROPRIATE ALLOCATION OF CERTAIN RESERVES AND
EXPENSES AS BETWEEN THE EFH AND EFIH DEBTORS AND
(B) ORDER FIXING APPROPRIATE ALLOCATION OF CERTAIN
RESERVES AND EXPENSES AS BETWEEN THE EFH AND EFIH DEBTORS**

UMB Bank, N.A., as Indenture Trustee ("UMB") for the unsecured 11.25%/12.25%

Senior Toggle Notes due 2018, and Elliott Associates, L.P., Elliott International, L.P., and The

Liverpool Limited Partnership (collectively, "Elliott" and, together with UMB, the "Movants"),

by and through their undersigned counsel, respectfully move (the "Motion") this Court, pursuant

to Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry

of an order amending this Court's *Findings of Fact and Conclusions of Law on Joint Motion to*

*Fix Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH*

*Debtors* [D.I. 13599] (the "Findings and Conclusions") and *Order Fixing Appropriate Allocation*

*of Certain Reserves and Expenses as Between the EFH and EFIH Debtors* [D.I. 13604] (the

"Allocation Order") to modify the value of the EFH Asbestos Liabilities (as defined herein) and

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

revise the allocation of the NextEra Termination Fee Claim accordingly.[2]  In support of this

Motion, the Movants respectfully represent as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157

and 1334 and the *Amended Standing Order of Reference* from the United States District Court

for the District of Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C.

§ 157(b).   Venue in the District of Delaware is proper under 28 U.S.C. §§ 1408 and 1409.

Pursuant to Local Rule 9013-1(f), Movants consent to entry of a final order with respect to this

Motion to the extent that it is later determined that the Court, absent consent of the parties,

cannot enter final orders or judgments in connection herewith consistent with Article III of the

United States Constitution.

2.      The statutory basis for the relief sought herein is Rule 59(e) of the Federal Rules

of Civil Procedure (the "Federal Rules"), made applicable to these cases by Bankruptcy Rule

9023.

## RELEVANT BACKGROUND

3.      On May 13, 2018, the Movants filed the *Joint Motion to Fix Appropriate*

*Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors* [D.I.

13102] (the "Allocation Motion") seeking an appropriate allocation of various Material

Administrative Expense Claims as between EFH and EFIH.

4.      From September 5, 2018 through September 7, 2018, the Court held a three-day

evidentiary hearing on the merits of the Allocation Motion.

---

[2]    Capitalized terms used but not defined herein have the meanings ascribed to them in the Findings and
Conclusions.

5.      On October 31, 2018, this Court entered the Findings and Conclusions in which the Court determined the allocation of the Material Administrative Expense Claims, including the NextEra Termination Fee Claim.  In reaching its allocation of the NextEra Termination Fee Claim, the Court first considered "at what point in time . . . the Court [should] determine allocation of the claim, as the value flowing to EFH creditors under the NextEra plan was different at various times."  Findings and Conclusions ¶ 157.  As to this issue, the Court held that the "appropriate time to determine the allocation of the Termination Fee is on the date the Court approved the NextEra Merger Agreement, i.e., September 19, 2016."  *Id.* ¶ 162.

6.      The Court further found that, just prior to the September 19, 2016 hearing on approval of the NextEra Merger Agreement (the "Approval Date"), the E-Side Debtors and NextEra executed an amendment to the NextEra Merger Agreement pursuant to which NextEra agreed to (i) increase the cash purchase price by $300 million, resulting in $471 million in total cash consideration expected to flow to EFH, and (ii) "reduce the Asbestos Escrow from $250 million to $100 million."  *Id.* ¶ 160.  As noted in the Findings and Conclusions, the Asbestos Escrow was a portion of the cash purchase price under the NextEra Merger Agreement that was to be set aside to satisfy potential asbestos liabilities that were to be assumed by NextEra under the NextEra Merger Agreement (the "EFH Asbestos Liabilities").  *Id.* ¶ 26.

7.      The Court then based its allocation of the NextEra Termination Fee Claim on the total "measurable consideration" expected to flow to EFH as of the Approval Date.  *Id.* ¶ 163.  In that regard, the Court determined the measurable consideration to include two components.

8.      First, the Court determined that, as of the Approval Date, EFH was expected to receive $471 million in cash consideration under the NextEra merger transaction (the "EFH Cash Consideration").  *Id.* ¶¶ 39 & 160.

9.     Second, the Court used an estimate of $58 million for the value of the EFH Asbestos Liabilities as of the Approval Date, notwithstanding the E-Side Debtors' and NextEra's agreement to establish a $100 million Asbestos Escrow. *Id.* ¶ 160.  In support of the $58 million estimate, the Court relied on the following evidence: (i) the *Disclosure Statement for the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code*, dated September 11, 2017 [D.I. 11889] (the "Sempra Disclosure Statement"); (ii) the Deposition Transcript of Anthony Horton, dated August 9, 2018 (the "Horton Deposition"); and (iii) the Deposition Transcript of Steven Strom, dated August 27, 2018 (the "Strom Deposition") and related *Declaration of Steven R. Strom*, dated September 2, 2018 (the "Strom Declaration").  Findings and Conclusions ¶ 38.

10.     Consequently, the Court concluded that the sum of the EFH Cash Consideration and the EFH Asbestos Liabilities is $529 million, or 5.4% of the $9.827 billion in total consideration that the E-Side Debtors were expected to receive under the NextEra merger transaction. *Id.* ¶ 163.  Thus, the Court found that EFH should bear 5.4% of any NextEra Termination Fee Claim and EFIH should bear the remaining 94.6%. *Id.*

11.     On November 5, 2018, the Court entered the Allocation Order, which allocated the Material Administrative Expense Claims, including the NextEra Termination Fee Claim, in a manner consistent with the allocations set forth in the Findings and Conclusions.

## RELIEF REQUESTED

12.     By this Motion, the Movants respectfully request the Court enter an order amending the Findings and Conclusions and the Allocation Order to (a) reflect an expected value of the EFH Asbestos Liabilities of $100 million as of the Approval Date and (b) allocate no less

4

than 5.8% of any NextEra Termination Fee Claim to EFH, with the remaining amount allocated to EFIH.

<strong><u>BASIS FOR RELIEF REQUESTED</u></strong>

13.     Motions to amend or alter an order or judgment are governed by Federal Rule 59, as made applicable to bankruptcy cases by Bankruptcy Rule 9023.  Fed. R. Civ. P. 59; Fed. R. Bankr. P. 9023; *see also*, *e.g.*, *In re Tribune Co.*, 464 B.R. 208, 213 (Bankr. D. Del. 2011).

14.     "[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  Reconsideration under Federal Rule 59(e) and Bankruptcy Rule 9023 is appropriate "where it appears [the Court] has overlooked or misapprehended some factual matter that might reasonably have altered the result reached by the Court." *See Official Comm. of Unsecured Creditors v. Catholic Diocese of Wilmington, Inc. (In re Catholic Diocese of Wilmington, Inc.)*, 437 B.R. 488, 490 (Bankr. D. Del. 2010) (citing *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991), *aff'd* 22 F.3d 303 (3d Cir. 1994)).

15.     Here, the Court correctly held that the "appropriate date" on which to measure the value to be received by EFH and EFIH under the NextEra plan is "the date the Court approved the NextEra Merger Agreement, i.e., September 19, 2016."  Findings and Conclusions ¶ 162. The Court's estimate of the EFH Asbestos Liabilities was, however, based on facts not known, established, or included in the record as of that date.  Indeed, it is uncontested that the actual holdback for the EFH Asbestos Liabilities as of September 19, 2016 was $100 million regardless of what the actual projected liabilities may be. *See Order (A) Authorizing Entry into Merger Agreement, (B) Approving Termination Fee, and (C) Authorizing Entry Into and Performance*

5

*Under Plan Support Agreement* [D.I. 9584] at Amendment No. 1 to Agreement and Plan of Merger.

16.     The $58 million estimate, moreover, was never the subject of a judicial finding in the bankruptcy cases, and only became known much later.  Each of the sources cited in the Findings and Conclusions in support of the $58 million estimate relies on information learned after September 19, 2016:

(i) the Sempra Disclosure Statement providing the $58 million estimate of EFH Asbestos Liabilities was not filed until nearly one year after the Approval Date;

(ii) Mr. Horton's testimony was provided in August 2018, and simply does not state that as of the Approval Date, the EFH Asbestos Liabilities were fixed or believed to only be $58 million.  *See* Horton Deposition at 80:3-85:19 (discussing various valuations of the EFH Asbestos Liabilities); and

(iii) Mr. Strom, a purported expert witness with no personal knowledge of the facts, simply relied on the Sempra Disclosure Statement as the basis for his $58 million estimate.  *See* Strom Declaration ¶ 16.

17.     The Movants are not aware of, nor has the Court or any party cited to, any document, testimony, or other evidence in the record that was available as of September 19, 2016 estimating the value of the EFH Asbestos Liabilities at $58 million.  Instead, the uncontroverted evidence is that $100 million of cash consideration was to be escrowed to cover the potential contingent and unliquidated Asbestos Liabilities, an amount agreed upon by the E-Side Debtors and NextEra under the NextEra Merger Agreement and approved by the Court.  *See Order (A) Authorizing Entry into Merger Agreement, (B) Approving Termination Fee, and*

*(C) Authorizing Entry Into and Performance Under Plan Support Agreement* [D.I. 9584] at Amendment No. 1 to Agreement and Plan of Merger.

18.     Thus, given the Court's conclusion that the appropriate allocation of the NextEra Termination Fee must be determined as of September 19, 2016, the finding that $58 million is the "measurable consideration" for the EFH Asbestos Liabilities as of the Approval Date is a factual error that should be corrected.  A corresponding adjustment to the allocation of the NextEra Termination Fee Claim should be made to reflect that the "measurable consideration" is $571 million.  The sum of the Asbestos Escrow ($100 million) and EFH Cash Consideration ($471 million) is 5.8% of the $9.827 billion in total consideration that the E-Side Debtors were expected to receive under the NextEra Merger Agreement.  Accordingly, the Findings and Conclusions and the Allocation Order should be amended to allocate 5.8% of any NextEra Termination Fee Claim to EFH with the remaining 94.2% allocated to EFIH.

## RESERVATION OF RIGHTS

19.     By filing this Motion and seeking the limited relief herein, Movants do not waive, and expressly reserve, any and all rights with respect to the Findings and Conclusions and any appeal from the Allocation Order.

## NOTICE

20.     Notice of this Motion has been provided to (a) counsel to the PAB, (b) counsel to the Ad Hoc EFH Claimants, (c) counsel to the EFH Trustee, (d) counsel to NextEra, (e) the Office of the United States Trustee for the District of Delaware, and (f) parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Movants respectfully submit that no other or further notice is required.

## CONCLUSION

WHEREFORE, the Movants respectfully request that the Court enter an order (i) amending the Findings and Conclusions and the Allocation Order to (a) reflect an expected value of the EFH Asbestos Liabilities of $100 million as of the Approval Date and (b) allocate 5.8% of any NextEra Termination Fee Claim to EFH with the remaining amount allocated to EFIH, and (ii) granting the Movants such other and further relief as is just and proper.

Dated: November 14, 2018
     Wilmington, DE

BAYARD, P.A.

*/s/ Erin R. Fay*
Scott D. Cousins (No. 3079)
Erin R. Fay (No. 5268)
600 N. King Street, Suite 400
Wilmington, DE 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
scousins@bayardlaw.com
efay@bayardlaw.com

 –and–

ROPES & GRAY LLP
Gregg M. Galardi
Daniel G. Egan
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone:   (212) 596-9000
Facsimile:   (212) 596-9090
Gregg.Galardi@ropesgray.com
Daniel.Egan@ropesgray.com

ROPES & GRAY LLP
Matthew L. McGinnis
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Telephone: (617) 951-7000
Facsimile: (617) 951-7050
Matthew.McGinnis@ropesgray.com

*Counsel for Elliott and UMB Bank, N.A., as Trustee*

8