**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., et al.,[1]<br><br><br><br><br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>Jointly Administered<br><br>**Hearing Date: December 19, 2018 at 11:00 a.m. (ET)**<br><br>**Objection Deadline: December 10, 2018 at 4:00 p.m. (ET)** |

**EFH INDENTURE TRUSTEE'S MOTION PURSUANT TO 11 U.S.C. § 502(b) FOR DETERMINATION AND ALLOWANCE OF ADDITIONAL AMOUNTS TO BE INCLUDED IN ALLOWED CLAIMS**

American Stock Transfer & Trust Company, LLC ("AST"), as successor trustee to The Bank of New York Mellon Trust Company, N.A. (in such capacity, the "EFH Indenture Trustee") for certain notes (the "EFH Notes" and the related indentures, the "EFH Notes Indentures"), files this motion (the "Motion") pursuant to section 502 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") requesting entry of an order determining additional allowable amounts of the claims filed by the EFH Indenture Trustee in these chapter 11 cases. In support of this Motion, the EFH Indenture Trustee respectfully states as follows:

**INTRODUCTION AND PRELIMINARY STATEMENT[2]**

1. As detailed below, the final allowable amount of the claims filed by the EFH Indenture Trustee could not be determined prior to confirmation because the allowable fees and

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification Numbers is not provided herein.

[2] Capitalized terms used in the Introduction and Preliminary Statement that are not defined shall have the meanings ascribed to them elsewhere in this Motion or the Confirmed Plan.

expenses of the EFH Indenture Trustee continued to accrue and were to be paid, in part, as a portion of the EFH Indenture Trustee's then allowed — ***but not yet fixed***—substantial contribution claim.  By stipulation, all issues related to the final amount of the claims were reserved for later determination.  With this Motion, the EFH Indenture Trustee is requesting a determination of the allowed fee claim amounts, and specifically to have approximately $5.8 million in professional fees—which will not be paid as part of the EFH Indenture Trustee's allowed substantial contribution claim—added to the allowed claims.  The $5.8 million is comprised of approximately $3.3 million in fees and expenses accrued prior to the Effective Date of the Confirmed Plan and approximately $2.5 million in fees and expenses accruing after the Effective Date.[3]  The EFH Indenture Trustee seeks to have these amounts, as well as any other allowable amounts incurred prior to the hearing on this Motion, added to the previously allowed claim amounts.

2.    Prior to the filing of this Motion, the EFH Indenture Trustee sought the assent of the EFH Plan Administrator Board ("PAB").   The PAB declined to take a position on this Motion.  The EFH Indenture Trustee believes that the Fee Committee, having already reviewed a large amount of the fees in question, is well positioned to assist the Court in determining the reasonableness of the fees to be included in the claims.  Accordingly, in connection with the relief requested herein, and in light of the fact that the PAB has declined to take a position and thus the amounts cannot be agreed to by stipulation, the EFH Indenture Trustee requests that this

---

[3]    At the time of the anticipated hearing on this Motion nearly all of the fees and expenses that can properly be added to the claims at issue will have been incurred and be capable of being finally determined.  Going forward, in the absence of the prosecution of the appeal and a remand of the allocation decision, or litigation over fees, most of the work remaining for the EFH Indenture Trustee to perform should be ministerial and related to distributions.  Amounts related to distributions are indisputably required to be paid in full by the PAB and are not proposed to be added to the claims.  Notwithstanding this fact, should circumstances change (including unanticipated litigation over the reasonableness of fees incurred), all rights are reserved to seek further amendment of the final claim amounts.

Court refer the determination of the reasonableness of the fees and expenses in question to the Fee Committee, as detailed in the proposed form of Order attached hereto.

## JURISDICTION

3.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334, the *Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012* and Article XI.1 of the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12653] (the "Confirmed Plan").  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The EFH Indenture Trustee consents to the entry of a final order by the Court in connection with this Motion in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

6.      The statutory predicate for the relief requested is Bankruptcy Code section 502.

## RELEVANT BACKGROUND

7.      On April 29, 2014, each of the Debtors filed voluntary petitions with the Court under the Bankruptcy Code. The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849].  The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of

unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas

Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor

subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors'

Committee") on May 13, 2014 [D.I. 420], and an official committee of unsecured creditors of

Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC ("EFIH"),

EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I.

2570].

8.      On February 27, 2018, the Court entered its *Order Confirming the First Amended*

*Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate*

*Holding Company, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code*

[D.I. 12763](the "Confirmation Order"), which confirmed the Confirmed Plan.  The EFH/EFIH

Debtors emerged from chapter 11 on March 9, 2018 (the "Effective Date"), and are no longer

debtors in possession.  *See Notice of Entry of EFH Confirmation Order and Occurrence of EFH*

*Effective Date* [D.I. 12801].

9.      The Confirmed Plan provides, among other things, that each of the EFH Legacy

Note Claims, the EFH LBO Primary Note Claims, the EFH LBO Guaranty Claims and the EFH

Unexchanged Note Claims (all as defined in the Confirmed Plan) are allowed as follows:

> …in an amount equal to the sum of: (i) the principal amount
> outstanding, plus accrued but unpaid prepetition interest, under the
> [applicable EFH Note Indenture]; (ii) the amount of any unpaid
> fees and expenses provided for under the [applicable EFH Notes
> Indenture] that are Allowed pursuant to the EFH Notes Trustee
> Substantial Contribution Ruling; and (iii) the amount of any other
> Claims (but in any case excluding any postpetition interest or
> Makewhole Claims) under the [applicable EFH Notes] or
> [applicable EFH Notes Indenture], if and to the extent such Claims
> are Allowed, whether Allowed before, on, or after the EFH
> Effective Date...

*See* Confirmed Plan, at Art. III.B.4(b)(iii), III.B.5(b)(iii), III.B.6(b)(iii) and III.B.20(b)(iii).

10. On March 8, 2018, the Court entered an order [D.I. 12795] approving a stipulation between the EFH Indenture Trustee and the Debtors extending the deadline to determine the allowed claim amounts of the EFH Notes from the Effective Date until sixty (60) days after the Court determined the substantial contribution fee request submitted by the EFH Indenture Trustee.

11. On November 2, 2018, the Fee Committee filed its *Summary Report Concerning Uncontested Interim and Final Fee Applications and Substantial Contribution Fee Requests for Hearing on November 13, 2018* [D.I. 13602] in which it noted that while 15% of the EFH Indenture Trustee's fees were attributable to work for the EFH Indenture Trustee's benefit and would not be included in the substantial contribution award.  The Fee Committee's review of the submissions of the EFH Indenture Trustee "identified only a minor amount of time or expense that could be characterized as per se unreasonable."

12. On November 6, 2018, the Court entered *the Omnibus Order Awarding Final Compensation for Services Rendered and for Reimbursement of Expenses* [D.I. 13609], in which the Court granted the "Substantial Contribution Fee Requests" in the amount set forth on Exhibit 1 thereto.

## **RELIEF REQUESTED**

13. By this Motion, the EFH Indenture Trustee respectfully requests that the Court enter an order determining the additional allowable amounts of the EFH Indenture Trustee's claims, which should include each EFH Note's *pro rata* share (based on principal amount outstanding under the EFH Notes Indentures as of the Petition Date) of the EFH Indenture Trustee's reasonable and documented unpaid fees and expenses incurred since the Petition Date. For avoidance of doubt, the amounts to be added to the claims do not include any of the fees and

expenses approved and paid in connection with the EFH Indenture Trustee's Substantial

Contribution Fee Request.

14.      In particular, the EFH Indenture Trustee is requesting an aggregate increase in the

allowed amount of its claims of approximately $5.8 million as of October 31, 2018, allocated as

follows:

| Claim | Claim # | Class | Allowed Amount (Principal plus pre-petition accrued but unpaid interest) | Approximate *Pro Rata* Share of Total Additional Claim Amounts[4] |
|---|---|---|---|---|
| EFH Legacy Series P Claim | 7477 | A4 | $92,606,667.52 | 13.86% |
| EFH Legacy Series Q Claim | 7478 | A4 | $206,348,481.22 | 30.87% |
| EFH Legacy Series R Claim | 7479 | A4 | $299,988,978.82 | 44.90% |
| EFH Unexchanged Note Claim (EFH 2019 Notes) | 7482 | A5 | $2,587,147.42 | 0.39% |
| EFH Unexchanged Note Claims (EFH 2020 Notes) | 7476 | A5 | $3,190,584.44 | 0.48% |
| EFH LBO Note Primary Claim | 7475 | A6 | $63,467,932.80 | 5.25% |
| EFH LBO Note Guaranty Claim | 7481 | B5 | $63,467,932.80 | 4.25% |

15.      As previously noted, the EFH Indenture Trustee believes that the actual amount of

the increases – that is the reasonableness determination – is appropriately made by the Court

with assistance from, and following recommendations made by, the Fee Committee.

---

[4]      The EFH Indenture Trustee reserves the right to update these percentages subsequent to the filing of this Motion.

## BASIS FOR RELIEF REQUESTED

**A.**     **Post-petition Fees and Expenses Are Properly Included in the Proofs of Claim**

16.     The Supreme Court in *Travelers Cas. & Sur. Co. of Am. v. PG&E,* 549 U.S. 443,

448 (2007), stated that "an otherwise enforceable contract allocating attorney's fees (i.e., one that

is enforceable under substantive, nonbankruptcy law) is allowable in bankruptcy except where

the Bankruptcy Code provides otherwise."  Following the dictate of *Travelers,* numerous courts

have held that "an unsecured claim for post-petition fees, authorized by a valid pre-petition

contract, is allowable under section 502(b) and is deemed to have arisen pre-petition." *Ogle v.*

*Fid. & Deposit Co.,* 586 F.3d 143, 147 (2d Cir. 2009).  "So long as the right to collect the fees

existed pre-petition, the fact that the fees were actually incurred during the post-petition period is

not relevant to the determination of whether the creditor has an allowable pre-petition claim for

the fees."  *In re New Power Co*., 313 B.R. 496, 508 (Bankr. N.D. Ga. 2004).

17.     Of relevance here, in *In re Flight Transp. Corp. Sec. Litig.,* 874 F.2d 576 (8th Cir.

1989), the Court of Appeals for the Eighth Circuit found that an indenture trustee had a "right of

payment" for attorneys' fees under a prepetition contract, and thus had an allowable unsecured

claim under section 502(b) even though such fees were unknown as of the petition date. Because

each applicable EFH Notes Indenture provides for the payment of fees, their inclusion as part of

the EFH Indenture Trustee's claims (following a determination of their reasonableness) is

appropriate.  Accordingly, the EFH Indenture Trustee requests that this Court enter an Order in

the form attached hereto directing that the Fee Committee assess the reasonableness of the fees

of the EFH Indenture Trustee, and providing that the fees determined by the Fee Committee to

be reasonable shall be added to the allowed claim amounts of the EFH Indenture Trustee (as set

forth in paragraph 14 herein) with subsequent distributions by the PAB being made in a manner that provides for distribution on the increased claim amounts.[5]

## NOTICE

18.     Notice of this Motion has been provided to (a) counsel to the PAB, (b) counsel to Elliott Associates, L.P., Elliott International, L.P. and The Liverpool Limited Partnership, (c) the Office of the United States Trustee for the District of Delaware, and (d) parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the EFH Indenture Trustee respectfully submits that no other or further notice is required.

## CONCLUSION

19.     For the foregoing reasons, the EFH Indenture Trustee requests that the Court enter an order approving the Motion in the form attached hereto and grant such other relief as is just and proper.

Dated: Wilmington, DE
      November 21, 2018

**CROSS & SIMON, LLC**

By: /s/*Christopher P. Simon*
Christopher P. Simon (Del. Bar No. 3697)
1105 North Market Street, Suite 901
Wilmington, Delaware 19801
Telephone: (302) 777-4200
Facsimile: (302) 777-4224
csimon@crosslaw.com

- and –

---

[5]     It is currently anticipated that a significant distribution on allowed claims at EFH will be made prior to the hearing on this Motion. Upon information and belief, the PAB is reserving sufficient amounts to make payment on the additional claim amounts requested herein and to pay the Post-Effective Date amounts sought in full. Thus, neither the filing of this Motion nor its prompt determination will delay anticipated distributions. The EFH Indenture Trustee is continuing to negotiate with the PAB and other parties regarding the amounts and categories of the EFH Indenture Trustee's Post-Effective Date fees that are required to be paid directly by the PAB. If no agreement is reached then the EFH Indenture Trustee anticipates that it will file a motion to compel payment of certain post-effective date fees and expenses pursuant to the terms of the Confirmed Plan, with any amounts so ordered to be paid being deducted from the increased claim amounts.

NIXON PEABODY LLP
Richard C. Pedone
100 Summer Street
Boston, Massachusetts 02110
Telephone: (617) 345-1000
Facsimile: (617) 345-1300
rpedone@nixonpeabody.com

*Co- Counsel to American Stock Transfer & Trust
Company, LLC, as Indenture Trustee*