**PROPOSED ORDER**

1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 <br> ) <br> ) Case No. 14-10979 (CSS) |
| ENERGY FUTURE HOLDINGS CORP., et al.,[1] | ) <br> ) Jointly Administered |
| Debtors. | ) |

**ORDER GRANTING EFH INDENTURE TRUSTEE'S MOTION PURSUANT TO 11 U.S.C. § 502(b) FOR DETERMINATION AND ALLOWANCE OF ADDITIONAL AMOUNTS TO BE INCLUDED IN ALLOWED CLAIMS**

Upon consideration of the *EFH Indenture Trustee's Motion Pursuant to 11 U.S.C. § 502(b) For Determination and Allowance of Additional Amounts to be Included in Allowed Claims* (the "Motion");[2] and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the requested relief in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and upon due notice, and after all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

    1.    The Motion is GRANTED.  Objections to the Motion, if any, are OVERRULED.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification Numbers is not provided herein.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

1

2. The reasonable fees and expenses of the EFH Indenture Trustee incurred during these cases and in furtherance of its rights and obligations under the indentures are amounts that are to be properly included in the claims (the "Claims") and shall be added to the allowed claim amounts.

3. The reasonableness of the amounts to be added to the claims is a proper matter for the determination by this Court, with the assistance of the Fee Committee, which has processes and procedures in place for the evaluation of these amounts, and which has already evaluated the reasonableness of a significant portion of these amounts in connection with the determination of the EFH Indenture Trustee's substantial contribution claim.

4. Within ten days of the entry of this Order the Fee Committee shall request all information from the EFH Indenture Trustee it deems necessary to determine the reasonableness of the fees and expenses sought by the EFH Indenture Trustee, and within ten days thereof, the EFH Indenture Trustee shall submit all reasonable requested information for the Fee Committee to determine the reasonableness of the fees and expenses and it shall promptly supplement with any such information as may be reasonably requested thereafter by the Fee Committee.

5. Distributions by the PAB, if any, on an account of the Claims identified in paragraph 2 herein shall be made in a manner that provides for distribution on the increased claim amounts for the fees and expenses of the EFH Indenture Trustee as determined by the Court, with the assistance of the Fee Committee, as provided for herein.

6. For the avoidance of doubt, the EFH Indenture Trustee and its Fee Requests shall not be required to comply with (a) the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware or other orders in these Cases with respect to fee applications, including the *Stipulation and Order Appointing a Fee Committee*

[D.I. 1896], or (b) *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases*, 78 Fed. Reg. No 116, page 36248 (June 17, 2013).

7.  This Order is without prejudice to the EFH Indenture Trustee's rights to seek payment of any additional asserted claims, to request that the PAB directly pay any amounts pursuant to the terms of the Confirmed Plan or otherwise, or to exercise its charging lien under the EFH Notes Indentures for fees and expenses provided for under the EFH Notes Indentures for any amounts due but not paid, as provided for in the Confirmed Plan.

8.  This Order is effective and enforceable immediately upon entry.

9.  This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

Dated: _____, 2018  
       Wilmington, DE

_____  
The Honorable Christopher S. Sontchi  
Chief United States Bankruptcy Judge