**Exhibit A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>ENERGY FUTURE HOLDINGS CORP., et al.,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 14-10979 (CSS)<br>)<br>) (Jointly Administered)<br>)<br>) Re: D.I. 13102 & 13599<br>) |

## ORDER FIXING APPROPRIATE ALLOCATION OF CERTAIN RESERVES AND EXPENSES AS BETWEEN THE EFH AND EFIH DEBTORS

Upon the joint motion (the "Motion") of UMB Bank, N.A., as Indenture Trustee ("UMB") for the unsecured 11.25%/12.25% Senior Toggle Notes due 2018, and Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, "Elliott" and, together with UMB, the "Movants") for entry of an order fixing an appropriate allocation of certain reserves and administrative expenses incurred in these chapter 11 cases as between the estate of Energy Future Holdings Corp. ("EFH") and the estate of Energy Future Intermediate Holding Company, LLC ("EFIH"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and paragraph 72 of the *Order Confirming the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12763]; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §157(b); and due and adequate notice of the Motion having been given under the circumstances, and no

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

other or further notice need be given; and a three-day evidentiary hearing having been held on September 5, 2018 through September 7, 2018 to consider the relief requested in the Motion (the "Hearing"); and, after consideration of the record, the submissions of the parties in connection with the Motion, and the proceedings had before the Court at the Hearing, the Court having issued (a) an oral ruling with respect to the Motion on October 26, 2018, and (b) its written findings of fact and conclusions of law with respect to the Motion on October 31, 2018 (as amended on November 1, 2018, the "Findings of Fact and Conclusions of Law");[2] and, after due deliberation and for the reasons set forth in the Findings of Fact and Conclusions of Law,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED in part and DENIED in part to the extent set forth herein.

2. The Material Administrative Expense Claims shall be allocated as follows:

   a) NEE Termination Fee Claim, to the extent it becomes Allowed (as defined in the Plan) and payable: 5.4% to EFH and 94.6% to EFIH;

   b) Kirkland and Evercore Fees, to the extent such fees are Allowed (as defined in the Plan): 16% to EFH and 84% to EFIH;

   c) E-Side Committee Professional Fees, to the extent such fees are Allowed (as defined in the Plan): 88% to EFH and 12% to EFIH; and

   d) Elliott Substantial Contribution Claim, to the extent such Claim is Allowed (as defined in the Plan): 5% to EFH and 95% to EFIH.[3]

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Findings of Fact and Conclusions of Law.

[3] As set forth in the Findings of Fact and Conclusions of Law, the Elliott Substantial Contribution Claim can be divided into six categories which shall be allocated as follows: (i) fees and expenses incurred by Elliott in connection with its efforts to move the estates toward an alternative restructuring transaction once it became clear that the PUCT was likely to deny the NextEra transaction: 0% to EFH and 100% to EFIH; (ii) fees and expenses incurred by Elliott in connection with its efforts to oppose the E-Side Debtors' proposed transaction with Berkshire, develop an alternative creditor-led plan of reorganization, and negotiate and work with the E-Side Debtors and Sempra to proceed with the Sempra transaction: 0% to EFH and 100% to EFIH; (iii) fees and expenses incurred by Elliott in connection with its efforts to obtain an order granting reconsideration of a prior order approving the NEE Termination Fee: 30% to EFH and 70% to EFIH; (iv) fees and expenses incurred by Elliott in connection with negotiating the Plan and related ancillary documents and advocating for EFH and

-3-

3. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: ___Nov. 5___, 2018
Wilmington, Delaware

HONORABLE CHRISTOPHER S. SONTCHI
CHIEF UNITED STATES BANKRUPTCY JUDGE

---

EFIH unsecured creditor matters relating to the Plan and confirmation proceedings: 30% to EFH and 70% to EFIH; (v) fees and expenses incurred by Elliott in connection with helping to negotiate the Oncor Dividend Settlement: 12% to EFH and 88% to EFIH; and (vi) fees and expenses incurred by Elliott in connection with its efforts to obtain a resolution of a tax allocation dispute between EFH and Vistra in connection with a tax matters agreement between the parties: 0% to EFH and 100% to EFIH.