IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: D.I. 13632** |

**THE EFH PLAN ADMINISTRATOR BOARD'S RESPONSE
TO "EFH INDENTURE TRUSTEE'S MOTION PURSUANT TO
11 U.S.C. § 502(B) FOR DETERMINATION AND ALLOWANCE OF
ADDITIONAL CLAIMS TO BE INCLUDED IN ALLOWED CLAIM"**

The EFH Plan Administrator Board (the "PAB") files this response (this "Response") to the *EFH Indenture Trustee's Motion Pursuant to 11 U.S.C. § 502(B) for Determination and Allowance of Additional Amounts to be Included in Allowed Claims*, filed November 21, 2018 [D.I. 13632] (the "Motion") filed by American Stock Transfer & Trust Company, LLC as indenture trustee for the EFH Notes under the EFH Notes (as defined in the Motion, the "EFH Indenture Trustee") with the United States Bankruptcy Court for the District of Delaware (the "Court"). In support of this Response, the PAB respectfully submits as follows:[1]

## RESPONSE

1. Pursuant to the Motion, the EFH Indenture Trustee seeks to increase the Allowed Claim for Classes A4, A5, A6, and B5 in the aggregate amount of up to approximately $5.8 million, subject to a determination as to what portion of the $5.8 million is reasonable under section 502 of the Bankruptcy Code, and generally comprised of (a) approximately $3.3 million in fees and expenses accrued prior to the EFH Effective Date and (b) approximately $2.5 million

---

[1] Capitalized terms used, but not defined, herein shall have the same meanings set forth in the Motion.

in fees and expenses accrued after the EFH Effective Date (the $5.8 million collectively, the "Requested Non-503(b) Fees").[2]  By this Response, the PAB does not take a position as to (a) whether the EFH Indenture Trustee's request is consistent with *Travelers Cas. & Sur. Co. of Am. v. PG&E*, 549 U.S. 443, 448 (2007); (b) whether this Court should follow the recent ruling of Judge Andrews in the *Memorandum Order* entered in connection with *In re Tribune Media Company, et al.*, Case No. 1:15-cv-01116-RGA on November 26, 2018; and (c) what portion, if any, of the Requested Non-503(b) Fees are reasonable.

2.    Pursuant to the EFH Plan Administration Trust Agreement, the PAB is not obligated to conduct a reasonableness review of the Requested Non-503(b) Fees.  Indeed, the EFH Plan Administration Trust Agreement gives the PAB the discretion to determine whether or not to expend Trust Assets (as defined in the EFH Plan Administration Trust Agreement) for purposes of conducting such a reasonableness review. *See* EFH Plan Administration Trust Agreement, § 4.9 (stating that the Trustee "shall ***have the right to*** cause the Trust to object, in accordance with the Plan, the Confirmation Order, and applicable law to any Disputed Claim or Interest if and to the extent the Trustee believes that such Claim is not allowable; *provided, however*, that in making decisions as to the objection and reconciliation of Disputed Claims or Interests, ***the Trustee shall consider the cost of such objection and reconciliation*** and the likely distribution in respect of such Disputed Claim or Interest.") (emphasis added).

3.    Here, the PAB does not believe it is an efficient use of Trust Assets for the PAB or its counsel to review the Requested Non-503(b) Fees for reasonableness.  The PAB's historic role in reviewing fees has been limited to discrete post-Effective Date fee requests from retained professionals, which review requires a significantly different framework as compared to a review

---

[2] As set forth in the Motion, it is the PAB's understanding that the Requested 503(b) Fees do not include any amounts to be paid as part of the EFH Indenture Trustee's substantial contribution claim.

of the Required Non-503(b) Fees. The PAB believes the most appropriate party to review the Requested 503(b) Fees under the current circumstances is Godfrey & Kahn, S.C., ("Godfrey Kahn"). Upon information and belief, the PAB believes that Godfrey Kahn and the Office of the United States Trustee do not object to this approach.

4. Godfrey Kahn currently serves as counsel to the Fee Committee. Importantly, by this Response, the PAB is ***not advocating for the Fee Committee*** to review the Required 503(b) Fees, but rather to have Godfrey Kahn review the Requested Non-503(b) Fees for reasonableness. ***First***, it is not clear whether the Fee Committee has authority to review the Requested Non-503(b) Fees under the *Order Amending Stipulation and Order Appointing Fee Committee and Granting Related Relief*, entered February 1, 2018 [D.I. 12552]. ***Second***, Godfrey Kahn has extensive experience in these chapter 11 cases (as well as the required institutional infrastructure) in reviewing requested fees and expenses both for retained and non-retained professionals—including the EFH Indenture Trustee. ***Third***, in the absence of either (a) this Court declining to follow Judge Andrews' ruling in *Tribune* or (b) agreement between the EFH Indenture Trustee and its constituents (in particular, the Ad Hoc Group of EFH Claimants and the Elliott Creditors) regarding the allowance of some or all of the requested $5.8 million, review by Godfrey Kahn (subject to the procedures set forth below) significantly mitigates the likelihood of a time-consuming and expensive evidentiary hearing to rebut the validity of the Requested Non-503(b) Fees. *See, e.g., In re 710 Long Ridge Road Operating Company, II, LLC*, 505 B.R. 163, 172 (Bankr. D. N. J. 2014) (finding that claims are presumptively valid under section 502(a) of the Bankruptcy Code and parties objecting to the allowance of a claim must introduce evidence to rebut the claim's validity); *Matter of Burger*, 125 B.R. 894, 902 (Bankr. D. Del. 1991) (same).

5.  In the vein of not fixing what is not broken, the PAB believes the procedures this Court has already approved in connection with review of various 503(b) applications may be helpful to guiding Godfrey Kahn's review of the Requested Non-503(b) Fees for reasonableness:[3]

- ***Submission of Invoices and LEDES Data.*** Within 20 days of entry of an order in connection with the Motion, the EFH Indenture Trustee shall submit full invoices and LEDES data to Godfrey Kahn in LEDES format (or in the absence thereof, such other format as is mutually agreed upon among the EFH Indenture Trustee and Godfrey Kahn) (a "Fee Request").

- ***Confidential Letter and Report to the Court.*** Following Godfrey Kahn's receipt of a Fee Request, within reasonable time periods to be determined by Godfrey Kahn and counsel to the EFH Indenture Trustee or by the Court, (a) Godfrey Kahn shall send a conditional letter to the EFH Indenture Trustee regarding its initial report and recommendation with respect to the Fee Request; (b)(1) Godfrey Kahn shall file with the Court a final report and recommendation (the "Recommendation") with respect to such Fee Request and (2) consistent with section 502(a) of the Bankruptcy Code, any party-in-interest shall file with the Court any objection or comments it may have with respect to such Fee Request; (c) the EFH Indenture Trustee may file with the Court a response to such Recommendation, objection, or comment; and (d) the Court shall consider the Fee Request at the next omnibus hearing. The PAB shall make itself reasonably available to Godfrey Kahn as needed to facilitate review of the Requested Non-503(b) Fees and preparation of the Recommendation.

- ***Payment of Godfrey Kahn's Fees and Expenses.*** The PAB will continue paying Godfrey Kahn's existing flat fee of $200,000 per month (as well as the reasonable and documented fees of its local counsel, as applicable) until such time there is a final order regarding the allowance of some or all of the Requested Non-503(b) Fees; *provided, however*, that Godfrey Kahn's obligations to review the Requested Non-503(b) Fees shall terminate automatically upon such time the EFH Indenture Trustee, the Ad Hoc Group of EFH Claimants, the Elliott Creditors, and the PAB notify the Court and Godfrey Kahn of a mutually acceptable compromise regarding the Requested Non-503(b) Fees.

- ***Compliance with Local Rules and Appendix B Guidelines.*** For the avoidance of doubt, the EFH Indenture Trustee and the Fee Request shall not be required to comply with (a) The Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware or other orders in these cases

---

[3] To the extent the Court agrees with the PAB's proposed procedures, the PAB will work with counsel to the EFH Indenture Trustee, Godfrey Kahn, and the Office of the United States Trustee to develop a proposed form of order to be presented to the Court upon certification of counsel.

4

with respect to fee applications, including the Fee Committee Stipulation or (b) the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases.*

6. In connection with any partial Plan distributions to be made to Classes A4, A5, A6, and B5 prior to entry of a final order regarding the Requested Non-503(b) Fees, the PAB will assume—solely for purposes of making such distribution—that the Allowed Claim amount for such Classes includes the Requested Non-503(b) Fees in full (and, to the extent any portion of the Requested Non-503(b) Fees are ultimately disallowed in some amount by a final order, such disallowed amount will be deducted from a subsequent Plan distribution to Classes A4, A5, A6, and B5). Absent an order of the Court, the PAB does not intend to account for any other amounts on account of fees and expenses that may in the future be asserted by the EFH Indenture Trustee (subject, of course, to the EFH Indenture Trustee's right to exercise its charging lien pursuant to the Plan and Confirmation Order).

7. The PAB reserves its rights to appear and be heard at the hearing to be held on December 17, 2018 to consider the Motion.

*[Remainder of page left intentionally blank.]*

RLF1 20420008v.1

5

Dated: December 10, 2018
       Wilmington, Delaware

/s/ Jason M. Madron

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700
Facsimile:    (302) 651-7701
Email:        collins@rlf.com
              defranceschi@rlf.com
              madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz, P.C. (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:   (212) 446-4800
Facsimile:    (212) 446-4900
Email:        edward.sassower@kirkland.com
              stephen.hessler@kirkland.com
              brian.schartz@kirkland.com
              aparna.yenamandra@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.sprayregen@kirkland.com
              marc.kieselstein@kirkland.com
              chad.husnick@kirkland.com
              steven.serajeddini@kirkland.com

*Co-Counsel to the EFH Plan Administrator Board*