**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: D.I. 13632** |

**ELLIOTT'S LIMITED OBJECTION AND RESERVATION OF RIGHTS
REGARDING THE EFH INDENTURE TRUSTEE'S MOTION
PURSUANT TO 11 U.S.C. § 502(b) FOR DETERMINATION AND ALLOWANCE
OF ADDITIONAL AMOUNTS TO BE INCLUDED IN ALLOWED CLAIMS**

Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, "Elliott"), submit this limited objection and reservation of rights regarding the *EFH Indenture Trustee's Motion Pursuant to 11 U.S.C. § 502(b) for Determination and Allowance of Additional Amounts to be Included in Allowed Claims*, dated November 21, 2018 [D.I. 13632] (the "Motion").[2]  In support hereof, Elliott respectfully states as follows:

1.      By the Motion, the EFH Indenture Trustee is requesting an increase in the allowed amount of its unsecured claims in these cases to include all reasonable postpetition professional fees and expenses incurred by it, other than any amounts previously awarded as part of the EFH Indenture Trustee's substantial contribution claim.  The EFH Indenture Trustee estimates this amount to be approximately $5.8 million, consisting of approximately $3.3 million in fees and

---

[1]     The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2]     Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

expenses incurred prior to the Effective Date of the Confirmed Plan and approximately $2.5 million in fees and expenses incurred after the Effective Date.

2.      While acknowledging that the precise dollar amount of any claim increase is subject to a finding of reasonableness by this Court, the EFH Indenture Trustee does not make, nor attempt to make, any showing of reasonableness or include any supporting documentation or information to enable the Court or any party in interest to evaluate the reasonableness of the EFH Indenture Trustee's Fees and expenses.

3.      Moreover, the proposed form of order accompanying the Motion (the "Proposed Order") vaguely states that the reasonableness of any claim increase "shall be made by the Court, with the assistance of the Fee Committee," without specifying any process or subsequent hearing on reasonableness.  *See* Proposed Order ¶ 4.[3]

4.      Accordingly, Elliott objects to the Motion to the extent the EFH Indenture Trustee is seeking any finding of reasonableness thereunder with respect to its professional fees and expenses or seeking approval of any process for evaluation of such fees and expenses that does not afford other parties in interest any right or opportunity to be heard.

5.      Elliott expressly reserves all rights to review and contest the amount and reasonableness of any fees and expenses incurred by the EFH Indenture Trustee after the Petition Date, whether asserted by the EFH Indenture Trustee as part of (a) any request for additional allowed amounts to be added to claims filed by the EFH Indenture Trustee on account of the EFH Notes, (b) any charging lien that the EFH Indenture Trustee seeks to exercise under any of the Indentures, or (c) any request for payment or reimbursement submitted directly to the PAB.

---

[3]      Elliott also believes that the amount and reasonableness of the EFH Indenture Trustee's claims is not an appropriate issue for the Fee Committee because the EFH Indenture Trustee is not seeking any substantial contribution claim or other administrative expense claim through the Motion.

6.      In addition, Elliott expressly reserves all rights with respect to this Court's jurisdiction to consider and make any determinations as to any charging lien that may be asserted by the EFH Indenture Trustee under any of the Indentures, including with respect to the dollar amount of any professional fees and expenses that may be asserted by the EFH Indenture Trustee pursuant to any charging lien. *See In re RNI Wind Down Corp.*, No. 06-10110 (CSS), 2007 WL 949647, *10 (Bankr. D. Del. Mar. 29, 2007).

Wilmington, Delaware
Date: December 10, 2018

**BAYARD, P.A.**

*/s/ Erin R. Fay*
Scott D. Cousins (No. 3079)
Erin R. Fay (No. 5268)
600 N. King Street, Suite 400
Wilmington, DE 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
scousins@bayardlaw.com
efay@bayardlaw.com

–and–

**ROPES & GRAY LLP**
Gregg M. Galardi
Daniel G. Egan
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile:  (212) 596-9090
Gregg.Galardi@ropesgray.com
Daniel.Egan@ropesgray.com

**ROPES & GRAY LLP**
Matthew L. McGinnis
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Telephone: (617) 951-7000
Facsimile: (617) 951-7050
Matthew.McGinnis@ropesgray.com

*Counsel for Elliott*