UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re                                                        :   Chapter 11
                                                             :
ENERGY FUTURE HOLDINGS CORP. *et al.*,                       :   Case No. 14-10979 (CSS)
                                                             :
          Debtors-in-Possession.                             :   (Jointly Administered)
                                                             :
                                                             x   Hearing Date: December 17, 2018 at
                                                                 11:00 a.m. E.T.
------------------------------------------------------------

**FEE COMMITTEE'S SUMMARY REPORT CONCERNING REMAINING
UNCONTESTED FINAL FEE APPLICATIONS FOR
<u>HEARING ON DECEMBER 17, 2018 AT 11:00 A.M. E.T.</u>**

TO:   THE HONORABLE CHRISTOPHER S. SONTCHI,
      UNITED STATES BANKRUPTCY JUDGE:

The Fee Committee appointed in the above-captioned chapter 11 cases (the "**Fee Committee**"), with the support of all four voting members, respectfully submits this summary report (the "**Report**") concerning the three remaining final fee applications and requests that they be approved on an uncontested basis at or before the omnibus hearing scheduled for December 17, 2018. With this Report, the Fee Committee recommends approval, with adjustments, of three Applications seeking final compensation and expenses that aggregate $195,835,677.81 in fees and $10,893,871.64 in expense reimbursements through the March 9, 2018 effective date. This concludes the Fee Committee's reporting and recommendation process for the Retained Professionals in these proceedings.

Perhaps not surprisingly, two of the remaining final fee applications represent the largest overall fee requests and the most complex issues the Fee Committee has addressed. Their resolution on an uncontested basis and with unanimous Fee Committee support is a testament to

1

the cooperative spirit with which the professionals have conducted themselves throughout the fee review process.

## RECOMMENDATIONS

Attached to this Report (the "**Report**") as **Exhibits B-1** through **B-3** (and summarized on **Exhibit A**) are worksheets outlining each remaining Retained Professional's final fee request, the agreed deductions embodied in each of the Court's interim compensation orders, and the total fees and expenses recommended for approval on a final basis. The Fee Committee has unanimously concluded that the adjusted fees and expenses requested for approval and discussed in this Report meet the statutory and administrative standards for reasonableness and necessity. *See generally* 11 U.S.C. § 330; 3 *Collier on Bankruptcy* ¶ 330.03 (Richard Levin & Henry J. Sommer eds., 16th ed. 2018). Accordingly, the Fee Committee recommends the Court's approval through entry of a final order[1] of the applications, summarized on **Exhibit A** (each a "**Final Application**" and, collectively, the "**Final Applications**"). Only one objection has been filed—on May 14, 2018, the majority creditors filed a preliminary and generic objection to 19 final applications, *Majority Creditors' Omnibus Preliminary Objection Regarding Final Fee Applications* [D.I. 13107] (the "**Majority Creditors' Objection**"), stating an intent to supplement the objection and "reserv[ing] all rights, claims, and objections regarding the scope, quality, necessity and reasonableness of fees and expenses sought in connection with…" the Final Applications. To the Fee Committee's knowledge, no supplement has been filed.

---

[1] A form of final fee order is attached to this report as **Exhibit C**. The Fee Committee will submit an agreed form of order under Certification of Counsel no later than December 12, 2018.

BACKGROUND

Last month, the Fee Committee's *Summary Report Concerning Uncontested Interim and Final Fee Applications and Substantial Contribution Fee Requests for Hearing on November 13, 2018 at 10:00 a.m. E.T.* [D.I. 13602] outlined the Fee Committee's history and process and its general observations and conclusions in connection with the 21 final fee applications and 29 substantial contribution fee requests discussed in that report.[2] That background, as well as the Fee Committee's observations and conclusions, apply with equal force to the Applications recommended for approval in this Report. In every instance, including those presented here, the adjustments reflect a comprehensive negotiated resolution endorsed by all four Fee Committee members without a specific category-by-category allocation. The recommended applications are:

1. *Final Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the Period From April 29, 2014 Through and Including March 9, 2018* [D.I. 13019].

On April 23, 2018, Kirkland & Ellis LLP ("**Kirkland**") filed its Final Fee Application requesting $172,805,511.20 in fees and $10,433,832.69 in expense reimbursements. This request incorporated negotiated interim deductions for Kirkland's first ten interim fee applications. Final adjustments are recommended, as detailed on the attached **Exhibit B-1,** and reflect a final global settlement adjustment addressing, to the Fee Committee's satisfaction, any remaining or reserved issues identified in prior Fee Committee reports. Throughout these cases, Kirkland has worked cooperatively with the Fee Committee and accepted significant deductions from interim fees to resolve all identified issues. Further, some of the practices identified by the

---

[2] The Court entered final fee orders based on that report without a hearing. *See* D.I. 13609, 13610.

Fee Committee in the first few interim applications did not persist, suggesting that Kirkland in the exercise of billing judgment elected not to request fees of a type that had been the subject of a Fee Committee challenge. The Fee Committee recommends that the Court approve this Application as adjusted and summarized on the attached **Exhibit A**.

> 2. *Final Fee Application of Shaw Fishman Glantz & Towbin LLC as Special Delaware Counsel for the Debtors and Debtors in Possession for the Period August 14, 2017 Through and Including March 9, 2018* [D.I. 13014].

On April 23, 2018, Shaw Fishman Glantz & Towbin LLC (Shaw Fishman)[3] filed its final (and only) fee application, requesting $31,877.00 in fees and $282.89 in expenses. Retained in August 2017, Shaw Fishman served as limited conflicts counsel for the Debtors in Delaware—Richards Layton & Finger had a conflict in interest related to the NextEra Energy termination fee dispute. *See Application of Energy Future Holdings Corp., et al., for Entry of an Order Authorizing the Debtors to Retain and Employ Shaw Fishman Glantz & Towbin LLC as Special Delaware Counsel Effective Nunc Pro Tunc to August 14, 2017* [D.I. 11838] at p. 6, ¶ 16, and *Order Authorizing the Debtors to Retain and Employ Shaw Fishman Glantz & Towbin LLC as Special Delaware Counsel Effective Nunc Pro Tunc to August 14, 2017* [D.I. 11914]. On August 23, 2018, the Fee Committee sent Shaw Fishman a letter report, challenging the reasonableness and necessity of some of the requested fees. In particular, the Fee Committee questioned apparently excessive time spent monitoring these proceedings (unrelated to the NextEra termination fee). Shaw Fishman either provided satisfactory explanation for all challenged fees or agreed to reductions to resolve the issues through consensual reductions. The

---

[3] Though not a matter of record, Shaw Fishman announced on June 11, 2018 its post-effective date merger with the Fox Rothschild firm. Fox Rothschild had previously represented the *ad hoc* TCEH unsecured creditors group and submitted a request for the reimbursement of its fees pursuant to 11 U.S.C. § 503(b). That request was granted, with adjustments, on July 10, 2017, more than a year before Shaw Fishman's separate retention by the Debtors. *See Omnibus Order Awarding Final Compensation for Services Rendered and for Reimbursement of Expenses* [D.I. 11436] (allowing Fox Rothschild $362,960.00 in fees and $31,932.31 in expense reimbursements).

Fee Committee recommends the Court's approval of this application as adjusted and outlined on **Exhibits A** and **B-2**.

3. *Final Application of Proskauer Rose LLP, Counsel for Debtor Energy Future Holdings Corp., for Compensation for Services Rendered and Reimbursement of Expenses Incurred From November 19, 2014 Through March 9, 2018* [D.I. 13021].

On April 23, 2018, Proskauer Rose LLP (Proskauer) filed its final fee application, requesting $22,998,289.61 in fees and $459,756.06 in expenses. This request incorporated negotiated interim deductions for Proskauer's first nine interim fee applications.[4] Final adjustments are recommended, as detailed on the attached **Exhibit B-3,** which reflect a final global settlement—with unanimous Fee Committee support—addressing, to the Fee Committee's satisfaction, any remaining or reserved issues identified in prior Fee Committee reports. Throughout these cases, Proskauer has worked cooperatively with the Fee Committee and accepted significant deductions from interim fees to resolve identified issues. The Fee Committee recommends that the Court approve this Application as adjusted and summarized on the attached **Exhibit A**.

***Supplemental 503(b) Substantial Contribution Fee Order***

After the Court entered the *Omnibus Order Awarding Final Compensation for Services Rendered and for Reimbursement of Expenses* [D.I. 13609], counsel for American Stock Transfer & Trust Company (AST&T) suggested that some of AST&T's professionals were entitled to additional fees not included in the original final order. Subsequently, the professionals submitted supplemental data, and Fee Committee counsel verified additional

---

[4] Proskauer's tenth interim application [D.I. 12683] (corresponding to the eleventh interim fee period) and eleventh interim application [D.I. 13001] (corresponding to the twelfth interim fee period) are resolved as part of a global resolution of the final fee application and will not be subject to separate reporting or interim orders.

amounts owed but not included in the professionals' initial data submissions to the Fee Committee's counsel.  See **Exhibit** D.  Having reviewed these supplemental fees for reasonableness, the Fee Committee now recommends the award of the additional compensation to AST&T professionals outlined on **Exhibit D** on a final basis.[5]

## CONCLUSION

Based on all of the above, the Fee Committee respectfully requests:

1. That the Court enter an order substantially in the form of the attached **Exhibit C**, approving on a final basis and without objection the Final Applications outlined in this Report and on the attached **Exhibit A**, subject to the agreed reductions summarized in the exhibit; and

2. That the Court enter an order substantially in the form of the attached **Exhibit D** approving on a final basis and without objection, the supplemental section 503(b) fee request outlined on the attached **Exhibit D**.

Dated:  December 10, 2018.

                    **BENESCH, FRIEDLANDER,**
                       **COPLAN & ARONOFF LLP**

                    */s/ William M. Alleman, Jr.*
                    Jennifer R. Hoover, Esquire (5111)
                    William M. Alleman, Jr., Esquire (5449)
                    222 Delaware Avenue, Suite 801
                    Wilmington, DE 19801
                    Telephone: 302-442-7010
                    Facsimile: 302-442-7012
                    E-mail: jhoover@beneschlaw.com
                              walleman@beneschlaw.com

---

[5] Those supplemental fees apparently are not part of AST&T's recent motion to supplement EFH noteholders' secured claims.  See *EFH Indenture Trustee's Motion Pursuant to 11 U.S.C. § 502(b) for Determination and Allowance of Additional Amounts to be Included in Allowed Claims* [D.I. 13632] at p. 6, ¶ 13 ("[T]he amounts to be added to the claims do not include any of the fees and expenses approved and paid in connection with the EFH Indenture Trustee's Substantial Contribution Fee Request.")

- and –

GODFREY & KAHN, S.C.


   */s/ Katherine Stadler*
Katherine Stadler, *Admitted Pro Hac Vice*

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701-2719
Telephone: 608-257-3911
Facsimile: 608-257-0609
E-mail: kstadler@gklaw.com

*Attorneys for the Fee Committee*

19861533.3