**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., et al.,[1]<br><br><br>Debtors. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>Jointly Administered<br><br>**Re: D.I. 13632, 13653, 13654** |

**EFH INDENTURE TRUSTEE'S OMNIBUS REPLY IN SUPPORT OF MOTION
PURSUANT TO 11 U.S.C. § 502(b) FOR DETERMINATION AND ALLOWANCE OF
ADDITIONAL AMOUNTS TO BE INCLUDED IN ALLOWED CLAIMS**

American Stock Transfer & Trust Company, LLC ("AST"), as successor trustee to The Bank of New York Mellon Trust Company, N.A. (in such capacity, the "EFH Indenture Trustee") for certain notes (the "EFH Notes" and the related indentures, the "EFH Notes Indentures"), files this omnibus reply (the "Reply") to (i) *The EFH Plan Administrator Board's Response to EFH Indenture Trustee's Motion Pursuant to 11 U.S.C. § 502(b) for Determination and Allowance of Additional Amounts to be Included In Allowed Claims* [D.I. 13653] (the "PAB Response"), (ii) *Elliott's Limited Objection and Reservation of Rights Regarding the EFH Indenture Trustee's Motion Pursuant to 11 U.S.C. § 502(b) for Determination and Allowance of Additional Amounts to be Included In Allowed Claims* [D.I. 13654] (the "Elliott Objection") and (iii) informal comments (the "UST Comments") conveyed by the Office of the United States Trustee (the "UST"). In response to the PAB Response, the Elliott Objection and the UST Comments (collectively, the "Responses"), and in further support of the *EFH Indenture*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification Numbers is not provided herein.

1

*Trustee's Motion Pursuant to 11 U.S.C. § 502(b) for Determination and Allowance of Additional Amounts to be Included In Allowed Claims* [D.I. 13632] (the "Motion"), the EFH Indenture Trustee respectfully represents as follows:[2]

## REPLY

1. The allowed amounts of the EFH Legacy Note Claims, the EFH LBO Primary Note Claims, the EFH LBO Guaranty Claims and the EFH Unexchanged Note Claims should all be increased. The only questions raised by the Responses relate to the process for determining the amount of such increase. In the Motion, recognizing the fact intensive nature of such inquiries, the EFH Indenture Trustee proposed that the reasonableness of the fees at issue be determined by the Fee Committee.

2. Subsequent to the filing of the Motion, the EFH Indenture Trustee engaged in discussions with the PAB and the UST. As indicated in the PAB Response, it is the PAB's position that Godfrey & Kahn, S.C. ("Godfrey Kahn") should review the reasonableness of the fees at issue in the Motion. *See* PAB Motion, at ¶ 3.

3. In light of the concerns raised by the PAB and informally by the UST, the EFH Indenture Trustee agrees that the appointment of Godfrey Kahn to aid the Court in the required factual determination is the most sensible approach. Here, Godfrey Kahn is prepared to assist the Court in making the required findings in an efficient manner. Accordingly, attached hereto as Exhibit A is a revised proposed form of order providing for the appointment Godfrey Kahn to review the reasonableness of the fees at issue in the Motion, as well as incorporating the

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion, the PAB Response or the Elliott Objection, as applicable.

procedures proposed by the PAB to guide Godfrey Kahn's review. Attached as Exhibit B is a blackline showing the changes made to the proposed form of order attached to the Motion.

4. No provision of the proposed order impinges on any right of Elliott and, accordingly, no modifications to the proposed order have been made to address Elliott's concerns. In the Elliott Objection, Elliott — as a party that has now objected to the Motion — seeks to preserve its rights to later challenge the reasonableness of the fees at issue. The ability of Elliott to later litigate that issue will neither be impinged nor expanded by the revised proposed order. While Elliott's rights should not be abridged by any order, the fact remains that the determination of the reasonableness of the fees is an issue appropriately before this Court as part of the Motion. Elliott should not receive any special carve outs permitting or encouraging future litigation.

## CONCLUSION

5. For the foregoing reasons, the EFH Indenture Trustee requests that the Court (i) overrule the Responses to the extent they constitute objections to the Motion, (ii) enter the proposed form of order attached as Exhibit A, and (iii) grant such other relief as is just and proper.

Dated: Wilmington, DE
December 12, 2018

**CROSS & SIMON, LLC**

By: /s/*Christopher P. Simon*
Christopher P. Simon (Del. Bar No. 3697)
1105 North Market Street, Suite 901
Wilmington, Delaware 19801
Telephone: (302) 777-4200
Facsimile: (302) 777-4224
csimon@crosslaw.com

- and -

NIXON PEABODY LLP
Richard C. Pedone
100 Summer Street
Boston, Massachusetts 02110
Telephone: (617) 345-1000
Facsimile: (617) 345-1300
rpedone@nixonpeabody.com

*Co- Counsel to American Stock Transfer & Trust Company, LLC, as Indenture Trustee*

4