IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Re: D.I. 13630, 13644** |

**REPLY OF UMB BANK, N.A., AS INDENTURE TRUSTEE, AND
ELLIOTT IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER AMENDING
THE (A) FINDINGS OF FACT AND CONCLUSIONS OF LAW ON JOINT MOTION
TO FIX APPROPRIATE ALLOCATION OF CERTAIN RESERVES
AND EXPENSES AS BETWEEN THE EFH AND EFIH DEBTORS
AND (B) ORDER FIXING APPROPRIATE ALLOCATION OF CERTAIN
RESERVES AND EXPENSES AS BETWEEN THE EFH AND EFIH DEBTORS**

UMB Bank, N.A., as Indenture Trustee ("UMB") for the unsecured 11.25%/12.25% Senior Toggle Notes due 2018, and Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, "Elliott" and, together with UMB, the "Movants"), by and through their undersigned counsel, hereby file this reply in support of the *Motion for Entry of an Order Amending the (A) Findings of Fact and Conclusions of Law on Joint Motion to Fix Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors and (B) Order Fixing Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors* [D.I. 13630] (the "Motion to Amend") and in response to the objection of the Ad Hoc EFH Claimants to the Motion to Amend [D.I. 13644] (the "Objection").[2] In support of hereof, the Movants respectfully represent as follows:

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion to Amend.

**REPLY**

1. The Ad Hoc Claimants fail to point to any item in the record rebutting what Movants have clearly demonstrated in the Motion to Amend: that the Court committed a clear error by estimating the EFH Asbestos Liabilities at $58 million for allocation purposes.

2. In the Findings and Conclusions, this Court found that the allocation of the Termination Fee must be assessed based on the facts and circumstances as of September 19, 2016 (the "Approval Date"). *See* Findings and Conclusions ¶ 162. Nothing in the record, however, supports any finding that the EFH Asbestos Liabilities were valued at $58 million as of the Approval Date.

3. In the Objection, the Ad Hoc EFH Claimants argue that the Court's estimate was supported by (a) deposition testimony of Mr. Horton from August 2018 in which he testified that in his view, the amount of the EFH Asbestos Liabilities was "more like $45 or $50 million" and (b) trial testimony of Mr. Horton in which he testified that he believed the amount of the EFH Asbestos Liabilities "was smaller" than the $250 million Asbestos Escrow initially proposed by NextEra. *See* Objection ¶¶ 10–11.

4. None of this testimony, however, supports a $58 million valuation, and the Ad Hoc EFH Claimants cannot identify any evidence in the record supporting a $58 million valuation as of the Approval Date.[3] The only document cited by the Court that sets forth the $58 million estimate is the Sempra Disclosure Statement, which was not filed until September 11, 2017. Tellingly, however, the Ad Hoc EFH Claimants do not contend that the Sempra Disclosure Statement provides support for the Court's finding.

---

[3] In addition, Mr. Horton frequently wavered in his testimony as to his view on the amount of the EFH Asbestos Liabilities. *See* Horton Dep. Tr. 81:5–6 (the EFH Asbestos Liabilities were "in that [$]45 to $55 million range in our minds"); *id.* at 83:25 ("it was around $50,55 million, okay).

5.      It is undisputed that at the September 19, 2016 hearing, the Debtors were seeking Court approval of a merger agreement pursuant to which the parties agreed to establish a $100 million escrow to cover contingent and unliquidated EFH Asbestos Liabilities. *See Order (A) Authorizing Entry into Merger Agreement, (B) Approving Termination Fee, and (C) Authorizing Entry Into and Performance Under Plan Support Agreement* [D.I. 9584]. This is the only evidence in the record supporting an amount of "measurable consideration" expected to flow to EFH as of September 19, 2016 as a result of NextEra's assumption of EFH Asbestos Liabilities. Moreover, not only is $100 million the "measurable consideration," it is also the actual consideration because this is the amount that would have otherwise been paid to creditors in cash but for the Asbestos Escrow. Accordingly, $100 million is the figure that should have been used by the Court for purposes of determining an appropriate allocation of the Termination Fee.

6.      The Findings and Conclusions and the Allocation Order thus contain a factual error that should be amended by this Court pursuant to Federal Rule 59(e), as made applicable by Bankruptcy Rule 9023. *See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (alteration of a judgment under Federal Rule 59(e) is appropriate "to correct a clear error or law or fact").

[*Text Continues on the Next Page*]

**CONCLUSION**

Accordingly, for the reasons set forth herein and in the Motion to Amend, the Movants respectfully request that the Court overrule the Objection and grant the relief requested in the Motion to Amend.

Wilmington, Delaware
Date: December 12, 2018

**BAYARD, P.A.**

*/s/ Erin R. Fay*
Scott D. Cousins (No. 3079)
Erin R. Fay (No. 5268)
600 N. King Street, Suite 400
Wilmington, DE 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
scousins@bayardlaw.com
efay@bayardlaw.com

–and–

**ROPES & GRAY LLP**
Gregg M. Galardi
Daniel G. Egan (admitted *pro hac vice*)
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone:   (212) 596-9000
Facsimile:   (212) 596-9090
Gregg.Galardi@ropesgray.com
Daniel.Egan@ropesgray.com

**ROPES & GRAY LLP**
Matthew L. McGinnis (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Telephone: (617) 951-7000
Facsimile: (617) 951-7050
Matthew.McGinnis@ropesgray.com

*Counsel for Elliott and UMB Bank, N.A., as Trustee*