IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |

## STIPULATION AND RELEASE REGARDING EFH/EFIH PLAN DISTRIBUTIONS

This Stipulation and Release (this "**Agreement**") is made and entered into as of December 18, 2018, by and among the following parties (each a "**Party**," and collectively, the "**Parties**"):

(i) the EFH Plan Administrator Board; Energy Future Holdings Corp., a Texas corporation ("**EFH**");

(ii) the EFIH Unsecured Notes Trustee;

(iii) Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, "**Elliott**");

(iv) the EFH Notes Trustee; and

(v) each of (i) Alta Fundamental Advisers LLC; (ii) Angelo, Gordon & Co., L.P.; (iii) Apollo Management Holdings L.P.; (iv) Brookfield Asset Management Inc.; and (v) Farmstead Capital Management, LLC, and each of their related funds, as Holders of Allowed Claims in Classes A4-A11 (collectively, the "**Ad Hoc EFH Claimants**").

Unless otherwise indicated, capitalized terms used but not otherwise defined herein have the meaning ascribed to such terms in the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12763-1] (the "**Plan**") and if not defined therein, then in the *Order Confirming the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12763] (the "**Confirmation Order**").

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

RLF1 20473857v.1

*RECITALS*

**WHEREAS**, on April 29, 2014, the EFH/EFIH Debtors commenced chapter 11 cases in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), which chapter 11 cases are being jointly administered and are captioned *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (CSS);

**WHEREAS**, on February 27, 2018, the Bankruptcy Court entered the Confirmation Order;

**WHEREAS**, on March 9, 2018, the EFH Effective Date occurred;

**WHEREAS**, on March 16, 2018, Elliott filed an amended notice of appeal of the Confirmation Order [D.I. 12830] (the "**Elliott Confirmation Appeal**"), and on March 23, 2018, the EFIH Unsecured Notes Trustee filed a notice of appeal of the Confirmation Order [D.I. 12848] (the "**EFIH Unsecured Notes Trustee Confirmation Appeal**");

**WHEREAS**, on April 6, 2018, the U.S. District Court for the District of Delaware entered an order joining the Elliott Confirmation Appeal and the EFIH Unsecured Notes Trustee Confirmation Appeal (together, the "**Confirmation Appeal**");

**WHEREAS**, on June 11, 2018, the Bankruptcy Court entered the *Order Scheduling Certain Dates and Deadlines and Establishing Certain Protocols in Connection with the Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott to Fix Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors* [D.I. 13193] (as amended from time to time, the "Scheduling Order"), which established a litigation schedule and discovery protocols for determining the allocation of certain administrative expense claims as between EFH and EFIH (as defined in the Scheduling Order, the "**EFH/EFIH Allocation Dispute**");

**WHEREAS**, between September 5, 2018 and September 7, 2018, the Bankruptcy Court held a hearing with respect to the EFH/EFIH Allocation Dispute (the "**Allocation Hearing**");

**WHEREAS**, on October 31, 2018, the Bankruptcy Court entered the *Findings of Fact and Conclusions of Law on Joint Motion to Fix Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors* [D.I. 13599] (the "**Findings of Fact and Conclusions of Law**");

**WHEREAS**, on November 5, 2018, the Bankruptcy Court entered the *Order Fixing Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors* [D.I. 13604], consistent with the Findings of Fact and Conclusions of Law (the "**Allocation Order**");

**WHEREAS**, no party-in-interest has sought a stay of the Allocation Order;

2

WHEREAS, on November 14, 2018, the EFIH Unsecured Notes Trustee and Elliott filed that certain motion to amend with respect to the Allocation Order [D.I. 13620] (the "**Motion to Amend**"), which was heard by the Bankruptcy Court on December 17, 2018;

WHEREAS, on November 19, 2018, the EFIH Unsecured Notes Trustee and Elliott filed a notice of appeal of the Allocation Order [D.I. 13626] and on December 3, 2018, such parties filed a statement of issues on appeal [D.I. 13648], identifying two issues on appeal: (a) the allocation of the NextEra Termination Fee and (b) the allocation of Kirkland and Evercore Fees, in each case as set forth in the Allocation Order (the "**Elliott/EFIH Unsecured Notes Trustee Allocation Appeal**");

WHEREAS, on December 3, 2018, the Ad Hoc EFH Claimants filed a notice of cross-appeal of the Allocation Order [D.I. 13646] and have indicated that their statement of issues on appeal will be (a) the allocation of the NextEra Termination Fee and (b) the allocation of E-Side Committee Professional Fees, in each case as set forth in the Allocation Order (the "**Ad Hoc EFH Appeal**");

WHEREAS, the EFIH Unsecured Notes Trustee and Elliott filed notices of appeal with respect to the following orders entered by the Bankruptcy Court in connection with the EFH/EFIH Allocation Dispute: (i) *Order Authorizing the EFH Plan Administrator Board to Participate as a Party in the EFH/EFIH Allocation Dispute* [D.I. 13229] (the "**PAB Participation Appeal**"); and (ii) *Order Authorizing the EFH Plan Administrator Board to Reimburse the Fees and Expenses of Former Directors and Officers Solely in Connection With the EFH/EFIH Allocation Dispute* [D.I. 13350] (the "**D&O Reimbursement Appeal**" and, together with the Confirmation Appeal, the Elliott/EFIH Unsecured Notes Trustee Allocation Appeal, and the PAB Participation Appeal, the "**Elliott/EFIH Unsecured Notes Trustee Appeals**");

WHEREAS, in connection with the EFH/EFIH Allocation Dispute, the EFH Plan Administrator Board has (a) not made distributions under the Plan to any Holders of Allowed Claims in Classes A4-A11; (b) made a single distribution to Holders of Allowed Claims in Class B5 (in the aggregate amount of $14.5 million); and (c) made a single distribution to Holders of Allowed Claims in Class B6 (in the aggregate amount of $375 million);

WHEREAS, the Parties negotiated in good faith to enable the EFH Plan Administrator Board to make an additional distribution to Holders of Allowed Claims under the Plan and they have reached agreement on the terms and conditions set forth in this Agreement.

*AGREEMENT*

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, in consideration of the promises and the mutual covenants and agreements set forth herein, each Party, intending to be legally bound, agrees as follows:

**Section 1.**    **Agreement Effective Date.**

This Agreement shall be effective and binding on each Party subject to approval of the Bankruptcy Court and upon approval of the Bankruptcy Court.

**Section 2.    Settlement Terms.**

2.1     Within seven (7) business days of the date upon which Court approves this Agreement, the EFH Plan Administrator Board shall:

- (a)   be authorized to distribute: (a) an aggregate amount of $120,030,619.57 to Holders of Allowed Claims in Classes A4-A11, excluding Class A8 (which Class A8 will receive distributions from those certain rabbi trusts described in the definition of EFH Corp. Cash in the Plan) and (b) an aggregate amount of $348,031,222.00 to Holders of Allowed Claims in Classes B5 and B6, in each case pursuant to the Plan and Confirmation Order; and[2]

- (b)   be authorized and directed to distribute the following amounts as set forth below (subclauses 2.1(a) and (b) collectively, the "Agreed Distributions"):

| Class | Distribution |
| --- | --- |
| Class A4 | $44,520,186.00 |
| Class A5 | $5,755,464.00 |
| Class A6 | $4,717,689.00 |
| Class B5 | $13,002,858.00 |
| Class B6 | $335,028,364.00 |

2.2     For the avoidance of doubt, the Agreed Distributions shall not include the amounts set forth below (collectively, the "Holdbacks"):

- (a)   any amounts currently in the EFH Professional Fee Escrow Amount or EFIH Professional Fee Escrow Amount;

- (b)   with respect to Agreed Distributions to be made to Holders of Allowed Claims in Classes A4-A11, the Agreed Distributions shall not include the amount of $39,552,662.71, which represents the difference between (i) the allocation of Kirkland and Evercore Fees requested by the EFIH Unsecured Notes Trustee and Elliott at the Allocation Hearing and (ii) the allocation of Kirkland and

---

[2] For the avoidance of doubt, while this Agreement (once approved by the Bankruptcy Court), will authorize the EFH Plan Administrator Board to make distributions with respect to Class A11, the EFH Plan Administrator Board does not intend to make a distribution to such Class until after reaching agreement with the Holders of Allowed TCEH First Lien Secured Claims (who are the beneficiaries of any recovery on account of Class A11) regarding the effect of such distribution on that certain, pending dispute between such Holders of Allowed TCEH First Lien Secured Claims regarding the allocation of adequate protection payments.

      Evercore Fees approved pursuant to the Allocation Order, after accounting for 2.2(a);[3]

(c) with respect to Agreed Distributions to be made to Holders of Allowed Claims in Classes B5 and B6, the Agreed Distributions shall not include the amount of $15,791,802.56, which represents the difference between (i) the allocation of E-Side Committee Professional Fees requested by the Ad Hoc EFH Claimants at the Allocation Hearing and (ii) the allocation of E-Side Committee Professional Fees approved pursuant to the Allocation Order, after accounting for 2.2(a); and[4]

(d) any amounts the EFH Plan Administrator Board believes necessary to the costs of winding down the EFH Debtors and EFIH Debtors and prosecuting any appeals to which the EFH Plan Administrator Board or the EFH/EFIH Debtors are party.

---

[3] The amount of $39,552,662.71 does not represent the full difference between (i) and (ii). The full difference between the amounts described in (i) and the amounts described in (ii) is divided into two components: (a) Kirkland and Evercore Fees *already paid as of the EFH Effective Date* (the "**Pre-Effective Date KE/EVR Paid Fees**") and (b) Kirkland and Evercore Fees *accrued prior to the EFH Effective Date but not paid as of the EFH Effective Date* (the "**Pre-Effective Date KE/EVR Unpaid Fees**").

Any adjustments to the allocation of *Pre-EFH Effective Date KE/EVR Paid Fees* are made from the EFH/EFIH Cash Distribution Account, while any adjustments to the allocation of *Pre-EFH Effective Date KE/EVR Unpaid Fees* are made from the EFH Professional Fee Escrow Account and EFIH Professional Fee Escrow Account, as applicable.

Because this Agreement does not contemplate making any distributions from the EFH Professional Fee Escrow Account or EFIH Professional Fee Escrow Account, the "double holdback" at EFH on account of Kirkland and Evercore Fees addressed by this Agreement only addresses the Pre-Effective Date KE/EVR Paid Fees.

[4] The amount of $15,791,802.56 does not represent the full difference between (i) and (ii). The full difference between the amounts described in (i) and the amounts described in (ii) is divided into two components: (a) E-Side Committee Professional Fees *already paid as of the EFH Effective Date* (the "**Pre-Effective Date Committee Paid Fees**") and (b) E-Side Committee Professional Fees *accrued prior to the EFH Effective Date but not paid as of the EFH Effective Date* (the "**Pre-Effective Date Committee Unpaid Fees**").

Any adjustments to the allocation of *Pre-EFH Effective Date Committee Paid Fees* are made from the EFH/EFIH Cash Distribution Account, while any adjustments to the allocation of *Pre-EFH Effective Date Committee Unpaid Fees* are made from the EFH Professional Fee Escrow Account and EFIH Professional Fee Escrow Account, as applicable.

Because this Agreement does not contemplate making any distributions from the EFH Professional Fee Escrow Account or EFIH Professional Fee Escrow Account, the "double holdback" at EFIH on account of E-Side Committee Professional Fees addressed by this Agreement only addresses the Pre-Effective Date Committee Paid Fees.

2.3    Subject to the Bankruptcy Court's approval of this Agreement, each of the Parties shall and hereby does release and discharge the other Parties and each of their current and former Affiliates, and each of their and their current and former Affiliates' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such, from any and all claims and Causes of Action, whether known or unknown, arising out of or in connection with the Agreed Distributions.

For the avoidance of doubt, notwithstanding anything to the contrary in the foregoing, the releases set forth above do not impair, modify, or otherwise affect the Parties' rights with respect to (a) the Holdbacks, which rights shall be as set forth in the Plan, the Confirmation Order, and the EFH Plan Administration Trust Agreement; (b) any of the Elliott/EFIH Unsecured Notes Trustee Appeals; (c) the Ad Hoc EFH Appeal; (d) any order entered in connection with the Motion to Amend; and (e) any Party's rights and obligations under this Agreement.

2.4    This stipulation is without prejudice to the rights, if any, of the EFH Notes Trustee to seek to recover fees and expenses, including, without limitation, directly from the EFH estate (from the EFH Plan Administrator Board), and is without prejudice to the rights of any other party with respect to such request.

**Section 3.    Bankruptcy Court Approval.**

3.1    The EFH Plan Administrator Board shall file this Agreement with the Bankruptcy Court under certification of counsel, requesting approval of the Agreement without need for further notice or hearing.

3.2    To the extent the Bankruptcy Court determines to hold a hearing with respect to this Agreement, the Parties shall take all commercially reasonable steps necessary to obtain approval of this Agreement and shall work in good faith to obtain approval of this Agreement.

**Section 4.    Miscellaneous.**

4.1    Complete Agreement.

This Agreement constitutes the entire agreement among the Parties with respect to the subject matter hereof and supersedes and nullifies all prior agreements, oral or written, among the Parties with respect thereto.

4.2    Governing Law; Jurisdiction; Waiver of Jury Trial.

(a)    This Agreement shall be construed and enforced in accordance with, and the rights of the Parties shall be governed by, the laws of the State of Delaware, without giving effect to the conflict of laws principles thereof. Each Party hereto agrees that it shall bring any action or proceeding in respect of any claim arising out of or related to this Agreement in the

6

RLF1 20473857v.1

Bankruptcy Court (the "**Chosen Court**"), and solely in connection with claims arising under this Agreement: (i) irrevocably submits to the exclusive jurisdiction and the authority of the Chosen Court; (ii) waives any objection to laying venue in any such action or proceeding in the Chosen Court; and (iii) waives any objection that the Chosen Court is an inconvenient forum, does not have jurisdiction over any Party hereto, or lacks the constitutional authority to enter final orders in connection with such action or proceeding.

(a) Each Party hereby waives, to the fullest extent permitted by applicable law, any right it may have to a trial by jury in any legal proceeding arising out of, or relating to, this Agreement or the transactions contemplated hereby (whether based on contract, tort, or any other theory). Each Party (i) certifies that no representative, agent, or attorney of any other Party has represented, expressly or otherwise, that such other Party would not, in the event of litigation, seek to enforce the foregoing waiver and (ii) acknowledges that it and the other Parties have been induced to enter into this Agreement by, among other things, the mutual waivers and certifications in this Section 4.2.

4.3   Execution of Agreement.

This Agreement may be executed and delivered in any number of counterparts and by way of electronic signature and delivery, each such counterpart, when executed and delivered, shall be deemed an original, and all of which together shall constitute the same agreement. Each individual executing this Agreement on behalf of a Party has been duly authorized and empowered to execute and deliver this Agreement on behalf of such Party.

4.4   Interpretation and Rules of Construction.

This Agreement is the product of negotiations among the Parties and in the enforcement or interpretation hereof, is to be interpreted in a neutral manner, and any presumption with regard to interpretation for or against any Party by reason of that Party having drafted or caused to be drafted this Agreement, or any portion hereof, shall not be effective in regard to the interpretation hereof. The Parties were each represented by counsel during the negotiations and drafting of this Agreement and continue to be represented by counsel. In addition, this Agreement shall be interpreted in accordance with section 102 of the Bankruptcy Code.

4.5   Amendment.

This Agreement may not be modified, amended, or supplemented in any manner except in writing signed by each of the Parties. Any proposed modification, amendment, or supplement that is not signed by each of the Parties shall be ineffective and void *ab initio*.

4.6   Settlement Discussions.

This Agreement and the transactions contemplated herein are part of a proposed settlement among the Parties. Nothing herein shall be deemed an admission of any kind. To the extent provided by Federal Rule of Evidence 408, and any applicable state rules of evidence, this Agreement and all negotiations relating thereto shall not be admissible into evidence in any proceeding other than a proceeding to enforce the terms of this Agreement.

4.7     Successors and Assigns; No Third Party Beneficiaries.

This Agreement is intended to bind and inure to the benefit of the Parties and their respective successors and permitted assigns, as applicable. Except as otherwise explicitly set forth herein, nothing in this Agreement is intended to benefit or create any right or cause of action in or on behalf of any person other than the Parties hereto (and their affiliated persons and entities who are intended to be beneficiaries of the releases and settlements set forth herein).

4.8     Severability and Construction.

If any term or other provision of this Agreement shall be held by a court of competent jurisdiction to be invalid, illegal or unenforceable, all other conditions and provisions of this Agreement shall nevertheless remain in full force and effect so long as the economic or legal substance of this Agreement is not affected in any manner materially adverse to any Party. Upon such determination that any term or other provision is invalid, illegal or unenforceable, the Parties shall negotiate in good faith to modify this Agreement so as to effect the original intent of the Parties as closely as possible in an acceptable manner to the end that the essential terms and conditions of this Agreement are fulfilled to the extent possible.

4.9     Immediately Effective. This Agreement shall be immediately effective and binding upon the Parties upon approval of the Bankruptcy Court, without regard to Bankruptcy Rule 6004(h) (to the extent applicable).

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed and delivered by their respective duly authorized officers, solely in their respective capacity as officers of the undersigned and not in any other capacity, as of the date first set forth above.

[*Signature Pages Follow*]

Dated: December 18, 2018  
Wilmington, Delaware

      /s/ Jason M. Madron  
**RICHARDS, LAYTON & FINGER, P.A.**  
Mark D. Collins (No. 2981)  
Daniel J. DeFranceschi (No. 2732)  
Jason M. Madron (No. 4431)  
920 North King Street  
Wilmington, DE 19801  
Telephone: (302) 651-7700  
Facsimile: (302) 651-7701

-and-

**KIRKLAND & ELLIS LLP**  
**KIRKLAND & ELLIS INTERNATIONAL LLP**  
Edward O. Sassower, P.C. (admitted *pro hac vice*)  
Stephen E. Hessler, P.C. (admitted *pro hac vice*)  
Brian E. Schartz, P.C. (admitted *pro hac vice*)  
Aparna Yenamandra (admitted *pro hac vice*)  
601 Lexington Avenue  
New York, NY 10022  
Telephone: (212) 446-4800  
Facsimile: (212) 446-4900

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)  
Marc Kieselstein, P.C. (admitted *pro hac vice*)  
Chad J. Husnick, P.C. (admitted *pro hac vice*)  
Steven N. Serajeddini (admitted *pro hac vice*)  
300 North LaSalle  
Chicago, IL 60654  
Telephone: (312) 862-2000  
Facsimile: (312) 862-2200

*Co-Counsel to the EFH Plan Administrator Board*

| | |
|---|---|
| Dated: December 18, 2018<br>Wilmington, Delaware | /s/ Erin R. Fay<br>**BAYARD, P.A.**<br>Scott D. Cousins (No. 3079)<br>Erin R. Fay (No. 5268)<br>Evan T. Miller (No. 5364)<br>600 N. King Street, Suite 400<br>Wilmington, DE 19801<br>Telephone: (302) 655-5000<br>Facsimile: (302) 658-6395<br>scousins@bayardlaw.com<br>efay@bayardlaw.com<br>emiller@bayardlaw.com<br><br>-and-<br><br>**ROPES & GRAY LLP**<br>Gregg M. Galardi (admitted *pro hac vice*)<br>1211 Avenue of the Americas<br>New York, NY 10036-8704<br>Telephone: (212) 596-9000<br>Facsimile: (212) 596-9090<br>gregg.galardi@ropesgray.com<br><br>*Counsel for Elliott and UMB Bank, N.A., as Trustee* |

| | |
|---|---|
| Dated: December 18, 2018<br>Wilmington, Delaware | */s/ Garvan F. McDaniel*<br>**HOGAN MCDANIEL**<br>Garvan F. McDaniel (No. 4167)<br>1311 Delaware Avenue<br>Wilmington, DE 19806<br>Telephone: (302) 656-7540<br>Facsimile: (302) 656-7599<br>Email: gfmcdaniel@dkhogan.com<br><br>-and-<br><br>**KASOWITZ BENSON TORRES LLP**<br>David S. Rosner<br>Andrew K. Glenn<br>Gavin D. Schryver<br>David J. Mark<br>Andrew H. Elkin<br>1633 Broadway<br>New York, NY 10019<br>Telephone: (212) 506-1700<br>Facsimile: (212) 506-1800<br>Email: drosner@kasowitz.com<br>aglenn@kasowitz.com<br>gschryver@kasowitz.com<br>dmark@kasowitz.com<br>aelkin@kasowitz.com<br><br>*Co-Counsel to the Ad Hoc EFH Claimants* |

Dated:  December 18, 2018
Wilmington, Delaware

/s/ *Christopher P. Simon*
**CROSS & SIMON, LLC**
Christopher P. Simon (No. 3697)
1105 North Market Street, Suite 901
Wilmington, DE 19801
Telephone: (302) 777-4200
Facsimile: (302) 777-4224
csimon@crosslaw.com

-and -

**NIXON PEABODY LLP**
Amanda D. Darwin
Richard C. Pedone
Erik Schneider
100 Summer Street
Boston, MA 02110
Telephone: (617) 345-1000
Facsimile: (617) 345-1300
adarwin@nixonpeabody.com
rpedone@nixonpeabody.com

-and-

Christopher J. Fong
437 Madison Avenue
New York, NY 10022
Telephone: 212-940-3724
Facsimile: 855-900-8613
cfong@nixonpeabody.com

*Co-Counsel to American Stock Transfer & Trust Company, LLC, as Indenture Trustee*

SO ORDERED this __18__ day of December, 2018

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
CHIEF UNITED STATES BANKRUPTCY JUDGE

RLF1 20473857v.1