# Exhibit B

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 )  |
| ENERGY FUTURE HOLDINGS CORP., et al.,[1] | ) Case No. 14-10979 (CSS) ) |
| Debtors. | ) Jointly Administered ) **Re: Docket No. 13632** |

**ORDER GRANTING EFH INDENTURE TRUSTEE'S MOTION PURSUANT TO 11 U.S.C. § 502(b) FOR DETERMINATION AND ALLOWANCE OF ADDITIONAL AMOUNTS TO BE INCLUDED IN ALLOWED CLAIMS**

Upon consideration of the *EFH Indenture Trustee's Motion Pursuant to 11 U.S.C. § 502(b) For Determination and Allowance of Additional Amounts to be Included in Allowed Claims* (the "Motion");[2] and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the requested relief in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and upon due notice, and after all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED. Objections to the Motion, if any, are OVERRULED.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which the debtors have requested joint administration, a complete list of the debtors and the last four digits of their federal tax identification Numbers is not provided herein.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

2. The reasonable fees and expenses of the EFH Indenture Trustee incurred during these cases and in furtherance of its rights and obligations under the indentures are amounts that are to be properly included in the allowed amount of the EFH Legacy Note Claims, the EFH LBO Primary Note Claims, the EFH LBO Guaranty Claims and the EFH Unexchanged Note Claims (the "Claims") and shall be added to the allowed claim amounts.

3. Godfrey & Kahn, S.C. ("Godfrey Kahn") is hereby appointed to review the reasonableness of the amounts to be added to the Claims (the "Requested Fees"), which is a proper matter for the determination by this Court.

4. The following procedures shall govern Godfrey Kahn's review:

(i) ***Submission of Invoices and LEDES Data.*** Within 20 days of entry of an order in connection with the Motion, the EFH Indenture Trustee shall submit full invoices and LEDES data to Godfrey Kahn in LEDES format (or in the absence thereof, such other format as is mutually agreed upon among the EFH Indenture Trustee and Godfrey Kahn) (a "Fee Request").

(ii) ***Confidential Letter and Report to the Court.*** Following Godfrey Kahn's receipt of a Fee Request, within reasonable time periods to be determined by Godfrey Kahn and counsel to the EFH Indenture Trustee or by the Court, (a) Godfrey Kahn shall send a conditional letter to the EFH Indenture Trustee regarding its initial report and recommendation with respect to the Fee Request; (b)(1) Godfrey Kahn shall file with the Court a final report and recommendation (the "Recommendation") with respect to such Fee Request and (2) consistent with section 502(a) of the Bankruptcy Code, any party-in-interest shall file with the Court any objection or comments it may have with respect to such Fee Request; (c) the EFH Indenture Trustee may file with the Court a response to such Recommendation, objection, or comment; and (d) the Court shall consider the Fee Request at the next omnibus hearing. The PAB shall make itself reasonably available to Godfrey Kahn as needed to facilitate review of the Requested Fees and preparation of the Recommendation.

(iii) ***Payment of Godfrey Kahn's Fees and Expenses***. The PAB will ~~continue paying~~pay Godfrey Kahn's ~~existing flat fee of $200,000 per month~~fees at their hourly rates as well as reasonable and documented expenses (as well as the reasonable and documented fees of its local counsel, as applicable) until such time there is a final order regarding the allowance of some or all of the Requested Fees; provided, however, that Godfrey Kahn's obligations to review the Requested Fees shall terminate automatically upon such time the EFH Indenture

2

     Trustee, the Ad Hoc Group of EFH Claimants, the Elliott Creditors, and the PAB notify the Court and Godfrey Kahn of a mutually acceptable compromise regarding the Requested Fees.

 (iv) ***Compliance with Local Rules and Appendix B Guidelines***. For the avoidance of doubt, the EFH Indenture Trustee and the Fee Request shall not be required to comply with (a) The Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware or other orders in these cases, including the *Stipulation and Order Appointing a Fee Committee* [D.I. 1896], or *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases*, 78 Fed. Reg. No 116, page 36248 (June 17, 2013).

 5. Distributions by the PAB, if any, on an account of the Claims identified in paragraph 2 herein shall be made in a manner that provides for distribution on the increased claim amounts for the fees and expenses of the EFH Indenture Trustee as determined by the Court, with the assistance of Godfrey Kahn, as provided for herein, provided, however that subsequent Distributions shall be adjusted in accordance with any final order of the Bankruptcy Court determining the amounts of such Claims and the allocation of fees and expenses among such Claims.

 6. This Order is without prejudice to the EFH Indenture Trustee's rights to seek payment of any additional asserted claims, to request that the PAB directly pay any amounts pursuant to the terms of the Confirmed Plan or otherwise (and is without prejudice to the rights of any other party with respect to such requests), or to exercise its charging lien under the EFH Notes Indentures for fees and expenses provided for under the EFH Notes Indentures for any amounts due but not paid, as provided for in the Confirmed Plan. This Order is without prejudice to the rights of any party to object to any exercise of such charging lien.

6.7.    This Order is without prejudice to the rights of any party to object to the reasonableness of the increased claim amount sought and parties in interest shall be afforded the opportunity to object to any recommendation of Godfrey Kahn.

7.8.    This Order is effective and enforceable immediately upon entry.

8.9.    This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

Dated: _____, 2018         _____
        Wilmington, DE                The Honorable Christopher S. Sontchi
                                      United States Bankruptcy Judge