# EXHIBIT B

### (Blackline)

{BAY:03413636v1}

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 14-10979 (CSS)<br>) (Jointly Administered)<br>)<br>) **Re: D.I. 13599, 13604, —— 13620, 13652, 13644, 13659** |

## ORDER GRANTING
## MOTION OF UMB BANK, N.A.,
## AS INDENTURE TRUSTEE, AND ELLIOTT
## FOR AMENDMENT OF (A) FINDINGS OF FACT
## AND CONCLUSIONS OF LAW ON JOINT MOTION TO FIX
## APPROPRIATE ALLOCATION OF CERTAIN RESERVES AND
## EXPENSES AS BETWEEN THE EFH AND EFIH DEBTORS AND
## (B) ORDER FIXING APPROPRIATE ALLOCATION OF CERTAIN
## RESERVES AND EXPENSES AS BETWEEN THE EFH AND EFIH DEBTORS

Upon the motion (the "Motion")[2] of UMB and Elliott for entry of an order amending the *Findings of Fact and Conclusions of Law on Joint Motion to Fix Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors* [D.I. 13599] (the "Findings and Conclusions") and *Order Fixing Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors* [D.I. 13604] (the "Order"); and the Court having subject matter jurisdiction to consider the Motion and grant the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that notice of the Motion as set forth therein is sufficient, and that no other or further notice need be provided; and the Court having

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. The Findings and Conclusions are hereby amended to delete in its entirety the table at page 3 of the Findings and Conclusions and to replace it with the following:

| **Administrative Claim** | **EFIH**~~EFH~~ | **EFH**~~EFIH~~ |
|---|---|---|
| NextEra Termination Fee | 94.2% | 5.8% |
| Debtors' Professional Fees | 84% | 16% |
| E-Side Committee Professional Fees | 12% | 88% |
| Substantial Contribution Claim | 95% | 5% |

3. The Findings and Conclusions are hereby further amended to delete in its entirety the language at paragraph 38 of the Findings and Conclusions and to replace it with the following:

> The interested parties' negotiations were successful, and on September 18, 2016, the E-Side Debtors and NextEra executed an amendment to the NextEra Merger Agreement pursuant to which NextEra agreed to (i) further increase the cash purchase price by $300 million and (ii) reduce the Asbestos Escrow from $250 million to $100 million. (9/2/18 Horton Written Direct ¶ 32; 9/5/18 Trial Tr. at 230:20–231:9 (Horton Test.); 9/6/18 Trial Tr. at 64:18–65:18 (Keglevic Test.); ELX-393, 9/19/18 Order Authorizing Entry into Merger Agreement [D.I. 9584] at Amendment No. 1 to Merger Agreement.). All in, the total consideration being provided by NextEra was $9.827 billion.

4. The Findings and Conclusions is hereby further amended to delete in its entirety the table at paragraph 155 and to replace it with the following:

| Material Administrative Expense Claim | Allocation to EFH | Allocation to EFIH |
|---|---|---|
| NEE Termination Fee Claim *($275,000,000 if allowed in full)* | 5.8% ($15,950,000) | 94.2% ($259,050,000) |
| EFH/EFIH Debtors' Professional Fee Claims (Kirkland and Evercore only) *($136,903,558.88)* | 16% ($21,904,569.42) | 84% ($114,998,989.46) |
| E-Side Committee Professional Fees (all professionals) *($48,005,807.17)* | 88% ($42,245,110.31) | 12% ($5,760,696.86) |
| Elliott Substantial Contribution Claim *($30,068,488.73)* | 5% ($1,551,600) | 95% ($28,628,400) |
| Total *($489,977,854.78)* | 16.7% ($81,651,279.73) | 83.3% ($408,438,086.32) |

5. The Findings and Conclusions are hereby further amended to delete in its entirety the language at paragraph 160 and to replace it with the following:

> As the September 19, 2016 sale hearing approached, various parties, including key EFH creditors, continued to negotiate and, on the eve of the hearing, the E-Side Debtors and NextEra executed an amendment to the NextEra Merger Agreement pursuant to which NextEra agreed to (i) further increase the cash purchase price by $300 million and (ii) reduce the Asbestos Escrow from $250 million to $100 million. The result of this amendment was to increase the cash consideration flowing to EFH to $471 million with the assumption of asbestos liabilities valued at $100 million. On September 19, 2016, the Court approved the NextEra Merger Agreement, which included the $275 million Termination Fee.

6. The Findings and Conclusions are hereby further amended to delete in its entirety the language at paragraph 163 and to replace it with the following:

> As of September 19, 2016, the total cash and identifiable non-cash consideration flowing to the E-side Debtors under the NextEra Merger was $9.827 billion. The measurable consideration flowing to EFH was $471 million in cash and $100 million in assumed asbestos liabilities for a total of $571 million. $571 million is 5.8% of $9.827 billion. Thus, EFH's allocation of the Termination Fee is 5.8% and EFIH's share is 94.2%.

7. The Findings and Conclusions are hereby further amended to delete in its entirety paragraph 183 and to replace it with the following:

> Third, Elliott asserts that it incurred approximately $3.4 million, or just over 11% of the Elliott Substantial Contribution Claim, in connection with obtaining an order granting

reconsideration of a prior order of the Court approving the $275 million Termination Fee. Both EFH and EFIH benefitted from the disallowance of the Termination Fee. This ~~isn't~~is not related to the value received by the two estates from the imposition of the fee in the first place. The Court has held above that the value EFH received from the approval of the Termination Fee was $471 million in cash and $100 million in assumed liabilities. However, once approved by the Court, the Termination Fee became a joint and several liability of EFH and EFIH. Obtaining reconsideration of the approval of the Termination Fee and avoiding joint and several liability benefitted both estates. Thus, the Court will allocate 30% of this portion of the claim to EFH and 70% to EFIH as requested by Movants.

8. The Findings and Conclusions are hereby further amended to delete in its entirety the table at page 83 and to replace it with the following:

| Material Administrative Expense Claim | Allocation to EFH | Allocation to EFIH |
|---|---|---|
| NEE Termination Fee Claim ($275,000,000 if allowed in full) | 5.8% ($15,950,000) | 94.2% ($259,050,000) |
| EFH/EFIH Debtors' Professional Fee Claims (Kirkland and Evercore only) ($136,903,558.88) | 16% ($21,904,569.42) | 84% ($114,998,989.46) |
| E-Side Committee Professional Fees (all professionals) ($48,005,807.17) | 88% ($42,245,110.31) | 12% ($5,760,696.86) |
| Elliott Substantial Contribution Claim ($30,068,488.73) | 5% ($1,551,600) | 95% ($28,628,400) |
| Total ($489,977,854.78) | 16.7% ($81,651,279.73) | 83.3% ($408,438,086.32) |

9. The Order is hereby amended to delete in its entirety the language at paragraph 2.a) and to replace it with the following:

NEE Termination Fee Claim, to the extent it becomes Allowed (as defined in the Plan) and payable: 5.8% to EFH and 94.2% to EFIH;

10. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

11. The PAB is hereby authorized and empowered to take all actions necessary to

implement the relief granted in this Order.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: _____, 2018
      Wilmington, Delaware    _____
                                              THE HONORABLE CHRISTOPHER S. SONTCHI
                                              CHIEF UNITED STATES BANKRUPTCY JUDGE