# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | : | Chapter 11 |
|---|---|---|
| In re: | : | |
| | : | Case No. 14-10979 (CSS) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | : | (Jointly Administered) |
| | : | |
| | : | **Objection deadline:** March 12, 2019 at 4:00 pm Eastern Time |
| Debtors. | : | **Hearing date:** March 18, 2019 at 11:00 am Eastern Time |
| | : | |

**COVER SHEET TO THE COMBINED
SEVENTH INTERIM AND FINAL APPLICATION OF BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP, DELAWARE COUNSEL TO THE ENERGY FUTURE
HOLDINGS CORP. FEE COMMITTEE, FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE INTERIM PERIOD OF
MAY 1, 2018 THROUGH JANUARY 31, 2019, AND THE FINAL PERIOD
OF APRIL 7, 2016 THROUGH JANUARY 31, 2019**

| | |
|---|---|
| Name of Applicant: | Benesch, Friedlander, Coplan & Aronoff LLP |
| Authorized to Provide Professional Services to: | Energy Future Holdings Corp. Fee Committee |
| Date of Retention: | May 16, 2016 *nunc pro tunc* to April 7, 2016 |
| Interim Period for which Compensation and Reimbursement of Expenses is Sought: | May 1, 2018 – January 31, 2019 (the "Interim Compensation Period") |
| Amount of Interim Compensation Sought as Actual, Reasonable, and Necessary: | $16,475.00 |
| Amount of Interim Expense Reimbursement Sought As Actual, Reasonable, and Necessary: | $171.20 |

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these Chapter 11 cases, which are being jointly administered on a final basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

11923865

| | |
|---|---|
| Final Period for which Compensation and Reimbursement of Expenses is Sought: | April 7, 2016 – January 31, 2019 (the "<u>Final Compensation Period</u>") |
| Amount of Final Compensation Sought as Actual, Reasonable, and Necessary: | $76,282.00[2] |
| Amount of Final Expense Reimbursement Sought As Actual, Reasonable, and Necessary: | $611.65 |

This is a \_\_\_\_ monthly __X__ interim __X__ final application.

---

[2] Benesch also seeks an additional sum of up to $10,000.00 in anticipated fees and expenses incurred for the period of February 1, 2019, through the final fee hearing scheduled for March 18, 2019. These anticipated fees generally relate to analyzing, reviewing, drafting, filing, and serving remaining monthly and final fee applications and certificates of no objection or certifications of counsel for the Fee Committee's professionals, as well as to any trailing expenses that may not have been processed as of the date of this Application.

## PREVIOUSLY FILED FEE STATEMENTS

| Monthly Fee Statements | | Requested | | Received | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| 10/7/2016 | 4/7/2016-4/30/2016 | $6,309.50 | $0.00 | $5,047.50 | $0.00 |
| 10/7/2016 | 5/1/2016-5/31/2016 | $1,462.50 | $4.30 | $1,170.00 | $4.30 |
| 10/7/2016 | 6/1/2016-6/30/2016 | $2,640.00 | $5.00 | $2,112.00 | $5.00 |
| 10/7/2016 | 8/1/2016-8/31/2016 | $2,952.00 | $11.60 | $2,361.60 | $11.60 |
| 11/1/2016 | 9/1/2016-9/30/2016 | $4,494.50 | $8.00 | $3,595.60 | $8.00 |
| 12/1/2016 | 10/1/2016-10/31/2016 | $6,434.00 | $45.10 | $5,147.20 | $45.10 |
| 3/1/2017 | 11/1/2016-12/31/2016 | $4,649.50 | $57.70 | $4,649.50 | $57.70 |

| Interim Fee Applications | | Requested | | Received | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| 2/28/2017 | 4/7/2016-8/31/2016 | $13,364.00 | $20.90 | $13,364.00 | $20.90 |
| 3/15/2017 | 9/1/2016-12/31/2016 | $15,578.00 | $110.60 | $15,578.00 | $110.60 |
| 6/16/2017 | 1/1/2017-4/30/2017 | $10,284.50 | $64.85 | $10,284.50 | $64.85 |
| 1/25/2018 | 5/1/2017-8/31/2017 | $3,655.00 | $29.00 | $3,655.00 | $29.00 |
| 6/20/2018 | 9/1/2017-12/31/2017 | $5,259.50 | $54.30 | $5,259.50[3] | $54.30 |
| 10/2/2018 | 1/1/2018-4/30/2018 | $11,778.00 | $160.80 | $11,353.50 | $160.80 |

---

[3]     Benesch's interim fee application for the period September 1, 2017 through December 31, 2017 contained a mathematical error that overstated Benesch's fee amount by $112.00, which amount Benesch has credited against its final fee request.

## COMPENSATION BY TIMEKEEPER DURING THE INTERIM PERIOD

| Name of Professional | Position with the Applicant and Number of Years in that Position | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Jennifer R. Hoover | Partner since 2012. Member of the DE Bar since 2007. Member of the PA and NJ Bars since 2001. | $545.00 | 7.80 | $4,251.00 |
| Jennifer R. Hoover | Partner since 2012. Member of the DE Bar since 2007. Member of the PA and NJ Bars since 2001. | $570.00 | 8.90 | $5,073.00 |
| William M. Alleman Jr. | Associate since 2015.[4] Member of the DE bar since 2010. | $370.00 | 8.60 | $3,182.00 |
| William M. Alleman Jr. | Associate since 2015.[5] Member of the DE bar since 2010. | $440.00 | 3.60 | $1,584.00 |
| LouAnne Molinaro | Paralegal since 2017. | $285.00 | 3.00 | $855.00 |
| LouAnne Molinaro | Paralegal since 2017. | $300.00 | 1.80 | $540.00 |
| Patrice L. Parson | Paralegal since 2006. | $300.00 | 3.30 | $990.00 |
| Blended Rate/Total | | $445.27 | 37.00 | $16,475.00 |

---

[4]   Promoted to partner effective January 1, 2019, but all time related to this Application was incurred while an associate.

[5]   Promoted to partner effective January 1, 2019, but all time related to this Application was incurred while an associate.

## COMPENSATION BY TIMEKEEPER DURING THE FINAL PERIOD

| Name of Professional | Position with the Applicant and Number of Years in that Position | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Jennifer R. Hoover | Partner since 2012. Member of the DE Bar since 2007. Member of the PA and NJ Bars since 2001. | $460.00 | 11.5 | $5,290.00 |
| Jennifer R. Hoover | Partner since 2012. Member of the DE Bar since 2007. Member of the PA and NJ Bars since 2001. | $510.00 | 14.1 | $7,191.00 |
| Jennifer R. Hoover | Partner since 2012. Member of the DE Bar since 2007. Member of the PA and NJ Bars since 2001. | $545.00 | 16.8 | $9,156.00 |
| Jennifer R. Hoover | Partner since 2012. Member of the DE Bar since 2007. Member of the PA and NJ Bars since 2001. | $570.00 | 8.9 | $5,073.00 |
| William M. Alleman Jr. | Associate since 2015.[6] Member of the DE bar since 2010. | $325.00 | 18.9 | $6,142.50 |
| William M. Alleman Jr. | Associate since 2015.[7] Member of the DE bar since 2010. | $335.00 | 19.7 | $6,599.50 |

---

[6] Promoted to partner effective January 1, 2019, but all time related to this Application was incurred while an associate.

[7] Promoted to partner effective January 1, 2019, but all time related to this Application was incurred while an associate.

| | | | | |
|---|---|---|---|---|
| William M. Alleman Jr. | Associate since 2015.[8] Member of the DE bar since 2010. | $370.00 | 18.4 | $6,808.00 |
| William M. Alleman Jr. | Associate since 2015.[9] Member of the DE bar since 2010. | $440.00 | 3.6 | $1,584.00 |
| Kevin M. Capuzzi | Associate since 2014.[10] Member of the DE bar since 2010. | $335.00 | 3.0 | $1,005.00 |
| Kevin M. Capuzzi | Associate since 2014.[11] Member of the DE bar since 2010. | $370.00 | 5.5 | $2,035.00 |
| Celeste A. Hartman | Paralegal since 1977 | $270.00 | 23.8 | $6,426.00 |
| Celeste A. Hartman | Paralegal since 1977 | $285.00 | 46.7 | $13,309.50 |
| LouAnne Molinaro | Paralegal since 2017. | $285.00 | 14.5 | $4,132.50 |
| LouAnne Molinaro | Paralegal since 2017. | $300.00 | 1.8 | $540.00 |
| Patrice L. Parson | Paralegal since 2006. | $300.00 | 3.3 | $990.00 |
| Blended Rate/Total | | $410.42 | 210.5 | $76,282.00 |

---

[8] Promoted to partner effective January 1, 2019, but all time related to this Application was incurred while an associate.
[9] Promoted to partner effective January 1, 2019, but all time related to this Application was incurred while an associate.
[10] Promoted to partner effective January 1, 2019, but all time related to this Application was incurred while an associate.
[11] Promoted to partner effective January 1, 2019, but all time related to this Application was incurred while an associate.

**COMPENSATION BY PROJECT CATEGORY DURING THE INTERIM PERIOD**

| Matter Description | Total Hours Billed | Total Fees Requested |
|---|---:|---:|
| Case Administration | 17.10 | $7,456.50 |
| Fee Applications—Others | 2.5 | $985.50 |
| Fee Applications—Benesch | 12.8 | $6,313.00 |
| Fee Application Objections—Others | 4.6 | $1,720.00 |
| Total | 120.5 | $16,475.00 |

**COMPENSATION BY PROJECT CATEGORY DURING THE FINAL PERIOD**

| Matter Description | Total Hours Billed | Total Fees Requested |
|---|---:|---:|
| Energy Futures Holdings Official Fee Committee | 4.6 | $1,532.00 |
| Case Administration | 20.9 | $12,437.00 |
| Fee Applications—Others | 57.2 | $19,624.50 |
| Fee Applications—Benesch | 96.3 | $28,557.00 |
| Fee Application Objections—Others | 4.9 | $1,805.50 |
| Employment Applications | 21.50 | $7,466.50 |
| Plan and Disclosure Statement | .30 | $85.50 |
| Litigation | 2.2 | $884.00 |
| Court Appearances | 11.2 | $3,890.00 |
| Total | 120.5 | $76,282.00 |

**EXPENSE SUMMARY FOR INTERIM PERIOD**

| Expense Category | Service Provider | Amount |
|---|---|---|
| Meals | | $56.50 |
| Outside Professional Services | DLS Discovery | $70.00 |
| PACER | U.S. Courts | $44.70 |
| Total | | $171.20 |

**EXPENSE SUMMARY FOR FINAL PERIOD**

| Expense Category | Service Provider | Amount |
|---|---|---|
| Meals | | $56.50 |
| Outside Professional Services | DLS Discovery | $237.75 |
| Duplication In-house | | $9.50 |
| Court Filing Fee | U.S. District Court | $25.00 |
| Travel Ground | Roadrunner Express | 124.00 |
| PACER | U.S. Courts | $158.90 |
| Total | | $611.65 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | : | Chapter 11 |
|---|---|---|
| In re: | : | |
| | : | Case No. 14-10979 (CSS) |
| ENERGY FUTURE HOLDINGS CORP., | : | (Jointly Administered) |
| *et al.*,[12] | : | |
| | : | **Objection deadline: March 12, 2019 at 4:00 pm Eastern Time** |
| Debtors. | : | **Hearing date: March 18, 2019 at 11:00 am Eastern Time** |

**COMBINED SEVENTH INTERIM AND FINAL APPLICATION OF BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP, DELAWARE COUNSEL TO THE ENERGY FUTURE HOLDINGS CORP. FEE COMMITTEE, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE INTERIM PERIOD OF MAY 1, 2018 THROUGH JANUARY 31, 2019, AND THE FINAL PERIOD OF APRIL 7, 2016 THROUGH JANUARY 31, 2019**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals*, dated September 16, 2014 (D.I. 2066) (the "Interim Compensation Order"), Benesch, Friedlander, Coplan & Aronoff LLP ("Benesch"), hereby files this *Combined Seventh Interim and Final Application of Benesch, Friedlander, Coplan & Aronoff LLP, Delaware Counsel to the Energy Future Holdings Corp. Fee Committee, for Compensation and Reimbursement of Expenses for the Interim Period May 1, 2018*

---

[12] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these Chapter 11 cases, which are being jointly administered on a final basis, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

9

*through January 31, 2019 and the Final Period of April 7, 2016 through January 31, 2019* (the "Application") for professional services rendered as counsel for the Energy Future Holdings Corp. Fee Committee (the "Fee Committee"). In support of this Application, Benesch respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this chapter 11 case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. Benesch submits this Application pursuant to sections 327, 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-2, the Interim Compensation Order, the *Stipulation and Order Appointing a Fee Committee* (D.I. 1896) (the "Fee Committee Order"), and the *Order Authorizing the Employment and Retention of Benesch, Friedlander, Coplan & Aronoff, LLP as Delaware Counsel to the Fee Committee* (D.I. 8448) (the "Retention Order") for allowance and payment (to the extent not already paid) of (i) interim compensation in the amount of $16,475.00 for the reasonable and necessary legal services Benesch rendered to the Fee Committee from May 1, 2018 through January 31, 2019 (the "Interim Compensation Period"); (ii) reimbursement of $171.20 for actual and necessary expenses Benesch incurred during the Interim Compensation Period; (iii) final compensation in the amount of $76,282.00 for the reasonable and necessary legal services Benesch rendered to the Fee Committee from April 7, 2016 through January 31, 2019 (the "Final Compensation Period"); and (iv) reimbursement of $611.65 for actual and necessary expenses Benesch incurred during the Final Fee Period.

**ITEMIZATION OF SERVICES RENDERED AND DISBURSEMENTS INCURRED**

3.      The Cover Sheet for this Application provides a breakdown of the professionals that worked on this case, their hourly rate, the total hours each worked, and the blended rate of all professionals.  Attached to this Application as **Exhibit A** is a copy of the billing and time detail for each professional listed in the Cover Sheet for the Interim Compensation Period.  Exhibit A also provides a breakdown by category of the work done.  The Cover Sheet also provides a breakdown of expenses incurred in connection with the services rendered during the Interim Compensation Period.  This same information is contained in **Exhibit B**, attached hereto.  Benesch also reserves the right to seek payment of any fees and expenses incurred but not yet billed before the date of this Application, up to $10,000.

**FEE STATEMENTS**

4.      Pursuant to the procedures set forth in the Interim Compensation Order, professionals may apply for monthly compensation and reimbursement (each such statement, a "Monthly Fee Statement"), and the notice parties listed in the Interim Compensation Order may object to such request.  If no notice party objects to a professional's Monthly Fee Statement within 21 days after the date of service of the Monthly Fee Statement, the professional may submit to the Court a certification of no objection, whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.  Benesch did not file any Monthly Fee Statements for compensation during this Fee Period.

5.      Pursuant to the Interim Compensation Order, within 45 days of the end of the quarter, professionals are to file and serve upon the notice parties a request (an "Interim Fee Application") for interim Court approval and allowance of the Monthly Fee Statements filed during the period covered by the Interim Fee Application.  If the Court grants the relief requested

11

by the Interim Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses covered by that Interim Fee Application less any amounts previously paid in connection with Monthly Fee Statements. Any payment made pursuant to the Monthly Fee Statements or any Interim Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

6. This Application, which is submitted in accordance with the Interim Compensation Order, is the seventh interim and final application for compensation for services rendered and expenses incurred that Benesch has filed with the Court in connection with these cases, and covers the Interim Compensation Period of May 1, 2018 through January 31, 2019, and the Final Compensation Period of April 7, 2016 through January 31, 2019.

## PROPOSED PAYMENT ALLOCATION

7. Paragraph 2(b) of the Interim Compensation Order requires Professionals to allocate the fees and expenses sought in their Applications among (a) Energy Future Holdings Corp. and (b) Energy Future Intermediate Holding Company LLC and each of their direct subsidiaries that are Debtors in these chapter 11 cases. As Delaware counsel to the Fee Committee, the compensation earned and expenses incurred by Benesch should be allocated evenly amongst the Debtors.

## SUMMARY OF SERVICES RENDERED

8. Benesch has rendered legal services to the Fee Committee on a regular basis during the Fee Period, including time spent on the following:

> i. Case Administration – (Fees: $7,456.50 - Total Hours: 17.1)
> This category represents time spent maintaining the docket, reviewing pleadings, and general administrative matters. Time was also spent preparing fee binders for hearings and related matters.

    ii. <u>Fee Applications—Others</u> – (Fees: $985.50 - Total Hours: 2.5)
This category represents time spent reviewing and filing the interim compensation applications for the Fee Committee and Godfrey & Kahn, P.C.

    iii. <u>Fee Applications—Benesch</u> – (Fees: $6,313.00 - Total Hours: 12.8)
This category represents time spent coordinating the preparation and filing of certain interim fee applications as Delaware counsel to the Fee Committee and related matters.

    iv. <u>Fee Application Objections—Others</u> – (Fees: $1,720.00 - Total Hours: 4.6)
This category represents time spent monitoring for objections and preparing and filing certificates of no objection for Fee Committee and Godfrey & Kahn, P.C. fee applications.

9. As noted, the services rendered by Benesch during the Interim Compensation Period are set forth in detail on **Exhibit A** hereto. The services rendered by Benesch during the Final Compensation Period are set forth in detail in each of the interim fee statements previously filed by Benesch, described above. These statements contain daily time logs describing the time spent by each attorney and paraprofessional for their respective time periods. The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category.

## EXPENSES INCURRED DURING THE INTERIM PERIOD

10. The cover sheet to this Application contains a list of the necessary and actual expenses incurred by Benesch during the Interim Compensation Period and the Final Compensation Period in connection with the above-described work. Benesch charges 25¢ per page for outgoing facsimiles with no charge for incoming facsimiles, 10¢ per page for photocopying, and charges for meals only necessitated by meetings with the Debtors, the Fee Committee, or when Benesch's personnel would work on this case through a normal meal period.

**ALLOWANCE OF INTERIM AND FINAL COMPENSATION**

11. Section 330 of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person "reasonable compensation for actual, necessary services rendered." Section 330(a)(3), in turn, provides that:

> In determining the amount of reasonable compensation to be awarded . . . , the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)  the time spent on such services;
>
> (B)  the rates charged for such services;
>
> (C)  whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;
>
> (D)  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)  with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

12. The congressional policy expressed above provides for adequate compensation in order to continue to attract qualified and competent professionals to bankruptcy cases. *See In Re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 850 (3d Cir. 1994) ("Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts." (citation and internal quotation marks omitted)); *In re Drexel Burnham Lambert Grp., Inc.*, 133 B.R. 13, 18 (Bankr. S.D.N.Y. 1991) ("Congress' objective on requiring

that the market, not the Court, establish attorneys' rates was to ensure that bankruptcy cases were staffed by appropriate legal specialists.").

13. Benesch asserts that in accordance with the factors enumerated in 11 U.S.C. § 330, the amount requested is fair and reasonable given (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. It is respectfully submitted that had counsel with less experience in these types of matters been retained, the cost to the estate would have been much greater.

14. The fees charged by Benesch in these cases are billed in accordance with the existing billing rates and procedures in effect during the Interim Compensation Period and Final Compensation Period. The services rendered by Benesch were necessary and beneficial to the Fee Committee, consistently performed in a timely manner, and reasonable in light of the value of such services to the Fee Committee, Benesch's demonstrated skill and expertise in the bankruptcy field, and the customary compensation charged by comparably skilled practitioners. Accordingly, Benesch submits that approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

## **NOTICE AND NO PRIOR APPLICATION**

15. Notice of this Application has been provided to the Debtors, the U.S. Trustee, and those entities that have requested notice pursuant to Bankruptcy Rule 2002. Benesch submits that the foregoing constitutes good and sufficient notice and that no other or further notice need be provided.

16. No previous application for the relief sought herein has been made to this or any other court.

**LOCAL RULE 2016-2 CERTIFICATION**

17. Pursuant to Local Rule 2016-2(g), the undersigned certifies that he or she has reviewed the requirements of Local Rule 2016-2 and this Application complies with those rules.

**WHEREFORE**, Benesch hereby respectfully requests the Court enter an order: (i) granting interim allowance of compensation for Benesch's necessary and valuable service to the Fee Committee during the Interim Compensation Period in the aggregate amount of $16,475.00, and reimbursement for actual and necessary expenses in the aggregate amount of $171.20, for a total allowance of $16,646.20; (ii) granting final allowance of compensation for Benesch's necessary and valuable service to the Fee Committee during the Final Compensation Period in the aggregate amount of $76,282.00, and reimbursement to Benesch for actual and necessary expenses in the aggregate amount of $611.65, for a total final allowance of $76,893.65; (iii) allowing and authorizing an additional sum up to $10,000.00 in anticipated fees and expenses incurred for the period of February 1, 2019, through the final fee hearing scheduled for March 18, 2019; and (iv) awarding Benesch such other and further relief that this Court deems just and proper.

Dated: February 19, 2019
Wilmington, Delaware

BENESCH, FRIEDLANDER, COPLAN
& ARONOFF LLP

 /s/ William M. Alleman, Jr.
Jennifer R. Hoover, Esquire (No. 5111)
William M. Alleman, Jr., Esquire (No. 5449)
222 Delaware Ave., Suite 801
Wilmington, DE 19801
(302) 442-7010 (telephone)
(302) 442-7012 (facsimile)
jhoover@beneschlaw.com
walleman@beneschlaw.com

*Delaware Counsel for the Energy Future Holdings Corp. Fee Committee*