## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------------- X

In re : Chapter 11

:

ENERGY FUTURE HOLDINGS CORP. *et al.,* : Case No. 14-10979 (CSS)

:

Debtor-in-Possession. : (Jointly Administered)

:

: Objection deadline: June 6, 2019 at 4:00 p.m.

: Eastern Time

: Hearing date: June 25, 2019 at 2:00 p.m. Eastern

---------------------------------------------------------------------------- X Time

### FINAL FEE APPLICATION OF HOWARD J. KAPLAN, A MEMBER OF THE FEE COMMITTEE, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES <u>INCURRED FROM FEBRUARY 2018 THROUGH DECEMBER 31, 2018</u>

### FEE APPLICATION

Howard J. Kaplan, a Member of the Fee Committee appointed in these cases, submits this *Final Application of Howard J. Kaplan, as a Member of the Fee Committee, for Approval of Compensation for Services Rendered and for Reimbursement of Expenses for the Period From February 2018 Through December 31, 2018* (the "**Fee Application**") under 11 U.S.C. §§ 330 and 331, Fed. R. Bankr. P. 2016, and Local Rule 2016-2. Pursuant to the flat fee compensation arrangement established in the *Amended and Restated Stipulation and Order Appointing a Fee Committee* [Dkt. 2552] (the "**Amended Fee Committee Order**"), this Fee Application requests approval of compensation for professional services and reimbursement of expenses incurred from February 2018 through December 31, 2018.

The Applicant requests retrospective Court approval for a total of $300,000.00 in fees for the Final Compensation Period. This total would, if expressed in terms of an hourly rate, reflect an average hourly rate of $570. (This figure includes time recorded by Mr. Kaplan and lawyers

and paralegals at his law firm, Kaplan Rice LLP).  The Applicant also requests reimbursement of

$5,295.65 in out-of-pocket expenses for the Final Compensation Period.

## BACKGROUND

1.      On April 29, 2014 (the "**Commencement Date**"), each of the Debtors filed a

voluntary petition under chapter 11 of title 11 of the United States Code (the "**Bankruptcy**

**Code**").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and

have been jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**").  The Debtors were authorized to operate their businesses

and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code.

2.      The Court appointed a Fee Committee on August 21, 2014 to execute the duties

set forth in the Fee Committee Order, including, among other things, monitoring the fees and

expenses incurred by professionals ("**Retained Professionals**") in these chapter 11 cases.

3.      During the Final Compensation Period, the Fee Committee continued reviewing

certain interim fee applications for the Tenth Interim Fee Period, at least 10 interim fee

applications for the Eleventh Interim Fee Period (September 1 through December 21, 2017),

began and completed review of 21 fee applications for the Twelfth Interim Fee Period (January 1

through March 9, 2018), and began and completed review of 24 final fee applications.  The Fee

Committee also evaluated 29 applications under 11 U.S.C. § 503(b) totaling more than

$60 million in fees and $2 million in expenses.

## THE APPLICANT

4.      The services provided are summarized in the Affidavit of Howard J. Kaplan

attached hereto as **Exhibit A**.

## FEE COMMITTEE PROCESS

1.      During the Final Compensation Period, the Fee Committee met at least fifteen times, with eleven meetings taking place in person in New York, two meetings taking place in person in Wilmington, and three meetings by telephone.  The Fee Committee continued and completed the review and reporting process for certain applications for the Tenth Interim Fee Period, began and completed the review and reporting process for applications for the Eleventh Interim Fee Period, began and completed work on the review and reporting process for the Twelfth Interim Period, and began and completed work on all applications for the Final Fee Period for the case (April 29, 2014 through March 9, 2018).  The Fee Committee also evaluated applications under 11 U.S.C. §503(b).

2.      The Fee Committee's analytical and reporting process in connection with the above generally followed the historical process described to Applicant.  This process was supplemented with additional analysis performed and/or requested by Applicant.

## DESCRIPTION OF SERVICES PROVIDED

3.      During the Final Compensation Period, Applicant attended all Fee Committee meetings—in person, on February 28, April 19, May 10, June 15, July 12, August 14, September 14, September 24, October 18, November 13 and December 7, 2018; and, by telephone, on October 12, November 16 and December 4, 2018.

4.      The services provided are summarized in the attached Affidavit of Howard J. Kaplan.

## REQUEST FOR APPROVAL OF COMPENSATION

5.      Compensation to professionals is governed by 11 U.S.C. §§ 330 and 331.  The Court is authorized to grant "reasonable compensation for actual, necessary services rendered by the [professional person] and reimbursement for actual, necessary expenses."

6.      The Applicant requests that the Court approve this Application, incorporating services and expenses incurred during the Final Compensation Period, because he has completed his assignment in a timely, efficient and effective manner.

A.      The services of the Applicant have provided direct benefit to the estates, both tangible and intangible, by saving amounts sought for professional services inadvertently, improvidently, or inappropriately billed to the estates.

B.      The services of the Applicant have assisted the Fee Committee, the Court and the U.S. Trustee in fulfilling their own responsibilities, and those same services have helped encourage the Retained Professionals to submit applications for compensation and reimbursement that meet the requirements of the Bankruptcy Code, the U.S. Trustee Guidelines and the local rules of the District of Delaware.

C.      All of the Fee Committee's standards and guidelines applied to other Retained Professionals have also been applied to the Applicant.

7.      The Applicant received a fixed monthly $30,000.00 payment for February through December, 2018.  This flat fee payment was authorized by the Court in the Amended Fee Committee Order.

8.      The aggregate amount of $300,000.00 in flat fees for the Interim Compensation Period has been conditionally paid to the Applicant, subject to the filing of this Application and further order of this Court.  The Applicant now seeks retrospective Court approval of these payments.

9.      There is no agreement or understanding between the Applicant and any other entity (except with and through Kaplan Rice LLP) for the sharing of compensation to be received.

10.    The services provided were actual and necessary to the administration of the fee examination process in these cases.  The fee review process is a statutory mandate in all chapter 11 cases.  Given the size and complexity of these cases, however, the parties agreed to the creation of a Fee Committee to aid both the U.S. Trustee and the Court.

11.    In reviewing whether a compensation request should be granted, the Court should be guided by the following factors:

> [T]he nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A)    The time spent on such services;
>
> (B)    The rates charged for such services;
>
> (C)    Whether the services were necessary to the administration of or beneficial at the time at which the service was rendered toward the completion of a case under this title;
>
> (D)    Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed;
>
> (E)    With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)    Whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than these under this title.

11 U.S.C. § 330.

12.    The requested compensation and reimbursement meet the statutory requirements for allowance.  The Applicant has completed his work in a timely and efficient manner commensurate with the complexity, importance and nature of the issues involved.  The Applicant has demonstrated skill in bankruptcy, generally, and in the bankruptcy fee review context, specifically.

13.    Moreover, the requested compensation is reasonable because it is no more than (if not less than) the customary compensation charged by comparably skilled professionals in other bankruptcy contexts, such as a Chapter 11 examiner.

14.    Accordingly, approval of the requested compensation is warranted.

**REQUEST FOR REIMBURSEMENT OF ACTUAL AND NECESSARY
EXPENSES INCURRED DURING THE EXPENSE REIMBURSEMENT PERIOD**

15.    The Applicant incurred total expenses from January 1, 2018 through December 31, 2018 in the amount of $5,295.65.  **Exhibit B** itemizes the Applicant's requested expense reimbursement.

16.    The Applicant is not making a profit on any expense incurred as a result of services provided by a third party.

17.    The expenses requested herein have been adjusted to comply with all of the pertinent guidelines and caps the Fee Committee has applied in its evaluation of Retained Professional expenses.  The expenses are actual, reasonable and necessary in light of the scope of the Applicant's appointment to aid in the administration of these cases.

**NOTICE**

18.    It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in the Fee Application.  The Applicant reserves the right to include such amounts in addendums to this Fee Application.  The Applicant has provided notice of this Fee Application to: (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution

control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto;

(f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75 percent EFH senior unsecured notes due 2019; (ii) the 10.0 percent EFH senior unsecured notes due 2020; (iii) the 10.875 percent EFH LBO senior unsecured notes due 2017; (iv) the 11.25 percent/12.0 percent EFH LBO toggle notes due 2017; (v) the 5.55 percent EFH legacy notes (series P) due 2014; (vi) the 6.50 percent EFH legacy notes (series Q) due 2024; and (vii) the 6.55 percent EFH legacy notes (series R) due 2034, and counsel thereto;

(g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0 percent EFIH senior secured second lien notes due 2021; and (ii) the 11.75 percent EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75 percent EFIH senior unsecured notes due 2019; and (ii) the 11.25 percent/12.25 percent senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875 percent EFIH senior secured notes due 2017; (ii) the 10.0 percent EFIH senior secured notes due 2020; and (iii) the 11.50 percent TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25 percent TCEH senior unsecured notes due 2015; and (ii) the 10.50 percent/11.25 percent TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0 percent TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility

and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings
Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders;
(q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric
Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company
LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue
Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office
of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel
to the Electric Reliability Council of Texas; (y) the Fee Committee; and (z) those parties that
have requested notice pursuant to Bankruptcy Rule 2002 (the "**Notice Parties**").  The Chair
submits that, in light of the nature of the relief requested, no other or further notice need be
given.

19.    No previous request for the relief sought has been made by the Applicant to this
or any other Court for these matters.

## CONCLUSION

The Applicant respectfully requests that the Court enter an order retrospectively
authorizing interim allowance of compensation for professional services rendered during the
Compensation Period in the amount of $300,000.00, and ordering the reimbursement of expenses
in the amount of $5,295.65 for the Compensation Period.

Dated:  May 16, 2019

BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP

By:      */s/ William M. Alleman, Jr.*
Jennifer R. Hoover (DE Bar No. 5111)
William M. Alleman, Jr. (DE Bar No. 5449)
BENESCH, FRIEDLANDER, COPLAN, &
ARONOFF LLP
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
E-mail: jhoover@beneschlaw.com
         walleman@beneschlaw.com

Katherine Stadler
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609
E-mail: kstadler@gklaw.com

*Attorneys for the Fee Committee*

## <u>CERTIFICATION</u>

The Applicant has reviewed the requirements of Local Rule 2016-2 and certifies that the

motion complies with Local Rule 2016-2 to the extent applicable.

KAPLAN RICE LLP                                  GODFREY & KAHN, S.C.


   */s/ Howard J. Kaplan*                                      */s/ Katherine Stadler*                           
Howard J. Kaplan                                 Brady C. Williamson
Fee Committee Member                             Katherine Stadler, *Admitted Pro Hac Vice*

                                                 GODFREY & KAHN, S.C.
                                                 One East Main Street, Suite 500
                                                 P.O. Box 2719
                                                 Madison, WI 53701-2719
                                                 Telephone: (608) 257-3911
                                                 Facsimile: (608) 257-0609
                                                 E-mail: bwilliam@gklaw.com
                                                           kstadler@gklaw.com
                                                 *Attorneys for the Fee Committee*

20170402.2

10