# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  |  |  |
|---|---|---|
| Mark McKane, P.C.<br>To Call Writer Directly:<br>+1 415 439 1473<br><br>mark.mckane@kirkland.com | 555 California Street<br>San Francisco, CA 94104<br>United States<br>+1 415 439 1400<br>www.kirkland.com | Facsimile:<br>+1 415 439 1500 |

May 29, 2019

**By ECF and Hand Delivery**

The Honorable Christopher S. Sontchi
Chief United States Bankruptcy Judge
United States Bankruptcy Court
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

Re:   *In re Energy Future Holdings Corp.*, Case No. 14-10979 (CSS)

Dear Judge Sontchi:

I write on behalf of Luminant Generation LLC ("Luminant"), one of the reorganized debtors in *In re Energy Future Holdings Corp.*, Case No. 14-10979 (the "Debtors," and after the effective date of their plan, the "Reorganized Debtors"), pursuant to the *Notice of Telephonic Only Hearing*, filed May 16, 2019 [D.I. 13795] in connection with the *Motion of the City of Dallas, Texas for Summary Judgment for Allowance and Payment of Its Administrative Claim Under 11 U.S.C. § 503(b)(7)*, filed April 26, 2019 [D.I. 13782] (the "Motion") and the related *Opening Brief of the City of Dallas, Texas in Support of Its Motion for Summary Judgment for Allowance and Payment of Its Administrative Claim Under 11 U.S.C. § 503(b)(7)*, filed April 26, 2019 [D.I. 13783] (the "Opening Brief") filed by the City of Dallas, Texas ("Dallas").   The following procedural history is relevant to the present dispute:

- On November 12, 2015, Dallas submitted its initial proof of claim stemming from the assumption, and subsequent rejection, of the water lease by the Debtors, (the "Water Lease" and the "Original POC," respectively), for $16,223,382.78 based on the "[r]ejection of assumed nonresidential real property lease."   Dallas stated that it was entitled to a $6,445,897.62 administrative claim under 11 U.S.C. § 503(b)(7) and a $9,777,485.16 general unsecured claim under 11 U.S.C. § 502(b)(6).

- On August 26, 2016, Luminant objected to the Original POC [D.I. 9409] (the "Original Objection") and Dallas filed their response on October 7, 2016 [D.I. 9779] (the "Original Response").

- On October 14, 2016, Dallas amended the Original POC (the "First Amended POC") to increase the aggregate amount of the claim to $17,523,615.00.[1]   This amendment was made despite Dallas' own

---

[1] Dallas stated that it was entitled to a $6,825,275.04 administrative claim under 11 U.S.C. § 503(b)(7) (a $379,377.42 increase) and a $10,698,339.96 general unsecured claim under 11 U.S.C. § 502(b)(6) (a $920,854 increase).

Beijing   Boston   Chicago   Dallas   Hong Kong   Houston   London   Los Angeles   Munich   New York   Palo Alto   Paris   Shanghai   Washington, D.C.

RLF1 21318460v.1

## KIRKLAND & ELLIS LLP

The Honorable Christopher S. Sontchi
May 29, 2019
Page 2

acknowledgement that "Until resolution of [the Sabine River Authority ("SRA")] dispute, the precise amounts of Dallas' claims against Luminant were not definitively calculable."[2] *See* Opening Brief at 2. The Court subsequently stayed these proceedings to allow a resolution of the Water Rate Litigation. On October 11, 2017, the SRA and Dallas settled the Water Rate Litigation (the "SRA Settlement").

- The parties made progress through settlement discussions, including an in-person meeting on September 2018, but have not been able to agree on a resolution.

- On April 26, 2019, Dallas filed a further amended proof of claim (the "Second Amended POC") asking for a $5,598,128.87 administrative claim under 11 U.S.C. § 503(b)(7) and withdrawing its general unsecured claim under 11 U.S.C. §502(b)(6) [D.I. 13784, Exhibit A], along with the Motion and the Opening Brief.

- Of note, the Debtors' confirmed plan of reorganization requires that an amendment to a proof of claim after the effective date must be authorized by the Reorganized Debtors or the Court.[3] The Debtors' confirmed plan went effective on October 3, 2016.[4] Luminant has not consented to any such amendment and, to Luminant's knowledge, no such relief has been granted by this Court.

- After Dallas filed the Second Amended POC, counsel for Dallas and Luminant met and conferred by telephone and exchanged email correspondence regarding the necessity and scope of discovery on the Second Amended POC, the declaration of Terry Lowery filed therewith, and the Opening Brief.

- Following those exchanges, Luminant served the *Reorganized Luminant's Request for Production of Documents to the City of Dallas* attached hereto as **Exhibit A**, the *Notice of Deposition of Terry Lowery* attached hereto as **Exhibit B**, and the *Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) and Fed. R. Bankr. P. 7030* attached hereto as **Exhibit C** (Exhibits A, B, and C, collectively, the "Discovery").

---

[2] Before the water lease rejection, Luminant was one of 26 customers leasing water from the Lake Fork Reservoir from Dallas. *See* Lowery Declaration at ¶6, [D.I. 9780]. On October 9, 2014, the SRA increased the water rate, which increased Dallas' costs by 900%. *Id.* at ¶12. These price increases were the focus of a separate legal proceeding (the "Water Rate Litigation"). *See* Opening Brief at 12. After this rate change, Dallas increased Luminant's rate, "in part due to the 900% rate increase imposed on Dallas by the [SRA]." *See* Lowery Declaration at ¶22. This rate increase resulted in the First Amended POC. *See* City of Dallas Response at 2 [D.I. 9780].

[3] *See* Third Amended Joint Plan at 96, *In re Energy Future Corp.*, No. 14-10979 (Bankr. D. Del. Aug. 26, 2016) (D.I. 9374) ("On or after the Effective Date, a Proof of Claim or Interest may not be Filed or amended without the prior authorization of the Bankruptcy Court or the Reorganized Debtors, and any such new or amended Proof of Claim or Interest Filed shall be deemed disallowed in full and expunged without any further action.").

[4] *See* Notice of the Occurrence of the Effective Date, *In re Energy Future Corp.*, No. 14-10979 (Bankr. D. Del. Oct. 3, 2016) (D.I. 9742).

# KIRKLAND & ELLIS LLP

The Honorable Christopher S. Sontchi
May 29, 2019
Page 3

Yesterday, May 28, 2019, Dallas served responses and objections in connection with the Discovery attached hereto as **Exhibit D** and **Exhibit E** (although, despite several requests by counsel to Luminant, the parties have not yet had an opportunity to meet and confer in order to ascertain Dallas' proposed document productions or custodian and search term parameters in connection therewith). While Luminant is still assessing Dallas' objections, Luminant notes two categories at this time.

*First*, Dallas served a blanket objection to all communications between Dallas and the SRA regarding the SRA Settlement—and in particular asserted a "settlement privilege"—regardless of when those communications occurred. Prior to the execution of the SRA Settlement, such communications occurred, at best, under the umbrella of Federal Rule of Evidence 408. The case law in the Third Circuit is clear on this point—"[R]ule 408 does not create a discovery privilege, but rather, addresses whether evidence relating to settlement discussions are admissible at trial." *In re Touch America Holdings, Inc.*, 2015 WL 6460260, at *3 (Bankr. D. Del. Oct. 26, 2015) (KJC) (rejecting motion to quash discovery requests for settlement materials).

*Second*, Dallas served a blanket objection to any document requests with respect to any issue that was in existence prior to May 12, 2017. Luminant believes the appropriate discovery commencement date is September 22, 2015 (the effective date of Luminant's rejection of the Water Rights Lease, which date is critical for determining the potential damages arising from such rejection).[5] Dallas appears to assert that an earlier stipulation governing discovery with respect to the *Original POC* precludes Luminant from taking *any* discovery on *any issue* in existence prior to May 12, 2017 (which is the discovery cutoff date in the earlier stipulation) in connection with the *Second Amended POC* and a settlement that did not exist at the time of the cutoff. The negotiating history, the facts and circumstances underlying the SRA Settlement, the evolution of those facts and related analyses over a multi-year process, and the ultimate "gives and gets" that gave rise to the SRA Settlement are all relevant to the instant dispute regarding the Second Amended POC. Discovery regarding these key issues is necessary to ascertain whether the SRA Settlement eliminates Dallas' claim for damages.

Accordingly, given the parties have not yet had the opportunity to meet and confer regarding the Discovery, and given the potential need for motions to compel in connection with the Discovery, Luminant respectfully requests that the Court not calendar the Motion for a hearing at this time.

Sincerely,

*/s/ Mark McKane, P.C.*

Mark McKane, P.C.

---

[5] *See Order Authorizing Rejection of a Previously Assumed Non-Residential Real Property Lease Between Luminant Generation Company LLC and the City of Dallas, Texas Effective* Nunc Pro Tunc *to September 22, 2015* [D.I. 6447].