**Exhibit C**

**Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) and Fed. R. Bankr. P. 7030**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 <br> ) <br> ) Case No. 14-10979 <br> ) <br> ) (Jointly Administered) <br> ) <br> ) |
| ENERGY FUTURE HOLDINGS, CORP., *et al*. | |
| Debtors. | |

**NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) AND FED. R. BANKR. P. 7030**

PLEASE TAKE NOTICE that pursuant to rule 30(b)(6) of the Federal Rules of Civil Procedure (the "Rules"), made applicable to these proceedings through rule 7030 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Luminant Generation Company LLC ("Reorganized Luminant"), by and through their undersigned counsel, in connection with the City of Dallas' *Opening Brief of the City of Dallas, Texas in Support of its Motion for Summary Judgment for Allowance and Payment of its Administrative Claim Under 11 U.S.C. § 506(b)(7)* [D.I. 13783], and amended Proof of Claim, *Exhibit A Dallas Proof of Claim Submitted April 26, 2019* [D.I. 13784-1], will take the deposition of the City of Dallas, through an individual designated to testify regarding the topics of examination attached hereto.

The deposition shall commence at **9:00 a.m. (Central Daylight Time) on June 27, 2019**, taken at the offices of Kirkland & Ellis LLP at 901 Main Street, Dallas, Texas 75202 and will continue until complete. The deposition will be taken upon oral examination before an official authorized by law to administer oaths and will be recorded for sound and by stenographic means, including with real-time display of testimony.

In accordance with Rule 30(b)(6) and Bankruptcy Rule 7030, the City of Dallas must designate one or more officers, directors, managing agents, or other persons who consent to testify on their behalf with respect to what is known or reasonably available to the City of Dallas concerning each of the topics of examination set forth in the attached **Exhibit A**. Reorganized Luminant requests that the City of Dallas provide, as soon as reasonably possible, a written designation of the name(s) and position(s) of the persons who will be testifying on its behalf.

Dated: May 17, 2019
Wilmington, Delaware

*/S/ JASON M. MADRON*

| **RICHARDS, LAYTON & FINGER, P.A.** | **KIRKLAND & ELLIS LLP** |
| --- | --- |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |

Mark D. Collins (No. 2981)  Mark McKane, P.C. (admitted *pro hac vice*)
Daniel J. DeFranceschi (No. 2732)  Michael P. Esser (admitted *pro hac vice*)
Jason M. Madron (No. 4431)  555 California Street
920 North King Street  San Francisco, California 94104
Wilmington, Delaware 19801  Telephone:  (415) 439-1400
Telephone:  (302) 651-7700  Facsimile:  (415) 439-1500
Facsimile:  (302) 651-7701  Email:  mark.mckane@kirkland.com
Email:  collins@rlf.com           michael.esser@kirkland.com
        defranceschi@rlf.com
        madron@rlf.com

-and-

Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz, P.C. (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:  edward.sassower@kirkland.com
        stephen.hessler@kirkland.com
        brian.schartz@kirkland.com
        aparna.yenamandra@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:  james.sprayregen@kirkland.com
        marc.kieselstein@kirkland.com
        chad.husnick@kirkland.com
        steven.serajeddini@kirkland.com

Co-Counsel to Reorganized Luminant

**EXHIBIT A**

**DEFINITIONS**

The definitions set forth below are to be construed in the broadest sense with reference to all applicable rules.

1. "And" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

2. "Any" and "all" should be understood in either their most or least inclusive sense as necessary to bring within the scope of the request all responses that might otherwise be construed outside its scope.

3. "Bankruptcy Cases" means the jointly administered cases in the United States Bankruptcy Court for the District of Delaware captioned *In re Energy Future Holdings Corp., et al.*, Case No. 14-107979 (CSS).

4. "City of Dallas," "you" or "your" means the City of Dallas, Texas, and all departments, employees, agents, attorneys, representatives, officials, clerks, and financial advisors thereof, and specifically including the City of Dallas Water Services.

5. "Claim" means Proof of Claim 13319 filed by the City of Dallas in the Bankruptcy Cases.

6. "Communications" includes any means of transmitting, transferring, conveying, or imparting information or knowledge in the form of facts, ideas, inquiries, or otherwise.

7. "Document" has the broadest meaning ascribed to it under Rule 34(a)(1). It includes, but is not limited to, abstracts; books; charts; checks; correspondence; diagrams; diaries; drafts; drawings; films; instructions; journals; ledgers; letters; lists; logs; memoranda; minutes;

notes; notices; photographs; emails; text messages; records; reports; resumes; summaries; telegrams; worksheets; writings; interoffice or interdepartmental communications (whether formal or informal); communications; calendars; appointment books; agenda; meetings; recorded conversations; schedules; agreements or proposed agreements; interviews; transcripts; depositions; press releases; brochures; affidavits; results in investigations; working reports; newspaper or magazine articles; releases; tax returns; phone records; minutes of meetings; and other writings of every kind and description. Without limiting the foregoing, the term includes magnetically and electronically stored information.

8. "Including" means including, but not limited to.

9. "Reorganized Luminant" means Luminant Generation Company LLC, a limited liability company registered in the State of Texas.

10. "Person" means a natural person, private or public corporation, general partnership, limited partnership, limited liability company, joint venture, sole proprietorship, union, association, federation, governmental agency, or any other form of business, governmental, public, private, or charitable entity.

11. "Relating" or "related" means concerning, referring, describing, evidencing, documenting, embodying, analyzing, or constituting, either directly or indirectly.

12. "Sabine River Authority" means the Sabine River Authority of Texas, its employees, officers, directors, agents, principals, attorneys, advisors, counselors, direct or indirect owners, subsidiaries, affiliates, successors, and predecessors.

13. "SRA Settlement" means that certain settlement between the Sabine River Authority and the City of Dallas, including the SRA Settlement Agreement and all exhibits thereto, dated October 11, 2017.

14. "Summary Judgment Brief" means the *Opening Brief of the City of Dallas, Texas in Support of its Motion for Summary Judgment for Allowance and Payment of its Administrative Claim Under 11 U.S.C. § 506(b)(7)*, filed on April 26, 2019 [D.I. 13783].

15. "Water" means the 11,860 acre feet of water originally contracted to the City of Dallas pursuant to the Water Supply Contract for municipal purposes that could not be transferred to the Trinity River Basin.

16. "Water Rate" means the wholesale water rate established by the City of Dallas City Council.

17. "Water Rights" means the right to use the Water pursuant to the Water Rights Lease.

18. "Water Rights Lease" means that certain Untreated Water Purchase Contract, executed as of March 10, 2010, effective as of January 1, 2011, and adopted by resolution of the City of Dallas on February 23, 2011, between Luminant and the City of Dallas, including any related agreements, amendments, or modifications thereto.

19. "Water Supply Contract" means that certain Water Supply Contract and Conveyance, dated October 1, 1981, by and between Sabine River Authority and the City of Dallas, Texas, as amended from time to time.

20. The singular includes the plural and vice versa.

## TOPICS OF EXAMINATION

The matters upon which the witness is to be examined are described as follows:

1. The *Opening Brief of the City of Dallas, Texas in Support of its Motion for Summary Judgment for Allowance and Payment of its Administrative Claim Under 11 U.S.C. § 506(b)(7)*, filed April 26, 2019 [D.I. 13783].

2. The amended Proof of Claim, *Exhibit A Dallas Proof of Claim Submitted April 26, 2019* [D.I. 13784-1].

3. The SRA Settlement.

4. All communications between the City of Dallas and Sabine River Authority regarding the SRA settlement.

5. Any document preservation notice sent in connection with the Claim or Amended Claim.

6. Documents sufficient to show the recipients of any document preservation notice responsive to Request 3.

7. All Communications between the City of Dallas and the Sabine River Authority from September 22, 2015, through the present regarding the City of Dallas' Claim.

8. All Communications between the City of Dallas and the Sabine River Authority from September 22, 2015, through the present regarding the Water.

9. All Communications between the City of Dallas and the Sabine River Authority from September 22, 2015, through the present regarding the Water Rate.

10. All Communications between the City of Dallas and the Sabine River Authority from September 22, 2015, through the present regarding whether the SRA Settlement would have retroactive effect on the Water Rate.

11. All Communications between the City of Dallas and the Sabine River Authority from September 22, 2015, through the present regarding the SRA Settlement's effect on previously enacted City of Dallas water ordinances.

12. All Documents regarding any efforts by the City of Dallas to structure the SRA Settlement in a way that would have any effect on the City of Dallas's Claim.

13. All Documents regarding any impacts the SRA Settlement would have on the Water.

14. All Documents regarding any concessions (monetary or otherwise) given by Sabine River Authority to the City of Dallas in consideration for the assignment of the Water.

15. All documents regarding the receipt by Sabine River Authority of any payments or other concessions from the City of Dallas for the Water.

16. All documents, information and/or inputs relied on in calculating the spreadsheet included in Exhibit 6 to the *Lowery Declaration in Support of Dallas' Proof of Claim* [D.I. 137841] at 164.

17. The "cost studies conducted for fiscal years 2015/16 and 2016/17," as referenced on page 16 of the Summary Judgment Brief.

18. All documents relied on or used to calculate the "cost studies conducted for fiscal years 2015/16 and 2016/17," as referenced on page 16 of the Summary Judgment Brief.

19. The "revised" 2015/16 and 2016/2017 cost studies as referenced on page 13 of the Summary Judgment Brief.

20. All documents relied on or used to calculate the "revised" 2015/16 and 2016/2017 cost studies as referenced on page 13 of the Summary Judgment Brief.

21. All documents or communications regarding how the SRA Settlement impacted the 2015/16 and 2016/2017 water cost studies.

22. All documents or communications regarding how the SRA Settlement impacted the revised 2015/16 and 2016/2017 water cost studies.

23. Documents sufficient to show how the City of Dallas or the Sabine River Authority calculated the "[a]djustment for the division of 11,860 ac-ft" listed in Exhibit C to the SRA

Settlement Agreement, including why, as disclosed in footnote 10, the "amount is one half of the difference between 131,860 ac-ft and 120,000 ac-ft."

24. All documents showing whether the water "earmarked" to Luminant, as referenced on page 6 of the Summary Judgment Brief, was separate from or comingled with the rest of the Water.

25. All documents showing how much of the Water the City of Dallas sold in the 2015/2016 and 2016/2017 fiscal years.

26. Documents sufficient to show the total amount the City of Dallas invoiced for selling the Water in the 2015/2016 and 2016/2017 fiscal years.

27. All Documents regarding the calculations and accounting provided in Exhibit C (Pre-Settlement Accounting) of the SRA Settlement Agreement relating to payment or consideration provided from the City of Dallas to the Sabine River Authority for the Water.

28. All Documents regarding the calculations and accounting provided in Exhibit C (Pre-Settlement Accounting) of the SRA Settlement Agreement relating to payment or consideration provided for the assignment of the Water from the City of Dallas to the Sabine River Authority.

29. Documents sufficient to show whether and how the Water was retroactively assigned to Sabine River Authority, per the language of Article III, section 3.1 of Exhibit A (the Amendment to Water Supply Contract and Conveyance) to the SRA Settlement Agreement.

30. Documents sufficient to show or explain why the City of Dallas and Sabine River Authority needed to execute both an Amendment to Water Supply Contract and Conveyance and an Assignment of Contract Rights to Water.