## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: August 16, 2019 at 10:00 a.m.**<br>**Objection Deadline: July 29, 2019 at 4:00 p.m.** |

## MOTION OF EFH PLAN ADMINISTRATOR BOARD AND REORGANIZED TCEH DEBTORS FOR ENTRY OF AN ORDER FURTHER ENLARGING THE PERIOD WITHIN WHICH THE EFH PLAN ADMINISTRATOR BOARD AND REORGANIZED TCEH DEBTORS MAY REMOVE CERTAIN ACTIONS

The EFH Plan Administrator Board, on behalf of the former EFH/EFIH Debtors, and the Reorganized TCEH Debtors (collectively, the "Reorganized Debtors") file this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), further enlarging the period within which the Reorganized Debtors may remove: (a) Prepetition Actions (as defined herein) by approximately 180 days[2] through and including January 13, 2020 (the "Removal Date");[3] or (b) Postpetition Actions (as defined herein) to the later of (i) the Removal Date and (ii) the time periods set forth in Bankruptcy Rule 9027(a)(3), in

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] The date that is exactly 180 days following July 15, 2019 is January 11, 2020, a Saturday; January 13, 2020 is the immediately following business day.

[3] The current Removal Date is July 15, 2019. *See Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 13725]. Pursuant to rule 9006(a)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Removal Date will run through January 13, 2020.

each case, without prejudice to the Reorganized Debtors' right to seek further extensions.  In

further support of this Motion, the Reorganized Debtors respectfully state as follows.[4]

## Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of Delaware (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

*Standing Order of Reference from the United States District Court for the District of Delaware*,

dated February 29, 2012.    The Reorganized Debtors confirm their consent, pursuant to

Bankruptcy Rule 7008 and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

Bankruptcy Rules"), to entry of a final order by the Court in connection with this Motion to the

extent that it is later determined that the Court, absent consent of the parties, cannot enter final

orders or judgments in connection herewith consistent with Article III of the United States

Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested in this Motion are section 1452 of title 28 of the

United States Code (the "Judicial Code"), Bankruptcy Rules 9006 and 9027, and Local

Bankruptcy Rule 9006-2.

## Relief Requested

4.      By this Motion, the Reorganized Debtors request entry of the Order further

enlarging the period within which the Reorganized Debtors may remove:  (a) Prepetition Actions

(as defined herein) by approximately 180 days through and including January 13, 2020; or (b)

---

[4]   Capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed
to them in the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy
Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the
Bankruptcy Code*, filed February 15, 2018 [D.I. 12653].

Postpetition Actions (as defined herein) to the later of (i) the Removal Date and (ii) the time periods set forth in Bankruptcy Rule 9027(a)(3), in each case, without prejudice to the Reorganized Debtors' right to seek further extensions.

## Background

5.     On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code. The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849]. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420], and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC ("EFIH"), EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570].

6.     Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Reorganized Debtors' first day motions [D.I. 98].

7.     The Reorganized Debtors are currently involved in civil actions filed before the Petition Date in various forums across the United States (the "Prepetition Actions"). Moreover, additional civil actions have been and may continue to be commenced against certain of the Reorganized Debtors (collectively, the "Postpetition Actions" and, together with the Prepetition Actions, the "Actions"). Pursuant to an order entered by this Court on July 16, 2014, the period

3

within which the Debtors may file notices to remove the Actions was extended to January 26, 2015.[5]  Pursuant to an order entered by this Court on January 9, 2015, the period within which the Debtors may file notices to remove the Actions was further extended to July 27, 2015.[6]  Pursuant to an order entered by this Court on July 7, 2015, the period within which the Debtors may file notices to remove the Actions was further extended to January 23, 2016.[7]  Pursuant to an order entered by this Court on December 2, 2015, the period within which the Debtors may file notices to remove the Actions was further extended to July 21, 2016.[8]  Pursuant to an order entered by this Court on June 22, 2016, the period within which the Debtors may file notices to remove the Actions was further extended to January 17, 2017.[9]  Pursuant to an order entered by this Court on January 9, 2017, the period within which the Debtors may file notices to remove the Actions was further extended to July 17, 2017.[10]  Pursuant to an order entered by this Court on July 7, 2017, the period within which the Debtors may file notices to remove the Actions was further extended to January 16, 2018.[11]  Pursuant to an order entered by this Court on February 9, 2018, the period within which the Debtors may file notices to remove the Actions

---

[5] *See Order Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 1590].

[6] *See Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 3215].

[7] *See Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 4932].

[8] *See Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 7203].

[9] *See Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 8795].

[10] *See Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 10613].

[11] *See Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 11421].

4

was further extended to July 16, 2018.[12]  Pursuant to an order entered by this Court on August 8, 2018, the period within which the Debtors may file notices to remove the Actions was further extended to January 14, 2019.[13]  Pursuant to an order entered by this Court on February 11, 2019 (the "Tenth Removal Order"), the period within which the Debtors may file notices to remove the Actions was further extended and is now scheduled to expire on July 15, 2019.[14]

8.      ***EFH/EFIH Debtors.***  On February 27, 2018, the Court entered its *Order Confirming the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12763] (the "EFH/EFIH Confirmation Order").[15]   The EFH/EFIH Debtors emerged from chapter 11 on March 9, 2018, and are no longer debtors in possession.[16]  Following the EFH Effective Date, and under the EFH Plan Administration Trust Agreement, the EFH Plan Administrator Board holds all power necessary to administer the EFH Plan Administration Trust for the benefit of all EFH and EFIH creditors.[17]

9.      Meanwhile, the EFH Plan Administrator Board and its advisors continue to analyze the Actions to determine whether to seek to remove any to this Court.  Absent the relief

---

[12] *See Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 12606].

[13] *See Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 13348]

[14] *See Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 13725].

[15] *See Order Confirming the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12763].

[16] *See Notice of Entry of EFH Confirmation Order and Occurrence of EFH Effective Date* [D.I. 12801]

[17] *Notice of the Filing of the Second Amended Supplement to the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code*, Ex. D [D.I. 12798].

RLF1 21622614v.1

requested in this Motion, the EFH Plan Administrator Board could be forced to make premature decisions that could ultimately prove detrimental.

10.    ***TCEH and EFH Shared Services Debtors.***    On August 29, 2016, the Court entered an order confirming the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code As It Applies to the TCEH and EFH Shared Services Debtors* [D.I. 9421] (the "TCEH Confirmation Order").[18]  The Reorganized TCEH Debtors and Reorganized EFH Shared Services Debtors emerged from chapter 11 on October 3, 2016, and are no longer debtors in possession.[19]  On November 3, 2017, the Court entered an order closing the chapter 11 cases of EFCH as well as the direct and indirect subsidiaries of TCEH (but leaving open the chapter 11 case of TCEH itself).[20]  On May 23, 2018, the Court entered an order closing the chapter 11 cases of the EFH Shared Services Debtors.[21]

11.    Meanwhile, the Reorganized TCEH Debtors and their advisors continue to analyze the Actions to determine whether to seek to remove any to this Court.  Absent the relief requested in this Motion, the Reorganized TCEH Debtors could be forced to make premature decisions that could ultimately prove detrimental.

---

[18]  *See Order Confirming the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors and EFH Shared Services Debtors* [D.I. 9421].

[19]  *See Notice of Entry of TCEH Confirmation Order and Occurrence of TCEH Effective Date* [D.I. 9742].

[20]  *See Final Decree (A) Closing Certain of the Chapter 11 Cases, (B) Transferring Claims Against and Interests Asserted in the TCEH Debtors to the Lead Case, and (C) Granting Related Relief* [D.I. 12172].

[21]  *See Final Decree (A) Closing EFH Shared Services Debtors' Chapter 11 Cases, and (B) Granting Related Relief* [D.I. 13132].

## Basis for Relief

12.    Section 1452 of the Judicial Code and Bankruptcy Rule 9027 govern the removal

of pending civil actions related to chapter 11 cases. Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action
> other than a proceeding before the United States Tax Court or a
> civil action by a governmental unit to enforce such governmental
> unit's police or regulatory power, to the district court for the
> district where such civil action is pending, if such district court has
> jurisdiction of such claim or cause of action under section 1334 of
> this title.

28 U.S.C. § 1452(a).

13.    Bankruptcy Rule 9027 sets forth the time periods for filing notices to remove

claims or causes of action. Specifically, Bankruptcy Rule 9027(a)(2) provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a
> case under the [Bankruptcy] Code is commenced, a notice of
> removal may be filed only within the longest of (A) 90 days after
> the order for relief in the case under the [Bankruptcy] Code, (B) 30
> days after entry of an order terminating a stay, if the claim or cause
> of action in a civil action has been stayed under § 362 of the
> [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a
> chapter 11 reorganization case but not later than 180 days after the
> order for relief.

Fed. R. Bankr. P. 9027(a)(2).

14.    With respect to postpetition actions, Bankruptcy Rule 9027(a)(3) provides:

> If a claim or cause of action is asserted in another court after the
> commencement of a case under the [Bankruptcy] Code, a notice of
> removal may be filed with the clerk only within the shorter of
> (A) 30 days after receipt, through service or otherwise, of a copy of
> the initial pleading setting forth the claim or cause of action sought
> to be removed, or (B) 30 days after receipt of the summons if the
> initial pleading has been filed with the court but not served with
> the summons.

Fed. R. Bankr. P. 9027(a)(3).

15.     Bankruptcy Rule 9006 permits the Court to extend the period to remove actions provided by Bankruptcy Rule 9027.  Specifically, Bankruptcy Rule 9006(b)(1) provides, in pertinent part:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . .

Fed. R. Bankr. P. 9006(b)(1).

16.     It is well-settled that the Court may extend the period within which the Reorganized Debtors may file notices to remove the Actions.  *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (stating the bankruptcy court's power to grant extension of removal period pursuant to Bankruptcy Rule 9006(b) is "clear"), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134-35 (1995); *Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D. W. Va. 2000) (stating that "Rule 9006 provides authority to enlarge the thirty-day time period for removing actions arising under the Bankruptcy Code"); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (stating "it appears that the Supreme Court intended to give bankruptcy judges the powers to enlarge the filing period of [Rule] 9027(a)(3) beyond the thirty day period, pursuant to [Rule] 9006(b)(1)"); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (stating "[a]n expansion of time to" file removal notices "is authorized under the [Bankruptcy] Rules").

17.     Recently, courts within this district have authorized reorganized debtors to extend removal deadlines.  *See, e.g., In re Verso Corp.*, No. 16-10163 (KG) (Bankr. D. Del. Dec. 6, 2016) [D.I. 1536] (extending deadline by which reorganized debtors may remove civil actions); *In re Revstone Indus.*, et al., No. 12-13262 (BLS) (Bankr. D. Del. Jan. 19, 2016) [D.I. 2369,

8

2447] (authorizing two post-emergence removal extensions); *In re Altegrity Inc.,* No. 15-10226 (LLS) (Bankr. D. Del. Jan. 6, 2016) [D.I. 976, 1082] (same).

18.    The Reorganized Debtors' decision whether to seek removal of any particular Action depends on a number of factors, including:  (a) the importance of the Action to the expeditious resolution of these chapter 11 cases; (b) the time required to complete the Action in its current venue; (c) the presence of federal subject matter jurisdiction in the proceeding that may allow for one or more aspects thereof to be heard by a federal court; (d) the relationship between the Action and matters to be considered in connection with the Plan and the claims allowance process, and the assumption or rejection of executory contracts and unexpired leases; and (e) the progress made to date in the Action.  To make the appropriate determination, the Reorganized Debtors must analyze each Action in light of such factors.

19.    Pursuant to the Tenth Removal Order, the period within which the Reorganized Debtors may file notices to remove the Actions is currently scheduled to expire on July 15, 2019. The Reorganized Debtors believe the extension requested in this Motion will provide the Reorganized Debtors with the necessary opportunity to make fully informed decisions concerning the removal of the Actions and will ensure that the Reorganized Debtors' rights provided by section 1452 of the Judicial Code can be exercised in an appropriate manner. Further, the rights of parties to the Actions will not be unduly prejudiced by the Reorganized Debtors' request for an extension. Because section 362(a) of the Bankruptcy Code automatically stays actions against the Reorganized Debtors, most of the Actions will not proceed in their respective courts during these chapter 11 cases even absent the relief requested in this Motion. Moreover, if the Reorganized Debtors ultimately seek to remove Actions pursuant to Bankruptcy Rule 9027, parties to the removed Actions will retain their rights to have such Actions remanded

9

pursuant to section 1452(b) of the Judicial Code. Accordingly, the Reorganized Debtors submit that cause exists to extend the Removal Period as requested in this Motion.

20.    Courts in this jurisdiction have approved relief similar to that requested herein. *See, e.g., In re FBI Wind Down, Inc.*, No. 13-12329 (Bankr. D. Del. Aug. 19, 2014) (granting further 120-day extension, including for postpetition actions, without prejudice to debtors' ability to seek additional extensions); *In re TPOP, LLC*, No. 13-11831 (Bankr. D. Del. July 29, 2014) (granting further 180-day extension, including for postpetition actions, without prejudice to debtors' ability to seek additional extensions); *In re ZCO Liquidating Corp.*, No. 13-13126 (Bankr. D. Del. July 17, 2014) (granting further 120-day extension without prejudice to debtors' ability to seek additional extensions); *In re LMI Legacy Holdings Inc.*, No. 13-12098 (Bankr. D. Del. Apr. 1, 2014) (same); *In re AgFeed USA LLC*, No. 13-11761 (Bankr. D. Del. Feb. 12, 2014) (granting further 90-day extension, including for postpetition actions, without prejudice to debtors' ability to seek additional extensions); *In re Longview Power, LLC*, No. 13-12211 (Bankr. D. Del. Dec. 16, 2013) (granting 120-day extension without prejudice to debtors' ability to seek additional extensions); *In re Prommis Holdings, LLC*, No. 13-10551 (Bankr. D. Del. Oct. 11, 2013) (same); *In re School Specialty, Inc.*, No. 13-10125 (Bankr. D. Del. May 16, 2013) (granting 120-day extension, including for postpetition actions, without prejudice to debtors' ability to seek additional extensions); *In re Amicus Wind Down Corp.*, No. 11-13167 (Bankr. D. Del. May 15, 2012) (granting 180-day extension, including for postpetition actions, without prejudice to debtors' ability to seek additional extensions).[22]

---

[22] Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion. Copies of these orders are available upon request to the Reorganized Debtors' counsel.

**Notice**

21.     The Reorganized Debtors shall provide notice of this Motion on the date hereof via U.S. first class mail to:  (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (f) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (g) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (f); and (h) the Office of the United States Attorney for the District of Delaware.  The Reorganized Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**Prior Request**

22.     This Motion seeks an extension of the relief granted in the Tenth Removal Order.

WHEREFORE, the Reorganized Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

RLF1 21622614v.1

Dated:  July 15, 2019
       Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:        collins@rlf.com
              defranceschi@rlf.com
              madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
Brian E. Schartz, P.C. (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        edward.sassower@kirkland.com
              stephen.hessler@kirkland.com
              steven.serajeddini@kirkland.com
              brian.schartz@kirkland.com
              aparna.yenamandra@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.sprayregen@kirkland.com
              marc.kieselstein@kirkland.com
              chad.husnick@kirkland.com

*Co-Counsel to the EFH Plan Administrator Board*
*and the Reorganized TCEH Debtors*