## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date:** |
| | ) | **November 5, 2019 at 2:00 p.m.** |
| | ) | |
| | ) | **Objection Deadline:** |
| | ) | **October 7, 2019 at 4:00 p.m.** |

### REORGANIZED TCEH DEBTORS' MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE DEADLINE TO FILE AND SERVE OBJECTIONS TO CLAIMS AGAINST OR INTERESTS IN THE TCEH DEBTORS

Texas Competitive Electric Holdings Company LLC ("TCEH"), Energy Future Competitive Holdings Company LLC ("EFCH"), certain of TCEH's direct and indirect subsidiaries, and the EFH Shared Services Debtors (collectively, the "TCEH Debtors" and after the TCEH Effective Date, the "Reorganized TCEH Debtors") file this motion (this "Motion") requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), further extending the deadline by which the Reorganized TCEH Debtors must file and serve objections to Claims against or Interests in the TCEH Debtors by approximately 180 days, through and including March 30, 2020.[1]  In support thereof, the Reorganized TCEH Debtors

---

[1]  The current deadline by which the Reorganized TCEH Debtors must object to claims against or interest in the TCEH Debtors is September 30, 2019.  *See Order Further Extending the Deadline to File and Serve Objections to Claims Against or Interests in the TCEH Debtors*, entered May 2, 2019 [D.I. 13788].  One hundred and eighty (180) days from September 30, 2019 is Saturday, March 28, 2020; March 30, 2020 is the immediately following business day.  Per rule 9006(a)(1)(C) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), when the last day of a period stated in days is a Saturday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

On November 4, 2017, the Court entered an order (the "TCEH Final Decree"): (a) closing the chapter 11 cases of EFCH as well as the direct and indirect subsidiaries of TCEH (together, the "Closing

respectfully submit as follows:[2]

<u>**Jurisdiction and Venue**</u>

1.      The United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

*Standing Order of Reference from the United States District Court for the District of Delaware*,

dated February 29, 2012.   This matter is a core proceeding within the meaning of 28 U.S.C.

§ 157(b)(2), and the Reorganized TCEH Debtors confirm their consent pursuant to rule 9013-1(f)

of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court

for the District of Delaware (the "<u>Local Rules</u>") to the entry of a final order by the Court in

connection with this motion to the extent that it is later determined that the Court, absent consent

of the parties, cannot enter final orders or judgments in connection herewith consistent with

Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are section 105(a) of title 11 of the

United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>"), Bankruptcy Rule 9006,

and Local Rule 9006-2.

---

Cases"), but leaving open the chapter 11 case of TCEH itself, and (b) transferring all Claims and Interests
asserted against EFCH and the direct and indirect subsidiaries of TCEH to TCEH.  Pursuant to the TCEH
Final Decree, all Claims against or Interests in the Closing Cases are now asserted against TCEH.

On May 23, 2018, the Court entered an order (the "<u>EFH Shared Services Final Decree</u>") closing
the chapter 11 cases of the EFH Shared Services Debtors.

[2] Capitalized terms used, but not otherwise defined, herein shall have the same meanings given to
such terms in the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al.,
Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 9199] (as modified by D.I. 9321 and 9374, the
"<u>TCEH Plan</u>").

**Relief Requested**

4.      By this Motion, the Reorganized TCEH Debtors request entry of the order further extending the deadline by which the Reorganized TCEH Debtors must file and serve objections to Claims against or Interests in the TCEH Debtors (the "TCEH Claims Objection Deadline") by approximately 180 days, through and including March 30, 2020 without prejudice to the right of the Reorganized TCEH Debtors to request further extensions of time to file and serve objections to Claims and Interests.[3]

**Background**

5.      On April 29, 2014, (the "Petition Date") each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code.  The Court has entered a final order for joint administration of these chapter 11 cases.  The Court has not appointed a trustee.  The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of the TCEH Debtors (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420], and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC ("EFIH"), EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014

---

[3] Pursuant to the *Order Extending the Deadline to File and Serve Objections to Claims Against or Interests in the EFH Debtors or the EFIH Debtors* [D.I. 13780], the current deadline to file and serve objections to Claims against or Interests in the EFH Debtors and/or EFIH Debtors is September 3, 2019 (the "EFH/EFIH Claims Objection Deadline").  On September 3, 2019, the EFH Plan Administrator Board filed the *EFH Plan Administrator Board's Motion for Entry of an Order Further Extending the Deadline to File and Serve Objections to Claims Against Or Interests in the EFH/EFIH Debtors* [D.I. 13842] (the "EFH/EFIH Extension Motion") pursuant to which the EFH Plan Administrator Board sought an extension of the EFH/EFIH Claims Objection Deadline through and including March 2, 2020.  On September 20, 2019, the Court entered the *Order Extending the Deadline to File and Serve Objections to Claims Against or Interests in the EFH Debtors or the EFIH Debtors* [D.I. 13848] (the "Third EFH/EFIH Extension Order").  Pursuant to the Third EFH/EFIH Extension Order, the Court granted the EFH/EFIH Extension Motion.  Nothing herein shall affect the ability of the EFH Plan Administrator Board and/or the Reorganized EFH/EFIH Debtors to request further extension of the EFH/EFIH Claims Objection Deadline.

[D.I. 2570].  Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

## I.    Claims Administration Process.

6.    On June 30, 2014, the Debtors filed their schedules of assets and liabilities (the "Schedules") and statements of financial affairs (the "Statements" and together, with the Schedules, the "Schedules and Statements") [D.I. 1237–1307, 1319–1329, 1331–1343, 1345]. On September 26, 2014, the Debtors filed their amended Schedules and Statements [D.I. 2146-2216], addressing certain discrete issues.

7.    The Court established October 27, 2014, at 5:00 p.m. (prevailing Eastern Time), as the final date and time for all persons and entities, including certain customer claimants, holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim in these chapter 11 cases, excluding claimants who were specifically exempted by the relevant orders (the "General and Customer Bar Date").[4]  Over 10,000 Proofs of Claim were filed in connection with the General and Customer Bar Date.

8.    On July 30, 2015, the Court established December 14, 2015, at 5:00 p.m. (prevailing Eastern Time), as the final date and time for all persons and entities holding or asserting a manifested or unmanifested asbestos claim against the Debtors arising on or before

---

[4] *Interim Order Authorizing the Debtors to (A) Maintain and Administer Customer Programs and Customer Agreements, (B) Honor Prepetition Obligations Related Thereto, (C) Pay Certain Expenses on Behalf of Certain Organizations, (D) Fix the Deadline to File Proofs of Claim for Certain Customer Claims, and (E) Establish Procedures for Notifying Customers of Commencement of the Debtors' Chapter 11 Cases, Assumption of the Customer Agreements, and the Bar Date for Customer Claims* [D.I. 307]; *Order (A) Setting Bar Dates for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, (B) Approving the Form of and Manner for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, and (C) Approving Notice Thereof* [D.I. 1866].

the Petition Date to file proofs of claim in these chapter 11 cases (the "Asbestos Bar Date").[5]

Approximately 30,000 Proofs of Claim were filed in connection with the Asbestos Bar Date.

9.      The Debtors have already objected to, settled, made initial distributions on

account of, or otherwise resolved more than 10,000 Proofs of Claim, leaving approximately

4,000 Proofs of Claim which are asserted, either in whole or in part, against the TCEH Debtors

(the "Remaining TCEH Claims").

## II.    Confirmation and Effective Dates.

10.     On August 29, 2016, the Court entered an order confirming the TCEH Plan.[6]  The

TCEH Effective Date occurred on October 3, 2016.[7]

11.     On September 11, 2017, the Debtors filed the EFH/EFIH Plan.  On February 27,

2018, the Court entered an order confirming the EFH/EFIH Plan.[8]  The EFH Effective Date

occurred on March 9, 2018.[9]

12.     Under Article I.A.36 of the TCEH Plan, the Reorganized TCEH Debtors had until

April 3, 2017 to object to Claims against or Interests in the TCEH Debtors.  However, the TCEH

Plan contemplates that the TCEH Claims Objection Deadline may be extended upon a motion

filed before the expiration of the deadline to object to Claims or Interests.  *See* TCEH Plan, Art.

---

[5] *Order (A) Setting Bar Date for Filing Asbestos Proofs of Claim, (B) Approving the Form of and Manner for Filing Asbestos Proofs of Claim, and (C) Approving Notice Thereof* [D.I. 5171].

[6] *See Order Confirming the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors and EFH Shared Services Debtors* [D.I. 9421].

[7] *See Notice of Entry of TCEH Confirmation Order and Occurrence of TCEH Effective Date* [D.I. 9742].

[8] *See Order Confirming the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12763].

[9] *See Notice of Entry of EFH Confirmation Order and Occurrence of EFH Effective Date* [D.I. 12801].

I.A.36.  Pursuant to an order entered by this Court on March 24, 2017, the period within which the Reorganized TCEH Debtors may object to Claims against or Interests in the TCEH Debtors was extended to October 2, 2017.  *See Order Extending the Deadline to File and Serve Objections to Claims Against or Interests in the TCEH Debtors* [D.I. 11049].  Pursuant to an order entered by this Court on October 19, 2017, the period within which the Reorganized TCEH Debtors may object to Claims against or Interests in the TCEH Debtors was extended to April 2, 2018.  *See Order Further Extending the Deadline to File and Serve Objections to Claims Against or Interests in the TCEH Debtors* [D.I. 12092].  Pursuant to an order entered by this Court on April 23, 2018, the period within which the Reorganized TCEH Debtors may object to Claims against or Interests in the TCEH Debtors was extended to October 1, 2018.  *See Order Further Extending the Deadline to File and Serve Objections to Claims Against or Interests in the TCEH Debtors* [D.I. 13003].  Pursuant to an order entered by this Court on November 6, 2018, the period within which the Reorganized TCEH Debtors may object to Claims against or Interests in the TCEH Debtors was extended to April 1, 2019.  *See Order Further Extending the Deadline to File and Serve Objections to Claims Against or Interests in the TCEH Debtors* [D.I. 13607]. Pursuant to an order entered by this Court on May 2, 2019, the period within which the Reorganized TCEH Debtors may object to Claims against or Interests in the TCEH Debtors was extended to September 30, 2019.[10] *See Order Further Extending the Deadline to File and Serve Objections to Claims Against or Interests in the TCEH Debtors* [D.I. 13788].

---

[10]  The Reorganized TCEH Debtors have filed this motion prior to the current expiration of the deadline (*i.e.*, September 30, 2019).  Pursuant to Local Rule 9006-2, "if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the [Bankruptcy] Code, the [Bankruptcy Rules], these Local Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order."  Accordingly, Local Rule 9006-2 automatically further extends the TCEH Claims Objection Deadline pending the Court's hearing to consider the relief requested by this Motion.

13.    Since the entry of the extension order on April 23, 2018, the Reorganized TCEH Debtors filed two omnibus objections (the "Omnibus Objections") to a total of 714 Proofs of Claim asserted against the TCEH Debtors.[11]    In effect, the Omnibus Objections sought reassignment and/or disallowance of all Claims asserted against the EFH Shared Services Debtors.    The Court granted the relief requested in the Omnibus Objections on May 22, 2018.    D.I. 13129, D.I. 13130.    Contemporaneously, the Court entered the EFH Shared Services Final Decree.    The Reorganized TCEH Debtors' efforts in achieving the entry of the EFH Shared Services Final Decree, achieved through the Omnibus Objections, are in addition to the Reorganized TCEH Debtors' continued and ongoing work since the TCEH Effective Date to consensually resolve those Proofs of Claim asserted against the TCEH Debtors for which no objection has been filed.

## Basis for Relief

14.    Bankruptcy Rule 9006(b)(1) permits bankruptcy courts to extend deadlines for "cause shown," providing, in relevant part, that:

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1).    Moreover, section 105(a) of the Bankruptcy Code provides that the Court may issue any order that is necessary or appropriate to carry out the provisions of the Bankruptcy Code.    11 U.S.C. § 105(a).

---

[11] *See Reorganized EFH Shared Services Debtors' Fiftieth Omnibus (Substantive) Objection to No Liability and Substantive Duplicate Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 13081]; *Reorganized EFH Shared Services Debtors' Fifty-First Omnibus (Non-Substantive) Objection to Certain Improperly Asserted Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 13084].

15.     To date, the Debtors and their professionals have addressed the vast majority of non-asbestos related Proofs of Claims asserted against the TCEH Debtors.  The Debtors have objected to, settled, made initial distributions on account of, or otherwise resolved approximately 98.8% percent of such Proofs of Claims.  However, of the Remaining TCEH Claims, several relate to contingent and/or disputed liabilities that are not yet resolved, necessitating an extension of the deadline to object to such claims should they ultimately be determined to be invalid or incorrectly asserted.  Still others are claims that are complicated or otherwise require further diligence to evaluate their validity.  And finally, the Reorganized TCEH Debtors must resolve the thousands of manifested and unmanifested asbestos claims—an effort which is currently underway and Reorganized TCEH Debtors desire to conclude within the period for which the extension has been requested.

16.     The Reorganized TCEH Debtors submit that an extension of the TCEH Claims Objection Deadline by approximately 180 days, through and including March 30, 2020, to provide the Reorganized TCEH Debtors with additional time to complete the review, analysis, and resolution of the Remaining TCEH Claims is appropriate under the circumstances.  The Reorganized TCEH Debtors anticipate that the extension will facilitate consensual resolution of at least some of the Remaining TCEH Claims by allowing additional time for discussion and negotiation with the claimants.

## Notice

17.     The Reorganized TCEH Debtors shall provide notice of this Motion on the date hereof via U.S. first class mail to:  (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon

Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain

holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; and (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b).  The Reorganized TCEH Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Reorganized TCEH Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated:  September 23, 2019
         Wilmington, Delaware

/s/ Jason M. Madron

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:        collins@rlf.com
              defranceschi@rlf.com
              madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        edward.sassower@kirkland.com
              stephen.hessler@kirkland.com
              brian.schartz@kirkland.com
              steven.serajeddini@kirkland.com
              aparna.yenamandra@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.sprayregen@kirkland.com
              marc.kieselstein@kirkland.com
              chad.husnick@kirkland.com

*Co-Counsel to the Reorganized TCEH Debtors*