## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Hearing Date:  November 5, 2019 at 2:00 p.m.** |
|  | ) | **Objection Deadline:  October 29, 2019 at 4:00 p.m.** |

**MOTION OF REORGANIZED TCEH FOR
ENTRY OF AN ORDER (I) WAIVING THE REQUIREMENTS
OF LOCAL BANKRUPTCY RULES 3007-1(f)(i) AND (f)(iii) AND
(II) APPROVING THE FORM AND MANNER OF NOTICE TO AFFECTED
CLAIMANTS IN CONNECTION WITH "REORGANIZED TCEH'S FIFTY-THIRD
OMNIBUS (SUBSTANTIVE) OBJECTION TO TCEH ASBESTOS CLAIMS
REQUESTING ALLOWANCE OF TCEH ASBESTOS CLAIMS PURSUANT TO
SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY
<u>RULES 3001, 3003, AND 3007, AND LOCAL BANKRUPTCY RULE 3007-1"</u>**

Texas Competitive Electric Holdings Company LLC ("<u>Reorganized TCEH</u>") files this

motion (this "<u>Motion</u>") for entry of an order, substantially in the form attached hereto as

**<u>Exhibit A</u>** (the "<u>Order</u>"), (i) waiving the requirements of rules 3007-1(f)(i) and (f)(iii) of the

Local Bankruptcy Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

Court for the District of Delaware (the "<u>Local Bankruptcy Rules</u>") and (ii) approving the form of

notice to affected claimants, substantially in the form attached as **<u>Exhibit 1</u>** to the Order (the

"<u>Proposed Form of Notice</u>") and manner of notice, in connection with *Reorganized TCEH's*

*Fifty-Third Omnibus (Substantive) Objection to TCEH Asbestos Claims Requesting Allowance of*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

*TCEH Asbestos Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* (the "Fifty-Third Omnibus Claim Objection"[2]).  In support of this Motion, Reorganized TCEH respectfully states as follows:

## Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.    This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and Reorganized TCEH consents pursuant to Local Bankruptcy Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested in this Motion are sections 102, 105(a), and 502 of title 11 of the United States Code (the "Bankruptcy Code"); rules 2002, 3007, and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and Local Bankruptcy Rules 3007-1(f)(i), (f)(iii), f(v), and 3007-2.

## Relief Requested

4.      Reorganized TCEH seeks entry of an Order (i) granting a waiver of Local Bankruptcy Rules 3007-1(f)(i) and (f)(iii), permitting Reorganized TCEH to object to up to 5,100 claims in the Fifty-Third Omnibus Claim Objection, and (ii) approving the Proposed Form

---

[2] In accordance with Local Bankruptcy Rule 3007-1(f)(ii), Reorganized TCEH will not file the Fifty-Third Omnibus Claim Objection with the Court in a form that does not comply with the Local Bankruptcy Rules, unless and until such a time that the Court enters the Order granting the Motion.

RLF1 22151327v.1

of Notice and proposed manner of notice of the Fifty-Third Omnibus Claim Objection as being

sufficient and appropriate under the circumstances.[3]

## **Background**

5.       On April 29, 2014, each of the Debtors[4] filed a voluntary petition with the Court

under chapter 11 of the Bankruptcy Code.  During the pendency of their chapter 11 cases, the

Debtors operated their businesses and managed their properties as debtors in possession pursuant

to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has entered an order for joint

administration of these chapter 11 cases.  The Court has not appointed a trustee.  The Office of

the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official

committee of unsecured creditors of Energy Future Competitive Holdings Company LLC

("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and

indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the

"TCEH Creditors' Committee") on May 13, 2014 [D.I. 420], and an official committee of

unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding

Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on

October 27, 2014 [D.I. 2570].  Further information regarding the Debtors' business operations

---

[3] On November 3, 2017, the Court entered the *Final Decree (A) Closing Certain of the Chapter 11 Cases, (B) Transferring Claims Against and Interests Asserted in the TCEH Debtors to the Lead Case, and (C) Granting Related Relief* [D.I. 12172] (the "Initial TCEH Final Decree").  Pursuant to the Initial TCEH Final Decree, "[c]laims asserted against, and interests asserted in, the Closing Cases shall hereby remain unaffected by entry of this Final Decree, other than that all such claims and interests shall be administered in the chapter 11 case of Texas Competitive Electric Holdings Company LLC, Case No. 14-10978, without prejudice to the rights of any claimant regarding Claims asserted and interests asserted in the Closing Cases."  *See* Initial TCEH Final Decree at ¶ 3.  Consequently, Reorganized TCEH is the movant filing this Motion (and, subject to the Court granting this Motion, will be the movant to file the Fifty-Third Omnibus Claim Objection) consistent with the claims administration process contemplated in the Initial TCEH Final Decree.

[4] Capitalized terms used, but not defined, herein shall have the same meanings given to such terms in the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 9199] (as modified by D.I. 9321 and 9374) (the "TCEH Plan").

and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors'

first day motions [D.I. 98].

6.      On June 30, 2014 and July 2, 2014, the Debtors filed their Schedules of Assets

(the "Schedules") and Statements of Financial Affairs ("Statements" and together with the

Schedules, the "Schedules and Statements") [D.I. 1237-1307, 1319-1329, 1331-1343, 1345,

1446].   On September 26, 2014, the Debtors filed their amended Schedules and Statements

[D.I. 2146-2216], addressing certain discrete issues.

7.      The Court established October 27, 2014 at 5:00 p.m. (prevailing Eastern Time) as

the final date and time for all persons and entities, including certain customer claimants, holding

or asserting a claim against the Debtors arising on or before the Petition Date to file Proofs of

Claim in these chapter 11 cases, excluding claimants who were specifically exempted by the

relevant orders (the "General and Customer Bar Date").[5]   Over 10,000 Proofs of Claim were

filed in connection with the General and Customer Bar Date.

8.      On July 30, 2015, the Court established December 14, 2015 at 5:00 p.m.

(prevailing Eastern Time) as the final date and time for all persons and entities holding or

asserting a manifested or unmanifested asbestos claim against the Debtors arising on or before

the Petition Date to file Proofs of Claim in these chapter 11 cases (the "Asbestos Bar Date").[6]

---

[5] *Interim Order Authorizing the Debtors to (A) Maintain and Administer Customer Programs and Customer Agreements, (B) Honor Prepetition Obligations Related Thereto, (C) Pay Certain Expenses on Behalf of Certain Organizations, (D) Fix the Deadline to File Proofs of Claim for Certain Customer Claims, and (E) Establish Procedures for Notifying Customers of Commencement of the Debtors' Chapter 11 Cases, Assumption of the Customer Agreements, and the Bar Date for Customer Claims* [D.I. 307]; *Order (A) Setting Bar Dates for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, (B) Approving the Form of and Manner for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, and (C) Approving Notice Thereof* [D.I. 1866].

[6] *Order (A) Setting Bar Date for Filing Asbestos Proofs of Claim, (B) Approving the Form of and Manner for Filing Asbestos Proofs of Claim, and (C) Approving Notice Thereof* [D.I. 5171].

RLF1 22151327v.1

9.      The Debtors have already objected to, settled, made initial distributions on account of, or otherwise resolved more than 10,000 Proofs of Claim, leaving certain remaining claims, either in whole or in part, against the TCEH Debtors as yet unresolved.

10.     In connection with the Asbestos Bar Date, claimants filed approximately 32,000 asbestos-related Proofs of Claim.  Based on Reorganized TCEH's analysis of the asbestos-related Proofs of Claim, Reorganized TCEH has identified 3,059 claimants who filed approximately 5,100 asbestos-related Proofs of Claim asserted against the TCEH Debtors (collectively, the "TCEH Asbestos Claims").

11.     The TCEH Asbestos Claims include (i) Proofs of Claim filed by 372 manifested claimants (collectively, the "TCEH Manifested Asbestos Claims") and (ii) Proofs of Claim filed by 2,687 unmanifested claimants (collectively, the "TCEH Unmanifested Asbestos Claims").

12.     The TCEH Manifested Asbestos Claims reflect the Proofs of Claim of claimants that allege to have a manifested disease as a result of asbestos exposure.  Based on Reorganized TCEH's analysis of the claims, each claim has been identified as alleging one of four possible disease categories: (i) mesothelioma, (ii) lung cancer, (iii) other cancers, and (iv) asbestosis and pleural disease.  On the other hand, the TCEH Unmanifested Asbestos Claims are characterized by the claimant not having alleged a manifested disease.

13.     Pursuant to its *Order Estimating Asbestos Claims Filed Against the TCEH Debtors*, dated October 12, 2016 [D.I. 9794] (the "Estimation Order") the Court set, for distribution purposes, a maximum value of the TCEH Asbestos Claims at $17.2 million (the "Maximum Value").[7]  In light of the size of the Class C4 and C5 claims in the case relative to the

---

[7] In the Estimation Order, the Court further held that "[t]his Order does not prejudice the rights of the TCEH Debtors, or any other party in interest, to object to any of the TCEH Asbestos Claims on any and all grounds whatsoever and to assert any and all defenses related thereto." ¶ 4.

TCEH Cash Payment, the ultimate cash value of the Maximum Value is expected to be less than $1.5 million and, in any event, pennies on the dollar for holders of allowed claims.

14.    The Fifty-Third Omnibus Claim Objection seeks to distribute the totality of the ultimate cash value of the allowed amounts to the holders of the TCEH Asbestos Claims in an equitable manner by liquidating and allowing each of the TCEH Asbestos Claims in a manner that will allow each such similarly situated claim in an equal amount.[8]

## Basis for Relief

**I.    A Waiver of Local Bankruptcy Rules 3007-1(f)(i) and (f)(iii), Allowing Reorganized TCEH to Object to a Maximum of 5,100 TCEH Asbestos Claims in the Fifty-Third Omnibus Claim Objection, Is Expeditious, Common Sense, Will Promote Judicial Economy, and Should Be Granted.**

15.    Local Bankruptcy Rule 3007-1(f)(i) provides that, unless otherwise ordered by this Court, each substantive omnibus objection to proofs of claim shall contain no more than 150 claims.  Del. Bankr. L. R. 3007-1.  Further, Local Bankruptcy Rule 1001-1(c) provides that "[t]he application of these Local Rules in any case or proceeding may be modified by the Court in the interests of justice."  *Id.* at 1001(c).

16.    Additionally, pursuant to Local Bankruptcy Rule 3007-1(f)(iii), Reorganized TCEH requests that the Court permit Reorganized TCEH to amend, without written consent or leave of the Court, any objection to any of the TCEH Asbestos Claims when and if a claimant's response to the Fifty-Third Omnibus Claim Objection provides additional documentation or other information.[9]

---

[8] Nearly all of holders of the TCEH Manifested Asbestos Claims have agreed to not oppose the relief that will be requested in the Fifty-Third Omnibus Claim Objection, and if the Fifty-Third Omnibus Claim Objection is sustained, the holders of the TCEH Unmanifested Asbestos Claims will receive their *pro rata* share of precisely what the Estimation Order sets forth.

[9] Local Bankruptcy Rule 3007-1(f)(iii) provides that "[a]n Objection based on substantive grounds, other than incorrect classification of a claim, shall include all substantive objections to such claim."  *See* Del. Bankr. L.R. 3007-1(f)(iii).

6

17.    Strict compliance with Local Bankruptcy Rule 3007-1(f)(i) would require Reorganized TCEH to file approximately thirty-four (34) substantially identical omnibus claim objections to the approximately 5,100 TCEH Asbestos Claims[10] filed by approximately 3,100 individual holders, and to prosecute such myriad objections over a period of seventeen (17) months.[11]  Such a requirement would materially extend the time necessary to object to the TCEH Asbestos Claims, and would result in addressing substantially identical claims (many of which were submitted by the same counsel) in a piecemeal fashion.  Moreover, requiring Reorganized TCEH to adhere to the restrictions of Local Bankruptcy Rule 3007-1 would result in potential prejudice to the holders of the TCEH Asbestos Claims by delaying the liquidation and allowance of such claims, and thereby delaying any distributions to such holders.  Even taking into account the limited waivers of Local Bankruptcy Rule 3007-1 previously granted to the Debtors, operating under those waivers would still require filing numerous substantively duplicative claims objections in one month, which Reorganized TCEH submits would be inefficient and represent an undue burden and inconvenience for the Court and the relevant parties-in-interest. Alternatively, Reorganized TCEH respectfully submits that granting the relief requested herein would streamline the objection process for the affected claimants and the Court, and would pave

---

[10] On November 19, 2014, the Court entered its *Order Granting the Debtors and Debtors in Possession a Limited Waiver of Requirements of Local Bankruptcy Rule 3007-1* [D.I. 2814], pursuant to which the Court granted the Debtors the ability to object to a maximum of 500 claims per each omnibus claim objection; in light of the relief previously granted, Reorganized TCEH would be required to file approximately eleven (11) substantially identical omnibus claim objections to the TCEH Asbestos Claims.

[11] On July 9, 2015, the Court entered its *Order Waiving Local Bankruptcy Rule 3007-1(f)(ii)* [D.I. 4956], pursuant to which the Court waived the limitation that the Debtors are limited to filing no more than two substantive omnibus objections to claims in any given month; in light of the relief previously granted, barring further relief from the Local Bankruptcy Rules, Reorganized TCEH could file approximately eleven (11) substantially identical omnibus claim objections to the TCEH Asbestos Claims in one calendar month.

the way for the potential prompt liquidation and allowance of the TCEH Asbestos Claims to the benefit of such claimants.

18.     Given that Reorganized TCEH intends to object to all of the TCEH Asbestos Claims for the purposes of equitably liquidating and allowing such claims to permit distributions to be made on account thereof in accordance with the terms of the TCEH Plan, and given that nearly all of holders of the TCEH Manifested Asbestos Claims have agreed to not oppose the relief that will be requested in the Fifty-Third Omnibus Claim Objection, Reorganized TCEH believes that its request to file all objections to the TCEH Asbestos Claims in one (1) omnibus claim objection is manifestly sensible.

19.     If Reorganized TCEH is required to adhere to Local Bankruptcy Rule 3007-1(f)(i) (even taking into account the current waivers of the Local Bankruptcy Rules already in effect in these cases), the claims administration process in these cases will invariably be delayed. Accordingly, the application of Local Bankruptcy Rule 3007-1(f)(i) would hinder Reorganized TCEH's ability to provide an efficient and timely resolution of the TCEH Asbestos Claims. Ultimately, strict compliance with Local Bankruptcy Rule 3007-1(f)(i) with respect to the TCEH Asbestos Claims would delay distributions to the holders of such claims.

20.     Furthermore, if Reorganized TCEH is required to comply with Local Bankruptcy Rule 3007-1(f)(i), Reorganized TCEH believes that such compliance would provide an unnecessary burden on the Court and its ability to efficiency administer the TCEH Asbestos Claims.  By allowing Reorganized TCEH to file the Fifty-Third Omnibus Claim Objection, the Court will be relieved of the burden of reviewing numerous, duplicative omnibus claim objections.

8

21.     Additionally, Local Bankruptcy Rule 3007-1(f)(iii) provides that a claim objection based on substantive grounds generally needs to include all substantive objections to such claim.[12]  Local Bankruptcy Rule 3007-1(f)(v) also provides that such an objection can be amended without written consent or leave of the Court, if the objection is based on insufficient documentation, is deemed substantive under Local Bankruptcy Rule 3007-1(d)(vi), and the claimant's response to the claim objection provides additional documentation or other information.[13]  Here, the overwhelming majority of the TCEH Unmanifested Asbestos Claims (which represent approximately 87.84% of the TCEH Asbestos Claims proposed to be subject to the Fifty-Third Omnibus Claim Objection) attach little or no documentation whatsoever.  In addition, although most of the TCEH Manifested Asbestos Claims (which represent only approximately 12.16% of the TCEH Asbestos Claims proposed to be subject to the Fifty-Third Omnibus Claim Objection) attach some form of documentation, not all of the TCEH Manifested Asbestos Claims attach documentation that establishes a specific nexus between the TCEH Debtors and the claimant.

22.     Consequently, under the circumstances, Reorganized TCEH requests that any order granting this Motion expressly provide relief from compliance with Local Bankruptcy Rule 3007-1(f)(iii).    Additionally, although Local Bankruptcy Rule 3007-1(f)(v) provides for

---

[12] Local Bankruptcy Rule 3007-1(f)(iii) provides that "[a]n Objection based on substantive grounds, other than incorrect classification of a claim, shall include all substantive objections to such claim."  Del. Bankr. L.R. 3007-1(f)(iii).

[13] Fed. R. Bankr. P. 7015 shall apply to any substantive Objection and upon the filing of a response to such substantive Objection, the objector may only amend such Objection upon leave of court or written consent of the claimant; provided, however, that if an Objection to a particular claim is determined to be substantive under Local Rule 3007-1(d)(vi) or the claimant filed a response to an Objection made under Local Rule 3007-1(d)(vi) and the response included supporting documentation or information, then the Objection may be amended without written consent or leave of Court.

Del. Bankr. R. 3007-1(f)(v).

amending claim objections under certain circumstances, Reorganized TCEH also requests that any order granting this Motion expressly provide for the ability of Reorganized TCEH to amend objections to the TCEH Asbestos Claims under the circumstances provided for in Local Bankruptcy Rule 3007-1(f)(v) to avoid disputes with claimants regarding Reorganized TCEH's ability to amend its objections to the TCEH Asbestos Claims.

23.      Similar relief to that requested in this Motion is commonplace and routinely granted in large chapter 11 cases in the District of Delaware. *See, e.g.*, *In re Energy Future Holdings Corp.*, Case No. 14-10979 (CSS) (Bankr. D. Del. July 9, 2015 and Nov. 19, 2014); *In re Orleans Homebuilders, Inc.*, Case No. 10-10684 (PJW) (Bankr. D. Del. Apr. 20, 2011) (permitting the debtors to object to as many as 400 claims in each omnibus objection); *In re Mervyn's Holdings, LLC,* Case No. 08-11586 (KG) (Bankr. D. Del. July 14, 2010) (granting waiver to allow 300 claims in each substantive omnibus objection or a maximum of 600 claims per two substantive omnibus objections in each calendar month); *In re Freedom Commc'ns Holdings, Inc.*, Case No. 09-13046 (BLS) (Bankr. D. Del. May 18, 2010) (permitting the debtors to object to as many as 300 claims in each substantive omnibus objection); *In re New Century TRS Holdings, Inc.*, Case No. 07-10416 (KJC) (Bankr. D. Del. Apr. 11, 2008) (authorizing debtors to file an objection to approximately 221 claims in one omnibus objection to claims); *In re Dura Automotive Systems, Inc.*, Case No. 06-11202 (KJC) (Bankr. D. Del. Sept. 19, 2007) (authorizing debtors to file an objection to approximately 217 claims in one omnibus objection to claims); *In re NVF Co.*, Case No. 05-11727 (PJW) (Bankr. D. Del. Jan. 1, 2007) (authorizing debtors to object to 3,341 asbestos claims in one substantive omnibus objection to claims and granting relief from Local Bankruptcy Rule 3007-1(f)(iii)).[14]

---

[14] Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion.  Copies of these orders are available upon request of Reorganized TCEH's counsel.

**II.    The Proposed Form of Notice Is Sufficient and Appropriate Under the Circumstances, and Should Be Approved Along with the Proposed Manner of Notice of the Fifty-Third Omnibus Claim Objection.**

24.    Reorganized TCEH also requests that it be excused from serving a complete paper copy of the Fifty-Third Omnibus Claim Objection on each of the holders of the TCEH Asbestos Claims proposed to be affected thereby (each, an "<u>Affected Claimant</u>" and collectively, the "<u>Affected Claimants</u>").  Rather, Reorganized TCEH requests that it be authorized to serve each of the Affected Claimants with (a) a paper copy of the Proposed Form of Notice, substantially in the form attached to the Order as **<u>Exhibit 1</u>** thereto, customized to each Affected Claimant; and (b) a complete copy of the Fifty-Third Omnibus Claim Objection (along with its exhibits) in electronic format only on a USB flash drive.  The Proposed Form of Notice shall include (i) a customized cover letter addressed to each Affected Claimant explaining in plain language what the Fifty-Third Omnibus Claim Objection proposes to do; (ii) a plain-language form of notice customized to each Affected Claimant clearly setting forth how the Fifty-Third Omnibus Claim Objection will affect each holders' TCEH Asbestos Claim if sustained; (iii) contact details on how to contact Reorganized TCEH's professionals if any of the Affected Claimants has any questions about the Fifty-Third Omnibus Claim Objection; and (iv) instructions on how any Affected Claimant can obtain a complete paper copy of the Fifty-Third Omnibus Claim Objection at no charge, to extent that they would like a physical copy of such documents.[15] Reorganized TCEH proposes to serve each Affected Claimant with a complete copy of the Fifty-Third Omnibus Claim Objection (along with its exhibits) in electronic format only on a USB flash drive (in lieu of a physical paper copy) via U.S. first class mail along with the Proposed

---

[15] Reorganized TCEH respectfully submits that the Proposed Form of Notice contains more information than required in Local Form 113.  *See* Del. Bankr. L.R. 3007-1(e)(v) ("Each claim holder whose rights are affected by an Objection shall receive a "Notice of Objection to Claim" that shall conform to Local Form 113 or a copy of the Objection.").

Form of Notice to satisfy the requirements of Bankruptcy Rule 3007(a)(2)(A)[16] and Local Bankruptcy Rule 3007-2.[17]

25.    Reorganized TCEH further proposes to serve (i) a complete paper copy of the Fifty-Third Omnibus Claim Objection on known counsel to any of the Affected Claimants, and (ii) each of the Core/2002 Parties (as such term is defined below) with a complete copy of the Fifty-Third Omnibus Claim Objection in electronic format only on a USB flash drive. Reorganized TCEH believes that its proposed noticing program with respect to the Fifty-Third Omnibus Claim Objection complies with the Bankruptcy Rules and the Local Bankruptcy Rules, and appropriately balances the noticing rights of the Affected Claimants against the cost and expense of serving voluminous paper documents on thousands of additional parties.  At the same time, however, as set forth above, each of the Affected Claimants will be provided with instructions on how to obtain a complete paper copy of the Fifty-Third Omnibus Claim Objection free of charge, to the extent they would like a physical copy.

26.    Bankruptcy Rule 2002(a) provides that, unless otherwise ordered by the Court, notice of certain matters must be given to, among others, all of the Debtors' creditors, equity security holders, and other parties in interest.  The Bankruptcy Rules, however, further provide that "[t]he Court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules."  Fed. R. Bankr. P. 2002(m).  *See also* Fed. R. Bankr. P. 9007 ("[w]hen

---

[16] "The objection and notice shall be served on a claimant by first-class mail to the person most recently designated on the claimant's original or amended proof of claim as the person to receive notices, at the address so indicated …" Fed. R. Bankr. P. 3007(a)(2)(A).

[17] Requiring that "[s]ervice of a claim objection upon the Core Objection Service Parties [which includes the claim holder subject to the objection] shall be in the manner prescribed by Bankruptcy Rule 3007(a)." Del. Bankr. L.R. 3007-2.

notice is to be given under these rules, the Court shall designate, if not otherwise specified herein

. . . the form and manner in which the notice shall be given.").

27.    In addition, section 105(a) of the Bankruptcy Code grants bankruptcy

courts broad authority and discretion to enforce the provisions of the Bankruptcy Code either

under specific statutory fiat or under equitable common law principles.  Specifically, section

105(a) of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is necessary or
> appropriate to carry out the provisions of this title.  No provision of this title
> providing for the raising of an issue by a party in interest shall be construed to
> preclude the court from, sua sponte, taking any action or making any
> determination necessary or appropriate to enforce or implement court orders or
> rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).  Indeed, as stated in section 102(1) of the Bankruptcy Code, "notice and a

hearing" is an elastic phrase meant to take into account the "particular circumstances" of a

motion.  *See* 11 U.S.C. § 102(1) (stating that "'after notice and a hearing', or similar phrase . . .

means after such notice as is appropriate in the particular circumstances . . ."); *see also Rockwell

Int'l Corp. v. Harnischfeger Indus., Inc. (In re Harnischfeger Indus., Inc.)*, 316 B.R. 616, 620 (D.

Del. 2003) ("The policy of Section 102 is to permit the court flexibility, while ensuring that all

parties have proper notice.").

28.    The costs associated with copying and mailing or otherwise serving nearly 3,100

holders of the approximately 5,100 TCEH Asbestos Claims with a full paper copy of the Fifty-

Third Omnibus Claim Objection, as compared to a complete copy of the Fifty-Third Omnibus

Claim Objection (along with its exhibits) in electronic format only on a USB flash drive via U.S.

first class mail along with the Proposed Form of Notice, would be extraordinarily costly to

Reorganized TCEH while providing little, if any, benefit to the Affected Claimant as compared

to serving them with the materials as proposed in this Motion.  *See In re Lundy*, 2016 WL

4706044 at *1 (Bankr. N.D. Ohio Sept. 8, 2016) (other citation omitted) (noting that the Bankruptcy Rules "… provide the court with general power to regulate notice, including the power to designate 'the form and manner in which notice shall be given'"); *In re Concepts Plus, LLC*, 549 B.R. 829, 832 (Bankr. W.D. Mich. 2016) (taking into account, among other things, expenses associated with additional proceedings in determining appropriate notice and hearing in connection with a pending motion).  The Proposed Form of Notice will provide the Affected Claimant with a succinct, plain-language description of how the Fifty-Third Omnibus Claim Objection proposes to affect each holder's rights (along with a complete copy of the Fifty-Third Omnibus Claim Objection (along with its exhibits) in electronic format only on a USB flash drive), while simultaneously providing each holder with contact information for Reorganized TCEH's professionals if they have any questions or would like to receive a complete paper copy of the Fifty-Third Omnibus Claim Objection.  Reorganized TCEH believes that its noticing proposal with respect to the Fifty-Third Omnibus Claim Objection is fair, adequate, and appropriate under the circumstances and should be approved.

## Notice

29.     Reorganized TCEH shall provide notice of this Motion on the date hereof via U.S. first class mail to:  (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds, and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019, (ii) the 10.0% EFH senior unsecured notes

due 2020, (iii) the 10.875% EFH LBO senior unsecured notes due 2017, (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017, (v) the 5.55% EFH legacy notes (series P) due 2014, (vi) the 6.50% EFH legacy notes (series Q) due 2024, and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021, and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019, and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017, (ii) the 10.0% EFIH senior secured notes due 2020, and (iii) the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015, and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities

15

and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; and (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002 and Local Bankruptcy Rule 2002-1(b) (collectively, (a)-(y) are the "Core/2002 Parties").   Reorganized TCEH submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

30.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, Reorganized TCEH respectfully requests that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

*[Remainder of page intentionally left blank.]*

Dated: October 16, 2019
      Wilmington, Delaware

*/s/ Jason M. Madron*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:    collins@rlf.com
        defranceschi@rlf.com
        madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    edward.sassower@kirkland.com
        stephen.hessler@kirkland.com
        brian.schartz@kirkland.com
        steven.serajeddini@kirkland.com
        aparna.yenamandra@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    james.sprayregen@kirkland.com
        marc.kieselstein@kirkland.com
        chad.husnick@kirkland.com

*Co-Counsel to Reorganized TCEH*