## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |
| | ) Hearing Date: December 19, 2019 at 2:00 p.m. |
| | ) Objection Deadline: December 12, 2019 at 4:00 p.m. |

## REORGANIZED TCEH'S
## FIFTY-THIRD OMNIBUS (SUBSTANTIVE) OBJECTION TO TCEH ASBESTOS CLAIMS REQUESTING ALLOWANCE OF TCEH ASBESTOS CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL BANKRUPTCY RULE 3007-1

Texas Competitive Electric Holdings Company LLC ("Reorganized TCEH") files this fifty-third omnibus objection (this "Objection"[2]) requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) liquidating and allowing asbestos claims identified on **Exhibit 1** and **Exhibit 2** of the Order against the applicable Reorganized TCEH

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] On November 3, 2017, this Court entered the *Final Decree (A) Closing Certain of the Chapter 11 Cases, (B) Transferring Claims Against and Interests Asserted in the TCEH Debtors to the Lead Case, and (C) Granting Related Relief* [D.I. 12172] (the "Initial TCEH Final Decree"). Pursuant to the Initial TCEH Final Decree, "[c]laims asserted against, and interests asserted in, the Closing Cases shall hereby remain unaffected by entry of this Final Decree, other than that all such claims and interests shall be administered in the chapter 11 case of Texas Competitive Electric Holdings Company LLC, Case No. 14-10978, without prejudice to the rights of any claimant regarding Claims asserted and interests asserted in the Closing Cases." *See* Initial TCEH Final Decree at ¶ 3. Consequently, Reorganized TCEH is the movant filing this Objection consistent with the claims administration process contemplated in the Initial TCEH Final Decree.

Debtor,[3] in the amounts and on the terms set forth therein, and (b) ordering that each such asbestos claim is hereby determined allowed, extinguished, concluded, and released in exchange for the allowances set forth therein.[4] In support of this Objection, Reorganized TCEH submits the *Declaration of John Goldwater in Support of Reorganized TCEH's Fifty-Third Omnibus (Substantive) Objection to TCEH Asbestos Claims Requesting Allowance of TCEH Asbestos Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* (the "Goldwater Declaration"), attached hereto as **Exhibit B**. In further support of this Objection, Reorganized TCEH respectfully submits as follows:[5]

**Jurisdiction and Venue**

1.   The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C.

---

[3] Reorganized TCEH, Energy Future Competitive Holdings Company LLC ("EFCH"), certain of TCEH's direct and indirect subsidiaries, and the EFH Shared Services Debtors are hereafter referred to, collectively, as the "TCEH Debtors" and after the TCEH Effective Date, the "Reorganized TCEH Debtors").

[4] On November 5, 2019, this Court entered its *Order (I) Waiving the Requirements of Local Bankruptcy Rules 3007-1(f)(i) and (f)(iii) and (II) Approving the Form and Manner of Notice to Affected Claimants in Connection With "Reorganized TCEH's Fifty-Third Omnibus (Substantive) Objection to TCEH Asbestos Claims Requesting Allowance of TCEH Asbestos Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1"* [D.I. 13877] (the "Procedural Order"). Pursuant to the Procedural Order, among other things, this Court (i) granted Reorganized TCEH a waiver of Local Bankruptcy Rules 3007-1(f)(i) and (f)(iii), and authorized Reorganized TCEH to object to up to 5,100 claims in this Objection, and (ii) approved the proposed form and manner of notice of this Objection as being sufficient and appropriate under the circumstances, all as set forth in greater detail in the Procedural Order.

[5] Capitalized terms used, but not otherwise defined, herein shall have the same meanings given to such terms in the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 9199] (as modified by D.I. 9321 and 9374, the "TCEH Plan").

§ 157(b)(2), and Reorganized TCEH confirms its consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a) and 502 of title 11 of the United States Code (the "Bankruptcy Code"), rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1.

**Relief Requested**

4.      By this Objection, Reorganized TCEH requests entry of the Order, substantially in the form attached hereto as **Exhibit A**, liquidating and allowing certain asbestos claims against the applicable TCEH Debtor in the amounts set forth in **Exhibit 1** and **Exhibit 2** to the Order.[6] In light of the *Order Estimating Asbestos Claims Filed Against the TCEH Debtors*, dated October 12, 2016 [D.I. 9794] ("Estimation Order"), pursuant to section 502(c) of the Bankruptcy Code, Reorganized TCEH requests that the Court liquidate and allow the TCEH Asbestos Claims (as defined herein) in the amounts determined and in accordance with the Estimation Order.

---

[6] Consistent with the record of the hearing held before the Court in connection with the requested entry of the Procedural Order on November 5, 2019, Reorganized TCEH anticipates delivering an unredacted copy of each Proof of Claim subject to this Objection in electronic format only to Chambers by November 8, 2019.

5. Of note, a significant number of manifested claimants have affirmatively indicated they are unopposed to the allowance proposed for their claim as sought herein, and their support is noted in the final column of **Exhibit 1** to the Order.

## Preliminary Statement

6. As the Court is aware, approximately 5,000 Asbestos Proofs of Claim (as such term is defined herein below) were asserted against the TCEH Debtors by nearly 3,100 individual claimants, based on allegations of manifested and unmanifested personal injuries related to asbestos exposure. Prior to the occurrence of the effective date of the TCEH Plan, this Court entered the Estimation Order. By the Estimation Order, this Court concluded that the TCEH Debtors' maximum liability on account of all of the Asbestos Proofs of Claim asserted against them was no more than $17.2 million.[7] Given the magnitude of Proofs of Claim asserted against the TCEH Debtors, a maximum of $17.2 million in Allowed Claims translates to an aggregate cash payout to all Holders of Allowed Asbestos Proofs of Claim of no more than $1.5 million. Weighing the voluminous number of Asbestos Proofs of Claim asserted against the TCEH Debtors against the limited amount of cash available to distribute to the Holders of the Asbestos Proofs of Claim, this Objection seeks to implement an equitable and logical framework to liquidate and allow all of the Asbestos Proofs of Claim asserted against the TCEH Debtors and to make distributions to the Holders of such Allowed Claims as promptly as possible. Absent the relief requested in the Objection, it would likely take many years to liquidate all of the Asbestos Proofs of Claim asserted against the TCEH Debtors, and the distribution of cash to the Holders of such claims would be indefinitely delayed. Consequently, and for the reasons set forth in greater detail below, Reorganized TCEH believes that sustaining this Objection will promote the

---

[7] No party objected to the entry of the Estimation Order, and such order has been final and non-appealable for over three (3) years.

prompt, efficient, and fair resolution of all of the Asbestos Proofs of Claim asserted against the TCEH Debtors.

## Background

7. On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code. The Court has entered a final order for joint administration of these chapter 11 cases. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of the TCEH Debtors (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420], and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC ("EFIH"), EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

**I.    The Asbestos Bar Date, Confirmation, Effective Dates, and the Closure of the Case**

8. On July 30, 2015, the Court established December 14, 2015 at 5:00 p.m. (prevailing Eastern Time) (the "Asbestos Bar Date"), as the final date and time for all persons and entities holding or asserting a manifested or unmanifested asbestos claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Asbestos Proofs of Claim") in these chapter 11 cases, and approving the form and manner of notice of the Asbestos Bar Date.[8]

---

[8] *Order (A) Setting Bar Date for Filing Asbestos Proofs of Claim, (B) Approving the Form of and Manner for Filing Asbestos Proofs of Claim, and (C) Approving Notice Thereof* [D.I. 5171].

9. On August 29, 2016, the Court entered an order confirming the TCEH Plan.[9] The TCEH Effective Date occurred on October 3, 2016.[10]

10. On November 3, 2017, the Court entered the Initial TCEH Final Decree by which the Court: (a) closed the chapter 11 cases of EFCH as well as the direct and indirect subsidiaries of TCEH (together, the "Closing Cases"), but left open the chapter 11 case of TCEH itself, and (b) transferred the administration of all Claims and Interests asserted against EFCH and the direct and indirect subsidiaries of TCEH to TCEH. Pursuant to the Initial TCEH Final Decree, all Claims against or Interests in the Closing Cases are now being administered by TCEH.

11. On May 23, 2018, the Court entered an order closing the chapter 11 cases of the EFH Shared Services Debtors. *See* D.I. 13132.

## II. TCEH Asbestos Claims and the Asbestos Claims Process

12. The TCEH Debtors had two distinct business units: (a) the electricity-generation, mining, wholesale electricity sales, and commodity risk management and trading activities of Luminant Holding Company LLC and its subsidiaries ("Luminant"), and (b) the competitive retail electricity sales and related operations of the entities known as TXU Energy ("TXU Energy").

13. On or about the TCEH Effective Date, Luminant owned and operated 15 power plants. Luminant also owned and operated surface lignite coal mines in Texas that supply coal to certain of Luminant's units.

---

[9] *See Order Confirming the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors and EFH Shared Services Debtors* [D.I. 9421].

[10] *See Notice of Entry of TCEH Confirmation Order and Occurrence of TCEH Effective Date* [D.I. 9742].

14. TXU Energy sells electricity to approximately 1.7 million residential and business customers, and is the single largest REP by customer count in Texas. TXU Energy serves approximately 25% of the residential customers and approximately 17% of the business customers in the areas of the ERCOT market that are open to competition.

15. Given the nature of the businesses of the TCEH Debtors, they have been named, although infrequently, as defendants in actions asserting asbestos-related liability. From the filing of the first such suit in 1992 until the Petition Date, 160 plaintiffs filed approximately 100 asbestos suits against the TCEH Debtors, mostly in Texas. The majority of these cases were filed before 2006. Consistent with an overall drop in Texas asbestos litigation due to tort reform and other factors, approximately 25 suits were filed against the TCEH Debtors between 2007 and the Petition Date.

16. Of the 160 plaintiffs in those prepetition cases, 105 asserted non-malignant injuries, 14 reported lung cancers, 3 reported cancer other than lung cancer, and 38 reported mesothelioma.

17. Sixty-nine of the approximately one hundred cases were dismissed with zero settlement payment. Seventy-two plaintiffs received some settlement payment. The TCEH Debtors are unaware of any asbestos-related verdict entered against them.

18. In total, prior to the Petition Date, the TCEH Debtors incurred approximately $11.1 million in prepetition costs related to asbestos litigation—approximately $6.5 million in defense costs and approximately $4.6 million in settlement costs over the course of approximately 22 years.

19. In connection with the Asbestos Bar Date, claimants filed approximately 32,000 Asbestos Proofs of Claim. Based on Reorganized TCEH's analysis of the Asbestos Proofs of

Claim, Reorganized TCEH has identified 3,059 claimants who filed approximately 5,000 Asbestos Proofs of Claim asserted against the TCEH Debtors (collectively, the "TCEH Asbestos Claims"). These claimants and their claim numbers are reflected in **Exhibit 1** and **Exhibit 2** to the Order.

20.     The TCEH Asbestos Claims include (i) Proofs of Claim filed by 372 manifested claimants (collectively, the "TCEH Manifested Asbestos Claims") (*see* **Exhibit 1** to the Order) and (ii) Proofs of Claim filed by 2,687 unmanifested claimants (collectively, the "TCEH Unmanifested Asbestos Claims") (*see* **Exhibit 2** to the Order).

21.     The TCEH Manifested Asbestos Claims reflect the Proofs of Claim of claimants that allege to have a manifested disease as a result of asbestos exposure. Based on Reorganized TCEH's analysis of the claims, each claim has been identified as alleging one of four possible disease categories: (i) mesothelioma, (ii) lung cancer, (iii) other cancers, and (iv) asbestosis and pleural disease.

22.     The TCEH Unmanifested Asbestos Claims are characterized by the claimant not having alleged a manifested disease.

### III. Treatment of the TCEH Asbestos Claims Under the TCEH Plan

23.     The TCEH Plan classifies TCEH Unsecured Debt Claims—including the TCEH First Lien Deficiency Claims, the TCEH Second Lien Note Claims, the TCEH Unsecured Note Claims, and the PCRB Claims—in Class C4. The aggregate amount of Allowed Class C4 Claims (excluding the TCEH First Lien Deficiency Claims, which were waived, as set forth in the TCEH Plan) total approximately $7,655,869,077.

24.     The TCEH Asbestos Claims are classified in Class C5 of the Plan, which consists of the general unsecured claims against the TCEH Debtors other than EFCH. In addition to the

TCEH Asbestos Claims, Class C5 also includes Non-Asbestos Proofs of Claim filed by trade creditors, taxing authorities, and other general unsecured creditors.

25. The TCEH Plan provides that Holders of Allowed Claims in Class C4 and Class C5 each receive their pro rata share—calculated based on the aggregate amount of Allowed Class C4 Claims and Allowed Class C5 Claims—of the TCEH Cash Payment, which is $550,000,000 less certain adjustments.

26. On October 12, 2016, the Court entered the Estimation Order.[11] By the Estimation Order the Court set, for distribution purposes, a maximum value of TCEH Asbestos Claims at $17.2 million (the "Maximum Value").[12] In light of the size of the Class C4 and C5 claims in the case relative to the TCEH Cash Payment, the ultimate cash value of the Maximum Value is expected to be less than $1.5 million, and in any event, pennies on the dollar. **All dollar amounts set forth herein regarding the *allowed* amounts of claims should be read in light of the small fraction of dollars available to be distributed.**

27. Under Article I.A.36 of the TCEH Plan, the Reorganized TCEH Debtors had until April 3, 2017 to object to Claims against or Interests in the TCEH Debtors. However, the TCEH Plan contemplates that the TCEH Claims Objection Deadline may be extended upon a motion filed before the expiration of the deadline to object to Claims or Interests. *See* TCEH Plan, Art. I.A.36. Pursuant to an order of this Court, entered on October 15, 2019, the period within which the Reorganized TCEH Debtors may object to Claims against or Interests in the TCEH Debtors was most recently extended to March 30, 2020. *See Order Further Extending the Deadline to File and Serve Objections to Claims Against or Interests in the TCEH Debtors* [D.I. 13868].

---

[11] *See Order Estimating Asbestos Claims Filed Against the TCEH Debtors* [D.I. 9794].

[12] In the Estimation Order, the Court further held, "[t]his Order does not prejudice the rights of the TCEH Debtors, or any other party in interest, to object to any of the TCEH Asbestos Claims on any and all grounds whatsoever and to assert any and all defenses related thereto." ¶ 4.

**Basis for Relief**

28.     By this Objection, Reorganized TCEH requests that the Court liquidate and allow the TCEH Asbestos Claims in the amounts and as detailed in the **Exhibit 1** and **Exhibit 2** to the Order.[13]

29.     Under section 502(a) of the Bankruptcy Code, the TCEH Asbestos Claims are "deemed allowed, unless a party in interest … objects." 11 U.S.C. § 502(a).  Furthermore, under section 502(b) of the Bankruptcy Code, "if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim …" 11 U.S.C. § 502(b).  By this Objection, Reorganized TCEH objects to the TCEH Asbestos Claims and requests that the Court enter an order liquidating, allowing, and determining the amount of the TCEH Asbestos Claims.

30.     Upon review of the Proofs of Claim filed against the TCEH Debtors and in light of the Estimation Order and the Maximum Value, Reorganized TCEH has identified and determined modified allowed claim amounts for each TCEH Asbestos Claim.  *See* Goldwater Dec. ¶¶ 5-7.  Therefore, under section 502(b) of the Bankruptcy Code, the Court may determine and resolve the claims accordingly.

31.     The modified claims amounts are based on and capped by **Exhibit 1** to the Estimation Order ("Ankura Report").  In Table 3.2, the Ankura Report calculated the Maximum Value, $17.2 million, for the TCEH Asbestos Claims summarized as follows:

---

[13] Many Holders of TCEH Manifested Asbestos Claims and TCEH Unmanifested Asbestos Claims filed multiple TCEH Asbestos Claims against one or more of the TCEH Debtors.  In instances where Holders filed multiple TCEH Asbestos Claims, if sustained, this Objection shall allow each such Holder one (1) Allowed Claim against the applicable TCEH Debtor in the amounts set forth on **Exhibit 1** or **Exhibit 2** to the Order, and such Allowed Claim shall be deemed to be the first-filed claim listed on **Exhibit 1** or **Exhibit 2** to the Order, as the case may be, with all subsequent claims filed by such Holders being disallowed and expunged in their entirety.

| TCEH Asbestos Claims | Estimation Order, Ex. 1 |
|---|---|
| Present Claims | $3.3m |
| Future Claims | $7.4m |
| Defense Costs | $6.5m |
| **TOTAL** | **$17.2m** |

32. The Ankura Report relied on a number of well-established forecasting parameters that were based on the actual historical experience of the company. *Id*. This included (a) propensity to sue, (b) zero pay rate, (c) positive pay average, and (d) average defense costs. *Id*.

33. Reorganized TCEH has identified and allocated claim amounts in light of the Ankura Report and Estimation Order. The basis for the relief requested for the TCEH Manifested Asbestos Claims is discussed in Section I, below. The basis for the relief requested for the TCEH Unmanifested Asbestos Claims is discussed in Section II, below.

**I.      TCEH Manifested Asbestos Claims**

34. Reorganized TCEH requests that the Court enter an order allowing the TCEH Manifested Asbestos Claims in the amounts set forth in **Exhibit 1** to the Order.

35. As shown in the final column of **Exhibit 1** to the Order, Reorganized TCEH was able to reach agreement with the Holders of 363 of the 372 TCEH Manifested Asbestos Claims. For these claimants, the allowed amounts are the result of extensive negotiation and discussion between Reorganized TCEH and the affected claimants' counsel. For the remaining nine claim Holders, the allowed amounts were calculated as follows: (i) claimants identified as alleging asbestosis and pleural disease were allocated allowed claims equal to the average allowed claim for the asbestosis and pleural disease claimants who reached agreement; (ii) the remaining claimants, identified as alleging mesothelioma, lung cancer, or other cancers, were allocated an

allowed claim equal to all other claimants identified in those disease categories who reached agreement, accordingly.

36. As described in the Goldwater Declaration, the TCEH Manifested Asbestos Claims were apportioned based on the disease alleged by the claimant. Fixed amounts for mesothelioma, lung cancer, and other cancers were determined based on the Ankura Report, historical asbestos litigation, and, ultimately, compromise and settlement discussions with claimants' counsel. Amounts for asbestosis and pleural disease were calculated based on each claimant's pro rata share of the allowance to manifested claimants, less amounts for mesothelioma, lung cancer, and other cancers, adjusted for liability factors, and, ultimately, based on compromise and settlement discussions with claimants' counsel.

| Disease | Claim Allowance (as shown in Ex. 1) |
|---|---|
| Mesothelioma | $350,000 |
| Lung Cancer | $140,000 |
| Other Cancers | $70,000 |
| Asbestosis | $6,750 - $34,921 (Avg: $17,110) |

37. As shown in **Exhibit 1**[14] to the Order, the total amount allocated to the Holders of TCEH Manifested Asbestos Claims is $9,452,885.00, which is based on discussions with claimant's counsel and Reorganized TCEH's efforts to make a fair and equitable resolution of the TCEH Manifested Asbestos Claims in light of the nature of the claims and the provision of amounts for the TCEH Unmanifested Asbestos Claims.

---

[14] Disease category is reflected in the individual claim forms filed by the each claimant alleging a manifested disease. Redacted copies of the proofs of claims are available at https://dm.epiq11.com/case/efh/info. For unredacted copies of the proofs of claims, please contact counsel for Reorganized TCEH.

38.     Distributions to manifested claimants are a fair and reasonable allocation in light of the available value.  Further, in light of the actual cash to be distributed, compared to the allowed amounts of the claims, the proposed distributions avoid the expense to the claimants in proving up and litigating individual claims.   Finally, while these numbers are primarily the result of compromise and settlement, they are also reasonable and well within the normal range for historical administration of asbestos claims.  Goldwater Dec.  ¶ 11-12.

## II.     TCEH Unmanifested Asbestos Claims

39.     Reorganized TCEH requests that the Court enter an order allowing the TCEH Unmanifested Asbestos Claims in the amounts set forth in **Exhibit 2** to the Order.  The allowed amounts proposed for the TCEH Unmanifested Asbestos Claims were calculated by taking the total amount estimated for future claims as set forth in the Ankura Report, $7.4 million, and dividing it equally among all claimants.[15]  *See* Goldwater Dec. ¶ 8-9.  As shown in **Exhibit 2** to the Order, each claimant making an unmanifested claim is identified by name and claim number, in accordance with Local Bankruptcy Rule 3007-1.  This is a fair and reasonable allocation, and, in light of the actual cash to be distributed, avoids the expense to the claimants in proving up and litigating individual claims.

40.     Thus, the total amount of allowed claims allocated to Holders of TCEH Unmanifested Asbestos Claims is $7.4 million.  Each claimant is set to receive an allowed claim in the amount of $2,754.00.  Again, all dollar amounts set forth herein regarding the *allowed* amounts of claims should be read in light of the small fraction of dollars available to be distributed.  Based on current estimates, Reorganized TCEH anticipates that unmanifested claimants will receive between $100 and $200.

---

[15] *See* Estimation Order at Exhibit 1, Ankura Report, Table 3.2.

41. The total amount of the allowances in this Objection is $16.8 million, with $9,452,885.00 attributable to Holders of the TCEH Manifested Asbestos Claims and $7.4 million attributable to Holders of the TCEH Unmanifested Asbestos Claims. This represents a resolution of the TCEH Asbestos Claims for slightly less than the Maximum Value, which is consistent with the Estimation Order and leaves $347,115.00 of *allowance* (not actual dollars) to cover contingencies. It is in the best interests of all of the Reorganized TCEH Debtors and their creditors that a contingency amount of remains available.

42. Reorganized TCEH respectfully suggests that the allowances proposed in this Objection are fair and reasonable and should be approved because (i) nearly all of the Holders of the TCEH Manifested Asbestos Claims are unopposed to the relief requested in this Objection, and (ii) each of the Holders of the TCEH Unmanifested Asbestos Claims are receiving their pro rata share of precisely what the Estimation Order, **Exhibit 1**, sets forth.

## Reservation of Rights

43. Nothing contained in this Objection or any actions taken by Reorganized TCEH pursuant to the relief granted in the Order is intended or should be construed as: (a) a waiver or limitation of any of the Reorganized TCEH Debtors' rights under the Bankruptcy Code or any other applicable law; or (b) a waiver of the Reorganized TCEH's rights to make objections to, and to oppose allowance of, those claims not finally resolved and extinguished by the Order. Consistent with the relief granted in the Procedural Order, Reorganized TCEH hereby reserves all of its rights to amend, modify, and/or supplement this Objection, including to object to any of the TCEH Asbestos Claims listed on **Exhibit 1** and/or **Exhibit 2** to the Order, on any additional grounds, prior to or after the hearing before the Court on this Objection, if any, and nothing in this Objection shall affect the right of Reorganized TCEH or any other entity to object to the TCEH Asbestos Claims at a future date on a basis other than as set forth in this Objection as

permitted by bankruptcy or nonbankruptcy law, subject to any limitations set forth in the Local Bankruptcy Rules (as modified by the terms of the Procedural Order).

## Notice

44.     Consistent with the terms of the Procedural Order, Reorganized TCEH shall provide notice of this Objection consisting of a complete copy of this Objection (inclusive of its exhibits) in electronic format only on a USB flash drive within five business days of the date hereof via U.S. first class mail to:  (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under:  (i) the TCEH unsecured pollution control revenue bonds, and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019, (ii) the 10.0% EFH senior unsecured notes due 2020, (iii) the 10.875% EFH LBO senior unsecured notes due 2017, (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017, (v) the 5.55% EFH legacy notes (series P) due 2014, (vi) the 6.50% EFH legacy notes (series Q) due 2024, and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under:  (i) the 11.0% EFIH senior secured second lien notes due 2021, and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under:  (i) the 9.75% EFIH senior unsecured notes due 2019, and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under:  (i) the 6.875% EFIH senior secured notes due 2017, (ii)

15

the 10.0% EFIH senior secured notes due 2020, and (iii) the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015, and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; and (y) those parties that have requested notice pursuant to Bankruptcy Rule 2002 and Local Bankruptcy Rule 2002-1(b). Consistent with the terms of the Procedural Order, Reorganized TCEH shall further serve within five business days of the date hereof via U.S. first class mail (i) each holder of the TCEH Asbestos Claims subject to this Objection with a complete copy of this Objection (inclusive of its exhibits) in electronic format only on a USB flash drive via U.S. first class mail along with a paper copy of the Proposed Form of Notice (as such term is defined in the Procedural Order), *provided*, that if an Affected Claimant (as such term is defined in the

Procedural Order) requests a paper copy of the complete Objection, Reorganized TCEH shall, following such a request, serve such Affected Claimant with a complete paper copy of such documents; and (ii) a complete paper copy of the Objection (inclusive of its exhibits) on known counsel to any of the Affected Claimants.  Reorganized TCEH respectfully submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE Reorganized TCEH respectfully requests that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, sustaining the Objection, and granting such other and further relief as is appropriate under the circumstances.

Dated: November 6, 2019
      Wilmington, Delaware

      */s/ Jason M. Madron*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701
Email:  collins@rlf.com
      defranceschi@rlf.com
      madron@rlf.com

-and-

**THE BRAME LAW FIRM PLLC**
Frank C. Brame (admitted *pro hac vice*)
Texas Bar No. 24031874
3333 Lee Parkway, Suite 600
Dallas, Texas 75219
Telephone:  (214) 665-9464
Facsimile:  (214) 665-9590
Email:  frank@bramelawfirm.com

*Co-Counsel to Reorganized TCEH*