# **EXHIBIT B**

**Declaration of John Goldwater**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF JOHN GOLDWATER IN SUPPORT OF
REORGANIZED TCEH'S FIFTY-THIRD OMNIBUS (SUBSTANTIVE)
OBJECTION TO TCEH ASBESTOS CLAIMS REQUESTING ALLOWANCE
OF TCEH ASBESTOS CLAIMS PURSUANT TO SECTION 502(b) OF THE
BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007,
AND LOCAL BANKRUPTCY RULE 3007-1**

I, John Goldwater, hereby declare under penalty of perjury:

1. My name is John Goldwater. I am a Managing Director at Alan Gray, LLC ("Alan Gray"). As a Managing Director, I am responsible for the day-to-day operations of the Quantitative Services group at Alan Gray and have been involved in modeling insurance claims, including environmental, asbestos, and mass tort actions, among others, since 2001. My responsibilities involve estimating claim liabilities; allocating long-tail claims across multiple policy periods under differing sets of facts, assumptions, coverage lines, and allocation methodologies; reconciling large sets of claim and/or accounting records, auditing claim files; creating and maintaining claim-level data; and developing decision-making models and analytics. I perform this work in both a consulting capacity and as an expert witness. I have authored and submitted numerous expert reports and have given testimony, through deposition or trial, on at least seven (7) occasions.

2. I have been retained by Reorganized TCEH[1] to assist it with the administration of asbestos claims in the above-referenced bankruptcy case. As part of the claims administration process, I am generally familiar with the TCEH Asbestos Claims that have been filed against the TCEH Debtors in this case. I have principally relied on the claims information provided to my firm by the Claims Agent, Epiq Bankruptcy Solutions, LLC.

3. I have reviewed and am familiar with the Objection filed contemporaneously herewith.

---

[1] Capitalized terms used, but not otherwise defined, herein shall have the same meanings given to such terms in *Reorganized TCEH's Fifty-Third Omnibus (Substantive) Objection to TCEH Asbestos Claims Requesting Allowance of TCEH Asbestos Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* (the "Objection").

4.     Reorganized TCEH has identified 3,059 claimants who filed approximately 5,000 Asbestos Proofs of Claim asserted against the TCEH Debtors (collectively, the "TCEH Asbestos Claims").  These claimants and their claim numbers are reflected in **Exhibit 1** and **Exhibit 2** to the proposed Order sustaining the Objection.

5.     These claims have been divided into two categories of claims: manifested and unmanifested.  Accordingly, the TCEH Asbestos Claims include (i) Proofs of Claim filed by 372 manifested claimants (collectively, the "TCEH Manifested Asbestos Claims") (as shown in **Exhibit 1** to the Order), and (ii) Proofs of Claim filed by 2,687 unmanifested claimants (collectively, the "TCEH Unmanifested Asbestos Claims") (as shown in **Exhibit 2** to the Order).  The TCEH Manifested Asbestos Claims reflect claimants that allege to have a manifested disease as a result of asbestos exposure.  Based on Reorganized TCEH's analysis of the claims, each claim has been identified as alleging one of four possible disease categories: (i) mesothelioma, (ii) lung cancer, (iii) other cancers, and (iv) asbestosis and pleural disease.  The TCEH Unmanifested Asbestos Claims are characterized by the claimant not having alleged a manifested disease.

6.     I have reviewed and relied on the *Order Estimating Asbestos Claims Filed Against the TCEH Debtors* dated October 12, 2016 [D.I. 9794] and the exhibits thereto ("Estimation Order").[2]  In the Estimation Order, the Court set, for distribution purposes, a maximum value of TCEH Asbestos Claims at $17.2 million (the "Maximum Value").  **Exhibit 1** of the Estimation Order is the Summary Ankura Report, which sets forth in Table 3.2 the calculation of the Maximum Value, which I have summarized below:

| TCEH Asbestos Claims | Estimation Order, Ex. 1 |
|---|---|
| Present Claims | $3.3m |
| Future Claims | $7.4m |
| Defense Costs | $6.5m |
| **TOTAL** | **$17.2m** |

*See* Estimation Order at **Exhibit 1**, Table 3.2.

7.     As shown in **Exhibit 1** and **Exhibit 2** to the Order attached to the Objection, Reorganized TCEH has calculated and apportioned the claim allowances for each Holder of a TCEH Asbestos Claim as shown therein and explained further below.  I have been made aware that the ultimate cash value to be distributed is pennies on the dollar relative to the gross amount of the allowances calculated herein, in light of the treatment accorded these claimants under the bankruptcy plan.

---

[2] *See Order Estimating Asbestos Claims Filed Against the TCEH Debtors* [D.I. 9794].

TCEH Unmanifested Asbestos Claims

8.	In the Objection, Reorganized TCEH has allocated $7.4 million to the Holders of unmanifested claimants. This is based on the Ankura Report having calculated $7.4 million for future claims.

9.	For the allowances proposed for the TCEH Unmanifested Asbestos Claims, I took the total amount estimated for future claims as set forth in the Ankura Report and divided it equally among all claimants. *See* Objection, **Exhibit 2**. Because the unmanifested claimants do not allege a disease or any damages, it is reasonable to allocate the available sum on a *pro rata* basis. Each claimant is set to receive an allowed claim in the amount of $2,754.00 – the claimant's pro rata share of $7.4 million.

TCEH Manifested Asbestos Claims

10.	To the best of my knowledge, there are 372 Holders of TCEH Manifested Asbestos Claims. These Holders are claimants who allege a disease resulting from asbestos exposure.

11.	As shown in the final column of **Exhibit 1** to the Objection, Reorganized TCEH was able to reach agreement with claimant's counsel with respect to the Holders of 363 of the 372 TCEH Manifested Asbestos Claims. For these claimants, the allowed amounts are not my own analysis, but I understand to be the result of negotiation and discussion between Reorganized TCEH's counsel and the affected claimants' counsel. The TCEH Manifested Asbestos Claims were apportioned based on the disease alleged by the claimant. Fixed amounts for mesothelioma, lung cancer, and other cancers were determined based on the Ankura Report, historical asbestos litigation, and, ultimately, the compromise and settlement discussions with claimants' counsel. Amounts for asbestosis and pleural disease were calculated based on each claimant's pro rata share of the allowance to manifested claimants, less amounts for mesothelioma, lung cancer, and other cancers, adjusted for liability factors requested by claimants' counsel, and, ultimately, based on compromise and settlement discussions. In summary, the allowances are shown below:

| Disease | **Exhibit A** |
|---|---|
| Mesothelioma | $350,000 |
| Lung Cancer | $140,000 |
| Other Cancers | $70,000 |
| Asbestosis | $6,750 - $34,921 Avg: $17,110 |

While I did not propose these amounts, I have reviewed them. In light of my knowledge and experience with modeling and auditing insurance claims, specifically asbestos claims in a

bankruptcy setting, I found them to be fair and within the range of reasonable apportionment of the available value.

12. In the case of the Holders of the remaining nine claims, in which I have been informed there was no agreement reached in advance of the Objection, I have calculated the allowed amounts as follows: (i) claimants identified as alleging asbestosis and pleural disease were allocated allowed claims equal to the average allowed claim for all other asbestosis and pleural disease claimants; (ii) claimants identified as alleging mesothelioma were allocated an allowed claim equal to all other claimants asserting mesothelioma; (iii) claimants identified as alleging lung cancer were allocated an allowed claim equal to all other claimants asserting lung cancer; and (iv) claimants identified as alleging other cancers were allocated an allowed claim equal to all other claimants asserting other cancers.

| Disease | Proposed Allowance |
|---|---|
| Mesothelioma | $350,000 |
| Lung Cancer | $140,000 |
| Other Cancers | $70,000 |
| Asbestosis | $17,110 |

As stated above, I have reviewed these allowances, and in light of my knowledge and experience with modeling and auditing insurance claims, specifically asbestos claims in a bankruptcy setting, I found them to be fair and within the range of reasonable apportionment of the available value.

13. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the foregoing declaration are true and correct to the best of my knowledge and belief.

Dated:  November 6, 2019            */s/ John Goldwater*
                                    John Goldwater
                                    Managing Director
                                    Alan Gray, LLC