## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objection Deadline: January 6, 2020 at 4:00 p.m.** |

## EFH PLAN ADMINISTRATOR BOARD'S
## FOURTEENTH NOTICE OF CLAIMS SATISFIED IN FULL

The EFH Plan Administrator Board (the "PAB"), files this notice (the "Notice"), pursuant to Del. Bankr. L.R. 3007-1(e)(iii)(J)(2), identifying certain Claims (as defined below) filed in the above-captioned chapter 11 cases, which have been satisfied in full (each a "Satisfied Claim," and together, the "Satisfied Claims"). The Satisfied Claims are listed in **Exhibit A** attached hereto, which is incorporated herein by reference and is also accessible at the following website maintained by Epiq Bankruptcy Solutions, LLC ("Epiq"), the court-appointed claims agent in the above-captioned chapter 11 cases: www.efhcaseinfo.com. In support of this Notice, the PAB respectfully states as follows.

### Background

1.     On April 29, 2014 (the "Petition Date"), Energy Future Holdings Corp. and seventy (70) of its affiliates (collectively, the "Debtors") each filed a voluntary petition with the Court under chapter 11 of title 11 of the United States Code, §§ 101-1532 (the "Bankruptcy

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Code"). The Court has entered a final order for joint administration of the Debtors' chapter 11 cases [D.I. 849]. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98], the *Third Amended Disclosure Statement for the Second Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors and EFH Shared Services Debtors* [D.I. 8747], and the *Amended Disclosure Statement for the Seventh Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the EFH Debtors and EFIH Debtors* [D.I. 10564] (the "Disclosure Statement").[2]

2.     Additionally, on August 29, 2016, the Court entered the *Order Confirming the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors and EFH Shared Services Debtors*, confirming the plan of reorganization as to the TCEH Debtors and EFH Shared Services Debtors, effective as of October 3, 2016 [D.I. 9421].

---

[2] Capitalized terms used, but not otherwise defined, herein shall be ascribed the same meanings given to them in the Disclosure Statement.

3.      On September 11, 2017, the EFH Debtors and EFIH Debtors filed the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 11887] (as modified by D.I. 12653, the "EFH/EFIH Plan").  On February 27, 2018, the Court entered an order confirming the EFH/EFIH Plan.[3]  The effective date of the EFH/EFIH Plan occurred on March 9, 2018.[4]

4.      On June 30, 2014, the Debtors filed their schedules of assets and liabilities (the "Schedules") and statements of financial affairs (the "Statements" and together, with the Schedules, the "Schedules and Statements") [D.I. 1237–1307, 1319–1329, 1331–1343, 1345]. On September 26, 2014, the Debtors filed their amended Schedules and Statements [D.I. 2146–2216], addressing certain discrete issues.  Additionally, in the ordinary course of business, the Debtors maintained books and records that reflected, among other things, the Debtors' aggregate liabilities and the specific amounts owed to each of their creditors.

5.      On May 2, 2014, the Court entered an order establishing October 27, 2014 at 5:00 p.m. (prevailing Eastern Time) (the "Customer Claims Bar Date") as the final date and time for certain customer claimants holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim in these chapter 11 cases and approving the form and manner of notice of the Customer Claims Bar Date [D.I. 307].

6.      On August 18, 2014, the Court entered an order (the "General Bar Date Order") establishing October 27, 2014 at 5:00 p.m. (prevailing Eastern Time) (the "General Bar Date") as

---

[3] *See Order Confirming the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12763].

the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim in these chapter 11 cases, except for claims specifically exempt from complying with the General Bar Date as set forth in the General Bar Date Order, and approving the form and manner of notice of the General Bar Date [D.I. 1866].

7.      On November 3, 2017, the Court entered an order (a) closing the chapter 11 cases of EFCH and the direct and indirect subsidiaries of TCEH (together with EFCH, collectively, the "Closing Cases") and (b) transferring the administration of all Claims and Interests asserted in the Closing Cases to TCEH [D.I. 12172].  Other than TCEH (which remains an active Debtor in these chapter 11 cases), following entry of the Transfer and Closure Order, the chapter 11 cases of all of the other TCEH Debtors were closed.

8.      As of the date hereof, the PAB and Epiq have identified on the Debtors' register of claims (the "Claims Register"), which register is prepared, maintained, and provided by Epiq, approximately 40,000 Proofs of Claim (collectively, the "Claims") filed against the Debtors in these chapter 11 cases by persons purporting to be holders of Claims.  The PAB and its advisors are in the process of comprehensively reviewing and reconciling the Claims with the PAB's books and records to determine the validity of the Claims asserted against the EFH Debtors and EFIH Debtors.

---

[4] *See Notice of Entry of EFH Confirmation Order and Occurrence of EFH Effective Date* [D.I. 12801].

**Claims Satisfied After the Petition Date**

9.      In connection with its review of its books and records, the PAB has identified 101 Claims, as set forth in **Exhibit A** hereto, *i.e.* the Satisfied Claims, which have been satisfied in full through the treatment of the Claims by the EFH/EFIH Plan.

10.      Accordingly, the PAB intends to designate on the Claims Register the Satisfied Claims listed on **Exhibit A** as being satisfied in full.  Out of an abundance of caution, the PAB will serve this Notice on all holders of the Satisfied Claims to provide them with an opportunity to interpose an objection, if any, to the PAB's determination that such Claims have been fully satisfied.

**Responses to the Notice**

11.      By this Notice, the PAB requests that any holder of the Satisfied Claims who dispute the PAB's determination that the Claims have been satisfied or released file a written response (the "Response") with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware (the "Clerk"), 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801.  In addition, such Claimant must serve its Response upon the following entities, so that the Response is **received** no later than **January 6, 2020 at 4:00 p.m. (Eastern Standard Time)** (the "Response Deadline"):  (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY, 10022, Attn: Aparna Yenamandra; (b) Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654, Attn: Chad J. Husnick, P.C.; and (c) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: Jason M. Madron.

12.      Every Response must contain, at a minimum, the following information:

      a.      a caption setting forth the name of this Court, the name of the Debtors, the case number, and the title of this Notice;

b.     the name of the Claimant, the number of his/her/its Satisfied Claim, and a description of the basis for the amount of the Satisfied Claim that the Claimant is contesting has not been satisfied;

c.     the specific factual basis, supporting legal argument and any supporting documentation, to the extent such documentation was not included with the Satisfied Claim previously filed with the Clerk or Epiq, upon which the Claimant will rely in opposing this Notice and the PAB's determinations set forth therein; and

d.     the name, address, telephone number, electronic mail address, and fax number of the person(s) (which may be the Claimant or its legal representative) with whom counsel for the PAB should communicate with respect to the Satisfied Claim or the Notice and who possesses authority to reconcile, settle, or otherwise resolve any issues relating to the Satisfied Claim on behalf of the Claimant.

13.     Upon the PAB's receipt of a Response, the PAB will then make a good faith effort to review the Satisfied Claim in light of such Response, to determine whether there is a basis upon which to sustain the Claimant's assertion that its Claim in fact is not a Satisfied Claim.  In the event the parties are unable to reach a resolution, the PAB will schedule a hearing on the Satisfied Claim.  The PAB reserves the right to contest any new assertions of liability against the PAB made by the holders of the Satisfied Claim with respect to their Claim.

14.     If a Claimant fails to file and serve a timely Response by the Response Deadline, (i) the Claimant is deemed to have consented to the Notice and the PAB's determinations with respect to the Satisfied Claim, as set forth therein, and (ii) Epiq shall immediately, and without further notice to any party (including the Claimant), mark the Satisfied Claim as fully satisfied on the Claims Register.

## **Reservation of Rights**

15.     The PAB expressly reserves the right to (a) amend, modify or supplement this Notice, and (b) file additional objections to any claims in these chapter 11 cases, including,

without limitation, objections to the Satisfied Claims, or any other claims (filed or not) that have been or may be asserted against the Debtors' estates.

16.     Notwithstanding anything contained in this Notice or the attached exhibit, nothing herein shall be construed as a waiver of any rights that the PAB may have:  (a) to bring avoidance actions under the applicable provisions of the Bankruptcy Code against the holder of any disputed claim, or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

*[Remainder of page intentionally left blank.]*

RLF1 22506090v.1

Dated: November 25, 2019
       Wilmington, Delaware

*/s/ Jason M. Madron*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:        collins@rlf.com
              defranceschi@rlf.com
              madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        edward.sassower@kirkland.com
              stephen.hessler@kirkland.com
              brian.schartz@kirkland.com
              steven.serajeddini@kirkland.com
              aparna.yenamandra@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.sprayregen@kirkland.com
              marc.kieselstein@kirkland.com
              chad.husnick@kirkland.com

*Co-Counsel to the EFH Plan Administrator Board*