# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) Case No. 14-10979 (CSS) |
| Debtors.¹ | ) (Jointly Administered) |
| | ) **Re: D.I. 9409, 9779, 13782, 13783** |

## CERTIFICATION OF COUNSEL WITH RESPECT TO PRESENTATION OF PROPOSED FORM OF ORDER APPROVING SETTLEMENT BETWEEN LUMINANT GENERATION COMPANY, LLC AND THE CITY OF DALLAS, TEXAS AND PROVIDING FOR ALLOWANCE OF, AND DISTRIBUTION WITH RESPECT TO, GENERAL ADMINISTRATIVE CLAIM OF THE CITY OF DALLAS, TEXAS AND RELATED RELIEF

I, Jason M. Madron, Delaware co-counsel to Luminant Generation Company, LLC ("Luminant"), one of the Reorganized TCEH Debtors (as such term is defined in the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 9199] (as modified by D.I. 9321 and 9374, the "Plan")), hereby certifies as follows:

1. On April 29, 2014, Luminant and certain of its affiliates (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court"), jointly administered under Case No. 14-10979 (CSS).

2. Luminant and the City of Dallas, Texas ("Dallas") were parties to a water lease

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

RLF1 22562168v.2

(the "Water Rights Lease") which was assumed by Luminant pursuant to the Court's *Order Approving the Assumption of Certain Executory Contracts and Unexpired Leases* [D.I. 2574] and subsequently rejected pursuant to the Court's *Order Authorizing Rejection of a Previously Assumed Nonresidential Real Property Lease between Luminant Generation Company LLC and the City of Dallas, Texas, Effective Nunc Pro Tunc September 22, 2015* (the "Rejection Order") [D.I. 6447].

3. Following entry of the Rejection Order, Dallas filed proofs of claim numbered 37822, 37716, and 13319, asserting damages under sections 503(b)(7) and 502(b)(6) of the Bankruptcy Code related to the rejection of the Water Rights Lease pursuant to the Rejection Order.

5. On August 26, 2016, Debtors filed the *Objection of Energy Future Holdings Corp., et al., to Proof of Claim 13319 Filed by the City of Dallas* [D.I. 9409] (the "Objection").

6. On October 3, 2016, the Plan went effective and the Reorganized TCEH Debtors emerged from chapter 11.

7. On October 7, 2016, Dallas filed the *Response of the City of Dallas, Texas in Opposition to the Objection of Energy Future Holdings Corp., et al., to Proof of Claim No. 13319* [D.I. 9779] (the "Response").

8. On April 26, 2019, Dallas filed: (i) the *Motion of the City of Dallas, Texas for Summary Judgment for Allowance and Payment of Its Administrative Claim Under 11 U.S.C. § 503(b)(7)* [D.I. 13782] (the "Summary Judgment Motion"); (ii) the *Opening Brief of the City of Dallas, Texas in Support of Its Motion for Summary Judgment for Allowance and Payment of Its Administrative Claim Under 11 U.S.C. § 503(b)(7)* [D.I. 13783] and its appendix [D.I. 13784] in support of the Summary Judgment Motion; and (iii) claim no. 37822 (together

with claim nos. 37822, 37716, and 13319, the "Proofs of Claim"), pursuant to which Dallas withdrew its claim under section 502(b)(6) of the Bankruptcy Code, leaving only its administrative claim under section 503(b)(7) of the Bankruptcy Code.

9. A status and scheduling conference was held in connection with this contested matter on May 30, 2019.

10. After the status and scheduling conference, Luminant and Dallas engaged in good faith and arm's-length discussions and negotiations with respect both to discovery and scheduling issues and settlement.

11. On or about October 24, 2019, Luminant and Dallas entered into an agreement settling this matter (the "Settlement Agreement"), which is attached as Exhibit 1 to the proposed form of Order attached hereto as **Exhibit A**.

12. The proposed from of Order approves the Settlement Agreement entered into by Luminant and Dallas, and provides for the allowance of Dallas' claim as a General Administrative Claim (as defined in the Plan) as well as the distribution to which Dallas is entitled as the holder of an Allowed General Administrative Claim (as defined in the Plan).

13. Among other things, the Plan provides for the settlement and compromise of Disputed Claims (as such term is defined in the Plan). Specifically, pursuant to Article VII of the Plan:

> Except as otherwise specifically provided in the Plan, after the Effective Date, the applicable Reorganized Debtor(s) shall have the sole authority: (1) to File, withdraw, or litigate to judgment, objections to Claims; (2) **to settle or compromise any Disputed Claim without any further notice to or action, order, or approval by the Bankruptcy Court**; and (3) to administer and adjust the Claims Register to reflect any such settlements or compromises without any further notice to or action, order, or approval by the Bankruptcy Court.

*See* Plan at Art. VII, § B (emphasis supplied).

At the same time, however, Article II of the Plan further provides:

> Except as specified in this Article II, unless the Holder of an Allowed General Administrative Claim and the Debtors or the Reorganized Debtors, as applicable, agree to less favorable treatment, each Holder of an Allowed General Administrative Claim will receive, in full satisfaction of its General Administrative Claim, Cash equal to the amount of such Allowed General Administrative Claim either: (a) on the Effective Date; (b) **if the General Administrative Claim is not Allowed as of the Effective Date, 60 days after the date on which an order allowing such General Administrative Claim becomes a Final Order**, or as soon thereafter as reasonably practicable ...

*See* Plan at Art. II, § A.1 (emphasis supplied).

14.    Consequently, in order both to finally resolve this contested matter in a consensual manner consistent with the relevant provisions of the Plan, and to provide the Court with this as a report with respect to the resolution of this contested matter, the undersigned counsel respectfully requests that the Court enter the proposed form of Order approving the Settlement Agreement and fully and finally resolving the Proofs of Claim.

WHEREFORE, the undersigned counsel respectfully requests that the Court enter the proposed form of Order, substantially in the form attached hereto as **Exhibit A**, at its earliest convenience.

*[Remainder of page intentionally left blank.]*

4

Dated: December 9, 2019
      Wilmington, Delaware

/s/ *[signature]*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701
Email:  collins@rlf.com
      defranceschi@rlf.com
      madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:  edward.sassower@kirkland.com
      stephen.hessler@kirkland.com
      brian.schartz@kirkland.com
      steven.serajeddini@kirkland.com
      aparna.yenamandra@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:  james.sprayregen@kirkland.com
      marc.kieselstein@kirkland.com
      chad.husnick@kirkland.com

*Co-Counsel to Luminant Generation Company, LLC*