# EXHIBIT A

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |
| | ) **Re: D.I. 9409, 9779, 13782, 13783, 13911** |

### ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN LUMINANT GENERATION COMPANY, LLC AND THE CITY OF DALLAS, TEXAS

Upon consideration of the agreement, a copy of which is attached hereto as **Exhibit 1** (the "Settlement Agreement"); and the Court having determined that good and adequate cause exists for approval of the Settlement Agreement providing for allowance of a General Administrative Claim, as defined by and pursuant to the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 9374] (the "Plan"), for the City of Dallas, Texas; and the Court having determined that no further notice of the Settlement Agreement must be given; it is hereby

**ORDERED** that the Settlement Agreement is hereby **APPROVED**; and it is further

**ORDERED** that the City of Dallas, Texas shall have an Allowed General Administrative Claim under the Plan, and shall be entitled to the distribution on account of such Allowed General Administrative Claim as set forth in the Settlement Agreement; and it is further

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

**ORDERED** that, upon entry of this Order, all of the Objection, Response, and Motion for Summary Judgment are deemed WITHDRAWN WITH PREJUDICE; and it is further

**ORDERED** that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# EXHIBIT 1

*Execution Version*

# CLAIM SETTLEMENT

**THIS SETTLEMENT** (this "Settlement") is made and entered into as of December 4, 2019, by and among Luminant Generation Company LLC ("Luminant") and the City of Dallas, Texas (together with any successors thereto, the "Claimant" and, together with Luminant, the "Parties").

Luminant and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on April 29, 2014 (the "Petition Date"), which have been jointly administered under case number 14-10979 (CSS) (collectively, the "Chapter 11 Cases").

**WHEREAS**, Luminant and Claimant were each a party to a water lease (the "Water Rights Lease") which was assumed pursuant to the Bankruptcy Court's *Order Approving the Assumption of Certain Executory Contracts and Unexpired Leases* [Docket No. 2574] and subsequently rejected pursuant to the Bankruptcy Court's *Order Authorizing Rejection of a Previously Assumed Nonresidential Real Property Lease between Luminant Generation Company LLC and the City of Dallas, Texas, Effective* Nunc Pro Tunc *September 22, 2015* (the "Rejection Order") [Docket No. 6447];

**WHEREAS**, on October 3, 2016, the Debtors' *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan") went effective and the Debtors emerged from chapter 11 (the "Reorganized Debtors");

**WHEREAS**, following entry of the Rejection Order, Claimant filed proofs of claim nos. 37822, 37716, and 13319 on the Debtors' claim register, asserting damages related to the rejection of the Water Rights Lease pursuant to the Rejection Order;

**WHEREAS**, on August 26, 2016, the Debtors filed the *Objection of Energy Future Holdings Corp., et al., to Proof of Claim 13319 Filed by the City of Dallas* [D.I. 9409] (the "Objection");

**WHEREAS**, on October 7, 2016, the Claimant filed the *Response of the City of Dallas, Texas in Opposition to the Objection of Energy Future Holdings Corp., et al., to Proof of Claim No. 13319* (the "Response");

**WHEREAS**, on April 26, 2019, Claimant filed the *Motion of the City of Dallas, Texas for Summary Judgment for Allowance and Payment of Its Administrative Claim Under 11 U.S.C. § 503(b)(7)* (the "Summary Judgment Motion") [D.I. 13782];

**WHEREAS**, on April 26, 2019, Claimant filed claim no. 37822 (together with claim nos. 37716, and 13319, the "Proofs of Claim"), pursuant to which it withdrew its general unsecured claim for damages, leaving only its administrative claim under § 503(b)(7) of the Bankruptcy Code.

**WHEREAS**, by this Settlement, the Parties seek a full and final settlement of all disputes pertaining to the Water Rights Lease and Rejection Order, including but not limited to, the Proofs of Claim, the Objection, the Response, and the Summary Judgment Motion and any other claims or causes of action, whether currently asserted or unasserted, which relate to the Water Rights Lease and/or the Rejection Order.

**NOW THEREFORE**, in consideration of the foregoing and of the mutual covenants set forth herein, the Parties agree as follows.

1. **Allowed General Administrative Claim.** The Claimant shall have an Allowed General Administrative Claim (as such is defined in the Plan), on account of any and all claims arising out of the Water Rights Lease and/or the Rejection Order, in the amount of $4,300,000.00, which amount the Reorganized Debtors shall pay to the Claimant within twenty (20) days of this Settlement being executed by the Parties (the "Payment"). Upon the Claimant's receipt of the Payment, the Claimant shall be deemed to have withdrawn any and all claims, including the Proof of Claims, and the Reorganized Debtors shall be authorized to take all necessary steps to update the Debtors' claims register to reflect such withdrawal.

2. **Release of the Reorganized Debtors.** The Claimant agrees, to the maximum extent allowed by applicable law, to release, waive, and discharge the Reorganized Debtors, each of their respective current and former affiliates, and each of the Reorganized Debtors' and their current and former affiliates' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of the foregoing's current and former equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such, and any person or entity seeking to exercise the rights of the Debtors' estates, including any successors to the Reorganized Debtors or any estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code and the Reorganized Debtors' property, from any and all claims, interests, obligations, debts, rights, suits, damages, causes of action, remedies, and liabilities in connection with the Water Rights Lease, the Rejection Order and the Proofs of Claim, before or after the Petition Date whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, contingent or non-contingent, liquidated or unliquidated, secured or unsecured, assertable, directly or derivatively, matured or unmatured, suspected or unsuspected, in contract, tort, law, equity or otherwise, any damages or administrative expenses before or after the Petition Date, including under sections 503(b)(1)(A) and (b)(9), whether for tort, contract, violations of federal or state securities laws, or otherwise, and all rights of setoff, counterclaim, or recoupment and claims under contracts or for breaches of duties imposed by law. For the avoidance of doubt, nothing herein shall relieve the Reorganized Debtors' obligation to pay Claimant's Allowed General Administrative Claim as set forth in Paragraph 1 of this Settlement.

3. **Release of the Claimant by the Reorganized Debtors.** The Reorganized Debtors agree, to the maximum extent allowed by applicable law, to release, waive, and discharge the Claimant, and its current and former elected officials, employees, managers, officers, predecessors, successors, and assigns, and subsidiaries, each in their capacity as such, and the Claimant's

property, from any and all claims, interests, obligations, debts, rights, suits, damages, causes of action, remedies, and liabilities, in connection with the Water Rights Lease, the Rejection Order and the Proofs of Claim, before or after the Petition Date whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, contingent or non-contingent, liquidated or unliquidated, secured or unsecured, assertable, directly or derivatively, matured or unmatured, suspected or unsuspected, in contract, tort, law, equity or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, and all rights of setoff, counterclaim, or recoupment and claims under contracts or for breaches of duties imposed by law.

4. **Withdrawal of Pending Litigation.** Upon approval by the Bankruptcy Court of this Settlement, all pleadings and requests for relief pertaining to the Water Rights Lease and/or the Rejection Order, including, but not limited to, the Objection, the Response, and the Summary Judgment Motion shall be deemed automatically withdrawn with prejudice without further action by the Parties.

5. **Successors and Assigns.** The provisions of this Settlement shall be binding on the Parties and their successors and assigns and shall inure to the benefit of the Parties and their successors and assigns.

6. **Entire Agreement.** This Settlement constitutes the entire agreement and understanding between the Parties with respect to the subject matter hereof, and there are no representations, understandings, or agreements relative hereto which are not fully expressed herein. This Settlement may not be modified, altered, or amended in whole or in part except by a written instrument executed by each Party.

7. **Governing Law.** This Settlement shall be governed by and construed under the laws of the State of Texas without regard to conflicts of law provisions.

8. **Jurisdiction**. The Parties consent to the exclusive jurisdiction of the Bankruptcy Court with respect to this Settlement. The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law. In the event that the Bankruptcy Court declines to or may not accept jurisdiction over a particular matter, the Parties agree to then proceed in Dallas County Civil District Court in Dallas County, Texas.

9. **No Reliance.** Each Party represents and warrants that in entering into this Settlement it is relying on its own judgment, belief and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter. In entering into this Settlement, no Party is relying on any representation or statement made by any other Party or any person representing such other Party.

10. **Construction.** This Settlement has been drafted through a cooperative effort of both Parties, and neither Party shall be considered the drafter of this Settlement so as to give rise to any presumption of convention regarding construction of this document. All terms of this Settlement were negotiated in good faith and at arm's length, and this Settlement was prepared and executed without fraud, duress, undue influence, or coercion of any kind exerted by any of

the Parties upon the other.  The execution and delivery of this Settlement is the free and voluntary act of the Parties.

11. **No Liability.**  It is understood and agreed by the Parties that this a settlement and compromise of disputed claims and neither this Settlement itself, any of the payments or covenants described herein, nor anything else connected with this Settlement is to be construed as an admission of fault or liability.

12. **Execution in Counterparts.**  This Settlement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  All signatures of the Parties to this Settlement may be transmitted by facsimile or by electronic mail, and such transmission will, for all purposes, be deemed to be the original signature of such Party whose signature it reproduces, and will be binding upon such Party.

13. **Severability.**  If any provision of this Settlement is determined to be prohibited or unenforceable by reason of any applicable law of a jurisdiction, then such provision shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions thereof, and any such prohibition or unenforceability in such jurisdiction shall not invalidate or render unenforceable such provisions in any other jurisdiction.

14. **Compliance with Applicable Law.**  The Parties represent, warrant, and covenant that each document, notice, instruction, or request provided by each respective Party shall comply with applicable laws and regulations.  Where, however, the conflicting provisions of any such applicable law may be waived, they are hereby irrevocably waived by the Parties hereto to the fullest extent permitted by law, to the end that this Settlement shall be enforced as written.

15. **No Third-Party Beneficiaries.**  Except for the parties that are the subject of the release set forth in paragraph 2 hereof, nothing in this Settlement shall be construed to give to any person or entity other than the Parties any legal or equitable right, remedy, interest or claim under or in respect of this Settlement.

[*Remainder of page intentionally left blank.*]

*Execution Version*

**IN WITNESS WHEREOF**, the Parties have executed this Settlement as of the date set forth above.

| **LUMINANT GENERATION COMPANY LLC, on behalf of itself and the Reorganized Debtors** | **City of Dallas, Texas** |
|---|---|
| By: *[signature]* <br> Stephanie Zapata Moore <br> Executive Vice President & General Counsel | By: _____ <br> [Name] <br> [Title] |

36192267.1 12/03/2019

*Execution Version*

IN WITNESS WHEREOF, the Parties have executed this Settlement as of the date set forth above.

| | |
|---|---|
| **LUMINANT GENERATION COMPANY LLC, on behalf of itself and the Reorganized Debtors** | **City of Dallas, Texas** |
| By: _____ | By: *[signature]* |
| Stephanie Zapata Moore<br>Executive Vice President & General Counsel | Majed Al-Ghafry<br>Assistant City Manager |
| | Approved as to form by: *[signature]*<br>Mark Baggett, Esq.<br>Assistant City Attorney |