## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: D.I. 13877, 13879, 13895, 13896, 13897, 13898, 13899, 13900, 13902, 13904, 13905, 13906, 13907, 13908, 13909, 13910, 13912, 13913, 13914, 13915, 13916, 13917, 13918, 13919, 13920, 13921, 13922, 13923, 13924, 13925, 13926, 13927, 13928, 13929, 13930, 13931, 13932, 13933, 13934, 13935, 13936, 13937, 13938, 13939, 13940, 13941, 13942, 13943, 13944, 13945, 13946, 13947, 13948, 13950, 13951, 13952, 13953, 13954, 13955** |

### REORGANIZED TCEH'S OMNIBUS REPLY IN SUPPORT OF ITS FIFTY-THIRD OMNIBUS (SUBSTANTIVE) OBJECTION TO TCEH ASBESTOS CLAIMS REQUESTING ALLOWANCE OF TCEH ASBESTOS CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007 AND LOCAL BANKRUPTCY RULE 3007-1

Texas Competitive Electric Holdings Company LLC ("Reorganized TCEH") files this omnibus reply (this "Reply") in further support of its *Fifty-Third Omnibus (Substantive) Objection to TCEH Asbestos Claims Requesting Allowance of TCEH Asbestos Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* filed November 6, 2019 [D.I. 13879] (the "Objection"). Reorganized TCEH is requesting entry of an order (a) liquidating and allowing asbestos claims identified on Exhibit 1 and Exhibit 2 of the proposed form of order sustaining the Objection against the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

applicable Reorganized TCEH Debtor,[2] in the amounts and on the terms set forth therein, and (b)

ordering that each such asbestos claim is hereby determined allowed, extinguished, concluded,

and released in exchange for the allowances set forth therein.  In further support of the Objection,

Reorganized TCEH respectfully submits as follows:[3]

**Preliminary Statement and Summary of Reply**

1.      The Objection deals with approximately 5,000 Asbestos Proofs of Claim asserted

against the TCEH Debtors by nearly 3,100 individual claimants.  The relief being sought in the

Objection, however, is rather narrow:  by the Objection, TCEH is not contesting the issue of

liability.[4]  Nor is TCEH challenging the overall amount to be allowed – that issue was already

determined in 2016 in the Estimation Order.  TCEH is only proposing a reasonable method for

*allocating* the limited amounts available among the existing claimants so that a payout to those

claimants can be completed.

2.      To accomplish this task, Reorganized TCEH devised a fair and equitable

approach to allocate amounts to each manifested claimant based on disease category and to each

unmanifested claimant based on their pro rata share of the amount set forth in the Estimation

Order and its exhibits.  This approach is supported or without objection by (i) 371 out of 372

---

[2] Reorganized TCEH, Energy Future Competitive Holdings Company LLC, certain of TCEH's direct and indirect subsidiaries, and the EFH Shared Services Debtors are hereafter referred to, collectively, as the "TCEH Debtors" and after the TCEH Effective Date, the "Reorganized TCEH Debtors").

[3] Capitalized terms used, but not otherwise defined, herein shall have the same meanings given to such terms in the Objection or the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 9199] (as modified by D.I. 9321 and 9374, the "TCEH Plan"), as applicable.

[4] For the avoidance of doubt, to the extent that the Objection is not sustained in its entirety, Reorganized TCEH reserves all of its rights to object to all of the Asbestos Proofs of Claims asserted against the TCEH Debtors on any and all grounds whatsoever.

claimants with a TCEH Manifested Asbestos Claim affected by the Objection,[5] (ii) claims expert John Goldwater, whose declaration is attached to the Objection, (iii) approximately 98% of unmanifested claimants who did not object, and (iv) the Reorganized TCEH Debtors.

3.      Notably, no objections were filed by claimants asserting a TCEH Manifested Asbestos Claim, *i.e.*, those filing a manifested proof of claim as reflected in Exhibit 1 to the Order, except for one from Charles Servantez, whose counsel had previously agreed to the relief before the Objection was filed.   And no unmanifested claimant has objected to the amounts proposed to be allowed to the TCEH Manifested Asbestos Claims.   Finally, no objector has objected to the method of allocating the $17.2 million of available claim allowances, let alone suggested a method that is fairer and more equitable than the one currently proposed.

4.      On the other hand, claimants asserting TCEH Unmanifested Asbestos Claims filed approximately 58 objections that have been docketed as of the date of this Reply, 21 of which come from one attorney in Texas representing the Carlock-Kissinger family group.   The objectors represent less than 2% of the claimants affected by the Objection. In this Reply, Reorganized TCEH addresses the objections received and explains why the Court should grant the relief requested in the Objection notwithstanding these objections.

5.      The objections received, while understandable in the case of *pro se* claimants, are not relevant to the narrow relief being requested here.   Most objectors assert (i) TCEH's liability for asbestos exposure, (ii) the insufficiency of the amount available to the claimants, or (iii) the discounted cash value of allowed claims under the TCEH Plan.   These are not matters before the Court.   For purposes of the Objection, TCEH does not dispute liability; the amount available was

---

[5] The one remaining claimant, Charles Servantez, filed a *pro se* objection [D.I. 13938] after the objection deadline, despite his attorney's previous agreement and approval of the allowed amount.   At the time of the filing of this Reply, Reorganized TCEH has inquired with his counsel regarding this issue and is waiting to hear back.

determined in the Estimation Order; and the cash available to unsecured creditors was determined in the TCEH Plan.   The only matter before the Court is the method of allocation of the available amounts among the claimants, to which no objection to date has been received.

6.     The current approach offered in the Objection offers an additional significant advantage:  it would resolve the claims and get the available cash out to the claimants sooner. Absent the relief requested in the Objection, it would likely take many years to liquidate all of the Asbestos Proofs of Claim asserted against the TCEH Debtors, and the distribution of cash to the Holders of such claims would be indefinitely delayed.

7.     For these reasons, and as further explained below, Reorganized TCEH requests that the Court sustain the Objection and allow the claims as set forth therein.

### Response to Objections Received

## I.     The Proposed Treatment of the TCEH Manifested Claims.

8.      There were 372 TCEH Manifested Asbestos Claims addressed by the Objection. Only one objection was received with respect these claims and claimants.[6]  Counsel for all but nine of the claimants have affirmatively expressed to counsel to Reorganized TCEH their support for the relief requested herein, and the remaining nine claimants did not object.

9.     This represents overwhelming support by the manifested claimants for the relief requested in the Objection and provides a strong basis for sustaining the Objection.

10.     Furthermore, none of the other objections (received from unmanifested claimants) challenge the amounts allocated to the TCEH Manifested Asbestos Claims contained

---

[6] Claimant Charles Servantez [D.I. 13938] filed a *pro se* objection even though he is represented by counsel and his counsel previously gave his support and agreement to the proposed allowance.  Indeed, the proposed allowance for Mr. Servantez was based on discussions and negotiations directly with his counsel, and involved methodology, in part, suggested by his counsel.  Reorganized TCEH's substantive response to Mr. Servantez's objection, which gave no reasons, is contained in Section II.E, *infra*.

in Exhibit 1 to the proposed order or raise any objection thereto.  Therefore, the proposed allocations for the TCEH Manifested Asbestos Claims should be sustained.

## II.      Objections by Unmanifested Claimants Should Be Overruled.

11.      Out of 2,687 claimants asserting TCEH Unmanifested Asbestos Claims, approximately 58 claimants filed objections or other written responses to the Objection, some of them after the deadline.  These are addressed in turn below.

### A.  Objections Based on Exposure to Asbestos.

12.      The largest group of objections filed with respect to the TCEH Unmanifested Asbestos Claims raise the issue that the claimant was exposed to asbestos or notes the risks of exposure.

| Date Filed | Docket No. | Claimant Name | Claim No. |
|---|---|---|---|
| 11.26.19 | 13895 | Vernon Pierce | 11102 |
| 12.2.19 | 13899 | Eddie Lee Moore | 61582 |
| 12.2.19 | 13897 | William Moore | 62352 |
| 12.2.19 | 13898 | Stephanie Lee Moore | 62359 |
| 12.2.19 | 13900 | Essie Moore | 61584 |
| 12.3.19 | 13902 | Scott Achtor | 11278 |
| 12.6.19 | 13909 | Carmen Corbett | 61578 |
| 12.6.19 | 13907 | Andre Moore | 62366, 62565 |
| 12.6.19 | 13908 | Sharon Sunkel | 62362 |
| 12.6.19 | 13906 | Odessa Moore | 61580 |
| 12.6.19 | 13905 | Ralph Moore Jr. | 62231 |
| 12.6.19 | 13904 | Ralph Moore Sr. | 61579 |
| 12.9.19 | 13910 | Derek Hardy | 11685 |
| 12.10.19 | 13912 | Sharon Errington | 12062 60787 |
| 12.10.19 | 13913 | Albert Errington | 60788 |
| 12.10.19 | 13914 | Kyle Scarberry | 60789 |
| 12.10.19 | 13915 | Caitlyn Nooner | 60790 |
| 12.12.19 | 13917 | Kay Sluder | 31709 |
| 12.12.19 | 13918 | James Kissinger | 31712 |
| 12.12.19 | 13919 | Kandice Kissinger | 31708 |
| 12.12.19 | 13920 | Alaina Kissinger | 31711 |
| 12.12.19 | 13921 | Reba Wagoner | 31704 |
| 12.12.19 | 13922 | Lanna Cox | 31705 |
| 12.12.19 | 13923 | Michael Cox | 31700 |
| 12.12.19 | 13924 | Troy Cox | 31703 |
| 12.12.19 | 13925 | James Kissinger | 31697 |
| 12.12.19 | 13926 | Shari Adams | 31702 |

| 12.12.19 | 13927 | Grant Harrison | 31692 |
|---|---|---|---|
| 12.12.19 | 13928 | Jeffrey Kissinger | 31698 |
| 12.12.19 | 13929 | Betty Lou Smith | 31701 |
| 12.12.19 | 13930 | Paige Raible | 31691 |
| 12.12.19 | 13931 | Joe Cox | 31699 |
| 12.12.19 | 13932 | Jennifer Carlock | 31696 |
| 12.12.19 | 13933 | Janice Bullock | 31695 |
| 12.12.19 | 13934 | Judy Kissinger | 31694 |
| 12.12.19 | 13935 | Nina Carlock | 31693 |
| 12.12.19 | 13936 | Vera Ross | 31706 |
| 12.12.19 | 13937 | Roosevelt Ross | 31707 |
| 12.13.19 | 13944 | Sidney Luckett | 14537 14539 14540 12242 |
| 12.13.19 | 13945 | Sherwood Pickett | 62363 |
| 12.13.19 | 13946 | Doretha Pickett | 62365 |
| 12.12.19 | Unfiled | Jerry Crawford | 10780 10781 |
| 12.3.19 | 13948 | Charles Dansby | 13148 13183 |

13.     These objections are not relevant to the relief being requested here.    The Objection concedes liability, seeks allowance of the claims, and does not oppose a recovery by these claimants.  Reorganized TCEH is not suggesting that claimants were not exposed or that their claim should be disallowed.   While it is understandable that a claimant may wish to emphasize that he or she was exposed to asbestos, this not a valid basis to object to the relief requested in the Objection.  All claimants assert exposure and this is not being disputed for the purposes of the Objection.

14.     The question posed by the Objection is how the amounts available should be allocated among the claimants, rather than whether the claimants are entitled to a recovery. These claimants do not present any attacks on the *allocation* proposed to the Court, nor do they suggest a better way to allocate the amounts.  As such, these objections should be overruled.

**B. Objections Challenging the Sufficiency of the Allowed Amounts Should Also Be Overruled.**

15.     Similarly, some claimants assert that the allowed amount for claimants is too low or otherwise challenge the Estimation Order.

| Date Filed | Docket No. | Claimant Name | Claim No. |
|---|---|---|---|
| 12.10.19 | 13912 | Sharon Errington | 12062 60787 |
| 12.10.19 | 13913 | Albert Errington | 60788 |
| 12.10.19 | 13914 | Kyle Scarberry | 60789 |
| 12.10.19 | 13915 | Caitlyn Nooner | 60790 |
| 12.2.19 | 13950 | John Kimball | 60467 |

16.     These objections should be overruled because they do not address the issue currently before the Court, which is how to allocate the amounts available among the claimants. These objections are challenging the total amount available, amounts that were determined by the Estimation Order more than 3 years ago.  These objections are no more than improper and untimely collateral attacks on the Estimation Order which sets forth the total amount available to be allocated as well as the total amount for future claims.[7]

17.     The Objection before the Court does not seek to determine the amount available, but only to allocate what is available among the claimants.  The objections filed by the claimants fail to address this issue.  Indeed, none of the objections argue that the TCEH Unmanifested Asbestos Claims should be allocated a larger percentage of the Maximum Value available.  Nor was a single objection received challenging the proposed methodology of dividing the total amount available among the TCEH Unmanifested Asbestos Claims.

---

[7]  Claimants holding TCEH Unmanifested Asbestos Claims were served with the motion to estimate TCEH Asbestos Claims back in 2016 and had an opportunity to object and to be heard.  The Estimation Order has been final since 2016 and cannot properly be challenged by the holders of the TCEH Unmanifested Asbestos Claims at this point.

RLF1 22598266v.1

18.     Thus, because the Estimation Order is final and nonappealable at this stage, objections to the amounts determined therein are of no moment and should be overruled.

**C. Objections Based On The Cash Value of the Allowed Amounts Should be Overruled.**

19.     At least one of the objections, submitted by an attorney on behalf of a group of 21 claimants, questions the fact that the allowed amount will be discounted significantly when paid out in cash.

| Date Filed | Docket No. | Claimant Name | Claim No. |
|---|---|---|---|
| 12.12.19 | 13917 | Kay Sluder | 31709 |
| 12.12.19 | 13918 | James Kissinger | 31712 |
| 12.12.19 | 13919 | Kandice Kissinger | 31708 |
| 12.12.19 | 13920 | Alaina Kissinger | 31711 |
| 12.12.19 | 13921 | Reba Wagoner | 31704 |
| 12.12.19 | 13922 | Lanna Cox | 31705 |
| 12.12.19 | 13923 | Michael Cox | 31700 |
| 12.12.19 | 13924 | Troy Cox | 31703 |
| 12.12.19 | 13925 | James Kissinger | 31697 |
| 12.12.19 | 13926 | Shari Adams | 31702 |
| 12.12.19 | 13927 | Grant Harrison | 31692 |
| 12.12.19 | 13928 | Jeffrey Kissinger | 31698 |
| 12.12.19 | 13929 | Betty Lou Smith | 31701 |
| 12.12.19 | 13930 | Paige Raible | 31691 |
| 12.12.19 | 13931 | Joe Cox | 31699 |
| 12.12.19 | 13932 | Jennifer Carlock | 31696 |
| 12.12.19 | 13933 | Janice Bullock | 31695 |
| 12.12.19 | 13934 | Judy Kissinger | 31694 |
| 12.12.19 | 13935 | Nina Carlock | 31693 |
| 12.12.19 | 13936 | Vera Ross | 31706 |
| 12.12.19 | 13937 | Roosevelt Ross | 31707 |

20.     However, it is the TCEH Plan, and not the Objection, that determines the ultimate cash value of the allowed claims.   These concerns by unmanifested claimants are properly construed as objections to the TCEH Plan and TCEH Confirmation Order, which provide that Class C4 and C5 claimants shall receive their pro rata share of the TCEH Cash Payment.   The issue currently before the Court does not go to this issue – rather the relief currently being

requested does not seek to alter or change the treatment of unsecured creditors under the TCEH Plan.

21.     The TCEH Plan and TCEH Confirmation Order are final and nonappealable at this stage and, as a result, these kinds of objections are untimely and should be overruled.

**D.  Objections From Unmanifested Claimants Asserting a Manifested Disease.**

22.     A few unmanifested claimants wrote or objected that, despite filling out an unmanifested claim form, they actually had manifested a compensable disease.  For those illnesses that are ordinarily compensable in the asbestos claims administration context, including mesothelioma, lung cancer, other cancers, and asbestosis, Reorganized TCEH is proposing to allow these claims as a manifested claim, and as shown in the revised form of order submitted to the Court substantially contemporaneously herewith.

| Date Filed | Docket No. | Claimant Name | Claim No. | Revised Amount |
|---|---|---|---|---|
| 12.2.19 | 13900 | Essie Moore | 61584 | $135,520 |
| 12.13.19 | 13947 | Yalcin Latif | 13897 | $135,520 |
| 12.3.19 | unfiled | Eula Smith | 12640 | $67,760 |

23.     Essie Moore, Claim No. 13900, asserts lung cancer in her filing with the Court. For the purposes of the Objection, Reorganized TCEH is proposing to allow this claim as a manifested lung cancer claim in the amount set forth in the revised proposed form of order sustaining the Objection.

24.     Eula Smith, Claim No. 12640, asserts tonsil cancer in her unfiled objection sent to Reorganized TCEH.  For the purposes of the Objection, Reorganized TCEH is proposing to allow this as a manifested "other cancers" claim in the amount set forth in the revised proposed form of order sustaining the Objection.

25.    Yalcin Latif, Claim No. 13897, asserts lung cancer in his filing with the Court.[8] For the purposes of the Objection, Reorganized TCEH is proposing to allow this claim as a manifested lung cancer claim in the amount set forth in the revised proposed form of order sustaining the Objection.

26.    These upward adjustments represent all the remaining dollars available within the Maximum Value of $17.2 million.  As a result, they are being allowed at 96.8% of the level of the TCEH Manifested Asbestos Claims, in order to fit in under the Maximum Value cap. Reorganized TCEH respectfully submits that these upward adjustments represent the best and most equitable approach available under the circumstances.

**E.  Other Objections/Concerns Filed.**

27.    Other claimants asserting TCEH Unmanifested Asbestos Claims filed additional objections[9] which are addressed in turn below:

- Erma Dickey [D.I. 13896], Claim No. 15770, commented that she did not understand the objection.  Counsel to Reorganized TCEH contacted Ms. Dickey by phone, offered to address her questions, and provided a short explanation of the relief sought.

- William Bair [D.I. 13943], Claim No. 61636, Brenda Myers [D.I. 13939], Claim No. 34970, and Diane Servantez [D.I. 13942], Claim No. 34968 submitted letters

---

[8] Mr. Latif emailed counsel for Reorganized TCEH and asked that such counsel work directly with his daughter on his questions.  During a telephone conference with Mr. Latif's daughter, Reorganized TCEH's counsel discussed with her the possibility of allowing his claim as a manifested lung cancer claim, and this concept was rejected.  Mr. Latif's letter to the court further states that he requests clarification and help to understand his claim.  Counsel for Reorganized TCEH has again reached out to Mr. Latif's daughter by phone in an effort to try and answer any further questions.  Contrary to Mr. Latif's letter, counsel for Reorganized TCEH has not asked him to refile or revise any claim forms.

[9] The following claimants submitted letters and either made no objection or expressly supported the relief sought: Patrick Servantez [D.I. 13916], Claim No. 34976; Linda Servantez [D.I. 13955], Claim No. 34969.

to the Court that do not appear to expressly oppose the relief sought but offer considerations and observations for the Court's review.

- Bennie Nelson [D.I. 13940], Claim No. 60650, states that the company has taken away his retirement medical and that he does not wish to sign away his rights. At the time of this filing, counsel does not have information regarding the status of Mr. Nelson's retirement. However, because this objection does not address the allocation of the available Maximum Value, Reorganized TCEH respectfully submits that this objection does bear on whether the Objection should be sustained and approved.

- Debbie Gafford [unfiled], Claim No. 35033 and 35034 submitted a letter regarding her husband's health issues that occurred in the year 2000. First, the injuries described in the letter are not among the four categories of compensable injuries for asbestos-related disease. Second, the claimant did not file a manifested claim form and instead asserted an unmanifested claim. Moreover, the proof of claim form referenced by this claimant was against EECI, Inc., and is not affected by the Objection.[10] Lastly, an injury that manifested in 2000 would have had to have been brought to court or barred by limitations by 2002, more than 12 years before the Petition Date. This is not a viable claim in this circumstance.

- Charles Servantez [D.I. 13938], Claim Nos. 16223 and 16446, states only that he rejects the amount of his claim. He does not give a reason. The objection is also untimely because it was filed after the response deadline. For the reasons

---

[10] *See* Claim Nos. 35124 and 37260.

described in the Objection and this Reply, Reorganized TCEH requests that the Court enter the proposed order.

28.     Finally, a number of claimants contacted the phone number and email address identified on the notice.  Counsel for Reorganized TCEH made an effort to contact each such claimant and respond to any questions or issues raised by the claimants.

## Reservation of Rights

29.     Nothing contained in this Reply or any actions taken by Reorganized TCEH pursuant to the relief granted in the revised proposed form of order is intended or should be construed as: (a) a waiver or limitation of any of the Reorganized TCEH Debtors' rights under the Bankruptcy Code or any other applicable law; or (b) a waiver of the Reorganized TCEH's rights to make objections to, and to oppose allowance of, those claims not finally resolved and extinguished by the revised proposed form of order sustaining the Objection.  Consistent with the relief granted in the *Order (I) Waiving the Requirements of Local Bankruptcy Rules 3007-1(f)(i) and (f)(iii) and (II) Approving the Form and Manner of Notice to Affected Claimants in Connection With "Reorganized TCEH's Fifty-Third Omnibus (Substantive) Objection to TCEH Asbestos Claims Requesting Allowance of TCEH Asbestos Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1"*, entered November 5, 2019 [D.I. 13877], Reorganized TCEH hereby reserves all of its rights to amend, modify, and/or supplement the Objection, including to object to any of the TCEH Asbestos Claims listed on Exhibit 1 and/or Exhibit 2 to the proposed form of order on any additional grounds, prior to or after the  hearing  before  the  Court  on  the  Objection, and nothing in the Objection shall affect the right of Reorganized TCEH or any other entity to object to the TCEH Asbestos Claims at a future date as permitted by bankruptcy or nonbankruptcy law, insofar as the Objection is not sustained in full.

## Conclusion

The question posed by the Objection is how the amounts available should be allocated among the claimants, not whether the claimants are entitled to a recovery.  The objections received do not present any attacks on the *allocation* proposed to the Court, nor do they suggest a better way to allocate the amounts.  As such, these objections should be overruled.

WHEREFORE Reorganized TCEH respectfully requests that the Court enter the revised proposed form of order sustaining the Objection, and grant such other and further relief as is appropriate under the circumstances.

Dated:  December 16, 2019
      Wilmington, Delaware

*/s/ Jason M. Madron*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:          collins@rlf.com
                     defranceschi@rlf.com
                     madron@rlf.com

-and-

**THE BRAME LAW FIRM PLLC**
Frank C. Brame (admitted *pro hac vice*)
Texas Bar No. 24031874
3333 Lee Parkway, Suite 600
Dallas, Texas 75219
Telephone:  (214) 665-9464
Facsimile:  (214) 665-9590
Email:          frank@bramelawfirm.com

*Co-Counsel to Reorganized TCEH*