# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 13877, 13879, 13895, 13896, 13897, 13898, 13899, 13900, 13902, 13904, 13905, 13906, 13907, 13908, 13909, 13910, 13912, 13913, 13914, 13915, 13916, 13917, 13918, 13919, 13920, 13921, 13922, 13923, 13924, 13925, 13926, 13927, 13928, 13929, 13930, 13931, 13932, 13933, 13934, 13935, 13936, 13937, 13938, 13939, 13940, 13941, 13942, 13943, 13944, 13945, 13946, 13947, 13948, 13950, 13951, 13952, 13953, 13954, 13955, 13959, 13960** |

### ORDER SUSTAINING REORGANIZED TCEH'S FIFTY-THIRD OMNIBUS (SUBSTANTIVE) OBJECTION TO TCEH ASBESTOS CLAIMS REQUESTING ALLOWANCE OF TCEH ASBESTOS CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL BANKRUPTCY RULE 3007-1

Upon the objection, dated November 6, 2019 [D.I. 13879] (the "Objection")[2] of Reorganized TCEH for entry of an order (this "Order"): (a) allowing the TCEH Asbestos Claims as set forth on **Exhibits 1** and **Exhibit 2**, hereto, and (b) granting related relief, all as set forth in the Objection and the Goldwater Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed to them in the Objection.

RLF1 22622602v.1

2

these cases and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Objection is in the best interests of all of the Reorganized TCEH Debtors, their creditors, and other parties in interest; and the Court having found that Reorganized TCEH provided appropriate notice of the Objection consistent with the terms of the Procedural Order and the opportunity for a hearing on the Objection under the circumstances; and the Court having reviewed and considered all of (i) the Objection, (ii) the Goldwater Declaration, (iii) each of the responses filed by Holders of TCEH Asbestos Claims subject to the Objection with the Court (D.I. 13895, 13896, 13897, 13898, 13899, 13900, 13902, 13904, 13905, 13906, 13907, 13908, 13909, 13910, 13912, 13913, 13914, 13915, 13916, 13917, 13918, 13919, 13920, 13921, 13922, 13923, 13924, 13925, 13926, 13927, 13928, 13929, 13930, 13931, 13932, 13933, 13934, 13935, 13936, 13937, 13938, 13939, 13940, 13941, 13942, 13943, 13944, 13945, 13946, 13947, 13948, 13950, 13951, 13952, 13953, 13954, 13955, 13959, 13960, are collectively, the "<u>Responses</u>"), and (iv) *Reorganized TCEH's Omnibus Reply In Support of Reorganized TCEH's Fifty-Third Omnibus (Substantive) Objection to TCEH Asbestos Claims Requesting Allowance of TCEH Asbestos Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1*, dated December 16, 2019 [D.I. 13956] filed in reply to the Responses and in further support of the relief requested in the Objection; and the Court having heard and considered the statements of counsel in support of the relief requested therein at a hearing held before the Court on December 19, 2019 starting at 2:00 p.m. (Eastern Standard Time) (the "<u>Hearing</u>"); and the Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY

2

RLF1 22622602v.1

ORDERED THAT:

1. The Objection is SUSTAINED as set forth herein.

2. Each of the Responses is hereby OVERRULED on the MERITS and DENIED.

3. Each of the TCEH Manifested Asbestos Claims are hereby liquidated, allowed, satisfied, compromised, settled, released, and extinguished, and each such claimant shall have an Allowed Claim in the amount set forth in **Exhibit 1** hereto.

4. Each of the TCEH Unmanifested Asbestos Claims are hereby allowed, satisfied, compromised, settled, released, and extinguished, and each such claimant shall have an Allowed Claim in the amount set forth in **Exhibit 2** hereto.

5. Where Holders of TCEH Manifested Asbestos Claims or TCEH Unmanifested Asbestos Claims listed on **Exhibit 1** and **Exhibit 2** hereto filed multiple TCEH Asbestos Claims against one or more of the TCEH Debtors, each such Holder shall be allowed one (1) Allowed Claim against the applicable TCEH Debtor in the amounts set forth on **Exhibit 1** or **Exhibit 2** hereto, and such Allowed Claim shall be deemed to be the first-filed claim listed on **Exhibit 1** or **Exhibit 2** hereto, as the case may be, with all subsequent claims filed by such Holders (whether asserted against the same TCEH Debtor or other TCEH Debtors) being disallowed and expunged in their entirety.

6. The Claims Agent is authorized and directed to modify the Claims Register to comport with the terms of this Order.

7. Notice of the Objection is deemed good and sufficient, consistent with the terms of the Procedural Order, and the requirements of the Bankruptcy Rules and Local Bankruptcy Rules are deemed satisfied by such notice.

8. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10. Reorganized TCEH and the Claims Agent are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

11. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: December 19th, 2019**
**Wilmington, Delaware**

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**

RLF1 22622602v.1