### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | Case No. 14-10979 (CSS) |
| Debtors.[1] | (Jointly Administered) |
|  | **Re: D.I. 14003, 14020** |

### REORGANIZED TCEH'S OBJECTION TO "CREDITOR'S MOTION TO AMEND DEBTORS IN POSSESSION CONTROL OVER FUNDS, OBJECTION TO EPIC [SIC] CORPORATE RES. LLC CONTROL OVER CASE, REQUESTING ALLOWANCE OF AMENDED ASBESTOS CLAIM FORM AS PRIORITY, REQUESTING ALLOWANCE OF AMENDED STOCK CLAIM FORM AS PRIORITY AND REQUESTING PROTECTION AGAINST DISCRIMINATORY TREATMENT PURSUANT TO 11 U.S.C. § 525" [D.I. 14003]

Texas Competitive Electric Holdings Company LLC ("Reorganized TCEH") files this objection (this "Objection") in opposition to claimant Alvester Coleman's *Creditor's Motion to Amend Debtors in Possession Control Over Funds, Objection to Epic [sic] Corporate Res. LLC Control Over Case, Requesting Allowance of Amended Asbestos Claim Form As Priority, Requesting Allowance of Amended Stock Claim Form As Priority And Requesting Protection Against Discriminatory Treatment Pursuant to 11 U.S.C. § 525*, filed January 16, 2020 [D.I. 14003] (the "Motion"). Reorganized TCEH requests that the Court deny the Motion in all

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

respects, and respectfully submits as follows:[2]

### **Preliminary Statement and Summary of Objection**

1.      The Motion before the Court is no more than a meritless (and, by all accounts, untimely) motion to reconsider the Court's December 19, 2019 ruling sustaining the Omnibus Claim Objection and liquidating and allowing Alvester Coleman's Unmanifested Asbestos Claim.[3]  In the first instance, because Alvester Coleman ("Mr. Coleman") failed to object to the Omnibus Claim Objection or appear at the hearing held before this Court to consider sustaining it, Reorganized TCEH respectfully submits that Mr. Coleman lacks standing to now challenge the December 19 Order.  Moreover, because the Motion was untimely filed more than 14 days after the December 19 Order was entered, fails to identify any basis to reconsider the ruling, and does not come close to satisfying (or even addressing) any of the requirements of rule 60 of the Federal Rules of Civil Procedure (the "Federal Rules"), it should be denied in its entirety.  Thus, the Court's allowance of Mr. Coleman's claims should remain undisturbed, as there is simply no reason to reconsider the Court's decision.

2.      At the time of the filing of the Motion, Mr. Coleman also filed two untimely claim forms, one for $30 billion and another for $250 billion.  While these claims are frivolous, outlandish, and lack any rational basis, they are more efficiently disposed of by the TCEH Plan

---

[2] Capitalized terms used, but not otherwise defined, herein shall have the same meanings given to such terms in *Reorganized TCEH's Fifty-Third Omnibus (Substantive) Objection to TCEH Asbestos Claims Requesting Allowance of TCEH Asbestos Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007* [D.I. 13879], filed on November 6, 2019 (the "Omnibus Claim Objection"), or the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 9199] (as modified by D.I. 9321 and 9374, the "TCEH Plan"), as applicable.

[3] *See Order Sustaining Reorganized TCEH's Fifty-Third Omnibus (Substantive) Objection to TCEH Asbestos Claims Requesting Allowance of TCEH Asbestos Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1*, entered on December 19, 2019 [D.I. 13982] (the "December 19 Order").

and TCEH Confirmation Order, which provides that "all Proofs of Claim Filed after the Bar Date shall be deemed disallowed and expunged as of the Effective Date without any further notice to or action, order, or approval of the Bankruptcy Court."[4]  Further, any claims filed or amended after the TCEH Effective Date are similarly "disallowed in full and expunged without any further action."[5]  There can be no dispute that these claims were filed after the Bar Date and Effective Date in these cases.

3.     For these reasons, and as further explained below, Reorganized TCEH requests that the Court deny the Motion in all respects.

## Background

4.     In December 2015, Mr. Coleman filed two unmanifested claim forms alleging that he may have been exposed to asbestos at the Martin Lake power plant in Texas.  Those claims are identified on the claims registry as claim nos. 31018 and 62465.[6]

5.     On November 6, 2019, Reorganized TCEH filed the Omnibus Claim Objection, seeking to liquidate and allow Mr. Coleman's asbestos claims on the terms set forth in the Omnibus Claim Objection.[7]

6.     In accordance with the terms of this Court's *Order (I) Waiving the Requirements of Local Bankruptcy Rules 3007-1(f)(i) and (f)(iii) and (II) Approving the Form and Manner of Notice to Affected Claimants in Connection With "Reorganized TCEH's Fifty-Third Omnibus (Substantive) Objection to TCEH Asbestos Claims Requesting Allowance of TCEH Asbestos*

---

[4] *See* TCEH Plan, VII.F.

[5] *See* TCEH Plan, VII.G.

[6] Copies of these proof of claim forms are attached hereto as **Exhibit A**.

[7] *See* Omnibus Claim Objection, Ex. A-2 (showing a list of TCEH Unmanifested Asbestos Claims by name and allowed amount).

*Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1,*" entered November 5, 2019 [D.I. 13877] (the "Procedural Order"), no later than November 13, 2019, Reorganized TCEH (through its claims and noticing agent, Epiq Corporate Restructuring, LLC ("Epiq")) caused a true and correct copy of the Omnibus Claim Objection (along with the various accompanying materials called for in the Procedural Order) to be served on Mr. Coleman in the form and matter prescribed by the Procedural Order. *See Affidavit of Service*, filed on November 25, 2019 [D.I. 13889 at Page 30 of 174]. According to Epiq's records, the service of the Omnibus Claim Objection to Mr. Coleman was not returned as being undeliverable.

7.    Mr. Coleman did not file an objection or response to the Omnibus Claim Objection, nor did he appear at the hearing on the Omnibus Claim Objection held before this Court.[8]

8.    On December 19, 2019, the Court entered the December 19 Order liquidating and allowing Mr. Coleman's claims in the amount of $2,754.00. This allowance was identical to the amount allowed on behalf of each of the other approximately 2,700 TCEH Unmanifested Asbestos Claims. Thus, Mr. Coleman is set to receive a distribution in accordance with the TCEH Plan's and TCEH Confirmation Order's treatment for Class C4 and C5 claimants.

---

[8] On November 22, 2019, Mr. Coleman left a voice message at the offices of counsel to Reorganized TCEH inquiring about the Omnibus Claim Objection. On November 25, 2019 – a full seventeen (17) days prior to the noticed objection deadline for the Omnibus Claim Objection – counsel to Reorganized TCEH spoke with Mr. Coleman in response to his November 22, 2019 inquiry. During the November 25, 2019 telephone conversation in which Mr. Coleman did not articulate any specific objections to the relief being sought in the Omnibus Claim Objection, but instead only indicated frustration that the allowance process had not moved more quickly, counsel to Reorganized TCEH advised Mr. Coleman of his right to seek legal counsel in connection with the Omnibus Claim Objection. Prior to the filing of the Motion, counsel to Reorganized TCEH received no further communications from Mr. Coleman following the November 25, 2019 telephone call.

9.      On January 16, 2020, Mr. Coleman filed the Motion, which states, in pertinent part, that "I the True and Correct creditor has been Denied payment."[9]  Reorganized TCEH anticipates that Mr. Coleman's distribution as provided for by the December 19 Order will be mailed out very shortly, and at the same time as the distribution for all other similarly situated claimants.  Reorganized TCEH will update the Court on the timing of distributions at the February 27, 2020 omnibus hearing scheduled in connection with the Motion and this Objection.

10.      On January 16, 2020, Mr. Coleman also filed two additional claim forms.  Those claim forms are identified on the official claims register maintained in these chapter 11 cases as claim nos. 37842 and 37843.  Claim no. 37842 seeks $30 billion for "asbestos exposure" and indicates that the claim is secured while also priority under the provision for grain producers and fishermen.  Claim no. 37843 seeks $250 billion for "goods sold, money loaned, mortgage note, and credit card" and indicates the claim is secured while also priority under the provision for grain producers and fishermen.[10]

11.      An initial review of the materials attached to the new claim forms indicates that Mr. Coleman's claims may involve XTO Energy, BP, Petro Hunt, or some other oil and gas companies.  In short, Mr. Coleman's new claim forms do not appear to have anything to do with any of the TCEH Debtors.

---

[9] Because Mr. Coleman did not notice the Motion for a hearing consistent with the Local Rules, in consultation with Chambers, on January 17, 2020, Reorganized TCEH filed and served a notice of the Motion.  *See* D.I. 14006 (the "Notice of Motion").  A copy of the Notice of Motion was served on, among many other parties-in-interest, Mr. Coleman.  *See Affidavit of Service*, filed on January 31, 2020 [D.I. 14010].

[10] Copies of these claims forms are attached hereto as **Exhibit A**.

12.     On February 10, 2020, Mr. Coleman filed a change of address form with the Court.  The undersigned counsel notified Epiq of the change of address on the following day, and is informed that Epiq's records were updated on February 11, 2020 accordingly.[11]

13.     On February 19, 2020, Mr. Coleman submitted a letter and proposed order to the Court wherein he noted again that he had not been paid a distribution.  Again, Reorganized TCEH anticipates that Mr. Coleman's distribution as provided for by the December 19 Order will be mailed out shortly, at the same time as the distribution for all other similarly situated claimants.  Reorganized TCEH will update the Court on the timing of distributions at the February 27, 2020 omnibus hearing scheduled in connection with the Motion and this Objection.

## Argument

### A.     Having Failed to Object to the Omnibus Claim Objection, Mr. Coleman Lacks Standing to Challenge the December 19 Order.

14.     As set forth above, Mr. Coleman was served with the Omnibus Claim Objection and then called counsel to Reorganized TCEH inquiring about the Omnibus Claim Objection, and counsel to Reorganized TCEH spoke with him about the Omnibus Claim Objection seventeen (17) days prior to the noticed objection deadline with respect thereto.  Notwithstanding Mr. Coleman's November 2019 inquiry concerning the Omnibus Claim Objection, Mr. Coleman failed to file any response to the Omnibus Claim Objection, and failed to communicate further with counsel to Reorganized TCEH in any manner prior to filing the Motion.

15.     In light of Mr. Coleman's obvious knowledge of the Omnibus Claim Objection, and him having been served with the Omnibus Claim Objection and notice of the objection

---

[11] Although Epiq has confirmed that no mailings to Mr. Coleman have been returned to it as undeliverable, out of an abundance of caution, on February 11, 2020, counsel to Reorganized TCEH instructed Epiq to re-serve Mr. Coleman with the Notice of Motion at his new address via overnight delivery.  *See Supplemental Affidavit of Service*, filed on February 19, 2020 [D.I. 14021].

deadline and hearing date with respect thereto, and given that Mr. Coleman failed to object to the Omnibus Claim Objection or appear at the hearing thereon held before this Court, this Court should find the Mr. Coleman lacks standing to now challenge the December 19 Order either by seeking reconsideration through the Motion or appeal.  *See In re Palmaz Sci., Inc.*, 262 F.Supp.3d 428, 431 (W.D. Tx. 2017) (finding "… that Appellant lacks standing to appeal because she failed to file a proof of claim or otherwise appear or object before the bankruptcy court."); *In re Nuttery Farm, Inc.*, 467 Fed.Appx. 711, 712 (9th Cir. 2012) (finding party had no standing to appeal on issues not raised in an objection with the bankruptcy court); *In re Kopexa Realty Venture Co.*, Nos. KS-03-083, 95-21261-7, 2004 WL 1170565, at *2 (10th Cir. BAP May 25, 2004) (emphasis added and other quotations omitted) ("As has been well-established by this Court in this debtor's case, only persons who are aggrieved by a bankruptcy court order have standing to appeal.  Prerequisites for being a person aggrieved *are attendance and objection at a bankruptcy court proceeding*."); *In re B. Cohen & Sons Caterers, Inc.*, 124 B.R. 642, 646 (E.D. Pa. 1991) (finding that party lacked standing to appeal confirmation of a plan on grounds to which it failed to object before the bankruptcy court).[12]

16.    Here, it is clear that Mr. Coleman had notice of the Omnibus Claim Objection but failed to raise any objections to it to this Court – as dozens of other *pro se* parties did indeed do –

---

[12] Although Reorganized TCEH has not located any case binding on this Court, numerous circuit courts have adopted the position that a noticed party lacks standing to challenge a bankruptcy court order where it failed to file a timely objection.  *See, e.g., In re Weston*, 18 F.3d 860, 864 (10th Cir.1994); *In re Schultz Mfg. Fabricating Co.*, 956 F.2d 686, 690 (7th Cir.1992); *In re Commercial W. Fin. Corp.*, 761 F.2d 1329, 1334–35 (9th Cir.1985) (the Fifth Circuit Court of Appeals has similarly expressed approval of the majority position in *In Matter of the Watch, Ltd.*, 257 Fed.Appx. 748, 748–50 (5th Cir. 2007)).  A minority of the circuit courts have rejected the position that a noticed party lacks standing to challenge a bankruptcy court order where it failed to file a timely objection.  *See, e.g., Int'l Trade Admin. v. Rensselaer Polytechnic Inst.*, 936 F.2d 744, 747–48 (2d Cir. 1991); *In re Urban Broad. Corp.*, 401 F.3d 236, 244 (4th Cir. 2005).  Reorganized TCEH respectfully submits that this Court should follow the majority position in concluding that Mr. Coleman lacks standing to challenge the December 19 Order through the Motion or otherwise under the circumstances.

and similarly failed to appear or participate in the hearing held before this Court to consider the Omnibus Claim Objection. Having failed to object to the Omnibus Claim Objection, this Court should conclude that Mr. Coleman is without standing to challenge the December 19 Order.

**B.    The Appropriate Legal Standard Places a "Heavy Burden" on Movant.**

17.    The only timely claims filed by Mr. Coleman in this case were addressed, allowed, and finally disposed of on December 19, 2019. Under rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), any motion "to alter or amend" such a ruling must be made within fourteen (14) days after entry of the judgment. Because the Motion was not filed within fourteen (14) days of the court's order (indeed, the Motion was filed twenty-eight (28) days following entry of the December 19 Order), it cannot be considered under Bankruptcy Rule 9023 or the rubric of Federal Rule 59 and should be denied as untimely. *See, e.g.*, *United States v. Balice*, 2018 WL 2357750 (D. N.J. May 23, 2018) (denying a late filed motion for reconsideration as untimely); *In re Edward McGittigan*, 2011 WL 6292244 at *1 (D.N.J. Dec. 14, 2011) (other citation omitted) (same and noting that an untimely motion for consideration "… may be denied for that reason alone"); *In re Selheimer & Co.*, 2005 WL 6506462 (E.D. Pa. Apr. 12, 2005) (same); *In re Old Summit Mfg., LLC*, 324 B.R. 557 (M.D. Pa. 2005) (same).[13]

---

[13] Although not raised by Mr. Coleman in the Motion, Reorganized TCEH respectfully submits that examining the Motion under Bankruptcy Rule 3008 does not change the analysis or conclusion that the Motion should be denied. Bankruptcy Rule 3008 does not "… specify any procedural deadline … [and] motions for reconsideration can therefore presumably be filed at any time." *In re Enron Corp.*, 352 B.R. 363, 367 (S.D.N.Y. 2006). At the same time, however, courts (including the United States District Court for the District of Delaware (the "District Court")) still analyze motions for reconsideration filed after the applicable 14-day (previously 10-day) filing deadline under Bankruptcy Rule 9024 and Federal Rule 60. *See, e.g.*, *VFB, LLC v. Campbell Soup, Co.*, 336 B.R. 81, 86 (D. Del. 2005) ("However, a motion for reconsideration under Bankruptcy Rule 3008 that is filed beyond the 10-day deadline should be treated as a motion under Bankruptcy Rule 9024, which incorporates Civil Rule 60."); *In re Enron*, 352 B.R. at 368 ("Thus, as the Motion was filed after the ten-day period specified in Civ. Rule 59(e) expired, the Court will treat the Motion as a motion for relief from judgment under Bankr.Rule 9024 and Civ. Rule 60.").

18.     Instead, when a claimant misses the 14-day deadline, if a court is inclined to entertain such a motion, Bankruptcy Rule 9024, which incorporates Federal Rule 60(b), applies with respect to reconsideration of a ruling on a proof of claim. *VFB, LLC v. Campbell Soup, Co*., 336 B.R. 81, 86 (D. Del. 2005); *see also In re Selheimer & Co.*, 2005 WL 6506462 at *1 (observing that "[c]ourts have treated untimely motions for reconsideration as rule 60(b) motions."); *In re Old Summit Mfg., LLC*, 324 B.R. at 560 (noting that "… the Court has no discretion, nor do the Rules grant it authority, to extend the time to file a request for reconsideration").

19.     Therefore, for Mr. Coleman to obtain relief, and as this Court has previously explained, "Fed.R.Civ.P. 60(b), incorporated by Fed. R. Bankr. P. 9024, allows a party to seek relief from a judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." *In re Energy Future Holdings Corp*., 575 B.R. 616, 629 (Bankr. D. Del. 2017); *see also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995),

20.     Under Federal Rule 60(b), a movant "bears a heavy burden in showing that relief is appropriate." *In re Energy Future Holdings Corp*., 575 B.R. at 630.  Indeed the "framers of Rule 60(b) set a higher value on the social interest in the finality of litigation." *Id*.  Thus, truly "[e]xtraordinary circumstances must be present" to justify the use of Rule 60(b). *Id*.

9

## C.     Mr. Coleman Fails to Satisfy Rule 60(b).

21.     Reviewed in light of Federal Rule 60(b), the Motion should be denied.  Namely, the Motion completely fails to identify any issues with the December 19 Order and lacks any substantive reasons for disturbing that order.  Moreover, as in the *McGittigan* case, in the Motion, Mr. Coleman has failed to plead any facts "… that rise to the level of excusable neglect or mistake within the meaning of [Federal Rule 60(b)]" as to why this Court should entertain the untimely Motion.  *See McGittigan*, 2011 WL 6292244 at *2.  The Motion does not allege, nor could it, any of the six elements of Federal Rule 60(b) outlined by the Third Circuit Court of Appeals.  None of these situations are present here.  The Motion does not show any "extraordinary circumstances" and does not provide any argument or authorities that would satisfy the "heavy burden" required.  For this reason alone, the Motion is without merit.[14]

22.     Also, to the extent that Mr. Coleman is challenging any other orders of this Court, such as the TCEH Plan and TCEH Confirmation Order, or is seeking any other relief, such challenges are even more untimely and even more inappropriate than a challenge to the

---

[14] This outcome is consistent with and supported by section 502(j) of the Bankruptcy Code and the cases interpreting it.  The District Court has noted that "[p]ursuant to Section 502(j) of the Bankruptcy Code, the Bankruptcy Court has the power to reconsider allowed or disallowed claims **for cause**."  *In re Genesis Health Ventures, Inc.*, 362 B.R. 657, 661 (D. Del. 2007) (emphasis supplied).  The District Court continued its analysis in finding that "[t]o establish cause justifying reconsideration, the movant must demonstrate at least one of the grounds set forth in Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure."  *Id*.  As in *Genesis Health* (wherein the District Court affirmed the bankruptcy court's denial of a motion brought under section 502(j) of the Bankruptcy Code), the Motion fails to even attempt to articulate any "cause" as to why the allowance of Mr. Coleman's claim by the December 19 Order should be reconsidered.  *See also In re Nortel Networks, Inc.*, 2017 WL 3141906 (Bankr. D. Del. July 24, 2017) (denying a motion for reconsideration brought under section 502(j) of the Bankruptcy Code where the movant failed to demonstrate any of the Federal Rule 59 or 60 factors); *In re Lomas Fin. Corp.*, 212 B.R. 46, 52 (Bankr. D. Del. 1997) (observing "[a]dditional guidelines are also found in Rule 60(b) of the Federal Rules of Civil Procedure made applicable to bankruptcy cases by Rule 9024" in ruling on a motion to reconsider a claim); *In the Matter of Century Glove*, 88 B.R. 45, 46 (Bankr. D. Del. 1988 (emphasis supplied) (§ 502(j) authorizes the reconsideration, *for cause*, of the allowance or disallowance of a claim").  Consequently, section 502(j) of the Bankruptcy Code provides no basis for granting Mr. Coleman any relief, as the Motion unquestionably fails to articulate any cause for relief.

December 19 Order.  The Motion completely fails to satisfy any of the substantive requirements

of the applicable rules with respect to any order or judgment of this Court.

**D.    Mr. Coleman's Newly Filed Claim Forms Are Automatically Expunged and Disallowed Under the Plan and Confirmation Order, and Therefore Should Be Ignored in All Respects.**

23.    Article VII of the Plan provides as follows:

> Except as provided herein or otherwise agreed, any and all Proofs of Claims Filed after the Bar Date **shall be deemed disallowed and expunged** as of the Effective Date without any further notice to or action, order, or approval of the Bankruptcy Court, and Holders of such Claims may not receive any distributions on account of such Claims . . .

> On or after the Effective Date, a Proof of Claim or Interest may not be Filed or amended without the prior authorization of the Bankruptcy Court or the Reorganized Debtors, and any such new or amended Proof of Claim or Interest Filed **shall be deemed disallowed in full and expunged without any further action**.

*See* TCEH Plan VII.F, VII.G (emphasis added).

24.    On January 16, 2020, Mr. Coleman filed two additional claim forms.  Both claims

are for billions of dollars and seek secured and priority treatment.  These claims were filed more

than four years after the Bar Date[15] and more than three years after the TCEH Effective Date.[16]

As such, they are deemed disallowed in full and expunged without further action by the Court or

Reorganized TCEH.

**E**.    **Mr. Coleman's February 19 Letter and Proposed Order Do Not Change the Analysis.**

25.    Mr. Coleman's February 19, 2020 letter and proposed order filed with the Court

at D.I. 14020 do not change the analysis herein.  The Court allowed his claim on December 19,

---

[15] The Asbestos Bar Date was December 14, 2015.  *See* D.I. 5171.

[16] The TCEH Effective Date occurred on October 3, 2016. *See* D.I. 9742.

2019 pursuant to the December 19 Order, and the disbursements to claimants are expected soon. Mr. Coleman's disbursement will be made at or about the same time as all other claimants affected by the December 19 Order.  Further, as noted above, Reorganized TCEH has received Mr. Coleman's change of address form filed February 10, 2020 and has directed that service of any future papers to Mr. Coleman by Epiq or otherwise be sent to that address.

26.    Mr. Coleman also notes that he did not receive notice of the January 13, 2020 *Motion of EFH Plan Administrator Board and Reorganized TCEH for Entry of an Order Further Enlarging the Period Within Which the EFH Plan Administrator Board and Reorganized TCEH May Remove Certain Actions* [D.I. 14000] (the "Motion to Extend").  This is a red herring, as the Motion to Extend has nothing to do with Mr. Coleman's timely claim form that has already been allowed and finally resolved and extinguished by the Court.

27.    Nothing raised by Mr. Coleman in these materials raises any basis of any kind to reconsider or disturb the allowances already approved by the Court in the December 19 Order.

## Reservation of Rights

Nothing contained in this Objection is intended or should be construed as: (a) a waiver or limitation of any of the Reorganized TCEH Debtors' rights under the Bankruptcy Code or any other applicable law; or (b) a waiver of the Reorganized TCEH's rights to make objections to, and to oppose allowance of, any claims or interests in these chapter 11 cases.

*[Remainder of page intentionally left blank.]*

WHEREFORE Reorganized TCEH respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit B**, denying the Motion in all respects and granting Reorganized TCEH all relief to which it may be entitled.

Dated: February 20, 2020
      Wilmington, Delaware

/s/ Jason M. Madron

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:    collins@rlf.com
    defranceschi@rlf.com
    madron@rlf.com

-and-

**THE BRAME LAW FIRM PLLC**
Frank C. Brame  (admitted *pro hac vice*)
Texas Bar No. 24031874
3333 Lee Parkway, Suite 600
Dallas, Texas 75219
Telephone: (214) 665-9464
Facsimile: (214) 665-9590
Email:    frank@bramelawfirm.com

*Co-Counsel to Reorganized TCEH*