**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Debtors. | (Jointly Administered) |
|  | **Hearing Date: April 6, 2020 at 11:00 a.m.**<br>**Objection Deadline: March 16, 2020 at 4:00 p.m.** |

### EFH PLAN ADMINISTRATOR BOARD'S MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE DEADLINE TO FILE AND SERVE OBJECTIONS TO CLAIMS AGAINST OR INTERESTS IN THE EFH/EFIH DEBTORS

The EFH Plan Administrator Board, on behalf of the former EFH Debtors and EFIH Debtors, files this motion (this "Motion") requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), further extending the deadline by which the EFH Plan Administrator Board and/or the Reorganized EFH/EFIH Debtors must file and serve objections to Claims against or Interests in the EFH Debtors or the EFIH Debtors by approximately 180 days, through and including August 31, 2020.[2] In support thereof, the EFH Plan Administrator Board respectfully submits as follows:[3]

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] The date that is exactly one hundred and eighty (180) days following March 2, 2020 is August 29, 2020, a Saturday; August 31, 2020 is the immediately following business day. Per rule 9006(a)(1)(C) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), when the last day of a period stated in days is a Saturday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

[3] Capitalized terms used, but not otherwise defined, herein shall have the same meanings given to such terms in the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy*

RLF1 23018311v.1

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the EFH Plan Administrator Board confirms its consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and Bankruptcy Rule 9006.

**Relief Requested**

4. By this Motion, the EFH Plan Administrator Board requests entry of the order further extending the deadline to object to any and all Claims against or Interests in the EFH Debtors or the EFIH Debtors (the "Claims Objection Deadline") by approximately 180 days, through and including August 31, 2020 (the "Extended Claims Objection Deadline"),[4] without

---

*Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code*, dated February 15, 2018 [D.I. 12653] (the "Plan"), or in the *Order Confirming the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12763] (the "EFH Confirmation Order"), as applicable.

[4] The current deadline by which objections must be filed to claims against or interests in the EFH Debtors or the EFIH Debtors is March 2, 2020. *See Order Extending the Deadline to File and Serve*

prejudice to the right of the EFH Plan Administrator Board and/or the Reorganized EFH/EFIH Debtors to request further extensions of time to file and serve objections to Claims and Interests.[5]

## Background

5.  On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code.  The Court has entered a final order for joint administration of these chapter 11 cases.  The Court has not appointed a trustee.  The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of the TCEH Debtors (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420], and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC ("EFIH"), EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570].  Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

### I.   Claims Administration Process.

6.  On June 30, 2014, the Debtors filed their schedules of assets and liabilities (the "Schedules") and statements of financial affairs (the "Statements" and together, with the Schedules, the "Schedules and Statements") [D.I. 1237–1307, 1319–1329, 1331–1343, 1345]. On

---

*Objections to Claims Against or Interests in the EFH Debtors or the EFIH Debtors* [D.I. 13848] (the "Objection Deadline Extension Order").  Pursuant to Bankruptcy Rule 9006(a)(1), if this Motion is granted, the Extended Claims Objection Deadline will run through August 31, 2020.

[5] Pursuant to the *Order Further Extending the Deadline to File and Serve Objections to Claims Against or Interests in the TCEH Debtors* [D.I. 13868], the current deadline for the Reorganized Debtors to file and serve objections to Claims against or Interests in the TCEH Debtors is March 30, 2020 (the "TCEH Claims Objection Deadline").  Nothing in this Motion shall effect the ability of the Reorganized TCEH Debtors to request further extension of the TCEH Claims Objection Deadline.

September 26, 2014, the Debtors filed their amended Schedules and Statements [D.I. 2146-2216], addressing certain discrete issues.

7.    The Court established October 27, 2014, at 5:00 p.m. (prevailing Eastern Time), as the final date and time for all persons and entities, including certain customer claimants, holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim in these chapter 11 cases, excluding claimants who were specifically exempted by the relevant orders (the "General and Customer Bar Date").[6]  Over 10,000 Proofs of Claim were filed in connection with the General and Customer Bar Date.

8.    On July 30, 2015, the Court established December 14, 2015, at 5:00 p.m. (prevailing Eastern Time), as the final date and time for all persons and entities holding or asserting a manifested or unmanifested asbestos claim against the Debtors arising on or before the Petition Date to file proofs of claim in these chapter 11 cases (the "Asbestos Bar Date").[7]  Approximately 30,000 Proofs of Claim were filed in connection with the Asbestos Bar Date.

9.    As of the filing of this Motion, there are approximately 30,000 disputed or unresolved Proofs of Claim on the Claims Register, approximately 27,000 of which are asserted, either in whole or in part, against either the EFH Debtors or the EFIH Debtors (the "Remaining EFH/EFIH Claims").

---

[6] *Interim Order Authorizing the Debtors to (A) Maintain and Administer Customer Programs and Customer Agreements, (B) Honor Prepetition Obligations Related Thereto, (C) Pay Certain Expenses on Behalf of Certain Organizations, (D) Fix the Deadline to File Proofs of Claim for Certain Customer Claims, and (E) Establish Procedures for Notifying Customers of Commencement of the Debtors' Chapter 11 Cases, Assumption of the Customer Agreements, and the Bar Date for Customer Claims* [D.I. 307]; *Order (A) Setting Bar Dates for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, (B) Approving the Form of and Manner for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, and (C) Approving Notice Thereof* [D.I. 1866].

[7] *Order (A) Setting Bar Date for Filing Asbestos Proofs of Claim, (B) Approving the Form of and Manner for Filing Asbestos Proofs of Claim, and (C) Approving Notice Thereof* [D.I. 5171].

4

**II.     Confirmation and Effective Dates.**

10.     On September 11, 2017, the Debtors filed the Plan.  On February 27, 2018, the Court entered an order confirming the Plan.[8]  The EFH Effective Date occurred on March 9, 2018.[9]

11.     Under the EFH Confirmation Order, September 5, 2018 was the deadline to object to Claims against or Interests in the EFH Debtors or the EFIH Debtors.[10]  However, the Plan contemplates that the Claims Objection Deadline may be extended upon a motion filed before the expiration of the deadline to object to Claims or Interests.  *See* Plan, Art. I.A. ¶ 45.  Accordingly, pursuant to the Objection Deadline Extension Order, the current deadline by which objections must be filed to claims against or interests in the EFH Debtors or the EFIH Debtors is March 2, 2020.

## Basis for Relief

12.     Bankruptcy Rule 9006(b)(1) permits bankruptcy courts to extend deadlines for "cause shown," providing, in relevant part, that:

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

---

[8] *See* EFH Confirmation Order [D.I. 12763].

[9] *See Notice of Entry of EFH Confirmation Order and Occurrence of EFH Effective Date* [D.I. 12801].

[10] The EFH Plan Administrator Board has filed this motion prior to the expiration of the current Claims Objection Deadline (*i.e.*, March 2, 2020) to object to Claims or Interests pursuant to the EFH Confirmation Order, as previously extended.  Pursuant to Local Rule 9006-2, "if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the [Bankruptcy] Code, the [Bankruptcy Rules], these Local Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order."  Accordingly, Local Rule 9006-2 automatically extends the Claims Objection Deadline pending the Court acting on the Motion.

5

Fed. R. Bankr. P. 9006(b)(1).  Moreover, section 105(a) of the Bankruptcy Code provides that the Court may issue any order that is necessary or appropriate to carry out the provisions of the Bankruptcy Code.  11 U.S.C. § 105(a).

13. To date, the Debtors have objected to, settled, made initial distributions on account of, or otherwise resolved approximately 81 percent of the non-asbestos Proofs of Claims asserted against either the EFH Debtors or the EFIH Debtors.  Of the Remaining EFH/EFIH Claims, several relate to contingent and/or disputed liabilities that are not yet resolved, necessitating an extension of the deadline to object to such claims should they ultimately be determined to be invalid or incorrectly asserted.  Still others are claims that are complicated or otherwise require further diligence to evaluate their validity.  And finally, the Reorganized EFH/EFIH Debtors must resolve the thousands of manifested and unmanifested asbestos claims with delicacy and fairness—an endeavor that has not yet been completed.

14. The EFH Plan Administrator Board submits that an extension of the Claims Objection Deadline by approximately 180 days, through and including August 31, 2020, to provide the Reorganized EFH/EFIH Debtors and the EFH Plan Administrator Board with additional time to complete the review, analysis, and resolution of the Remaining EFH/EFIH Claims is appropriate under the circumstances.  The EFH Plan Administrator Board anticipates that the extension will facilitate consensual resolution of at least some of the Remaining EFH/EFIH Claims by allowing additional time for discussion and negotiation with the claimants.

## Notice

15. The EFH Plan Administrator Board shall provide notice of this Motion on the date hereof via U.S. first class mail to:  (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent

under the TCEH intercreditor agreements and counsel thereto; (e) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (f) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (g) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (f); and (h) the Office of the United States Attorney for the District of Delaware.  The EFH Plan Administrator Board submits that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the EFH Plan Administrator Board respectfully requests that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other relief as is appropriate under the circumstances.

Dated: March 2, 2020
       Wilmington, Delaware

*/s/ Jason M. Madron*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:     (302) 651-7700
Facsimile:     (302) 651-7701
Email:         collins@rlf.com
               defranceschi@rlf.com
               madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini, P.C. (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:         edward.sassower@kirkland.com
               stephen.hessler@kirkland.com
               brian.schartz@kirkland.com
               steven.serajeddini@kirkland.com
               aparna.yenamandra@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:         james.sprayregen@kirkland.com
               marc.kieselstein@kirkland.com
               chad.husnick@kirkland.com

*Co-Counsel to the EFH Plan Administrator Board*