# EXHIBIT A

Case 1:18-cv-00381-RGA   Document 40   Filed 06/20/18   Page 2 of 4 PageID #: 3213
Case 14-10979-CSS   Doc 14060-1   Filed 05/15/20   Page 2 of 11

Civil Action No. 18-381

United States District Court
for the District of Delaware

IN RE: ENERGY FUTURE HOLDINGS CORP., *et al.*,
                                *Debtors.*

SHIRLEY FENICLE, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO THE
ESTATE OF GEORGE FENICLE, DAVID WILLIAM FAHY, JOHN H. JONES,
DAVID HEINZMANN, HAROLD BISSELL, KURT CARLSON, ROBERT ALBINI,
INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO THE ESTATE OF GINO
ALBINI, AND DENIS BERGSCHNEIDER,
                                *Appellants,*
v.
ENERGY FUTURE HOLDINGS CORP., *ET AL.*, AND THE EFH PLAN
ADMINISTRATOR BOARD,
                                *Appellees.*

On Appeal from the U.S. Bankruptcy Court for the District of Delaware
No. 14-10979, (The Hon. Christopher J. Sontchi)

# APPELLEES' MOTION TO DISMISS APPEAL AND RESPONSE TO APPELLANTS' PRINCIPAL BRIEF

| | |
|---|---|
| **WHITE & CASE LLP** | **FOX ROTHSCHILD LLP** |
| THOMAS E LAURIA | JEFFREY M. SCHLERF (NO. 3047) |
| (ADMITTED *PRO HAC VICE*) | 919 NORTH MARKET ST., SUITE 300 |
| MATTHEW C. BROWN | WILMINGTON, DE 19801 |
| (ADMITTED *PRO HAC VICE*) | TELEPHONE: (302) 654-7444 |
| JOSEPH A. PACK | FACSIMILE: (302) 656-8920 |
| (ADMITTED *PRO HAC VICE*) | JSCHLERF@FOXROTHSCHILD.COM |
| SOUTHEAST FINANCIAL CENTER, SUITE 4900 | |
| 200 SOUTH BISCAYNE BLVD. | |
| MIAMI, FL 33131 | |
| TELEPHONE: (305) 371-2700 | |
| FACSIMILE: (305) 358-5744 | |
| TLAURIA@WHITECASE.COM | |
| MBROWN@WHITECASE.COM | |
| JOSEPH.PACK@WHITECASE.COM | |

J. CHRISTOPHER SHORE
(ADMITTED *PRO HAC VICE*)
1221 AVENUE OF THE AMERICAS
NEW YORK, NY 10020
TELEPHONE: (212) 819-8200
FACSIMILE: (212) 354-8113
CSHORE@WHITECASE.COM

*CO-COUNSEL TO THE REORGANIZED EFH/EFIH DEBTORS*

| | |
|---|---|
| **KIRKLAND & ELLIS LLP** | **RICHARDS, LAYTON & FINGER, P.A.** |
| KIRKLAND & ELLIS INTERNATIONAL LLP | MARK D. COLLINS (NO. 2981) |
| MARK MCKANE, P.C. | DANIEL J. DEFRANCESCHI (NO. 2732) |
| (ADMITTED *PRO HAC VICE*) | JASON M. MADRON (NO. 4431) |
| 555 CALIFORNIA STREET | 920 NORTH KING STREET |
| SAN FRANCISCO, CA 94104 | WILMINGTON, DE 19801 |
| TELEPHONE: (415) 439-1400 | TELEPHONE: (302) 651-7700 |
| FACSIMILE: (415) 439-1500 | FACSIMILE: (302) 651-7701 |
| MARK.MCKANE@KIRKLAND.COM | COLLINS@RLF.COM |
| | DEFRANCESCHI@RLF.COM |
| JAMES H.M. SPRAYREGEN, P.C. | MADRON@RLF.COM |
| MARC KIESELSTEIN, P.C. | |
| (ADMITTED *PRO HAC VICE*) | |
| CHAD J. HUSNICK, P.C. | |
| (ADMITTED *PRO HAC VICE*) | |
| 300 NORTH LASALLE | |
| CHICAGO, IL 60654 | |
| TELEPHONE: (312) 862-2000 | |
| FACSIMILE: (312) 862-2200 | |
| JAMES.SPRAYREGEN@KIRKLAND.COM | |
| MARC.KIESELSTEIN@KIRKLAND.COM | |
| CHAD.HUSNICK@KIRKLAND.COM | |

APARNA YENAMANDRA
(ADMITTED *PRO HAC VICE*)
601 LEXINGTON AVE.
NEW YORK, NY 10022
TELEPHONE: (212) 446-4800
FACSIMILE: (212) 446-4900
APARNA.YENAMANDRA@KIRKLAND.COM

*CO-COUNSEL TO THE EFH PLAN ADMINISTRATOR BOARD*

June 20, 2018

# PAGES OMITTED

determined and released.'" (citation omitted). The result here should be no different.

### D. Appellants Lack Standing to Bring the Appeal and the Appeal Is Otherwise Not Ripe.

Finally, as an independent basis for dismissal, all Appellants lack either (i) standing to pursue an appeal, or (ii) a ripe appeal to pursue. Because standing and ripeness "are related and to some degree overlap," *Joint Stock Soc'y v. UDV N. Am., Inc.*, 266 F.3d 164, 174 (3d Cir. 2001) (citations omitted), they are discussed together here.

Appellants have failed to meet their burden of showing they have constitutional, prudential, and appellate standing to appeal the Confirmation Order. *In re Flintkote Co.*, 526 B.R. 515, 521 (D. Del. 2014); *accord Schuchardt v. President of the United States*, 839 F.3d 336, 343-44 (3d Cir. 2016) (stating that plaintiff bears the burden of establishing each element of his standing).

To have appellate standing, an appellant must be a "person aggrieved," which requires a showing that "the [bankruptcy court's] order diminishes their property, increases their burdens, or impairs their rights." *In re Dykes*, 10 F.3d 184, 187 (3d Cir. 1993); *Travelers Ins. Co. v. H.K. Porter Co.*, 45 F.3d 737, 741 (3d Cir. 1995) (a "person aggrieved" is a person whose rights or interests are "directly and adversely affected pecuniarily by an order of a bankruptcy court"). "Appellate standing in bankruptcy cases is more limited than standing under Article III or the

33

prudential requirements associated therewith." *In re PWS Holding Corp.*, 228 F.3d 224, 248 (3d Cir. 2000).

### i. Fenicle and Fahy Are Not Aggrieved Parties and Are Not Authorized to Speak on Behalf of Those Not Before the Court.

Fenicle and Fahy timely filed proofs of claim.[76] Because their claims are being fully reinstated under the Plan, they have suffered no cognizable harm. *E.g.*, *In re Wonder Corp. of Am.*, 70 B.R. 1018, 1024 (Bankr. D. Conn. 1987) (unimpaired claimant lacks standing). By definition, an unimpaired claim has had its "legal, equitable, and contractual rights" "le[ft] unaltered," 11 U.S.C. § 1124(1), and therefore the Plan and Confirmation Order have no pecuniary effect on Fenicle or Fahy and do not diminish their property, increase their burdens, or impair their rights.

Nor do Fenicle and Fahy have rights to appeal on behalf of other potential claimants. As the Third Circuit has explained, "[t]he requirement of standing focuses on the **party** . . . and **not on the issues** he wishes to have adjudicated." *Dykes*, 10 F.3d at 188 (emphases added). Third-party standing is especially disfavored with respect to appellate standing in bankruptcy. *PWS Holding*, 228 F.3d at 248 (citing *Kane v. Johns-Manville Corp.*, 843 F.2d 636, 641–42 (2d Cir.

---

[76] *See* D3083-D3161 (David Fahy); D3162-3167 (Estate of George Fenicle); D3168-D3173 (Estate of George Fenicle); D3174-D3179 (Estate of George Fenicle); D3180-D3185 (Estate of George Fenicle); D3186-D3191 (Estate of George Fenicle); D3192-D3199 (Shirley Fenicle).

34

1988)). Here, counsel for Appellants sought class status for asbestos claimants in the Chapter 11 Cases[77]—a motion which Fenicle joined[78]—and the relief was denied by the Bankruptcy Court[79] and then again by this Court on appeal.[80]

Rejected efforts by Fenicle and Fahy to remedy perceived injuries to other potential asbestos claimants is not an appropriate basis for appellate standing. Appellants' argument that, as manifested asbestos claimants and members of the Official Committee, they have fiduciary standing to represent the interests of Unfiled/Untimely Claimants fails. The cases cited by Appellants below work against them. There is no evidence in the record that Fenicle or Fahy have a personal fiduciary relationship with Unfiled/Untimely Claimants or were otherwise appointed to represent them.[81] *See Sprint Commc'ns. Co., L.P. v. APCC Servs.*, 554 U.S. 269, 287-88 (2008) (examples of relationships that confer third-party standing are trustees, guardians ad litem, receivers, bankruptcy assignees, executors, and contractual relationships). Simply put, Fenicle and Fahy are not authorized to

---

[77] D1006-D1059; D1060-D1115.

[78] D1179-D1183.

[79] D1184-D1185.

[80] *See In re Energy Future Holdings Corp.*, 558 B.R. 684 (D. Del. 2016).

[81] *See* D2243-D2244.

35

speak on behalf of anyone not present before the Court, they lack standing to appeal the Confirmation Order, and they should be dismissed from the Appeal.[82]

### ii. The Remaining Appellants Have Claims that Are Not Ripe for Appeal.

"The ripeness doctrine 'prevents the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements . . . .'" *In re*

---

[82] Appellants again cite no authority on appeal for why Fenicle and Fahy have "next friend" standing for Unmanifested Asbestos Claimants with Unfiled/Untimely Claims, who are not infants, incompetents, or prisoners. However, the two cases they cited in the Bankruptcy Court undermine such standing. *See* D2244. First, as both cases recognize, "next friend" standing is not a right, but instead must be granted by the court and, importantly, "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990); *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) ("[A] party 'generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" (citation omitted)). Second, "next friend" standing requires that Fenicle and Fahy be truly dedicated to the best interest of, and have a special relationship with, the real parties in interest. *Whitmore*, 495 U.S. at 163; *Kowalski*, 543 U.S. at 130 (third party may have standing if they have a "close" relationship with the party-in-interest). However, neither have at any point demonstrated such and, on the contrary, their argument that the Unmanifested Asbestos Claimants who have not filed proofs of claim in the case are entirely unknown estops them from contending that they have such a relationship.

Further, Appellants' cite *Carey v. Population Servs. Int'l*, 431 U.S. 678, 682 (1977), for the proposition that once the standing of one plaintiff is established, the Court need not address whether the other plaintiffs have standing. This however only applies when Plaintiffs are identical to each other and requesting identical relief, and thus does not apply between Fenicle and Fahy, who are timely filed asbestos claimants and Jones, Heinzmann, Bissell, Carlson, Albini, and Bergschneider, who are Unfiled/Untimely Claimants. *See Wikimedia Found. v. NSA/Central Sec. Serv.*, 857 F.3d 193, 217 (4th Cir. 2017).

36

*Rickel Home Ctrs., Inc.*, 209 F.3d 291, 307 (3d Cir. 2000) (quoting *Abbott Lab. v. Gardner*, 387 U.S. 136, 148 (1967)).

The remaining Appellants challenge due process in connection with the nearly three-years-old Asbestos Bar Date Order, arguing that failure to receive notice of the Asbestos Bar Date violated their due process rights. "A showing of potential harm *incidental* to the order [appealed from] is not enough." *In re Hawkins*, 513 B.R. 634, 638 (D. Del. 2013), *aff'd*, 594 F. App'x 71 (3d Cir. 2015) (emphasis added). Accordingly, because any discharge of Claims under the Confirmation Order is only *incidental* to the alleged violation of Appellants' due process rights in connection with the Asbestos Bar Date Order, the Appellants are not proper appellants.

None of the remaining Appellants have even *attempted* to file a proof of claim or seek relief from the Asbestos Bar Date Order in the Bankruptcy Court, which relief is available upon a showing "for cause."[83] Unless and until these Appellants seek relief from the Bankruptcy Court with respect to the timeliness of such claims, and unless and until the Bankruptcy Court denies such relief, "any injury suffered by Appellants is speculative" and thus, unripe for appeal. *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 559 n.1 (D. Del. 2005); *Rickel Home Ctrs.*, 209 F.3d at 307 (holding appeal not ripe over proper retention of jurisdiction by

---

[83] Fed. R. Bankr. P. 3003(c)(3).

37

lower court for future disputes where no party had yet attempted to invoke the purportedly retained jurisdiction); *In re Pittsburgh Corning Corp.*, 2005 U.S. Dist. LEXIS 46017, at *30-32 (W.D. Pa. Sep. 27, 2005) (holding that a dispute over access to Rule 2019 statements was not ripe for appellate review where lower court had not yet denied any right to access).

## II. THE CONFIRMATION ORDER SHOULD BE AFFIRMED BECAUSE THE PLAN WAS PROPOSED IN GOOD FAITH, AND THE DUE PROCESS RIGHTS OF UNMANIFESTED ASBESTOS CLAIMANTS WERE PROTECTED.

Appellants seek reversal of the Confirmation Order on two grounds: (1) that the Bankruptcy Court erred in finding that the Plan was proposed in good faith, and (2) that the Bankruptcy Court violated the due process rights of Unmanifested Asbestos Claimants. Neither attack is grounded in fact or law.

### A. The Plan Was Proposed in Good Faith to Maximize Value for all the Debtors, including the LSGT Debtors, and Their Respective Creditors.

In assessing the "good faith" standard under section 1129(a)(3) of the Bankruptcy Code, courts consider whether the plan: (1) fosters a result consistent with the objectives of the Bankruptcy Code; (2) has been proposed with honesty, good intentions, and a basis for expecting that the reorganization can be effectuated; and (3) exhibits a fundamental fairness in dealing with creditors. *In re W.R. Grace & Co.*, 475 B.R. 34, 87–88 (D. Del. 2012) (quoting *Genesis Health Ventures, Inc.*, 266 B.R. 591, 609 (Bankr. D. Del. 2001)).

38