# EXHIBIT B

IN THE

# United States Court of Appeals

## FOR THE THIRD CIRCUIT

No. 19-1430

In re ENERGY FUTURE HOLDINGS CORP., *et al.*,

*Debtors.*

SHIRLEY FENICLE, individually and as successor-in-interest to THE ESTATE OF GEORGE FENICLE, DAVID WILLIAM FAHY, JOHN H. JONES, DAVID HEINZMANN, HAROLD BISSELL, KURT CARLSON, ROBERT ALBINI, individually and as successor-in-interest to THE ESTATE OF GINO ALBINI, and DENIS BERGSCHNEIDER,

*Appellants,*

v.

ENERGY FUTURE HOLDINGS CORP., *et al.*, and
THE EFH PLAN ADMINISTRATOR BOARD,

*Appellees.*

On Appeal from the United States District Court for the District of Delaware, No. 18-381 (Hon. Richard G. Andrews, J.)

## APPELLEES' BRIEF

**WHITE & CASE LLP**
Thomas E Lauria
Matthew C. Brown
Joseph A. Pack
Southeast Financial Center
Suite 4900
200 South Biscayne Boulevard
Miami, Florida 33131-2352
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
tlauria@whitecase.com
mbrown@whitecase.com
joseph.pack@whitecase.com

J. Christopher Shore
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
cshore@whitecase.com

**FOX ROTHSCHILD LLP**
Jeffrey M. Schlerf
919 North Market St., Suite 300
Wilmington, DE 19801
Telephone: (302) 654-7444
Facsimile: (302) 656-8920
jschlerf@foxrothschild.com

*Attorneys for Reorganized EFH/EFIH Debtors*

**KIRKLAND & ELLIS LLP**
James H.M. Sprayregen, P.C.
Marc Kieselstein, P.C.
Chad J. Husnick, P.C.
300 North LaSalle
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
james.sprayregen@kirkland.com
marc.kieselstein@kirkland.com
chad.husnick@kirkland.com

Mark McKane, P.C.
555 California Street
San Francisco, California 94104
Telephone:  (415) 439-1400
Facsimile:  (415) 439-1500
mark.mckane@kirkland.com

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins
Daniel J. DeFranceschi
Jason M. Madron
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
collins@rlf.com
defranceschi@rlf.com
madron@rlf.com

*Attorneys for the EFH Plan Administrator Board*

# PAGES OMITTED

> the Asbestos Bar Date and this Court's Opinion, which the Asbestos Movants did not appeal, at the expense of the holders of preserved asbestos claims against the LSGT Debtors—claimants who would receive a small fraction of what they could receive if LSGT Gas's intercompany claims against EFH Corp. are not reinstated. The Court, if not the Asbestos Movants, is very much aware of the potential cost to such asbestos claimants.

A1209.

Finally, in February 2018, the Bankruptcy Court entered the Confirmation Order over Appellants' objection, reaffirming and incorporating the Asbestos Bar Date Opinion and Asbestos Bar Date Order, and the court's prior rulings, A29 ¶ 8; A2842:11-22:

> [A]s I have ruled numerous times now in this case, I believe that the use of the asbestos bar date and notice program . . . was proper, was supported by the evidence, and was consistent with due process. Applying that bar date to the discharge at this time I believe is also justified by the facts and is entirely appropriate and consistent with due process and applicable law.

A2840:18-41:3.

Because Appellants failed to appeal multiple prior rulings from the courts below about the notice program, that issue cannot be resolved in this Appeal.

## B.    Appellants Lack Standing to Prosecute this Appeal.

Appellate standing is limited to "persons aggrieved" by a bankruptcy court order that "diminishes their property, increases their burdens, or impairs their

40

rights." *In re Dykes*, 10 F.3d 184, 187 (3d Cir. 1993).   "The requirement of standing focuses on the party . . . and not on the issues he wishes to have adjudicated."  *Id.* at 188.  Appellants bear the burden of establishing their standing. *In re Revstone Indus. LLC*, 690 F. App'x 88, 91 (3d Cir. 2017).

### 1.    Fenicle and Fahy Lack Standing to Bring the Appeal.

Fenicle and Fahy timely filed proofs of claim against the LSGT Debtors.  As noted, the Plan unimpairs their claims, as if the bankruptcy had not occurred. A2559 Art.III.B.3.(b).  By statute, an unimpaired claimant's "legal, equitable, and contractual rights" are "unaltered."   11 U.S.C. § 1124(1).   Therefore, the Confirmation Order has no pecuniary effect on Fenicle or Fahy, nor does it diminish their property, increase their burdens, or impair their rights.

On reply, Fenicle and Fahy may argue they can bring this Appeal on behalf of others.  That is wrong for three reasons.  <u>First</u>, there was a Court-appointed fiduciary—the Official Committee—for all unsecured creditors of the Debtors. Fenicle and Fahy were two of its five members.  That Committee supported entry of the Confirmation Order (and the Asbestos Bar Date Order).  <u>Second</u>, Appellants already and unsuccessfully sought authority to act in a separate, representative capacity for Unmanifested Asbestos Claimants.  *See In re Energy Future Holdings Corp.*, 558 B.R. 684 (D. Del. 2016) (affirming bankruptcy court's denial of motion for class status, a motion that Fenicle joined).  No party appealed that order to this

41

Court, and Appellants cannot relitigate it now.  <u>Third</u>, there is no evidence that Fenicle or Fahy have a personal relationship with any other claimants or that they were appointed to represent them.  *See Sprint Commc'ns. Co., L.P. v. APCC Servs.*, 554 U.S. 269, 287-88 (2008) (relationships that confer third-party standing are trustees, guardians ad litem, receivers, bankruptcy assignees, executors, and contractual relationships).  Indeed, Appellants argue those persons are *unknown*.[16] Because Fenicle and Fahy are not aggrieved, and they lack standing to appeal on behalf of others, this Court should dismiss the Appeal as to them.

### 2.    The Appeal Is Not Ripe for the Remaining Appellants.

The remaining Appellants' claims are not ripe for appeal because none have even attempted to file a proof of claim or seek relief from the Asbestos Bar Date Order in the Bankruptcy Court.  Each such Appellant could have his or her claim Allowed upon a showing of "cause" to the Bankruptcy Court.  *See* Fed. R. Bankr. P. 3003(c)(3) ("The court . . . for cause shown may extend the time within which proofs of claim or interest may be filed.").  As noted, the Bankruptcy Court repeatedly stressed that it had not foreclosed as-applied challenges to the notice

---

[16]    Below, Appellants cited *Carey v. Population Services International*, 431 U.S. 678, 682 (1977), to suggest that, if one plaintiff has standing, a court need not address the other plaintiffs' standing.  That rule does not fit here because it applies only where plaintiffs request identical relief.  *See Wikimedia Found. v. NSA/Central Sec. Serv.*, 857 F.3d 193, 217 (4th Cir. 2017).  Fenicle and Fahy, who timely filed claims, are differently situated from the other appellants, who did not.

procedures.  *See, e.g.*, A992:12-23 (reiterating that "due process as applied is sufficient to individual claimants is fully preserved" and noting that such determinations would "be decided on a fact-by-fact and case-by-case basis in the future").

Unless and until these Appellants avail themselves of that procedure, and until the Bankruptcy Court denies such relief, "any injury suffered by Appellants is speculative."  *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 559 n.1 (D. Del. 2005); *Rickel*, 209 F.3d at 307 (appeal about scope of lower court's jurisdiction was unripe where no party had attempted to invoke it); *In re Pittsburgh Corning Corp.*, 2005 U.S. Dist. LEXIS 46017, at *30-32 (W.D. Pa. Sep. 27, 2005) (appeal about access to Rule 2019 statements unripe where lower court had not yet denied access rights).

## III.  IF THE COURT DETERMINES NOT TO DISMISS THE APPEAL, IT SHOULD REMAND TO THE DISTRICT COURT FOR FURTHER PROCEEDINGS.

In the event that this Court does not dismiss this Appeal, it should remand the case to the District Court for further proceedings.  In that regard, the benefit of a reasoned opinion on the merits—particularly from the District Court (Andrews, J.), which has presided over more than three dozen appeals arising out of the Chapter 11 Cases—would likely assist this Court immensely.  *See Presidential Life Ins. Co. v. Milken*, 94 F.3d 65, 71 (3d Cir. 1996) (remanding because although "the

43