**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors.[1] | ) ) | (Jointly Administered) |
|  | ) ) ) | **Re: D.I. 14040, 14041** |

**REORGANIZED TCEH'S RESPONSE TO (I) "CREDITOR'S OBJECTION
TO UNSECURED CLAIM PAYMENT" [D.I. 14040] AND (II) "CREDITOR'S
EMERGENCY MOTION FOR APPOINTMENT BY COURT OF U.S. TRUSTEE
OR EXAMINER IN PURSIUT [SIC] TO 11 U.S. CODE § 1104 WITH AUTHORITY
TO TAKE ACTION AGAINST DEBTOR'S SUBSIDIARIES" [D.I. 14041]**

Texas Competitive Electric Holdings Company LLC ("Reorganized TCEH") files this response (this "Response") in opposition to (i) *Creditor's Objection to Unsecured Claim Payment*, entered on the Court's docket on April 17, 2020 [D.I. 14040] (together with its associated correspondence, documents, and attachments, the "Objection"), and (ii) *Creditor's Emergency Motion for Appointment By Court of U.S. Trustee or Examiner In Pursiut [sic] to 11 U.S. Code § 1104 With Authority to Take Action Against Debtor's Subsidiaries*, entered on the Court's docket on April 17, 2020 [D.I. 14041] (the "Motion"), both filed by Alvester Coleman ("Mr. Coleman"). Reorganized TCEH requests that the Court deny Mr. Coleman any relief in connection with either the Motion or the Objection in all respects, and respectfully submits as

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

follows:[2]

**Preliminary Statement and Summary of Objection**

1.  The Motion and Objection before the Court together are no more than (i) a meritless effort to relitigate this Court's *Order Sustaining Reorganized TCEH's Fifty-Third Omnibus (Substantive) Objection to TCEH Asbestos Claims Requesting Allowance of TCEH Asbestos Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1*, entered on December 19, 2019 [D.I. 13982] (the "December 19 Order"); (ii) an untimely attack on this Court's *Order Denying "Creditor's Motion to Amend Debtors In Possession Control Over Funds, Objection to Epic [sic] Corporate Res. LLC Control Over Case, Requesting Allowance of Amended Asbestos Claim Form As Priority, Requesting Allowance of Amended Stock Claim Form As Priority and Requesting Protection Against Discriminatory Treatment Pursuant to 11 U.S.C. § 525" [D.I. 14003]*, entered on February 27, 2020 [D.I. 14028] (the "Denial Order"); and (iii) a puzzling request to appoint an examiner in the TCEH Debtors' chapter 11 cases more than 3.5 years following the occurrence of the TCEH Effective Date.

2.  The facts before the Court are clear and not subject to a good faith dispute. Specifically, in December 2015, Mr. Coleman filed two Unmanifested Asbestos Claims alleging that he may have been exposed to asbestos at the TCEH Debtors' Martin Lake power plant located in Texas. In November 2019, Reorganized TCEH filed the Omnibus Claim Objection

---

[2] Capitalized terms used, but not otherwise defined, herein shall have the same meanings given to such terms in *Reorganized TCEH's Fifty-Third Omnibus (Substantive) Objection to TCEH Asbestos Claims Requesting Allowance of TCEH Asbestos Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1* [D.I. 13879], filed on November 6, 2019 (the "Omnibus Claim Objection"), or the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 9199] (as modified by D.I. 9321 and 9374, the "TCEH Plan"), as applicable.

with the Court. The Omnibus Claim Objection sought to liquidate and allow all TCEH Asbestos Claims asserted against the TCEH Debtors (including Mr. Coleman's two Unmanifested Asbestos Claims) in an equitable manner by liquidating and allowing them in a manner that would allow each such similarly situated claim in an equal amount. Following notice and a hearing, the Court entered the December 19 Order sustaining the Omnibus Claim Objection. Among other things, the December 19 Order allowed each holder of any asserted Unmanifested Asbestos Claims (including Mr. Coleman) one allowed Unmanifested Asbestos Claim in the amount of $2,754.00 (which, under the TCEH Plan, netted each holder of an Unmanifested Asbestos Claim to a cash distribution of approximately $197.75), while disallowing and expunging any multiple Unmanifested Asbestos Claim filed by any one claimant.

3.    Although Mr. Coleman received notice of the Omnibus Claim Objection, he neither filed a response to it with this Court (as dozens of other *pro se* claimants did) nor attended or participated in the hearing held before this Court to consider the Omnibus Claim Objection on December 19, 2019. Instead, on January 16, 2020 (28 days after the entry of the December 19 Order and 14 days after the expiration of the deadline to timely appeal or move for reconsideration of the December 19 Order), Mr. Coleman filed the *Creditor's Motion to Amend Debtors in Possession Control Over Funds, Objection to Epic [sic] Corporate Res. LLC Control Over Case, Requesting Allowance of Amended Asbestos Claim Form As Priority, Requesting Allowance of Amended Stock Claim Form As Priority And Requesting Protection Against Discriminatory Treatment Pursuant to 11 U.S.C. § 525* [D.I. 14003] (the "Motion for Reconsideration"). Substantially contemporaneously with the Motion for Reconsideration, Mr. Coleman also submitted two untimely alleged priority claims assigned claim numbers 37842 and 37843, one for $30 billion and another for $250 billion (together, the "Alleged Priority Claims").

4. Following a contested hearing before this Court on February 27, 2020 (at which Mr. Coleman appeared and participated by telephone), this Court entered the Denial Order, denying the Motion for Reconsideration in its entirety with prejudice. The Denial Order also confirmed that, consistent with the terms of the TCEH Plan, the Alleged Priority Claims are disallowed and expunged in their entirety.

5. In late March 2020, Mr. Coleman received his distribution check on account of his one allowed Unmanifested Asbestos Claim. Mr. Coleman proceeded to negotiate that distribution check on or about March 31, 2020. Now, despite receiving (and negotiating) the distribution to which he is entitled under the TCEH Plan and the December 19 Order, Mr. Coleman has filed the Motion and Objection seeking to improperly relitigate the liquidation and allowance of his Allowed Unmanifested Asbestos Claim, seeking to inappropriately and untimely challenge the disallowance of his Asserted Priority Claims, and, for the first time, seeking the appointment of an examiner in the TCEH Debtors' chapter 11 cases. As discussed in greater detail, below, the relief Mr. Coleman is requesting has no basis in fact or the law and therefore must be denied.

**Background**

6. In December 2015, Mr. Coleman filed his two (2) Unmanifested Asbestos Claims. Those claims are identified on the claims registry as claim nos. 31018 and 62465.[3]

7. On November 6, 2019, Reorganized TCEH filed the Omnibus Claim Objection, seeking to liquidate and allow Mr. Coleman's asbestos claims on the terms set forth in the Omnibus Claim Objection.[4]

---

[3] A true and correct copy of each of these proof of claim forms is attached hereto as **Exhibit A**.

4

8.  In accordance with the terms of this Court's *Order (I) Waiving the Requirements of Local Bankruptcy Rules 3007-1(f)(i) and (f)(iii) and (II) Approving the Form and Manner of Notice to Affected Claimants in Connection With "Reorganized TCEH's Fifty-Third Omnibus (Substantive) Objection to TCEH Asbestos Claims Requesting Allowance of TCEH Asbestos Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1,"* entered November 5, 2019 [D.I. 13877] (the "Procedural Order"), no later than November 13, 2019, Reorganized TCEH (through its claims and noticing agent, Epiq Corporate Restructuring, LLC ("Epiq")) caused a true and correct copy of the Omnibus Claim Objection (along with the various accompanying materials called for in the Procedural Order) to be served on Mr. Coleman in the form and matter prescribed by the Procedural Order. *See Affidavit of Service*, filed on November 25, 2019 [D.I. 13889 at Page 30 of 174]. According to Epiq's records, the service of the Omnibus Claim Objection to Mr. Coleman was not returned as being undeliverable.

9.  Mr. Coleman did not file an objection or response to the Omnibus Claim Objection, nor did he appear at the hearing on the Omnibus Claim Objection held before this Court.[5]

---

[4] *See* Omnibus Claim Objection, Ex. A-2 (showing a list of TCEH Unmanifested Asbestos Claims by name and allowed amount).

[5] On November 22, 2019, Mr. Coleman left a voice message at the offices of counsel to Reorganized TCEH inquiring about the Omnibus Claim Objection. On November 25, 2019 – a full 17 days prior to the noticed objection deadline for the Omnibus Claim Objection – counsel to Reorganized TCEH spoke with Mr. Coleman in response to his November 22, 2019 inquiry. During the November 25, 2019 telephone conversation in which Mr. Coleman did not articulate any specific objections to the relief being sought in the Omnibus Claim Objection, but instead only indicated frustration that the allowance process had not moved more quickly, counsel to Reorganized TCEH advised Mr. Coleman of his right to seek legal counsel in connection with the Omnibus Claim Objection. Prior to the filing of the Motion for Reconsideration, counsel to Reorganized TCEH received no further communications from Mr. Coleman following the November 25, 2019 telephone call.

10. On December 19, 2019, the Court entered the December 19 Order liquidating and allowing Mr. Coleman's claims in the amount of $2,754.00. This allowance was identical to the amount allowed on behalf of each of the other approximately 2,700 TCEH Unmanifested Asbestos Claims. Thus, following entry of the December 19 Order, Mr. Coleman was entitled to receive a distribution in accordance with the TCEH Plan's and TCEH Confirmation Order's treatment for Class C4 and C5 claimants.

11. On January 16, 2020, Mr. Coleman filed (i) the Motion for Reconsideration – 28 days following the entry of the December 19 Order, and (ii) the Alleged Priority Claims. Claim number 37842 sought a $30 billion priority claim for "asbestos exposure" and indicated that the claim is secured while also priority under the provision for grain producers and fishermen. Claim number 37843 sought $250 billion for "goods sold, money loaned, mortgage note, and credit card" and indicated that the claim is secured while also priority under the provision for grain producers and fishermen.[6]

12. On February 20, 2020, Reorganized TCEH filed *Reorganized TCEH's Objection to "Creditor's Motion to Amend Debtors in Possession Control Over Funds, Objection to Epic [sic] Corporate Res. LLC Control Over Case, Requesting Allowance of Amended Asbestos Claim Form as Priority, Requesting Allowance of Amended Stock Claim Form as Priority and Requesting Protection Against Discriminatory Treatment Pursuant to 11 U.S.C. § 525" [D.I. 14003]* [D.I. 14023], pursuant to which Reorganized TCEH argued that the Motion for

---

[6] A true and correct copy of each of these proof of claim forms is attached hereto as **Exhibit B**. An initial review of the materials attached to the Alleged Priority Claims indicate that Mr. Coleman's claims may involve XTO Energy, BP, Petro Hunt, or some other oil and gas companies. In short, Mr. Coleman's Alleged Priority Claims do not appear to have anything to do with any of the TCEH Debtors.

Reconsideration must be denied because, among other reasons, it was untimely filed and Mr. Coleman had failed to meet his legal burden(s) to justify granting him any relief.

13. On February 27, 2020 (the "February 27th Hearing"), this Court held a hearing to consider the Motion for Reconsideration and the Opposition for Reconsideration. Mr. Coleman appeared by telephone at the February 27th Hearing. Following hearing arguments and statements from counsel to Reorganized TCEH and Mr. Coleman on the record of the February 27th Hearing, this Court denied the Motion for Reconsideration in its entirety and with prejudice.[7] Among other things, the Court ruled:

> So I have to deny the motion for reconsideration under applicable law for failure to meet the criteria of the applicable rules. That doesn't mean that anything bad has happened to you. Your claim still is allowed, your claim is allowed as an unmanifested asbestos claim, it's allowed in the amount, and you are going to receive a distribution.

See Transcript of Record at p. 21:17-22, In re Energy Future Holdings Corp., *et al.*, Case No. 14-10979 (CSS) (Bankr. D. Del. Feb. 27, 2020).

14. On March 24, 2020, Mr. Coleman contacted counsel to Reorganized TCEH by e-mail inquiring about the status of his TCEH Plan distribution. Counsel to Reorganized TCEH promptly responded to Mr. Coleman's inquiry with the requested update that same day. A true and correct copy of the March 24, 2020 e-mail exchange is attached hereto as **Exhibit C**.

15. On March 28, 2020, as a courtesy, counsel to Reorganized TCEH sent Mr. Coleman an e-mail to inform him that a check on account of his TCEH Plan distribution was mailed to him on March 27, 2020. A true and correct copy of the March 28, 2020 e-mail from counsel to Reorganized TCEH to Mr. Coleman is attached hereto as **Exhibit D**.

---

[7] *See* Denial Order at paragraph 1 (denying the Motion for Reconsideration in "ITS ENTIRETY ON THE MERITS AND WITH PREJUDICE").

16. On April 1, 2020, Mr. Coleman contacted counsel to Reorganized TCEH by e-mail inquiring about the status of a distribution on account of his Alleged Priority Claims. Counsel to Reorganized TCEH promptly responded to Mr. Coleman's inquiry that same day, informing him that his Alleged Priority Claims were disallowed and expunged by operation of the TCEH Plan and the Denial Order, and that the distribution on account of his one allowed Unmanifested Asbestos Claim is the only distribution to which he is entitled and will receive consistent with the TCEH Plan and the December 19 Order. A true and correct copy of the April 1, 2020 e-mail exchange is attached hereto as **Exhibit E**.

17. On April 2, 2020, Mr. Coleman contacted counsel to Reorganized TCEH by e-mail again reiterating his inquiry concerning a distribution on account of his Alleged Priority Claims. In response, that same day, counsel to Reorganized TCEH again informed Mr. Coleman that Alleged Priority Claims were disallowed and expunged by operation of the TCEH Plan and the Denial Order, and that the distribution on account of his one allowed Unmanifested Asbestos Claim is the only distribution to which he is entitled and will receive consistent with the TCEH Plan, the December 19 Order, and the Denial Order. Counsel to Reorganized TCEH also attached a copy of the December 19 Order and the Denial Order to his April 2, 2020 response to Mr. Coleman. A true and correct copy of the April 2, 2020 e-mail exchange (without the attachments) is attached hereto as **Exhibit F**.

18. On April 4, 2020, Mr. Coleman again contacted counsel to Reorganized TCEH by e-mail expressing frustration with counsel's April 2, 2020 response. In light of Mr. Coleman's admonition of "[d]o not EVER CONTACT ME AGAIN IN LIFE …" in his April 4, 2020 e-mail, counsel to Reorganized TCEH did not respond to Mr. Coleman's April 4, 2020 e-mail. A

true and correct copy of the April 4, 2020 e-mail from Mr. Coleman to counsel to Reorganized TCEH is attached hereto as **Exhibit G**.

19. On April 14, 2020 --- 47 days following the entry of the Denial Order --- the Motion and Objection were docketed by this Court.

## Argument

**A.    Any Relief Sought by Mr. Coleman In the Motion or the Objection Is Barred by the Law of the Case.**

20. The December 19 Order determined and fully and finally liquidated all of the Asbestos Claims asserted against all of the TCEH Debtors (including Mr. Coleman's asserted claims as of that time). The December 19 Order is a final and non-appealable order, it is the law of the case, and it cannot be successfully attacked by the Motion or the Objection now. Among other things, the December 19 Order provided:

> Each of the TCEH Unmanifested Asbestos Claims are hereby allowed, satisfied, compromised, settled, released, and extinguished, and each such claimant shall have an Allowed Claim in the amount set forth in **Exhibit 2** hereto (which provided for each holder of a TCEH Unmanifested Asbestos Claim to receive an allowed Class C-5 claim under the TCEH Plan in the amount of $2,754.00).

*See* December 19 Order at ¶ 4.

21. The December 19 Order further addressed any subsequently filed claims filed by any Holder subject to the December 19 Order as follows:

> Where Holders of TCEH Manifested Asbestos Claims or TCEH Unmanifested Asbestos Claims listed on **Exhibit 1** and **Exhibit 2** hereto filed multiple TCEH Asbestos Claims against one or more of the TCEH Debtors, each such Holder shall be allowed one (1) Allowed Claim against the applicable TCEH Debtor in the amounts set forth on **Exhibit 1** or **Exhibit 2** hereto, and such Allowed Claim shall be deemed to be the first-filed claim listed on **Exhibit 1** or **Exhibit 2** hereto, as the case may be, ***with all subsequent claims filed by such Holders (whether asserted against the same TCEH Debtor or other TCEH Debtors) being disallowed and expunged in their entirety***.

*See* December 19 Order at ¶ 5 (emphasis added).

9

22. Consequently, the December 19 Order settled and released any liability to all Holders of TCEH Asbestos Claims, including Mr. Coleman, and provided that any subsequently filed claims filed by Holders subject to the December 19 Order are disallowed and expunged in their entirety. That order, entered months ago, is long final and non-appealable, and is the law of the case.

23. Similarly, the Denial Order likewise addressed the Alleged Priority Claims following a contested hearing on the Motion for Reconsideration at which Mr. Coleman attended and participated in by telephone. Specifically, in addition to denying Mr. Coleman's untimely request to reconsider the December 19 Order, the Denial Order provided as follows concerning the Alleged Priority Claims:

> For the avoidance of any doubt, pursuant to, and consistent with, Article VII of the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 9199] (as modified by D.I. 9321 and 9374) (the "TCEH Plan"), claim nos. 37842 and 37843 filed by Mr. Coleman are DISALLOWED in full and EXPUNGED by operation of the TCEH Plan.

*See* ¶ 2 of Denial Order.

24. "The law of the case doctrine 'limits relitigation of an issue once it has been decided' in an earlier stage of the same litigation." *Hamilton v. Leavy*, 322 F.3d 776, 786-87 (3d Cir. 2003) (*quoting In re Cont'l Airlines, Inc.*, 279 F.3d 226, 232 (3d Cir. 2002)); *see also In re Martin's Aquarium, Inc.*, 98 Fed. Appx. 911, 913 (3d Cir. 2004) (refusing to reopen adversary proceeding that was closed following settlement between parties based on law of case doctrine); *Pub. Interest Research Group of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116 (3d Cir. 1997) ("[t]he law of the case doctrine directs courts to refrain from re-deciding issues that were resolved earlier in the litigation"); *Sportsman's Warehouse, Inc. v. McGillis/Eckman*

*Investments-Billings, LLC (In re Sportsman's Warehouse, Inc.)*, 457 B.R. 372, 388 (Bankr. D. Del. 2011) (discussing Third Circuit instruction to refrain from relitigating previously decided issues); *Samson Res. Co. v. Valero Mktg & Supply Co. (In re Semcrude, L.P.)*, 2010 WL 5140487, *14 (Bankr. D. Del. Dec. 13, 2010) (same). The doctrine is intended to promote finality, consistency and judicial economy. *See Hamilton*, 322 F.3d at 787; *Cont'l Airlines*, 279 F.3d at 233 ("This rule of practice promotes the finality and efficiency of the judicial process by protecting against the agitation of settled issues.") (internal quotation marks omitted) (*quoting Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)). *See also James Cable, LLC v. Millennium Digital Media Systems, L.L.C. (In re Broadstripe, LLC)*, 435 B.R. 245, 255 (Bankr. D. Del. 2010) ("[O]nce a matter has been addressed in a procedurally appropriate way by a court, it is generally held to be the law of that case and will not be disturbed by that court unless compelling reason to do so appears.").

25.  Here, the entry of the December 19 Order sustaining the Omnibus Claim Objection was not opposed by Mr. Coleman. Instead, Mr. Coleman filed his untimely Motion for Reconsideration of the December 19 Order, which was subsequently denied by this Court on the merits and with prejudice following a full and fair contested hearing in which Mr. Coleman participated. Moreover, the disallowance of the Alleged Priority Claim --- filed nearly 3.5 years following the TCEH Effective Date --- is mandated by the terms of the TCEH Plan as confirmed by the Denial Order, and such result similarly cannot be disturbed now.

**B.    Mr. Coleman's Motion and Objection Amount to an Impermissible Collateral Attack on the TCEH Plan, the December 19 Order, and the Denial Order**

26.  Mr. Coleman's latest arguments set forth in the Motion and the Objection are a blatant collateral attack on the TCEH Plan, the December 19 Order, and the Denial Order. As the record clearly reflects, Mr. Coleman had adequate notice of the Omnibus Claim Objection

11

and the hearing scheduled before the Court thereon. Notwithstanding having received service of the Omnibus Claim Objection, Mr. Coleman failed to file any response with the Court in response thereto and failed to appear at the December 19, 2019 hearing that took place in connection therewith. The December 19 Order clearly, fully, and finally liquidates and allows, settles, and releases all Asbestos Claims (including Mr. Coleman's asserted claims) against all of the TCEH Debtors. Having failed to timely appeal or move for reconsideration of the December 19 Order, Mr. Coleman must be prohibited from collaterally attacking it now.[8]

27. Moreover, the Denial Order specifically addressed the Alleged Priority Claims and specifically found that they are disallowed and expunged in their entirety consistent with the express terms of the TCEH Plan. *See* Denial Order at ¶ 2. The Denial Order is also a final and non-appealable order and cannot be collaterally attacked by the Motion or the Objection.

28. Similarly, the TCEH Plan has been effective for over 3.5 years, and Mr. Coleman must also be prohibited from challenging its terms. Article VII of the TCEH Plan provides as follows:

> Except as provided herein or otherwise agreed, any and all Proofs of Claims Filed after the Bar Date **shall be deemed disallowed and expunged** as of the Effective Date without any further notice to or action, order, or approval of the Bankruptcy Court, and Holders of such Claims may not receive any distributions on account of such Claims . . .
>
> On or after the Effective Date, a Proof of Claim or Interest may not be Filed or amended without the prior authorization of the Bankruptcy Court or the Reorganized Debtors, and any such new or amended Proof of Claim or Interest Filed **shall be deemed disallowed in full and expunged without any further action**.

---

[8] Reorganized TCEH respectfully submits that, by failing to object to the Omnibus Claim Objection in the first instance despite having actual notice of it, Mr. Coleman would have lacked standing to timely appeal or move for reconsideration of the December 19 Order in any event.

12

*See* TCEH Plan VII.F, VII.G (emphasis added).

29.     The Alleged Priority Claims were filed more than four years after the Bar Date[9] and more than three years after the TCEH Effective Date.[10]  As such, they are deemed disallowed in full and expunged without further action by the Court or Reorganized TCEH.  Mr. Coleman cannot be permitted to challenge provisions of the confirmed and effective TCEH Plan now.[11]

30.     "It is well settled that a final judgment in a civil action may be challenged on direct review but cannot be collaterally attacked in a subsequent proceeding." *In re Uni-Marts, LLC*, 404 B.R. 767, 788 (Bankr. D. Del. 2009) (*citing Chicot Cty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 376 (1940); *Stoll v. Gottlieb*, 305 U.S. 165, 172 (1938)).  Numerous courts have denied motions as collateral attacks on their prior rulings.  *See In re Capmark Fin. Group Inc.*, Case No. 09-13684 (CSS) (Bankr. D. Del. Dec. 19, 2012) (entering order disallowing and expunging various proofs of claim for, among other reasons, the fact that the claimants' assertion of those claims constituted a collateral attack on the court's prior sale order); *In re Patriot Contracting Corp.*, 2006 WL 4452840, *3 (Bankr. D.N.J. Mar. 28, 2006) (denying motion to deny debtors' use of cash collateral after final cash collateral order become final and non-appealable pursuant to Bankruptcy Rule 8002); *see also Regions Bank v. J.R. Oil Co., LLC*, 387 F.3d 721, 731 (8th Cir. 2004) (dismissing RICO claims, holding that such claims were barred because they were collateral attacks on prior bankruptcy court order approving sale); *Wallis v. Justice Oaks II, Ltd.*, 898 F.2d 1544, 1552 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990)

---

[9] The Asbestos Bar Date was December 14, 2015.  *See* D.I. 5171.

[10] The TCEH Effective Date occurred on October 3, 2016.  *See* D.I. 9742.

[11] For the avoidance of doubt, Mr. Coleman was served with notice of the Disclosure Statement and hearing to consider confirmation of the TCEH Plan. *See Affidavit of Service of Solicitation Materials*, filed August 3, 2016 [D.I. 9189]

(noting that plaintiffs' adversary complaint that repeated plan objections was "an impermissible collateral attack on the order confirming the plan").

31. The Court should similarly reject Mr. Coleman's attempts to collaterally attack the December 19 Order, the Denial Order, and the TCEH Plan.

**C.     Mr. Coleman's Request for the Appointment of an Examiner in the TCEH Debtors Is Impermissible and Must Be Denied**

32. Mr. Coleman's unfounded request to appoint an examiner in the TCEH Debtors' chapter 11 cases should also be denied out of hand. Section 1104 of the Bankruptcy Code provides as follows:

> At any time after the commencement of the case ***but before confirmation of a plan***, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee—
>
> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
>
> (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

*See* 11 U.S.C. § 1104 (emphasis supplied).

33. Here, besides there being no factual basis to consider the appointment of an examiner in the TCEH Debtors' chapter 11 cases (*i.e.*, there's been no plausible allegation of fraud, dishonesty, incompetence, or gross mismanagement by any of the TCEH Debtors), Mr. Coleman's request is precluded in any event by the text of the statute under which he moves, which provides that any request for the appointment of an examiner must be made *before confirmation of a plan*. As the Court is keenly aware, in the TCEH Debtors' chapter 11 cases, a chapter 11 plan was confirmed and went effective over 3.5 years ago. Consequently, Mr.

14

Coleman's request for the appointment of an examiner in the chapter 11 cases must be denied based on the plain language of the statute on which he relies.

34. Courts have roundly noted that the appointment of an examiner must take place prior to confirmation of a plan in a chapter 11 case. *See*, *e.g.*, *In re: Schroeder Brothers Farms of Camp Douglas LLP*, 602 B.R. 695, 702 (Bankr. W.D. Wis. 2019) (concluding that "[a] court may appoint a trustee under section 1104(a) only after commencement of the case and before confirmation of the plan. Here, the Court has confirmed a plan. Thus, the Court cannot grant relief under section 1104."); *In re Spansion, Inc.*, 426 B.R. 114, 128 (Bankr. D. Del. 2010) (emphasis added, other citation omitted) (observing, in denying a motion to appoint an examiner, that an examiner may be appointed in a chapter 11 case "any time after commencement of the case ***but before confirmation of a plan*** …"); *In re Wilson*, 77 B.R. 532, 535 (Bankr. W.D. Va. 1987) (stating that "pre-confirmation, an examiner or a trustee may be appointed under 11 U.S.C. § 1104 if it appears that the debtor in possession is going to refuse to initiate an adversary proceeding which should clearly be initiated").

35. Here, besides there being absolutely no evidence (or reasonably credible allegation) in the record of any fraud, dishonesty, incompetence, or gross mismanagement by any of the TCEH Debtors, given that the TCEH Plan was confirmed and went effective over 3.5 years ago, any relief requested by Mr. Coleman for the appointment of an examiner in the TCEH Debtors' chapter 11 cases must be denied by the express terms of the statute on which Mr. Coleman relies.

**D.**     **The Court Should Find that Mr. Coleman Is a Vexatious Litigant and Relieve Reorganized TCEH from Responding to Any Further Filings Made in these Cases By Mr. Coleman**

36.     Reorganized TCEH also respectfully requests that this Court find that Mr. Coleman is a vexatious litigant and (i) grant it relief from having to respond to any further filings from Mr. Coleman in these chapter 11 cases, and (ii) order that any such further filings will be placed on the Court's docket only, but that the Court will not take any action in response to them.

37.     The Motion and Objection represent the fifth and sixth items filed by Mr. Coleman in these chapter 11 cases in a little over four months.  Mr. Coleman's baseless filings have nonetheless required Reorganized TCEH to expend substantial resources to respond to them.  In addition, Mr. Coleman's most recent filings (*i.e.*, the Motion and the Objection) have delayed Reorganized TCEH from filing a motion to close its chapter 11 case (which is the last remaining open case of any of the TCEH Debtors) by interjecting contested matters into an otherwise concluded chapter 11 case.  While Reorganized TCEH and its advisors have endeavored to be responsive and respectful in response to Mr. Coleman's various inquiries, it is clear that Mr. Coleman continues to attempt to reassert and relitigate alleged entitlement to asserted claims that have already been adjudicated and fully and finally resolved by prior final and non-appealable orders of this Court.  Mr. Coleman has received (and negotiated) the distribution to which he was entitled under the December 19 Order, the Denial Order, and the TCEH Plan, and Reorganized TCEH respectfully submits that it should not be forced to continue to expend resources and delay the closing of its chapter 11 case continuing to respond to Mr. Coleman's continued baseless, recycled assertions, which have already been rejected by this Court multiple time.  *See In re Oliver*, 682 F.2d 443, 446 (3d Cir. 1982) (stating that "a continuous pattern of groundless and vexatious litigation can, at some point, support an order

16

against further filings of complaints without the permission of the court"); *Frederick Banks v. Pope Francis*, No. CV 15-1385, 2015 WL 8207532, at *4 (W.D. Pa. Dec. 8, 2015) (observing that the Court of Appeals for the Third Circuit "has made clear that a pattern of groundless and vexatious litigation will justify an order prohibiting further filings without permission of the court").[12]

### Reservation of Rights

38. Nothing contained in this Response is intended or should be construed as: (a) a waiver or limitation of any of the Reorganized TCEH Debtors' rights under the Bankruptcy Code or any other applicable law; or (b) a waiver of the Reorganized TCEH's rights to make objections to, and to oppose allowance of, any claims or interests in these chapter 11 cases.

[*Remainder of page intentionally left blank.*]

---

[12] *See also Davis v. State*, No. CV 15-377-SLR, 2015 WL 4477701, at *2 (D. Del. July 22, 2015) (internal citations removed):

> A district court has the power to enjoin vexatious litigants from filing meritless pleadings that duplicate ones already adjudicated. A pre-filing injunction is an exception to the general rule of free access to the courts, and its use against a *pro se* plaintiff is approached with caution. A district court may enjoin a pro se litigant from future filings so long as the injunction complies with three requirements: (1) the litigant must be continually abusing the judicial process; (2) the litigant must be given notice of the potential injunction and an opportunity to oppose the court's order; and (3) the injunction must be narrowly tailored to fit the specific circumstances of the case.

*First*, Reorganized TCEH submits that Mr. Coleman's conduct of filing multiple baseless documents with the Court over the past few months (all seeking to recover on account of disallowed, expunged, settled, and/or released claims) constitutes an abuse of the judicial process. *Second*, Mr. Coleman will have every opportunity to be heard on this matter at the hearing scheduled to consider the Motion and the Objection. *Third*, allowing any future documents submitted to the Court by Mr. Coleman but not requiring Reorganized TCEH to respond to them (or for the Court to act on them) is narrowly tailored relief and consistent with the relief previously ordered by this Court in these chapter 11 cases with respect to another *pro se* litigant. *See Order*, dated December 14, 2016 [D.I. 10387], a true and correct copy of which is attached hereto as **Exhibit H**.

WHEREFORE Reorganized TCEH respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit I**, denying the Motion and the Objection in all respects and granting Reorganized TCEH all relief to which it may be entitled.

Dated: May 20, 2020
Wilmington, Delaware

*/s/ Jason M. Madron*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: collins@rlf.com
defranceschi@rlf.com
madron@rlf.com

-and-

**THE BRAME LAW FIRM PLLC**
Frank C. Brame (admitted *pro hac vice*)
Texas Bar No. 24031874
3333 Lee Parkway, Suite 600
Dallas, Texas 75219
Telephone: (214) 665-9464
Facsimile: (214) 665-9590
Email: frank@bramelawfirm.com

*Co-Counsel to Reorganized TCEH*