# **Exhibit I**

RLF1 23424549v.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: D.I. 14040, 14041, 14063** |

**ORDER OVERRULING (I) "CREDITOR'S OBJECTION TO UNSECURED CLAIM PAYMENT" [D.I. 14040] AND DENYING (II) "CREDITOR'S EMERGENCY MOTION FOR APPOINTMENT BY COURT OF U.S. TRUSTEE OR EXAMINER IN PURSIUT [SIC] TO 11 U.S. CODE § 1104 WITH AUTHORITY TO TAKE ACTION AGAINST DEBTOR'S SUBSIDIARIES" [D.I. 14041]**

Upon the (i) *Creditor's Objection to Unsecured Claim Payment*, entered on the Court's docket on April 17, 2020 [D.I. 14040] (together with its associated correspondence, documents, and attachments, the "Objection"), and (ii) *Creditor's Emergency Motion for Appointment By Court of U.S. Trustee or Examiner In Pursiut [sic] to 11 U.S. Code § 1104 With Authority to Take Action Against Debtor's Subsidiaries*, entered on the Court's docket on April 17, 2020 [D.I. 14041] (the "Motion"), both filed by Alvester Coleman ("Mr. Coleman"), seeking, among other relief, payment on account of two untimely, disallowed, and expunged alleged priority claims assigned claim numbers 37842 and 37843 in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), one for $30 billion and another for $250 billion (together, the "Alleged Priority Claims"), and the appointment of an examiner in the Chapter 11 Cases; and the Court having reviewed and considered all of (i) the Objection; (ii) the Motion; (iii) *Reorganized TCEH'S*

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

RLF1 23452476v.1

*Response to (I) "Creditor's Objection to Unsecured Claim Payment" [D.I. 14040] and (II) "Creditor's Emergency Motion for Appointment By Court of U.S. Trustee or Examiner In Pursiut [sic] to 11 U.S. Code § 1104 With Authority to Take Action Against Debtor's Subsidiaries" [D.I. 14041]*, filed on May 20, 2020 [D.I. 14063] ("Reorganized TCEH's Response"); and (iv) the Alleged Priority Claims filed by Mr. Coleman, both of which were attached as "Exhibit B" to Reorganized TCEH's Response; and the Court having previously found in its *Order Denying "Creditor's Motion to Amend Debtors In Possession Control Over Funds, Objection to Epic [SIC] Corporate Res. LLC Control Over Case, Requesting Allowance of Amended Asbestos Claim Form As Priority, Requesting Allowance of Amended Stock Claim Form As Priority and Requesting Protection Against Discriminatory Treatment Pursuant to 11 U.S.C. § 525" [D.I. 14003]*, entered on February 27, 2020 [D.I. 14028], that the Alleged Priority Claims were disallowed and expunged by operation of Article VII of the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 9199] (as modified by D.I. 9321 and 9374); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of the Chapter 11 Cases, the Motion, and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having heard and considered the arguments and statements of the parties in connection with the Motion, the Objection, Reorganized TCEH's Response, and the Alleged Priority Claims at a hearing conducted telephonically before the Court on June 1, 2020 starting at 11:00 a.m. (Eastern Daylight Time) (the "Hearing"); and upon the record of the Hearing and all of the proceedings had before the Court, it is HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Reorganized TCEH's Response is SUSTAINED IN ITS ENTIRETY, and (i) the Objection is OVERRULED IN ITS ENTIRETY ON THE MERITS AND WITH PREJUDICE; and (ii) the Motion is DENIED IN ITS ENTIRETY ON THE MERITS AND WITH PREJUDICE.

2. Mr. Coleman is a vexatious litigant, and his continuing actions in the Chapter 11 Cases have resulted in a waste of resources of Reorganized TCEH and the Court.

3. Any further documents, whether in the form of a motion, a notice, an objection, a letter, or otherwise, submitted to the Court in the Chapter 11 Cases by Mr. Coleman will be docketed but will not be considered or acted upon by the Court.

4. Neither Reorganized TCEH nor any other party-in-interest in the Chapter 11 Cases is required to respond to any further documents, whether in the form of a motion, notice, objection, letter, or otherwise, served or filed with the Court by Mr. Coleman in the Chapter 11 Cases.

5. Notwithstanding the possible applicability of rules 6004(h), 7062, 9014, or otherwise of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.