IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* <br><br> ENERGY FUTURE HOLDINGS CORP., *et al.*, <br><br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 14-10979 (CSS) <br><br> (Jointly Administered) <br><br> Re:  14047, 14050, 14055, 14060 |

## CONSOLIDATED REPLY OF BERGSCHNEIDER AND HEINZMANN IN SUPPORT OF MOTION TO ALLOW LATE FILED PROOFS OF CLAIM

Denis and Meri Bergschneider, ("Bergschneider"), and Kaye Heinzmann, surviving spouse of David Heinzmann, ("Heinzmann" and, together with Bergschneider, the "Movants"), by and through their undersigned counsel, hereby file their consolidated reply in support of the *Motion of Bergschneider To Allow Late Filed Proofs of Claim* [D.I. 14047] (the "Bergschneider Motion"), and the *Motion of Heinzmann To Allow Late Filed Proofs of Claim* [D.I. 14055] (the "Heinzmann Motion" and, together with the Bergschneider Motion, the "Motions to Allow") and in response to the objection of The Reorganized EFH/EFIH Debtors and Sempra Energy (hereinafter "Sempra") to the Motions to Allow [D.I. 14060] (the "Objection").[2] In support of hereof, the Movants respectfully represent as follows:

---

[1]    The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers are not provided herein.  A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at http://www.efhcaseinfo.com.

[2]    Capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed to them in the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12763-1] *(the "Plan")*, or *the Motions to Allow*, as applicable.

**Preliminary Statement and Summary of Reply**

1. Before the Court are the Motions to Allow seeking to have this Court deem allowed late-filed unsecured claims asserted against various Debtors relating to asbestos exposure. The relief being sought in the Motions to Allow is narrow and satisfies the Bankruptcy Rules which define a proof of claim as "a written statement setting forth a creditor's claim." Fed. R. Bankr. P. 3001. Both Movants, after learning that they had been diagnosed with mesothelioma after the Asbestos Bar Date, promptly filed a Notice of Intent to Participate in these proceedings, thereby informally placing Debtors and Sempra on notice of their claims. The proofs of claim filed by the Movants earlier this year relate back to the Notices of Intent filed by the Movants.

2. Moreover, both Movants have asserted that reinstatement of their claims is appropriate based upon a showing that they were individually deprived of due process, a fair post-confirmation process contemplated by the plan of reorganization, to which Sempra agreed by effectuating the merger.

3. Sempra's Objection reads as if they are completely blindsided and prejudiced by the assertion of these claims. These arguments belie the fact that Sempra had knowledge of the Movants claims well before confirmation of the Plan. Upon the unsuccessful conclusion of their appeal of the confirmation order, Movant expeditiously filed their respective proofs of claim and filed the Motions to Allow.

4. For these reasons, and as further explained below, Movants requests that the Court grant the Motions to Allow their claims.

**REPLY TO OBJECTION**

5. Sempra misconstrues Movants' as-applied challenge as a facial challenge that they did not receive due process. Sempra argues that Movants received proper publication notice of the Bar Date and that publication notice to the Movants was adequate for purposes of due process. *In re Energy Future Holdings*, 949 F.3d at 822 (holding that "contrary to Appellants' argument that actual notice to all potential claimants was required, claimants who were unknown at the time of the discharge—such as Appellants—were entitled only to publication notice of a property deprivation." (citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 317-18 (1950))). However, Sempra neglects to acknowledge that the Third Circuit's quoted language was addressed to the context of "pre-confirmation notice." *Id.*

6. Sempra largely ignores the next paragraph in the Third Circuit's opinion that this Court retains jurisdiction over the parties to consider whether it unconstitutionally discharged individual claims, see *In re W.R. Grace & Co.*, 900 F.3d 126, 138–39 (3d Cir. 2018). Moreover, the Bankruptcy Court must accept late-filed proofs of claim under Federal Rule of Bankruptcy 3003(c)(3) for "cause shown." Fed. R. Bankr. P. 3003(c)(3). "That 'flexible' standard is met when the 'danger of prejudice to the debtor' is low; the claimant shows good 'reason for the delay'; and the 'length of the delay' does not have outsize 'impact on [the] judicial proceedings.'" quoting *Pioneer Inv. Servs.*, 507 U.S. at 389, 395 (applying the "excusable neglect" standard of Fed. R. Bankr. P. 9006 to Rule 3003(c)(3)). *In re Energy Future Holdings Corp,* 949 F.3d 806, 823 (3rd Cir. 2020).

7. As for the danger of prejudice to Sempra, the Third Circuit recognized *sub judice* that "all latent claimants will have the opportunity to show that reinstatement of their claims would pose no 'danger of prejudice' to the debtors here." As the Court explained, "the prospect of a post-

confirmation procedure allowing for reinstatement was baked into the merger agreement, and Rule 3003(c)(3) provides that procedure. Reinstatement of latent claims under Rule 3003(c)(3) thus would appear not to not alter the expectations the parties had at the time they agreed to the merger." *Id.* The Third Circuit appears to have contemplated a streamlined pro forma process leading to relief for parties denied as-applied due process.

8. On the issue of prejudice, Heinzmann was diagnosed with mesothelioma on July 15, 2016, well after the conclusion of the notice program and the December 14, 2015 Asbestos Bar Date. A little over three months later, on November 3, 2016, Heinzmann filed a *Notice of Intent to Participate in Disclosure Statement Proceedings and Confirmation Proceedings for the New Plan,* [D.I. 10030]. The *Notice of Intent* apprised the Court and all interested parties of the existence, nature, and amount of Heinzmann's claims and it made clear the intention to hold the debtors liable for the claims. Heinzmann also executed and agreed to be bound by the *Confidentiality Agreement and Stipulated Protective Order* approved by the Court on August 13, 2014 (D.I. 1833).

9. Similarly, Bergschneider was diagnosed with mesothelioma on September 14, 2017, again well after the conclusion of the notice program and the Asbestos Bar Date. A little over two months later, on November 27, 2017, Bergschneider filed a *Notice of Intent to Participate in Confirmation Proceedings for the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code*, [D.I. 12271]. His *Notice of Intent* apprised the Court and all interested parties of the existence, nature, and amount of Bergschneider's claims and it made clear the intention to hold the debtors liable for the claims. Bergschneider also executed and agreed to be bound by the *Confidentiality Agreement and Stipulated Protective Order* approved by the Court on August 13, 2014 (D.I. 1833).

10. Movants have demonstrated a "reason for the delay" by showing that they would otherwise be deprived of the due process under *Grossman's*. *In re Energy Future Holdings Corp*, 949 F.3d 806, 823. As the 3rd Circuit made clear, a latent claim cannot be constitutionally discharged if the claimant received inadequate "notice of the claims bar date"—a concern that "arise[s] starkly in the situation presented by persons with asbestos injuries that are not manifested until years or even decades after exposure," *Grossman's*, 607 F.3d at 126, because "persons in the exposure-only category . . . may not even know of their exposure," may not "realize the extent of the harm they may incur," or "[e]ven if they fully appreciate the significance of [notice they did receive], ... without current afflictions[,] may not have the information or foresight needed to decide, intelligently, whether [to file a claim]," *Amchem*, 521 U.S. at 628.

11. For this reason, the Third Circuit in *Grossman's* identified factors bearing on the "adequacy of the notice of the claims bar date," 607 F.3d at 127, including—with particular relevance for the Rule 3003(c)(3) proceedings—"whether the notice of the claims bar date came to [the claimants' attention]," "whether and/or when the claimants were aware of their vulnerability to asbestos," and "whether the claimants had a colorable claim at the time of the bar date," *Id*. at 127–28. Thus, Movants have argued based on these factors that the permanent discharge of their respective claims does not comply with due process under *Grossman's*—undoubtedly an adequate "reason for the delay"—and that they are entitled to obtain reinstatement under Rule 3003(c)(3).

12. Sempra's Objection ignores the Movants' alleged circumstances of the initial exposure to asbestos as outlined by both Movants in their Notices of Intent and as supported in the Motions to Allow by their respective affidavits. Likewise, there is no indication on the record that the Movants were aware of their vulnerability to asbestos. The Movants have averred that they had

no recollection of having seen any notice of the Asbestos Bar Date and that they were unaware of the Asbestos Bar Date in these cases, and they did not file proofs of claim, manifested or unmanifested, before the Asbestos Bar Date.

13. Lastly, while the "length of the delay" between the bar date and Movants' Rule 3003(c)(3) motions has been substantial, Movants contend that the delay has had no "impact" on Sempra interests in the EFH's bankruptcy proceedings because those proceedings concluded with the Confirmation Order which contemplated a fair post-confirmation process as part of the Plan, to which Sempra agreed to by effectuating the merger. "So this factor, too, cuts in favor of granting their Rule 3003(c)(3) motions." *In re Energy Future Holdings Corp*, 949 F.3d 806, 824.

14. Sempra's argument that there is no justifiable excuse for Movants' delay from the discovery of their claims to the filing of the proofs of claim ignores the content and import of the *Notices of Intent* which were filed shortly after the Movants were diagnosed with mesothelioma and which made clear to all interested parties the Movants' intention to hold the debtors liable for the claims.

15. Sempra's Objection is entirely devoid of argument regarding the *Grossman's* analysis but for a mention in Footnote No. 8 on page 18 of the Objection that the Movants have "neither alleged nor provided evidence to support a *Grossman's* analysis."

16. On the *Grossman's* factor of whether the Movants were known or unknown creditors, the information needed to ascertain whether the Movants were known is in the custody and control of Sempra and not the Movants. As a result of the Merger, Sempra has custody and control of the records which would illuminate whether the Movants were known to the Debtors at the time the notice program was effectuated and specifically whether the Movants were provided

with direct notice.  Sempra's objection is entirely devoid of any argument that the Movants were known or unknown creditors.

17. The last applicable *Grossman*'s factor of whether the Movants had a colorable claim at the time of the Asbestos Bar Date clearly inures in favor of the Movants as both Movants were not diagnosed with mesothelioma until well after the Asbestos Bar Date.

18. In sum, Movants excursion through the Rule 3003(c)(3) factors is persuasive that the Movants deserve a fair opportunity to seek reinstatement. They have argued that their late filings would impose no prejudice on Sempra and that the length of their delay would not affect these bankruptcy proceedings. Movants have argued that, without reinstatement, they would not be accorded due process under *Grossman's*. "This showing is only negligibly more demanding than the one necessary to file a proof of claim before the bar date—it requires that latent claimants allege a single additional fact, i.e., lack of due process under *Grossman's*." *Id.*

19 Sempra argues that there has been no excusable neglect where Movants waited over two years to file the proofs of claim. This argument ignores the import of the Movants *Notices of Intent* which were filed, and which satisfy the five-part test of an informal proof of claim as enunciated in *In re American Classic Voyages, Co*., 405 F.3d 127 (3d Cir. 2005).

20. Ultimately, the Movants' delay in filing the proofs of claim is directly related to the fact that the Movants did not understand the importance of the Bar Date Notice in December of 2015, as they were not diagnosed with mesothelioma until July of 2016 and September of 2017, respectively.  Once the Movants were diagnosed with mesothelioma it was already well past the Asbestos Bar Date.  Each Movant instead filed a Notice of Intent to Participate with the intention of informing all interested parties of their asbestos claims.

21. There can be no serious dispute that the inaction by the Movants prior to the Asbestos Bar Date in these cases is attributable to the lack of appreciation of the significance of the notice they may have received when without current afflictions; that Movants did not have the information or foresight need to intelligently decide to whether to file a claim before the Asbestos Bar Date. Under these circumstances, Movants' inaction can be characterized as a simple, faultless omission and qualifies as "neglect." *Pioneer*, 507 U.S. at 388.

22. Sempra's Objection inappropriately characterizes the delay in filing the proofs of claim as a strategic attempt to preserve appellate standing and fails to acknowledge that the Movants acted in good faith in filing the proofs of claim. On February 18, 2020, the Third Circuit rejected Movants' Appeal from the Bankruptcy Court's confirmation order discharging unmanifested (latent) asbestos claims. The deadline for filing a petition for panel rehearing or rehearing by the Third Circuit *en banc* is 14 days after the decision is entered (March 3, 2020), Fed. R. App. P. 40(a)(1). The deadline for a petition for writ of certiorari is 90 days after the decision is entered (May 18, 2020), pursuant to 28 U.S.C. § 2101(c). Movants filed the proofs of claims immediately upon determining not to seek a review in either the Third Circuit or at the United States Supreme Court.

23. Sempra seems to insist that Movants should be required to file the proofs of claim when the existence of the bar date was the central issue on appeal and thus not yet operative because of the appeal. The Third Circuit considered and ultimately rejected the argument that this Court's order denying certain latent claimants' motion in opposition to the bar date constituted a final, appealable order for purposes of the appeal and relied upon the decision of *Ritzen Group, Inc. v. Jackson Masonry, LLC*, No. 18-938, 2020 WL 201023 (U.S. Jan. 14, 2020). The Third Circuit ruled *sub judice* that the bar date order was not final and appealable, citing *In re Hooker*

*Invs., Inc.*, 937 F.2d 833, 837 (2d Cir. 1992) (holding that bar date order was not final order), and that the Movants' appeal did not constitute an improper collateral attack on the order rejecting the latent claimants' objections and holding untimely filers to the bar date. Movants were thus entitled to await plan confirmation to raise their objections as part of this appeal. *In re Energy Future Holdings Corp.*, 949 F.3d at 817.

24.     The Movants also bring to the Court's attention that at the Confirmation hearing conducted on February 26, 2018, the Movants introduced into evidence at the confirmation hearing record *AX157*, the Notice of Filing of the Unsealed Objection of Shirley Fenicle, individually and as successor-in-interest to the Estate of George Fenicle, David William Fahy, John H. Jones, David Heinzmann, Harold Bissell, Kurt Carlson, Robert Albini, individually and as successor-in interest to the Estate of Gino Albini, and Denis Bergschneider ("Objectors") to the Confirmation of the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code, dated September 11, 2017 ("Objection"). [D.I. 12500]. This redacted filing contains pathology reports, statements of earnings, discovery responses and affidavits from both Movants.

25.     In fact, at the confirmation hearing held on February 26, 2018, this Court acknowledged that it was glad that Movants had "introduced the evidence about the actual claimants who were injured and have asbestos injuries, because it points out to the Court something that I'm very cognizant of, but also makes clear on the record that this is a serious decision that affects real people's lives." Hr'g Tr. 229:9-14, Feb. 26, 2018.

## CONCLUSION

For the foregoing reasons, Movants respectfully requests that the Court enter the Order and grant such other and further relief as it deems appropriate under the circumstances.

Dated: May 27, 2020
      Wilmington, Delaware

Respectfully submitted:

By: */s/ Daniel K. Hogan*
Daniel K. Hogan (DE Bar # 2814)
HOGAN♦McDANIEL
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: (302) 656-7540
Facsimile: (302) 656-7599
dkhogan@dkhogan.com
*Counsel for Denis and Meri Bergschneider and Kaye Heinzmann*

-and-

Steven Kazan (admitted pro hac vice)
KAZAN MCCLAIN SATTERLEY & GREENWOOD, a Professional Law Corporation
Jack London Market
55 Harrison Street, Suite 400
Oakland, CA 94607
Telephone: (510) 302-1000

*Counsel for Denis and Meri Bergschneider*

-and-

Jonathan Ruckdeschel (admitted *pro hac vice*)
The Ruckdeschel Law Firm LLC
8357 Main Street
Ellicott City, MD 21043-4603
Telephone: (410) 750-7825
rucklawfirm@rucklawfirm.com

*Counsel for Kaye Heinzmann*