**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
|  | ) **Re: D.I. 14071** |

### REORGANIZED TCEH'S OBJECTION TO "REQUEST FOR RELIEF" [D.I. 14071]

Texas Competitive Electric Holdings Company LLC ("Reorganized TCEH"[2]) files this response (this "Objection") to the *Request for Relief* [D.I. 14071] (the "Tremble Motion"), filed by Billie Murphy Tremble, Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer Forrest Tremble, Jr. (the "Tremble Parties"). In support of this Objection, Reorganized TCEH respectfully states as follows:

**Relevant Background**

**A. General**

1. On April 29, 2014 (the "Petition Date"), each of the above-captioned debtors as of the Petition Date (the "Debtors") filed a voluntary petition with the Court under the Bankruptcy

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Reorganized TCEH, Energy Future Competitive Holdings Company LLC ("EFCH"), certain of Texas Competitive Electric Holdings Company LLC's ("TCEH") direct and indirect subsidiaries, and the EFH Shared Services Debtors are hereafter referred to, collectively, as the "TCEH Debtors", and after the TCEH Effective Date (as defined herein, below), the "Reorganized TCEH Debtors." Following the entry of the *Final Decree (A) Closing Certain of the Chapter 11 Cases, (B) Transferring Claims Against and Interests Asserted in the TCEH Debtors to the Lead Case, and (C) Granting Related Relief*, entered November 3, 2017 [D.I. 12172] (the "Initial Final Decree") and of the EFH Shared Services Debtors' order [D.I. 13132], the chapter 11 cases of all of the Reorganized TCEH Debtors other than the chapter 11 case of Reorganized TCEH (Case No. 14-10978 (CSS)) were closed.

RLF1 23637752v.1

Code. The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849]. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware formed an official committee of unsecured creditors of EFCH, TCEH, the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company on May 13, 2014 [D.I. 420], and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

2. On August 29, 2016, the Court entered an order [D.I. 9421] (the "<u>TCEH Confirmation Order</u>") confirming the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code*, filed August 23, 2016 [D.I. 9374] (the "<u>TCEH Plan</u>").[3] The TCEH Debtors and EFH Shared Services Debtors emerged from chapter 11 on October 3, 2016 (the "<u>TCEH Effective Date</u>"[4]) and are no longer debtors in possession.[5] On November 3, 2017, the Court entered the Initial Final Decree closing the chapter 11 cases of EFCH as well as the direct and indirect subsidiaries of TCEH (but

---

[3] *See Order Confirming the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors and EFH Shared Services Debtors* [D.I. 9421].

[4] The Tremble Parties received comprehensive notice of the TCEH Plan process. *See Affidavits of Service* at D.I. 6552 (pages 270, 271, 293), D.I. 7526 (pages 142, 144, 1151, 1158, 1399), and D.I. 9189 (pages 185, 186, 218, 563, 570, 3826).

[5] *See Notice of Entry of TCEH Confirmation Order and Occurrence of TCEH Effective Date* [D.I. 9742].

2

leaving open the chapter 11 case of TCEH itself).[6] On May 23, 2018, the Court entered an order closing the chapter 11 cases of the EFH Shared Services Debtors.[7]

3. On February 27, 2018, the Court entered its *Order Confirming the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12763] (the "EFH/EFIH Confirmation Order").[8] Pursuant to the EFH/EFIH Confirmation Order, this Court confirmed the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code*, dated February 15, 2018 [D.I. 12653] (the "EFH/EFIH Plan"). The EFH/EFIH Plan became effective in accordance with its terms on March 9, 2018 (the "EFH Effective Date"[9]), and the EFH/EFIH Debtors (as such term is defined in the EFH/EFIH Plan) are no longer debtors in possession.[10] Following the occurrence of the EFH Effective Date, and under the EFH Plan Administration Trust Agreement, the EFH Plan Administrator Board holds all power necessary to administer the EFH Plan Administration Trust for the benefit of all EFH and EFIH creditors.

---

[6] *See Final Decree (A) Closing Certain of the Chapter 11 Cases, (B) Transferring Claims Against and Interests Asserted in the TCEH Debtors to the Lead Case, and (C) Granting Related Relief* [D.I. 12172].

[7] *See Final Decree (A) Closing EFH Shared Services Debtors' Chapter 11 Cases, and (B) Granting Related Relief* [D.I. 13132].

[8] *See Order Confirming the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12763].

[9] The Tremble Parties received comprehensive notice of the EFH/EFIH Plan process. *See Affidavits of Service* at D.I. 8902 (pages 1192, 1199, 3201, 3213, 3594), D.I. 9684 (pages 315, 321, 3006, 3021, 3545), D.I. 10098 (pages 805, 811, 2745, 2756, 3125), D.I. 10440 (pages 312, 319, 2998, 3013, 3536), D.I. 11570 (pages 1162, 1169, 3166, 3177, 3559, 6756, 6767, 7149), D.I. 12629 (pages 345, 351, 2992, 3008, 3525), and D.I. 12910 (pages 349, 355, 2996, 3011, 3259).

[10] *See Notice of Entry of EFH Confirmation Order and Occurrence of EFH Effective Date* [D.I. 12801].

3

**B. Specific Background Concerning the Tremble Parties**

**i.     Litigation**

4.     On November 26, 2013, Luminant Mining Company LLC ("Luminant"), one of the TCEH Debtors, filed three suits against the Tremble Parties in Rusk County District Court (the "Rusk County District Court") to partition three particular tracts of land in which it owned an undivided interest in Rusk County, Texas (the "Partition Suits").[11] The defendants named in the Partition Suits included, among others, the Tremble Parties. Luminant prevailed in the Partition Suits before the Rusk County District Court.

5.     On January 20, 2015, the Tremble Parties filed notices of appeal relating to the Partition Suits, commencing appellate review before the Court of Appeals, Sixth Appellate District of Texas at Texarkana (the "State Court of Appeal," and such actions, the "Appeals"). The Tremble Parties named both Luminant and EFH Corp. as appellees in the Appeals.[12]

6.     On January 20, 2016, the State Court of Appeal entered its *Memorandum Opinion* (the "Memorandum Opinion") pursuant to which the State Court of Appeal affirmed the Rusk County District Court. A true and correct copy of the Memorandum Opinion is attached hereto as **Exhibit A**.

7.     In connection with the Memorandum Opinion, on January 20, 2016, the State Court of Appeal also entered a *Mandate* (the "Mandate"), pursuant to which the State Court of

---

[11] The Partition Suits consisted of three different litigations in Rusk County District Court: *Luminant Mining Co. v. Deborah D. Johnson, et al.*, No. 2013-390 (4th Dist., Rusk County, Tex. Nov. 26, 2013); *Luminant Mining Co. v. Wilmer Forrest Tremble, Jr., et al.*, No. 2013-391 (4th Dist., Rusk County, Tex. Nov. 26, 2013); *Luminant Mining Co. v. Wilmer Forrest Tremble, Jr., et al.*, No. 2013-392 (4th Dist., Rusk County, Tex. Nov. 26, 2013).

[12] Notice of Appeal, *Tremble v. Luminant*, No. 06-15-0004-CV (Tex.App. 6th Dist., Jan. 20, 2015); *Notice of Appeal*, *Tremble v. Luminant*, No. 06-15-0005-CV (Tex.App. 6th Dist., Jan. 20, 2015); *Notice of Appeal*, *Tremble v. Luminant*, No. 06-15-0006-CV (Tex.App. 6th Dist., Jan. 20, 2015). In their notices of appeal, the Tremble Parties named Luminant and EFH Corp. and "Subsidiaries" as Appellees. None of EFH Corp. or any other subsidiaries of EFH Corp. were party to the underlying Partition Suits, and thus these entities are not proper parties to the Appeals.

Appeal affirmed "the judgement of the trial court" and ordered the Tremble Parties to "pay all costs of this appeal." A true and correct copy of the Mandate is attached hereto as **Exhibit B**.

8. The Tremble Parties filed a petition for review of the Memorandum Opinion with the Supreme Court of Texas, however, that petition was denied on June 10, 2016. Consequently, the Memorandum Option is now long final and non-appealable.

9. Prior to the Petition Date, the Tremble Parties also commenced a civil action against Luminant and EFH (along with certain unnamed subsidiaries of EFH) in the Rusk County District Court (the "Prepetition Lawsuit"). The Prepetition Lawsuit was stayed[13] following the Petition Date and was subsequently dismissed, by order dated April 27, 2018 (the "Dismissal Order"), for a want of prosecution by the Tremble Parties. A true and correct copy of the Dismissal Order is attached hereto as **Exhibit D**. The Tremble Parties never appealed or moved for any relief from the Dismissal Order.

### ii. The Bar Date, the Discharge Injunction, and the Tremble Parties' Proofs of Claim

10. On August 18, 2014, this Court entered the *Order (A) Setting Bar Dates for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, (B) Approving the Form of and Manner for Filing Non-Customer Proofs of Claim and Request for Payment Under Section 503(b)(9) of the Bankruptcy Code, and (C) Approving Notice Thereof* [D.I. 1866] (the "General Bar Date Order").

11. Pursuant to the General Bar Date Order, the Court established October 27, 2014, at 5:00 p.m. (prevailing Eastern Time), as the final date and time for all persons and entities, including certain customer claimants, holding or asserting a claim against the Debtors arising on

---

[13] *See Notice of Suggestion on Pendency of Bankruptcy for Energy Future Holdings Inc., et al. and Automatic Stay of Proceedings*, filed by Luminant in the Rusk County District Court on January 7, 2015 (the "Notice of Suggestion"). A true and correct copy of the Notice of Suggestion is attached hereto as **Exhibit C**.

5

RLF1 23637752v.1

or before the Petition Date to file proofs of claim in these chapter 11 cases, excluding claimants who were specifically exempted by the relevant orders (the "General Bar Date"). The Tremble Parties were served with actual notice of the General Bar Date at, among others, the 2010 Wineberry Drive, Katy, TX 77450 address referenced in their filings with this Court.[14] *See* D.I. 13331.

12. On April 6, 2018 --- approximately three years and five months after the General Bar Date and more than one year and six months after the occurrence of the TCEH Effective Date --- the Tremble Parties filed four proofs of claim against both EFH and Luminant, which were assigned numbers 37811, 37810, 37809, and 37808 (collectively, the "Tremble Claims"). A true and correct copy of each of the Tremble Claims is attached hereto as **Exhibit E-1** through and including **Exhibit E-4**.

13. Article VII.F of the TCEH Plan expressly provides as follows:

> **Except as provided herein or otherwise agreed, any and all Proofs of Claim Filed after the Bar Date shall be deemed disallowed and expunged as of the Effective Date without any further notice to or action, order, or approval of the Bankruptcy Court, and Holders of such Claims may not receive any distributions on account of such Claims, unless on or before the Confirmation Hearing such late Claim has been deemed timely Filed by a Final Order.**

*See* TCEH Plan at Art. VII.F (emphasis in original).

14. Article VII.G of the TCEH Plan further provides:

> On or after the Effective Date, a Proof of Claim or Interest may not be Filed or amended without the prior authorization of the Bankruptcy Court or the Reorganized Debtors, and any such new or amended Proof of Claim or Interest Filed shall be deemed disallowed in full and expunged without any further action.

*See* TCEH Plan at Art. VII.G.

---

[14] *See Affidavit of Service* [D.I. 2128] (pages 216, 217, 259, 1483).

RLF1 23637752v.1

15. Additionally, Article VIII of the TCEH Plan also includes a comprehensive discharge injunction applicable to the Tremble Parties. Specifically, the TCEH Plan provides:

> Pursuant to section 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan or in any contract, instrument, or other agreement or document created pursuant to the Plan, the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, **discharge, and release, effective as of the Effective Date, of Claims (including any Intercompany Claims resolved or compromised after the Effective Date by the Reorganized Debtors), Interests, and Causes of Action of any nature whatsoever**, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, Liens on, obligations of, rights against, and Interests in, the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date, any liability (including withdrawal liability) to the extent such Claims or Interests relate to services performed by employees of the Debtors before the Effective Date and that arise from a termination of employment, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, **and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not: (1) a Proof of Claim based upon such debt or right is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code; (2) a Claim or Interest based upon such debt, right, or Interest is Allowed pursuant to section 502 of the Bankruptcy Code; or (3) the Holder of such a Claim or Interest has accepted the Plan**.

*See* TCEH Plan at Art. VIII.A (emphasis added).

16. In accord, Article VII.F of the EFH/EFIH Plan similarly expressly provides as follows:

> **Except as provided herein or otherwise agreed, any and all Proofs of Claim Filed after the Bar Date shall be deemed disallowed and expunged as of the EFH Effective Date without any further notice to or action, order, or approval of the Bankruptcy Court, and Holders of such Claims may not receive any distributions on account of such Claims, unless on or before the Confirmation Hearing such late Claim has been deemed timely Filed by a Final Order.**

*See* EFH/EFIH Plan at Art. VII.F (emphasis in original).

17.     Moreover, Article VII.G of the EFH/EFIH Plan further provides:

> On or after the EFH Effective Date, a Proof of Claim or Interest may not be Filed or amended without the prior authorization of the Bankruptcy Court or the Reorganized EFH/EFIH Debtors, and any such new or amended Proof of Claim or Interest Filed shall be deemed disallowed in full and expunged without any further action.

*See* EFH/EFIH Plan at Art. VII.G.

18.     Likewise, the EFH/EFIH Plan also contained a comprehensive discharge injunction as follows:

> Pursuant to section 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan or in any contract, instrument, or other agreement or document created pursuant to the Plan, the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, **discharge, and release, effective as of the EFH Effective Date, of Claims (including any Intercompany Claims resolved or compromised after the EFH Effective Date by the Reorganized EFH/EFIH Debtors), Interests, and Causes of Action of any nature whatsoever**, including any interest accrued on Claims or Interests from and after the Petition Date and any Administrative Claims, including without limitation any claims by NextEra Energy arising directly or indirectly from its post-petition agreements with the Debtors, whether known or unknown, against, liabilities of, Liens on, obligations of, rights against, and Interests in, the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities, and Causes of Action that arose before the EFH Effective Date, any liability (including withdrawal liability) to the extent such Claims or Interests relate to services performed by employees of the Debtors before the EFH Effective Date and that arise from a termination of employment, any contingent or non-contingent liability on account of representations or warranties issued on or before the EFH Effective Date, **and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not: (1) a Proof of Claim based upon such debt or right is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code; (2) a Claim or Interest based upon such debt, right, or Interest is Allowed pursuant to section 502 of the Bankruptcy Code; or (3) the Holder of such a Claim or Interest has accepted the Plan**.

*See* EFH/EFIH Plan at Art. VIII.A (emphasis added).

19. Consequently, by operation of the TCEH Plan (as approved by the TCEH Confirmation Order) and the EFH/EFIH Plan (as approved by the EFH/EFIH Confirmation Order), all of the Tremble Claims were previously disallowed and expunged, and none of the Tremble Parties hold a valid claim against any of the Debtors. Moreover, by operation of the comprehensive discharge injunction contained in both the TCEH Plan and EFH/EFIH Plan, any and all claims of any of the Tremble Parties against any of the Debtors have been discharged. Indeed, this Court has already ruled, based on prior motion practice by the Tremble Parties in these chapter 11 cases, that the Tremble Parties hold no valid claims against any of the Debtors. *See* Order, entered September 28, 2018 [D.I. 13532] (the "September 28th Order").

**Objection**

I. **Any Relief Sought by the Tremble Parties in the Tremble Motion Has Been Discharged and is Barred.**

20. The Tremble Parties continued efforts to obtain any property or distribution from the Debtors is in violation of the discharge injunctions set forth in Article VIII of the TCEH Plan and EFH/EFIH Plan, as applicable, and should be rejected by this Court. As noted, above, the Tremble Parties received comprehensive notice of both of the TCEH Plan and EFH/EFIH Plan processes, and have been making filings in the Debtors' chapter 11 cases since July 2015.[15] Article VIII of the TCEH Plan and EFH/EFIH Plan contain comprehensive discharge provisions that prevent the Tremble Parties (whose untimely filed proofs of claim have been disallowed and expunged) to continue to seek any property, distribution, or other recovery from any of the Debtors. *See* Art. VIII.A of the TCEH Plan, Art. VIII.A of the EFH/EFIH Plan. *See also* 11 U.S.C. §§ 524(a)(2), 1141(a).

---

[15] *See Motion Not to Reinstate Appeal filed by the Tremble Parties* [D.I. 4967], filed by the Tremble Parties with this Court on July 10, 2015.

RLF1 23637752v.1

21. Moreover, as also discussed above, the Tremble Parties commenced the Prepetition Lawsuit against certain of the Debtors prior to the Petition Date. The Prepetition Lawsuit was stayed by operation of the automatic stay following the Petition Date, and was subsequently dismissed by the Dismissal Order. Despite having notice of the General Bar Date, the Tremble Parties failed to file any proof(s) of claim against any of the Debtors until nearly three and half years following the expiration of the General Bar Date. As a result of the Tremble Parties' failure to file any timely proofs of claim in these chapter 11 cases, they are unilaterally foreclosed by, among other things, the General Bar Date Order, the TCEH Plan (as approved by the TCEH Confirmation Order), and/or the EFH/EFIH Plan (as approved by the EFH/EFIH Confirmation Order) from receiving any distribution from any of the Debtors.

22. Case law within the Third Circuit is clear that claim bar dates must be strictly adhered to. *Trump Taj Mahal Assocs. v. Alibraham (In re Trump Taj Mahal Assocs.)*, 156 B.R. 928, 936 (Bankr. D.N.J. 1993) ("The well-established law of this Circuit is also that bar dates for filing Proofs of Claim are strictly construed."); *In re New Century TRS Holdings, Inc.*, 465 B.R. 38, 53 (Bankr. D. Del. 2012) ("Although persons with legitimate claims may be precluded from sharing in estate assets, strict enforcement of the bankruptcy bar date is no more unfair than application of a statute of limitations to foreclose a tort claim." (quoting *In re Best Prods. Co.*, 140 B.R. 353, 360 (Bankr. S.D.N.Y. 1992))); *In re Energy Future Holdings Corp.*, 522 B.R. 520, 526-27 (Bankr. D. Del. 2015) ("It is akin to a statute of limitations, and must be strictly observed." (quoting *In re Victory Mem'l Hosp.*, 435 B.R. 1, 4 (Bankr. E.D.N.Y. 2010))).

23. Moreover, bar dates are "critically important to the administration of a successful chapter 11 case," and are "a mechanism [for] providing the debtor and its creditors with finality." *See In re MK Lombard Grp. I, Ltd.*, 301 B.R. 812, 817 (Bankr. E.D. Pa. 2003) (citation omitted); *see also Khatib v. Sun-Times Media Grp., Inc. (In re Chi. Newspaper Liquidation Corp.)*, 490

10

B.R. 487, 494 (Bankr. D. Del.) (noting that "[f]or creditors who receive the required notice, the bar date is a drop-dead date that prevents a creditor from asserting [its applicable] claims unless [it] can demonstrate excusable neglect.") ((second and third alterations in original) (citation omitted)); *In re New Century TRS Holdings*, 465 B.R. at 51 (finding that the establishment and enforcement of a bar date for filing claims "furthers the policy of finality designed to protect the interests of a debtor and his diligent creditors and the expeditious administration of the bankruptcy case" (citation omitted)).

24. Here, the Tremble Parties had notice of the General Bar Date, yet failed to file the Tremble Claims until nearly three and half years following the expiration thereof. By operation of the TCEH Plan (as approved by the TCEH Confirmation Order) and/or the EFH/EFIH Plan (as approved by the EFH/EFIH Confirmation Order), as applicable, the Tremble Claims were thereby automatically disallowed and expunged, and the Tremble Parties are similarly prohibited thereby from receiving any distribution from any of the Debtors.

## II. This Court Has Already Ruled that the Tremble Parties Are Not Entitled to Any Property or Distribution from Any of the Debtors.

25. The Tremble Motion appears to be an effort to relitigate issues previously addressed by the Court and should be rejected. In their *Letter Regarding Release of Funds*, dated July 24, 2018 [D.I. 13331] (the "Trembles' Letter"), filed with the Court on July 30, 2018, the Tremble Parties sought an untimely distribution from the Debtors (on account of the disallowed Tremble Claims or otherwise). In response to the Trembles' Letter (and the EFH Plan Administrator Board's objection thereto; *see* D.I. 13495), the Court entered the September 28th Order denying the relief requested in the Trembles' Letter in its entirety. The Tremble Parties did not timely move to reconsider or appeal the September 28th Order, and it has long since become final and nonappealable. Here, the Tremble Motion before the Court appears to be yet

11

another groundless attempt by the Tremble Parties to elicit some distribution from the Debtors, to which this Court has already ruled they are not entitled.

26. In that regard, the September 28th Order is the law of the case (*Pub. Interest Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116 (3d Cir. 1997) ("[t]he law of the case doctrine directs courts to refrain from re-deciding issues that were resolved earlier in the litigation")) and cannot be collaterally attacked by the Tremble Parties now ("It is well settled that a final judgment in a civil action may be challenged on direct review but cannot be collaterally attacked in a subsequent proceeding." *JNA-1 Corp. v. Uni-Marts, LLC (In re Uni-Marts, LLC)*, 404 B.R. 767, 788 (Bankr. D. Del. 2009) (citing *Chicot Cty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 376 (1940); *Stoll v. Gottlieb*, 305 U.S. 165, 172 (1938))).

27. In sum, (i) the Tremble Parties hold no enforceable claims against, or valid entitlement to any property from, any of the Debtors; (ii) the Tremble Claims have been disallowed and expunged, and any potential claims of the Tremble Parties against any of the Debtors are discharged; and (iii) the Prepetition Lawsuit was long ago dismissed (*i.e.*, there is no pending action against any of the Debtors by the Tremble Parties with respect to which this Court could even consider modifying the automatic stay). Moreover, this Court's September 28th Order already adjudicated that the Tremble Parties are entitled to no property, funds, distributions, or compensation from any of the Debtors. Consequently, there is simply no relief for this Court to grant the Tremble Parties in response to the Tremble Motion.

WHEREFORE, Reorganized TCEH respectfully requests that this Court (i) sustain this Objection in full, (ii) deny the Tremble Motion in its entirety and with prejudice, and (iii) grant Reorganized TCEH any further relief that the Court deems just and appropriate under the circumstances.

[*Remainder of page intentionally left blank.*]

Dated: July 1, 2020
    Wilmington, Delaware

*/s/ Jason M. Madron*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700
Facsimile:   (302) 651-7701
Email:   collins@rlf.com
       defranceschi@rlf.com
       madron@rlf.com

-and-

**THE BRAME LAW FIRM PLLC**
Frank C. Brame (admitted *pro hac vice*)
Texas Bar No. 24031874
3333 Lee Parkway, Suite 600
Dallas, Texas 75219
Telephone: (214) 665-9464
Facsimile: (214) 665-9590
Email:   frank@bramelawfirm.com

*Co-Counsel to Reorganized TCEH*