# **EXHIBIT A**



# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00004-CV

WILMER FORREST TRIMBLE, JR., A/K/A WILMER FORREST TREMBLE, JR.,
SHARON TRIMBLE DONALDSON, SELIA TRIMBLE SHAWKEY,
AND BILLY J. MURPHY TREMBLE, Appellants

V.

LUMINANT MINING COMPANY LLC, Appellee

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. 2013-390

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Luminant Mining Company, LLC (Luminant), owned over eighty-four percent of 25.326 acres[1] of surface rights in Rusk County, in which Billie Murphy Tremble, Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer Forrest Tremble, Jr. (collectively, Tremble) together owned interests totaling less than sixteen percent.[2] Luminant filed a petition to partition by sale the various ownership interests in the 25.326 acres, and then filed motions for traditional and no-evidence summary judgments on the partition issue. The trial court awarded Luminant, first, a summary judgment (the Judgment) making findings and authorizing a partition sale of all the surface interests in the land and, approximately two months later, a second judgment (the Confirmation) that confirmed the sale conducted pursuant to the Judgment. Tremble, acting pro se on appeal, asserts in an initial brief[3] that the trial court violated the Uniform Partition of Heirs Property Act, improperly acted without a hearing, and improperly excluded Tremble from parts of the decision-making process and that the property was improperly sold.

We affirm the trial court, because (1) Tremble cannot argue on appeal regarding the Uniform Partition of Heirs Property Act, (2) Tremble cannot argue on appeal regarding any lack

---

[1]Disputes involving these parties regarding two other tracts are on appeal to this Court in two companion cases, our cause numbers 06-15-00005-CV and 06-15-00006-CV. The issues in these three appeals are identical, except for the property involved in each, are addressed by each side, and are decided by this Court on the bases set out in this opinion. The other two cases are decided on the same date as this appeal.

[2]The trial court found that Sharon, Selia, and Wilmer had no ownership interest.

[3]Tremble filed a second brief, which, like the first, was titled "Appellants Opening Brief." We treat the second brief as a reply brief. *See* TEX. R. APP. P. 38.6(c). In this reply brief, Tremble seeks to raise two points of error not brought in the original brief (claims of "constitutional and civil rights to ownership of undivided, inherited, heir property" and a question about the relevance of Energy Future Holdings. We will not address issues newly raised in a reply brief. *See Bankhead v. Maddox*, 135 S.W.3d 162, 163–64 (Tex. App.—Tyler 2004, no pet.); *Green Light Co. v. Moore*, 485 S.W.2d 360, 364 (Tex. Civ. App.—Houston [14th Dist.] 1972, no writ).

of a hearing, (3) Tremble does not indicate how the trial court excluded Tremble from any part of the decision-making process, and (4) Tremble's issue asserting improper sale of property insufficiently demonstrates error.

As a general note, Tremble's pro se brief is sketchy and provides little or no argument or authorities on the points seemingly intended. Pro se litigants are to be judged by the same standards as those represented by attorneys and thus are to follow applicable laws and rules. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978); *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677–78 (Tex. App.—Dallas 2004, pet. denied). The Texas Rules of Appellate Procedure require appellants to provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). An appellate complaint that is unsupported by any argument or citation to legal precedent presents us nothing for review. *Birnbaum v. Law Offices of G. David Westfall*, 120 S.W.3d 470, 477 (Tex. App.—Dallas 2003, pet. denied). Notwithstanding the above, in the interests of justice, we try to come to grips with Tremble's issues.

*(1)    Tremble Cannot Argue on Appeal Regarding the Uniform Partition of Heirs Property Act*

Tremble claims a violation of the Uniform Partition of Heirs Property Act. The claim is accompanied by no argument or explanation in support of this claim, but it would appear to be directed at the trial court's partition order, which was rendered in the Judgment, that is, the initial decree from the trial court, not the Confirmation. Tremble did not timely appeal the Judgment; the notice of appeal was timely filed only as to the Confirmation of the sale. Thus, we have no

3

jurisdiction to address this question. *See Greenspan v. Ross*, 949 S.W.2d 45, 46 (Tex. App.—Texarkana 1997, writ denied).

It is also important to note that Tremble has not explained how the Act is binding or applicable in Texas. We have been unable to find any reference to the Act having been adopted in Texas.[4]

We overrule this point of error.

*(2)    Tremble Cannot Argue on Appeal Regarding any Lack of a Hearing*

Tremble also complains that the trial court erred in signing the "Final Judgment without an open hearing to consider the evidence." Here, Tremble again fails to offer any specific argument or authority in support of this issue.

The Judgment was rendered October 8, 2014. The confirmation, confirming the receiver's sale of the property, was titled "Final Judgment." It is not clear whether Tremble's point of error relates to the Judgment or the Confirmation.

Unlike most other proceedings, a partition case involves two judgments, both of which are final for purposes of appeal. *Carr v. Langford*, 144 S.W.2d 612, 613 (Tex. Civ. App.—Dallas 1940), *aff'd*, 159 S.W.2d 107, 108 (Tex. 1942). This is because a partition proceeding is a two-step process. *Yturria v. Kimbro*, 921 S.W.2d 338, 341 (Tex. App.—Corpus Christi 1996, no writ); *see* TEX. R. CIV. P. 756–771. In the first step, the trial court determines: (1) the share or interests of each of the owners, (2) all questions of law or equity affecting the title to the land, and

---

[4]The Act appears not to have been adopted in Texas, but only in a small number of states as of this writing. *See* UNIF. PARTITION OF HEIRS PROP. ACT §§ 1–14, *available at* http://www.uniformlaws.org/Act.aspx?title=Partition%20of%20Heirs%20 Property%20Act.

(3) whether the property is susceptible to partition in kind or must be sold. TEX. R. CIV. P. 760, 761, 770. If it is determined that the property is incapable of partition in kind, this first step also orders the means by which a sale of the property is to be accomplished. TEX. R. CIV. P. 760. The first judgment is a final, appealable order. *Griffin v. Wolfe*, 610 S.W.2d 466, 467 (Tex. 1980). An appeal from matters ruled on in the first judgment must be filed within thirty days of that first judgment, if no motion for new trial is filed. TEX. R. APP. P. 26.1. "It is well settled that upon an appeal from [only] the second or final decree[,] matters determined by the first or interlocutory decree cannot be reviewed even though both decrees are rendered on the same day." *Marmion v. Wells*, 246 S.W.2d 704, 705 (Tex. Civ. App.—San Antonio 1952, writ ref'd) (citations omitted). Tremble filed the notice of appeal January 20, 2015.

If Tremble complains of the Judgment, we have no jurisdiction over this point given that Tremble failed to appeal the Judgment. Further, there is no requirement that a summary judgment hearing be conducted.

> Although Rule 166a(c) of the Texas Rules of Civil Procedure calls for a hearing on a motion for summary judgment, not every hearing called for under every rule of civil procedure necessarily requires an oral hearing. Unless required by the express language or the context of the particular rule, the term "hearing" does not necessarily contemplate either a personal appearance before the court or an oral presentation to the court. An oral hearing on a motion for summary judgment may be helpful to the parties and the court, just as oral argument is often helpful on appeal, but since oral testimony cannot be adduced in support of or opposition to a motion for summary judgment, an oral hearing is not mandatory. Notice of hearing or submission of a summary judgment motion, however, is required . . . .

*Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) (citations omitted).

If the point of error concerns the Confirmation, Tremble has posited no authority, and we have found none, requiring a hearing on the court's confirmation of a partition sale. If this indeed

is the point of error urged, it lacks the requisite briefing and support. This point of error is overruled.

*(3)   Tremble Does Not Indicate How the Trial Court Excluded Tremble from any Part of the Decision-Making Process*

Tremble offers no explanation for what is meant by the allegation "selective exclusion omitted the appellant(s) from any of the decision making processes." As discussed above, there is no requirement of a formal hearing on summary judgment to authorize entry of the Judgment or before the Confirmation of the sale of property. This point of error is not sufficiently briefed[5] and is overruled.

*(4)   Tremble's Issue Asserting Improper Sale of Property Insufficiently Demonstrates Error*

Tremble also complains about "the auctioning of undivided inherited heir property," but does not explain or elaborate on that complaint. We interpret this as a complaint about the Confirmation of the sale of the property. Because Tremble does not expand on this blanket, conclusory argument, we overrule it as insufficiently briefed. *See* TEX. R. APP. P. 38.1. We are not to construct an argument for a party. *See Robertson v. SW Bell Yellow Pages, Inc.*, 190 S.W.3d 899, 903 (Tex. App.—Dallas 2006, no pet.).[6]

---

[5] *See* TEX. R. APP. P. 38.1.

[6] Tremble's briefing either attempts to assert new grounds of relief, inapposite in an appeal from the trial court's rulings, or asserts impropriety and a lack of notice of the sale by Emma Jean to Luminant in 2010. This argument is not supported by relevant legal arguments or authority. Plus, it seems clear that the deed effecting that sale was recorded in the Rusk County land records. Parties interested in real property are generally charged with constructive notice of what is to be found in the recorded chain of title. *Lang v. City of Nacogdoches*, 942 S.W.2d 752, 758 (Tex. App.—Tyler 1997, writ denied). In the interest of justice, we have reviewed the record, from which we find that in 1978, Wilmer Forrest Tremble, Sr., died and had his will probated. Wilmer, Sr., left all his property to his wife, Billie Tremble, one of the appellants. This included the interests in the real property at issue claimed by Wilmer, Jr., Sharon, and Selia. We find no error in the court's Judgment or Confirmation.

We overrule Tremble's points of error and affirm the result in the trial court.[7]

                                              Josh R. Morriss, III
                                              Chief Justice

Date Submitted:      December 4, 2015
Date Decided:        January 20, 2016

---

[7] Tremble's reply brief makes several assertions of new complaints about the proceedings in the trial court. For example, Tremble complains of being denied an opportunity to present oral argument, but never actually requested oral argument. *See* TEX. R. APP. P. 38.1(e), 39.7. The reply brief claims that the land in question included a separate property interest, but nothing indicates that such an argument is relevant or was presented to the trial court. *See* TEX. R. APP. P. 33.1. Tremble claims to have been denied "the opportunity to be involved in the sale of the land to bid or make any objections." Such a claim cannot be raised for the first time in a reply brief, and this Court has been presented nothing in the record supporting such claim. *See Carter v. Carter*, 225 S.W.3d 649, 651 (Tex. App.—El Paso 2006, no pet.).