IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Energy Future Holdings Corp., et al. | : | Case No.: 14-10979 (CSS) |
| | : | Jointly Administered |
| | : | |
| Debtors. | : | Docket Nos.: 14071 |
| | : | |

## ORDER

Upon consideration of *Request for Relief* [D.I. 14071] (the "Tremble Motion"), filed by Billie Murphy Tremble, Sharon Tremble Donaldson, Selia Tremble Shawkey, and Wilmer Forrest Tremble, Jr. (the "Tremble Parties"); and *Reorganized TCEH's Objection To "Request For Relief" [D.I. 14071]* filed by Texas Competitive Electric Holdings Company LLC ("Reorganized TCEH") on July 1, 2020 [D.I. 14085] (the "TCEH Objection"); and the Court having heard arguments and statements related to the Tremble Motion at the hearing on July 9, 2020; the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (iii) notice of the motions and the hearing were sufficient notice under the circumstances; and (iv) the Court has judicial power to enter a final order.

IT IS HEREBY FOUND, ORDERED and DECREED THAT:

**A.    Background**

1.    On November 26, 2013, Luminant Mining Company LLC ("Luminant"), one of the TCEH Debtors, filed three suits against the Tremble Parties in Rusk County District Court (the "Rusk County District Court") to partition three particular tracts of

land in which it owned an undivided interest in Rusk County, Texas (the "Partition Suits"). The defendants named in the Partition Suits included, among others, the Tremble Parties. Luminant prevailed in the Partition Suits before the Rusk County District Court. On January 20, 2015, the Tremble Parties filed notices of appeal relating to the Partition Suits, commencing appellate review before the Court of Appeals, Sixth Appellate District of Texas at Texarkana (the "State Court of Appeals," and such actions, the "Appeals"). The Tremble Parties named both Luminant and EFH Corp. as appellees in the Appeals. On January 20, 2016, the State Court of Appeals entered its Memorandum Opinion (the "Memorandum Opinion") pursuant to which the State Court of Appeals affirmed the Rusk County District Court. In connection with the Memorandum Opinion, on January 20, 2016, the State Court of Appeals also entered a Mandate (the "Mandate"), pursuant to which the State Court of Appeals affirmed "the judgement of the trial court" and ordered the Tremble Parties to "pay all costs of this appeal." The Tremble Parties filed a petition for review of the Memorandum Opinion with the Supreme Court of Texas, however, that petition was denied on June 10, 2016. Consequently, the Memorandum Opinion is final and non-appealable.

2.     Prior to the Petition Date, the Tremble Parties also commenced a civil action against Luminant and EFH (along with certain unnamed subsidiaries of EFH) in the Rusk County District Court (the "Prepetition Lawsuit"). The Prepetition Lawsuit was stayed following the Petition Date and was subsequently dismissed, by order dated April 27, 2018 (the "Dismissal Order"), for a want of prosecution by the Tremble Parties.

3. On August 18, 2014, this Court entered the *Order (A) Setting Bar Dates for Filing Non-Customer Proofs of Claim and Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, (B) Approving the Form of and Manner for Filing Non-Customer Proofs of Claim and Request for Payment Under Section 503(b)(9) of the Bankruptcy Code, and (C) Approving Notice Thereof* [D.I. 1866] (the "General Bar Date Order"). Pursuant to the General Bar Date Order, the Court established October 27, 2014, at 5:00 p.m. (prevailing Eastern Time), as the final date and time for all persons and entities, including certain customer claimants, holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim in these chapter 11 cases, excluding claimants who were specifically exempted by the relevant orders (the "General Bar Date"). The Tremble Parties were served with actual notice of the General Bar Date at, among others, the 2010 Wineberry Drive, Katy, TX 77450 address referenced in their filings with this Court. *See* D.I. 13331.

4. On April 6, 2018, approximately three years and five months after the General Bar Date and more than one year and six months after the occurrence of the TCEH Effective Date --- the Tremble Parties filed four proofs of claim against both EFH and Luminant, which were assigned numbers 37811, 37810, 37809, and 37808 (collectively, the "Tremble Claims").

5. By operation of the TCEH Plan (as approved by the TCEH Confirmation Order)[1] and the EFH/EFIH Plan (as approved by the EFH/EFIH Confirmation Order),[2] all of the Tremble Claims were previously disallowed and expunged, and none of the Tremble Parties hold a valid claim against any of the Debtors.  Moreover, by operation of the comprehensive discharge injunction contained in both the TCEH Plan and EFH/EFIH Plan, any and all claims of any of the Tremble Parties against any of the Debtors have been discharged.[3] Furthermore, this Court has already ruled, based on prior motion

---

[1] *See Order* [D.I. 9421] (the "TCEH Confirmation Order") confirming the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code*, filed August 23, 2016 [D.I. 9374] (the "TCEH Plan").  Article VII.F of the TCEH Plan expressly provides as follows:

> Except as provided herein or otherwise agreed, any and all Proofs of Claim Filed after the Bar Date shall be deemed disallowed and expunged as of the Effective Date without any further notice to or action, order, or approval of the Bankruptcy Court, and Holders of such Claims may not receive any distributions on account of such Claims, unless on or before the Confirmation Hearing such late Claim has been deemed timely Filed by a Final Order.

TCEH Plan at Art. VII.F (emphasis in original removed); *see also* EFH/EFIH Plan at Art. VII.F (similar language).  Article VII.G of the TCEH Plan further provides:

> On or after the Effective Date, a Proof of Claim or Interest may not be Filed or amended without the prior authorization of the Bankruptcy Court or the Reorganized Debtors, and any such new or amended Proof of Claim or Interest Filed shall be deemed disallowed in full and expunged without any further action.

TCEH Plan at Art. VII.G.  *See also* EFH/EFIH Plan at Art. VII.G (similar language).

[2] *See First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code*, dated February 15, 2018 [D.I. 12653] ("EFH/EFIH Plan") at Art. VIII.A.  *See also Order Confirming the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12763] (the "EFH/EFIH Confirmation Order").

[3] *See* TCEH Plan at Art. VIII.A; EFH/EFIH Plan at Art. VIII.A.

4

practice by the Tremble Parties in these chapter 11 cases, that the Tremble Parties hold no valid claims against any of the Debtors.[4]

**B.     Findings**

6.     The Tremble Parties commenced the Prepetition Lawsuit against certain of the Debtors prior to the Petition Date.  The Prepetition Lawsuit was stayed by operation of the automatic stay following the Petition Date and was subsequently dismissed by the Dismissal Order.  Despite having notice of the Debtors' bankruptcy and General Bar Date, the Tremble Parties failed to file any proof(s) of claim against any of the Debtors until nearly three and half years following the expiration of the General Bar Date.  As a result of the Tremble Parties' failure to file any timely proofs of claim in these chapter 11 cases, they are unilaterally foreclosed by, among other things, the General Bar Date Order, the TCEH Plan (as approved by the TCEH Confirmation Order), and/or the EFH/EFIH Plan (as approved by the EFH/EFIH Confirmation Order) from receiving any distribution from any of the Debtors.[5]

7.     After consideration of the Partition Suits, the Prepetition Lawsuits, the disallowance of the Tremble Claims and the prior motion practice before this Court, the Court finds that no new facts or evidence have been presented by the Tremble Parties

---

[4]  *See* Order, entered September 28, 2018 [D.I. 13532].

[5]  *See Trump Taj Mahal Assocs. v. Alibraham (In re Trump Taj Mahal Assocs.)*, 156 B.R. 928, 936 (Bankr. D.N.J. 1993) ("The well-established law of this Circuit is also that bar dates for filing Proofs of Claim are strictly construed."); *In re New Century TRS Holdings, Inc.*, 465 B.R. 38, 53 (Bankr. D. Del. 2012) ("Although persons with legitimate claims may be precluded from sharing in estate assets, strict enforcement of the bankruptcy bar date is no more unfair than application of a statute of limitations to foreclose a tort claim." (*quoting In re Best Prods. Co.*, 140 B.R. 353, 360 (Bankr. S.D.N.Y. 1992))); In re Energy Future Holdings Corp., 522 B.R. 520, 526-27 (Bankr. D. Del. 2015) ("It is akin to a statute of limitations, and must be strictly observed." (*quoting In re Victory Mem'l Hosp.*, 435 B.R. 1, 4 (Bankr. E.D.N.Y. 2010))).

5

and that all prior actions between the Debtors and the Tremble Parties have been litigated and are final and non-appealable. The Court finds that no further motion practice before this Court based on the same facts and claims can result in any additional relief; as such, the Tremble Parties are vexatious litigants and their continuing actions in these bankruptcy cases have resulted in a waste of estate and judicial resources.

8. All relief requested in the Tremble Motion is DENIED with prejudice.

9. Any further documents, whether in the form of a motion, notice or otherwise, submitted to the Court in these bankruptcy cases by any of the Tremble Parties, either individually or as a group, will be docketed but will not be considered nor acted upon by the Court.

10. Neither the Reorganized TCEH nor any other party in interest are required to respond to any documents or notices filed or served by Tremble Parties in these bankruptcy cases.

11. Notwithstanding the possible applicability of rules 6004(h), 7062, 9014, or otherwise of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Court retains jurisdiction over all matters arising from or related to this Order.

_____
Christopher S. Sontchi
Chief United States Bankruptcy Judge

Date: July 13, 2020