# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) Hearing Date: August 10, 2020 at 10:00 a.m. |
| | ) Objection Deadline: August 3, 2020 at 4:00 p.m. |

## REORGANIZED TCEH'S MOTION FOR ENTRY OF FINAL DECREE
## (A) CLOSING ITS CHAPTER 11 CASE AND (B) GRANTING RELATED RELIEF

Reorganized Texas Competitive Electric Holdings Company LLC (the "Reorganized TCEH"[2]) files this motion (this "Motion")[3] for entry of an order (the "Order"), substantially in the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the Debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Reorganized TCEH, along with its Reorganized Debtor Affiliates are collectively the "Reorganized TCEH Debtors".

[3] Capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed to them in the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 9199] (as modified by D.I. 9321 and 9374) (the "TCEH Plan").

form attached hereto as **Exhibit A**, closing its chapter 11 case[4] (the "Closing Case")[5] and granting related relief. In support of this Motion, Reorganized TCEH respectfully submits as follows:

## Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. Reorganized TCEH confirms its consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 350(a) of title 11 of the United States Code 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rule 3022, and Local Bankruptcy Rule 3022-1.

---

[4] The Reorganized TCEH Debtors have completed all distributions to Holders of Allowed Class 4 Claims and Holders of Allowed C5 Claims. The Reorganized TCEH Debtors are preparing final tax returns for the account that held the TCEH Cash Payment and the account created in connection with the TCEH First Lien Creditor Adequate Protection Payment Allocation Dispute, pursuant to the *Order Establishing Plan Reserve For TCEH First Lien Creditor Plan Distribution Allocation Dispute* [D.I. 9718] (the "TCEH First Lien Adequate Protection Account" and the "TCEH First Lien Adequate Protection Order," respectively). Following the preparation of such tax returns, if there are any remaining assets in the TCEH First Lien Adequate Protection Account, such assets will be distributed from the escrow agent to Holders of Allowed C3 Claims pursuant to the TCEH Plan and the TCEH First Lien Adequate Protection Order.

[5] The Closing Case is the Chapter 11 Case of Texas Competitive Electric Holdings Company LLC, Case No. 14-10978 (CSS).

**Relief Requested**

4.  Reorganized TCEH seeks entry of the Order closing the Closing Case and granting related relief. The timing of the relief requested herein coincides with a final distribution made to the Class C4 and C5 Holders of Allowed Claims (the "Final Distribution"). Reorganized TCEH made this Final Distribution on account of the remaining Allowed C4 Claims and Allowed C4 Claims. As described below, Reorganized TCEH has completed the claims process and with no remaining outstanding Disputed Claims or claims litigation, Reorganized TCEH respectfully requests that the Court enter the Order.

**Background**

5.  On April 29, 2014 (the "Petition Date"), each of the above-captioned debtors and debtors-in-possession (the "Debtors") filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849]. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of EFCH, TCEH, the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

6.  On August 23, 2016, the Debtors filed the TCEH Plan. On August 29, 2016, the Court entered the *Order Confirming the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the*

*TCEH Debtors and EFH Shared Services Debtors* [D.I. 9421], whereby the Court confirmed the TCEH Plan. The TCEH Plan became effective on October 3, 2016 (the "TCEH Effective Date"), and the TCEH Debtors emerged as the Reorganized TCEH Debtors on that date. *See Notice of Entry of TCEH Confirmation Order and Occurrence of TCEH Effective Date* [D.I. 9742] (the "TCEH Confirmation Order"). Following the TCEH Effective Date, the Reorganized TCEH Debtors began operating as TCEH Corp., and soon after, Vistra Energy Corp. (effective as of July 2, 2020, now known as Vistra Corp.). On November 3, 2017 and May 23, 2018, respectively, the Court entered orders closing the chapter 11 cases of EFCH as well as the direct and indirect subsidiaries of TCEH (but together leaving open the chapter 11 case of TCEH itself only). *See Final Decree (A) Closing Certain of the Chapter 11 Cases, (B) Transferring Claims Against and Interests Asserted in the TCEH Debtors to the Lead Case, and (C) Granting Related Relief* [D.I. 12172] (the "Initial TCEH Final Decree"); *Final Decree (A) Closing the EFH Shared Services Debtors' Chapter 11 Cases, and (B) Granting Related Relief* [D.I. 13132].

7. On February 27, 2018, the Court entered the *Order Confirming the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12673], which confirmed the EFH Debtors' chapter 11 plan of reorganization (the "EFH/EFIH Plan"). The effective date of the EFH/EFIH Plan occurred on March 9, 2018.

**I.    The Debtors' Claims Administration Process.**

8. On May 2, 2014, the Court entered an order establishing October 27, 2014, at 5:00 p.m. (prevailing Eastern Time) (the "Customer Claims Bar Date") as the final date and time for certain customer claimants holding or asserting a claim against the Debtors arising on or before

4

the Petition Date to file proofs of claim in these chapter 11 cases and approving the form and manner of notice of the Customer Claims Bar Date [D.I. 307].

9. Written notice of the Customer Claims Bar Date was mailed to current and certain former customers of the Debtors.[6] In addition to mailing such actual notice, the Debtors also published notice of the Customer Claims Bar Date in *The Wall Street Journal*, *USA Today*, *The Dallas Morning News*, *Houston Chronicle*, *Corpus Christi Caller Times*, *Fort Worth Star-Telegram*, and *Waco Tribute Herald*.

10. On June 30, 2014, the Debtors filed their schedules of assets and liabilities (the "Schedules") and statements of financial affairs (the "Statements" and together, with the Schedules, the "Schedules and Statements") [D.I. 1237–1307, 1319–1329, 1331–1343, 1345]. On September 26, 2014, the Debtors filed their amended Schedules and Statements [D.I. 2146–2216], addressing certain discrete issues.

11. On August 18, 2014, the Court entered an order (the "General Bar Date Order") establishing October 27, 2014, at 5:00 p.m. (prevailing Eastern Time) (the "General Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim in these chapter 11 cases, except for claims specifically exempt from complying with the General Bar Date as set forth in the General Bar Date Order, and approving the form and manner of notice of the General Bar Date [D.I. 1866].

---

[6] The procedures for notifying the Debtors' current and former customers are set forth in the *Motion of Energy Future Holdings Corp., et al., for Entry of (A) an Order Authorizing the Debtors to (I) Maintain and Administer Customer Programs and Customer Agreements, (II) Honor Prepetition Obligations Related Thereto, (III) Pay Certain Expenses on Behalf of Certain Organizations, (IV) Fix the Deadline to File Proofs of Claim for Certain Customer Claims, and (V) Establish Procedures for Notifying Customers of Commencement of the Debtors' Chapter 11 Cases, Assumption of Customer Agreements, and the Bar Date for Customer Claims and (B) an Order Authorizing Certain of the Debtors to Assume the Customer Agreements* [D.I. 31].

12. Written notice of the General Bar Date was mailed to, among others, all known creditors and other known holders of claims against the Debtors as of the date of entry of the General Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors, and to all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the General Bar Date Order. In addition to mailing such actual notice, the Debtors also published notice of the General Bar Date in more than 200 publications nationwide, as detailed in Exhibit 4 to the General Bar Date Order.

13. On January 7, 2015, the Court issued a lengthy, published opinion holding that it could establish a bar date for claims of persons that had yet to manifest any signs of illness from exposure to asbestos. *See In re Energy Future Holdings Corp.*, 522 B.R. 520, 523 (Bankr. D. Del. 2015).

14. On July 30, 2015, the Court entered an order establishing December 14, 2015, at 5:00 p.m. (prevailing Eastern Time) (the "Asbestos Bar Date") as the final date and time for all persons and entities holding or asserting an asbestos-related claim against the Debtors to file proofs of claim in these chapter 11 cases (the "Asbestos Proofs of Claim" and, together with the Non-Asbestos Proofs of Claim, the "Proofs of Claim") and approving the form and manner of notice of the Asbestos Bar Date [D.I. 5171]. The Debtors provided written notice of the Asbestos Bar Date via mail on current and former employees and contractors as well as known asbestos claimants.

15. To date, over 42,000 Proofs of Claim have been filed against the Debtors in these chapter 11 cases, consisting of over 32,000 Asbestos Proofs of Claim and over 10,000 Non-Asbestos Proofs of Claim. Over the course of these chapter 11 cases, the Debtors have conducted an intensive process to review and reconcile the Proofs of Claim.

16. To date, the Debtors have filed fifty-three omnibus claims objections, entered into hundreds of stipulations with various non-asbestos claimants, and filed notices of satisfaction with respect to approximately 1,000 scheduled or filed Claims. On November 6, 2019, Reorganized TCEH filed an omnibus objection requesting the liquidation and allowance of the remaining asbestos Claims (the "Asbestos Objection").[7] On December 19, 2019, the Court entered an order sustaining the Asbestos Objection and approving the procedures set forth therein (the "Asbestos Objection Order"). Since the entry of the Asbestos Objection Order, Reorganized TCEH, along with their advisors, has worked to diligently resolve ongoing claims issues and review remaining Disputed Claims ahead of a Final Distribution to all remaining Allowed Claims.

## II. There is No Need to Keep Reorganized TCEH's Chapter 11 Case Open.

17. As of the date this Motion, there are no remaining Disputed Claims asserted against TCEH (and all of the other TCEH Debtors' chapter 11 cases were previously closed by prior order of the Court). On March 23, 2020, Reorganized TCEH initiated the Final Distribution, first to the TCEH Unsecured Notes Trustee, the PCRB Trustee, and the TCEH Second Lien Notes Trustee and shortly thereafter, on March 27, 2020, to Holders of Allowed C5 Claims. This Final Distribution leaves no remaining Disputed Claims and has distributed all funds with respect to the TCEH Cash Payment to Holders of Allowed C4 Claims and Allowed C5 Claims. As a result, there are no remaining claims to be administered by Reorganized TCEH, and thus, no reason for keeping TCEH's chapter 11 case open.

---

[7] Pursuant to the Initial TCEH Final Decree, "[c]laims asserted against, and interests asserted in, the Closing Cases shall hereby remain unaffected by entry of this Final Decree, other than that all such claims and interests shall be administered in the chapter 11 case of Texas Competitive Electric Holdings Company LLC, Case No. 14-10978, without prejudice to the rights of any claimant regarding Claims asserted and interests asserted in the Closing Cases." *See* Initial TCEH Final Decree at ¶ 3. Consequently, Reorganized TCEH was the movant who filed the Asbestos Objection consistent with the claims administration process contemplated in the Initial TCEH Final Decree.

**Basis for Relief**

18. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Local Bankruptcy Rule 30221(a) provides that, "[u]pon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid."

19. The term "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules, or the Local Bankruptcy Rules. The Advisory Committee Note to Bankruptcy Rule 3022 (the "Advisory Committee Note"), however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

    a. whether the order confirming the plan has become final;

    b. whether deposits required by the plan have been distributed;

    c. whether the property proposed by the plan to be transferred has been transferred;

    d. whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

    e. whether payouts under the plan have commenced; and

    f. whether all motions, contested matters, and adversary proceedings have been finally resolved.

Courts in this District and others adopt the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, No. 02-12608, 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005)

(citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768–69 (Bankr. N.D. Ill. 1990)); *see also In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh the factors contained in the Advisory Committee Note when deciding whether to close a case); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997) (same); *Walnut Assocs. v. Saidel*, 164 B.R 487, 493 (E.D. Pa. 1994) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree.").

20. In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan of reorganization has been substantially consummated. *See, e.g.*, *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case); *Walnut Assocs.*, 164 B.R at 493 (same).[8]

21. As of the date hereof, the Closing Case has been "fully administered" within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter the Order for the Closing Case. In particular, as described above:

    a. the TCEH Confirmation Order is final and no party has pursued an appeal in connection therewith;

    b. upon the TCEH Effective Date, the Restructuring Transactions (as defined in the TCEH Plan) were consummated, thereby effectuating the transfers of property contemplated by the TCEH Plan;

    c. the Reorganized TCEH Debtors have consummated their respective post-emergence business and management of the property dealt with by the TCEH Plan;

---

[8] Section 1101(2) of the Bankruptcy Code defines substantial consummation as the: "(A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan." 11 U.S.C. § 1101(2).

9

      d.      distributions to Holders of all C5 and C4 Allowed Claims against the TCEH Debtors have been completed;

      e.      no motions, applications, or contested matters with respect to the Reorganized TCEH Debtors remain unresolved in these chapter 11 cases;[9] and

      f.      the TCEH Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code.

22. As noted above, given the operation of the TCEH Plan, closure of the Closing Case shall not prejudice any party in interest or otherwise negatively affect the administration of the Debtors' consolidated estates. Specifically, all Allowed C4 and C5 Claims have received their Final Distribution and, further, after this Final Distribution there are no remaining Disputed Claims. Moreover, continuing operation of the Closing Case would hamper both the Reorganized Debtors and U.S. Trustee with an unnecessary administrative burden.

23. Because there are various outstanding and ongoing cases—currently being administered against the EFH Debtors—the Debtors are not filing a final report at this time.

---

[9] On June 12, 2020, Alvester Coleman ("Mr. Coleman") filed his appeal of this Court's *Order*, entered June 1, 2020 [D.I. 14073] to the United States District Court for the District of Delaware. *See* Civil Action No. 20-802 (RGA) (the "Coleman Appeal"). Pursuant to the Coleman Appeal, Mr. Coleman is challenging, among other things, this Court's denial of any relief in connection with his untimely, disallowed, and expunged, proofs of claim. Reorganized TCEH respectfully submits that the pendency of the Coleman Appeal presents no barrier to the entry of a final decree in connection with the Closing Case. The Coleman Appeal is quite unlike the appeal confronted by the Court in *In re SLI, Inc.*, 2005 WL 1668396, *2 (Bankr. D. Del. June 24, 2005). In *SLI*, the Court was confronted with a completely different situation as, in that case, the appeal pending before the Court of Appeals related to the confirmation order itself. In these chapter 11 cases, the TCEH Confirmation Order is neither an appealable order nor does the Coleman Appeal touch on issues of "overriding preeminence" in these chapter 11 cases as was the case in *SLI*. *Id. See also In re Greater Jacksonville Transportation Co.,* 169 B.R. 221 (Bankr. M.D. Fla. 1994) (the entry of a final decree is "merely a perfunctory, administrative event and nothing more than a ministerial housekeeping act which was never designed to determine with finality the rights of parties in interest involved in a Chapter 11 case."). Indeed, other courts have concluded that, in similar circumstances, a bankruptcy case should be closed. *See, e.g., In re Jr. Food Mart of Arkansas, Inc.*, 201 B.R. 522, 524-25 (Bankr. E.D. Ark. 1996) (ordering bankruptcy case closed even though an adversary proceeding in the case remained pending and noting that "[t]he Court has the authority to close or dismiss a case although an adversary proceeding may remain pending"); *In re Domino Investments, Ltd.*, 82 B.R. 608, 609 (Bankr. S.D. Fla. 1988) (stating that "[T]here is no reason why final distribution and closing cannot be accomplished pending the disposition of [five pending appeals]").

10

Instead, the Debtors will file a consolidated final report for all the Debtors at the time that all of the Debtors' chapter 11 cases are closed, in accordance with Local Bankruptcy Rule 3022-1(c). As a result, Reorganized TCEH seeks a waiver of the obligation to file a final report in connection with this Motion at this time.

24.     Finally, all U.S. Trustee Fees payable pursuant to section 1930 of title 28 of the United States Code with respect to the Closing Case have been paid, will be paid, or provision for the payment thereof will be made, in the amounts due as soon as reasonably practicable after the closure of the Closing Case.

25.     In light of the foregoing, Reorganized TCEH submits that ample justification exists for entry of a final decree closing the Closing Case.

## Notice

26.     In accordance with Local Bankruptcy Rule 3022-1(b), Reorganized TCEH shall provide notice of this Motion on the date hereof via U.S. first class mail to: (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee under: (i) the TCEH unsecured pollution control revenue bonds; and (ii) the EFCH 2037 Notes due 2037, and counsel thereto; (f) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy

notes (series R) due 2034, and counsel thereto; (g) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (h) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (i) Delaware Trust Company of Delaware in its capacity as indenture trustee under: (i) the 6.875% EFIH senior secured notes due 2017; (ii) the 10.0% EFIH senior secured notes due 2020; and (iii), the 11.50% TCEH senior secured notes due 2020, and counsel thereto; (j) Law Debenture Trust Company of New York in its capacity as indenture trustee under: (i) the 10.25% TCEH senior unsecured notes due 2015; and (ii) the 10.50%/11.25% TCEH senior toggle notes due 2016, and counsel thereto; (k) Wilmington Savings Fund Society, FSB in its capacity as indenture trustee under the 15.0% TCEH senior secured second lien notes due 2021, and counsel thereto; (l) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (j); (m) the agent for the TCEH debtor-in-possession financing facility and counsel thereto; (n) the agent for the EFIH debtor-in-possession financing facility and counsel thereto; (o) counsel to certain holders of equity in Texas Energy Future Holdings Limited Partnership; (p) counsel to the Ad Hoc Committee of TCEH Unsecured Noteholders; (q) counsel to the Ad Hoc Committee of TCEH Second Lien Noteholders; (r) Oncor Electric Delivery Holdings Company LLC and counsel thereto; (s) Oncor Electric Delivery Company LLC and counsel thereto; (t) the Securities and Exchange Commission; (u) the Internal Revenue Service; (v) the Office of the United States Attorney for the District of Delaware; (w) the Office of the Texas Attorney General on behalf of the Public Utility Commission of Texas; (x) counsel to the Electric Reliability Council of Texas; and (y) those

12

RLF1 23749938v.1

parties that have requested notice pursuant to Bankruptcy Rule 2002 and Local Bankruptcy Rule 2002-1(b). Reorganized TCEH submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

27.     No prior motion for the relief requested herein has been made to this or any other court.

[*Remainder of page intentionally left blank*]

RLF1 23749938v.1

WHEREFORE, for the reasons set forth herein, Reorganized TCEH respectfully requests that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems appropriate.

Dated: July 20, 2020
Wilmington, Delaware

*/s/ Jason M. Madron*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:    collins@rlf.com
   defranceschi@rlf.com
   madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini, P.C. (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    edward.sassower@kirkland.com
   stephen.hessler@kirkland.com
   brian.schartz@kirkland.com
   steven.serajeddini@kirkland.com
   aparna.yenamandra@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    james.sprayregen@kirkland.com
   marc.kieselstein@kirkland.com
   chad.husnick@kirkland.com

*Co-Counsel to Reorganized TCEH*