## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Energy Future Holdings, Corp., and Subsidiaries | Chapter 11 |
| Debtors. | Case No. 14-10979 (CSS) (Jointly Administered) |
| | Re: D. I. 14071 |
| | Re: D. I. 14093 |

### RESPECTFULLY RESPONDING TO ENERGY FUTURE HOLDINGS

The Tremble Family was in litigation with Luminant Mining over unlawful possession of undivided heir property, homestead, barn, 70 acres of timber as well as the extraction of minerals – coal, lignite, limestone, water, etc. The company had no legal right to take any mineral or any other substance pertinent to the land. The debtors are responsible for the demolition any structure including the house, barn, nor did they have the right to tear down the roads. They have defaced the family cemetery.

The Tremble's did not have a Lease nor did they have a Lease Agreement with Luminant Mining Company. The Family has 100% Mineral Interest in the land as well as possession of a valid Mineral Deed. In addition, the Trembles have a valid Last Will and Testament of Wilmer Forrest Tremble, Senior's Estate. The Tremble Family has not ever received any compensation from the Debtors.

The Family was first made aware of Luminant Mining on December 6, 2013 when Wilmer Forrest Tremble, Jr. contacted timber companies for bids on 70 acres of timber. We were all advised by Luminant Mining that they have an interest in the timber. The company's ownership of the land was questioned and there was never a clear response from Luminant. Upon investigation the Trembles found documents in Rusk County Court House that showed Luminant as owner of more than 100 acres of undivided heir property. Shortly thereafter, the Trembles were served citations that they were being sued for their land and minerals by Luminant Mining Company.

The District Court in Rusk County, Texas presided over a trial in a closed hearing. The Trembles were not present at the hearing; however, every 14 days were required to

respond to the Court. This took place over several months, the court ruled in favor of Luminant.

The Trembles appealed the ruling in The Texas State Court of Appeals. The Court of Appeals abstained from ruling. During that preceding, a lawsuit was filed by the Tremble's on December 12, 2014 the receipt number 3064883 – Rusk County, TX District Clerk CNT. On January 7, 2015, Jackson, Sjoberg, McCarthy & Townsend, L.L.P. sent correspondence advising the Trembles that as of that date they were in the Energy Future Holdings Chapter 11 Bankruptcy with a scheduled claim. Scheduled claims cannot be discharged.

The Trembles went before the HONORABLE JUDGE CHRISTOPHER S SONTCHI at the request of Jackson, Sjoberg, McCarthy & Townsend, L.L.P. who required lifting of the stay in order to pursue legal action. The Trembles requested JUDGE SONTCHI allow them to go back to the Court of Appeals instead of the District Court. The request was granted. The Trembles ultimately filed with the Texas State Supreme Court. Correspondence was received by each Family member from Jackson, Sjoberg, McCarthy & Townsend, L.L.P. It was a copy of a letter sent to Mr. Hawthorne and the letter states, "Pursuant to Texas Rule 53.3, Respondent Luminant Mining Company waives the filing of response to the Petition for Review filed by Wilmer Forrest Tremble, Jr., Sharon Tremble Donaldson, Selia Tremble Shawkey, and Billie J. Murphy Tremble in the above reference cause." That cause is No. 16-0185.

The creditor may file a claim after the bar date, but, must be prepared to argue it is a failure to file the claim timely was due to excusable neglect. The final bar date was October 27, 2014 and the Tremble's notification date was January 7, 2015. The Tremble's had no knowledge of the Bankruptcy until they each received notification from the Luminant attorneys. Cases in support: The Supreme in Pioneer Inv. Services.Co.V. Brunswick Assoc. LTD. Pship, 507 U.S. 380, thru 389 (1993). A secured creditor who chooses not to participate may enforce its lien even after the Debtor's discharge. A secured creditor does not have to file a claim to collect its debt because its lien will survive the bankruptcy. **Chapter 11 creditors are not required to file a proof of claim because the debtor is required to file a schedule of assets and Liabilities.** If the creditors claim is listed incorrectly by amount or category or designated as disputed, unliquidated or contingent a proof of claim should be filed.

The Charter Court found that a document must apprise the court of the insistence the nature and the amount of the claim and make clear the claimant intension to hold the debtor liable for the claims to qualify as an informal proof of claim. Id. it cited (two cases finding motion for relief from an automatic stay). The time for filing in a Chapter 9 or 11 cases but it does not define the terms (notices). Fed.r.bankr. P.2002. Although notice is not defined by the Bankruptcy code, Bankruptcy courts, sensibly assume the general norms of fair notice, as set forth and Mullane V.Central Hanover Bank and Trust Co :: 339 U.S.,rule 306, 705 ct. 652, 94L.Ed. 865 (1950 Tulsa Professional Collection Services, Inc. v Pop :: 485

U.S. 478, 489-91, 108 S. Ct. the 1951 was amended and 1340, 99L. Ed. 2d 565 (1988; Mennonite Bd. of Mission V. Adams).

Fair and adequate notice has two basic elements, content and delivery, id. if the notice is unclear and never received, but if the fact that it was received it will be adequate, Id., if the notice is not received it is adequate unless the means chosen to deliver it was reasonable. As creditors that are Pro Se, you can make an argument under either of these two notices elements if the bar has passed and you did not file a proof of claim. If the creditor did not receive any notice of the bar date then the debtor must prove registered service. Under the first two elements of the notice if it is an unclear notice the Supreme Court of the United States has held it not applicable. The claims cannot be discharged if it does not receive formal notice of the bar date, Spring Valley Farms, Inc. 863F 2d 832, 835 (11th Circuit. 1989). They can also be found Id. at 835 n. 2.2. It is curious that in all court proceedings all four Family members have always been served.