## Exhibit A

**Revised Final Decree**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
|  | ) **Re: D.I. 14099** |
| In re: | ) Chapter 11 |
| TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC | ) Case No. 14-10978 (CSS) |
| Debtor. | ) (Jointly Administered) |

## FINAL DECREE (A) CLOSING TCEH'S
## CHAPTER 11 CASE, AND (B) GRANTING RELATED RELIEF

Upon the motion, dated July 20, 2020 [D.I. 14099] (the "Motion")[2] of Reorganized Texas Competitive Electric Holdings Company LLC ("Reorganized TCEH") for the entry of a final decree (this "Final Decree") closing the Closing Case and granting related relief, all as more fully set forth in the Motion; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the Debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used, but not otherwise defined, herein have the same meanings ascribed to them in the Motion.

the relief requested in the Motion is in the best interests of Reorganized TCEH, its creditors, and other parties in interest; and this Court having found that Reorganized TCEH provided appropriate notice of the Motion and the opportunity for a hearing on the Motion (the "Hearing") under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the Hearing, if any; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing (if one was held) establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; it is HEREBY ORDERED THAT:

1. The Motion is granted in its entirety.

2. The following chapter 11 case is hereby closed; *provided* that this Court shall retain jurisdiction as provided in Article XI of the TCEH Plan:

| Debtor | Case No. |
|---|---|
| TEXAS COMPETITIVE ELECTRIC HOLDINGS COMPANY LLC | 14-10978 |

3. Entry of this Final Decree is without prejudice to (a) the rights of any of the Reorganized TCEH Debtors or any party in interest to seek to reopen any of these chapter 11 cases for cause pursuant to section 350(b) of the Bankruptcy Code, and (b) the rights of any of the Reorganized TCEH Debtors to dispute, in an appropriate non-bankruptcy forum, all claims that were filed against them in these chapter 11 case, as contemplated by the TCEH Plan and the Confirmation Order.

4. Nothing in this Order shall prejudice, impair, or otherwise modify the allowance and distribution provisions set forth in the TCEH Plan and TCEH Confirmation Order.

5. To the extent not already paid, the fees required to be paid to the U.S. Trustee by Reorganized TCEH on account of the Closing Case pursuant to 28 U.S.C. § 1930(a)(6) or otherwise shall be paid within thirty (30) days following the entry of this Final Decree.

6. The Reorganized Debtors are permitted to file a consolidated final report for all the Debtors at the time that all of the Debtors' chapter 11 cases are closed, in accordance with Local Bankruptcy Rule 3022-1(c).

7. Reorganized TCEH and its agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

8. Notice of the Motion is hereby deemed good and sufficient notice of such motion and the requirements of Fed. R. Bankr. P. 6004(a) and the Local Bankruptcy Rules are satisfied by such Notice.

9. The Clerk of the Court shall enter this Final Decree individually on the docket of the Closing Case and thereafter such dockets shall be marked as "Closed."

10. Reorganized TCEH and Epiq Bankruptcy Solutions LLC, as notice and claims agent, are authorized to take all actions that may be necessary to undertake the relief granted in this Final Decree.

11. In accordance with the *Order Establishing Plan Reserve For TCEH First Lien Creditor Plan Distribution Allocation Dispute* [D.I. 9718] (the "Undertaking Order"), the amounts that are being held in reserve for distributions for Class C3 - TCEH First Lien Secured Claims shall be returned or distributed by Reorganized TCEH promptly. If such distributions are not disbursed by Reorganized TCEH from its accounts within 90 days of the date this Final Decree is entered, upon the filing of a motion by any holder of an Allowed Class C3 TCEH First Lien Secured Claim and the Court granting such relief, (i) this Final Decree shall be deemed vacated

*nunc pro tunc* to the date this Final Decree was entered such that the chapter 11 case of Reorganized TCEH shall be deemed never closed; and (ii) Reorganized TCEH shall file a notice on the Court's docket giving notice to the Clerk of the Court that the chapter 11 case of Reorganized TCEH should be reopened.  For the avoidance of doubt, if the disbursements have not been made in accordance with the foregoing sentence, Reorganized TCEH shall not oppose any such relief requested.  Notwithstanding anything in this Final Decree to the contrary, the Court shall retain jurisdiction to hear and determine all matters arising from or related to the Undertaking Order, including the implementation, interpretation, and/or enforcement of the same.

12. Notwithstanding anything to the contrary, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

13. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Final Decree.

14. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, or 9014 or otherwise, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.