Page 1

1    UNITED STATES BANKRUPTCY COURT

2    DISTRICT OF DELAWARE

3

4    In re:                          :

5    ENERGY FUTURE HOLDINGS CORP., :    Chapter 11

6    et al.,                         :    Case No. 14-10979

7            Debtors.                :    (Jointly Administered)

8    _____:

9

10

11

12                                   United States Bankruptcy Court

13                                   824 North Market Street

14                                   Wilmington, Delaware

15                                   June 1, 2020

16                                   10:00 AM

17

18

19

20

21   B E F O R E :

22   HON CHRISTOPHER S. SONTCHI

23   U.S. BANKRUPTCY JUDGE

24

25   ECRO OPERATOR:   UNKNOWN

1   HEARING re 1. Creditor's Objection to Unsecured Claim

2   Payment [D.I. 14040; filed April 14, 2020]

3

4   Creditor's Emergency Motion for Appointment by Court of U.S.

5   Trustee or Examiner in Pursuit to 11 U.S. Code § 1104 with

6   Authority to Take Action Against Debtor's Subsidiaries [D.I.

7   14041; filed April 14, 2020]

8

9   Motion of Bergschneider to Allow Late Filed Proofs of Claim

10  [D.I. 14047; filed April 20, 2020]

11

12  Motion of Heinzmann to Allow Late Filed Proofs of Claim

13  [D.I. 14055; filed May 1, 2020]

14

15

16

17

18

19

20

21

22

23

24

25  Transcribed by:  Sonya Ledanski Hyde

1    A P P E A R A N C E S :

2

3    RICHARDS LAYTON & FINGER, P.A.

4         Attorneys for the TCEH

5

6    BY:  JASON M. MADRON

7

8    ALVESTER COLEMAN

9         Pro Per/Pro Se Creditor, Alvester Coleman

10

11   HOGANMCDANIEL

12        Bankruptcy Counsel, Bergschneider and Heinzmann

13        1311 Delaware Avenue

14        Wilmington, DE 19806

15

16   BY:  DANIEL HOGAN

17

18   WHITE & CASE LLP

19        Interested Party, Sempra Energy

20        1221 6th Avenue

21        New York, NY 10020

22

23   BY:  J. CHRISTOPHER SHORE

24

25

1   ALSO APPEARING TELEPHONICALLY:

2   MARISA ANTOS-FALLON

3   NEIL AUGUSTINE

4   BRIAN BAKER

5   DAVID J. BALL

6   JONATHAN BROWNSTEIN

7   J.R. BRYANT

8   MICHAEL BUSENKELL

9   DANIEL B. BUTZ

10  MARGHERITA CAPOLINO

11  DAVID CARICKHOFF

12  LINDA J. CASEY

13  ERIC CHAFETZ

14  BEN CHESTERS

15  WILLIAM E. CHIPMAN

16  J. ROBINSON CLARKE

17  KEVIN COLLINS

18  MICHAEL COSTELLOE

19  MICHAEL L. DALLAIRE

20  SCOTT DAVIDO

21  MICHAEL DEARMAN

22  ROBERT J. DEHNEY

23  MARK E. DENDINGER

24  JOSHUA N. EPPICH

25  ERIN FAY

```
 1    MARK E. FELGER

 2    DAVID M. FOURNIER

 3    GENNA L. GHAUL

 4    BRIAN GLASSER

 5    ANDREW GLENN

 6    ANDREW GOLDEN

 7    L. KATHERINE GOOD

 8    KAREN GRIVNER

 9    JEFF HANSEN

10    TAYLOR B. HARRISON

11    CHRISTOPHER HARVEY

12    THOMAS M. HORAN

13    VLADIMIR JELISAVCIC

14    DAVID JOHNSTON

15    TODD JOHNSTON

16    BENJAMIN KADDEN

17    ERIC KANG

18    JEFFREY KAPLAN

19    CHARLES S. KELLEY

20    JOSHUA C KLEIN

21    LOGAN KOTLER

22    CARL KUNZ, III

23    ANDREW LEBLANC

24    ISAAC LEE

25    RAYMOND LEMISCH
```

1    LOGAN LEWIS

2    LAUREN LUNDY

3    KEVIN S. MANN

4    JACLYN C. MARASCO

5    DAVID MARK

6    ZACHARY S. MCKAY

7    JOE MCKIE - CLIENT

8    JOSEPH J. MCMAHON JR.

9    R. STEPHEN MCNEILL

10   RACHEL B. MERSKY

11   DAVID S. MEYER

12   STEPHEN MILLER

13   EDMON MORTON

14   KATHERINE MUDGE

15   STACY NEWMAN

16   BRENT R. OWEN

17   MORGAN L. PATTERSON

18   JESSICA PEET

19   MARK PLATT

20   JOHN POLICANO

21   JANE RIMMER

22   CHRISTOPHER M. SAMIS

23   ERIC D. SCHWARTZ

24   PETER SHAH

25   FURQAAN SIDDIQUI

1    PHIL SNOW

2    MATTHEW B. STEIN

3    ERIC M. SUTTY

4    R.J. SYKES

5    CLIFFORD THAU

6    MICHAEL TOMBACK

7    BRETT TURLINGTON

8    CHRISTOPHER WALKER

9    NATE WICKER

10   RANDY WILHOIT - CLIENT

11   WILLIAM A. WOOD, III

12   FRANK BRAME

13   MATTHEW C. BROWN

14   ALIX BROZMAN

15   ALBERT COLEMAN

16   MICHAEL G. LINN

17   STEPHEN LUDOVICI

18   JEFFREY M. SCHLERF

19   DEREK C. ABBOTT

20   JOSEPH C. BARSALONA, II

21   AMY BROWN

22   MATTHEW CHIAPPARDI

23   JEFFREY L. COHEN

24   ANDREW H. ELKIN

25   TERRI J. FREEDMAN

Page 8

1   NICOLE M. FULFREE

2   DANIEL H. GILL

3   BENJAMIN A. HACKMAN

4   TAYLOR B. HARRISON

5   ERICKA JOHNSON

6   MICHAEL A. KAPLAN

7   SHANTI M. KATONA

8   STEPHENIE KJONTVEDT

9   JOHN KNIGHT

10  SHERON KORPUS

11  MICHAEL R. LASTOWSKI

12  JOSEPH J. MCMAHON JR.

13  JAMES MOZINGO

14  ROBERT M. NOVICK

15  BRYANT OBERG

16  CHRISTOPHER L. PERKINS

17  ANDREW R. REMMING

18  MARK RENZI

19  RICHARD W. RILEY

20  ADAM L. SHIFF

21  KEVIN SOHR

22  STEPHEN WOLPERT

23

24

25

1                    P R O C E E D I N G S

2           THE COURT:  We are here in Energy Future Holdings

3    Corp., Case number 14-10979, just past our sixth-year

4    anniversary.  Starting first grade soon.  We're very proud

5    of our case.

6           We have a full agenda today, a relatively full

7    agenda for a case of this age.  And thank you very much for

8    responding to the roll call; I wanted to make sure everybody

9    was on.

10          So I guess I'll turn it over to Mr. Madron to run

11    -- to sort to take us through the agenda and organize the

12    hearing.

13          MR. MADRON:  Thank you very much, Your Honor.  For

14    the record, Jason Madron of Richards Layton & Finger, on

15    behalf of Reorganized TCEH and the EFH Plan Administrator

16    Board.  Are you able to hear me all right, Your Honor?

17          THE COURT:  Yes.

18          MR. MADRON:  Okay.  Excellent.  Thank you, Your

19    Honor.

20          Your Honor, turning to the agenda, we filed a form

21    of agenda for today's hearing, last week, on May the 28th.

22    There are four matters up for hearing today.  I think both

23    Agenda Items 1 and 2 and then 3 and 4 can be consolidated

24    together in some regard.

25          Agenda Items 1 and 2 are the most recent filings

1    by pro se claimant Mr. Alvester Coleman, seeking relief.

2    They were docketed with the Court back on April the 17th.

3    They appear at Docket Items 14040 and 14041.

4           The second set of items, Agenda Items 3 and 4, are

5    motions filed by certain asbestos claims, by Mr. Hogan's

6    clients, seeking leave of the Court for allowance to be able

7    to file late filed proofs of claim in EFH Chapter 11 cases.

8    Although the EFH Plan Administrator Board did not take a

9    position in response to either filing, Reorganized EFH and

10   Sempra, represented by Mr. Shore and Mr. Schlerf, among

11   others, did file a response and that matter will go forward,

12   as well, on a contested basis.

13          Your Honor, we did have conversations between Mr.

14   Hogan, Mr. Schlerf, and myself before today's hearing, as

15   far as the evidentiary aspect of the hearing and are able to

16   confirm for Your Honor, there will be no witness testimony

17   today, so that's why we didn't indicate any information

18   concerning witnesses specifically on the agenda.  Rather,

19   Mr. Hogan will seek to proceed to move declarations that

20   were attached to his filings into evidence, in lieu of any

21   witness testimony at today's hearing.

22          With that, Your Honor, unless you have a different

23   preference, I would suggest that we take up Mr. Coleman's

24   filings first and then we could proceed to turn things over

25   to Mr. Hogan for his two motions.

1              THE COURT:  I think that makes the most sense.  So

2     Mr. Coleman, are you on the line, sir?

3              MR. COLEMAN:  Yes, sir.  Can you hear me?

4              THE COURT:  All right.  Yes, sir, I can hear you

5     just fine.  Thank you.  This is -- I have read what you

6     wrote and submitted.  I have read the responses.  So we

7     don't need to go through all that, other than I would say

8     I'd give you an opportunity now to tell me what's on your

9     mind and what you'd like this Court to do, or what you think

10    this Court should be able to do to provide you any relief

11    that you think you're entitled to.

12             MR. COLEMAN:  Thank you, Your Honor.  Well, Your

13    Honor, it's a lot to it.  But right now $194 payment was

14    forced upon me.  I'm still exposed.  Now, corona.  I want to

15    uplift the automatic stay.  No need for a reorganization

16    plan, I want them (indiscernible) where you -- on my

17    property, through the U.S. Trustee giving all authority to

18    the secured compliance to my orders.  No need for other

19    claims.

20             They already received loans, Your Honor, used my

21    property as collateral.  Now wants to file more claims.  I

22    don't have the adequate protection from these deputies using

23    my property for collateral.  I don't have adequate

24    protection from oil and gas operators that coincide with the

25    deputies to impair my mineral interests, Your Honor.

1          Your Honor, Judge, I ask you to sign my order,

2    grant me my relief and the U.S. Trustee be given authority

3    to deem these debts, and counsel liable for they debts.

4          Uplift automatic stay, Your Honor.  I want no

5    playing with them, they had time to put me in the plan but

6    refused, Your Honor.

7          And Jason, Your Honor, he's a ferious (sic),

8    defensive, no evidence, no compliances, incompetent, Your

9    Honor, and unethical, Your Honor.  I can't believe this.  No

10   (indiscernible) valuation, not a person with probate and

11   real estate, Your Honor.  He needs valuation, Your Honor.

12   That's not how it's supposed to go, and have to come to your

13   court today, Your Honor, he still refused to do it.

14          I need a Trustee, Your Honor, to make sure the

15   equity level is played, Your Honor, because I'm under

16   distress, Your Honor.  And I'm still exposed, and I'm still

17   getting exposed again.  And it's a death sentence on me,

18   Your Honor.  It's in my black lungs.  I got a spot in my

19   lungs, Your Honor.  What's going on with these guys, Your

20   Honor?

21          So today, Your Honor, I ask for my -- all my

22   orders be signed.  Because I don't want to play checkers and

23   chess no more; I want to play Monopoly today.  I want them

24   off my property.  Ain't no plan.  And I'm through, Your

25   Honor.

1           THE COURT:  Thank you, Mr. Coleman.

2           Mr. Madron, would you like to respond?

3           MR. MADRON:  Yes, Your Honor.  Thank you very

4     much.  Good morning, again.

5           Your Honor, I mean, the issue before the Court

6     today, I think, is very straightforward.  The facts and the

7     law are really not in dispute.  I mean, not to belabor the

8     record, and I appreciate Your Honor has read our submission,

9     but the facts are that in December of 2015, Mr. Coleman

10    filed two unmanifested proofs of claim, Claim Numbers 31018,

11    and Claim Number 62465, one was submitted paper, the other

12    was submitted using an online form.  Those claims are

13    Exhibit A to our response.

14          Pursuant to the terms of Your Honor's order that

15    was entered in December of 2019, all of the T-side

16    unmanifested asbestos claims, including Mr. Coleman's

17    claims, were liquidated, and allowed.  The net result of

18    that order was that Mr. Coleman was allowed one Class C5

19    claim against the T-side Debtors in the amount of $2,754.

20    The net result of that, Your Honor, is that Mr. Coleman was

21    entitled to a cash distribution of $197.75.

22          The order that Your Honor signed, at Docket 13982

23    back in December, specifically provided, not just to Mr.

24    Coleman, but for all unmanifested claimants, that if you

25    filed multiple claims, as an unmanifested claimant, you

1    would only get one claim, so everyone was treated equally

2    and fairly.  The cash distribution is a product of the

3    amount of available funds that were available under the T-

4    side plan to distribute to claimants.  And again, the

5    process that was envisioned with the 53rd Omnibus Objection

6    to Claims was to treat all similarly situated claimants

7    equally, and that's what it did, Your Honor.

8            Your Honor, Mr. Coleman, as you're aware, you

9    know, did not file a response to the 53rd Omnibus Objection

10   to Claims, you know, rather he came forward untimely, and in

11   mid-January of this year, filed a motion for

12   reconsideration.  As Your Honor will recall, that matter was

13   briefed and a contested hearing was held, in this court,

14   back on February 27th, where Mr. Coleman participated by

15   telephone and there was a full and fair contested hearing.

16           At the conclusion of that hearing Your Honor

17   entered an order that denied the motion for reconsideration.

18   That order also reconfirmed that pursuant to Article VII of

19   the T-side plan, that the additional untimely proofs of

20   claim that Mr. Coleman submitted contemporaneously with his

21   motion for reconsideration in January, being for $30

22   billion, and $250 billion respectively, asserting priority

23   status, were untimely and were disallowed, pursuant to the

24   terms of the plan.

25           Mr. Coleman's most recent filings, Your Honor,

1   simply seek to relitigate the issue.  They seek to continue

2   to assert entitlement to distribution on account of the

3   disallowed alleged priority claims.  And at this point, Your

4   Honor, I mean, we -- I can walk you -- you know, Your Honor

5   through it, but as we discussed in the papers, I mean, Your

6   Honor's December 19th order sustaining the 53rd Omnibus

7   Objection to Claims, Your Honor's order denying Mr.

8   Coleman's motion for reconsideration and they are the law of

9   the case at this point, and they are not susceptible to be

10  challenged any further.  I mean, the Third Circuit guidances

11  us in that regard in the Hamilton case that we cite in the

12  papers.

13          You know, additionally, Your Honor, the continued

14  challenge, you know, of Mr. -- the treatment of Mr.

15  Coleman's one allowed T-side unmanifested claim, on account

16  of which he received his distribution check -- as the

17  Debtors' committed, Your Honor, we would endeavor to get the

18  distributions out by the end of the first quarter, we did

19  that -- he received it, he negotiated the distribution.  You

20  know, at this point, continuing to come before Your Honor

21  seeking, you know, alleged entitlement to, you know,

22  enormous amounts of money on account of disallowed proofs of

23  claim, you know, should not be countenanced.  It's also a

24  collateral attack, as we state in the papers, on all of Your

25  Honor's prior orders, including the T-side Plan and the T-

1    side confirmation order, all of which Mr. Coleman had notice

2    of.

3            You know, finally, Your Honor, Mr. Coleman's

4    request for the appointment of an examiner in these cases,

5    under Section 1104 of the bankruptcy code, also must fail.

6    The express language of the statute provides that a party in

7    interest can move for an examiner before confirmation of a

8    plan, "for cause, including fraud, dishonestly, incompetence

9    or gross management of the affairs of the Debtors by current

10   management."  Here, as the Court is well aware, the T-side

11   Plan is long post-confirmation and has been effective for

12   over 3 1/2 years.  Therefore, Mr. Coleman cannot be granted

13   any relief concerning the appointment of an examiner, based

14   on the express language of the statute on which he relies,

15   which specifically requires any such request be made pre-

16   confirmation.

17           Moreover, Your Honor, Mr. Coleman has made no

18   credible assertion of any fraud, dishonesty, incompetence,

19   or gross management by any of the Reorganized T-side

20   Debtors.  And, indeed, the record is totally devoid of even

21   a scintilla of proof of the same.

22           And, Your Honor, that really leads me to my

23   closing that, you know, finally, in our response,

24   Reorganized TCEH, at this point, respectfully requests that

25   this Court find that Mr. Coleman is a vexatious litigant and

1    grant it relief from having to respond any further filings

2    that Mr. Coleman may make on the Chapter 11 cases, and order

3    that any such further filings be placed on the Court's

4    docket only, so that the Court will not take any action in

5    response to them.

6          Your Honor, Mr. Coleman's ongoing pattern of

7    making filings with this Court seeking relief that has no

8    basis in the facts or the law, surely must fall within what

9    the Third Circuit envisioned as a, "continuous pattern of

10   groundless and vexatious litigation," which, "at some point

11   support an order against further filings and complaints

12   without permission of the Court."  And that's the Oliver

13   case that we cite in the papers, Your Honor, at page 446.

14         Your Honor, as you're keenly aware, Mr. Coleman

15   has made numerous frivolous filings with the Court over the

16   past 4 1/2 months.  These filings have unfairly forced

17   Reorganized TCEH to expend valuable resources to respond to

18   them, and they have delayed Reorganized TCEH from filing a

19   motion seeking the entry of a final decree closing its

20   Chapter 11 case, which I will note is the final T-side

21   Chapter 11 case that is open.

22         Consequently, Reorganized TCEH respectfully

23   submits that the time has come to conclude that Mr. Coleman

24   is a vexatious litigant and to grant Reorganized TCEH relief

25   similar to the relief that the Court granted to these

1    Debtors in the past in these cases with respect to another

2    pro se claimant who engaged in very similar conduct in this

3    court.

4              Additionally, as I'm sure Your Honor saw from the

5    correspondence attached to our response and our supplement,

6    and Mr. Coleman's email correspondence to counsel, and his

7    comments today, have become both abrasive and abusive.  And

8    that started with his April 4th, 2020 email which is Exhibit

9    G to our response, continued with his May 21st email, which

10   we attached to our supplement filed last week, and continues

11   with his offensive comments made to counsel at today's

12   hearing before Your Honor.

13             Therefore, Your Honor, we respectfully request

14   that the Court enter the proposed form of order attached to

15   our response denying Mr. Coleman any relief and granting

16   Reorganized TCEH the request that it has -- the relief that

17   it has requested here today.

18             I'm happy to answer any questions that Your Honor

19   may have.

20             THE COURT:  I have no questions.  Thank you.

21             Does any other -- body want to be heard?  Any

22   person?

23             All right.  Mr. Coleman, I'll give you an

24   opportunity to respond to Mr. Madron's comments, if you

25   wish.

1          MR. COLEMAN:  Okay, Your Honor.  To sum that up,

2    what Mr. Jason said, we can even follow that down the road.

3    Jason has never notified me, that's why I filed my amended

4    claims in January 2020.  Everything he said I can't follow,

5    Your Honor.  It just proves along with -- he's just proved

6    me, along with the (indiscernible) he took upon themselves

7    to (indiscernible) through my agent.  My Alvester claim,

8    Your Honor, he ain't talking about (indiscernible).

9          He haven't -- he ain't even talk about the relief,

10   Your Honor, you gave me, Your Honor, in February.  That's

11   where I -- you could see fraudulent and mismanagement,

12   through his own admission.  And I need a Trustee today, Your

13   Honor.  This got to be handled correctly.

14          I am so mentally distressed about how he comes sit

15   here and want to talk on his phone, no true and correct.

16   This is not -- Mr. Jason, I'm going to tell you again, this

17   is not a Black versus White thing, this is a right and a

18   wrong, and this is a justice and a peace.  You've got to be

19   willing to stand up here or on this phone, not being

20   furious.  You are so unethical, sir.  You've got to know

21   that.  You ain't shown no more evidence, and no quarterly

22   summary, and no payment or nothing.  All you was want

23   (indiscernible), sir?  Really?

24          I got the right to all this.  I got the right to

25   write my motion.  I got the right to where I want ask for.

1    And I got the right to ask for, you know, justice to be

2    served, because right now, Your Honor, there's no justice,

3    no peace.  He have to know that.  And I ask you again to

4    grant my relief, Your Honor.

5            I'm tired of playing with these guys.  I'm tired

6    of sitting here waiting.  I just turned 60.  Mr. Jason, did

7    you know that?  I just turned 60, sir.  That's 40 years of

8    my life I haven't (indiscernible) through nothing.  I

9    haven't had my first time for giving.

10           So, Your Honor, I ask you again, I will -- I'll

11   sent you a void check (indiscernible), or if it could be in

12   my mailbox by the end of this week, because I'm tired of

13   sitting here.  It's been years, and years, and years of

14   dried up tears.  No playing, no more, I'm trying of playing.

15   I can't be (indiscernible) like this.

16           And I want it reorganized with them, I want him to

17   know that, and I want who is here to know that.  Get off my

18   property.  And that's all I want to say, Your Honor.  Pay

19   your debts.

20           So whatever you're celebrating, Your Honor, in

21   your life (indiscernible).  Thank you again.

22           THE COURT:  You're welcome, sir.  All right.

23   Thank you very much.

24           A couple preliminary comments.  The Court gives

25   broad latitude to pro se litigants in presenting requests

1    for relief from the Court.  We are very mindful of the fact

2    that they are not lawyers, they were not learned in the law,

3    and they often, imperfectly, request for relief, or make

4    requests for relief, and that's fine.

5            So I've gone through the pleadings very carefully

6    and digested them as best I could in the context of what the

7    law is, and what the history of this case is, and what the

8    facts are.  Facts that -- and orders entered by the Court --

9    facts and orders entered by the Court that are, by operation

10   of law, incapable, at this point, of being revisited.

11           The reality, of course, in bankruptcy is there's

12   not enough money to around.  The law, the bankruptcy law,

13   and state law as well, creates a level of different

14   priorities that exist to pay certain creditors.  Personal

15   injury claims, which include claims related to injury from

16   asbestos are what we call unsecured claims.  Unsecured

17   claims, unlike, say, your mortgage, or your car lender, your

18   mortgage lender has what's called a security interest in

19   your house, your car lender has a security interest in your

20   vehicle, where if you don't pay what you owe on the car

21   loan, they can take your car, and they can repossess your

22   car, you don't pay what's due on your mortgage, they can

23   take your house.

24           Unsecured claims don't have that protection.  The

25   only -- and that would be like a credit card.  Your credit

1    card company, unless you have one of these prepaid cards,

2    your credit card company -- you owe the credit card company

3    money, but they don't have a security interest in your bank

4    account or any kind of piece of real property.

5              That's very important, because you don't have a

6    property interest, under the law, in anything that belongs

7    to the Debtors.  All you have is a right to be paid based on

8    the priorities set by the law and the available cash for

9    what you're owed.  You don't have a property interest.

10             So as a result, a motion to lift the stay or to

11   void the discharge injunction in the plan, to go against

12   some -- to assert some property interest, simply doesn't

13   apply, under the law.  You have no property interest.

14   There's no point in lifting the stay so you can assert a

15   property interest that doesn't exist.

16             The plan that was confirmed by the Court a long

17   time ago, 3 1/2 years ago, set aside a fixed amount of money

18   to pay asbestos claimants.  It also established a difference

19   between people who were already sick, and people who became

20   sick or might become sick in the future.  At the time, based

21   on the fact that you filed an unmanifested claim, you were

22   not currently sick.  That entitled you to a claim for your

23   unmanifested illness, which was allowed, by court order, in

24   December, in a fixed amount of something over $2,000, I

25   don't remember the exact amount.

1              The fact that you only got $197.75, as opposed to

2      the full 2,000, was based on the fact that only a fixed

3      amount of money was set aside, and the amount of money was

4      less than the amount of claims, so nobody got paid 100 cents

5      on the dollar.

6              All that happened, it was adequately noticed, it

7      was approved by the Court, usually after a contested

8      hearing, the appeal period has expired, it cannot be

9      revisited, by operation of law.

10             In addition, we had a hearing in February which

11     dealt with both your complaint about the unmanifested claim,

12     in a motion for reconsideration, as well as the fact of your

13     subsequent late filed claims of $30 billion and $250

14     billion, which, of course, are manifestly unreasonable.  The

15     Court disallowed those claims of $30 billion and $250

16     billion.  I entered an order, you did not appeal, the time

17     to complain about that is gone and it cannot be revisited.

18             So you ask -- and with regard to a Trustee, by

19     operation of the clear meaning of the bankruptcy code, once

20     the plan was confirmed, 3 1/2 years ago, the Court was

21     devoid of the power to appoint a Trustee.  So I can't

22     appoint a Trustee.  There's no point in giving you relief

23     from the automatic stay, because as a matter of law, you

24     have nothing you can assert if I do that.  And I'm not going

25     to revisit claims that have already been litigated and

1    disallowed.

2              So I'm going to make some findings, and an order.

3    First, all claims of Mr. Coleman, having been previously

4    liquidated, as set forth in the TCEH objection order, and

5    Mr. Coleman has no other claims against Reorganized TCEH or

6    any other Debtor in these cases.

7              Two, Mr. Coleman is a vexatious litigant, and his

8    continuing actions in these bankruptcy cases have resulted

9    in a waste of estate and judicial resources.

10             Three, all relief requested in the unsecured claim

11   payment motion, and the examiner motion, are denied with

12   prejudice.

13             Four, any further documents, whether in the form

14   of a motion, notice, or otherwise, submitted to the Court in

15   these bankruptcy cases, by Mr. Coleman, will be docketed,

16   but will not be considered nor acted upon by the Court.

17             Five, neither the Reorganized TCEH, nor any other

18   party in interest, are required to respond to any documents

19   or notices filed or served by Mr. Coleman in these

20   bankruptcy cases.

21             Six, notwithstanding -- forget about six.  Six,

22   the Court will retain jurisdiction over all matters arising

23   from or related to the order the Court will enter.

24             Now, Mr. Coleman, if you are unhappy with what

25   happened today, your sole remedy is to file an appeal.  You

1    have 14 days, help me out, 14 days to file an appeal.  I

2    strongly urge you, if you are unhappy, to file an appeal.

3    If you do not file an appeal, there is nothing anybody can

4    do for you.

5              I have no comment, or will not comment on whether

6    your appeal will be successful, but it is the only way for

7    you to continue to be heard in connection with this matter.

8    That appeal will go to the District Court, which is here in

9    Delaware, and is the court that sits above the Bankruptcy

10   Court, and you will be heard by the District Court.  That's

11   my ruling.

12             Mr. Madron, what's next on the agenda?

13             MR. MADRON:  Thank you, Your Honor.  With respect

14   -- before we move on, with respect to the proposed form of

15   order, I believe the order that we attached as Exhibit I to

16   our response is missing a couple of the findings Your Honor

17   just made.  I don't know if Your Honor prefers to --

18             THE COURT:  I got one.

19             MR. MADRON:  -- do that order or -- perfect.

20   Thank you very much, Your Honor.  We appreciate that.

21             THE COURT:  Right here.

22             MR. MADRON:  Your Honor, then that moves us on to

23   Agenda Items 3 and 4.  These, again, are the motions filed

24   by certain asbestos claimants seeking the ability to file

25   late proofs of claim in these Chapter 11 cases.  Again, this

1    matter is contested by Reorganized EFH and Sempra.  The EFH

2    Plan Administrator Board did not take a position.

3              So with that, I will go ahead and yield to Mr.

4    Hogan to present those motions.  They were briefed on a

5    consolidated basis, so I suspect it may be taken up on a

6    consolidated basis as well, but, you know, defer to Mr.

7    Hogan in that regard.

8              THE COURT:  All right.  Thank you very much, Mr.

9    Madron.

10             Mr. Hogan, very good to see you today.

11             MR. HOGAN:  Good morning, Your Honor.  Can you

12   hear me fine?

13             THE COURT:  Yes, I can.

14             MR. HOGAN:  Wonderful.  Thank you.  Yes, Your

15   Honor, with the Court's permission, I would like to proceed

16   on a consolidated basis.  The issues are largely the same as

17   to both claimants, and I don't want to take up too much of

18   the Court's time unnecessarily.  So with that, I will

19   proceed, Your Honor.

20             Good morning.  May it please the Court.  Daniel

21   Hogan on behalf of Dennis and Marie Bergschneider and Kay

22   Heinzman, surviving spouse of David Heinzman.  Before the

23   Court for consideration today are the motions of

24   Bergschneider to allow late filed proofs of claim, and the

25   motion of Heinzman to allow late filed proofs of claim.  I

1    will -- for today's purposes, Your Honor, I will refer

2    collectively to those motions as "the motions to allow."

3              A bit of housekeeping, Your Honor, relative to the

4    motions to allow, I'd like to thank the Court for allowing

5    me to dispense with the need to have the movants appear at

6    today's hearing.

7         (Off microphone comment)

8              MR. HOGAN:  Aside from the obvious technological

9    challenges taking place at this time --

10             THE COURT:  I'm sorry, Mr. Hogan, did someone

11   speak?

12             MR. COLEMAN:  Yes.  This is Alvester.

13             THE COURT:  Court Call?

14        COURT CALL:  Yes, Your Honor.

15             THE COURT:  Could you mute that line, please?

16        COURT CALL:  Yes.

17             THE COURT:  You may proceed, Mr. Hogan.

18             MR. HOGAN:  Thank you, Your Honor.  So as I said,

19   thank you for allowing me to dispense with the need to have

20   the movants appear at today's hearing.  Aside from certain

21   technological challenges that they would face, it would be

22   further complicated by the fact that as asbestos claimants

23   they're experiencing challenges which would complicate their

24   appearance as well.

25             So, Your Honor, today is the culmination of Mr.

1   Heinzman and the Bergschneiders' efforts to address their

2   due process rights.  The movants have battled extensively,

3   as the Court is aware, and ultimately unsuccessfully, to

4   facially challenge aspects of the confirmation order

5   (indiscernible).  We're meeting virtually today to consider

6   the longest post-confirmation process, as contemplated by

7   the Plan of Reorganization, of an as-applied retrospective

8   challenge to the Debtors' notice scheme.

9          Relevant to this as-applied challenge is the

10  consideration of the following factors:  The Court has

11  retained jurisdiction over the parties to consider whether

12  it unconstitutionally discharged individual claims; the

13  Third Circuit has recognized and Sempra has agreed, that

14  this Court must accept late filed proofs of claim under Rule

15  3003(c)(3) for cause shown.  That flexible standard, as the

16  Court is aware, is predicated on showing that the danger of

17  prejudice to the Debtor is low, that the claimants have good

18  reason for the delay, and that the length of the delay does

19  not have an outside impact on these judicial proceedings.

20         Let me address each, Your Honor.  As to the danger

21  or prejudice to Sempra, the Third Circuit recognized that

22  all latent claimants would have the opportunity to show that

23  reinstatement of their claims would pose no prejudice to the

24  Debtors.  The Third Circuit emphasized that the prospect of

25  a post-confirmation procedure, for allowing restatement of

1    claims such as (indiscernible) was baked into the Merger

2    Agreement and the Plan of Reorganization.  Reinstatement of

3    latent claims under Rule 3003(c)(3) would appear to not

4    alter the expectations the parties had, at the time they

5    agreed to the merger, the parties, of course, being Sempra

6    and the Debtors.

7              As to the issue of prejudice, Your Honor, as the

8    Court is aware, Mr. Heinzman was diagnosed with mesothelioma

9    in July of 2016, well after the conclusion of the notice

10   program, and after the December 14th, 2015 asbestos bar

11   date.  A little over three months later, on November 3rd,

12   2016, he filed a notice of intent to participate in those

13   confirmation proceedings.

14             Similarly, Bergschneider was diagnosed with meso

15   in September of 2017, again, well after the conclusion of

16   the notice program and the asbestos bar date.  A little over

17   two months later, he filed a notice of intent to participate

18   in the confirmation proceeding.

19             These notices of intent apprised the Court, and

20   all interested parties, of the existence, nature and extent

21   of the claims and made clear the intention of the claimants

22   to hold the Debtors responsible for those claims.  I would

23   note, as well, Your Honor, that the notices of intent were

24   also filed well before the Sempra plan was confirmed.

25             As for the reason for the delay in moving to

1    assert these claims, movants can satisfy this requirement by

2    showing that they would otherwise be deprived of due process

3    as required under the Grossman standard.  Your Honor, I know

4    you're very familiar with that, so I'm not going to belabor

5    the Grossman point, except to say that the Third Circuit did

6    indicate that the factors bearing on the adequacy of the

7    noticed bar date, including for purposes of a Rule

8    3003(c)(3) proceeding, are whether the notice of the claim

9    bar date came to the claimant's attention, whether -- or

10   when the claimants were aware of their vulnerability to

11   asbestos, and whether the claimants had a colorable claim at

12   the time of the bar date.

13           As opposed to the movants, Your Honor, each of

14   these -- each has made clear, by the respective affidavits

15   in support of the motion, that, 1.) The notice of the bar

16   date did not come to their attention until after they were

17   diagnosed with mesothelioma; and it is also evident from the

18   affidavits that the movants did not have a colorable claim

19   at the time of the bar date.

20           As the Third Circuit has made clear, a latent

21   claim cannot be constitutionally discharged if the claimant

22   received inadequate notice of the claim's bar date.  This is

23   a concern which, as you know, it arises starkly in

24   situations where people who present with asbestos injuries

25   that do not manifest until years, or even decades after

1    exposure.  Movants have argued, based on these factors, that

2    the permanent discharge of their respective claims does not

3    comply with the due process that's required under Grossman,

4    it's an adequate reason for delay, and that they are

5    entitled to obtain reinstatement under Rule 3003(c)(3).

6           Lately, Your Honor, while the length of the delay

7    between the bar date and the movants' Rule 3003 motions has

8    been substantial, movants contend that the delay has no

9    impact on Sempra's interest in the EFH bankruptcy

10   proceedings, because those proceedings concluded with a

11   confirmation order which contemplated this very proceeding,

12   a fair post-confirmation process, as part of the plan to

13   which Sempra agreed by effectuating the merger.  The Third

14   Circuit specifically considered the fact that the

15   confirmation order contemplated just this type of post-

16   confirmation challenge and determined that this fact too

17   cuts in favor of granting a Rule 3003 motion.

18          Let me now turn, if I could, quickly, Your Honor,

19   to Sempra's arguments that the movants haven't satisfied

20   either the Pioneer standards or the as-applied Grossman

21   standards.

22          Sempra's objection is entirely devoid of argument

23   relating to Grossman's analysis, but for a footnote where

24   they say that we've neither alleged or given evidence to

25   support a Grossman's analysis.  We disagree.

1           Sempra argues that the movants were unknown

2    creditors who received proper publication notice.  This

3    argument is helpful to the movants, as we agree that the

4    movants were unknown creditors, which actually satisfies one

5    of the Grossman factors.

6           Sempra's argument that there was no justifiable

7    excuse for movants' delay from the discovery of their

8    claims, to the filing of the proof of claims, ignores the

9    content and import of the notices of intent, which were

10   filed shortly after the movants were diagnosed with

11   mesothelioma, and which made clear, to all interested

12   parties, the movants' intention to hold the Debtors liable

13   for the claims.  This argument ignores the import of the

14   movants' notices of intent, which were filed, which also

15   satisfies the five-part test of an informal proof of claim,

16   as enumerated in the In Re: American Classic Voyage case.

17          Sempra's objections in appropriately characterized

18   the delay in filing the proofs of claims, as a strategic

19   attempt to preserve (indiscernible) standing, fails to

20   acknowledge that movants acted in good faith upon filing the

21   proof of claims.  The movants filed the proof of claims

22   immediately upon determining not to seek a review, in either

23   the Third Circuit or the United States Supreme Court, of the

24   appeal that just ended earlier this year.

25          The movants' appeal does not constitute an

1    improper collateral attack on the order protecting the

2    latent claims objections and holding untimely filers to the

3    bar date.  Movants, thus, are entitled to await plan

4    confirmation to raise their objections as part of the

5    appeal.

6              Your Honor, with that, I'll reserve some time, if

7    I could, to what Mr. Shore has to say.  And then at the

8    conclusion of that, Your Honor, I would then ask the Court

9    to move the Bergschneider and Heinzman declarations into

10   evidence.  Thank you.

11             THE COURT:  Thank you, Mr. Hogan.

12             Any response?

13             MR. SHORE:  Yes.  Thank you, Your Honor.  Chris

14   Shore, on behalf of Sempra.

15             I'll be brief and just make a few points.  But

16   before I get into the substance of it, I do want to explain

17   why we're opposing here.  We continue to have misgivings

18   about the strategy undertaken by the current litigants, and

19   are concerned that this is just another attempt to

20   relitigate the class claim issue and attack the process, in

21   other words, to bring down the bar date order and allow a

22   class claim process to proceed outside of bankruptcy.  And

23   Mr. Hogan's focus on notice and due process, again, isn't

24   helping.  In our view, it is time for closure and to move

25   on.

1      Here's how we think about it.  The Third Circuit,

2  in our view, has resolved the issue of due process.  Even

3  though EFH chose to go ahead without a 524(g) Plan, the

4  notice program, pre-confirmation, was consistent with

5  Mallaney and the bar date order and the plan process,

6  coupled with the late claim process, renders the choice that

7  EFH made constitutional.  In short, Mr. Husnick was right

8  all along, that this just did not have to go with a 524(g)

9  process.

10      As Mr. Hogan noted, under the plan Sempra, or the

11  Reorganized Debtors, more appropriately, have agreed to pay

12  late claims that are allowed by this Court, but it also

13  requires that late claimants also comply with the rules.

14  And in our view, it boils down to two shows that need to be

15  made by late claimants.  One, that they didn't get actual

16  notice.  And two, that once they did get notice, they moved

17  quickly in a manner that comports with the definition of

18  excusable neglect in the rules.

19      With respect to these claimants, based upon their

20  declarations, we are willing to concede that they had no

21  actual notice at the time the bar date order was entered.

22  The question, from our perspective, is whether the Court can

23  find excusable neglect, given the process that the claimants

24  went through here.  If not, then their claim should be

25  disallowed, without regard to any issues of due process or

1    constitutional right, it's really just an application of the

2    bankruptcy rules in accordance with Pioneer.

3              In our view, I think it boils down, again, to one

4    simple issue.  There was a decision made here to -- not to

5    file a proof of claim and move on, like the 10,000 other

6    claimants did, who said that they received -- or filed,

7    sorry, unmanifested claims.  These particular litigants

8    chose to proceed with litigation.  In other words, in order

9    to make a run at tearing down the bar date order and

10   process, they did not file proofs of claim in order to

11   preserve standing to appeal to the District Court, and then

12   to the Third Circuit.

13             In that regard, there has been enormous prejudice

14   to the Debtors.  Had they just gone ahead and filed proofs

15   of claim and had everybody just done what ultimately the

16   Third Circuit said was permissible, which is just file

17   claims and move on, the Debtors would not have had to, and

18   Sempra would not have had to bear the cost of these appeals.

19             So coming to the issue of excusable neglect, there

20   is no dispute that these claimants knew about the bar date

21   order at the time that they appealed.  And the delay that

22   these particular claimants have engaged in is well beyond

23   what any court has ever found is excusable neglect, at 41

24   and 29 months respectively.

25             There is no explanation for the delay, as to why

1    they did it.  We can suppose that it was done for a

2    strategic reason, but the burden is on the claimants to

3    articulate, for the Court, why they chose not to move

4    quickly to have their claims reinstated.  And again, that is

5    their burden, not ours.  So given the length of delay, and

6    the lack of any explanation for why they didn't come to the

7    Court immediately when learning of the bar date notice, to

8    get a late claim process started, we think the better result

9    here is that the Court deny the motion, recognizing that the

10   movants have other sources of recovery.  Again, they had

11   sued multiple Defendants, it's just that given the way the

12   process proceeded here, EFH and the Reorganized Asbestos

13   Debtors should not be one of those Defendants.

14            THE COURT:  Thank you, Mr. Shore.

15            Mr. Madron, your client took no position, correct?

16            MR. MADRON:  Your Honor, yeah, the EFH Plan

17   Administrator Board takes no position with respect to the

18   motion before the Court at this time.

19            THE COURT:  All right.  Thank you.

20            Mr. Schlerf, you're with Mr. Shore.  Does anyone

21   else wish to be heard before I turn it over to Mr. Hogan for

22   a rely?

23            All right.  Mr. Hogan, reply?

24            MR. HOGAN:  Thank you, Your Honor.  Let me address

25   each of the points to the best of my ability, as made by Mr.

1    Shore.

2          I'm a little perplexed by the class claim notion

3    that somehow this is a backdoor attempt to conjure up a

4    class claim, Your Honor.  As the Court is well aware,

5    predicated on the docket and proceedings before Your Honor,

6    that motion was heard, that motion was decided with the

7    denial of a class claim, and that was not appealed.  And so

8    I think it's fair to say that that is a bridge that's been

9    put off and there's no expectation or understanding, on

10   behalf of these parties, or anyone affiliated with me, that

11   this is somehow a backdoor attempt to revisit a class proof

12   of claim.

13          In regard to the argument, Your Honor, that

14   somehow, we didn't explain or satisfy the requirements of

15   excusable neglect, Your Honor, we have made a prima facie

16   case as to each of the elements required.  On the contrary,

17   I think it's fair to say that in rebuttal of our proceedings

18   and what we've put forward, Your Honor, that Sempra has

19   failed to really articulate any basis for prejudice on their

20   part.  I mean, from our perspective, they understood that

21   these claimants were involved in this case from the moment

22   that they filed the notices of intent.  Your Honor, you'll

23   recall that the notice of intent process was a process that

24   the Court put together by virtue of order, which allowed for

25   an objection process to be involved in the event that

1    someone filed a notice of intent and they were

2    inappropriately being -- trying to implicate themselves into

3    the plan confirmation process.

4            That did not happen.  Sempra had the ability to

5    object to both the involvement of Mr. Bergschneider and the

6    Heinzmans and failed to do so.  And so from our perspective,

7    we have proven prejudice, or a lack thereof, and they have

8    no basis to argue that they were somehow prejudiced,

9    particularly when the plan contemplates this very

10   proceeding, Your Honor.

11           We -- as you know, we've talked about this

12   proceeding happening at some point, claimants unnamed,

13   obviously.  But we've gone back and forth about the ability

14   to claimants to come before this Court, on an ad hoc basis,

15   and present their claims.  And from our perspective, we've

16   satisfied the burden.  There is no prejudice.  We've

17   justified the reasons for the delay.  And ultimately, we

18   believe that the notices of intent could give rise to an

19   informal proof of claim such that Sempra was on notice from

20   the point that those were filed.

21           And so from our perspective, Your Honor, we've

22   satisfied the burden.  These claimants are entitled to have

23   their proofs of claims allowed.  And with that, Your Honor,

24   I would offer both declarations to be introduced into

25   evidence in support of the motions.

1          THE COURT:  Any objection.  Oops, sorry.  I keep

2     forgetting to turn my mic on.

3          Any objection to the admission of those documents?

4          MR. SHORE:  No objection, Your Honor.

5          THE COURT:  All right.  They're admitted without

6     objection.

7        (Declarations of Bergschneider and Heinzman admitted

8     into evidence.)

9          THE COURT:  And I understood there was an

10    agreement among counsel that it was okay they not be on the

11    line and that there was no desire to cross-examine; is that

12    correct?

13         MR. SHORE:  That is correct.

14         THE COURT:  Okay.  All right.  Thank you,

15    gentlemen, for your presentation today.

16          This is an important and somewhat thorny issue to

17    apply what appears to be pretty clear law, under Pioneer,

18    but viewed through the lens of due process issues, both as

19    applied sort of challenges to procedures that were set by

20    the Court and ultimately affirmed by the Third Circuit.  So

21    perhaps not unsurprisingly, I am going to take this matter

22    under advisement.

23          Believe it or not, given the sort of lull that has

24    long since ceased being a lull in business under the

25    coronavirus pandemic, my matters under advisement list is

1    growing, after shrinking for a little while, but it's

2    starting to grow.  I will turn to it as quickly as possible.

3           I don't think this will hold up the final decree

4    in the Reorganized TCEH matters.  Correct?  There are other

5    things that (indiscernible).

6           MR. MADRON:  It would not, Your Honor.

7           THE COURT:  Okay.

8           MR. MADRON:  Yeah, from the Reorganized TCEH's

9    position, Your Honor, we do not believe that this issue --

10   it's strictly an E-side issue, we don't believe that that

11   would delay the final decree on the T-side.

12          THE COURT:  Okay.  Thank you, I just want to not

13   hold that up unnecessarily.  But we had a new motion filed

14   just the other day, so we'll be back in front of each other

15   in July, I believe, in any event, so -- on the Reorganized

16   TCEH side.

17          Anyway, all right, the matter is going to be taken

18   under advisement.  I will rule as promptly as I can, and

19   that's pretty much where we are.

20          Anything further for today?  All right.  Thank you

21   all very much.  We are adjourned.

22

23   (Whereupon these proceedings were concluded at 12:07 PM)

24

25

1                C E R T I F I C A T I O N

2

3      I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5                                          Digitally signed by Sonya Ledanski
                                           Hyde
6    Sonya Ledanski Hyde              DN: cn=Sonya Ledanski Hyde, o, ou,
                                           email=digital@veritext.com, c=US
7                                          Date: 2021.03.24 11:28:12 -04'00'

8    Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  June 5, 2020

| & |
| --- |
| **&**   3:3,18 9:14 |

**1**

**1**   1:15 2:1,13 9:23
9:25 30:15
**1/2**   16:12 17:16
22:17 23:20
**10,000**   35:5
**100**   23:4
**10020**   3:21
**10:00**   1:16
**11**   1:5 2:5 10:7
17:2,20,21 25:25
**1104**   2:5 16:5
**11501**   41:23
**1221**   3:20
**12:07**   40:23
**1311**   3:13
**13982**   13:22
**14**   2:2,7 25:1,1
**14-10979**   1:6 9:3
**14040**   2:2 10:3
**14041**   2:7 10:3
**14047**   2:10
**14055**   2:13
**14th**   29:10
**17th**   10:2
**194**   11:13
**197.75**   23:1
**197.75.**   13:21
**19806**   3:14
**19th**   15:6

**2**

**2**   9:23,25
**2,000**   22:24 23:2
**2,754**   13:19
**20**   2:10
**2015**   13:9 29:10
**2016**   29:9,12
**2017**   29:15
**2019**   13:15

**2020**   1:15 2:2,7,10
2:13 18:8 19:4
41:25
**21st**   18:9
**250**   14:22 23:13
23:15
**27th**   14:14
**28th**   9:21
**29**   35:24

**3**

**3**   9:23 10:4 16:12
22:17 23:20 25:23
28:15 29:3 30:8
31:5
**30**   14:21 23:13,15
**300**   41:22
**3003**   28:15 29:3
30:8 31:5,7,17
**31018**   13:10
**330**   41:21
**3rd**   29:11

**4**

**4**   9:23 10:4 17:16
25:23
**40**   20:7
**41**   35:23
**446**   17:13
**4th**   18:8

**5**

**5**   41:25
**524**   34:3,8
**53rd**   14:5,9 15:6

**6**

**60**   20:6,7
**62465**   13:11
**6th**   3:20

**8**

**824**   1:13

| a |
| --- |
| **abbott**   7:19 |

**ability**   25:24
36:25 38:4,13
**able**   9:16 10:6,15
11:10
**abrasive**   18:7
**abusive**   18:7
**accept**   28:14
**account**   15:2,15
15:22 22:4
**accurate**   41:4
**acknowledge**
32:20
**acted**   24:16 32:20
**action**   2:6 17:4
**actions**   24:8
**actual**   34:15,21
**ad**   38:14
**adam**   8:20
**addition**   23:10
**additional**   14:19
**additionally**
15:13 18:4
**address**   28:1,20
36:24
**adequacy**   30:6
**adequate**   11:22
11:23 31:4
**adequately**   23:6
**adjourned**   40:21
**administered**   1:7
**administrator**
9:15 10:8 26:2
36:17
**admission**   19:12
39:3
**admitted**   39:5,7
**advisement**   39:22
39:25 40:18
**affairs**   16:9
**affidavits**   30:14
30:18

**affiliated**   37:10
**affirmed**   39:20
**age**   9:7
**agenda**   9:6,7,11
9:20,21,23,25
10:4,18 25:12,23
**agent**   19:7
**ago**   22:17,17
23:20
**agree**   32:3
**agreed**   28:13 29:5
31:13 34:11
**agreement**   29:2
39:10
**ahead**   26:3 34:3
35:14
**ain't**   12:24 19:8,9
19:21
**al**   1:6
**albert**   7:15
**alix**   7:14
**alleged**   15:3,21
31:24
**allow**   2:9,12 26:24
26:25 27:2,4
33:21
**allowance**   10:6
**allowed**   13:17,18
15:15 22:23 34:12
37:24 38:23
**allowing**   27:4,19
28:25
**alter**   29:4
**alvester**   3:8,9
10:1 19:7 27:12
**amended**   19:3
**american**   32:16
**amount**   13:19
14:3 22:17,24,25
23:3,3,4
**amounts**   15:22
**amy**   7:21

| | | | |
|---|---|---|---|
| **analysis** 31:23,25 | **arising** 24:22 | **backdoor** 37:3,11 | **beyond** 35:22 |
| **andrew** 5:5,6,23 | **article** 14:18 | **baked** 29:1 | **billion** 14:22,22 |
| 7:24 8:17 | **articulate** 36:3 | **baker** 4:4 | 23:13,14,15,16 |
| **anniversary** 9:4 | 37:19 | **ball** 4:5 | **bit** 27:3 |
| **answer** 18:18 | **asbestos** 10:5 | **bank** 22:3 | **black** 12:18 19:17 |
| **antos** 4:2 | 13:16 21:16 22:18 | **bankruptcy** 1:1 | **board** 9:16 10:8 |
| **anybody** 25:3 | 25:24 27:22 29:10 | 1:12,23 3:12 16:5 | 26:2 36:17 |
| **anyway** 40:17 | 29:16 30:11,24 | 21:11,12 23:19 | **body** 18:21 |
| **appeal** 23:8,16 | 36:12 | 24:8,15,20 25:9 | **boils** 34:14 35:3 |
| 24:25 25:1,2,3,6,8 | **aside** 22:17 23:3 | 31:9 33:22 35:2 | **brame** 7:12 |
| 32:24,25 33:5 | 27:8,20 | **bar** 29:10,16 30:7 | **brent** 6:16 |
| 35:11 | **aspect** 10:15 | 30:9,12,15,19,22 | **brett** 7:7 |
| **appealed** 35:21 | **aspects** 28:4 | 31:7 33:3,21 34:5 | **brian** 4:4 5:4 |
| 37:7 | **assert** 15:2 22:12 | 34:21 35:9,20 | **bridge** 37:8 |
| **appeals** 35:18 | 22:14 23:24 30:1 | 36:7 | **brief** 33:15 |
| **appear** 10:3 27:5 | **asserting** 14:22 | **barsalona** 7:20 | **briefed** 14:13 26:4 |
| 27:20 29:3 | **assertion** 16:18 | **based** 16:13 22:7 | **bring** 33:21 |
| **appearance** 27:24 | **attached** 10:20 | 22:20 23:2 31:1 | **broad** 20:25 |
| **appearing** 4:1 | 18:5,10,14 25:15 | 34:19 | **brown** 7:13,21 |
| **appears** 39:17 | **attack** 15:24 33:1 | **basis** 10:12 17:8 | **brownstein** 4:6 |
| **application** 35:1 | 33:20 | 26:5,6,16 37:19 | **brozman** 7:14 |
| **applied** 28:7,9 | **attempt** 32:19 | 38:8,14 | **bryant** 4:7 8:15 |
| 31:20 39:19 | 33:19 37:3,11 | **battled** 28:2 | **burden** 36:2,5 |
| **apply** 22:13 39:17 | **attention** 30:9,16 | **bear** 35:18 | 38:16,22 |
| **appoint** 23:21,22 | **attorneys** 3:4 | **bearing** 30:6 | **busenkell** 4:8 |
| **appointment** 2:4 | **augustine** 4:3 | **behalf** 9:15 26:21 | **business** 39:24 |
| 16:4,13 | **authority** 2:6 | 33:14 37:10 | **butz** 4:9 |
| **appreciate** 13:8 | 11:17 12:2 | **belabor** 13:7 30:4 | **c** |
| 25:20 | **automatic** 11:15 | **believe** 12:9 25:15 | **c** 3:1 5:20 6:4 7:13 |
| **apprised** 29:19 | 12:4 23:23 | 38:18 39:23 40:9 | 7:19,20 9:1 28:15 |
| **appropriately** | **available** 14:3,3 | 40:10,15 | 29:3 30:8 31:5 |
| 32:17 34:11 | 22:8 | **belongs** 22:6 | 41:1,1 |
| **approved** 23:7 | **avenue** 3:13,20 | **ben** 4:14 | **c5** 13:18 |
| **april** 2:2,7,10 10:2 | **await** 33:3 | **benjamin** 5:16 8:3 | **call** 9:8 21:16 |
| 18:8 | **aware** 14:8 16:10 | **bergschneider** 2:9 | 27:13,14,16 |
| **argue** 38:8 | 17:14 28:3,16 | 3:12 26:21,24 | **called** 21:18 |
| **argued** 31:1 | 29:8 30:10 37:4 | 29:14 33:9 38:5 | **capolino** 4:10 |
| **argues** 32:1 | **b** | 39:7 | **car** 21:17,19,20 |
| **argument** 31:22 | **b** 1:21 4:9 5:10 | **bergschneiders** | 21:21,22 |
| 32:3,6,13 37:13 | 6:10 7:2 8:4 | 28:1 | **card** 21:25 22:1,2 |
| **arguments** 31:19 | **back** 10:2 13:23 | **best** 21:6 36:25 | 22:2 |
| **arises** 30:23 | 14:14 38:13 40:14 | **better** 36:8 | **cards** 22:1 |

carefully 21:5
carickhoff 4:11
carl 5:22
case 1:6 3:18 9:3,5
  9:7 15:9,11 17:13
  17:20,21 21:7
  32:16 37:16,21
cases 10:7 16:4
  17:2 18:1 24:6,8
  24:15,20 25:25
casey 4:12
cash 13:21 14:2
  22:8
cause 16:8 28:15
ceased 39:24
celebrating 20:20
cents 23:4
certain 10:5 21:14
  25:24 27:20
certified 41:3
chafetz 4:13
challenge 15:14
  28:4,8,9 31:16
challenged 15:10
challenges 27:9
  27:21,23 39:19
chapter 1:5 10:7
  17:2,20,21 25:25
characterized
  32:17
charles 5:19
check 15:16 20:11
checkers 12:22
chess 12:23
chesters 4:14
chiappardi 7:22
chipman 4:15
choice 34:6
chose 34:3 35:8
  36:3
chris 33:13
christopher 1:22
  3:23 5:11 6:22 7:8

8:16
circuit 15:10 17:9
  28:13,21,24 30:5
  30:20 31:14 32:23
  34:1 35:12,16
  39:20
cite 15:11 17:13
claim 2:1,9,12
  10:7 13:10,10,11
  13:19 14:1,20
  15:15,23 19:7
  22:21,22 23:11
  24:10 25:25 26:24
  26:25 28:14 30:8
  30:11,18,21 32:15
  33:20,22 34:6,24
  35:5,10,15 36:8
  37:2,4,7,12 38:19
claim's 30:22
claimant 10:1
  13:25 18:2 30:21
claimant's 30:9
claimants 13:24
  14:4,6 22:18
  25:24 26:17 27:22
  28:17,22 29:21
  30:10,11 34:13,15
  34:19,23 35:6,20
  35:22 36:2 37:21
  38:12,14,22
claims 10:5 11:19
  11:21 13:12,16,17
  13:25 14:6,10
  15:3,7 19:4 21:15
  21:15,16,17,24
  23:4,13,15,25
  24:3,5 28:12,23
  29:1,3,21,22 30:1
  31:2 32:8,8,13,18
  32:21,21 33:2
  34:12 35:7,17
  36:4 38:15,23

clarke 4:16
class 13:18 33:20
  33:22 37:2,4,7,11
classic 32:16
clear 23:19 29:21
  30:14,20 32:11
  39:17
client 6:7 7:10
  36:15
clients 10:6
clifford 7:5
closing 16:23
  17:19
closure 33:24
code 2:5 16:5
  23:19
cohen 7:23
coincide 11:24
coleman 3:8,9
  7:15 10:1 11:2,3
  11:12 13:1,9,18
  13:20,24 14:8,14
  14:20 16:1,12,17
  16:25 17:2,14,23
  18:15,23 19:1
  24:3,5,7,15,19,24
  27:12
coleman's 10:23
  13:16 14:25 15:8
  15:15 16:3 17:6
  18:6
collateral 11:21
  11:23 15:24 33:1
collectively 27:2
collins 4:17
colorable 30:11
  30:18
come 12:12 15:20
  17:23 30:16 36:6
  38:14
comes 19:14
coming 35:19

comment 25:5,5
  27:7
comments 18:7,11
  18:24 20:24
committed 15:17
company 22:1,2,2
complain 23:17
complaint 23:11
complaints 17:11
compliance 11:18
compliances 12:8
complicate 27:23
complicated
  27:22
comply 31:3
  34:13
comports 34:17
concede 34:20
concern 30:23
concerned 33:19
concerning 10:18
  16:13
conclude 17:23
concluded 31:10
  40:23
conclusion 14:16
  29:9,15 33:8
conduct 18:2
confirm 10:16
confirmation 16:1
  16:7,11,16 28:4,6
  28:25 29:13,18
  31:11,12,15,16
  33:4 34:4 38:3
confirmed 22:16
  23:20 29:24
conjure 37:3
connection 25:7
consequently
  17:22
consider 28:5,11
consideration
  26:23 28:10

**considered** 24:16
31:14
**consistent** 34:4
**consolidated** 9:23
26:5,6,16
**constitute** 32:25
**constitutional**
34:7 35:1
**constitutionally**
30:21
**contemplated**
28:6 31:11,15
**contemplates** 38:9
**contemporaneo...**
14:20
**contend** 31:8
**content** 32:9
**contested** 10:12
14:13,15 23:7
26:1
**context** 21:6
**continue** 15:1
25:7 33:17
**continued** 15:13
18:9
**continues** 18:10
**continuing** 15:20
24:8
**continuous** 17:9
**contrary** 37:16
**conversations**
10:13
**corona** 11:14
**coronavirus**
39:25
**corp** 1:5 9:3
**correct** 19:15
36:15 39:12,13
40:4
**correctly** 19:13
**correspondence**
18:5,6

**cost** 35:18
**costelloe** 4:18
**counsel** 3:12 12:3
18:6,11 39:10
**countenanced**
15:23
**country** 41:21
**couple** 20:24
25:16
**coupled** 34:6
**course** 21:11
23:14 29:5
**court** 1:1,12 2:4
9:2,17 10:2,6 11:1
11:4,9,10 12:13
13:1,5 14:13
16:10,25 17:4,7
17:12,15,25 18:3
18:14,20 20:22,24
21:1,8,9 22:16,23
23:7,15,20 24:14
24:16,22,23 25:8
25:9,10,10,18,21
26:8,13,20,23
27:4,10,13,13,14
27:15,16,17 28:3
28:10,14,16 29:8
29:19 32:23 33:8
33:11 34:12,22
35:11,23 36:3,7,9
36:14,18,19 37:4
37:24 38:14 39:1
39:5,9,14,20 40:7
40:12
**court's** 17:3 26:15
26:18
**creates** 21:13
**credible** 16:18
**credit** 21:25,25
22:2,2
**creditor** 3:9
**creditors** 21:14
32:2,4

**creditor's** 2:1,4
**cross** 39:11
**culmination** 27:25
**current** 16:9
33:18
**currently** 22:22
**cuts** 31:17

**d**

**d** 6:23 9:1
**d.i.** 2:2,6,10,13
**dallaire** 4:19
**danger** 28:16,20
**daniel** 3:16 4:9
8:2 26:20
**date** 29:11,16
30:7,9,12,16,19
30:22 31:7 33:3
33:21 34:5,21
35:9,20 36:7
41:25
**david** 4:5,11 5:2
5:14 6:5,11 26:22
**davido** 4:20
**day** 40:14
**days** 25:1,1
**de** 3:14
**dealt** 23:11
**dearman** 4:21
**death** 12:17
**debtor** 24:6 28:17
**debtors** 1:7 13:19
15:17 16:9,20
18:1 22:7 28:8,24
29:6,22 32:12
34:11 35:14,17
36:13
**debtor's** 2:6
**debts** 12:3,3 20:19
**decades** 30:25
**december** 13:9,15
13:23 15:6 22:24
29:10

**decided** 37:6
**decision** 35:4
**declarations**
10:19 33:9 34:20
38:24 39:7
**decree** 17:19 40:3
40:11
**deem** 12:3
**defendants** 36:11
36:13
**defensive** 12:8
**defer** 26:6
**definition** 34:17
**dehney** 4:22
**delaware** 1:2,14
3:13 25:9
**delay** 28:18,18
29:25 31:4,6,8
32:7,18 35:21,25
36:5 38:17 40:11
**delayed** 17:18
**dendinger** 4:23
**denial** 37:7
**denied** 14:17
24:11
**dennis** 26:21
**deny** 36:9
**denying** 15:7
18:15
**deprived** 30:2
**deputies** 11:22,25
**derek** 7:19
**desire** 39:11
**determined** 31:16
**determining**
32:22
**devoid** 16:20
23:21 31:22
**diagnosed** 29:8,14
30:17 32:10
**difference** 22:18
**different** 10:22
21:13

**digested** 21:6
**disagree** 31:25
**disallowed** 14:23
    15:3,22 23:15
    24:1 34:25
**discharge** 22:11
    31:2
**discharged** 28:12
    30:21
**discovery** 32:7
**discussed** 15:5
**dishonestly** 16:8
**dishonesty** 16:18
**dispense** 27:5,19
**dispute** 13:7
    35:20
**distress** 12:16
**distressed** 19:14
**distribute** 14:4
**distribution** 13:21
    14:2 15:2,16,19
**distributions**
    15:18
**district** 1:2 25:8
    25:10 35:11
**docket** 10:3 13:22
    17:4 37:5
**docketed** 10:2
    24:15
**documents** 24:13
    24:18 39:3
**dollar** 23:5
**dried** 20:14
**due** 21:22 28:2
    30:2 31:3 33:23
    34:2,25 39:18

**e**

**e** 1:21,21 3:1,1
    4:15,23 5:1 9:1,1
    40:10 41:1
**earlier** 32:24
**ecro** 1:25

**edmon** 6:13
**effective** 16:11
**effectuating** 31:13
**efforts** 28:1
**efh** 9:15 10:7,8,9
    26:1,1 31:9 34:3,7
    36:12,16
**either** 10:9 31:20
    32:22
**elements** 37:16
**elkin** 7:24
**email** 18:6,8,9
**emergency** 2:4
**emphasized** 28:24
**endeavor** 15:17
**ended** 32:24
**energy** 1:5 3:19
    9:2
**engaged** 18:2
    35:22
**enormous** 15:22
    35:13
**enter** 18:14 24:23
**entered** 13:15
    14:17 21:8,9
    23:16 34:21
**entirely** 31:22
**entitled** 11:11
    13:21 22:22 31:5
    33:3 38:22
**entitlement** 15:2
    15:21
**entry** 17:19
**enumerated** 32:16
**envisioned** 14:5
    17:9
**eppich** 4:24
**equally** 14:1,7
**equity** 12:15
**eric** 4:13 5:17
    6:23 7:3
**ericka** 8:5

**erin** 4:25
**established** 22:18
**estate** 12:11 24:9
**et** 1:6
**event** 37:25 40:15
**everybody** 9:8
    35:15
**evidence** 10:20
    12:8 19:21 31:24
    33:10 38:25 39:8
**evident** 30:17
**evidentiary** 10:15
**exact** 22:25
**examine** 39:11
**examiner** 2:5 16:4
    16:7,13 24:11
**excellent** 9:18
**excusable** 34:18
    34:23 35:19,23
    37:15
**excuse** 32:7
**exhibit** 13:13 18:8
    25:15
**exist** 21:14 22:15
**existence** 29:20
**expectation** 37:9
**expectations** 29:4
**expend** 17:17
**experiencing**
    27:23
**expired** 23:8
**explain** 33:16
    37:14
**explanation** 35:25
    36:6
**exposed** 11:14
    12:16,17
**exposure** 31:1
**express** 16:6,14
**extensively** 28:2
**extent** 29:20

**f**

**f** 1:21 41:1
**face** 27:21
**facially** 28:4
**facie** 37:15
**fact** 21:1 22:21
    23:1,2,12 27:22
    31:14,16
**factors** 28:10 30:6
    31:1 32:5
**facts** 13:6,9 17:8
    21:8,8,9
**fail** 16:5
**failed** 37:19 38:6
**fails** 32:19
**fair** 14:15 31:12
    37:8,17
**fairly** 14:2
**faith** 32:20
**fall** 17:8
**fallon** 4:2
**familiar** 30:4
**far** 10:15
**favor** 31:17
**fay** 4:25
**february** 14:14
    19:10 23:10
**felger** 5:1
**ferious** 12:7
**file** 10:7,11 11:21
    14:9 24:25 25:1,2
    25:3,24 35:5,10
    35:16
**filed** 2:2,7,9,10,12
    2:13 9:20 10:5,7
    13:10,25 14:11
    18:10 19:3 22:21
    23:13 24:19 25:23
    26:24,25 28:14
    29:12,17,24 32:10
    32:14,21 35:6,14
    37:22 38:1,20
    40:13

filers  33:2
filing  10:9 17:18
  32:8,18,20
filings  9:25 10:20
  10:24 14:25 17:1
  17:3,7,11,15,16
final  17:19,20
  40:3,11
finally  16:3,23
find  16:25 34:23
findings  24:2
  25:16
fine  11:5 21:4
  26:12
finger  3:3 9:14
first  9:4 10:24
  15:18 20:9 24:3
five  24:17 32:15
fixed  22:17,24
  23:2
flexible  28:15
focus  33:23
follow  19:2,4
following  28:10
footnote  31:23
forced  11:14
  17:16
foregoing  41:3
forget  24:21
forgetting  39:2
form  9:20 13:12
  18:14 24:13 25:14
forth  24:4 38:13
forward  10:11
  14:10 37:18
found  35:23
four  9:22 24:13
fournier  5:2
frank  7:12
fraud  16:8,18
fraudulent  19:11
freedman  7:25

frivolous  17:15
front  40:14
fulfree  8:1
full  9:6,6 14:15
  23:2
funds  14:3
furious  19:20
furqaan  6:25
further  15:10
  17:1,3,11 24:13
  27:22 40:20
future  1:5 9:2
  22:20

g

g  7:16 9:1 18:9
  34:3,8
gas  11:24
genna  5:3
gentlemen  39:15
getting  12:17
ghaul  5:3
gill  8:2
give  11:8 18:23
  38:18
given  12:2 31:24
  34:23 36:5,11
  39:23
gives  20:24
giving  11:17 20:9
  23:22
glasser  5:4
glenn  5:5
go  10:11 11:7
  12:12 22:11 25:8
  26:3 34:3,8
going  12:19 19:16
  23:24 24:2 30:4
  39:21 40:17
golden  5:6
good  5:7 13:4
  26:10,11,20 28:17
  32:20

grade  9:4
grant  12:2 17:1
  17:24 20:4
granted  16:12
  17:25
granting  18:15
  31:17
grivner  5:8
gross  16:9,19
grossman  30:3,5
  31:3,20 32:5
grossman's  31:23
  31:25
groundless  17:10
grow  40:2
growing  40:1
guess  9:10
guidances  15:10
guys  12:19 20:5

h

h  7:24 8:2
hackman  8:3
hamilton  15:11
handled  19:13
hansen  5:9
happen  38:4
happened  23:6
  24:25
happening  38:12
happy  18:18
harrison  5:10 8:4
harvey  5:11
hear  9:16 11:3,4
  26:12
heard  18:21 25:7
  25:10 36:21 37:6
hearing  2:1 9:12
  9:21,22 10:14,15
  10:21 14:13,15,16
  18:12 23:8,10
  27:6,20
heinzman  26:22
  26:22,25 28:1

29:8 33:9 39:7
heinzmann  2:12
  3:12
heinzmans  38:6
held  14:13
help  25:1
helpful  32:3
helping  33:24
history  21:7
hoc  38:14
hogan  3:16 10:14
  10:19,25 26:4,7
  26:10,11,14,21
  27:8,10,17,18
  33:11 34:10 36:21
  36:23,24
hogan's  10:5
  33:23
hoganmcdaniel
  3:11
hold  29:22 32:12
  40:3,13
holding  33:2
holdings  1:5 9:2
hon  1:22
honor  9:13,16,19
  9:20 10:13,16,22
  11:12,13,20,25
  12:1,4,6,7,9,9,11
  12:11,13,14,15,16
  12:18,19,20,21,25
  13:3,5,8,20,22
  14:7,8,12,16,25
  15:4,4,13,17,20
  16:3,17,22 17:6
  17:13,14 18:4,12
  18:13,18 19:1,5,8
  19:10,10,13 20:2
  20:4,10,18,20
  25:13,16,17,20,22
  26:11,15,19 27:1
  27:3,14,18,25
  28:20 29:7,23

30:3,13 31:6,18
33:6,8,13 36:16
36:24 37:4,5,13
37:15,18,22 38:10
38:21,23 39:4
40:6,9
**honor's** 13:14
15:6,7,25
**horan** 5:12
**house** 21:19,23
**housekeeping**
27:3
**husnick** 34:7
**hyde** 2:25 41:3,8

**i**

**ignores** 32:8,13
**ii** 7:20
**iii** 5:22 7:11
**illness** 22:23
**immediately**
32:22 36:7
**impact** 28:19 31:9
**impair** 11:25
**imperfectly** 21:3
**implicate** 38:2
**import** 32:9,13
**important** 22:5
39:16
**improper** 33:1
**inadequate** 30:22
**inappropriately**
38:2
**incapable** 21:10
**include** 21:15
**including** 13:16
15:25 16:8 30:7
**incompetence**
16:8,18
**incompetent** 12:8
**indicate** 10:17
30:6
**indiscernible**
11:16 12:10 19:6

19:7,8,23 20:8,11
20:15,21 28:5
29:1 32:19 40:5
**individual** 28:12
**informal** 32:15
38:19
**information** 10:17
**injunction** 22:11
**injuries** 30:24
**injury** 21:15,15
**intent** 29:12,17,19
29:23 32:9,14
37:22,23 38:1,18
**intention** 29:21
32:12
**interest** 16:7
21:18,19 22:3,6,9
22:12,13,15 24:18
31:9
**interested** 3:19
29:20 32:11
**interests** 11:25
**introduced** 38:24
**involved** 37:21,25
**involvement** 38:5
**isaac** 5:24
**issue** 13:5 15:1
29:7 33:20 34:2
35:4,19 39:16
40:9,10
**issues** 26:16 34:25
39:18
**items** 9:23,25 10:3
10:4,4 25:23

**j**

**j** 3:23 4:5,12,16
4:22 6:8 7:25 8:12
**j.r.** 4:7
**jaclyn** 6:4
**james** 8:13
**jane** 6:21
**january** 14:11,21
19:4

**jason** 3:6 9:14
12:7 19:2,3,16
20:6
**jeff** 5:9
**jeffrey** 5:18 7:18
7:23
**jelisavcic** 5:13
**jessica** 6:18
**joe** 6:7
**john** 6:20 8:9
**johnson** 8:5
**johnston** 5:14,15
**jointly** 1:7
**jonathan** 4:6
**joseph** 6:8 7:20
8:12
**joshua** 4:24 5:20
**jr** 6:8 8:12
**judge** 1:23 12:1
**judicial** 24:9
28:19
**july** 29:9 40:15
**june** 1:15 41:25
**jurisdiction** 24:22
28:11
**justice** 19:18 20:1
20:2
**justifiable** 32:6
**justified** 38:17

**k**

**kadden** 5:16
**kang** 5:17
**kaplan** 5:18 8:6
**karen** 5:8
**katherine** 5:7
6:14
**katona** 8:7
**kay** 26:21
**keenly** 17:14
**keep** 39:1
**kelley** 5:19
**kevin** 4:17 6:3
8:21

**kind** 22:4
**kjontvedt** 8:8
**klein** 5:20
**knew** 35:20
**knight** 8:9
**know** 14:9,10
15:4,13,14,20,21
15:21,23 16:3,23
19:20 20:1,3,7,17
20:17 25:17 26:6
30:3,23 38:11
**korpus** 8:10
**kotler** 5:21
**kunz** 5:22

**l**

**l** 4:19 5:3,7 6:17
7:23 8:16,20
**lack** 36:6 38:7
**language** 16:6,14
**largely** 26:16
**lastowski** 8:11
**late** 2:9,12 10:7
23:13 25:25 26:24
26:25 28:14 34:6
34:12,13,15 36:8
**lately** 31:6
**latent** 28:22 29:3
30:20 33:2
**latitude** 20:25
**lauren** 6:2
**law** 13:7 15:8 17:8
21:2,7,10,12,12
21:13 22:6,8,13
23:9,23 39:17
**lawyers** 21:2
**layton** 3:3 9:14
**leads** 16:22
**learned** 21:2
**learning** 36:7
**leave** 10:6
**leblanc** 5:23
**ledanski** 2:25 41:3
41:8

lee  5:24
legal  41:20
lemisch  5:25
lender  21:17,18
  21:19
length  28:18 31:6
  36:5
lens  39:18
level  12:15 21:13
lewis  6:1
liable  12:3 32:12
lieu  10:20
life  20:8,21
lift  22:10
lifting  22:14
linda  4:12
line  11:2 27:15
  39:11
linn  7:16
liquidated  13:17
  24:4
list  39:25
litigant  16:25
  17:24 24:7
litigants  20:25
  33:18 35:7
litigated  23:25
litigation  17:10
  35:8
little  29:11,16
  37:2 40:1
llp  3:18
loan  21:21
loans  11:20
logan  5:21 6:1
long  16:11 22:16
  39:24
longest  28:6
lot  11:13
low  28:17
ludovici  7:17
lull  39:23,24

lundy  6:2
lungs  12:18,19

**m**

m  3:6 5:2,12 6:22
  7:3,18 8:1,7,14
madron  3:6 9:10
  9:13,14,18 13:2,3
  25:12,13,19,22
  26:9 36:15,16
  40:6,8
madron's  18:24
mailbox  20:12
making  17:7
mallaney  34:5
management  16:9
  16:10,19
manifest  30:25
manifestly  23:14
mann  6:3
manner  34:17
marasco  6:4
margherita  4:10
marie  26:21
marisa  4:2
mark  4:23 5:1 6:5
  6:19 8:18
market  1:13
matter  10:11
  14:12 23:23 25:7
  26:1 39:21 40:17
matters  9:22
  24:22 39:25 40:4
matthew  7:2,13
  7:22
mckay  6:6
mckie  6:7
mcmahon  6:8
  8:12
mcneill  6:9
mean  13:5,7 15:4
  15:5,10 37:20
meaning  23:19

meeting  28:5
mentally  19:14
merger  29:1,5
  31:13
mersky  6:10
meso  29:14
mesothelioma
  29:8 30:17 32:11
meyer  6:11
mic  39:2
michael  4:8,18,19
  4:21 7:6,16 8:6,11
microphone  27:7
mid  14:11
miller  6:12
mind  11:9
mindful  21:1
mineola  41:23
mineral  11:25
misgivings  33:17
mismanagement
  19:11
missing  25:16
moment  37:21
money  15:22
  21:12 22:3,17
  23:3,3
monopoly  12:23
months  17:16
  29:11,17 35:24
morgan  6:17
morning  13:4
  26:11,20
mortgage  21:17
  21:18,22
morton  6:13
motion  2:4,9,12
  14:11,17,21 15:8
  17:19 19:25 22:10
  23:12 24:11,11,14
  26:25 30:15 31:17
  36:9,18 37:6,6
  40:13

motions  10:5,25
  25:23 26:4,23
  27:2,2,4 31:7
  38:25
movants  27:5,20
  28:2 30:1,13,18
  31:1,7,8,19 32:1,3
  32:4,7,10,12,14
  32:20,21,25 33:3
  36:10
move  10:19 16:7
  25:14 33:9,24
  35:5,17 36:3
moved  34:16
moves  25:22
moving  29:25
mozingo  8:13
mudge  6:14
multiple  13:25
  36:11
mute  27:15

**n**

n  3:1 4:24 9:1
  41:1
nate  7:9
nature  29:20
need  11:7,15,18
  12:14 19:12 27:5
  27:19 34:14
needs  12:11
neglect  34:18,23
  35:19,23 37:15
negotiated  15:19
neil  4:3
neither  24:17
  31:24
net  13:17,20
never  19:3
new  3:21 40:13
newman  6:15
nicole  8:1
north  1:13

**note** 17:20 29:23
**noted** 34:10
**notice** 16:1 24:14
28:8 29:9,12,16
29:17 30:8,15,22
32:2 33:23 34:4
34:16,16,21 36:7
37:23 38:1,19
**noticed** 23:6 30:7
**notices** 24:19
29:19,23 32:9,14
37:22 38:18
**notified** 19:3
**notion** 37:2
**notwithstanding** 24:21
**november** 29:11
**novick** 8:14
**number** 9:3 13:11
**numbers** 13:10
**numerous** 17:15
**ny** 3:21 41:23

**o**

**o** 1:21 9:1 41:1
**oberg** 8:15
**object** 38:5
**objection** 2:1 14:5
14:9 15:7 24:4
31:22 37:25 39:1
39:3,4,6
**objections** 32:17
33:2,4
**obtain** 31:5
**obvious** 27:8
**obviously** 38:13
**offensive** 18:11
**offer** 38:24
**oil** 11:24
**okay** 9:18 19:1
39:10,14 40:7,12
**old** 41:21
**oliver** 17:12

**omnibus** 14:5,9
15:6
**once** 23:19 34:16
**ongoing** 17:6
**online** 13:12
**oops** 39:1
**open** 17:21
**operation** 21:9
23:9,19
**operator** 1:25
**operators** 11:24
**opportunity** 11:8
18:24 28:22
**opposed** 23:1
30:13
**opposing** 33:17
**order** 12:1 13:14
13:18,22 14:17,18
15:6,7 16:1 17:2
17:11 18:14 22:23
23:16 24:2,4,23
25:15,15,19 28:4
31:11,15 33:1,21
34:5,21 35:8,9,10
35:21 37:24
**orders** 11:18
12:22 15:25 21:8
21:9
**organize** 9:11
**outside** 28:19
33:22
**owe** 21:20 22:2
**owed** 22:9
**owen** 6:16

**p**

**p** 3:1,1 9:1
**p.a.** 3:3
**page** 17:13
**paid** 22:7 23:4
**pandemic** 39:25
**paper** 13:11
**papers** 15:5,12,24
17:13

**part** 31:12 32:15
33:4 37:20
**participate** 29:12
29:17
**participated** 14:14
**particular** 35:7,22
**particularly** 38:9
**parties** 28:11 29:4
29:5,20 32:12
37:10
**party** 3:19 16:6
24:18
**pattern** 17:6,9
**patterson** 6:17
**pay** 20:18 21:14
21:20,22 22:18
34:11
**payment** 2:2
11:13 19:22 24:11
**peace** 19:18 20:3
**peet** 6:18
**people** 22:19,19
30:24
**perfect** 25:19
**period** 23:8
**perkins** 8:16
**permanent** 31:2
**permissible** 35:16
**permission** 17:12
26:15
**perplexed** 37:2
**person** 12:10
18:22
**personal** 21:14
**perspective** 34:22
37:20 38:6,15,21
**peter** 6:24
**phil** 7:1
**phone** 19:15,19
**piece** 22:4
**pioneer** 31:20
35:2 39:17

**place** 27:9
**placed** 17:3
**plan** 9:15 10:8
11:16 12:5,24
14:4,19,24 15:25
16:8,11 22:11,16
23:20 26:2 28:7
29:2,24 31:12
33:3 34:3,5,10
36:16 38:3,9
**platt** 6:19
**play** 12:22,23
**played** 12:15
**playing** 12:5 20:5
20:14,14
**pleadings** 21:5
**please** 26:20
27:15
**pm** 40:23
**point** 15:3,9,20
16:24 17:10 21:10
22:14 23:22 30:5
38:12,20
**points** 33:15
36:25
**policano** 6:20
**pose** 28:23
**position** 10:9 26:2
36:15,17 40:9
**possible** 40:2
**post** 16:11 28:6,25
31:12,15
**power** 23:21
**pre** 16:15 34:4
**predicated** 28:16
37:5
**preference** 10:23
**prefers** 25:17
**prejudice** 24:12
28:17,21,23 29:7
35:13 37:19 38:7
38:16

**prejudiced** 38:8
**preliminary** 20:24
**prepaid** 22:1
**present** 26:4 30:24 38:15
**presentation** 39:15
**presenting** 20:25
**preserve** 32:19 35:11
**pretty** 39:17 40:19
**previously** 24:3
**prima** 37:15
**prior** 15:25
**priorities** 21:14 22:8
**priority** 14:22 15:3
**pro** 3:9,9 10:1 18:2 20:25
**probate** 12:10
**procedure** 28:25
**procedures** 39:19
**proceed** 10:19,24 26:15,19 27:17 33:22 35:8
**proceeded** 36:12
**proceeding** 29:18 30:8 31:11 38:10 38:12
**proceedings** 28:19 29:13 31:10 31:10 37:5,17 40:23 41:4
**process** 14:5 28:2 28:6 30:2 31:3,12 33:20,22,23 34:2 34:5,6,9,23,25 35:10 36:8,12 37:23,23,25 38:3 39:18

**product** 14:2
**program** 29:10,16 34:4
**promptly** 40:18
**proof** 16:21 32:8 32:15,21,21 35:5 37:11 38:19
**proofs** 2:9,12 10:7 13:10 14:19 15:22 25:25 26:24,25 28:14 32:18 35:10 35:14 38:23
**proper** 32:2
**property** 11:17,21 11:23 12:24 20:18 22:4,6,9,12,13,15
**proposed** 18:14 25:14
**prospect** 28:24
**protecting** 33:1
**protection** 11:22 11:24 21:24
**proud** 9:4
**proved** 19:5
**proven** 38:7
**proves** 19:5
**provide** 11:10
**provided** 13:23
**provides** 16:6
**publication** 32:2
**purposes** 27:1 30:7
**pursuant** 13:14 14:18,23
**pursuit** 2:5
**put** 12:5 37:9,18 37:24

**q**

**quarter** 15:18
**quarterly** 19:21
**question** 34:22
**questions** 18:18 18:20

**quickly** 31:18 34:17 36:4 40:2

**r**

**r** 1:21 3:1 6:9,16 8:11,17 9:1 41:1
**r.j.** 7:4
**rachel** 6:10
**raise** 33:4
**randy** 7:10
**raymond** 5:25
**read** 11:5,6 13:8
**real** 12:11 22:4
**reality** 21:11
**really** 13:7 16:22 19:23 35:1 37:19
**reason** 28:18 29:25 31:4 36:2
**reasons** 38:17
**rebuttal** 37:17
**recall** 14:12 37:23
**received** 11:20 15:16,19 30:22 32:2 35:6
**recognized** 28:13 28:21
**recognizing** 36:9
**reconfirmed** 14:18
**reconsideration** 14:12,17,21 15:8 23:12
**record** 9:14 13:8 16:20 41:4
**recovery** 36:10
**refer** 27:1
**refused** 12:6,13
**regard** 9:24 15:11 23:18 26:7 34:25 35:13 37:13
**reinstated** 36:4
**reinstatement** 28:23 29:2 31:5

**related** 21:15 24:23
**relating** 31:23
**relative** 27:3
**relatively** 9:6
**relevant** 28:9
**relief** 10:1 11:10 12:2 16:13 17:1,7 17:24,25 18:15,16 19:9 20:4 21:1,3,4 23:22 24:10
**relies** 16:14
**relitigate** 15:1 33:20
**rely** 36:22
**remedy** 24:25
**remember** 22:25
**remming** 8:17
**renders** 34:6
**renzi** 8:18
**reorganization** 11:15 28:7 29:2
**reorganized** 9:15 10:9 16:19,24 17:17,18,22,24 18:16 20:16 24:5 24:17 26:1 34:11 36:12 40:4,8,15
**reply** 36:23
**repossess** 21:21
**represented** 10:10
**request** 16:4,15 18:13,16 21:3
**requested** 18:17 24:10
**requests** 16:24 20:25 21:4
**required** 24:18 30:3 31:3 37:16
**requirement** 30:1
**requirements** 37:14

requires  16:15
  34:13
reserve  33:6
resolved  34:2
resources  17:17
  24:9
respect  18:1 25:13
  25:14 34:19 36:17
respectfully  16:24
  17:22 18:13
respective  30:14
  31:2
respectively  14:22
  35:24
respond  13:2 17:1
  17:17 18:24 24:18
responding  9:8
response  10:9,11
  13:13 14:9 16:23
  17:5 18:5,9,15
  25:16 33:12
responses  11:6
responsible  29:22
restatement  28:25
result  13:17,20
  22:10 36:8
resulted  24:8
retain  24:22
retained  28:11
retrospective  28:7
review  32:22
revisit  23:25
  37:11
revisited  21:10
  23:9,17
richard  8:19
richards  3:3 9:14
right  9:16 11:4,13
  18:23 19:17,24,24
  19:25 20:1,2,22
  22:7 25:21 26:8
  34:7 35:1 36:19
  36:23 39:5,14

40:17,20
rights  28:2
riley  8:19
rimmer  6:21
rise  38:18
road  19:2 41:21
robert  4:22 8:14
robinson  4:16
roll  9:8
rule  28:14 29:3
  30:7 31:5,7,17
  40:18
rules  34:13,18
  35:2
ruling  25:11
run  9:10 35:9

s

s  1:22 3:1 5:19 6:3
  6:6,11 9:1
samis  6:22
satisfied  31:19
  38:16,22
satisfies  32:4,15
satisfy  30:1 37:14
saw  18:4
scheme  28:8
schlerf  7:18 10:10
  10:14 36:20
schwartz  6:23
scintilla  16:21
scott  4:20
se  3:9 10:1 18:2
  20:25
second  10:4
section  16:5
secured  11:18
security  21:18,19
  22:3
see  19:11 26:10
seek  10:19 15:1,1
  32:22
seeking  10:1,6
  15:21 17:7,19

25:24
sempra  3:19
  10:10 26:1 28:13
  28:21 29:5,24
  31:13 32:1 33:14
  34:10 35:18 37:18
  38:4,19
sempra's  31:9,19
  31:22 32:6,17
sense  11:1
sent  20:11
sentence  12:17
september  29:15
served  20:2 24:19
set  10:4 22:8,17
  23:3 24:4 39:19
shah  6:24
shanti  8:7
sheron  8:10
shiff  8:20
shore  3:23 10:10
  33:7,13,14 36:14
  36:20 37:1 39:4
  39:13
short  34:7
shortly  32:10
show  28:22
showing  28:16
  30:2
shown  19:21
  28:15
shows  34:14
shrinking  40:1
sic  12:7
sick  22:19,20,20
  22:22
siddiqui  6:25
side  13:15,19 14:4
  14:19 15:15,25
  16:1,10,19 17:20
  40:10,11,16
sign  12:1

signed  12:22
  13:22
similar  17:25 18:2
similarly  14:6
  29:14
simple  35:4
simply  15:1 22:12
sir  11:2,3,4 19:20
  19:23 20:7,22
sit  19:14
sits  25:9
sitting  20:6,13
situated  14:6
situations  30:24
six  24:21,21,21
sixth  9:3
snow  7:1
sohr  8:21
sole  24:25
solutions  41:20
somewhat  39:16
sontchi  1:22
sonya  2:25 41:3,8
soon  9:4
sorry  27:10 35:7
  39:1
sort  9:11 39:19,23
sources  36:10
speak  27:11
specifically  10:18
  13:23 16:15 31:14
spot  12:18
spouse  26:22
stacy  6:15
stand  19:19
standard  28:15
  30:3
standards  31:20
  31:21
standing  32:19
  35:11
starkly  30:23

**started** 18:8 36:8
**starting** 9:4 40:2
**state** 15:24 21:13
**states** 1:1,12 32:23
**status** 14:23
**statute** 16:6,14
**stay** 11:15 12:4 22:10,14 23:23
**stein** 7:2
**stephen** 6:9,12 7:17 8:22
**stephenie** 8:8
**straightforward** 13:6
**strategic** 32:18 36:2
**strategy** 33:18
**street** 1:13
**strictly** 40:10
**strongly** 25:2
**submission** 13:8
**submits** 17:23
**submitted** 11:6 13:11,12 14:20 24:14
**subsequent** 23:13
**subsidiaries** 2:6
**substance** 33:16
**substantial** 31:8
**successful** 25:6
**sued** 36:11
**suggest** 10:23
**suite** 41:22
**sum** 19:1
**summary** 19:22
**supplement** 18:5 18:10
**support** 17:11 30:15 31:25 38:25
**suppose** 36:1
**supposed** 12:12
**supreme** 32:23
**sure** 9:8 12:14 18:4
**surely** 17:8
**surviving** 26:22
**susceptible** 15:9
**suspect** 26:5
**sustaining** 15:6
**sutty** 7:3
**sykes** 7:4

**t**

**t** 13:15,19 14:3,19 15:15,25,25 16:10 16:19 17:20 40:11 41:1,1
**take** 2:6 9:11 10:8 10:23 17:4 21:21 21:23 26:2,17 39:21
**taken** 26:5 40:17
**takes** 36:17
**talk** 19:9,15
**talked** 38:11
**talking** 19:8
**taylor** 5:10 8:4
**tceh** 3:4 9:15 16:24 17:17,18,22 17:24 18:16 24:4 24:5,17 40:4,16
**tceh's** 40:8
**tearing** 35:9
**tears** 20:14
**technological** 27:8,21
**telephone** 14:15
**telephonically** 4:1
**tell** 11:8 19:16
**terms** 13:14 14:24
**terri** 7:25
**test** 32:15
**testimony** 10:16 10:21
**thank** 9:7,13,18 11:5,12 13:1,3 18:20 20:21,23 25:13,20 26:8,14 27:4,18,19 33:10 33:11,13 36:14,19 36:24 39:14 40:12 40:20
**thau** 7:5
**thereof** 38:7
**thing** 19:17
**things** 10:24 40:5
**think** 9:22 11:1,9 11:11 13:6 34:1 35:3 36:8 37:8,17 40:3
**third** 15:10 17:9 28:13,21,24 30:5 30:20 31:13 32:23 34:1 35:12,16 39:20
**thomas** 5:12
**thorny** 39:16
**three** 24:10 29:11
**time** 12:5 17:23 20:9 22:17,20 23:16 26:18 27:9 29:4 30:12,19 33:6,24 34:21 35:21 36:18
**tired** 20:5,5,12
**today** 9:6,22 10:17 12:13,21,23 13:6 18:7,17 19:12 24:25 26:10 26:23 27:25 28:5 39:15 40:20
**today's** 9:21 10:14 10:21 18:11 27:1 27:6,20
**todd** 5:15
**tomback** 7:6
**totally** 16:20
**transcribed** 2:25
**transcript** 41:4
**treat** 14:6
**treated** 14:1
**treatment** 15:14
**true** 19:15 41:4
**trustee** 2:5 11:17 12:2,14 19:12 23:18,21,22
**trying** 20:14 38:2
**turlington** 7:7
**turn** 9:10 10:24 31:18 36:21 39:2 40:2
**turned** 20:6,7
**turning** 9:20
**two** 10:25 13:10 24:7 29:17 34:14 34:16
**type** 31:15

**u**

**u.s.** 1:23 2:4,5 11:17 12:2
**ultimately** 28:3 35:15 38:17 39:20
**unconstitutionally** 28:12
**understanding** 37:9
**understood** 37:20 39:9
**undertaken** 33:18
**unethical** 12:9 19:20
**unfairly** 17:16
**unhappy** 24:24 25:2
**united** 1:1,12 32:23
**unknown** 1:25 32:1,4

**unmanifested** 13:10,16,24,25 15:15 22:21,23 23:11 35:7
**unnamed** 38:12
**unnecessarily** 26:18 40:13
**unreasonable** 23:14
**unsecured** 2:1 21:16,16,24 24:10
**unsuccessfully** 28:3
**unsurprisingly** 39:21
**untimely** 14:10,19 14:23 33:2
**uplift** 11:15 12:4
**urge** 25:2
**usually** 23:7

## v

**valuable** 17:17
**valuation** 12:10 12:11
**vehicle** 21:20
**veritext** 41:20
**versus** 19:17
**vexatious** 16:25 17:10,24 24:7
**view** 33:24 34:2 34:14 35:3
**viewed** 39:18
**vii** 14:18
**virtually** 28:5
**virtue** 37:24
**vladimir** 5:13
**void** 20:11 22:11
**voyage** 32:16
**vulnerability** 30:10

## w

**w** 8:19
**waiting** 20:6
**walk** 15:4
**walker** 7:8
**want** 11:14,16 12:4,22,23,23 18:21 19:15,22,25 20:16,16,17,18 26:17 33:16 40:12
**wanted** 9:8
**wants** 11:21
**waste** 24:9
**way** 25:6 36:11
**we've** 31:24 37:18 38:11,13,15,16,21
**week** 9:21 18:10 20:12
**welcome** 20:22
**went** 34:24
**white** 3:18 19:17
**wicker** 7:9
**wilhoit** 7:10
**william** 4:15 7:11
**willing** 19:19 34:20
**wilmington** 1:14 3:14
**wish** 18:25 36:21
**witness** 10:16,21
**witnesses** 10:18
**wolpert** 8:22
**wonderful** 26:14
**wood** 7:11
**words** 33:21 35:8
**write** 19:25
**wrong** 19:18
**wrote** 11:6

## y

**yeah** 36:16 40:8
**year** 9:3 14:11 32:24

**years** 16:12 20:7 20:13,13,13 22:17 23:20 30:25
**yield** 26:3
**york** 3:21

## z

**zachary** 6:6