**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) | (Jointly Administered) |
|  | ) ) | **Re: D.I. 14198** |

***CONTESTED* CERTIFICATION OF COUNSEL
REGARDING PROPOSED FORM OF SCHEDULING ORDER
FOR NEXTERA ADMINISTRATIVE EXPENSE APPLICATION**

The undersigned hereby certifies as follows:

1. On February 20, 2018, NextEra Energy, Inc. ("NextEra") filed an application with the United States Bankruptcy Court for the District of Delaware (this "Court") seeking the allowance and payment of an administrative claim to recover certain costs and expenses from certain of the former debtors in the above-captioned chapter 11 cases (the "Debtors") following the termination of an agreement between NextEra and certain of the former Debtors [D.I. 12671] (the "NextEra Application").

2. Consistent with the direction of the United States Court of Appeals for the Third Circuit (the "Third Circuit") in its opinion (the "Third Circuit Opinion") and order dated March 15, 2021, and pursuant to the direction of this Court at the status conference held on March 26, 2021, counsel to the EFH Plan Administrator Board (the "PAB") conferred with counsel to NextEra and

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

counsel to Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, "Elliott," and together with NextEra and the PAB, the "Parties") regarding a proposed form of order to schedule proceedings related to the NextEra Application.

3. The Parties have not reached agreement concerning a joint scheduling order. The Parties are submitting the competing orders of the PAB (the "PAB Proposed Order") and NextEra (the "NextEra Proposed Order," and together with the PAB Proposed Order, the "Proposed Orders") simultaneously with this Contested Certification.

4. Pursuant to the Court's prior direction, the Parties agreed to submit both the Proposed Orders for the Court's consideration. The PAB Proposed Order is attached hereto as **Exhibit A**, and the NextEra Proposed Order is attached hereto as **Exhibit B**.

WHEREFORE, the PAB submits that: the NextEra Application, at core, is a claim against the estate being administered by the PAB. Full resolution of the NextEra Application will necessarily have to include a determination of what remains in that estate to satisfy the NextEra Application. Nothing in the Third Circuit Opinion dictates that the Parties or this Court need ignore the distributions that were made while NextEra's appeal was pending, nor the realities associated with any attempt to unwind those distributions. Given the relatively limited remaining resources held by the PAB as discussed on the record of the March 26, 2021 status conference held before this Court, the PAB Proposed Order is designed to address those issues first, potentially materially streamlining future proceedings, and promoting judicial economy by providing for two sets of briefs to be filed over approximately thirty days. The Parties would, of course, maintain all rights to assert during and/or after this briefing period whether or not a subsequent discovery schedule is appropriate.

WHEREFORE, Elliott submits that: there is no dispute that the approximately $60 million administrative expense claim asserted by NextEra against the Debtors is vastly in excess of the minimal amounts held by the PAB in its trust accounts.  Accordingly, before proceeding with expensive and time-consuming discovery on the merits, it is most appropriate for the Court to first address the critical threshold question of what funds are available to satisfy any NextEra administrative expense claim to the extent allowed.  The PAB Proposed Order optimizes judicial economy and preserves the resources of the Court and each of the Parties by establishing an efficient schedule for the Court to address this and other related threshold issues at the outset.  NextEra will not be prejudiced given that all of the Parties' rights as to the merits of the NextEra Application are reserved and the PAB Proposed Order contemplates briefing and a hearing on the threshold issues on an expeditious time-frame.

WHEREFORE, NextEra submits that: the NextEra Proposed Order submitted by NextEra is the only order that is consistent with the directive issued by the Third Circuit in its Order remanding to this Court.  Indeed, the Third Circuit specifically stated that "[w]ith the benefit of discovery, NextEra may (or may not) prove that the actual benefit conferred on the estate outweighed the costs it imposed, such that it is entitled to administrative fees" (slip op. at *38).  The NextEra Proposed Order submitted by NextEra follows that directive and allows for an efficient discovery process so that NextEra is permitted due process and the opportunity to prove the value of its asserted administrative claim.  The NextEra Proposed Order also permits the Parties the opportunity to conduct the discovery relevant to whether the Court should exercise its equitable powers to order disgorgement in this context.  NextEra respectfully submits that in the absence of any contrary directive from the Third Circuit or the United States District Court for the District of Delaware, the Court should enter the NextEra Proposed Order.  NextEra welcomes the opportunity

to discuss these issues with this Court at a status conference and is available at this Court's convenience.

WHEREFORE, the Parties respectfully request that the Court consider the Proposed Orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, and enter the order that this Court determines is most appropriate at this time to schedule proceedings related to the NextEra Application at this Court's earliest convenience.

[*Remainder of page intentionally left blank.*]

Dated: April 24, 2021
Wilmington, Delaware

/s/ Jason M. Madron
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, DE 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701
Email:  collins@rlf.com
        defranceschi@rlf.com
        madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini, P.C. (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, NY 10022-4611
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
        edward.sassower@kirkland.com
        stephen.hessler@kirkland.com
        brian.schartz@kirkland.com
        steven.serajeddini@kirkland.com
        aparna.yenamandra@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle
Chicago, IL 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:  james.sprayregen@kirkland.com
        chad.husnick@kirkland.com

*Co-Counsel to EFH Plan Administrator Board*

/s/ Erin R. Fay
**BAYARD, P.A.**
Erin R. Fay (No. 5268)
600 N. King Street, Suite 400
Wilmington, DE 19801
Telephone:  (302) 655-5000
Facsimile:  (302) 658-6395
Email:  efay@bayardlaw.com

-and-

**ROPES & GRAY LLP**
Gregg M. Galardi
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone:  (212) 596-9000
Facsimile:  (212) 596-9090
Email:  gregg.galardi@ropesgray.com

*Co-Counsel to Elliott*

/s/ Matthew B. McGuire
**LANDIS RATH & COBB LLP**
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone:	(302) 467-4400
Facsimile:	(302) 467-4400
Email:	landis@lrclaw.com
	mcguire@lrclaw.com

-and-

**FLEISCHMAN BONNER & ROCCO**
James P. Bonner (admitted *pro hac vice*)
Joshua D. Glatter (admitted *pro hac vice*)
447 Springfield Avenue, 2nd Floor
Summit, NJ 07901
Telephone:	(908) 516-2045
Facsimile:	(908) 516-2049
Email:	jbonner@fbrllp.com
	jglatter@fbrllp.com

and-

Keith M. Fleischman (admitted *pro hac vice*)
81 Main Street, Suite 505
White Plains, NY 10601
Telephone:	(914) 278-5100
Facsimile:	(917) 591-5245
Email:	kfleischman@fbrllp.com

*Co-Counsel to NextEra Energy, Inc.*