## Exhibit A

**PAB Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Reorganized Debtors. | ) ) ) ) | (Jointly Administered) |

**SCHEDULING ORDER SETTING
CERTAIN HEARING DATES AND DEADLINES AND ESTABLISHING
CERTAIN PROTOCOLS IN CONNECTION THE NEXTERA APPLICATION**

WHEREAS, on February 20, 2018, NextEra Energy Inc. ("NextEra") filed an application with this Court seeking the allowance and payment of an administrative claim to recover certain costs and expenses from the Reorganized Debtors following the termination of an agreement between NextEra and the Reorganized Debtors [D.I. 12671] (the "NextEra Application");

WHEREAS, on February 27, 2018, the Court entered the *Order Confirming the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12763] (the "EFH Confirmation Order"), pursuant to which the Court approved and confirmed the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12763-1] (the "Plan");

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

WHEREAS, on March 9, 2018, the Reorganized EFH/EFIH Debtors filed the *Notice of Entry of EFH Confirmation Order and Occurrence of EFH Effective Date* [D.I. 12801];

WHEREAS, on March 23, 2018, UMB Bank, N.A., as Indenture Trustee (the "Trustee"), and Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, "Elliott") filed a joint motion to dismiss the NextEra Application, or, in the alternative, to grant summary judgment denying and disallowing such administrative expense [D.I. 12844], and following a hearing on the NextEra Application, on August 1, 2018, this Court entered an order granting the motion for the reasons stated in its opinion also dated August 1, 2018 [D.I. 13333] (the "Order");

WHEREAS, on August 15, 2018, NextEra filed a notice of appeal of the Order to the Delaware District Court [D.I. 13363], which ultimately affirmed the Order on September 30, 2019 and issued its own order to that effect [D.I. 13862] (the "District Court Order");

WHEREAS, NextEra appealed the District Court Order to the Third Circuit, which, on March 15, 2021, reversed the Order and the District Court Order, remanded the case to the Delaware District Court so it could vacate its opinion affirming the Bankruptcy Court and remand for further proceedings, and held that, accepting the allegations in the NextEra Application as true and drawing all inferences in NextEra's favor, NextEra had plausibly alleged that it was not foreclosed from receiving administrative expenses under 11 U.S.C. § 503(b)(1)(A) and, with discovery, could plausibly demonstrate that the benefit it conferred to the Reorganized Debtors' estate outweighed the costs it imposed (the "Third Circuit Order");

WHEREAS, the EFH Plan Administrator Board has been making distributions pursuant to the Plan and EFH Confirmation Order;

WHEREAS the EFH Confirmation Order is a final, nonappealable order;

WHEREAS, the EFH Plan Administrator Board[2] files post-confirmation quarterly summary reports, and most recently filed a report on February 1, 2021, covering the period from October 1, 2020 to December 31, 2020 [D.I. 14160], which reported that Energy Future Holdings Corp. held approximately $1,142,000, and Energy Future Intermediate Holding Company LLC held approximately $991,000 as of the end of the quarter;

WHEREAS, there are certain threshold issues to adjudicate the remanded NextEra Application, resolution of which will materially impact and may streamline future proceedings and promote judicial economy in connection with the NextEra Application and the wind-down of these chapter 11 proceedings; and

WHEREAS, such threshold issues include: (i) whether payment on account of the NextEra Application, should it be approved, is limited to those remaining funds held in trust accounts overseen by the EFH Plan Administrator available to satisfy an administrative claim; (ii) the legal and practical considerations and complications of any disgorgement as it relates to or arises from (x) the TCEH Settlement Claim Turnover Distributions and EFH/EFIH Committee Settlement (each as defined in the Plan); (y) the allocation of any NextEra administrative claim as an Administrative Claim of EFH and/or EFIH (each as defined in the Plan); and (z) the efforts, rights, or obligations of the EFH Notes Trustee and EFIH Unsecured Notes Trustee in connection with any such disgorgement; and (iii) whether any remedy sought by NextEra to recover on its asserted administrative claim should be deemed to be equitably moot, in whole or in part (together, the "Threshold Issues");

---

[2] Capitalized terms used, but not otherwise defined, herein shall have the same meanings set forth in the Plan.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. **[DATE],** shall be the date on which NextEra, the Trustee and Elliott, and the EFH Plan Administrator Board (collectively, the "Parties") each file opening briefs addressing the Threshold Issues (the "Opening Briefs");

2. Opening Briefs shall be limited to no more than 25 pages in length;

3. **[DATE + 30]**, shall be the date on which the Parties each file rebuttal briefs in response to the Opening Briefs (the "Rebuttal Briefs"),

4. Rebuttal Briefs shall be limited to no more than 15 pages in length; and

5. **[DATE + 44/At the Court's Discretion],** this Court shall hold a hearing on the threshold issues addressed in the Parties' briefing.

For the avoidance of doubt, all other aspects of the NextEra Application, including any discovery in connection therewith, shall be held in abeyance pending resolution of the Threshold Issues described herein.

**SO ORDERED:**