**Exhibit B**

**NextEra Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Reorganized Debtors. | ) ) ) ) | (Jointly Administered) |

**SCHEDULING ORDER**

On February 20, 2018, NextEra Energy, Inc. ("NextEra") filed an application with this Court seeking the allowance and payment of an administrative claim to recover certain costs and expenses from the Reorganized Debtors following the termination of an agreement between NextEra and the Reorganized Debtors [D.I. 12671] (the "NextEra Application").

Consistent with the Third Circuit's statement in its March 15, 2021 Order that "[w]ith the benefit of discovery, NextEra may (or may not) prove that the actual benefit conferred on the estate outweighed the costs it imposed, such that it is entitled to administrative fees" (slip op. at *38) and this Court's direction at the March 26, 2021 Status Conference, counsel to NextEra and the EFH Plan Administrator Board (individually, a "Party" and, collectively, the "Parties"), having met and conferred on April 21, 2021 and respectfully submit this Scheduling Order, which the Court now enters.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

## SCOPE OF DISCOVERY

1. Each Party may take discovery on all matters relevant to the NextEra Application and consistent with the Third Circuit's March 15th Order. Nothing in this Order shall be deemed a waiver of any Party's rights to assert any applicable privilege or work-product protections or any other appropriate objections to disclosure available under the Federal Rules of Civil Procedure ("FRCP") as applied to this proceeding by the Federal Rules of Bankruptcy Procedure ("FRBP"). A Party's production of information in accordance with this Scheduling Order shall not be deemed a concession by such Party as to the relevance or use of such documents or information at trial or otherwise.

## DISCOVERY SCHEDULE AND RELATED MATTERS

2. The following schedule shall govern discovery and related matters absent further agreement of the parties or order of the Court.

   a. **Fact Discovery**.

      i. All Parties may serve discovery requests ("Discovery Requests") on any other Party on or after **May 12, 2021**.

      ii. All Parties must serve any other document requests on any other Party no later than **June 15, 2021**. Responses to such document requests shall be due within the time permitted by applicable rules.

      iii. **July 15, 2021** shall be the date on which the parties exchange their initial lists of fact witnesses they intend to depose, including any third-party witnesses.

      iv. **August 25, 2021** shall be the date on which Parties shall have substantially completed the production of all documents responding to document

      requests served by June 15, 2021 (it being understood that the Parties will produce responsive materials on a rolling basis in advance of such date).

  v. **August 25, 2021** shall be the date on which the Parties shall provide categorical privilege logs of documents responsive to the Discovery Requests that were withheld on the basis of any claim of privilege (the "<u>Privilege Logs</u>").  The Privilege Logs shall provide: (1) the date range of the documents, (2) author(s)/sender(s) and recipients, (3) the general subject matter, (4) the basis for withholding the documents (e.g. attorney-client privilege or work-product doctrine), and (5) the number of documents withheld in that category.

  vi. **July 30, 2021** shall be the date on which the Parties shall provide responses to any Discovery Requests *other than* document requests served by June 15, 2021 (*i.e.,* interrogatories, requests for admission).

    1. To the extent any Party wishes to serve contention interrogatories, the Parties counsel shall meet and confer following the close of expert discovery as set forth in Section 2(b)(iv) below and negotiate an agreed-upon schedule with any such responses provided no later than three (3) business days before any Dispositive Motions as set forth in Section 2(c) below, or, if the Parties cannot agree, shall submit competing proposed schedules to the Court by way of letter not to exceed one (1) page.

  vii. **September 9, 2021** shall be the date on which depositions of fact witnesses, including depositions of any third-party witnesses, may begin.  Deposition

      notices must be served no later than fourteen (14) days prior to the deposition date, and any objections thereto must be served no later than seven (7) days before the deposition date; provided however, that the objection deadline will be no earlier than three (3) days after the date the deposition notices are served.  The Parties shall confer upon dates convenient for the witness and counsel with respect to the scheduling of individual depositions.

  viii.  **September 9, 2021** shall be the last date by which the Parties may serve Discovery Requests on third parties (the "<u>Third Party Deadline</u>").

    ix.  **September 9, 2021** shall be the last date by which the Parties may serve deposition notices on any other Party.

     x.  **October 9, 2021** shall be the date on which all fact discovery shall be complete, including discovery from third parties.  Reasonable requests for follow up documents or limited fact depositions based on new information discovered after this date will not be unreasonably withheld.  Moreover, this period may be extended as to third party discovery to the extent necessary to accommodate third party responses to reasonable Discovery Requests timely served by the Third Party Deadline.

b.  **<u>Expert Discovery</u>**.

     i.  **September 1, 2021** shall be the date by which the Parties must designate initial expert witnesses, including a brief description of the general topics on which those witnesses will testify.

      ii. **September 16, 2021** shall be the date by which the Parties shall engage in the simultaneous exchange of expert reports on issues for which they bear the burden of proof (it being understood that the submission of such expert reports shall not be deemed admissions by the submitting party that it bears the burden of proof on any issue).

      iii. **October 15, 2021** shall be the date by which the Parties shall engage in the simultaneous exchange of any expert rebuttal reports. No party shall be obligated to submit an expert rebuttal report.

      iv. **November 1, 2021** shall be the date on which all expert discovery shall be complete. The Parties shall confer and agree upon dates for conducting expert deposition in advance of this date.

  c. **Dispositive Motion Deadline.** The schedule for the briefing of any and all motions for summary judgment shall be as follows: moving briefs due **November 19, 2021**, oppositions due **December 17, 2021**, and replies due **January 7, 2022.**

  d. **Pre-Trial Conference**. The Court will hold a status conference on _____**, 2022.** to set a pretrial schedule.

3. **Modification for Cause**. The Parties may, on written agreement, modify any of the provisions in paragraphs 2(a), (b), and (c). The Court may modify any provision hereof for good cause.