Page 1

1  UNITED STATES BANKRUPTCY COURT

2  DISTRICT OF DELAWARE

3

4

5  In re:                        :

                                 :      Chapter 11

6  ENERGY FUTURE HOLDINGS   :

   CORP., et al.,                :      Case No. 14-10979(CSS)

7                                :

           Debtors.        :      (Jointly Administered)

8  _____:

9

10

11

12                                United States Bankruptcy Court

13                                824 North Market Street

14                                Wilmington, Delaware

15                                April 30, 2021

16                                10:00 AM

17  B E F O R E :

18  HON CHRISTOPHER S.  SONTCHI

19  U.S. BANKRUPTCY JUDGE

20

21

22

23

24

25  ECRO OPERATOR:  LESLIE MURIN

1    HEARING re Contested Certification of Counsel Regarding

2    Proposed Form of Scheduling Order for NextEra Administrative

3    Expense Application [D.I. 14199; filed April 24, 2021] (the

4    "Contested Certification")

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Sonya Ledanski Hyde

1    A P P E A R A N C E S :

2    KIRKLAND & ELLIS LLP

3        Attorneys for Debtors

4

5    BY:  MARK MCKANE, ESQ

6

7    FLEISCHMAN BONNER & ROCCO LLP

8        Attorneys for NextEra

9

10   BY:  KEITH FLEISCHMAN, ESQ

11

12   ROPES & GRAY LLP

13       Attorneys for Elliot Associates

14

15   BY:  GREGG GALARDI, ESQ

16

17

18

19

20

21

22

23

24

25

1              P R O C E E D I N G S

2          THE COURT:  Morning, everybody.  This is Judge

3    Sontchi.  We're here in EFH, 14-10979.  I have that

4    memorized.  (indiscernible) request on time.  And I did

5    receive a contested certification to counsel and I went

6    through them. Obviously, very different approaches to how we

7    should proceed.  I'd like to make a couple comments and then

8    tell you what I'd like to do and then open it up for

9    complaints.

10          So I think that -- well, frankly, I'm not sure

11   where NextEra is going with this litigation and this

12   discovery schedule, like we're planning for an adversary

13   proceeding fresh off the block as opposed to dealing with

14   simply an administrative claim filed in the bankruptcy.

15   This obviously makes no sense.  It makes no sense from a

16   procedural standpoint and remembering we're in a bankruptcy

17   and here with limited resources available to pay the price

18   of all of this litigation that they're proposing.

19          That makes no sense, and it's not what's required.

20   The Court has the authority to set the limits of discovery,

21   the pre-trial preparation, the trial time based on the

22   proportionality of the demands of the case and that's always

23   particularly important in bankruptcy where there's not a lot

24   of money which is many of my bankruptcies.  This was one

25   where there was a lot of money at one point and we're well

1     past that so we have to act like this is, frankly, a Chapter

2     7 case with a pot of a little over $1.5 million to try to

3     fund its way to completion.

4              I also don't know what NextEra's up to with regard

5     to their end game, other than they're probably, I expect,

6     trying to set up a situation where they see disgorgement

7     from Elliott or others based on some getting a claim

8     approved it's not -- there is not sufficient funds to pay

9     the claim in full.  We'll deal with that at the appropriate

10    time.

11             I do, however, think that it is right to deal with

12    the liability first as opposed to how does the liability get

13    paid first.  So I don't like the proposal of the plan

14    administrator in Elliott to sort of brief again as a matter

15    of law, I guess, or it's a mixed question of fact and law

16    the issue about whether there's any funds available to pay

17    this claim.  People need to decide whether we have a claim

18    first and what that claim is and then we can figure out how

19    it gets paid.  It's possible we'll have no claim.  It's

20    possible we'll have a claim less than $60 million.  I think

21    that was the number originally.  And it's possible we'll

22    have a claim of $60 million.  But I'm not going to decide

23    today, and I do think it's consistent with the mandate from

24    the third circuit to give NextEra its day in court on the

25    merits of its claim -- the facts and law governing its claim

1    -- if we now proceed to have a trial.  But I'm not giving

2    them 15 months of discovery and, you know, it just makes

3    sense.

4            So here's what I'd like to do so write this down.

5    First of all, no expert discovery.  I can't imagine why we

6    would want or need experts in this case.  And no dispositive

7    motions.  We've already gone through a dispositive motion.

8    We gone through a dispositive motion all the way to the

9    third circuit and back.  We're done with that.  We're going

10   to have a trial.  So document and deposition discovery only.

11   Interrogatories are fine, however, they will be limited

12   strictly to the number limit in the federal rules civil

13   procedure.  Six depositions per side -- no more.  Per side,

14   I mean, NextEra is one side and, obviously, the plan

15   administrator and Elliott are the other side.  I don't think

16   there's anyone else that's kind of chiming in this yet.

17           We're going to have a five-day hearing with the

18   (indiscernible).  We're not going to do more.  It's going to

19   be time trial 18 hours each side, and it's going to be the

20   week of September 13th through the 17th.  My very strong

21   preference is to have an in-person trial on this matter;

22   however, I am very cognizant of the pandemic and the health

23   and safety risks associated with the coronavirus.  I had --

24   my wife and I both had -- coronavirus in January and I tell

25   you right now, if you haven't it, you do not want it. It is

1    the sickest I've ever been.  I mean, she was in the hospital

2    twice so it's a real deal.  So I am open to either a mixed

3    trial or a remote trial but I'd really -- I feel from start

4    of September, there's a good chance I think we can safely do

5    this almost entirely or certainly mostly in person.  And I

6    would like to do that if possible, but we can save that for

7    a later day.

8            I would like -- I am going to want pre-trial

9    briefs because, you know, these are old facts and, you know,

10   if I go back to the motion, you know, it's literally like

11   three years ago.  So what I would propose is an opening

12   brief from NextEra on August 27th, an opposing brief by the

13   other side on September 3rd.  I leave it to you whether to

14   do a combined brief and separate briefs.  I'm not going to

15   force you to do a combined brief if you don't want to.  And

16   then a reply on September 10th.  All briefs due by 4:00 p.m.

17   eastern and the 40/40 20-page limits will be followed and

18   there will no extension to the page limit so don't ask.

19           I will have opening arguments at the trial and

20   closing arguments of course.  The way that time trials work

21   for those who aren't familiar with them, basically, any time

22   you're speaking held against you so the opening arguments,

23   the closing argument, or direct testimony of your own

24   witnesses, the direct examination and rebuttal examination,

25   and your own witnesses, the cross-examination of the other

1   side.  If I feel like time is becoming an issue and

2   witnesses are being uncooperative in a way is inappropriate,

3   I may not count all of the cross-examination time against

4   the attorneys that are trying to elicit the examination.

5   Never had that come up.  But I always offer that because my

6   son participated in mock trial in high school and the number

7   one trick of a witness in mock trial was to delay cross-

8   examination.  So I got that figured out.  The high school

9   kids taught me something so I don't let that happen.

10          And I think what I'll probably do -- I have not

11   ultimately decided, but I'm probably going to ask for

12   proposed findings and conclusions after the trial as opposed

13   to post-trial briefing.  And then, I'd like a pre-trial at -

14   - on September 1 at 1:00 p.m. so Mr. McKane doesn't has to

15   get up at the scrape of dawn.  And I think -- that doesn't

16   fill in everything you probably need to do in a new order.

17   You know, you're going to need, you know, when can discovery

18   start and what are the deadlines for responding to documents

19   and, you know, when will the depositions start and et

20   cetera.

21          I think you guys should be able to figure that out

22   now that you have a common time -- you know, you have a

23   common skeleton to work with and you know what the time

24   frame is so you'll be able to sort of work that and come up

25   with a schedule that makes sense.  You're all experienced

1   litigators and can certainly figure that out.  So I'm not

2   making all the decisions.  But that's what I would like.

3   And now I'll open it up for questions or complaints.  Mr.

4   McKane.

5           MR. MCKANE:  Thank you, Your Honor.  Just a

6   blocking and tackling question.  In earlier EFH pre-trial

7   and scheduling orders with regards to interrogatories, your

8   position has been -- the orders have reflected that there

9   are no contention interrogatories, that they were to

10  identify witnesses and other things.  There was a specific

11  reference to contention interrogatories in the NextEra

12  scheduling orders so it appears that they were seeking that

13  form of discovery, and I fly that just because it turns into

14  a lawyer driven exercise that really almost kind of, you

15  know, essentially previews and sometimes treated as

16  inconsistent with the pre-trial briefing schedule as well.

17          So I just wanted to fly to the Court that if you

18  had thought about whether contentionary interrogatories

19  would be appropriate here given that they -- that position

20  is affording other scheduling orders for other trials if

21  they had been excluded.

22          THE COURT:  NextEra.

23          MR. FLEISCHMAN:  Your Honor, Keith Fleischman for

24  NextEra.  You know, I'm not sure.  We put it in the

25  scheduling order.  We wanted to make the scheduling order as

1    complete as possible.  I think that's something we can

2    discuss with the other side.  My understanding from your

3    directive this morning is that we're going to have to work

4    together a little bit to put together a scheduling order.

5    So I would -- maybe Mr. McKane and I and whoever else is

6    going to be involved on the other side can discuss that

7    before and maybe we can come to you if we have any disputes

8    or disagreements about, you know, the intricacies of the

9    scheduling order itself.

10             THE COURT:  Okay.  That's fine.  I'm certainly

11   available at your -- I'm at your beck and call if you want

12   to get together if there's any disputed you can't figure

13   out.  I tend to -- I found them not useful in practice, but,

14   you know, it's been 15 years since I was in practice and

15   maybe things have changed.  I do know that if you actually

16   stick to the numbers -- limits -- on interrogatories, it's

17   very hard to ask contentionary interrogatories because they

18   tend to -- you know, it depends on -- you kind of compound

19   sentence so they can eat up a lot of the interrogatories.

20   So, I'm actually saying right now no contentionary

21   interrogatories but I'll leave it to parties to discuss.

22   But, you know, if you can't agree on that, let me know, but

23   those are my thoughts.

24             MR. FLEISCHMAN:  And, Your Honor, Keith

25   Fleischman.  Not to sort of interrupt you, but also, I mean,

1    there is a lot of utility in certain circumstances for

2    contention interrogatory.  They can take the form of

3    evidence at trial so they can actually streamline things

4    quite a bit and focus things so that, you know, there is a

5    reason why they have them and why they're very useful in

6    certain circumstances.

7              THE COURT:  Yeah.  Well, like I said, it's been a

8    long time since I had to worry about that so -- I'm not

9    saying no.

10             MR. MCKANE:  Understood, Your Honor.  Also to the

11   extent that the debtors have already produced material to

12   NextEra in earlier proceedings, can we assume that we do not

13   need to reproduce those materials?

14             THE COURT:  I don't know because I don't know if

15   Mr. Fleischman -- I mean, who'd you produce them to?

16             MR. MCKANE:  Well, I -- that's -- I would think --

17   it's the same -- it's not the same firm, obviously, because

18   Chadbourne & Parke became Norton Rose and Norton Rose has, I

19   believe, exited the scene and -- but with regards to

20   parties, I have to assume that they have access to the

21   materials and if they don't have access, then you can let us

22   know that.  But I would --

23             THE COURT:  Well, let's flesh -- I mean, let's

24   flesh that out, Mr. Fleischman, because, I mean, your client

25   should be able to direct -- I don't know what you produced,

1    Mr. McKane.  I mean, if we start talking -- well, it depends

2    on what we're talking about, right.  If we're talking about

3    what the debtors gave in connection with the plan or what

4    the debtors gave in connection with the proceeding in Texas,

5    that's got to be hundreds of thousands of documents and I'm

6    not sure that, frankly, that's fair to NextEra to get a

7    truckload of a hundred thousand documents or more and that

8    they got through.

9              MR. FLEISCHMAN:  Your Honor --

10             THE COURT:  I know it's not fair to you to have to

11   go through them.  I understand you've already done it once.

12   And NextEra changed lawyers.  That's on them.  That was

13   their decision.

14             MR. FLEISCHMAN:  Your Honor, may I --

15             THE COURT:  Yeah, Mr. Fleischman.

16             MR. FLEISCHMAN:  Yeah, Your Honor.  First of all,

17   we are going to have a fairly targeted document request in

18   the case.  To the extent that Mr. McKane can point to

19   something that he's produced, you know, we will consider

20   whether we need it.  But this is a new trial.  This is a new

21   case.  The court of appeals -- you know, the mandate from

22   the court of appeals regarding the guideposts, the roadmaps,

23   and similarities between both the (indiscernible) deal and

24   the Berkshire deal, basically, that --

25             THE COURT:  Well, don't overplay your hand, Mr.

1     Fleischman.

2             MR. FLEISCHMAN:  Well -- no.  But, Your Honor --

3             THE COURT:  First of all, it's not a new case.

4     It's -- you're new to it, but it's a seven-year-old case,

5     and this isn't an adversary proceeding.  It's a motion for

6     an administrative claim.  So this is bankruptcy 101 here.

7             MR. FLEISCHMAN:  Yeah, I understand, Your Honor.

8     But there's been no trial and no evidence in this specific

9     proceeding that's going to place so what I would say is that

10    we certainly don't want to burden the other side and we

11    don't want to be burdened.  But if we set forth document

12    requests just as they will, I think that to the extent that

13    those can be -- and remember, we're in the age of eDiscovery

14    and electronic discovery.  It's not like they're sending 50

15    boxes to us and they've already sent them to us.  So it

16    would be a great -- probably a great burden on us for them

17    to say, hey, do look over there and you'll find the

18    documents that are responsive to this.

19            I think in the first order, we should assume that

20    we're each going to send document requests and we're going

21    to comply unless we have some objections to those requests.

22    And the method by which the documents are produced, I'm open

23    to that, but with the admonition that I'm not going to go

24    look somewhere and have to find something that they say is

25    somewhere.  That's their burden, not our burden.

1           THE COURT:  All right.  Well --

2           MR. MCKANE:  I don't think Mr. Fleischman knows me

3    or knows our practice in these cases, Your Honor.  I mean,

4    there's -- the notion that we would actually deliver boxes

5    and materials is archaic.

6           MR. FLEISCHMAN:  That was my point.  It's not that

7    anymore.  I'm talking about eDiscovery which makes the

8    burden so much less because everything comes on a little

9    drive.  That's -- maybe you didn't hear my point correctly,

10   Mr. McKane.

11          MR. MCKANE:  And let me be absolutely clear.

12   There is no little drive in EFH, and the problem with that,

13   Your Honor, is, like turning on certain databases that we

14   maintain costs hundreds of thousands of dollars just to turn

15   it on, just to re-empower those materials.

16          THE COURT:  Let's -- do the classic judge thing --

17   let's punt this and let's see what the document requests

18   look like and let's see what the responses are.  I mean, if

19   I have evidence that it's going to cost $100,000 for McKane

20   to do a do-over on a document production when your -- when

21   your previous counsel has all of the available

22   electronically on their end, I may say, get it from your

23   counsel.  But let's see what the document requests look like

24   and that will, I think, hopefully focus what exactly we're

25   talking about.

1            MR. MCKANE:  Thank you, Your Honor.  I apologize.

2            THE COURT:  This was a $40 billion company at one

3    point so to say that there's a lot information is, of

4    course, an understatement.  I think we're -- I don't even

5    know where we're at -- 14,000 documents items.  That alone

6    reflects the size of the case.

7            MR. MCKANE:  I do recognize -- you'd noticed it

8    has been seven years.  I don't (indiscernible) remember.  I

9    was prepared to make that recognition as well but we

10   appreciate the Court's direction on the overall scope and

11   proceedings.  We have always enjoyed our time and will

12   (indiscernible) in September over the many years in trial

13   that we've had in that window.  And --

14           THE COURT:  It is actually the nicest time of year

15   to be in Wilmington.  May and September.

16           MR. FLEISCHMAN:  And we look forward to seeing

17   there, Judge, (indiscernible).

18           THE COURT:  I look forward to meeting you, Mr.

19   Fleischman.  So --

20           MR. FLEISCHMAN:  Thank you, Your Honor.

21           THE COURT:  I look forward to having a hearing in

22   court, if possible.  I can't tell you how much I miss it and

23   I expect -- you're all litigators, you miss it.  Any other

24   questions about what I --

25           MR. GALARDI:  Your Honor, it's --

```
 1              THE COURT:  Mr. Galardi.

 2              MR. GALARDI:  On behalf of the UMB and Elliott.  I

 3    just -- I want to make sure the sides is not a triangle and

 4    it really is just two sides, when you do limit the

 5    discovery, that it is really ourselves and EFH, the plan

 6    administrator, and one side and that it is NextEra as the

 7    other side.  I just wanted to make --

 8              THE COURT:  Absolutely, absolutely.  So 12 depos

 9    not -- you know, between each side.  That should be more

10    than enough.  I can't imagine you'd need more than that.

11              MR. MCKANE:  Your Honor, just -- I apologize -- I

12    do think this is implicit but your focus on this trial is,

13    is there a claim and what is the quantum of the claim.  The

14    issues of whether that claim is recoverable against anyone

15    other than the estates is not for the hearing in September.

16    Is that correct?

17              THE COURT:  Correct, correct.

18              MR. MCKANE:  Thank you.

19              THE COURT:  And we can deal with that -- I mean,

20    if the answer is, you know, yes, there's a claim, but it's a

21    dollar, you know, that's one thing.  Or yes, there's a claim

22    and it's $60 million, that's another thing and we'll deal

23    with that.  I think knowing whether there's a claim and how

24    big that claim is will really drive how we deal with the

25    issue, if at all, as to how it gets paid.
```

1          MR. MCKANE:  Understood, Your Honor.  Just --

2     thank you for clarification.

3          THE COURT:  Yeah, no problem.  And if you have any

4     further questions or you need to get me on the phone or you

5     can just -- your (indiscernible) contact Ms. Gadsen and

6     she'll contact me and I'll get back to you.  I'll -- just

7     make sure, of course, you copy the other attorneys when you

8     contact Ms. Gadsen for that kind of thing.

9          MR. FLEISCHMAN:  Thank you, Your Honor.

10          THE COURT:  You're welcome.  Anything further?

11          MR. MCKANE:  Not today, Your Honor.

12          THE COURT:  All right.  Very good.  Enjoy the last

13     day April.  We're adjourned.

14          MR. FLEISCHMAN:  Thank you, Your Honor.  Have a

15     good day.

16          AUTOMATED VOICE:  Goodbye.

17          (Whereupon these proceedings were concluded at

18     10:20 AM)

19

20

21

22

23

24

25

1                    C E R T I F I C A T I O N

2

3        I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5    Sonya Ledanski        Digitally signed by Sonya Ledanski
                           Hyde
6    Hyde                  DN: cn=Sonya Ledanski Hyde, o, ou,
                           email=digital@veritext.com, c=US
7                          Date: 2021.05.03 15:13:15 -04'00'

8    Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  May 3, 2021

| & | |
|---|---|
| **&** | 3:2,7,12 11:18 |

| 1 | |
|---|---|
| **1** | 8:14 |
| **1.5** | 5:2 |
| **100,000** | 14:19 |
| **101** | 13:6 |
| **10:00** | 1:16 |
| **10:20** | 17:18 |
| **10th** | 7:16 |
| **11** | 1:5 |
| **11501** | 18:23 |
| **12** | 16:8 |
| **13th** | 6:20 |
| **14,000** | 15:5 |
| **14-10979** | 1:6 4:3 |
| **14199** | 2:3 |
| **15** | 6:2 10:14 |
| **17th** | 6:20 |
| **18** | 6:19 |
| **1:00** | 8:14 |

| 2 | |
|---|---|
| **20** | 7:17 |
| **2021** | 1:15 2:3 18:25 |
| **24** | 2:3 |
| **27th** | 7:12 |

| 3 | |
|---|---|
| **3** | 18:25 |
| **30** | 1:15 |
| **300** | 18:22 |
| **330** | 18:21 |
| **3rd** | 7:13 |

| 4 | |
|---|---|
| **40** | 15:2 |
| **40/40** | 7:17 |
| **4:00** | 7:16 |

| 5 | |
|---|---|
| **50** | 13:14 |

| 6 | |
|---|---|
| **60** | 5:20,22 16:22 |

| 7 | |
|---|---|
| **7** | 5:2 |

| 8 | |
|---|---|
| **824** | 1:13 |

| a | |
|---|---|
| **able** | 8:21,24 11:25 |
| **absolutely** | 14:11 16:8,8 |
| **access** | 11:20,21 |
| **accurate** | 18:4 |
| **act** | 5:1 |
| **adjourned** | 17:13 |
| **administered** | 1:7 |
| **administrative** | 2:2 4:14 13:6 |
| **administrator** | 5:14 6:15 16:6 |
| **admonition** | 13:23 |
| **adversary** | 4:12 13:5 |
| **affording** | 9:20 |
| **age** | 13:13 |
| **ago** | 7:11 |
| **agree** | 10:22 |
| **al** | 1:6 |
| **answer** | 16:20 |
| **anymore** | 14:7 |
| **apologize** | 15:1 16:11 |
| **appeals** | 12:21,22 |
| **appears** | 9:12 |
| **application** | 2:3 |
| **appreciate** | 15:10 |
| **approaches** | 4:6 |
| **appropriate** | 5:9 9:19 |
| **approved** | 5:8 |
| **april** | 1:15 2:3 17:13 |

| | |
|---|---|
| **archaic** | 14:5 |
| **argument** | 7:23 |
| **arguments** | 7:19 7:20,22 |
| **associated** | 6:23 |
| **associates** | 3:13 |
| **assume** | 11:12,20 13:19 |
| **attorneys** | 3:3,8,13 8:4 17:7 |
| **august** | 7:12 |
| **authority** | 4:20 |
| **automated** | 17:16 |
| **available** | 4:17 5:16 10:11 14:21 |

| b | |
|---|---|
| **b** | 1:17 |
| **back** | 6:9 7:10 17:6 |
| **bankruptcies** | 4:24 |
| **bankruptcy** | 1:1 1:12,19 4:14,16 4:23 13:6 |
| **based** | 4:21 5:7 |
| **basically** | 7:21 12:24 |
| **beck** | 10:11 |
| **becoming** | 8:1 |
| **behalf** | 16:2 |
| **believe** | 11:19 |
| **berkshire** | 12:24 |
| **big** | 16:24 |
| **billion** | 15:2 |
| **bit** | 10:4 11:4 |
| **block** | 4:13 |
| **blocking** | 9:6 |
| **bonner** | 3:7 |
| **boxes** | 13:15 14:4 |
| **brief** | 5:14 7:12,12 7:14,15 |
| **briefing** | 8:13 9:16 |

| | |
|---|---|
| **briefs** | 7:9,14,16 |
| **burden** | 13:10,16 13:25,25 14:8 |
| **burdened** | 13:11 |

| c | |
|---|---|
| **c** | 3:1 4:1 18:1,1 |
| **call** | 10:11 |
| **case** | 1:6 4:22 5:2 6:6 12:18,21 13:3 13:4 15:6 |
| **cases** | 14:3 |
| **certain** | 11:1,6 14:13 |
| **certainly** | 7:5 9:1 10:10 13:10 |
| **certification** | 2:1,4 4:5 |
| **certified** | 18:3 |
| **cetera** | 8:20 |
| **chadbourne** | 11:18 |
| **chance** | 7:4 |
| **changed** | 10:15 12:12 |
| **chapter** | 1:5 5:1 |
| **chiming** | 6:16 |
| **christopher** | 1:18 |
| **circuit** | 5:24 6:9 |
| **circumstances** | 11:1,6 |
| **civil** | 6:12 |
| **claim** | 4:14 5:7,9 5:17,17,18,19,20 5:22,25,25 13:6 16:13,13,14,20,21 16:23,24 |
| **clarification** | 17:2 |
| **classic** | 14:16 |
| **clear** | 14:11 |
| **client** | 11:24 |
| **closing** | 7:20,23 |
| **cognizant** | 6:22 |

**[combined - find]**                                                Page 2

combined  7:14,15
come  8:5,24 10:7
comes  14:8
comments  4:7
common  8:22,23
company  15:2
complaints  4:9
  9:3
complete  10:1
completion  5:3
comply  13:21
compound  10:18
concluded  17:17
conclusions  8:12
connection  12:3,4
consider  12:19
consistent  5:23
contact  17:5,6,8
contention  9:9,11
  11:2
contentionary
  9:18 10:17,20
contested  2:1,4
  4:5
copy  17:7
coronavirus  6:23
  6:24
corp  1:6
correct  16:16,17
  16:17
correctly  14:9
cost  14:19
costs  14:14
counsel  2:1 4:5
  14:21,23
count  8:3
country  18:21
couple  4:7
course  7:20 15:4
  17:7
court  1:1,12 4:2
  4:20 5:24 9:17,22
  10:10 11:7,14,23

12:10,15,21,22,25
13:3 14:1,16 15:2
15:14,18,21,22
16:1,8,17,19 17:3
17:10,12
court's  15:10
cross  7:25 8:3,7
css  1:6

**d**

d  4:1
d.i.  2:3
databases  14:13
date  18:25
dawn  8:15
day  5:24 6:17 7:7
  17:13,15
deadlines  8:18
deal  5:9,11 7:2
  12:23,24 16:19,22
  16:24
dealing  4:13
debtors  1:7 3:3
  11:11 12:3,4
decide  5:17,22
decided  8:11
decision  12:13
decisions  9:2
delaware  1:2,14
delay  8:7
deliver  14:4
demands  4:22
depends  10:18
  12:1
depos  16:8
deposition  6:10
depositions  6:13
  8:19
different  4:6
direct  7:23,24
  11:25
direction  15:10
directive  10:3

disagreements
  10:8
discovery  4:12,20
  6:2,5,10 8:17 9:13
  13:14 16:5
discuss  10:2,6,21
disgorgement  5:6
dispositive  6:6,7,8
disputed  10:12
disputes  10:7
district  1:2
document  6:10
  12:17 13:11,20
  14:17,20,23
documents  8:18
  12:5,7 13:18,22
  15:5
dollar  16:21
dollars  14:14
drive  14:9,12
  16:24
driven  9:14
due  7:16

**e**

e  1:17,17 3:1,1 4:1
  4:1 18:1
earlier  9:6 11:12
eastern  7:17
eat  10:19
ecro  1:25
ediscovery  13:13
  14:7
efh  4:3 9:6 14:12
  16:5
either  7:2
electronic  13:14
electronically
  14:22
elicit  8:4
elliot  3:13
elliott  5:7,14 6:15
  16:2

ellis  3:2
empower  14:15
energy  1:6
enjoy  17:12
enjoyed  15:11
entirely  7:5
esq  3:5,10,15
essentially  9:15
estates  16:15
et  1:6 8:19
everybody  4:2
evidence  11:3
  13:8 14:19
exactly  14:24
examination  7:24
  7:24,25 8:3,4,8
excluded  9:21
exercise  9:14
exited  11:19
expect  5:5 15:23
expense  2:3
experienced  8:25
expert  6:5
experts  6:6
extension  7:18
extent  11:11
  12:18 13:12

**f**

f  1:17 18:1
fact  5:15
facts  5:25 7:9
fair  12:6,10
fairly  12:17
familiar  7:21
federal  6:12
feel  7:3 8:1
figure  5:18 8:21
  9:1 10:12
figured  8:8
filed  2:3 4:14
fill  8:16
find  13:17,24

**[findings - materials]**  Page 3

**findings**  8:12
**fine**  6:11 10:10
**firm**  11:17
**first**  5:12,13,18
  6:5 12:16 13:3,19
**five**  6:17
**fleischman**  3:7,10
  9:23,23 10:24,25
  11:15,24 12:9,14
  12:15,16 13:1,2,7
  14:2,6 15:16,19
  15:20 17:9,14
**flesh**  11:23,24
**fly**  9:13,17
**focus**  11:4 14:24
  16:12
**followed**  7:17
**force**  7:15
**foregoing**  18:3
**form**  2:2 9:13
  11:2
**forth**  13:11
**forward**  15:16,18
  15:21
**found**  10:13
**frame**  8:24
**frankly**  4:10 5:1
  12:6
**fresh**  4:13
**full**  5:9
**fund**  5:3
**funds**  5:8,16
**further**  17:4,10
**future**  1:6

**g**

**g**  4:1
**gadsen**  17:5,8
**galardi**  3:15 15:25
  16:1,2
**game**  5:5
**getting**  5:7
**give**  5:24

**given**  9:19
**giving**  6:1
**go**  7:10 12:11
  13:23
**going**  4:11 5:22
  6:9,17,18,18,19
  7:8,14 8:11,17
  10:3,6 12:17 13:9
  13:20,20,23 14:19
**good**  7:4 17:12,15
**goodbye**  17:16
**governing**  5:25
**gray**  3:12
**great**  13:16,16
**gregg**  3:15
**guess**  5:15
**guideposts**  12:22
**guys**  8:21

**h**

**hand**  12:25
**happen**  8:9
**hard**  10:17
**health**  6:22
**hear**  14:9
**hearing**  2:1 6:17
  15:21 16:15
**held**  7:22
**hey**  13:17
**high**  8:6,8
**holdings**  1:6
**hon**  1:18
**honor**  9:5,23
  10:24 11:10 12:9
  12:14,16 13:2,7
  14:3,13 15:1,20
  15:25 16:11 17:1
  17:9,11,14
**hopefully**  14:24
**hospital**  7:1
**hours**  6:19
**hundred**  12:7
**hundreds**  12:5
  14:14

**hyde**  2:25 18:3,8

**i**

**identify**  9:10
**imagine**  6:5 16:10
**implicit**  16:12
**important**  4:23
**inappropriate**  8:2
**inconsistent**  9:16
**indiscernible**  4:4
  6:18 12:23 15:8
  15:12,17 17:5
**information**  15:3
**interrogatories**
  6:11 9:7,9,11,18
  10:16,17,19,21
**interrogatory**
  11:2
**interrupt**  10:25
**intricacies**  10:8
**involved**  10:6
**issue**  5:16 8:1
  16:25
**issues**  16:14
**items**  15:5
**i'm**  10:20

**j**

**january**  6:24
**jointly**  1:7
**judge**  1:19 4:2
  14:16 15:17

**k**

**keith**  3:10 9:23
  10:24
**kids**  8:9
**kind**  6:16 9:14
  10:18 17:8
**kirkland**  3:2
**know**  5:4 6:2 7:9
  7:9,10 8:17,17,19
  8:22,23 9:15,24
  10:8,14,15,18,22
  10:22 11:4,14,14

**11:22,25 12:10,19
  12:21 15:5 16:9
  16:20,21
**knowing**  16:23
**knows**  14:2,3

**l**

**law**  5:15,15,25
**lawyer**  9:14
**lawyers**  12:12
**leave**  7:13 10:21
**ledanski**  2:25 18:3
  18:8
**legal**  18:20
**leslie**  1:25
**liability**  5:12,12
**limit**  6:12 7:18
  16:4
**limited**  4:17 6:11
**limits**  4:20 7:17
  10:16
**literally**  7:10
**litigation**  4:11,18
**litigators**  9:1
  15:23
**little**  5:2 10:4 14:8
  14:12
**llp**  3:2,7,12
**long**  11:8
**look**  13:17,24
  14:18,23 15:16,18
  15:21
**lot**  4:23,25 10:19
  11:1 15:3

**m**

**maintain**  14:14
**making**  9:2
**mandate**  5:23
  12:21
**mark**  3:5
**market**  1:13
**material**  11:11
**materials**  11:13
  11:21 14:5,15

matter  5:14 6:21
mckane  3:5 8:14
   9:4,5 10:5 11:10
   11:16 12:1,18
   14:2,10,11,19
   15:1,7 16:11,18
   17:1,11
mean  6:14 7:1
   10:25 11:15,23,24
   12:1 14:3,18
   16:19
meeting  15:18
memorized  4:4
merits  5:25
method  13:22
million  5:2,20,22
   16:22
mineola  18:23
mixed  5:15 7:2
mock  8:6,7
money  4:24,25
months  6:2
morning  4:2 10:3
motion  6:7,8 7:10
   13:5
motions  6:7
murin  1:25

**n**

n  3:1 4:1 18:1
need  5:17 6:6 8:16
   8:17 11:13 12:20
   16:10 17:4
never  8:5
new  8:16 12:20,20
   13:3,4
nextera  2:2 3:8
   4:11 5:24 6:14
   7:12 9:11,22,24
   11:12 12:6,12
   16:6
nextera's  5:4
nicest  15:14

north  1:13
norton  11:18,18
noticed  15:7
notion  14:4
number  5:21 6:12
   8:6
numbers  10:16
ny  18:23

**o**

o  1:17 4:1 18:1
objections  13:21
obviously  4:6,15
   6:14 11:17
offer  8:5
okay  10:10
old  7:9 13:4 18:21
once  12:11
open  4:8 7:2 9:3
   13:22
opening  7:11,19
   7:22
operator  1:25
opposed  4:13 5:12
   8:12
opposing  7:12
order  2:2 8:16
   9:25,25 10:4,9
   13:19
orders  9:7,8,12,20
originally  5:21
overall  15:10
overplay  12:25

**p**

p  3:1,1 4:1
p.m.  7:16 8:14
page  7:17,18
paid  5:13,19
   16:25
pandemic  6:22
parke  11:18
participated  8:6
particularly  4:23

parties  10:21
   11:20
pay  4:17 5:8,16
people  5:17
person  6:21 7:5
phone  17:4
place  13:9
plan  5:13 6:14
   12:3 16:5
planning  4:12
point  4:25 12:18
   14:6,9 15:3
position  9:8,19
possible  5:19,20
   5:21 7:6 10:1
   15:22
post  8:13
pot  5:2
practice  10:13,14
   14:3
pre  4:21 7:8 8:13
   9:6,16
preference  6:21
preparation  4:21
prepared  15:9
previews  9:15
previous  14:21
price  4:17
probably  5:5 8:10
   8:11,16 13:16
problem  14:12
   17:3
procedural  4:16
procedure  6:13
proceed  4:7 6:1
proceeding  4:13
   12:4 13:5,9
proceedings
   11:12 15:11 17:17
   18:4
produce  11:15
produced  11:11
   11:25 12:19 13:22

production  14:20
proportionality
   4:22
proposal  5:13
propose  7:11
proposed  2:2 8:12
proposing  4:18
punt  14:17
put  9:24 10:4

**q**

quantum  16:13
question  5:15 9:6
questions  9:3
   15:24 17:4
quite  11:4

**r**

r  1:17 3:1 4:1 18:1
real  7:2
really  7:3 9:14
   16:4,5,24
reason  11:5
rebuttal  7:24
receive  4:5
recognition  15:9
recognize  15:7
record  18:4
recoverable  16:14
reference  9:11
reflected  9:8
reflects  15:6
regard  5:4
regarding  2:1
   12:22
regards  9:7 11:19
remember  13:13
   15:8
remembering
   4:16
remote  7:3
reply  7:16
reproduce  11:13
request  4:4 12:17

**requests**  13:12,20
  13:21 14:17,23
**required**  4:19
**resources**  4:17
**responding**  8:18
**responses**  14:18
**responsive**  13:18
**right**  5:11 6:25
  10:20 12:2 14:1
  17:12
**risks**  6:23
**road**  18:21
**roadmaps**  12:22
**rocco**  3:7
**ropes**  3:12
**rose**  11:18,18
**rules**  6:12

**s**

**s**  1:18 3:1 4:1
**safely**  7:4
**safety**  6:23
**save**  7:6
**saying**  10:20 11:9
**scene**  11:19
**schedule**  4:12
  8:25 9:16
**scheduling**  2:2 9:7
  9:12,20,25,25
  10:4,9
**school**  8:6,8
**scope**  15:10
**scrape**  8:15
**see**  5:6 14:17,18
  14:23
**seeing**  15:16
**seeking**  9:12
**send**  13:20
**sending**  13:14
**sense**  4:15,15,19
  6:3 8:25
**sent**  13:15
**sentence**  10:19

**separate**  7:14
**september**  6:20
  7:4,13,16 8:14
  15:12,15 16:15
**set**  4:20 5:6 13:11
**seven**  13:4 15:8
**she'll**  17:6
**sickest**  7:1
**side**  6:13,13,14,15
  6:19 7:13 8:1 10:2
  10:6 13:10 16:6,7
  16:9
**sides**  16:3,4
**similarities**  12:23
**simply**  4:14
**situation**  5:6
**six**  6:13
**size**  15:6
**skeleton**  8:23
**solutions**  18:20
**son**  8:6
**sontchi**  1:18 4:3
**sonya**  2:25 18:3,8
**sort**  5:14 8:24
  10:25
**speaking**  7:22
**specific**  9:10 13:8
**standpoint**  4:16
**start**  7:3 8:18,19
  12:1
**states**  1:1,12
**stick**  10:16
**streamline**  11:3
**street**  1:13
**strictly**  6:12
**strong**  6:20
**sufficient**  5:8
**suite**  18:22
**sure**  4:10 9:24
  12:6 16:3 17:7

**t**

**t**  18:1,1
**tackling**  9:6
**take**  11:2
**talking**  12:1,2,2
  14:7,25
**targeted**  12:17
**taught**  8:9
**tell**  4:8 6:24 15:22
**tend**  10:13,18
**testimony**  7:23
**texas**  12:4
**thank**  9:5 15:1,20
  16:18 17:2,9,14
**thing**  14:16 16:21
  16:22 17:8
**things**  9:10 10:15
  11:3,4
**think**  4:10 5:11,20
  5:23 6:15 7:4 8:10
  8:15,21 10:1
  11:16 13:12,19
  14:2,24 15:4
  16:12,23
**third**  5:24 6:9
**thought**  9:18
**thoughts**  10:23
**thousand**  12:7
**thousands**  12:5
  14:14
**three**  7:11
**time**  4:4,21 5:10
  6:19 7:20,21 8:1,3
  8:22,23 11:8
  15:11,14
**today**  5:23 17:11
**transcribed**  2:25
**transcript**  18:4
**treated**  9:15
**trial**  4:21,21 6:1
  6:10,19,21 7:3,3,8
  7:19 8:6,7,12,13
  8:13 9:6,16 11:3

  12:20 13:8 15:12
  16:12
**trials**  7:20 9:20
**triangle**  16:3
**trick**  8:7
**truckload**  12:7
**true**  18:4
**try**  5:2
**trying**  5:6 8:4
**turn**  14:14
**turning**  14:13
**turns**  9:13
**twice**  7:2
**two**  16:4

**u**

**u.s.**  1:19
**ultimately**  8:11
**umb**  16:2
**uncooperative**  8:2
**understand**  12:11
  13:7
**understanding**
  10:2
**understatement**
  15:4
**understood**  11:10
  17:1
**united**  1:1,12
**useful**  10:13 11:5
**utility**  11:1

**v**

**veritext**  18:20
**voice**  17:16

**w**

**want**  6:6,25 7:8
  7:15 10:11 13:10
  13:11 16:3
**wanted**  9:17,25
  16:7
**way**  5:3 6:8 7:20
  8:2

**we've**   6:7 15:13
**week**   6:20
**welcome**   17:10
**went**   4:5
**wife**   6:24
**wilmington**   1:14
   15:15
**window**   15:13
**witness**   8:7
**witnesses**   7:24,25
   8:2 9:10
**work**   7:20 8:23,24
   10:3
**worry**   11:8
**write**   6:4

**y**

**yeah**   11:7 12:15
   12:16 13:7 17:3
**year**   13:4 15:14
**years**   7:11 10:14
   15:8,12