IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: D.I. 14198** |
| | ) | |

***CONTESTED* CERTIFICATION OF COUNSEL REGARDING PROPOSED FORM OF SCHEDULING ORDER FOR NEXTERA ADMINISTRATIVE EXPENSE APPLICATION**

The undersigned hereby certifies as follows:

1. On February 20, 2018, NextEra Energy, Inc. ("NextEra") filed an application with the United States Bankruptcy Court for the District of Delaware (this "Court") seeking the allowance and payment of an administrative claim to recover certain costs and expenses from certain of the former debtors in the above-captioned chapter 11 cases (the "Debtors") following the termination of an agreement between NextEra and certain of the former Debtors [D.I. 12671] (the "NextEra Application").

2. Pursuant to the direction of this Court at the status conference held on April 30, 2021, counsel to NextEra conferred with counsel to the EFH Plan Administrator Board (the "PAB") and counsel to Elliott Associates, L.P., Elliott International, L.P., The Liverpool Limited Partnership and UMB Bank, N.A. (collectively, "Elliott/UMB," and together with

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

NextEra and the PAB, the "Parties") regarding a proposed form of order to schedule proceedings related to the NextEra Application.

3. After conferring with the other Parties, NextEra prepared a proposed form of order to schedule proceeding related to the NextEra Application (the "NextEra Proposed Order"). The PAB and Elliott did not agree to the NextEra Proposed Order, and have proposed their own form of order (the "PAB/Elliott Proposed Order," and together with the NextEra Proposed Order, the "Proposed Orders").

4. Pursuant to the Court's prior direction, the Parties agreed to submit both the Proposed Orders for the Court's consideration. The NextEra Proposed Order is attached hereto as **Exhibit A**, and the PAB/Elliot Proposed Order is attached hereto as **Exhibit B**.

WHEREFORE, NextEra submits that at the April 30, 2021 conference held to address scheduling issues, the Court issued multiple rulings intended to streamline discovery, including limiting each side to six depositions and precluding expert discovery. NextEra did not understand the latter ruling to bar all expert testimony at trial—a step that no party advocated and one inconsistent with the Third Circuit's ruling in this matter.

In granting the Elliott parties' motions to dismiss and for summary judgment, this Court accepted the arguments that NextEra's actions did not benefit the Debtors' estates because: (a) Sempra ultimately paid a lower price for Oncor than NextEra offered; and (b) the Debtors incurred significant financing costs while NextEra and the Debtors pursued regulatory approval for their transaction. The Third Circuit reversed, finding that NextEra could prove certain facts that would require the payment of its administrative claim. In reaching that decision, the Third Circuit credited NextEra's arguments that it could establish that it produced a benefit to the Debtors' estates by introducing, among other evidence, proof that: (a) the assets that Sempra

purchased from the Debtors had lesser value than those NextEra proposed to buy because of the "burdensome" restrictions that Sempra agreed to impose upon its right to operate Oncor; (b) the existence and terms of NextEra's offer enhanced the ultimate price that Sempra paid for Oncor; (c) as typically occurs in auction scenarios, the Debtors employed the NextEra offer as leverage in negotiating the subsequent Berkshire and Sempra transactions; and (d) any meaningful assessment of the "costs" the Debtors incurred while pursuing the NextEra transaction had to consider the revenue and profits that the Debtors derived during the same period from operating Oncor, an asset worth more than $18 billion.

Expert testimony will elucidate all of the foregoing issues. Valuation experts such as investment bankers would typically address the first three issues. A forensic accountant would typically deliver testimony related to the final issue. Given those facts, preempting all expert testimony at the scheduling stage, before the Court has any opportunity to consider the parties' arguments or trial evidence, is neither fair nor reconcilable with the Third Circuit's ruling.

WHEREFORE, the PAB and Elliott/UMB believe the Court correctly ruled that expert testimony is unnecessary in light of the specific issues to be tried in this claims proceeding. The PAB and Elliott/UMB oppose NextEra's request to submit expert testimony. To the extent the Court is inclined to grant NextEra leave to submit expert testimony, the Court should direct the parties to set an expert discovery schedule that (a) provides that Federal Rule of Civil Procedure 26(a)(2) applies to expert disclosures, (b) requires the disclosure of the identity of any affirmative expert witnesses, their curriculum vitae, and the subject(s) on which they will testify by July 1, 2021, (c) requires that opening reports, together with other information required by Rule 26(a)(2), be served by July 30, 2021, (d) requires that rebuttal reports (if any) are served by August 13, 2021, (e) closes fact discovery by August 20, 2021, and (f) allows the parties to complete expert

depositions by August 27, 2021, which is one week prior to the parties' proposed September 3, 2021 deadline for filing motions in *limine*.

WHEREFORE, the Parties respectfully request that the Court consider the Proposed Orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, and enter the order that this Court determines is most appropriate at this time to schedule proceedings related to the NextEra Application at this Court's earliest convenience.

[*Remainder of page intentionally left blank*]

Wilmington, Delaware
Dated:  May 27, 2021

| */s/ Jason M. Madron* | */s/ Erin R. Fay* |
|---|---|
| **RICHARDS, LAYTON & FINGER, P.A.** | **ROPES & GRAY LLP** |
| Mark D. Collins (No. 2981) | Gregg M. Galardi |
| Daniel J. DeFranceschi (No. 2732) | 1211 Avenue of the Americas |
| Jason M. Madron (No. 4431) | New York, NY 10036-8704 |
| 920 North King Street | Telephone:  (212) 596-9000 |
| Wilmington, Delaware 19801 | Facsimile:   (212) 596-9090 |
| Telephone:   (302) 651-7700 | Email:  gregg.galardi@ropesgray.com |
| Facsimile:   (302) 651-7701 | |
| Email:   collins@rlf.com | -and- |
| defranceschi@rlf.com | |
| madron@rlf.com | **BAYARD, P.A.** |
| | Erin R. Fay (No. 5268) |
| and- | Evan T. Miller (No. 5364) |
| | 600 N. King Street, Suite 400 |
| **KIRKLAND & ELLIS LLP** | Wilmington, DE 19801 |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | Telephone:  (302) 655-5000 |
| Edward O. Sassower, P.C. (admitted *pro hac vice*) | Facsimile:   (302) 658-6395 |
| Stephen E. Hessler, P.C. (admitted *pro hac vice*) | Email:  scousins@bayardlaw.com |
| Brian E. Schartz, P.C. (admitted *pro hac vice*) | efay@bayardlaw.com |
| Steven N. Serajeddini, P.C. (admitted *pro hac vice*) | emiller@bayardlaw.com |
| Aparna Yenamandra (admitted *pro hac vice*) | |
| 601 Lexington Avenue | |
| New York, New York 10022-4611 | *Co-Counsel to Elliott* |
| Telephone:   (212) 446-4800 | |
| Facsimile:   (212) 446-4900 | |
| Email:   edward.sassower@kirkland.com | */s/ Matthew B. McGuire* |
| stephen.hessler@kirkland.com | **LANDIS RATH & COBB LLP** |
| brian.schartz@kirkland.com | Adam G. Landis (No. 3407) |
| steven.serajeddini@kirkland.com | Matthew B. McGuire (No. 4366) |
| aparna.yenamandra@kirkland.com | 919 Market Street, Suite 1800 |
| | Wilmington, Delaware 19801 |
| -and- | Telephone:   (302) 467-4400 |
| | Facsimile:   (302) 467-4400 |
| James H.M. Sprayregen, P.C. (admitted *pro hac vice*) | Email:  landis@lrclaw.com |
| Chad J. Husnick, P.C. (admitted *pro hac vice*) | mcguire@lrclaw.com |
| 300 North LaSalle | |
| Chicago, Illinois 60654 | -and- |
| Telephone:   (312) 862-2000 | |
| Facsimile:   (312) 862-2200 | **FLEISCHMAN BONNER & ROCCO** |
| Email:   james.sprayregen@kirkland.com | James P. Bonner (admitted *pro hac vice*) |
| chad.husnick@kirkland.com | Joshua D. Glatter (admitted *pro hac vice*) |
| | 447 Springfield Avenue, 2nd Floor |
| | Summit, NJ 07901 |
| *Co-Counsel to EFH Plan Administrator Board* | |

Telephone: (908) 516-2045
Facsimile: (908) 516-2049
Email: jbonner@fbrllp.com
jglatter@fbrllp.com

-and-

Keith M. Fleischman (admitted *pro hac vice*)
81 Main Street, Suite 505
White Plains, NY 10601
Telephone: (914) 278-5100
Facsimile: (917) 591-5245
Email: kfleischman@fbrllp.com

*Co-Counsel to NextEra Energy, Inc.*