**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Reorganized Debtors. | ) ) ) ) | (Jointly Administered) **Re: D.I. 12671, 14198** |

**ORDER SCHEDULING CERTAIN DATES AND DEADLINES AND ESTABLISHING CERTAIN PROTOCOLS IN CONNECTION WITH THE NEXTERA APPLICATION**

In relation to that certain application filed with this Court on February 20, 2018 seeking the allowance and payment of an administrative claim to recover certain costs and expenses from the Reorganized Debtors [D.I. 12671] (the "NextEra Application"); and for the reasons set forth on the record at the April 30, 2021 Status Conference; and after due deliberation and sufficient cause existing for the relief requested herein, it is hereby **ORDERED**:

**SCOPE OF DISCOVERY**

1. The protocols and schedule set forth below shall govern the proceedings regarding the NextEra Application, including all related discovery.

**PARTIES**

2. For purposes of the NextEra Application, the Parties shall include: (a) NextEra Energy, Inc. ("NextEra"); (b) the EFH Plan Administrator Board (the "PAB"); (c) UMB Bank, N.A., as Indenture Trustee (the "Trustee") for the unsecured 11.25%/12.25% Senior Toggle Notes

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

RLF1 25437494v.1

due 2018; and (d) Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership ("Elliott" and, together with the PAB and the Trustee, the "EFH Parties," and with NextEra, each individually, a "Party" and, collectively, the "Parties").

## SCHEDULING MATTERS

3. The following schedule shall govern discovery and related matters absent further agreement of the Parties or order of the Court.

4. **Fact Discovery**.

   a. **Monday, May 10, 2021**, shall be the *nunc pro tunc* beginning of the fact discovery period.

   b. **Monday, June 7, 2021**, shall be the deadline to serve requests for production to Parties ("Discovery Requests").

   c. **Friday, July 9th, 2021**, shall be the date on which Parties shall have substantially completed production of documents responding to the Discovery Requests (it being understood that the Parties will produce documents on a rolling basis).

   d. **Thursday, August 3, 2021**, shall be the date on which the Parties shall provide categorical privilege logs of documents responsive to the Discovery Requests that were withheld on the basis of any claim of privilege (the "Privilege Logs"). The Privilege Logs shall provide: (1) the date range of the documents; (2) author(s)/sender(s) and recipients; (3) the general subject matter; (4) the basis for withholding the documents (e.g., attorney-client privilege or work-product doctrine); and (5) the number of documents withheld in that category.

   e. **Friday, July 23, 2021**, shall be the date on which the Parties exchange their initial lists of witnesses they intend to depose, including any third-party witnesses. Each of NextEra and the EFH Parties shall be limited to six (6) depositions each, for a

total of twelve (12) depositions, excluding any expert depositions and subject to paragraph 7(a) below.

    f. **Tuesday, July 27, 2021**, shall be the date on which depositions of witnesses, including depositions of any third-party witnesses, may begin. Deposition notices must be served no later than **seven (7)** days prior to the deposition date, and any objections thereto must be served no later than **three (3)** days before the deposition date. The Parties shall confer in good faith on the location, manner of taking depositions (*e.g.,* in person or remote), and dates convenient for the witness and counsel with respect to the scheduling of individual depositions.

    g. **Friday, August 20, 2021**, shall be the date on which all fact discovery shall be complete, including discovery from third parties.

5. **Expert Discovery**:

    a. **Thursday, July 1, 2021**, shall be the date by which the Parties must disclose the identity of any affirmative expert witness, the curriculum vitae of such affirmative expert witness, and the subject(s) on which such affirmative expert witness will testify.

    b. **Friday, July 30, 2021**, shall be the deadline to serve opening reports for any affirmative expert witness, together with the other information required by Federal Rule 26(a)(2).

    c. **Friday, August 13, 2021**, shall be the deadline to disclose the identity of any rebuttal expert witness and serve rebuttal reports for any rebuttal expert witness together with the curriculum vitae of such witness.

    d. **Friday, August 27, 2021**, shall be the deadline to complete expert depositions.

6. **Pre-Trial Briefing.** NextEra shall submit its opening pre-trial memorandum of no more than 40 pages in Times Roman 12-point font (including footnotes) no later than **August 27, 2021 at 4:00 p.m. (prevailing Eastern Time)**. The EFH Parties shall submit their opposition memorandum (subject to the same limits as NextEra's brief) no later than **September 3, 2021 at 4:00 pm (prevailing Eastern Time)**. NextEra shall submit its reply brief of no more than 20 pages in Times Roman 12-point font (including footnotes) no later than **September 10, 2021 at 4:00 p.m. (prevailing Eastern time)**. For the avoidance of doubt, the EFH Parties may determine, in their sole discretion, to submit one joint brief on behalf of all EFH Parties, or alternatively, one brief from the Trustee/Elliott and one brief from the PAB. If the EFH Parties submit separate briefs, the total number of pages of such briefs may not exceed 40 pages in Times Roman 12-point font including footnotes.

7. **Final Pretrial Deadlines.**

    a. **Monday, August 23, 2021, at 6:00 p.m. (prevailing Eastern Time)**, shall be the deadline for the Parties to exchange preliminary lists of witnesses that they intend to offer at trial. Witness lists shall identify all witnesses that each Party will call or may call at the trial. To the extent any Party seeks to offer a witness at the trial who has not been previously deposed in his/her individual capacity in connection with the NextEra Application, the witness will be made available for a deposition, the

Parties shall confer in good faith regarding a schedule for deposing said witness(es), and in all events, said depositions shall occur within ten (10) days prior to the trial.

b. **Wednesday, August 25, 2021 at 6:00 p.m. (prevailing Eastern Time)**, shall be the deadline for the Parties to exchange preliminary lists of exhibits that they intend to offer at trial.

c. **Monday, August 30, 2021 at 6:00 p.m. (prevailing Eastern Time)**, shall be the deadline for the Parties to exchange objections to the initial lists of witnesses and exhibits to be used at trial.

d. **Friday, September 3, 2021 at 6:00 pm (prevailing Eastern Time)** shall be the deadline by which the Parties must submit a proposed joint pretrial order ("JPTO") per Local Bankruptcy Rule 7016-2(d). In advance of submitting such JPTO, the parties shall meet and confer and attempt to resolve in good faith any disputes to the JPTOs contents.

e. **Friday, September 3, 2021 at 4:00 p.m. (prevailing Eastern Time)** shall be the deadline for the Parties to file motions *in limine* ("MiL"). The following protocols shall apply to any MiL.

   i. No MiL may be filed unless the parties have first met and conferred in good faith to resolve or materially narrow areas of dispute.

   ii. Any MiL to be filed shall consist of a letter of no more than three (3) single spaced pages in Times Roman 12 point font.

   iii. Any opposition to an MiL shall be identical in format and length to the MiL and shall be served and filed no later than Wednesday, September 8, 2021.

   iv. There shall be no reply briefs filed to any MiL.

   v. The Court reserves the right to adjudicate any MiL based on the written submissions without the need for oral argument. Any oral argument concerning MiLs shall be held on the first day of trial or as the trial proceeds, at the Court's discretion.

 f. **Tuesday, September 7, 2021 at 1:00 p.m. (prevailing Eastern Time)**, shall be the date and time that the Court will hold a final pre-trial conference (FTPC).

 g. **Wednesday, September 8, 2021 at 5:00 p.m. (prevailing Eastern Time)**, shall be the deadline for the Parties to file final lists of exhibits and witnesses they intend to offer at the trial.

8. **Trial**. The Court will conduct a trial on the NextEra Application on **September 13-14, 2021 and September 20-22, 2021**. The trial will begin each day at **10:00 a.m. (prevailing Eastern Time).** Total trial time shall be limited to thirty-six (36) hours, spilt evenly (18 hours each) between NextEra and the EFH Parties.

### OTHER GOVERNING PROTOCOLS AND PROCEDURES

9. **Protective Order**. All discovery and hearings in connection with the NextEra Application shall be subject to and conducted in accordance with the terms of the *Confidentiality Agreement and Stipulated Protective Order*, dated August 13, 2014 [D.I. 1833], attached hereto as **Exhibit 1** (the "Protective Order").

10. **Document Discovery**. All documents and ESI produced in accordance with this Order shall be produced in conformance with the terms of the e-discovery protocol [D.I. 1832-3], attached hereto as **Exhibit 2** (the "ESI Protocol")

11.     **Requests for Admission**.  Without leave of the Court upon a specific showing of good cause, requests for admission pursuant to Fed. R. Civ. P. 36 shall not be allowed, except with respect to any request to admit the authenticity of any described document.

12.     **Limitations on Depositions**.  Each Federal Rule 30(b)(6) deposition notice shall be treated as one deposition for purposes of the deposition limits set forth in paragraph 4(e), and the parties shall meet and confer regarding the scheduling of any Rule 30(b)(6) deposition (and the number of deponents designated in response to such notice) in good faith in light of the deposition limits set forth in paragraph 4(e).  At least five (5) business days in advance of any Fed. R. Civ. P. 30(b)(6) deposition, the party being deposed shall identify all witnesses who will be put forward to testify on the topics in the Rule 30(b)(6) deposition notice.

13.     **Third-Party Documents Received Pursuant to Subpoena**.  Each Party shall produce or make available to the other Parties all materials obtained from third parties pursuant to Fed. R. Civ. P. 45 within two days of receiving such material from a third party.

14.     **Expert Discovery**.  Federal Rule of Civil Procedure 26(a)(2) applies to expert disclosures.

15.     **Discovery Disputes**.  Any dispute with regard to discovery conducted under this Order that cannot be resolved after good-faith consultation may be presented to the Court by the Party who seeks relief filing a letter with the Court and copying all Parties.  Unless otherwise agreed to by the disputing Parties, any response to such letter shall be made by filing a responsive letter to the Court to be filed and delivered to Chambers within two business days after service of the initial letter submission on the applicable Party.  Without leave from the Court, no letter shall exceed three pages in length and no additional submissions will be permitted.

16. **Amendments or Modifications**. Except as otherwise ordered by the Court, this Order shall control any and all discovery by the Parties in connection with the NextEra Application; *provided, however*, that the Parties may amend, modify, or supplement the terms of this Order (except for the dates set forth in paragraphs 6 and 7(f)) without further order by the Court upon filing written notice of such agreed amendment or modification with the Court.

17. **Reservation of Rights**. Nothing in this Order shall be deemed a waiver of any Party's rights to assert any applicable privilege or work-product protections or any other appropriate objections to disclosure available under the Federal Rules of Civil Procedure as applied to this proceeding by the Federal Rules of Bankruptcy Procedure. A Party's production of information in accordance with this Scheduling Order shall not be deemed a concession by such Party as to the relevance or use of such documents or information at trial or otherwise.

Dated: June 8th, 2021
Wilmington, Delaware

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**

RLF1 25437494v.1