# Exhibit 2

**Exhibit C**

**E-Discovery Protocol**

This Protocol supplements the provisions of Federal Rules of Civil Procedure 16, 26, 33, 34, 37 and 45, and the Federal Rules of Bankruptcy Procedure, insofar as those Rules relate to the production of documents and ESI. This Protocol shall supersede any instructions in Requests for Production regarding the matters addressed herein. To the extent that instructions in Requests for Production conflict with this Protocol, the Protocol shall govern.

All reasonable efforts will be taken to ensure that documents produced in this litigation are formatted as follows:

A.     Documents gathered from electronic data should be provided in the following format:

1.     <u>TIFFs</u>. The parties will produce all documents as Group IV single page black and white TIFF format files imaged at 300 dpi. The producing party will honor reasonable requests made in good faith for either production of the original document for inspection and copying or production of a color image of the document. In all cases the image must reflect how the source document would have appeared if printed out to a printer attached to a computer viewing the file. The producing party will, however, instruct its vendor to disable Auto Date and to enable and show hidden columns or rows, hidden worksheets, speaker notes, track changes and comments.

2.     <u>Unique IDs</u>. Each image should have a unique file name, which is the Bates Number of the page. Bates Numbers shall be unique IDs with a prefix that can be readily attributed to the producing party. Bates Numbering should be sequential. If a Bates Number or set of Bates Numbers is skipped in a production, the producing party will so note.

3.　　<u>Spreadsheets and Other Files in Native Format</u>: All Excel files and other files that cannot be reasonably reviewed except on a computer shall be produced in native format. For these native or other format files, the producing party will also provide a single page placeholder referencing the native file with a Bates stamp for the file. The produced file should be named with the Bates number of the first page of the corresponding TIFF production of the document (e.g. "ABC0000001.xls").

4.　　<u>Database Load Files/Cross-Reference Files</u>. Documents produced shall be provided with (i) Concordance delimited load file(s) and (ii) Opticon delimited cross-reference file(s). Every TIFF in each production must be referenced in the production's corresponding load file. The total number of images referenced in a production's load file should match the total number of TIFF files in the production. The database load file shall include a reference to any native files that are produced.

5.　　<u>Parent-Child Relationships</u>. Parent-child relationships (the association between an e-mail and the attachments) should be preserved. The producing party shall produce email attachments sequentially after the parent email. The load files shall maintain a cross reference between the parent and any children.

6.　　<u>Requests for high-resolution or color documents</u>. The producing party agrees to respond to reasonable and specific requests for the production of higher resolution or color images. Nothing in this Protocol will preclude a producing party from objecting to such requests as unreasonable in number, timing or scope, provided that a producing party will not object if the document as originally produced is illegible or difficult to read. The producing party shall have the option of responding by producing a native-file version of the document. If

ny-1148279

a dispute arises with regard to requests for higher resolution or color images, the requesting and producing parties will meet and confer in good faith to try to resolve it.

7.    Foreign language documents.  All documents shall be produced in their original language.  Where a requested document exists in a foreign language and the producing party also has an English-language version of that document that it prepared for non-litigation purposes prior to filing of the lawsuit, the producing party shall produce both the original document and all English-language versions.  In addition, if the producing party has a certified translation of a foreign-language document that is being produced, whether or not the translation is prepared for purposes of litigation, the producing party shall produce both the original document and the certified translation.  Nothing in this Agreement shall require a producing party to prepare a translation, certified or otherwise, for foreign language documents that are produced in discovery.

8.    Text Files.  For each document, a document level text file should be provided along with the TIFFs.  If the document contains extractable text, the extractable text should be provided.  If the document does not contain extractable text, the producing party shall provide OCR for that document.  The text files will not contain the redacted portions of the documents.  Text files for documents or pages containing redactions shall be produced no later than five (5) business days after the production of the corresponding TIFFs.

9.    Metadata Fields.  The following metadata should be provided if it exists: (i) all metadata as set forth in the table below; (ii) metadata pertaining to time/date should be maintained as it exists in the native file at the time of collection.  The producing party reserves its rights to object to any request for the creation of metadata for documents that do not contain metadata in the original.

ny-1148279

10.    <u>De-duplication</u>.  The producing party may de-duplicate ESI that is exact and identical across all custodians' ESI.  The producing party may use and rely in good faith on reasonable electronic means of de-duplicating documents or files.

11.    <u>Native Format</u>.  With the exception of those spreadsheets discussed above in Paragraph 3, the producing party is not required to produce ESI in native format without prejudice to the requesting party's right to request the production of individual documents in native format upon a showing of good cause.  The requesting party must make written request to the producing party for the production of individual documents in native format.  The written request shall identify the individual documents by Bates number with an explanation of good cause as to each individual document.  A person receiving a written request for production of a document in native format shall have fourteen (14) days after the request to object.  If the producing party makes such an objection, the requesting party must meet and confer with the producing party to try to resolve the matter by agreement.  If no agreement is reached, the requesting party may file a motion seeking an order requiring the producing party to produce the requested documents in native format.  The requesting party shall be solely responsible for obtaining any software or hardware required to review electronic documents produced in discovery, including in native format, so long as such software or hardware is readily available to the public.  To the extent such software or hardware is not readily available to the public, nothing herein shall foreclose a requesting party from moving for an order to obtain access to the software or hardware necessary to review electronic documents produced in discovery.  The foregoing is without prejudice to the producing party's right to produce audio and video files in the format in which the files are maintained in the ordinary course of business.

4

Documents produced natively shall be represented in the set of imaged documents by a slipsheet indicating the production identification number and confidentiality designation for the native file that is being produced.

12.    Databases.  Certain types of databases are dynamic in nature and will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Thus, a producing party may opt to produce relevant and responsive information from databases in an alternate form, such as a report or data table.  These reports or data tables will be produced in a static format.

The producing party agrees to identify the specific databases, by name, that contain the relevant and responsive information.

B.    Hard-copy documents that are produced, as opposed to being made available for inspection and copying, should be provided in the format described in Sections III.A.1 – 7 and should also be formatted as follows:

1.    Unitizing of Documents.    In scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., paper documents should be logically unitized).  The producing party will make its best efforts to have its vendors logically unitize documents correctly and will commit to address situations where there are improperly unitized documents.

2.    Objective Coding Fields.  The following objective coding fields should be provided to the extent available:  (a) beginning Bates number;  (b) ending Bates number; (c) beginning attachment Bates number;  (d) ending attachment Bates number;  (e) number of pages; and (f) custodian.

ny-1148279

**Metadata Fields**

| Concordance | Description |
|---|---|
| BEGPRODBATE | Beginning Bates or control number(w/Prefix) |
| ENDPRODBATE | Ending Bates or control number (w/Prefix) |
| BEGBATESATT | Beginning of attachment range for e-mails or attached documents. |
| ENDBATESATT | Beginning of attachment range for e-mails or attached documents. |
| CUSTODIAN | Custodian is generally the person who provided the information |
| DOCTYPE | Doctypes should be defined (can include coded information or electronically captured metadata). |
| FILENAME | Document file name |
| FILETYPE | File type of original document |
| CREATEDATE | Date created [MM/DD/YYYY] |
| LASTMODDATE | Date last modified  [MM/DD/YYYY] |
| SENTDATE | Date sent   [MM/DD/YYYY] |
| SUBJECT | Email subject line |
| AUTHOR | File author |
| FROM | Email author |
| RECIPIENTS | Choose one of these fields to contain recipient info for e-mails. |
| CC | Email carbon copies [Delimited list] |
| BCC | Email blind carbon copies [Delimited list] |
| PAGES | Total page count per document |
| ATTACH_CNT | Attachment count |
| SENTTIME | Sent Time |
| FILEPATH | Folder where files resided.  File path may be a "Directory" for loose files or a "Folder" for emails. |
| FILESIZE | Document file size in bytes.  For families of electronic documents, the "Contribution size" for each document may be provided instead of Filesize. |
| NATIVE_PROD | Location of native file in volume if provided (Native Link) |
| LSTEDITBY | Last Edited By |
| LASTACCESSED | Last Accessed By |
| MD5HASH | MD5HASH of Electronic Loose File or Attachments |
| MESSAGEID | Internet message identifier |

6