# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> ENERGY FUTURE HOLDINGS CORP, *et al.*, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 14-10979 (CSS) <br><br> (Jointly Administered) |

## NOTICE OF SERVICE OF SUBPOENA

**PLEASE TAKE NOTICE** that on June 7, 2021, a true and correct copy of *NextEra's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case* was served via process server on the Registered Agent:

<u>**HAND DELIVERY**</u>
Berkshire Hathaway Energy Co.
C/O CT Corporation System
400 E. Court Avenue
Suite 110
Des Moines, IA 50309

Dated: June 17, 2021
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew B. McGuire*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: landis@lrclaw.com
mcguire@lrclaw.com

– and –

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

{932.002-W0065099.}

**FLEISCHMAN BONNER & ROCCO LLP**
Keith M. Fleischman (admitted pro hac vice)
James P. Bonner (admitted pro hac vice)
Joshua D. Glatter (admitted pro hac vice)
81 Main Street, Suite 515
White Plains, NY 10601
Telephone: (914) 278-5100
E-mail: kfleischman@fbrllp.com
       jbonner@fbrllp.com
       jglatter@fbrllp.com

*Counsel to NextEra Energy, Inc.*

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects to Permit Inspection in Bankruptcy Case or Adversary Proceeding) (12/13)

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| Reorganized Debtors. | (Jointly Administered) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIS INSPECTION OF PREMISES IN A AN BANKRUPTCY CASE**

To:  **Berkshire Hathaway Energy Co.
C/O CT Corporation System
400 E. Court Avenue
Suite 110
Des Moines, IA 50309**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:. **See Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| **FLEISCHMAN BONNER & ROCCO LLP** <br> 81 Main Street, Suite 515 <br> White Plains, NY 10601 <br> Attn: Tyler Van Put | June 21, 2021 at 10:00 a.m. (ET) |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the time, date, and place set forth below   to testify at a hearing or trial in this bankruptcy case. When you arrive, you must remain at the court until the judge or a court official allows you to leave.

| Place | Date and Time |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201.  Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

{932.002-W0064997.}

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13) Page (2)

Case 14-10979-CSS    Doc 14246    Filed 06/17/21    Page 4 of 15

Dated:  June 7, 2021                                                  **LANDIS RATH & COBB LLP**

/s/ Matthew B. McGuire
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

*Counsel to NextEra Energy, Inc.*

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13) Page (2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: **Berkshire Hathaway Energy CO** on *(date)* **6/7/2021**

☒ I served the subpoena by delivering a copy to the named person as follows: **Lisa darrel-Secretary @ 400 E. Court Ave. Suite 110 Des Moines, IA 50309** on *(date)* **6/7/21 - 12:54pm**; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ 0.00.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

*Server's signature*

**Michael Nairn PPS**
*Printed name and title*

**115 E park St Suite D Olathe, KS 66o**
*Server's address*

TIFFANY ALLISON
Commission Number 752710
My Commission Expires
03/26/2024
IOWA

Additional information concerning attempted service, etc.:

{932.002-W0064997.}

Case 14-10979-CSS   Doc 14246   Filed 06/17/21   Page 6 of 15

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13) Page (3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

# EXHIBIT A

## DEFINITIONS

1. **Bankruptcy Period.** The term "Bankruptcy Period" means the period from the filing of the Debtors' bankruptcy petitions through the present.

2. **Bankruptcy Proceedings.** The term "Bankruptcy Proceedings" means the proceedings in the Debtors' bankruptcy case.

3. **Berkshire.** The term "Berkshire" refers to Berkshire Hathaway Energy Co. and its officers, directors, employees, partners, corporate parents, subsidiaries, affiliates, attorneys, agents, consultants, and independent contractors.

4. **Berkshire Merger Agreement.** The term "Berkshire Merger Agreement" means the July 7, 2017 Agreement and Plan of Merger among Berkshire, O.E. Merger Sub Inc., O.E. Merger Sub II, LLC, O.E. Merger Sub III, LLC, Energy Future Intermediate Holding Company LLC, and Energy Future Holdings Corp. and any amendments thereto.

5. **Berkshire Transaction.** The term "Berkshire Transaction" means the transactions contemplated under the Berkshire Merger Agreement.

6. **Debtors.** The term "Debtors" means Energy Future Intermediate Holding Company LLC and Energy Future Holdings Corp., and any of their respective current or former officers, directors, employees, partners, corporate parents, subsidiaries, affiliates, attorneys, agents, consultants, and independent contractors.

7. **EFH Plan.** The "EFH Plan" means the bankruptcy plan pursuant to which the Debtors were reorganized under the terms of the Federal Bankruptcy Code.

8. **Elliott Parties.** The term "Elliott Parties" means Elliott Associates, L.P., Elliott International, L.P., The Liverpool Limited Partnership and their respective officers, directors,

employees, partners, corporate parents, subsidiaries, affiliates, attorneys, agents, consultants, and independent contractors.

9. **Evercore.** The term "Evercore" means Evercore Group LLC and its officers, directors, employees, partners, corporate parents, subsidiaries, affiliates, attorneys, agents, consultants, and independent contractors.

10. **NextEra Merger Agreement.** The term "NextEra Merger Agreement" means the July 29, 2016 Agreement and Plan of Merger Among NextEra, EFH Merger Co., LLC, Energy Future Intermediate Holding Company LLC, and Energy Futures Holdings Corp. and any amendments thereto.

11. **NextEra PUCT Proceedings.** The term "NextEra PUCT Proceedings" means the proceedings before the PUCT related to any proposed acquisition of Oncor or the Debtors by NextEra and the related transactions that required the approval of the PUCT.

12. **NextEra Transaction.** The term "NextEra Transaction" means the transactions contemplated under the NextEra Merger Agreement.

13. **Oncor.** The term "Oncor" refers to Oncor Electric Delivery Company LLC, Oncor Electric Delivery Holdings Company LLC, and their respective officers, directors, employees, partners, corporate parents, subsidiaries, affiliates, attorneys, agents, consultants, and independent contractors.

14. **PAB.** The term "PAB" means the EFP Plan Administrator Board and its officers, directors, employees, partners, corporate parents, subsidiaries, affiliates, attorneys, agents, consultants, and independent contractors.

15. **PUCT.** The term "PUCT" means the Texas Public Utilities Commission and its commissioners, officers, directors, employees, affiliates, attorneys, agents, consultants, and independent contractors.

16. **Ring Fence Restrictions.** The term "Ring Fence Restrictions" means the restrictions defined as "Burdensome Conditions" in the NextEra Merger Agreement.

17. **Sempra.** The term "Sempra" refers to Sempra Energy and its officers, directors, employees, partners, corporate parents, subsidiaries, affiliates, attorneys, agents, consultants, and independent contractors.

18. **Sempra Merger Agreement.** The term "Sempra Merger Agreement" means the August 21, 2017 Agreement and Plan of Merger among Sempra Energy, Power Play Merger Sub I, Inc., Energy Future Intermediate Holding Co. LLC, and Energy Future Holdings Corp. and any amendments thereto.

19. **Sempra Transaction.** The term "Sempra Transaction" means the transactions contemplated under the Sempra Merger Agreement.

20. **UMB.** The term "UMB" refers to UMB Bank, N.A. and its officers, directors, employees, partners, corporate parents, subsidiaries, affiliates, attorneys, agents, consultants, and independent contractors.

21. **All/Any/Each**. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

22. **And/Or**. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

23. **Communication**. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

24. **Concerning**. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

25. **Document**. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

26. **Including**. The term "including" means "including, without limitation" and "including, but not limited to."

27. **Number.** The use of the singular form of any word includes the plural and vice versa.

28. **Person**. The term "person" is defined as any natural person or any legal entity, including any business or governmental entity or association.

## INSTRUCTIONS

1. In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed by: you; your directors, officers, agents, representatives, subsidiaries, managing agents, affiliates, or investigators; or your attorneys or their agents, employees, representatives or investigators.

2. Documents are to be produced in full; redacted documents will not constitute compliance with this request. If any requested document or thing cannot be

produced in full, produce it to the extent possible, indicating which portion of that document is being withheld, and the reason for withholding.

3. In producing documents, you are requested to produce the original of each document requested together with all non-identical copies and drafts of that document.

4. Pursuant to Rule 45 of the Federal Rules of Civil Procedure, produce all documents as they are kept in the usual course of business.

5. All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by you. If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

6. If you contend that you previously produced responsive documents in the Bankruptcy Proceedings, identify the documents' Bates Numbers and the date(s) of the prior production.

7. Each document shall be produced in such fashion as to identify the department, branch or office in whose possession it was located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian.

8. Documents attached to each other should not be separated.

9. Documents not otherwise responsive to this discovery request shall be produced if such documents mention, discuss, refer to, or explain the documents that are called for by this discovery request, or if such documents are attached to documents called for by this

discovery request, or constitute routing slips, transmittal memoranda or letters, comments, evaluations or similar materials.

10.     If you claim the attorney-client privilege, or any other privilege or work product protection for any document, that document need not be produced, but you shall provide a privilege log including all of the information required by the Federal Rules of Civil Procedure, Local Court Rules and any other applicable law of concerning that document.

11.     Electronically stored information and other documents should be produced pursuant to the requirements of the District of Delaware's Default Standard for Discovery, Including for Discovery of Electronically Stored Information ("ESI") and Default Standard for Access to Source Code.

## REQUESTS FOR PRODUCTION

1.     All documents concerning the value of Oncor or the Debtors, including all documents analyzing the value of Oncor or the Debtors with and without the Ring Fence Restrictions.

2.     All documents concerning the value of any asset that was the subject of the NextEra Merger Agreement, the Berkshire Merger Agreement or the Sempra Merger Agreement, including all documents analyzing the value of those assets with and without the Ring Fence Restrictions.

3.     All documents analyzing the financial and other potential benefits of any transactions involving the proposed purchase of Oncor or the Debtors or any of their assets

during the Bankruptcy Period, including any potential transactions that the Debtors analyzed prior to or contemporaneously with the NextEra Transaction.

4. All documents concerning any communications between or among the Debtors, Evercore, the Elliott Parties, UMB, NextEra, Berkshire, or Sempra or any of those entities' legal or financial advisors concerning any acquisition of or merger with Oncor or the Debtors, including the NextEra Transaction, the Berkshire Transaction, or the Sempra Transaction.

5. All documents concerning the terms of any proposed acquisition of or merger involving Oncor or the Debtors that contemplated the retention of some or all of the Ring Fence Restrictions.

6. All documents concerning any analysis of the likelihood that the NextEra Transaction would receive the approval of the PUCT or whether the PUCT should approve the NextEra Transaction.

7. All documents concerning the NextEra PUCT Proceedings or the appeal from the PUCT ruling concerning NextEra's proposed acquisition of Oncor or the Debtors.

8. All documents concerning the negotiation of the Berkshire Merger Agreement or the Sempra Merger Agreement, including communications between or among the Debtors, Berkshire, Sempra or the legal or financial advisors of those entities regarding those transactions, any documents analyzing or reflecting the value of the transactions, and all documents comparing the value of the NextEra Transaction to the Berkshire Transaction or the Sempra Transaction.

9. All documents concerning any communications between the Debtors or their legal or financial advisors, on the one hand, and potential bidders for Oncor or the Debtors or their legal or financial advisors, on the other hand, concerning the NextEra Transaction.

10. All documents concerning any administrative expense fee application filed by NextEra in the Bankruptcy Proceedings pursuant to 11 U.S.C. §503(b), including any communications between the Debtors or the PAB and any third party concerning any such application.

11. All documents concerning any analysis or communications concerning the potential need to pay NextEra an administrative expense claim under any plan of reorganization for the Debtors in the Bankruptcy Proceedings.

12. All documents concerning the expenses incurred by NextEra in connection with the transactions contemplated by the NextEra Merger Agreement.

13. All documents concerning the expenses incurred by the Debtors in connection with the NextEra Transaction, the Berkshire Transaction or the Sempra Transaction.

14. All documents concerning the financial returns generated by the Elliott Parties in connection with their investment in the securities of the Debtors.

15. All documents concerning any analysis undertaken by the Debtors or Evercore concerning any actual or proposed acquisition of, or merger with, Oncor or the Debtors.

16. All documents concerning any communications between the Debtors or their legal or financial advisors and any third party concerning the Ring Fence Restrictions, the NextEra Transaction, the NextEra PUCT Proceedings, or the proposed acquisition of Oncor or the Debtors.

17. All documents concerning the use by Berkshire, Sempra, the Debtors or the legal or financial advisors of any of those entities of any analysis, study, due diligence, investigation, interview, or valuation that NextEra performed in connection with the NextEra Transaction.

18. Documents sufficient to reveal the terms of any document retention policy applicable to the documents responsive to these document requests.