**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) **Hearing Date: August 13, 2021 at 10:00 a.m.** |
| | ) **Objection Deadline: July 26, 2021 at 4:00 p.m.** |

**MOTION OF EFH PLAN ADMINISTRATOR BOARD FOR ENTRY
OF AN ORDER FURTHER ENLARGING THE PERIOD WITHIN
WHICH THE EFH PLAN ADMINISTRATOR BOARD AND
REORGANIZED TCEH MAY REMOVE CERTAIN ACTIONS**

The EFH Plan Administrator Board, on behalf of the former EFH/EFIH Debtors[2], and Reorganized TCEH[3] (collectively, the "Reorganized Debtors") files this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), further enlarging the period within which the Reorganized Debtors may remove:  (a) Prepetition Actions

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810.  Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed to them in the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code*, filed February 15, 2018 [D.I. 12653].

[3] Reorganized TCEH, Energy Future Competitive Holdings Company LLC ("EFCH"), certain of Texas Competitive Electric Holdings Company LLC's ("TCEH") direct and indirect subsidiaries, and the EFH Shared Services Debtors are hereafter referred to, collectively, as the "TCEH Debtors" and after the TCEH Effective Date, the "Reorganized TCEH Debtors").  Following the entry of the *Final Decree (A) Closing Certain of the Chapter 11 Cases, (B) Transferring Claims Against and Interests Asserted in the TCEH Debtors to the Lead Case, and (C) Granting Related Relief*, entered November 3, 2017 [D.I. 12172] (the "Initial Final Decree"), of the EFH Shared Services Debtors' order [D.I. 13132] and the *Final Decree (A) Closing TCEH Chapter 11 Case and (B) Granting Related Relief*, entered August 7, 2020 [D.I. 14110] (the "Final Decree"), the chapter 11 cases of all of the Reorganized TCEH Debtors were closed.

(as defined herein) by approximately 180 days[4] through and including January 10, 2022 (the "Removal Date");[5] or (b) Postpetition Actions (as defined herein) to the later of (i) the Removal Date and (ii) the time periods set forth in rule 9027(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), in each case, without prejudice to the Reorganized Debtors' right to seek further extensions. In further support of this Motion, the Reorganized Debtors respectfully state as follows.

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. The Reorganized Debtors confirm their consent, pursuant to Bankruptcy Rule 7008 and Local Bankruptcy Rule 9013-1(f), to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[4] The date that is exactly 180 days following July 12, 2021 is January 8, 2022, a Saturday; January 10, 2022 is the immediately following business day.

[5] The current Removal Date is July 12, 2021. *See Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 14159]. Under rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), the filing of the Motion before the expiration of the current Removal Date automatically extends the Removal Date until such time as the Court rules on the Motion. *See* Del. Bankr. L.R. 9006-2.

3. The bases for the relief requested in this Motion are section 1452 of title 28 of the United States Code (the "Judicial Code"), Bankruptcy Rules 9006 and 9027, and Local Bankruptcy Rule 9006-2.

**Relief Requested**

4. By this Motion, the Reorganized Debtors request entry of the Order further enlarging the period within which the Reorganized Debtors may remove: (a) Prepetition Actions (as defined herein) by approximately 180 days through and including January 10, 2022; or (b) Postpetition Actions (as defined herein) to the later of (i) the Removal Date and (ii) the time periods set forth in Bankruptcy Rule 9027(a)(3), in each case, without prejudice to the Reorganized Debtors' right to seek further extensions.

**Background**

5. On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under the Bankruptcy Code. The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849]. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of EFCH, TCEH, the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company (the "TCEH Creditors' Committee") on May 13, 2014 [D.I. 420], and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC ("EFIH"), EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570].

6. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

7. The Reorganized Debtors are currently involved in civil actions filed before the Petition Date in various forums across the United States (the "Prepetition Actions"). Moreover, additional civil actions have been and may continue to be commenced against certain of the Reorganized Debtors (collectively, the "Postpetition Actions" and, together with the Prepetition Actions, the "Actions"). Pursuant to an order entered by this Court on July 16, 2014, the period within which the Debtors may file notices to remove the Actions was extended to January 26, 2015.[6] Pursuant to an order entered by this Court on January 9, 2015, the period within which the Debtors may file notices to remove the Actions was further extended to July 27, 2015.[7] Pursuant to an order entered by this Court on July 7, 2015, the period within which the Debtors may file notices to remove the Actions was further extended to January 23, 2016.[8] Pursuant to an order entered by this Court on December 2, 2015, the period within which the Debtors may file notices to remove the Actions was further extended to July 21, 2016.[9] Pursuant to an order entered by this Court on June 22, 2016, the period within which the Debtors may file notices to remove

---

[6] *See Order Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 1590].

[7] *See Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 3215].

[8] *See Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 4932].

[9] *See Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 7203].

RLF1 25640365v.1

the Actions was further extended to January 17, 2017.[10] Pursuant to an order entered by this Court on January 9, 2017, the period within which the Debtors may file notices to remove the Actions was further extended to July 17, 2017.[11] Pursuant to an order entered by this Court on July 7, 2017, the period within which the Debtors may file notices to remove the Actions was further extended to January 16, 2018.[12] Pursuant to an order entered by this Court on February 9, 2018, the period within which the Debtors may file notices to remove the Actions was further extended to July 16, 2018.[13] Pursuant to an order entered by this Court on August 8, 2018, the period within which the Debtors may file notices to remove the Actions was further extended to January 14, 2019.[14] Pursuant to an order entered by this Court on February 11, 2019, the period within which the Debtors may file notices to remove the Actions was further extended to July 15, 2019.[15] Pursuant to an order entered by this Court on August 1, 2019, the period within which the Debtors may file notices to remove the Actions was further extended to January 13, 2020.[16] Pursuant to an order entered by this Court on February 3, 2020, the period within which the Debtors may file

---

[10] *See Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 8795].

[11] *See Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 10613].

[12] *See Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 11421].

[13] *See Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 12606].

[14] *See Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 13348]

[15] *See Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 13725].

[16] *See Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 13831].

notices to remove the Actions was further extended to July 13, 2020.[17]  Pursuant to an order entered by this Court on August 6, 2020, the period within which the Debtors may file notices to remove the Actions was further extended to January 11, 2021.[18]  Pursuant to an order entered by this Court on January 11, 2021 (the "Fourteenth Removal Order"), the period within which the Debtors may file notices to remove the Actions was further extended and is now scheduled to expire on July 12, 2021.[19]

8.  **EFH/EFIH Debtors.**  On February 27, 2018, the Court entered its *Order Confirming the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12763].[20]  The EFH/EFIH Debtors emerged from chapter 11 on March 9, 2018, and are no longer debtors in possession.[21]  Following the EFH Effective Date, and under the EFH Plan Administration Trust Agreement, the EFH Plan Administrator Board holds all power necessary to administer the EFH Plan Administration Trust for the benefit of all EFH and EFIH creditors.[22]

---

[17] *See Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 14012].

[18] *See Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 14106].

[19] *See Order Further Enlarging the Period Within Which the Debtors May Remove Certain Actions* [D.I. 14153].

[20] *See Order Confirming the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12763].

[21] *See Notice of Entry of EFH Confirmation Order and Occurrence of EFH Effective Date* [D.I. 12801]

[22] *Notice of the Filing of the Second Amended Supplement to the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code*, Ex. D [D.I. 12798].

9.     Meanwhile, the EFH Plan Administrator Board and its advisors continue to analyze the Actions to determine whether to seek to remove any to this Court. Absent the relief requested in this Motion, the EFH Plan Administrator Board could be forced to make premature decisions that could ultimately prove detrimental.

10.     **TCEH and EFH Shared Services Debtors.**  On August 29, 2016, the Court entered an order confirming the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code As It Applies to the TCEH and EFH Shared Services Debtors* [D.I. 9421].[23] The TCEH Debtors and EFH Shared Services Debtors emerged from chapter 11 on October 3, 2016, and are no longer debtors in possession.[24] On November 3, 2017, the Court entered the Initial Final Decree closing the chapter 11 cases of EFCH as well as the direct and indirect subsidiaries of TCEH (but leaving open the chapter 11 case of TCEH itself).[25] On May 23, 2018, the Court entered an order closing the chapter 11 cases of the EFH Shared Services Debtors.[26] On August 7, 2020, the Court entered the Final Decree closing the remaining TCEH case.

11.     Meanwhile, Reorganized TCEH and its advisors continue to analyze the Actions to determine whether to seek to remove any to this Court. Absent the relief requested in this Motion,

---

[23] *See Order Confirming the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors and EFH Shared Services Debtors* [D.I. 9421].

[24] *See Notice of Entry of TCEH Confirmation Order and Occurrence of TCEH Effective Date* [D.I. 9742].

[25] *See Final Decree (A) Closing Certain of the Chapter 11 Cases, (B) Transferring Claims Against and Interests Asserted in the TCEH Debtors to the Lead Case, and (C) Granting Related Relief* [D.I. 12172].

[26] *See Final Decree (A) Closing EFH Shared Services Debtors' Chapter 11 Cases, and (B) Granting Related Relief* [D.I. 13132].

Reorganized TCEH could be forced to make premature decisions that could ultimately prove detrimental.

### Basis for Relief

12. Section 1452 of the Judicial Code and Bankruptcy Rule 9027 govern the removal of pending civil actions related to chapter 11 cases. Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

13. Bankruptcy Rule 9027 sets forth the time periods for filing notices to remove claims or causes of action. Specifically, Bankruptcy Rule 9027(a)(2) provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

14. With respect to postpetition actions, Bankruptcy Rule 9027(a)(3) provides:

> If a claim or cause of action is asserted in another court after the commencement of a case under the [Bankruptcy] Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

RLF1 25640365v.1

Fed. R. Bankr. P. 9027(a)(3).

15. Bankruptcy Rule 9006 permits the Court to extend the period to remove actions provided by Bankruptcy Rule 9027. Specifically, Bankruptcy Rule 9006(b)(1) provides, in pertinent part:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . .

Fed. R. Bankr. P. 9006(b)(1).

16. It is well-settled that the Court may extend the period within which the Reorganized Debtors may file notices to remove the Actions. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (stating the bankruptcy court's power to grant extension of removal period pursuant to Bankruptcy Rule 9006(b) is "clear"), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134-35 (1995); *Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D. W. Va. 2000) (stating that "Rule 9006 provides authority to enlarge the thirty-day time period for removing actions arising under the Bankruptcy Code"); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (stating "it appears that the Supreme Court intended to give bankruptcy judges the powers to enlarge the filing period of [Rule] 9027(a)(3) beyond the thirty day period, pursuant to [Rule] 9006(b)(1)"); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (stating "[a]n expansion of time to" file removal notices "is authorized under the [Bankruptcy] Rules").

17. Recently, courts within this district have authorized reorganized debtors to extend removal deadlines. *See, e.g.*, *In re GCX Ltd.*, No. 19-12031 (CSS) (Bankr. D. Del. Aug. 2, 2020) (D.I. 470) (granting a further 141-day extension, for a total extension of 381 days, without

prejudice to the debtors' ability to seek further extensions); *In re BDC Inc.*, No. 20-10010 (CSS) (Bankr. D. Del. Dec. 18, 2020) (D.I. 1335) (granting a third 120-day extension, for a total extension of 360 days, without prejudice to the debtors' ability to seek further extensions); *In re TPOP, LLC*, No. 13-11831 (BLS) (Bankr. D. Del. Jan. 22, 2020) (D.I. 1166) (granting the debtor's fourteenth removal extension request, including for postpetition actions, for a total extension of 2,444 days, without prejudice to the debtor's ability to seek additional extensions).

18. The Reorganized Debtors' decision whether to seek removal of any particular Action depends on a number of factors, including: (a) the importance of the Action to the expeditious resolution of these chapter 11 cases; (b) the time required to complete the Action in its current venue; (c) the presence of federal subject matter jurisdiction in the proceeding that may allow for one or more aspects thereof to be heard by a federal court; (d) the relationship between the Action and matters to be considered in connection with the Plan and the claims allowance process, and the assumption or rejection of executory contracts and unexpired leases; and (e) the progress made to date in the Action. To make the appropriate determination, the Reorganized Debtors must analyze each Action in light of such factors.

19. Pursuant to the Fourteenth Removal Order, the period within which the Reorganized Debtors may file notices to remove the Actions is currently scheduled to expire on July 12, 2021. The Reorganized Debtors believe the extension requested in this Motion will provide the Reorganized Debtors with the necessary opportunity to make fully informed decisions concerning the removal of the Actions and will ensure that the Reorganized Debtors' rights provided by section 1452 of the Judicial Code can be exercised in an appropriate manner. Further, the rights of parties to the Actions will not be unduly prejudiced by the Reorganized Debtors' request for an extension. Because section 362(a) of the Bankruptcy Code automatically stays

actions against the Reorganized Debtors, most of the Actions will not proceed in their respective courts during these chapter 11 cases even absent the relief requested in this Motion.  Moreover, if the Reorganized Debtors ultimately seek to remove Actions pursuant to Bankruptcy Rule 9027, parties to the removed Actions will retain their rights to have such Actions remanded pursuant to section 1452(b) of the Judicial Code.  Accordingly, the Reorganized Debtors submit that cause exists to extend the Removal Period as requested in this Motion.

20.     Courts in this jurisdiction have approved relief similar to that requested herein. *See, e.g.*, *In re FBI Wind Down, Inc.*, No. 13-12329 (Bankr. D. Del. Aug. 19, 2014) (granting further 120-day extension, including for postpetition actions, without prejudice to debtors' ability to seek additional extensions); *In re TPOP, LLC*, No. 13-11831 (Bankr. D. Del. July 29, 2014) (granting further 180-day extension, including for postpetition actions, without prejudice to debtors' ability to seek additional extensions); *In re ZCO Liquidating Corp.*, No. 13-13126 (Bankr. D. Del. July 17, 2014) (granting further 120-day extension without prejudice to debtors' ability to seek additional extensions); *In re LMI Legacy Holdings Inc.*, No. 13-12098 (Bankr. D. Del. Apr. 1, 2014) (same); *In re AgFeed USA LLC*, No. 13-11761 (Bankr. D. Del. Feb. 12, 2014) (granting further 90-day extension, including for postpetition actions, without prejudice to debtors' ability to seek additional extensions); *In re Longview Power, LLC*, No. 13-12211 (Bankr. D. Del. Dec. 16, 2013) (granting 120-day extension without prejudice to debtors' ability to seek additional extensions); *In re Prommis Holdings, LLC*, No. 13-10551 (Bankr. D. Del. Oct. 11, 2013) (same); *In re School Specialty, Inc.*, No. 13-10125 (Bankr. D. Del. May 16, 2013) (granting 120-day extension, including for postpetition actions, without prejudice to debtors' ability to seek additional extensions); *In re Amicus Wind Down Corp.*, No. 11-13167 (Bankr. D. Del. May 15,

2012) (granting 180-day extension, including for postpetition actions, without prejudice to debtors' ability to seek additional extensions).[27]

### Notice

21.     The Reorganized Debtors shall provide notice of this Motion on the date hereof via U.S. first class mail to:  (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (f) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (g) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (f); and (h) the Office of the United States Attorney for the District of Delaware.  The Reorganized Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

---

[27] Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion.  Copies of these orders are available upon request to the Reorganized Debtors' counsel.

**Prior Request**

22.     This Motion seeks an extension of the relief granted in the Fourteenth Removal Order.

WHEREFORE, the Reorganized Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

[*Remainder of page intentionally left blank.*]

Dated: July 12, 2021
      Wilmington, Delaware

*/s/ Jason M. Madron*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700
Facsimile:   (302) 651-7701
Email:   collins@rlf.com
         defranceschi@rlf.com
         madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini, P.C. (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:   edward.sassower@kirkland.com
         stephen.hessler@kirkland.com
         brian.schartz@kirkland.com
         steven.serajeddini@kirkland.com
         aparna.yenamandra@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:   james.sprayregen@kirkland.com
         chad.husnick@kirkland.com

*Co-Counsel to the Reorganized Debtors*