## EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) | (Jointly Administered) |

**ORDER FURTHER ENLARGING THE PERIOD WITHIN
WHICH THE EFH PLAN ADMINISTRATOR BOARD AND
REORGANIZED TCEH MAY REMOVE CERTAIN ACTIONS**

Upon the motion, dated July 12, 2021 (the "Motion")[2] of the EFH Plan Administrator Board on behalf of the former EFH/EFIH Debtors, and Reorganized TCEH (collectively, the "Reorganized Debtors"), for entry of an order (this "Order") further enlarging the period within which the Reorganized Debtors may remove: (a) Prepetition Actions by approximately 180 days; or (b) Postpetition Actions to the later of (i) the Removal Date (as defined herein) and (ii) the time periods set forth in Bankruptcy Rule 9027(a)(3), in each case without prejudice to the Reorganized Debtors' right to seek further extensions, all as more fully set forth in the Motion; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed to them in the Motion.

RLF1 25640365v.1

in the best interests of the Reorganized Debtors, their creditors, and other parties in interest; and the Court having found that the Reorganized Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing (if one was held) establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The period within which the Reorganized Debtors may seek removal, pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027, of: (a) Prepetition Actions is further enlarged by approximately 180 days through and including January 10, 2022 (the "Removal Date"); and (b) Postpetition Actions is extended to the later of (i) the Removal Date and (ii) the time periods set forth in Bankruptcy Rule 9027(a)(3).

3. This Order and the relief granted herein shall apply to all Actions.

4. This Order shall be without prejudice to the Reorganized Debtors' right to seek further extensions of the time within which to remove related proceedings.

5. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

6. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8. The Reorganized Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.