

ROPES & GRAY LLP
PRUDENTIAL TOWER
800 BOYLSTON STREET
BOSTON, MA 02199-3600
WWW.ROPESGRAY.COM

July 12, 2021

Matthew L. McGinnis
T +1 617 951 7567
matthew.mcginnis@ropesgray.com

**VIA ECF**

The Honorable Christopher S. Sontchi
United States Bankruptcy Court for the District of Delaware
824 North Market Street, 5th Floor
Wilmington, Delaware 19801

Re:   *In re Energy Future Holdings Corp., et al.*, **Case No. 14-010979 (Bankr. D. Del.)** –
      **Response to NextEra Extension Request [D.I. 14273]**

Dear Judge Sontchi:

      I write on behalf of UMB Bank, N.A., as Indenture Trustee (the "Trustee") for the unsecured 11.25%/12.25% Senior Toggle Notes due 2018, as well as Elliott Associates, L.P., Elliott International, L.P., and the Liverpool Limited Partnership (collectively, "Elliott" and together with the Trustee, "UMB/Elliott") to oppose the July 9, 2021 request of NextEra Energy, Inc. ("NextEra") to extend by 60 days the schedule for proceedings in connection with its administrative expense application [D.I. 14273] (the "Extension Request"). NextEra's request for an extension should be denied because the delay it has encountered with document review and production is a problem of its own making and does not constitute good cause sufficient to extend the schedule. As UMB/Elliott informed NextEra before it filed its Extension Request, however, UMB/Elliott do not oppose a 10-day extension of the document production deadline, from July 9, 2021 to July 19, 2021, provided that all other deadlines set forth in the operative scheduling order [D.I. 14238] be left unchanged.

      The Extension Request represents the second time NextEra has asked this Court for an extended schedule for resolving its administrative expense claim. Shortly after this matter was remanded from the Third Circuit, NextEra proposed a schedule that would have provided for a five-month fact discovery period. *See* D.I. 14199 at Ex. B, ¶ 2(a). The Court rejected that proposal and instead scheduled this matter for a September 2021 trial. *See* Apr. 30, 2021 Hr'g Tr. at 6:17-20. In so doing, the Court observed that the current contested matter is not full-fledged litigation as might occur in an adversary proceeding, but instead is "simply an administrative expense claim filed in bankruptcy" where there are "limited resources available to pay the price of . . . this litigation." *See* Apr. 30, 2021 Hr'g Tr. at 4:12-15. For that reason, the Court correctly noted that the time for discovery here must be commensurate with the scope of the dispute. *Id.* at 4:19-24 ("The Court has the authority to set the limits of discovery . . . based on the proportionality of the demands of the case . . . ."). The scheduling order subsequently entered by the Court—which required document productions by July 9, opening expert reports by July 30, and a trial to begin on September 13—reflected that scope.

ROPES & GRAY LLP

- 2 -                                                                                                      July 12, 2021

The Court's scheduling order should only be modified now upon a showing of good cause. Good cause only exists "when the scheduling order cannot reasonably be met despite the diligence of the moving party." *Burtch v. Opus, L.L.C. (In re Opus East, L.L.C.)*, Case No. 09-12261 (MFW), 2013 WL 4478914, at *6 (Bankr. D. Del. Aug. 6, 2013) (citing *Slip Track Sys., Inc. v. Metal-Lite, Inc.*, 304 F.3d 1256, 1270 (Fed. Cir. 2002) and *E. Minerals & Chem. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000)). As a result, courts have refused to amend scheduling orders unless the moving party identifies "matters which could not have been reasonably foreseen or anticipated at the time of the . . . scheduling conference." *Dag Enters., Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 106 (D.D.C. 2005).

NextEra's Extension Request—filed on the day that all document productions were required to be substantially completed—does not establish good cause. NextEra claims there is good cause to extend the schedule because it was blindsided by the volume of documents it must review and produce. That ignores both (i) the amount of time NextEra has actually had to prepare for document production, and (ii) what is actually necessary for document discovery for an administrative expense claim when there are limited estate resources available.

First, NextEra had plenty of time *before* the Court approved the current schedule to identify, assess, and collect the universe of documents it might be required to review and produce in this matter. NextEra first filed its request for payment of its expenses more than three years ago. The Third Circuit's opinion, issued on March 15, 2021, *see In re Energy Future Holdings Corp.*, 990 F.3d 728 (3d Cir. 2021), only clarified the scope of this proceeding, and so NextEra was aware at that time that this proceeding would require discovery. NextEra even acknowledged as much at the March 26, 2021 status conference, when its counsel observed that "the next steps are discovery," March 26, 2021 Hr'g Tr. at 13:9, with the Court adding, "[the PAB and Elliott are] going to ask discovery of you . . . it's your burden," *id.* at 15:2-3. UMB/Elliott then served its document requests on NextEra on May 21, 2021 (the "Document Requests"), a full two weeks before NextEra agreed to both the current schedule and the July 9, 2021 document production deadline. NextEra was thus well aware of the specific documents and communications UMB/Elliott sought. To the extent it faced difficulties retrieving archived documents that were necessary for this litigation, it should have informed the other parties of those issues promptly, and in any event well before it agreed to the current schedule. It did not.[1]

Second, NextEra has failed to take reasonable steps to ensure that the scope of document review and production it must complete is commensurate with the scope of discovery as identified by the Court. NextEra suggests that it is unable to complete its document production because

---

[1] In any event, the purported "complexities" that NextEra encountered during its review are routine steps in collecting and reviewing electronic documents and communications. *See* Extension Request, at 1-2 (explaining that counsel for NextEra needed to "upload documents onto a platform that" permits Boolean searching for "potentially responsive documents, staff document review teams with experienced document reviewers"). Furthermore, NextEra's claim that "tricky" privilege calls prohibited substantial completion of its document production, *see id.* at 2, is misdirected, as categorical privilege logs are not due until August 3, 2021.

ROPES & GRAY LLP

- 3 -                                             July 12, 2021

UMB/Elliott proposed overly broad search terms, which have required it to review hundreds of thousands of documents. In fact, when UMB/Elliott proposed search terms to NextEra, it emphasized that it was "happy to discuss [its search term] proposal further should NextEra determine that the [requested] parameters, as de-duplicated against NextEra's prior productions, result in an unduly burdensome number of hits." Ex. A (June 29, 2021 letter) at 3. NextEra did not, however, raise any concern about those search terms until the evening before the document production deadline, at which point it was already too late for NextEra to comply with the scheduling order. Even then, NextEra did not offer a counter-proposal, or even provide specific hit counts for the terms proposed by UMB/Elliott, both of which would have permitted UMB/Elliott to propose revisions to tailor the production of documents in response to its Document Requests. Indeed, as of the date of this filing, NextEra still has not proposed any specific modifications to UMB/Elliott's search terms.[2] It appears that rather than coordinating with UMB/Elliott and the PAB on these issues, NextEra has instead been seeking its own expansive discovery of third parties, having served *eight* different document subpoenas on a variety of financial advisors, Sempra, and Berkshire.

Nonetheless, UMB/Elliott do not oppose a 10-day extension of the document production deadline, to July 19, 2021, so that NextEra can complete its document production and the parties can move toward depositions and expert discovery. UMB/Elliott also remain willing to confer with NextEra about reasonable modifications to their proposed search terms so that NextEra's document productions are not unnecessarily voluminous. None of these document production issues are, however, a sufficient basis to delay the entire schedule. We accordingly ask the Court to reject NextEra's disproportionate request to move all deadlines by 60 days, and instead to simply modify the document production deadline by 10 days.

Respectfully submitted,

Matthew L. McGinnis

cc:     All Counsel of Record (via ECF)

Enclosure

---

[2] Contrary to NextEra's contention, UMB/Elliott substantially completed its production of documents on the July 9 deadline. UMB/Elliott has also directed NextEra to UMB's and Elliott's prior productions in the bankruptcy case that contain the bulk of their responsive documents.