# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

555 California Street
San Francisco, CA 94104

Mark McKane, P.C.
To Call Writer Directly:
(415) 439-1473
mark.mckane@kirkland.com

(415) 439-1400

www.kirkland.com

Facsimile:
(415) 439-1500

July 12, 2021

**By e-Filing and Hand Delivery**

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge
United States Bankruptcy Court
824 North Market Street
Wilmington, Delaware 19801

      Re:    *In re Energy Future Holdings Corp.*, Case No. 14-10979 (CSS)
             July 9, 2021 Letter from K. Fleischman [D.I. 14273]

Dear Judge Sontchi:

      The Court should deny NextEra's request for a 60-day extension of all remaining dates in the scheduling order. First, there is no need for a global extension (as opposed to a much shorter extension of NextEra's deadline to produce documents). Second, a global 60-day extension would allow NextEra to convert its mismanagement of the discovery process into an extra, two-month opportunity to prepare its purported experts and trial witnesses.[1] Third, it has been four months since the Third Circuit issued its decision on March 15, 2021, and almost 3.5 years since NextEra filed its administrative claim in February 2018. NextEra has always known that it bears the burden of proof, so this dispute's schedule and associated discovery obligations cannot be a surprise.

      There is a simpler—and more balanced—solution to the problem NextEra created for itself. The Court should grant NextEra ten more days to allow NextEra to focus on its document production (and only NextEra's document production). Meanwhile, nothing is lost by maintaining the current dates. If NextEra later believes that a further extension is warranted, NextEra can make that request on an expedited basis.

---

[1] NextEra has identified two potential experts. The first is a CPA, who allegedly "will use his accounting expertise to address the costs/expenses that NextEra incurred related to the Oncor acquisition and determine whether those expenses are related to the transaction." *See* **Exhibit A**. The second expert is an investment banker, who will testify, about "the impact that NextEra's actions had upon the consideration that the Debtors ultimately received in connection with the sale of Oncor," among other things. *Id.* The PAB reserves all rights regarding the inadmissibility of any testimony from these potential witnesses.

**KIRKLAND & ELLIS LLP**

The Honorable Christopher S. Sontchi
July 12, 2021
Page 2

      Finally, while NextEra comes to this Court hat-in-hand seeking to modify a Fed. R. Civ. P. 16 scheduling order, it does so with a stark lack of candor. There is less than a 0.005% kernel of truth to NextEra's suggestion that the PAB has produced "just 20 pages." While the PAB did not exist until the Debtors emerged from bankruptcy—and has no operations or employees—the PAB has gone out of its way to help NextEra's latest counsel identify, locate, and receive materials from the chapter 11 cases that are either helpful background and/or relevant to this claims proceeding. *See* **Exhibit B**. Specifically, the PAB has produced:

- hearing transcripts from the chapter 11 cases (totaling 19,358 pages),

- transcripts of and exhibits used during 108 depositions taken during the chapter 11 cases,

- the Debtors' expert reports from the confirmation hearings,

- more than 50 production volumes, spanning 402,000-plus pages, that the Debtors made in 2016 and 2017, and that capture the Debtors' deal negotiations with NextEra, Berkshire, and Sempra, and

- thousands of pages of Debtor board materials from 2015, 2016, and 2017.

*   *   *   *   *

      The PAB joins in Elliott's response. NextEra should not be granted the relief it requests, which is unnecessary and overly broad. The Court should instead grant NextEra ten additional days to substantially complete NextEra's document productions.[2]

      The PAB is available at the Court's earliest convenience to discuss NextEra's request.

      Sincerely,

      */s/ Mark McKane, P.C.*

      Mark McKane, P.C.

cc: All Counsel (via ECF)

---

[2] The PAB reserves the right to move to strike any documents that NextEra fails to timely produce.