## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | ) |
|  | ) Chapter 11 |
| ENERGY FUTURE | ) |
| HOLDINGS CORP., *et al.*, | ) Case No. 14-10979 (CSS) |
|  | ) |
| *Debtors.* | ) (Jointly Administered) |
|  | ) |

## NOTICE OF REMOTE VIDEO DEPOSITION OF
## NEXTERA ENERGY, INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)

**TO:** NextEra Energy, Inc.

<div style="display: flex;">

**LANDIS RATH & COBB LLP**
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
landis@lrclaw.com
mcguire@lrclaw.com

**FLEISCHMAN BONNER & ROCCO LLP**
Keith M. Fleischman (Admitted *Pro Hac Vice*)
James P. Bonner (Admitted *Pro Hac Vice*)
Joshua D. Glatter (Admitted *Pro Hac Vice*)
81 Main Street, Suite 515
White Plains, NY 10601
Telephone: (914) 278-5100
kfleischman@fbrllp.com
jbonner@fbrllp.com
jglatter@fbrllp.com

</div>

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, UMB Bank, N.A., as Indenture Trustee (the "Trustee") for the unsecured 11.25%/12.25% Senior Toggle Notes due 2018, Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, "Elliott" and together with the Trustee, "UMB/Elliott"), by their counsel of record, will take the deposition upon oral examination of NextEra Energy, Inc. ("NextEra") in connection with the *Application of NextEra Energy, Inc. for Allowance and Payment of Administrative Claim*, dated February 20, 2018 [D.I. 12671] (the "NextEra Application"). The deposition will begin at a time agreed to by UMB/Elliott and NextEra by remote videoconference. The testimony will be recorded by stenographic and audiovisual means and will continue from day to day until completed.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, NextEra must designate one or more persons to testify on its behalf with regard to all matters known or reasonably available to them on the matters set forth in **Schedule A** attached hereto. Consistent with the *Order Scheduling Certain Dates and Deadlines and Establishing Certain Protocols in Connection with the NextEra Application* [D.I. 14238], UMB/Elliott requests that NextEra provide a written designation of the name(s) and position(s) of the persons who consent to testify on behalf of NextEra, and in all events at least five business days before the date set for the deposition.

Date: July 23, 2021
     Wilmington, Delaware

**BAYARD, P.A.**

 _/s/ Erin R. Fay_                           
Erin R. Fay (No. 5268)
600 N. King Street, Suite 400
Wilmington, DE 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
efay@bayardlaw.com

  --and--

**ROPES & GRAY LL**P
Gregg M. Galardi (No. 2991)
Daniel G. Egan (Admitted _Pro Hac Vice_)
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: 212-596-9000
Facsimile:  212-596-9090
Gregg.Galardi@ropesgray.com
Daniel.egan@ropesgray.com

Matthew L. McGinnis (Admitted _Pro Hac Vice_)
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Telephone: (617) 851-7000
Facsimile: (617) 951-7777
Matthew.McGinnis@ropesgray.com

_Counsel for Elliott and UMB Bank, N.A., as_
_Trustee_

## SCHEDULE A

### 30(b)(6) TOPICS
### CONCERNING THE NEXTERA APPLICATION

Pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure and Rules 9014 and 9016 of the Federal Rules of Bankruptcy Procedure, NextEra is required to designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf with respect to each of the subjects set forth below.  This deposition seeks testimony in connection with the NextEra Application.  The requesting parties reserve all rights to seek additional testimony in connection with subsequent phases of this proceeding.

### DEFINITIONS

Schedule A incorporates by reference the Definitions section of *UMB/Elliott's Requests for Production of Documents to NextEra Energy, Inc. Concerning the NextEra Application*, served May 21, 2021 (the "Document Requests").

### RULE 30(b)(6) DEPOSITION TOPICS

1.      The nature of and reason for any costs or expenses allegedly incurred and payments made related to:

      a.      Ongoing Transaction Expense ($10,404,341), NextEra Application ¶ 44;

      b.      Regulatory-PUCT Expense ($8,110,331), *id*. ¶ 45;

      c.      Regulatory-Other Expense ($414,249), *id*. ¶ 46;

      d.      Investment Bank/Advisory Fees ($11,250,000), *id*. ¶ 47;

      e.      Financing Expenses and Bridge Loan Commitment Fees ($5,979,167), *id*. ¶ 48;

      f.      Marketing and Communications Expense ($1,691,297), *id*. ¶ 49; and

      g.      Integration Expense ($3,143,239), *id*. ¶ 50.

2.      For each of the categories identified in paragraphs 1(a)-(g), NextEra's process and rationale for identifying, allocating, and calculating each such amount included in the NextEra Application.

3.      For each category identified in paragraphs 1(a)-(g), the process and rationale for determining which expenses purportedly contributed a benefit to the Estates.

4.      The process for preparing, the contents of, and the calculations in NEE_0187839 to NEE_0187963.

5.      NextEra's contention that certain costs borne by the Estates during the pendency of the NextEra Merger Agreement should not be offset against any costs or expenses allegedly incurred by NextEra for which NextEra seeks an administrative claim against the Estates.

6.      The date on which and circumstances surrounding NextEra's first interest in a transaction involving Oncor Electric Delivery Company LLC, and Oncor Electric Delivery Holdings Company LLC (collectively, "Oncor"), the Debtors, or any of the Debtors' assets, including but not limited to interest or involvement by Gexa Energy, LP .

7.      The negotiation, drafting, and submission of any term sheet, offer, proposal, or agreement by NextEra with respect to a transaction involving Oncor, the Debtors, or any of the Debtors' assets, including the NextEra Plan and the NextEra Merger Agreement.

8.      NextEra's identification of, reaction to, position with respect to, and course of action regarding potential "deal killers" or other burdensome conditions contemplated or proposed by the PUCT in connection with the NextEra Merger Agreement.

9.      NextEra's efforts to secure regulatory approval of the NextEra Merger Agreement, including, but not limited to, approval by the PUCT.

10.     NextEra's decision(s) to pursue any appeal, motion for rehearing, or motion for reconsideration with respect to the PUCT's order denying approval of the NextEra Merger Agreement.

11.     NextEra's decision regarding whether and when to terminate the NextEra Merger Agreement and consideration of or actions taken in relation to the Termination Fee.

12.     Meetings of, deliberations by, and decisions by the NextEra Board of Directors or NextEra management concerning the Hunt Transaction, the NextEra Plan, the NextEra Merger Agreement, the Berkshire Merger Agreement, the Sempra Merger Agreement, and the Chapter 11 Cases.

13.     The terms and impact of any forward contract, swap agreement, option, security, derivative, forward purchase, or sale arrangement, or any other hedging arrangement, transaction, or agreement, entered into by NextEra or any affiliate or subsidiary thereof relating to or in connection with NextEra's pursuit of the NextEra Merger Agreement or any transaction contemplated thereby (the "Oncor Transaction"), or to facilitate future transactions contemplated with an anticipated closing of the Oncor Transaction.

14.     NextEra's preservation, collection, and production of Documents and Communications in response to the Document Requests.