**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: D.I. 14275** |
| | ) |

**CERTIFICATION OF NO OBJECTION REGARDING "MOTION OF EFH PLAN
ADMINISTRATOR BOARD FOR ENTRY OF AN ORDER FURTHER ENLARGING
THE PERIOD WITHIN WHICH THE EFH PLAN ADMINISTRATOR BOARD
AND REORGANIZED TCEH MAY REMOVE CERTAIN ACTIONS" [D.I. 14275]**

The undersigned hereby certifies that, as of the date hereof, he has received no answer, objection, or any other responsive pleading to the *Motion of EFH Plan Administrator Board for Entry of an Order Further Enlarging the Period Within Which the EFH Plan Administrator Board and Reorganized TCEH May Remove Certain Actions* [D.I. 14275] (the "Motion") filed by the EFH Plan Administrator Board[2], on behalf of the former EFH/EFIH Debtors and Reorganized TCEH, with the United States Bankruptcy Court for the District of Delaware (the "Court") on July 12, 2021.

The undersigned further certifies that he has reviewed the Court's docket in this case and no answer, objection, or other responsive pleading to the Motion appears thereon. Pursuant to

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed to them in the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code*, filed February 15, 2018 [D.I. 12653].

the *Notice of "Motion of EFH Plan Administrator Board for Entry of an Order Further Enlarging the Period Within Which the EFH Plan Administrator Board and Reorganized TCEH May Remove Certain Actions" and Hearing Thereon* filed contemporaneously with the Motion, responses to the Motion were to be filed and served no later than 4:00 p.m. (Eastern Daylight Time) on July 26, 2021.

The EFH Plan Administrator Board therefore respectfully requests that the proposed form of order attached hereto as **Exhibit A**, which is materially in the same form filed with the Motion, be entered at the earliest convenience of the Court.

[*Remainder of page intentionally left blank.*]

Dated: July 27, 2021
      Wilmington, Delaware

/s/ *Jason M. Madron*

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700
Facsimile:   (302) 651-7701
Email:   collins@rlf.com
      defranceschi@rlf.com
      madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini, P.C. (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:   edward.sassower@kirkland.com
      stephen.hessler@kirkland.com
      brian.schartz@kirkland.com
      steven.serajeddini@kirkland.com
      aparna.yenamandra@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:   james.sprayregen@kirkland.com
      chad.husnick@kirkland.com

*Co-Counsel to the EFH Plan Administrator Board*

# EXHIBIT A

**Proposed Order**

RLF1 25735669v.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) ) ) | (Jointly Administered) **Re: D.I. 14275** |

### ORDER FURTHER ENLARGING THE PERIOD WITHIN WHICH THE EFH PLAN ADMINISTRATOR BOARD AND REORGANIZED TCEH MAY REMOVE CERTAIN ACTIONS

Upon the motion, dated July 12, 2021 [D.I. 14275] (the "Motion")[2] of the EFH Plan Administrator Board on behalf of the former EFH/EFIH Debtors, and Reorganized TCEH (collectively, the "Reorganized Debtors"), for entry of an order (this "Order") further enlarging the period within which the Reorganized Debtors may remove: (a) Prepetition Actions by approximately 180 days; or (b) Postpetition Actions to the later of (i) the Removal Date (as defined herein) and (ii) the time periods set forth in Bankruptcy Rule 9027(a)(3), in each case without prejudice to the Reorganized Debtors' right to seek further extensions, all as more fully set forth in the Motion; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed to them in the Motion.

found that the relief requested in the Motion is in the best interests of the Reorganized Debtors, their creditors, and other parties in interest; and the Court having found that the Reorganized Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing (if one was held) establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The period within which the Reorganized Debtors may seek removal, pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027, of: (a) Prepetition Actions is further enlarged by approximately 180 days through and including January 10, 2022 (the "Removal Date"); and (b) Postpetition Actions is extended to the later of (i) the Removal Date and (ii) the time periods set forth in Bankruptcy Rule 9027(a)(3).

3. This Order and the relief granted herein shall apply to all Actions.

4. This Order shall be without prejudice to the Reorganized Debtors' right to seek further extensions of the time within which to remove related proceedings.

5. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

6. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8. The Reorganized Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.