IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Reorganized Debtors. | ) ) ) ) | (Jointly Administered) |

**NOTICE OF DEPOSITION OF THE ELLIOTT ASSOCIATES, L.P., ELLIOTT INTERNATIONAL, L.P., AND THE LIVERPOOL LIMITED PARTNERSHIP**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, NextEra Energy, Inc. will take the deposition of Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, "the Elliott Parties") on August 16, 2021, starting at 10:00 AM. The deposition will be taken by remote videoconference and will be recorded by stenographic and audiovisual means.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the Elliott Parties should either: (a) designate one or more officers, directors, or managing agents to testify on its behalf regarding information known or reasonably available to the Elliott Parties regarding the topics described in Exhibit A to this Notice of

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Deposition; or (b) designate other persons who consent to testify on the Elliott Parties' behalf regarding that information.

PLEASE TAKE FURTHER NOTICE that, consistent with Rule 30(b)(6) and the Order Scheduling Certain Dates and Deadlines and Establishing Certain Protocols in Connection with the NextEra's February 20, 2018 Application for Allowance and Payment of Administrative Claim, NextEra requests that the Elliott Parties provide a written designation of the name(s) and position(s) of the deponent(s) it intends to produce in response to this Notice and in all events at least five business days before the date set for the deposition.

Dated:  August 2, 2021                    LANDIS RATH & COBB LLP

                                                    /s/ Matthew B. McGuire
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington DE 19801
Telephone: (302) 467-4400
E-mail:landis@lrclaw.com
mcguire@lrclaw.com

FLEISCHMAN BONNER & ROCCO LLP
Keith M. Fleischman (admitted pro hac vice)
James P. Bonner (admitted pro hac vice)
Patrick L. Rocco (admitted pro hac vice)
Joshua D. Glatter (admitted pro hac vice)
81 Main Street, Suite 515
White Plains, NY 10601
Telephone: (914) 278-5100
E-mail:kfleischman@fbrllp.com
jbonner@fbrllp.com
procco@fbrllp.com
jglatter@fbrllp.com

*Counsel to NextEra Energy Inc.*

**EXHIBIT A: LIST OF THE ELLIOTT PARTIES' DEPOSITION TOPICS**

This list of deposition topics, which NextEra propounds pursuant to Fed. R Civ. P. 30(b)(6), incorporates by reference the Definitions included in NextEra's First Request for the Production of Documents from Elliott Associates, L.P., Elliott International, L.P., and the Liverpool Limited Partnership.

1. The Elliott Parties' efforts to conduct, organize, or induce the Debtors' creditors or other investors to participate in an equitization transaction involving some or all of the Debtors' assets or securities in the 2016-2017 period.

2. The Elliott Parties' communications with Berkshire, Sempra, or other potential buyers of Oncor, or merger partners with the Debtors, during the 2016-2017 period.

3. The profits that the Elliott Parties derived from their investments in the Debtors' securities.

4. Any analyses of the value of Oncor or the Debtors that the Elliott Parties performed, that were performed for the Elliott Parties, or that the Elliott Parties consulted in connection with: (a) their investment in the Debtors' securities or efforts that the Elliott Parties undertook to conduct, organize or induce the Debtors' creditors or other investors to participate in an equitization transaction involving some or all of the Debtors' assets or securities in 2016 and 2017; or (b) the Elliott Parties' communications with Berkshire, Sempra or other potential buyers of, or merger partners with, Oncor or the Debtors during the 2016-2017 period.

5. The Elliott Parties' communications with the Debtors, the PAB, Sempra, Berkshire, Morgan Stanley, Evercore, or counsel for any of those entities regarding NextEra's Expense Application.

6. The Elliott Parties' communications with the PUCT or any intervenors in the NextEra PUCT Proceedings regarding any potential purchase of Oncor or merger with the Debtors, or the Elliott Parties' efforts to conduct, organize or induce other creditors of the Debtors or investors to participate in an equitization transaction involving some or all of the Debtors' assets in the 2016-2017 period.

7. The Elliott Parties' communications with the Debtors, Berkshire, Sempra or other parties regarding the NextEra PUCT Proceedings, the Ring Fence Restrictions, or the regulatory requirements for purchasing Oncor, merging with the Debtors, or conducting a transaction involving the equitization of the Debtors' securities.

8. The timing of the Elliott Parties' formulation of the belief that the termination fee provisions of the NextEra Merger Agreement had been improperly approved by the Bankruptcy Court.

9. The use by the Elliott Parties, Berkshire, Sempra or the Debtors of the NextEra Merger Agreement, any of its terms, any due diligence performed in connection with the NextEra Transaction, or any efforts undertaken by NextEra in connection with the NextEra Transaction: (a) to assist in making any bid for Oncor or proposal for merging with the Debtors; (b) to induce any other party to formulate a bid for Oncor, to formulate a proposal to merge with the Debtors, to invest in any transaction involving the equitization of the Debtors' debt, or to alter any proposed term related to any such bid, proposal or transaction.

10. The costs that the Elliott Parties contend NextEra imposed on any Debtor's estate as a result of NextEra's pursuit of the transactions contemplated by the NextEra Merger Agreement and the bases for your contentions regarding those costs.

11. The reasons why the Elliott Parties contend that the expenses identified in the Declaration of Mark Hickson in support of NextEra's application for the payment of administrative expenses do not constitute compensable administrative expenses.

12. The legal fees, investment advisor fees and other expenses incurred by the Elliott Parties in connection with this litigation.

13. The Elliott Parties' document production in this action.