# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ENERGY FUTURE HOLDINGS CORP, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered) |

## NOTICE OF SERVICE OF SUBPOENA

**PLEASE TAKE NOTICE** that on July 29, 2021, a true and correct copy of *NextEra's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case* was served via electronic mail.

### ELECTRONIC MAIL
White & Case LLP
Alice Tsier (c/o Sempra Energy)
1221 Avenue of the Americas
New York, NY 10020-1095
Email: alice.tsier@whitecase.com

Dated: August 2, 2021
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew B. McGuire*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: landis@lrclaw.com
       mcguire@lrclaw.com

– and –

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

{932.002-W0065015.}

**FLEISCHMAN BONNER & ROCCO LLP**
Keith M. Fleischman (admitted pro hac vice)
James P. Bonner (admitted pro hac vice)
Joshua D. Glatter (admitted pro hac vice)
81 Main Street, Suite 515
White Plains, NY 10601
Telephone: (914) 278-5100
E-mail: kfleischman@fbrllp.com
         jbonner@fbrllp.com
         jglatter@fbrllp.com

*Counsel to NextEra Energy, Inc.*

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re __Energy Future Holdings Corp., et al.__
Debtor

Case No. __14-10979 (CSS)__

Chapter __11__

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Sempra Energy**
2710 Gateway Oaks Dr. #150
Sacramento, CA 95833

*(Name of person to whom the subpoena is directed)*

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| 400 Capital Mall, Sacramento, CA 95814 | August 19, 2021 - 10:00 A.M. |

The deposition will be recorded by this method: **Stenographically and by videotape**

[ ] *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __July 29, 2021__

CLERK OF COURT

OR

_____  _____*Keith Fleischman*_____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __NextEra Energy, Inc.__, who issues or requests this subpoena, are:
Keith Fleischman, Fleischman Bonner & Rocco LLP, 81 Main Street, Suite 515, White Plains, NY 10601; 914.278.5100; kfleischman@fbrllp.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**Exhibit A – Rule 30(b)(6) Notices and Topics for Examination**

A. **Rule 30(b)(6) Notices**

NextEra hereby incorporates by reference the Definitions employed in the subpoena that NextEra previously served upon Sempra in this action.

Pursuant to Fed. R. Civ. P. 30(b)(6), NextEra hereby notifies Sempra of its duty to confer in good faith with NextEra regarding the Topics for Examination at Sempra's deposition set forth below and Sempra's obligation: (a) to designate one or more officers, directors, or managing agents to testify on its behalf regarding information known or reasonably available to Sempra regarding those topics; or (b) to designate other persons who consent to testify on Sempra's behalf regarding that information.

B. **Topics for Examination**

NextEra intends to examine Sempra regarding the following topics:

1. The communications between or among the Debtors, Evercore, the Elliott Parties and Sempra regarding the Sempra Transaction.

2. Any analysis of the value of Oncor or the Debtors that Sempra performed, that was supplied to Sempra, or that Sempra consulted in connection with the Sempra Transaction.

3. Sempra's communications with the PAB, the Elliott Parties, or counsel for those entities, regarding NextEra's application for the payment of its administrative expenses in this action.

4. The impact of the Ring Fence Restrictions upon the value of Oncor or the Debtors.

5. Sempra's communications regarding the NextEra PUCT Proceedings, the Ring Fence Restrictions, the NextEra Merger Agreement, the NextEra Transaction, or the requirements for obtaining PUCT approval of the Sempra Transaction.

6. Sempra's use of the NextEra Merger Agreement, the Berkshire Merger Agreement, any of their terms, any due diligence performed in connection with the NextEra Transaction, or any efforts undertaken by NextEra in connection with the NextEra Transaction to assist Sempra in performing functions related to the Sempra Merger Agreement or the Sempra Transaction.