# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Debtors. | ) (Jointly Administered) |

**Requested Hearing Date:**
September 13, 2021 at 10:00 a.m. (EDT)

**Requested Objection Deadline:**
September 9, 2021 at 4:00 p.m. (EDT)

## MOTION OF THE EFH PLAN ADMINISTRATOR BOARD FOR ENTRY OF AN ORDER APPROVING THE SETTLEMENT AGREEMENT BETWEEN ELLIOTT, UMB BANK, N.A., NEXTERA, AND THE EFH PLAN ADMINISTRATOR BOARD

The EFH Plan Administrator Board (the "PAB"), on behalf of the former EFH Debtors and EFIH Debtors, files this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), approving the settlement by and among: (a) the PAB; (b) NextEra Energy, Inc. ("NextEra"); (c) UMB Bank, N.A., as Indenture Trustee (the "Trustee") for the unsecured 11.25%/12.25% Senior Toggle Notes due 2018; and (d) Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, "Elliott"), substantially in the form attached hereto as **Exhibit 1** to **Exhibit A** (the "Settlement Agreement").[2] In support of this Motion, the PAB respectfully states as follows:

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Settlement Agreement.

**Jurisdiction and Venue**

1.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The bases for the relief requested in this Motion is section 105 of title 11 of the United States Code (the "Bankruptcy Code") and rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Relief Requested**

4.  By this Motion, the Debtors seek entry of the Order approving and authorizing the PAB to perform under the Settlement Agreement with (a) NextEra, (b) the Trustee, (c) Elliott, and (d) the PAB (together with NextEra, the Trustee, and Elliott, the "Settlement Parties").  The Settlement Agreement provides the following (among other things):[3]

   (a)   ***NextEra Administrative Expense Application.***  In full and final settlement of NextEra's Administrative Expense Application, NextEra will be granted an Allowed Administrative Expense Claim under the Plan in the amount of $15 million (the "Allowed Administrative Expense Claim"); *provided* that

---

[3] The summary contained in this Motion is qualified in its entirety by the provisions of the Settlement Agreement.  To the extent anything in this Motion is inconsistent with the Settlement Agreement, the terms of the Settlement Agreement shall control.

notwithstanding anything to the contrary in the Plan or the Confirmation Order, any distribution and recovery from the Debtors, their creditors, or the PAB on account of the Allowed Administrative Expense Claim shall be solely and exclusively on the terms and to the extent set forth below.

(b) **Distribution on Allowed Administrative Expense Claim.** In full and final satisfaction of the Allowed Administrative Expense Claim, Elliott shall cause the PAB to pay, and the PAB shall pay, to NextEra $4 million (the "Settlement Payment") by wire transfer within two business days following the date on which the Order becomes final and nonappealable. Elliott shall provide the PAB with the funds necessary to make the Settlement Payment. Except with respect to the Settlement Payment, NextEra shall waive and forgo any right of recovery or distribution on the Allowed Administrative Expense Claim from the PAB, the Debtors, the EFH/EFIH Cash Distribution Account, Elliott, the Trustee, and any Holder of a Claim against the Debtors that has or will receive a distribution from the Debtors, the PAB, or any Disbursing Agent under the Plan, including, without limitation, any Holder of a Professional Fee Claim and/or any past or future payments made to any professionals of the PAB (whether under a theory of disgorgement or otherwise).

(c) **Dismissal of NextEra Adversary Proceeding.** The PAB will file a notice of dismissal or motion to dismiss, with prejudice, Adv. Case No. 17-50942 pending before this Court within two business days following the latter of (x) the date on which the Order becomes final and nonappealable, or (y) the date on which NextEra receives the Settlement Payment.

(d) **Mutual Releases.** Each Settlement Party agrees to the mutual releases set forth in the Settlement Agreement.

## Background

5. On April 29, 2014, each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. The Court has entered a final order for joint administration of these chapter 11 cases. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of the TCEH Debtors on May 13, 2014 [D.I. 420], and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC ("EFIH"), EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors'

3

business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

6. On September 11, 2017, the Debtors filed the Plan. On February 27, 2018, the Court entered an order confirming the Plan.[4] The EFH Effective Date occurred on March 9, 2018.[5]

7. On February 20, 2018, NextEra filed an application with this Court seeking the allowance and payment of an administrative claim to recover certain costs and expenses from certain of the former Debtors in connection with a merger agreement between NextEra and such former Debtors [D.I. 12671] (the "NextEra Application").

8. On March 23, 2018, the Trustee and Elliott filed a motion to dismiss or, alternatively, grant summary judgment on the NextEra Application [D.I. 12844]. On August 1, 2018, this Court granted the motion and disallowed NextEra's requested administrative claim [D.I. 13333] (the "Expense Denial Order"). NextEra appealed the Expense Denial Order to the United States District Court for the District of Delaware (the "District Court").

9. On September 30, 2019, the District Court affirmed the Expense Denial Order, and NextEra subsequently appealed the District Court's ruling to the United States Court of Appeals for the Third Circuit (the "Third Circuit"). On March 15, 2021, the Third Circuit issued an opinion and order (the "Administrative Expense Application Opinion") reversing the decisions of the Bankruptcy and District Court and remanding the matter to this Court for further proceedings. Consistent with the decision of the Third Circuit, and pursuant to the direction of this Court at the status conference held on March 26, 2021, counsel to the PAB conferred with counsel to NextEra

---

[4] *See* D.I. 12763.

[5] *See Notice of Entry of EFH Confirmation Order and Occurrence of EFH Effective Date* [D.I. 12801].

KE 79829381

and counsel to the Trustee and Elliott regarding a proposed form of order to schedule proceedings in the Court related to the NextEra Application.

10. On June 4, 2021, this Court entered an order scheduling certain dates and deadlines and establishing certain protocols related to the trial of the NextEra Application [D.I. 14238] and the Settlement Parties continued such litigation proceedings accordingly. Subsequently, the Settlement Parties reached agreement on the terms of the Settlement Agreement, which consensually resolves the NextEra Application and related litigation—at no additional cost to the PAB or the Debtors' estates.

### The Settlement Agreement

11. The NextEra Application has been a significant and long-standing dispute in these chapter 11 cases. Following the Third Circuit's issuance of the Administrative Expense Application Opinion, it became clear that continued litigation of the NextEra Application would be expensive and time consuming—likely draining the PAB of all remaining funds. The Settlement Parties agreed to resolve their litigation pursuant to the terms of the Settlement Agreement, which delivers the Settlement Payment to NextEra and provides finality to this dispute. For the avoidance of doubt, as described above, in full and final satisfaction of the Allowed Administrative Expense Claim, Elliott shall cause the PAB to pay, and the PAB shall pay, to NextEra the Settlement Payment by wire transfer within two business days following the date on which the Order becomes final and nonappealable. Elliott shall provide the PAB with the funds necessary to make the Settlement Payment.

12. The Settlement Agreement is the product of active, arm's-length negotiations among the Settlement Parties. The PAB believes the result is a fair settlement of significant disputed claims that achieves prompt closure and avoids further costly, protracted, and uncertain litigation. The PAB believes the Settlement Agreement is in the best interests of its stakeholders.

With the Settlement Agreement in hand, the PAB believes it is finally well-positioned to close these chapter 11 cases in the relative near-term. Resolving the NextEra Application *now* will achieve closure for these seemingly endless chapter 11 cases, save significant time and costs, and maximize value for the Debtors' stakeholders.

## Basis for Relief

**I.   The Court Should Approve the Settlement Agreement Pursuant to Section 105 of the Bankruptcy Code.**

13.    The PAB submits that the Settlement Agreement is in the best interests of the PAB's creditor constituents and should be approved pursuant to section 105(a) of the Bankruptcy Code. Section 105 of the Bankruptcy Code provides bankruptcy courts with broad authority to issue orders pursuant to a request for relief. Specifically, section 105 of the Bankruptcy Code provides, in pertinent part, that, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

14.    The Settlement Agreement would, if approved, resolve the NextEra Application, cut off the accrual of professional fees, and fairly compensate NextEra at no cost to the PAB. Additionally, the releases provided by NextEra under the Settlement Agreement provide finality and closure to this dispute. Accordingly, the PAB respectfully requests that the Court approve the Settlement Agreement.

**II.   The Settlement Agreement Is Fair and in the Best Interests of the Debtors' Stakeholders, Is a Proper Exercise of the PAB's Business Judgment, and Should Be Approved.**

15.    Bankruptcy Rule 9019(a) provides, in relevant part:

> On motion by the [debtor in possession] and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, . . . and indenture trustee as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

16. Settlements and compromises are tools often utilized to expedite case administration and to reduce unnecessary administrative costs; as such, they are favored in bankruptcy. *See In re Nutraquest, Inc.*, 434 F.3d 639, 646 (3d Cir. 2006) ("It is axiomatic that settlement will almost always reduce the complexity and inconvenience of litigation."); *In re Key3Media Grp., Inc.*, 2006 WL 2842462, at *3 (D. Del. Oct. 2, 2006). Pursuant to Bankruptcy Rule 9019(a), a bankruptcy court may, after appropriate notice and a hearing, approve a compromise or settlement so long as the proposed compromise is fair, reasonable, and in the best interest of the estate. *See In re Marvel Entm't Grp., Inc.*, 222 B.R. 243, 249 (D. Del 1998) ("The ultimate inquiry [is] whether the compromise is fair, reasonable, and in the interest of the estate.'" (citation and internal quotation marks omitted)); *In re Nw. Corp.*, 2008 WL 2704341, at *6 (Bankr. D. Del. July 10, 2008) ("The bankruptcy court must determine whether the compromise is fair, reasonable, and in the best interests of the estate." (citation omitted)); *In re Key3Media Grp., Inc.*, 336 B.R. 87, 92 (Bankr D. Del. 2005) ("[T]he bankruptcy court has a duty to make an informed, independent judgment that the compromise is fair and equitable."). Courts have approved settlement agreements pursuant to Bankruptcy Rule 9019 even in the context of a post-effective date dispute. *See In re Health Diagnostic Laboratory, Inc.*, Case No. 15-32919, 2016 WL 6068812, at *8 (Bankr. E.D. Va. Oct. 14, 2016) (approving post-effective date settlement agreement based on finding that "the Liquidating Trustee has met his burden under Bankruptcy Rule 9019 of proving that the Settlement Agreement represents a fair and equitable deal . . . and is above the lowest point of reasonableness").

17. A proposed compromise need not be the best result that a debtor could have achieved, but only must fall within the "reasonable range of litigation possibilities." *In re Energy*

*Corp.*, 886 F.2d 921, 929 (7th Cir. 1989); *In re Sea Containers Ltd.*, 2008 WL 4296562, at *5 (Bankr. D. Del. Sept. 19, 2008); *Key3Media Grp.*, 2006 WL 2842462, at *3.

18.  The Third Circuit has adopted a balancing test to determine whether to approve a particular compromise or settlement as fair and equitable. Courts examine: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Nutraquest,* 434 F.3d at 643; *see also Key3Media*, 336 B.R. at 93 (when determining whether a compromise is in the best interests of the estate, courts must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal" (internal citations omitted)).

19.  Based on the above factors, the PAB believes the Settlement Agreement represents a fair and reasonable compromise that is in the best interests of the Debtors' stakeholders. *First*, the Settlement Agreement was prompted by the Third Circuit's Administrative Expense Application Opinion, which created additional procedural hurdles for the PAB to ultimately succeed in disputing the NextEra Application. *Second*, even if this Court had granted all or part of the NextEra Application, such decision would require additional costly and uncertain litigation proceedings to determine the source(s) of recovery on such claim and whether disgorgement is an available remedy. Through the Settlement Agreement, NextEra is receiving an allowed administrative expense claim and payment of a sum certain thereon, without the need for further proceedings or the risk of disgorgement for other creditors. *Third*, while further litigation options remain available to the PAB, further proceedings would undoubtedly be complex, time-consuming, and expensive, and would require the PAB to continue to incur costs beyond its ability to pay. Specifically, if not for entry into the Settlement Agreement, the Settlement Parties likely

would have engaged in several more weeks of expert discovery, full pre-trial briefing, and extensive trial preparation, followed by the actual trial and the potential for further appeals. *Fourth*, informed by these considerations, the PAB determined to settle the NextEra Application through the Settlement Agreement, which is supported by the Debtors' largest creditor constituents. The Settlement Agreement resolves the NextEra Application for less than 7% of NextEra's asserted administrative expense claim, which falls well within the "reasonable range of litigation possibilities." This compromise, therefore, preserves value for the Debtors' stakeholders and facilitates long-awaited closure for these chapter 11 cases.

20. For all the foregoing reasons, the PAB respectfully requests the Court enter the Order approving the Settlement Agreement.

## Notice

21. Notice of this Motion shall be provided on the date hereof via overnight delivery to: (a) the U.S. Trustee; (b) counsel to the EFH Creditors' Committee; (c) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (d) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (e) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (f) counsel to certain holders of claims against the Debtors regarding each of the

foregoing described in clauses (c) through (e); (g) the Office of the United States Attorney for the District of Delaware; (h) counsel to Elliott; and (i) counsel to NextEra.  The PAB submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

22.    No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the PAB respectfully requests that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated:  September 1, 2021
      Wilmington, Delaware

/s/ Jason M. Madron
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:    collins@rlf.com
    defranceschi@rlf.com
    madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini, P.C. (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    edward.sassower@kirkland.com
    stephen.hessler@kirkland.com
    brian.schartz@kirkland.com
    steven.serajeddini@kirkland.com
    aparna.yenamandra@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    james.sprayregen@kirkland.com
    chad.husnick@kirkland.com

*Co-Counsel to the EFH Plan Administrator Board*

KE 79829381