IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) ) ) | Case No. 14-10979 (CSS) |
| Debtors. | ) ) ) | (Jointly Administered) |

**MOTION OF EFH PLAN ADMINISTRATOR BOARD FOR ENTRY OF AN ORDER SHORTENING NOTICE AND SETTING RESPONSE AND OBJECTION DEADLINES**

The EFH Plan Administrator Board (the "PAB"), on behalf of the former EFH Debtors and EFIH Debtors,[2] hereby files this motion to shorten (the "Motion to Shorten") pursuant to sections 102(1) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) shortening the time for notice in connection with the PAB's motion for approval of the Settlement Agreement, filed contemporaneously herewith (the "Settlement Motion"), (b) setting the Settlement Motion for hearing on September 13, 2021, at 10:00 a.m., prevailing Eastern Time, (c) setting an objection deadline with respect to the Settlement Motion of September 9, 2021, at 4:00 p.m., prevailing Eastern Time, and (d) setting a reply deadline with respect to the Settlement Motion of

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used but not otherwise defined herein shall have the same meanings set forth in the Settlement Motion (as defined herein) or the EFH/EFIH Debtors' chapter 11 plan [D.I. 12653] (the "Plan"), as applicable.

KE 79597866

September 10, 2021, at 2:00 p.m., prevailing Eastern Time. In support of this Motion to Shorten, the PAB respectfully states as follows:

### Jurisdiction

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 102 and 105 of the Bankruptcy Code, Bankruptcy Rule 9006, and Local Rule 9006-1.

### Background

5. As stated in the Settlement Motion,[3] the Settlement Parties have agreed to settle their lengthy litigation over the NextEra Application and finally conclude the primary remaining dispute in these chapter 11 cases. All parties in interest have a strong desire for the swift implementation of the Settlement Agreement, which will resolve these long-litigated issues and end the professional fee burn associated therewith.

6. By this Motion to Shorten, the PAB seeks entry of the Order authorizing shortened notice for consideration of the Settlement Motion. The Settlement Parties are sophisticated and experienced in these chapter 11 cases, and they are well-aware of the costs associated with their decision to pursue litigation and their ability to control those costs.

---

[3] Additional background information is set forth in the Settlement Motion, filed contemporaneously herewith, and incorporated herein by reference.

Moreover, and as set forth herein, counsel to the PAB and the other Settlement Parties, respectively, have been discussing the relief requested in the Settlement Motion for several weeks prior to its filing. In many ways, the Settlement Parties have been litigating towards this resolution for over three years. Considering the foregoing, the Settlement Parties are not prejudiced by the request for shortened notice.

## Basis for Relief

7. Under section 102(1) of the Bankruptcy Code, the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing that is appropriate under the circumstances. 11 U.S.C. § 102(1).

8. Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

9. Local Rule 9006-1 requires "all motion papers [to] be filed and served . . . at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i). The notice period may be shortened, however, "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

10. Similarly, Bankruptcy Rule 9006(c) provides that "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, a court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Phila. Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting frequency of

such motions "[g]iven the accelerated time frame of bankruptcy proceedings"); *see also Hester v. NCNB Tex. Nat'l Bank (In re Hester),* 899 F.2d 361, 364 n.3 (5th Cir. 1990) ("[M]otions for material reductions in the notice period are routinely granted by bankruptcy courts.").

11. Cause exists to shorten notice on the Settlement Motion. Counsel to the PAB has been discussing the relief requested in the Settlement Motion with counsel to the other Settlement Parties for several weeks. As a result, the Settlement Parties—who collectively represent substantially all of the economic stakeholders affected by the relief requested in the Settlement Motion—are not prejudiced by the shortened notice. Moreover, and as described in the Settlement Motion, the Settlement Agreement represents a fair resolution to one of the last remaining issues in these chapter 11 cases, and its swift implementation will benefit all stakeholders and facilitate a near-term winddown of these chapter 11 cases.

12. For the foregoing reasons, the PAB respectfully submits that shortening notice of the Settlement Motion is appropriate under the circumstances.

## Notice

13. Notice of this Motion to Shorten shall be provided on the date hereof via overnight delivery to: (a) the U.S. Trustee; (b) counsel to the TCEH Creditors' Committee; (c) counsel to the EFH Creditors' Committee; (d) Wilmington Trust, N.A., in its capacity as administrative agent under the TCEH first lien credit agreement and collateral agent under the TCEH intercreditor agreements and counsel thereto; (e) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q)

due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (f) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (g) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (f); (h) counsel to each of the Settlement Parties, respectively; and (i) the Office of the United States Attorney for the District of Delaware. The PAB submits that, in light of the nature of the relief requested, no other or further notice need be given.

14. Pursuant to Local Rule 9006-1(e), the Court may rule on this Motion to Shorten without need for a hearing, and the PAB requests that the Motion to Shorten be granted accordingly.

**No Prior Request**

15. No previous request for the relief sought in the Motion to Shorten has been made to this Court or any other.

[*Remainder of page intentionally left blank.*]

**WHEREFORE**, the PAB respectfully requests entry of the Order, substantially in the proposed form attached hereto as **Exhibit A**, granting the relief requested in this Motion to Shorten and granting such other and further relief as is appropriate under the circumstances.

Dated: September 1, 2021
      Wilmington, Delaware

/s/ *Jason M. Madron*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700
Facsimile:   (302) 651-7701
Email:   collins@rlf.com
       defranceschi@rlf.com
       madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini, P.C. (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:   edward.sassower@kirkland.com
       stephen.hessler@kirkland.com
       brian.schartz@kirkland.com
       steven.serajeddini@kirkland.com
       aparna.yenamandra@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:   james.sprayregen@kirkland.com
       chad.husnick@kirkland.com

*Co-Counsel to the EFH Plan Administrator Board*