**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objection Deadline: November 12, 2021 at 4:00 p.m.** |

**THE EFH PLAN ADMINISTRATOR BOARD'S**
**SIXTEENTH NOTICE OF CLAIMS SATISFIED IN FULL**

The EFH Plan Administrator Board (the "PAB") files this notice (this "Notice"), pursuant to Del. Bankr. L.R. 3007-1(e)(iii)(J)(2), identifying certain Claims (as defined below) filed in the above-captioned chapter 11 cases, which have been satisfied in full (each a "Satisfied Claim," and together, the "Satisfied Claims"). The Satisfied Claims are listed in **Exhibit A**, **Exhibit B**, and **Exhibit C** attached hereto, which are incorporated herein by reference and are also accessible at the following website maintained by Epiq Corporate Restructuring, LLC ("Epiq"), the court-appointed claims agent in the above-captioned chapter 11 cases free of charge: www.efhcaseinfo.com. In support of this Notice, the PAB respectfully states as follows.

**Background**

1.      On April 29, 2014 (the "Petition Date"), Energy Future Holdings Corp. and seventy (70) of its affiliates (collectively, the "Debtors") each filed a voluntary petition with the Court under chapter 11 of title 11 of the United States Code, §§ 101-1532 (the "Bankruptcy Code"). The

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The debtors can be reached at Energy Future Holdings Corp. Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4421, Beaverton, OR 97076-4421. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

Court has entered a final order for joint administration of the Debtors' chapter 11 cases [D.I. 849]. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware formed an official committee of unsecured creditors of Energy Future Competitive Holdings Company LLC ("EFCH"), Texas Competitive Electric Holdings Company LLC ("TCEH"), the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98], the *Third Amended Disclosure Statement for the Second Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors and EFH Shared Services Debtors* [D.I. 8747], and the *Disclosure Statement for the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 11889] (the "Disclosure Statement").[2]

2.    Additionally, on August 29, 2016, the Court entered the *Order Confirming the Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code as it Applies to the TCEH Debtors and EFH Shared Services Debtors*, confirming the plan of reorganization as to the TCEH Debtors and EFH Shared Services Debtors, effective as of October 3, 2016 [D.I. 9421].

---

[2] Capitalized terms used, but not otherwise defined, herein shall be ascribed the same meanings given to them in the Disclosure Statement.

3.      On September 11, 2017, the EFH Debtors and EFIH Debtors filed the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 11887] (as modified by D.I. 12653, the "EFH/EFIH Plan").  On February 27, 2018, the Court entered an order confirming the EFH/EFIH Plan.[3]  The effective date of the EFH/EFIH Plan occurred on March 9, 2018.[4]

4.      On June 30, 2014, the Debtors filed their schedules of assets and liabilities (the "Schedules") and statements of financial affairs (the "Statements" and together, with the Schedules, the "Schedules and Statements") [D.I. 1237–1307, 1319–1329, 1331–1343, 1345].  On September 26, 2014, the Debtors filed their amended Schedules and Statements [D.I. 2146–2216], addressing certain discrete issues.  Additionally, in the ordinary course of business, the Debtors maintain books and records that reflect, among other things, the Debtors' aggregate liabilities and the specific amounts owed to each of their creditors.

5.      On May 2, 2014, the Court entered an order establishing October 27, 2014 at 5:00 p.m. (prevailing Eastern Time) (the "Customer Claims Bar Date") as the final date and time for certain customer claimants holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim in these chapter 11 cases and approving the form and manner of notice of the Customer Claims Bar Date [D.I. 307].

6.      On August 18, 2014, the Court entered an order (the "General Bar Date Order") establishing October 27, 2014 at 5:00 p.m. (prevailing Eastern Time) (the "General Bar Date") as

---

[3] *See Order Confirming the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 12763].

[4] *See Notice of Entry of EFH Confirmation Order and Occurrence of EFH Effective Date* [D.I. 12801].

RLF1 26149676v.1

the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim in these chapter 11 cases, except for claims specifically exempt from complying with the General Bar Date as set forth in the General Bar Date Order, and approving the form and manner of notice of the General Bar Date [D.I. 1866].

7.     On November 3, 2017, the Court entered an order (a) closing the chapter 11 cases of EFCH and the direct and indirect subsidiaries of TCEH (together with EFCH, collectively, the "Closing Cases") and (b) transferring the administration of all Claims and Interests asserted in the Closing Cases to TCEH [D.I. 12172].  On August 7, 2020, the Court entered the *Final Decree (A) Closing the TCEH's Chapter 11 Case, and (B) Granting Related Relief* [Docket No 14110] closing the remaining chapter 11 case of TCEH.

8.     As of the date hereof, the PAB and Epiq have identified on the Debtors' register of claims (the "Claims Register"), which register is prepared, maintained, and provided by Epiq, approximately 40,000 Proofs of Claim (collectively, the "Claims") filed against the Debtors in these chapter 11 cases by persons purporting to be holders of Claims.  With the filing of this Notice, the PAB and its advisors believe they have completed the process of comprehensively reviewing and reconciling the Claims with the PAB's books and records to determine the validity of the Claims asserted against the EFH Debtors and EFIH Debtors.  As a result, in the coming days, the PAB expects to file a motion to close all of the Debtors' remaining chapter 11 cases.

**Claims Satisfied After the Petition Date**

9.     In connection with its review of its books and records, the PAB has identified 64 Claims, as set forth in **Exhibit A**, **Exhibit B**, and **Exhibit C** attached hereto, *i.e.* the Satisfied Claims.  The Satisfied Claims contained in **Exhibit A** have been satisfied in full through reinstatement pursuant to the EFH/EFIH Plan or the Merger Agreement's treatment of Indemnification Obligations (as defined in the Merger Agreement).  The Satisfied Claims

4

RLF1 26149676v.1

contained in **Exhibit B** have been satisfied pursuant to treatment prescribed in the EFH/EFIH Plan and the Merger Agreement.  The Satisfied Claims contained in **Exhibit C** have received treatment and distributions pursuant to the EFH/EFIH Plan.  At this time, the PAB does not anticipate any further distribution of funds, and thus has included such claims on **Exhibit C** to reconcile such claims in anticipation of closing these chapter 11 cases—nothing herein shall prejudice such claimant's rights to receive additional consideration pursuant to the terms of the EFH/EFIH Plan on account of such claims in the event that the PAB does not make any further distribution.  The Satisfied Claims contained in **Exhibit A**, **Exhibit B**, and **Exhibit C** consist of claims entirely against the EFH/EFIH Debtors.  As discussed above, the TCEH cases have been closed and all claims have been fully resolved.

10.    Accordingly, the PAB intends to designate on the Claims Register the Satisfied Claims listed on **Exhibit A**, **Exhibit B**, and **Exhibit C** as being satisfied in full.[5]  Out of an abundance of caution, the PAB will serve this Notice on all holders of the Satisfied Claims to provide them with an opportunity to interpose an objection, if any, to the PAB's determination that such Claims have been fully satisfied pursuant to the terms of this Notice.  With this Notice, the PAB has served approximately 64 claims and provided custom and individualized notice to the claimants.

### Responses to the Notice

11.    By this Notice, the PAB requests that any holder of the Satisfied Claims who dispute the PAB's determination that the Claims have been satisfied or released file a written response (the "Response") with the Office of the Clerk of the United States Bankruptcy Court for

---

[5] As noted on **Exhibit C**, nothing herein shall prejudice such claimants' rights to receive additional consideration pursuant to the terms of the EFH/EFIH Plan on account of such claims in the event that the PAB does make any further distribution.

the District of Delaware (the "Clerk"), 824 North Market Street, 3rd Floor, Wilmington, Delaware

19801.  In addition, such Claimant must serve its Response upon the following entities, so that the

Response is **received** no later than **November 12, 2021 at 4:00 p.m. (Eastern Standard Time)**

(the "Response Deadline"):  (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY

10022, Attn: Aparna Yenamandra and Patrick Venter; (b) Kirkland & Ellis LLP, 300 North

LaSalle, Chicago, IL 60654, Attn: Chad J. Husnick, P.C.; and (c) Richards, Layton & Finger, P.A.,

One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: Jason M. Madron.

12.     Every Response must contain, at a minimum, the following information:

a.      a caption setting forth the name of this Court, the name of the Debtors, the case number, and the title of this Notice;

b.      the name of the Claimant, the number of his/her/its Satisfied Claim, and a description of the basis for the amount of the Satisfied Claim that the Claimant is contesting has not been satisfied;

c.      the specific factual basis, supporting legal argument and any supporting documentation, to the extent such documentation was not included with the Satisfied Claim previously filed with the Clerk or Epiq, upon which the Claimant will rely in opposing this Notice and the PAB's determinations set forth therein; and

d.      the name, address, telephone number, electronic mail address, and fax number of the person(s) (which may be the Claimant or its legal representative) with whom counsel for the PAB should communicate with respect to the Satisfied Claim or the Notice and who possesses authority to reconcile, settle, or otherwise resolve any issues relating to the Satisfied Claim on behalf of the Claimant.

13.     Upon the PAB's receipt of a Response, the PAB will then make a good faith effort

to review the Satisfied Claim in light of such Response, to determine whether there is a basis upon

which to sustain the Claimant's assertion that its Claim in fact is not a Satisfied Claim.  In the

event the parties are unable to reach a resolution, the PAB will schedule a hearing on the Satisfied

Claim.  The PAB reserves the right to contest any new assertions of liability against the PAB made

by the holders of the Satisfied Claim with respect to their Claim.

14.     If a Claimant fails to file and serve a timely Response by the Response Deadline, (i) the Claimant is deemed to have consented to the Notice (pursuant to its terms) and the PAB's determinations with respect to the Satisfied Claim, as set forth therein, and (ii) Epiq shall immediately, and without further notice to any party (including the Claimant), mark the Satisfied Claim as fully satisfied on the Claims Register.

## **Reservation of Rights**

15.     The PAB expressly reserves the right to (a) amend, modify or supplement this Notice, and (b) file additional objections to any claims in these chapter 11 cases, including, without limitation, objections to the Satisfied Claims, or any other claims (filed or not) that have been or may be asserted against the Debtors' Estates.

16.     Notwithstanding anything contained in this Notice or the attached exhibit, nothing herein shall be construed as a waiver of any rights that the PAB may have:  (a) to bring avoidance actions under the applicable provisions of the Bankruptcy Code against the holder of any disputed claim, or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

*[Remainder of page intentionally left blank.]*

RLF1 26149676v.1

Dated: October 12, 2021
Wilmington, Delaware

_/s/ Jason M. Madron_

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:      (302) 651-7700
Facsimile:      (302) 651-7701
Email:          collins@rlf.com
                defranceschi@rlf.com
                madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted _pro hac vice_)
Stephen E. Hessler, P.C. (admitted _pro hac vice_)
Brian E. Schartz, P.C. (admitted _pro hac vice_)
Steven N. Serajeddini, P.C. (admitted _pro hac vice_)
Aparna Yenamandra (admitted _pro hac vice_)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          edward.sassower@kirkland.com
                stephen.hessler@kirkland.com
                brian.schartz@kirkland.com
                steven.serajeddini@kirkland.com
                aparna.yenamandra@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted _pro hac vice_)
Chad J. Husnick, P.C. (admitted _pro hac vice_)
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          james.sprayregen@kirkland.com
                chad.husnick@kirkland.com

_Co-Counsel to the EFH Plan Administrator Board_