# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| Reorganized Debtors. | ) | (Jointly Administered) |
|  | ) | Hearing Date: November 17, 2021 at 2:00 p.m. |
|  | ) | Objection Deadline: November 10, 2021 at 4:00 p.m. |

## THE EFH PLAN ADMINISTRATOR BOARD'S MOTION FOR ENTRY OF FINAL DECREE (A) CLOSING THE DEBTORS' REMAINING CHAPTER 11 CASES, (B) TERMINATING CLAIMS AND NOTICING SERVICES, AND (C) GRANTING RELATED RELIEF

The EFH Plan Administrator Board (the "PAB"), on behalf of the former EFH Debtors and EFIH Debtors (collectively, the "Debtors"), files this motion (this "Motion")[2] for entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, (a) closing the Debtors' remaining chapter 11 cases (the "Closing Cases")[3], (b) terminating the services of Epiq Bankruptcy

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed to them in the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code*, dated February 15, 2018 [D.I. 12653] (the "Plan").

[3] The Closing Cases are the chapter 11 cases of: Energy Future Holdings Corp., Case No. 14-10979 (CSS); EBASCO SERVICES OF CANADA LIMITED, Case No. 14-10987 (CSS); EEC Holdings, Inc., Case No. 14-10990 (CSS); EECI, Inc., Case No. 14-10992 (CSS); EFH Australia (No. 2) Holdings Company, Case No. 14-10994 (CSS); EFH Finance (No. 2) Holdings Company, Case No. 14-10999 (CSS); EFIH Finance Inc., Case No. 14-11001 (CSS); EFH FS Holdings Company, Case No. 14-11004 (CSS); EFH Renewables Company LLC, Case No. 14-11006 (CSS); TXU Receivables Company, Case No. 14-11007 (CSS); Energy Future Intermediate Holding Company LLC, Case No. 14-11008 (CSS); LSGT SACROC, Inc., Case No. 14-11012 (CSS); NCA Development Company LLC, Case No. 14-11016 (CSS); Generation Development Company LLC, Case No. 14-11017 (CSS); and LSGT Gas Company LLC, Case No. 14-11039 (CSS).

Solutions LLC ("Epiq") as claims and noticing agent in these chapter 11 cases, and (c) granting related relief. In support of this Motion, the PAB respectfully submits as follows:

## Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The PAB confirms its consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 350(a) of title 11 of the United States Code 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rule 3022, and Local Bankruptcy Rule 3022-1.

## Relief Requested

4. The PAB seeks entry of the Order (a) closing the Closing Cases, (b) terminating the services of Epiq as claims and noticing agent in these chapter 11 cases, and (c) granting related relief. The timing of the relief requested herein coincides with *The EFH Plan Administrator Board's Sixteenth Notice of Claims Satisfied in Full*, filed on October 12, 2021 [D.I. 14365] (the

"PAB's Sixteenth NOS").[4] Absent any objections to the PAB's Sixteenth NOS, all Claims against the EFH Debtors and EFIH Debtors will have been fully administered and no remaining Disputed Claims or claims litigation will exist in connection with any of the Closing Cases. As such, the PAB is submitting this Motion pending the relief encompassed within the PAB's Sixteenth NOS, and requests that the Court enter the Order, subject to the effectiveness of the PAB's Sixteenth NOS.

**Background**

5. On April 29, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. The Court has entered a final order for joint administration of these chapter 11 cases [D.I. 849]. The Court has not appointed a trustee. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") formed an official committee of unsecured creditors of EFCH, TCEH, the direct and indirect Debtor subsidiaries of EFCH and TCEH, and EFH Corporate Services Company on May 13, 2014 [D.I. 420] and an official committee of unsecured creditors of Energy Future Holdings Corp., Energy Future Intermediate Holding Company, LLC, EFIH Finance, Inc., and EECI, Inc. (the "EFH Creditors' Committee") on October 27, 2014 [D.I. 2570]. Further information regarding the Debtors' business operations and capital structure is set forth in the declaration of Paul Keglevic in support of the Debtors' first day motions [D.I. 98].

6. On February 27, 2018, the Court entered the *Order Confirming the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy*

---

[4] The PAB's Sixteenth NOS was filed on October 12, 2021, with a noticed objection deadline of November 12, 2021 at 4:00 p.m. (EST).

*Code* [D.I. 12763], which confirmed the Debtors' chapter 11 plan of reorganization (the "Plan"). The effective date of the Plan occurred on March 9, 2018.[5]

I. **The Debtors' Claims Administration Process.**

7. On May 2, 2014, the Court entered an order establishing October 27, 2014, at 5:00 p.m. (prevailing Eastern Time) (the "Customer Claims Bar Date") as the final date and time for certain customer claimants holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim in these chapter 11 cases and approving the form and manner of notice of the Customer Claims Bar Date [D.I. 307].

8. Written notice of the Customer Claims Bar Date was mailed to current and certain former customers of the Debtors.[6] In addition to mailing such actual notice, the Debtors also published notice of the Customer Claims Bar Date in *The Wall Street Journal*, *USA Today*, *The Dallas Morning News*, *Houston Chronicle*, *Corpus Christi Caller Times*, *Fort Worth Star-Telegram*, and *Waco Tribute Herald*.

9. On June 30, 2014, the Debtors filed their schedules of assets and liabilities (the "Schedules") and statements of financial affairs (the "Statements" and together with the Schedules, the "Schedules and Statements") [D.I. 1237–1307, 1319–1329, 1331–1343, 1345]. On

---

[5] *See Notice of Entry of EFH Confirmation Order and Occurrence of EFH Effective Date* [D.I. 12801].

[6] The procedures for notifying the Debtors' current and former customers are set forth in the *Motion of Energy Future Holdings Corp., et al., for Entry of (A) an Order Authorizing the Debtors to (I) Maintain and Administer Customer Programs and Customer Agreements, (II) Honor Prepetition Obligations Related Thereto, (III) Pay Certain Expenses on Behalf of Certain Organizations, (IV) Fix the Deadline to File Proofs of Claim for Certain Customer Claims, and (V) Establish Procedures for Notifying Customers of Commencement of the Debtors' Chapter 11 Cases, Assumption of Customer Agreements, and the Bar Date for Customer Claims and (B) an Order Authorizing Certain of the Debtors to Assume the Customer Agreements* [D.I. 31].

4

September 26, 2014, the Debtors filed their amended Schedules and Statements [D.I. 2146–2216], addressing certain discrete issues.

10. On August 18, 2014, the Court entered an order (the "General Bar Date Order") establishing October 27, 2014, at 5:00 p.m. (prevailing Eastern Time) (the "General Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim in these chapter 11 cases, except for claims specifically exempt from complying with the General Bar Date as set forth in the General Bar Date Order, and approving the form and manner of notice of the General Bar Date [D.I. 1866].

11. Written notice of the General Bar Date was mailed to, among others, all known creditors and other known holders of claims against the Debtors as of the date of entry of the General Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors, and to all parties who had filed requests for notices under Bankruptcy Rule 2002 and Local Bankruptcy Rule 2002-1(b) as of the date of the General Bar Date Order. In addition to mailing such actual notice, the Debtors also published notice of the General Bar Date in more than 200 publications nationwide, as detailed in Exhibit 4 to the General Bar Date Order.

12. On January 7, 2015, the Court issued a lengthy published opinion holding that it could establish a bar date for claims of persons that had yet to manifest any signs of illness from exposure to asbestos. *See In re Energy Future Holdings Corp.*, 522 B.R. 520, 523 (Bankr. D. Del. 2015).

13. On July 30, 2015, the Court entered an order establishing December 14, 2015, at 5:00 p.m. (prevailing Eastern Time) (the "Asbestos Bar Date") as the final date and time for all persons and entities holding or asserting an asbestos-related claim against the Debtors to file proofs of claim in these chapter 11 cases (the "Asbestos Proofs of Claim" and together with the Non-

5

Asbestos Proofs of Claim, the "Proofs of Claim") and approving the form and manner of notice of the Asbestos Bar Date [D.I. 5171]. The Debtors provided written notice of the Asbestos Bar Date via mail on current and former employees and contractors as well as known asbestos claimants.

14. To date, over 42,000 Proofs of Claim have been filed against the Debtors in these chapter 11 cases, consisting of over 32,000 Asbestos Proofs of Claim and over 10,000 Non-Asbestos Proofs of Claim. Over the course of these chapter 11 cases, the Debtors have conducted an intensive process to review and reconcile the Proofs of Claim.

15. To date, the Debtors have filed fifty-three omnibus claims objections, entered into hundreds of stipulations with various non-asbestos claimants, and filed notices of satisfaction with respect to thousands of scheduled or filed Claims.

## II. There Is No Need to Keep Any of the EFH Debtors' and/or EFIH Debtors' Chapter 11 Cases Open.

16. Pending the relief requested in the PAB's Sixteenth NOS, there are no remaining Disputed Claims asserted against the Debtors (and all of the other Debtors' chapter 11 cases were previously closed by prior orders of the Court)[7] or otherwise any active litigation with respect to the Closing Cases. As a result, there are no remaining claims to be administered by the PAB and thus no reason for keeping the Closing Cases open.

17. Upon entry of the Order, these chapter 11 cases would finally come to a close, over seven years after the Petition Date. The PAB is currently in the process of analyzing all outstanding assets and liabilities of the EFH Plan Administration Trust (the "Trust"). Following

---

[7] *See Final Decree (A) Closing TCEH's Chapter 11 Case, and (B) Granting Related Relief* [D.I. 14110]; *Final Decree (A) Closing the EFH Shared Services Debtors' Chapter 11 Cases, and (B) Granting Related Relief* [D.I. 13132]; and *Final Decree (A) Closing Certain of the Chapter 11 Cases, (B) Transferring Claims Against and Interests Asserted in the TCEH Debtors to the Lead Case, and (C) Granting Related Relief* [D.I. 12172].

the entry of the relief requested herein, the PAB will promptly determine whether any funds remain for distribution (pursuant to the Plan) prior to winddown, termination, and dissolution of the Trust. Such anticipated post-closing reconciliation efforts shall not have any effect on the relief requested in this Motion. *See* EFH Plan Administration Trust Agreement, Art.III ("Duration and Termination of Trust") [D.I. 12798-4] ("Nothing in this Agreement shall impair the ability of the EFH Plan Administrator Board and the Reorganized Debtors, as applicable, from seeking to close one or more of the EFH/EFIH Debtors' chapter 11 cases.").

### Basis for Relief

18. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Local Bankruptcy Rule 3022-1(a) provides that, "[u]pon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid."

19. The term "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules, or the Local Bankruptcy Rules. The Advisory Committee Note to Bankruptcy Rule 3022 (the "Advisory Committee Note"), however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

    a.    whether the order confirming the plan has become final;

    b.    whether deposits required by the plan have been distributed;

    c.    whether the property proposed by the plan to be transferred has been transferred;

      d.      whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

      e.      whether payouts under the plan have commenced; and

      f.      whether all motions, contested matters, and adversary proceedings have been finally resolved.

Courts in this district and others adopt the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, No. 02-12608, 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005) (citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768–69 (Bankr. N.D. Ill. 1990)); *see also In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh the factors contained in the Advisory Committee Note when deciding whether to close a case); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997) (same); *Walnut Assocs. v. Saidel*, 164 B.R 487, 493 (E.D. Pa. 1994) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree.").

    20.    In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan of reorganization has been substantially consummated. *See, e.g.*, *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case); *Walnut Assocs.*, 164 B.R at 493 (same).[8]

---

[8] Section 1101(2) of the Bankruptcy Code defines substantial consummation as the: "(A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan." 11 U.S.C. § 1101(2).

21. As of the date hereof, the Closing Cases have been "fully administered" within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter the Order for the Closing Cases. In particular, as described above:

    a. the Confirmation Order is final and no outstanding appeals remain in connection therewith;

    b. upon the EFH/EFIH Debtors' Effective Date, the Restructuring Transactions (as defined in the Plan) were consummated, thereby effectuating the transfers of property contemplated by the Plan;

    c. the PAB and the Reorganized Debtors have consummated their respective post-emergence business and management of the property dealt with by the Plan;

    d. distributions to Holders of all Allowed Claims against the Debtors have been substantially completed;

    e. no motions, applications, or contested matters with respect to the EFH/EFIH Debtors remain unresolved in these chapter 11 cases; and

    f. the Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code.

22. As noted above, given the operation of the Plan, closure of the Closing Cases shall not prejudice any party in interest or otherwise negatively affect the administration of the Debtors' consolidated estates. Specifically, subject to the PAB's final reconciliation, all Allowed Claims have received their final distribution and further, upon effectuation of the relief contemplated within the PAB's Sixteenth NOS, there will be no remaining Disputed Claims. Moreover, continuing operation of the Closing Cases would hamper both the PAB and U.S. Trustee with an unnecessary administrative burden, and would encumber the PAB with the continued and unwarranted accrual of fees and expenses.

23. In addition to the foregoing, the PAB requests relief to terminate the claims and noticing services (collectively, the "Services") provided by Epiq pursuant to the *Order Approving*

*the Retention and Employment of Epiq Bankruptcy Solutions LLC As the Claims and Noticing Agent for the Debtors*, entered May 2, 2014 [D.I. 321] (the "Retention Order"). Upon termination of the Services, and except as otherwise provided herein, Epiq will have no further obligations under the Retention Order to the Court, the Debtors, the PAB, the Reorganized Debtors, or any other party in interest with respect to the Services in these chapter 11 cases.[9]

24. The PAB submits that its request to terminate the Services provided by Epiq on the terms described in this Motion complies with the Local Bankruptcy Rules, is otherwise appropriate under the circumstances, and therefore should be approved.

25. In accordance with Local Bankruptcy Rule 3022-1(c), the Debtors are concurrently filing a verified final report describing, among other things, the fees and expenses awarded to the retained professionals who rendered services during the pendency of the above-captioned chapter 11 cases, in the form attached hereto as **Exhibit B**.

26. Finally, all fees payable to the U.S. Trustee pursuant to section 1930 of title 28 of the United States Code with respect to the Closing Cases have been paid, will be paid, or provision for the payment thereof will be made, in the amounts due as soon as reasonably practicable after the closure of the Closing Cases.

27. In light of the foregoing, the PAB submits that ample justification exists for entry of a final decree closing the Closing Cases and grating the related relief requested herein.

---

[9] Pursuant to Local Bankruptcy Rule 2002-1(f)(ix), within thirty days of entry of an order granting this Motion, Epiq will (a) forward to the Clerk of the Court an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF, and (c) docket in the case of Energy Future Holdings Corp., Case No. 14-10979 (CSS) a final claims register containing the claims of all of these jointly administered chapter 11 cases. Epiq also will box and deliver all original claims to the Philadelphia Federal Records Center, 14700 Townsend Road, Philadelphia, PA 19154, and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

**Notice**

28. The PAB shall provide notice of this Motion on the first date hereof via U.S. first class mail to: (a) the U.S. Trustee; (b) counsel to the EFH Creditors' Committee; (c) American Stock Transfer & Trust Company, LLC, in its capacity as indenture trustee under: (i) the 9.75% EFH senior unsecured notes due 2019; (ii) the 10.0% EFH senior unsecured notes due 2020; (iii) the 10.875% EFH LBO senior unsecured notes due 2017; (iv) the 11.25%/12.0% EFH LBO toggle notes due 2017; (v) the 5.55% EFH legacy notes (series P) due 2014; (vi) the 6.50% EFH legacy notes (series Q) due 2024; and (vii) the 6.55% EFH legacy notes (series R) due 2034, and counsel thereto; (d) Computershare Trust Company, N.A. and Computershare Trust Company of Canada, in their capacities as indenture trustee under: (i) the 11.0% EFIH senior secured second lien notes due 2021; and (ii) the 11.75% EFIH senior secured second lien notes due 2022, and counsel thereto; (e) UMB Bank, N.A. in its capacity as indenture trustee under: (i) the 9.75% EFIH senior unsecured notes due 2019; and (ii) the 11.25%/12.25% EFIH senior toggle notes due 2018, and counsel thereto; (f) counsel to certain holders of claims against the Debtors regarding each of the foregoing described in clauses (c) through (e); (g) the Office of the United States Attorney for the District of Delaware; (h) counsel to Elliott; (i) counsel to NextEra; (j) any party entitled to notice in these chapter 11 cases pursuant to Local Bankruptcy Rule 3022-1(b); and (k) those parties entitled to receive notice pursuant to Bankruptcy Rule 2002 and Local Bankruptcy Rule 2002-1(b). The PAB submits that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

29. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, the PAB respectfully requests that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems appropriate.

Dated: October 27, 2021
       Wilmington, Delaware

    */s/ Jason M. Madron*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:    collins@rlf.com
    defranceschi@rlf.com
    madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini, P.C. (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    edward.sassower@kirkland.com
    stephen.hessler@kirkland.com
    brian.schartz@kirkland.com
    steven.serajeddini@kirkland.com
    aparna.yenamandra@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    james.sprayregen@kirkland.com
    chad.husnick@kirkland.com

*Co-Counsel to the EFH Plan Administrator Board*