**Exhibit B**

**Form of Verified Final Report**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
| Reorganized Debtors. | ) (Jointly Administered) |

## VERIFIED FINAL REPORT

To the best of my knowledge, information, and belief, the following is an accurate summary of the fees and expenses that the above-captioned debtors (before the effective date of their chapter 11 plan, collectively, the "Debtors" and after the effective date of their chapter 11 plan, the "PAB") paid to the parties identified below for the period from the date of commencement of these chapter 11 cases (the "Cases") through the date of entry of the *Notice of Entry of EFH Confirmation Order and Occurrence of EFH Effective Date* [D.I. 12801] (the "Effective Date").

| PARTY | AMOUNT OF PAYMENT — FEES | AMOUNT OF PAYMENT — EXPENSES |
|---|---|---|
| AlixPartners, LLP (Restructuring Advisor to the Official Committee of Unsecured Creditors) | $3,155,593.84 | $387,696.46 |
| Alvarez & Marsal North America, LLC (Restructuring Advisor to the Debtors) | $29,103,378.38 | $1,183,348.76 |
| Balch & Bingham LLP (Special Counsel for Certain Environmental Matters) | $5,818,478.05 | $136,894.63 |
| Benesch, Friedlander, Coplan & Aronoff LLP (Delaware Counsel to the Fee Committee) | $84,541.00 | $611.65 |
| Bielli & Klauder, LLC (Co-Counsel for Debtor and Debtor In Possession) | $254,731.90 | $2,007.80 |
| Charles River Associates (Natural Gas and Energy Consultant to TCEH Committee) | $463,792.50 | $3,444.04 |
| Cravath Swaine & Moore LLP (Counsel to Energy Future | $5,653,213.12 | $53,853.42 |

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.efhcaseinfo.com.

| PARTY | AMOUNT OF PAYMENT — FEES | AMOUNT OF PAYMENT — EXPENSES |
|---|---|---|
| Intermediate Holding Company LLC) | | |
| Deloitte & Touche LLP (Independent Auditor to the Debtors and Debtors in Possession) | $23,265,546.50 | $0.00 |
| Enoch Kever PLLC (EFH/EFIH) (Special Counsel to the Debtors and Debtors in Possession) | $1,256,574.02 | $7,695.34 |
| Enoch Kever PLLC (TCEH) (Special Counsel to the Debtors and Debtors in Possession) | $2,277,864.50 | $76,984,65 |
| Epiq Bankruptcy Solutions, LLC and Epiq eDiscovery Solutions (Administrative Advisor for the Debtors) | $1,256,616.12 | $2,308,718.29 |
| Evercore Group L.L.C. (Investment Banker and Financial Advisor to the Debtors) | $47,500,000.00 | $1,019,254.43 |
| Filsinger Energy Partners (Energy Consultants to the Debtors and Debtors in Possession) | $28,112,537.75 | $1,237,717.42 |
| FTI Consulting, Inc. (Financial Advisor to Official Committee of Unsecured Creditors) | $11,287,077.63 | $362,724.73 |
| Gibson, Dunn & Crutcher LLP (Special Counsel for Certain Corporate and Litigation Matters) | $5,861,801.40 | $211,207.89 |
| Gitlin & Company LLC (Member of the Fee Committee) | $2,426,093.03 | $24,115.39 |
| Godfrey & Kahn, S.C. (Counsel to the Fee Committee) – Period from December 1, 2015 through July 31, 2017 | $302,578.00 | $0.00 |
| Godfrey & Kahn, S.C. (Counsel to the Fee Committee) – Period from August 21, 2014 through December 31, 2018 | $9,704,552.13 | $525,698.67 |
| Goldin Associates LLC (Special Financial Advisor to the Debtors) | $4,225,000.00 | $45,842.33 |
| Greenberg Traurig, LLP (Special Counsel to the Debtors) | $676,317.00 | $7,060.09 |
| Greenhill & Co., LLC (Independent Financial Advisor to the Debtors) | $12,683,333.34 | $218,854.53 |
| Guggenheim Securities, LLC (Investment Banker to the Official Committee of Unsecured Creditor) | $13,740,456.99 | $412,390.46 |
| Howard J. Kaplan (Member of the Fee Committee) | $300,000.00 | $5,295.65 |
| Jenner & Block LLP (Counsel to Energy Future Intermediate Holding Company LLC) | $1,824,313.00 | $28,671.30 |
| Kinsella Media LLC (Asbestos Noticing Expert to the EFH Official Committee of Unsecured Creditors) | $300,000.00 | $0.00 |
| Kirkland & Ellis LLP and Kirkland & Ellis International LLP (Counsel for the Debtors) | $172,298,344.65 | $10,397,656.69 |
| KPMG LLP (Bankruptcy Accounting and Tax Advisors to the Debtors) – Period from April 29, 2014 through October 3, 2016 | $15,246,311.03 | $574,716.35 |
| KPMG LLP (Bankruptcy Accounting and Tax Advisors to the Debtors) – Period from December 1, 2017 through March 9, 2018 | $576,422.10 | $7,972.44 |
| Lazard Frères & Co. LLC (Investment Banker to the Official Committee of TCEH Unsecured Creditors) | $16,270,161.29 | $111,780.49 |
| McDermott Will & Emery LLP (Special Counsel to the Debtors) | $1,373,960.62 | $142,827.75 |

| PARTY | AMOUNT OF PAYMENT — FEES | AMOUNT OF PAYMENT — EXPENSES |
|---|---|---|
| McElroy, Deutsch, Mulvaney & Carpenter, LLP (Delaware Counsel to TCEH Debtors) | $313,317.00 | $4,305.66 |
| Montgomery, McCracken, Walker & Rhoads, LLP (Delaware Bankruptcy Counsel and Conflicts Counsel to the Committee) | $5,611,744.50 | $227,384.01 |
| Morrison & Foerster LLP (Counsel to Official Committee of TCEH Unsecured Creditors) | $36,502,452.25 | $884,066.20 |
| Munger, Tolles & Olson LLP (Counsel to Debtors and Debtors in Possession Energy Future Competitive Holding Company LLC and Texas Competitive Electric Holdings Company LLC) | $15,205,446.95 | $312,326.71 |
| O'Kelly Ernst & Bielli, LLC (Co-Counsel for Debtor and Debtor In Possession Energy Future Holdings Corp) | $86,657.50 | $968.16 |
| Phillips, Goldman, McLaughlin & Hall, PA f/k/a Phillips Goldman & Spence P.A. (Counsel to the Fee Committee) | $18,402.00 | $2,225.41 |
| Polsinelli PC (Co-Counsel to Official Committee of Unsecured Creditors) | $2,749,072.00 | $111,849.01 |
| Proskauer Rose LLP (Counsel to the Debtors) | $22,123,289.61 | $459,756.06 |
| Richards, Layton & Finger, P.A. (Co-Counsel to the Debtors) | $7,149,409.30 | $588,279.89 |
| Shaw Fishman Glantz & Towbin LLC (Special Delaware Counsel to the Debtors and Debtors in Possession) | $25,532.60 | $251.89 |
| Sidley Austin LLP (Special Counsel for Certain Corporate and Litigation Matters) | $3,989,328.47 | $50,203.79 |
| SOLIC Capital Advisors, LLC (Financial Advisor for Debtor and Debtor in Possession) | $6,236,780.59 | $123,690.62 |
| Stevens & Lee, P.C. (Special Counsel to Energy Future Intermediate Holding Company LLC) | $519,406.40 | $4,716.85 |
| Sullivan & Cromwell LLP (Counsel to the Official Committee of Unsecured Creditors) | $23,652,675.71 | $805,851.62 |
| Thompson & Knight LLP (Special Counsel for Certain Tax-Related Matters to the Debtors) | $3,240,765.87 | $20,844.70 |
| TOTALS | $ | $ |

No trustee or examiner was appointed in the Debtor's cases. Accordingly, no fees were incurred for a trustee or trustee's counsel.

### Distributions (PAB)

The distributions that the PAB was authorized to make on or after the Effective Date have since been made to the holders of Allowed Claims. The treatment afforded to the Debtors' various classes of claims and equity interests under the terms of the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company*

3

*LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code*, dated February 15, 2018 [D.I. 12653] (the "EFH/EFIH Plan") is as follows:

| Class | Description | Treatment Under the EFH/EFIH Plan[2] |
|---|---|---|
| A1 | Other Secured Claims Against the EFH Debtors | Except to the extent that a Holder of an Allowed Claim in Class A1, with the consent of the Plan Sponsor (such consent not to be unreasonably withheld), agrees to a less favorable treatment of its Allowed Claim, in full and final satisfaction, settlement, release, and discharge of and in exchange for each Allowed Claim in Class A1, each such Holder shall receive, at the option of the applicable EFH Debtor(s) with the consent of the Plan Sponsor, either: (i) payment in full in Cash and payment of any interest required under section 506(b) and section 1129(b)(2)(i)(II) of the Bankruptcy Code; (ii) delivery of collateral securing any such Claim and payment of any interest required under section 506(b) and section 1I29(b)(2)(i)(II) of the Bankruptcy Code; (iii) Reinstatement of such Claim; or (iv) other treatment rendering such Claim Unimpaired. |
| A2 | Other Priority Claims Against the EFH Debtors | Except to the extent that a Holder of an Allowed Claim in Class A2, with the consent of the Plan Sponsor (such consent not to be unreasonably withheld), agrees to a less favorable treatment of its Allowed Claim, in full and final satisfaction, settlement, release, and discharge of and in exchange for each Allowed Claim in Class A2, each such Holder shall receive, at the option of the applicable EFH Debtor(s) with the consent of the Plan Sponsor, either: (i) payment in full in Cash; or (ii) other treatment rendering such Claim Unimpaired. |
| A3 | Legacy General Unsecured Claims Against the EFH Debtors | Except to the extent that a Holder of an Allowed Claim in Class A3, with the consent of the Plan Sponsor (such consent not to be unreasonably withheld), agrees to a less favorable treatment of its Allowed Claim, in full and final satisfaction, settlement, release, and discharge of and in exchange for each Allowed Claim in Class A3, each such Holder shall receive Reinstatement of such Claim on the EFH Effective Date. |
| A4 | EFH Legacy Note Claims | Except to the extent that a Holder of an Allowed Claim in Class A4, with the consent of the Plan Sponsor (such consent not to be unreasonably withheld), agrees to a less favorable treatment of its Allowed Claim, in full and final satisfaction, settlement, release, and discharge of and in exchange for each Allowed Claim in Class A4, each such Holder shall receive, up to the Allowed amount of its Claim, its Pro Rata share (calculated based on the aggregate amount of EFH Corp. Claims) of the EFH Unsecured Creditor Recovery Pool. |
| A5 | EFH Unchanged Note Claims | Except to the extent that a Holder, with the consent of the Plan Sponsor (such consent not to be unreasonably withheld), of an Allowed Claim in Class A5 agrees to a less favorable treatment of its Allowed Claim, in full and final satisfaction, settlement, release, and discharge of and in exchange for each Allowed Claim in Class A5, each such Holder shall receive, up to the Allowed amount of its Claim: (i) its Pro Rata share (calculated based on the aggregate amount of EFH Corp. Claims) of the |

---

[2] The information in this table is intended only as a summary description of the distributions required by the EFH/EFIH Plan. Any unintended conflict between this summary and the EFH/EFIH Plan itself should not be construed in any way to modify the terms of the EFH/EFIH Plan. Parties are referred to the EFH/EFIH Plan itself for detailed descriptions of the distributions thereunder.

| Class | Description | Treatment Under the EFH/EFIH Plan[2] |
|---|---|---|
| | | EFH Unsecured Creditor Recovery Pool; and (ii) if the Class A5 Claims constitute EFH Beneficiary Claims, and solely to the extent of any portion of its Allowed Claim that is not paid in full pursuant to the preceding clause, its Pro Rata share of up to $5.8 million of the TCEH Settlement Claim Turnover Distributions, if any. |
| A6 | EFH LBO Note Primary Claims | Except to the extent that a Holder of an Allowed Claim in Class A6, with the consent of the Plan Sponsor (such consent not to be unreasonably withheld), agrees to a less favorable treatment of its Allowed Claim, in full and final satisfaction, settlement, release, and discharge of and in exchange for each Allowed Claim in Class A6, each such Holder shall receive, up to Allowed amount of its Claim, its Pro Rata share (calculated based on the aggregate amount of EFH Corp. Claims) of the EFH Unsecured Creditor Recovery Pool; provided, however, that in no event shall a Holder of an Allowed Claim in Class A6 receive more than a single satisfaction of such Allowed Claim, including any recovery received on account of an Allowed Claim in Class B5. |
| A7 | EFH Swap Claims | Except to the extent that a Holder of an Allowed Claim in Class A7, with the consent of the Plan Sponsor (such consent not to be unreasonably withheld), agrees to a less favorable treatment of its Allowed Claim, in full and final satisfaction, settlement, release, and discharge of and in exchange for each Allowed Claim in Class A7, each such Holder shall receive, up to the Allowed amount of its Claim, its Pro Rata share (calculated based on the aggregate amount of EFH Corp. Claims) of the EFH Unsecured Creditor Recovery Pool. |
| A8 | EFH Non-Qualified Benefit Claims | Except to the extent that a Holder of an Allowed Claim in Class A8, with the consent of the Plan Sponsor (such consent not to be unreasonably withheld), agrees to a less favorable treatment of its Allowed Claim, in full and final satisfaction, settlement, release, and discharge of and in exchange for each Allowed Claim in Class A8, each such Holder shall receive, up to the Allowed amount of its Claim: (i) its Pro Rata share (calculated based on the aggregate amount of EFH Corp. Claims) of the EFH Unsecured Creditor Recovery Pool; and (ii) if the Class A8 Claims constitute EFH Beneficiary Claims, and solely to the extent of any portion of its Allowed Claim that is not paid in full pursuant to the preceding clause, its Pro Rata share of up to $30 million in Cash on account the TCEH Settlement Claim Turnover Distributions, if any. |
| A9 | General Unsecured Claims Against EFH Corp. | Except to the extent that a Holder of an Allowed Claim in Class A9, with the consent of the Plan Sponsor (such consent not to be unreasonably withheld), agrees to a less favorable treatment of its Allowed Claim, in full and final satisfaction, settlement, release, and discharge of and in exchange for each Allowed Claim in Class A9, each such Holder shall receive, up to the Allowed amount of its Claim: (i) its Pro Rata share (calculated based on the aggregate amount of EFH Corp. Claims) of the EFH Unsecured Creditor Recovery Pool; and (ii) if the Class A9 Claims constitute EFH Beneficiary Claims, and solely to the extent of any portion of its Allowed Claim that is not paid in full pursuant to the preceding clause, its Pro Rata share of up to $2 million of the TCEH Settlement Claim Turnover Distributions, if any. |
| A10 | General Unsecured Claims Against the EFH Debtors Other Than EFH Corp. | Except to the extent that a Holder of an Allowed Claim in Class A10, with the consent of the Plan Sponsor (such consent not to be unreasonably withheld), agrees to a less favorable treatment of its Allowed Claim, in full and final satisfaction, settlement, release, and |

5

| Class | Description | Treatment Under the EFH/EFIH Plan[2] |
|---|---|---|
| | | discharge of and in exchange for each Allowed Claim in Class A10, each such Holder shall receive, up to the Allowed amount of its Claim, its Pro Rata share (calculated based on the aggregate amount of EFH Corp. Claims) of the EFH Unsecured Creditor Recovery Pool. |
| A11 | TCEH Settlement Claim | Except to the extent that the TCEH Supporting First Lien Creditors, with the consent of the Plan Sponsor (such consent not to be unreasonably withheld), agree to a less favorable treatment of the TCEH Settlement Claim, in full and final satisfaction, settlement, release, and discharge of and in exchange for the TCEH Settlement Claim, each of the Holders of Allowed TCEH First Lien Secured Claims shall receive, up to the Allowed amount of the TCEH Settlement Claim, its Pro Rata share (calculated based on the aggregate amount of EFH Corp. Claims) of the EFH Unsecured Creditor Recovery Pool *less* any TCEH Settlement Claim Turnover Distributions. For purposes of the foregoing, the Holders of the Allowed TCEH First Lien Secured Claims are creditors of EFH Corp. in respect of the TCEH Settlement Claims, and recoveries on account of such Claims shall be distributed directly to the Holders of Allowed TCEH First Lien Secured Claims, as set forth in Article IILB.29 of the TCEH Plan. Upon the EFH Effective Date, Reorganized TCEH shall be deemed to not have control, possession, title, or ownership of the TCEH Settlement Claims or any recovery on account thereof. |
| A12 | EFH Debtor Intercompany Claims | EFH Debtor Intercompany Claims shall be, at the option of the EFH Debtors with the consent of the Plan Sponsor, either: (i) Reinstated; or (ii) canceled and released without any distribution on account of such Claims; *provided, however,* that Class AI2 Claims of EFH Corp., LSGT Gas Company LLC, EECI, Inc., EEC Holdings, Inc., and LSGT SACROC, Inc. against one or more of EFH Corp., LSGT Gas Company LLC, EECI, Inc., EEC Holdings, Inc., and LSGT SACROC, Inc. shall be Reinstated. |
| A13 | Non-EFH Debtor Intercompany Claims | Non-EFH Debtor Intercompany Claims shall be canceled and released without any distribution on account of such Claims. |
| A14 | Interests in EFH Debtors Other Than EFH Corp. | Interests in the EFH Debtors Other Than EFH Corp. shall be, at the option of the EFH Debtors with the consent of the Plan Sponsor, either: (i) Reinstated; or (ii) canceled and released without any distribution on account of such Interests; *provided, however,* that Interests in Debtors LSGT Gas Company LLC, EECI, Inc., EEC Holdings, Inc., and LSGT SACROC, Inc. shall be Reinstated. |
| A15 | Interests in EFH Corp. | Interests in EFH Corp. shall be canceled and released without any distribution on account of such Interests. |
| B1 | Other Secured Claims Against the EFIH Debtors | Except to the extent that a Holder of an Allowed Claim in Class B1, with the consent of the Plan Sponsor (such consent not to be unreasonably withheld), agrees to a less favorable treatment of its Allowed Claim, in full and final satisfaction, settlement, release, and discharge of and in exchange for each Allowed Claim in Class B1, each such Holder shall receive, at the option of the applicable EFIH Debtor(s) with the consent of the Plan Sponsor, either: (i) payment in full in Cash; (ii) delivery of collateral securing any such Claim and of any interest required under section 506(b) of the Bankruptcy Code; (iii) Reinstatement of such Claim; or (iv) other treatment rendering such Claim Unimpaired. |

| Class | Description | Treatment Under the EFH/EFIH Plan[2] |
|---|---|---|
| B2 | Other Priority Claims Against the EFIH Debtors | Except to the extent that a Holder of an Allowed Claim in Class B2, with the consent of the Plan Sponsor (such consent not to be unreasonably withheld), agrees to a less favorable treatment of its Allowed Claim, in full and final satisfaction, settlement, release, and discharge of and in exchange for each Allowed Claim in Class B2, each such Holder shall receive, at the option of the applicable EFIH Debtor(s) with the consent of the Plan Sponsor, either: (i) payment in full in Cash; or (ii) other treatment rendering such Claim Unimpaired. |
| B3 | EFIH First Lien Note Claims | Except to the extent that a Holder of an Allowed Claim in Class B3, with the consent of the Plan Sponsor (such consent not to be unreasonably withheld), agrees to a less favorable treatment of its Allowed Claim, each such Holder shall receive up to the Allowed amount of its Claim, payment in full in Cash (to the extent not previously paid pursuant to separate Order of the Bankruptcy Court). On the EFH Effective Date, the EFIH First Lien Post-Effective Date Fee and Indemnification Claims Reserve shall be funded, which reserve shall be treated in accordance with the EFIH Secureds Settlement Approval Order. As set forth in Article VIII.B, the Liens securing the EFIH First Lien Note Claims shall be released upon satisfaction of all Allowed EFIH First Lien Note Claims (and, with respect to the EFIH First Lien Post-Effective Date Fees and Indemnification Claims, the funding of the EFIH First Lien Post Effective Date Fee and Indemnification Claims Reserve). For the avoidance of doubt, the EFIH Settlement Agreement and EFIH Secureds Settlement Approval Order shall remain in full force and effect on and after the EFH Effective Date in accordance with the terms therein. |
| B4 | EFIH Second Lien Note Claims | Except to the extent that a Holder of an Allowed Claim in Class B4, with the consent of the Plan Sponsor (such consent not to be unreasonably withheld), agrees to a less favorable treatment of its Allowed Claim, each such Holder shall receive up to the Allowed amount of its Claim, payment in full in Cash (to the extent not previously paid pursuant to separate Order of the Bankruptcy Court); *provided* that each Holder of an Allowed Claim in Class B4 may make the Rollover Trust Investment Election; *provided, however* that Supporting EFIH Unsecured Creditors shall not make the Rollover Trust Investment Election, unless otherwise agreed in writing by the Plan Sponsor; *provided, further, however,* that notwithstanding anything to the contrary herein, that the Plan Sponsor shall have the right to determine, in its sole discretion, which Entities may participate in the Rollover Trust Investment Election, which determination shall be made no later than five (5) Business Days prior to the EFH Effective Date; *provided,* that if the Plan Sponsor is required to cause New HoldCo Equity Interests to be issued pursuant to Section 1.8(b)(i) of the Merger Agreement, then the Plan Sponsor shall not permit any Entities to make the Rollover Trust Investment Election without the consent of the Supporting EFIH Unsecured Creditors and the Debtors. The aggregate value of Rollover Trust Certificates issued on the EFH Effective Date shall not exceed $2.5 billion (unless otherwise agreed by the Plan Sponsor in its sole discretion, subject to the Tax Contingency Disclosure), and shall be subject to reduction by the Tax Contingency Adjustment, if any. If the Rollover Trust Investment Election is made with respect to Allowed Claims in Class B4 in an aggregate amount greater than $2.5 billion (or such other amount as agreed to by the Plan Sponsor in its sole discretion, subject to the Tax Contingency Adjustment and Tax Contingency Disclosure), then |

7

| Class | Description | Treatment Under the EFH/EFIH Plan[2] |
|---|---|---|
|  |  | Holders of Allowed Claims in Class B4 who make the Rollover Trust Investment Election shall receive (pursuant to the actual or deemed transactions described in Article IV.BA of this Plan) their pro rata share of Rollover Trust Certificates available for distribution to Holders of Allowed Claims in Class B4 based on the amount of such Holder's Allowed Claims in Class B4 for which it made the Rollover Trust Investment Election bears to the aggregate amount of all Allowed Claims in Class B4 for which the Rollover Trust Investment Election was made. On the EFH Effective Date, the EFIH Second Lien Post-Effective Date Fee and Indemnification Claims Reserve shall be funded, which reserve shall be treated in accordance with the EFIH Secureds Settlement Approval Order. As set forth in Article VII.B of this Plan, the Liens securing the EFIH Second Lien Note Claims shall be released upon satisfaction of all Allowed EFIH Second Lien Note Claims (and, with respect to the EFIH Second Lien Post-Effective Date Fees and Indemnification Claims, the funding of the EFIH Second Lien Post-Effective Date Fee and Indemnification Claims Reserve). For the avoidance of doubt, the EFIH Settlement Agreement and EFIH Secureds Settlement Approval Order shall remain in full force and effect on and after the EFH Effective Date in accordance with the terms therein. |
| B5 | EFH LBO Guaranty Claims | Except to the extent that a Holder of an Allowed Claim in Class B5, with the consent of the Plan Sponsor (such consent not to be unreasonably withheld), agrees to a less favorable treatment of its Allowed Claim, in full and final satisfaction, settlement, release, and discharge of and in exchange for each Allowed Claim in Class B5, each such Holder shall receive, up to the Allowed amount of its Claim, its Pro Rata share (calculated based on the aggregate amount of Allowed EFH LBO Note Guaranty Claims and Allowed General Unsecured Claims Against the EFIH Debtors) of the EFIH Unsecured Creditor Recovery Pool; *provided, however,* that in no event shall a Holder of an Allowed Claim in Class B5 receive more than a single satisfaction of such Allowed Claim, including any recovery received on account of an Allowed Claim in Class A6. |
| B6 | General Unsecured Claims Against the EFIH Debtors | Except to the extent that a Holder of an Allowed Claim in Class B6, with the consent of the Plan Sponsor (such consent not to be unreasonably withheld), agrees to a less favorable treatment of its Allowed Claim, in full and final satisfaction, settlement, release, and discharge of and in exchange for each Allowed Claim in Class B6, each such Holder shall receive, up to the Allowed amount of its Claim, its Pro Rata share (calculated based on the aggregate amount of Allowed EFH LBO Note Guaranty Claims and Allowed General Unsecured Claims Against the EFIH Debtors) of the EFIH Unsecured Creditor Recovery Pool. |
| B7 | EFIH Debtor Intercompany Claims | EFIH Debtor Intercompany Claims shall be, at the option of the EFIH Debtors with the consent of the Plan Sponsor, either: (i) Reinstated; or (ii) canceled and released without any distribution on account of such Claims. |
| B8 | Non-EFIH Debtor Intercompany Claims | Non-EFIH Debtor Intercompany Claims shall be canceled and released without any distribution on account of such Claims. |
| B9 | Interest in EFIH | The Interest in EFIH shall be Reinstated. |

RLF1 26242758v.1

| Class | Description | Treatment Under the EFH/EFIH Plan[2] |
|---|---|---|
| B10 | Interests in EFIH Finance | Interests in EFIH Finance shall be canceled and released without any distribution on account of such Interests. |

## Distributions (Reorganized TCEH Debtors)

The distributions that the Reorganized TCEH Debtors were authorized to make on or after the effective date of the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 9199] (as modified by D.I. 9321 and 9374, the "TCEH Plan"), have since been made to the holders of Allowed Claims. The treatment afforded to the Debtors' various classes of claims and equity interests under the terms of the TCEH Plan is as follows:

| Class | Description | Treatment Under the TCEH Plan[3] |
|---|---|---|
| C1 | Other Secured Claims Against the TCEH Debtors | Except to the extent that a Holder of an Allowed Claim in Class C1 agrees to a less favorable treatment of its Allowed Claim, in full and final satisfaction, settlement, release, and discharge of and in exchange for each Allowed Claim in Class Cl, each such Holder shall receive, at the option of the applicable TCEH Debtor(s) with the consent of the TCEH Supporting First Lien Creditors (such consent not to be unreasonably withheld), either: (i) payment in full in Cash and payment of any interest required under section 506(b) and section 1129(b)(2)(i)(II) of the Bankruptcy Code; (ii) delivery of collateral securing any such Claim and payment of any interest required under section 506(b) and section 1129(b)(2)(i)(II) of the Bankruptcy Code; (iii) Reinstatement of such Claim; or (iv) other treatment rendering such Claim Unimpaired; provided, however, that the Tex-La Obligations may receive treatment as Allowed Class Cl Claims on or before the TCEH Effective Date with the prior written consent of the TCEH Supporting First Lien Creditors. |
| C2 | Other Priority Claims Against the TCEH Debtors | Except to the extent that a Holder of an Allowed Claim in Class C2 agrees to a less favorable treatment of its Allowed Claim, in full and final satisfaction, settlement, release, and discharge of and in exchange for each Allowed Claim in Class C2, each such Holder shall receive, at the option of the applicable TCEH Debtor(s) with the consent of the TCEH Supporting First Lien Creditors (such consent not to be unreasonably withheld), either: (i) payment in full in Cash; or (ii) other treatment rendering such Claim Unimpaired. |

---

[3] The information in this table is intended only as a summary description of the distributions required by the TCEH Plan. Any unintended conflict between this summary and the TCEH Plan itself should not be construed in any way to modify the terms of the TCEH Plan. Parties are referred to the TCEH Plan itself for detailed descriptions of the distributions thereunder.

| Class | Description | Treatment Under the TCEH Plan[3] |
|---|---|---|
| C3 | TCEH First Lien Secured Claims | Except to the extent that a Holder of an Allowed Claim in Class C3 agrees to a less favorable treatment of its Allowed Claim (in a writing executed by such Holder after the Petition Date), in full and final satisfaction, settlement, release, and discharge of and in exchange for each Allowed Claim in Class C3, subject to Article III.B.29(d), each such Holder thereof shall receive its Pro Rata share (which, for the avoidance of doubt, shall be based on the Allowed amounts of such Claims as of the Petition Date as set forth in the Plan) of: (I) If the Spin-Off is effectuated pursuant to the terms and conditions set forth in Article IV.B.2: A. 100% of the Reorganized TCEH Common Stock (following the Basis Step-Up), subject to dilution after the Distribution only on account of the Reorganized TCEH Debtor Management Incentive Plan; B. 100% of the (a) TCEH Debtors' Cash on hand, and (b) net Cash proceeds from the issuance of the New Reorganized TCEH Debt (or, at the TCEH Supporting First Lien Creditors' election, all or a portion of such New Reorganized TCEH Debt) and the Spin-Off Preferred Stock Sale, in each case after funding any Cash distributions required to be made by the TCEH Debtors under the Plan and providing for adequate post-TCEH Effective Date liquidity for TCEH as determined by the TCEH Debtors with the reasonable consent of the TCEH Supporting First Lien Creditors; C. the Spin-Off TRA Rights (if any), subject to such Holder's completion and timely submission of the TRA Information Form; and D. any proceeds from the TCEH Settlement Claim if determined as of the TCEH Effective Date, and to the extent not determined as of the TCEH Effective Date, the right to receive recoveries under the TCEH Settlement Claim; provided, that following the TCEH Effective Date, Reorganized TCEH will nominally hold the right to receive recoveries under the TCEH Settlement Claim but the Holders of Allowed TCEH First Lien Secured Claims will hold all legal and equitable entitlement to receive recoveries under the TCEH Settlement Claim. (II) If the Taxable Separation is effectuated pursuant to the terms and conditions set forth in Article IV.B.2: A. 100% of the Reorganized TCEH Common Stock, subject to dilution only on account of the Reorganized TCEH Debtor Management Incentive Plan; B. 100% of the (a) TCEH Debtors' Cash on hand and (b) the net Cash proceeds from the New Reorganized TCEH Debt (or, at the TCEH Supporting First Lien Creditors' election, all or a portion of such New Reorganized TCEH Debt) and issuance of certain stock or securities in connection with the Taxable Separation, in each case after funding any Cash distributions required to be made by the TCEH Debtors under the Plan and providing for adequate post-TCEH Effective Date liquidity for TCEH as determined by the TCEH Debtors with the reasonable consent of the TCEH Supporting First Lien Creditors; C. the Taxable Separation TRA Rights (if any), subject to such Holder's completion and timely submission of the TRA Information Form; and D. any proceeds from the TCEH Settlement Claim if determined as of the TCEH Effective Date, and to the extent not determined as of the TCEH Effective Date, the right to receive recoveries under the TCEH Settlement Claim; provided, that following the TCEH Effective Date, Reorganized TCEH will nominally hold the right to receive recoveries under the TCEH Settlement Claim but the Holders of Allowed TCEH First Lien Secured Claims will hold all legal and equitable entitlement to receive recoveries under the TCEH Settlement Claim. In addition, on the TCEH Effective Date the TCEH |

| Class | Description | Treatment Under the TCEH Plan[3] |
|---|---|---|
| | | First Lien Agent will be deemed to have delivered, pursuant to Section 5.01 of the TCEH Second Lien Intercreditor Agreement, any notice necessary to cause the automatic release and discharge of any and all Liens on the assets of the TCEH Debtors that secure the repayment of amounts due in respect of the TCEH Second Lien Notes. |
| C4 | TCEH Unsecured Debt Claims | Except to the extent that a Holder of an Allowed Claim in Class C4 agrees to a less favorable treatment of its Allowed Claim, and subject to Article IV.B.12 of the Plan, in full and final satisfaction, settlement, release, and discharge of and in exchange for each Allowed Claim in Class C4, each such Holder shall receive its Pro Rata (calculated based on the aggregate amount of Allowed Class C4 Claims and Allowed Class C5 Claims) share of the TCEH Cash Payment. |
| C5 | General Unsecured Claims Against the TCEH Debtors Other Than EFCH | Except to the extent that a Holder of an Allowed Claim in Class C5 agrees to a less favorable treatment of its Allowed Claim, and subject to Article IV.B.12 of the Plan, in full and final satisfaction, settlement, release, and discharge of and in exchange for each Allowed Claim in Class C5, each such Holder shall receive its Pro Rata (calculated based on the aggregate amount of Allowed Class C4 Claims and Allowed Class C5 Claims) share of the TCEH Cash Payment. |
| C6 | General Unsecured Claims Against EFCH | General Unsecured Claims Against EFCH shall be canceled and released without any distribution on account of such Claims. |
| C7 | TCEH Debtor Intercompany Claims | TCEH Debtor Intercompany Claims shall be, at the option of the applicable TCEH Debtor(s) with the consent of the TCEH Supporting First Lien Creditors (such consent not to be unreasonably withheld), either: (i) Reinstated; or (ii) canceled and released without any distribution on account of such Claims; *provided, however,* that TCEH Debtor Intercompany Claims against each of EFCH, TCEH, or TCEH Finance and any TCEH Debtor Intercompany Claim derived from or based upon the Repurchased PCRBs shall be canceled and released without any distribution on account of such Claims. |
| C8 | Non-TCEH Debtor Intercompany Claims | Non-TCEH Debtor Intercompany Claims shall be canceled and released without any distribution on account of such Claims. |
| C9 | Interests in TCEH Debtors Other Than TCEH and EFCH | Interests in TCEH Debtors Other Than TCEH and EFCH shall be with the consent of the TCEH Supporting First Lien Creditors, either: (i) Reinstated; or (ii) canceled and released without any distribution on account of such Interests. |
| C10 | Interests in TCEH and EFCH | Interests in TCEH and EFCH shall be canceled and released without any distribution on account of such Interests. |
| D1 | Other Secured Claims Against the EFH Shared Services Debtors | Except to the extent that a Holder of an Allowed Claim in Class D1 agrees to a less favorable treatment of its Allowed Claim, in full and final satisfaction, settlement, release, and discharge of and in exchange for each Allowed Claim in Class Dl, each such Holder shall receive, at the option of the applicable EFH Shared Services Debtor(s) either: (i) payment in full in Cash; (ii) delivery of collateral securing any such Claim and payment of any interest required under section 506(b) of the Bankruptcy Code; (iii) Reinstatement of such Claim; or (iv) other treatment rendering such Claim Unimpaired. |

| Class | Description | Treatment Under the TCEH Plan[3] |
|---|---|---|
| D2 | Other Priority Claims Against the EFH Shared Services Debtors | Except to the extent that a Holder of an Allowed Claim in Class D2 agrees to a less favorable treatment of its Allowed Claim, in full and final satisfaction, settlement, release, and discharge of and in exchange for each Allowed Claim in Class D2, each such Holder shall receive, at the option of the applicable EFH Shared Services Debtor(s), either: (i) payment in full in Cash; or (ii) other treatment rendering such Claim Unimpaired. |
| D3 | General Unsecured Claims Against the EFH Shared Services Debtors | Except to the extent that a Holder of an Allowed Claim in Class D3 agrees to a less favorable treatment of its Allowed Claim, in full and final satisfaction, settlement, release, and discharge of and in exchange for each Allowed Claim in Class D3, each such Holder shall receive, at the option of the applicable EFH Shared Services Debtor(s), either: (i) payment in full in Cash; (ii) Reinstatement of such Claim; or (iii) other treatment rendering such Claim Unimpaired. |
| D4 | EFH Shared Services Debtor Intercompany Claims | EFH Shared Services Debtor Intercompany Claims shall be, at the option of the applicable EFH Shared Services Debtor(s), either: (i) Reinstated; or (ii) canceled and released without any distribution on account of such Claims. |
| D5 | Non-EFH Shared Services Debtor Intercompany Claims | Non-EFH Shared Services Debtor Intercompany Claims shall be canceled and released without any distribution on account of such Claims. |
| D6 | Interests in EFH Shared Services Debtors | Interests in the EFH Shared Services Debtors shall be Reinstated. |

[*Remainder of page intentionally left blank.*]

RLF1 26242758v.1

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: October 27, 2021

/s/ *Anthony R. Horton*
Anthony R. Horton
Sole Member, the EFH Plan Administrator Board