# **EXHIBIT A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| EBASCO SERVICES OF CANADA LIMITED, | ) | Case No. 14-10987 (CSS) |
| | ) | |
| Debtor. | ) | (Jointly Administered) |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| EEC HOLDINGS, INC., | ) | Case No. 14-10990 (CSS) |
| | ) | |
| Debtor. | ) | (Jointly Administered) |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| EECI, INC., | ) | Case No. 14-10992 (CSS) |
| | ) | |
| Debtor. | ) | (Jointly Administered) |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| EFH AUSTRALIA (NO. 2) HOLDINGS COMPANY, | ) | Case No. 14-10994 (CSS) |
| | ) | |
| Debtor. | ) | (Jointly Administered) |

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.efhcaseinfo.com.

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EFH FINANCE (NO. 2) HOLDINGS COMPANY, | ) ) | Case No. 14-10999 (CSS) |
| | ) | |
| Debtor. | ) ) | (Jointly Administered) |
| In re: | ) ) ) | Chapter 11 |
| EFIH FINANCE INC., | ) ) | Case No. 14-11001 (CSS) |
| Debtor. | ) ) ) | (Jointly Administered) |
| In re: | ) ) ) | Chapter 11 |
| EFH FS HOLDINGS COMPANY, | ) ) | Case No. 14-11004 (CSS) |
| Debtor. | ) ) ) | (Jointly Administered) |
| In re: | ) ) ) | Chapter 11 |
| EFH RENEWABLES COMPANY LLC, | ) ) | Case No. 14-11006 (CSS) |
| Debtor. | ) ) ) | (Jointly Administered) |
| In re: | ) ) ) | Chapter 11 |
| TXU RECEIVABLES COMPANY, | ) ) | Case No. 14-11007 (CSS) |
| Debtor. | ) ) ) | (Jointly Administered) |
| In re: | ) ) ) | Chapter 11 |
| ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC, | ) ) ) | Case No. 14-11008 (CSS) |
| Debtor. | ) ) ) | (Jointly Administered) |

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| LSGT SACROC, INC., | ) ) | Case No. 14-11012 (CSS) |
| Debtor. | ) ) ) | (Jointly Administered) |
| In re: | ) ) ) | Chapter 11 |
| NCA DEVELOPMENT COMPANY LLC, | ) ) | Case No. 14-11016 (CSS) |
| Debtor. | ) ) ) | (Jointly Administered) |
| In re: | ) ) ) | Chapter 11 |
| GENERATION DEVELOPMENT COMPANY LLC, | ) ) ) | Case No. 14-11017 (CSS) |
| Debtor. | ) ) ) | (Jointly Administered) |
| In re: | ) ) ) | Chapter 11 |
| LSGT GAS COMPANY LLC, | ) ) | Case No. 14-11039 (CSS) |
| Debtor. | ) ) ) | (Jointly Administered) |

**FINAL DECREE (A) CLOSING THE DEBTORS' REMAINING
CHAPTER 11 CASES, (B) TERMINATING CLAIMS AND NOTICING SERVICES,
AND (C) GRANTING RELATED RELIEF**

Upon the motion dated October 27, 2021 (the "Motion")[2] of the EFH Plan Administrator Board (the "PAB"), on behalf of the former EFH Debtors and EFIH Debtors for the entry of a final decree (this "Final Decree") closing certain cases, terminating the services of Epiq as claims and noticing agent in the chapter 11 cases, and granting related relief, all as more fully set forth in the

---

[2] Capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed to them in the Motion.

3

Motion; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the PAB, its creditors, and other parties in interest; and this Court having found that the PAB provided appropriate notice of the Motion and the opportunity for a hearing on the Motion (the "Hearing") under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the Hearing, if one was held; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing (if one was held) establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; it is HEREBY ORDERED THAT:

1. The Motion is granted in its entirety.

2. The following chapter 11 cases are hereby closed; *provided,* that this Court shall retain jurisdiction as provided in Article XI of the Plan:

| Debtor | Case No. |
|---|---|
| Energy Future Holdings Corp. | 14-10979 |
| Ebasco Services of Canada Limited | 14-10987 |
| EEC Holdings, Inc. | 14-10990 |
| EECI, Inc. | 14-10992 |
| EFH Australia (No. 2) Holdings Company | 14-10994 |
| EFH Finance (No. 2) Holdings Company | 14-10999 |
| EFIH Finance Inc. | 14-11001 |
| EFH FS Holdings Company | 14-11004 |
| EFH Renewables Company LLC | 14-11006 |
| TXU Receivables Company | 14-11007 |
| Energy Future Intermediate Holding Company LLC | 14-11008 |
| LSGT SACROC, Inc. | 14-11012 |
| NCA Development Company LLC | 14-11016 |
| Generation Development Company LLC | 14-11017 |

| LSGT Gas Company LLC | 14-11039 |

3. Entry of this Final Decree is without prejudice to (a) the rights of the PAB or any party in interest to seek to reopen any of these chapter 11 cases for cause pursuant to section 350(b) of the Bankruptcy Code, and (b) the rights of the PAB or the Reorganized Debtors to dispute, in an appropriate non-bankruptcy forum, all claims that were filed in these chapter 11 cases, as contemplated by the Plan and the Confirmation Order.

4. Following entry of this Final Decree, in each case subject to applicable fee and expense reimbursement provisions, the EFIH First Lien Notes Trustee is authorized and directed and the EFIH Second Lien Notes Trustee is authorized to distribute Excess Funds[3] as soon as practicable, as follows, without need for any further order of this Court: (a) all Excess Funds in the EFIH First Lien Post-Effective Date Fee and Indemnification Reserve shall be distributed by the EFIH First Lien Notes Trustee to the PAB (the "First Lien Retainer PAB Distribution"); and (b) Excess Funds in the EFIH Second Lien Post-Effective Date Fee and Indemnification Reserve shall be distributed by the EFIH Second Lien Notes Trustee and applied as follows: (i) first, to the PAB, in an amount sufficient to ensure the PAB's sufficient funding (accounting for the PAB's currently existing funds and the First Lien Retainer PAB Distribution) for current, future and prior accrued operating expenses, including but not limited to payment of professional fees and costs related to winddown of the estates (the "Second Lien Retainer PAB Distribution"), which amount is to be agreed upon between the PAB and the EFIH Unsecured Notes Trustee, and (ii) second, any remaining amounts of Excess Funds after the Second Lien Retainer PAB Distribution shall be

---

[3] Terms used in this paragraph, but not otherwise defined herein, shall have the same meanings ascribed to such terms in the *Order Approving the EFIH Settlement By and Among the Debtors, Certain Holders of EFIH First Lien Note Claims, Certain Holders of EFIH Second Lien Note Claims, and Certain Holders of EFIH Unsecured Note Claims* [D.I. 11048].

distributed to the EFIH Unsecured Notes Trustee for the benefit of Class B6 Creditors pursuant to the terms of the Plan.  In the event that the PAB and the EFIH Unsecured Notes Trustee cannot agree to the amount of the Second Lien Retainer PAB Distribution, the Court shall retain jurisdiction to determine such amount.

5. Nothing in this Final Decree shall prejudice, impair, or otherwise modify the allowance and distribution provisions set forth in the Plan and Confirmation Order.

6. To the extent not already paid, the fees required to be paid to the U.S. Trustee by the PAB on account of the Closing Cases pursuant to 28 U.S.C. § 1930(a)(6) or otherwise shall be paid within thirty (30) days following the entry of this Final Decree.

7. The PAB and its agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

8. Notice of the Motion is hereby deemed good and sufficient notice of such motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such Notice.

9. Upon closure of the Closing Cases, the Clerk of the Court shall enter this Final Decree individually on the docket of the Closing Cases and thereafter such dockets shall be marked as "Closed."

10. The PAB, and Epiq Bankruptcy Solutions LLC ("Epiq") as notice and claims agent, are authorized to take all actions that may be necessary to undertake the relief granted in this Final Decree.

11. The Services provided in the chapter 11 cases by Epiq are terminated in accordance with the Motion and this Final Decree.  Thereafter, Epiq shall have no further obligations to this

Court, the PAB, the Debtors, the Reorganized Debtors, or any other party in interest with respect to any Services in the chapter 11 cases.

12. Pursuant to Local Bankruptcy Rule 2002-1(f)(ix), within thirty days of entry of this Final Decree, Epiq shall (a) forward to the Clerk of the Court an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF, and (c) docket in the case of Energy Future Holdings Corp., Case No. 14-10979 (CSS) a final claims register containing the claims of all of these jointly administered chapter 11 cases.  Epiq also will box and deliver all original claims to the Philadelphia Federal Records Center, 14700 Townsend Road, Philadelphia, PA 19154, and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.  Notwithstanding anything to the contrary, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

13. Should Epiq receive any mail regarding the PAB, the Reorganized Debtors, or the Debtors after entry of an order granting this Motion, Epiq will collect and forward such mail no less frequently than monthly to Richard Kenny, Esq. at the following address: Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Attn: Richard Kenny, Esq.

14. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Final Decree.

15. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, or 9014 or otherwise, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.