**Exhibit A**

**Stipulation and Agreed Order**

RLF1 26851151v.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) | Case No. 14-10979 (CSS) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**STIPULATION AND AGREED ORDER IN
CONNECTION WITH THE TCEH ESCROW AGREEMENT**

Reorganized Texas Competitive Electric Holdings Company LLC (the "Reorganized TCEH" or "TCEH"), the Bank of New York Mellon Trust Company, N.A. (the "Escrow Agent"), and the TCEH First Lien Notes Trustee[2] (the "First Lien Notes Trustee" and together with the TCEH Debtors, the Escrow Agent, collectively, the "Parties") hereby enter into this agreement (this "Agreement") and entry of an order (this "Order"), and stipulate and agree as follows:

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

[2] Capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed to such terms in the *Third Amended Joint Plan of Reorganization of Energy Future Holdings Corp., et al., Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 9374] (the "Plan"), the *Final Order (A) Authorizing Use of Cash Collateral for Texas Competitive Electric Holdings Company LLC and Certain of its Debtor Affiliates, (B) Granting Adequate Protection, and (C) Modifying the Automatic Stay* [D.I. 855] (the "Cash Collateral Order"), or the TCEH Credit Agreement (as defined in the Plan), as applicable.

## RECITALS

WHEREAS, on April 29, 2014, TCEH and certain of its affiliated entities filed voluntary petitions with the United States Bankruptcy Court for the District of Delaware (the "Court") under title 11 of the United States Code;

WHEREAS, on June 6, 2014, the Court entered the Cash Collateral Order;

WHEREAS, pursuant to the Cash Collateral Order, all rights and claims of the TCEH Debtors and the Prepetition First Lien Creditors with respect to whether the First Lien Adequate Protection Payments should be allocated pursuant to the Petition Date Allocation Calculation or the Postpetition Interest Allocation Calculation were expressly reserved. *See* Cash Collateral Order, ¶ 6(a);

WHEREAS, pursuant to the Cash Collateral Order, on July 31, 2014, TCEH and the Escrow Agent entered into that certain escrow agreement (the "Escrow Agreement") under which the TCEH Debtors transferred into an escrow account (the "Escrow Account") an amount equal to the difference between (i) the amount of First Lien Adequate Protection Payments that would be allocated to the First Lien Notes Trustee pursuant to paragraph 5(d) of the Cash Collateral Order and (ii) the amount of First Lien Adequate Protection Payments that would be allocated to the First Lien Notes Trustee pursuant to the third sentence of paragraph 5(d) of the Cash Collateral Order for such month if the Prepetition First Lien Obligations outstanding under each of the Prepetition First Lien Documents were calculated to include the accrual of postpetition interest (at the non-default contract rate set forth under each of the applicable Prepetition First Lien Documents) under each of the applicable First Lien Documents, from the Petition Date through the TCEH Effective Date (such amounts, the "Escrow Property");

WHEREAS, the dispute with respect to the allocation of the First Lien Adequate Protection Payments has been fully resolved[3];

WHEREAS, the Parties seek to effectuate the distribution of the Escrow Property as set forth below;

WHEREAS, pursuant to the Escrow Agreement, the Escrow Agent is directed to hold the Escrow Property until further ordered by the Court and to distribute such Escrow Property pursuant to the terms of a "Distribution Order;" and

WHEREAS, the Parties are requesting the Court enter this stipulation setting forth the Agreement below;

## AGREEMENT/ORDER

NOW, THEREFORE, it is hereby stipulated and agreed to by and among the Parties and upon Court approval hereof, it shall be ordered as follows:

1. The Agreement is approved and the Order is granted as set forth herein.

2. The First Lien Notes Trustee takes no position with respect to the allocation set forth in this paragraph 2, but has no objection to the entry of the Stipulation and Order and termination of the Escrow Agreement. Subject to paragraph 7 below, the Parties agree that upon entry of this Order (which shall constitute a "Distribution Order" under the Escrow Agreement), the Escrow Agent shall promptly distribute the following funds: (a) $7,565,954.38 in Escrow Property shall be distributed to the TCEH First Lien Administrative Agent for distribution to holders of TCEH Credit Agreement Claims as follows: (i) $5,956,249.83 to the 2017 Term Loan Lenders, (ii) $131,917.57 to the Incremental 2012 Term Lenders, and (iii) $1,477,786.98 to the

---

[3] *See In re Energy Future Holdings Corp.*, 566 B.R. 669 (Bankr. D. Del. 2017), aff'd, 585 B.R. 341 (D. Del. 2018), aff'd, 773 F. App'x 89 (3d Cir. 2019).

2014 Term Loan Lenders; and (b) $477,504.96 in Escrow Property shall be distributed to holders of TCEH First Lien Interest Rate Swaps as follows: (i) $399,486.88 to Deutsche Bank AG, and (ii) $78,018.08 to Credit Suisse International LLC.

3. Notice of the Order as provided therein, as well as notice by the TCEH First Lien Administrative Agent posted to the Debtdomain site maintained for the benefit of the holders of TCEH Credit Agreement Claims, shall be deemed good and sufficient and the requirements of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware are satisfied by such notice.

4. Notwithstanding the possible applicability of the Federal Rules of Bankruptcy Procedure 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. Reorganized TCEH and the TCEH First Lien Administrative Agent are each authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Agreement.

6. The Order, upon entry, shall be binding on all parties in interest in the above-captioned cases and contains the entire agreement by and between the Parties hereto, and all prior understandings or agreements, if any, are merged into this Order. No representations have been made or relied upon by the Parties, except as set forth herein.

7. Notwithstanding any other provision of this Order, any payments will be made by the Escrow Agent within three (3) Business Days (as defined in Section 6 of the Terms and Conditions of the Escrow Agreement) after (a) this Order is entered and not stayed, (b) the Escrow Agent verifies the payment instructions in accordance with the procedures set forth on Schedule II of the Escrow Agreement, and (c) the Escrow Agent's fees and expenses have been paid as

provided in this Escrow Agreement. The Depositor shall distribute such payment instructions to the TCEH First Lien Ad Hoc Committee, the First Lien Notes Trustee, and Aurelius Capital Management, LP (collectively, and together with the Depositor, the "Parties in Interest") at least two (2) Business Days prior to distribution to the Escrow Agent. The Depositor, at least three (3) Business Days before any distribution pursuant to this Order, will provide to the Escrow Agent wire transfer account information for each of the Distribution Recipients entitled to receive any payment pursuant to this Order. The Escrow Agent will not be required to make any payment pursuant to this Order until each of the Distribution Recipients has provided a properly-executed Form W-9 to the Escrow Agent.

8. Upon distribution of the Escrow Property, except as otherwise provided in Section 18 of the Escrow Agreement, the Escrow Agreement, including any obligations of Reorganized TCEH or the Escrow Agent with respect thereto, shall terminate.

9. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

[*Remainder of page intentionally left blank.*]

Stipulated and agreed by:

By: */s/ Jason M. Madron*
    **RICHARDS, LAYTON & FINGER, P.A.**
    Mark D. Collins (No. 2981)
    Daniel J. DeFranceschi (No. 2732)
    Jason M. Madron (No. 4431)
    920 North King Street
    Wilmington, Delaware 19801
    Telephone:    (302) 651-7700
    Facsimile:    (302) 651-7701
    Email:    collins@rlf.com
        defranceschi@rlf.com
        madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian E. Schartz, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini, P.C. (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    edward.sassower@kirkland.com
    stephen.hessler@kirkland.com
    brian.schartz@kirkland.com
    steven.serajeddini@kirkland.com
    aparna.yenamandra@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    james.sprayregen@kirkland.com
    chad.husnick@kirkland.com

*Co-Counsel to Reorganized TCEH*

By: */s/ Kurt F. Gwynne*
    **REED SMITH LLP**
    1201 Market Street
    Suite 1500
    Wilmington, Delaware 19801
    Attention:    Kurt F. Gwynne, Esquire
    Facsimile:    (302) 778-7575
    Email:    kgwynne@reedsmith.com

    *Counsel to Escrow Agent*

By: */s/ Tina N. Moss*
    **PERKINS COIE LLP**
    1155 Avenue of the Americas
    New York, New York 10036
    Attention:    Tina N. Moss
    Facsimile:    (212) 262-6910
    Email:    TMoss@perkinscoie.com

    *Counsel to the TCEH First Lien Notes Trustee*

**SO ORDERED:**